UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**'09 CIV 00118**

---------------------------------------------------------------- X

PASHA S. ANWAR and JULIA ANWAR, on behalf of themselves and all other similarly situated investors in the Greenwich Sentry, L.P. private investment limited partnership,

       Plaintiffs,

    - against -

FAIRFIELD GREENWICH GROUP, FAIRFIELD GREENWICH LIMITED, a Cayman Islands company, FAIRFIELD GREENWICH (BERMUDA) LTD., FAIRFIELD GREENWICH ADVISORS LLC, WALTER M. NOEL, JR., ANDRES PIEDRAHITA, JEFFREY TUCKER, BRIAN FRANCOUER, and AMIT VIJAYVERGIYA,

       Defendants.

---------------------------------------------------------------- X

No. 09-cv-_____ (__)

Removed from:

Supreme Court of the State of New York, New York County

Index No. 08/08603769



## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453, Defendants Fairfield Greenwich Group, Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Ltd., and Fairfield Greenwich Advisors LLC, (collectively, the "Removing Defendants"), by their undersigned attorneys, Simpson Thacher & Bartlett LLP, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Removing Defendants appear for the purpose of removal only and for no other purpose and reserve all rights, claims and defenses of any nature whatsoever, including but not limited to defenses related to service of process, jurisdiction, and venue, and state as follows:

1. On December 19, 2008, Pasha S. Anwar and Julia Anwar purported to initiate this putative class action by filing a complaint against the various Defendants in the Supreme Court of the State of New York, County of New York, under Index No. 08/08603769, on behalf of themselves and all other investors in the Greenwich Sentry, L.P. private investment limited partnership and the Fairfield Sentry Fund (collectively, "Plaintiffs").  Pursuant to Rule 81.1(b) of the Local Civil Rules of the United States Courts for the Southern and Eastern Districts of New York and 28 U.S.C. §1446(a), a true and correct copy of the summons and complaint (hereinafter "Complaint"), which is the only pleading thus far served upon any of the Defendants, is attached hereto as Exhibit A.

2. A copy of the Complaint was left with the receptionist for Fairfield Greenwich Group on December 22, 2008.  To the best of Defendants' knowledge, Plaintiffs have not attempted any other service of the Complaint on any Defendant.

3. Plaintiffs allege breach of fiduciary duty, negligence, and unjust enrichment arising out of Defendants' alleged mismanagement of Plaintiffs' investments.

4. This action may be removed to this Court under 28 U.S.C. § 1332, as amended by CAFA.  Pursuant to 28 U.S.C. § 1332(d), a putative class action commenced after February 18, 2005 may be removed to the appropriate federal district court if: (a) any member of the putative class is a citizen of a state different from any defendant; (b) the putative class action consists of at least 100 putative class members; and (c) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests of costs.  *See* 28 U.S.C. §§ 1332(d) & 1453. All of these requirements are met here.

5. CAFA is applicable to this action because it was commenced on or about December 19, 2008, i.e., after the effective date of CAFA.  28 U.S.C. §§ 1332, 1453.

6. This action is a "class action" within the meaning of CAFA, because Plaintiffs seek to represent a class of persons in a civil action filed under C.P.L.R. § 901, *et seq.*, *i.e.*, a "rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a); Complaint ¶¶ 1, 14.

7. The requisite diversity of citizenship exists under 28 U.S.C. §§ 1132(d)(2) and (d)(7). To establish diversity jurisdiction under CAFA, it is sufficient that any one member of the putative class is a citizen of a state different from any one defendant, in contrast to the complete diversity requirement of typical diversity jurisdiction. 28 U.S.C. § 1332(d)(2)(A).

8. Among Removing Defendants, there are citizens of New York. For example, Defendant Fairfield Greenwich Advisors LLC is a Delaware limited liability company with its principal place of business in New York.

9. Plaintiffs Pasha S. Anwar and Julia Anwar are, on information and belief, citizens of Illinois. Complaint ¶ 3. Accordingly, the requisite diversity of citizenship exists between Plaintiffs and Defendants and the minimal diversity requirements of CAFA are satisfied. *See* 28 U.S.C. § 1332(d)(2)(C).

10. This action is removable under CAFA notwithstanding the fact that certain defendants are citizens of New York, the state in which the action was brought. *See* 28 U.S.C. § 1453(b) ("A class action may be removed ... without regard to whether any defendant is a citizen of the State in which the action is brought ....").

11. There are also more than 100 members of the putative class as required by 28 U.S.C. § 1332(d)(5)(B). The Complaint alleges Plaintiffs' belief that "[t]he number of purchasers who are eligible to participate in the Class is estimated to be in the thousands." (Complaint ¶ 16).

12. There is more than $5,000,000 in controversy in this action. Under 28 U.S.C. § 1332(d), as amended by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6).  Here, while Defendants deny that Plaintiffs are entitled to recover any amount, the Complaint alleges that Plaintiffs and the Class have suffered damages "in an amount estimated to be no less than $7.5 billion." Complaint ¶ 41.  This allegation plainly makes the amount in controversy in this class action more than $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

13. No Removing Defendant was served prior to December 22, 2008, and this notice is being filed within 30 days of service on any of the Removing Defendants and thus is timely filed under 28 U.S.C. § 1446(b).

14. Defendants promptly will serve a copy of this Notice of Removal on counsel for Plaintiffs, and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendants, under 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by CAFA, and authorized by 28 U.S.C. § 1453, remove this action in its entirety from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
       January 7, 2009

                                        SIMPSON THACHER & BARTLETT LLP

                                        By: /s/ Michael J. Chepiga
                                            Michael J. Chepiga
                                            Mark G. Cunha
                                            Members of the Firm

425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
mchepiga@stblaw.com
mcunha@stblaw.com

*Attorneys for Fairfield Greenwich Group, Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Ltd., and Fairfield Greenwich Advisors LLC*