USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/1/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
PASHA ANWAR, et al.,

        Plaintiffs,

   -against-

FAIRFIELD GREENWICH LIMITED,
et al.,

        Defendants.
---------------------------------X

09 Civ. 0118 (VM)

**MEMORANDUM OPINION AND ORDER**

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

    This case arises out of two actions originally filed in New York State court against Defendants Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Ltd., and Fairfield Greenwich Advisors LLC (together, "Defendants"), following Defendants' financial losses in connection with the widely-publicized fraudulent scheme perpetrated by Bernard L. Madoff. Defendants removed both cases to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, as amended by the Class Action Fairness Act of 2005 ("CAFA" or the "Act"). The actions were docketed as <u>Pierce et al. v. Fairfield Greenwich Group et al.</u>, No. 09 Civ. 2588 ("<u>Pierce</u>"), and <u>Ferber et al. v. Fairfield Greenwich Group, et al.</u>, No. 09 Civ. 2366 ("<u>Ferber</u>"). The District Court consolidated them, along with other actions filed in this Court against Defendants, into a single matter under this docket number. The cases have been referred to this Court for general pretrial supervision.

    The Plaintiffs in <u>Pierce</u> and <u>Ferber</u> have moved to remand those actions to state court for lack of subject matter jurisdiction.

Presently before the Court are (i) Defendants' request for limited discovery on the issue of subject matter jurisdiction, and (ii) Defendants' proposal to set a single briefing schedule for the motions to remand both Pierce and Ferber. Plaintiffs oppose both requests. For the reasons that follow, Defendants' requests are granted.

## BACKGROUND

CAFA establishes federal subject matter jurisdiction for certain matters filed as "class actions" under Rule 23 of the Federal Rules of Civil Procedure, or an equivalent state provision. See 28 U.S.C. § 1332(d)(1)(B). Jurisdiction only extends to cases that include a plaintiff class of at least 100 members who satisfy minimum diversity and amount in controversy requirements set forth in §§ 1332(d)(2)-(10). In addition, even if not styled as a "class action," a lawsuit filed in state court may still be "deemed to be a class action removable" to federal court under CAFA if it qualifies as a "mass action," and otherwise meets the criteria in §§ 1332(d)(2)-(10). CAFA defines a "mass action" as a suit "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." Id. § 1332(d)(11)(B)(i).

The Pierce Plaintiffs are limited partners of Greenwich Sentry Partners, L.P. ("GSP"), and the Ferber Plaintiffs are limited partners of Greenwich Sentry, L.P. ("GS"), each of which is a nominal Defendant in these cases. Both sets of Plaintiffs have moved to remand Pierce and Ferber, respectively, to state court.

Because the cases were filed as derivative actions on behalf of GS and GSP, Plaintiffs contend that they are not "class actions" within the meaning of CAFA. Nor, according to Plaintiffs, can the cases be designated as such pursuant to § 1332(d)(11), because they do not qualify as "mass actions." Plaintiffs further submit that neither case satisfies CAFA's 100-person requirement. In fact, the Pierce Plaintiffs have moved to strike the declaration of Defendants' counsel submitted in support of demonstrating that Pierce meets that requirement. (See Pierce Plaintiffs' Memorandum of Law in Support of Motion to Remand and to Strike Thorne Declaration, dated Apr. 14, 2009 ("Pierce Mem.") at 5, 10.) Furthermore, "even under [D]efendant[s'] argument," the Pierce Plaintiffs insist, "the 100-person requirement is not met," because Defendants' counsel "has represented that [GSP] has just 29 current limited partners, and 5 former limited partners." (See id. at 5.)

Defendants indicate that they are prepared to oppose the Pierce motion by contending that the 100-person requirement for "mass actions," in § 1332(d)(11)(B)(i), may be met by counting either "the beneficial owners of the current and former limited partners" of GSP, or only the beneficial owners of the current limited partners. (See Letter from Mark C. Cunha, Esq., dated Apr. 16, 2009 ("Cunha Ltr."), at 3.) Thus, in furtherance of their claim to removal jurisdiction for Pierce, Defendants seek "limited and targeted discovery of ten limited partners of GSP" to establish the identity and domicile of all beneficial owners of those limited partners. (See Cunha Ltr. at 3-4.) Specifically, they request

3

"documentation sufficient to establish: (i) the identity and domicile of each" person or entity who qualified as a beneficial owner since May 1, 2006, and "(ii) the dates since May 1, 2006 that each such person or entity" qualified as a beneficial owner. (Id.)

## DISCUSSION

### I. Jurisdictional Discovery is Warranted

In support of their request for discovery, Defendants cite the Senate Judiciary Committee Report on CAFA, which notes that "a federal court may have to engage in some fact-finding" to address issues of jurisdiction. S. Rep. No. 109-14, at 44 (2005). Plaintiffs urge the Court to deny Defendants' request, citing Lowery v. Alabama Power Company, 483 F.3d 1184 (11th Cir. 2007). In that case, the Eleventh Circuit ruled that a defendant which had removed an action pursuant to CAFA was not entitled to jurisdictional discovery for the purpose of opposing the plaintiff's motion to remand the case to state court.

"[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999). "A 'district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003) (discussing a plaintiff's request for discovery in support of its claim to subject matter jurisdiction) (quoting Phoenix Consulting, Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000) (internal

quotation marks omitted)). This includes the authorization of discovery on the issues of personal and subject matter jurisdiction. See Best Van Lines, Inc. v. Walker, 490 F.3d 239, 255 (2d Cir. 2007) ("We review for abuse of discretion the district court's decision not to permit jurisdictional discovery because [the plaintiff] failed to establish a prima facie case of personal jurisdiction."); City of New York v. Permanent Mission of India to the United Nations, 446 F.3d 365, 367-68 (2d Cir. 2006) ("After limited discovery on the jurisdictional question [following removal to federal court], the [defendants] moved to dismiss for lack of subject matter jurisdiction.").

Consequently, when a plaintiff moves to remand an action to state court after a defendant has removed it to federal court, a district court "may have . . . to authorize . . . discovery" on the issue of subject matter jurisdiction. Cantor Fitzgerald, L.P, v. Peaslee, 88 F.3d 152, 155 (2d Cir. 1996) (discussing a motion to remand following removal on the basis of diversity jurisdiction); see Fein v. Chrysler Corp., No. 98 Civ. 4113 (CPS), 1998 WL 34032284, at *10 (E.D.N.Y. Sept. 29, 1998) ("[T]he cases . . . indicate a preference, even a requirement, for jurisdictional discovery, if necessary [in connection with a motion to remand]."); see also Moscato v. MDM Group, Inc., No. 05 Civ. 10313 (KMW), 2008 WL 2971674, at *1 (S.D.N.Y. July 31, 2008) (recounting that, following removal to federal court and a motion to dismiss for lack of personal jurisdiction, the court granted the plaintiff permission "to conduct limited jurisdictional discovery regarding

5

whether [the defendant] has a New York office").

Plaintiffs are correct that, under CAFA, Defendants bear the burden of establishing subject matter jurisdiction in federal district court "because [they] removed the action to federal court from state court." See Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006). Plaintiffs rely on Lowery for the proposition that Defendants may not obtain discovery to meet that burden. Although the facts and issues in Lowery are apposite, that case cannot justify precluding discovery in the present action, because it conflicts with Second Circuit precedent.

In Lowery, the court analogized a motion to remand following removal to a motion to dismiss a complaint for lack of subject matter jurisdiction. "In deciding if dismissal is proper, a court would look only to the facts as alleged in the complaint and would not waste limited judicial resources by directing its inquiry elsewhere." Id. at 1216. The court reasoned as follows:

> [A] defendant that files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand, is in the same position as a plaintiff in an original action facing a motion to dismiss. The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction. Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases which they will never be able to establish jurisdiction.

Id. at 1217. The court concluded that the "defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists," and

6

held that the defendants were not entitled to such discovery. Id.

As at least one lower court in the Eleventh Circuit has observed, Lowery "can be read in no other manner than to disallow '[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases.'" Cox. v. Triad Isotopes, Inc., No. CA 08-0315-KD-C, 2008 WL 2959845, at *4 (S.D. Ala. July 29, 2008) (quoting Lowery, 483 F.3d at 1215). The holding of Lowery thus extends beyond CAFA to forbid discovery about subject matter jurisdiction in any case removed to federal court on the basis of diversity. This rule plainly contradicts the Second Circuit's statement in Cantor Fitzgerald that discovery may be necessary in deciding a motion to remand following removal on the basis of diversity. See 88 F.3d at 155. Therefore, Lowery cannot constrain this Court from exercising its "considerable latitude" in supervising the development of "facts pertinent to jurisdiction."[1] APWU, 343 F.3d at 627.

Plaintiffs further argue that, because they plead Pierce as a derivative action, rather than a class action, the case is clearly not subject to removal under CAFA. Suggesting that remand to state

---

[1] Lowery also warned that post-removal discovery would "disrupt[] the careful assignment of burdens and the delicate balance struck by the underlying rules." 483 F.3d at 1218. However, as Defendants point out, in the Eleventh Circuit, defendants must establish jurisdictional requirements for removal by a "preponderance of the evidence," whereas in the Second Circuit, defendants must merely establish a "reasonable probability" that those requirements are met to carry their burden under CAFA. Compare Lowery, 483 F.3d at 1218, with Blockbuster, Inc., 472 F.3d at 58. Thus, in the Second Circuit, post-removal discovery does not pose the same threat of eroding the defendant's burden to establish jurisdiction.

7

court is therefore inevitable, Plaintiffs submit that Defendants' proposed discovery would be futile. However, Defendants have signaled their intent to argue that, though styled as a derivative action, <u>Pierce</u> may nevertheless be deemed removable under the "mass action" provision of § 1332(d)(11). In that case, according to Defendants, the beneficial owners of limited partners of GSP may count towards the 100-person requirement. These arguments raise legal questions for the District Court to consider, should it choose to do so, in connection with the <u>Pierce</u> motion. The interpretation of CAFA that Plaintiffs press upon the District Court does not preclude this Court from granting leave to conduct discovery on jurisdictional issues.

Here, Plaintiffs have moved to strike Defendants' counsel's declaration — that <u>Pierce</u> satisfies the 100-person requirement — as conclusory and based on hearsay. (<u>See</u> <u>Pierce</u> Mem. at 10.) They further point out that the declaration itself alleges that GSP has fewer than 100 limited partners. Thus, they contend, even accepting the theory that a derivative action may be subject to removal under CAFA, <u>Pierce</u> would not meet the 100-person requirement. Defendants respond that the beneficial owners of GSP's limited partners may count towards the requirement. Therefore, based on Defendants' interpretation of CAFA — which the District Court may accept or reject — the number of beneficial owners of GSP, and the domicile of those individuals, are "pertinent facts bearing on the question of jurisdiction." <u>Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America</u>

Sec., No. 05 Civ. 9016 (SAS), 2006 WL 708470, at *6 (S.D.N.Y. Mar. 20, 2006). Because this Court concludes that Defendants have demonstrated that "a more satisfactory showing of the facts" will aid the District Court in ascertaining jurisdiction, the request for the limited discovery specified in Defendants' letter of April 16 is hereby granted.[2]  See id.

## II. Briefing for the Pierce and Ferber Motions is Consolidated

Defendants seek an identical briefing schedule for opposition to the Pierce and Ferber motions to remand, because the actions involve "mostly identical issues of law and fact." (Id. at 2.) Plaintiffs argue that, because jurisdictional discovery is unwarranted, Defendants should not be allowed to use "the discovery process as a springboard to delay the remand motions." (See Letter from Robert A. Wallner, Esq., dated Apr. 21, 2009 ("Wallner Ltr."), at 5.) However, the Court has concluded that Defendants are entitled to the requested jurisdictional discovery. Moreover, Plaintiffs concede that "all" of the grounds for remand asserted in the Ferber motion "apply equally to [Pierce]." (See Wallner Ltr. at 4.) Thus, consolidation of the briefing schedule for both motions, with an allowance of additional time to complete discovery, is appropriate.

---

[2] As noted, the dispute over remanding Pierce raises the legal question of whether beneficial owners of limited partners of a partnership may count towards the 100-person requirement for purposes of establishing subject matter jurisdiction under CAFA. That question could be capable of resolution by the District Court without the need for further discovery if Plaintiffs were prepared to stipulate that GSP does, in fact, have more than 100 beneficial owners.

## CONCLUSION

For the reasons set forth above, both of Defendants' requests are granted. Accordingly, the <u>Pierce</u> Plaintiffs shall produce to Defendants the documents specified on pages 3-4 of Defendants' April 16, 2009 letter to the Court, by no later than May 15, 2009. (<u>See</u> Cunha Ltr. at 3-4.) Opposition to the <u>Pierce</u> and <u>Ferber</u> motions shall be filed by no later than May 22, 2009. Any reply shall be filed by no later than May 29, 2009.

SO ORDERED.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:   May 1, 2009
         New York, New York