# RIVERO MESTRE & CASTRO

### ATTORNEYS

TELEPHONE. 305.445.2500
FACSIMILE: 305.445.2505
WWW.RMC-ATTORNEYS.COM

2525 PONCE DE LEON BLVD.
SUITE 1000
MIAMI, FLORIDA 33134

November 4, 2009

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/05/09
```

*By fax to (212)805-6382*

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re: ***Anwar, et al. v. Fairfield Greenwich Limited, et al.,***
> ***09-cv-118(VM)(THK)***
> ***Headway Investment Corporation v. American Express Bank Ltd., et al.,***
> ***09-cv-8500 (S.D. Fla. #1:09-cv-21395 transferred by MDL 2088)***

Dear Judge Marrero:

We represent Plaintiff Headway Investment Corporation in the above-styled action initially pending in the Southern District of Florida and transferred by the Joint Panel on Multidistrict Litigation by order dated October 6, 2009, to the Southern District of New York for coordinated or consolidated pretrial purposes with *Anwar, et al. v. Fairfield Greenwich Limited, et al.* The Southern District of New York clerk mailed us notification of the transfer by letter dated October 20, 2009.

We understand that our case is the first of likely several Multidistrict Litigation ("MDL") cases that may be transferred to this Court. We write for the following three reasons: (1) to request clarification of this Court's October 14, 2009 order; (2) to request a telephone conference to discuss an MDL scheduling order, including, but not limited to, management of this matter in light of this Court's previous orders concerning consolidation, case management, and scheduling for the *Anwar* consolidated actions (all of which had been initially filed in the SDNY and include the putative class action); and (3) to discuss the appointment of an MDL Plaintiffs' Steering Committee.

First, we respectfully request clarification of what appears to be a clerical error in the October 14, 2009 Order (Document 282), which seems to conflict with both the Joint Panel's MDL Order of October 6, 2009, and this Court's October 13, 2009 Memorandum Endorsement Order (Document 281). Specifically, the October 14, 2009 Order states that the *Headway* action has been consolidated "for all purposes" while the Joint Panel's MDL Order states that the action was transferred for "coordinated or consolidated *pretrial* proceedings," just as this Court's October 13, 2009 Memorandum Endorsement Order likewise states that the *Headway* action is consolidated for "all *pretrial* purposes."

(emphasis added). The limitation to pretrial purposes keeps with 28 U.S.C. § 1407, which does not allow for court-ordered consolidation for trial by the transferee court absent party consent. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34-35 (1998). For the sake of clarity, at this point, we reserve the right to have our case tried in Florida and do not consent to trial in the SDNY.

Second, we would like to discuss an MDL scheduling order. Among the issues that we believe should be discussed is a clarification regarding service of process, amendment, the time for defendants to respond to Headway's complaint, and the applicability of prior procedural orders to our claim. Quite apart from the class action plaintiffs, our case is directed to defendants beyond Fairfield, including, but not limited to, American Express Bank LTD (d/b/a Standard Chartered Private Bank a/k/a Standard Chartered Bank International (Americas) Ltd.), Standard Chartered Bank, and several individuals not named in the Second Consolidated Amended Complaint filed by the class action plaintiffs. We do not believe application of the existing case management orders in *Anwar* entered for the class action plaintiffs are practicable for later arriving MDL actions such as ours. Specifically, we do not believe that the Consolidation Order dated January 30, 2009 (Document 21-2), should control our action or later arriving transferred actions because, among other things, our action includes separate defendants not named in the Second Amended Consolidated Complaint.[1]

Third, we would also like permission to move for the creation of, and our appointment to, an MDL Plaintiffs' Steering Committee. Our client has suffered significant losses upwards of $11 million of cash invested, making it one of the biggest single plaintiffs before the Court. Our client's interests, namely its discovery objectives and timing, may differ somewhat from the schedule worked out for the class action plaintiffs. We would like to raise with the Court the application of existing orders relating to case management (Document 69) to MDL plaintiffs, and seek accommodation for MDL plaintiffs in the pre-existing case management framework.

The parties are directed to address the matter set forth above to Magistrate Judge _Theodore Katz_, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

SO ORDERED.

11-4-09
Date          VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

Paul E. Dans

Jorge A. Mestre
Antonio Castro
Erimar von der Osten
(Florida MDL counsel)

cc:     Counsel for all parties (by e-mail)

[1] Although we were not served a copy of this Order by the Clerk, we note that it provides 15 days for a party from a subsequently filed case to object upon such mailing. Nevertheless, in an abundance of caution, this will serve as our objection to the January 30, 2009 Order.