

590 Madison Avenue, New York, NY 10022-2524 ▪ p212 223-4000 ▪ f212 223-4134

William M. O'Connor
(212) 895-4259
woconnor@crowell.com

November 5, 2009

BY FACSIMILE to (212) 805-6382
Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-6-09
```

Re:　*Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
　　　09-CV-118 (VM) (THK)

Dear Judge Marrero:

This firm represents the plaintiffs in the action styled *Bhatia, et al. v. Standard Chartered (USA) Ltd., et al.*, which has been administratively consolidated with the above-referenced *Anwar* action. For the reasons set forth herein, we request that the *Bhatia* action be severed from *Anwar*.

The *Bhatia* action was commenced on March 16, 2009 and was assigned to Judge Swain. Beginning on March 27, 2009, and in a series of letters thereafter, attorneys for Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Ltd., and Fairfield Greenwich Advisors requested that *Bhatia* be referred as a related case to *Anwar*, be transferred to Your Honor for consolidated or coordinated pretrial procedure with *Anwar*, and finally that *Bhatia* be consolidated with *Anwar*. We opposed consolidation at all steps, but ultimately stipulated to the transfer and coordinated pretrial procedures with *Anwar*, so as to avoid duplication of discovery and promote judicial economy. At a telephone conference held on May 4, 2009, the Court decided that *Bhatia* would be administratively consolidated with *Anwar* for pre-trial purposes.

Our client opposed consolidation of *Bhatia* into *Anwar* because the *Bhatia* case is materially different from *Anwar* and the consolidation of the two cases would confuse and complicate the separate issues, working against the benefits of case consolidation and prejudicing the *Bhatia* plaintiffs by unnecessarily increasing litigation costs and delaying the adjudication of justice.

Hon. Victor Marrero
November 5, 2009
Page 2

*Bhatia* differs from *Anwar* in that the transactions and events giving rise to the *Bhatia* plaintiffs' claims center around misrepresentations made by the Standard Chartered Defendants (as defined in the *Bhatia* complaint). *Anwar*'s Second Consolidated Amended Complaint, on the other hand, focuses on investments lost as a result of certain Fairfield Greenwich funds' investment with Madoff, and does not name as defendants or include any allegations regarding the Standard Chartered Defendants. *Bhatia* also involves claims relating to Lloyds Bank bonds and the Standard Chartered Defendants' failure to redeem certain investments, which do not relate to the subject of the *Anwar* action. Moreover, unlike *Anwar*, *Bhatia* is not a class action and does not seek a jury trial.

On September 19, 2009, the *Bhatia* plaintiffs filed an Amended Complaint, retaining only Standard Chartered (USA) Ltd. and Standard Chartered PLC as defendants, and dropping the Fairfield Defendants. The decision to pursue the *Bhatia* plaintiffs' claims against only the Standard Chartered Defendants in the Amended Complaint rests in the fact that the *Bhatia* plaintiffs' interests as against the Fairfield Defendants are protected because the *Bhatia* plaintiffs are members of the *Anwar* putative class, and their separate claims against the Standard Chartered Defendants would be more efficiently pursued in a separate action. Amending the *Bhatia* complaint to pursue the *Bhatia* plaintiffs' claims only as against the Standard Chartered Defendants vitiated any reason to keep *Bhatia* administratively consolidated with *Anwar*, because now each action involves completely different defendants and unrelated statements, acts, and occurrences.

On October 6, 2009, the United States Judicial Panel on Multidistrict Litigation issued an Order on the motion of Fairfield Greenwich Advisors for the transfer to this Court and consolidation into *Anwar* of a case pending in the Southern District of Florida styled *Headway Investment Corp. v. American Express Bank Ltd., et al.*, No. 1:09-cv-21395. The plaintiffs in *Headway* requested that the Panel separate and simultaneously remand to the Southern District of Florida its claims against American Express, Standard Chartered Bank, Standard Chartered Bank International (Americas) Ltd. and affiliated individuals. However, finding that *Headway* and *Anwar* will likely focus on a significant number of common events, defendants, and/or witnesses, the Panel ordered that the entire *Headway* action be transferred to this Court.

On October 13, 2009, this Court endorsed the Panel's Transfer Order and directed the Clerk of the Court to consolidate the transferred case, *Headway*, with the lead case, *Anwar*, for all pretrial purposes.

While the transfer and consolidation of *Headway* will achieve similar results to those sought in the pre-trial coordination of *Bhatia* and *Anwar*, continuing to tie *Bhatia* to *Anwar* solely at the request of Fairfield, who is no longer a party in *Bhatia*, will only result in protracted delays and increased expenses.

Hon. Victor Marrero
November 5, 2009
Page 3

    Accordingly, we respectfully request that *Bhatia* be severed from *Anwar* so that the *Bhatia* plaintiffs may proceed separately as against the Standard Chartered Defendants.

Very truly yours,

William M. O'Connor

cc:    Counsel for all parties (by email)

---

Any interested parties to this action are directed to respond by 11-12-09, by letter not to exceed 3 pages, to the matters set forth above by the Bhatia plaintiffs.

**SO ORDERED:**

11-5-09
DATE      VICTOR MARRERO, U.S.D.J.