UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANWAR, *et al.*,                                            :
                                                            :     MASTER FILE
                            Plaintiffs,                     :     09 Civ. 0118 (VM)(THK)
                                                            :
            vs.                                             :
                                                            :
FAIRFIELD GREENWICH LIMITED, *et al.*,                      :
                                                            :
                            Defendants.                     :
---------------------------------------------------------------X
FAIRFIELD SENTRY LIMITED (*In Liquidation*),                :
*by its Liquidators, Kenneth M. Krys and*                   :
*Christopher D. Stride,*                                    :
                                                            :
                            Plaintiff,                      :     09 Civ. 5650 (VM)(THK)
                                                            :
            vs.                                             :
                                                            :
FAIRFIELD GREENWICH LIMITED, *et al.*,                      :
                                                            :
                            Defendants.                     :
---------------------------------------------------------------X

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
### FAIRFIELD SENTRY LIMITED'S MOTION FOR REMAND TO STATE COURT

BROWN RUDNICK LLP
David J. Molton
Andrew Dash
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

*Attorneys for Fairfield Sentry*
*Limited (in Liquidation), by its Liquidators,*
*Kenneth M. Krys and Christopher D. Stride*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT ...............................................................................................................3

I. THE COURT SHOULD REMAND THE ACTION FOR LACK
OF SUBJECT MATTER JURISDICTION ......................................................3

    A.    FGA Misstates The Burden of Proof .........................................................3

    B.    This Is Not A Removable "Mass Action"...................................................4

        1.    FGA Has Failed To Satisfy CAFA's
            100-Person Requirement..................................................................4

        2.    CAFA's Legislative History Does Nothing To
            Advance FGA's Cause......................................................................8

        3.    The Internal Affairs Exception Applies............................................9

CONCLUSION...........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anirudh v. CitiMortgage, Inc.*,
　598 F. Supp. 2d 448 (S.D.N.Y. 2009) ................................................................................... 3

*Blockbuster, Inc. v. Galeno*,
　472 F.3d 53 (2d Cir. 2006) .................................................................................................... 4

*DiTolla v. Doral Dental IPA of N.Y., LLC*,
　469 F.3d 271 (2d Cir. 2006) .................................................................................................. 3

*First Nat. City Bank v. Banco El Comercio Exterior de Cuba*,
　462 U.S. 611 (1983)............................................................................................................... 9

*La. ex rel. Caldwell v. Allstate Ins. Co.*,
　536 F.3d 418 (5th Cir. 2008) ............................................................................................. 5, 6

*Lebowitz v. Dow Jones Co.*,
　No. 06 Civ. 2198, 2008 WL 4192765 (S.D.N.Y. Sep. 10, 2008) .......................................... 3

*Palm Harbor Homes, Inc. v. Walters*,
　No. 08 cv 196, 2009 WL 562854 (M.D. Ala. Mar. 5, 2009) ................................................ 7

*Puglisi v. Citigroup Alternative Invs., LLC*,
　No. 08 CV 09774, 2009 WL 1515071 (S.D.N.Y. May 27, 2009) ......................................... 9

*Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*,
　314 F. Supp. 2d 177 (S.D.N.Y. 2003) ................................................................................... 7

*Tanoh v. Dow Chem. Co.*,
　561 F.3d 945, 953 (9th Cir. 2009),
　*cert. denied*, No. 08-1589, 2009 WL 1849804 (Oct. 5, 2009).............................................. 7

**Federal Statutes**

28 U.S.C. § 1332(d)(5)(B) ............................................................................................................. 5

28 U.S.C. § 1332(d)(9)(B) ............................................................................................................. 9

28 U.S.C. § 1332(d)(11)(B)(i) ....................................................................................................... 4

**Other Authorities**

151 Cong. Rec. H723, H729 (daily ed. Feb. 17, 2005)
 (Statement of Rep. Sensenbrenner) ......................................................................................... 9

151 Cong. Rec. S1076, S1082 (daily ed. Feb. 8, 2005)
 (Statement of Sen. Loft) ........................................................................................................... 9

S. Rep. No. 109-14 (2005), *as reprinted* in 2005 U.S.C.C.A.N. 3 ............................................ 8, 9

**PRELIMINARY STATEMENT**

Plaintiff Fairfield Sentry Limited ("Sentry") commenced this action (the "Sentry Action") against its former investment and risk managers, their principals, and their partners to recover damages of at least $919 million in respect of fees wrongly paid to them. The Sentry Action – a straightforward state law commercial action asserting direct claims of breach of fiduciary duty, breach of contract, unjust enrichment, constructive trust, rescission, and accounting – was commenced by a verified complaint (the "Sentry Complaint") in the Supreme Court of the State of New York. On June 19, 2009, Defendant Fairfield Greenwich Advisors, LLC ("FGA") removed the Sentry Action to this Court on the purported basis that this direct, single-plaintiff action was a "mass action" under the Class Action Fairness Act ("CAFA") – the same basis on which FGA purported to remove three putative derivative actions in which it is a defendant.[1] On July 10, 2009, Sentry moved (i) to remand this action to the state court, and (ii) to vacate this Court's January 31, 2009 Consolidation Order and Order for Appointment (the "Motion to Remand").[2]

FGA concedes that its novel theory – that a non-derivative, single-plaintiff state court action is a "mass action" within the meaning of CAFA – is a question of first impression. *See* Opp. Mem. at 1. Yet, on the basis of nothing more than a conclusory recitation in its notice of

---

[1] These actions – *Ferber v. Fairfield Greenwich Group et al.*, (09-CV 22355) ("*Ferber*"), *Pierce et al. v. Fairfield Greenwich Group et al.*, 09-CV-2588 ("*Pierce*") and *Morning Mist Holdings Limited et al. v. Fairfield Greenwich Group, et al.*, 09-CV-5012 ("*Morning Mist,*" and, collectively with *Ferber* and *Pierce*, the "Purported Derivative Actions") – are, like the Sentry Action, consolidated under the main *Anwar* docket and are subject to motions to remand by the plaintiffs therein.

[2] On July 21, 2009, this Court directed that briefing related to vacating the January 31, 2009 consolidation order be deferred pending resolution of the consolidated motions to remand, and the instant Reply addresses only Sentry's Motion to Remand, while reserving all rights with respect to Sentry's pending motion to vacate the consolidation order. References to the Motion to Remand shall be as follows: ("Remand Mem. at __"). References to the July 27, 2009 consolidated opposition papers styled "Defendant FGA's Opposition to the Motions to Remand by the Ferber, Pierce, Morning Mist and Sentry Plaintiffs" shall be as follows: ("Opp. Mem. at __"). References to FGA's June 19, 2009 notice of removal shall be as follows: ("NoR at ¶__").

removal, some selectively excerpted legislative history and a handful of inapposite cases, FGA claims it has satisfied its burden of establishing federal jurisdiction, somehow obligating *Sentry* to demonstrate why the Sentry Action – a textbook, non-diverse, state court common law action – is not, quite literally, a federal case. As set forth in greater detail below, the burden is on *FGA* to overcome the normal presumption against removal, and to demonstrate why the state court – the forum of plaintiff's choice – should be divested of jurisdiction. It is a burden FGA does not satisfy.

FGA offers only a feeble rejoinder to Sentry's Motion to Remand, conjuring up an argument that flies in the face of law and logic (and is thoroughly belied by the well pleaded allegations of the Sentry Complaint): according to FGA, the Sentry Action, although brought by a single plaintiff and not denominated a derivative action, "is essentially an action to recover losses on behalf of shareholders of the Fund," thereby rendering Sentry a mere nominal plaintiff, and transmuting the Sentry Action into a "mass action" brought on behalf of these unnamed plaintiffs, such that it can be deemed a class action for removal purposes under CAFA. *See* Opp. Mem. at 6. In any event, we are told that the Sentry Action, along with the Purported Derivative Actions (FGA groups them together indiscriminately) "certainly resemble class actions for purposes of CAFA." *Id.* (footnote omitted). Moreover, claims FGA, the Sentry Action (again, lumped together with the Purported Derivative Actions) is subject to federal jurisdiction because it "concern[s] the impact of the Madoff fraud on a large nationwide (and indeed) global group of investors and involve[s] hundreds of millions of dollars." *Id.*

Federal subject matter jurisdiction under CAFA, however, is determined not by tests of FGA's own devising, but by the satisfaction of straightforward and explicit statutory requirements set forth in title 28 of the United States Code – requirements that make plain that

CAFA does not vest the federal courts with jurisdiction over single-plaintiff, non-diverse, common law actions like the Sentry Action. The musings of FGA as to the nature of the Sentry Action, and its speculation as to the parties for whose benefit the action was *actually* brought are just that – musings and speculation. They offer no legitimate basis for this Court to disregard the well-pleaded allegations of the Sentry Complaint, nor justify FGA's attempt to make an end run around CAFA's requirements and divest the state court of jurisdiction.

In short, FGA's purported basis for the removal of the Sentry Action was, and is, illusory. Because FGA has failed to demonstrate a legitimate basis for federal subject matter jurisdiction, the Sentry Action should be remanded to New York State Supreme Court.

## ARGUMENT

### I. THE COURT SHOULD REMAND THE ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

#### A. FGA Misstates The Burden of Proof

In a transparent attempt at burden-shifting, FGA recites CAFA's threshold requirements and argues that Sentry "*cannot* prove, as [it] must, that these requirements are *not* met." Opp. Mem. at 2 (emphasis supplied). Notwithstanding this tortured (and erroneous) recital of the law, the burden remains with FGA, as the proponent of removal, to demonstrate a basis for federal jurisdiction. *See*, *e.g.*, *DiTolla v. Doral Dental IPA of N.Y., LLC*, 469 F.3d 271, 275 (2d Cir. 2006) (under CAFA, burden of proof to show that case is properly in federal court remains with party asserting federal jurisdiction); *Anirudh v. CitiMortgage, Inc.*, 598 F. Supp. 2d 448, 450-51 (S.D.N.Y. 2009) (finding absence of CAFA jurisdiction, and noting Second Circuit adherence to traditional rule that party asserting federal jurisdiction bears burden of establishing case is properly in federal court) (citation omitted); *Lebowitz v. Dow Jones Co.,* No. 06 Civ. 2198, 2008 WL 4192765, at *1 (S.D.N.Y. Sep. 10, 2008) ("[u]nder CAFA, the party asserting federal

jurisdiction has the burden to demonstrate federal subject matter jurisdiction") (citation omitted). The Second Circuit could not be plainer: "we hold that CAFA did not change the traditional rule and that defendant bears the burden of establishing federal subject matter jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006). FGA's attempt to exempt itself from traditional removal requirements should be rejected out of hand.

FGA does not attempt to distinguish the cases cited in Sentry's moving papers setting forth the bedrock principle that federal courts construe removal narrowly, nor does it question the cases cited by Sentry noting the strong presumption against removal. *See* Remand Mem. at 5 (collecting cases). That presumption must prevail here, and necessarily should control, in light of FGA's failure to even acknowledge, much less satisfy its burden of establishing a basis for federal jurisdiction over the Sentry Action.

### B. This Is Not A Removable "Mass Action"

#### 1. FGA Has Failed To Satisfy CAFA's 100-Person Requirement

As Sentry explained in its moving papers, FGA has failed to establish that the Sentry Action is subject to federal jurisdiction under CAFA because FGA failed to establish a critical threshold requirement: demonstrating that the Sentry Action is an action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the *plaintiffs'* claims involve common questions of law or fact . . . ." 28 U.S.C. 1332(d)(11)(B)(i) (emphasis supplied). One need look no further than the caption of the Sentry Complaint to see that the Sentry Action was brought not by multiple *plaintiffs*, but by one plaintiff, and one plaintiff alone, precluding satisfaction of CAFA's 100-person requirement under the plain language of the statute. FGA's opposing papers offer no meaningful reason why federal jurisdiction should be sustained in light of this fundamental failure.

FGA's purported basis for removal rests on its representation that Sentry commenced this case on behalf of its shareholders. *See* NoR ¶ 6(f) ("[b]ecause FS brings these claims on behalf of its shareholders and there are more than 100 individuals who hold shares in FS, and because any recovery will be passed on to these shareholders, this action is a 'mass action' under the terms of CAFA and the requirement that there be more than 100 members of the putative class as specified by 28 U.S.C. § 1332(d)(5)(B) is satisfied"). This conclusory representation should be seen for what it is: a cynical attempt to circumvent CAFA's jurisdictional requirements. In any event, and critically, FGA's claim is contradicted by the plain allegations of the Sentry Complaint, whose claims are brought by and on behalf of Sentry itself – not its shareholders or anyone else. No amount of theorizing about the possible beneficiaries of recoveries from the Sentry action, or analogizing the Sentry Action to derivative actions and class actions can change this simple, dispositive fact. The number of Sentry shareholders is irrelevant to CAFA's 100-person requirement, because none of them is a plaintiff in the Sentry Action. FGA offers no coherent argument for their fanciful theory that non-plaintiff shareholders in a non-derivative action have claims proposed to be tried jointly that should somehow be counted for the purposes of establishing a "mass action" for purposes of CAFA jurisdiction, and it can point to no case law where a court has embraced such a theory.

Indeed, the sole case that FGA does cite – *La. ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418 (5th Cir. 2008) – if anything, advances Sentry's cause. In *Caldwell*, an antitrust action brought by the Louisiana attorney general against a number of insurance companies, the complaint explicitly sought to redress "wrongs committed by defendants against this state *and its citizens*," alleging, *inter alia*, a scheme that involved "rigging the value of *policyholder claims* and raising the premiums held in trust by their companies *for the benefit of policy holders*."

*Caldwell*, 536 F.3d at 422 (emphasis supplied). Louisiana likewise claimed that the defendants engaged in this conduct "to undervalue and underpay policyholders' claims." *Id.* In contrast, the Sentry Complaint seeks only redress for injuries *to Sentry* that resulted from breaches of fiduciary and contractual duties owed by defendants *to Sentry*. *See*, *e.g.*, Sentry Complaint ¶ 3 (citing direct privity between Sentry and certain of the defendants, resulting in fiduciary and contractual obligations to Sentry); ¶¶ 48-52 (setting forth contractual obligations under agreements between Sentry and the relevant defendants); ¶¶ 59-66 (describing Sentry's payment of performance and management fees on the basis of inaccurate information). In contrast to *Caldwell*, Sentry alleges no injury to its shareholders, and does not purport to bring claims on the basis of any obligation of FGA or its codefendants to its shareholders.[3]

FGA's reliance on *Caldwell*, and its suggestion, *see* Opp. Mem. at 6-7, that the Sentry Complaint represents "artful pleading" designed to avoid federal jurisdiction, points to a fundamental flaw in FGA's position. As noted, FGA does not, and cannot, cite any allegation in the Sentry Complaint alleging that Sentry brings claims (explicitly or implicitly) on behalf of its shareholders; that any duties were owed by FGA and its codefendants to Sentry shareholders; or even that Sentry's shareholders were injured by FGA and its codefendants. Thus, the Sentry Complaint is not a pleading, as FGA would have this Court think, whose single-plaintiff caption is somehow belied by substantive allegations that demonstrate the action is in actuality being brought on behalf of other, unnamed plaintiffs. Sentry's phantom "class action" theory would be untenable even if it had a basis in the complaint's allegations, given the explicit statutory

---

[3] Moreover, FGA appears not to dispute that the right of a shareholder of a British Virgin Islands company like Sentry to commence a derivative action is governed by British Virgin Islands law. Even if shareholders could somehow be counted toward CAFA's 100-person requirement (and they cannot), *no* shareholder of Sentry could be counted, having no standing as a matter of British Virgin Islands law to bring the claims asserted in this action. *See* Remand Mem. at 7-8 (collecting cases).

prerequisites for CAFA jurisdiction. But here, where the Sentry Complaint, by its verified allegations, seeks redress on behalf of *Sentry alone* – on the basis of duties owed to *Sentry alone* – the theory should be dismissed out of hand.[4]

FGA simply side-steps Sentry's argument that FGA's theory is predicated on an impermissible veil-piercing theory, claiming that Sentry "misses the point" but pointing to nothing meaningful to refute Sentry's argument. The fact remains that, as Sentry argued in its moving papers, under FGA's proposed rule, any company with more than 100 shareholders bringing an action in state court could be deprived of its chosen forum and haled into federal court under CAFA, an extraordinary (and clearly unintended) expansion of federal court jurisdiction. *See* Remand Mem. at 2. FGA's theory would also require the wholesale rejection of well-settled principles of corporate law recognizing that a corporation is a distinct legal entity separate from its shareholders. *See* Remand Mem. at 6-7 (collecting cases).

"When the removal of an action to federal court is contested, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)) (internal quotation marks omitted). The *only* proof supplied by FGA in support of its purported removal

---

[4] FGA's attempts to distinguish the cases cited by Sentry, *see* Opp. Mem. at n.10, are unavailing. Contrary to FGA's mischaracterization of Sentry's reading of *Palm Harbor Homes, Inc. v. Walters*, No. 08 cv 196, 2009 WL 562854, at *2 (M.D. Ala. Mar. 5, 2009), the *Palm Harbor* Court did, as Sentry noted, decline to extend CAFA jurisdiction where the action was filed by a single corporate plaintiff. For present purposes, it is notable that the *Palm Harbor* Court based its decision in part on the fact that plaintiff "did not invoke any procedure authorizing the action to be brought by it in a representative capacity," an infirmity equally applicable to FGA's "mass action" theory. FGA's attempt to distinguish away *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953 (9th Cir. 2009), *cert. denied*, No. 08-1589, 2009 WL 1849804 (Oct. 5, 2009), is likewise unavailing. Even if *Tanoh* contemplated a joinder of separate actions not contemplated in the case at bar, its language suggests that the Sentry Action would not be removable under FGA's theory. *See id.* at 952 (observing that "plaintiffs in a mass action, unlike in a class action, do not seek to represent the interests of parties not before the court"); *id.* at 955 (noting that legislative history bolsters the court's conclusion that "removal under CAFA is limited to cases in which one hundred or more plaintiffs elect to try their claims together"). That is far cry from the theory urged by FGA, under which CAFA jurisdiction would lie on the basis of nothing more than FGA's speculation that more than 100 Sentry shareholders might benefit from a recovery in the Sentry Action.

is the supporting declaration of its Managing Director and Associate General Counsel, which contains the unremarkable averment that "[b]ased on the records of Fairfield Sentry Limited, as of May 29, 2009, there were more than 700 shareholders of Fairfield Sentry Limited." Supporting Declaration of Michael Thorne at ¶ 2. In contrast, FGA's conclusory (and unfounded) contention in its notice of removal that Sentry is asserting the claims of over 100 persons and proposes to try them jointly can hardly suffice as "proof," much less the competent proof needed to defeat the strong presumption against removal. In light of FGA's failure to establish its entitlement to a federal forum, the Sentry Action should be remanded.

### 2. CAFA's Legislative History Does Nothing To Advance FGA's Cause

FGA's citation of CAFA's legislative history, *see* Opp Mem. at 5-6, does little to advance its cause. Indeed, the broad, prefatory language cited by FGA – such as that from Senate Report 109-14 – is undercut by more specific and apposite sections of the report that are ignored by FGA. *See*, *e.g.*, S. Rep. No. 109-14, at 27 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 27 (confirming Congress's intent to provide a "narrowly-tailored expansion of federal diversity jurisdiction"); *see also id.* at 46, *reprinted in* 2005 U.S.C.C.A.N. 3, 43 (describing "mass actions" as "suits that are brought on behalf of numerous named plaintiffs"). The Sentry Action, of course, is only brought by *one* named plaintiff, and would, from the legislative history, appear to fall squarely outside the "narrowly-tailored expansion" of jurisdiction provided by CAFA.

The statements of legislators further undermine FGA's cause:

> Under subsection 1332(d)(11), any civil action in which *100 or more named parties* seek to try their claims for monetary relief together will be treated as a class action for jurisdictional purposes. *The Sponsors wish to stress that a complaint in which 100 or more plaintiffs are named* fits the criteria of seeking to try their claims together, because there would be no other apparent reason to include all of those claimants in a single action unless the intent was to secure a joint trial of the claims asserted in the action.

151 Cong. Rec. H723, H729 (daily ed. Feb. 17, 2005) (Statement of Representative Sensenbrenner) (emphasis supplied); *see also* Statement of Senator Lott (for federal court jurisdiction over a mass action "there must be more than *100 plaintiffs*"), 151 Cong. Rec. S1076, S1082 (daily ed. Feb. 8, 2005). Yet additional portions of the legislative history show that FGA's interpretation of CAFA is misguided. *See*, *e.g.*, S. Rep. No. 109-14, at 46, *as reprinted in* 2005 U.S.C.C.A.N. 3, 44 ("100 or more named parties [must] seek to try *their claims* for monetary relief together") (emphasis supplied); *id.* at 47, *as reprinted in* 2005 U.S.C.C.A.N. 3, 44 ("mass actions" involve "a lot of people who want *their claims* adjudicated together") (emphasis supplied). This legislative history only underscores that CAFA jurisdiction was not intended to apply to the single-plaintiff Sentry Action, which does not seeks to press claims along with, or on behalf of, any other party.

### 3. The Internal Affairs Exception Applies

Contrary to FGA's claim, federal jurisdiction is also precluded by CAFA's "internal affairs" exception set forth at 28 U.S.C. § 1332(d)(9)(B). FGA claims that the internal affairs exception does not apply because "each of the Complaints include allegations of improper marketing and promotion of the Fairfield Greenwich funds that concern how the company presented itself to the public," again indiscriminately grouping the Sentry Action with the Purported Derivative Actions. *See* Opp. Mem. at 16. But the Sentry Complaint contains no such allegations, basing its claims upon defendants' failure to supervise and oversee Sentry's day-to-day investment activities in connection with the payment of fees.[5] In addition, FGA claims the

---

[5] For this reason, *Puglisi v. Citigroup Alternative Invs., LLC*, No. 08 CV 09774, 2009 WL 1515071, at *3 (S.D.N.Y. May 27, 2009), which found marketing activities to preclude application of the internal affairs exception, is inapposite. Moreover, FGA appears to read *First Nat. City Bank v. Banco El Comercio Exterior de Cuba*, 462 U.S. 611, 621 (1983) to bar application of the internal affairs exception to the Purported Derivative Actions because the *Ferber*, *Pierce* and *Morning Mist* complaints all contain allegations regarding the role of PricewaterhouseCoopers ("PwC"), whose role, according to FGA, "clearly falls outside of the internal affairs doctrine because PwC is not a limited partner, general partner, manager or investment manager in any fund." Opp. Mem. at 27. If that is the law,

exception cannot apply to Sentry's claims because Sentry "is not incorporated or organized under any U.S. State." Opp. Mem. at 18. FGA points to no provision of the statute containing such a requirement for United States incorporation, nor case law engrafting such a requirement to the statute.

## CONCLUSION

For the reasons stated herein, and for the reasons set forth in its Motion to Remand, Plaintiff Fairfield Sentry Limited respectfully requests that this action be remanded to the Supreme Court of the State of New York, and that it be awarded just costs and actual expenses, including attorney fees, incurred as a result of FGA's removal.

Dated: New York, New York
November 6, 2009

Respectfully submitted,

**BROWN RUDNICK LLP**

By:    s/ David J. Molton
David J. Molton
dmolton@brownrudnick.com
Andrew Dash
adash@brownrudnick.com

Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Attorneys for Fairfield Sentry Limited
(in Liquidation), by its Liquidators, Kenneth M.
Krys and Christopher D. Stride*

---

FGA can hardly be heard to claim that the misconduct of the defendants in the Sentry Action – Sentry's investment and risk managers, and their partners and principals – somehow fails to implicate the internal affairs of Sentry.