**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

――――――――――――――――――――――――――x
                                                     :
ANWAR, et al. v. FAIRFIELD GREENWICH      : Master File No. 09 CV 0118 (VM)
LIMITED, et al.                                          : 09 CV 5012 (VM) (<u>Morning Mist</u> Action)
                                                     : 09 CV 2366 (VM) (<u>Ferber</u> Action)
                                                     : 09 CV 2588 (VM) (<u>Pierce</u> Action)
――――――――――――――――――――――――――x

# DERIVATIVE PLAINTIFFS' LIMITED OBJECTION TO MAGISTRATE JUDGE KATZ'S REPORT AND RECOMMENDATION RE REMAND MOTIONS

**MILBERG LLP**
One Pennsylvania Plaza
New York, New York 10119
Tel.: (212) 594-5300
Fax:  (212) 868-1229

**SEEGER WEISS LLP**
One William Street
New York, New York 10004
Tel.: (212) 584-0700
Fax: (212) 584-0799

*Attorneys for Derivative Plaintiffs*

Derivative Plaintiffs submit this limited objection, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72, to the Honorable Magistrate Judge Theodore H. Katz's Report and Recommendation, dated November 13, 2009, Dkt. No. 297 (09 CV 0118) ("Report"). The Report provides an extensive analysis of the Class Action Fairness Act ("CAFA") and correctly finds that removal of these cases under CAFA was improper. The Report also recommends denial of plaintiffs' request for attorneys fees and expenses. Plaintiffs object to the recommendation solely with respect to the fee and expenses request, and state as follows:

1. Plaintiffs filed these derivative actions in New York state court on behalf of funds that sustained losses in connection with a Ponzi scheme operated by Bernard Madoff.[1] Defendant Fairfield Greenwich Advisors, LLC removed the actions to this court, citing CAFA.

2. CAFA establishes federal subject matter jurisdiction for "mass actions." CAFA defines "mass actions" as cases in which, among other things, "monetary relief claims of 100 or more persons are proposed to be tried jointly …." 28 U.S.C. § 1332(d)(11)(B)(i). Although each derivative action is on behalf of *one* person (the fund), defendant contended that CAFA's 100-person requirement was satisfied because (i) the fund at issue in each of the *Morning Mist* and *Ferber* actions had more than 100 investors, and (ii) the fund at issue in *Pierce*, although having just 29 investors, had at least 100 investors *in* those 29 investors. *See* Report at 11-13.

3. Defendant's tactic of counting, for purpose of a derivative action, the number of investors in a fund (or the number of the investors' investors) is unquestionably improper under

---

[1] The Derivative Actions are *Morning Mist* (09 CV 5012), *Ferber* (09 CV 2366) and *Pierce* (09 CV 2588); the funds at issue in those cases are Fairfield Sentry Limited, Greenwich Sentry L.P. and Greenwich Sentry Partners, L.P., respectively.

CAFA. Rejecting "Defendants' astoundingly expansive approach," Report at 13, Judge Katz held that "derivative actions are not 'mass actions' subject to federal court jurisdiction under CAFA." *Id.* at 23. Judge Katz found that "Defendants' position on removal is *directly contradicted by the plain language of CAFA*." *Id.* at 26 (emphasis supplied). Judge Katz also found that the legislative history "does not support Defendants' argument." *Id*. at 14; *see id*. at 15 ("Defendants selectively quote" from legislative history).

4. Indeed, defendant conceded that, for counting purposes, CAFA looks only at the real parties in interest -- which, in a derivative case, is the fund itself, not investors in the fund (or investors *in* the investors). *See id.* at 20 (defendants "have, in fact, argued - and, in effect, conceded - that individual investors in the Funds have no right to bring a direct action") (citing Letter to the Court from Mark G. Cunha, Esq. dated Oct. 9, 2009); *id.* at 19 (noting defendant's reliance on *La. ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418 (5th Cir. 2008), which "supports remand, rather than removal, of the derivative actions").

5. Although concluding that the derivative cases were improperly removed, Judge Katz recommended denial of plaintiffs' application for attorneys fees and expenses under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

6. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *see* Report at 25-26 (quoting *Martin*). Judge Katz stated that plaintiffs' fee and expense request "gives the Court pause. Defendants' position on removal is directly contradicted by the plain language of CAFA." Report at 26. Nonetheless, Judge Katz was "reluctant to characterize Defendants' arguments as objectively unreasonable." *Id.*

7. We respectfully submit that removal was "objectively unreasonable." Although Judge Katz termed defendant's position "novel," *id.* at 26, the fact that its position was "directly contradicted by the plain language of CAFA," as well as the legislative history and defendant's own concessions, demonstrates that defendant's basis for removal -- novel or not -- was objectively unreasonable.

**WHEREFORE**, the Court should award fees and expenses to plaintiffs' counsel.

Dated: November 30, 2009

Respectfully submitted,

/s/ Robert A. Wallner
Robert A. Wallner
Kent A. Bronson
**MILBERG LLP**
One Pennsylvania Plaza
New York, New York 10119
Tel.: (212) 594-5300
Fax: (212) 868-1229
rwallner@milberg.com
kbronson@milberg.com

Stephen A. Weiss
James E. O'Brien III
Christopher M. Van de Kieft
**SEEGER WEISS LLP**
One William Street
New York, New York 10004
Tel.: (212) 584-0700
Fax: (212) 584-0799
sweiss@seegerweiss.com
jobrien@seegerweiss.com
cvandekieft@seegerweiss.com

*Attorneys for Derivative Plaintiffs*

DOCS\494949v1

3