UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANWAR, *et al.*,                                           :
                                                           :   MASTER FILE
            Plaintiffs,           :   09 Civ. 0118 (VM)(THK)
                                                           :
    vs.                                                    :
                                                           :
FAIRFIELD GREENWICH LIMITED, *et al.*,                     :
                                                           :
            Defendants.          :
------------------------------------------------------------X
FAIRFIELD SENTRY LIMITED (*In Liquidation*),               :
*by its Liquidators, Kenneth M. Krys and*                  :
*Christopher D. Stride,*                                   :
                                                           :
            Plaintiff,            :   09 Civ. 5650 (VM)(THK)
                                                           :
    vs.                                                    :
                                                           :
FAIRFIELD GREENWICH LIMITED, *et al.*,                     :
                                                           :
            Defendants.          :
------------------------------------------------------------X

**RESPONSE OF FAIRFIELD SENTRY LIMITED TO DEFENDANT
FAIRFIELD GREENWICH ADVISORS LLC'S OBJECTION TO THE MAGISTRATE
<u>JUDGE'S REPORT AND RECOMMENDATION ON REMAND MOTIONS</u>**

BROWN RUDNICK LLP
David J. Molton
Andrew Dash
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

*Attorneys for Fairfield Sentry
Limited (in Liquidation), by its Liquidators,
Kenneth M. Krys and Christopher D. Stride*

## PRELIMINARY STATEMENT

Plaintiff Fairfield Sentry Limited ("Sentry") commenced this action (the "Sentry Action") against its former investment and risk managers, their principals, and their partners to recover damages of at least $919 million in respect of various fees wrongly paid to them by Sentry. The Sentry Action – a straightforward state law commercial action asserting direct claims of breach of fiduciary duty, breach of contract, unjust enrichment, constructive trust, rescission, and accounting – was commenced by a verified complaint (the "Sentry Complaint") in the Supreme Court of the State of New York. On June 19, 2009, Defendant Fairfield Greenwich Advisors, LLC ("FGA") removed the Sentry Action to this Court on the purported basis that this direct, single-plaintiff action was a "mass action" under the Class Action Fairness Act ("CAFA") – the same basis on which FGA purported to remove three putative derivative actions in which it is a defendant.[1] On July 10, 2009, Sentry moved (i) to remand this action to the state court, and (ii) to vacate this Court's January 31, 2009 Consolidation Order and Order for Appointment (the "Motion to Remand").[2]

On November 13, 2009, Magistrate Judge Katz issued a Report and Recommendation recommending that the motion to remand of Sentry (and those of the plaintiffs in *Ferber*, *Pierce*, and *Morning Mist*) be granted (the "Report and Recommendation").[3] With respect to the remand

---

[1] These actions – *Ferber v. Fairfield Greenwich Group et al.*, (09-CV 22355) ("*Ferber*"), *Pierce et al. v. Fairfield Greenwich Group et al.*, 09-CV-2588 ("*Pierce*") and *Morning Mist Holdings Limited et al. v. Fairfield Greenwich Group, et al.*, 09-CV-5012 ("*Morning Mist*," and, collectively with *Ferber* and *Pierce*, the "Purported Derivative Actions") – are, like the Sentry Action, consolidated under the main *Anwar* docket. The Sentry Action and the Purported Derivative Actions were the subject of motions to remand that Magistrate Judge Katz recommended be granted, as set forth in greater detail below.

[2] On July 21, 2009, Magistrate Judge Katz directed that briefing related to vacating the January 31, 2009 consolidation order be deferred pending resolution of the consolidated motions to remand.

[3] References to the Report and Recommendation shall be as follows: ("Report and Recommendation at __"). References to Defendant Fairfield Greenwich Advisors LLC's Objection to the Magistrate Judge's Report and

of the Sentry Action, Magistrate Judge Katz flatly rejected FGA's novel theory – that a non-derivative, single-plaintiff state court action brought by a corporate entity is a "mass action" within the meaning of CAFA. *See* Report and Recommendation at 24-25. Because there was no basis for federal court jurisdiction, *see* Report and Recommendation at 25, Magistrate Judge Katz found that the Sentry Action should be remanded to New York State Supreme Court.

Magistrate Judge Katz is correct, and for the reasons that follow, this Court should adopt the Report and Recommendation and remand the Sentry Action.

## ARGUMENT

### I. THE COURT SHOULD ADOPT THE REPORT AND RECOMMENDATION

This Court should adopt the well-considered Report and Recommendation of Magistrate Judge Katz. There is certainly nothing in the Objection offering any compelling reason for this Court not to do so.

The Report and Recommendation is well-reasoned, straightforward, and intuitive. FGG contended that the Sentry Action (and the *Ferber*, *Pierce*, and *Morning Mist* actions) "are 'mass actions' under CAFA, since they were brought 'for the benefit of [over 100] investors in a non-operating hedge fund.'" Report and Recommendation at 10. Magistrate Judge Katz rejected this fanciful theory, observing that "Defendants propose an interpretation of CAFA that would require this Court to infer the existence of multiple plaintiffs when, in fact, there are at most, only two." *Id; see also id.* at 13 ("the Court declines to adopt Defendants' astoundingly expansive approach").

With respect to the single-plaintiff Sentry Action, Magistrate Judge Katz recognized that the issue was particularly straightforward. *See* Report and Recommendation at 24 (FGA

---

Recommendation on Remand Motions (the "Objection") shall be as follows: ("Objection at __"). Sentry incorporates by reference all arguments made in support of remand set forth in its prior submissions.

-2-

argument as to the Sentry Action "can be disposed of rather easily"). As Magistrate Judge Katz noted, FGA claimed that the Sentry Action was "essentially an action to recover losses on behalf of the shareholders of the Fund." Report and Recommendation at 24 (internal quotation marks and citation omitted). But as Magistrate Judge Katz observed, "FSL filed a *direct claim* to recover losses that accrued *directly* to FSL. There are no allegations in the Sentry complaint that the action is brought 'on behalf of' FSL's shareholders. *Even under the most liberal interpretation of CAFA, this case simply does not fall within the statutory definition of 'mass action.'" Id.* (emphasis supplied). Magistrate Judge Katz correctly noted that FGA's "unremarkable averment" that Sentry has more than 700 shareholders is insufficient to support removal of the direct claims in the Sentry Action, because "[t]his is not a case in which the claims of 100 or more persons are proposed to be tried jointly." Report and Recommendation at 25. In short, Magistrate Judge Katz unequivocally (and correctly) rejected FGA's "trickle down" theory, holding "[t]his Court will not transform an otherwise direct claim by a single plaintiff into a 'mass action' simply because the company's shareholders may ultimately derive some benefit from the litigation."[4] *Id.*

Nothing in the Objection militates toward a different conclusion. Indeed, in the Objection, FGA does little more than reprise its old theory that, with respect to satisfaction of the "100-person requirement," CAFA contemplates the ultimate beneficiaries of an action, not its named plaintiffs. *See, e.g.,* Objection at 2 (language of statute focuses on "underlying claimants"); 3-4 (number of plaintiffs irrelevant to CAFA jurisdiction in light of statutory reference to monetary claims of "persons"); 7-10 (same). Thus, in FGA's view, the Sentry Action, although brought by a single plaintiff and not denominated a derivative action, is

---

[4] Magistrate Judge Katz noted further that, as Sentry had argued, "[i]f the Court adopts Defendants' position, 'literally any company, public or private, with more than 100 shareholders could be deprived of its chosen forum and haled into federal court.'" Report and Recommendation at 24 (citation omitted).

essentially an action to recover losses on behalf of Sentry shareholders, thereby rendering Sentry a mere nominal plaintiff, and transmuting the Sentry Action into a "mass action" brought on behalf of these unnamed plaintiffs, such that it can be deemed a class action for removal purposes under CAFA.

Magistrate Judge Katz correctly found that the statute's plain meaning precluded such a theory. As Magistrate Judge Katz noted, "CAFA defines a 'mass action' as a case in which 'monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . .'" Report and Recommendation at 14 (citing 28 U.S.C. § 1132(d)(11)(B)(i)) (emphasis in original). "The claims in each of the actions are brought by no more than two partners or shareholders on behalf of one entity, not '100 or more persons' as the statute clearly requires," found Magistrate Judge Katz, and "[o]n this basis alone, Defendants' argument is unavailing."[5] *Id.*

Even if FGA's theory were tenable (and it is not) it is particularly inapposite with respect to the single-plaintiff Sentry Action, which FGA lumps indiscriminately together with the three Purported Derivative Actions. *See, e.g.,* Objection at 3 ("the claims in *these actions* seek recovery of fees incurred by individual investors based on their individual account balances in the investment funds") (emphasis supplied); *id.* ("*the actions here* seek to jointly try claims to recover the fees incurred individually by more than one hundred investors in each of the investment funds") (emphasis supplied); *id.* at 5 ("*[t]he four Actions* seek to recover the fees

---

[5] Magistrate Judge Katz likewise (and correctly) found that "the legislative history [] does not support Defendants' argument." Report and Recommendation at 14. In short, Magistrate Judge Katz found that, whatever Congress's intent in enacting CAFA, "Defendants must still show that the action consists of claims of '100 or more persons [that] are proposed to be tried jointly.'" *Id.* at 15 (citations omitted). Finding that "Defendants selectively quote[d] from CAFA's legislative history in an effort to support their bid for removal," Magistrate Judge Katz found that "[w]hile Congress intended to put 'interstate cases of national importance' before the federal courts, a removing defendant must still establish to a 'reasonable possibility' that the express requirements of CAFA are met." *Id.* Magistrate Judge Katz correctly concluded that "CAFA's legislative history makes clear that Congress envisioned 'mass actions' as claims by multiple plaintiffs 'consolidated by State court rules,' but not otherwise pled as class actions." *Id.* at 17 (citations omitted). These well-reasoned findings should be adopted in their entirety.

incurred and other losses suffered by all the investors in the investment funds and the funds themselves") (citing Report and Recommendation at 4-5) (emphasis supplied); 8 ("[t]he *Morning Mist* and *Sentry* actions both seek recovery of losses, including management and other fees, allegedly incurred by Fairfield Sentry Limited *and its approximately 700 shareholders*") (citing Report and Recommendation at 11 and n.8) (emphasis supplied); 9 ("[p]laintiffs in *these Actions* seek to recover the fees and other losses incurred by these shareholders, limited partners, and beneficial equity holders in the funds") (citing Report and Recommendation at 4) (emphasis supplied); 11 at n.7 (claiming that "*[t]he Actions here* [] seek to jointly try the claims for fees incurred by individual investors in investment funds") (emphasis supplied).

This is sheer sophistry. As is plain from the well-pleaded allegations of the Sentry Complaint, a *single plaintiff* – Sentry – brought direct claims by and on behalf of *itself* – not its shareholders or investors or imagined beneficiaries or anyone else. Because the Sentry Action was brought not by multiple *plaintiffs*, but by *one* plaintiff, and *one* plaintiff alone, satisfaction of CAFA's 100-person requirement is precluded under the plain language of the statute. Magistrate Judge Katz recognized (and rejected) this attempted bootstrapping exercise, noting "the *sole plaintiff* in <u>Sentry</u> is FSL, a British Virgin Islands Company. FSL filed a *direct claim* to recover losses that accrued *directly to FSL. There are no allegations in the* <u>Sentry</u> *complaint that the action is brought 'on behalf of' FSL's shareholders.*" Report and Recommendation at 24 (emphasis supplied).

Federal subject matter jurisdiction under CAFA is determined not by tests of FGA's own devising, but by the satisfaction of straightforward and explicit statutory requirements set forth in title 28 of the United States Code – requirements that make plain that CAFA does not vest the federal courts with jurisdiction over single-plaintiff, non-diverse, common law actions like the

Sentry Action. As Magistrate Judge Katz recognized, the musings of FGA as to the nature of the Sentry Action (and the *Ferber*, *Pierce*, and *Morning Mist* actions) – and its speculation as to the parties for whose benefit these actions were *actually* brought – offer no legitimate basis for this Court to disregard the well-pleaded allegations of the Sentry Complaint, nor justify FGA's attempt to make an end run around CAFA's requirements and divest the state court of jurisdiction. *See* Report and Recommendation at 25 (holding that the number of Sentry shareholders "is insufficient to support removal of the direct claims in Sentry" and declining "to transform an otherwise direct claim by a single plaintiff into a 'mass action,' simply because the company's shareholders may ultimately derive some benefit from the litigation"). There is no reason to disturb these sound and well-reasoned findings.

As Magistrate Judge Katz recognized, FGA's purported basis for the removal of the Sentry Action was illusory. Because FGA has failed to demonstrate a legitimate basis for federal subject matter jurisdiction – and offered no legitimate basis for rejecting Magistrate Judge Katz's well-considered opinion – the Report and Recommendation should be adopted, and the Sentry Action should be remanded to New York State Supreme Court.

## CONCLUSION

For the reasons stated herein, and for the reasons set forth in its previous submissions, Plaintiff Fairfield Sentry Limited respectfully requests that the Magistrate Judge Katz's Report and Recommendation be adopted in its entirety, and that the Sentry Action be remanded to the Supreme Court of the State of New York.

- 7 -

Dated: New York, New York
December 17, 2009

Respectfully submitted,

**BROWN RUDNICK LLP**

By: ___s/ David J. Molton___
David J. Molton
dmolton@brownrudnick.com
Andrew Dash
adash@brownrudnick.com

Seven Times Square
New York, New York  10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Attorneys for Fairfield Sentry Limited
(in Liquidation), by its Liquidators, Kenneth M.
Krys and Christopher D. Stride*