United States District Court
Southern District of New York
--------------------------------------------------------x

Anwar, *et al.*,

                Plaintiffs,

                Master File 09 CV 118(VM)

    v.

Fairfield Greenwich Limited, *et al.*,

                Defendants.

--------------------------------------------------------x

Memorandum of Law Submitted By Defendant Brian Francoeur In Support
Of His Motion To Dismiss The Second Consolidated Amended Complaint

This memorandum of law is submitted by Defendant Brian Francoeur ("Francoeur") in support of his motion pursuant to Fed. R. Civ. P. Rule 12(b)(6) to dismiss the Second Consolidated Amended Complaint (the "SCAC").

Preliminary Statement

The SCAC is two hundred pages in length and asserts thirty three separate claims for relief against scores of Defendants, including multi-billion dollar investment funds and corporations. At the very end, beginning on page 198, the SCAC alleges the last two claims for relief against Francoeur, who, as part of his employment with Defendant Citco Fund Services (Bermuda) Limited ("CFSB"), was appointed for a time as an outside Director of Defendant Fairfield Greenwich (Bermuda) Ltd. ("FGBL"). The two claims are for breach of fiduciary duty (Count 32) and for unjust

enrichment (Count 33). Plaintiffs thereby seek to hold Francoeur responsible for all of their losses resulting from the Madoff Ponzi scheme. The SCAC does allege any knowledge of, or participation in, that scheme by Francoeur. The claims arise out of Francoeur's service as a Director of FGBL. The Court should dismiss the SCAC as to Francoeur because neither claim against him states a viable claim for relief.

FGBL served as investment manager for Fairfield Sentry Limited and Fairfield Sigma Limited (the "Fairfield Funds"), both off-shore funds located in the British Virgin Islands, pursuant to an Investment Management Agreement. FGBL, since March 2006, was also the general partner of Greenwich Sentry L.P. and, since April 2006, the general partner of Greenwich Sentry Partners L.P. (the "Greenwich Funds") (The Fairfield Funds and the Greenwich Funds are collectively referred to as the "Funds"). Plaintiffs are shareholders and/or holders of limited partnership interests in the Funds.

The SCAC does not allege a valid claim for breach of fiduciary duty against Francoeur. Count 32, although denominated by Plaintiffs as a claim for breach of fiduciary duty, does not specifically allege that Francoeur owed any fiduciary duty <u>to Plaintiffs</u>.[1] As a matter of law, as shareholders and/or owners of partnership interests in the Funds, Plaintiffs are not within the scope of any fiduciary duties which Francoeur undertook as an FGBL Director, which duties, under governing Bermuda law, are limited to FGBL. Even if New York or Delaware law were to govern, Francoeur's position as a director of FGBL is simply too remote to impose upon him fiduciary obligations to the Plaintiffs who invested in the Funds, particularly those Plaintiffs who invested in

---

[1] Compare Count 32 where there is no allegation that Francoeur owes fiduciary duties to Plaintiffs with Count 8, the breach of fiduciary duty claim against the FG Defendants, where Plaintiffs expressly allege that FGBL, the entity, owes fiduciary duties to Plaintiffs (¶405).

2

the Fairfield Funds which simply had a contractual relationship with FGBL for that entity to perform certain investment management services. Even with respect to the Greenwich Funds, the Limited Partnership Agreement and Delaware law expressly protect Francoeur against the breach of fiduciary duty claim herein alleged against him.

The SCAC, similarly, fails to state a valid claim for unjust enrichment against Francoeur. Count 33, alleged against all Defendants generally, including Francoeur, alleges unjust enrichment allegedly resulting from the Defendants' improper receipt of fees which Plaintiffs seek to disgorge. The SCAC, however, contains no specific allegation that Francoeur himself received any fees. To the contrary, the SCAC alleges that FGBL paid CFSB, Francoeur's employer, not Francoeur, for the services which he rendered to FGBL. Because Francoeur did not receive any fees relating to any Madoff investments, there can be no claim that he was unjustly enriched.

## Facts

The facts in this matter have been fully set forth in the memoranda of law submitted by the FG Defendants, the Fee Defendants, Ian Pilgrim and Citco Fund Services (Bermuda) Limited and will not be repeated at length herein.[2]

Francoeur joined CFSB in 2001 and served, as of August 2006, as its managing director (¶163, ¶559[3]). Plaintiffs, however, make no allegations as to the nature of Francoeur's employment

---

[2]Francoeur accepts the truth of the facts set forth in the SCAC only for purposes of this motion. Should this case proceed after disposition of this motion, Francoeur reserves the right to contest each and every fact alleged in the SCAC.

[3]The "¶" sign followed by a number refers to paragraphs in the SCAC.

with CFSB. He served as an outside Director of FGBL as part of his duties and responsibilities as an employee and officer of CFSB (¶163, ¶559). The SCAC does not allege when Francoeur served as Director of FGBL or the nature of the duties and responsibilities which he undertook as such outside Director.

FGBL's Board of Directors had responsibility for FGBL, which entity, as investment manager, had day to day management responsibility for the Funds in which Plaintiffs invested, including selecting the Funds' investments and investment advisors, monitoring those investments and advisors, and maintaining relationships between the Funds and their advisors, custodians, administrators and transfer agents (¶561). Francoeur allegedly breached his fiduciary duty by allegedly failing to supervise the Funds' managers and investments that were entrusted to Madoff and in allegedly failing to pursue red flags that allegedly should have alerted him to the presence of unlawful activity (¶562). There is no specific allegation that Francoeur owed any fiduciary duty to Plaintiffs. As a result of Francoeur's alleged breach of fiduciary duty, Plaintiffs suffered damages (¶565).

Without any specific allegation that Francoeur received any fees for acting as a director of FGBL, or otherwise, Plaintiffs also claim that it is unjust and inequitable for Defendants, including Francoeur, to have enriched themselves through the collection of fees for their services (¶569). Plaintiffs seek disgorgement of such allegedly unjust enrichment (¶570-71).

## Argument

### Point 1

### The Complaint Fails To State A Claim
### Against Francoeur For Breach Of Fiduciary Duty

Count 32 of the Complaint alleges that Francoeur, while serving as a Director of FGBL, allegedly breached his fiduciary duties which allegedly caused Plaintiffs damages. Count 32 is also alleged against Defendant Ian Pilgrim ("Pilgrim"), who also served as a Director of FGBL. Francoeur joins Pilgrim's motion to dismiss Count 32 for the reasons set forth in Pilgrim's Memorandum of Law.

Pilgrim argues that as a Director of FGBL he owed no fiduciary duty to Plaintiffs. (Pilgrim's Memorandum of Law, Point I.B.1, (a) and (b)). For the same reasons, Francoeur, as a director of FGBL, owed no fiduciary duties to Plaintiffs. Pilgrim argues that the SCAC fails to allege that he breached any fiduciary duties (Pilgrim's Memorandum of Law, Point I.B.2). The SCAC is similarly deficient in alleging Francoeur's alleged breach of fiduciary duty. Pilgrim argues that the breach of fiduciary duty and unjust enrichment claims are preempted by the Martin Act (Pilgrim's Memorandum of Law, Point I.C). Those claims against Francoeur are preempted by the Martin Act for the same reasons. Pilgrim argues that the breach of fiduciary duty claim against him must be dismissed because it is derivative (Pilgrim's Memorandum of Law, Point I.D). The breach of fiduciary duty claim against Francoeur is, similarly, derivative and, therefore cannot be asserted herein directly by Plaintiffs.

Pilgrim allegedly served as a Director of FGBL only from 2003 to 2005 (¶164), during which time FGBL by contract agreed to perform certain investment management services for the Fairfield

Funds (SCAC Exhibit 22) but prior to the time that FGBL became the general partner of the Greenwich Funds in 2006 (¶119). The SCAC does not allege when Francoeur allegedly served as an FGBL Director. But an outside director of FGBL, even at the time it was a general partner of the Greenwich Funds, would have no fiduciary responsibility to the limited partners in those funds. First, under Bermuda law, which governs the fiduciary duties of the Directors of FGBL, a Bermuda corporation, a Director has such responsibilities only to the company, FGBL, not even its shareholders and certainly not Plaintiffs (see Memorandum of Law submitted by Pilgrim, I.B.1, (a), Affidavit of Rod S. Attride-Stirling submitted with the FG Defendants' motion papers, section dealing with breach of fiduciary duty). Second, even if Delaware law applied to an FGBL Director's fiduciary duties to the Greenwich Funds because they are Delaware limited partnerships (Exhibits 3 and 4 to the SCAC), the Limited Partnership Agreements and the provisions of Delaware law expressly protect any such director from a breach of fiduciary duty claim under the facts alleged herein (see Memorandum of Law submitted by the FG Defendants, Section VI.D.2).

## Point 2

### The Complaint Fails To State a Claim Against Francoeur For Unjust Enrichment

Count 33 of the Complaint alleges generally that all Defendants were unjustly and inequitably enriched as a result of their alleged collection of fees for their services (¶569). Plaintiffs seek an order requiring all Defendants to disgorge their profits, benefits and other compensation obtained from their allegedly wrongful conduct and fiduciary breaches (¶571).

For the reasons set forth in Pilgrim's Memorandum of Law, Point I.E, the unjust enrichment claim should also be dismissed against Francoeur. The arguments set forth therein apply equally to Francoeur.

## Conclusion

For the foregoing reasons, the Second Consolidated Amended Complaint should be dismissed against Brian Francoeur with prejudice.

Respectfully submitted,

Law Offices of Kenneth A. Zitter

By_____
Kenneth A. Zitter
Attorneys for Defendant Brian Francoeur
260 Madison Avenue, 18th Floor
New York, New York 10016
212-532-8000
KAZ-3195
