Anwar et al v. Fairfield Greenwich Limited et al — Doc. 331 Att. 6

# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANWAR, et al.,                                    MASTER FILE NO.
                                                  09-CV-0118 (VM)
Plaintiffs,

-against-

FAIRFIELD GREENWICH LIMITED, et al.,

Defendants.

This Document Relates To:   All Actions
------------------------------------------------------------------x

# DECLARATION OF ATTORNEY ELIZABETH ANNE WEAVER ON RELEVANT PRINCIPLES OF THE LAW OF THE BRITISH VIRGIN ISLANDS

I, Elizabeth Anne Weaver, of London, England pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declare as follows:

## I. BACKGROUND

1. My name is Elizabeth Anne Weaver. I am a practising barrister of the Eastern Caribbean Supreme Court in the British Virgin Islands. In connection with this case, I have been asked by Citco Fund Services (Europe) B.V. ("CFSE") and Citco (Canada) Inc. ("CCI") to give my opinion, based on the laws of the British Virgin Islands and the terms of the administration agreements between CFSE and Fairfield Sentry Limited and Fairfield Sigma Limited (the "Fairfield Funds") respectively, whether the Plaintiffs are intended third-party beneficiaries to the administration agreements under British Virgin Islands law.

2. I have been provided the following documents in order to assist me in analyzing the above issue:

   a. A copy of the Second Consolidated Amended Complaint dated September 29, 2009 in the matter of *Anwar v. Fairfield Greenwich Limited*, , Case No. 09-cv-118 (VM) ("SCAC"), pending in United States District Court for the Southern District of New York; and

   b. Copies of the administration agreement between Fairfield Sentry Limited dated 20 February 2003 and CFSE and the administration agreement between Fairfield Sigma Limited and CFSE dated 20 February 2003 (collectively the "Administration Agreements").

3. This Declaration is submitted to assist the Court in determining whether Plaintiffs may be considered intended third-party beneficiaries to the Administration Agreements under the law of the British Virgin Islands.

4. All statements of legal opinion herein represent my view of the laws of the British Virgin Islands as a practising barrister. All statements of fact herein are based upon the assumption that the facts alleged in the SCAC are true.

5. As discussed more fully below, it is my opinion, based on my interpretation of the law of the British Virgin Islands, as applied to the Administration Agreements, that Plaintiffs are not intended third-party beneficiaries of the Administration Agreements and that Plaintiffs have no enforceable rights under the Administration Agreements.

## II. QUALIFICATIONS

6. I am a member of the Bar of England and Wales. Since 1984, I have been a member of chambers of XXIV Old Buildings, 24 Lincoln's Inn, London WC2A 3UP specializing in commercial Chancery work including commercial disputes, company and insolvency law, trusts and professional negligence law. I have extensive experience of advising on the interpretation of commercial contracts. I was admitted to practise as a barrister of the Eastern Caribbean Supreme Court in the British Virgin Islands in 2000 and have advised on matters of British Virgin Islands law and appeared in the British Virgin Islands Courts.

7. I attach a copy of my résumé at Appendix 1 to this Declaration.

## III. UNDER THE LAWS OF BRITISH VIRGIN ISLANDS, PLAINTIFFS ARE NOT THIRD-PARTY BENEFICIARIES TO THE ADMINISTRATION AGREEMENTS

8. Except in areas where the British Virgin Islands has its own specific legislation, British Virgin Islands law is based on English common law. Where British Virgin Islands law is based on English common law, the courts of the British Virgin Islands will generally regard English case law as persuasive in reaching their decisions.

9. In the British Virgin Islands, contract law is based on and follows English common law. English common law contains the doctrine of privity of contract whereby contracts cannot be enforced by or against third parties. *See* Chitty on Contracts 30th ed vol 1 paragraphs 18-003, 18-019 to 18-021; The existence of privity of contract as part of English common law has been affirmed on a number of

2

occasions by the House of Lords[1]. The British Virgin Islands has not passed any legislation limiting or restricting the doctrine of privity of contract.

10. The doctrine of privity of contract is that only a person who is a party to a contract can sue on it even if the contract is intended to benefit a third party. *Id.*; *Scruttons Ltd v Midland Silicones Ltd* [1962] AC 446 and *Beswick v Beswick* [1968] AC 58. A third party who is a beneficiary under a contract cannot assert any claim arising from or under the contract. British Virgin Islands law therefore does not recognize implied third-party beneficiary rights to a contract.

11. I have reviewed the Administration Agreements in light of the current applicable law of the British Virgin Islands. The Administration Agreements are silent as to any rights to be granted to third parties. In my opinion, according to the law of the British Virgin Islands, Plaintiffs have no contractual rights in respect of any performance or omission by CFSE under the Administration Agreements.

## IV. **CONCLUSION**

12. In light of the law of British Virgin Islands discussed above, the text of the Administration Agreements and the allegations contained in the SCAC, it is my opinion that, under the laws of the British Virgin Islands, Plaintiffs are not intended third-party beneficiaries to the Administration Agreements and cannot derive any contractual rights therefrom.

I declare under penalty of perjury that the statements contained herein are true and correct to the best of my knowledge and belief.

Executed this 21st day of December 2009.

*[signature]*
Elizabeth Anne Weaver

---

[1] The doctrine has been confirmed as being part of English law in 1915 in the case of *Dunlop Pneumatic Tyre Co Ltd v Selfridge & Co Limited* [1915] AC 847, in 1962 in *Scruttons Ltd v Midland Silicones Ltd* [1962] AC 446 and in 1968 in *Beswick v Beswick* [1968] AC 58.

# Appendix 1



## ELIZABETH WEAVER
Call: 1982
Email: elizabeth.weaver@xxiv.co.uk
Clerks: 020 7691 2424



Elizabeth Weaver has a commercial Chancery practice, focusing mainly on contentious work in the areas of business disputes, company law and insolvency, trusts and wills and property. Elizabeth has both the technical knowledge to draw on for analysis of the problems arising in complex legal disputes (often involving several areas of law) and the experience and expertise to provide sound and commercial advice and the effective and efficient presentation of a client's case.

Elizabeth has considerable experience of working on large scale commercial claims (both High Court litigation and LCIA and ICC arbitrations) and trust disputes, often with an international element and raising issues of foreign law and conflicts of law for example Interoil Trading SA v Watford.

Recent cases include an ongoing high profile joint venture dispute in the British Virgin Islands and Samoa concerning the operation of the largest drinks producer in China and a hostile High Court shareholders dispute.

Elizabeth also has a well recognised specialism in professional negligence claims involving her key areas of expertise.

**Recommendations:**
Chambers & Partners 2010 recommends Liz for traditional Chancery.  She is also recommended in Legal 500/2009 for company law, private client work and professional negligence.

**Academic history:**
LLB, Bristol

Contributor to Tolley's Insolvency Law
Co-author of Blackstone's Guide to the Companies Act 2006 (OUP)

**Professional memberships:**
Chancery Bar Association
Commercial Bar Association (COMBAR)
ACTAPS
STEP

Professional Negligence Bar Association
Bar of The Eastern Caribbean Supreme Court
Member of the Professional Conduct and Complaints Committee of the Bar Council

## BUSINESS DISPUTES

Elizabeth's experience covers a wide range of business disputes such as joint ventures, share and asset sale agreements, sale of goods, franchise agreements in diverse fields eg telecommunications, financial services, manufacturing and trade, and IT.

Examples of the range of her recent work include:

- an ICC arbitration for a Thai client about copper shipments;
- litigation about the confidentiality of a share valuation (heard in private);
- a dispute about the ownership of a property investment company;
- large scale High Court litigation (combined section 459 Companies Act 1985 petition, Chancery and Commercial court claims) arising out of the breakdown of a joint venture relating to the acquisition and operation of an oil refinery in Ukraine. (Interoil Trading SA -v- Watford Petroleum Ltd). This litigation (which lasted from 2002-2006) resulted in settlement in the course of a three month trial and included numerous procedural applications eg Elizabeth successfully resisted an order for security for costs when the defendant's inability to produce accounts might have been due to the applicant's conduct;
- a multi-million dollar LCIA arbitration (2003-2005) in relation to a failed joint venture between two overseas pay television companies, involving issues of Dutch and Greek law including competition law ;
- a dispute over a franchise agreement for a major tool hire company;
- claim by European software supplier against directors of UK agent for breach of trust (successfully resolved by mediation);
- Gillingham & Ors -v- Gillingham [2001] EWCA Civ 906 Court of Appeal : successful attempt to admit new evidence in family company dispute even though the principles in Ladd v Marshall were not satisfied having regard to the overriding objective under the CPR.

## COMPANY AND PARTNERSHIP
Recommended by Legal 500/2009 as a leading company junior, Elizabeth Weaver has wide experience in company cases, and in particular section 459 CA 1985 petitions, shareholders' disputes and claims by and against directors.  Cases she has been involved in include:

- GML v Carina Nominees – the validity of a share purchase option and the legality of declarations of dividends under Gibraltar law
- Rock Nominees Ltd -v- RCO (Holdings) Ltd [2004] 1BCLC 439 Court of Appeal (successful defence of s459 petition brought by a minority shareholder following take over)
- Capital Trust Investment Ltd -v- Radio design AB [2002] 2All ER 159 Court of Appeal (acting : for Swedish company in relation to allegations of misrepresentation in a prospectus – issues of whether binding arbitration agreement and/or whether any cause of action in Swedish or English law).

Other reported cases are:

- Re X Times Law Reports 6/6/2001 (availability of interim injunction in s459 petition)
- Re Quickdome [1988] BCC 296 (standing to bring s459 petition)

Elizabeth is a co-author of Blackstone's Guide to the Companies Act 2006 also an expert contributor to Tolley's Insolvency Law.

## INTERNATIONAL AND OFFSHORE

Many of Elizabeth Weaver's cases involve an international or offshore angle. She has considerable experience of working with overseas clients and lawyers (including Russia, Holland, Greece, USA, Thailand, South Africa) for example:

- Acting for the trustees of a Guernsey trust in a dispute over an option over shares in a Gibraltar company, involving issues of Gibraltar company law;
- A large scale LCIA arbitration (2003-2005) in relation to a failed joint venture between two overseas pay television companies, involving issues of Dutch and Greek law including Greek competition law;
- Walanpatrias Stiftung v AMP dispute over the validity of lifetime transfers and wills made by a wealthy US citizen resident in Monaco which involves parallel claims in Monaco, New York and Florida.
- Elizabeth has experience of advising in relation to offshore disputes, especially in the BI where she has also appeared as an advocate.