SCANNED ON 11/9/2009

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: HON. RICHARD B. LOWE, III                               PART 56
                             Justice

Ferber                                    INDEX NO.    601351/09
                                          MOTION DATE  5/29/09
- v -                                     MOTION SEQ. NO.  001

Globe Op                                  MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|                                                                          | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...        |                 |
| Answering Affidavits — Exhibits                                          |                 |
| Replying Affidavits                                                      |                 |

Cross-Motion:   ☐ Yes   ☒ No

Upon the foregoing papers, it is ordered that this motion

MOTION IS DECIDED IN ACCORDANCE
WITH ACCOMPANYING MEMORANDUM DECISION

FILED
NOV 09 2009
NEW YORK
COUNTY CLERK'S OFFICE

Dated: NOV 05 2009                        HON. RICHARD B. LOWE, III
                                                                J.S.C.

Check one:   ☒ FINAL DISPOSITION        ☐ NON-FINAL DISPOSITION
Check if appropriate:         ☐ DO NOT POST

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 56
------------------------------------------------------------x
DAVID I. FERBER SEP IRA,
                              Petitioner,         Index No. 601251/09

FOR AN ORDER PURSUANT TO ARTICLE 75 OF
THE CPLR TO STAY ARBITRATION

                 -against-

GLOBEOP FINANCIAL SERVICES LLC,
                              Respondent.
------------------------------------------------------------x

FILED
NOV 09 2009
COUNTY CLERK'S OFFICE
NEW YORK

**Hon. Richard B. Lowe, III.:**

    Motion sequence numbers 001 and 002 are hereby consolidated for disposition.

    These motions arise out of a derivative action, entitled *David I. Ferber SEP IRA v Fairfield Greenwich Group, et al.*, which was commenced in this court (Index No. 600469/09), seeking compensation for losses suffered in the wake of the massive Ponzi scheme orchestrated by Bernard L. Madoff.[1]

    By petition, dated April 24, 2009, petitioner David I Ferber SEP IRA seeks an order and judgment staying the arbitration demanded by respondent GlobeOp Financial Services LLC (GlobeOp), and declaring said notice null and void (motion 001). GlobeOp opposes the petition and moves for an order compelling arbitration (motion 002).

## BACKGROUND

    In December 2008, non party Bernard L. Madoff admitted to government authorities that he had been running a multi-billion dollar Ponzi scheme through his firm, Bernard L. Madoff

---

[1] The underlying action was removed to the United States District Court for the Southern District of New York by one of the defendants; petitioner has filed a motion seeking remand of the action under 28 USC § 1447 (c).

Investment Securities, LLC (BMIS).

Petitioner commenced the underlying derivative action on behalf of nominal defendant Greenwich Sentry, L.P., a Delaware limited partnership (the Fund) against various defendants, including GlobeOp. GlobeOp, pursuant to an agreement with the Fund, entitled "Administrative Services Agreement," dated May 1, 2006 (the Agreement), was the administrator of the Fund. According to petitioner, GlobeOp invested all or almost all of the Fund's assets with Madoff and BMIS, and all or nearly all of those assets are believed to have been lost. Petitioner asserts various claims in contract and tort against GlobeOp, as administrator of the Fund, in connection with the investment of the Fund's assets with Madoff and BMIS, including allegations that GlobeOp breached fiduciary duties owed to the Fund.

In April 2009, GlobeOp served a Notice of Intention to Arbitrate, pursuant to CPLR 7503, upon petitioner. It is GlobeOp's position that petitioner's claims are subject to arbitration pursuant to an arbitration provision contained in article 23 of the Agreement. That provision provides for arbitration of any dispute that "arises out of or relates to this Agreement, or the breach thereof." That same provision provides that the arbitration proceedings and resolution shall be held confidential. Article 22 provides that the Agreement shall be governed by and construed in accordance with the laws of the State of New York. Article 27 provides for severability of the Agreement in the event that any provision of the Agreement is or becomes invalid, illegal or unenforceable.

GlobeOp maintains that petitioner is bound by the arbitration provision in the Agreement because all of petitioner's claims against GlobeOp are derivative in nature.

## DISCUSSION

Petitioner contends that GlobeOp's motion to compel arbitration should be denied because: (1) petitioner did not sign the Agreement and therefore cannot be bound by the arbitration provision contained therein; (2) GlobeOp has not demonstrated that the arbitration provision in the Agreement applies to the claims asserted in the underlying action; and (3) arbitration of petitioner's claims would violate public policy.

Petitioner's contention that it should not be bound to arbitrate its claims against GlobeOp because it is not a signatory to the Agreement is without merit. Although petitioner did not personally sign the Agreement, its claims are derivative in nature. As a derivative plaintiff who purports to assert claims against GlobeOp on behalf of the Fund, petitioner is considered a representative of the Fund, bound by the arbitration provision between the Fund and GlobeOp. Petitioner stands in the shoes of the entity on behalf of which it is suing, i.e., the Fund, and, hence is subject to, and bound by, the arbitration provision that bound the Fund (*see In re Salomon Inc. Shareholders' Derivative Litigation*, 1994 WL 533595, 1994 US Dist LEXIS 13874 [SD NY 1994]; *see also Frederick v First Union Securities, Inc.*, 100 Cal App 4th 694, 701-702 [Cal Ct App 2002]). As such, since the Fund was a signatory to the Agreement, petitioner is bound by the arbitration clause contained therein.

Here, the arbitration provision is broad. By its terms, the arbitration clause applies to any dispute that "arises out of or relates to" the Agreements or the breach thereof. The thrust of the allegations that petitioner makes against GlobeOp is that it failed to perform its duties as administrator to the Fund in a reasonable manner. The allegations clearly arise out of and relate to the Agreement, and therefore are within the realm of the arbitration provision. This is so

regardless of whether the claims are pled as a breach of contract or as a tort (*see Szabados v Pepsi-Cola Bottling Co. of New York, Inc.*, 174 AD2d 342, 343 [1st Dept 1991]; *see also Poly-Pak Industries, Inc. v Collegiate Stores Corp.*, 269 AD2d 130 (1st Dept 2000]).

Petitioner maintains that - even assuming that the arbitration provision in the Agreement is broad enough to encompass its claims, and that the arbitration provision is enforceable notwithstanding the fact that petitioner was not a signatory to the Agreement - compelling it to arbitrate its claims would violate public policy.

First, petitioner maintains that, since the Fund is organized in Delaware, the law of that state applies. Petitioner further argues that, under controlling law of Delaware, one cannot be compelled to arbitrate claims for breach of fiduciary duty absent a clear expression that the underlying agreement mandates arbitration of such claims (*Parfi Holding AB v Mirror Image Internet, Inc.*, 817 A2d 149 [Del Supr 2002]). Petitioner asserts that, since the arbitration provision does not clearly express that a breach of fiduciary duty claim is within its realm, it cannot be compelled to arbitrate the breach of fiduciary duty claims.

While Delaware law might be applicable to a case involving corporate governance (*see Hart v General Motors Corp.*, 129 AD2d 179 [1st Dept 1987]), this is not such a case. As such, New York choice of law applies here. Applying the "interest analysis" test (*see Schultz v Boy Scouts of America, Inc.*, 65 NY2d 189, 196-197 [1985]), the court concludes that New York state law applies here since, among other things: (a) both the Fund and GlobeOp have principal places of business in New York; (b) most of the administrative services that GlobeOp rendered were provided in New York; and (c) Madoff's scheme was perpetrated in New York.

In New York, courts look to the plain language of the arbitration clause at issue to

4

determine whether a dispute is arbitrable. Where, as here, the language of the arbitration clause is broad, the arbitration will be found to be required for all disputes logically connected with the agreement containing the arbitration clause (*see e.g., Nationwide Gen. Ins. Co. v Investors Ins. Co. of America*, 37 NY2d 91, 96 [1975]; *Blum Folding Paper Box Co. v Friedlander*, 27 NY2d 35, 38 [1970]). As such, the court rejects petitioner's claim that the breach of fiduciary duty claims asserted in the underlying action are not encompassed within the realm of the arbitration provision in the Agreement.[2]

Second, petitioner argues that, since the arbitration provision features a confidentiality provision, requiring that "any and all resolution or arbitration procedure(s), and any findings or results shall be held strictly confidential," the mandated secrecy fundamentally conflicts with statutory law and public policy governing the resolution of derivative litigation. According to petitioner, application of this confidentiality provision would run counter to the public policy in favor of full disclosure of derivative litigation. What petitioner, however, overlooks is the fact that the Agreement contains a severability clause that provides that "[i]f any provision of this Agreement is or becomes invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not be affected thereby." Under New York law, a decision to sever unenforceable provisions from an agreement that would otherwise prevent arbitration, as a matter of public policy, "is consistent with the United States Supreme Court's position favoring arbitration" (*see Brady v Williams Capital Group,*

---

[2] Even if Delaware law were applicable, based on the facts of this case, it is unlikely that petitioner's reliance upon *Parfi Holding AB* is appropriate here or would support the conclusion it urges (*see King v Massey Knakal Realty Holdings LLC*, 24 Misc 3d 1242[A], 2009 NY Slip Op 5185[U] [Supreme Ct, Kings County 2009, Demarest, J]).

5

L.P., 64 AD3d 127 [1ˢᵗ Dept 2009]). Thus, even if petitioner adequately established that it would violate public policy for a court to honor the confidentiality provision, such a finding would not render the entire arbitration provision void.

However, regardless of the severability claim, the court rejects petitioner's generalized argument claim that the confidentiality provision in the arbitration provision violates public policy (see Guyden v Aetna, Inc., 544 F3d 376, 385 [2d Cir 2008] [Court rejected claim that confidentiality of arbitration in context of "whistleblower" claim under the Sarbanes-Oxley Act violated public policy favoring open disclosure]). As the Second Circuit explained in Guyden:

> "We agree, however, with the Fifth Circuit's observation that confidentiality clauses are so common in the arbitration context that Guyden's "attack on the confidentiality provision is, in part, an attack on the character of arbitration itself. Iberia Credit Bureau, Inc. v Cingular Wireless LLC, 379 F 3d 159, 175 (5th Cir 2004). The Supreme Court has warned against '[s]uch generalized attacks on arbitration,' because they 'rest on suspicion of arbitration as a method of weakening the protections afforded in the substantive law to would-be complainants' and consequently are 'far out of step with our current strong endorsement of the federal statutes favoring this method of resolving disputes.' Gilmer v Interstate/Johnson Lane Corp., 500 US 20, 30 (1991) (internal quotation marks and alterations omitted). Because confidentiality is a paradigmatic aspect of arbitration, our determination that SOX whistleblower claims are arbitrable precludes Guyden's challenge to the privacy of the resulting arbitration."

The same rationale holds true here. The court thus rejects petitioner's argument that the confidentiality provision violates public policy.

## **CONCLUSION**

It is ORDERED that the application by petitioner David I. Ferber SEP IRA to stay the subject arbitration is denied in all respects, and the petition is dismissed, with costs and disbursements to respondent; and it is further

ORDERED that the motion by respondent GlobeOp Financial Services LLC to compel

arbitration is granted; and it is further

ORDERED that parties are directed to proceed to arbitration and to serve a copy of this decision and order upon the arbitral tribunal.

Dated: November 5, 2009

ENTER:

_____
J.S.C.

HON. RICHARD B. LOWE, III

FILED
NOV 09 2009
NEW YORK
COUNTY CLERK'S OFFICE