UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ANWAR, et al.,                                          MASTER FILE NO.
                                                        09-CV-0118 (VM)
Plaintiffs,

               -against-

FAIRFIELD GREENWICH LIMITED, et al.,

Defendants.

This Document Relates To:  All Actions
---------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS IAN PILGRIM AND CITCO FUND SERVICES (BERMUDA) LIMITED'S MOTION TO DISMISS THE SECOND CONSOLIDATED AMENDED COMPLAINT

**GILBRIDE, HELLER & BROWN, P.A.**
Lewis N. Brown
Amanda M. McGovern
One Biscayne Tower, 15th Floor
2 South Biscayne Blvd.
Miami, FL  33131
T:  305.358.3580
F:  305.374.1756
lbrown@ghblaw.com
amcgovern@ghblaw.com

**CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP**
Eliot Lauer (EL 5590)
Michael Moscato (MM 6321)
101 Park Avenue
New York, NY  10178
T:  212.696.6000
F:  212.697.1559
elauer@curtis.com
mmoscato@curtis.com

*Attorneys for Ian Pilgrim and Citco Fund Services (Bermuda) Limited*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 3

ARGUMENT ................................................................................................................... 5

I.   The Claims Against Pilgrim Should Be Dismissed ................................................. 5

     A.   The Claims Related to the Domestic Funds Fail As a Matter of Law ................... 5

     B.   The SCAC Fails to State a Claim for Breach of Fiduciary Duty Against
          Pilgrim Under Bermuda and New York Law ........................................................ 5

          1.   Pilgrim Had No Fiduciary Duty to Plaintiffs .............................................. 6

               (a)   Pilgrim Had No Fiduciary Duty Under Bermuda Law .................. 7

               (b)   Pilgrim Had No Fiduciary Duty Under New York Law ................ 7

          2.   The SCAC Fails to Allege that Pilgrim Breached any  Fiduciary Duties ..... 8

          3.   The Breach of Fiduciary Duty Claim Against Pilgrim Is Time-Barred ........ 9

     C.   The Breach of Fiduciary Duty and Unjust Enrichment Claims Are Preempted
          by the Martin Act .............................................................................................. 10

     D.   The Breach of Fiduciary Duty and Unjust Enrichment Claims are Derivative ..... 10

     E.   The SCAC Fails to State a Claim for Unjust Enrichment Against Pilgrim .......... 11

II.  The Claims Against CFSB Should Be Dismissed ................................................. 12

     A.   The SCAC Fails to State a Claim for Breach of Fiduciary Duty Against
          CFSB ................................................................................................................ 12

          1.   CFSB is Not Liable for Pilgrim's and Francoeur's Actions as Directors
               of a Separate Corporation ......................................................................... 12

          2.   Neither Pilgrim Nor Francoeur Has Primary Liability ............................... 13

     B.   The SCAC Fails to State a Claim for Unjust Enrichment Against CFSB ............ 14

       1.     Plaintiffs Did Not Pay the Fees They Seek to Recover ............................... 14

       2.     Existing Contracts Govern the Fees Plaintiffs Seek to Recover ................. 14

   C.    The Breach of Fiduciary Duty and Unjust Enrichment Claims Are Derivative ............................................................................................................ 15

   D.    Any Other Purported Claims Against CFSB Should Be Dismissed ..................... 15

CONCLUSION ....................................................................................................................... 17

# TABLE OF AUTHORITIES

**Case(s)**  **Page(s)**

*A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*,
   No. 97 Civ. 4978 (LMM), 1999 WL 47223 (S.D.N.Y. Feb. 3, 1999) ...................................... 7

*Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n*,
   731 F.2d 112 (2d Cir. 1984)........................................................................................... 9

*ABF Capital Mgmt. v. Askin Capital Mgmt.*,
   957 F. Supp. 1308 (S.D.N.Y. 1997)............................................................................... 15

*Am. Fin. Int'l Group-Asia, L.L.C. v. Bennett*,
   No. 05 Civ. 8988 (GEL), 2007 WL 1732427 (S.D.N.Y. June 14, 2007) ......................... 11, 14

*Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.*,
   No. 03 Civ. 1537 (MBM), 2003 WL 23018888 (S.D.N.Y. Dec. 22, 2003),
   aff'd, 110 F. App'x 191 (2d Cir. 2004)......................................................................... 15

*Bazak Int'l Corp. v. Tarrant Apparel Group*,
   347 F. Supp. 2d 1 (S.D.N.Y. 2004)............................................................................ 11, 14

*BBS Norwalk One, Inc. v. Raccolta, Inc.*,
   60 F. Supp. 2d 123, 129 (S.D.N.Y. 1999) ...................................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................... 9

*Beth Isr. Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J., Inc.*,
   448 F.3d 573 (2d Cir. 2006).......................................................................................... 14

*Ciccone v. Hersh*,
   530 F. Supp. 574 (S.D.N.Y. 2008)............................................................................. 9, 10

*Ciccone v. Hersh*,
   320 F. App'x 48 (2d Cir. 2009) .................................................................................. 9, 10

*City of Yonkers v. Otis Elevator Co.*,
   844 F.2d 42 (2d Cir. 1988)............................................................................................ 14

*EBC I, Inc. v. Goldman, Sachs & Co.*,
   5 N.Y.3d 11 (2005) ....................................................................................................... 14

*Galef v. Alexander*,
   615 F.2d 51 (2d Cir. 1980)............................................................................................. 6

*Goldman v. Metro. Life Ins. Co.*,
  5 N.Y.3d 561 (2005) ................................................................................ 14

*Harsco Corp. v Segui*,
  91 F.3d 337 (2d Cir. 1996) ................................................................. 13-14

*In re Alstom SA Sec. Litig.*,
  406 F. Supp. 2d 402 (S.D.N.Y. 2005) ...................................................... 4

*In re Global Crossing, Ltd. Sec. Litig.*,
  No. 02 Civ. 910 (GEL), 2005 WL 1881514 (S.D.N.Y. Aug. 5, 2005) ............... 12, 13

*In re Global Crossing, Ltd. Sec. Litig.*,
  No. 02 Civ. 910 (GEL), 2005 WL 2990646 (S.D.N.Y. Nov. 7, 2005) .................. 13

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,
  62 F.3d 69 (2d Cir. 1995) .......................................................................... 4

*MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*,
  157 F.3d 956 (2d Cir. 1998) ..................................................................... 14

*Manley v. AmBase Corp.*,
  126 F. Supp. 2d 743 (S.D.N.Y. 2001) ...................................................... 5

*Moscato v. TIE Techs., Inc.*,
  No. 04 Civ. 2487 (GBD), 2005 WL 146806 (S.D.N.Y. Jan. 21, 2005) .................. 9

*Renner v. Chase Manhattan Bank*,
  No. 98 Civ. 926 (CSH), 2000 WL 781081 (S.D.N.Y. June 16, 2000),
  *aff'd*, 85 F. App'x 782 (2d Cir. 2004) ...................................................... 8

*Savino v. Lloyds TSB Bank, PLC*,
  499 F. Supp. 2d 306 (W.D.N.Y. 2007) ................................................. 9, 10

*Seybold v. Groenink*,
  No. 06 Civ. 722 (DLC), 2007 WL 737502 (S.D.N.Y. Mar. 12, 2007) .................. 6

*Thermal Imaging, Inc. v. Sandgrain Sec.*,
  *Inc.*, 158 F. Supp. 2d 335 (S.D.N.Y. 2001) ......................................... 7, 8

*Trivedi v. Golub*,
  46 A.D.3d 542 (2d Dep't 2007) ............................................................. 13

*United States v. Peoples Benefit Life Ins. Co.*,
  271 F.3d 411 (2d Cir. 2001) ................................................................... 11

*Vasile v. Dean Witter Reynolds Inc.*,
 20 F. Supp. 2d 465 (E.D.N.Y. 1998) ...................................................................... 9

*Walton v. Morgan Stanley & Co. Inc.*,
 623 F.2d 796 (2d Cir. 1980) ................................................................................... 6

*Weis Sec., Inc. v. Redington*,
 605 F.2d 590 (2d Cir. 1978),
 cert. denied, 439 U.S. 1128 (1978) ...................................................................... 11

*Weiss v. TD Waterhouse*,
 45 A.D.3d 763 (2d Dep't 2007) .............................................................................. 9

*Winn ex rel. Scottish RE Group Ltd. v. Schafer*,
 499 F. Supp. 2d 390 (S.D.N.Y. 2007) ................................................................... 6

**Statutes and Rules**                                                        **Page(s)**

Fed. R. Civ. P. 8(a) ....................................................................................................... 16

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 5

Local Rule 37.2 ........................................................................................................... 1, 5

N.Y. CPLR § 203(a) ................................................................................................. 5, 10

Martin Act ...................................................................................................................... 10

Defendants, Ian Pilgrim ("Pilgrim") and Citco Fund Services (Bermuda) Limited ("CFSB"), move to dismiss with prejudice the claims asserted against them in the Second Consolidated Amended Complaint ("SCAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Local Civil Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## PRELIMINARY STATEMENT

This case concerns the claims of shareholders in Fairfield Sentry Limited ("Fairfield Sentry") and Fairfield Sigma Limited ("Fairfield Sigma"), and limited partners in Greenwich Sentry, L.P. ("Greenwich Sentry") and Greenwich Sentry Partners, L.P. ("Greenwich Sentry Partners") (collectively, the "Fairfield Funds"). The Fairfield Funds invested almost exclusively with Bernard Madoff ("Madoff") and his securities firm, Bernard L. Madoff Investment Securities LLC ("BLMIS"). Plaintiffs allege that Madoff operated a Ponzi scheme for nearly twenty years, beginning in approximately 1990, and they seek to recover the investment losses incurred as a result of Madoff's fraud. Among a host of other Defendants, Plaintiffs have sued Pilgrim and his former employer, CFSB.

Plaintiffs allege that Pilgrim served as an outside director of Defendant Fairfield Greenwich (Bermuda) Limited ("FGBL"), a Bermuda company, from 2003-2005. During Pilgrim's tenure as a director, FGBL entered into a contract to serve as investment manager for Fairfield Sentry and Fairfield Sigma, both off-shore funds domiciled in the British Virgin Islands. While Pilgrim served as an outside director of FGBL, it had no contractual relationship with, and provided no services to, the domestic funds at issue in this case, *i.e.,* Greenwich Sentry and Greenwich Sentry Partners ("the Domestic Funds").

In the first of two counts against Pilgrim, Plaintiffs assert a novel and factually baseless claim of breach of fiduciary duty.  Plaintiffs essentially assert that Pilgrim, solely due to his role as a director of FGBL, owed a fiduciary duty to the shareholders of separate entities, *i.e.*, the Fairfield Funds.  As a matter of law, such an attenuated relationship cannot give rise to a fiduciary duty between the director of one company and the shareholders of separate corporate entities.  Further, even if a fiduciary relationship could be demonstrated (which it cannot), the SCAC is devoid of any factual allegations of conduct undertaken by Pilgrim, much less allegations that would support a finding of breach by Pilgrim.

Similarly, although Plaintiffs do not allege that Pilgrim received any fees for serving as a director of FGBL, they nonetheless in their unjust enrichment claim include him among "all Defendants" who allegedly "enriched themselves through the collection of fees for their services."  (SCAC ¶¶ 567, 569.)  Plaintiffs thus seek to recover fees for Pilgrim's service as a director of FGBL even though they do not allege that Plaintiffs, the Fairfield Funds, or FGBL paid Pilgrim any fees.

Equally attenuated and baseless are the claims against CFSB.  Plaintiffs do not allege that CFSB served as an administrator, custodian, bank, or in any other capacity in relation to the Fairfield Funds, or that CFSB had any contact with the Plaintiffs.  Nor do Plaintiffs allege that any companies that carried out such functions did so as CFSB's agent.  Instead, CFSB's sole connection with this matter is that it employed Pilgrim and Brian Francoeur, another FGBL director and a defendant in this lawsuit.  Nevertheless, in direct violation of the most basic rules of pleading, Plaintiffs seek to sweep CFSB into numerous counts of the SCAC by improperly lumping it and several other separate corporate entities through the use of a term defined as "Citco."  The only specific claims asserted against CFSB, however, are breach of fiduciary duty

and unjust enrichment. The breach of fiduciary duty claim, which is asserted solely on the basis of respondeat superior, cannot survive because neither Pilgrim nor Francoeur committed the requisite underlying tort, and because CFSB is not liable for their actions as directors of a separate corporation. The unjust enrichment claim similarly fails because Plaintiffs did not pay the fees they seek to recover, existing contracts govern the fees Plaintiffs seek, and, in any event, such a claim is derivative.

For these reasons, and as discussed more fully below, all of the claims against Pilgrim and CFSB fail as a matter of law and should be dismissed.

**STATEMENT OF FACTS**

Fairfield Sentry was formed in 1990, and began investing with Madoff shortly thereafter. (SCAC ¶¶ 169-170.) Fairfield Sigma, a feeder fund for Fairfield Sentry, was launched in 1997, and sought to "obtain capital appreciation of its assets by [only] purchasing shares in Fairfield Sentry Limited." (*Id.* ¶ 171.)

In 2001, eleven years after Fairfield Sentry began investing with Madoff and four years after Fairfield Sigma began purchasing shares in Fairfield Sentry, CFSB hired Pilgrim. (*Id.* ¶¶ 161, 164, 560.) Plaintiffs do not allege any facts regarding the nature of Pilgrim's employment with CFSB during 2001 or 2002. In 2003, Pilgrim was appointed as an outside director for FGBL, a Bermuda corporation and the investment manager for Fairfield Sentry and Fairfield Sigma. (*Id.* ¶¶ 119, 161, 164.) In return for Pilgrim's services as a director, FGBL paid CFSB, also a Bermuda entity, a fee. (*Id.* ¶¶ 161, 563.) Plaintiffs allege that Pilgrim served as an outside director of FGBL only from 2003 to 2005. (*Id.* ¶ 164.) Plaintiffs do not allege facts identifying Pilgrim's duties or responsibilities as an outside director of FGBL, nor do they set forth any allegations that Pilgrim actually undertook a decision-making role for FGBL. Other than making

the conclusory assertion that CFSB was "legally responsible for the actions of Pilgrim and Francoeur," Plaintiffs do not allege that CFSB controlled or influenced either Pilgrim's or Francoeur's decisions as a director.  (*Id.* ¶ 164.)

During Pilgrim's limited tenure as an outside director of FGBL, its relationship with Fairfield Sentry and Fairfield Sigma was governed by the Investment Management Agreements (the "IM Agreements") entered into between FGBL and Fairfield Sentry and FGBL and Fairfield Sigma.[1]  The IM Agreements make clear that Bermuda law governs the parties' respective rights and obligations.  (Decl., Ex. A, at p. 8; Ex. B, at p. 9; Ex. C, at p. 7; Ex. D, p. 7.)  After Pilgrim left FGBL's board in 2005, FGBL became the General Partner of Greenwich Sentry and Greenwich Sentry Partners on March 1, 2006 and April 11, 2006, respectively.  (SCAC ¶ 119.)

The SCAC asserts two primary claims against Pilgrim and CFSB:  breach of fiduciary duty and unjust enrichment.  Count 32 alleges breach of fiduciary duty against Pilgrim based on his tenure as an outside director of FGBL, and against CFSB solely on the basis of respondeat superior.  (*Id.* ¶¶ 558-565.)  Count 33 asserts a claim against "all Defendants" for unjust enrichment based on "the collection of fees for their services."  (*Id.* ¶ 569.)  Plaintiffs also assert six other common law claims against "Citco," which the SCAC defines as comprising Citco Fund Services (Europe) B.V. ("CFSE"), The Citco Group Limited ("CGL"), Citco (Canada) Inc. ("CCI"), Citco Bank Nederland N.V. Dublin Branch ("CBN"), and Citco Global Custody N.V.

---

[1]    Pilgrim and CFSB cite to the operative IM Agreements dated July 1, 2003 and October 1, 2004.  These exhibits are attached as exhibits "A," "B," "C," and "D" to the Declaration of Amanda M. McGovern in support of this Memorandum, and are cited herein as (Decl., Ex. __, at p. __.)  Materials integral to the SCAC may be, and should be, considered in deciding Pilgrim and CFSB's motion to dismiss.  *See Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995); *see also In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 407-08 (S.D.N.Y. 2005) (a court should consider any documents the plaintiff possessed or knew about and relied upon in bringing suit).

("CGC"), separate corporate entities.[2]  Not a single one of these eight counts, however, states a claim upon which relief can be granted against Pilgrim or CFSB.

## ARGUMENT

**I.    The Claims Against Pilgrim Should Be Dismissed**

**A.    The Claims Related to the Domestic Funds Fail As a Matter of Law**

As a threshold matter, Pilgrim cannot be held liable for any claims asserted by investors in the Domestic Funds.  The SCAC confirms that FGBL did not become the General Partner of the Domestic Funds until 2006, *after* the termination of Pilgrim's role as a FGBL director.  (*Id.* ¶¶ 119, 164.)  It is axiomatic that Pilgrim's duties ceased after he no longer was a director of FGBL.  *See, e.g., Manley v. AmBase Corp.*, 126 F. Supp. 2d 743, 757 (S.D.N.Y. 2001) (the fiduciary duty owed to a corporation by an officer or director ceases to exist once an officer or director no longer occupies his or her position).  Accordingly, any claims against Pilgrim for breach of fiduciary duty and unjust enrichment asserted by investors in the Domestic Funds should be dismissed.

**B.    The SCAC Fails to State a Claim for Breach of Fiduciary Duty Against Pilgrim Under Bermuda and New York Law**

Although the breach of fiduciary duty claim against Pilgrim, as discussed below, should be analyzed under, and dismissed pursuant to, Bermuda law, the claim also fails under New York law.

---

[2]    The six additional counts asserted against "Citco" are: Third Party Beneficiary Breach of Contract against "Citco" (Count 20); Breach of Fiduciary Duty against "Citco" (Count 21); Gross Negligence against "Citco" (Count 22); Negligence against "Citco" (Count 23); Aiding and Abetting Breach of Fiduciary Duty against "Citco" (Count 24); and Aiding and Abetting Fraud against "Citco" (Count 25).

### 1.      **Pilgrim Had No Fiduciary Duty to Plaintiffs**

Plaintiffs assert a breach of fiduciary duty claim against Pilgrim predicated on his service as a director of FGBL.  New York's choice of law principles determine the governing law with respect to this claim.  *Walton v. Morgan Stanley & Co. Inc.*, 623 F.2d 796, 798 n.3 (2d Cir. 1980) (a federal court exercising diversity jurisdiction applies the choice of law rules of the state in which the court sits).

Because claims brought against officers or directors of a company (including questions as to the relationship between the corporation's shareholders and its directors) implicate the internal affairs of a business, they are governed by the law of the state of incorporation.  *Winn ex rel. Scottish RE Group Ltd. v. Schafer*, 499 F. Supp. 2d 390, 393 (S.D.N.Y. 2007) (citing *Galef v. Alexander*, 615 F.2d 51, 58 (2d Cir. 1980)); *accord Seybold v. Groenink*, No. 06 Civ. 722 (DLC), 2007 WL 737502, at *5 (S.D.N.Y. Mar. 12, 2007) (internal affairs doctrine applied to determine a shareholder's standing to bring a derivative suit against directors of a Dutch corporation); *see also BBS Norwalk One, Inc. v. Raccolta, Inc.*, 60 F. Supp. 2d 123, 129 (S.D.N.Y. 1999) (internal affairs doctrine recognizes that the state of incorporation has a superior interest in regulating directors' conduct).  It does not matter that the place of incorporation may not recognize a particular cause of action.  *Seybold,* 2007 WL 737502, at *6-7 (law of the incorporating jurisdiction of a foreign bank governed despite the fact that the law of the foreign jurisdiction would likely prevent the suit going forward).

FGBL is incorporated in Bermuda.  Bermuda law therefore controls whether Pilgrim, as a director of FGBL, owed a legal duty to Plaintiffs and can be held liable for their alleged damages.  Such a conclusion is also consistent with the IM Agreements between FGBL and Fairfield Sentry and FGBL and Fairfield Sigma, which expressly provide that Bermuda law

governs the rights and obligations of the parties.  (Decl., Ex. A, at p. 8; Ex. B, at p. 9; Ex. C, at p. 7; Ex. D, at p. 7.)

### (a)      Pilgrim Had No Fiduciary Duty Under Bermuda Law

Under Bermuda law, a director owes a fiduciary duty only to the company on whose board the director sits.  A director owes no fiduciary duty to the individual shareholders of that company or, as Plaintiffs claim here, to shareholders of a separate company.  The legal support for this principle under Bermuda law is fully set forth in the Affidavit of Rod S. Attride-Sterling, attached to the FG Defendants' Memorandum of Law in Support of Their Motion to Dismiss, which Pilgrim incorporates herein.  Plaintiffs' breach of fiduciary duty claim therefore cannot be sustained as a matter of Bermuda law.

### (b)      Pilgrim Had No Fiduciary Duty Under New York Law

Although Pilgrim's conduct should be analyzed under Bermuda law, even if this Court applied New York law, the result is still the same – Pilgrim owed no fiduciary duty to Plaintiffs. In order to state a claim for breach of fiduciary duty under New York law, a plaintiff must allege facts establishing that: (1) a fiduciary duty existed between the plaintiff and defendant; and (2) the defendant breached that duty.  *Thermal Imaging, Inc. v. Sandgrain Sec., Inc.*, 158 F. Supp. 2d 335, 343-44 (S.D.N.Y. 2001).  Thus, the threshold requirement for a breach of fiduciary duty claim is the existence of a fiduciary duty owed by the defendant to the plaintiff.  *See id.* at 343. Under New York law, Plaintiffs' breach of fiduciary duty claim against Pilgrim fails on that issue alone — Pilgrim did not owe a fiduciary duty to Plaintiffs.  *A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.*, No. 97 Civ. 4978 (LMM), 1999 WL 47223, at *6 (S.D.N.Y. Feb. 3, 1999) ("Under New York law there is no fiduciary duty owed to the investing public, or to the customers of a corporation by a controlling shareholder, officer, or director of a corporation.").

In determining whether a fiduciary duty exists, courts "focus on whether one person has reposed trust or confidence in another who thereby gains a resulting superiority or influence over the first." *Thermal Imaging, Inc.*, 158 F. Supp. 2d at 343. Even then, a fiduciary duty will arise only if the purported fiduciary voluntarily accepts the entrustment of confidence. *Id.*; *Renner v. Chase Manhattan Bank*, No. 98 Civ. 926 (CSH), 2000 WL 781081, at *20 (S.D.N.Y. June 16, 2000), *aff'd*, 85 F. App'x 782 (2d Cir. 2004).

The SCAC contains no allegation that any Plaintiff reposed trust in Pilgrim, that Pilgrim accepted that trust, that Plaintiffs depended and relied upon Pilgrim, or that Plaintiffs were even aware of his service as a director of FGBL. Instead, Plaintiffs allege only that Pilgrim was a director of FGBL, and that FGBL had certain responsibilities to the Fairfield Funds, including day-to-day management and monitoring of the investments. (SCAC ¶ 561.) Nor does the SCAC explain how, as an outside director, Pilgrim would have been in a fiduciary relationship with investors of wholly separate companies. In sum, because Pilgrim, as a director of FGBL, owed no fiduciary duty to shareholders of wholly separate companies, Plaintiffs' breach of fiduciary duty claim fails as a matter of law.

### 2. The SCAC Fails to Allege that Pilgrim Breached any Fiduciary Duties

Plaintiffs' breach of fiduciary duty claim against Pilgrim also fails because the SCAC does not allege he breached any such duty. Plaintiffs attempt to establish their breach of fiduciary duty claim by alleging that Pilgrim failed "to supervise the [Fairfield] Funds' managers and investments that were entrusted to Madoff" and failed to pursue various purported "red flags." (SCAC ¶ 562.) The SCAC does not, however, allege any facts to support that: (1) Pilgrim ever had such duties; (2) Pilgrim took any actions or made any decisions with respect to the Fairfield Funds that could be deemed a breach of fiduciary duty; (3) Pilgrim was involved in

the day-to-day management of FGBL; (4) Pilgrim was responsible for pursuing the purported "red flags;" or (5) Pilgrim was responsible for selecting and monitoring the Fairfield Funds' managers and investments. Plaintiffs' failure to allege any facts that Pilgrim breached a fiduciary duty to Plaintiffs is fatal to their claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (holding that conclusory allegations are insufficient to satisfy the pleading standards of Rule 8(a)); *Moscato v. TIE Techs., Inc.*, No. 04 Civ. 2487 (GBD), 2005 WL 146806, at *6 (S.D.N.Y. Jan. 21, 2005) (dismissing breach of fiduciary duty claim where the complaint failed to allege what fiduciary duty was owed and how it was breached).

### 3. The Breach of Fiduciary Duty Claim Against Pilgrim Is Time-Barred

Plaintiffs' breach of fiduciary duty claim against Pilgrim is barred by New York's three-year statute of limitations. Under New York law, the statute of limitations for breach of fiduciary duty is three years, where, as here, such claim either seeks monetary damages or is based on alleged negligent conduct. *Ciccone v. Hersh*, 320 F. App'x 48, 50 (2d Cir. 2009); *Savino v. Lloyds TSB Bank, PLC,* 499 F. Supp. 2d 306, 312 (W.D.N.Y. 2007); *Weiss v. TD Waterhouse*, 45 A.D.3d 763, 764 (2d Dep't 2007).

In Count 32, Plaintiffs seek monetary damages based on Pilgrim's alleged negligent, not fraudulent, conduct. (SCAC ¶ 565.) New York's three-year statutory limitation thus applies. *Ciccone v. Hersh*, 530 F. Supp. 574, 579 (S.D.N.Y. 2008), *aff'd*, 320 F. App'x 48 (2d Cir. 2009); *Savino,* 499 F. Supp. 2d at 312; *Weiss*, 45 A.D.3d at 764; *see also Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 486-87 (E.D.N.Y. 1998) (when negligence is the basis upon which the breach is alleged, a three-year statute of limitations applies) (citing *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n,* 731 F.2d 112, 120 (2d Cir. 1984)).

The time within which an action must be commenced "shall be computed from the time the cause of action accrued to the time the claim is interposed." N.Y. C.P.L.R. § 203(a). A claim for breach of fiduciary duty accrues, and the statute of limitations begins to run, upon the date of the alleged breach. *Ciccone*, 530 F. Supp. at 579; *Savino*, 499 F. Supp. 2d at 312.

From the face of the SCAC, Pilgrim's tenure as a director of FGBL ceased in 2005. (SCAC ¶ 164.) Any breach of fiduciary duty necessarily would have had to occur while Pilgrim was a director. A claim based on the alleged breach therefore accrued no later than December 2005. *Ciccone*, 530 F. Supp. 2d at 579. Since the Consolidated Amended Complaint (the "CAC") named Pilgrim as a defendant in this action for the first time on April 24, 2009, more than three years after the latest date for accrual, the statute of limitations has run. Plaintiffs' breach of fiduciary duty claim is thus time-barred.

### C. The Breach of Fiduciary Duty and Unjust Enrichment Claims Are Preempted by the Martin Act

For the reasons set forth in section II.C. of CBN and CGC's Memorandum of Law in Support of Their Motion to Dismiss, which is incorporated herein, Plaintiffs' breach of fiduciary duty and unjust enrichment claims against Pilgrim and CFSB are preempted under the Martin Act. Counts 32 and 33 should therefore be dismissed.

### D. The Breach of Fiduciary Duty and Unjust Enrichment Claims Are Derivative

Plaintiffs' breach of fiduciary duty and unjust enrichment claims are premised on allegations of injury suffered ***directly by the Fairfield Funds*** – *i.e.,* the loss of the Fairfield Funds' assets as a direct result of the Madoff Ponzi scheme. (SCAC ¶ 1.) Based on the grounds and authorities set forth in the FG Defendants' Memorandum of Law in Support of Their Motion to Dismiss, which argument and authority are incorporated herein, Plaintiffs' breach of fiduciary

duty and unjust enrichment claims are properly derivative. Counts 32 and 33 therefore should be dismissed.

**E.    The SCAC Fails to State a Claim for Unjust Enrichment Against Pilgrim**

The unjust enrichment claim against Pilgrim fails on several grounds. First, the SCAC contains no allegation that Pilgrim was paid any fees instead, the SCAC alleges that CFSB was to be paid for the services provided by Pilgrim. (*Id.* ¶¶ 161, 563.) Even then, CFSB was not paid by Plaintiffs or the Fairfield Funds, but by FGBL. (*Id.*) Because Plaintiffs have not alleged that Pilgrim was enriched at their expense, the unjust enrichment claim against him fails. *Bazak Int'l Corp. v. Tarrant Apparel Group*, 347 F. Supp. 2d 1, 4 (S.D.N.Y. 2004) ("A complaint does not state a cause of action in unjust enrichment if it fails to allege that defendant received something of value which belongs to the plaintiff."); *see also Am. Fin. Int'l Group-Asia, L.L.C. v. Bennett*, No. 05 Civ. 8988 (GEL), 2007 WL 1732427, at *3-4 (S.D.N.Y. June 14, 2007) (dismissing unjust enrichment claims against corporate officers for failing to allege how each corporate officer personally benefited from the alleged wrongdoing).

Second, as set forth in sections II.B.2, *infra*, Plaintiffs' unjust enrichment claim fails because the fees that Plaintiffs seek to recover are governed by valid agreements. Those agreements foreclose any claim to recover the fees that are the subject of those agreements.

Third, a constructive trust cannot be awarded because Plaintiffs seek to recover merely money damages, and no res has been identified on which a constructive trust can be imposed. *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 416 (2d Cir. 2001); *Weis Sec., Inc. v. Redington*, 605 F.2d 590, 597 (2d Cir. 1978) ("It is elementary . . . that before a constructive trust may arise, there must be a Res[,] a segregated fund or property, to which the trust can attach."), *cert. denied*, 439 U.S. 1128 (1978).

**II.     The Claims Against CFSB Should Be Dismissed**

    **A.     The SCAC Fails to State a Claim
for Breach of Fiduciary Duty Against CFSB**

Plaintiffs' attempt to impute Pilgrim's and Francoeur's alleged tortious conduct onto CFSB is based on a theory of respondeat superior. Yet Plaintiffs' respondeat superior theory fails for two reasons. First, an employer cannot be liable for an employee's actions where, as here, the employee is acting as an outside director of a separate corporation. Second, a corporation is not liable under respondeat superior where, as here, no liability can be imposed on the employee.

    **1.     CFSB is Not Liable for Pilgrim's and
Francoeur's Actions as Directors of a Separate Corporation**

Plaintiffs seek to hold CFSB liable for the acts or omissions of Pilgrim and Francoeur based solely on the allegation that CFSB appointed them to serve as FGBL directors. Yet this theory of liability has been expressly rejected. *See, e.g., In re Global Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910 (GEL), 2005 WL 1881514, at * 3-4, 9-11 (S.D.N.Y. Aug. 5, 2005).

In *In re Global Crossing, Ltd. Sec. Litig.*, the plaintiffs sued Microsoft Corporation and Softbank Corporation based, among other things, upon a theory of respondeat superior. *Id.* at *1. Plaintiffs' respondeat superior claim in that case was predicated on Microsoft and Softbank appointing their employees to serve on Asia Global Crossing Ltd.'s board of directors. *Id.* at *2. The court dismissed the respondeat superior claim, explaining that, when the Microsoft and Softbank employees were acting as directors of Asia Global Crossing Ltd., they had fiduciary duties to act on behalf of the shareholders of that company and not on behalf of the entities that appointed them. *Id.* Thus, the court reasoned, "when they acted as directors of [Asia Global Crossing Ltd.], they were not acting within the scope of their employment with Microsoft and

Softbank." *Id.* at *3. In addition, the court explained that "the mere fact that [the directors] held high positions with Microsoft and Softbank, and were appointed to the [Asia Global Crossing Ltd.] board by those corporations, cannot, standing alone, establish that they acted as agents, or acted under the control, of Microsoft and Softbank." *Id.* at *4. "Nor can it simply be alleged in conclusory fashion that they did so act." *Id.* Instead, "[c]oncrete factual allegations are necessary to establish agency and control." *Id.* This exact legal impediment precludes Plaintiffs' breach of fiduciary duty claim against CFSB.

Plaintiffs allege no facts that suggest that either Pilgrim or Francoeur acted as agents of CFSB during their tenure as FGBL directors. Rather, Plaintiffs simply make the conclusory allegation that Pilgrim and Francoeur served as directors of FGBL as part of their respective employment with CFSB, nothing more. (SCAC ¶ 161.) Such an allegation is insufficient to establish that either Pilgrim or Francoeur were CFSB's agents, or that they were acting within the scope of their employment with CFSB when they were serving as directors of FGBL, a separate company. *In re Global Crossing, Ltd. Sec. Litig.*, 2005 WL 1881514, at *3-4, *9-11; *In re Global Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910 (GEL), 2005 WL 2990646, at *5-6 (S.D.N.Y. Nov. 7, 2005).

## 2.      Neither Pilgrim Nor Francoeur Has Primary Liability

Plaintiffs' respondeat superior claim against CFSB should also be dismissed because the SCAC fails to state an underlying claim against either Pilgrim or Francoeur. It is well settled that "[i]n the absence of any wrongful or actionable underlying conduct [by an employee] there can be no imposition of vicarious liability against any alleged employer . . . pursuant to the doctrine of respondeat superior." *Trivedi v. Golub*, 46 A.D.3d 542, 543 (2d Dep't 2007); *see also Harsco Corp. v. Segui*, 91 F.3d 337, 349 (2d Cir. 1996) (affirming dismissal of respondeat

superior claims where there was no surviving underlying theory of liability).

**B.**     **The SCAC Fails to State a Claim for Unjust Enrichment Against CFSB**

Plaintiffs' unjust enrichment claim against CFSB fails as a matter of law for three reasons: (1) Plaintiffs have not alleged and cannot establish that they paid any fees to CFSB; (2) there exist valid and enforceable written contracts between FGBL and the Fairfield Funds governing the fees at issue, which negate Plaintiffs' unjust enrichment claim; and (3) Plaintiffs' unjust enrichment claim is derivative.

**1.**     **Plaintiffs Did Not Pay the Fees They Seek to Recover**

It is axiomatic that to establish a claim for unjust enrichment, a plaintiff must allege facts showing that the defendant was unjustly enriched at the plaintiffs' expense. *Bazak Int'l Corp.*, 347 F. Supp. 2d at 4; *Am. Fin. Int'l Group-Asia, L.L.C.*, 2007 WL 1732427, at *3-4. Because Plaintiffs do not allege that they paid any fees to CFSB, their unjust enrichment claim fails.

**2.**     **Existing Contracts Govern the Fees Plaintiffs Seek to Recover**

Under New York law, claims for unjust enrichment lie in quasi-contract, *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006), creating an obligation "in the absence of any agreement." *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005); *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 23 (2005). The existence of a valid and enforceable contract governing a particular subject matter precludes recovery in quasi-contract for events arising out of the same subject matter. *Beth Isr. Med. Ctr.*, 448 F.3d at 586; *see also MacDraw, Inc. v. CIT Group Equip. Fin., Inc.,* 157 F.3d 956, 964 (2d Cir. 1998). Thus, a claim for unjust enrichment is unavailable where, as here: (1) there is an express contract and (2) that contract covers the subject matter of the lawsuit. *See City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 48 (2d Cir. 1988).

Pursuant to the IM Agreements, FGBL was paid fees as the Investment Manager and in turn contracted to pay a fee to CFSB for Pilgrim's service as an FGBL director. Those are the same fees Plaintiffs seek to recover in their unjust enrichment claim. The fact that Plaintiffs are not signatories to those agreements is irrelevant. *Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.*, No. 03 Civ. 1537 (MBM), 2003 WL 23018888, at *17-18 (S.D.N.Y. Dec. 22, 2003) (contracts governing payments preclude unjust enrichment claims against even those whom plaintiffs did not personally contract), *aff'd*, 110 F. App'x 191 (2d Cir. 2004); *ABF Capital Mgmt. v. Askin Capital Mgmt.*, 957 F. Supp. 1308, 1333-34 (S.D.N.Y. 1997) (plaintiffs' own lack of a contract with the defendant does not provide a basis for creating a quasi-contractual cause of action, when the funds have an applicable contract). Plaintiffs' unjust enrichment claim should be dismissed based on the existence of written agreements governing the fees Plaintiffs seek to recover.

### C. The Breach of Fiduciary Duty and Unjust Enrichment Claims Are Derivative

Plaintiffs' breach of fiduciary duty and unjust enrichment claims against CFSB are premised on allegations of injury suffered ***directly by the Fairfield Funds*** – *i.e.,* the loss of the Fairfield Funds' assets. Based on the grounds and authorities set forth in the FG Defendants' Memorandum of Law in Support of Their Motion to Dismiss, which argument and authority are incorporated herein, Plaintiffs' breach of fiduciary duty and unjust enrichment claims against claims are properly derivative. Counts 32 and 33 therefore should be dismissed.

### D. Any Other Purported Claims Against CFSB Should Be Dismissed

In six additional claims, (Counts 20-25), Plaintiffs impermissibly lump CFSB with several other separate corporate entities through the use of the term "Citco." Plaintiffs' violation of Rule 8(a) of the Federal Rules of Civil Procedure not only constitutes a transparent attempt to

obscure the lack of any factual basis for their claims against CFSB, it also renders the SCAC unintelligible and unanswerable.

The absence of any allegations relating to CFSB's conduct is striking. Plaintiffs do not allege that CFSB: (i) had any relationship with the Fairfield Funds or Plaintiffs; (ii) provided any services to the Fairfield Funds or Plaintiffs; (iii) owed any duty to the Fairfield Funds or Plaintiffs; (iv) made any representations to the Fairfield Funds or Plaintiffs; (v) entered into any agreements with the Fairfield Funds or Plaintiffs; or (vi) participated in the alleged acts that led to Plaintiffs' claimed losses. Rather, Plaintiffs apparently seek to impute liability onto CFSB for the alleged acts of other separate and independent companies through an agency or piercing of the corporate veil theory. Simply put, the allegations in the SCAC support neither theory.

For the reasons set forth in CGL's, as well as CBN and CGC's respective Memoranda of Law in Support of Their Motions to Dismiss, which are incorporated herein, the allegations in the SCAC fail to state any claim against CFSB under an alter ego or agency theory of liability.

## CONCLUSION

For all these reasons – and given the ample opportunity Plaintiffs have had to formulate their extensive SCAC – Pilgrim and CFSB respectfully request that the Court dismiss all claims against them with prejudice.

Dated:  December 22, 2009

Respectfully submitted,

**GILBRIDE, HELLER & BROWN, P.A.**

/s/ Lewis N. Brown
Lewis N. Brown
Amanda M. McGovern
One Biscayne Tower, 15th Floor
2 South Biscayne Blvd.
Miami, FL  33131
T:  305.358.3580
F:  305.374.1756
lbrown@ghblaw.com
amcgovern@ghblaw.com

**CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP**
Eliot Lauer (EL 5590)
Michael Moscato (MM 6321)
101 Park Avenue
New York, NY  10178
T:  212.696.6000
F:  212.697.1559
elauer@curtis.com
mmoscato@curtis.com

*Attorneys for Ian Pilgrim and Citco Fund Services (Bermuda) Limited*