# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANWAR, et al.,                                       MASTER FILE NO.
                                                     09-CV-0118 (VM)
Plaintiffs,

-against-

FAIRFIELD GREENWICH LIMITED, et al.,

Defendants.

This Document Relates To:   All Actions
-----------------------------------------------------------------x

## DECLARATION OF ATTORNEY MICHEL DECKERS ON RELEVANT PRINCIPLES OF THE LAW OF THE NETHERLANDS

I, Michel Deckers, of Amsterdam, The Netherlands, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declare as follows:

## I.    BACKGROUND

1.    My name is Michel Deckers. I am a Dutch attorney admitted to the Bar in Amsterdam, The Netherlands. In connection with this case, I have been asked by Citco Bank Nederland N.V. Dublin Branch ("CBN") and Citco Global Custody N.V. ("CGC") to opine, based on the laws of The Netherlands and the terms of the operative custody agreements between CBN, CGC and Fairfield Sentry Limited ("Fairfield Sentry") and Fairfield Sigma Limited ("Fairfield Sigma"), whether the Plaintiffs are intended third-party beneficiaries to the custody agreements under Dutch law.

2.    I have been provided the following documents in order to assist me in analyzing the above issue:

   a. A copy of the Second Consolidated Amended Complaint dated September 29, 2009 in the matter of *Anwar v. Fairfield Greenwich Limited*, , Case No. 09-cv-118 (VM) ("SCAC"), pending in United States District Court for the Southern District of New York; and

   b. Copies of the July 3, 2006 custody agreement between Fairfield Sentry and CBN and CGC, and the August 12, 2003 custody agreement between Fairfield Sigma and CBN and CGC (collectively the "Custody Agreements").

3. This Declaration is submitted to assist the Court in determining whether Plaintiffs may be considered intended third-party beneficiaries to the Custody Agreements under Dutch law.

4. All statements of legal opinion herein represent my view of Dutch law as a practicing lawyer. All statements of fact herein are based upon the assumption that the facts alleged in the SCAC are true.

5. As discussed more fully below, it is my opinion, based on my interpretation of the law of The Netherlands, as applied to the Custody Agreements, that Plaintiffs are not intended third-party beneficiaries of the Custody Agreements and that Plaintiffs have no enforceable rights under the Custody Agreements.

## II. QUALIFICATIONS

6. I am a shareholder with the law firm of Boekel De Nerée N.V located at the following address: Gustav Mahlerplein 2, 1062 MA Amsterdam, PO Box 75510, 1070 AM Amsterdam, The Netherlands. I graduated from the University of Leiden, The Netherlands, and was admitted to the Amsterdam Bar in 1991. I became a partner of Boekel De Nerée N.V. in 2000. I maintain a practice as a commercial litigation lawyer and have given advice to clients in matters relating to corporate and commercial law.

7. I attach a copy of my résumé at Appendix 1 to this Declaration.

## III. UNDER THE LAWS OF THE NETHERLANDS, PLAINTIFFS ARE NOT THIRD-PARTY BENEFICIARIES TO THE CUSTODY AGREEMENTS

8. It is a fundamental principle of Dutch contract law that an agreement constitutes the rights and obligations between those entities that are party to the agreement. (Asser 4-I, *De verbintenis in het algemeen*, 12e druk, Hartkamp, 2004, p. 14.)

9. A contractual right or obligation to a third party can be established only if the agreement between the parties contains a specific clause to that effect and the third party has accepted this clause. (Article 6:253 of the Dutch Civil Code). Only by accepting this third-party clause, may the third party become a party to the agreement, and then the third party's rights extend only to those parts of the agreement that concern its position.

10. Under Dutch case law, the guiding principle to establish what obligations and rights are assigned to which parties under an agreement is the grammatical interpretation of the text of the agreement. (*As decided by the High Court of Cassation in its landmark judgment of 19 January 2007 in the case of Meyer Europe B.V. vs. PontMeyer B.V.*)

11. If the text of the agreement is ambiguous or leaves room for interpretation, the interpretation of the text may, under certain circumstances, be based on the meaning the parties to the agreement, in given circumstances, were allowed to reasonably attribute to the clauses and on the reciprocal expectations that the parties were reasonably allowed to have. (*As decided by the High Court of Cassation in its judgment of 13 March 1981 in the case of Ermes and Langerwerf vs. Haviltex B.V.*)

12. The interpretation a third party gives to a clause of the agreement therefore is not relevant. Rather, Dutch courts look to the parties' intentions.

13. In interpreting the text of an agreement, Dutch courts consider the relevant circumstances surrounding its formation. As in this case, the courts would consider the sophistication of the parties' involved (*i.e.,* sophisticated corporate parties versus natural persons) and whether the parties were represented by legal experts during the drafting of the Custody Agreements.

14. Dutch law is clear that where, as here, an agreement is entered into by sophisticated corporate parties assisted by legal experts, the clauses of the agreement should be interpreted in a grammatical manner.

15. I have reviewed the Custody Agreements in light of the current applicable Dutch law. Given the fact that all parties to the Custody Agreements are sophisticated corporate parties, which have most likely been assisted by legal experts, under Dutch law, the Custody Agreements will be interpreted according to their plain language. In my opinion, the Custody Agreements are unambiguous and they do not contain third-party clauses or any language that grants rights to third parties, either explicitly or implicitly. Therefore, Plaintiffs have no contractual right to any performance or omission by CBN or CGC.

16. In the absence of third-party clauses or any language in the Custody Agreements granting rights to third parties, I conclude that, according to Dutch law, Plaintiffs cannot derive any type of contractual right from the Custody Agreements.

## IV. CONCLUSION

17. In light of the law of The Netherlands discussed above, the text of the Custody Agreements and the allegations contained in the SCAC, it is my opinion that, under the law of The Netherlands, Plaintiffs are not intended third-party beneficiaries to the Custody Agreements and cannot derive any contractual rights therefrom.

I declare under penalty of perjury that the statements contained herein are true and correct to the best of my knowledge and belief.

Executed in Amsterdam, The Netherlands, on this December 20, 2009.

Michel Deckers

3

# APPENDIX 1 - QUALIFICATIONS

Name: Michel Deckers
Date of birth: 21 July 1962

Education

September 1980 – June 1988
Chinese Language and Culture at Leiden University, the Netherlands
September 1987 – April 1990
Civil law at Leiden University, the Netherlands

Profession

admitted to bar Amsterdam in 1991.
started career as lawyer in 1991 with Boekel De Nérée N.V. Amsterdam, the Netherlands, became partner in 2000 with Boekel De Nérée N.V. , Amsterdam, the Netherlands

Area of work

Michel heads the Corporate Litigation department and specializes in settling disputes between by means of consultation, mediation, arbitration or litigation. He is also an expert in insolvency la and advises on bankruptcy and moratorium matters, including corporate restructurings, liability of directors and officers and supervisory boards.