Lawrence P. Eagel (LE 4505)
Paul D. Wexler (PW 9340)
Jeffrey A. Carpenter
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Avenue, Suite 3040
New York, New York  10022
Tel: (212) 308-5858
eagel@bragarwexler.com

*Attorneys for Defendant*
*Lion Fairfield Capital Management Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |  |
|---|---|---|
| ANWAR, et al., | ) | ECF CASE |
|  | ) |  |
| Plaintiffs, | ) | Electronically Filed |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| FAIRFIELD GREENWICH LIMITED, et al., | ) | Master File No. 09-cv-118 (VM)(THK) |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

**DEFENDANT LION FAIRFIELD CAPITAL MANAGEMENT LIMITED'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

Preliminary Statement.......................................................................................1

The SCAC's Allegations Against LFCM .........................................................2

ARGUMENT ....................................................................................................3

POINT I: THE COURT DOES NOT HAVE SUBJECT MATTER
JURISDICTION OVER THE CLAIMS AGAINST LFCM ..................................3

A. No Plaintiff named in the SCAC has Standing
to Pursue Claims Against LFCM .............................................................3

POINT II: THE COURT DOES NOT HAVE PERSONAL
JURISDICTION OVER LFCM.........................................................................4

A. The Court Does Not Have General Jurisdiction
Over LFCM..............................................................................................5

B. The Court Does Not Have Long-Arm Jurisdiction
Over LFCM..............................................................................................7

1. Plaintiffs Have Not Alleged Any Conduct in New York ........8

2. Plaintiffs Have Not Alleged Facts Sufficient to Confer
Jurisdiction Pursuant to CPLR 302(a)(3)................................9

POINT III: THE SCAC FAILS TO STATE A CLAIM AGAINST LFCM .........10

A. The Complaint Violates Rules 8 and 9(b) of the
Federal Rules of Civil Procedure .........................................................11

1. The Complaint Does Not Provide LFCM with Fair
Notice of Plaintiffs' Claims as Required by Rule 8..............11

2. The Complaint Does Not Plead Any Claim Against
LFCM with Particularity as Required by Rule 9(b)..............13

3. The Complaint Lumps Defendants Together in
Violation of Both Rules 8 and 9(b).......................................14

4. There is No Basis to Ignore LFCM's Separate Existence .....16

B.  Plaintiff's State Law Claims Fail to State Claim for Relief ................ 18

    1.  The SCAC Does Not Allege a Claim for
        Negligent Misrepresentation ................................................. 18

    2.  The SCAC Does Not Allege a Claim for
        Gross Negligence ................................................................. 19

    3.  The SCAC Does Not Allege a Breach of
        Fiduciary Duty Claim .......................................................... 19

    4.  The SCAC Does Not Allege a Third-Party
        Breach of Contract Claim ..................................................... 20

    5.  There Are No Facts Pleaded to Establish the Right
        to a Constructive Trust ......................................................... 21

    6.  There Are No Facts Alleged to Support a Claim for
        Mutual Mistake .................................................................... 21

    7.  An Unjust Enrichment Claim Has Not Been Pled ................ 22

C.  Plaintiff's Claims are Preempted by the Martin Act and SLUSA ....... 22

    1.  The Martin Act Preempts Plaintiffs' Claims ........................ 22

    2.  SLUSA Preempts All of Plaintiffs' Claims .......................... 23

D.  The Negligent Misrepresentation and Gross Negligence Claims
    are Barred by the Economic Loss Rule ................................................ 23

E.  The Demand for Punitive Damages Must Be Dismissed .................... 24

POINT IV: THE SCAC CLAIMS AGAINST LFCM SHOULD BE
DISMISSED WITH PREJUDICE .......................................................... 24

CONCLUSION ................................................................................................. 25

# **TABLE OF AUTHORITIES**

**Cases**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*
___ F. Supp. 2d ___, No. 08 Civ. 7508, 2009 WL 2828018,
(S.D.N.Y. Sept. 2, 2009) ................................................................4, 20, 23

*Ahava Food Corp. v. Donnelly*
No. 02 Civ. 4344, 2002 WL 31757449 (S.D.N.Y. Dec. 9, 2002) ...................10

*Apex Digital, Inc. v. Sears Roebuck & Co.*
572 F.3d 440 (7th Cir. 2009) ...............................................................4

*Armouth Int'l, Inc. v. Haband Co.*
277 A.D.2d 189 (2d Dept. 2000) ..........................................................5

*Ashcroft v. Iqbal*
___ U.S. ___, 129 S.Ct. 1937 (2009) ...............................................10, 12

*Atuahene v. City of Hartford*
10 Fed.Appx. 33, No. 00-7711, 2001 WL 604802 (2d Cir. May 31, 2001) ............11, 15

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ....................................................10, 11, 12, 14, 15

*Bohn v. Bartels*
620 F. Supp. 2d 418 (S.D.N.Y. 2007) ......................................................5

*Bulk Oil (USA) Inc. v. Sun Oil Trading Co.*
584 F. Supp. 369 (S.D.N.Y. 1983) .......................................................10

*Brinkmann v. Adrian Carriers, Inc.*
29 A.D.3d 615 (2d Dept. 2006) ............................................................7

*Bumpus v. Runyon*
No. 93 Civ. 3264, 1997 WL 539924 (S.D.N.Y. Aug. 28, 1997) ......................3

*Carte v. Parkoff*
152 A.D.2d 615 (2d Dept. 1989) ..........................................................7

*Central Nat'l Bank, Canajoharie v. Purdy*
249 A.D.2d 825 (3d Dept. 1998) .........................................................17

*Chambers v. Time Warner, Inc.*
  282 F. 3d 147 (2d Cir. 2002)......................................................................10

*Charas v. Sand Technology Systems Int'l, Inc.*
  No. 09 Civ. 5638, 1992 WL 296406 (S.D.N.Y. Oct. 7, 1992) ......................18

*Cherny v. Emigrant Bank*
  604 F. Supp. 2d 605 (S.D.N.Y. 2009)(Marrero, J.) ......................................23

*Colonomos v. The Ritz-Carlton Hotel Co., LLC*
  No. 98 CV 2633, 2002 WL 732113 (S.D.N.Y. Apr. 25, 2002) ......................5

*Copp v. Ramirez*
  62 A.D.3d 23, 28 (1st Dept. 2009)..................................................................8

*CPC Int'l., Inc. v. McKesson Corp.*
  70 N.Y.2d 268 (1987) .....................................................................................22

*Cromer Finance Ltd. v. Berger*
  137 F. Supp. 2d 452 (S.D.N.Y. 2001)............................................................17

*Curley v. AMR Corp.*
  153 F.3d 5 (2d Cir. 1998)...............................................................................19

*CutCo Indus., Inc. v. Naughton*
  806 F.2d 361 (2d Cir. 1986).............................................................................8

*Dommert v. Raymond James Fin. Servs., Inc.*
  No. CIV A. 1:06-CV-102, 2007 WL 1018234 (E.D. Tex. Mar. 29, 2007) ...................23

*E & L Consulting, Ltd. v. Doman Indus. Ltd.*
  4672 F.3d 23 (2d Cir. 2006)............................................................................15

*East Hampton Union Free School Dist. v. Sandpebble Builders, Inc.*
  66 A.D.3d 122 (2d Dept. 2009) .....................................................................17

*Ellison v. American Image Motor Co., Inc.*
  36 F. Supp. 2d 628 (S.D.N.Y. 1999)..............................................................16

*Ferri v. Berkowitz*
  No. CV 09-182, 2009 WL 2731339 (E.D.N.Y. Aug. 25, 2009)......................5

*Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*
  66 N.Y.2d 38 (1985) .......................................................................................21

*Freeplay Music, Inc. v. Cox Radio, Inc.*
No. 08 Civ. 5238, 2005 WL 1500896 (S.D.N.Y. June 23, 2005)....................................6

*Fromer v. Yogel*
50 F. Supp. 2d 227 (S.D.N.Y. 1999)..............................................................................13

*George Reiner & Co, Inc. v. Schwartz*
41 N.Y.2d 648 (1977) ......................................................................................................8

*Gladstone Realtors v. Village of Bellwood*
441 U.S. 91 (1979)............................................................................................................3

*Glorioso v. Kawalek*
No. 95 Civ. 7923, 1996 WL 11786 (S.D.N.Y. Jan. 12, 1996)........................................10

*Gorat v. Capala Bros., Inc.*
585 F. Supp. 2d 372 (E.D.N.Y. 2008) ...........................................................................20

*Gould v. Board of Educ.*
81 N.Y.2d 446 (1993) ....................................................................................................21

*Gurfein v. Ameritrade, Inc.*
411 F. Supp. 2d 416 (S.D.N.Y. 2006).............................................................................15

*Hartford Fire Ins. Co. v. Federated Dept. Stores, Inc.*
723 F. Supp. 976 (S.D.N.Y. 1989)..................................................................................21

*Hudson River Club v. Consolidated Edison Co. of N.Y., Inc.*
275 A.D.3d 218 (1st Dept. 2000)....................................................................................19

*Huff v. Chandris SA*
No. 93 Civ. 6685, 1994 WL 414467 (S.D.N.Y. Aug. 8. 1994)(Sotomayor, J.) ..............5

*In re Air Cargo Shipping Services*
No. MD 06-1775, 2008 WL 5958061 (E.D.N.Y. Sept. 26, 2008)..................................15

*In re Bayou Hedge Funds Litigation*
472 F. Supp. 2d 528 (S.D.N.Y. 2007).............................................................................22

*In re Citigroup*
No. 08 Civ. 3095, 2009 WL 2914370 (S.D.N.Y. Sept. 11, 2009) ...................................4

*In re Currency Conversion Fee Antitrust Litig.*
265 F. Supp. 2d 385 (S.D.N.Y. 2003).............................................................................18

*In re Marsh & McLennan Companies, Inc.*
    501 F. Supp. 2d 452 (S.D.N.Y. 2006)............................................................13

*In re Stylesite Marketing, Inc.*
    253 B.R. 503 (Bankr. S.D.N.Y. 2000)..........................................................21

*Independent Order of Foresters v. Donaldson, Lufkin & Jenrette Inc.*
    919 F. Supp. 149 (S.D.N.Y. 1996).............................................................22

*Ingraham v. Carrol*
    90 N.Y.2d 592 (1997) ..................................................................................9

*Int'l Shoe Co. v. Washington*
    326 U.S. 310 (1945)...................................................................................10

*J.A.O. Acquisition Corp. v. Stavitsky*
    8 N.Y.3d 144 (2007) ..................................................................................19

*Johnson v. Ward*
    4 N.Y.3d 516, 519 (2005) .............................................................................8

*Kalin v. Xanboo, Inc.*
    526 F. Supp. 2d 392 (S.D.N.Y. 2007)...................................................16, 18

*Keeton v. Hustler Magazine, Inc.*
    465 U.S. 770 (1984).....................................................................................7

*Kehm Oil Co. v. Texaco, Inc.*
    537 F.3d 290 (3d Cir. 2008).........................................................................5

*Kowalski-Schmidt v. CLS Mortgage, Inc.*
    981 F. Supp. 105 (E.D.N.Y. 1997) ...............................................................5

*Lancaster v. Colonial*
    177 A.D.2d 152, 581 N.Y.S.2d 283 (1st Dept. 1992)....................................6

*Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*
    918 F.2d 1039 (2d Cir. 1990)........................................................................6

*Lane v. Capital Acquisition & Mgmt. Co.*
    No. 04-60602 CIV, 2006 WL 4590705 (S.D.Fla. Apr. 14, 2006) .................15

*Laufer v. Ostrow Motor Freight Line, Inc.*
    55 N.Y.2d 305 (1982) ...................................................................................6

*Lum. v. Bank of Am.*
  361 F.3d 217 (3d Cir. 2004) ........................................................................14

*Marie v. Altshuler*
  30 A.D.3d 271 (1st Dept. 2006) ....................................................................5

*Marmelstein v. Kehillat New Hempstead*
  45 A.D.3d 33 (1st Dept. 2007) .....................................................................20

*Medina v. Bauer*
  No. 02 Civ. 8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) ....................15

*Millennium Construction, LLC v. Loupolover*
  44 A.D.3d 1016 (2d Dept. 2007) ..................................................................17

*Morris v. New York State Dept. of Taxation and Finance*
  82 N.Y.2d 135 (1993) ............................................................................16, 17

*Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*
  No. 03 Civ. 0613, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) ....................17

*Orlando v. Novurania*
  162 F. Supp. 2d 220 (S.D.N.Y. 2001) ..........................................................23

*Overseas Medica, Inc. v. Skvortsov*
  407 F. Supp. 2d 563 (S.D.N.Y. 2006) ............................................................6

*Pacific Elec. Wire & Cable Co., Ltd. v. Set Top Int'l, Inc.*
  No. 03 Civ. 9623, 2005 WL 578916 (S.D.N.Y. Mar. 11, 2005) ...................13

*Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*
  933 F.2d 131 (2d Cir. 1991) .........................................................................17

*Phillips v. County of Alleghany*
  515 F.3d 224 (3d Cir. 2008) .........................................................................11

*Pitbull Productions, Inc. v. Universal Netmedia, Inc.*
  No. 07 Civ. 1784, 2008 WL 1700196 (S.D.N.Y. Apr. 4, 2008) .....................6

*Roberto's Fruit Mkt., Inc. v. Schaffer*
  13 F. Supp. 2d 390 (E.D.N.Y. 1998) ............................................................12

*Rocanova v. Equitable Life Assurance Society of United States*
  83 N.Y.2d 603 (1994) ...................................................................................24

*Rombach v. Chang*
  355 F.3d 164 (2d Cir. 2004).............................................................13

*Ronar, Inc. v. Wallace*
  649 F. Supp .310 (S.D.N.Y. 1986).................................................10

*Roussin v. AARP, Inc.*
  ___ F. Supp. 2d ___, No. 09 Civ. 0586, 2009 WL 3397401
  (S.D.N.Y. October 15, 2009)(Marrero, J.)....................................12

*Salahuddin v. Cuomo*
  861 F.2d 40 (2d Cir. 1988)............................................................12

*Sanyo Elec., Inc. v. Howard's Appliance Corp.*
  874 F.2d 88 (2d Cir. 1989)............................................................21

*Sharp v. Kosmalski*
  386 N.Y.S.2d 72 (1976).................................................................21

*Sun Micro Med. Techs. Corp. v. Passport Health Commc'ns, Inc.*
  No. 06 Civ. 2083, 2006 WL 3500702 (S.D.N.Y. Dec. 4, 2006).......8

*Tasini v. New York Times Co., Inc.*
  184 F. Supp. 2d 350 (S.D.N.Y. 2002)........................................3, 4

*Three Crown Limited Partnership v. Caxton Corp.*
  817 F. Supp. 1033 (S.D.N.Y. 1993)..............................................16

*Toner v. Allstate Ins. Co.*
  821 F. Supp. 276 (D. Del. 1993)....................................................14

*U.S. v Bestfoods*
  524 U.S. 51 (1998).................................................................16, 18

*U.S. v. Funds Held in the Name or for the Benefit of Wetterer*
  210 F.3d 96 (2d Cir. 2000).......................................................16, 17

*United States ex. rel. Garst v. Lockheed-Martin Corp.*
  328 F.3d 374 (7th Cir. 2003) .......................................................12

*William Wrigley Jr. Co. v. Waters*
  890 F.2d 594 (2d Cir. 1989)..........................................................16

*Winn v. Schafer*
  499 F. Supp. 2d 390 (S.D.N.Y. 2007)..............................................3

*Yucyco, Ltd. v. Republic of Slovenia*
  984 F. Supp. 209 (S.D.N.Y. 1997) ............................................................................15

## Statutes

28 U.S.C. § 1367 ............................................................................................................5

Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(b) ...............................................5

CPLR § 301 ...........................................................................................................5, 6, 10

CPLR § 302 ....................................................................................................................7, 10

CPLR § 302(a) ..................................................................................................................8

CPLR § 302(a)(1) .........................................................................................................7, 8

CPLR § 302(a)(2) .........................................................................................................8, 9

CPLR § 302(a)(3) .............................................................................................................9

CPLR § 302(a)(3)(i) .........................................................................................................9

CPLR § 302(a)(3)(ii) ........................................................................................................9

Fed. R. Civ. P. 8 ..........................................................................................1, 11, 12, 14, 15

Fed. R. Civ. P. 8(a) ...................................................................................................12, 15

Fed. R. Civ. P. 8(a)(2) ....................................................................................................11

Fed. R. Civ. P. 8(d)(1) ....................................................................................................11

Fed. R. Civ. P. 9(b) .........................................................................................11, 13, 14, 15

Fed. R. Civ. P. 12(b)(1) ................................................................................................1, 3

Fed. R. Civ. P. 12(b)(2) ...........................................................................................1, 8, 10

Fed. R. Civ. P. 12(b)(6) ..............................................................................................1, 10

Martin Act, N.Y. G.B.L. § 352, et seq. ..................................................................22, 23

Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1)(A), § 77p(b)(1) ....23

## <u>Other Authorities</u>

Restatement (Second) of Torts § 874.................................................................20

## Preliminary Statement

Defendant Lion Fairfield Capital Management Limited ("LFCM") respectfully submits this memorandum of law in support of its motion to dismiss the claims against LFCM in the Second Consolidated Amended Complaint ("SCAC")[1]: a) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; b) pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; and c) pursuant to Fed. R. Civ. P 12(b)(6), 8, 9(b) for failure to state a claim upon which relief can be granted.

The SCAC is remarkable in that it fails to tie LFCM to any act of wrongdoing, or any act at all in New York. Instead, it lumps LFCM, a Singapore-based company, with domestic Fairfield Greenwich companies by labeling them all as the "Fairfield Defendants," as if that characterization could render each of those defendants liable for the conduct of each of the other defendants.

As shown below, the shortcomings of the SCAC are fatally defective. First, none of the plaintiffs are alleged to have suffered any injury by virtue of any act or omission by LFCM. As such, they have no Article III standing to assert these claims and this Court lacks subject matter jurisdiction over the claims against LFCM. (Point I, *infra*) Moreover, the SCAC fails to allege any facts at all which would empower this Court to entertain a lawsuit based upon New York State law against a company that has insufficient contacts with New York. As the Court lacks personal jurisdiction over LFCM, the SCAC should be dismissed on that ground as well. (Point II, *infra*)

Even if there were jurisdiction over LFCM, the SCAC's claims against LFCM should be dismissed. LFCM is not alleged to have engaged in any wrongdoing, done any business with any of the plaintiffs or even to have communicated with them on any subject. LFCM's sole

---

[1]     Plaintiffs filed the SCAC with the Court electronically on September 29, 2009 at Docket No. 273.

involvement with any of the claims in this case appears to be that it is 35% owned by one of the other defendants. As such, plaintiffs' claims are grounded entirely on the legally defective premise that LFCM can be liable for the alleged negligence or fiduciary breaches of its minority shareholder. Under fundamental principles of corporate law, LFCM cannot be held liable for the alleged improper acts of one of its shareholders. Even under the most liberal pleading standards, the SCAC's allegations against LFCM are not sufficient to state a cause of action against it. (Point III, *infra*).

### The SCAC's Allegations Against LFCM

Paragraph 123 of the SCAC is the only paragraph in the 200-page pleading that makes any specific reference to LFCM's conduct.[2] In that paragraph, plaintiffs allege that LFCM is incorporated under the laws of the Republic of Singapore and that it is 35% owned by "Fairfield Greenwich Group" and 65% by Lion Capital Management Limited and that it holds a capital markets services license issued by the Monetary Authority of Singapore. That paragraph also alleges that "LFCM is [Fairfield Greenwich Group's] hedge fund management and client servicing platform in Asia, and marketed shares of Fairfield Sentry to investors." The remainder of the 572-paragraph complaint simply lumps LFCM together with 16 other defendants without a hint of what acts LFCM itself is alleged to have committed or how it could possibly be linked to tort claims by plaintiffs, with whom LFCM never communicated and did no business with. The SCAC is a model of incoherence and implausibility, at least as it relates to an entity that is not even alleged to have performed any wrongful act in the United States or harmed any of the plaintiffs.

For these reasons, more fully discussed below, the SCAC should be dismissed.

---

[2] There are two other references in the SCAC to LFCM. Paragraph 130 identifies defendant Landsberger as a director of LFCM, and paragraph 150 includes LFCM as one of the "Fairfield Defendants." Neither paragraph alleges any facts about LFCM's conduct.

**ARGUMENT**

**POINT I**

**THE COURT DOES NOT HAVE SUBJECT MATTER
JURISDICTION OVER THE CLAIMS AGAINST LFCM**

An objection to standing is properly made on a Fed R. Civ. P. 12(b)(1) motion. *See Tasini v. New York Times Co., Inc.*, 184 F. Supp. 2d 350, 354 (S.D.N.Y. 2002). Rule 12(b)(1) provides for the dismissal of a claim when a federal court lacks subject matter jurisdiction. Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Winn v. Schafer*, 499 F. Supp. 2d 390, 394 (S.D.N.Y. 2007).

**A.     No Plaintiff named in the SCAC has Standing
         to Pursue Claims Against LFCM**

To establish standing, plaintiffs must allege that an actual "case or controversy" exists. This requires plaintiffs to show: (1) an injury in fact, (2) a causal nexus between the complained-of conduct and the injury, and (3) redressability of the injury. *Tasini*, 184 F. Supp. 2d at 355; *see also Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 99 (1979) ("In order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant."); *Bumpus v. Runyon*, No. 93 Civ. 3264, 1997 WL 539924, at *9 (S.D.N.Y. Aug. 28, 1997) ("At the core of the standing doctrine is the requirement that a plaintiff allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.") (quotations omitted).

The SCAC does not allege that even a single plaintiff had any relationship at all with LFCM. The SCAC does not allege a single communication between any plaintiff and LFCM. The SCAC does not allege any specific conduct by LFCM which harmed any plaintiff. Thus, the SCAC does not establish a causal nexus between any conduct of LFCM and injury to even a

single plaintiff and that fundamental defect is not cured simply by claiming class action status. *See*, *e.g.*, *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, ___ F. Supp. 2d ___, No. 08 Civ. 7508, 2009 WL 2828018, at *8-9 (S.D.N.Y. Sept. 2, 2009) (alleging a "single course of wrongful conduct" was insufficient to create standing where named plaintiffs did not actually purchase securities from defendant because it would allow putative class members, "to recover for injuries they did not actually sustain."); *In re Citigroup*, No. 08 Civ. 3095, 2009 WL 2914370, at *9 (S.D.N.Y. Sept. 11, 2009) (to establish standing "it is not sufficient to assert, without identifying the class members implicated and without any factual support, that there are class members who would have such a claim."); *Tasini*, 184 F. Supp. 2d at 355 ("[I]t is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings. Thus, [plaintiff] cannot establish standing simply by resting on conclusory allegations in the complaint. Instead, he must make some affirmative factual showing that he is entitled to have the court hear his case.") (internal citations and quotations omitted)

The SCAC states no basis for plaintiffs' standing to pursue claims against LFCM, and must be dismissed as to LFCM as a matter of constitutional law. *See Apex Digital, Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

## POINT II

## THE COURT DOES NOT HAVE PERSONAL
## JURISDICTION OVER LFCM

The SCAC asserts state law claims against LFCM as part of a group of 17 defendants that plaintiffs characterize as the "Fairfield Defendants." As best we can determine, the claims against the Fairfield Defendants are all state law claims: negligent misrepresentation (Counts 5 and 6), gross negligence (Count 7), breach of fiduciary duty (Count 8), breach of contract (Count 9), constructive trust (Count 10), mutual mistake (Count 11) and unjust enrichment (Count 33).

Plaintiffs base subject matter jurisdiction on the diversity provisions of the Class Action Fairness Act (28 U.S.C. § 1332(d)(2)(B)) and supplemental jurisdiction (28 U.S.C. § 1367). But even if there is subject matter jurisdiction, a plaintiff must still plead and prove that there is personal jurisdiction over a foreign defendant. *See Huff v. Chandris SA,* No. 93 Civ. 6685, 1994 WL 414467, at *4 (S.D.N.Y. Aug. 8, 1994) (Sotomayor, J.); *Colonomos v. The Ritz-Carlton Hotel Co., LLC*, No. 98 CV 2633, 2002 WL 732113, at *4 (S.D.N.Y. Apr. 25, 2002) (existence of supplemental jurisdiction is a separate inquiry from existence of personal jurisdiction). The district court looks to the law of the forum state to determine whether there is personal jurisdiction over the defendant. *Bohn v. Bartels*, 620 F. Supp. 2d 418, 425 (S.D.N.Y. 2007); *Ferri v. Berkowitz*, No. CV 09-182, 2009 WL 2731339, at *8 (E.D.N.Y Aug. 25, 2009); *Kowalski-Schmidt v. CLS Mortgage, Inc.*, 981 F. Supp. 105, 107-08 (E.D.N.Y. 1997); *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 299 (3d Cir. 2008).

It is well-settled that in response to this motion, plaintiffs must make a *prima facie* showing that the Court has personal jurisdiction over LFCM as permitted by New York law. *See, e.g., Marie v. Altshuler*, 30 A.D.3d 271, 272 (1st Dept. 2006); *Armouth Int'l Inc. v. Haband Co.*, 277 A.D.2d 189, 190-91 (2d Dept. 2000). The SCAC concedes that LFCM is a corporation organized under the laws of the Republic of Singapore, is licensed by the Monetary Authority of Singapore, and is located in Singapore. (SCAC ¶ 123) But the SCAC does not allege a factual predicate to support the assertion by this Court of personal jurisdiction over LFCM. As such, the SCAC must be dismissed.

### A.     The Court Does Not Have General Jurisdiction Over LFCM

To be sufficiently "present" in New York to be subject to general jurisdiction in the state under Section 301 of the Civil Practice Law and Rules ("CPLR"), an entity must conduct

business in the state that is "continuous, permanent, and substantial." *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990); *Pitbull Productions., Inc. v. Universal Netmedia, Inc.*, No. 07 Civ. 1784, 2008 WL 1700196, at *5 (S.D.N.Y. Apr. 4, 2008). New York courts have found the following "traditional indicia" determinative in deciding whether a foreign party is "doing business" in New York: "(1) the existence of an office in New York; (2) the solicitation of business in New York; (3) the existence of bank accounts or other property in New York; and (4) presence of employees of the foreign defendant in New York." *Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238, 2005 WL 1500896, at *3 (S.D.N.Y. June 23, 2005); *Landoil Resources Corp.*, 918 F. Supp. at 1043. This requirement is "stringent, because a defendant who is found to be doing business in New York in a permanent and continuous manner may be sued in New York on causes of action wholly unrelated to acts done in New York." *Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 567-68 (S.D.N.Y. 2006).

As shown in the accompanying affidavit of Wong Khong Chung, sworn to December 18, 2009, LFCM does not have an office or employees in New York, has no bank account here, does not regularly conduct business here, owns no property here, pays no state taxes here, does not ship goods into New York or provide services here, and does not derive substantial revenue from goods used or consumed or services rendered here. The SCAC does not allege to the contrary. Moreover, LFCM has not consented to be sued here and delivery of the summons was made in Singapore, not New York.

As the SCAC does not allege any purposeful conduct whatsoever by LFCM in New York, there can be no general jurisdiction under CPLR 301. *See Landoil Resources Corp.*, 918 F. Supp. at 1044; *Kehm Oil Co.*, 537 F.3d at 299; *Laufer v. Ostrow Motor Freight Line, Inc.,* 55 N.Y.2d 305, 313 (1982); *Lancaster v. Colonial*, 177 A.D.2d 152, 159, 581 N.Y.S.2d 283, 288

(1st Dept. 1992); *Brinkmann v. Adrian Carriers, Inc.*, 29 A.D.3d 615, 617 (2d Dept. 2006); *see also Carte v. Parkoff,* 152 A.D.2d 615, 615-16 (2d Dept. 1989) (concluding that plaintiffs had not met their burden of establishing personal jurisdiction over defendant pursuant to CPLR 302(a)(1)).

Nor does plaintiffs' allegation that LFCM is 35% owned by Fairfield Greenwich Group support the exercise of jurisdiction over LFCM, regardless of the New York contacts that Fairfield Greenwich Group, however defined, might have with this state. Even in the context of a wholly-owned subsidiary, jurisdiction over a parent corporation does not "automatically establish jurisdiction over a wholly owned subsidiary." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). Rather, "[e]ach defendant's contacts with the forum state must be assessed individually." *Id.* In this case, where LFCM is alleged to be only 35% owned by the Fairfield Greenwich Group, plaintiffs' pleading burden is even higher.

### B.       The Court Does Not Have Long-Arm Jurisdiction Over LFCM

The SCAC also fails to plead facts sufficient to warrant the exercise of long-arm jurisdiction over LFCM. CPLR 302 permits a court to exercise jurisdiction over a non-domiciliary as to causes of action arising from the following acts: (i) transacts business in New York or contracts to supply goods or services in New York; (ii) commits a tortious act in New York; (iii) commits a tortious act outside New York causing injury in New York, if the non-domiciliary "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered," in New York or "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce"; or (iv) owns, uses or possesses real property located in New York.

If the cause of action does not arise from one of the listed transactions, jurisdiction cannot be conferred. *See Johnson v. Ward*, 4 N.Y.3d 516, 519 (2005) ("We have recognized that a 'substantial relationship' must be established between a defendant's transactions in New York and a plaintiff's cause of action in order to satisfy the nexus requirement of the statute [CPLR 302(a)]."); *Copp v. Ramirez*, 62 A.D.3d 23, 28 (1st Dept. 2009) ("If either prong of [CPLR 302(a)] is not met jurisdiction cannot be conferred.")

Plaintiffs have not alleged facts sufficient to satisfy any of the criteria of CPLR 302(a) as to LFCM.

### 1.)     Plaintiffs Have Not Alleged Any Conduct in New York

The SCAC fails to allege any facts to support jurisdiction pursuant to CPLR 302(a)(1) or 302(a)(2) over LFCM. As the Court of Appeals has stated, before CPLR 302(a)(1) jurisdiction will attach to a non-resident defendant, "it is essential in each case that there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *George Reiner & Co, Inc., v. Schwartz*, 41 N.Y.2d 648, 651 (1977); *see also CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). In addition, for jurisdiction to attach under the CPLR 302(a)(1) transaction of business standard, the cause of action must *arise from* the transaction. *Id.; see also Johnson*, 4 N.Y.3d at 519; *Copp*, 62 A.D.3d at 28

Plaintiffs have failed to offer any allegations concerning any wrongdoing by LFCM in New York, nor have they alleged a cause of action that arises from any New York based act by LFCM. As the plaintiffs have failed to meet either prong of the transacting business test, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). *See Sun Micro Med. Techs. Corp. v. Passport Health Commc'ns, Inc.*, No. 06 Civ. 2083, 2006 WL 3500702, at *9 (S.D.N.Y.

Dec. 4, 2006) (*prima facie* case of jurisdiction under CPLR 302(a)(2) not established where the complaint does not allege that the defendant made any misrepresentations in New York).

**2.)**    **Plaintiffs Have Not Alleged Facts Sufficient to<br>Confer Jurisdiction Pursuant to CPLR 302(a)(3)**

CPLR 302(a)(3) may provide a basis for long-arm jurisdiction when a plaintiff has been injured in New York as a result of the defendant's out-of-state tortious act. More is required than just a tortious injury, however. Plaintiffs also must establish at least one of the additional contacts between LFCM and the State of New York as required in either CPLR 302(a)(3)(i) or (ii). The SCAC also fails to state any factual basis for this Court to assert long-arm jurisdiction over LFCM for any alleged out-of-state tortious acts pursuant to CPLR 302(a)(3).

First, to establish jurisdiction pursuant to CPLR 302(a)(3), there must have been a "tortious act without the state causing injury to person or property within the state." CPLR 302(a)(3). Here, plaintiffs do not allege any injury to a plaintiff in New York caused by LFCM. None of the plaintiffs are alleged to have done business with LFCM and the affidavit of Wong Khong Chung, submitted in support of the motion, shows that LFCM has never solicited, never communicated with, and never had business dealings with any of the plaintiffs in this action.

Any effort to assert jurisdiction pursuant to CPLR 302(a)(3)(i), which requires that the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state" fails because plaintiffs have failed to allege any conduct in New York whatsoever. "CPLR 302(a)(3)(i) necessitates some ongoing activity within New York State." *Ingraham v. Carrol,* 90 N.Y.2d 592, 597 (1997) (emphasis omitted).

Moreover, plaintiffs have failed to allege that LFCM "derives substantial revenue from interstate or international commerce" as is required by CPLR 302(a)(3)(ii). This inquiry must

9

focus on the income derived from interstate commerce by LFCM, and not on the revenues earned by some amorphous and ill-defined group of Fairfield Defendants.[3]   The SCAC neglects to allege that LFCM individually derived *any* revenue – let alone substantial revenue – from interstate or international commerce.  Absent such a showing, there can be no jurisdiction pursuant to CPLR 302(a)(3)(ii). *See, e.g.,  Glorioso v. Kawalek*, No. 95 Civ. 7923, 1996 WL 11786, at *4 (S.D.N.Y. Jan. 12, 1996); *Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 316-17 (S.D.N.Y. 1986) .  Accordingly, the complaint should be dismissed as against LFCM pursuant to Fed. R. Civ. P. 12(b)(2).[4]

## POINT III

### THE SCAC FAILS TO STATE A CLAIM AGAINST LFCM

On a motion to dismiss, the Court accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the plaintiff's favor.  *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002) (all reasonable inferences shall be drawn in plaintiff's favor). However, allegations that are no more than legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009).

In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face.  *See Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly,*

---

[3]         *See Bulk Oil (USA) Inc. v. Sun Oil Trading Co.,* 584 F. Supp. 36, 41 (S.D.N.Y. 1983); *see also Ahava Food Corp. v. Donnelly,* No. 02 Civ. 4344, 2002 WL 31757449, at *4 (S.D.N.Y. Dec. 9, 2002) ("In the absence of a prima facie showing that [the defendant's employer's] acts should be attributable to [the defendant], the only pertinent revenues are those earned by [the defendant] herself."). To hold otherwise "would produce the intolerable result that every officer or director of a major company accused of a tort outside the state could be subject to personal jurisdiction … without regard to the individual's own activities." *Id.* (alteration in original) (internal quotation marks omitted).

[4]         Had plaintiffs established personal jurisdiction over LFCM pursuant to CPLR 301 or 302, it would also be necessary to consider whether the exercise of jurisdiction comported with the due process clause of the United States Constitution.  *See Int'l Shoe  Co. v. Washington,* 326 U.S. 310 (1945). Because plaintiffs have failed to satisfy the CPLR's requirements, there is no need to reach the minimum contacts analysis of the due process clause.

550 U.S. 544, 570 (2007) ("*Twombly*")). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The highly conclusory claims against LFCM (based solely on the grouping of LFCM with other Fairfield Defendants), are completely unsupported by factual allegations and must be dismissed.

## A. The Complaint Violates Rules 8 and 9(b) of the Federal Rules of Civil Procedure

The SCAC is subject to both Rules 8 and 9(b) of the Federal Rules of Civil Procedure ("Rule 8" and "Rule 9(b)," respectively). Rule 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). Rule 9(b) requires that a complaint sounding in fraud or mistake be pled with particularity. *See* Fed. R. Civ. P. 9(b).

### 1.) The Complaint Does Not Provide LFCM with Fair Notice of Plaintiffs' Claims as Required by Rule 8

The "short and plain statement" required by Rule 8 must "give each defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34, No. 00-7711, 2001 WL 604802, at *1 (2d Cir. May 31, 2001); *see also Phillips v. County of Alleghany*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*). In *Twombly*, the Supreme Court elaborated on the pleading requirement of Rule 8, holding that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than label and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U. S. at 570 (quotations omitted). At a minimum, "[f]actual allegations must be enough to raise a right to relief above the speculative level." The Court explained that, in the end

a plaintiff must "nudge" his or her claims "across the line from conceivable to plausible in order to survive a motion to dismiss." *Twombly,* 550 U.S. at 570; s*ee also Ashcroft,* 129 S.Ct. at 1949.

To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roussin v. AARP, Inc.*, ___ F. Supp. 2d ___, No. 09 Civ. 0586, 2009 WL 3397402, at *2 (S.D.N.Y. Oct. 15, 2009) (Marrero, J.) ("[D]ismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face.")

Accordingly, complaints that are unduly lengthy or confusing are deficient under Rule 8. In the words of the Second Circuit, Rule 8 requires pleadings to be straightforward because, "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988); *see also U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Roberto's Fruit Mkt., Inc. v. Schaffer,* 13 F. Supp. 2d 390, 394-96 (E.D.N.Y. 1998) (forcing defendants to select relevant material from "mass of verbiage" in prolix pleading containing vague and incomprehensible allegations would "fly in the face of the very purposes for which Rule 8 exists.")

Here, even with a sprawling 204 pages with 572 paragraphs, the SCAC fails to apprise LFCM of what it allegedly did wrong. The SCAC makes only three references to LFCM, none of which describes any wrongful conduct on LFCM's part. Thereafter, the SCAC simply lumps LFCM with the so-called "Fairfield Defendants" without regard to whether LFCM did or could

12

have engaged in any of the conduct alleged in any particular paragraph, and alleges that the plaintiff class was thereby injured. These conclusory allegations, which the Court need not accept as true, merely state that the Fairfield Defendants breached some duties and refer the Court to the hundreds of paragraphs and dozens of pages to try to decipher what LFCM allegedly did wrong. Yet, none of the portions of the SCAC that supposedly describe defendants' wrongdoing mention LFCM at all – referring only to defendants other than LFCM or to the Fairfield Defendants collectively. (*See, e.g.,* SCAC ¶¶ 168-258). Thus, the SCAC fails completely to apprise LFCM of what role it supposedly played in the alleged wrongdoing. Neither the Court nor LFCM is obligated to "fish a gold coin from [this] bucket of mud," even if there were a gold coin to be found (which there is not).

### 2.) The Complaint Does Not Plead Any Claim Against LFCM with Particularity as Required by Rule 9(b)

The heightened pleading requirements of Rule 9(b) apply not only to causes of action directly alleging "fraud or mistake," but also to "all averments of fraud." *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). "This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Id.* Each cause of action that is asserted against LFCM clearly rests on an averment of fraud, which requires plaintiffs to plead the particularity required by Rule 9(b). *See, e.g.*, *Fromer v. Yogel*, 50 F. Supp. 2d 227, 243 (S.D.N.Y. 1999) (under New York law, negligent misrepresentation is classified as a "species" of fraud); *In re Marsh & McLennan Companies, Inc.*, 501 F. Supp. 2d 452, 495 (S.D.N.Y. 2006) ("Negligent misrepresentation claim must be pleaded with particularity pursuant to Rule 9(b)"); *Pacific Elec. Wire & Cable Co., Ltd. v, Set Top Int'l Inc.*, No. 03 Civ. 9623, 2005 WL 578916, at *15 (S.D.N.Y. Mar. 11, 2005) (breach of fiduciary duty claims that sound in fraud "must meet the

heightened pleading standard of Rule 9(b)"); *Toner v. Allstate Ins. Co.*, 821 F. Supp. 276, 283-85 (D. Del. 1993) (applying Rule 9(b) to claims for unjust enrichment and breach of the implied covenant of good faith and fair dealing).

Plaintiffs have not met their obligations under Rule 9(b). *See, e.g.*, *Lum v. Bank  of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (Rule 9(b) requires plaintiff to "inject[] precision and some measure of substantiation into their allegations of fraud" in order to place defendants on notice of the "precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.")  As discussed above, plaintiffs have not even provided LFCM with notice of what it is alleged to have done wrong under Rule 8 and, *a fortiori*, the SCAC fails to plead supporting facts with particularity as required by Rule 9(b).

### 3.) The Complaint Lumps Defendants Together in Violation of Both Rules 8 and 9(b)

In an attempt to cast an overly wide net and include additional defendants, plaintiffs resort to the legally impermissible tactic of "lumping" all defendants together throughout the SCAC – a tell-tale indication of a defective pleading.  Apparently relying solely on the fact that Fairfield Greenwich Limited owns a minority interest in LFCM, plaintiffs sweep LFCM into the broad category of Fairfield Defendants as if categorizing a group of defendants makes them all jointly and severally liable for each other's conduct.   Plainly, no complaint that does not allege any wrongful act by a defendant can meet the *Twombly* pleading standards.  This is especially true where there is no plaintiff who is alleged to have had any dealings with LFCM. Although the SCAC alleges a number of state law claims against LFCM, it does not plead a viable cause of action under any theory.

Courts routinely dismiss complaints that lump defendants together for pleading purposes, as the complaint does here.  Such pleading runs afoul of Rule 8 because it does not provide

notice of the claims asserted against each defendant. *See Atuahene*, 10 Fed.Appx. at 34 ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy this minimum standard [of Rule 8]…"); *Yucyco, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209, 220 (S.D.N.Y. 1997). ("Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint against multiple defendants indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants."); *Lane v. Capital Acquisition & Mgmt. Co.,* No 04-60602 CIV, 2006 WL 4590705, at *5 (S.D.Fla. Apr. 14, 2006) (dismissing complaint where it "fails to differentiate among defendants, alleging instead violations by a collective 'defendant'" because "the individual defendants cannot determine from the face of the Complaint which acts or omissions the Plaintiffs seek to hold each of them liable.") (citing *Atuahene*, 10 Fed.Appx. at 34); *Medina v. Bauer,* No. 02 Civ. 8837, 2004 WL 136636, at *6 (S.D.N.Y Jan. 27, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8. Specifically, the allegations fail to give adequate notice to these defendants as to what they did wrong."); *In re Air Cargo Shipping Services*, No. MD 06-1775, 2008 WL 5958061, at *8 (E.D.N.Y. Sept. 26, 2008) ("Implicit in [*Twombly*] is the notion that the rules do contemplate a statement of circumstances, occurrences, and events in support of the claim being presented. … Notice pleading requires at a minimum that the pleading give the opposing party notice of ... which of *its* actions gave rise to the claims upon which the complaint is based.") (quoting *E & L Consulting, Ltd. v. Doman Indus. Ltd.,* 472 F.3d 23, 32 (2d Cir. 2006)).

Furthermore, complaints that lump defendants also fail to satisfy the heightened pleading requirement set forth in Rule 9(b). *See Gurfein v. Ameritrade, Inc*., 411 F. Supp. 2d 416, 426-27

(S.D.N.Y. 2006); *Ellison v. American Image Motor Co., Inc.*, 36 F. Supp. 2d 628, 640-41

(S.D.N.Y. 1999); *Three Crown Limited Partnership v. Caxton Corp.*, 817 F. Supp. 1033, 1040

(S.D.N.Y. 1993).

### 4.)    There is No Basis To Ignore LFCM's Separate Existence

It is unclear whether the SCAC seeks to impose liability on LFCM for the actions of

other Fairfield Defendants based upon Fairfield Greenwich Limited's 35% shareholder interest

in LFCM.   To the extent that the SCAC seeks to advance such a theory, it is plainly defective.

Respect for the corporate form is a bedrock legal concept.  *See U.S.  v. Bestfoods*, 524 U.S. 51,

61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal

systems that a parent corporation … is not liable for the acts of its subsidiaries."); *U.S. v. Funds

Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir. 2000) ("Courts must

be extremely reluctant to disregard corporate form…") (citing *William Wrigley Jr. Co. v. Waters*,

890 F.2d 594, 600 (2d Cir.1989)); *Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 403 (S.D.N.Y.

2007) ("New York courts apply a presumption of separateness to corporations and are hesitant to

disregard the corporate form.")

Under certain circumstances, courts may "pierce the corporate veil" and impose liability

without regard to the corporate form.  However, New York law allows this only where "1) the

owner exercised complete domination over the corporation with respect to the transaction at

issue, and 2) such domination was used to commit a fraud or wrong that injured the party seeking

to pierce the veil."  *Kalin*, *supra*, at 403 (citations and quotations omitted); *see also Morris v.

New York State Dept. of Taxation and Finance,* 82 N.Y.2d 135, 141 (1993) (generally, "piercing

the corporate veil requires a showing that: (1) the owners exercised complete domination of the

corporation in respect to the transaction attacked; and (2) that such domination was used to

commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury"); *Wetterer, supra,* at 106 (courts should pierce the corporate veil "only when the corporation primarily transacts the business of the dominating interest rather than its own.") (citing *Passalacqua Builders Inc. v. Resnick Developers South Inc.*, 933 F.2d 131, 138 (2d Cir. 1991) (alter ego liability requires "complete control by the dominating [party] that leads to a wrong against third parties")); *East Hampton Union Free School Dist. v. Sandpebble Builders, Inc.*, 66 A.D.3d 122 (2d Dept. 2009) (a complaint that seeks to pierce the corporate veil must allege that the principal or sole owners used the corporate form to perpetuate fraud).

Here, LFCM is a separate corporate entity organized under the laws of the Republic of Singapore, that is owned 65% by Lion Global Investors Limited (formerly named Lion Capital Management Limited), one of the largest asset managers in Singapore and the region, and 35% by Fairfield Greenwich Limited, a corporation organized under Cayman Islands law.  (SCAC ¶123)  There is no allegation that Fairfield Greenwich Limited dominated and controlled LFCM, nor would it be plausible that a 35% shareholder would or could dominate and/or control the entire corporation.[5]  Moreover, there is nothing that ties the alleged wrongdoing – such as it is – with any abuse of the corporate form.  *See Morris*, *supra*, at 141-42 ("domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required") (citations omitted).  Thus, there is no allegation of failure to adhere to corporate formalities, commingling of assets or inadequate capitalizations.  *See Millennium Construction, LLC v.*

---

[5]      Plaintiffs' failure to state any claim against LFCM cannot be saved by their attempt to allege that LFCM was part of a de facto partnership with other defendants.  The SCAC's conclusory allegations that all of the Fairfield Defendants constitute a de facto partnership (SCAC ¶¶ 117, 176-180) are unsupported by any pleaded facts and utterly insufficient as a matter of law.  *Central Nat'l Bank, Canajoharie v. Purdy*, 249 A.D.2d 825, 826 (3d Dept. 1998); *Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*, No. 03 Civ.0613, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004).  Nor does the SCAC succeed in alleging a partnership by estoppel.  *See Cromer Finance Ltd. v. Berger*, 137 F. Supp. 2d 452, 488 (S.D.N.Y. 2001) (dismissing complaint that failed to plead elements of partnership by estoppel).

*Loupolover*, 44 A.D.3d 1016 (2d Dept. 2007). Plaintiffs have fallen far short of the showing required to sustain a veil-piercing theory, even under the standards of a motion to dismiss. *See In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 416 (S.D.N.Y.2003) ("[P]urely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard.")[6]

### B.     Plaintiffs' State Law Claims Fail to State Claim for Relief

As set forth below, plaintiffs have failed to plead any facts to support any direct claim against LFCM. Further, to the extent plaintiffs' claims against other Fairfield Greenwich defendants (with whom LFCM is lumped in the SCAC) arise out of a purported failure to uncover wrongdoing, there are no facts directed at LFCM to support such a claim, and in any event, those claims are derivative in nature and therefore cannot be asserted by plaintiffs directly. *See Charas v. Sand Technology Systems Int'l, Inc.*, No. 09 Civ. 5638, 1992 WL 296406, at *7 (S.D.N.Y. Oct. 7, 1992) (misuse of corporate assets, deprivation of corporate opportunities, and waste and mismanagement are "classic" derivative claims). As such, plaintiffs do not state a claim for relief against LFCM.

### 1.)     The SCAC Does Not Allege a Claim for Negligent Misrepresentation

The elements of a claim for negligent misrepresentation are: (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information.

---

[6]     While the SCAC identifies defendant Landsberger as a director of LFCM, the allegation is of no help to plaintiffs. The SCAC does not allege that Mr. Landsberger was acting on behalf of LFCM specifically at any time. As the Supreme Court has recognized, even in a case of a parent and wholly owned subsidiary, which is not the case here, it is "well established principle [of corporate law] that directors and officers holding positions with a parent and subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership." *U.S. v. Bestfoods*, 524 U.S. 51, 69 (1988). When an individual holds positions in two different companies his actions on behalf of one of the companies do not implicate the other. *Kalin v. Xanboo, Inc.*, 526 F. Supp. 392, 402 (S.D.N.Y. 2007) (a person can hold positions as a corporate officer, stockholder, and director in two companies, and yet be acting in only one of those two roles at any given moment).

*See J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007); *see also Hudson River Club v. Consolidated Edison Co. of N.Y., Inc.*, 275 A.D.2d 218, 220 (1st Dept. 2000) ("A claim for negligent misrepresentation can only stand where there is a special relationship of trust or confidence, which creates a duty for one party to impart correct information to another, the information given was false, and there was reasonable reliance upon the information given.")

There are no facts alleged in the SCAC to show a special relationship between any plaintiff and LFCM or that LFCM imparted any information to any plaintiff, much less false information, or that any plaintiff relied on anything that LFCM said or did not say.

### 2.)  The SCAC Does Not Allege a Claim for Gross Negligence

Under New York law, a *prima facie* case of negligence requires the plaintiff to show: "(1) the defendant owed the plaintiff a cognizable duty of care as a matter of law; (2) the defendant breached that duty; and (3) plaintiff suffered damage as a proximate result of that breach." *See Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998). To constitute gross negligence, "the act or omission must be of an aggravated character, as distinguished from the failure to exercise ordinary care." *Id.* That is, gross negligence "is conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing." *Id.*

Here, the SCAC does not allege any duty owed by LFCM to any plaintiff or any conduct that would amount to a breach of that duty.

### 3.)  The SCAC Does Not Allege a Breach of Fiduciary Duty Claim

It is impossible to discern from the SCAC any basis for the breach of fiduciary duty claim against LFCM. Plaintiffs lump LFCM with the other defendants and allege, without any factual basis, that "the Fairfield Defendants had substantial discretion and control over plaintiffs' assets in the Madoff feeder funds, the marketing of those Funds and communications to plaintiffs,"

which they claim creates a fiduciary duty to plaintiffs.  The balance of the claim describes

actions of other defendants, not LFCM.  These conclusory assertions are not supported by any

factual allegations describing how LFCM purportedly participated in any wrongdoing.

It is well-settled that one standing in a fiduciary relation with another is subject to

liability to the other for harm resulting from a breach of duty imposed by the relation.  *See*

Restatement (Second) of Torts § 874.  A fiduciary relation exists between two persons when one

of them is under a duty to act for or to give advice for the benefit of another upon matters within

the scope of the relation.  *Id.* cmt a.  Thus, to maintain a cause of action for breach of fiduciary

duty, the existence of a duty is essential.  *See Marmelstein v. Kehillat New Hempstead*, 45

A.D.3d 33, 36 (1st Dept. 2007); *see also  Gorat v. Capala Bros., Inc.*, 585 F. Supp. 2d 372, 376

(E.D.N.Y. 2008) ("A claim for breach of fiduciary duty must allege both the existence of a duty

based on a relationship of trust and confidence and breach of that duty.")

The SCAC does not allege any facts upon which a fiduciary duty would be owed by

LFCM to plaintiffs and no facts which constitute a breach, and as such this cause of action must

be dismissed.

### 4.)      The SCAC Does Not Allege a Third-Party Breach of Contract Claim

To plead a cause of action against LFCM for breach of contract as third-party

beneficiaries, plaintiffs must allege that they are the intended beneficiaries of a contract to which

LFCM is a party.  *See Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.,* ___ F. Supp.

2d ___, No. 08 Civ. 7508, 2009 WL 2828018, at *16 (S.D.N.Y. Sept. 2, 2009).  Under New

York law, for a third-party to be an intended beneficiary of a contract it must show either: (1) no

one other than the third-party can recover if the promisor breaches the contract, or (2) language

in the contract clearly evidencing an intent to permit enforcement by the third-party – *e.g.,* fixing

a rate at which the third-party can obtain goods or services. *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 45 (1985).

The SCAC does not plead facts as to any agreement to which LFCM is a party, let alone facts sufficient to plead that any plaintiff was ever an intended beneficiary of any contract to which LFCM was a party. Thus, plaintiffs' claim against LFCM for third-party beneficiary breach of contract must be dismissed.

### 5.) There Are No Facts Pleaded to Establish the Right to a Constructive Trust

A constructive trust is an equitable remedy "designed to prevent unjust enrichment, and restore legal title to one who, in equity, owns the *res.*" *In re Stylesite Marketing, Inc.*, 253 B.R. 503, 508 (Bankr. S.D.N.Y 2000). The right to impose a constructive trust is determined by state law. *See Sanyo Elec., Inc. v. Howard's Appliance Corp.*, 874 F.2d 88, 93-94 (2d Cir. 1989).

Under New York law, a constructive trust requires proof of (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance on the promise, and (4) unjust enrichment. *See In re Stylesite Marketing, Inc.,* 253 B.R. 503, 508 (Bankr. S.D.N.Y 2000); *Sharp v. Kosmalski*, 386 N.Y.S.2d 72, 75 (1976). Here, the SCAC does not plead any of the required elements of a constructive trust – no duty, no promise, and no transfer.

### 6.) <u>There Are No Facts Alleged to Support a Claim for Mutual Mistake</u>

The SCAC similarly fails to state a claim for mutual mistake and rescission. Under well-settled law, a mutual mistake "must exist at the time the contract is entered into and it must be substantial." *Gould v. Board of Educ.*, 81 N.Y.2d 446, 453 (1993). Furthermore, rescission is available only where "a mistake of both parties at the time [the] contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances." *Hartford Fire Ins. Co. v. Federated Dept. Stores, Inc.*, 723 F. Supp. 976, 994

(S.D.N.Y. 1989). The purpose behind a claim of mutual mistake is to rescind an agreement between the parties that does not reflect a "meeting of the minds." *Independent Order of Foresters v. Donaldson, Lufkin & Jenrette Inc.*, 919 F. Supp. 149, 153 (S.D.N.Y. 1996)

The SCAC does not allege either an agreement between LFCM and any plaintiff or a mistake by either LFCM or any of the plaintiffs, and for that reason this cause of action must be dismissed.

### 7.) An Unjust Enrichment Claim Has Not Been Pled

The SCAC does not allege facts sufficient to show that LFCM was unjustly enriched at the expense of any of the plaintiffs. *See In re Bayou Hedge Funds Litigation,* 472 F. Supp. 2d 528, 531 (S.D.N.Y. 2007) ("In New York, the plaintiff must plead and prove that the defendant was benefited or enriched at the plaintiff's expense, such that equity and good conscience require restitution of the funds.") Plaintiffs' unjust enrichment cause of action is not viable because no facts are alleged to support it. The mere fact that one of the other defendants owns 35% of LFCM is not a basis to assert a claim against LFCM.

### C. Plaintiffs' Claims are Preempted by the Martin Act and SLUSA

### 1.) The Martin Act Preempts Plaintiffs' Claims

The Martin Act – which prohibits various deceitful practices in the distribution, exchange, sale, and purchase of securities which do not involve proof of scienter – preempts plaintiffs' causes of action. The Martin Act confers exclusive jurisdiction on New York's Attorney General to regulate and enforce its provisions, *see* N.Y. G.B.L. § 352, et seq., and there is no implied private right of action. *See CPC Int'l. Inc. v. McKesson Corp.*, 70 N.Y.2d 268, 275 (1987). Thus, since plaintiffs' claims for negligent misrepresentation, gross negligence, breach of fiduciary duty, and unjust enrichment (and constructive trust predicated on unjust enrichment)

all arise from the sale of securities, sound in negligence and do not require proof of scienter, they are barred by the Martin Act and must be dismissed. *See*, *e.g.*, *Abu Dhabi Commercial Bank*, 2009 WL 2828018, at *14 (dismissing claims for negligence, negligent misrepresentation, breach of fiduciary duty, unjust enrichment because the Martin Act preempts common law tort claims in the securities context).

### 2.) SLUSA Preempts All of Plaintiffs' Claims

SLUSA bars class actions based on any state law theory of recovery arising from a misrepresentation or omission in connection with the purchase of securities. 15 U.S.C. § 78bb(f)(1)(A), § 77p(b)(1). Here all the alleged liability against LFCM arises from alleged misrepresentations and omissions in connection with securities. The fact that the specific wrongdoing alleged against LFCM consists of state law claims makes no difference. *Dommert v. Raymond James Fin. Servs., Inc.*, No. CIV A. 1:06-CV-102, 2007 WL 1018234, at *8 (E.D. Tex. Mar. 29, 2007) ("No matter how she legally characterizes her claims, material misrepresentations and omissions serve as the factual predicate for Plaintiff's state law claims… Accordingly, the undersigned also finds that Plaintiff has alleged "omissions" as promulgated by SLUSA.") Thus, SLUSA bars all of Plaintiffs' claims against LFCM.

### D. The Negligent Misrepresentation and Gross Negligence Claims are Barred by the Economic Loss Rule

Under New York's economic loss rule, a plaintiff asserting a claim predicated on negligence for only "economic losses" who has not suffered any personal or property damage, is limited to an action in contract. *Cf. Orlando v. Novurania of America, Inc.*, 162 F. Supp. 2d 220, 226 (S.D.N.Y. 2001); s*ee also Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 609-10 (S.D.N.Y. 2009) (Marrero, J.). Nowhere in the SCAC do plaintiffs allege that they have suffered personal

or property damage.  Thus, plaintiffs' claims for negligent misrepresentation and gross negligence are barred by New York's economic loss rule and must be dismissed.

### E. The Demand for Punitive Damages Must be Dismissed

Plaintiffs' request for punitive damages fails as against LFCM because plaintiffs fail to allege any conduct of LFCM "evincing a high degree of moral turpitude" nor any public harm. *See Rocanova v. Equitable Life Assurance Society of United States,* 83 N.Y.2d 603, 613 (1994).

## POINT IV

## THE SCAC CLAIMS AGAINST LFCM SHOULD BE
## DISMISSED WITH PREJUDICE

Plaintiffs first named LFCM in the complaint filed on April 24, 2009.  More than five months later on September 29, 2009, Plaintiffs filed the SCAC, but asserted the same defective allegations against LFCM.  Plaintiffs have had ample opportunity to plead their claims against LFCM, and have enjoyed the expert assistance of numerous sophisticated law firms.  Given the extensive time and information available to plaintiffs, a third bite at the proverbial apple should not be permitted.

## **CONCLUSION**

For the reasons stated above, the SCAC should be dismissed with prejudice as against

LFCM.


Dated: New York, New York
December 22, 2009

BRAGAR WEXLER EAGEL & SQUIRE P.C.


By:  /s/Lawrence P. Eagel
        Lawrence P. Eagel, (LE 4504)
        Paul D. Wexler, Esq. (PW 9340)
        Jeffrey A. Carpenter, Esq.
        885 Third Avenue, Suite 3040
        New York, New York 10022
        (212) 308-5858
        (212) 486-0462
        eagel@bragarwexler.com

        *Attorneys for Defendant*
        *Lion Fairfield Capital Management Limited*