# **EXHIBIT Q**

VIRGIN ISLANDS

THE BVI BUSINESS COMPANIES ACT, 2004

No. 16 of 2004

Amended by
26/2005

Subsidiary Legislation

Segregated Portfolio Companies Regulations, 2005 (S.I. 2005 No. 96)

Revised under the Statute Revision Act, 2005 (No. 25 of 2005)
as of 1st January, 2006

**I Assent**
**THOMAS MACAN**
**Governor**
**24th December, 2004**

16/2004
26/2005

(1st January, 2005)　Commencement.

(1st January, 2006)　Revision date.

### VIRGIN ISLANDS

### No. 16 of 2004

An Act to provide for the incorporation, management and operation of different types of companies, for the relationships between companies and their directors and members and to provide for connected and consequential matters.

[Gazetted 29th December, 2004]

ENACTED by the Legislature of the Virgin Islands as follows:

### PART I

### PRELIMINARY PROVISIONS

**1.**　(1) This Act may be cited as the BVI Business Companies Act, 2004.　　Short title and commencement.

　　(2) The provisions of this Act come into operation on 1st January 2005.

**2.**　In this Act, unless the context otherwise requires,　　Interpretation.

　　"approved form" means a form approved by the Commission in accordance with section **241**;

　　"articles" means the original, amended or restated articles of association of a company;

"asset" includes money, goods, things in action, land and every description of property wherever situated and obligations and every description of interest, whether present or future or vested or contingent, arising out of, or incidental to, property;

"bearer share" means a share represented by a certificate which states that the bearer of the certificate is the owner of the share and includes a share warrant to bearer;

"board", in relation to a company, means

(a) the board of directors, committee of management, council or other governing authority of the company, or

(b) if the company has only one director, that director;

"class", in relation to shares, means a class of shares each of which has the rights, privileges, limitations and conditions specified for that class in the memorandum;

"Commission" means the Financial Services Commission established under the Financial Services Commission Act, 2001;

No. 12 of 2001

"company" has the meaning specified in section **3**(1);

"company number" means the number allotted to the company by the Registrar

(a) on its incorporation under section **7**(1),

(b) on its continuation under section **182**, or

Schedule 2

(c) on its re-registration under Schedule 2;

"continued" means continued under section **182**;

"Court" means the High Court;

"custodian" has the meaning specified in section **67**;

"director", in relation to a company, a foreign company and any other body corporate, includes a person occupying or acting in the position of director by whatever name called;

"distribution" has the meaning specified in section **56**;

(b)   obligation due or to become due, and no cause existing, against the company or against any member, director, officer or agent thereof, is released or impaired by its continuation as a company under the laws of the jurisdiction outside the Virgin Islands;

(c)   no proceedings, whether civil or criminal, pending by or against the company, or against any member, director, officer or agent thereof, are abated or discontinued by its continuation as a company under the laws of the jurisdiction outside the Virgin Islands, but the proceedings may be enforced, prosecuted, settled or compromised by or against the company or against the member, director, officer or agent thereof, as the case may be; and

(d)   service of process may continue to be effected on the registered agent of the company in the Virgin Islands in respect of any claim, debt, liability or obligation of the company during its existence as a company under this Act.

# PART XA

26/2005

## MEMBERS' REMEDIES

**184A.** In this Part, "member", in relation to a company, means      Interpretation for this Part.

(a)   a shareholder or a personal representative of a shareholder;

(b)   a guarantee member of a company limited by guarantee; or

(c)   an unlimited member of an unlimited company.

**184B.** (1) If a company or a director of a company engages in, or proposes to engage in, conduct that contravenes this Act or the memorandum or articles of the company, the Court may, on the application of a member or a director of the company, make an order directing the company or director to comply with, or restraining the company or director from engaging in conduct that contravenes, this Act or the memorandum or articles.      Restraining or compliance order.

(2) If the Court makes an order under subsection (1), it may also grant such consequential relief as it thinks fit.

(3) The Court may, at any time before the final determination of an application under subsection (1), make, as an interim order, any order that it could make as a final order under that subsection.

Derivative actions. **184C.** (1) Subject to subsection (3), the Court may, on the application of a member of a company, grant leave to that member to

    (a) bring proceedings in the name and on behalf of that company; or

    (b) intervene in proceedings to which the company is a party for the purpose of continuing, defending or discontinuing the proceedings on behalf of the company.

(2) Without limiting subsection (1), in determining whether to grant leave under that subsection, the Court must take the following matters into account

    (a) whether the member is acting in good faith;

    (b) whether the derivative action is in the interests of the company taking account of the views of the company's directors on commercial matters;

    (c) whether the proceedings are likely to succeed;

    (d) the costs of the proceedings in relation to the relief likely to be obtained; and

    (e) whether an alternative remedy to the derivative claim is available.

(3) Leave to bring or intervene in proceedings may be granted under subsection (1) only if the Court is satisfied that

    (a) the company does not intend to bring, diligently continue or defend, or discontinue the proceedings, as the case may be; or

    (b) it is in the interests of the company that the conduct of the proceedings should not be left to the directors or to the determination of the shareholders or members as a whole.

(4) Unless the Court otherwise orders, not less than twenty eight days notice of an application for leave under subsection (1) must be served on the company and the company is entitled to appear and be heard at the hearing of the application.

(5) The Court may grant such interim relief as it considers appropriate pending the determination of an application under subsection (1).

(6) Except as provided in this section, a member is not entitled to bring or intervene in any proceedings in the name of or on behalf of a company.

**184D.** (1) If the Court grants leave to a member to bring or intervene in proceedings under section 184C, it shall, on the application of the member, order that the whole of the reasonable costs of bringing or intervening in the proceedings must be met by the company unless the Court considers that it would be unjust or inequitable for the company to bear those costs.

<span style="float:right">Costs of derivative action.</span>

(2) If the Court, on an application made by a member under subsection (1), considers that it would be unjust or inequitable for the company to bear the whole of the reasonable costs of bringing or intervening in the proceedings, it may order

    (a) that the company bear such proportion of the costs as it considers to be reasonable; or

    (b) that the company shall not bear any of the costs.

**184E.** The Court may, at any time after granting a member leave under section 184C, make any order it considers appropriate in relation to proceedings brought by the member or in which the member intervenes, including

<span style="float:right">Powers of Court when leave granted under section 184C.</span>

    (a) an order authorising the member or any other person to control the proceedings;

    (b) an order giving directions for the conduct of the proceedings;

    (c) an order that the company or its directors provide information or assistance in relation to the proceedings; and

    (d) an order directing that any amount ordered to be paid by a defendant in the proceedings must be paid in whole or in part to former and present members of the company instead of to the company.

**184F.** No proceedings brought by a member or in which a member intervenes with the leave of the Court under section 184C may be settled or compromised or discontinued without the approval of the Court.

<span style="float:right">Compromise, settlement or withdrawal of derivative action.</span>

**184G.** A member of a company may bring an action against the company for breach of a duty owed by the company to him as a member.

<span style="float:right">Personal actions by members.</span>

**184H.** Where a member of a company brings proceedings against the company and other members have the same or substantially the same interest in relation to the proceedings, the Court may appoint that member to represent all or some of the members having the same interest and may, for that purpose, make such order as it thinks fit, including an order

<span style="float:right">Representative actions.</span>

    (a) as to the control and conduct of the proceedings;

(b) as to the costs of the proceedings; and

(c) directing the distribution of any amount ordered to be paid by a defendant in the proceedings among the members represented.

Prejudiced members.

**184I.** (1) A member of a company who considers that the affairs of the company have been, are being or are likely to be, conducted in a manner that is, or any act or acts of the company have been, or are, likely to be oppressive, unfairly discriminatory, or unfairly prejudicial to him in that capacity, may apply to the Court for an order under this section.

(2) If, on an application under this section, the Court considers that it is just and equitable to do so, it may make such order as it thinks fit, including, without limiting the generality of this subsection, one or more of the following orders

(a) in the case of a shareholder, requiring the company or any other person to acquire the shareholder's shares;

(b) requiring the company or any other person to pay compensation to the member;

(c) regulating the future conduct of the company's affairs;

(d) amending the memorandum or articles of the company;

(e) appointing a receiver of the company;

(f) appointing a liquidator of the company under section 159(1) of the Insolvency Act on the grounds specified in section 162(1)(b) of that Act;

(g) directing the rectification of the records of the company;

(h) setting aside any decision made or action taken by the company or its directors in breach of this Act or the memorandum or articles of the company.

(3) No order may be made against the company or any other person under this section unless the company or that person is a party to the proceedings in which the application is made.