UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
PASHA ANWAR, et al.,                   )
                                       )
                       Plaintiffs,     )
                                       )
        v.                             )   Master File No. 09-cv-118 (VM)
                                       )   (Bhatia)
FAIRFIELD GREENWICH LIMITED, et al.,   )
                                       )
                       Defendants.     )
                                       )
This Document Relates To: *Bhatia et al.* v. *Standard* )
*Chartered Int'l (USA) Ltd., et al.*, No. 09-cv-2410   )
------------------------------------------------------------x

## DECLARATION OF FRANCIS XAVIER, S.C.

Pursuant to 28 U.S.C. § 1746, I, FRANCIS XAVIER S.C., declare under penalty of perjury of the laws of the United States of America that the following is true and correct:

**I    INTRODUCTION**

   *(i)    Background*

1. I am an Advocate and Solicitor of the Supreme Court of the Republic of Singapore. I am a partner with the law firm of Rajah & Tann LLP ("**R&T**") and am the head of the firm's Disputes Practices.

2. By way of background, I was called to the Singapore Bar in 1989 and practised with another leading Singapore law firm before joining R&T in 1998. R&T is one of the largest full service law firms in Singapore widely regarded for its market leading practices. From 1999 to August 2009, I was heading the firm's Commercial Litigation Practice Group, before my appointment as head of the Disputes Practices earlier this year. I was appointed Senior Counsel by the Singapore Supreme Court in January 2009. Singapore's Legal Profession Act (Cap 161), provides that:

1

> *"A Selection Committee comprising the Chief Justice, the Attorney-General and the Judges of Appeal may appoint an advocate and solicitor or a Legal Service Officer as Senior Counsel if the Selection Committee is of the opinion that, by virtue of the person's ability, standing at the Bar or special knowledge or experience in law, he is deserving of such distinction."*[1]

3. I have extensive experience in cross-border commercial litigation and arbitration, and have acted in a wide range of cases, in particular, corporate and banking disputes, investment claims, securities fraud, insider trading and commercial fraud. A number of them were high profile cases involving prominent banks. I continue to be involved in banking litigation and cross-border international arbitration in a diversity of matters such as aviation, oil production, power generation and toxic wastes industries.

4. I was previously appointed by the Boeing Company and United Airlines as an expert witness to give my views from a Singapore law standpoint on aviation, tort and contract law in proceedings in Orange County, California (*Susie Low and Daman Choy Kam Cheok v. United Airlines Inc., The Boeing Company, and Driessen Aircraft Interior Systems Inc*, Case No. 00CC06600, heard in the Superior Court of California, County of Orange, Central Justice Centre, United States of America (May 2001 to April 2002)).

5. A copy of my profile maintained on R&T's website, which contains a comprehensive account of my work history, memberships and publications is attached hereto as "Exhibit A".

   *(ii)   Instructions and Scope of Declaration*

6. I have been asked to provide my views limited to whether causes of action are available under the laws of Singapore that are the same as or similar to those set out in the Amended Complaint, dated 14 September 2009 (Civ Action No. 09 CV 0118 (VM) (Bhatia)) ("**Amended Complaint**"). In preparing this declaration, I have only reviewed the Plaintiffs' Amended Complaint. I have therefore not evaluated the merits of the potential claims that may be

---

[1] The Singapore Academy of Law, which is headed by Singapore's Chief Justice, describes the appointment as Senior Counsel as a "*mark of eminence within the legal profession: an accolade given to those who possess outstanding ability as advocates, extensive knowledge of the law and the highest professional standing*".

made by the Plaintiffs on the basis of causes of action (or the defences that may be available to the Defendants concerned) under Singapore law.

7. This declaration consists of the following 3 parts: This part consists of the introduction. In Part II, I give an overview of the salient features of the Singapore legal system which includes a brief description of the structure of the Singapore court system and rules of civil procedure. In Part III, I address whether Singapore would provide a forum for redress for the Plaintiffs based solely on the averments in the Amended Complaint.

## II OVERVIEW OF THE SINGAPORE LEGAL SYSTEM

8. Before setting out possible causes of action available to the Plaintiffs in Singapore, it may be useful if I provided a broad overview of certain primary features of Singapore's legal system and court procedure.

   *(i) The English Common Law*

9. Singapore's legal system finds its roots in the English common law tradition.

10. The applicability of the English common law and certain English statutes in Singapore was placed on statutory footing in 1993, in the form of the Application of English Law Act (Cap 7A) ("**AELA**"). Sections 3(1) and (2) of the AELA provides that *"[t]he common law of England (including the principles and rules of equity), so far as it was part of the law of Singapore before 12th November 1993, shall continue to be part of the law of Singapore ... [t]he common law shall continue to be in force in Singapore... so far as it is applicable to the circumstances of Singapore... and subject to such modifications as those circumstances may require"*.

11. The doctrine of *stare decisis*, a key feature of the common law, applies in Singapore. It is essentially a doctrine of precedence under which a court must follow the operative reasons or *ratio decidendi* of earlier judicial decisions when the same factual points arise again in litigation. The decisions of the Singapore Court of Appeal are therefore strictly binding on the Singapore High Court, the District Court and the Magistrate's Court.

12. Decisions of courts in England and Commonwealth jurisdictions, while not strictly binding on a Singapore court, are nevertheless persuasive. Indeed, Singapore courts, including the Court of Appeal, frequently refer to and follow decisions from England and the Commonwealth. It is also not uncommon for cases heard and decided by courts in the United States, to be referred to by our courts where relevant.

   *(ii)    The Singapore Courts and Judiciary*

13. The Singapore judiciary is widely regarded for its efficiency and integrity. Singapore has a modern and efficient court system that is one of the quickest in the world.[2] Owing to strict case management and the use of information technology, court congestion is not a problem in Singapore and an action generally takes between 12 to 18 months to be disposed of, depending on the complexity of the matter.

14. The Supreme Court of Singapore is a dichotomy of the Court of Appeal and the High Court. The Court of Appeal, which is Singapore's highest court, exercises appellate jurisdiction over civil and criminal appeals emanating from the High Court and the Subordinate Courts.

15. The High Court exercises original and appellate civil and criminal jurisdiction. It is a court of unlimited jurisdiction and may therefore hear any claim irrespective of the amount or value involved. As a general rule, civil claims of more than S$250,000 (approximately US$180,000 at an exchange rate of US$1 to S$1.387) must be commenced in the High Court.

---

[2] Singapore has performed consistently well in international surveys, and the Singapore judiciary's efficiency has won several accolades and a strong international reputation. Singapore was ranked first in the Institute for Management Development's annual survey on "*Legal and Regulatory Framework*" for 2007 and 2008. IMD is an independent foundation which conducts research projects, management and development programmes, and publishes the annual World Competitiveness Yearbook. The Comparative Country Risk Report 2007 published by the Political and Economic Risk Consultancy ranked Singapore second out of 14 jurisdictions in Asia in the category for Quality of Judicial System. In 2008, Singapore received top rankings in the "*Expatriate Perceptions of Judicial System Quality*".

16. If brought in Singapore, the Plaintiffs' claim, being in excess of US $5,000,000[3] must be commenced in the High Court as it is beyond the jurisdictional limit of the District Court.

17. The Subordinate Courts comprises *inter alia* the District Courts and the Magistrates' Courts. The jurisdictional monetary limits in civil matters for the Magistrates' Courts and District Courts are S$60,000 and $250,000 respectively (approximately US$43,000 to US$180,000 at an exchange rate of US$1 to S$1.387).

*(iii)* *Rules of Civil Procedure*

18. The rules of civil procedure in Singapore, which are contained primarily in the Singapore Rules of Court, are very similar to those in England. I will focus on 3 key areas: pleadings, summary judgment and discovery.

19. The usual mode of commencement of proceedings is by way of writ, which must be endorsed with a statement of claim containing the material facts on which the plaintiff relies for his claim. The statement of claim must state specifically the relief or remedy which the plaintiff claims.

20. Upon service of the writ, the defendant has to enter an appearance and thereafter has 14 days to file his defence to the claim. It is necessary for the defendant to respond to the statement of claim if the defendant wishes to dispute the claim, otherwise the plaintiff may enter judgment in default of defence.

21. The defendant answers by producing a defence in which it responds specifically to each of the plaintiff's allegations. The plaintiff is then entitled to respond by serving a reply on the defendant before the expiration of 14 days after the service on the plaintiff of the defence.

22. Pleadings are deemed closed 14 days after service of the reply or service of defence to the counterclaim, if any. If neither a reply nor a defence to the

---

[3] See paragraphs 83, 90, 106, 111, 117 of the Amended Complaint.

counterclaim is served, pleadings are deemed to be closed at the end of 14 days after the defence is served.

23. An important aspect of litigation is the discovery process, through which parties have to provide disclosure of the documents which are relevant to the issues in the case and which are in their possession, custody or power. However, if one party believes that the other party has provided inadequate discovery, it may apply to Court for specific discovery of documents.

## III POSSIBLE CAUSES OF ACTION IN SINGAPORE

24. The Plaintiffs commenced the *Bhatia* action in the United States District Court, Southern District of New York, seeking to:

> "*redress losses allegedly suffered by the plaintiffs, customers of the defendants Standard Chartered International (USA) Ltd and Standard Chartered PLC, as a result of securities fraud violations and related common law infractions committed by the Defendants in connection with investment by these banks in Fairfield Sentry, Ltd., a fund which improperly invested substantially all or a large portion of its assets with Bernard Madoff ("Madoff") and Bernard L. Madoff Investment Securities ("BMIS")*".[4]

25. The Plaintiffs are 5 individuals residing in Dubai in the United Arab Emirates who allege that they were at all material times account holders with the Defendants. The Defendants are Standard Chartered International (USA) Ltd, organised under the laws of the State of Connecticut and Standard Chartered PLC, incorporated in the United Kingdom with limited liability.[5]

26. The Plaintiffs allege, *inter alia*, breach of fiduciary duty, fraud, and negligence. For present purposes, I make no assumptions concerning the factual averments set out in the Plaintiffs' Amended Complaint, or whether any of the Plaintiffs' claims have merit. Rather, having reviewed the factual averments, I affirm that Singapore provides a forum for resolution of the Plaintiffs' claims. In particular, I note that the following causes of action (non-exhaustive) are recognised under Singapore law.

---

[4] Paragraph 1, Amended Complaint.
[5] Paragraphs 15 to 21, Amended Complaint.

### (i) Breach of Fiduciary Duty

27. The remedies against a fiduciary may be personal or proprietary. A fiduciary may in appropriate circumstances be made to account for an unauthorised profit or to hold a property acquired in breach of a fiduciary duty on constructive trust for the plaintiff.

### (ii) Claim in the tort of negligence

28. Where negligence (including negligent misstatement) is proved, the plaintiff would be entitled to damages, which should aim to restore the plaintiff to the position he was in before the statement, subject to the limitation that the loss suffered should be foreseeable.[6]

### (iii) Claim in the tort of deceit

29. The Plaintiffs allege at paragraphs 99 and 116 to 118 of the Amended Complaint that the Defendants have committed fraud. The equivalent Singapore cause of action is the tort of deceit.

30. In an action for deceit, fraud and damage are essential if damages are to be recovered, and neither is sufficient without the other.

### (iv) Statutes / Claim for breach of statutory duty

31. Singapore's banking and finance industry is highly regulated and there are various statutes applicable to the affairs and conduct of banks and financial institutions. In Singapore, the breach of a statutory duty is a recognised cause of action.

---

[6] Under Singapore law, there can be concurrent liability in contract and in tort (not inconsistent with or excluded by any express or implied contractual terms). However, the nature and terms of the contractual relationship between the parties will be determinative of the scope of responsibility to the plaintiff for whom the defendant has assumed to act. (Singapore Court of Appeal decision of *The Jian He* [2000] 1 SLR 8 citing the House of Lords decision of *Henderson v Merret Syndicates Ltd* [1994] 2 AC 145 at 206E-G).

*(v) Constructive trust*

32. The Plaintiffs seek at paragraphs 112 to 115 to have a constructive trust impressed on the Defendants for benefits obtained from the Defendants' alleged unjust enrichment and inequitable conduct.

33. Such a constructive trust is a well-established concept in Singapore, and is imposed by operation of law on a defendant in certain circumstances according to equitable principles.

*(vi) Unjust Enrichment*

34. The Plaintiffs have similarly pleaded unjust enrichment (also at paragraphs 112 to 115 of the Amended Complaint). The cause of action of unjust enrichment is recognised in Singapore as well.

Executed on 11th November, 2009, at the law offices of Rajah & Tann LLP, Singapore.

*[signature]*

Francis Xavier, S.C.

# EXHIBIT "A"



**Francis Xavier, SC**
Executive Committee Member
Head, Commercial Litigation Practice Group

**Contact Details**
Direct:      (65) 6232 0551
Facsimile:  (65) 6533 0827
Mobile:     (65) 9382 7177
E-mail: francis.xavier@rajahtann.com

**Qualifications**
LLB (Hons) 2nd Upper NUS
Advocate and solicitor, Supreme Court of the Republic of Singapore (May 1989)
Solicitor, Supreme Court of England and Wales (September 2001)

**Industry Specialisation**
International Arbitration
Aviation law
Cross-border litigation
Commercial disputes
Property and tenancy disputes
Employment law
Trust law
Tort / Common law claims
Banking law
Criminal Law, in particular regulatory offences
Customs / tax issues
Securities regulations

**Language Ability**
English
Malay
Tamil (spoken only)

Francis has been practicing cross-border commercial litigation and arbitration for about 20 years and has handled a broad range of cases including corporate disputes, banking, property and investment claims. He has handled cases involving securities fraud, insider trading and commercial fraud. He also specialises in aviation law and advised in the class-action suit resulting from the crash of the SilkAir flight in Indonesia in 1997 and the Taiwan SIA crash. Francis has acted in a number of highly publicized reported cases, including *Sumitomo Bank Ltd v Kartika Ratna Thahir* and the East Coast Recreation Centre and American Express Bank litigation. He has been and continues to be involved in a number of cross-border international arbitration involving the aviation, oil production, power generation and toxic wastes industries. He is admitted to the Panel of Arbitrators, Singapore International Arbitration Centre and is actively involved in advocacy training for the Law Society of Singapore. He was a statutory member of the Law Society Council until December 2008, having been appointed in 2005 by the Minister of Law. Francis was appointed Senior Counsel in January 2009.

Francis has been recognised as a leading lawyer by *Asia Pacific Legal 500* (2001/2002, 2002/2003, 2003/2004, 2004/2005, 2008/2009) and by *AsiaLaw Profiles* (2007).

## Work History

1. Executive Committee Member – Rajah & Tann LLP (January 2008 to date).
2. Executive Committee Member – Rajah & Tann (2006 to December 2007).
3. Head, Disputes Practices (August 2009 to date).
4. Head, Commercial Litigation Practice Group (1999 to 2009).
5. Partner – Rajah & Tann (November 1998 to date).
6. Partner – Allen & Gledhill (1996 – November 1998).
7. Senior Legal Assistant – Allen & Gledhill (1992 to 1995).
8. Legal Assistant – Allen & Gledhill (1989 to 1991).

## Memberships / Directorships

1. Admitted to the Panel of Arbitrators of the Singapore International Arbitration Centre, 3 year term commencing 1 June 2009.
2. Member, Complaints Panel of the Singapore Pharmacy Council, 2 year term commencing 6 April 2009.
3. Member, SAL Committee on Legal Education and Studies, 2009.
4. Chairman, Junior College Law Conference Organising Committee, 2009.

5. Member, International Promotion of Singapore Law Committee of the Singapore Academy of Law -16 August 2007 to December 2008; 1 September 2009 to date.

6. Appointed to the LSAS Panel of Arbitrators under the Law Society Arbitration Scheme by the Alternative Dispute Resolution Committee of the Law Society for a 3 year term wef 28 May 2007.

7. Nominated by the Minister for Law (pursuant to s48 of the Legal Profession Act) to serve on the Council, Law Society of Singapore for a 2 year term wef from 1 January 2005. Term extended for 2 years with effect from 1 January 2007 until 31 December 2008.

8. Admitted as Fellow of the Chartered Institute of Arbitrators, UK (January 2007).

9. Admitted as Fellow of the Singapore Institute of Arbitrators (April 2005).

10. Appointed as Commissioner for Oaths on 1 April 2004 and as a Notary Public on 1 October 2004.

11. Admitted to the Reserve Panel of Arbitrators of the Singapore International Arbitration Centre (May 2003) and main panel in June 2009.

12. Appointed to Law Society Panel of mediators and Arbitrators to mediate / arbitrate on costs disputes between clients and members of the Law Society (29 December 2001 to date).

13. Appointed and retained as an expert witness on Singapore law on aviation law, tort and contract law by the Boeing Company and United Airlines in the case of *Susie Low and Daman Choy Kam Cheok vs United Airlines Inc.*, *The Boeing Company, and Driessen Aircraft Interior Systems Inc,* Case No. 00CC06600 heard in the Superior Court of California, County of Orange, Central Justice Centre, United States of America (May 2001 to April 2002).

14. Law Society Counsellor (Jan 2000 to date).

15. Instructor, Advocacy Skills Workshops run by the Law Society of Singapore and also the Advocacy training for the Board of Legal Education (1995 to date).

16. Tutor and lecturer, Practice Law Course of the Board of Legal Education – Civil Procedure, Insolvency & Bankruptcy (1994 to date).

17. Advocacy Tutor – Law Faculty, NUS (1989 to 1999, 2004, 2006).

18. Independent Director – The Lexicon Group Limited, a Sesdaq listed corporation engaged in the business of publishing.

19. Independent Director – Jurong Cement Limited



**Law Society Committee Posts:**

1. Vice Chairman Professional Indemnity Committee (2009)
2. Member, Executive Committee of the Council of the Law Society (2008).
3. Chairman, Regulatory Oversight Committee (2008).
4. Member, Ad Hoc Committee to Review Rule 31, Legal Profession (Professional Conduct) Rules (PCR), (2008).
5. Member, Finance Committee (2008).
6. Council Representative, Civil Practice Committee (2008).
7. Chairman, Motor Insurance Practice Review Committee (2006/2007).
8. Chairman, Entrapment Practice Review Committee (2007 to date).
9. Council Representative, Professional Indemnity Committee (2006 - 2008).
10. Member, Disciplinary Committee (from 2005 to Present).
11. Member, Presidents of The Law Association in Asia (POLA) Committee (2005).
12. Member, Sub-Committee to the Corporate Practice Committee of the Law Society to Review Proposed Legal Changes on Insider Dealing (February 2001).
13. Member, Continuing Legal Education Committee of the Law Society (1999 to 2001).
14. Member, Advocacy Committee of the Law Society (from 1995 to date).
15. Member, Criminal Law Special Assignments Committee of the Law Society of Singapore (from 1989 to 2001).

### Awards / Honours / Grants

1. Criminal Legal Aid Scheme, Volunteer Award, Law Society of Singapore (2007).
2. Leong Chia Heng Prize, Law Faculty, NUS (1988).
3. Allen & Gledhill Scholarship, Law Faculty, NUS (1987).
4. Tan Siak Kee Memorial Prize, Law Faculty, NUS (1986).
5. Law Society Book Prizes, Law Faculty, NUS (1985 and 1986).
6. ASEAN Scholarship, Singapore Public Service Commission (1982).



## Publications / Articles / Conferences

### A. Articles

1. Co-author, article on '*The Rome Convention Dealing with Damages Caused By Foreign Aircraft to Third Parties*' published in Rajah & Tann's Lawlines, (Volume 9, Issue 2), June 2007.

2. Author, article on '*The Impact of Free Trade Agreements on Labour Mobility*', published in the Law Gazette, December 2006.

3. Co-author, article on *'Workplace Influenza Pandemic – Legal Boundaries and Best Practice'* published in Rajah & Tann's Lawlines, (Volume 8 Issue 1), March 2006.

4. Co-author, article on the Singapore perspective – '*Pandemics and the Workplace, A Regional Analysis'*, being part of an Asian-wide publication coordinated by Johnson Stokes and Masters, January 2006.

5. Author, article on *'Recent Developments In the Garnishment of Retention Monies'* published in Rajah & Tann's Lawlines, (Volume 7 Issue 3), September 2005.

6. Author, article on '*Drafting of Charges in Disciplinary Proceedings*' published in Rajah & Tann's Lawlines, (Volume 4 Issue 2), May 2002.

7. Author. article on '*The Domestic and International Arbitration Regimes in Singapore*' published in Rajah & Tann's Lawlines, (Volume 3 Issue 3), September 2001.

8. Co-author, article on '*An Overview of Arbitration Internationally and in Singapore*' published in the Singapore Law Gazette, August 2001.

9. Co-author, article on '*Arbitration as a Method of Dispute Resolution*' published in Lawlines (Vol 3, Issue 1), December 2000.

10. Author, article on '*Disciplinary Proceedings in the Medical Profession*' published in the Singapore Law Gazette, May 2000.

### B. Books

1. Contributor, Singapore Precedents of Pleadings (Sweet & Maxwell Asia, 2006 Edition).

2. Co-author – Chapter on Business Torts and Business Crimes in the Law of Rights and Obligations of Business in Singapore, Singapore Business Development Series (1996 Edition, Addison –Wesley).

3. Co-Editor, 25th Anniversary Publication on the Historical Development of the Law Society of Singapore, 1995.

4. Specialist Editor – Mallal's Digest of Malaysian and Singapore

Case Law (Fourth Edition – 1991) – Volume 5 (Criminal Procedure).

**C. Seminars**

1. Panel Chair and presenter, *'Disputes in the Global Economic Crisis – Perspectives and Strategies'*, *4th Annual Dispute Resolution Summit* – 12 May 2009, Singapore.

2. Speaker, *'Dealing with Employee Misconduct'*, IPBA Conference – 2 May 2008, Manila.

3. Speaker, '*Avoiding Litigation, the Role that all Managers, Supervisors and Human Resource Professional Plays*', presented to Sybase, Inc – 21 April 2009, Singapore

4. Speaker, *'The Joys and Pains of Arbitration in Singapore: Perspective of an Arbitrator and Counsel'* at a Seminar on Strengthening Arbitration In India – Sharing Knowledge and Building Connections organized by the SIAC and NPAC – 21 March 2009, Chennai, India.

5. Panel member, session on *'Best Practices in Legal Practice Management'* - 10th Legal Practice management Course, 9 March 2009.

6. Speaker, Merits of International Arbitration organized by The Singapore Academy of Law, Rajah & Tann LLP and Kim & Chang, Korea – 23 September 2008 held in Korea.

7. Panel Speaker – *'Tackling the Legal Talent Shortage: Effective remedies to recruit and retain your prime assets'* at Business Law Asia 2008, 19-20 June 2008, Hilton Hotel.

8. Presenter, Law Relating to Trade Secrets, Confidential Information Abuse and Trade Restraint - Dell Computers Asia in-house legal forum, 14 March 2008.

9. Speaker - 'Issues Arising From Sports Management and Participation: A Legal Perspective' at the 2007 SEA Games Scientific Congress on 1-4 December 2007, Bangkok.

10. Speaker – Indonesian Seminar on 'Legal Risks and Disputes in Joint Venture Agreements' on 22 Aug 2007.

11. Speaker – Talk on 'Managing Arbitration Disputes in the Region' on 23 Aug 2007.

12. Speaker – 'The Conduct of International Arbitration Proceedings' is organized by the Singapore International Arbitration Centre (SIAC) & Bismark Solusi Konsultan on 17 July 2007 held in Bandung, Indonesia.

13. Speaker – 'Legal Practice – Globalization of Practices and Associated Risks, Limited Liability, Removal of Admission Barriers – A Regional Perspective' on 6 June 2007 at the 20th Biennial Lawasia Conference in Hong Kong.

14. Speaker – 'Institutional vs Ad Hoc Arbitration – organized by Singapore International Arbitration Centre (SIAC) on 19

January 2007 at SIAC Hearing Room, City Hall, Singapore.

15. Speaker – *'The Applicable Law & The Singapore Law Nexus'* – organized by Singapore International Arbitration Centre (SIAC) on 28 November 2006 at Novotel Bogor, Indonesia.

16. Speaker – *'Role of Institutional Arbitration in Construction Disputes – Institutional Vs Ad Hoc Arbitration'* – organized by Singapore International Arbitration Centre (SIAC) on 15 November 2006 at New Delhi, India.

17. Speaker – *'Corporate Fraud & Insolvency – What Directors must look out for'* organized by Singapore Institute of Directors (SID) held on 17 October 2006 at Conrad Hotel.

18. Panel Chairman – *'How to Effectively Work with Asian and Pacific Rim Businesses – Human Resource and Legal Roundtable'* at the Employment Law Alliance Seventh Annual Meeting, Hong Kong on 9 October 2006.

19. Chairperson – *'Work-life balance for YLs – an impossible dream?'* at the Young Lawyers Forum 2006 held at the POLA Conference in Singapore on 25 August 2006 hosted by the Law Society of Singapore.

20. Speaker – Talk on *'Mergers & Acquisition in Malaysia'* organized by Key Media Conferences held on 13 July 2006 at Meritus Mandarin Hotel Singapore.

21. Speaker – Talk on *'The Impact of Free Trade Agreements on Labour Mobility'* at The Inter-Pacific Bar Association Conference 2006 held from 30 April – 3 May 2006 on 2 May 2006; in Sydney, Australia.

22. Speaker - Talk on *'Pandemics And The Workplace'* being a client seminar by Rajah & Tann on 12 April 2006.

23. Speaker - Talk on *'The Conflict of Laws in Singapore 2001-2005'* delivered with Professor Tan Yock Lin, organized by the Singapore Academy of Law Conference 2006 on *'Developments in Singapore Law Between 2001 and 2005'* held on 12 to 14 January 2006 at the Supreme Court.

24. Chairperson at the following sessions of the aviation symposium 'Toward Open Skies': *'Examining Recent Legal, Regulatory and Commercial issues of the Aviation Industry'* jointly organized by Lexis Nexis and Rajah & Tann slated for October 2005:

    a. The Aviation Regulatory Regime; and

    b. Liability under the Montreal Convention.

25. Chairman, Symposium on *'The Singapore India Comprehensive Economic Co-operation Agreement: Analysis of Positive Business Impact',* 19 July 2005 at the Supreme Court Auditorium.

26. Speaker - *'Labor and Employment Law and Human Resources Trends Worldwide'*, ELA Global Employer Conference, Puerto Rico, 13-14 May 2005.

27. Speaker – *"Protecting Trade Secrets and Employee Privacy: What Every Company Must Know"*, IPBA Conference, Seoul, Korea, 2-5 May 2004.

28. Speaker – Talk on '*Insider Trading*' at a conference on '*Company & Securities Law*' organized by The Asia Business Forum on 8 January 2004.

29. Speaker – Talk on '*Leases and Disputes Involving Leases*' at the Singapore Conference Hall for SISV Services Pte Ltd on 4 September 2003.

30. Speaker – Talk on '*An Overview of Fraud and Property Offences*' at the HDB Annual Legal Seminar on 26 September 2002.

31. Panel Speaker on the two following panels:

    *'Arbitration in Asia'* and

    *'Enforcing the Award – an International Survey'*

    at the International Arbitration Symposium organized by Weil, Gotshal & Manges LLP, Rajah & Tann and Derains & Associe, January 2002.

32. Chairman, and speaker on *'Corporate Fraud – on Overview of the Law'* to senior management of Temasek Management Service Pte Ltd on 11 September 2001.

33. Speaker - Talk on '*The Impact of the recent amendments to the Immigration Act on the Serviced Apartment Industry in Singapore to the Serviced Apartments Association*' on 7 June 2001.

34. Panel Chairman – Seminar of '*Corporate Fraud – Control and Prevention*' on 11 May 2001 to the Singapore Institute of Directors.

35. Speaker - Seminar on '*Function and Powers of the Jurong Town Corporation*' to management and staff of JTC on 27 April 2001.

36. Speaker - Talk on '*Directors' Duties and Liabilities in Tort*' to senior members and management representatives of the insurance industry - November 2000.

37. Presenter - Seminar on '*Translating An Award or Judgment Into Compensation: Legal Enforcement Mechanisms*' - delivered on 11 May 2000.

38. Speaker - Talk on Banking Law & Practice to Staff of OCBC Bank on 30 November 1999.

39. Speaker - Talk on '*Nuts & Bolts' - Civil Procedure on 'Appeals*' for the Law Society of Singapore - 1999.

40. Speaker - Talk on Execution Proceedings to OCBC Bank Management on 29 July 1999.

41. Speaker - Talk on '*Offence and Prosecution of Criminal Breach of Trust By Company Directors*', as part of a Seminar on



Rights, Duties and Liabilities of Company Directors in Singapore held by the Asia Pacific Institute on 7 May 1996.

### Deals List

**A. Reported Judgments**

1. *Sports Connection Private Limited v Deuter Sports GmbH* [2009] SGCA 22
2. *Susilawati v American Express Bank Limited* [2009] SGCA 8
3. *Susilawati v American Express Bank Ltd* [2007] SGHC 179.
4. *Ting Sing Ning (alias Malcolm Ding) v Ting Chek Swee (alias Ting Chik Sui) and others* [2007] SGCA 49.
5. *Ting Sing Ning (alias Malcolm Ding) v Ting Chek Swee (alias Ting Chik Sui) and others* [2006] SGHC 192.
6. *ECRC Land Pte Ltd (in liquidation) v 1. Christopher Wing On Ho 2. Shum Sze Keong 3. Lee Yen Kee Ruby 4. Paul Law Kwok Fai 5. E-Zone (Plaza) Pte Ltd 6. The Grande Group Limited 7. East Coast Works Pte Ltd 8. Hong Kong Aberdeen Seafood Restaurant Pte Ltd 9. Nakamichi Pte Ltd 10. Café A1 Fresco Pte Ltd* [2006] SGCA 25.
7. *CHS CPO GmbH and Another v Vikas Goel and Others* [2006] SGHC 49.
8. *CHS CPO GmbH (in bankruptcy) and Another v Vikas Goel and Others* [2005] 3 SLR 202; [2005] SGHC 74.
9. *ECRC Land Pte Ltd (in liquidation) v 1. Christopher Wing On Ho 2. Shum Sze Keong 3. Lee Yen Kee Ruby 4. Paul Law Kwok Fai 5. E-Zone (Plaza) Pte Ltd 6. The Grande Group Limited 7. East Coast Works Pte Ltd 8. Hong Kong Aberdeen Seafood Restaurant Pte Ltd 9. Nakamichi Pte Ltd 10. Café A1 Fresco Pte Ltd* [2004] 1 SLR 105.
10. *Leow Tiak Cheow & Anor v Pan-United Industries Pte Ltd* [2003] 1 SLR 569.
11. *1. Irawan Darsono 2. Arhawishanto International Holdings Pte Ltd v Ong Soon Kiat* [2002] 4 SLR 84.
12. *Sim Yew Thong v Ng Loy Nam Thomas and other appeals* [2000] 4 SLR 193.
13. *Chan Chim Yee v Public Prosecutor* [2000] 2 SLR 1.
14. *The Law Society of Singapore v Khushvinder Singh Chopra* [1999] 4 SLR 775.
15. *Niranjan M. Lilani v Devadas Naidu & Anor* [1999] 4 SLR 418.
16. *R. Mahendran & Anor v R. Arumuganathan* [1999] 2 SLR 579.
17. *Lau Song Seng & Ors v Public Prosecutor* [1998] 1 SLR 663.
18. *Mooka Pillai Rajagopal & Ors v Khushvinder Singh Chopra* [1998] 1 SLR 186.

19. *Sundara Moorthy Lankatharan v Public Prosecutor* [1997] 3 SLR 464.
20. *Sumitomo Bank Ltd v Kartika Ratna Thahir* [1997] 1 SLR 690.
21. *Essen System Builders (S) Pte Ltd & Anor v Chew Boon Hee* [1997] 1 SLR 671.
22. *Mookka Pillai Rajagopal & Ors v Khushvinder Singh Chopra* [1996] 3 SLR 457.
23. *Khushvinder Singh Chopra v Mookka Pillai Rajagopal & Ors* [1996] 2 SLR 379.
24. *Alrich Development Pte Ltd v Rafiq Jumabhoy* [1995] 2 SLR 401.
25. *Ramond Selva Clement v Public Prosecutor* [1994] 3 SLR 515.
26. *Kartika Ratna Thahir v PT Pertambangan Minyak dan Gas Bumi Negara (Pertamina)* [1994] 3 SLR 257.
27. *Public Prosecutor v Lee Twe Jeat* [1994] 3 SLR 219.
28. *Alrich Development Pte Ltd v Rafiq Jumabhoy* [1994] 3 SLR 1.
29. *Sumitomo Bank Ltd v Kartika Ratna Thahir & Ors and another matter* [1993] 1 SLR 735.

**B. Unreported Judgments**

1. *Gavin James Millar v 1. Lee Hsien Loong 2. Lee Kuan Yew*, judgment dated 9 July 2007 in Civil Appeal No. 70 of 2007.
2. *1. Flairis Technology Corporation Limited 2. Flairis Advanced Manufacturing Pte Ltd v 1. Gan Huan Kee 2. Chan Tien Seng 3. Khong Soo Har @ Khong Fan Kee 4. Wong Kwok Ping*, judgment dated 29 May 2002 of J Lai Siu Chiu in Suit No. 723 of 2001/A.
3. *Sutjiawang Johanis Alias Tjia Eng Liong v Tjia Eng Soei*, judgment dated 30 April 2002 of J Rubin in Suit No. 600025 of 2000.
4. *Finnian Tseng Cheng Yao & anor v Tan Kah Imm*, judgment dated 15 November 1999 of JC Amarjeet Singh in OS No. 735 of 1998.
5. *Ismail Bin Sumali v Public Prosecutor*, judgment dated 23 September 1994 of J Chao Hick Tin in CRA16 of 1994.
6. *Re Arthur Leolin Price, QC*, judgment dated 21 December 1994 of JC K S Rajah in OM 109 of 1994.
7. *Boldward Enterprises Pte Ltd v Hitachi Zosen Singapore Limited*, judgment dated 9 July 1997 of J Rubin in Suit No 865 of 1994.
8. *Management Corporation Strata Title Plan No. 964 v Gordon Industrial Land Pte Ltd & Anor*, judgment dated 19 April 1995 of J Goh Joon Seng in Suit No. 258 of 1994 (RA 222 of 1994).

9. *Management Corporation Strata Title Plan No. 964 v Gordon Industrial Land Pte Ltd & Anor,* judgment dated 19 April 1995 of J Goh Joon Seng in Suit No. 258 of 1994 (RA 222 of 1994).
10. *Fritz Karl Schnell & Anor v Thomas Edward Dorn & Ors*, judgment dated 30 May 1997 of J Lai Siu Chiu in Suit No 2140 of 1993.
11. *Public Prosecutor v Supramaniam A/L P Palani And Anor*, judgment dated 27 April 1994 of JC Amarjeet Singh in Criminal Case No. 19 of 1992.
12. *Public Prosecutor v 1. Yacob S/O Rusmatullah 2. Mohamad Jaffar Bin Abidin*, judgment dated 17 July 1993 of JC Amarjeet Singh in Criminal Case No. 15 of 1992.
13. *Public Prosecutor v 1) Tan Chee Hwee 2) Soon Kin Liang Joseph @ Sun Jianliang Joseph*, judgment dated 31 October 1992 of JC Rubin in Criminal Case No 12 of 1991.

**Career Accolades**

1. *'VK Rajah SC left Rajah & Tann to take the position as Judicial Commissioner of the High Court of Singapore in 2004. However, the continued presence of Francis Xavier, skilled in fraud and aviation matters, and Chandra Mohan, a contracts expert, means the firm retains litigators of commensurate aptitude'.*

    - Asia Pacific Legal 500
      (2004/2005 Edition)

2. *'Rajah & Tann acted for the Boeing Company in a class action suit taken out by the estates and dependent of the victims of the crash of Silk Air flight in Indonesia in 1997. Other highlights include advising on a case concerning banking secrecy in Singapore. The firm also acted on numerous cross-border disputes in Asia.*

    *Francis Xavier is also building an excellent name for quick and clear advice in litigation matters'.*

    - Asia Pacific Legal 500
      (2003/2004 Edition)

3. *'Rajah & Tann has a strong focus on debt restructuring and insolvency cases. Head of practice VK Rajah SC, Francis Xavier and Chong Boon Leong are all experienced. Highlights include advising a major oil producer on the enforcement of a US$260 million arbitration award, and an ongoing dispute between two listed electronics companies in Singapore in relation to misuse of trade secrets and breach of fiduciary duty'.*

    - Asia Pacific Legal 500, The Guide to Asia's Commercial Law Firms
      (2002/2003 Edition)

4. *Cited as a key practitioner in dispute resolution.*



- Asia Law and Practice Profiles 2007

5. *Cited as key practitioner in labour and employment.*
    - Asia Law Leading Lawyers 2009

### Tertiary Activities

1. Participated in the Philip C Jessup International Law Moot Court Competition (Washington D.C.) - 1988 (of which the Singapore Team emerged World Runners-Up).
2. Member -- NUS Law Moot Team (1987 – 1988).
3. Australasian Debating Series (Singapore) – 1988.
4. International Test Debate Series (Singapore) – 1988.
5. International Varsity Challenge Series (Singapore) – 1987.
6. Australasian Debating Series (Wellington, NZ) 1987.
7. International Varsity Challenge Series (Hong Kong) – 1986.
8. SBC Tertiary Debate Series – 1986.
9. Australasian Debating Series (Melbourne, Australia) – 1986.
10. President -- Eusoff College Junior Common Room Committee (1986 - 87).
11. Secretary -- Eusoff College Junior Common Room Committee (1985 - 86).
12. Australasian Debating Series (Auckland, NZ) 1985.
13. Participated in SBC Tertiary Debate Series – 1984.
14. Anchor member - NUS debating team (From 1984 - 1988).

### Civic Activities

1. Executive Committee Member - Dyslexia Association of Singapore (2000 to 2007).
2. President, Rotary Club of Pandan Valley (2002–2003). Member – Rotary International (June 1999 to date).
3. Positions held at Woodlands Wellington Football Club:
    - Disciplinary Committee Chairman (1995 to 2006).
    - Member, Executive Committee (1995 to 2006).
    - S. Anthonysamy Trust Fund Chairman (1996 to date).
4. Non-Resident Fellow, Senior Common Room Committee, Eusoff Hall, National University of Singapore (1992 to date).