# RIVERO MESTRE & CASTRO
### ATTORNEYS



*FILED*
DATE FILED 3/10/10

March 5, 2009

**By fax to (212)805-7932**

Honorable Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

**RECEIVED**
**MAR - 5 2010**
CHAMBERS OF
THEODORE H. KATZ
US MAGISTRATE JUDGE

    Re:    *Anwar, et al. v. Fairfield Greenwich Limited, et al.,*
            09-cv-118(VM)(THK)
            *Headway Investment Corporation v. American Express Bank Ltd., et al.,*
            09-cv-8500 (S.D. Fla. #1:09-cv-21395 transferred by MDL 2088)

Dear Judge Katz:

        Our firm represents Plaintiff Headway Investment. For the reasons set forth below, Headway respectfully requests clarification of Your Honor's January 5, 2010 Order (*Anwar* Docket Entry 373), or a 60-day extension to serve several foreign defendants in *Headway* who have refused to waive service of summons and have not yet been served through international protocols. Although we believe that under Fed.R.Civ.P. 4(m), a request for an extension is not necessary, we write because prior orders in this case have been directed to extensions of time to serve foreign defendants, despite that this Rule excepts service in a foreign country from its ambit.

        On December 30, 2009, we wrote Your Honor requesting a 120-day extension to serve yet unserved defendants noting that service in the *Headway* action had been hindered because the case had been stayed pending its removal from state court in Florida to the U.S. District Court for the Southern District of Florida, and then pending transfer by the Judicial Panel on Multidistrict Litigation of the action to this Court. We noted that then unserved defendants had previously received requests for waiver of service which either received no response or had been rejected.

        On January 5, 2010, Your Honor endorsed our letter, but limited our request to 60 days, that is, by March 5, 2010 to resolve service issues. During this period, we subsequently were able to secure waiver of summons from all the unserved individuals who resided in the United States, as well as several foreign parties.

Counsel for the remaining unserved foreign parties, all of whom appeared in *Anwar* prior to the consolidation of *Headway* into the case and who had also previously received our waiver requests, have instructed us that their foreign-based clients will not consent to a waiver of service. These defendants include:

- Andres Piedrahita - in response to our request for a waiver, we have been informed that he resides in Spain and is unwilling to waive service of summons, that counsel will not provide his address but will confirm whether a given address for him is correct. We are presently investigating his whereabouts.
- Amit Vigayvergia – we have not received a response from counsel to our prior request for waiver of summons, nor to our present inquiry requesting a waiver. We believe that he resides in Bermuda and we are presently investigating his whereabouts.
- PriceWaterhouseCoopers LLP – Counsel instructed that this defendant (on information and belief, an Ontario limited liability partnership) will not waive service of summons. Our application for service made to Canadian authorities is presently outstanding.
- Fairfield Greenwich (Bermuda) Ltd. – We are still in discussions regarding whether they will accept service; however, we intend to presently commence service through foreign channels.

All the above foreign defendants are represented by counsel who have appeared in *Anwar*, all of whom have participated in various conferences before your Honor on matters involving Headway. These defendants face no prejudice by the requested extension of time to serve them. They have refused waivers to other plaintiffs in *Anwar*, and similar requests for extensions of time to serve them in response have been granted. (See *Anwar* Docket Entries 177 (120 days); 210-12; 226 (granting 90 days)). To the extent that these defendants are not exempted from the time strictures of Rule 4(m), we respectfully request that Your Honor grant Headway additional time to serve them or resolve the service issues. It is our earnest expectation that these remaining service issues will be concluded within an additional 60 days, a period consistent with our original December 31, 2009 request.

Respectfully submitted,

Paul E. Dans

Service issues must be resolved by May 10, 2010.

cc: Counsel for all parties (by e-mail)

**SO ORDERED**
3/10/10

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE