```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
PASHA S. ANWAR, et al.,             :   09 Civ. 0118 (VM)
                   Plaintiffs,      :
                                    :   **DECISION AND ORDER**
     - against -                    :
                                    :
FAIRFIELD GREENWICH LIMITED,        :
et al.,                             :
                   Defendants.      :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Headway Investment Corporation ("Headway") brought a motion (the "Motion") seeking reconsideration of various findings made in the Court's Decision and Order dated October 4, 2010 (the "Decision and Order").[1] Upon review of the representations and arguments made in the parties' submissions[2] as well as during the telephone conference with the Court on October 20, 2010, the Court GRANTS the Motion.

## I. DISCUSSION

Reconsideration of a previous order by the court lies

---

[1] Plaintiff Maria Akriby Valladolid ("Valladolid"), by Notice of Joinder dated October 20, 2010, joined Headway's Motion (the "Joinder"). The Court's ruling with respect to the Joinder will be set forth in a subsequent decision and order.

[2] The Court received a letter-brief from defendants Standard Chartered International (USA) Ltd., Standard Chartered Bank International (Americas) Ltd., and Standard Chartered PLC (collectively, "Standard Chartered") dated October 21, 2010 and two letter-briefs from defendants Carlos Gadala-Maria, Raul N. Mas, Robert Friedman, Rodolfo Pages and John G. Dutkowski (collectively, the "Individual Defendants") dated October 21, 2010 and November 3, 2010 ("Individual Defendants November Letter"), as well as a letter-brief from Valladolid dated November 5, 2010.

squarely within the court's sound discretion. See Devlin v. Transp. Comm'ns Int'l Union, 175 F.3d 121, 132 (2d Cir.1999). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, et al., Federal Practice & Procedure § 4478 at 790). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). To these ends, a request for reconsideration under Rule 6.3 of this Court's Local Civil Rules ("Rule 6.3"), which governs motions for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" Sec. & Exchange Comm'n v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at

*1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. See Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

Headway urges reconsideration of the Court's decision to dismiss (1) its negligence claims against Standard Chartered and (2) all claims against the Individual Defendants. In its Decision and Order, the Court found that Headway had abandoned its negligence claims because, in Plaintiffs'[3] Unified Response to Motion to Dismiss, dated May 3, 2010 (the "Unified Response" or "Unif. Resp."), it "failed to argue why Headway['s] ... negligence claims should not be dismissed." (Decision and Order at 5.) Additionally, the Court dismissed all claims against the Individual Defendants because Headway, in the Unified Response, made "no argument in support of the claims against the Individual Defendants." (Id. at 6.) The

---

[3] Because they filed a unified response to the motion to dismiss, "Plaintiffs" is defined here collectively as Headway, Valladolid, Ricardo Lopez and Maridom Limited.

Court concluded that Headway had abandoned its claims against the Individual Defendants because it framed "all claims as being against 'Standard Chartered,' which does not encompass any of the Individual Defendants ...." (Id. at 6.)

In its Motion, Headway argues that because the Plaintiffs filed an omnibus response to Defendants'[4] motion to dismiss, an administrative solution recommended by this Court, it was not practical or economical for each of the Plaintiffs to respond with the degree of specificity that would normally be necessary if an individual plaintiff were defending its own complaint in response to an individual motion. As such, Headway concedes that in opposing the motion to dismiss, it couched its claims collectively as "all of the Plaintiffs' tort claims" rather than enumerating each of their specific claims, including the negligence claim. Headway, nonetheless, directs this Court's attention to the Unified Response where Headway explicitly stated its "claims against Standard Chartered defendants for (i) breach of fiduciary duty, (ii) negligence, and (iii) unjust enrichment." (Unif. Resp. at 19 (emphasis added).) Headway asserts that if it had intended to abandon its negligence claim, it would not have included

---

[4] "Defendants" is defined collectively here as Standard Chartered Bank International (Americas) Ltd. and its corporate affiliates.

-4-

negligence in its description of claims that it argued should survive. Headway further contends that in the Unified Response it refuted every argument set forth by the Defendants for dismissing Plaintiffs' tort claims. For example, the Unified Response addressed why the economic loss rule, exculpatory provisions, and Bernard Madoff's fraud should not bar Headway from asserting "all" of its "tort claims," which necessarily included the negligence claim. (See Unif. Resp. at 51, 59, 65.) Ultimately, Headway argues, and this Court agrees, that to the extent the Unified Response was not explicit enough regarding the negligence claims, it would be unfair for Headway's properly pled negligence claims to be dismissed because of this technicality.

With respect to its claims against the Individual Defendants, Headway acknowledges that it did not specifically address by name the Individual Defendants in the Unified Response. Headway, however, argues that because the Individual Defendants simply joined Standard Chartered's motion to dismiss and did not set forth any additional grounds of their own, Headway sufficiently responded to the Individual Defendants' arguments in the Unified Response. Regardless, the Individual Defendants assert that the Motion "fails to meet the strict standard for reconsideration and should be

denied." (Individual Defendants November Letter at 1.) Yet to dismiss the claims against the Individual Defendants based on this oversight would, in turn, result in Headway repleading claims against them that this Court has already found to be sufficient--an unnecessary administrative burden. Accordingly, to prevent manifest injustice, the Court finds that reconsideration of the Decision and Order is warranted with respect to Headway.

## II. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of plaintiff Headway Investment Corporation ("Headway") (Docket No. 548) for reconsideration of the Court's Decision and Order dated October 4, 2010 is GRANTED; and it is further

**ORDERED** that Headway's claims for negligence asserted against defendants Standard Chartered International (USA) Ltd., Standard Chartered Bank International (Americas) Ltd., and Standard Chartered PLC, as well as all of Headway's claims against individual defendants Carlos Gadala-Maria,

Raul N. Mas, Robert Friedman, Rodolfo Pages and John G. Dutkowski, are reinstated.

**SO ORDERED.**

Dated:   New York, New York
         16 November 2010

_____
Victor Marrero
U.S.D.J.