# GT GreenbergTraurig



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-3-10

Ricardo A. Gonzalez
Tel 305.579.0500
gonzalezr@gtlaw.com

November 3, 2010

**VIA FACSIMILE to 212.805.6382**

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Anwar, et al. v. Fairfield Greenwich Limited*, et al., Master File
            No. 09-CV-00118 (VM)

Dear Judge Marrero:

    I write on behalf of Defendants Carlos Gadala-Maria, Raul Mas, Robert Friedman, Rodolfo Pages and John Dutkowski in the action styled *Headway Investment Corp. v. American Express Bank, Ltd.*, et al. and Defendant Luisa Screna in the action styled *Valladolid v. American Express Bank Ltd.*, et al. (Defendants Gadala-Maria, Mas, Friedman, Pages, Dutkowski and Screna are collectively referred to herein as "Individual Defendants"). This letter shall serve as the Individual Defendants' response to plaintiffs' Motion for Reconsideration pursuant to this Court's handwritten Order dated October 25, 2010. [D.E. 554].

    On October 4, 2010, [D.E. 543], this Court entered an Order dismissing the claims against the Individual Defendants filed by plaintiffs in the above-referenced actions on the basis that plaintiffs abandoned their claims when plaintiffs entirely failed to address the Individual Defendants' arguments in response to the Unified Motion to Dismiss.[1] On October 18, 2010, Plaintiff Headway Investment Corporation ("Headway") filed a Motion for Reconsideration ("Motion") to which Plaintiff Maria Akriby Valladolid ("Valladolid") filed a Joinder on October 20, 2010. [D.E. 549; 552]. Headway's Motion fails to meet the strict standard for reconsideration and should be denied.

---

[1]    On March 16, 2010, the Individual Defendants filed their respective Notices of Joinder in the Unified Motion to Dismiss. [D.E. 403; 404]

GREENBERG TRAURIG, PA ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
1221 Brickell Avenue ■ Miami, FL 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717

Honorable Victor Marrero
November 3, 2010
Page 2 of 3

### A. Plaintiff's Motion Does Not Meet the Strict Standard for Reconsideration

It is well-established that, "[r]econsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hinds County, Miss. v. Wachovia Bank N.A.*, Case No.: 08 Civ. 2516, 08 MDL No. 1950, 2010 U.S. Dist. LEXIS 39976, *18-19 (S.D.N.Y, 2010) (citation omitted). The Second Circuit is instructive: "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked ...." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995); *Virgin Atl. Airways. Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

In its October 4, 2010 Order, the Court held that Headway and Valladolid had abandoned their claims against the Individual Defendants because they failed to respond to defendants' Unified Motion to Dismiss as to the claims against the Individual Defendants, and in fact failed to make any reference to the Individual Defendants at all. As Your Honor correctly noted, Plaintiffs' Unified Response "frames all claims as being against 'Standard Chartered' which **does not encompass any of the Individual Defendants . . . .**" (emphasis added). This determination was factually correct and supported by case law uniformly holding that plaintiffs abandon claims where they fail to address a defendant's motion to dismiss with respect to a particular claim or defendant. *See, e.g., Katz v. Image Innovations Holdings, Inc.*, 542 F. Supp. 2d 269, 275 (S.D.N.Y 2008) (holding that plaintiffs abandoned claims with respect to two of six defendants when response to motion to dismiss failed to discuss those defendants); *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, (S.D.N.Y 2005) (finding that "because plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed."); *Martinez v. Sanders*, Case No.: 02 Civ. 5624, 2004 U.S. Dist. LEXIS 10060, *7-9 (S.D.N.Y. 2004) (holding that plaintiff had abandoned six of twelve claims when she failed to address the claims in response to motion to dismiss).

Headway and Valladolid ignore the controlling standard for reconsideration because they cannot identify any meaningful facts or legal argument that the Court overlooked in reaching its determination. In fact, Headway and Valladolid expressly concede the factual basis of the Court's ruling, namely, that "the Individual Defendants were not specifically identified in the Plaintiffs' Unified Response." Rather than attack the legal or factual basis of the Court's ruling, Headway and Valladolid instead argue that this Court should resurrect its claims against the Individual Defendants because: (i) its *complaint* includes the Individual Defendants in a collective definition of the "Private Bank Defendants; and (ii) Plaintiffs' Unified Response addresses Standard Chartered's arguments which are premised on the same claims against the Individual Defendants.

These arguments miss the mark. The Court's Order is premised on its finding that the Individual Defendants filed a motion to dismiss to which Headway and Valladolid failed to respond, not that they failed to adequately name the Individual Defendants in their complaints. As Your Honor correctly notes, Plaintiffs' Unified Response "frames all claims as being against

Honorable Victor Marrero
November 3, 2010
Page 3 of 3

'Standard Chartered' which **does not encompass any of the Individual Defendants . . . .**" (emphasis added).

Further, it is beside the point that the Unified Response addressed claims against Standard Chartered that are identical to claims they assert against the Individual Defendants. In order to preserve their claims against the Individual Defendants, the law required Headway and Valladolid to explicitly address them. Having failed to do so, the claims are deemed abandoned. *See, e.g., Hanig*, 384 F. Supp. at 723.

Because Headway and Valladolid fail to demonstrate that the Court's October 4 Order was incorrect as a matter of fact or law, and in fact concede the very basis for the Court's ruling, they do not satisfy the threshold requirements for a motion for reconsideration and their motions should be denied. *See SEC v. Ashbury Capital Partners, L.P.*, Case No.: 00 CV 7898, 2001 U.S. Dist. LEXIS 7094, *3-4 (2001) (denying motion for reconsideration for failure to raise any facts that could reasonably be expected to alter the court's decision and observing that Local Rule 6.3 is intended to "prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion . . . .").

**B.     Plaintiffs Will Not be Prejudiced**

The Court's dismissal of the claims against the Individual Defendants does not prejudice Headway or Valladolid. Neither plaintiff alleges any wrongdoing specific to any of the Individual Defendants. Even assuming that such unspecified and conglomerated allegations as to "Private Bank Defendants" were sufficient, it is plain that the wrongdoing alleged by Headway and Valladolid, if true, could be fully vindicated in the absence of the Individual Defendants. There is thus no reason to excuse Headway and Valladolid's failure to respond to the Individual Defendants' motion to dismiss and the Court's October 4, 2010 Order dismissing the claims against the Individual Defendants should be upheld.

Sincerely,

Ricardo A. Gonzalez

cc:     Counsel for all parties (by e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the individual defendants named above.
**SO ORDERED.**

11-3-10
DATE          VICTOR MARRERO, U.S.D.J.