## AGUIRRE, MORRIS & SEVERSON LLP
### ATTORNEYS AT LAW

Michael J. Aguirre, Esq.
maguirre@amslawyers.com

444 West C Street, Suite 210
San Diego, CA 92101
Telephone (619) 876-5364
Facsimile (619) 876-5368

*By Facsimile to (212)805-6382*

November 5, 2010

Hon. Victor Marrero
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 1007-1312

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
Master File No 09-cv-118 (VM) *(Valladolid)*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-23-10

Dear Judge Marrero:

I represent Maria Akriby Valladolid in the above-captioned action. On 21 October 2010 counsel for Standard Chartered International (USA) Ltd., Standard Chartered Bank International (Americas) Ltd. and Standard Chartered PLC (collectively, "Standard Chartered") filed an endorsed letter [Docket No. 555] in response to the Motion for Reconsideration (Docket No. 549) brought by plaintiff *Headway* and joined by plaintiff *Valladolid* (Docket No. 552) in the instant case.

On 25 October 2010 the Court issued an order in response to the letter directing Plaintiff Valladolid to respond to the subject Standard Chartered letter. [Docket No. 555] Plaintiffs are writing this letter to comply with the Court's directive.

In its 21 October 2010 letter Standard Chartered argues that Valladolid's negligence claims are barred as a matter of law by an exculpatory clause and by Florida's economic loss doctrine. Not so.

Standard Chartered reminds the Court of its initial finding that Valladolid's account was governed by a Nondiscretionary Investment Services Agreement. (4 October 2010 Dismissal Order at 11-12. Docket No. 543) The Agreement contains a clause attempting to shield American Express Bank International from liability for actions or inactions or loss or depreciation in value of the account's holdings "unless resulting from AEBI's gross negligence, willful misconduct or bad faith." (Docket No. 555, p. 2.) ]

However, on pages 32-39 of its 4 October 2010 Order the Court discusses and concludes that Valladolid had adequately alleged gross negligence in connection with the fiduciary duty claim. Regarding the exculpatory clause, the Court stated:

Hon. Victor Marrero
November 5, 2010
Page 2

> "Assuming that this clause is valid and applicable, the Court is not persuaded that Standard Chartered's alleged breach of fiduciary duty in recommending and failing to monitor Valladolid's investment falls below the level of gross negligence as a matter of law, particularly given the extensive warning signs of Madoff's fraud that Valladolid's Complaint alleges were known to Standard Chartered."
> (4 October 2010 Order, Page 38, Docket Item 543.)

In denying Standard Chartered's Motion to Dismiss as to the breach of fiduciary duty claims and underlying gross negligence, the Court stated:

> "Standard Chartered's argument that it essentially had no duty to meaningfully investigate the Fairfield Funds cannot be resolved at this early stage of the litigation, especially given that the duty alleged here is heavily fact-dependent and sharply disputed." (4 October 2010 Order, Page 35, Docket Item 543.)

Valladolid alleged breach of fiduciary duty and negligence as causes of action in her operative complaint. Since the Court has found that Florida law and not California law applies, Valladolid respectfully seeks permission to clarify the operative complaint to make clear its gross negligence allegations consistent with Florida law are included in Valladolid's negligence claim. The Court stated it was "not persuaded" by Standard Chartered's argument that the economic loss rule applies here. (4 October 2010 Order, Page 30, Docket Item 543.)

Valladolid respectfully thanks the Court for the opportunity to request leave to replead as stated above.

Very truly yours,

Michael J. Aguirre
*Counsel for Maria Akriby Valladolid*

cc: Counsel for all parties (by electronic service)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff Maria Valladolid.

SO ORDERED.

11-22-10
DATE    VICTOR MARRERO, U.S.D.J.