**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x
PASHA ANWAR, et al.,          )
          )
         Plaintiffs,     )
          )   Master File No. 09-CV-118 (VM)
     v.          )
          )
FAIRFIELD GREENWICH LIMITED, et al.,  )
          )
         Defendants.    )
          )
This Document Relates To:  *Headway Investment*  )
*Corporation* v. *American Express Bank Ltd., et al.,*  )
No. 09-CV-8500.        )
          )
------------------------------------------------------------------- x

## Standard Chartered Bank and Standard Chartered
## Bank International (Americas) Limited's Answer and Defenses

Defendants Standard Chartered Bank International (Americas) Limited ("SCBI")

and Standard Chartered Bank ("SCB") (collectively the "SCB Defendants"), by their

undersigned counsel, hereby respond to the complaint ("Complaint") of Headway Investment

Corporation ("Headway"), based on present knowledge.  SCB Defendants reserve the right to

supplement and amend this Answer and to add additional defenses of which they become aware

through discovery or other investigation.

I.     **ANSWER**

### Nature of Claims

1.     SCB Defendants deny the allegations of paragraph 1, except admit to the

public knowledge that Bernard Madoff perpetrated the longest-running and largest Ponzi scheme

in history.  SCB Defendants respectfully refer the Court to Madoff's plea allocation in the case

captioned *United States* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. March. 12, 2009) for a complete and accurate description of Bernard Madoff's role in the Ponzi scheme.

## The Parties

2.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore deny them, except admit that: (i) Headway is a foreign private investment corporation organized and existing under the laws of Panama; (ii) Headway maintained a non-discretionary account with SCBI's predecessor, American Express Bank International ("AEBI"), and with SCBI; (iii) SCBI maintains its principal place of business in Miami, Florida; (iv) Headway purchased shares of Fairfield Sentry Ltd. ("Sentry") and Fairfield Sigma Ltd. ("Sigma") (collectively the "Fairfield Funds") through its account with SCBI; (v) Sentry invested substantially all of its assets with Bernard L. Madoff Investment Securities LLC ("BLMIS"); and (vi) Sigma invested substantially all of its assets with Sentry, which in turn invested its assets with BLMIS.

3.     SCB Defendants admit the allegations of paragraph 3.

4.     SCB Defendants deny the allegations of paragraph 4, except admit that American Express Bank Ltd. ("AEBL") was registered to do business in the State of Florida and aver that Standard Chartered PLC acquired the assets of the entity formerly known as AEBL.

5.     SCB Defendants deny the allegations of paragraph 5, except admit that: (i) SCBI's ultimate parent company Standard Chartered PLC acquired the assets of the entity formerly known as AEBL and its subsidiary AEBI in February 2008; (ii) prior to the acquisition, AEBI, which maintained its office at 1111 Brickell Avenue in Miami, Florida, serviced Headway's accounts; and (iii) since the acquisition, Headway's accounts have been serviced by SCBI, which maintains an office at 1111 Brickell Avenue in Miami.

6.     SCB Defendants deny the allegations of paragraph 6, except admit that Robert Friedman was the Former Managing Director and Head of the Global Investment Services Group at American Express Private Bank and aver that the Global Investment Services Group, also known at various times as Global Investment Services and the Investment Product Management Group, was responsible for, among other things, conducting and reviewing the investment products that the Private Bank offered to its customers.

7.     SCB Defendants deny the allegations of paragraph 7, except admit that for a period of time during his employment with American Express Bank:  (i) Samuel Perruchoud's job responsibilities included, among other things, creating financial products and locating products outside the American Express Bank family of funds; and (ii) Perruchoud reported to Friedman.

8.     SCB Defendants admit that:  (i) Rudolfo Pages was, for a period of time during his employment with American Express Bank, the head of sales for Latin American; and (ii) Pages currently resides in Miami, Florida.

9.     SCB Defendants deny the allegations of paragraph 9, except admit that: (i) for a period of time during his employment with AEBI, John G. Dutkowski was an Investment Specialist and reported to Pages; and (ii) Dutkowski currently resides in Miami, Florida.

10.     SCB Defendants deny the allegations of paragraph 10, except admit that Carlos Gadala Maria was a relationship manager at AEBI, and deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Gadala-Maria's current residence and therefore deny it.

11.     SCB Defendants deny the allegations of paragraph 10, except admit that Raul N. Mas was a relationship manager at AEBI, and deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Mas's current residence and therefore deny it.

12.     The allegations of paragraph 12 do not require a response.

13.     SCB Defendants admit that (i) Fairfield Greenwich Group ("FGG"), or a predecessor of FGG, was founded in 1983 and has its principal place of business in New York City; (ii) FGG was an asset manager that manages or previously managed its own hedge funds and certain externally managed funds; and (iii) plaintiff purports to characterize information allegedly available on FGG's website.  SCB Defendants respectfully refer the Court to the FGG website referenced in paragraph 13 for a complete and accurate description of its contents.

14.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, except admit that Fairfield Greenwich Limited ("FG Limited") was a company organized under the laws of the Cayman Islands and, at some point in time, served as the investment manager for Sentry.

15.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, except admit that:  (i) Fairfield Greenwich (Bermuda) Ltd. ("FG Bermuda") was a corporation organized under the laws of Bermuda; (ii) FG Bermuda was a wholly owned subsidiary of FG Limited; (iii) FG Bermuda was registered at some point as an investment adviser under the Investment Advisers Act of 1940; and (iv) FG Bermuda served as investment manager for the Fairfield Funds at some point in time.  SCB Defendants respectfully refer the Court to the Fairfield Funds' Private Placement Memoranda referenced in paragraph 15 for a complete and accurate description of their contents.

16. SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, except admit that: (i) Fairfield Greenwich Advisors LLC ("FG Advisors") was a wholly owned subsidiary of FG Limited; and (ii) FG Advisors was registered with the U.S. Securities and Exchange Commission ("SEC") as an investment adviser.

17. SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, except admit that Walter M. Noel Jr. was a founder of FGG and director of the Fairfield Funds.

18. SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, except admit that Jeffrey Tucker was a founder of FGG.

19. SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, except admit that Amit Vijayvergiya held titles at some point of Chief Risk Officer of FGG and Vice President and Head of Risk Management for FG Bermuda.

20. SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, except admit that Andres Piedrahita was at some point Director and President of FG Bermuda.

21. The allegations of paragraph 21 are not directed at SCB Defendants and therefore no response is required.

22. SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, except admit that PricewaterhouseCoopers LLP ("PWC") served at some point as auditor for the Fairfield Funds.

23.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, except admit that Citco Fund Services (Europe) B.V. served as the Fairfield Funds' administrator.

## Jurisdiction and Venue

24.     The allegations of paragraph 24 assert legal conclusions as to which no response is required; however, to the extent any response is deemed required, SCB Defendants deny the allegations of paragraph 24.

25.     SCB Defendants deny the allegations of paragraph 25, except SCBI admits that it conducted business and maintains an office in Miami, Florida.

26.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore deny them.

27.     The allegations of paragraph 27 are not directed at SCB Defendants and no response is therefore required; however, to the extent a response is deemed required, SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore deny them.

28.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore deny them.

29.     SCB Defendants admit that PWC provides auditing and accounting services to companies in the United States and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore deny them.

30.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore deny them.

31.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore deny them.

32.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore deny them.

33.     SCB Defendants admit that Citco Fund Services (Europe) B.V. ("Citco FS") performs fund administration services for hedge funds, including funds managed in the United States, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore deny them.

34.     SCB Defendants deny the allegations of paragraph 34, except (i) admit that SCBI maintains an office in Miami-Dade County, Florida; (ii) admit that Defendants Pages and Dutkowski maintain residences in Miami-Dade County, Florida; and (iii) deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding Defendant Mas.

## Background Facts

35.     SCB Defendants deny the allegations of paragraph 35, except admit that: (i) Headway opened an account at AEBI in or about February 1997; (ii) Headway opened another account at AEBI and in or about May 1999; and (iii) Headway, or one or more of its principals or beneficial owners, maintained one or more accounts at American Express Bank (Switzerland) S.A.

36.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore deny them, except admit that Headway's Miami-based accounts were managed in Miami by SCBI and its predecessor, AEBI, through, among others, their designated relationship managers.

37.     SCB Defendants deny the allegations of paragraph 37.

38.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, except admit that Sentry invested substantially all of its assets in Bernard L. Madoff Securities ("BLMIS") and that Sentry's investment strategy was plainly disclosed in Sentry's PPM, of which SCB Defendants were aware.

39.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore deny them.

40.     SCB Defendants deny the allegations of paragraph 40, except admit that AEBI provided Headway with monthly account statements.

41.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore deny them.

42.     SCB Defendants deny the allegations of paragraph 42, except admit that in or around June 2005, Headway purchased $2 million of Sentry shares through its account at AEBI.

43.     SCB Defendants deny the allegations of paragraph 43, except admit that: (i) in or around July 2010, Headway purchased €6.2 million of Sigma shares through its account at AEBI; and (ii) in or around August 2005, Headway redeemed shares of Sentry.

44.     SCB Defendants deny the allegations of paragraph 44, except admit that in or about August 2005, Headway purchased €1.75 million of Sigma shares through its account at AEBI.

45.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore deny them, except admit that plaintiff purports to characterize its investments in Sentry and Sigma as of August 2005 and

respectfully refer the Court to plaintiff's account statement for the period ending August 31, 2005, for a complete and accurate description of its contents.

46.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore deny them.

**Fairfield Greenwich Group and Bernie Madoff**

47.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, except admit that Walter M. Noel Jr. founded FGG, or a predecessor to FGG, in 1983 and respectfully refer the Court to the FGG marketing materials referred to in paragraph 47 of the Complaint for a complete and accurate statement of their contents.

48.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, except that FGG had a business relationship with BLMIS and Bernard Madoff and that FGG raised money to invest with Madoff and BLMIS.

49.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore deny them.

50.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, except admit that plaintiff purports to describe the management and performance fees received by FG Bermuda as reflected in the Private Placement Memorandum ("PPM") for Sentry and respectfully refer the Court to the Sentry PPM for a complete and accurate statement of its contents.

51.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, except admit that plaintiff purports to

describe Sigma's financial statements for the years ended December 31, 2007 and 2006, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

52.     SCB Defendants admit that plaintiff purports to quote from the Fairfield Funds' PPMs and respectfully refer the Court to the Sentry and Sigma PPMs for a complete and accurate statement of their contents.

**Bernard Madoff and His $50 Billion Fraud**

53.     SCB Defendants deny the allegations of paragraph 53, except admit that to public knowledge Madoff perpetrated a massive fraudulent scheme through his investment firm, BLMIS.

54.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore deny them.  SCB Defendants respectfully refer the Court to Madoff's Plea Allocation in the case captioned *United States* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. March. 12, 2009) for a complete and accurate description of Madoff's role in the Ponzi scheme and his admissions regarding that role.

55.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55, except admit that:  (i) on December 11, 2008, the SEC charged Madoff and BLMIS with securities fraud for a multi-billion dollar Ponzi scheme and requested that the court halt BLMIS from conducting further operations; and (ii) Sentry invested 95% of its assets with BLMIS.

56.     SCB Defendants admit that:  (i) on December 11, 2008, the United States Attorney's Office for the Southern District of New York criminally charged Madoff and BLMIS with securities fraud; and (ii) plaintiff purports to characterize the SEC's complaint and

respectfully refer the Court to the SEC's complaint for a complete and accurate description of its contents.

57.     SCB Defendants admit the allegations of paragraph 57.

58.     SCB Defendants admit the allegations of paragraph 58.

59.     SCB Defendants admit that: (i) on March 12, 2009, Madoff pleaded guilty to 11 felony charges, including securities and wire fraud; and (ii) plaintiff purports to quote from Madoff's plead allocation, and respectfully refer the Court to Madoff's Plea Allocation in the case captioned *United States* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. March. 12, 2009) for a complete and accurate description of its contents.

60.     SCB Defendants deny the allegations of paragraph 60.

**Missed Red Flags**

61.     SCB Defendants admit the allegations of paragraph 61.

62.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore deny them.

63.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore deny them.

64.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and respectfully refer the court to the unidentified BLOOMBERG NEWS article referred to in paragraph 64 for a complete and accurate description of its contents.

65.     SCB Defendants admit that plaintiff purports to describe and quote from an article published in 2001 in BARRON'S entitled, "Don't ask, don't tell," and respectfully refer the court the BARRON'S article, for a complete and accurate description of its contents.

66.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore deny them.

67.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore deny them.

68.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore deny them.

69.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore deny them.

70.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore deny them.

71.     SCB Defendants deny the allegations of paragraph 71.

**Defendants' Wrongdoing**

72.     SCB Defendants deny the allegations of paragraph 72.

**The Private Bank Defendants**

73.     SCB Defendants deny the allegations of paragraph 73.

74.     SCB Defendants deny the allegations of paragraph 74.

75.     SCB Defendants deny the allegations of paragraph 75.

76.     SCB Defendants deny the allegations of paragraph 76.

77.     SCB Defendants deny the allegations of paragraph 77.

78.     SCB Defendants deny the allegations of paragraph 78.

79.     SCB Defendants deny the allegations of paragraph 79.

**FG Defendants**

80.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore deny them.

81.     SCB Defendants admit that plaintiff purports to quote from information on FGG's website and respectfully refer the Court to the FGG website cited in paragraph 81 for a complete and accurate description of its contents.

82.     SCB Defendants admit that plaintiff purports to quote statements from FGG's website and respectfully refer the Court to the FGG website for a complete and accurate description of its contents.

83.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore deny them, except admit that plaintiff purports to quote from FGG's marketing materials and respectfully refer the Court to those documents for a complete and accurate description of their contents.

84.     SCB Defendants admit that plaintiff purports to characterize statements on FGG's website and respectfully refer the Court to the FGG website for a complete and accurate description of its contents.

85.     SCB Defendants admit that plaintiff purports to characterize statements on FGG's website and respectfully refer the Court to the FGG website for a complete and accurate description of its contents.

86.     The allegations of paragraph 86 are not directed at SCB Defendants and therefore no response is required, except SCB Defendants aver that Fairfield Greenwich Defendants ("FG Defendants") represented that they conducted due diligence for all fund

-13-

managers with whom the Funds invested, including Madoff, and that SCB Defendants relied in good faith on those representations.

87.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and therefore deny them.

**Citco FS**

88.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore deny them.

89.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore deny them.

90.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore deny them.

91.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore deny them.

92.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore deny them.

**PWC**

93.     SCB Defendants admit that PWC served at some point as auditor for the Fairfield Funds.

94.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and therefore deny them.

95.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 and therefore deny them.

96.     SCB Defendant deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and therefore deny them, except admit that: (i) on March 12, 2009, Madoff admitted that the Funds' assets were not comprised of treasury bills or any other securities; and (ii) plaintiff purports to characterize Sentry's December 31, 2006 and 2007 financial statements audited by PWC and respectfully refer the Court to Sentry's audited financial statements for those time periods for a complete and accurate statement of their contents.

97.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore deny them.

98.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore deny them.

99.     SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 and therefore deny them.

100.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 and therefore deny them.

101.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 and therefore deny them.

102.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 and therefore deny them.

103.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and therefore deny them.

104.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and therefore deny them.

105.    SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 and therefore deny them.

106.    The allegations of paragraph 106 are not directed at SCB and therefore no response is required.

## COUNT I
### (Breach of Fiduciary Duty against the Private Bank Defendants)

107.    SCB Defendants incorporate their answers to paragraphs 1 through 106 as if fully set forth herein.

108.    SCB Defendants deny the allegations of paragraph 108.

109.    SCB Defendants deny the allegations of paragraph 109.

110.    SCB Defendants deny the allegations of paragraph 110.

111.    SCB Defendants deny the allegations of paragraph 111.

112.    SCB Defendants deny the allegations of paragraph 112.

113.    SCB Defendants deny the allegations of paragraph 113.

114.    SCB Defendants deny the allegations of paragraph 114.

## COUNT II
### (Breach of Fiduciary Duty against FG Defendants)

115.    SCB Defendants incorporate their answers to paragraphs 1 through 114 as if fully set forth herein.

116.    The allegations of paragraph 116 are not directed at SCB Defendants and therefore no response is required.

117.    The allegations of paragraph 117 are not directed at SCB Defendants and therefore no response is required.

118.    The allegations of paragraph 118 are not directed at SCB Defendants and therefore no response is required.

119.    The allegations of paragraph 119 are not directed at SCB Defendants and therefore no response is required.

120.    The allegations of paragraph 120 are not directed at SCB Defendants and therefore no response is required.

121.    The allegations of paragraph 121 are not directed at SCB Defendants and therefore no response is required.

## COUNT III
### (Negligence against FG Defendants)

122.    SCB Defendants incorporate their answers to paragraphs 1 through 121 as if fully set forth herein.

123.    The allegations of paragraph 123 are not directed at SCB Defendants and therefore no response is required.

124.    The allegations of paragraph 124 are not directed at SCB Defendants and therefore no response is required.

125.    The allegations of paragraph 125 are not directed at SCB Defendants and therefore no response is required.

126.    The allegations of paragraph 126 are not directed at SCB Defendants and therefore no response is required.

## COUNT IV
### (Negligence against the Private Bank Defendants)

127.    SCB Defendants incorporate their answers to paragraphs 1 through 126 as if fully set forth herein.

128.    SCB Defendants deny the allegations of paragraph 128.

129.    SCB Defendants deny the allegations of paragraph 129.

130.    SCB Defendants deny the allegations of paragraph 130.

-17-

131.    SCB Defendants deny the allegations of paragraph 131.

132.    SCB Defendants deny the allegations of paragraph 132.

133.    SCB Defendants deny the allegations of paragraph 133.

134.    SCB Defendants deny the allegations of paragraph 134.

## COUNT V
### (Negligence against Citco FS)

135.    SCB Defendants incorporate their answers to paragraphs 1 through 134 as if fully set forth herein.

136.    The allegations of paragraph 136 are not directed at SCB Defendants and therefore no response is required.

137.    The allegations of paragraph 137 are not directed at SCB Defendants and therefore no response is required.

138.    The allegations of paragraph 138 are not directed at SCB Defendants and therefore no response is required.

139.    The allegations of paragraph 139 are not directed at SCB Defendants and therefore no response is required.

140.    The allegations of paragraph 140 are not directed at SCB Defendants and therefore no response is required.

## COUNT VI
### (Negligence against PWC)

141.    SCB Defendants incorporate their answers to paragraphs 1 through 140 as if fully set forth herein.

142.    The allegations of paragraph 142 are not directed at SCB Defendants and therefore no response is required.

-18-

143.   The allegations of paragraph 143 are not directed at SCB Defendants and therefore no response is required.

144.   The allegations of paragraph 144 are not directed at SCB Defendants and therefore no response is required.

145.   The allegations of paragraph 145 are not directed at SCB Defendants and therefore no response is required.

## COUNT VII
### (Unjust Enrichment against FG Defendants)

146.   SCB Defendants incorporate their answers to paragraphs 1 through 145 as if fully set forth herein.

147.   The allegations of paragraph 147 are not directed at SCB Defendants and therefore no response is required.

148.   The allegations of paragraph 148 are not directed at SCB Defendants and therefore no response is required.

149.   The allegations of paragraph 149 are not directed at SCB Defendants and therefore no response is required.

150.   The allegations of paragraph 150 are not directed at SCB Defendants and therefore no response is required.

## COUNT VIII
### (Unjust Enrichment against American Express Bank and Standard Chartered)

151.   SCB Defendants incorporate their answers to paragraphs 1 through 150 as if fully set forth herein.

152.   The allegations of paragraph 152 relate to plaintiff's claim for unjust enrichment, which was dismissed by the Court; therefore, no response is required.

153.    The allegations of paragraph 153 relate to plaintiff's claim for unjust enrichment, which was dismissed by the Court; therefore, no response is required.

154.    The allegations of paragraph 154 relate to plaintiff's claim for unjust enrichment, which was dismissed by the Court; therefore, no response is required.

155.    The allegations of paragraph 155 relate to plaintiff's claim for unjust enrichment, which was dismissed by the Court; therefore, no response is required.

### Denial of Prayer for Relief

SCB Defendants deny that plaintiff is entitled to any of the relief prayed for on pages 32-33 of the Complaint.

### Jury Trial Demanded

Plaintiff's demand for a trial by jury is subject to its account agreement(s) with SCB Defendants.

## II.    DEFENSES

SCB Defendants assert the following defenses:

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

Any damage allegedly suffered by plaintiff was caused by the intervening act(s) or omission(s) of persons other than SCB Defendants and said act(s) or omission(s) superseded any action or omission by SCB Defendants for which it might be considered liable.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because SCB Defendants' alleged conduct was not the cause of plaintiff's injuries.

**Fourth Defense**

SCB Defendants have not engaged in any conduct that would entitle plaintiff to an award of punitive damages.

**Fifth Defense**

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

**Sixth Defense**

Plaintiff's claims are barred because plaintiff knowingly and voluntarily assumed the risks inherent in the investments at issue.

**Seventh Defense**

Plaintiff was contributorily negligent.

**Eighth Defense**

Plaintiff's claims are barred because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

**Ninth Defense**

The claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation.

**Tenth Defense**

Plaintiff did not justifiably or reasonably rely on any alleged representations, acts or omissions by SCB Defendants.

**Eleventh Defense**

Plaintiff's claims are barred because SCB Defendants, or any person or entity acting or purporting to act on their behalf, acted in good faith and with due care and diligence.

## Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of its account agreements with SCBI.

## Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of disclosures in the applicable Subscription Agreements and the Sentry and Sigma PPMs.

## Fourteenth Defense

SCB Defendants were entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are subject of plaintiff's claims.

## Fifteenth Defense

Any damages recoverable by plaintiff from SCB Defendants are limited to the percentage of fault attributable to SCB Defendants and thus would not include the percentage of fault attributable to at-fault third parties, including but not limited to the defendants named in the Second Consolidated Amended Complaint in *Anwar* v. *Fairfield Greenwich Limited*, No. 09-cv-0118.

## Sixteenth Defense

Any recovery by plaintiff against SCB Defendants is to be offset by any and all other recoveries by plaintiff with respect to its investments in Sentry and Sigma.

## Seventeenth Defense

SCB Defendants are entitled to recover contribution from others for any liability they incur to plaintiff.

## Eighteenth Defense

Any recovery by plaintiff against SCB Defendants is to be offset by any and all debts, liabilities or obligations owed by plaintiff to SCB Defendants.

WHEREFORE, SCB Defendants respectfully demand judgment dismissing this action with prejudice together with their costs and disbursements.

Respectfully submitted,

By:    /s/ Sharon L. Nelles
Sharon L. Nelles
Bradley P. Smith
Patrick B. Berarducci
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  nelless@sullcrom.com

Diane L. McGimsey
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800

*Attorneys for Defendants*
*Standard Chartered Bank and Standard*
*Chartered Bank International (Americas)*
*Ltd.*

November 24, 2010