UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
PASHA ANWAR, et al., )
)
)
                    Plaintiffs, )   Master File No. 09-CV-118 (VM)
   v. )
)
FAIRFIELD GREENWICH LIMITED, et al., )
)
                  Defendants. )
)
This Document Relates To: *Ricardo Lopez* v. *Standard* )
*Chartered Bank International (Americas) Ltd.*, *et al.*, )
No. 10-CV-00919. )
)
-----------------------------------------------------------------------x

**Standard Chartered PLC and Standard Chartered International (Americas)
Limited's Answer and Defenses to the First Amended Complaint**

      Defendants Standard Chartered Bank International (Americas) Limited ("SCBI") and Standard Chartered PLC (collectively referred to herein as "SCB Defendants"), through their undersigned counsel, hereby respond as follows to the First Amended Complaint (the "Amended Complaint"), based on present knowledge.  SCB Defendants reserve the right to supplement and amend this Answer and to add additional defenses of which they become aware through discovery or other investigation.

**I.**      **ANSWER**

**Nature of the Action**

      1.      SCB Defendants deny the allegations of paragraph 1, except admit that: (i) plaintiff was a customer of SCBI; (ii) plaintiff invested in shares of Fairfield Sentry Ltd. ("Sentry") and Fairfield Sigma Ltd. ("Sigma") through his account at SCBI; (iii) substantially all

of the assets of Sigma and Sentry were invested with Bernard L. Madoff Investment Securities ("BLMIS"); and (iv) plaintiff purports to allege securities fraud violations and related common law causes of action. SCB Defendants aver that the federal securities fraud, common law fraud, and unjust enrichment causes of action have been dismissed, and that the cause of action for rescission under the Investment Advisers Act has been abandoned.

2. SCB Defendants deny the allegations of paragraph 2, except admit that: (i) plaintiff invested in Sentry and Sigma through his account at SCBI, formerly named American Express Bank International; (ii) Sentry and Sigma invested substantially all of their assets in BLMIS; and (iii) investments in Sentry and Sigma substantially declined in value as a result of the fraud perpetrated by Bernard L. Madoff and BLMIS. SCB Defendants deny that plaintiff suffered damages as a result of any conduct by SCB Defendants.

3. SCB Defendants admit the allegations of paragraph 3.

4. SCB Defendants admit that the Amended Complaint purports to characterize the allegations in the complaint filed by the Securities and Exchange Commission captioned *SEC* v. *Madoff*, No. 08-CV-10791 (S.D.N.Y. Dec. 11, 2008), and respectfully refer the Court to the SEC complaint for a complete and accurate description of its contents.

5. SCB Defendants deny the allegations of paragraph 5.

6. SCB Defendants deny the allegations of paragraph 6.

7. SCB Defendants deny the allegations of paragraph 7, except admit that Sentry and Sigma were generally regarded as highly sought-after funds.

8. SCB Defendants deny the allegations of paragraph 8.

9. SCB Defendants deny the allegations of paragraph 9.

10. SCB Defendants deny the allegations of paragraph 10 and aver that the federal securities fraud, common law fraud, and unjust enrichment causes of action have been dismissed, and that the cause of action for rescission under the Investment Advisers Act has been abandoned.

### Jurisdiction and Venue

11. SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that the common law claims arise out of the same transactions or occurrences giving rise to the securities claims and therefore deny it.  SCB Defendants aver that the federal securities claims have been dismissed and therefore no response to the remaining allegations of paragraph 11 is required.

12. SCB Defendants admit that:  (i) plaintiff purports to base jurisdiction of this action on Section 27 of the Securities Exchange Act, Section 214 of the Investment Advisers Act, the supplemental jurisdiction of the Court, and 28 U.S.C. §§ 1331, 1337, and 1367; and (ii) SCBI transacts business in the Southern District of Florida.

13. SCB Defendants deny the allegations of paragraph 13, except admit that: (i) plaintiff purports to base jurisdiction of this action on Fla. Stat. §§ 48.193(1)(a), 48.193(1)(b), and 48.193(2); and (ii) SCBI operates an office in Miami, Florida.

14. SCB Defendants deny the allegations of paragraph 14.

15. SCB Defendants deny the allegations of paragraph 15.

16. SCB Defendants deny the allegations of paragraph 16, except admit that: (i) plaintiff purports to base venue for this action on Section 27 of the Securities Exchange Act, Section 214 of the Investment Advisers Act, and § 1391(b); and (ii) SCBI conducts business in the Southern District of Florida.

17. SCB Defendants deny the allegations of paragraph 17.

- 4 -

**Parties**

18. SCB Defendants admit that: (i) plaintiff is an individual residing in Barcelona, Spain; and (ii) plaintiff held an account at American Express Bank International ("AEBI"), later renamed SCBI.

19. SCB Defendants admit that (i) Standard Chartered PLC is organized under the laws of the United Kingdom, with a place of business at 1 Aldermanbury Square, London, EC2V 7SB, United Kingdom; (ii) Standard Chartered PLC is the ultimate parent corporation of Standard Chartered Bank PLC; and (iii) Standard Chartered Bank PLC is the direct parent corporation of SCBI.

20. SCB Defendants admit that: (i) Standard Chartered PLC is the direct parent of Standard Chartered Holdings Limited; (ii) Standard Chartered Holdings Limited is the direct parent of Standard Chartered Bank PLC; and (iii) Standard Chartered Bank PLC is the direct parent of Standard Chartered Bank International (Americas) Limited.

21. SCB Defendants deny the allegations of paragraph 21, except admit that: (i) SCBI is a foreign corporation authorized to do business in Florida with a place of business at 1111 Brickell Avenue, Miami, Florida 33131; (ii) AEBI was renamed SCBI; and (iii) plaintiff's accounts were serviced through the Miami office of SCBI. SCB Defendants aver that American Express Bank Ltd. was renamed Standard Chartered International (USA) Ltd.

22. SCB Defendants deny the allegations of paragraph 22, except admit that: (i) AEBI was an Edge Act corporation that offered private banking services to individuals outside of the United States; and (ii) AEBI had its headquarters in Miami.

**Factual Allegations**

23. SCB Defendants deny the allegations of paragraph 23, except admit that plaintiff opened an account with AEBI in 2004.

24. SCB Defendants deny the allegations of paragraph 24.

25. SCB Defendants deny the allegations of paragraph 25, except admit that in 2006, Antonio Garcia-Ardanez was a relationship manager at AEBI.

26. SCB Defendants deny the allegations of paragraph 26, except admit that in 2006, Sentry and Sigma had a history of stable and steady returns.

27. SCB Defendants deny the allegations of paragraph 27.

28. SCB Defendants deny the allegations of paragraph 28.

29. SCB Defendants deny the allegations of paragraph 29.

30. SCB Defendants deny the allegations of paragraph 30, except admit that plaintiff authorized his investments in Sentry and Sigma.

31. SCB Defendants deny the allegations of paragraph 31, except admit that in September 2006, plaintiff purchased 578.67 shares of Sigma for approximately €100,000.

32. SCB Defendants deny the allegations of paragraph 32, except admit that in April 2007, plaintiff purchased 836.86 shares of Sigma for approximately €150,000.

33. SCB Defendants deny the allegations of paragraph 33, except admit that plaintiff was charged fees on a quarterly basis that were debited from plaintiff's accounts.

34. SCB Defendants deny the allegations of paragraph 34, except admit that: (i) on or about September 18, 2007, Standard Chartered PLC announced that it had reached an agreement to acquire American Express Bank Ltd. from the American Express Company; and (ii) Standard Chartered PLC acquired American Express Bank Ltd. from the American Express Company in February 2008.

35. SCB Defendants admit that, on or about February 2008, American Express Bank Ltd. was acquired by Standard Chartered PLC. SCB Defendants aver that American Express

Bank Ltd. was renamed Standard Chartered International (USA) Ltd. and AEBI was renamed SCBI.

36. SCB Defendants deny the allegations of paragraph 36, except admit that Standard Chartered PLC acquired American Express Bank Ltd., which was the direct corporate parent of AEBI, which in turn serviced plaintiff's accounts.

37. SCB Defendants deny the allegations of paragraph 37.

38. SCB Defendants deny the allegations of paragraph 38.

39. SCB Defendants deny the allegations of paragraph 39.

40. SCB Defendants deny the allegations of paragraph 40.

41. SCB Defendants deny the allegations of paragraph 41.

42. SCB Defendants deny the allegations of paragraph 42, except admit that in August 2008, plaintiff purchased 409.25 shares of Sentry for approximately $550,000.

43. SCB Defendants deny the allegations of paragraph 43.

44. SCB Defendants deny the allegations of paragraph 44, except admit that plaintiff purports to characterize information reflected in his account statement for the period ending November 30, 2008, and respectfully refers the Court to that account statement for a complete and accurate description of its contents.

45. SCB Defendants deny the allegations of paragraph 45, except admit that plaintiff purports to characterize information reflected in his account statement for the period ending November 30, 2008, and respectfully refers the Court to that account statement for a complete and accurate description of its contents.

46. SCB Defendants deny the allegations of paragraph 46.

47. SCB Defendants deny the allegations of paragraph 47, except deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding plaintiff's familiarity with Sentry, Sigma, and other related entities and therefore deny it.

48. SCB Defendants admit that SCB Defendants were aware, based on their due diligence and the disclosures in the Sentry and Sigma PPMs, that Sentry and Sigma invested substantially all of their assets in BLMIS and that Sentry's and Sigma's investment strategies were disclosed in their respective PPMs, of which SCB Defendants were aware.

49. SCB Defendants deny the allegations of paragraph 49.

50. SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore deny them.

51. SCB Defendants deny the allegations of paragraph 51.

52. SCB Defendants deny the allegations of paragraph 52.

## AS AND FOR A FIRST CLAIM
**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 of the Securities Exchange Commission Against All Defendants)**

53. SCB Defendants repeat and reallege their responses to paragraphs 1 through 52 as if fully set forth herein.

54. The allegations of paragraph 54 relate to plaintiff's claim for a violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, which was dismissed by the Court; therefore, no response is required.

55. The allegations of paragraph 55 relate to plaintiff's claim for a violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, which was dismissed by the Court; therefore, no response is required.

56. The allegations of paragraph 56 relate to plaintiff's claim for a violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, which was dismissed by the Court; therefore, no response is required.

57. The allegations of paragraph 57 relate to plaintiff's claim for a violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, which was dismissed by the Court; therefore, no response is required.

58. The allegations of paragraph 58 relate to plaintiff's claim for a violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, which was dismissed by the Court; therefore, no response is required.

59. The allegations of paragraph 59 relate to plaintiff's claim for a violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, which was dismissed by the Court; therefore, no response is required.

60. The allegations of paragraph 60 relate to plaintiff's claim for a violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, which was dismissed by the Court; therefore, no response is required.

## AS AND FOR A SECOND CLAIM
### (Violations of Section 20(A) of the Exchange Act Against Defendant Standard Chartered PLC)

61. SCB Defendants repeat and reallege their responses to paragraphs 1 through 60 as if fully set forth herein.

62. The allegations of paragraph 62 relate to plaintiff's claim for a violation of Section 20(A) of the Securities Exchange Act, which was dismissed by the Court; therefore, no response is required.

63. The allegations of paragraph 63 relate to plaintiff's claim for a violation of Section 20(A) of the Securities Exchange Act, which was dismissed by the Court; therefore, no response is required.

64. The allegations of paragraph 64 relate to plaintiff's claim for a violation of Section 20(A) of the Securities Exchange Act, which was dismissed by the Court; therefore, no response is required.

65. The allegations of paragraph 65 relate to plaintiff's claim for a violation of Section 20(A) of the Securities Exchange Act, which was dismissed by the Court; therefore, no response is required.

66. The allegations of paragraph 66 relate to plaintiff's claim for a violation of Section 20(A) of the Securities Exchange Act, which was dismissed by the Court; therefore, no response is required.

**AS AND FOR A THIRD CLAIM**
**(Rescission under the Investment Advisers Act, 15 U.S.C. § 80b-1 *et seq.*
Against Defendant Standard Chartered Americas)**

67. SCB Defendants repeat and reallege their responses to paragraphs 1 through 66 as if fully set forth herein.

68. The allegations of paragraph 68 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore, no response is required.

69. The allegations of paragraph 69 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore, no response is required.

70. The allegations of paragraph 70 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore, no response is required.

71. The allegations of paragraph 71 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore, no response is required.

72. The allegations of paragraph 72 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore, no response is required.

73. The allegations of paragraph 73 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore, no response is required.

74. The allegations of paragraph 74 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore, no response is required.

75. The allegations of paragraph 75 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore no response is required.

76. The allegations of paragraph 76 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore no response is required.

77. The allegations of paragraph 77 relate to plaintiff's claim for rescission under the Investment Advisers Act, which plaintiff abandoned; therefore no response is required.

## AS AND FOR A FOURTH CLAIM
**(Breach of Fiduciary Duty Against the Standard Chartered Defendants)**

78. SCB Defendants repeat and reallege their responses to paragraphs 1 through 77 as if fully set forth herein.

79. SCB Defendants deny the allegations of paragraph 79.

80. SCB Defendants deny the allegations of paragraph 80.

81. SCB Defendants deny the allegations of paragraph 81.

82. SCB Defendants deny the allegations of paragraph 82.

83. SCB Defendants deny the allegations of paragraph 83.

## AS AND FOR A FIFTH CLAIM
**(Gross Negligence Against the Standard Chartered Defendants)**

84. SCB Defendants repeat and reallege their responses to paragraphs 1 through 83 as if fully set forth herein.

85. The allegations of paragraph 85 contain a legal conclusion to which no response is required; however, to the extent a response is deemed required, SCB Defendants deny the allegations of paragraph 85.

86. SCB Defendants deny the allegations of paragraph 86.

87. SCB Defendants deny the allegations of paragraph 87.

88. SCB Defendants deny the allegations of paragraph 88.

## AS AND FOR A SIXTH CLAIM
### (Unjust Enrichment and Constructive Trust Against All Defendants)

89. SCB Defendants repeat and reallege their responses to paragraphs 1 through 88 as if fully set forth herein.

90. The allegations of paragraph 90 relate to plaintiff's claim for unjust enrichment and constructive trust, which was dismissed by the Court; therefore, no response is required.

91. The allegations of paragraph 91 relate to plaintiff's claim for unjust enrichment and constructive trust, which was dismissed by the Court; therefore, no response is required.

92. The allegations of paragraph 92 relate to plaintiff's claim for unjust enrichment and constructive trust, which was dismissed by the Court; therefore, no response is required.

## AS AND FOR A SEVENTH CLAIM
### (Common Law Fraud Against All Defendants)

93. SCB Defendants repeat and reallege their responses to paragraphs 1 through 92 as if fully set forth herein.

94. The allegations of paragraph 94 relate to plaintiff's claim for common law fraud, which was dismissed by the Court; therefore, no response is required.

95. The allegations of paragraph 95 relate to plaintiff's claim for common law fraud, which was dismissed by the Court; therefore, no response is required.

### Denial of Prayer for Relief

SCB Defendants deny that plaintiff is entitled to any of the relief prayed for on page 20 of the Complaint.

### Jury Trial Demand

Plaintiffs' demand for a trial by jury is subject to his account agreements with SCBI.

### II.     DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Any damages allegedly suffered by plaintiff were caused by the intervening act(s) or omission(s) of persons or entities other than SCB Defendants, and said act(s) or omission(s) superseded any act or omission by SCB Defendants for which they might be considered liable.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because SCB Defendants' alleged conduct was not the cause of plaintiff's injuries.

### Fourth Defense

The claims asserted in the Amended Complaint are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation.

### Fifth Defense

SCB Defendants have not engaged in any conduct that would entitle plaintiff to an award of punitive damages.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff knowingly and voluntarily assumed the risks inherent in the investments at issue.

### Seventh Defense

Plaintiff was contributorily negligent.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### Tenth Defense

Plaintiff did not justifiably or reasonably rely on any alleged representations, acts or omissions by SCB Defendants.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because SCB Defendants, or any person or entity acting or purporting to act on their behalf, acted in good faith and with due care and diligence.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of his account agreements with SCBI.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of disclosures in the applicable Subscription Agreements and the PPM.

- 14 -

### Fourteenth Defense

SCB Defendants were entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are the subject of plaintiff's claims.

### Fifteenth Defense

Any damages recoverable by plaintiff from SCB Defendants are limited to the percentage of fault attributable to SCB Defendants, and thus would not include the percentage of fault attributable to at-fault third parties, including but not limited to the defendants named in the Second Consolidated Amended Complaint in *Anwar* v. *Fairfield Greenwich Limited*, No. 09-CV-0118.

### Sixteenth Defense

Any recovery by plaintiff against SCB Defendants is to be offset, in whole or in part, by any and all other recoveries by plaintiff with respect to his investments in Sentry and Sigma.

### Seventeenth Defense

SCB Defendants are entitled to recover contribution from others for any liability they incur to plaintiff.

### Eighteenth Defense

Any recovery by plaintiff against SCB Defendants is to be offset by any and all debts, liabilities or obligations owed by plaintiff to SCB Defendants.

WHEREFORE, SCB Defendants respectfully demand judgment dismissing this action with prejudice together with their costs and disbursements.

Respectfully submitted,

By: /s/ Sharon L. Nelles
Sharon L. Nelles
Bradley P. Smith
Patrick B. Berarducci
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: nelless@sullcrom.com

Diane L. McGimsey
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Defendants*
*Standard Chartered Bank*
*International (Americas) Ltd. and*
*Standard Chartered PLC*

November 24, 2010