**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PASHA ANWAR, et al.,

Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, et al.,

Defendants.

This Document Relates To: *Maridom Ltd. et. al* v. *Standard Chartered Bank International (Americas) Ltd.*, No. 10-CV-00920.

Master File No. 09-CV-118 (VM)

**Standard Chartered Bank International**
**(Americas) Limited's Answer and Affirmative Defenses**

Defendant Standard Chartered Bank International (Americas) Limited ("SCBI"), by its undersigned counsel, hereby responds to the amended complaint (the "Amended Complaint") of Maridom Ltd. ("Maridom"), Caribetrans, S.A. ("Caribetrans"), and Abbot Capital, Inc. ("Abbot") (collectively "plaintiffs"), based on its present knowledge. SCBI reserves the right to supplement and amend this Answer and to add additional defenses of which it becomes aware through discovery or other investigation.

## I. ANSWER

**Nature of Action**

1. SCBI denies the allegations of paragraph 1, except admits that plaintiffs have filed a complaint in this action purporting to seek compensatory and punitive damages as well as interest and costs, and further respectfully refers the Court to the Amended Complaint for a complete and accurate description of its contents.

2. SCBI denies the allegations of paragraph 2, except admits that plaintiffs are three companies owned and operated by persons from the Dominican Republic.

3. SCBI denies the allegations of paragraph 3, except admits that: (i) plaintiffs invested in Fairfield Sentry Limited ("Sentry") through their accounts at SCBI; and (ii) Sentry invested substantially all of its assets in Bernard L. Madoff Investment Securities LLC ("BLMIS").

4. The allegations of paragraph 4 assert legal conclusions as to which no response is required; however, to the extent any response is deemed required, SCBI denies the allegations of paragraph 4.

5. SCBI denies the allegations of paragraph 5.

6. SCBI denies the allegations of paragraph 6.

7. SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

**Jurisdiction, Parties and Venue**

8. SCBI admits the allegations of paragraph 8.

9. SCBI denies the allegations of paragraph 9, except admits that plaintiffs purport to place venue in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a)(2).

10. SCBI admits the allegations of paragraph 10.

11. SCBI admits the allegations of paragraph 11.

12. SCBI admits the allegations of paragraph 12.

13. SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14. SCBI denies the allegations of paragraph 14, except admits that SCBI is an Edge Act Corporation incorporated under the laws of the United States, headquartered in

Miami, Florida, and a wholly-owned direct subsidiary of Standard Chartered Bank. SCBI respectfully refers the Court to the Federal Reserve website referenced in paragraph 14 of the Amended Complaint for a complete and accurate description of its contents.

15. SCBI admits that its office is located within the Southern District of Florida and it regularly conducts business in that District, and that it is a corporation organized under the laws of the United States. The remainder of the allegations of paragraph 15 assert legal conclusions as to which no response is required; however, to the extent any response is deemed required, SCBI denies the allegations of paragraph 15.

16. SCBI admits that: (i) its ultimate parent company, Standard Chartered PLC, acquired American Express Bank Ltd. in February 2008; (ii) American Express Bank Ltd. was the direct corporate parent of American Express Bank International ("AEBI"); and (iii) following the acquisition, AEBI was renamed SCBI.

**Plaintiffs' Account Relationships with SCBI**

17. SCBI denies the allegations of paragraph 17, except admits that Caribetrans opened an account with SCBI in 1991 and from time to time purchased and sold securities through its account.

18. SCBI denies the allegations of paragraph 18, except admits that: (i) in 1993, Maridom opened demand deposit and money market accounts with SCBI that were denominated in U.S. dollars; (ii) Maridom subsequently opened a non-discretionary account at SCBI; and (iii) from time to time Maridom purchased and sold securities through its accounts with SCBI.

19. SCBI denies the allegations of paragraph 19, except admits that Abbot opened an account with SCBI in December 2003 and from time to time purchased and sold securities through its account.

20. SCBI denies the allegations of paragraph 20.

**Plaintiffs' Investments in Fairfield Sentry Fund**

21. SCBI denies the allegations of paragraph 21, except admits that SCBI executed, at Abbot's request, transactions whereby Abbot purchased Redeemable Voting Shares ("Shares") of Fairfield Sentry Limited ("Sentry"), a business company organized under the laws of the British Virgin Islands ("BVI"), for $700,000 and $205,000.

22. SCBI denies the allegations of paragraph 22.

23. SCBI denies the allegations of paragraph 23, except admits that SCBI executed, at Maridom's request, transactions whereby Maridom purchased Shares of Sentry for $1,000,000 and approximately $2,600,000.

24. SCBI denies the allegations of paragraph 24.

25. SCBI denies the allegations of paragraph 25, except admits that SCBI executed, at Caribetrans' request, a transaction whereby Caribetrans purchased Shares of Sentry for $300,000.

26. SCBI denies the allegations of paragraph 26.

27. SCBI denies the allegations of paragraph 27, except admits that, at the time of plaintiffs' purchases of Sentry, Sentry Shares had a history of steady returns and lower volatility and risk than certain other investments.

28. SCBI denies the allegations of paragraph 28.

29. SCBI admits that plaintiffs were provided the "Confidential Private Placement Memorandum" ("PPM") for Sentry at the time of plaintiffs' initial investments in Sentry and respectfully refers the Court to the PPM for a description of the person(s), entity or entities responsible for its preparation. The remaining allegations of paragraph 29 assert legal

conclusions as to which no response is required; however, to the extent any response is deemed required, SCBI denies the remaining allegations of paragraph 29.

30. SCBI respectfully refers the Court to the PPM for a complete and accurate description of its contents.

31. SCBI denies the allegations of paragraph 31, except admits that Sentry invested substantially all of its assets in BLMIS and that Sentry's investment strategy was plainly disclosed on Sentry's PPM, of which SCBI was aware.

**Madoff**

32. SCBI denies the allegations of paragraph 32, except admits that plaintiffs collectively invested over $4,800,000 in Sentry prior to December 11, 2008.

33. SCBI denies the allegations of paragraph 33, except admits that plaintiffs' purport to characterize information reflected in their account statements for the period ending October 31, 2008, and respectfully refer the Court to those account statements for a complete and accurate description of their contents.

34. SCBI admits that to public knowledge, (i) Bernard L. Madoff ("Madoff") perpetrated the largest and longest-running Ponzi scheme in history; and (ii) Madoff admitted that he operated a Ponzi scheme from at least the early 1990s until his fraud was exposed on December 11, 2008. SCBI respectfully refers the Court to WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY for a complete and accurate description of its contents, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 and therefore denies them.

35. SCBI admits that plaintiffs' investments in Sentry as of December 11, 2008, resulted in a net loss of principal, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 and therefore denies them.

36. SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them. SCBI further respectfully refers the Court to the complaint filed by the Securities and Exchange Commission ("SEC") captioned, *SEC* v. *Madoff*, No. 08-cv-10791 (S.D.N.Y. Dec. 11, 2008) and Madoff's plea allocation in the case captioned *U.S.* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. March. 12, 2009) for a complete and accurate description of their contents.

**Count One**

**Breach of Duties Owed to Plaintiffs in Recommending SFS Investments**

37. SCBI repeats and realleges its responses to paragraphs 1 through 36 as if fully set forth herein.

38. The allegations of paragraph 38 assert legal conclusions as to which no response is required; however, to the extent any response is deemed required, SCBI denies the allegations of paragraph 38.

39. The allegations of paragraph 39 assert legal conclusions as to which no response is required; however, to the extent any response is deemed required, SCBI denies the allegations of paragraph 39.

40. SCBI denies the allegations of paragraph 40.

41. SCBI admits that: (i) BLMIS used paper trading confirmations; (ii) Sentry earned management and performance fees, while BLMIS earned brokerage commissions; (iii) BLMIS had custody of substantially all of Sentry's assets; and (iv) a May 2001 MAR/HEDGE newsletter and a 2001 BARRON'S article suggested that some people had expressed skepticism concerning BLMIS' and Madoff's investment returns. SCBI denies or denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 and therefore denies them.

42. SCBI denies that skepticism about BLMIS was widespread among those who looked closely at its operations, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42 and therefore denies them. SCBI respectfully refers the Court to the unidentified article in PENSION & INVESTMENTS referenced by plaintiffs in paragraph 42 of the Complaint for a complete and accurate description of its contents.

43. SCBI denies the allegations of paragraph 43, except admits that materials, including the May 2001 MAR/HEDGE newsletter and the 2001 BARRON'S article referenced in paragraph 43 of the Amended Complaint, were publicly available and respectfully refers the Court to those documents for a complete and accurate description of their contents.

44. SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45. SCBI denies the allegations of paragraph 45, except admits that there is a pending action in the United States District Court for the Southern District of New York, captioned *Anwar* v. *Fairfield Greenwich Limited,* No. 09-cv-0118 ("*Anwar*"), with which the above captioned matter has been consolidated for pre-trial purposes. SCBI respectfully refers the Court to the Second Consolidated Amended Complaint filed in that action, dated September 9, 2009, for a complete and accurate description of the allegations and claims asserted in that action.

46. SCBI denies the allegations of paragraph 46.

47. SCBI denies the allegations of paragraph 47.

48. SCBI denies that plaintiffs have suffered any damages as a result of conduct by SCBI and therefore denies the allegations of paragraph 48.

49. SCBI denies the allegations of paragraph 49.

50. SCBI denies the allegations of paragraph 50.

**Count Two**

**Negligent Misrepresentation**

51. SCBI repeats and realleges its responses to paragraphs 1 through 50 as if fully set forth herein.

52. SCBI denies the allegations of paragraph 52.

53. SCBI denies the allegations of paragraph 53.

54. SCBI denies the allegations of paragraph 54.

55. SCBI denies the allegations of paragraph 55.

56. SCBI denies the allegations of paragraph 56.

57. SCBI denies that plaintiffs have suffered any damages as a result of conduct by SCBI and therefore denies the allegations of paragraph 57.

**Count Three**

**Fraud**

58. SCBI repeats and realleges its responses to paragraphs 1 through 57 as if fully set forth herein.

59. SCBI denies the allegations of paragraph 59.

60. SCBI denies the allegations of paragraph 60.

61. SCBI denies the allegations of paragraph 61.

**Denial of Prayer for Relief**

SCBI denies that plaintiffs are entitled to any of the relief prayed for on page 22 of the Amended Complaint.

**Jury Trial Demand**

Plaintiffs' demand for a trial by jury is subject to their account agreements with SCBI.

## II. DEFENSES

SCBI asserts the following defenses:

**First Defense**

Plaintiffs have failed to state a claim upon which relief can be granted.

**Second Defense**

Any damages allegedly suffered by plaintiffs were caused by the intervening act(s) or omission(s) of persons other than SCBI and said act(s) or omission(s) superseded any action or omission by SCBI for which it might be considered liable.

**Third Defense**

Plaintiffs' claims are barred, in whole or in part, because SCBI's alleged conduct was not the cause of plaintiffs' injuries.

**Fourth Defense**

SCBI has not engaged in any conduct that would entitle plaintiffs to an award of punitive damages.

**Fifth Defense**

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

**Sixth Defense**

Plaintiffs' claims are barred, in whole or in part, because plaintiffs knowingly and voluntarily assumed the risks inherent in the investments at issue.

**Seventh Defense**

Plaintiffs were contributorily negligent.

**Eighth Defense**

The claims asserted in the Amended Complaint are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation.

**Ninth Defense**

Plaintiffs' claims are barred because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

**Tenth Defense**

Plaintiffs did not justifiably or reasonably rely on any alleged representations, acts or omissions by SCBI.

**Eleventh Defense**

Plaintiffs' claims are barred, in whole or in part, because SCBI, or any person or entity acting or purporting to act on its behalf, acted in good faith and with due care and diligence.

**Twelfth Defense**

Plaintiffs' claims are barred, in whole or in part, by virtue of their account agreements with SCBI.

**Thirteenth Defense**

Plaintiffs' claims are barred, in whole or in part, by virtue of disclosures in the applicable Subscription Agreements and the PPM.

**Fourteenth Defense**

SCBI was entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are subject of plaintiffs' claims.

**Fifteenth Defense**

Any damages recoverable by plaintiffs from SCBI are limited to the percentage of fault attributable to SCBI, and thus would not include the percentage of fault attributable to at-fault third parties, including but not limited to the defendants named in the Second Consolidated Amended Complaint in *Anwar*.

**Sixteenth Defense**

Any recovery by plaintiffs against SCBI is to be offset by any and all other recoveries by plaintiffs with respect to their investments in Sentry.

**Seventeenth Defense**

SCBI is entitled to recover contribution from others for any liability they incur to plaintiffs.

**Eighteenth Defense**

Any recovery by plaintiffs against SCBI is to be offset by any and all debts, liabilities or obligations owed by plaintiffs to SCBI.

WHEREFORE, SCBI respectfully demands judgment dismissing this action with prejudice together with their costs and disbursements.

Respectfully submitted,

By: /s/ Sharon L. Nelles

Sharon L. Nelles
Bradley P. Smith
Patrick B. Berarducci
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: nelless@sullcrom.com

Diane L. McGimsey
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Defendant*
*Standard Chartered Bank*
*International (Americas) Ltd.*

November 24, 2010