# AGUIRRE, MORRIS & SEVERSON LLP
## ATTORNEYS AT LAW

Michael J. Aguirre, Esq.
maguirre@amslawyers.com

444 West C Street, Suite 210
San Diego, CA 92101
Telephone (619) 876-5364
Facsimile (619) 876-5368

**RECEIVED OCT 26 2010 CHAMBERS OF JUDGE MARRERO**

BY FACSIMILE to (212) 805-6382

October 26, 2010

Hon. Victor Marrero
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 1007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY ...
DOC #: _____
DATE FILED: 11-29-10

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, Master File No 09-cv-118 (VM)

Dear Judge Marrero:

I am counsel for plaintiff Maria Akriby Valladolid ("Valladolid"). This letter was sent to the Court through the ECF System yesterday rather than directly to the Court. Valladolid respectfully requests the Court to consider the relief sought in this letter.

In the Court's Decision and Order of 4 October 2010 (4 October 2010 Order), the Court directed Valladolid to submit to the Court, within 21 days an application showing how a repleading would correct the deficiencies identified in the Court's findings discussed above and would not be futile. Plaintiffs are writing this letter to comply with the Court's directive.

The Court correctly explains in the 4 October 2010 Order that Plaintiff's relationship was with defendant American Express Bank International ("AEBI").[1] AEBI was later acquired by Standard Chartered PLC and renamed Standard Chartered Bank International (SCBI).[2]

On page 4, fn 4 of the 4 October 2010 Order, the Court correctly noted the operative complaint alleges Valladolid was a customer of AEBL (American Express Bank Ltd.) when in fact Valladolid was a customer of AEBI. However, Valladolid's Account Application and Agreement states as follows:

> "We authorize you to accept instructions with respect to our account(s) maintained with you from the following affiliate offices of yours: AEBL\ San Diego."

Accordingly, Plaintiff Valladolid seeks permission to replead to correct the error by alleging that Valldolid was a customer of AEBI and had authorized instructions from AEBL.

---
[1] See 4 October 2010 Order pp 3-4).
[2] See 4 October 2010 Order pp 1, 4.

Hon. Victor Marrero
October 26, 2010
Page 2

On page 5, fn 5 the 4 October 2010 Order, the Court correctly notes the Valladolid Complaint names American Express Bank an entity not previously mentioned, as a defendant. Plaintiff seeks permission to replead to remove America Express Bank from the operative complaint.

On pages 32-39 of its 4 October 2010 Order the Court discusses and concludes that Valladolid had adequately alleged gross negligence in connection with the fiduciary duty claim. Valladolid seeks permission to clarify the operative complaint to make clear its gross negligence allegations are included in Valladolid's negligence claim.

Further, Plaintiff Valladolid will respond by 5 November 2010 to the gross negligence issues raised in the 21 October 2010 Sullivan & Cromwell letter as directed by the Court in its 25 October 2010 endorsement and Order. [Docket filing 555]

Valladolid respectfully thanks the Court for the opportunity to request leave to replead as stated above.

Very truly yours,

Michael J. Aguirre
*Counsel for Maria Akriby Valladolid*

cc: Counsel for all parties (by e-mail)

> Request GRANTED. Plaintiff Maria Valladolid is authorized to replead her complaint so as to remove American Express Bank as a defendant in this action in accordance with the Court's telephone conference with the parties and its findings on the Decision and Order dated 10-4-10.
>
> SO ORDERED.
>
> DATE 11-24-10 VICTOR MARRERO, U.S.D.J.