

_____x
                                                 )
PASHA ANWAR, et al.,                             )
                                                 )
                       Plaintiffs,               )
                                                 )
               v.                                )
                                                 )    Master File No. 09-CV-118 (VM)
FAIRFIELD GREENWICH LIMITED, et al.,             )
                                                 )
                       Defendants.               )
                                                 )
This Document Relates To: *Headway Investment*   )
*Corporation* v. *American Express Bank Ltd., et al.,*   )
No. 09-CV-8500.                                  )
_____x

## JOHN G. DUTKOWSKI'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant John G. Dutkowski ("Dutkowski"), by and through his undersigned counsel, hereby responds to the complaint ("Complaint") of Headway Investment Corporation ("Headway") based on present knowledge. Dutkowski reserves the right to supplement and amend this Answer and to add additional defenses of which he may become aware through discovery or other investigation.

## ANSWER

### Nature of Claims

1.      Dutkowski denies the allegations of paragraph 1, except admits to the public knowledge that Bernard Madoff perpetrated the longest-running and largest Ponzi scheme in history.  Dutkowski respectfully refers the Court to Madoff's plea allocation in the case captioned *United States* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. March. 12, 2009) for a complete and accurate description of Bernard Madoff's role in the Ponzi scheme.

## The Parties

2.      Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them, except admits that: (i) Fairfield Sentry Ltd. ("Sentry") invested substantially all of its assets with Bernard L. Madoff Investment Securities LLC ("BLMIS"); and (ii) Fairfield Sigma Ltd. ("Sigma") invested substantially all of its assets with Sentry, which in turn invested its assets with BLMIS.

3.      Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.      Dutkowski denies the allegations in the first sentence of paragraph 4, except admits that American Express Bank Ltd. ("AEBL") was registered to do business in the State of Florida. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5.      Dutkowski denies the allegations of paragraph 5, except admits that American Express Bank International ("AEBI") maintained its office at 1111 Brickell Avenue in Miami, Florida.

6.      Dutkowski denies the allegations of paragraph 6, except admits that Robert Friedman was the Former Managing Director and Head of the Global Investment Services Group at American Express Private Bank and aver that the Global Investment Services Group, also known at various times as Global Investment Services and the Investment Product Management Group, was responsible for, among other things, conducting and reviewing the investment products that the Private Bank offered to its customers.

7.      Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8.      Dutkowski admits that Rodolfo Pages was, for a period of time during his

employment with American Express Bank, the head of sales for Latin America, and that Mr.

Pages currently resides in Miami-Dade County, Florida.

9.      Dutkowski denies the allegations in the first sentence of paragraph 9, except admits

that, for a period of time during his employment as an Investment Specialist with AEBI, he

reported to Mr. Pages.  Dutkowski admits that he currently resides in Miami-Dade County, Florida..

10.     Dutkowski denies the allegations in the first sentence of paragraph 10, except

admits that Carlos Gadala- Maria was a relationship manager at AEBI.  Dutkowski denies

knowledge or information sufficient to form a belief as to the truth of the allegation concerning Mr.

Gadala-Maria's current residence and therefore denies it.

11.     Dutkowski denies the allegations in the first sentence of paragraph 10, except

admits that Raul N. Mas was a relationship manager at AEBI.  Dutkowski denies knowledge or

information sufficient to form a belief as to the truth of the allegation concerning Mr. Mas' current

residence and therefore denies it.

12.     The allegations of paragraph 12 do not require a response by Dutkowski.

13.     Dutkowski admits that (i) Fairfield Greenwich Group ("FGG"), or a predecessor of

FGG, was an asset manager that manages or previously managed its own hedge funds and

certain externally managed funds; and (iii) plaintiff purports to characterize information allegedly

available on FGG's website. Dutkowski respectfully refers the Court to the FGG website

referenced in paragraph 13 for a complete and accurate description of its contents.  Dutkowski

denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 13 and therefore denies the same.

14.     Dutkowski denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 14, except admits that Fairfield Greenwich Limited ("FG

Limited"), at some point in time, served as the investment manager for Sentry.

15. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, except admits that Fairfield Greenwich (Bermuda) Ltd. ("FG Bermuda") served as investment manager for the Fairfield Funds at some point in time. SCB Defendants respectfully refer the Court to the Fairfield Funds' Private Placement Memoranda referenced in paragraph 15 for a complete and accurate description of their contents.

16. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, except admits that Fairfield Greenwich Advisors LLC ("FG Advisors") was registered with the U.S. Securities and Exchange Commission ("SEC") as an investment adviser.

17. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, except admits that Walter M. Noel Jr. was a founder of FGG and director of the Fairfield Funds.

18. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, except admits that Jeffrey Tucker was a founder of FGG.

19. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, except admits that Amit Vijayvergiya held titles at some point as an officer and/or director of FG Bermuda.

20. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, except admits that Andres Piedrahita was at some point an officer and/or director of FG Bermuda.

21. The allegations of paragraph 21 are not directed at Dutkowski and therefore no

response is required.

22.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, an therefore denies the same.

23.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, an therefore denies the same.

**<u>Jurisdiction and Venue</u>**

24.     The allegations of paragraph 24 assert legal conclusions as to which no response is required; however, to the extent any response is deemed required, Dutkowski denies the allegations of paragraph 24.

25.     Dutkowski denies the allegations of paragraph 25, except Dutkowski admits that he conducted business as an employee and/or agent of AEBI/Standard Chartered Bank International (Americas) Limited ("SCBI") in Miami, Florida.

26.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies the same.

27.     The allegations of paragraph 27 are not directed at Dutkowski and no response is therefore required; however, to the extent a response is deemed required, Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies the same.

28.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies the same.

29.     Dutkowski admits that PWC provides auditing and accounting services to companies in the United States and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore denies them.

30.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies the same.

31.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies the same.

32.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies the same.

33.     Dutkowski admits that Citco Fund Services (Europe) B.V. ("Citco FS") performs fund administration services for hedge funds, including funds managed in the United States, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore denies them.

34.     Dutkowski admits that SCBI maintains an office in Miami-Dade County, Florida, and that he maintains a residence in Miami-Dade County, Florida.  Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 and therefore denies the same.

## Background Facts

35.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies the same.

36.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies the same.

37.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies the same.

38.     Dutkowski admits that Sentry invested substantially all of its assets in Bernard L. Madoff Securities ("BLMIS") and that Sentry's investment strategy was plainly disclosed in

Sentry's PPM.  Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38.

39.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies the same.

40.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies the same.

41.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies the same.

42.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies the same.

43.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies the same.

44.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies the same.

45.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies the same.

46.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies the same.

47.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies the same.

**Fairfield Greenwich Group and Bernie Madoff**

48.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies the same.

49.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies the same.

50.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, except admits that plaintiff purports to describe the management and performance fees received by FG Bermuda as reflected in the Private Placement Memorandum ("PPM") for Sentry and respectfully refers the Court to the Sentry PPM for a complete and accurate statement of its contents.

51.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, except admits that plaintiff purports to describe Sigma's financial statements for the years ended December 31, 2007 and 2006, and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

52.     Dutkowski admits that plaintiff purports to quote from the Fairfield Funds' PPMs and respectfully refer the Court to the Sentry and Sigma PPMs for a complete and accurate statement of their contents.

**Bernard Madoff and His $50 Billion Fraud**

53.     Dutkowski denies the allegations of paragraph 53, except admits that to public knowledge Madoff perpetrated a massive fraudulent scheme through his investment firm, BLMIS

54.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies the same.  Dutkowski respectfully refers the Court to Madoff's Plea Allocation in the case captioned *United States* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. March. 12, 2009) for a complete and accurate description of Madoff's role in the Ponzi scheme and his admissions regarding that role.

55.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55, except admits that: (i) on December 11, 2008, the SEC charged Madoff and BLMIS with securities fraud for a multi-billion dollar Ponzi scheme and requested that the court halt BLMIS from conducting further operations; and (ii) Sentry invested 95% of its assets with BLMIS.

56.     Dutkowski admits that: (i) on December 11, 2008, the United States Attorney's Office for the Southern District of New York criminally charged Madoff and BLMIS with securities fraud; and (ii) plaintiff purports to characterize the SEC's complaint and respectfully refer the Court to the SEC's complaint for a complete and accurate description of its contents.

57.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies the same.

58.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies the same.

59.     Dutkowski admits that: (i) Madoff pleaded guilty to 11 felony charges, including securities and wire fraud; and (ii) plaintiff purports to quote from Madoff's plead allocation. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the complaint and therefore denies the same.

60.     Dutkowski denies the allegations of paragraph 60.

**Missed Red Flags**

61.     Dutkowski admits the allegations of paragraph 61.

62.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.     Dutkowski denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 63 and therefore denies them.

64.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and respectfully refers the Court to the unidentified BLOOM BERG NEWS article referred to in paragraph 64 for a complete and accurate description of its contents.

65.     Dutkowski admits that plaintiff purports to describe and quote from an article published in 2001 in BARRON'S entitled, "Don't ask, don't tell" in paragraph 65, and respectfully refers the Court to the BARRON'S article, for a complete and accurate description of its contents.

66.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Dutkowski denies the allegations of paragraph 71.

### Defendants' Wrongdoing

72.     Dutkowski denies the allegations of paragraph 72.

### The Private Bank Defendants

73.     Dutkowski denies the allegations of paragraph 73.

74.     Dutkowski denies the allegations of paragraph 74.

75. Dutkowski denies the allegations of paragraph 75.

76. Dutkowski denies the allegations of paragraph 76.

77. Dutkowski denies the allegations of paragraph 77.

78. Dutkowski denies the allegations of paragraph 78.

79. Dutkowski denies the allegations of paragraph 79.

**FG Defendants**

80. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81. Dutkowski admits that plaintiff purports to quote from information on FGG's website and respectfully refers the Court to the FGG website cited in paragraph 81 for a complete and accurate description of its contents.

82. Dutkowski admits that plaintiff purports to quote statements from FGG's website and respectfully refers the Court to the FGG website for a complete and accurate description of its contents.

83. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them, except admits that plaintiff purports to quote from FGG's marketing materials and respectfully refers the Court to those documents for a complete and accurate description of their contents.

84. Dutkowski admits that plaintiff purports to characterize statements on FGG's website and respectfully refers the Court to the FGG website for a complete and accurate description of its contents.

85. Dutkowski admits that plaintiff purports to characterize statements on FGG's website and respectfully refers the Court to the FGG website for a complete and accurate

description of its contents.

86. The allegations of paragraph 86 are not directed at Dutkowski and therefore no response is required.

87. The allegations of paragraph 86 are not directed at Dutkowski and therefore no response is required.

**Citco FS**

88. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies them.

89. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies them.

90. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies them.

**PWC**

93. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies them.

94. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and therefore denies them.

95. Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 and therefore denies them.

96.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and therefore deny them, except admits that: (i) Madoff admitted that the Funds' assets were not comprised of treasury bills or any other securities; and (ii) plaintiff purports to characterize Sentry's December 31, 2006 and 2007 financial statements audited by PWO and respectfully refers the Court to Sentry's audited financial statements for those time periods for a complete and accurate statement of their contents.

97.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies them.

98.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore denies them.

99.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 and therefore denies them.

100.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 and therefore denies them.

101.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 and therefore denies them.

102.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 and therefore denies them.

103.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and therefore denies them.

104.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and therefore denies them.

105.     Dutkowski denies knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 105 and therefore denies them.

106.     The allegations of paragraph 106 are not directed at Dutkowski and therefore no response is required.

## COUNT I
### (Breach of Fiduciary Duty against the Private Bank Defendants)

107.     Dutkowski incorporates his answers to paragraphs 1 through 106 as if fully set forth herein.

108.     Dutkowski denies the allegations of paragraph 108.

109.     Dutkowski denies the allegations of paragraph 109.

110.     Dutkowski denies the allegations of paragraph 110.

111.     Dutkowski denies the allegations of paragraph 111.

112.     Dutkowski denies the allegations of paragraph 112.

113.     Dutkowski denies the allegations of paragraph 113.

114.     Dutkowski denies the allegations of paragraph 114.

## COUNT II
### (Breach of Fiduciary Duty against FG Defendants)

115.     Dutkowski incorporates his answers to paragraphs 1 through 114 as if fully set forth herein.

116.     The allegations of paragraph 116 are not directed at Dutkowski and therefore no response is required.

117.     The allegations of paragraph 117 are not directed at Dutkowski and therefore no response is required.

118.     The allegations of paragraph 118 are not directed at Dutkowski and therefore no response is required.

119.     The allegations of paragraph 119 are not directed at Dutkowski and therefore no

response is required.

120.    The allegations of paragraph 120 are not directed at Dutkowski and therefore no response is required.

121.    The allegations of paragraph 121 are not directed at Dutkowski and therefore no response is required.

## COUNT III
### (Negligence against FG Defendants)

122.    Dutkowski incorporates his answers to paragraphs 1 through 121 as if fully set forth herein.

123.    The allegations of paragraph 123 are not directed at Dutkowski and therefore no response is required.

124.    The allegations of paragraph 124 are not directed at Dutkowski and therefore no response is required.

125.    The allegations of paragraph 125 are not directed at Dutkowski and therefore no response is required.

126.    The allegations of paragraph 126 are not directed at Dutkowski and therefore no response is required.

## COUNT IV
### (Negligence against the Private Bank Defendants)

127.    Dutkowski incorporate his answers to paragraphs 1 through 126 as if fully set forth herein.

128.    Dutkowski denies the allegations of paragraph 128.

129.    Dutkowski denies the allegations of paragraph 129.

130.    Dutkowski denies the allegations of paragraph 130.

131.    Dutkowski denies the allegations of paragraph 131.

132.    Dutkowski denies the allegations of paragraph 132.

133.    Dutkowski denies the allegations of paragraph 133.

134.    Dutkowski denies the allegations of paragraph 134.

## COUNT V
### (Negligence against Citco FS)

135.    Dutkowski incorporates his answers to paragraphs 1 through 134 as if fully set forth herein.

136.    The allegations of paragraph 136 are not directed at Dutkowski and therefore no response is required.

137.    The allegations of paragraph 137 are not directed at Dutkowski and therefore no response is required.

138.    The allegations of paragraph 138 are not directed at Dutkowski and therefore no response is required.

139.    The allegations of paragraph 139 are not directed at Dutkowski and therefore no response is required.

140.    The allegations of paragraph 140 are not directed at Dutkowski and therefore no response is required.

## COUNT VI
### (Negligence against PWC)

141.    Dutkowski incorporates his answers to paragraphs 1 through 140 as if fully set forth herein.

142.    The allegations of paragraph 142 are not directed at Dutkowski and therefore no response is required.

143.    The allegations of paragraph 143 are not directed at Dutkowski and therefore no response is required.

144.    The allegations of paragraph 144 are not directed at Dutkowski and therefore no

response is required.

145.    The allegations of paragraph 145 are not directed at Dutkowski and therefore no response is required.

## COUNT VII
### (Unjust Enrichment against FG Defendants)

146.    Dutkowski incorporates his answers to paragraphs 1 through 145 as if fully set forth herein.

147.    The allegations of paragraph 147 are not directed at Dutkowski and therefore no response is required.

148.    The allegations of paragraph 148 are not directed at Dutkowski and therefore no response is required.

149.    The allegations of paragraph 149 are not directed at Dutkowski and therefore no response is required.

150.    The allegations of paragraph 150 are not directed at Dutkowski and therefore no response is required.

## COUNT VIII
### (Unjust Enrichment against American Express Bank and Standard Chartered)

151.    Dutkowski incorporates his answers to paragraphs 1 through 150 as if fully set forth herein.

152.    The allegations of paragraph 152 are not directed at Dutkowski and therefore no response is required.

153.    The allegations of paragraph 153 are not directed at Dutkowski and therefore no response is required.

154.    The allegations of paragraph 154 are not directed at Dutkowski and therefore no response is required.

155.    The allegations of paragraph 155 are not directed at Dutkowski and therefore no response is required.

## Denial of Prayer for Relief

Dutkowski  denies that plaintiff is entitled to any of the relief prayed for on pages 32-33 of the Complaint.

## Jury Trial Demanded

Plaintiff's demand for a trial by jury is subject to its account agreement(s) with SCB Defendants.

## Attorney's Fees and Costs

Dutkowski has retained the law firm of Greenberg Traurig, P.A. ("Greenberg") in connection with this Action and has incurred and will continue to incur legal fees and costs payable to Greenberg.

## AFFIRMATIVE DEFENSES

Dutkowski asserts the following affirmative defenses:

## First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

## Second Defense

Any damage allegedly suffered by plaintiff was caused by the intervening act(s) or omission(s) of persons other than Dutkowski and said act(s) or omission(s) superseded any action or omission by Dutkowski for which it might be considered liable.

## Third Defense

Plaintiff's claims are barred, in whole or in part, because Dutkowski's alleged conduct was not the cause of plaintiff's injuries.

### Fourth Defense

Dutkowski has not engaged in any conduct that would entitle plaintiff to an award of punitive damages.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

### Sixth Defense

Plaintiff's claims are barred because plaintiff knowingly and voluntarily assumed the risks inherent in the investments at issue.

### Seventh Defense

Plaintiff was contributorily negligent.

### Eighth Defense

Plaintiff's claims are barred because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### Ninth Defense

The claims asserted in the complaint are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation.

## Tenth Defense

Plaintiff did not justifiably or reasonably rely on any alleged representations, acts or omissions by Dutkowski.

## Eleventh Defense

Plaintiff's claims are barred because Dutkowski acted in good faith and with due care and diligence.

## Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of its account agreements with SCBI.

## Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of disclosures in the applicable Subscription Agreements and the Sentry and Sigma PPMs.

## Fourteenth Defense

Dutkowski was entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are subject of plaintiff's claims.

## Fifteenth Defense

Any damages recoverable by plaintiff from Dutkowski are limited to the percentage of fault attributable to Dutkowski and thus would not include the percentage of fault attributable to at-fault third parties, including but not limited to the defendants named in the Second Consolidated Amended Complaint in *Anwar* v. *Fairfield Greenwich Limited*, No. 09-cv0118.

### Sixteenth Defense

Any recovery by plaintiff against Dutkowski is to be offset by any and all other recoveries by plaintiff with respect to its investments in Sentry and Sigma.

### Seventeenth Defense

Dutkowski is entitled to recover contribution and/or indemnification from others for any liability they incur to plaintiff.

**WHEREFORE**, John G. Dutkowski respectfully demands judgment dismissing this action with prejudice together with their costs and disbursements.

Dated: November 25, 2010                    Respectfully submitted,

By:     /s/ Ricardo A. Gonzalez
        Ricardo A. Gonzalez
        Florida Bar No. 0691577
        *Admitted pro hac vice*
        GREENBERG TRAURIG, P.A.
        333 Avenue of the Americas
        44th Floor
        Miami, Florida 33131
        Telephone:  (305) 579-0891
        Facsimile:  (305) 579-0717
        Email:      gonzalezr@gtlaw.com

        *Attorneys for Defendant John G. Dutkowski*

Master File No. 09-CIV-118 (VM)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 29, 2010, I electronically filed the foregoing document with the Clerk of the Court using :CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>/s/ Ricardo A. Gonzalez</u>
RICARDO A. GONZALEZ