(i) _____x
                              )

PASHA ANWAR, et al.,            )

                )

         Plaintiffs,        )

                )

       v.            )

                )   Master File No. 09-CV-118 (VM)

FAIRFIELD GREENWICH LIMITED, et al.,  )

                )

        Defendants.    )

                )

This Document Relates To: *Headway Investment*  )

*Corporation* v. *American Express Bank Ltd., et al.,*  )

No. 09-CV-8500.           )

_____x

### <u>CARLOS GADALA-MARIA'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant Carlos Gadala-Maria ("Gadala-Maria"), by and through his undersigned counsel, hereby responds to the complaint ("Complaint") of Headway Investment Corporation ("Headway") based on present knowledge. Gadala-Maria reserves the right to supplement and amend this Answer and to add additional defenses of which he may become aware through discovery or other investigation.

### <u>ANSWER</u>

### <u>Nature of Claims</u>

1.      Gadala-Maria denies the allegations of paragraph 1, except admits to the public knowledge that Bernard Madoff perpetrated the longest-running and largest Ponzi scheme in history.  Gadala-Maria respectfully refers the Court to Madoff's plea allocation in the case captioned *United States* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. March. 12, 2009) for a complete and accurate description of Bernard Madoff's role in the Ponzi scheme.

Master File No. 09-CIV-118 (VM)

## The Parties

2.      Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them, except admits that: (i) Fairfield Sentry Ltd. ("Sentry") invested substantially all of its assets with Bernard L. Madoff Investment Securities LLC ("BLMIS"); and (ii) Fairfield Sigma Ltd. ("Sigma") invested substantially all of its assets with Sentry, which in turn invested its assets with BLMIS.

3.      Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.      Gadala-Maria denies the allegations in the first sentence of paragraph 4, except admits that American Express Bank Ltd. ("AEBL") was registered to do business in the State of Florida.  Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5.      Gadala-Maria denies the allegations of paragraph 5, except admits that American Express Bank International ("AEBI") maintained its office at 1111 Brickell Avenue in Miami, Florida.

6.      Gadala-Maria denies the allegations of paragraph 6, except admits that Robert Friedman was the Former Managing Director and Head of the Global Investment Services Group at American Express Private Bank and avers that the Global Investment Services Group, also known at various times as Global Investment Services and the Investment Product Management Group, was responsible for, among other things, conducting and reviewing the investment products that the Private Bank offered to its customers.

7.      Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8.      Gadala-Maria admits that Rodolfo Pages was, for a period of time during Mr.

Pages' employment with American Express Bank, the head of sales for Latin America.  Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies them.

9.     Gadala-Maria denies the allegations in the first sentence of paragraph 9, except admits that, for a period of time during John G. Dutkowski's employment with AEBI, Mr. Dutkowski was an Investment Specialist and reported to Mr. Pages.  Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and therefore denies them.

10.    Gadala-Maria denies the allegations in paragraph 10, except admits that he was a relationship manager at AEBI.

11.    Gadala-Maria denies the allegations in the first sentence of paragraph 10, except admits that Raul N. Mas was a relationship manager at AEBI.  Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation of paragraph 11 and therefore denies them.

12.    The allegations of paragraph 12 do not require a response by Gadala-Maria.

13.    Gadala-Maria admits that (i) Fairfield Greenwich Group ("FGG"), or a predecessor of FGG, was an asset manager that manages or previously managed its own hedge funds and certain externally managed funds; and (iii) plaintiff purports to characterize information allegedly available on FGG's website. Gadala-Maria respectfully refers the Court to the FGG website referenced in paragraph 13 for a complete and accurate description of its contents.  Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore denies the same.

14.    Gadala-Maria denies knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 14, except admits that Fairfield Greenwich Limited ("FG Limited"), at some point in time, served as the investment manager for Sentry.

15.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, except admits that Fairfield Greenwich (Bermuda) Ltd. ("FG Bermuda") served as investment manager for the Fairfield Funds at some point in time. SCB Defendants respectfully refer the Court to the Fairfield Funds' Private Placement Memoranda referenced in paragraph 15 for a complete and accurate description of their contents.

16.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, except admits that Fairfield Greenwich Advisors LLC ("FG Advisors") was registered with the U.S. Securities and Exchange Commission ("SEC") as an investment adviser.

17.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, except admits that Walter M. Noel Jr. was a founder of FGG and director of the Fairfield Funds.

18.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, except admits that Jeffrey Tucker was a founder of FGG.

19.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, except admits that Amit Vijayvergiya held titles at some point as an officer and/or director of FG Bermuda.

20.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, except admits that Andres Piedrahita was at some point an officer and/or director of FG Bermuda.

21.     The allegations of paragraph 21 are not directed at Gadala-Maria and therefore no response is required.

22.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, an therefore denies the same.

23.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, an therefore denies the same.

**<u>Jurisdiction and Venue</u>**

24.     The allegations of paragraph 24 assert legal conclusions as to which no response is required; however, to the extent any response is deemed required, Gadala-Maria denies the allegations of paragraph 24.

25.     Gadala-Maria denies the allegations of paragraph 25, except Gadala-Maria admits that AEBI/Standard Chartered Bank International (Americas) Limited ("SCBI") conducted business and had an office in Miami-Dade County, Florida.

26.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies the same.

27.     The allegations of paragraph 27 are not directed at Gadala-Maria and no response is therefore required; however, to the extent a response is deemed required, Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies the same.

28.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies the same.

29.     Gadala-Maria admits that PWC provides auditing and accounting services to companies in the United States and denies knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of paragraph 29 and therefore denies them.

30. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies the same.

31. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies the same.

32. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies the same.

33. Gadala-Maria admits that Citco Fund Services (Europe) B.V. ("Citco FS") performs fund administration services for hedge funds, including funds managed in the United States, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore denies them.

34. Gadala-Maria admits that SCBI maintains an office in Miami-Dade County, Florida, and that Messrs. Pages and Dutkowski maintain residences in Miami-Dade County, Florida. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 and therefore denies the same.

**<u>Background Facts</u>**

35. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies the same.

36. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies the same.

37. Gadala-Maria denies the allegations in paragraph 37 of the complaint.

38. Gadala-Maria admits that Sentry invested substantially all of its assets in Bernard L. Madoff Securities ("BLMIS") and that Sentry's investment strategy was plainly disclosed in

Sentry's PPM. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38.

39.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies the same.

40.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies the same.

41.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies the same.

42.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies the same.

43.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies the same.

44.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies the same.

45.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies the same.

46.     Gadala-Maria admits that for a time he served as the relationship manager on Headway's account at AEBI, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 and therefore denies the same.

47.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies the same.

**Fairfield Greenwich Group and Bernie Madoff**

48.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 48 and therefore denies the same.

49.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies the same.

50.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, except admits that plaintiff purports to describe the management and performance fees received by FG Bermuda as reflected in the Private Placement Memorandum ("PPM") for Sentry and respectfully refers the Court to the Sentry PPM for a complete and accurate statement of its contents.

51.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, except admits that plaintiff purports to describe Sigma's financial statements for the years ended December 31, 2007 and 2006, and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

52.     Gadala-Maria admits that plaintiff purports to quote from the Fairfield Funds' PPMs and respectfully refer the Court to the Sentry and Sigma PPMs for a complete and accurate statement of their contents.

**Bernard Madoff and His $50 Billion Fraud**

53.     Gadala-Maria denies the allegations of paragraph 53, except admits that to public knowledge Madoff perpetrated a massive fraudulent scheme through his investment firm, BLMIS

54.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies the same.  Gadala-Maria respectfully refers the Court to Madoff's Plea Allocation in the case captioned *United States* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. March. 12, 2009) for a complete and accurate description

of Madoff's role in the Ponzi scheme and his admissions regarding that role.

55.    Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55, except admits that: (i) on December 11, 2008, the SEC charged Madoff and BLMIS with securities fraud for a multi-billion dollar Ponzi scheme and requested that the court halt BLMIS from conducting further operations; and (ii) Sentry invested 95% of its assets with BLMIS.

56.    Gadala-Maria admits that: (i) on December 11, 2008, the United States Attorney's Office for the Southern District of New York criminally charged Madoff and BLMIS with securities fraud; and (ii) plaintiff purports to characterize the SEC's complaint and respectfully refer the Court to the SEC's complaint for a complete and accurate description of its contents.

57.    Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies the same.

58.    Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies the same.

59.    Gadala-Maria admits that: (i) Madoff pleaded guilty to 11 felony charges, including securities and wire fraud; and (ii) plaintiff purports to quote from Madoff's plead allocation.  Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the complaint and therefore denies the same.

60.    Gadala-Maria denies the allegations of paragraph 60.

### Missed Red Flags

61.    Gadala-Maria admits the allegations of paragraph 61.

62.    Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and respectfully refers the Court to the unidentified BLOOMBERG NEWS article referred to in paragraph 64 for a complete and accurate description of its contents.

65.     Gadala-Maria admits that plaintiff purports to describe and quote from an article published in 2001 in BARRON'S entitled, "Don't ask, don't tell" in paragraph 65, and respectfully refers the Court to the BARRON'S article, for a complete and accurate description of its contents.

66.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Gadala-Maria denies the allegations of paragraph 71.

## Defendants' Wrongdoing

72.     Gadala-Maria denies the allegations of paragraph 72.

## The Private Bank Defendants

73.     Gadala-Maria denies the allegations of paragraph 73.

74.     Gadala-Maria denies the allegations of paragraph 74.

75.     Gadala-Maria denies the allegations of paragraph 75.

76.     Gadala-Maria denies the allegations of paragraph 76.

77.     Gadala-Maria denies the allegations of paragraph 77.

78.     Gadala-Maria denies the allegations of paragraph 78.

79.     Gadala-Maria denies the allegations of paragraph 79.

## FG Defendants

80.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81.     Gadala-Maria admits that plaintiff purports to quote from information on FGG's website and respectfully refers the Court to the FGG website cited in paragraph 81 for a complete and accurate description of its contents.

82.     Gadala-Maria admits that plaintiff purports to quote statements from FGG's website and respectfully refers the Court to the FGG website for a complete and accurate description of its contents.

83.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them, except admits that plaintiff purports to quote from FGG's marketing materials and respectfully refers the Court to those documents for a complete and accurate description of their contents.

84.     Gadala-Maria admits that plaintiff purports to characterize statements on FGG's website and respectfully refers the Court to the FGG website for a complete and accurate description of its contents.

85.     Gadala-Maria admits that plaintiff purports to characterize statements on FGG's

website and respectfully refers the Court to the FGG website for a complete and accurate description of its contents.

86. The allegations of paragraph 86 are not directed at Gadala-Maria and therefore no response is required.

87. The allegations of paragraph 86 are not directed at Gadala-Maria and therefore no response is required.

## Citco FS

88. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies them.

89. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies them.

90. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies them.

## PWC

93. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies them.

94. Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and therefore denies them.

95. Gadala-Maria denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 95 and therefore denies them.

96.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and therefore deny them, except admits that: (i) Madoff admitted that the Funds' assets were not comprised of treasury bills or any other securities; and (ii) plaintiff purports to characterize Sentry's December 31, 2006 and 2007 financial statements audited by PWO and respectfully refers the Court to Sentry's audited financial statements for those time periods for a complete and accurate statement of their contents.

97.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies them.

98.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore denies them.

99.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 and therefore denies them.

100.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 and therefore denies them.

101.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 and therefore denies them.

102.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 and therefore denies them.

103.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and therefore denies them.

104.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and therefore denies them.

105.     Gadala-Maria denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 and therefore denies them.

106.     The allegations of paragraph 106 are not directed at Gadala-Maria and therefore no response is required.

## COUNT I
### (Breach of Fiduciary Duty against the Private Bank Defendants)

107.     Gadala-Maria incorporates his answers to paragraphs 1 through 106 as if fully set forth herein.

108.     Gadala-Maria denies the allegations of paragraph 108.

109.     Gadala-Maria denies the allegations of paragraph 109.

110.     Gadala-Maria denies the allegations of paragraph 110.

111.     Gadala-Maria denies the allegations of paragraph 111.

112.     Gadala-Maria denies the allegations of paragraph 112.

113.     Gadala-Maria denies the allegations of paragraph 113.

114.     Gadala-Maria denies the allegations of paragraph 114.

## COUNT II
### (Breach of Fiduciary Duty against FG Defendants)

115.     Gadala-Maria incorporates his answers to paragraphs 1 through 114 as if fully set forth herein.

116.     The allegations of paragraph 116 are not directed at Gadala-Maria and therefore no response is required.

117.     The allegations of paragraph 117 are not directed at Gadala-Maria and therefore no response is required.

118.     The allegations of paragraph 118 are not directed at Gadala-Maria and therefore no response is required.

119.     The allegations of paragraph 119 are not directed at Gadala-Maria and therefore no response is required.

120.     The allegations of paragraph 120 are not directed at Gadala-Maria and therefore no response is required.

121.     The allegations of paragraph 121 are not directed at Gadala-Maria and therefore no response is required.

## COUNT III
### (Negligence against FG Defendants)

122.     Gadala-Maria incorporates his answers to paragraphs 1 through 121 as if fully set forth herein.

123.     The allegations of paragraph 123 are not directed at Gadala-Maria and therefore no response is required.

124.     The allegations of paragraph 124 are not directed at Gadala-Maria and therefore no response is required.

125.     The allegations of paragraph 125 are not directed at Gadala-Maria and therefore no response is required.

126.     The allegations of paragraph 126 are not directed at Gadala-Maria and therefore no response is required.

## COUNT IV
### (Negligence against the Private Bank Defendants)

127.     Gadala-Maria incorporate his answers to paragraphs 1 through 126 as if fully set forth herein.

128.     Gadala-Maria denies the allegations of paragraph 128.

129.     Gadala-Maria denies the allegations of paragraph 129.

130.     Gadala-Maria denies the allegations of paragraph 130.

131.    Gadala-Maria denies the allegations of paragraph 131.

132.    Gadala-Maria denies the allegations of paragraph 132.

133.    Gadala-Maria denies the allegations of paragraph 133.

134.    Gadala-Maria denies the allegations of paragraph 134.

## COUNT V
### (Negligence against Citco FS)

135.    Gadala-Maria incorporates his answers to paragraphs 1 through 134 as if fully set forth herein.

136.    The allegations of paragraph 136 are not directed at Gadala-Maria and therefore no response is required.

137.    The allegations of paragraph 137 are not directed at Gadala-Maria and therefore no response is required.

138.    The allegations of paragraph 138 are not directed at Gadala-Maria and therefore no response is required.

139.    The allegations of paragraph 139 are not directed at Gadala-Maria and therefore no response is required.

140.    The allegations of paragraph 140 are not directed at Gadala-Maria and therefore no response is required.

## COUNT VI
### (Negligence against PWC)

141.    Gadala-Maria incorporates his answers to paragraphs 1 through 140 as if fully set forth herein.

142.    The allegations of paragraph 142 are not directed at Gadala-Maria and therefore no response is required.

143.    The allegations of paragraph 143 are not directed at Gadala-Maria and therefore no response is required.

144.     The allegations of paragraph 144 are not directed at Gadala-Maria and therefore no response is required.

145.     The allegations of paragraph 145 are not directed at Gadala-Maria and therefore no response is required.

## COUNT VII
### (Unjust Enrichment against FG Defendants)

146.     Gadala-Maria incorporates his answers to paragraphs 1 through 145 as if fully set forth herein.

147.     The allegations of paragraph 147 are not directed at Gadala-Maria and therefore no response is required.

148.     The allegations of paragraph 148 are not directed at Gadala-Maria and therefore no response is required.

149.     The allegations of paragraph 149 are not directed at Gadala-Maria and therefore no response is required.

150.     The allegations of paragraph 150 are not directed at Gadala-Maria and therefore no response is required.

## COUNT VIII
### (Unjust Enrichment against American Express Bank and Standard Chartered)

151.     Gadala-Maria incorporates his answers to paragraphs 1 through 150 as if fully set forth herein.

152.     The allegations of paragraph 152 are not directed at Gadala-Maria and therefore no response is required.

153.     The allegations of paragraph 153 are not directed at Gadala-Maria and therefore no response is required.

154.     The allegations of paragraph 154 are not directed at Gadala-Maria and therefore no

response is required.

155.    The allegations of paragraph 155 are not directed at Gadala-Maria and therefore no response is required.

## Denial of Prayer for Relief

Gadala-Maria  denies that plaintiff is entitled to any of the relief prayed for on pages 32-33 of the Complaint.

## Jury Trial Demanded

Plaintiff's demand for a trial by jury is subject to its account agreement(s) with SCB Defendants.

## Attorney's Fees and Costs

Gadala-Maria has retained the law firm of Greenberg Traurig, P.A. ("Greenberg") in connection with this Action and has incurred and will continue to incur legal fees and costs payable to Greenberg.

## AFFIRMATIVE DEFENSES

Gadala-Maria asserts the following affirmative defenses:

## First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

## Second Defense

Any damage allegedly suffered by plaintiff was caused by the intervening act(s) or omission(s) of persons other than Gadala-Maria and said act(s) or omission(s) superseded any action or omission by Gadala-Maria for which it might be considered liable.

## Third Defense

Plaintiff's claims are barred, in whole or in part, because Gadala-Maria's alleged conduct was not the cause of plaintiff's injuries.

### Fourth Defense

Gadala-Maria has not engaged in any conduct that would entitle plaintiff to an award of punitive damages.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

### Sixth Defense

Plaintiff's claims are barred because plaintiff knowingly and voluntarily assumed the risks inherent in the investments at issue.

### Seventh Defense

Plaintiff was contributorily negligent.

### Eighth Defense

Plaintiff's claims are barred because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### Ninth Defense

The claims asserted in the complaint are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation.

### Tenth Defense

Plaintiff did not justifiably or reasonably rely on any alleged representations, acts or omissions by Gadala-Maria.

### Eleventh Defense

Plaintiff's claims are barred because Gadala-Maria acted in good faith and with due care and diligence.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of its account agreements with SCBI.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of disclosures in the applicable Subscription Agreements and the Sentry and Sigma PPMs.

### Fourteenth Defense

Gadala-Maria was entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are subject of plaintiff's claims.

### Fifteenth Defense

Any damages recoverable by plaintiff from Gadala-Maria are limited to the percentage of fault attributable to Gadala-Maria and thus would not include the percentage of fault attributable to at-fault third parties, including but not limited to the defendants named in the Second Consolidated Amended Complaint in *Anwar* v. *Fairfield Greenwich Limited*, No. 09-cv-0118.

### Sixteenth Defense

Any recovery by plaintiff against Gadala-Maria is to be offset by any and all other recoveries by plaintiff with respect to its investments in Sentry and Sigma.

### Seventeenth Defense

Gadala-Maria is entitled to recover contribution and/or indemnification from others for any liability they incur to plaintiff.

**WHEREFORE**, Carlos Gadala-Maria respectfully demands judgment dismissing this action with prejudice together with their costs and disbursements.

Dated: November 25, 2010        Respectfully submitted,

By:     /s/ Ricardo A. Gonzalez
          Ricardo A. Gonzalez
          Florida Bar No. 0691577
          *Admitted pro hac vice*
          GREENBERG TRAURIG, P.A.
          333 Avenue of the Americas
          44th Floor
          Miami, Florida 33131
          Telephone: (305) 579-0891
          Facsimile: (305) 579-0717
          Email:     gonzalezr@gtlaw.com

          *Attorneys for Carlos Gadala-Maria*

Master File No. 09-CIV-118 (VM)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 29, 2010, I electronically filed the foregoing document with the Clerk of the Court using :CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ricardo A. Gonzalez
RICARDO A. GONZALEZ