# RICHARD E. BRODSKY  ATTORNEY AT LAW

66 W. FLAGLER STREET, 9TH FLOOR• MIAMI, FLORIDA 33130• PHONE: 786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

**VIA TELECOPIER**

November 30, 2010

```
USDS SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 12-1-10
```

Hon. Victor Marrero
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Pasha Anwar, et al. v. Fairfield Greenwich Limited, et al.*, Master File No. 09-cv-118 (VM); *Maridom Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, Case No. 10-cv-00920

Dear Judge Marrero:

As counsel for the Plaintiffs in *Maridom Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, whom I will refer to in this letter as the "Maridom Plaintiffs," I request a conference on the Maridom Plaintiffs' prospective motion to strike certain of the affirmative defenses pled in its answer by Standard Chartered Bank International (Americas) Limited ("SCBI") in its Answer to Amended Complaint dated November 24, 2010, DE 99.

1. **SCBI has pled two legally insufficient defenses that should be stricken under Fed.R.Civ.P. 12(f).** (i) Seventh Defense: "Plaintiffs were contributorily negligent." (ii) Seventeenth Defense: "SCBI is entitled to recover contribution from others for any liability they incur to plaintiffs."

The negligence claim brought by the Maridom Plaintiffs is governed by Florida law. The doctrine of contributory negligence has long since been abolished by the Florida Supreme Court in favor of the doctrine of comparative negligence. Hoffman v. Jones, 280 So. 2d 431 (Fla. 1973). The allegation that Plaintiffs were "contributorily negligent" is thus a legal nullity under Florida law.

A defendant's right to contribution is not an affirmative defense to a plaintiff's affirmative claim. An affirmative defense is "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir.2003)(citing Black's Law Dictionary 430 (7th ed.1999)). A defendant's right to contribution does not defeat or limit recovery; it

Hon. Victor Marrero
November 30, 2010
Page 2

asserts that the defendant's responsibility for compensating the plaintiff for his loss should be shared by a third person who is also liable to the plaintiff. Therefore this "defense" should be stricken. F.D.I.C. v. Niblo, 821 F. Supp. 441, 456 (N.D. Tex. 1993) (striking purported affirmative defense of contribution).

    2.    <u>SCBI has failed to plead a number of additional affirmative defenses with the requisite sufficiency.</u> "Affirmative '[d]efenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.'" Shechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996) (quoting National Acceptance Co. of Am. v. Regal Prods., Inc., 155 F.R.D. 631, 634 (E.D.Wis. 1994). Thus, whether or not Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) apply to affirmative defenses,[1] the following affirmative defenses should be stricken because they state nothing but bare conclusions and provide no notice of the facts upon which the conclusion is based:

**Second Defense:** "Any damages allegedly suffered by plaintiffs were caused by the intervening act(s) or omission(s) of persons other than SCBI and said act(s) or omission(s) superseded any action or omission by SCBI for which it might be considered liable."

**Sixth Defense:** "Plaintiffs' claims are barred, in whole or in part, because plaintiffs knowingly and voluntarily assumed the risks inherent in the investments at issue."

**Seventh Defense:** "Plaintiffs were contributorily negligent." (assuming that this defense is allowed to stand)

---

[1] See Luvata Buffalo, Inc. v. Lombard Gen. Ins. Co. of Canada, No. 08-CV-00034(A)(M), 2010 WL 826583 (W.D.N.Y. Mar. 4, 2010), report and recommendation adopted sub nom. Luvata Buffalo, Inc. v. AIG Europe, S.A., No. 08-CV-0034A, 2010 WL 1292301 (W.D.N.Y. Mar. 29, 2010), ("While it is unclear whether Iqbal's 'plausibility' pleading standard applies to affirmative defenses [see Del-Nat Tire Corp. v. A to Z Tire & Battery, Inc., 2009 WL 4884435, *1-2 (W.D.Tenn.2009), citing conflicting authorities], I need not answer that question, for in Shechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir.1996) [decided long before Iqbal], the Second Circuit made clear that 'affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.'")

Hon. Victor Marrero
November 30, 2010
Page 3

**Eighth Defense:** "The claims asserted in the Amended Complaint are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation."

**Tenth Defense:** "Plaintiffs did not justifiably or reasonably rely on any alleged representations, acts or omissions by SCBI."

**Eleventh Defense:** "Plaintiffs' claims are barred, in whole or in part, because SCBI, or any person or entity acting or purporting to act on its behalf, acted in good faith and with due care and diligence." (failure to identify other persons or entities "acting or purporting to act on [SCBI's] behalf")

**Fourteenth Defense:** "SCBI was entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are subject of plaintiffs' claims."

Thank you for your consideration of this letter.

Sincerely yours,

Richard E. Brodsky

Copies to all counsel of record in *Anwar*

> Request DENIED. The pleading technicalities raised by plaintiffs above, to the extent there may be merit in any of them, should be addressed in the first instance through discussions among the parties. Any remaining issues that emerge could properly be addressed at later stages of the litigation. Motion practice on these issues at this point would only delay the proceedings and unduly burden the parties and Court.
> 
> **SO ORDERED:**
> DATE 11-30-10  VICTOR MARRERO, U.S.D.J.