UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA S. ANWAR, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FAIRFIELD GREENWICH LIMITED, et al.,<br><br>　　　　　　　　　Defendants.<br><br>This Document Relates To: All Standard Chartered Cases. | Master File No. 09-cv-118 (VM) (THK) |

## STIPULATION AND [~~PROPOSED~~] ORDER APPOINTING STANDARD CHARTERED PLAINTIFFS' STEERING COMMITTEE

IT IS HEREBY STIPULATED AND AGREED, by and among the parties through their undersigned counsel, subject to the Court's approval, that:

This Order applies to all actions involving the Standard Chartered Defendants[1] filed in, or transferred to, this Court for pretrial proceedings that are consolidated and/or coordinated with *Anwar v. Fairfield Greenwich Limited*, including cases that have not yet been filed in or transferred to this Court (collectively, the "Standard Chartered Cases").

---

[1] The Standard Chartered Defendants include: Standard Chartered Bank International (Americas) Ltd., Standard Chartered Bank, Standard Chartered PLC, Standard Chartered International (USA) Ltd., Carlos Gadala Maria, Raul N. Mas, Robert Friedman, Rodolfo Pages, John G. Dutkowski, and Luisa Serena. As used herein, "Standard Chartered Defendants" also includes any other entity or individual currently or to-be named as a defendant in a Standard Chartered Case that is affiliated with Standard Chartered Bank or a current or former employee of Standard Chartered Bank or any of its affiliates.

STIPULATION AND ORDER APPOINTING
STANDARD CHARTERED PLAINTIFFS' STEERING COMMITTEE

The Court hereby appoints the following members to the Standard Chartered Plaintiffs' Steering Committee ("Standard Chartered PSC"):

Jorge A. Mestre
2525 Ponce de Leon Blvd.
Suite 1000
Coral Gables, Florida 33134
Phone: (305) 445-2500
Fax:    (305) 445-2505
Plaintiff's Counsel in *Headway Investment Corporation v. American Express Bank Ltd., et al.*, No. 09-CV-8500

Richard E. Brodsky
66 West Flagler Street, Ninth Floor
Miami, Florida 33130
Phone: (786) 220-3328
Fax:    (786) 564-8231
Plaintiffs' Counsel in *Maridom Ltd., et al v. Standard Chartered Bank International (Americas) Ltd.*, No. 10-CV-00920

Laurence Edward Curran, III
4000 Ponce De Leon Blvd
Suite 470
Coral Gables, Florida 33146
Phone: (305) 753-3754
Fax:    (305) 675-0548
Plaintiff's Counsel in *Ricardo Lopez v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 10-CV-00919

Michael J. Aguirre and/or Maria C. Severson
444 West C Street, Suite 210
San Diego, California 92101
Phone: (619) 876-5364
Fax:    (619) 876-5368
Plaintiff's Counsel in *Valladolid v. American Express Bank Ltd.*, No. 09-CV-06937 (C.D. Cal.)

The appointment of the Standard Chartered PSC is of a personal nature. Accordingly, the above appointees cannot be substituted by other attorneys, including members of the appointees' law firm, to perform the Standard Chartered PSC's exclusive

2

STIPULATION AND ORDER APPOINTING
STANDARD CHARTERED PLAINTIFFS' STEERING COMMITTEE

functions, such as committee meetings and court appearances, except with prior approval of the Court.

The Standard Chartered PSC will have the following responsibilities:

Discovery

(1) Initiate, coordinate, and conduct all discovery on behalf of all plaintiffs in the Standard Chartered Cases (the "Standard Chartered Plaintiffs").

(2) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of the Standard Chartered Plaintiffs.

(3) Cause to be issued in the name of the Standard Chartered Plaintiffs the discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be issued by the Standard Chartered PSC upon written request by the attorneys for a particular plaintiff to assist them in preparing of their client's particular claims.

(4) Conduct all discovery in a coordinated manner on behalf and for the benefit of the Standard Chartered Plaintiffs.

(5) Accept service on behalf of the Standard Chartered Plaintiffs of the discovery requests, motions, and subpoenas propounded by the Standard Chartered Defendants pertaining to any witnesses and documents needed from plaintiffs to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

Hearings and Meetings

(1) Call meetings of counsel for the Standard Chartered Plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

(2) Examine witnesses and introduce evidence at hearings on behalf of the Standard Chartered Plaintiffs.

(3) Speak for all Standard Chartered Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any

STIPULATION AND ORDER APPOINTING
STANDARD CHARTERED PLAINTIFFS' STEERING COMMITTEE

plaintiff's counsel, with prior leave of the Court, to present non-repetitive individual or different positions.

Miscellaneous

(1)  Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the Standard Chartered PSC as well as oppose when necessary any motions submitted by the defendants or other parties which involve matters within the sphere of the responsibilities of the Standard Chartered PSC.

(2)  Negotiate and enter into stipulations on behalf of the Standard Chartered Plaintiffs with the Standard Chartered Defendants regarding this litigation. All stipulations entered into by the Standard Chartered PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five days after they know or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(3)  Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available for examination by all Standard Chartered Plaintiffs or their attorneys, under the terms and conditions set forth in the Stipulation and Order Governing Confidentiality of Discovery Material.

(4)  Perform any task necessary and proper for the Standard Chartered PSC to accomplish its responsibilities as defined by the Court's orders, including organizing subcommittees comprised of Standard Chartered Plaintiffs' attorneys not on the Standard Chartered PSC and assigning them tasks consistent with the duties of the Standard Chartered PSC.

(5)  Perform such other functions as may be expressly authorized by further orders of the Court.

Dated: ~~January~~____, ~~2011~~   February 1, 2011

Respectfully submitted,

By:   s/ Jorge A. Mestre
      Jorge A. Mestre

Jorge A. Mestre

4

STIPULATION AND ORDER APPOINTING
STANDARD CHARTERED PLAINTIFFS' STEERING COMMITTEE

       Rivero Mestre LLP
       2525 Ponce de Leon Blvd.
       Suite 1000
       Coral Gables, Florida 33134
       Phone: (305) 445-2500
       ***Attorney for Headway Investment Corp.***

By:   <u>s/Richard E. Brodsky</u>
       Richard E. Brodsky

Richard E. Brodsky
The Brodsky Law Firm
66 West Flagler Street, Ninth Floor
Miami, Florida 33130
Phone: (786) 220-3328
***Attorney for Maridom Limited,***
***Caribetrans, S.A. and Abbott Capital, Inc.***

STIPULATION AND ORDER APPOINTING
STANDARD CHARTERED PLAINTIFFS' STEERING COMMITTEE

By:   s/ Laurence E. Curran, III
      Laurence E. Curran, III

Laurence Edward Curran, III
4000 Ponce De Leon Blvd
Suite 470
Coral Gables, Florida 33146
Phone: (305) 753-3754
***Attorney for Ricardo Lopez***

By:   s/ Michael J. Aguirre
      Michael J. Aguirre

Michael J. Aguirre
Maria C. Severson
Aguirre Morris & Severson
444 West C Street, Suite 210
San Diego, California 92101
Phone: (619) 876-5364
***Attorneys for Maria Akriby Valladolid***

STIPULATION AND ORDER APPOINTING
STANDARD CHARTERED PLAINTIFFS' STEERING COMMITTEE

By: /s/ Sharon L. Nelles
Sharon L. Nelles

Sharon L. Nelles (SN-3144)
Bradley P. Smith (BS-1383)
Patrick B. Berarducci (PB-2222)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
nelless@sullcrom.com
Diane L. McGimsey
(Pro Hac Admission Pending)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067

**Attorneys for Defendants Standard Chartered Bank International (Americas) Ltd., Standard Chartered International (USA) Ltd., Standard Chartered Bank and Standard Chartered PLC**

SO ORDERED.

New York, New York, this 3rd day of February, 2011.

*[Handwritten annotation: Any communications from the Court to the Standard Chartered Plaintiffs shall be sent to a single member of the Steering Committee, who will have the responsibility of disseminating it to counsel for the Plaintiffs.]*

_____
THEODORE KATZ
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA S. ANWAR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FAIRFIELD GREENWICH LIMITED, *et al.*, <br><br> Defendants. <br><br> This Document Relates To: All Standard Chartered Cases. | Master File No. 09-cv-118 (VM) (THK) |

## SECOND AMENDED [~~PROPOSED~~] SCHEDULING ORDER REGARDING STANDARD CHARTERED CASES

**WHEREAS**, on January 29, 2010, this Court entered the Initial Scheduling Order Regarding Standard Chartered Cases[1];

**WHEREAS**, on February 1, 2010, this Court entered the Amended Scheduling Order Regarding Standard Chartered Cases;

---

[1] At the time the Initial Scheduling Order Regarding Standard Chartered Cases and the Amended Scheduling Order were entered, the Standard Chartered Cases collectively included: *Headway Investment Corporation v. American Express Bank Ltd., et al.*, No. 09-CV-8500 ("*Headway*"); *Ricardo Lopez v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 10-CV-00919 ("*Lopez*"); *Maridom Ltd., et al v. Standard Chartered Bank International (Americas) Ltd.*, No. 10-CV-00920 ("*Maridom*"), and *Valladolid v. American Express Bank Ltd.*, No. 09-CV-06937 ("*Valladolid*"), as well as two additional cases that subsequently were dismissed by the Court (*Bhatia v. Standard Chartered International (USA) Ltd., et al.*, No. 09-CV-2410, and *Tradewaves Ltd. v. Standard Chartered International (USA) Ltd., et al.*, No. 09-CV-9423). The term "Standard Chartered Cases" as used in this Order is defined in paragraph 1 of this Order.

**WHEREAS,** on March 10, 2010, the Standard Chartered Defendants[2] filed unified motions to dismiss in certain cases that contained claims and issues common among many of the Standard Chartered Cases;

**WHEREAS,** the Court denied in part and granted in part the Standard Chartered Defendants' unified motions to dismiss according to four Decisions and Orders entered on September 14, 2010, October 4, 2010, November 16, 2010, and November 23, 2010 (the "MTD Decisions and Orders");

**WHEREAS,** on November 24, 2010 and November 29, 2010, the Standard Chartered Defendants filed answers to the complaints that survived motions to dismiss;

**WHEREAS,** several additional Standard Chartered Cases have been filed against the Standard Chartered Defendants in this Court and in the United States District Court for the Southern District of Florida—including no less than seventeen cases filed after the Court issued its MTD Decisions and Orders—many, but not all, of which raise the same or similar claims and issues addressed in the MTD Decisions and Orders;

**WHEREAS,** additional Standard Chartered Cases may be filed in or transferred to this Court in the future for pretrial proceedings that are consolidated and/or coordinated with *Anwar* v. *Fairfield Greenwich Limited* (the "*Anwar* Action");

**WHEREAS,** the Standard Chartered Cases have proceeded in an open and notorious manner; the Standard Chartered Defendants have challenged and responded to the first-filed complaints; and the Court, through the MTD Decisions and Orders, has

---

[2] The Standard Chartered Defendants include: Standard Chartered Bank International (Americas) Ltd., Standard Chartered Bank, Standard Chartered PLC, Standard Chartered International (USA) Ltd., Carlos Gadala Maria, Raul N. Mas, Robert Friedman, Rodolfo Pages, John G. Dutkowski, and Luisa Serena. As used herein, "Standard Chartered Defendants" also includes any other entity or individual currently or to-be named as a defendant in a Standard Chartered Case that is affiliated with Standard Chartered Bank or a current or former employee of Standard Chartered Bank or any of its affiliates.

2

provided clear guidance on many of the claims and issues common to the Standard Chartered Cases;

**WHEREAS**, the Standard Chartered Cases are ready to proceed to discovery and discovery should proceed in a manner consistent with the coordination and efficiency that is the goal of any large multidistrict litigation; and

**WHEREAS**, pursuant to the Court's February 1, 2010 Amended Scheduling Order Regarding Standard Chartered Cases, the parties have met and conferred, and following the meet and confer process have prepared (i) this proposed scheduling order, (ii) a proposed order governing confidentiality of discovery material (the "Confidentiality Order"), and (iii) a proposed order appointing a plaintiffs' steering committee for the Standard Chartered Cases (the "Steering Committee Order");

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Initial Scheduling Order Regarding Standard Chartered Cases, and the Amended Scheduling Order Regarding Standard Chartered Cases, are supplemented and amended as follows:

**Scope of This Order**

1. This scheduling order (the "Second Amended Scheduling Order") applies to all actions involving the Standard Chartered Defendants that are now or that subsequently shall be filed in this Court, or transferred to this Court pursuant to 28 U.S.C. § 1407(a), for pretrial proceedings that are consolidated and/or coordinated with the *Anwar* Action (collectively, the "Standard Chartered Cases").

2. Except with respect to the parties' obligations to provide initial disclosures under Fed. R. Civ. P. 26(a)(1) as set forth herein, this Second Amended Scheduling Order shall not take effect or create any obligations on parties in the Standard

3

Chartered Cases until this Court enters a Steering Committee Order appointing the Standard Chartered plaintiffs' steering committee (the "Steering Committee").

3. Pretrial proceedings in the Standard Chartered Cases shall proceed in accordance with the schedule regarding pretrial discovery set forth below, except as otherwise set forth in this Second Amended Scheduling Order or otherwise ordered by this Court.

**Discovery in All Standard Chartered Cases**

4. The Steering Committee shall coordinate discovery on behalf of all plaintiffs in the Standard Chartered Cases (the "Standard Chartered Plaintiffs"). The Steering Committee shall be charged with negotiating and propounding coordinated discovery requests on behalf of the Standard Chartered Plaintiffs. The Steering Committee shall represent the Standard Chartered Plaintiffs in any discovery-related matter, including discovery issues before the Court. The parties have submitted for the Court's consideration a Stipulation and Proposed Order constituting the Steering Committee and setting forth its duties.

**Fact Discovery in All Standard Chartered Cases**

5. No party is obligated to produce any documents or information until the Court enters the proposed Confidentiality Order.

6. Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made by the Standard Chartered Plaintiffs and Standard Chartered Defendants within 14 days of the Court entering the Confidentiality Order. Any other party in the *Anwar* Action shall provide a copy of any initial disclosures it has made under Fed. R. Civ. P. 26(a)(1) to the Standard Chartered Plaintiffs or the Standard Chartered Defendants upon receiving a

4

written request for such disclosures. In any Standard Chartered Case filed in or transferred to this Court after entry of this Second Amended Scheduling Order, the plaintiff shall make initial disclosures under Fed. R. Civ. P. 26(a)(1) within 14 days of the date such case is filed in or transferred to this Court.

7. Fact discovery may commence upon entry of this Order, however no party shall be required to produce any documents or information prior to the entry of the Confidentiality Order. All fact discovery in the Standard Chartered Cases shall be completed within the period set forth for the completion of fact discovery in the *Anwar* Action, *i.e.*, March 2, 2012. In the event that the period set forth for the completion of fact discovery in the *Anwar* Action is extended, the Standard Chartered Defendants and the Steering Committee, after meeting and conferring with each other, may jointly or individually seek leave of the Court for a parallel extension in the Standard Chartered Cases. The Standard Chartered Defendants and the Steering Committee may serve written discovery, including document requests, interrogatories and subpoenas *duces tecum* for documents, and the parties may take depositions, by notice or subpoena issued through the Steering Committee or through counsel to the Standard Chartered Defendants, provided that no person shall be deposed more than once absent good cause and the assigned Magistrate Judge shall resolve any objections to the timing of a deposition.

8. Service of discovery requests and responses thereto by PDF/email attachment shall constitute effective service under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

9. Limitations on the number, type and, substance of interrogatories and on the number of depositions provided for under the Federal Rules and Local Rules shall not apply, without prejudice to a party's ability to seek a limitation on the number, type and substance of interrogatories and on the number of depositions for good cause, on which the parties shall meet and confer prior to seeking intervention by the Court. Notwithstanding the foregoing, the parties shall not serve contention interrogatories before the time provided in the Local Rules without leave of the Court. The parties shall confer and agree to the extent possible on efficient means for the taking of depositions, including the maintenance of a common deposition calendar and the use of common exhibits.

10. The parties shall confer and agree to the extent possible on efficient means for exchange of paper and electronic discovery materials, including the format and timing of such production, and the use of agreed search terms for electronic discovery.

11. The parties further agree to exercise best efforts to coordinate discovery in the Standard Chartered Cases with discovery in all actions consolidated with the *Anwar* Action, and to work in good faith with counsel for the parties in the *Anwar* Action to avoid duplicative and unduly burdensome discovery activities. Nothing in this paragraph shall be construed as granting the parties in this action grounds to avoid or delay complying with discovery requests authorized under this Order, or as granting the parties in the *Anwar* Action rights to discovery from any of the parties in this action to which they would not otherwise be entitled.

6

**Expert Witness Disclosures & Discovery**

12. The required disclosures under Fed. R. Civ. P. 26(a)(2) regarding expert testimony on each issue to which a party bears the burden of proof at trial shall be made not later than 30 days after completion of the period for fact discovery. Rebuttal reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be served within 45 days after the other parties' disclosures. The period for expert witness deposition shall commence upon the filing or rebuttal experts reports and shall conclude 90 days thereafter.

13. The parties will meet and confer on the scope of expert document discovery to the extent that the parties wish to deviate from the scope of discovery authorized by Rule 26(b) of the Federal Rules of Civil Procedure as amended December 1, 2010.

**Discovery Disputes**

14. Discovery disputes between the Standard Chartered Defendants and the Steering Committee that require resolution by the Magistrate Judge shall be presented as provided by Local Rule 37.2. The written request for an informal conference shall set forth the nature and substance of the discovery dispute. A response to the request for an informal conference shall be submitted within three business days. If relevant, copies of interrogatories or document requests that are in dispute shall be provided to the Court. A discovery or non-dispositive pretrial dispute shall not be submitted to the Court until the attorneys for the affected parties have attempted to confer in good faith in an effort to resolve the dispute. Failure to bring discovery disputes to the Court's attention promptly and sufficiently in advance of the discovery deadline will result in a waiver of remedies as to such disputes.

**Further Motion Practice**

15.     The parties shall refrain from engaging in duplicative motion or pleading practice on matters already considered by this Court, including on claims or issues on which this Court has already issued guidance in the MTD Decisions and Orders. The parties shall focus their efforts on completing discovery in the Standard Chartered Cases, and except as set forth below, all motions other than any discovery-related motions, are reserved until the close of fact discovery or upon application to and with leave of the Court.

16.     **Dispositive Motions.** The Standard Chartered Defendants shall not, before the close of fact discovery, move to dismiss any case or claim unless it (i) is the same or substantially similar to a claim that was dismissed in the MTD Decisions and Orders, (ii) raises new or unique issues of law that were not directly or indirectly addressed in the MTD Decisions and Orders, or (iii) involves issues of jurisdiction, including improper forum. In the event the Standard Chartered Defendants file such a dispositive motion before the close of fact discovery, they shall submit together with the motion a brief statement of each previously dismissed claim, each new or unique claim or issue, and each jurisdictional issue, raised in the motion.

   a. *Already-Filed Cases.* The Standard Chartered Defendants may file motions to dismiss with regard to the following two categories of cases that have been filed and served and are pending in this Court before January 1, 2011.

   i.     The Standard Chartered Defendants, within 30 days from the date of this order, shall answer, move or otherwise respond to the complaint in *Pujals* v. *Standard Chartered Bank International (Americas) Ltd.*, No. 10-CV-02878

8

("*Pujals*"), which involves claims and theories not previously addressed by this Court in the MTD Decisions and Orders and at this time warrant briefing and consideration separate from other Standard Chartered Cases. In the event that the Standard Chartered Defendants move against the complaint, plaintiff shall have 30 days to respond, and the Standard Chartered Defendants shall have 14 days to file any reply memorandum.

ii. The Standard Chartered Defendants shall have 45 days from the entry of this Order, to file a unified motion to dismiss any claim in any Standard Chartered Cases, other than *Pujals*, filed and served in, or transferred to, this Court before January 1, 2011, to the extent that such claim (i) is the same or substantially similar to a claim that was dismissed in the MTD Decisions and Orders,[3] or (ii) raises new or unique issues of law that were not directly or indirectly addressed in this Court's MTD Decisions and Orders. The Standard Chartered Defendants shall have 45 days from the entry of this Order, to file a separate unified motion to dismiss any Standard Chartered Cases filed and served in, or transferred to, this Court before January 1, 2011, in which the Standard Chartered Defendants wish to raise jurisdictional defects, including improper forum. Such unified motions may be filed with an accompanying memorandum of law that shall not exceed 50 pages. In response to any unified motion filed by the Standard Chartered Defendants, plaintiffs in the cases against which the unified

---

[3] Prior to any motion practice with respect to any claim that the Standard Chartered Defendants contend is the same or substantially similar to a claim that was dismissed in the MTD Decisions and Orders, the Standard Chartered Defendants and the plaintiff asserting such a claim are directed to confer and determine whether they can agree that such claim is the same or substantially similar. If so, the parties shall jointly represent as such to the Court, whereafter the claim shall be dismissed pursuant the bases set forth in the MTD Decisions and Orders, and the plaintiff's right to challenge the dismissal of the claim on appeal shall be preserved.

9

motion is directed shall have 45 days to file a single coordinated opposition memorandum, not to exceed 50 pages, and the Standard Chartered Defendants shall have 30 days from the filing of the opposition to file a reply memorandum, not to exceed 25 pages.

b. ***Later-Filed Cases.*** In any Standard Chartered Case that has been filed and served and is pending in, or transferred to, this Court on or after January 1, 2011, the Standard Chartered Defendants, before close of fact discovery, may move to dismiss only a case or claim (i) that is the same or substantially similar to a claim that was dismissed in the MTD Decisions and Orders, (ii) that raises new or unique issues of law that were not directly or indirectly addressed in the MTD Decisions and Orders or in any subsequent decision and order by the Court or (iii) in which the Standard Chartered Defendants wish to raise jurisdictional defects, including improper forum. Any such motions to dismiss shall be filed by way of unified motions to dismiss, which motions shall be filed 45 days after the end of every 6-month period, beginning with the period ending on June 30, 2011, and shall be subject to the same briefing schedules and page limitations as described in paragraph 16(a)(ii) above.

c. In all cases subject to the motion practice outlined in this paragraph, discovery shall nevertheless proceed in accordance with the schedule regarding pretrial discovery set forth below, unless otherwise ordered by the Court.

**Further Responsive Pleadings**

17.     In any Standard Chartered Case that the Standard Chartered Defendants do not move to dismiss in accordance with paragraph 16 above, the Standard Chartered

10

Defendants shall file and serve an answer within 30 days of the date on which a motion to dismiss otherwise would have been required to be filed.

18. In any Standard Chartered Case in which the Standard Chartered Defendants have moved against the complaint in accordance with paragraph 16 above, the Standard Chartered Defendants shall file and serve an answer within 30 days of the disposition of an order by this Court denying the Standard Chartered Defendants' motion or, in the event the Standard Chartered Defendants' motion is granted in part with leave to amend and plaintiffs elect not to amend the complaint, within 30 days of the date on which the time to amend has expired. Notwithstanding the foregoing, the time to answer may be enlarged during the pendency of any motion for reconsideration of an order denying the Standard Chartered Defendants' motion, or interlocutory appeal therefrom, if such enlargement is granted by this Court or the Court of Appeals upon timely application by the Standard Chartered Defendants. Nothing herein is intended to preclude the Standard Chartered Defendants from moving against any amended pleading, in accordance with paragraph 16 above.

19. Following close of fact discovery, the Standard Chartered Defendants may file an amended answer in any Standard Chartered Case where an answer has been filed in accordance with paragraphs 17 or 18 above.

11

20. Except as amended above, the provisions of the January 29, 2010 Initial Scheduling Order, and the February 1, 2010 Amended Scheduling Order shall remain in effect.

SO ORDERED this 3rd day of February, 2011.

THEODORE KATZ
UNITED STATES MAGISTRATE JUDGE

12