**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| PASHA S. ANWAR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRFIELD GREENWICH LIMITED, *et al.*,<br><br>Defendants.<br><br>This Document Relates To:  All Standard Chartered Cases. | Master File No. 09-cv-118 (VM) (THK) |

**STIPULATION AND ORDER**
**GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL**

IT IS HEREBY STIPULATED AND AGREED, by and among the parties through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

This stipulation and order (the "Stipulation and Order") applies to all actions involving the Standard Chartered Defendants[1] filed in, or transferred to, this Court for pretrial proceedings that are consolidated and/or coordinated with *Anwar v. Fairfield Greenwich Limited*, including cases that have not yet been filed in or transferred to this Court (collectively, the "Standard Chartered Cases").

---

[1]    The Standard Chartered Defendants include: Standard Chartered Bank International (Americas) Ltd., Standard Chartered Bank, Standard Chartered PLC, Standard Chartered International (USA) Ltd., Carlos Gadala Maria, Raul N. Mas, Robert Friedman, Rodolfo Pages, John G. Dutkowski, and Luisa Serena.  As used herein, "Standard Chartered Defendants" also includes any other entity or individual currently or to-be named as a defendant in a Standard Chartered Case that is affiliated with Standard Chartered Bank or a current or former employee of Standard Chartered Bank or any of its affiliates.

1.      The term "Discovery Material" shall mean all initial disclosures, documents,

testimony, exhibits, interrogatory answers, responses to request for admissions, and any other

written, recorded, transcribed or graphic matter or data or anything produced by any Party or

non-party to the Standard Chartered Cases, and any copies thereof and all information contained

therein.  This Stipulation and Order shall apply to all Discovery Material produced by any Party

or non-party to the Standard Chartered Cases or introduced at any deposition, hearing, or trial in

the Standard Chartered Cases, all information contained in or derived from Discovery Material,

and all copies, transcripts, excerpts, notes and summaries of Discovery Material.

2.      Any Party, or any individual or entity shall have the right to designate Discovery

Material as "Confidential" (referred to as "Confidential Material" herein) if, in good faith, the

Party or individual or entity believes that (a) the material contains non-public, proprietary,

commercially, or personally sensitive financial or other information; or (b) the material requires

the protections provided in this Stipulation and Order to prevent unreasonable annoyance,

expense, embarrassment, disadvantage or prejudice to any person or entity; or (c) the material

contains personally identifying information of an individual, including but not limited to social

security numbers and financial account numbers. A Party also shall have the right to request that

Discovery Material produced by another Party, individual, or entity be designated as

Confidential, so long as such Discovery Information constitutes or contains information

belonging to or concerning the Designating Party. Information that is publicly available shall not

be considered Confidential Material. For purposes of this Stipulation and Order, documents

produced by parties to regulators or other government authorities under a confidentiality order or

statutory confidentiality provision shall not be considered to have lost such confidentiality as a

result of such production.

2

3.      The designation of Discovery Material as "Confidential" for the purpose of this Stipulation and Order may be made only by the Producing Party and shall be made in the following manner:

a.      Deposition testimony may be designated either (i) at the deposition, by making a statement on the record at the time of the disclosure and direct the court reporter to affix the legend "Confidential" to the first page and all designated portions of the transcript, including all copies thereof, or (ii) within fifteen days after delivery of the deposition transcript, a Party shall inform all counsel in writing of such designation with sufficient particularity that the material so designated may be readily identified.

b.      In the case of interrogatory responses, the Producing Party shall (i) state in the main body of responses that the interrogatory at issue requests Confidential information; and (ii) affix the legend "Confidential – SC Cases, SDNY" to each page of the interrogatory response that contains Confidential Material.

c.      In the case of Discovery Materials produced on CD, DVD or other electronic storage medium, the Producing Party shall affix the legend "Confidential – SC Cases, SDNY" to such electronic storage medium and each page or unit of material.

d.      In the case of Discovery Materials produced in paper form, the Producing Party shall affix the legend "Confidential" to each page so designated.

4.      Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material may be used only in this litigation, including any ancillary proceeding or appeal, and shall not be used for any other purpose. The

3

recipients of Confidential Material agree to undertake reasonable technical and organizational precautions to preserve the security of the Confidential Material to protect it from accidental or unlawful destruction or accidental or unauthorized loss, access or disclosure.

5.      Except with the prior written consent of the Designating Party, no Confidential Material shall be disclosed to any person except as provided herein. Confidential Material may be disclosed only in accordance with the provisions of this Stipulation and Order, and only to:

a.      The Court, officers of the Court, and Court personnel involved in the Standard Chartered Cases (including court reporters and videographers, and any special master or referee appointed by the Court);

b.      Witnesses, deponents or persons whom a party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel, limited however to Confidential Material related to such person's testimony or expected testimony;

c.      Each Party and its inside counsel, employees, officers, directors, representatives, general partners, limited partners and affiliates, provided that such persons are directly involved in this litigation or the management thereof;

d.      Such former officers, directors, partners, employees and agents of the Parties as counsel in good faith deem necessary to assist with respect to the Standard Chartered Cases;

e.      Each person identified in the Confidential Material as an author or intended recipient (including by copy) thereof in whole or in part;

4

f.      Court reporters or videographers employed in connection with this litigation;

g.      Outside counsel for the Parties, including legal assistants and other staff working on this matter;

h.      Outside consultants or experts, including necessary staff, retained by a Party or its counsel in connection with this litigation, whether or not retained to testify at trial; and

i.      Firms, officers, directors, partners, employees and agents of firms, or persons that have been engaged by the Parties or their counsel for purposes of photocopying, electronic imaging, document storage, or other similar litigation support activities in connection with the Standard Chartered Cases; and

j.      Any other person only upon order of the Court or with the written agreement of the Producing Party.

6.      In the event a Party or non-party produces Confidential Material that it reasonably believes would not be adequately protected by designation as "CONFIDENTIAL" under the terms of this Order, it shall identify such material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SC Cases, SDNY." Documents, information and testimony so designated may be disclosed only to persons identified in Paragraphs 5(a), (b), (e), (f), (g), (h), and (i), and the Parties' inside counsel provided that such persons are directly involved in this litigation or the management thereof.

5

7.      Every person given access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person other than pursuant to the terms hereof. All persons identified in Paragraphs 5(b), (c), (d), (f), (h), (i), and (j) to whom a Party provides access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material, shall execute a copy of the certification attached hereto before such access is provided and be advised that he or she will be subject to this Stipulation and Order.

8.      In the event that counsel for any Party determines in its sole discretion that it is necessary to file with the Court any document or other material that contains, refers to, attaches or encloses Confidential Material, the following procedures shall be used:

a.      The Parties agree to refrain, to the greatest extent possible, from including Confidential Material in the titles of documents filed with the Court so that, in all instances, the titles of such documents – and the Court's docket reflecting those titles – may remain public.

b.      A Party that wishes to file with the Court any document or other material that contains, refers to, attaches or encloses Confidential Material shall make such filing under seal by submitting such document or other material to the Court along with a request that it be filed under seal in accordance with this Stipulation and Order. Any Court filing that contains or constitutes Confidential Material shall be filed in a sealed envelope or other appropriate sealed container labeled as required by the rules of the

6

Court. In the event that any Confidential Material is used in any court proceeding in this litigation or any appeal therefrom, said Confidential Material shall not lose its status as Confidential through such use. Counsel shall confer in good faith regarding any additional procedures necessary to protect the confidentiality of such Confidential Material used in the course of any court proceedings.

9.    Nothing in this Stipulation and Order shall be or be deemed to be an acknowledgement by any Party that any Discovery Material designated as Confidential Material or Confidential – Attorneys' Eyes Only is in fact entitled to such treatment. A Party shall not be obligated to challenge the propriety of any other Party's designation of Discovery Material as Confidential Material or Confidential – Attorneys' Eyes Only, and a failure to do so at the time of the designation shall not preclude any subsequent challenge. Any Party (the "Disputing Party") may challenge, at any time, the designation of material as "Confidential" or "Attorneys' Eyes Only" by requesting in writing that the Designating Party withdraw such designation, setting forth the reasons the Disputing Party believes such documentation or information does not qualify as Confidential Material or Attorneys' Eyes Only. The Designating Party and the Disputing Party shall confer in good faith during the ten business days following the Designating Party's receipt of the objection in an effort to resolve the objection. If such conference is unsuccessful, and if the Designating Party does not withdraw the designation within fifteen business days after receipt of the initial request to withdraw the designation, the Disputing Party may move the Court at any time thereafter for an order requiring the withdrawal of the designation of the Discovery Material as Confidential Material or Attorneys' Eyes Only. Until such motion is made, the objected-to designation shall remain in effect. In any such motion, the Designating Party shall have the burden of demonstrating that the designated material should be

7

protected under the terms of this Stipulation and Order and applicable law. During the pendency

of such motion, the material designated as Confidential Material and/or Attorneys' Eyes Only

shall maintain its protected status unless and until the Parties agree, or the Court orders

otherwise. Should any such motion be filed, the motion shall be filed with the Court under seal.

In the event of an emergency such that the aforementioned time limitations are impracticable and

could result in prejudice to the Disputing Party, the Disputing Party may seek from the Court a

shortening of the time limitations.

10.    Any person receiving Confidential Material shall exercise reasonable care to

prevent any disclosure of such Confidential Material other than pursuant to the provisions of this

Stipulation and Order. The Producing Party's rights and remedies with respect to any disclosure

of Confidential Material in contravention of the provisions of this Stipulation and Order are

hereby reserved.

11.    Confidential Material that is disclosed in contravention of the provisions of this

Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by the

provisions hereof. Upon learning of the disclosure of Confidential Material in contravention of

the provisions of this Stipulation and Order, the person that made the disclosure promptly shall:

(i) give written notice of the disclosure to the Producing Party, which notice shall include a

specific description of the improperly disclosed Confidential Material as well as the identity of

the recipient of the improperly disclosed Confidential Material; (ii) give written notice to the

recipient of the improperly disclosed Confidential Material (the "Improper Recipient"); (iii)

provide the Improper Recipient with a copy of this Stipulation and Order and request that the

Improper Recipient sign a copy of the certification attached hereto; (iv) give written notice of the

Improper Recipient's response to the Producing Party; (v) make reasonable good faith efforts to

8

retrieve the improperly disclosed Confidential Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

12.    If any person (the "Recipient") having received Confidential Material: (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking Confidential Material, the Recipient, prior to making any disclosures of Confidential Material, shall give notice by hand, electronic mail or facsimile transmission, within three business days of receipt of such subpoena, demand, legal process or request, to the Producing Party's counsel, who may seek a protective order precluding disclosure. Should the person seeking access to the Confidential Material take any action against the Recipient to enforce such subpoena, demand, other legal process or request, the Recipient shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

13.    This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Material for any purpose. The burden shall be on the Party asserting that the document, material or information was obtained independently to establish that fact.

9

14.    Inadvertent or unintentional disclosure of Discovery Material (i) subject to

Rule 5.2 of the Federal Rules of Civil Procedure, (ii) subject to the attorney-client privilege,

work-product doctrine or any other applicable privilege or immunity, or (iii) containing

nonpublic financial information of current or former customers of Standard Chartered Bank or

American Express Bank or their affiliates and subsidiaries who are not parties to this litigation,

including the identities of such customers (collectively, "Private/Privileged Material") shall not

be deemed a waiver in whole or in part of privacy, privilege, work-product or other applicable

immunity, either as to the specific information disclosed or as to the same or related subject

matter.  If a Party has produced Discovery Material that it subsequently claims is

Private/Privileged Material and was inadvertently or unintentionally disclosed, the receiving

party (the "Party Receiving Private/Privileged Material"), upon written or oral request, shall

promptly return it, including all copies, and promptly destroy any notes or other materials

concerning, based on, or derived from it. Upon receipt of the returned materials, the Producing

Party shall preserve intact all such materials pending any challenge to the assertion of the claim

of privacy or privilege and shall promptly provide a written good faith explanation of the basis

for the privacy or privilege claim or claim of immunity and for the assertion that it was

inadvertently or unintentionally disclosed. If the Party Receiving Private/Privileged Material

challenges the claim of inadvertent or unintentional production or the claim of privacy, privilege

or immunity from disclosure, it must first return the material, then confer and provide written

notice to the Producing Party identifying the reasons for the challenge. If the parties cannot

resolve the dispute, the Party Receiving Private/Privileged Material may move the Court for an

appropriate order. The disputed material shall be treated as private/privileged until a ruling on

such motion or other resolution of the dispute.

10

15.    This Stipulation and Order shall survive termination of this litigation. After receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals in which Confidential Material may be used, all persons having received Confidential Material shall, upon request of the Producing Party, and within 30 days of such request, make a good faith, commercially reasonable effort to either: (a) return such Material and copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (b) destroy such Material and certify that fact to the Producing Party. Outside counsel for the parties to this litigation shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including work product containing or incorporating Confidential Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

16.    No disclosure or production of Discovery Material shall be or shall be deemed to be a waiver of any Party's objection to the use, relevance or admissibility of such material or any claim of confidentiality outside the Standard Chartered Cases. Nothing in this Stipulation and Order shall affect any Party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

17.    Nothing contained in this Stipulation and Order or any designation hereunder or any failure to make such designation shall be used or characterized by any Party as an admission of any kind. This Stipulation and Order shall not be offered or admitted into evidence at trial or

11

otherwise, except in connection with an application, motion or proceeding relating to the enforcement or application of this Stipulation and Order.

18.    This Stipulation and Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party.

12

19.     This Stipulation and Order may be executed in counterparts, which together shall

constitute one document. Any Plaintiff or Defendant added by name to this case after the "so

ordering" of this Stipulation and Order shall be bound by it without having to execute it.

*The treatment of Confidential Material filed with or submitted to the Court is subject to modification by the Court. T.H.K*

Dated: ~~January~~ , ~~2011~~
Feb. 1, 2011

Respectfully submitted,

By:     s/ Jorge A. Mestre
            Jorge A. Mestre

Jorge A. Mestre
Rivero Mestre LLP
2525 Ponce de Leon Blvd.
Suite 1000
Coral Gables, Florida 33134
Phone: (305) 445-2500
*Attorney for Headway Investment Corp.*


By:     s/Richard E. Brodsky
            Richard E. Brodsky

Richard E. Brodsky
The Brodsky Law Firm
66 West Flagler Street, Ninth Floor
Miami, Florida 33130
Phone: (786) 220-3328
*Attorney for Maridom Limited, Caribetrans, S.A.
and Abbott Capital, Inc.*


By:     s/ Laurence E. Curran, III
            Laurence E. Curran, III
Laurence Edward Curran, III
4000 Ponce De Leon Blvd
Suite 470
Coral Gables, Florida 33146
Phone: (305) 753-3754
*Attorney for Ricardo Lopez*

By:     s/ Michael J. Aguirre

13

Michael J. Aguirre

Michael J. Aguirre
Maria C. Severson
Aguirre Morris & Severson
444 West C Street, Suite 210
San Diego, California 92101
Phone: (619) 876-5364
*Attorneys for Maria Akriby Valladolid*

By:      /s/ Sharon L. Nelles
          Sharon L. Nelles

Sharon L. Nelles (SN-3144)
Bradley P. Smith (BS-1383)
Patrick B. Berarducci (PB-2222)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
nelless@sullcrom.com
Diane L. McGimsey
(Pro Hac Admission Pending)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067

*Attorneys for Defendants Standard*
*Chartered Bank International*
*(Americas) Ltd., Standard Chartered*
*International (USA) Ltd., Standard*
*Chartered Bank and Standard*
*Chartered PLC*

**SO ORDERED.**

New York, New York, this 3 day of _Felenary_ , 2011.

_____
THEODORE KATZ
UNITED STATES MAGISTRATE JUDGE

14

# CERTIFICATION

I, _____, a _____ of _____ hereby certify that I have read the attached Stipulation and Order Governing Confidentiality of Discovery Material, filed ____, __ 2011. I hereby agree to be bound by the terms of the Stipulation and Order.

For purposes of enforcing the Stipulation and Order, I further agree that I am subject to the jurisdiction of the United States District Court for the Southern District of New York. I understand that violation of the Stipulation and Order is punishable as contempt of Court.

Signature: _____          Dated: _____

15