CLOSED, EGT

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:10-cv-24387-FAM

| | |
|---|---|
| Barbachano Herrero v. Standard Chartered Bank International (Americas) Limited | Date Filed: 12/09/2010 |
| | Date Terminated: 01/31/2011 |
| Assigned to: Chief Judge Federico A. Moreno | Jury Demand: Plaintiff |
| Cause: 28:1391 Personal Injury | Nature of Suit: 370 Fraud or Truth-In-Lending |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Joaquina Teresa Barbachano Herrero**          represented by     **Harold Eugene Lindsey , III**
Katz Barron Squitero Faust
2699 South Bayshore Drive
7th Floor
Miami, FL 33133-5408
305-856-2400
Fax: 305-305-285-9227
Email: hel@katzbarron.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Standard Chartered Bank International (Americas) Limited**          represented by     **Ricardo A. Gonzalez**
Greenberg Traurig
333 Avenue of the Americas
Miami, FL 33131-3238
305-579-0500
Fax: 305-579-0717
Email: gonzalezr@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Standard Chartered PLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2010 | 1 | COMPLAINT *AND JURY DEMAND* against Standard Chartered Bank International (Americas) Limited. Filing fee $ 350.00. IFP Filed, filed by Joaquina Teresa Barbachano Herrero. (Attachments: # 1 Civil Cover Sheet, # 2 Summon(s), # 3 Summon(s))(Lindsey, Harold) (Entered: 12/09/2010) |
| 12/09/2010 | 2 | Judge Assignment RE: Electronic Complaint to Chief Judge Federico A. |

|  |  |  |
|---|---|---|
|  |  | Moreno (lh) (Entered: 12/09/2010) |
| 12/09/2010 | 3 | Clerks Notice to Filer re: Electronic Case - Incorrect case opening information. The Filer incorrectly selected *Cause of Action* when filing. The correction was made. It is not necessary to re-file this document. (lh) (Entered: 12/09/2010) |
| 12/09/2010 | 4 | Clerks Notice to Filer re: Electronic Case - Filing fee not paid. Filer is instructed to file a Notice of Compliance of Filing Fee, and electronically pay the correct fee of $350.00 or IFP Motion within 3 hours of this notice. (lh) (Entered: 12/09/2010) |
| 12/09/2010 |  | Notice of Compliance of Filing Fee $350.00, receipt number 113C-3367362 re 4 Clerks Notice to Filer re: Electronic Case (Lindsey, Harold) (Entered: 12/09/2010) |
| 12/10/2010 | 5 | Summons Issued as to Standard Chartered Bank International (Americas) Limited, Standard Chartered PLC. (lh) (Entered: 12/10/2010) |
| 01/04/2011 | 6 | SUMMONS (Affidavit) Returned Executed by Joaquina Teresa Barbachano Herrero. Standard Chartered Bank International (Americas) Limited served on 12/10/2010, answer due 12/31/2010. (Lindsey, Harold) (Entered: 01/04/2011) |
| 01/13/2011 | 7 | MOTION for Clerks Entry of Default as to Standard Chartered Bank International (Americas) Limited by Joaquina Teresa Barbachano Herrero. (Attachments: # 1 Exhibit A (verified Return of Service), # 2 Text of Proposed Order (Exhibit B))(Lindsey, Harold) (Entered: 01/13/2011) |
| 01/13/2011 | 8 | ORDER by Clerk of Entry of Default re 7 Motion for Clerks Entry of Default as to Standard Chartered Bank International (Americas) Limited. Signed by DEPUTY CLERK on 1/13/2011. (lh) (Entered: 01/13/2011) |
| 01/20/2011 | 9 | Unopposed MOTION to Set Aside Default *Entered By Clerk*, Unopposed MOTION for Extension of Time to File Answer RE: Complaints re 1 Complaint, by Standard Chartered Bank International (Americas) Limited. (Attachments: # 1 Text of Proposed Order Proposed Order)(Gonzalez, Ricardo) (Entered: 01/20/2011) |
| 01/24/2011 | 10 | ENDORSED ORDER granting 9 Motion to Set Aside Default; granting 9 Motion for Extension of Time to Answer Standard Chartered Bank International (Americas) Limited response due 2/8/2011. Signed by Chief Judge Federico A. Moreno on 1/24/2011.(mmd) [This is a paperless order]. (Entered: 01/24/2011) |
| 01/26/2011 | 11 | NOTICE by Standard Chartered Bank International (Americas) Limited, Standard Chartered PLC *of Filing Notice of Potential Tag Along Action* (Attachments: # 1 Exhibit Composite A)(Gonzalez, Ricardo) (Entered: 01/26/2011) |
| 01/27/2011 | 12 | ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT. Signed by Chief Judge Federico A. Moreno on 1/26/2011. (mmd) (Entered: 01/27/2011) |
| 01/31/2011 | 13 | ORDER CLOSING CASE FOR STATISTICAL PURPOSES and PLACING MATTER IN A CIVIL SUSPENSE FILE. Signed by Chief Judge Federico A. |

|            |    | Moreno on 1/31/2011.(mmd) (Entered: 01/31/2011) |
|------------|----|-------------------------------------------------|
| 03/11/2011 | 14 | MOTION To Restore Case to the Active Docket by Joaquina Teresa Barbachano Herrero. (Attachments: # 1 Text of Proposed Order)(Lindsey, Harold) (Entered: 03/11/2011) |

| PACER Service Center |  |  |  |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/14/2011 15:24:37 | | | |
| **PACER Login:** | sc0008 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-24387-FAM |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

JOAQUINA TERESA BARBACHANO HERRERO,

     Plaintiff,

vs.

                                             **COMPLAINT**
                                             **AND JURY DEMAND**

STANDARD CHARTERED BANK
INTERNATIONAL (AMERICAS) LIMITED
and STANDARD CHARTERED PLC,

     Defendants.

_____/

     Plaintiff, JOAQUINA TERESA BARBACHANO HERRERO ("Barbachano"), sues Defendants, STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LIMITED and STANDARD CHARTERED PLC (collectively "Standard Chartered" or "Defendants"), and alleges as follows:

<u>**NATURE OF THE ACTION, THE PARTIES, JURISDICTION AND VENUE**</u>

     1.     This is an action for violation of state securities laws, breach of fiduciary duty, negligence and gross negligence. It arises from fraudulent and/or negligent investment advice and recommendations rendered by the Defendants and/or their predecessors in interest to Barbachano, which caused her assets to be invested in unsuitable securities that exposed those assets to substantial risk and, ultimately, million dollar losses, and which further caused other of Barbachano's assets to be invested (and lost) in the massive Ponzi scheme perpetrated by Bernard Madoff.

2.      Barbachano is a resident and citizen of Mexico.  In 1997, she became a client of American Express Bank, Ltd. and its subsidiary, American Express Bank International (collectively "AEBI"), in Miami, Florida, the predecessors of the Defendants .  AEBI provided financial and investment advice to Barbachano, assigning its employee, Jennifer Sierra, as Barbachano's "Relationship Manager."   As a result, and continuing thereafter, Barbachano reposed her trust and confidence in AEBI and Sierra, which AEBI and Sierra accepted, entering in to a fiduciary relationship with Barbachano.  Indeed, AEBI, by and through Sierra, eventually managed all aspects of Barbachano's personal finances and investments.

3.      Defendant Standard Chartered PLC is organized and existing under the laws of the United Kingdom, with a place of business at 1 Aldermanbury Square, London, EC2V 75B, United Kingdom, and is the parent corporation of Defendant Standard Chartered Bank International (Americas) Limited, by and through its wholly owned subsidiaries, Standard Chartered Holdings Ltd. and Standard Chartered Americas.

4.      Defendant Standard Chartered Bank International (Americas) Limited is a corporation organized under the laws of the United States and is authorized to do business in Florida with a place of business at 1111 Brickell Avenue, Miami, Florida 33131.

5.      AEBI was an Edge Act corporation that offered traditional private banking services to individuals outside of the United States and was headquartered in Miami at all relevant times.

6.      In or about February 2008, Defendant Standard Chartered Bank PLC acquired the American Express Bank, Ltd. and all of its subsidiary companies and affiliated companies, including  American Express Bank International, changing its name to Standard Chartered Bank International (Americas) Limited..

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
2699 S. BAYSHORE DRIVE, SEVENTH FLOOR, MIAMI, FLORIDA 33133-5408 • 305-856-2444 • 305-285-9227 FAX

7.     This Court has jurisdiction pursuant to the Edge Act of 1913 (12 U.S.C. § 632).

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in Miami, Florida.

## FACTUAL ALLEGATIONS

9.     In 1994, Barbachano inherited approximately $6 million following the death of her father.

10.     When Barbachano became a client of AEBI in 1997, she told Sierra that she had no knowledge of finances and investments and that her goal was to preserve her inheritance while making a modest return.  In that regard, Barbachano repeatedly advised Sierra that she (Sierra) should treat Barbachano like a widow when making investment recommendations and not to gamble with her assets.

11.     Sierra advised Barbachano that her investment risk factor was considered "moderate conservative" and that her overall investment position would be conservative, but when the market presented an opportunity Sierra would take some small risks.

12.     Also, Sierra recommended that Barbachano place a substantial part of her assets in a trust, which was subsequently created in the Cayman Islands, with AMEX International Trust (Cayman) Ltd., an affiliate of AEBI, acting as "Trustee," and, later, with Standard Chartered Trust (Cayman) Ltd., an affiliate of the Defendants, acting as "Trustee."  The trust was initially named "Las Trojes," and, later, re-named "Los Camotes," with the assets transferred into the trust by Barbachano being held by the Trustee through two companies, Fardoll Co. Ltd. and Vegadeo Co. Ltd.  Barbachano was the grantor and beneficiary of the assets held by the trust

through the companies. Because of the affiliated relationship between the Trustee and the Defendants, it would be futile to demand that the Trustee bring suit against the Defendants.

13.    Throughout their relationship, AEBI and, later, Standard Chartered, by and through Sierra, made all investment decisions for Barbachano. In particular, Sierra would tout an investment to Barbachano, repeatedly advising Barbachano that the investments she recommended were not risky and that the "bank" reviewed in detail all the investments that she (Sierra) recommended. Sierra would also show investment documents to Barbachano but would not necessarily leave them for Barabachano to review because, as Sierra said, she "would not understand them."

14.    In addition, Sierra became involved in all aspects of Barbachano's finances. She managed withdrawals and deposits for Barbachano, caused the payment of bills for Barbachano's Florida residence and credit cards, and ensured the payment of taxes. Sierra also befriended Barbachano, often meeting her for dinner and taking a vacation with her to Key West. When Barbachano decided to sell her Florida residence, Sierra caused her (Sierra's) husband to act as Barbachano's broker, thus obtaining a commission from the sale.

15.    In 2004, Sierra caused Barbachano to invest $300,000.00 in Fairfield Sentry Limited Fund ("Fairfield"), a feeder fund for Madoff's Ponzi scheme. Also, in 2005, Barbachano invested another $100,000.00 in Fairfield. And, in 2006, Sierra caused Barbachano to invest an additional $400,000.00 in Fairfield.

16.    Sierra touted the investment in Fairfield as a "risk reducer" for Barbachano's investment portfolio. She said that Fairfield had "no volatility," provided a six to seven percent annual return, and was a safe, conservative investment. Sierra did not, however, advise Barbachano that Fairfield was a feeder fund for Madoff.

4

Katz, Barron, Squitero, Faust, Friedberg, Grady, English & Allen, P.A.
2699 S. Bayshore Drive, Seventh Floor, Miami, Florida 33133-5408 • 305-856-2444 • 305-285-9227 fax

17.     In late 2007, Sierra and John Dutkowski met with Barbachano. (Dutkowski, upon information and belief, was also a representative of AEBI and, later, Standard Chartered, as well as a brokerage firm affiliated with the Defendants.) Sierra and Dutkowski recommended that Barbachano reallocate her assets based on then-existing market conditions, while maintaining her position with Fairfield. They advised that they would diversify her portfolio to minimize any risk, that they would maintain an investment risk factor of "moderate conservative" for Barbachano's assets, and that she should expect earnings of six to eight percent for 2008. When Barbachano asked what her losses could be, Sierra and Dutkowski advised that in the worst of cases she could suffer losses of ten to twelve percent.

18.     In 2008, Barbachano advised Sierra that she wanted to withdraw substantial assets from the investments managed by the Defendants in order to purchase property in Mexico. Sierra actively discouraged Barbachano from doing so and, instead, persuaded Barbachano to obtain a multi-million dollar loan from Standard Chartered. Barbachano was reluctant to go forward with the loan and sought further assurances from Sierra that her investments were not at risk, which Sierra assured her they were not, again stating that the bank reviewed all the investments that Sierra recommended.

19.     In 2008-09, Barbachano suffered losses of approximately forty-three (43) percent in her portfolio, including all $800,000 invested in Fairfield when Madoff's Ponzi scheme was revealed on December 11, 2008.

20.     In or about August 2009, Sierra left the employ of Standard Chartered. Also, in or about August 2009, Sierra advised Barbachano that she should sue the bank because her assets had been mismanaged. Sierra further stated that she did not obtain written authorization from

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
2699 S. BAYSHORE DRIVE, SEVENTH FLOOR, MIAMI, FLORIDA 33133-5408 • 305-856-2444 • 305-285-9227 FAX

Barbachano for many of the investments made and sold by the Defendants on her behalf, as she was required to obtain, and had failed to make changes to the trust, as Barbachano had requested.

21.     In or about October 2009, Standard Chartered, by and through its representative, Jose del Vecchio, contacted Barbachano. He also advised Barbachano that her portfolio had been mismanaged and that rather than having investments in the "moderate conservative" range, many of her assets had actually been placed in high-risk investments in the "aggressive" range. Del Vecchio recommended a new allocation of Barbachano's remaining assets.

22.     Thereafter, del Vecchio attempted to have Barbachano execute documents releasing the bank from liability for her losses. The Defendants also demanded that Barbachano repay in full the loan before releasing her assets.

23.     In or about April 2010, Barbachano closed her accounts with Standard Chartered.

## COUNT I

### INVESTMENT FRAUD – VIOLATION OF FLORIDA STAT. §§ 517.301 & 517.211(2) (AGAINST ALL DEFENDANTS)

24.     Plaintiff, Joaquina Teresa Barbachano Herrero, realleges paragraphs 1-23 as if fully set forth herein.

25.     This is an action against the Defendants for violations of the anti-fraud provisions of section 517.301 of the Florida Statutes, which seeks recovery pursuant to section 517.211(2) of the Florida Statutes.

26.     Section 517.301 provides in relevant part that:

It is unlawful and a violation of the provisions of [Chapter 517] for a person:

(a) In connection with the rendering of any investment advice or in connection with the offer, sale, or purchase of any investment . . ., directly or indirectly:

1. To employ any device, scheme, or artifice to defraud;

6

2. To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3. To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

27.     Defendants rendered investment advice to Barbachano and did so in connection with her purchase of Fairfield securities. In addition, Defendants rendered investment advice to Barbachano in connection with the other investment recommendations made to her.

28.     In so doing, Defendants employed a device, scheme, or artifice to defraud; Defendants obtained money or property by means of untrue statements of a material fact and/or failure to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or Defendants engaged in a transaction, practice, or course of business which operated or would operate as a fraud or deceit upon Barbachano.

29.     In particular, Defendants recommended and caused Barbachano to make investments unsuited to her investment objectives and risk allocation, recommended and caused Barbachano to obtain a multi-million dollar loan from the Defendants rather than liquidating part of her investments, and often made investment decisions without obtaining Barbachano's written authorization. The Defendants knew or should have known that the investments were unsuitable for Barbachano; the Defendants recommended the investments to Barbachano notwithstanding the unsuitability thereof and her lack of investment sophistication; and the Defendants, fraudulently and/or negligently, made material misrepresentations of material facts and failed to disclose material information relating to the suitability of the investments that they recommended.

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
2699 S. BAYSHORE DRIVE, SEVENTH FLOOR, MIAMI, FLORIDA 33133-5408 • 305-856-2444 • 305-285-9227 FAX

30. Moreover, Defendants failed to conduct adequate due diligence in connection with their recommendation that Barbachano purchase Fairfield securities, while fraudulently and/or negligently representing to Barbachano that they had reviewed in detail all the investments recommended to her, and while fraudulently and/or negligently touting the investment in Fairfield as a "risk reducer" for Barbachano's investment portfolio and fraudulently and/or negligently representing that Fairfield had "no volatility," would provide a six to seven percent annual return, and was a safe, conservative investment.

31. Barbachano justifiably relied upon Defendants' misrepresentations and omissions, following their investment recommendations and decisions.

32. Barbachano has suffered substantial damages as a result of Defendants' material omissions and false and negligent misrepresentations of material facts.

33. Likewise, Barbachano has suffered substantial damages as a result of Defendants' failure to take reasonable steps to substantiate the investment recommendations made to her, which recommendations caused and induced her investment losses.

WHEREFORE, Plaintiff, Joaquina Teresa Barbachano Herrero, demands judgment against Defendants for damages, prejudgment interest, attorneys' fees pursuant to Section 517.211(6) of the Florida Statutes and costs, and for such other relief as the Court deems just and proper.

## COUNT II

## BREACH OF FIDUCIARY DUTY
## (AGAINST ALL DEFENDANTS)

34. Plaintiff, Joaquina Teresa Barbachano Herrero, realleges paragraphs 1-33 as if fully set forth herein.

35. This is an action against the Defendants for breach of fiduciary duty.

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
2699 S. BAYSHORE DRIVE, SEVENTH FLOOR, MIAMI, FLORIDA 33133-5408 • 305-856-2444 • 305-285-9227 FAX

36.     Defendants entered into and had a fiduciary relationship with Barbachano, and Defendants and Barbachano shared a relationship whereby Barbachano reposed her trust and confidence in Defendants regarding their investment recommendations and decisions.    In particular, Defendants rendered investment advice to Barabachano and directed her investments.

37.     As such, Defendants owed Barabachano fiduciary duties of loyalty and care, including duties to make suitable investment recommendations and decisions only after conducting reasonable due diligence, researching potential investments, and disclosing all material facts, including the risks involved in any investment.    Defendants further owed Barbachano a fiduciary duty not to make material misrepresentations of fact or to omit material facts.

38.     Further, Defendants owed Barbachano a fiduciary duty to render investment advice suitable to her, taking into consideration Barbachano's investment objections, risk tolerance, and asset allocation.

39.     Defendants breached the fiduciary duties that they owed to Barbachano by failing to conduct reasonable due diligence, disclose material facts, and adequately research and/or disclose the risks involved in Fairfield, which investment Defendants fraudulently and/or negligently touted as a "risk reducer" for Barabachano's investment portfolio and fraudulently and/or negligently represented as having "no volatility," as providing a six to seven percent annual return, and as a safe, conservative investment.

40.     In addition, Defendants breached the fiduciary duties that they owed to Barbachano by causing her to make investments unsuited to her investment objections and risk allocation, by causing Barbachano to obtain a multi-million dollar loan from the Defendants rather than liquidating part of her investments, and by often making investment decisions without

9

obtaining Barbachano's written authorization. The Defendants knew or should have known the investments were unsuitable for Barbachano; the Defendants recommended investments to Barbachano notwithstanding the unsuitability thereof and her lack of investment sophistication; and the Defendants fraudulently and/or negligently made material misrepresentations and failed to disclose material information relating to the suitability of the investments.

41.      As her fiduciaries, Barbachano justifiably relied upon Defendants' investment advice, expertise, and skill and she suffered substantial damages as a result.

42.      Likewise, Barbachano has suffered substantial damages as a result of Defendants' failure to take reasonable steps to substantiate the investment recommendations made to her, which recommendations caused and induced her investment losses.

43.      Defendants' breach of fiduciary duty constitutes intentional misconduct or gross negligence, as those terms are defined in section 768.72, Fla. Stat. Accordingly, Barbachano reserves the right to amend the Complaint to seek punitive damages.

WHEREFORE, Plaintiff, Joaquina Teresa Barbachano Herrero, demands judgment against Defendants for damages, costs, prejudgment interest, and for such other relief as the Court deems just and proper.

## COUNT III

### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

44.      Plaintiff, Joaquina Teresa Barbachano Herrero, realleges paragraphs 1-43 as if fully set forth herein.

45.      This is an action against the Defendants for negligence.

46.      Defendants acted as investment advisors for Barbachano and, accordingly, owed her duties of care to make suitable investment recommendations and decisions only after

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
2699 S. BAYSHORE DRIVE, SEVENTH FLOOR, MIAMI, FLORIDA 33133-5408 • 305-856-2444 • 305-285-9227 FAX

conducting reasonable due diligence, researching potential investments, and disclosing all material facts, including the risks involved in any investment. Defendants further owed Barbachano a duty not to make material misrepresentations of fact or to omit material facts

47. Defendants breached the duties that they owed Barbachano by negligently failing to conduct reasonable due diligence, disclose material facts, and adequately research and/or disclose the risks involved in Fairfield, which investment Defendants negligently touted as a "risk reducer" for Barbachano's investment portfolio and negligently represented as having "no volatility," as providing a six to seven percent annual return, and as a safe, conservative investment.

48. In addition, Defendants breached the duties that they owed to Barbachano by causing her to make investments unsuited to her investment objections and risk allocation, by causing Barbachano to obtain a multi-million dollar loan from the Defendants rather than liquidating part of her investments, and by often making investment decisions without obtaining Barbachano's written authorization. The Defendants knew or should have known the investments were unsuitable for Barbachano; the Defendants recommended investments to Barbachano notwithstanding the unsuitability thereof and her lack of investment sophistication; and the Defendants negligently made material misrepresentations and failed to disclose material information relating to the suitability of the investments.

49. Barbachano justifiably relied upon Defendants' investment advice, expertise, and skill and she suffered substantial damages as a result.

50. Likewise, Barbachano has suffered substantial damages as a result of Defendants' failure to take reasonable steps to substantiate the investment recommendations made to her, which recommendations caused and induced her investment losses.

51.     As a direct and proximate result of Defendants' negligence, Barbachano has suffered damages.

WHEREFORE, Plaintiff, Joaquina Teresa Barbachano Herrero, demands judgment against Defendants for damages, costs, prejudgment interest, and for such other relief as the Court deems just and proper.

## COUNT IV

### GROSS NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

52.     Plaintiff, Joaquina Teresa Barbachano Herrero, realleges paragraphs 1-51 as if fully set forth herein.

53.     This is an action against the Defendants for gross negligence.

54.     Defendants acted as investment advisors for Barbachano and, accordingly, owed her duties of care to make suitable investment recommendations and decisions only after conducting reasonable due diligence, researching potential investments, and disclosing all material facts, including the risks involved in any investment.   Defendants further owed Barbachano a duty not to make material misrepresentations of fact or to omit material facts

55.     Defendants breached the duties that they owed Barbachano by negligently failing to conduct reasonable due diligence, disclose material facts, and adequately research and/or disclose the risks involved in Fairfield, which investment Defendants negligently touted as a "risk reducer" for Barbachano's investment portfolio and negligently represented as having "no volatility," as providing a six to seven percent annual return, and as a safe, conservative investment.

56.     In addition, Defendants breached the duties that they owed to Barbachano by causing her to make investments unsuited to her investment objections and risk allocation, by

causing Barbachano to obtain a multi-million dollar loan from the Defendants rather than liquidating part of her investments, and by often making investment decisions without obtaining Barbachano's written authorization. The Defendants knew or should have known the investments were unsuitable for Barbachano; the Defendants recommended investments to Barbachano notwithstanding the unsuitability thereof and her lack of investment sophistication; and the Defendants negligently made material misrepresentations and failed to disclose material information relating to the suitability of the investments.

57.     Barbachano justifiably relied upon Defendants' investment advice, expertise, and skill and she suffered substantial damages as a result.

58.     Likewise, Barbachano has suffered substantial damages as a result of Defendants' failure to take reasonable steps to substantiate the investment recommendations made to her, which recommendations caused and induced her investment losses.

59.     Defendants' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of Barbachano.

60.     As a direct and proximate result of Defendants' negligence, Barbachano has suffered damages.

61.     Defendants' conduct constitutes gross negligence, as defined in section 768.72, Fla. Stat. Accordingly, Barbachano reserves the right to amend the Complaint to seek punitive damages.

WHEREFORE, Plaintiff, Joaquina Teresa Barbachano Herrero, demands judgment against Defendants for damages, costs, prejudgment interest, and for such other relief as the Court deems just and proper.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

62.    Plaintiff demands a trial by jury on all issues so triable of right by a jury.


Dated:  December  9, 2010                    Respectfully submitted,

                                             John R. Squitero, Esquire
                                             Florida Bar No. 121196
                                             jrs@katzbarron.com
                                             H. Eugene Lindsey III
                                             Florida Bar No. 130338
                                             hel@katzbarron.com
                                             KATZ BARRON SQUITERO FAUST
                                             2699 S. Bayshore Drive, 7th Floor
                                             Miami, Florida 33133-5408
                                             Telephone: (305) 856-2444
                                             Facsimile:  (305) 285-9227
                                             *Attorneys for Plaintiff*

✎JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS

Joaquina Teresa Barbachano Herrero

**(b)** County of Residence of First Listed Plaintiff   Mexico
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

H.Eugene Lindsey, Esq., Katz Barron Squitero Faust
2699 South Bayshore Drive, Seventh Floor, Miami, FL 33133
Phone (305) 856-2444

### DEFENDANTS

Standard Chartered Bank International (Americas) Limited and
Standard Chartered PLC                                    ⊞

County of Residence of First Listed Defendant   United States
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**Edge Act**

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | |
| | Employment | ☐ 550 Civil Rights | Application | | ☐ 950 Constitutionality of State |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | Statutes |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page):   a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE                                          DOCKET NUMBER

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

State securities and common law claims

LENGTH OF TRIAL via  3-5  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $  Excess of $1 Million   CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   December 9, 2010

**FOR OFFICE USE ONLY**

AMOUNT                    RECEIPT #                    IFP

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| JOAQUINA TERESA BARBACHANO HERRERO | ) |
| --- | --- |
| _Plaintiff_ | ) |
| | ) |
| v. | ) Civil Action No. |
| STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS)LIMITED et Al. | ) |
| _Defendant_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LIMITED
1111 Brickell Avenue
Miami, FL 33131

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> H. Eugene Lindsey, Esq.
> Katz Barron Squitero Faust
> 2699 South Bayshore Drive, Seventh Floor
> Miami, FL 33133
> Phone: (305) 856-2444

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____12/09/2010_____

_____
_Signature of Clerk or Deputy Clerk_

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#9723; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#9723; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#9723; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#9723; I returned the summons unexecuted because _____ ; or

&#9723; Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| JOAQUINA TERESA BARBACHANO HERRERO<br>_____<br>*Plaintiff*<br>v.<br>STANDARD CHARTERED BANK INTERNATIONAL<br>(AMERICAS) LIMITED et Al.<br>_____<br>*Defendant* | )<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   STANDARD CHARTERED PLC
1111 Brickell Avenue
Miami, FL 33131

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

H. Eugene Lindsey, Esq.
Katz Barron Squitero Faust
2699 South Bayshore Drive, Seventh Floor
Miami, FL 33133
Phone: (305) 856-2444

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____12/09/2010_____          _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: