UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PASHA S. ANWAR, *et al.*,

      Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

      Defendants.

Master File No. 09-cv-118 (VM) (THK)

This Documents Relates To: *Joaquina Teresa Barbachano Herrero v. Standard Chartered Bank Int'l (Americas) Ltd., et al.*, No. 10-cv-24387 (S.D. Fla.)

## NOTICE OF JUDICIAL PANEL ON MULTIDISTRICT LITIGATION FILING – RESPONSE IN OPPOSITION TO MOTION TO TRANSFER ACTION

PLEASE TAKE NOTICE THAT on April 5, 2011, Plaintiff, JOAQUINA TERESA BARBARCHANO HERRERO ("Barbachano") filed her Response in Opposition to the Motion to Transfer Pursuant to 28 U.S.C. §1407 (the "Response") with the Judicial Panel on Multidistrict Litigation in the proceedings captioned *In re Fairfield Greenwich Group Securities Litigation*, MDL 2088 (the Fairfield MDL"). In the Response, Barbachano opposed transfer of the action styled *Joaquina Teresa Barbachano Herrero v. Standard Chartered Bank Int'l (Americas) Ltd., et al.*, No. 10-cv-24387 (S.D. Fla.) to the Southern District of New York, where the Fairfield MDL is currently pending. A copy of the Response is attached hereto as **Exhibit A**.

Date: April 7, 2011                                       Respectfully submitted,

                                                          KATZ BARRON SQUITERO FAUST
                                                          Attorneys for Plaintiff
                                                          2699 S. Bayshore Drive, 7th Floor
                                                          Miami, FL 33133
                                                          Telephone: 305-856-2444
                                                          Facsimile: 305-285-9227

                                                          By: /s/ H. Eugene Lindsey III, Esq.
                                                                H. Eugene Lindsey III, Esq.
                                                                Registration No.: 2421923

H:\LIB\DOCS\08991001\NOTICE\KJ2139.DOC

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 7th day of April, 2011, electronically to CM/ECF subscribers.

                                                          KATZ BARRON SQUITERO FAUST
                                                          Attorneys for Plaintiff
                                                          2699 S. Bayshore Drive, 7th Floor
                                                          Miami, FL 33133
                                                          Telephone: 305-856-2444
                                                          Facsimile: 305-285-9227

                                                          By: /s/ H. Eugene Lindsey III, Esq.
                                                                H. Eugene Lindsey III, Esq.
                                                                Registration No.: 2421923

# Exhibit A

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Fairfield Greenwich Group
Securities Litigation

MDL No. 2088

**JOAQUINA TERESA BARBACHANO HERRERO'S RESPONSE IN OPPOSITION TO THE MOTION OF STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD. AND STANDARD CHARTERED PLC TO TRANSFER PURSUANT TO 28 U.S.C. § 1407**

H. Eugene Lindsey III, Esq.
John R. Squitero, Esq.
Marissa C. Corda, Esquire
KATZ BARRON SQUITERO FAUST
2699 S. Bayshore Drive, 7th Floor
Miami, FL 33133
Telephone: 305-856-2444
Facsimile: 305-285-9227

*Attorneys for Plaintiff, Joaquina Teresa Barbachano Herrero*

April 5, 2011

## TABLE OF CONTENTS

Introduction .................................................................................. 1

Background .................................................................................. 2

Argument ..................................................................................... 3

    I.    COMMON QUESTIONS IN THESE ACTIONS DO NOT WARRANT CONSOLIDATION ............................................... 3

        (a) Common Questions of Fact Do Not Predominate .......... 3

        (b) Common Questions of Law Do Not Require Consolidation ................................................................. 5

    II.   COORDINATED DISCOVERY IS UNNECESSARY ...................... 5

Conclusion .................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**   **Page**

*In re Asbestos School Prods. Liability Litig.*,
    606 F. Supp. 713 (J.P.M.L. 1985) .................................................. 4

*In re Ecuadorian Oil Concession Litig.*,
    487 F. Supp. 1364, 1368 (J.P.M.L. 1980) ............................................. 4

*In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*,
    446 F.Supp. 242, 243-244 (J.P.M.L. 1978) ........................................... 4

*In re Factor VIII or IX Concentrate Blood Prods. Litig.*,
    169 F.R.D. 632, 638 (N.D. Ill. 1996) ................................................. 6

*In re First Nat'l Bank*,
    451 F. Supp. 995, 997 (J.P.M.L. 1978) ............................................... 5

*In re Fout & Wuerdeman Ltiig.*,
    657 F.Supp.2d 1371 (J.P.M.L. 2009) ................................................. 3

*In re Glaceau Vitamwater Mkting & Sales Prac. Litig.*,
    641 F.Supp.2d 1381 (J.P.M.L.) ...................................................... 3

*In re Multidistrict Civil Antitrust Actions Involving the Distrib. of Scotch Whiskey*,
    299 F. Supp. 543, 544 (J.P.M.L. 1969) ............................................... 4

*In re Pantopaque Prods. Liability Litig.*,
    787 F. Supp. 229 (J.P.M.L. 1992) ................................................... 5

*In re Sears, Roebuck & Co.Empl. Prac. Litig.*,
    487 F.Supp. 1362, 1364 (J.P.M.L. 1980) ............................................. 4

*In re Texas Instruments Inc. Empl. Prac. Litig.*,
    441 F.Supp. 928, 929 (J.P.M.L. 1977) ............................................... 4

*Oklahoma Ins. Holding Co. Act Litig.*,
    464 F.Supp. 961, 965 (J.P.M.L. 1978) ............................................... 5

*People by Abrams v. Trans World Airlines, Inc.*
    728 F.Supp. 162, 166 (S.D.N.Y. 1989) ............................................... 5

| Statutes | Page |
|---|---|
| 28 U.S.C. § 1407 (2006) | *Passim* |

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
MIAMI • FT. LAUDERDALE

Plaintiff, JOAQUINA TERESA BARBACHANO HERRERO ("Plaintiff" or "Barbachano"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1407 and Rule 6.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, respectfully submits this Response in Opposition to the Motion of Defendants, STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD. ("SCBI") and STANDARD CHARTERED PLC's ("SC PLC") (collectively "Defendants" or "Standard Chartered") to Transfer Pursuant to 28 U.S.C. § 1407 (the "Motion") and respectfully requests that the Judicial Panel on Multidistrict Litigation deny that Motion.

## INTRODUCTION

In the Motion, Defendants seek transfer of *Joaquina Teresa Barbachano Herrero v. Standard Chartered Bank Int'l (Americas) Ltd, et al.*, No. 10-cv-24387 (S.D. Fla.) (the "Barbachano Litigation") from the United States District Court for the Southern District of Florida to the United States District Court for the Southern District of New York, where the multidistrict litigation, *In re Fairfield Greenwich Group Securities Litigation*, MDL No. 2008 (the "Fairfield MDL"), is currently pending. Plaintiff opposes the transfer. As explained in more detail below, the Barbachano Litigation does not require transfer and centralization with the Fairfield MDL because common fact questions do not predominate over individual questions in the litigation. Indeed, the Barbachano Litigation and the ultimate facts underlying the same relate, at their core, to breaches of fiduciary duty, the suitability (or lack thereof) of investments recommended, misrepresentations, and omissions by Defendants' agents in Miami, Florida spanning more than a decade that go far beyond the Madoff Ponzi scheme. Accordingly, transfer and centralization with the Fairfield MDL will neither serve the convenience of the parties and witnesses nor promote judicial efficiency.

1

## BACKGROUND

There are approximately twenty two separate cases against the Defendants consolidated in the Fairfield MDL, most of which arise out of the following general allegations of wrongdoing – that the Defendants recommended investments in the Fairfield Funds, that the Defendants failed to conduct adequate due diligence, and that the Defendants made misrepresentations or omissions concerning one of more of the Fairfield Funds. Motion, pg. 6. In the Motion, Defendants assert that the Barbachano Litigation should be centralized with the Fairfield MDL for three main reasons:

> *First*, [the Barbachano Litigation] shares the same factual backdrop as the cases previously consolidated in the Fairfield MDL – Bernard Madoff's Ponzi scheme…
>
> *Second*, this action contains exactly the kind of due-diligence related allegations that are central to the claims in twenty-two separate cases against the Bank or its affiliates that are now part of the Fairfield MDL…
>
> *Third*, Barbachano Herrero cannot prove her allegations without reaching factual questions concerning Fairfield, a named defendant in the *Anwar* consolidated class action in the Fairfield MDL.

Motion, pg. 11-12 (emphasis in original).

However, Defendants' characterization of the Barbachano Litigation overlooks many of the allegations contained in the Complaint. As set forth therein, this cases arises not only from Defendants' failure to conduct due diligence related to the Fairfield Funds, but also from fraudulent and/or negligent investment advice and recommendations rendered by the Defendants resulting in losses of approximately forty-three percent of Plaintiff's portfolio, of which the Fairfield losses represent only about a third. Compl., ¶¶ 1, 19. For example, as alleged in the Complaint, "Defendants recommended and caused [Plaintiff] to make investments unsuited to her investment objective and risk allocation, recommended and caused [Plaintiff] to obtain a

multi-million dollar loan from the Defendants rather than liquidating part of her investments, and often made investment decisions without obtaining [Plaintiff's] written authorization." Compl., ¶ 29, see also id. ¶¶ 40, 48, 56.

## ARGUMENT

The relevant statutory provision allowing for transfer and centralization provides the following:

### §1407. Multidistrict litigation.

(a)   When civil actions involving one or more common questions of fact are pending in different district, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407. Given that standard, the Panel should deny Defendants' Motion. Transfer will neither serve the convenience of parties and witnesses nor promote judicial efficiency.

### I.   COMMON QUESTIONS IN THESE ACTIONS DO NOT WARRANT CONSOLIDATION

(a)   **Common Questions of Fact Do Not Predominate**

"One or more questions of fact" is a statutory precondition to this Panel's consideration of suitability for transfer and centralization. However, the mere existence of common facts is insufficient. A movant bears the burden of proving that the common questions must predominate over individual questions. Absent predominance, this Panel denies transfer and consolidation under §1407. *See, e.g. In re Glaceau Vitamwater Mkting & Sales Prac. Litig.*, 641 F.Supp.2d 1381 (J.P.M.L.) ("the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket"); *In re Fout & Wuerdeman Ltiig.*, 657 F.Supp.2d 1371 (J.P.M.L. 2009)

(common factual questions not "sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings"); *In re Asbestos School Prods. Liability Litig.*, 606 F. Supp. 713 (J.P.M.L. 1985); *In re Sears, Roebuck & Co.Empl. Prac. Litig.*, 487 F.Supp. 1362, 1364 (J.P.M.L. 1980); *In re Ecuadorian Oil Concession Litig.*, 487 F. Supp. 1364, 1368 (J.P.M.L. 1980); *In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 243-244 (J.P.M.L. 1978); *In re Texas Instruments Inc. Empl. Prac. Litig.*, 441 F.Supp. 928, 929 (J.P.M.L. 1977); *In re Multidistrict Civil Antitrust Actions Involving the Distrib. of Scotch Whiskey*, 299 F. Supp. 543, 544 (J.P.M.L. 1969).

In the instant case, the Panel should decline transfer and centralization. While Plaintiff has suffered damages relating to the Madoff Ponzi scheme, those allegations are not, as Defendants say, "the core" of the Barbachano Litigation. Instead, the Complaint alleges that Defendants breached their fiduciary duties and provided fraudulent and/or negligent investment advice, recommending investments unsuited to Plaintiff's objectives and risk allocation, including <u>but not limited</u> to the investment in Fairfield Funds. Compl., ¶ 1, 20, 21. Defendants also recommended and caused Plaintiff to obtain a multi-million dollar loan from the Defendants rather than liquidating part of her investments and often made investment decisions without obtaining Plaintiff's written authorization. Compl., ¶¶ 18, 20. As such, the facts related to Madoff and Defendants' lack of due diligence relating to the same do not predominate the Barbachano Litigation.[1]

---

[1] This case likely shares greater similarities to the *Pablo Barbachano* case (Case No. 10-cv-22961, currently pending before the United States District Court for the Southern District of Florida) in which Plaintiff's brother filed an action against SCBI and in which the principal allegation is that SCBI conducted unauthorized trading in the private banking account that he

4

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
MIAMI • FT. LAUDERDALE

### (b) Common Questions of Law Do Not Require Consolidation

The statutory threshold for centralization is the existence of common factual questions, not common legal questions. Centralization does not aid in the resolution of common legal questions and, accordingly, motions to consolidate relating to common legal questions are denied. As explained in *People by Abrams v. Trans World Airlines, Inc.*,

> Although we recognize that the actions in this litigation may involve some common questions of fact, we are not persuaded that these common questions of fact will predominate over individual questions of fact pertaining to various states' deceptive advertising claims. We find that the primary common thread in this litigation pertains to legal questions raised by the airline parties' defenses to the deceptive advertising claims. In these circumstances, the Panel concludes that § 1407 transfer is not warranted.

728 F.Supp. 162, 166 (S.D.N.Y. 1989) (citations omitted). *See also Oklahoma Ins. Holding Co. Act Litig.*, 464 F.Supp. 961, 965 (J.P.M.L. 1978).

Thus, any potential reply by Defendants attempting to claim the importance of any similar questions of law (i.e. affirmative defenses related to due diligence on the Fairfield Funds) should be of little consequence and the Motion should still be denied.

### II. COORDINATED DISCOVERY IS UNNECESSARY

The need to avoid duplicative discovery is a prime reason for centralization under 28 U.S.C. § 1407. *See e.g. In re Pantopaque Prods. Liability Litig.*, 787 F. Supp. 229 (J.P.M.L. 1992); *In re First Nat'l Bank*, 451 F. Supp. 995, 997 (J.P.M.L. 1978). No such need is present here. As stated, the facts surrounding the Madoff Ponzi scheme and Defendants' due diligence regarding the same make up only a portion of Plaintiff's damages.

Much of the further discovery required is fact specific and distinct to the Barbachano Litigation. The documents to be produced by Defendants and the testimony of witnesses, who,

---

maintained at SCBI. Although an investment in Fairfield Sentry is at issue in the case, that case was ultimately ***not*** transferred into the Fairfield MDL.

5

we believe, are for the most part located in Miami, Florida, will cover the parties' relationship that span more than a decade and involve factual issues far greater than merely the Fairfield Funds. For example, necessary discovery will include statements made by Jennifer Sierra, Plaintiff's relationship manager at American Express Bank International (the predecessor of the Defendants), about not only Plaintiffs investment in the Fairfield Funds, but also about the issuance of the loan from the Defendants, Plaintiff's other investments, and Defendants' failure to obtain Plaintiff's written authorization before making many investment decisions. Therefore, no need exists for consolidated discovery. *See In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 169 F.R.D. 632, 638 (N.D. Ill. 1996) (case-specific discovery noted as not amenable to centralization).

## CONCLUSION

For all the foregoing reasons, this Court should deny Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1407.

Date: April 5, 2011

Respectfully submitted,

KATZ BARRON SQUITERO FAUST
Attorneys for Plaintiff
2699 S. Bayshore Drive, 7th Floor
Miami, FL 33133
Telephone: 305-856-2444
Facsimile: 305-285-9227

By: /s/ H. Eugene Lindsey III, Esq.
    H. Eugene Lindsey III, Esq.
    Florida Bar No.: 0130338
    John R. Squitero, Esq.
    Florida Bar No.: 121196
    Marissa C. Corda, Esquire
    Florida Bar No.: 60525

H:\LIB\DOCS\08991001\LIT\KI8644.DOC

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Fairfield Greenwich Group
Securities Litigation                                                    MDL No. 2088

## PROOF OF SERVICE

I certify that on April 5, 2011, I served, by electronic filing using the Judicial Panel on Multidistrict Litigation CM/ECF system and by email, a true and correct copy of the enclosed Response in Opposition to the motion of Standard Chartered Bank International (Americas) Ltd. and Standard Chartered PLC to Transfer Pursuant to 28 U.S.C. § 1407, filed on behalf of Joaquina Teresa Barbachano Herrero, on the parties listed on the attached service list. I further certify that I have transmitted a copy of the response for filing to the clerks of the United States District for the Southern District of New York and for the Southern District of Florida, where the affected actions, *Anwar* v. *Fairfield Greenwich Ltd.*, No. 09-cv-118 (S.D.N.Y.) and *Joaquina Teresa Barbachano Herrero* v. *Standard Chartered Bank International (Americas) Ltd.*, 10-cv-24387 (S.D. Fla.), are pending.

Dated: April 5, 2011

By: /s/ H. Eugene Lindsey III, Esq.
H. Eugene Lindsey III, Esq.
Florida Bar No.: 0130338
John R. Squitero, Esq.
Florida Bar No.: 121196
Marissa C. Corda, Esquire
Florida Bar No.: 60525

## SERVICE LIST

1. *Joaquina Teresa Barbachano Herrero v. Standard Chartered Bank International (Americas) Ltd., and Standard Chartered PLC*, 10-cv-24387 (S.D. Fla):

Sharon L. Nelles
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
(212) 558-4000
Fax: (212) 558-3588
nelless@sullcrom.com

2. *Anwar v. Fairfield Greenwich Ltd., et al.*, No. 09-cv-118 (S.D.N.Y.)

| | |
|---|---|
| **David A. Barrett**<br>Boies, Schiller & Flexner, LLP(NYC)<br>575 Lexington Avenue<br>New York, NY 10022<br>(212) 446-2310<br>Fax: (212)446-2350<br>Email: dbarrett@bsfllp.com<br><br>Attorney for Securities & Investment Company Bahrain, Harel Insurance Company, Ltd., AXA Private Management, St. Stephen's School, and Pacific West Health Medical Center, Inc. Employee's Retirement Trust, Pasah S. Anwar, Inter-American Trust, Elvira 1950 Trust, Bonaire Limited, Carlos Gauch, Loana Ltd., Wall Street Securities, S.A., Banco General, S.A., Harvest Dawn International Inc., El Prado Trading, Omawa Investment Corporation, Carmel Ventures Ltd., Traconcorp, Blythel Associated Corp., Marrekesh Resources, Centro Inspection Agency, Kalandar International, Landville Capital Management S.A., 20/20 Investments, Diversified Investments Associates Class A Units, ABR Capital Fixed Option/Income Strategic Fund LP, and The Knight Services Holdings Limited. | **Mark Geoffrey Cunha**<br>Simpson Thacher & Bartlett LLP (CA)<br>3330 Hillview Avenue<br>Palo Alto, CA 94304<br>212-455-2000<br>Fax: 212-455-2502<br>Email: mcunha@stblaw.com<br><br>Attorney for Fairfield Risk Services, Ltd., Fairfield Greenwich Ltd., Fairfield Greenwich Group, Fairfield Greenwich (Bermuda) Ltd., Fairfield Greenwich Advisors L.L.C., Fairfield Heathcliff Capital LLC, Fairfield Risk Services Ltd., Yanko Dellaw Schiava, Philip Toub, Lourdes Barreneche, Cornelis Boele, Vianney D'hendecourt, Harold Greisman, Jacqueline Harary, Richard Landsberger, David Lipton, Julia Luongo, Mark Mckeefry, Maria Teresa Pulido Mendozo, Charles Murphy, Santiago Reyes, Andrew Smith, Fairfield Greenwich Advisors, L.L.C., Amit Vijayvergiya, Daniel Lipton, Robert Blum, Corina Noel Piedrahita, and Maria Teresa Pulido Mendozo. |

**Christopher Lovell**
Lovell Stewart Halebian Jacobson LLP
61 Broadway
Suite 501
New York, NY 10006
(212) 608-1900
Fax: (212) 719-4677
Email: clovell@lshllp.com

Attorney for Pasah S. Anwar and Julia Anwar.

**William M. O'Connor**
Crowell & Moring LLP (NYC)
590 Madison Avenue
New York, NY 10022
(212)223-4000 x895-4259
Fax: (212) 223-4134
Email: woconnor@crowell.com

Attorney for Jitendra Bhatia, Gopal Bhatia, Kishanchand Bhatia, Jayshree Bhatia, Mandakini Gajaria, ABN AMRO LIFE S.A., Bahia del Rio S.A., Bevington Management, Ltd., Calwell Investment S.A., Diamond Hills Inc., Hedge Strategy Fund LLC, Kivory Corporation, North Club, Inc., North Club, Inc., PFA Pension A/S, Taurus the Fourth Ltd., and Zenn Assets Holding, Ltd.

**Catherine A. Torrell**
Cohen Milstein Sellers & Toll P.L.L.C.
88 Pine Street
14th, Floor
New York, NY 10005
(212) 838-7797
Fax: (212) 838-7745

Attorney for Shimon Laor.

**Robert Alan Wallner**
Milberg LLP (NYC)
One Pennsylvania Plaza
New York, NY 10119
212-594-5300
Fax: 212-868-1229
Email: rwallner@milberg.com

Attorney for Miguel Lomeli, Morning Mist Holdings Limited, David I. Ferber, Frank E. Pierce, and the Frank E. Pierce Ira.

**Carl Lester Stine**
Wolf Popper LLP
845 Third Avenue
New York, NY 10022
212 451-9631
Fax: (212) 486-2093
Email: cstine@wolfpopper.com

Attorney for Pacific West Health Medical Center Inc. Employees Retirement Trust.

**David Robert Kromm**
Port Authority of New York and New Jersey
225 Park Ave. South
New York, NY 10003
(212)-435-3483
Fax: (212)-435-3834
Email: dkromm@panynj.gov

Attorney for Nadav Zohar and Ronit Zohar.

**David J. Molton**
Brown Rudnick LLP (NYC)
Seven Times Square
New York, NY 10036
212-209-4800
Fax: 212-704-0196
Email: dmolton@brownrudnick.com
Attorney for Fairfield Sentry Ltd.

**David Alan Rothstein**
Dimond Kaplan & Rothstein
2665 South Bayshore Drive
PH-2B
Coconut Grove, FL 33133
305-374-1920
Fax: 374-1961

Attorney for Jose Antonio Pujals and Rosa Julieta A De Pujals.

**Laurence Edward Curran , III**
Curran & Associates
4000 Ponce De Leon Blvd
Suite 470
Coral Gables, FL 33146
(305)-753-3754
Fax: (305)-675-0548
Email: lecurran@lecurran.com

Attorney for Ricardo Lopez, Auburn Overseas Corp., Triple R Holdings Ltd., Interland Investments Ltd., New Horizon Dev., Inc., Scalar Ltd., Reinaldo Ruiz, Iston Holdings Ltd., Ramiro Rendiles, Alberto Perez, 5C Investments Ltd., Velvor S.A., Vilebens, S.L., Jorge Asensio, Prionas Shipping Co. Ltd., and Panagiotis Leonardos.

**Paul Edouard Dans**
Rivero Mestre & Castro
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
(305) 445-2500
Fax: (305) 445-2505
Email: pdans@riveromestre.com

Attorney for Headway Investment Corp.

**Richard E. Brodsky**
The Brodsky Law Firm
66 West Flagler Street, Ninth Floor
Miami, FL 33130
(786)-220-3328
Fax: (866)-564-8231
Email: rbrodsky@thebrodskylawfirm.com
Attorney for Maridom Limited.

**Michael Jules Aguirre**
Aguirre, Morris & Severson LLP
444 West C Street, Suite 210
San Diego, CA 92101
(619)-876-5364
Fax: (619)-876-5368
Email: maguirre@amslawyers.com

Attorney for Maria Akriby Valladolid.

**Catherine A. Torell**
Cohen Milstein Sellers & Toll P.L.L.C.
88 Pine Street
14th, Floor
New York, NY 10005
212-838-7797
Fax: 212-838-7745
Email: ctorell@cohenmilstein.com

Attorney for Fairfield Investor Group.

**Andrew J. Levander**
Dechert, LLP (NYC)
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500
Fax: (212) 698-3500
Email: andrew.levander@dechert.com

Attorney for Andres Piedrahita.

**Helen Virginia Cantwell**
Debevoise & Plimpton, LLP (NYC)
919 Third Avenue, 31st Floor
New York, NY 10022
(212) 909-6312
Fax: (212) 909-6312
Email: hvcantwell@debevoise.com

Attorney for Amit Vigayvergia.

**Glenn Kurtz**
White & Case LLP (NY)
1155 Ave of the Americas
New York, NY 10036
(212) 819-8200
Fax: (212) 354-8113
Email: gkurtz@whitecase.com

Attorney for Walter M. Noel, Jr.

**Adam K. Grant**
Kasowitz, Benson, Torres & Friedman, LLP (NYC)
1501 Broadway 12th, Floor
New York, NY 10036
(212)-506-1976
Fax: (212)-506-1800
Email: agrant@kasowitz.com

Attorney for Jeffrey Tucker.

**Amanda Mcgovern**
Gilbride Heller & Brown P.A
2 South Biscayne Blvd, One Biscayne Tower - Suite 1570
Miami, FL 33131
(305) 358-3580
Fax: (305) 374-1756
Email: amcgovern@ghblaw.com

Attorney for CITCO Fund Services (Europe) B.V., Citco Fund Services (Bermuda) Limited, Citco Group Limited, CITCO Bank Nederland N.V. Dublin Branch, CITCO Fund Services (Europe) B.V., Citco Canada Inc., and Citgo Global Custody N.V.

**Andrew M. Genser**
Kirkland & Ellis LLP (NYC)
601 Lexington Avenue
New York, NY 10022
(212) 446-4809
Fax: (212) 446 6460
Email: agenser@kirkland.com

Attorney for Pricewaterhousecoopers L.L.P.

**Ricardo Alejandro Gonzalez**
Greenberg Traurig, P.A.
333 Avenue of The Americas
Miami, FL 33131
(305)-579-0891
Fax: (305)-579-0717
Email: gonzalezr@gtlaw.com

Attorney for Carlos Gadala-Maria, Raul Mas, Robert Friedman, Robert Friedman, Rodolfo Pages, and John G Dutkowski.

**Jonathan David Cogan**
Kobre & Kim LLP
800 Third Avenue
6th Floor
New York, NY 10022
(212)-488-1200
Fax: (212)-488-1220
Email: jonathan.cogan@kobrekim.com

GlobeOp Financial Services LLC.

**Jones & Adams, P.A.**
9115 S. Dadeland Blvd., Suite 1506
Miami, Florida 33156
matthew@jones-adams.com

Attorney for Ricardo Almiron, and Carlos Carrillo.

**Gabrielle Sean Marshall**
Hughes Hubbard & Reed LLP (NY)
One Battery Park Plaza
New York, NY 10004
(212)-837--6413
Fax: (212)-299-6413
Email: marshalg@hugheshubbard.com

Attorney for PricewaterhouseCoopers Accountants Netherlands N.V.

**Edward M. Spiro**
Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C
565 Fifth Avenue
New York, NY 10017
(212) 880-9460
Fax: (212) 856-9494
Email: espiro@magislaw.com

Attorney for David Horn.

**Bruce Allen Baird**
Covington & Burling, L.L.P. (DC)
1201 Pennsylvania Avenue, NW
Washington, DC 20004
(202)-662-5122
Fax: (202)-778-5122
Email: bbaird@cov.com

Attorney for Gregory Bowes.

**Joel S. Magolnick**
De La O, Marko, Magolnick & Leyton
3001 S.W. 3rd Ave.
Miami, Fl 33129
magolnick@dmmllaw.com

Attorney for Greico, Inc. and Alicia Gaviria De Rivera.

**Dr. Gaytri D. Kachroo**
Kachroo Legal Services, P.C.
219 Concord Ave.
Cambridge, MA 02138
gkachroo@kachroolegal.com

Attorney for Ricardo Rodriguez Caso.