UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
PASHA ANWAR, et al.,   )
                      )
   Plaintiffs,       )
                      )
v.                    )
                      )   Master File No. 09-CV-118 (VM)
FAIRFIELD GREENWICH LIMITED, et al.,  )
                      )
   Defendants.       )
                      )
This Document Relates to:   )
*Da Silva Ferreira v. EFG Capital International*   )
*Corp., et al., 11-CV-813(VM)*   )
---------------------------------------------------------------x

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ISSUANCE OF SUBPOENA TO LAWRENCE D. (LONNIE) HOWELL**

Plaintiffs, Lorrene Da Silva Ferreira and Arlete Da Silva Ferreira, individually and on behalf of all others similarly situated, reply in support of their Motion for Issuance of Subpoena to Lawrence D. (Lonnie) Howell filed on May 2, 2011 (the "Motion") against Defendant, EFG Capital International, Inc. ("EFG Capital"), and state:

**INTRODUCTION**

In its response, EFG Capital does not dispute the detailed factual recitation set forth in Plaintiffs' Motion showing that Howell has relevant knowledge about the merits- and class-related issues in this case. Moreover, EFG Capital agrees to produce Mr. Howell for deposition "at a reasonable time and place that is convenient for all parties . . . ." Thus, the only question for this Court to decide is <u>when</u> it should issue an Order allowing Plaintiffs to subpoena Howell.

The answer is: "Right now." This Court should have the benefit of Howell's testimony when it considers Plaintiffs' motion for class certification. EFG Capital argued in its opposition to certification that it treated each class member differently, and therefore individualized issues

predominate over common ones. Plaintiffs replied that, to the contrary, class members were treated identically through a policy of uniformity that Howell implemented. EFG Capital does not dispute this assertion in its Response. Howell's testimony about that treatment is key to a class determination.

## ARGUMENT

In its response to Plaintiffs' Motion, EFG Capital does not overcome either of the two Walsh Act factors. EFG Capital does not challenge any of the facts set forth in Plaintiffs' Motion showing that Howell's testimony is relevant and therefore "necessary in the interest of justice." EFG Capital fails to dispute (i) that Howell has knowledge of EFG Capital's concerns about Madoff; (ii) that Howell himself had concerns about Madoff, and directed EFG Capital to limit the money lent to customers holding Fairfield Sentry; (iii) that Howell reviewed and edited a letter to EFG Capital customers recommending a reduction in Fairfield Sentry concentration (a letter than went out four days after Howell and EFG Capital received the Pehrrson Memo, which revealed that Fairfield thought Madoff was "cheating"); (iv) that Howell participated in EFG Capital's due diligence of Fairfield Sentry and Madoff, and mediated a dispute between EFG Capital and a European affiliate over access to certain due diligence (which, in the end, EFG Capital _did not_ receive); and (v) that it was Howell, and not EFG Capital's executives, who decided that EFG Capital would not return bogus Madoff-related fees and commissions to Plaintiffs and class members.

Nor does EFG Capital dispute the second Walsh Act factor. Because of restraints placed on discovery by Swiss law and the Hague Convention on Taking Evidence Abroad, admissible testimony cannot be gathered from Howell without his personal appearance here in the United States, which EFG Capital has offered to make happen.

2

*Da Silva Ferreira v. EFG Capital International Corp., et al.*, 11-CV-813(VM)
Master File No. 09-CV-118 (VM)

EFG Capital's response instead pursues the strategy that EFG Capital has employed throughout this case: delay. Before this case was transferred to the *Anwar* multidistrict litigation from the Southern District of Florida, EFG Capital filed numerous motions to stay discovery pending the resolution of its motion to dismiss. When those motions were denied and a trial date was set for August 2011, EFG Capital moved to transfer the case to this Court, where a trial date has not been set. EFG Capital now cites the absence of a trial date to essentially argue that "there's no rush" to depose Howell. But the March 2012 discovery deadline is only nine months away. It will likely take two months or more to serve the subpoena on Howell in Switzerland once this Court issues its order. Once the subpoena is served, scheduling the deposition may be delayed to the extent it relies on Howell's travel schedule (EFG Capital has not indicated the date of Howell's next trip to Miami or elsewhere in the U.S.[1]). Moreover, a deposition near the back-end of the discovery period would prevent Plaintiffs from doing follow-up discovery.

EFG Capital also argues repeatedly that this Court should wait for a ruling on class certification before allowing Howell's deposition. But there is no indication that a ruling on class certification will occur any time soon, or before March 2012. This Court's most recent Scheduling Order acknowledged that there is a "lengthy and undefined period for class-related discovery." [D.E. 604 ¶ 4].

Indeed, precisely because this case currently is in the class-related discovery period, Plaintiffs should be allowed to take deposition testimony from Howell so that this Court may have the benefit of it when considering the class issues. As Plaintiffs set forth in their Motion, Howell's testimony is relevant to Plaintiffs' class allegations — particularly Howell's knowledge

---

[1] Notably absent from EFG Capital's response is any indication of hardship or prejudice relating to Mr. Howell's travel schedule. Victor Echevarria of EFG Capital testified that Howell comes to Miami once or twice a year.

3

*Da Silva Ferreira v. EFG Capital International Corp., et al.*, 11-CV-813(VM)
Master File No. 09-CV-118 (VM)

of the broader, advisory role that EFG Capital assumed over its customers uniformly at Howell's instruction. Howell approved the "Notice to Clients" sent by EFG Capital advising that Fairfield Sentry's assets were custodized with Madoff. Howell capped the amount of money that EFG Capital could lend its customers whose accounts held Fairfield Sentry. And Howell requested that EFG Capital send out the concentration letter to EFG Capital's clients. Plaintiffs' expert Paul Meyer, whose preliminary report is attached to Plaintiffs' Reply in Support of Class Certification, opined that this uniform treatment would create a fiduciary duty by EFG Capital over all class members, regardless of whether they purchased Fairfield Sentry based on EFG Capital's recommendation or received no recommendation from EFG Capital.

Finally, EFG Capital's "apex deponent" argument is distinguishable here. This court has routinely held that top executives may be deposed when they have relevant information. *See, e.g.*, *Gen. Star Indemn. Co. v. Platinum Indemn. Ltd.*, 210 F.R.D. 80, 82-83 (S.D.N.Y. 2002) (case cited by EFG Capital, denying motion for protective order where apex deponent did not provide evidence disputing relevant knowledge); *Speadmark, Inc. v. Federated Dep't Stores, Inc.*, 176 F.R.D. 116, 118 (S.D.N.Y. 1997) (denying motion for protective order by apex deponent); *Naftchi v. N.Y. Univ. Med. Ctr.*, 172 F.R.D. 130, 132-33 (S.D.N.Y. 1997) (ordering deposition of apex deponent where deponent's affidavit did not assert that he lacked familiarity with matters at issue in the case); *Lloyd v. Bear Stearns & Co.*, No. 99-CIV-3323-AGS, 1999 WL 813420 (S.D.N.Y. Oct. 12, 1999) (same). Here, there is already considerable evidence that Howell has unique and personal information about events that are central to Plaintiffs' claims. EFG Capital has not disputed any of that evidence. Nor has EFG Capital argued that this information can be obtained from lower-ranking officials. (Indeed, Plaintiffs have deposed lower-ranking officials (EFG Capital's executives), who have attributed knowledge of certain

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

information to Howell.)  Rather, EFG Capital argues that Howell's deposition would cause an undefined "business disruption."  EFG Capital fails to provide any evidence showing that a business disruption would occur, or otherwise showing that Howell could not set aside a day to sit for deposition during one of his regular business trips to the United States.  (In fact, EFG Capital offers to make Howell available at a mutually agreeable date).  Nor has EFG Capital provided any evidence that Plaintiffs seek Howell's deposition for harassment purposes.

"Highly-placed executives are not immune from discovery."  *General Star Indemnity Co.*, 210 F.R.D. at 83.  "An order barring a litigant from taking a deposition is most extraordinary relief."  *Speadmark, Inc.*, 176 F.R.D. at 118.  There is no cause for barring Howell's deposition in this case simply because he is a highly placed executive.

## CONCLUSION

For the reasons stated above, Plaintiffs ask this Court to grant the relief sought in Plaintiffs' Motion for Issuance of Subpoena.

Dated: June 3, 2011.                         Respectfully submitted,

| | |
|---|---|
| COHEN KINNE VALICENTI & COOK LLP<br>*Co-counsel for Plaintiffs*<br>28 North Street, 3rd Floor<br>Pittsfield, MA  01201<br>Telephone:  (413) 443-9399<br>Facsimile:  (413) 553-0331<br>KEVIN M. KINNE<br>Massachusetts Bar No. 559004<br>Kkinne@cohenkinne.com | LEVINE KELLOGG LEHMAN<br>SCHNEIDER + GROSSMAN LLP<br>*Attorneys for Plaintiffs*<br>201 So. Biscayne Boulevard<br>Miami Center, 34th Floor<br>Miami, FL 33131<br>Telephone:  (305) 403-8788<br>Facsimile:  (305) 403-8789 |
| DANIEL R. SOLIN, ESQ.<br>*Co-counsel for Plaintiffs*<br>401 Broadway, Ste. 306<br>New York, N.Y. 10013-3005<br>Telephone:  (239) 949-1606<br>Facsimile: (239) 236-1381<br>New York Bar No.  8675<br>dansolin@yahoo.com | By ___/s/ Jason Kellogg___<br>     LAWRENCE A. KELLOGG, P.A.<br>     Florida Bar No. 328601<br>     lak@lkllaw.com<br>     JASON KELLOGG, ESQ.<br>     Florida Bar No. 0578401<br>     jk@lkllaw.com |

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **June 3, 2011**, I served a true and correct copy of the foregoing via the CM/ECF system on all counsel or parties of record on the Service List below. I also served a copy of the foregoing document via facsimile and U.S. Mail on counsel for EFG Bank, c/o Tracy Nichols, Esq., Holland & Knight LLP, 701 Brickell Avenue, Miami, Florida 33131.

By  /s/ Jason Kellogg
JASON KELLOGG

## SERVICE LIST

**Joseph C. Coates, III, Esq.**
CoatesJ@gtlaw.com
**Jon A. Jacobson, Esq.**
JacobsonJ@gtlaw.com
**Lauren Whetstone, Esq.**
WhetstoneL@gtlaw.com
**GREENBERG TRAURIG, P.A.**
*Counsel for Defendant EFG Capital International Corp.*
777 South Flagler Drive
Third Floor East
West Palm Beach, FL  33401
Telephone: (561) 650-7900
Facsimile: (561) 655-6222