USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 6/7/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANWAR, et al.,

    Plaintiffs,

      -against-

FAIRFIELD GREENWICH LIMITED, et al.,

    Defendants.

This Document Relates To: All Actions
------------------------------------------------------------x

MASTER FILE NO.
09-CV-0118 (VM)

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF MARCH 18, 1970 ON TAKING EVIDENCE ABROAD IN CIVIL OR COMMERICAL MATTERS

## LETTERS OF REQUEST FOR DOCUMENT PRODUCTION TO BE USED AT TRIAL

**In conformity with Article 3 of the Hague Evidence Convention, the undersigned has the honor to submit the following request:**

The Honorable Victor Marrero, United States District Judge of the United States District Court for the Southern District of New York, presents his compliments to the Senior Court of England and Wales and requests international judicial assistance pursuant to the Hague Evidence Convention of March 18, 1970 to obtain documents from Credit Suisse London Nominees Ltd. ("Credit Suisse London"), which conducts business within the jurisdiction of the Senior Court of England and Wales, for use at trial of the lawsuit described herein, which is currently pending before this Court. This Request has been made upon the application of defendants Citco Fund Services (Europe) B.V. ("CFSE"); Citco Bank Nederland N.V. Dublin Branch ("CBN"); Citco Global Custody N.V. ("CGC"); Citco (Canada) Inc. ("CCI"); Citco Fund Services (Bermuda) Limited

("CFSB"); and The Citco Group Limited ("CGL"), who have advised the Court that the documents sought are relevant and necessary for the due determination of the matters in dispute between the parties and that Credit Suisse London is likely to be in possession of such documents. Having considered the submissions of the parties, this Court has found that this Request is necessary in the interests of justice and for the purpose of a full and fair determination at trial of the matters in issue among the parties to the pending proceedings. The firm of Withers Worldwide has been retained by Brown and Heller, P.A., and is hereby authorized to make the application to the Senior Court of England and Wales on behalf of this Court.

I. **This Request is made by the following Requesting Judicial Authority:**

> The Honorable Victor Marrero
> United States District Court
> Southern District of New York
> 500 Pearl Street
> New York, New York 10007-1312
> United States of America

II. **The Central Authority of the Requested State is:**

> Senior Master of the Senior Court of England and Wales
> Queen's Bench Division
> Attention: Foreign Process Section
> Room E10
> Royal Courts of Justice
> Strand London WC2A 2LL
> United Kingdom

III. **The person to whom the Executed Request is to be returned is:**

> Withers Worldwide
> London Office
> Attention: Jeremy Scott
> 16 Old Bailey
> London, EC4M 7EG
> United Kingdom

IV. **Identity and address of entity to produce documents:**

>Credit Suisse London Nomiees Ltd.
>16th Floor
>5 Cabot Square
>London, E14 4QR
>United Kingdom

V. **Names and addresses of the parties and their representatives:**

>A. Names and addresses of the plaintiffs and their representatives:
>
>>The names and addresses of the plaintiffs and their respective counsel are set forth on the attached Exhibit "A."
>
>B. Names and addresses of the defendants and their representatives:
>
>>The names and addresses of the defendants and their respective counsel are set forth on the attached Exhibit "B."

VI. **Nature and purpose of the proceedings and summary of factual allegations in the lawsuit:**

This pending civil lawsuit arises out of a securities fraud scheme perpetrated by Bernard L. Madoff ("Madoff") and his company, Bernard L. Madoff Investment Securities LLC ("BLMIS"). The plaintiffs claim to bring their suit on behalf of registered shareholders and/or equity holders in one or more of four investment funds managed by defendant entities informally referred to collectively as the Fairfield Greenwich Group. The funds at issue are two offshore funds, Fairfield Sentry Limited ("Fairfield Sentry") and Fairfield Sigma Limited (collectively, the "offshore Funds"), and two domestic funds, Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P. (the "onshore Funds," and collectively, the "Funds"). The Funds invested either directly or indirectly with BLMIS. The plaintiffs allege that they lost their investments in Fund shares, and they seek to recover these alleged losses as well as other monetary relief from the defendants.

The plaintiffs bring their suit as a putative class action naming as defendants the Funds' operators, auditors, administrators, custodians and various other entities and individuals. The plaintiffs allege that they made their decisions to purchase and hold shares of the Funds in reliance on alleged misrepresentations by the defendants. According to the plaintiffs, the defendants also breached duties allegedly owed to registered shareholders of the Funds. They have brought claims for securities fraud, breach of fiduciary duty, third-party breach of contract, gross negligence, negligence, negligent misrepresentation, professional malpractice (against the Funds' auditors, PricewaterhouseCoopers Accountants N.V. and PricewaterhouseCoopers LLP), and unjust enrichment. The defendants deny these allegations and have asserted various defenses to the claims.

Credit Suisse London is a registered shareholder of one of the offshore Funds, Fairfield Sentry, holding shares in a numbered account on behalf of named plaintiff and putative class representative Harel Insurance Company Ltd. ("Harel"), which is the beneficial owner. This request is directed to Credit Suisse London because it, and not Harel, likely possesses certain key evidence concerning Harel's investment in the Funds. This evidence is relevant and necessary to establish or disprove certain essential elements of Harel's claims in this matter. First, reliance is an essential element of certain of Harel's claims. As the registered shareholder, Credit Suisse London presumably maintained records that would reflect whether Harel and Credit Suisse London had access to information about the Funds and BLMIS/Madoff other than that provided by the defendants. These records would reflect whether Harel and Credit Suisse London relied on the alleged misrepresentations of the defendants. Credit Suisse London may be in

possession of information regarding due diligence regarding the Funds or BLMIS performed by Harel, or by Credit Suisse London on behalf of its clients such as Harel.

Additionally, the information in Credit Suisse London's possession would also relate to Harel's damages, if any, an essential element of all of Harel's claims. As Harel's nominee, Credit Suisse London maintained records of all the Fund transactions made on Harel's behalf. Only those plaintiffs who lost all or some of their investments in Fund shares are eligible to bring this action. Thus, this evidence is necessary to establish Harel's eligibility to bring suit. Indeed, many Fund shareholders were able to redeem their shares in time to recover their investments, and in some cases reap a profit. If Harel is also a "net redeemer," then it is ineligible to bring its claims.

The offshore Funds were open for the most part only to investors that were neither citizens nor residents of the United States. Because of this fact, the parties and evidence in this action are located among many different countries across the world. For example, Harel is an Israeli insurance company that invested in a British Virgin Islands ("BVI") hedge fund through a London nominee. The offshore Funds, which are incorporated in the BVI and were listed on the Irish Stock Exchange, contracted with third-parties located in The Netherlands, Canada and Ireland to provide certain administrative, banking and custodial services on their behalf. CSFE is incorporated and located in The Netherlands, and provided administrative services to the Funds. CCI is a Canadian corporation located in Toronto, Canada and performed sub-administration services on behalf of the offshore Funds. CGC is incorporated and located in the Netherlands and provided custodial services to the offshore Funds. CBN is incorporated in the Netherlands and provided banking and custodial services for the offshore Funds.

BLMIS is located in New York and was responsible for investing the Funds' capital according to a proprietary investment strategy with the aim of producing returns on the Funds' investments. BLMIS served as prime broker and sub-custodian to the Funds. BLMIS also performed these functions on behalf of a number of other, unrelated hedge funds. Many investors sought out Fairfield Sentry and Fairfield Sigma for the express purpose of investing with BLMIS/Madoff.

Harel's claims are based on allegations that certain information relating to BLMIS/Madoff should have caused the defendants to regard BLMIS/Madoff with suspicion. The plaintiffs refer to such information as "red flags." Harel alleges that it and Credit Suisse London had no access to or knowledge of any such "red flags," and that they relied on the defendants as their sole source of information upon which to base their decisions to invest in Fund shares. Thus, a key issue in the case is what information Harel and its agent reviewed and relied upon in deciding to purchase Fund shares. Credit Suisse London is a registered Fund shareholder that held shares and/or conducted transactions in Fund shares on Harel's behalf, and accordingly would possess certain documents, including account and due diligence documents, relevant to the issue of Harel's and Credit Suisse London's reliance on information from the defendants.

**VII. Documents to be produced:**

1. All documents concerning BLMIS and Madoff, Fairfield Greenwich Group ("FGG") or entities or individuals within FGG, Fairfield Sentry, or Friehling & Horowitz, Certified Public Accountants ("Friehling & Horowitz"), that were consulted, reviewed, considered or relied upon by Harel or Credit Suisse London on behalf of Harel

prior to making the first investment in Fairfield Sentry, any subsequent investments in Fairfield Sentry, or any redemptions in Fairfield Sentry.

2. All documents concerning each decision by Harel, or each decision by Credit Suisse London on behalf of Harel, to make and/or redeem each investment in Fairfield Sentry, including:

    a. documents Credit Suisse London or Harel consulted, reviewed, considered or relied upon in making each decision.

    b. questionnaires or other requests, including due diligence requests associated with or relating to each decision.

    c. documents associated with or relating to each decision prepared by Credit Suisse London, or that were prepared on behalf or at the direction of Credit Suisse London, including all documents reflecting any analysis, computer models or information input or output, or financial modeling.

    d. documents concerning Harel.

    e. documents associated with or relating to each decision concerning CGL, CFSE, CCI, CFSB, CBN, CGC, PricewaterhouseCoopers Accountants N.V. and PricewaterhouseCoopers LLP (collectively, "PWC"), Fairfield Greenwich (Bermuda) Ltd. ("FGBL"), Fairfield Greenwich Limited ("FGL"), Walter M. Noel ("Noel"); Jan R. Naess ("Naess"); or Peter P. Schmid ("Schmid").

3. All documents concerning each decision by Harel, or each decision by Credit Suisse London on behalf of Harel, to make and/or redeem each investment in BLMIS other than through Fairfield Sentry, including:

    a. documents Credit Suisse London or Harel consulted, reviewed, considered or relied upon in making each decision.

    b. questionnaires or other requests, including due diligence requests associated with or relating to each decision.

    c. documents associated with or relating to each decision prepared by Credit Suisse London, or that were prepared on behalf or at the direction of Credit Suisse London, including all documents reflecting any analysis, computer models or information input or output, or financial modeling.

    d. documents concerning Harel.

    e. documents associated with or relating to each decision concerning CGL, CFSE, CCI, CFSB, CBN, CGC, PWC, FGBL, FGL, Noel, Naess or Schmid.

4. All documents relating to any risk monitoring Credit Suisse London performed on Fairfield Sentry, Madoff, BLMIS, Friehling & Horowitz, CGL, CFSE, CCI, CFSB, CBN, CGC, PWC, FGBL, FGL, Noel, Naess or Schmid in connection with Harel's decision, or Credit Suisse London's decision on behalf of Harel, to retain Credit Suisse London's investment(s) in Fairfield Sentry as nominee for Harel.

5. All documents concerning the process by which Credit Suisse London subscribed in Fairfield Sentry as the nominee for Harel including, but not limited to, documents that reflect the location where the subscription agreement was signed and the address to which the subscription agreement was sent.

6. Documents sufficient to show Harel's beneficial ownership in Fairfield Sentry.

7. Documents sufficient to show Credit Suisse London's investment in BLMIS as Harel's nominee through a method other than an investment in Fairfield Sentry.

8. All documents that Credit Suisse London received from, or sent to, Credit Suisse Securities (USA) LLC (formerly known as Credit Suisse First Boston LLC) concerning FGG or entities or individuals within FGG or Fairfield Sentry, that also concern Credit Suisse London's investment in Fairfield Sentry as Harel's nominee.

## VIII. Suggested date for production of documents:

It is respectfully requested that the documents requested in Section VII herein be produced within thirty (30) days after service of this Letter of Request.

## IX. Evidence to be obtained or other judicial act to be performed:

Pursuant to the Amended Case Management Plan and Scheduling Order ("CMO"), this court entered a scheduling order that requires the parties to complete all fact discovery by March 2, 2012. The current deadline for the close of class certification fact discovery is June 29, 2011. A true and correct copy of the CMO is attached hereto and made a part hereof as Exhibit "C."

As set forth more fully above, this request for production of documents is directed to Credit Suisse London because it likely possesses certain key evidence concerning Harel's investment in the Funds. These documents are relevant and necessary to establish or disprove certain essential elements of Harel's claims in this matter. Accordingly, the assistance of the Senior Master of the Senior Court of England and Wales, Queen's Bench Division, is hereby sought. It is respectfully requested that, in the interest of justice and for the purpose of discovering evidence for use at trial in the

judicial proceeding now being litigated before this Court and for the due determination of the matters in dispute between the parties hereto, the Senior Master of the Senior Court of England and Wales, Queen's Bench Division direct, through competent authority, the entry of such orders as the laws of the United Kingdom permit, that Credit Suisse London produce the documents requested in Section VII herein.

X. **Request for notification of the time of the execution of the Request and the identity and address of any person to be notified about the production of documents:**

It is respectfully requested that the documents identified in Section VII herein be produced to:

>   Withers Worldwide
>   London Office
>   Attention: Jeremy Scott
>   16 Old Bailey
>   London, EC4M 7EG
>   United Kingdom

XI. **Specification of the privilege or duty to refuse to give evidence under the law of the state of origin:**

Under the laws of the United States of America and the State of New York, a witness may refuse to give any evidence that would subject the witness to a real and appreciable danger of criminal liability. If documents are withheld on such grounds, a statement to that effect must be made at the time any objection to the document requests are made.

A witness also may refuse to give evidence that discloses any communication or information that is protected by the attorney-client privilege or the attorney work-product doctrine. If any documents are withheld on such grounds, a statement to that effect must be made at the time any objection to the document requests are made.

Unless prohibited by the procedures or laws of the United Kingdom, any dispute arising in the course of the document production concerning the application of any privilege under United States federal law or New York law should be referred to this Court by telephone conference at the time the dispute arises.

**XII.** **The fees and costs incurred pursuant to this Request that are reimbursable under the second paragraph of article 14 or under article 29 of the Hague Evidence Convention will be borne by:**

>Defendants Citco Group Limited; Citco Fund Services (Europe) B.V.; Citco (Canada) Inc.; Citco Bank Nederland N.V. Dublin Branch; Citco Global Custody N.V.; and Citco Fund Services (Bermuda) Limited
>c/o Lewis N. Brown, Esq.
>Amanda M. McGovern
>Brown and Heller, P.A.
>One Biscayne Tower
>2 South Biscayne Boulevard, 15th Floor
>Miami, Florida 33131

### CLOSING

The Court expresses its appreciation to the Senior Court of England and Wales for its courtesy and assistance in this matter. It is the understanding of this Court that the granting of assistance of the type herein requested is authorized by the laws of the United Kingdom and, in particular, by the Hague Evidence Convention of March 18, 1970.

Dated: June 7, 2011.

Hon. Victor Marrero
United States District Judge
United States District Court for the Southern District of New York