# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/11



June 21, 2011

BY FAX

Honorable Victor Marrero,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street,
                New York, New York 10007.

           Re:    *Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*,
                 No. 09-CV-118 (VM) (THK)

Dear Judge Marrero:

        We write on behalf of Standard Chartered PLC, Standard Chartered International (USA) Ltd., Standard Chartered Bank (Switzerland) S.A. and Standard Chartered Bank (collectively, the "Standard Chartered Defendants") to request a pre-motion conference prior to moving to dismiss the complaints in *Leonardos* v. *Standard Chartered International (USA) Ltd.*, 10-CV-24430 ("*Leonardos*"), and *Prionas Shipping Co. Ltd.* v. *Standard Chartered International (USA) Ltd.*, 10-CV-24429 ("*Prionas*"), two actions in the above-captioned consolidated proceeding.

        We understand that Section II.A of the Court's individual rules of practice does not contemplate a pre-motion conference before filing a motion to dismiss in lieu of an answer. Nonetheless, we believe a pre-motion conference could assist in avoiding unnecessary and very costly motion practice with respect to these two actions. The Court previously has determined that the United States courts are not the proper forum for claims brought by foreign plaintiffs who maintained private bank accounts in foreign countries and agreed to forum selection clauses requiring litigation in foreign courts. *Anwar* v. *Fairfield Greenwich Ltd.*, 742 F. Supp. 2d 367, 374-78 (S.D.N.Y 2010) (dismissing complaints against Standard Chartered-related defendants based on forum

Honorable Victor Marrero                                                                                -2-

selection clauses and doctrine of *forum non conveniens*). *Leonardos* and *Prionas* involve exactly such circumstances.[1]

In order to avoid duplicative motion practice, as directed by this Court's Second Amended Scheduling Order for Standard Chartered Cases, counsel for the Standard Chartered Defendants have made repeated—albeit unsuccessful—attempts to confer with counsel for plaintiffs in *Leonardos* and *Prionas*, Laurence E. Curran III. (Order ¶ 16 n.3 (instructing parties to confer and avoid duplicative motion practice on matters that are substantially similar to those already ruled on by the Court).) Counsel for the Standard Chartered Defendants first communicated to Mr. Curran by telephone on February 28, 2011 that *Leonardos* and *Prionas* fall squarely within the Court's reasoning in *Anwar*. Mr. Curran requested supporting documentation, including the applicable forum selection clauses, all of which was provided to him a few days later. Mr. Curran did not respond. Thereafter, counsel for the Standard Chartered Defendants made no less than five additional attempts to reach Mr. Curran to resolve this issue, the most recent having occurred last week. All of those attempts too were ignored.[2]

Under the Second Amended Scheduling Order, the Standard Chartered Defendants are required to move against the *Leonardos* and *Prionas* complaints on or before August 15, 2011. Thus, the Standard Chartered Defendants must now begin preparing substantial dispositive motions that will need to be supported by, for example, affidavits on foreign law. Although we regret the need to involve the Court, the Standard Chartered Defendants respectfully request that the Court schedule a pre-motion conference to discuss this matter, particularly, whether plaintiffs can identify any basis for distinguishing their actions from those dismissed in favor of the Singapore courts in *Anwar*. We believe such a conference makes sense before undertaking expansive and

---

[1]  *Leonardos* and *Prionas* were initiated by former customers of Standard Chartered Private Bank who reside outside the United States (plaintiffs are citizens of Greece and St. Vincent and the Grenadines), who maintained private banking accounts in Singapore and Switzerland, respectively, and whose allegations concern recommendations allegedly made to them by a relationship manager in Switzerland. Plaintiff in *Leonardos* agreed to the same forum selection clause on which Your Honor relied in *Anwar* to dismiss the claims in favor of the Singapore courts. 742 F. Supp. 2d at 372. Plaintiff in *Prionas* agreed to a similar clause providing that "the exclusive place of jurisdiction [is] situated in GENEVA, Switzerland, at the place where the Bank has its registered office."

[2]  On June 9, counsel informed Mr. Curran that the Standard Chartered Defendants would construe his silence as an intent to continue litigating the cases and would be forced to seek relief from the Court, including costs for unnecessary motion practice.

Honorable Victor Marrero                                                                -3-

expensive motion practice. We are happy to provide the Court with copies of plaintiffs' pertinent account documentation and the parties' correspondence if it would be useful to the Court.

> Respectfully submitted,
>
> *Sharon L. Nelles*
>
> Sharon L. Nelles

cc:   Mr. Laurence E. Curran III
      (by facsimile)

      Courtesy Copy to Other Counsel of Record
      (by e-mail)

---

> Plaintiffs in the Leonardes and Promas Standard Chartered cases are directed to respond by 6-24-11, by letter not to exceed 3 pages each, to the matter set forth by defendants above, showing cause why these actions should not be dismissed in the light of
> **SO ORDERED:** prior rulings of this Court on the same issues in this action
> 6-21-11
> DATE    VICTOR MARRERO, U.S.D.J.