UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br>FAIRFIELD GREENWICH LIMITED, *et al.*,<br><br>　　　　　　　　　Defendants.<br>This Document Relates To:  All Actions | Master File No. 09-cv-118 (VM)(THK) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF AAC INVESTMENT, INC.'S AND PLAINTIFF FUNDACIÓN VIRGILIO BARCO'S MOTION FOR <u>VOLUNTARY DISMISSAL OF THEIR CLAIMS WITHOUT PREJUDICE</u>**

## INTRODUCTION

Plaintiffs, Fundación Virgilio Barco ("Barco") and AAC Investment, Inc. ("AAC"), who were added as named plaintiffs to this litigation on January 7, 2011, move the Court for an Order, pursuant to Fed. R. Civ. P. 41(a)(2), voluntarily dismissing them as plaintiffs in this litigation, without prejudice. The voluntary dismissal of their claims at this stage of the litigation will have no effect on the remaining plaintiffs' prosecution of this litigation.

Moreover, as discussed below, these plaintiffs are unable to continue participating in the litigation based on very serious family health issues, and defendants will not suffer any legal prejudice as a result of the voluntary dismissal of Barco and AAC. All Defendants in this Action have consented to the voluntary dismissal of Barco and AAC. Therefore, pursuant to Fed. R. Civ. P. 41(a)(2), this Court should grant plaintiffs Barco's and AAC's motion for voluntary dismissal of their claims against defendants in this Action.

## STATEMENT OF RELEVANT FACTS

On December 19, 2008, the *Anwar* plaintiffs filed their original complaint in the Supreme Court of the State of New York, New York County. Defendants removed the Action to this Court on January 7, 2009, and the Anwar plaintiffs' complaint was subsequently consolidated with similar complaints against defendants. (Dkt. Nos. 12 and 40).

On April 24, 2009, the *Anwar* plaintiffs filed a Consolidated Amended Complaint ("Am. Complt.") (Dkt. No. 116), and on September 29, 2009, *Anwar* plaintiffs filed a Second Amended Consolidated Class Action Complaint (Second Am. Complt.) (Dkt. No. 273). Neither Barco nor AAC were named plaintiffs in either of these complaints. Defendants filed Motions to Dismiss the Second Am. Complt. on December 22, 2009 (Dkt. Nos.316, 318, 325, 329, 334, 340, 344, 347, 359, 360).

By Second Notice and Order Adding Additional Named Plaintiffs filed on January 7, 2011, pursuant to the Stipulation and Order Regarding Additional Named Plaintiffs, entered April 27, 2010, Barco and AAC were added as named plaintiffs, among a group of eight additional named plaintiffs deemed parties to the Action (Dkt. No. 600).

Certain members of the family that controls and benefits from both Barco and AAC are experiencing significant health issues, which are exacerbated by participation in this lawsuit, and now preclude Barco and AAC from participating in this Action as named plaintiffs.  One member of the family that principally controls AAC and Barco is undergoing cancer treatment, and another, a resident of Colombia, is undergoing treatment for diabetes in Boston, Massachusetts, and is facing the possibility of a kidney transplant.  *See* Declaration of James A. Harrod annexed hereto ("Harrod Decl.")

On May 16, 2011, plaintiffs' counsel, Susan Elizabeth Klock, Esq., delivered Plaintiffs' Third Supplemental Initial Disclosures to counsel for defendants by email, which also stated that Barco and AAC would be filing a motion for voluntary dismissal.

Barco and AAC now move the Court for an Order voluntarily dismissing their claims without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).  This motion is being filed prior to any discovery regarding Barco and AAC, and prior to the scheduling of a trial date in this litigation. Counsel for Plaintiffs AAC and Barco requested defendants' consent to this motion for voluntary dismissal, and counsel for each defendant in this Action expressed consent.  Harrod Decl.  For the reasons stated herein, Barco's and AAC's motion for voluntary dismissal without prejudice should be granted.

**ARGUMENT**

    A.    **Relevant Legal Standards**

Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper … [and that] … [u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

In the Second Circuit, "there is a presumption in favor of dismissing without prejudice 'absent a showing that defendants will suffer substantial prejudice as a result.'" *SEC v. Chakrapani*, 2010 U.S. Dist. LEXIS 65337 (S.D.N.Y. June 28, 2010), *citing A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 261 F.R.D. 29, 31 (S.D.N.Y. 2009); *see also*, *BD v. DeBuono*, 193 F.R.D. 117, 123-124 (S.D.N.Y. 2000) ("Although voluntary dismissal under Rule 41(a)(2) is not available as of right, 'the presumption in this circuit is that a court should grant a dismissal pursuant to 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result.'"), *quoting Guzman v. Hazemag U.S.A., Inc.*, 145 F.R.D. 308, 309 (E.D.N.Y. 1993). "Thus, the focus of the analysis on a motion for voluntary dismissal is the prejudice to the defendant." *DeBuono* at 123-124, citing 9 Wright & Miller, Federal Practice and Procedure § 2364 at 279-80 (2d ed. 1994).

Courts in the Second Circuit have recognized that "[f]actors relevant to this analysis are (1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on the plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of another litigation; and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *DeBuono*, at 124, *citing Zagano*

4

*v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990), *aff'd en banc*, 900 F.2d at 15-16 (2d Cir. 1990), *cert. denied*, 498 U.S. 899, 112 L. Ed. 2d 213, 111 S. Ct. 255 (1990).

Consideration of these factors in this case clearly justifies the entry of an Order granting Barco's and AAC's motion for voluntary dismissal without prejudice.

> **B.     Application of the Relevant Standards Demonstrates That Dismissal of the Claims of Barco and AAC Without Prejudice is Warranted**
>
> **1.     Plaintiffs' Acted Diligently in Bringing the Motion**

Plaintiffs Barco and AAC have not engaged in excessive delay or lack of diligence in seeking to dismiss their claims in this Action. Barco and AAC were joined as additional plaintiffs by the filing of the Second Notice and Order Adding Additional Named Plaintiffs filed on January 7, 2011. After four months of participation in the action, it became impossible for Barco and AAC to continue as named plaintiffs based on the significant health issues of the individuals who own Barco and AAC. Harrod Decl. On May 16, 2011, just slightly over four months after joining the litigation, plaintiffs' counsel notified counsel for defendants that Barco and AAC intended to file a motion for voluntarily dismissal. After further analysis of whether similar issues impact other plaintiffs, Barco and AAC submit the present motion. Plaintiffs Barco and AAC acted reasonably under the circumstances, and thus this factor supports their present motion.

> **2.     Plaintiffs Have Not Acted With "Undue Vexatiousness"**

"Courts define 'undue vexatiousness' to mean that the plaintiff acted with 'ill-motive' in bringing or maintaining its claims." *SEC v. Chakrapani*, 2010 U.S. Dist. LEXIS 65337 (S.D.N.Y. June 28, 2010), *quoting Versace*, 261 F.R.D. at 32. "[C]ourts find 'ill-motive' where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal." *Id*. (citations omitted). Plaintiffs Barco and AAC acted in good

5

faith in initially joining the Action, and now in bringing the present motion.  There are no facts to suggest that their original claims, or this motion were baseless or brought with ill-motive, and as a result, this factor too, weighs in favor of an order granting dismissal of Barco's and AAC's claims without prejudice.

### 3. The Present Stage of this Litigation Supports Plaintiffs' Motion

The present stage of this litigation also supports the dismissal of Barco and AAC and named plaintiffs.  Although litigation in this case has been ongoing, defendants have expended very few resources, if any, specifically related to these plaintiffs that now seek to voluntarily withdraw as named plaintiffs.  Significantly, Barco and AAC have not been designated among the 20 named plaintiffs from whom discovery is being sought.  *See Shaw Family Archives, Ltd. v. CMG Worldwide, Inc*, 2008 U.S. Dist. LEXIS 67474, 23-24 (S.D.N.Y. Sept. 2, 2008); *Omega Inst., Inc. v. Universal Sales Sys*., 2010 U.S. Dist. LEXIS 10296 (W.D.N.Y. Feb. 5, 2010) (granting plaintiff's dismissal motion without prejudice where depositions had not been taken and plaintiff had not answered any discovery requests.)  Further, the parties continue to engage in ongoing discovery, and Court has not set this case for trial.

Accordingly, the case is still at a relatively early stage of the litigation, which also supports the present motion for voluntary dismissal of Barco's and AAC's claims without prejudice.

### 4. There Will Be No Duplicative Expenses

As mentioned above, it is apparent that defendants have expended very little effort and expense in preparing for trial as to the claims of Barco and AAC, separate and apart from whatever preparation has been done related to this Action as a whole.  The discovery and pre-trial activity in this case has been more or less identical for all of the plaintiffs in this case.  Thus

resources, if any, which have been expended by defendants regarding Barco and AAC will not have been wasted.  *See DeBuono*, 193 F.R.D. 117, 124 – 125 ("any concern that [defendants] will face duplicative expenses in a second action is minimized by the fact that the issues and discovery in this case have been essentially the same as to all Plaintiffs. … [defendants] can use the same preparation and expense they have undertaken in this case in a subsequent action."), *see also Allen v. Indeck Corinth Ltd. Partnership*, 161 F.R.D. 233, 236 (N.D.N.Y. 1995) (observing that defendants' effort and expense in trial preparation would not be wasted where several plaintiffs remained in action).   Thus, this factor also supports the present motion.

### 5. Plaintiffs' Explanation For Dismissal is Sound

Barco and AAC request this Court's permission to withdraw without prejudice in good faith, as significant health concerns of the controlling family members precludes their further involvement in the Action as named plaintiffs.  One member of the family that principally controls AAC and Barco is undergoing cancer treatment.  Another family member is undergoing treatment for diabetes in Boston (she is a resident of Columbia), and is facing the possibility of a kidney transplant.  *See* Harrod Decl.  These medical problems have become more acute in recent months.  AAC and Barco's participation in the lawsuit, which is itself unpleasant and stressful, exacerbates the strain and difficulty of these very serious health issues.

The dismissal of Barco and AAC does not affect the continuing prosecution of this litigation, nor will it modify any of the substantive claims asserted in this Action.  Thus, like the other relevant factors, this final factor supports Barco's and AAC's motion for an order granting the requested voluntary dismissal without prejudice.

## **CONCLUSION**

Based on the foregoing, Plaintiffs Barco and AAC respectfully request that the Court enter an Order granting their motion for voluntary dismissal without prejudice, and for such further relief as the Court deems just.

Dated: July 7, 2011							Respectfully submitted,

By: /s/ James A. Harrod


David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504

David A. Barrett
Howard L. Vickery, II
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022

Stuart H. Singer
Carlos Sires
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, #1200
Ft. Lauderdale, Florida 33301

Robert C. Finkel
James A. Harrod
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022

Christopher Lovell
Victor E. Stewart
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006

*Interim Co-Lead Counsel for Plaintiffs and Counsel for PSLRA Plaintiffs*