# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

William R. Maguire
Direct Dial: 212-837-6879
maguire@hugheshubbard.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/11

July 7, 2011

BY HAND

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Room 755
500 Pearl Street
New York, NY 10007

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendants PricewaterhouseCoopers.

SO ORDERED.

7-21-11
DATE

VICTOR MARRERO, U.S.D.J.

Re:  Anwar et al. v. Fairfield Greenwich Limited et al.
     Case No. 09 Civ. 00118 (VM)(THK)

Dear Judge Marrero:

We write on behalf of Defendant PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands"), and with the consent of Defendant PricewaterhouseCoopers LLP ("PwC Canada"), to respond to Plaintiffs' Opposition to PwC Netherlands' and PwC Canada's Motion for Reargument of this Court's August 18, 2010 decision.

First, the motion is timely, filed as it was within fourteen days of the issuance of the First Department's decision in *CRT Investments, Ltd. v. BDO Seidman, LLP,* No. 601052/09, 2011 WL 2225050 (1st Dep't June 9, 2011). *Cf.* Local Rule 6.3 (allowing a motion for reargument "in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of judgment"). In any event, this Court retains broad discretion to grant a meritorious motion for reargument in the interests of justice, no matter when the motion was filed. *See Newton v. City of New York*, No. 07 Civ. 6211(SAS), 2010 WL 329891, at *1 n.2 (S.D.N.Y. Jan. 27, 2010); *Church of Scientology Int'l v. Time Warner, Inc.*, No. 92 Civ. 3024(PKL), 1997 WL 538912, at *4 (S.D.N.Y. Aug. 27, 1997).

Second, plaintiffs' attempt to distinguish the facts of *CRT Investments, Ltd. v. BDO Seidman, LLP*, No. 601052/09, 2011 WL 2225050 (1st Dep't June 9, 2011), on the basis that CRT was not a limited partner in the fund audited by BDO Seidman LLP ignores the fact that CRT's co-plaintiff Zuckerman was an investor in Gabriel Partners, a fund audited by BDO Seidman (Gabriel Partners, in turn, invested in Ascot Partners, which was also audited by BDO Seidman and which lost its investments with Madoff). Zuckerman alleged that BDO Seidman was in "direct privity" with him because "BDO Seidman's audit letter was addressed directly to

all limited partners"—the same allegation that plaintiffs make here.[1] Further, both CRT and Zuckerman alleged that "[t]he audited financials were addressed to" them, and that they did receive all three of the BDO firms' reports. CRT Am. Compl. ¶ 49; *see also* ¶¶ 8, 47-48.

The First Department did not distinguish between CRT and Zuckerman. Instead, the First Department in *CRT Investments* recognized the broad principle that a plaintiff cannot recover in negligence against an auditor where "direct contact between the accountant and the plaintiff is minimal or nonexistent." *CRT Invs.*, 2011 WL 2225050, at *2. Simply addressing audited financial statements to "all limited partners[,]" *see* CRT Am. Compl. ¶¶ 49, 50, 113, "does not establish the requisite linking conduct" under New York law.[2] *CRT Invs.*, 2011 WL 2225050, at *2 (citing *Sec. Pac. Bus. Credit v. Peat Marwick Main & Co.*, 79 N.Y.2d 695, 702 (1992)). The court made clear that where there is no factual basis to infer that an auditor "did anything more than perform the routine business of auditing," the complaint fails to establish the "direct nexus" that New York courts require.[3] *Id.*

Finally, the unique factual circumstances in *Dorking Genetics v. United States*, 76 F.3d 1261 (2d Cir. 1995) distinguish that case from the issuance of audit reports to shareholders or partners of a fund. In *SIPC v. BDO Seidman, LLP*, 222 F.3d 63, 80-81 (2d Cir. 2000), the Second Circuit noted the particular facts of *Dorking* and that its suggestion of the existence of a "unique circumstances" exception to the linking conduct requirement (*i.e.*, that a professional's duty of care to third parties may be established where reports are prepared primarily for the benefit of the third party, although they are submitted directly to the client), is an exception that neither the New York Court of Appeals nor the majority of departments in the Appellate Division have acknowledged.

For the reasons set forth above and in the memorandum of law in support of the motion, PwC Netherlands and PwC Canada respectfully request that this Court dismiss plaintiffs' negligence claims (Counts 13 and 14) against them.

Respectfully,

cc:  All Counsel of Record (via email)

---

1. *CRT Invs., Ltd. v. Merkin*, No. 601052/2009, Amended Complaint ¶ 113, filed June 2, 2009, *available at* https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=IgUmTpvBOVJyDWrN44mR6g==, ("CRT Am. Compl.").

2. Plaintiffs' reference to allegations regarding the 2008 Audit Plan is a red herring. *CRT Investments* establishes that addressing an audit report "to the limited partners" is insufficient to establish linking conduct. *A fortiori*, an audit plan from 2008 given *to the audit client* discussing a responsibility to issue the audit report to "shareholders and/or partners" does not add any linking conduct—direct contact with the third party allegedly in privity—to the analysis.

3. Plaintiffs' audit plan allegations have no bearing on PwC Netherlands because, as plaintiffs' own allegations acknowledge, the Audit Plan was not prepared until *after* PwC Netherlands performed its last audit for the Funds in 2006. (*See* Complaint ¶ 276 (Audit Plan related to the audit for the 2008 fiscal year).)