```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                     :
PASHA S. ANWAR, et al.,              :    09 Civ. 0118 (VM)
                    Plaintiffs,      :
                                     :    **DECISION AND ORDER**
       - against -                   :
                                     :
FAIRFIELD GREENWICH LIMITED,         :
et al.,                              :
                    Defendants.      :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Defendants PricewaterhouseCoopers Accountants N.V. and PricewaterhouseCoopers LLP (together, "PWC") move for reconsideration of this Court's Decision and Order dated August 18, 2010 (the "Decision"), insofar as it denied PWC's motion to dismiss the negligence claims in Plaintiffs' Second Consolidated Amended Complaint ("SCAC"). See Anwar v. Fairfield Greenwich Ltd., No. 09 Civ. 0118, 2010 WL 3341636 (S.D.N.Y. Aug. 18, 2010) ("Anwar II"). Familiarity with the relevant facts from Anwar II is assumed.

## I. DISCUSSION

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litg., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and

quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). To these ends, a request for reconsideration under Rule 6.3 of this Court's Local Civil Rules ("Rule 6.3"), which governs motions for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.'" S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures,

-2-

Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. See Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

Upon review of the parties' submissions, the Court finds that PWC urges reconsideration on the basis of essentially the same arguments that were raised in briefing on the original motion to dismiss. The motion at hand cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of Anwar II.

For example, PWC argues that the decision of the Appellate Division, First Department, in CRT Investments, Ltd. v. BDO Seidman, LLP, No. 601052/09, 2011 WL 2225050, at *1 (N.Y. App. Div. 1st Dep't June 9, 2011) is an intervening controlling authority justifying the Court's reconsideration of its Decision. In CRT Investments, the Appellate Division held that an investor fund that invested with Madoff could not sue the fund's auditor for

-3-

negligence.  See id. at *2.  That decision merely affirmed the New York Supreme Court's decision in CRT Investments, No. 601052/09, 2010 WL 4340433 at *11-12 (N.Y. Sup. Ct. N.Y. Cnty. May 5, 2010), which PWC extensively discussed and relied upon in its reply brief to the original motion to dismiss.  In the course of rendering the Decision, the Court had the New York Supreme Court decision in CRT Investments before it, took it into account, and found it to be sufficiently distinguishable.  In particular, among other reasons, in Anwar II, the Court found it compelling that the auditors recognized that their reports would be communicated directly to shareholders, who might thus rely on those financial statements to make investment decisions. (See, e.g., ¶ 277 ("Indeed, PWC acknowledged in the Audit Plan that its audit engagement involved delivering to shareholders and other stakeholders in the Funds independent opinions and reports that provide assurance on financial information released by the Funds." (citation and quotation marks omitted)).)  Accordingly, the Appellate Division's affirmation of that ruling does not alter this Court's view of the issues presented in that case or the case's relationship with the instant matter.

    Because PWC has failed to identify any controlling law or factual matters put to the Court on the underlying

-4-

motion that the Court demonstrably did not consider, PWC's motion for reconsideration is DENIED.

## II. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendants PricewaterhouseCoopers Accountants N.V. and PricewaterhouseCoopers LLP for reconsideration and reargument (Docket No. 663) of the Court's Decision and Order dated August 18, 2010 is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         27 July 2011

                                    _____
                                    Victor Marrero
                                    U.S.D.J.