UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
PASHA ANWAR, et al.,                )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )
                                    )   Master File No. 09-CV-118 (VM)
FAIRFIELD GREENWICH LIMITED, et al.,)
                                    )
    Defendants.                     )
                                    )
This Document Relates to:           )
*Da Silva Ferreira v. EFG Capital International* )
*Corp., et al., 11-CV-813(VM)*      )
---------------------------------------------------------------x

**PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFFS' MOTION FOR ISSUANCE OF SUBPOENA TO LAWRENCE D. (LONNIE) HOWELL**

Pursuant to Fed. R. Civ. P. 72(a), Plaintiffs, Lorrene Da Silva Ferreira and Arlete Da Silva Ferreira, individually and on behalf of all others similarly situated, object to the Magistrate Judge's Memo Endorsed Order (the "Order")[1] denying Plaintiffs' Motion for Issuance of Subpoena to Lawrence D. (Lonnie) Howell, and state:

**INTRODUCTION**

On May 2, 2011, Plaintiffs filed a motion pursuant to the Walsh Act, 28 U.S.C. §1783, asking the Court to issue a subpoena for the deposition of Lawrence D. Howell ("Howell"), who is the chief executive officer of the parent company of Defendant, EFG Capital International, Inc. ("EFG Capital"). (A copy of the Motion is attached as **Ex. 1**). The Walsh Act allows federal courts to order the issuance of a subpoena to an American citizen living abroad (such as Howell) where (i) his testimony is "necessary in the interest of justice," and (ii) "it is not possible

---

[1] Although the Magistrate Judge signed the Order on July 15, 2011, Plaintiffs were served with a copy of the Order via CM/ECF on July 18, 2011.

to obtain his testimony in admissible form without his personal appearance." 28 U.S.C. § 1783(a).

In its response filed May 23, 2011, EFG Capital did not dispute the detailed factual recitation set forth in Plaintiffs' Motion showing that Howell has relevant knowledge about the merits- and class-related issues in this case. (A copy of the Response is attached as **Ex. 2**). EFG Capital even agreed to produce Mr. Howell for deposition "at a reasonable time and place that is convenient for all parties . . . ." However, EFG Capital argued that the deposition should not take place until after this Court decides the class certification issue.

In its reply filed June 3, 2011, Plaintiffs highlighted the fact that much of the information that Plaintiffs seek from Howell goes to the heart of the issues raised by the parties in their class briefs.[2] (A copy of the Reply is attached as **Ex. 3**). Plaintiffs argued that they should be allowed to take deposition testimony from Howell so that this Court may have the benefit of that testimony when considering the class issues.

At the time the parties briefing of the Howell motion was closed on June 3, the period for class discovery in this case was "undefined." (*See* February 4, 2011 Scheduling Order at 2, attached as **Ex. 4**). However, on June 21, the Court issued an amended Scheduling Order setting an August 29, 2011 deadline for class discovery. (*See* June 21, 2011 Scheduling Order at 1, attached as **Ex. 5**).

Then, on July 15, 2011, the Magistrate Judge issued his Order denying Plaintiffs' motion without prejudice. (The handwritten Order is found at page 6 of **Ex. 3**). The Magistrate Judge found that "[i]n light of the fact that there remains ample time to complete discovery, a motion to

---

[2] Before Plaintiffs' claims were transferred from the U.S. District Court for the Southern District of Florida to this Court as part of the *Anwar* multidistrict litigation, the parties briefed class certification pursuant to the Florida court's scheduling order (although EFG Capital filed a sur-reply with this Court after the case was transferred).

2

dismiss is pending, and a class has not yet been certified, and given Defendants' representation that Mr. Howell will be made available at a later time, Plaintiffs' motion for issuance of a subpoena is denied without prejudice to renew. <u>Should the status of the case remain unchanged by October 3, 2011, Plaintiffs may revisit the issue.</u>" (emphasis added).

Plaintiffs respectfully object to the Order because, contrary to the Magistrate Judge's finding, there is not ample time remaining to complete class-related discovery. That deadline is just a month away. By October 3, the date that Plaintiffs may revisit the issue, it will be too late to direct class-related discovery at Howell.

Plaintiffs would be severely prejudiced. EFG Capital argued in its opposition to certification that each class member was treated differently, and therefore that individualized issues predominate over common ones. Plaintiffs replied that, to the contrary, class members were treated identically through a policy of uniformity that Howell implemented. As fully described in Plaintiffs' motion and reply, Howell's testimony is extremely relevant to this Court's determination of predominance. Howell knew of the broader, advisory role that EFG Capital assumed over its customers uniformly at Howell's instruction. Howell approved a "Notice to Clients" sent by EFG Capital advising that Fairfield Sentry's assets were custodized with Madoff. Howell capped the amount of money that EFG Capital could lend its customers whose accounts held Fairfield Sentry. And Howell requested that EFG Capital send out the concentration letter to EFG Capital's clients. Plaintiffs' expert Paul Meyer, whose preliminary report is attached to Plaintiffs' Reply in Support of Class Certification, opined that this uniform treatment would create a fiduciary duty by EFG Capital over all class members, regardless of whether they purchased Fairfield Sentry based on EFG Capital's recommendation or received no recommendation from EFG Capital.

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

This Court should have the benefit of Howell's testimony on these issues when it considers class treatment. Plaintiffs therefore respectfully request that this Court sustain Plaintiff's objection to the Magistrate Judge's July 15, 2011 Order and issue a subpoena requiring EFG Capital to produce Howell for a deposition prior to August 29, 2011 or some other date after August 29, 2011 as directed by the Court.

Dated: July 29, 2011.                    Respectfully submitted,

COHEN KINNE VALICENTI & COOK LLP
*Co-counsel for Plaintiffs*
28 North Street, 3rd Floor
Pittsfield, MA  01201
Telephone:  (413) 443-9399
Facsimile:  (413) 553-0331
KEVIN M. KINNE
Massachusetts Bar No. 559004
Kkinne@cohenkinne.com

DANIEL R. SOLIN, ESQ.
*Co-counsel for Plaintiffs*
401 Broadway, Ste. 306
New York, N.Y. 10013-3005
Telephone:  (239) 949-1606
Facsimile: (239) 236-1381
New York Bar No.  8675
dansolin@yahoo.com

LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
*Attorneys for Plaintiffs*
201 So. Biscayne Boulevard
Miami Center, 34th Floor
Miami, FL 33131
Telephone:  (305) 403-8788
Facsimile:  (305) 403-8789

By    /s/ Jason Kellogg
      LAWRENCE A. KELLOGG, P.A.
      Florida Bar No. 328601
      lak@lkllaw.com
      JASON KELLOGG, ESQ.
      Florida Bar No. 0578401
      jk@lkllaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 29, 2011**, I served a true and correct copy of the foregoing via the CM/ECF system on all counsel or parties of record on the Service List below. I also served a copy of the foregoing document via facsimile and U.S. Mail on counsel for EFG Bank, c/o Tracy Nichols, Esq., Holland & Knight LLP, 701 Brickell Avenue, Miami, Florida 33131.

By   /s/ Jason Kellogg
     JASON KELLOGG

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

## SERVICE LIST

**Joseph C. Coates, III, Esq.**
CoatesJ@gtlaw.com
**Jon A. Jacobson, Esq.**
JacobsonJ@gtlaw.com
**Lauren Whetstone, Esq.**
WhetstoneL@gtlaw.com
**GREENBERG TRAURIG, P.A.**
*Counsel for Defendant EFG Capital International Corp.*
777 South Flagler Drive
Third Floor East
West Palm Beach, FL  33401
Telephone: (561) 650-7900
Facsimile: (561) 655-6222