# GT GreenbergTraurig

**JOSEPH C. COATES, III, ESQ.**
Direct Dial: (561) 650-7903
Email: *coatesj@gtlaw.com*

August 9, 2011

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/11
```

## *VIA FEDERAL EXPRESS*

Judge Victor Marrero
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, New York 10007

    *Re:* *Anwar, et al. v. Fairfield Greenwich Ltd., et al.;* **Master File # 09-cv-00118-VM;**
          *Da Silva Ferreira v. EFG Capital International, Corp.;* **Case # 1:11-cv-00813-VM**

Dear Judge Marrero:

Pursuant to your direction during our conference call on August 2, 2011, this letter constitutes Defendant EFG Capital International Corp.'s ("EFG Capital") brief as to why Florida's Economic Loss Rule should bar Plaintiffs' claim for breach of fiduciary duty (Count II).[1]

Previously, the Court ruled that the Economic Loss Rule did not bar common law claims asserted by different plaintiffs against Standard Chartered based on (i) the fact that the contracts that defined the parties' relationship were not properly before the Court and (ii) an analysis of Florida's "ambiguous" case law concerning the application of the Economic Loss Rule to breach of fiduciary duty claims. See Anwar, 745 F.Supp.2d at 374-75. Importantly, the Court *did not find* (and the case law does not hold) that the Economic Loss Rule could *never* be a bar to a common law claim.

In this case, the contract defining the parties' relationship *is* properly before the Court. Further, even under the most narrow reading of Florida's case law, the Economic Loss Rule should bar Plaintiffs' claim for breach of fiduciary duty because EFG Capital's alleged fiduciary duties *do **not** exist independently of the parties' contract* and because Plaintiffs' contract evidences that "the parties have *negotiated remedies for nonperformance* pursuant to a contract" as required by the Supreme Court of Florida. Indemnity Ins. Co. of N. Am. v. American Aviation, Inc., 891 So.2d 532, 542 (Fla. 2004).

The putative class in this case comprises a group of non-U.S. investors who invested in Fairfield Sentry at different times over a ten-year time period. All of the putative class members were customers of EFG Capital, a Miami-based broker-dealer, and invested in Fairfield Sentry through their EFG Capital brokerage accounts. The Class Action

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH**

---

[1] Florida's Economic Loss Rule should also bar Plaintiffs' common law claims for gross negligence (Count II) and unjust enrichment (Count III). In light of the Court's prior dismissal of the unjust enrichment claims against Standard Chartered based on the fact that the "[p[laintiffs explicitly or implicitly refer to agreements between themselves and Standard Chartered" in their complaints, see Anwar v. Fairfield Greenwich Ltd., 745 F.Supp.2d 360, 378-79 (S.D.N.Y. Oct. 4, 2010), it is EFG Capital's position that Plaintiffs' unjust enrichment claim against EFG Capital should likewise be dismissed. Further, it is immaterial whether the Economic Loss Rule bars Plaintiffs' gross negligence claim because the contract governing Plaintiffs' relationship with EFG Capital (which would trigger the Economic Loss Rule) specifically defines the scope of EFG Capital's potential liability (and Plaintiffs' remedy) to be gross negligence. Accordingly, EFG Capital will not address either of these claims in this brief.

*OPERATES AS GREENBERG TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

Judge Victor Marrero
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
August 9, 2011
Page 2

Complaint ("Complaint") asserts no federal law claims and only three state common law claims: breach of fiduciary duty (Count I), gross negligence (Count II), and unjust enrichment (Count III).

In connection with opening their EFG Capital brokerage accounts, each of the putative class members executed an identical Client Authorization Agreement ("Authorization Agreement"), which defined the scope of EFG Capital's duties and Plaintiffs' remedies. Pursuant to the Authorization Agreement, EFG Capital was obligated, among other things, "to make investments" on Plaintiffs' behalf "when instructed by [Plaintiffs] to do so" and to credit "[a]ll interest and principal . . . collected on the Investments" to Plaintiffs' accounts after deducting taxes. Motion to Dismiss, Ex. A [D.E. 122]. Additionally, Plaintiffs agreed to limit EFG Capital's potential liability for executing the trade instructions that they authorized. See id. The Authorization Agreement also defined the scope of Plaintiffs' remedies should EFG Capital fail to fulfill its obligations under the contract:

> <u>I [Plaintiffs] agree that you [EFG Capital] shall not be liable for any act or omission in the course of or in connection with the services rendered to me hereunder</u> or under any other agreement between you and me or for any loss, damage or depreciation in the value of any Investment whatsoever or howsoever arising out of your acting in accordance with this Agreement or in consequence of your making of failing to make any investment or by reason of any mistake or omission made in good faith or any other matter or thing <u>unless any of the foregoing resulted from your willful misconduct or gross negligence</u>.

Id. (emphasis added).

The Authorization Agreement is properly before the Court because the Complaint explicitly references it, see Compl. at ¶ 33; a complete, signed copy is attached to EFG Capital's Motion to Dismiss; and its authenticity is undisputed. Further, the Authorization Agreement is integral to Plaintiffs' claims because it sets forth the terms and conditions under which EFG Capital would invest in securities on Plaintiffs' behalf and the scope of Plaintiffs' remedies. See Schnall v. Marine Midland Bank, 225 F.3d 263, 266 (2d Cir. 2000); SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 2010 WL 1068230, *2 (11th Cir. March 25, 2010).

In American Aviation, the Supreme Court of Florida noted that two courts had extended the professional malpractice exception to the Economic Loss Rule to also apply to breach of fiduciary duty claims. See 891 So.2d at 542. Those cases are inapplicable because "a securities broker is not a "professional" for purposes of the economic loss rule . . . ." Warter v. Boston Secs., S.A., 2004 WL 691787, *13 (S.D. Fla. Mar. 22, 2004); see also Medalie v. FSC Sec. Corp., 87 F. Supp. 2d 1295, 1302 (11th Cir. 2000). Further, the Supreme Court of Florida *did not adopt* that broader application of the professional malpractice exception See id. Instead, the court reiterated that the Economic Loss Rule should be applied when the parties have contractually negotiated the scope of their remedies: "[W]hen the parties have negotiated remedies for nonperformance pursuant to a contract, one party may not seek to obtain a better bargain than it made by turning a breach of contract into a tort for economic loss." Id.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

Judge Victor Marrero
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
August 9, 2011
Page 3

Courts have subsequently held that where a claim for breach of fiduciary duty is based upon and intertwined with what amounts to a breach of contractual duties, that claim is ***barred*** by the Economic Loss Rule. See, e.g., Royal Surplus Lines Ins. Co. v. Coachman Indust., Inc., 2006 WL 1674261, *8 (11th Cir. June 19, 2006); Granat v. Axa Equitable Life Ins. Co., 2006 WL 3826785, *2-5 (S.D. Fla. Dec. 27, 2006). Those courts that have declined to apply the Economic Loss Rule to bar fiduciary duty claims have done so only in cases involving general, "well established" fiduciary duties. Compare Invo Fla., Inc. v. Somerset Venturer, Inc., 751 So.2d 1263,1266 (Fla. 3d DCA 2000) (reversing dismissal of breach of fiduciary duty claim involving general duty owed to creditors), with Detwiler v. Bank of Central Florida, 736 So.2d 759 (Fla. 5th DCA 1999) (affirming dismissal of breach of fiduciary duty claim where the alleged duty was owed "only as a result of the existence of the contract").

Under Florida law the relationship between a brokerage firm and its customer "does not arise unless the parties have entered into a contract involving the trade of securities." Interstate Sec. Corp. v. Hayes Corp., 920 F.2d 769, 773 (11th Cir. 1991); see McCutcheon v. Kidder Peabody & Co., Inc., 938 F. Supp. 820, 823 (S.D. Fla. 1996). As such, any duties owed to Plaintiffs by EFG Capital, and any claim for breach of those duties, arise, if at all, "solely as a result of the existence of a contract between the parties." McCutcheon, 938 F. Supp. at 824.

Here, not only does the parties' contract (i.e., the Authorization Agreement) create and define the scope of EFG Capital's duties, but the parties expressly negotiated the remedies for nonperformance pursuant to their contract. Specifically, Plaintiffs contracted that they could only recover damages caused by EFG Capital's "gross negligence."

Plaintiffs' breach of fiduciary duty claim seeks to "circumvent[] the allocation of losses set forth in the contract by bringing an action for economic loss in tort." American Aviation, 891 So.2d at 536. Stated another way, Plaintiffs are "seeking to obtain a better bargain than they made." Id. This is precisely the situation that the Supreme Court of Florida had in mind when it ruled that the Economic Loss Rule barred "tort actions to recover solely economic damages for those in contractual privity." Id.

Accordingly, because the alleged fiduciary duty owed by EFG Capital exists, if at all, only as a result of the existence of the Authorization Agreement -- and because Plaintiffs specifically negotiated their remedy for nonperformance pursuant to the Authorization Agreement -- Plaintiffs' breach of fiduciary duty claim should be barred by Florida's Economic Loss Rule.

Very truly yours,

Joseph C. Coates, III

JCC/th
cc: All counsel in *Da Silva Ferreira* (Served by ECF filing)

NY241,382,148.1 117444.011400

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *defendant EFG Capital*.

SO ORDERED.

8-10-11
DATE        VICTOR MARRERO, U.S.D.J.