# KLS — KACHROO LEGAL SERVICES, P.C.
### 219 Concord Avenue
### Cambridge, MA 02138
### (617) 864-0755

Dr. Gaytri D. Kachroo
(617) 864-0755
gkachroo@kachroolegal.com

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007



August 15, 2011

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, No. 09-CV-118 (VM) (THK)

Dear Judge Marrero:

I write on behalf of Plaintiff Ricardo Rodriquez Caso ("Plainitff"), individually and on behalf of the putative class, in opposition to Standard Chartered Bank International (Americas) Ltd.'s and Standard Chartered PLC's (collectively "Standard Chartered Defendants") requested motion to deny class certification.

The Standard Chartered Defendants have not, and cannot, demonstrate that class certification should be denied; indeed, they only raise sparsely outlined, incomplete claims that are without merit. They claim that a class action is not superior because "all [class members] are high-net-worth private-banking clients whose individual claims range from hundreds of thousands to millions of dollars each." But the Standard Chartered Defendants have offered no evidence to support their claims. Discovery is necessary to determine the number of putative class members and the extent of their individual losses, before the Court can even begin to address issues related to superiority. Not all investors lost the same amount, nor have the same ability to bring actions, particularly given that some lost their life savings.

The Standard Chartered Defendants do not even attempt to address the efficiencies that would be achieved by a single adjudication of the common issues raised by the putative class — as opposed to inundating this Court with potentially hundreds of related actions on the same issue, to be tried over and over again *ad nauseum*. Even on a cursory review, the Standard Chartered Defendants' claims regarding superiority are grossly oversimplified, unsupported and are not adequate to deny class certification.

Next, the Standard Chartered Defendants claim that a class action would "cause significant manageability problems to the consolidated proceedings," because certain plaintiffs have been litigating their own claims for years. Those individuals are fully capable of opting out of the class, if they so choose. There is no reason to believe that the class would present any more difficulty in managing the claims than a flood of additional actions. To the contrary, there is

every reason to believe that for those class members who elect not to opt out of the class (and for the Court) it would make the proceedings much more manageable, streamlined and efficient.

A motion on class certification at this point is premature, under the circumstances. A denial of class certification is unlikely for reasons that Plaintiff would more fully develop should the Court decide to hear further argument. Plaintiff, however, respectfully requests that the Court deny the Standard Chartered Defendants' request to file such a futile motion at this point.

Should you have any questions or concerns, please feel free to contact me directly.

Respectfully submitted,

Dr. Gaytri D. Kachroo

    cc: Sharon L. Nelles.
        Standard Chartered Plaintiffs' Steering Committee

BY FACSIMILE

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiffs.

SO ORDERED.

8-15-11
DATE — VICTOR MARRERO, U.S.D.J.