## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/11

August 10, 2011

BY FACSIMILE

Honorable Victor Marrero,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street,
            New York, New York 10007.

Re: *Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*,
No. 09-CV-118 (VM) (THK)

Dear Judge Marrero:

We write on behalf of Standard Chartered Bank International (Americas) Ltd. and Standard Chartered PLC (collectively, "Standard Chartered") to request a pre-motion conference in order to seek permission to move to deny class certification in *Ricardo Rodriguez Caso* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 10-CV-9196, a putative class-action case that has been consolidated into the above-captioned proceeding. As Standard Chartered will establish more fully in its motion papers, the class-action vehicle is neither necessary nor appropriate here. Class certification should be denied now to avoid jeopardizing the efficient and orderly pre-trial proceedings that are already underway in this Court.

As a general matter, class certification should be addressed "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). "The defendant need not wait for the plaintiff to act . . . [and] may [preemptively] move for an order denying class certification." *Spagnola* v. *Chubb Corp.*, 264 F.R.D. 76, 92 (S.D.N.Y. 2010) (quoting 5-23 MOORE'S FEDERAL PRACTICE 3d § 23.82) (internal quotation marks omitted); *see also Vinole* v. *Countrywide Home Loans, Inc.*, 571 F.3d 935, 940 (9th Cir. 2009).

Here, it is already clear that a class action is not "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The investors Caso seeks to represent are fully able to maintain – and are in fact maintaining – dozens of individual actions. Plaintiffs (and putative class members)

Honorable Victor Marrero

> Request DENIED. The Court is not persuaded that a preemptive motion to deny class class certification would be productive or contribute to promoting the most efficient and expeditious resolution of this litigation.
>
> SO ORDERED.
>
> 8-15-11
> DATE     VICTOR MARRERO, U.S.D.J.

in those actions are all high-net-worth private-banking clients whose individual claims range from hundreds of thousands to millions of dollars each. Many are foreign investors whose account agreements contain forum selection and choice of law clauses (some of whom are currently litigating outside the United States).

Further, Caso's efforts to represent a class that encompasses plaintiffs who have been litigating their own individual claims for years threatens to cause significant manageability problems to the consolidated proceedings in this Court. If a class were certified, the Court would need to address, for example, procedures to apportion control between plaintiffs in the individual actions – currently lead by the Standard Chartered Plaintiffs' Steering Committee – and putative class representative Caso.

In short, the *Caso* class-action complaint adds an uncertainty to these proceedings that prejudices both the defendants and the plaintiffs who have been actively litigating their individual claims for years in this consolidated multi-district litigation. Class certification thus can be denied in this case without the need for class discovery or the need to address the other class certification factors under Rule 23(a) and (b).[1] Standard Chartered respectfully requests a pre-motion conference and permission to submit its motion to deny class certification.

Respectfully submitted,

Sharon L. Nelles

cc:     Gaytri D. Kachroo
        John H. Ray III
        (by facsimile and e-mail)

        Courtesy Copy to Standard Chartered Plaintiffs' Steering Committee
        (by e-mail)

---

[1] The burden of proving these other class considerations of course rests on Caso, although these factors need not be addressed in connection with Standard Chartered's motion to deny class certification. Standard Chartered would reserve the right to raise these factors in response to any class certification motion brought by Caso, in the event the class certification issue is not resolved in connection with the contemplated motion.