

LEVIN
KELLOGG
LEHMAN
SCHNEIDER+
GROSSMAN LLP

201 South Biscayne Blvd.
34th Floor, Miami Center
Miami, Florida 33131
305.403.8788 Phone
305.403.8789 Fax

JASON KELLOGG
Email: JK@LKLlaw.com

August 16, 2011

**VIA FEDEX**

Honorable Victor Marrero
United States District Court Judge
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/11

RE:  *Da Silva Ferreira v. EFG Capital International, Corp.*, Case No. 1:11-cv-00813-VM;
 *Anwar et al. v. Fairfield Greenwich Ltd. et al.*, Master File No. 09-cv-00118-VM

Dear Judge Marrero:

Please accept this letter as the response by Plaintiffs, Arlete and Lorrene da Silva Ferreira, to the August 9, 2011 letter (the "Letter") submitted by Defendant, EFG Capital International, Inc. ("EFG Capital"), regarding Florida's economic loss rule. Nothing set forth in the Letter alters the conclusion reached by this Court in its October 4, 2010 Order: that Florida law, as evidenced by several Florida intermediate court rulings that have been acknowledged without disapproval by the Supreme Court of Florida, recognizes an exception to the economic loss rule for breach of fiduciary duty claims, even where an underlying contract exists. *See* Oct. 4 Order at 28-31.[1]

EFG Capital's letter cites two federal court cases for the proposition that a breach of fiduciary duty claim may be barred by the economic loss rule if it is "intertwined" with a breach of contract claim. *See* Letter at 3. But this Court considered and cited that line of federal court cases (including the *Royal Surplus Lines* case) in its October 4 Order, and held that under Second Circuit law, the holdings of the Florida intermediate courts govern the issue. *See* Oct. 4 Order at 31. Other federal district courts have conducted the very same analysis, considered the same cases cited by EFG Capital (such as *Royal Surplus Lines, Interstate Securities, Granat* and *Detwiler*) and arrived at the very same conclusion as this Court did in its October 4 Order.[2]

---

[1]  Citing *Fixel v. Rosenthal & Rosenthal*, 842 So. 2d 204, 209 (Fla. 3d DCA 2003); *Invo Fla., Inc. v. Somerset Venturer, Inc.*, 751 So. 2d 1263, 1266-67 (Fla. 3d DCA 2000) (per curiam); *First Equity Corp. of Fla. v. Watkins*, 1999 WL 542639 (Fla. 3d DCA July 28, 1999) (per curiam).

[2]  *See Fla. Auto. Joint Underwriting Ass'n v. Milliman, Inc.*, No. 4:06cv546-WCS, 2007 WL 1341127, at *4–6 (N.D. Fla. May 3, 2007); *see also Rushing v. Wells Fargo Bank, N.A.*, 752 F. Supp. 2d 1254, 1263-64 n.2 (M.D. Fla. 2010); *Hilliard v. Black*, 125 F. Supp. 2d 1071, 1077-80 (N.D. Fla. 2000); *Crowell v. Morgan Stanley Dean Witter Serv., Co., Inc.*, 87 F. Supp. 2d 1287, 1293 (S.D. Fla. 2000).

Hon. Victor Marrero
August 16, 2011
Page 2

    Even if EFG Capital's standard did apply, it would not bar Plaintiffs' fiduciary duty claim because the duties that EFG Capital breached are not intertwined with the duties arising out of its contract with Plaintiffs (the "Agreement").[3] Here, the Agreement creates very limited contractual duties. EFG Capital itself describes those duties on page two of its Letter: to place Plaintiffs' orders, credit Plaintiffs' accounts for principal and interest, and deduct taxes.[4] Plaintiffs' Complaint does not allege that EFG Capital botched Plaintiffs' orders or failed to apply the proper credits. Rather, the Complaint alleges that EFG Capital assumed and breached broader duties of care and loyalty imposed upon securities brokers under Florida law.[5] Plaintiffs allege that despite knowledge of numerous red flags, EFG Capital failed to conduct adequate due diligence or to maintain and preserve Plaintiffs' investments. (Compl. ¶¶ 57-63, 81-88).[6]

    EFG Capital also argues that Florida's exception to the economic loss rule only applies to claims against a "professional," and that "a securities broker is not a 'professional' for purposes of the economic loss rule . . . ." *See* Letter at 2. EFG Capital wrongly characterizes the fiduciary duty exception to the economic loss rule as being a subset or "extension" of the professional malpractice exception invoked by the Supreme Court of Florida in *Moransais v. Heathman*, 744 So. 2d 973 (Fla. 1999). The two exceptions are mutually exclusive. As the Florida courts recognize, the breach of fiduciary duty exception is one of many "well-established causes of actions in tort," such as professional malpractice, that are not barred by the economic loss rule.[7]

    Moreover, neither case cited by EFG Capital governs the issue. The portion of the opinion that EFG Capital cites from *Medalie v. FSC Securities Corp.*, 87 F. Supp. 2d 1295, 1302

---

[3]     *See City of St. Petersburg v. Wachovia Bank, N.A.*, No. 810-cv-693-T-26TBM, 2010 WL 2991431, at *3 (M.D. Fla. July 27, 2010) ("Where the duties breached do not arise under the contract, . . . an action for an independent tort may exist even though the parties are in contractual privity.") (citing *Indemn. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 537 (Fla. 2004)).

[4]     Like the Standard Chartered defendants, EFG Capital argues that the Agreement's exculpatory clause shields it from liability. But like the Standard Chartered plaintiffs, the Plaintiffs in this case have alleged a breach of fiduciary duty—EFG Capital's failure to conduct adequate due diligence and to monitor Plaintiffs' investment (even in the face of numerous red flags)—that meets the exculpatory clause's "willful misconduct or gross negligence" standard. *See* Oct. 4 Order at 38.

[5]     *See Gochnauer v. A.G. Edwards & Sons, Inc.*, 810 F.2d 1042, 1049 (11th Cir. 1987) ("The law is clear that a broker owes a fiduciary duty of care and loyalty to a securities investor.").

[6]     As this Court recognized in its Oct. 4 Order, under Florida law the existence of a fiduciary relationship as between two parties is fact-specific, and may even expand as the parties assume broader duties. *See* Oct. 4 Order at 33-34 (citing *Ward fv. Atl. Sec. Bank*, 777 So. 2d 1144 (Fla. 3d DCA 2001)). In discovery, Plaintiffs have discovered facts showing that EFG Capital, through its actions, assumed a broader, advisory role toward all of its customers holding Fairfield Sentry shares, thus expanding the scope of its fiduciary duties to Plaintiffs and the putative class members. (*See* Plaintiffs' Reply in Support of Class Certification at 13-14). <u>Therefore, should this Court deem Plaintiffs' allegations supporting the breach of fiduciary duty claim insufficient for any reason, Plaintiffs ask for leave to amend to plead these newly discovered facts.</u>

[7]     *See First Equity*, 1999 WL 542639, at *1 (citing *Moransais v. Heathman*, 744 So. 2d 973 (Fla. 1999)).

(S.D. Fla. 2000), is not the holding of the court.[8] It simply paraphrases defendant's argument. And although the *Medalie* court felt compelled to follow an Eleventh Circuit decision from 1991 barring a fiduciary duty claim, the court noted that it would have allowed the claim if not bound.[9] Today, the *Medalie* court would likely not have barred the claim because in 2004, the Supreme Court of Florida issued its *American Aviation* opinion and added some clarity to the rule.[10] That, in turn, has led this Court and others cited herein to hold that fiduciary duty claims are not barred. The other case cited by EFG Capital, *Warter v. Boston Secs., S.A.*, 2004 WL 691787, at *13 (S.D. Fla. March 22, 2004), did not even involve a breach of fiduciary duty claim. It involved a negligence claim, and applied the economic loss rule's professional malpractice exception rather than the fiduciary duty exception.

The fact is, Florida courts in case after case have ignored the "professional" distinction in cases involving securities brokers like EFG Capital, and repeatedly recognize that bringing a fiduciary duty claim against a securities broker does not violate the economic loss rule, even where a contract exists.[11]

In any event, the parties' Agreement should not be considered by this Court at the motion to dismiss stage. Plaintiffs' Complaint neither attaches the Agreement nor incorporates it by reference. The Complaint refers to the Agreement only in a single background sentence. (Compl. ¶ 33). Plaintiffs' claims do not rely upon the terms or effect of that Agreement. Rather, Plaintiffs' claims are based on common-law duties arising from Florida law. Because the Agreement is not relied upon by Plaintiffs (much less "heavily relied upon," as is the standard set out by this Court on page nine of its Oct. 4 Order), the Agreement should not be considered.

Thank you for your consideration.

Very truly yours,

Jason Kellogg

cc:   Joseph Coates, counsel for EFG Capital (by email)

SO ORDERED. The Clerk of Court is directed to enter into the public record of this action the letter above submitted by plaintiffs.

DATE 8-17-11   VICTOR MARRERO, U.S.D.J.

---

[8] EFG Capital erroneously cites *Medalie* as an Eleventh Circuit case. It is a district court case.

[9] *Id.* at 1304 n.6.

[10] 891 So. 2d at 542-43.

[11] See *Rushing*, 752 F. Supp. 2d at 1263; *Hilliard*, 125 F. Supp. 2d at 1077-80; *Crowell*, 87 F. Supp. 2d at 1293; *First Equity*, Nos. 98-851, 98-589, 1999 WL 542630, at *1; see also *City of St. Petersburg*, No. 810-cv-693-T-26TBM, 2010 WL 2991431, at *3; *Maliner v. Wachovia Bank, N.A.*, No. 04-60237CIV, 2005 WL 670293, at *11 (S.D. Fla. Mar. 1, 2005); *Fla. Auto. Joint Underwriting Association*, No. 4:06cv546-WCS, 2007 WL 1341127, at *4–6.

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
201 South Biscayne Boulevard, 34th Floor, Miami Center, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789
NY241,277,748.1 117444.011400