# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

October 12, 2011

**VIA FACSIMILE**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/11

    Re:   *Anwar, et al. v. Fairfeld Greenwich Limited, et al.*
           Master File No. 09-CV-00118 (VM) (THK)

Dear Judge Marrero:

    We write on behalf of plaintiff ABN Amro Life S.A. ("AALS") to request a pre-motion conference regarding AALS's anticipated motion pursuant to Fed. R. Civ. P. 41(a)(2) for voluntary dismissal without prejudice from the above action.[1]

    AALS is a Luxemburg life insurance company, which—together with well over a hundred other plaintiffs—is named as an individual plaintiff in this action. While AALS is *not* a proposed class representative, it was subjected to extensive discovery requests when Defendants selected AALS as one of 20 named plaintiffs who were required to provide class certification discovery pursuant to Magistrate Judge Katz's April 19, 2011 ruling. Because of those discovery burdens, AALS now wants to withdraw as a named plaintiff and be involved as an absent class member only.

    Defendants were advised of AALS's dismissal request in August, and promptly substituted another named plaintiff to provide discovery pursuant to Judge Katz's order. While Defendants have consented to dismissal of other plaintiffs, including, most recently, Fundación Virgilio Barco and AAC Investment, Inc., they now refuse to stipulate to AALS's withdrawal—insisting that AALS must provide full discovery, or else surrender its claims *with prejudice*. AALS respectfully submits that it should be permitted to withdraw its claims as a named plaintiff without prejudice.

---

[1] The SIPC trustee for the BLMIS estate recently sued two banks bearing the ABN Amro name concerning certain Madoff-related investments in *Picard v. ABN Amro Bank N.V., et al.*, Adv. Pro. No. 11-02760 (BRL) (Bankr. S.D.N.Y. filed Oct. 6, 2011). AALS is no longer legally related to those entities and AALS' investment in the Fairfield funds was made independently of the investments at issue in the Picard action.

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
October 12, 2011
Page 2 of 3

## AALS Has Acted Diligently and Without Ill-Motive

Voluntary dismissal under Rule 41(a)(2) should be allowed if it causes a defendant no prejudice. *D'Alto v. Dahon Calif., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). To determine prejudice, a court must weigh a plaintiff's diligence and motives, and whether the suit has reached a point where defendant incurred significant trial preparation expense specific to the plaintiff's claims, which would be duplicated if those claims were litigated again. *See id.* Under this test, AALS should be permitted to withdraw without prejudice.

Although Magistrate Judge Katz permitted *limited* discovery from 20 named plaintiffs (after Defendants represented they needed "targeted discovery" and would serve only "a handful of questions"), Defendants issued 20 detailed and largely compound interrogatories and 30 multi-layered document requests concerning nearly everything related to Madoff, any Defendant, and plaintiff investments in funds that are not at issue in this litigation; communications and agreements with the Defendants themselves; any investment advisor used; corporate investment and document retention policies, tax records, organizational structures; and numerous other topics. As a large institution, AALS considers this discovery excessive and unduly burdensome, particularly if it were to include depositions of business personnel from Luxemburg, which would require use of translators, as well as extensive document review and witness preparation.

Dismissal of AALS is not sought to obtain unfair advantage or abuse the legal process. With no dispositive motion pending, AALS is not seeking dismissal to avoid an adverse decision. *Cf. Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004). Whether a plaintiff acted diligently or vexatiously is measured by concrete evidence of ill-motive, *e.g.*, whether the plaintiff had assured the court and defendants that it intended to pursue claims in order to encourage defendants to continue discovery. *See Pac. Elec. Wire & Cable Co. v. Set Top Int'l Inc.*, 2005 WL 578916, at *5 (S.D.N.Y. Mar. 11, 2005). No such circumstance exists here. After Defendants selected AALS as one of their 20 targets, counsel met and conferred over the summer to limit the breadth of the additional discovery requests. Still faced with a significant burden, AALS sought Defendants' consent to voluntary dismissal. Defendants refused on September 9, 2011.

## Defendants Are Not in Any Way Prejudiced by AALS's Dismissal

This Court has found of "primary importance" the extent to which a suit has progressed to a point where dismissal would be prejudicial to defendants. *Shaw Fam. Archives, Ltd. v. CMG Worldwide, Inc.*, 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2, 2008) (citation omitted). Prejudice may exist, for example, where a case proceeded for four years, the parties had taken some 62 depositions, and discovery was complete. *Deere & Co. v. MTD Holdings, Inc.*, 2004 WL 1432554, at *2 (S.D.N.Y. June 24, 2004). This case has not reached any such stage. The parties are in the midst of discovery. Most depositions have yet to be scheduled, and expert discovery will not begin until after April 2, 2012. Summary judgment motions are not likely until late 2012, and no trial date has been set. Under such circumstances, voluntary dismissals

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
October 12, 2011
Page 3 of 3

without prejudice are routinely granted. *See, e.g., Shaw*, 2008 WL 4127549, at *5; *Thomas v. N.Y. State Dep't of Corr'l Servs.*, 2004 WL 1871060 (S.D.N.Y. Aug. 20, 2004).

Indeed, even if a case *has* advanced, defendants still must show that they have expended resources in defending the specific claims that the plaintiff now seeks to dismiss. *See Banco Central de Paraguay v. Paraguay Hum. Found., Inc.*, 2006 WL 3456521, at *6 (S.D.N.Y. Nov. 30, 2006). Here, Defendants lumped AALS into generic requests directed to all "Twenty Named Plaintiffs." They were advised of AALS's withdrawal *before* the parties finalized electronic search terms related to the 20 plaintiffs and *before* Defendants ran any searches. Because AALS is but one of numerous named plaintiffs, its participation in discovery is clearly not indispensable. *See, e.g., Tekula v. Suffolk County Cmty. College*, 2004 U.S. Dist. LEXIS 23735, at *5 (E.D.N.Y. Nov. 24, 2004) (dismissal without prejudice after two years of litigation, where plaintiff's failure to comply with discovery had not resulted in expense in preparation for trial); *Will v. Gen. Dynamics Corp.*, 2007 WL 3145052, at *3 (S.D. Ill. Oct. 25, 2007) (class representative dismissed without prejudice where his unwillingness to cooperate in discovery did not cause defendant plain legal prejudice). "It is well recognized that dismissal with prejudice is a harsh sanction to be employed in exceptional cases." *Will*, 2007 WL 3145052, at *2.

Accordingly, AALS's dismissal is motivated by legitimate considerations; AALS has proceeded with diligence; and Defendants will suffer no prejudice. We respectfully request that the Court schedule a pre-motion conference.

Respectfully yours,

David A. Barrett

cc: Magistrate Judge Theodore H. Katz (via facsimile)
All counsel in *Anwar* (via email)

---

The Court shall deem the letter above as a motion of plaintiff ABN Arno Life S.A. pursuant to Fed. R. Civ. P. 41(a)(2) for voluntary dismissal from this action without prejudice. Defendant are directed to respond by 10-19-11, by letter-brief not to exceed three pages, showing cause why
**SO ORDERED:** the motion should not be granted.

10-12-11
DATE    VICTOR MARRERO, U.S.D.J.