SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER

(212) 455-3475

E-MAIL ADDRESS

mcunha@stblaw.com

**BY HAND**

October 19, 2011

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
Docket No. 09 CV 0118 (VM) (THK)

Hon. Victor Marrero
United States District Court
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/11

Dear Judge Marrero:

    We write as counsel to the Fairfield Defendants in opposition to the motion of named plaintiff ABN AMRO Life S.A. ("ABN AMRO") to withdraw from this case under Rule 41(a)(2) but retain all of its rights as an "absent" class member. Notably, ABN AMRO candidly admits that, after participating in this case for more than two years, its sole reason for seeking such relief is to avoid responding to Defendants' discovery requests. Those requests specifically were authorized by Judge Katz, have been outstanding for five months, and seek information that goes to the heart of Plaintiffs' motion for class certification.

    ABN AMRO's motion should be denied under the well established authority that a Rule 41(a)(2) dismissal cannot be used to circumvent discovery. While Defendants do not oppose withdrawal without prejudice by ABN AMRO, it should be directed to respond to the long overdue discovery requests before it withdraws.

I. **ABN AMRO's Motion Violates Judge Katz's Order**

    By order dated April 19, 2011, Judge Katz authorized Defendants to seek discovery on issues relating to class certification from 20 of the 151 plaintiffs named in the Second Consolidated Amended Complaint who were not designated as class representatives ("Named Plaintiffs"). Defendants sought this discovery out of concern that Plaintiffs' proposed class representatives were cherry-picked to avoid providing information helpful to Defendants' opposition to the motion for class certification. Notably, the class representatives selected by Plaintiffs consist largely of individuals -- none are the multinational financial institutions which make up an important sub-group of the Named Plaintiffs and have very different profiles with respect to their investments in Madoff and their reliance or lack thereof on statements by Defendants. Pursuant to Judge Katz's order, Defendants sought to remedy this imbalance by selecting ABN AMRO for discovery on

SIMPSON THACHER & BARTLETT LLP

Hon. Victor Marrero                    -2-                    October 19, 2011

May 19, 2011. Under the plain terms of Judge Katz's order, ABN AMRO is required to respond to Defendants' discovery requests.

### II. Courts Require Plaintiffs to Provide Discovery as a Condition to Dismissal

The case law is clear and consistent that a plaintiff may not remove itself from a case to circumvent discovery. *See In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000) ("[Certain named plaintiffs not designated as class representatives] wish to dismiss their actions merely to avoid having to give Defendants the discovery authorized by the Special Master's Report. Therefore, the Court finds the timing of plaintiffs' Motion suspect and somewhat indicative of bad faith."); *In Re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996); *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 992-993 (E.D. Va. 1998). This Court and others uniformly have held that plaintiffs must respond to outstanding discovery requests before withdrawing from a lawsuit. *See e.g. Pathways for Youth, Inc. v. Royal Indem. Co.*, 2006 WL 2265047 (S.D.N.Y. Aug. 7, 2006); *Gallagher v. Donald III*, No. 92 Civ. 1371, 1993 WL 488215, at *1 (S.D.N.Y. Nov. 16, 1993); *Hudson Engineering Co. v. Bingham Pump Co.*, 298 F. Supp. 387 (S.D.N.Y. 1969); *In re Wellbutrin XL*, 268 F.R.D. 539, 544 (E.D. Pa. 2010); *Eaddy v. Little*, 234 F. Supp. 377, 380 (E.D.S.C. 1964).

### III. Defendants Would Be Prejudiced Without Discovery of ABN AMRO and the *Zagano* Factors Weigh against Dismissal in the Absence of Such Discovery

In the Second Circuit, there are two tests to determine whether dismissal without prejudice is improper. *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). Under the first test, dismissal is improper if the defendant would suffer plain legal prejudice beyond the prospect of a second lawsuit. The second test involves consideration of various factors known as the *Zagano* factors. ABN AMRO's motion fails under both tests.

#### A. Discovery of ABN AMRO is Critical

Discovery of ABN AMRO is necessary for Defendants to develop a factual record to oppose class certification. First, ABN AMRO's size and sophistication necessitates discovery. During the period of its investments, ABN AMRO was wholly owned and "backed by the full power of the ABN AMRO Group," which ranks as one of the biggest banks in the world, with billions of dollars in assets, more than 100,000 employees and operations worldwide. Discovery of ABN AMRO likely will illuminate significant factual distinctions between the major bank and individual investors that make it inappropriate to certify a class. *See In re Livent, Inc. Noteholders Sec. Litig.* 211 F.R.D. 219, 223 (S.D.N.Y. 2002). Discovery also is critical given ABN AMRO's affiliation with Banco Santander S.A. ("Santander"). In 2007, Santander became one of ABN AMRO's parent companies. Santander subsidiaries managed funds with exposure to Madoff and the bank is accused by investors of, *inter alia*, failing to conduct adequate diligence regarding Madoff and ignoring "red flags." *See, e.g., In re Optimal U.S. Litigation*, 10 Civ. 4095, 2011 WL 1676067, at *1 (S.D.N.Y. 2011). In May 2009, Santander settled with the BLMIS Trustee for over $200 million. Defendants seek to determine the extent to which ABN AMRO retained its

SIMPSON THACHER & BARTLETT LLP

Hon. Victor Marrero					-3-					October 19, 2011

investment based on the advice of Santander. ABN AMRO also is unique in that it invested in two different funds that are at issue here, Fairfield Sigma and Fairfield Sentry.[1]

### B.   The *Zagano* Factors Weigh Against ABN AMRO's Motion

Diligence: ABN AMRO did not act diligently in seeking to withdraw. Its motion comes more than two years after it commenced litigation, more than five months after the discovery requests were served, and more than a month after Defendants made clear they would not consent to the withdrawal. (Defendants notified Plaintiffs of their position within eight hours of receiving ABN AMRO's explanation for its contemplated withdrawal).

Vexatiousness and Extent to which the Suit Has Progressed: The timing of the motion – made less than two weeks before the deadline to complete class certification discovery (a deadline plaintiffs are refusing to extend) – demonstrates undue vexatiousness, particularly given that discovery of ABN AMRO is directed at class certification issues.[2]

Duplicative Expense of Relitigation: If plaintiffs' motion for class certification is denied, the cases will move forward individually. It makes no sense to commence the discovery process with ABN AMRO from scratch.

Adequacy of Plaintiff's Explanation for Need to Dismiss: ABN AMRO's argument that, "[a]s a large institution," the discovery requests are too burdensome is without merit. In fact, Judge Katz granted more latitude in the discovery requests directed at large institutions: "[T]o the extent that they're large institutions, my concern about burden is not so great." 04/19/11 Tr. at 46:1-3. Moreover, the discovery requests that were served on ABN AMRO were substantially pared down from those that were served on the proposed class representatives, further narrowed through the meet and confer process, then agreed to by other named plaintiffs.

Respectfully,

Mark G. Cunha

---

[1] Discovery of ABN AMRO has become even more important in light of the pervasive problems Defendants have experienced in obtaining discovery of other plaintiffs. To cite just a few examples: (1) plaintiffs allege that the email accounts used by three of the seven class representatives contain no emails prior to January 19, 2009; (2) AXA Private Management and Korea Life Insurance Company claim that the documents of key employees were destroyed after the Madoff fraud was revealed; (3) Virgilio Barco and AAC Investment withdrew from the case reportedly for health reasons; (4) Jeffrey Lieberman withdrew reportedly because he obtained a significant arbitration award against his investment advisor; and (5) PFA Pension Fund A/S is refusing to search the electronic files of any of its employees who were involved in its investment decision.

[2] Given the impending class certification discovery deadline and out of caution, Defendants selected an additional Named Plaintiff for discovery. However, that Plaintiff has not provided any discovery.

SO ORDERED. Plaintiff ABN AMRO Life SA. is directed to respond by 10-25-11, by letter not to exceed three pages, to the objections above by defendants.

DATE 10-20-11   VICTOR MARRERO, U.S.D.J.

SIMPSON THACHER & BARTLETT LLP

Hon. Victor Marrero. October 19, 2011

cc: The Honorable Theodore Katz (By Hand)
All Counsel in *Anwar* (By Email)