# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK NY 10022 • PH 212.446.2300 • FAX 212.446.2350

November 2, 2011

**VIA FACSIMILE**
Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/11

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
Master File No. 09-CV-00118 (VM) (THK)

Dear Judge Marrero:

Plaintiffs write with respect to the motion of ABN Amro Life S.A. ("AALS") to voluntarily dismiss its claims. After receiving the Fairfield Defendants' letter brief of October 19, 2011 opposing the motion, Plaintiffs offered to dismiss AALS's claims with prejudice and without providing discovery. Defendants have now refused that offer, reversing their position stated in an email on September 9, 2011 that AALS "must *either* dismiss its claims with prejudice *or* provide discovery" (emphasis added).

If AALS were dismissed with prejudice, the discovery Defendants are seeking would be irrelevant because facts concerning a non-participant in the class would not illuminate whether a class should or should not be certified. Furthermore, even if AALS's claims were dismissed without prejudice, as originally requested, dismissal should not be conditioned on providing discovery.

***First***, AALS has *not* violated Magistrate Judge Katz's order, which did not authorize the massive discovery Defendants seek from AALS. The April 19, 2011 ruling permitted Defendants to ask twenty named plaintiffs of Defendants' choosing "a handful of questions" (Tr. 49:10-13) and take "targeted discovery" regarding: "What did they rely on, other sources of recovery, the standing issue, [individual damages] and the Morrison issue." *Id.* 46:20-23. Defendants' actual requests have been far broader. While Defendants may wish to explore the inner workings of a financial conglomerate with "100,000 employees and operations worldwide," Judge Katz addressed such a fishing expedition: "I don't want to get into understanding the entire institution's operation. That, to me, can get pretty burdensome." *Id.* 51:2:3.[1] Furthermore, Defendants accepted Plaintiffs' offer to select another plaintiff (which is providing discovery) to replace AALS. Thus, even without AALS, Defendants are obtaining discovery from named plaintiffs as permitted by Judge Katz, and are entitled to no more.

---

[1] In order to avoid delay, Plaintiffs did not raise overbreadth issues with Judge Katz, but sought to negotiate with Defendants, to comply with the requests, or in the case of AALS, to withdraw.

BOIES, SCHILLER & FLEXNER LLP

*Second*, "[n]amed Plaintiffs, unlike Lead Plaintiffs, are not generally subject to discovery." unless Defendants make a strong showing of particularized need. *In re Qwest Comm's Int'l Sec. Litig.*, 2005 U.S. Dist. LEXIS 11618, at *10 (D. Col. June 6, 2005).[2] Defendants make no such showing. Their purported need to turn the ABN Amro Group inside out – to respond to what they depict as an "imbalance[d]" lawsuit run by only a handful of "cherry-picked" individuals – has no basis in fact. Proposed class representative Harel Insurance Company Ltd. is one of Israel's largest insurers; proposed class representative Securities & Investment Company (SICO) Bahrain manages half a billion dollars of investments. Both have made extensive document productions and produced deposition witnesses in New York commensurate with their role as proposed class representatives. With Judge Katz's order, Defendants now have discovery from a total of 29 plaintiffs, also including world-wide financial institutions like AXA Private Management ("AXA"), PFA Pension A/S, KAS Bank N.V., Wall Street Securities, S.A., and Korea Life Insurance Company Ltd. ("KLI").[3] This is more than any defendant received from absent class members in the cases Defendants cite.[4]

*Third*, nothing supports Defendants' speculation that ABN Amro affiliates around the world coordinated investment decisions and collectively decided to forego due diligence on Madoff's operations. The investment relevant to AALS's claim here was directed by an independent asset manager for one of AALS's life insurance clients, several years *before* Banco Santander took a stake in AALS's ultimate parent in 2007. *See* SCAC ¶¶ 6, 80.

*Fourth*, Defendants have failed to make the required showing of cognizable prejudice.[5] They incurred no expense specific to AALS, let alone substantial expense in preparation for

---

[2] *See In re USA Classic Sec. Litig.*, 1995 WL 686724, at *1 (S.D.N.Y. Nov. 17, 1995) (named plaintiffs who withdraw as class representatives cannot be deposed absent showing of particularized need); *In re Lucent Sec. Litig.*, 2002 WL 32815233, at *2 (D.N.J. July 16, 2002) (non-representative named plaintiffs "should be treated as passive class members and [are] thus not subject to discovery"); *accord In re Carbon Dioxide Ind. Antitrust Litig.*, 155 F.R.D. 209, 211-12 (M.D. Fla. 1993); *Kops v. Lockheed Martin Corp.*, 2003 U.S. Dist LEXIS 8568, *3 (C.D. Cal. May 12, 2003).

[3] The asserted "problems" with Plaintiffs' discovery responses are contrived. Plaintiff Lieberman, who withdrew because he recovered his losses in full, offered to produce documents from his successful arbitration, *which Defendants refused*. The other withdrawing Plaintiffs are irrelevant because Defendants never sought discovery from them. The three proposed class representatives with missing emails nevertheless produced extensive records and have been deposed. Defendants also received files of multiple AXA and KLI investment decision-makers and detailed central file records. As an accommodation to Defendants' complaints about production, Plaintiffs have provided discovery from two additional parties selected by Defendants.

[4] Moreover, Defendants' cases involved proof of specific prejudice that would result from dismissal, which is entirely absent here. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 305 (D.D.C. 2000) (without requested discovery, defendants were unable to adequately defend against price-fixing charges); *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (defendants had "spent two and a half years and substantial amounts of money to obtain discovery" specific to the individual plaintiffs). *Teck General Partnership v. Crown Central Petroleum Corp.*, 28 F. Supp. 2d 989 (E.D. Va. 1998), did not involve discovery from absent class members.

[5] *See D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("In *Zagano*, this Court delineated a number of factors that are relevant in determining whether a case has proceeded so far that dismissing it in order for the plaintiff to start a separate action *would prejudice the defendant*") (emphasis added). Of course, dismissal with prejudice here would preclude even "a separate action."

2

BOIES, SCHILLER & FLEXNER LLP

summary judgment or trial. In early August 2011, Plaintiffs indicated that AALS might withdraw rather than participate in discovery, and confirmed AAL's intention to withdraw on September 6. When counsel met and conferred on discovery requests to the twenty named plaintiffs, AALS was excluded from the discussion. Nor is there any risk of duplicative expense. If class certification is denied, merits discovery will be needed for over a hundred named plaintiffs, and potentially additional plaintiffs who may then assert individual claims.

Respectfully yours,

David A. Barrett

cc: Magistrate Judge Theodore H. Katz (via facsimile)
All counsel in *Anwar* (via email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff ABN Amro Life S.A.

SO ORDERED.

11-4-11
DATE

VICTOR MARRERO, U.S.D.J.

3