# CURRAN & ASSOCIATES
Attorneys at Law
701 Brickell Avenue – Suite 1550
Miami, Florida 33131
—

Laurence E. Curran III

Telephone 305-777-0374
Telefax 305-675-0548
Email lecurran@lecurran.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/11
```

November 22, 2011

*By facsimile transmission*

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
             **09-cv-118 (VM)(THK)**
             **Standard Chartered Cases**

Dear Judge Marrero:

      I am counsel for plaintiffs Moises Lou-Martinez and Wong Yuk Hing de Lou (together, the "Lous"). This letter is written on behalf of the Lous and the Lous respectfully request the Court to consider the relief sought in this letter.

      In the Court's Decision and Order of November 1, 2011 (Document 744 Filed 11/02/11), the Court granted the Plaintiffs "leave to replead upon submitting to the Court, within twenty-one days of the date of this Decision and Order, in the form of a letter-brief not to exceed three pages, an application showing how such repleading would correct the deficiencies identified in the Court's findings discussed above, and thus would not be futile." Plaintiffs are writing this letter application to comply with the Court's directive.

      Plaintiffs seek permission of the Court to replead by including a cause of action in the Complaint for breach of fiduciary by defendant Standard Chartered Bank (Americas) Limited ("SCBI") predicated on two distinct factual circumstances: (a) unauthorized trading where SCBI invested $500,000 in the Fairfield Sentry Fund ("Sentry Fund") without written or verbal authorization by the Lous and (b) the failure of SCBI to exercise its duty of care and due diligence to act as a "prudent person" by (1) conducting an independent investigation of the merits of the Fairfield Sentry Fund ("Sentry Fund") before making the investment of $500,000 from the Lous' account into the Sentry Fund and (2) omitting to engage in post-investment monitoring of the Sentry Fund which if done properly would have alleviated - or at least significantly reduced - the Lous' exposure to the Madoff fraud and led to little if any loss from the Lous' account at SCBI.

Hon. Victor Marrero
November 22, 2011

      SCBI owed these and other fiduciary duties of care to the Lous based on the account relationship between the Lous and SCBI. *See Gochnauer v. A.G. Edwards & Sons, Inc.*, 810 F.2d 1042, 1049-50 (11th Cir. 1987). SCBI had fiduciary's responsibilities as a "prudent person" – i.e., whether the fiduciary conducted an independent investigation of the merits of a particular investment. SCBI was required as the investment adviser to the Lous to manage the investment of client funds with care, competence, and diligence. Therefore even, *arguendo*, if SCBI can successfully show a defense of ratification to the Lous' allegation of unauthorized investment – which is disputed - SCBI still owed fiduciary duties of care in making the Sentry Fund investment on behalf of the Lous and thereafter in monitoring that investment. SCBI failed in both respects and the Lous should have the opportunity to plead a breach of fiduciary duty cause of action that includes these allegations.

      Although the Lous previously pled a cause of action based on unauthorized trading and withdrew that cause of action without prejudice, the Lous did not plead a cause of action for breach of fiduciary duty based on SCBI's failure to exercise duty of due care and due diligence to act as a prudent person in making the Sentry Fund investment and failing to monitor that investment. Should the Court permit – which the Lous respectfully request - the Lous would additionally argue that SCBI breached its duty by (1) failing to inform them as to the unsuitability of the Sentry Fund investment; (2) failing to act in their best interest, and (3) managing their account for SCBI's own interest rather than the Lous. Whether the investment was authorized or unauthorized by the Lous is of no import as to the issue of SCBI's exercise of its fiduciary duty of due care and due diligence in acting prudently by investing $500,000 from the Lous' account in the Sentry Fund.

      Further, since some of the investor Plaintiffs in this consolidated action have already pled a breach of fiduciary duty by SCBI for failure to monitor the Sentry Fund investments of SCBI's clients, this repleading by the Lous in regard to the issue of breach of fiduciary duty by SCBI would be consistent with the allegations raised by other plaintiffs in the consolidated action and would not prejudice SCBI in its defense of this action or in any of the other consolidated cases. The undersigned also does not believe that permitting the Lous to amend their Complaint to include the breach of fiduciary duty cause of action will create any added discovery burden since SCBI should have already produced all documents that it has in its possession or control in regard to the Lous' account.

      Despite the fact that SCBI through counsel has advised that it is has not yet completed its production of Lou related documents as it is "continuing its rolling production of documents responsive to plaintiffs' requests," the fact is that after almost half a year of diligent production, SCBI has not produced any documents evidencing the Lous' authorization of SCBI to make this Sentry Fund investment on their behalf. No Purchase Authorization for a Sentry Fund investment, no Sentry Fund Subscription Agreement, no emails from the Lous, no notes by any SCBI employee, no documents of any type - written, electronic or otherwise - have been produced that show any hint of an

2

Hon. Victor Marrero
November 22, 2011

authorization of this investment by the Lous. Only Account Statements issued by SCBI (and its predecessor American Express Bank International) showing the purported investment by SCBI of $500,000 from the Lous' account in the Sentry Fund in September 2005 have been produced by SCBI to evidence the investment. Accordingly, during the pendency of SCBI's Motion to Dismiss the Complaint and after the voluntary withdrawal of the cause of action for breach of fiduciary duty based on unauthorized trading, it became more clear that without any doubt, the Lous' never authorized SCBI to make a Sentry Fund investment with $500,000 from the Lous' account.

So for the reasons stated above, the Lous' case against SCBI for breach of fiduciary duty has been strengthened and if the Court permits the Lous to amend their Complaint to plead a breach of fiduciary duty by SCBI, the repleading of that cause of action will not be futile. Accordingly, the Lous respectfully thank the Court for the opportunity to request leave to replead as stated above and request that the Court grant the Lou's request.

Respectfully submitted,

Laurence E. Curran III
*Counsel for Moises Lou-Martinez
and Wong Yuk Hing de Lou*

cc: Counsel for all parties (by email)

---

The Standard Chartered Bank defendants are directed to respond by 12-2-11, by letter not to exceed three pages, to the matter set forth above by plaintiffs.

SO ORDERED:

11-22-11
DATE          VICTOR MARRERO, U.S.D.J.

---

3