# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 17, 2011

<u>By Hand</u>

The Honorable Theodore H. Katz,
    United States Magistrate Judge,
        Daniel Patrick Moynihan United States Courthouse,
        500 Pearl Street,
           New York, New York 10007-1312.

**MEMO ENDORSED**

    Re:    *Anwar v. Fairfield Greenwich Limited*,
           <u>No. 09-CV-118 (VM) – Standard Chartered Cases</u>

Dear Judge Katz:

        We write on behalf of the Standard Chartered Defendants ("Standard Chartered")[1] to seek confirmation of the Court's October 31, 2011 rulings concerning the eight depositions that plaintiffs have noticed in this litigation.

        During the October 31 discovery conference, the Court ruled that plaintiffs could proceed with depositions beginning next Monday, November 21, even though the parties are still in the midst of document production. In allowing depositions to proceed now, however, the Court made clear that "it falls on [plaintiffs] to stick to [their] commitment that this is primarily about due diligence because there are other subjects [of possible testimony] and it's acknowledged that there is yet to be a complete production of [documents on] those subjects." (Oct. 31, 2011 Hearing Tr. at 25:3-7.) Your Honor emphasized that "[t]he witnesses can feel comfortable that they're not going to be asked to do this a second time, and again, there's a presumption here against doing the deposition a second time." (*Id.* at 25:15-18.)

        On October 31, the Court also appointed Gaytri Kachroo – who filed a putative class action against Standard Chartered on December 9, 2010 – as an additional member of the plaintiffs' Steering Committee. Now so appointed, Ms. Kachroo seeks to undermine the Court's October 31 rulings by asking witnesses to be deposed a second time. Depositions are currently scheduled for November 21 and 22. After 5 p.m. this past Tuesday, November 15, however, Ms. Kachroo informed Standard Chartered that

---

        [1]    "Standard Chartered Defendants" refers to Standard Chartered Bank and all of its affiliates that are named as defendants in the Standard Chartered Cases.

The Honorable Theodore H. Katz                                                                                  -2-

although she "expect[s] to participate in the depositions coming up," plaintiffs wish to "reserve [their] rights to depose any witnesses relevant to class discovery" at a later date. Standard Chartered immediately reminded counsel of this Court's rulings and objected to plaintiffs' purported reservation of a right to bring a witness back for testimony on additional topics. In response, Ms. Kachroo reiterated yesterday evening that plaintiffs believe they have the "right to call (and if necessary, recall) any witness for deposition in connection with class discovery" – including those witnesses scheduled to be deposed next week.

Plaintiffs' position is wholly inconsistent with this Court's October 31 ruling that bringing witnesses back for a second deposition on subjects as to which document production is not yet complete is "not going to happen." (Oct. 31, 2011 Hearing Tr. at 25:8.) Moreover, it is contrary to the obligations placed upon members of the Steering Committee to conduct "all discovery on behalf of all plaintiffs in the Standard Chartered Cases" and to do so "in a coordinated manner on behalf and for the benefit of the Standard Chartered Plaintiffs." (Feb. 4, 2011 Order Appointing Steering Committee (Docket No. 602) at 3.)[2] The Steering Committee must ensure that discovery is conducted in a coordinated fashion that inures to the benefit of all plaintiffs, including putative class plaintiffs. The fact that individual members of the Steering Committee are insisting that they have the right to recall witnesses for a second day of testimony on additional subjects demonstrates a clear lack of coordination.

Plaintiffs apparently believe they can pursue uncoordinated discovery to the extent that it relates to "class issues." Nothing in this Court's prior orders authorizes such an approach. To be sure, during the October 13 discovery conference before Your Honor, the Court inquired whether "there [is] a schedule for . . . class certification," and directed the parties to meet and confer to establish one. (Oct. 13, 2011 Hearing Tr. at 42:8-9.) But neither the timing of class certification briefing – nor the fact that the parties may undertake discovery in connection with such briefing – excuses the Steering Committee from its obligation to ensure that all discovery in this litigation is coordinated and efficient.

Plaintiffs are in no position to complain that they are not yet ready to proceed with deposition testimony on the subject of class certification. The putative class action was filed more than two months before the Steering Committee propounded its first discovery requests. The Steering Committee was unquestionably aware of the class action when it chose which discovery requests to propound; and it has elected to move forward with certain depositions immediately, despite Standard Chartered's objections and with full knowledge that document discovery remains ongoing. Standard Chartered is not responsible for the fact that the Steering Committee apparently did not propound the discovery requests that Ms. Kachroo believes she needs. Standard Chartered equally

---

[2] *See also* Feb. 4, 2011 Second Amended Scheduling Order (Docket No. 602) ¶ 4 ("The Steering Committee shall coordinate discovery on behalf of all plaintiffs in the Standard Chartered Cases.")

The Honorable Theodore H. Katz                                          -3-

is not responsible for the fact that Ms. Kachroo took no steps to proceed with class certification motion practice until she was directed to meet and confer with Standard Chartered on October 13, more than ten months after the putative class complaint was filed.

Standard Chartered does not ask that the Court postpone the depositions scheduled for November 21 and 22. Rather, Standard Chartered seeks to ensure that the parties proceed with a common understanding to avoid unnecessary future disputes. We therefore respectfully request that the Court expressly confirm that its prior rulings apply to all plaintiffs, including the putative class, and that plaintiffs may not seek to depose any witness a second time on any subject (including class-related issues) as to which there is yet to be a complete production of documents.

**MEMO ENDORSED**

Respectfully submitted,

*Bradley Smith*
Bradley P. Smith

cc:   Plaintiffs' Steering Committee
      (by e-mail attachment)

> The Court expects that class discovery will be coordinated with general discovery, and, in doing so, all efforts should be made to avoid the recall of deponents. As the Court ruled previously, there will a presumption against recalling deponents.

**SO ORDERED**

12/5/11      *Theodore H. Katz*
             THEODORE H. KATZ
             UNITED STATES MAGISTRATE JUDGE