## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-310-712-6600
FACSIMILE: 1-310-712-8800
WWW.SULLCROM.COM

*1888 Century Park East*
*Los Angeles, California 90067-1725*

NEW YORK • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY



RECEIVED NOV 1? 2011 CHAMBERS OF THEODORE H. KATZ US MAGISTRATE JUDGE

November 14, 2011

**MEMO ENDORSED**

By Hand

The Honorable Theodore H. Katz,
   United States Magistrate Judge,
      Daniel Patrick Moynihan United States Courthouse,
      500 Pearl Street,
         New York, New York 10007-1312.

      Re:   *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
            No. 09-cv-118 (VM) (THK)—Standard Chartered Cases

Dear Judge Katz:

        I write on behalf of the Standard Chartered Defendants ("Standard Chartered") in response to plaintiffs' letter of November 10, 2011, concerning Standard Chartered's recently-concluded agreement to transfer certain private banking and wealth management client relationships – along with the associated client accounts – to Banco Santander International.

        Plaintiffs accuse Standard Chartered of having failed to apprise them and the Court of the Banco Santander transaction, and they ask the Court to compel Standard Chartered to provide plaintiffs immediately with copies of "all agreements" relating to the transaction. Plaintiffs' accusations are unfounded, and their use of motion practice to seek discovery that has no bearing on their claims should be rejected.

        Plaintiffs first raised this issue on July 25, 2011, when they asked the Court to order extensive and expedited discovery concerning a potential transaction involving Standard Chartered Bank International (Americas) Ltd. ("SCBI"). The Court denied plaintiffs' request but ordered Standard Chartered to apprise the Court and plaintiffs of "any changes in SCBI's corporate status or ownership, or any other transaction that would have an impact on Plaintiffs' ability to recover a judgment from the Standard Chartered Defendants." (Aug. 3, 2011 Order, Dkt. # 694.)

The Honorable Theodore H. Katz                                                                                          -2-

       Plaintiffs incorrectly accuse Standard Chartered of failing to comply with the Court's August 3 Order. Standard Chartered apprised the Court and plaintiffs' counsel of its agreement with Banco Santander within days of its being finalized, notwithstanding that even today the transaction remains subject to the consent of each client whose account is to be transferred and approval by FINRA; and transfers of customer accounts will not even begin until January 10, 2012, at the earliest. As Standard Chartered has explained, the transaction will not alter the corporate status or ownership of SCBI; nor will it "have an impact on Plaintiffs' ability to recover a judgment from the Standard Chartered Defendants." *Id.*

       The Court already has rejected the notion that plaintiffs are entitled to delve into the inner workings of a transaction merely because it involves SCBI; and plaintiffs do not explain what use they would make of the transaction agreements if they were to obtain them. Standard Chartered acknowledges its continuing obligation to inform plaintiffs and the Court of any future transaction that would affect plaintiffs' ability to recover a judgment on any of their claims. Standard Chartered will comply with that obligation.

       In light of the foregoing, plaintiffs have no basis for seeking the production of the Banco Santander transaction documents. Plaintiffs' request for these materials thus should be denied.

**MEMO ENDORSED**

Respectfully submitted,

Diane L. McGimsey

cc:    Plaintiffs' Steering Committee

*The Court does not view the sale of SCBI assets to Banco Santander to be relevant to the merits of this action and cannot conceive of the Court involving itself in such sale. Defendants represent that the sale will not alter the corporate status or ownership of SCBI and will not have an impact on Plaintiffs' ability to recover a judgment. Indeed, it can be presumed that the sale of private banking accounts will result in consideration being paid to Standard Chartered. So ordered. Plaintiff's request for discovery is denied.*

12/5/11

Theodore H. Katz
USMJ