# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/11
```

December 23, 2011

By Facsimile

Honorable Victor Marrero,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street,
           New York, New York 10007.

        Re:   *Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*,
             No. 09-CV-118 (VM) (THK) — Standard Chartered Cases

Dear Judge Marrero:

        We write on behalf of Standard Chartered Bank International (Americas) Ltd. ("SCBI") and Standard Chartered PLC (collectively, "Standard Chartered") to request a pre-motion conference because Standard Chartered intends to move to enforce the mandatory and binding arbitration clause governing the claims brought by Ricardo Rodriguez Caso in the action captioned *Ricardo Rodriguez Caso* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 10-CV-9196.

        On November 16, 2006, Mr. Caso executed account opening documents with SCBI's predecessor, American Express Bank International (Americas) Ltd. ("AEBI"). Those documents contain an arbitration clause providing for mandatory arbitration on an individual basis of all disputes arising from his investment account. Standard Chartered informed Caso on December 1, 2011, that it intended to enforce that arbitration clause. Caso has not responded.

        Standard Chartered's motion is timely. The *Caso* case, although pending for one year, is still in its infancy. Standard Chartered's time to respond to Caso's complaint has not come due, and Caso has not produced any discovery to, or requested any discovery from, Standard Chartered. Indeed, Caso initiated his action nearly two years after the first of dozens of individual cases against Standard Chartered was filed in (or transferred to) this Court, and he has done little to prosecute the action since it was commenced. In fact, Caso did not take any steps to prosecute his claims until October 5, 2011, when he served his initial disclosures (which were eight months late). Under these circumstances, no prejudice will result to Caso from enforcing his arbitration agreement. *See, e.g., Brownstone Inv. Group, LLC* v. *Levey*, 514 F. Supp. 2d 536, 541 (S.D.N.Y. 2007) (Marrero, J.) (motion to compel arbitration brought ten months after complaint

Honorable Victor Marrero                                                                              -2-

filed was timely, because "pretrial expense and delay . . . without more, do not constitute prejudice"); *see also Sweater Bee by Banff* v. *Manhattan Indus.*, 754 F.2d 457 (2d Cir. 1985) (motion to compel arbitration was timely even though it was brought two years after complaint was filed and after defendant obtained ruling on motion to dismiss).[1]

Standard Chartered thus intends to enforce its mandatory and binding arbitration clause with Caso in accordance with Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4. Standard Chartered is prepared to file its motion to compel individual arbitration within two days of receiving direction from the Court.

Respectfully submitted,

Sharon L. Nelles

cc:   Gaytri Kachroo
      (by facsimile and e-mail)

      Courtesy Copy to Standard Chartered Plaintiffs' Steering Committee
      (by e-mail)

> Plaintiff Ricardo Rodriguez Caso is directed to respond by 12-30-11, by letter not to exceed three pages, to the request set forth above by defendant, showing cause why the Court should not compel arbitration of Plaintiff's claims herein under
> SO ORDERED: the parties' arbitration agreements.
> 12-27-11
> DATE                VICTOR MARRERO, U.S.D.J.

---

[1]  Compelling Caso to arbitration would prevent his putative class action from disrupting these otherwise streamlined proceedings, which currently encompass 46 other cases asserting the same claims as Caso, but each brought on an individual basis. *See, e.g., In re Fosamax Products Liability Litigation*, 248 F.R.D. 389, 403 (S.D.N.Y. 2008) (denying class certification where coordinated proceedings already underway). Caso proposes a schedule for class discovery and class briefing that would extend class discovery well beyond the established close of fact discovery. Caso also asserts a right to a "do-over" on depositions and other discovery that took place while he slept on his claims.