UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PASHA ANWAR, *et al.*,

                    Plaintiffs,

    v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

                    Defendants.

This Document Relates To: *Maria Akriby Valladolid* v. *American Express Bank Ltd., et al.*, No. 10-CV-00918.

Master File No. 09-CV-118 (VM)

---

**Standard Chartered PLC, Standard Chartered International (USA) Limited, and Standard Chartered International (Americas) Limited's Answer and Defenses to the Second Amended Complaint**

      Defendants Standard Chartered International (USA) Limited ("SCI"), Standard Chartered Bank International (Americas) Limited ("SCBI") and Standard Chartered PLC (collectively referred to herein as "SCB Defendants"), through their undersigned counsel, hereby respond as follows to the Second Amended Complaint (the "Second Amended Complaint"), based on present knowledge. SCB Defendants reserve the right to supplement and amend this Answer and to add additional defenses of which they become aware through discovery or other investigation.

**I.     ANSWER**

**Procedural History of the Case**

    1.    SCB Defendants admit the allegations of paragraph 1.

2. SCB Defendants respectfully refer the Court to the docket sheet in this action, *Maria Akriby Valladolid* v. *American Express Bank Ltd.*, No. 10-CV-00918, for a complete and accurate description of the procedural history of the action, and respectfully refer the Court to Plaintiff's letter of October 26, 2010, for a complete and accurate description of its contents.

3. SCB Defendants respectfully refer the Court to the docket sheet in this action, *Maria Akriby Valladolid* v. *American Express Bank Ltd.*, No. 10-CV-00918, for a complete and accurate description of the procedural history of the action, and respectfully refer the Court to the Court's order of November 23, 2010, for a complete and accurate description of its contents.

## Statement of the Case

4. SCB Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 concerning third party American Express Company and therefore deny them.

5. SCB Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 concerning third party American Express Company and therefore deny them.

6. SCB Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore deny them.

7. SCB Defendants deny the allegations of paragraph 7, except admit that American Express Bank provided financial services through its subsidiaries American Express Bank International ("AEBI") and American Express Bank Ltd. ("AEBL"), to clients inside and outside the United States.

8. SCB Defendants deny the allegations of paragraph 8, except admit that: (i) AEBI and AEBL provided investment-related services to certain individuals; (ii) certain individuals

purchased shares of Fairfield Sentry Ltd. ("Sentry") through AEBI; (iii) Sentry invested assets with Bernard L. Madoff Investment Securities ("BLMIS"); (v) Bernard L. Madoff ("Madoff") perpetrated one of the biggest Ponzi schemes in American history; and (vi) Madoff was sentenced to 150 years in federal prison.

9. SCB Defendants admit the allegations of paragraph 9.

10. SCB Defendants admit the allegations of paragraph 10.

11. SCB Defendants deny the allegations of paragraph 11, except admit that Standard Chartered PLC is the indirect parent of SCBI and SCI.

12. SCB Defendants deny the allegations of paragraph 12, except admit that: (i) plaintiff was a customer of AEBI, which has been renamed SCBI; and (ii) plaintiff purports to characterize her Account Application and Agreement. SCB Defendants respectfully refer the Court to plaintiff's Account Application and Agreement for a complete and accurate description of their contents.

13. SCB Defendants deny the allegations of paragraph 13.

14. SCB Defendants deny the allegations of paragraph 14.

15. SCB Defendants deny the allegations of paragraph 15, except admit the now public knowledge that Madoff perpetrated one of the biggest Ponzi schemes in American history.

16. SCB Defendants deny the allegations of paragraph 16, except admit that plaintiff had no right to expect guaranteed returns on her investment.

17. SCB Defendants deny the allegations of the first sentence of paragraph 17 and lack knowledge or information sufficient to form a belief as to the truth of the allegations of the remainder of the allegations of paragraph 17 and therefore deny them.

18. SCB Defendants deny the allegations of paragraph 18.

19. SCB Defendants deny the allegations of paragraph 19.

20. SCB Defendants deny the allegations of paragraph 20, except admit that plaintiff purports to seek to recover alleged investment losses. SCB Defendants aver that any alleged losses were caused by BLMIS and Madoff rather than SCB Defendants and that SCB Defendants did not breach any duty to plaintiff.

21. SCB Defendants deny the allegations of paragraph 21. SCB Defendants aver that, upon the acquisition of AEBI by Standard Chartered PLC, plaintiff's account was serviced by SCBI.

22. SCB Defendants deny the allegations of paragraph 22.

23. SCB Defendants deny the allegations of paragraph 23, except admit the now public knowledge that Madoff perpetrated one of the biggest Ponzi schemes in American history.

24. SCB Defendants deny the allegations of paragraph 24, except admit that plaintiff had no right to expect guaranteed returns on her investment.

25. SCB Defendants deny the allegations of paragraph 25.

## The Parties

26. SCB Defendants deny or lack knowledge sufficient to form a belief as to the truth of the allegations of paragraph 26, except admit that: (i) plaintiff is a Mexican citizen and resident of Tijuana, Mexico; and (ii) Carlos Capitillo was an employee of the San Diego branch of AEBL.

27. SCB Defendants deny the allegations of paragraph 27, except admit that: (i) Luis Serena was plaintiff's relationship manager; (ii) plaintiff purchased shares of Sentry; and (iii) the assets of Sentry were substantially invested with BLMIS. SCB Defendants respectfully refer the Court to Plaintiff's account statements for a complete and accurate description of their contents.

28. SCB Defendants deny the allegations of paragraph 28, except admit that: (i) Standard Chartered PLC is organized under the laws of the United Kingdom; (ii) on September 18, 2007, Standard Chartered PLC entered into an agreement to purchase AEBL from the American Express Company; (iii) the acquisition was completed in February 2008; and (iv) prior to the acquisition, AEBL and AEBI conducted business from offices at 501 West Broadway, Suite 1360, San Diego, California, 92101.

29. SCB Defendants deny the allegations of paragraph 29.

30. SCB Defendants deny the allegations of paragraph 30, except admit that AEBI and AEBL transacted business in California.

31. SCB Defendants admit the allegations of paragraph 31.

32. SCB Defendants deny the allegations of paragraph 32, except admit that: (i) AEBI and AEBL transacted business from an office at 515 Flower St., Suite 3600, Los Angeles, CA 90071; (ii) certain customers purchased shares of Sentry through AEBI; and (iii) Sentry was invested in BLMIS.

33. SCB Defendants deny the allegations of paragraph 33.

34. SCB Defendants deny the allegations of paragraph 34, except admit that: (i) Luisa Serena was plaintiff's relationship manager at AEBI; (ii) Luisa Serena, as plaintiff's relationship manager, was authorized to take instructions from plaintiff with respect plaintiff's account; and (iii) Luisa Serena was a resident of California living in Southern California.

35. SCB Defendants deny the allegations of paragraph 35, except admit that: (i) plaintiff purports to name as Doe Defendants 1 through 25 agents, officers, and employees of SCB Defendants; and (ii) plaintiff purports to name as Doe Defendants 26 through 50 accounting firms and accountants who allegedly prepared false financial statement audit opinions.

36. SCB Defendants deny the allegations of paragraph 36, except admit that: (i) plaintiff purports to name as Doe Defendants 51 through 75 attorneys who allegedly prepared or helped prepare false documents; (ii) plaintiff purports to name as Doe Defendants 76 through 100 individuals who allegedly participated knowingly in alleged unlawful conduct; and (iii) plaintiff purports to be ignorant of the true names of Doe Defendants 1 through 100.

### Jurisdiction and Venue

37. SCB Defendants deny the allegations of paragraph 37.

38. SCB Defendants respectfully refer the Court to the docket sheet in this action, *Maria Akriby Valladolid* v. *American Express Bank Ltd.*, No. 10-CV-00918, for a complete and accurate description of the procedural history of the action.

39. SCB Defendants deny the allegations of paragraph 39, except admit that AEBI and AEBL conducted business in California and had offices in San Diego, Los Angeles, and San Francisco.

40. SCB Defendants deny the allegations of paragraph 40, except admit that AEBI and AEBL conducted business at an office at 515 S Flower St., Ste 3600, Los Angeles, CA 90071.

41. SCB Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore deny them.

### Background Facts

### Plaintiff's Accounts with American Express Bank

42. SCB Defendants deny the allegations of paragraph 42, except admit that Sentry invested a substantial portion of its assets with BLMIS.

43. SCB Defendants deny the allegations of paragraph 43.

44. SCB Defendants deny the allegations of paragraph 44.

45. SCB Defendants deny the allegations of paragraph 45, except admit that Luisa Serena was an AEBL relationship manager.

46. SCB Defendants deny the allegations of paragraph 46, except admit that plaintiff authorized the purchase of $250,000 of shares of Sentry in approximately September 2006.

47. SCB Defendants deny the allegations of paragraph 47.

48. SCB Defendants deny the allegations of paragraph 48.

49. SCB Defendants deny the allegations of paragraph 49, except respectfully refer the Court to Sentry's private placement memorandum ("PPM"), which disclosed its investment strategy, for a complete and accurate description of its contents.

50. SCB Defendants deny the allegations of paragraph 50, except admit that plaintiff purports to characterize Madoff's investment strategy and respectfully refer the Court to Sentry's PPM, which disclosed its investment strategy, for a complete and accurate description of its contents.

51. SCB Defendants deny the allegations of paragraph 51, except admit that plaintiff purports to characterize Madoff's investment strategy and respectfully refer the Court to Sentry's PPM, which disclosed its investment strategy, for a complete and accurate description of its contents.

52. SCB Defendants deny the allegations of paragraph 52.

53. SCB Defendants deny the allegations of paragraph 53, except admit that: (i) the Sharpe ratio is used to characterize how well the return of an asset compensates the investor for the level of risk; and (ii) a higher Sharpe ratio reflects more return for the same risk.

54. SCB Defendants deny the allegations of paragraph 54, except admit that plaintiff purports to characterize information reflected in her account statements for the periods ending December 12, 2008, and December 23, 2008, and respectfully refer the Court to those account statements for a complete and accurate description of their contents.

### Fairfield Greenwich Group and Bernard Madoff

55. SCB Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore deny them, except admit that Walter M. Noel founded Fairfield Greenwich Group ("FGG") in 1983.

56. SCB Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, except admit that FGG sold shares of funds that invested with BLMIS.

57. SCB Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore deny them, except admit that plaintiff purports to characterize a December 15, 2008 *Bloomberg News* article. SCB Defendants respectfully refer the Court to that article for a complete and accurate description of its contents.

### Bernard Madoff and His $50 Billion Fraud

58. SCB Defendants admit the now public knowledge that Madoff perpetrated one of the biggest Ponzi schemes in American history, and respectfully refer the Court to the transcript of the hearing on Madoff's sentencing for a complete and accurate description of its contents.

59. SCB Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore deny them, except admit that on December 11, 2008, the SEC charged Madoff and BLMIS with securities fraud for a multi-billion dollar Ponzi

scheme and requested that the court half ongoing fraudulent offerings of securities and investment advisory fraud by Madoff and BLMIS.

60. SCB Defendants admit that on December 11, 2008, the United States Attorney's Office of the Southern District of New York criminally charged Madoff and BLMIS with securities fraud, and that plaintiff purports to characterize information reflected in the criminal complaint filed by the United States Attorney's Office against Madoff and the complaint filed by the Securities and Exchange Commission captioned *SEC* v. *Madoff*, No. 08-CV-10791 (S.D.N.Y. Dec. 11, 2008). SCB Defendants respectfully refer the Court to those complaints for a complete and accurate description of their contents.

61. SCB Defendants admit the allegations of paragraph 61.

62. SCB Defendants admit that on March 12, 2009, Madoff pleaded guilty to 11 felony charges, including securities and wire fraud, and that plaintiff purports to characterize information reflected in Madoff's plea allocution. SCB Defendants respectfully refer the Court to the plea allocution for a complete and accurate description of its contents.

63. SCB Defendants admit that on June 29, 2009, Madoff was sentenced to 150 years in federal prison, and that plaintiff purports to characterize information reflected in the transcript of the hearing on Madoff's sentencing. SCB Defendants respectfully refer the Court to the sentencing transcript for a complete and accurate description of its contents.

64. SCB Defendants deny the allegations of paragraph 64.

### Conscious Avoidance of Red Flags

65. SCB Defendants admit that plaintiff purports to characterize Madoff's role in the Ponzi scheme and respectfully refer the Court to Madoff's Plea Allocation in the case captioned

*United States* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. Mar. 12, 2009) for a description of Madoff's role in the Ponzi scheme and his admissions regarding his role.

66. SCB Defendants admit that plaintiff purports to characterize information reflected in a statement by James Hedges, and respectfully refer the Court to that statement for a complete and accurate description of its contents.

67. SCB Defendants admit that Harry Markopolis made a submission to the Boston office of the SEC regarding Madoff but deny that the submission occurred in May 1999.

68. SCB Defendants deny the allegations of paragraph 68, except admit that: (i) plaintiff purports to characterize information reflected in a 2001 article published in Barron's, and respectfully refer the Court to that article for a complete and accurate description of its contents.

69. SCB Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore deny them.

70. SCB Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore deny them.

71. SCB Defendants deny the allegations of paragraph 71, except admit the now public knowledge that Harry Markopolis submitted a report to the SEC concerning Madoff in 2005, and respectfully refer the Court to that report for a complete and accurate description of its contents.

72. SCB Defendants deny the allegations of paragraph 72, except admit that plaintiff purports to characterize information reflected in a report by Harry Markopolis, and respectfully refer the Court to that report for a complete and accurate description of its contents.

73. SCB Defendants admit that plaintiff purports to characterize information reflected in a report by Harry Markopolis, and respectfully refer the Court to that report for a complete and accurate description of its contents.

74. SCB Defendants deny the allegations of paragraph 74.

### Defendants' Wrongdoing

75. SCB Defendants deny the allegations of paragraph 75.

76. SCB Defendants deny the allegations of paragraph 76.

77. SCB Defendants deny the allegations of paragraph 77.

78. SCB Defendants deny the allegations of paragraph 78.

79. SCB Defendants deny the allegations of paragraph 79.

80. SCB Defendants deny the allegations of paragraph 80.

81. SCB Defendants deny the allegations of paragraph 81.

82. SCB Defendants deny the allegations of paragraph 82.

83. SCB Defendants deny the allegations of paragraph 83.

84. SCB Defendants deny the allegations of paragraph 84.

85. SCB Defendants deny the allegations of paragraph 85.

86. SCB Defendants deny the allegations of paragraph 86.

### FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty Against All Defendants)

87. SCB Defendants incorporate their responses to paragraphs 1 through 86 as if fully set forth herein.

88. SCB Defendants deny the allegations of paragraph 88.

89. SCB Defendants deny the allegations of paragraph 89.

90. SCB Defendants deny the allegations of paragraph 90.

91. SCB Defendants deny the allegations of paragraph 91.

92. SCB Defendants deny the allegations of paragraph 92.

93. SCB Defendants deny the allegations of paragraph 93.

94. SCB Defendants deny the allegations of paragraph 94.

## SECOND CAUSE OF ACTION
### (Negligence Against All Defendants)

95. SCB Defendants incorporate their responses to paragraphs 1 through 94 as if fully set forth herein.

96. SCB Defendants deny the allegations of paragraph 96.

97. SCB Defendants deny the allegations of paragraph 97.

98. SCB Defendants deny the allegations of paragraph 98.

99. SCB Defendants deny the allegations of paragraph 99.

100. SCB Defendants deny the allegations of paragraph 100.

101. SCB Defendants deny the allegations of paragraph 101.

102. SCB Defendants deny the allegations of paragraph 102

103. SCB Defendants deny the allegations of paragraph 103.

104. SCB Defendants deny the allegations of paragraph 104.

## Denial of Prayer for Relief

SCB Defendants deny that plaintiff is entitled to any of the relief prayed for on page 27 of the Complaint.

## Jury Trial Demand

Plaintiffs' demand for a trial by jury is subject to her account agreements with SCBI.

## II.     DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Any damages allegedly suffered by Plaintiff were caused by the intervening act(s) or omission(s) of persons or entities other than SCB Defendants, and said act(s) or omission(s) superseded any act or omission by SCB Defendants for which they might be considered liable.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because SCB Defendants' alleged conduct was not the cause of Plaintiff's injuries.

### Fourth Defense

The claims asserted in the Second Amended Complaint are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation.

### Fifth Defense

SCB Defendants have not engaged in any conduct that would entitle Plaintiff to an award of punitive damages.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff knowingly and voluntarily assumed the risks inherent in the investments at issue.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### Ninth Defense

Plaintiff did not justifiably or reasonably rely on any alleged representations, acts or omissions by SCB Defendants.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, because SCB Defendants, or any person or entity acting or purporting to act on their behalf, acted in good faith and with due care and diligence.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by virtue of her account agreements with SCBI.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of disclosures in the applicable Subscription Agreements and the PPM.

### Thirteenth Defense

SCB Defendants were entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are the subject of Plaintiff's claims.

### Fourteenth Defense

Any damages recoverable by Plaintiff from SCB Defendants are limited to the percentage of fault attributable to SCB Defendants, and thus would not include the percentage of fault attributable to plaintiff or third parties, including but not limited to the defendants named in

the Second Consolidated Amended Complaint in *Anwar* v. *Fairfield Greenwich Limited*, No. 09-CV-0118.

### Fifteenth Defense

Any recovery by Plaintiff against SCB Defendants is to be offset, in whole or in part, by any and all other recoveries by Plaintiff with respect to her investments in Sentry.

### Sixteenth Defense

SCB Defendants are entitled to recover contribution from others for any liability they incur to Plaintiff.

### Seventeenth Defense

Any recovery by Plaintiff against SCB Defendants is to be offset by any and all debts, liabilities or obligations owed by Plaintiff to SCB Defendants.

L

WHEREFORE, SCB Defendants respectfully demand judgment dismissing this action with prejudice together with their costs and disbursements.

        Respectfully submitted,

By:   /s/ Diane L. McGimsey
      Sharon L. Nelles
      Bradley P. Smith
      Patrick B. Berarducci
      SULLIVAN & CROMWELL LLP
      125 Broad Street
      New York, New York 10004
      Telephone:  (212) 558-4000
      Facsimile:  (212) 558-3588
      E-mail:  nelless@sullcrom.com

      Diane L. McGimsey
      SULLIVAN & CROMWELL LLP
      1888 Century Park East
      Los Angeles, California 90067
      Telephone:  (310) 712-6600
      Facsimile:  (310) 712-8800

*Attorneys for Defendants Standard Chartered Bank International (Americas) Ltd., Standard Chartered International (USA) Ltd., and Standard Chartered PLC*

December 27, 2011