UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA ANWAR, et al.,<br><br>         Plaintiffs,<br><br>  v.<br><br>FAIRFIELD GREENWICH LIMITED, et al.,<br><br>         Defendants.<br><br>This Document Relates To: *Ricardo Almiron* v. *Standard Chartered Bank International (Americas) Ltd.*, *et al.*, No. 10-CV-6186. | Master File No. 09-CV-118 (VM) |

**Standard Chartered Bank International (Americas) Limited's
<u>Answer and Defenses to the Complaint</u>**

  Defendant Standard Chartered Bank International (Americas) Limited ("SCBI") (referred to herein as "Defendant"), through its undersigned counsel, hereby responds as follows to the complaint (the "Complaint"), based on present knowledge. Defendant reserves the right to supplement and amend this Answer and to add additional defenses of which it becomes aware through discovery or other investigation.

**I.  ANSWER**

<u>Nature of Proceeding</u>

  1.  Defendant denies the allegations of paragraph 1, except admits to the public knowledge that Bernard Madoff perpetrated a massive Ponzi scheme. Defendant respectfully refers the Court to Madoff's plea allocution in the case captioned *United States* v. *Madoff*, No.

09-CR-00213 (S.D.N.Y. March 12, 2009) for a complete and accurate description of Bernard Madoff's role in the Ponzi scheme.

2. Defendant denies the allegations of paragraph 2, except admits that: (i) plaintiff invested $100,000 in Fairfield Sentry Ltd. ("Sentry") through his account with Defendant, which was formerly named American Express Bank International (Americas) Ltd. ("AEBI"); and (ii) substantially all of the assets of Sentry were invested with Bernard L. Madoff Investment Securities ("BLMIS").

3. Defendant denies the allegations of paragraph 3, except admits that Sentry had a history of stable and steady returns.

4. Defendant denies the allegations of paragraph 4.

5. Defendant denies the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant admits that plaintiff purports to characterize the allegations in *Picard v. Fairfield Sentry Limited, et al.*, No. 09-1239 (Bankr. S.D.N.Y.), an action brought by the trustee of BLMIS and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore denies them.

## Jurisdiction, Venue and Parties

12. Defendant admits that plaintiff purports to seek damages but denies that plaintiff suffered damages as a result of any conduct by Defendant.

13. Defendant denies the allegations of paragraph 13.

14. Defendant admits the allegations of paragraph 14.

15. Defendant admits the allegations of paragraph 15.

16. Defendant admits that: (i) on or about February 2008, AEBI was acquired by Standard Chartered PLC; and (ii) AEBI was renamed SCBI.

17. Defendant denies the allegations of paragraph 17, except admits that: (i) Antonio Garcia-Adanez was a relationship manager employed by Defendant; (ii) Garcia-Adanez serviced plaintiff's account with Defendant.

18. Defendant admits that plaintiff purports to characterize the contents of the General Pledge Agreement and respectfully refers the Court to that agreement for a complete and accurate description of its contents. Paragraph 18 of the complaint does not identify any of the other "various agreements" plaintiff refers to and Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies them.

19. Defendant denies the allegations of paragraph 19, except admits that: (i) plaintiff's account was opened at the Miami office of Defendant; (ii) the Miami office of Defendant is located at 1111 Brickell Avenue, Miami, Florida 33131; (iii) plaintiff invested in Sentry through Defendant's Miami office; and (iv) plaintiff's account was serviced through the Miami office of Defendant.

20. Defendant denies the allegations of paragraph 20, except admits that: (i) plaintiff purports to base jurisdiction in this action on Fla. Stat. § 48.193; and (ii) Defendant conducts business through an office in Miami, Florida. Defendant also admits that plaintiff purports to characterize the contents of the General Pledge Agreement and respectfully refers the Court to that agreement for a complete and accurate description of its contents.

21. Defendant denies the allegations of paragraph 21, except admits that: (i) plaintiff purports to base venue in this action on Fla. Stat. §§ 47.011 and 47.051; and (ii) Defendant has an office in Miami, Florida. Defendant also admits that plaintiff purports to characterize the contents of the General Pledge Agreement and respectfully refers the Court to that agreement for a complete and accurate description of its contents.

**Factual Allegations**

22. Defendant admits the allegations of paragraph 22, except avers that plaintiff opened his account with Defendant on June 27, 2006.

23. Defendant denies the allegations of paragraph 23 and avers that plaintiff's accounts at AEBI were assigned Account Numbers ****3780 and ****3549.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies that plaintiff's securities investment accounts were transferred to StanChart Securities International, Inc. in November 2008 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies them.

26. Defendant denies the allegations of paragraph 26, except admits that: (i) Antonio Garcia-Adanez was a relationship manager employed by Defendant; (ii) Garcia-Adanez serviced plaintiff's account with Defendant; and (iii) plaintiff's account was serviced through Defendant's Miami office.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29, except admits that Sentry had a history of stable and steady returns.

30. Defendant denies the allegations of paragraph 30, except admits that plaintiff authorized and approved the purchase of shares in Sentry.

31. Defendant denies that plaintiff invested $100,000 in Sentry in December 2008, and respectfully refers the Court to plaintiff's account statements for a complete and accurate description of their contents.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34, except admits that SCBI charged certain account fees associated with investments in Sentry.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41, except admits that plaintiff invested $100,000 in Sentry through his account at SCBI.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43, except admits that Sentry invested substantially all of its assets in BLMIS.

44. Defendant denies the allegations of paragraph 44, except admits that Fairfield provided copies of its Private Placement Memoranda ("PPMs") to Defendant and that Sentry's investment strategies were disclosed in its PPMs.

45. Defendant admits that plaintiff purports to characterize the contents of a PPM and respectfully refers the Court to that PPM for a complete and accurate description of its contents.

46. Defendant denies the allegations of paragraph 46, except admits that Sentry invested substantially all of its assets in BLMIS.

47. Defendant admits the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant admits the allegations of paragraph 50.

51. Defendant admits that plaintiff purports to characterize the contents of a criminal complaint filed by the U.S. Attorney's Office for the Southern District of New York and the complaint filed by the SEC in *SEC* v. *Bernard L. Madoff*, No. 08-CV-10791 (S.D.N.Y. Dec. 11, 2008), and Defendant respectfully refers the Court to those complaints for a complete and accurate description of their contents.

52. Defendant admits that Madoff pleaded guilty to securities and wire fraud on March 12, 2009, and that plaintiff purports to characterize the contents of a plea allocution by Bernard L. Madoff. Defendant respectfully refers the Court to that plea allocution for a complete and accurate description of its contents.

53. Defendant denies the allegations of paragraph 53, except admits that Bernard L. Madoff and BLMIS perpetrated a fraud and concealed it from Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53

and therefore denies them. Defendant respectfully refers the Court to Madoff's Plea Allocution in the case captioned *United States* v. *Madoff*, No. 09-CR-00213 (S.D.N.Y. Mar. 12, 2009) for a description of Madoff's role in the Ponzi scheme and his admissions regarding the role.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55, except admits that BLMIS functioned as an investment manager and custodian of securities.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58, except admits that plaintiff purports to characterize the contents of complaints in civil actions, including *Anwar* v. *Fairfield Greenwich Limited*, No. 09-CV-118 (S.D.N.Y.), and *Tradewaves Ltd., et al.* v. *Standard Chartered International (USA) Ltd., et al.*, No. 09-CV-9423 (S.D.N.Y.). Defendant respectfully refers the Court to the complaints in those actions for a complete and accurate description of their contents.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

## Count One
## Violations of Section 517.301, et seq., of the Florida Statutes
## (As Against All Defendants)

61. Defendant incorporates its responses to paragraphs 1 through 60 as if fully set forth herein.

62. The allegations of paragraph 62 relate to plaintiff's claim for a violation of Fla. Stat. § 517.301, which was dismissed by the Court; therefore, no response is required.

63. The allegations of paragraph 63 relate to plaintiff's claim for a violation of Fla. Stat. § 517.301, which was dismissed by the Court; therefore, no response is required.

64. The allegations of paragraph 64 relate to plaintiff's claim for a violation of Fla. Stat. § 517.301, which was dismissed by the Court; therefore, no response is required.

65. The allegations of paragraph 65 relate to plaintiff's claim for a violation of Fla. Stat. § 517.301, which was dismissed by the Court; therefore, no response is required.

66. The allegations of paragraph 66 relate to plaintiff's claim for a violation of Fla. Stat. § 517.301, which was dismissed by the Court; therefore, no response is required.

67. The allegations of paragraph 67 relate to plaintiff's claim for a violation of Fla. Stat. § 517.301, which was dismissed by the Court; therefore, no response is required.

68. The allegations of paragraph 68 relate to plaintiff's claim for a violation of Fla. Stat. § 517.301, which was dismissed by the Court; therefore, no response is required.

69. The allegations of paragraph 69 relate to plaintiff's claim for a violation of Fla. Stat. § 517.301, which was dismissed by the Court; therefore, no response is required.

## Count Two
## Breach of Fiduciary Duty
## (As Against All Defendants)

70. Defendant incorporates its responses to paragraphs 1 through 69 as if fully set forth herein.

71. To the extent that the allegations of paragraph 71 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 71.

72. To the extent that the allegations of paragraph 72 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 72.

73. To the extent that the allegations of paragraph 73 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 73.

74. To the extent that the allegations of paragraph 74 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 74.

75. To the extent that the allegations of paragraph 75 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 75.

76. To the extent that the allegations of paragraph 76 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 76.

77. To the extent that the allegations of paragraph 77 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 77.

78. To the extent that the allegations of paragraph 78 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no

response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 78.

79. To the extent that the allegations of paragraph 79 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no response is required; the allegations of paragraph 79 also contain a legal conclusion to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 79.

80. To the extent that the allegations of paragraph 80 relate to plaintiff's claim for breach of fiduciary duty based on a failure to monitor, which was dismissed by the Court, no response is required. To the extent that a response is deemed required, Defendant denies the allegations of paragraph 80.

**Count Three**
**Negligence**
**(As Against All Defendants)**

81. Defendant incorporates its responses to paragraphs 1 through 80 as if fully set forth herein.

82. The allegations of paragraph 82 relate to plaintiff's claim for negligence, which was dismissed by the Court; therefore, no response is required.

83. The allegations of paragraph 83 relate to plaintiff's claim for negligence, which was dismissed by the Court; therefore, no response is required.

84. The allegations of paragraph 84 relate to plaintiff's claim for negligence, which was dismissed by the Court; therefore, no response is required.

85. The allegations of paragraph 85 relate to plaintiff's claim for negligence, which was dismissed by the Court; therefore, no response is required.

86. The allegations of paragraph 86 relate to plaintiff's claim for negligence, which was dismissed by the Court; therefore, no response is required.

87. The allegations of paragraph 87 relate to plaintiff's claim for negligence, which was dismissed by the Court; therefore, no response is required.

88. The allegations of paragraph 88 relate to plaintiff's claim for negligence, which was dismissed by the Court; therefore, no response is required.

89. The allegations of paragraph 89 relate to plaintiff's claim for negligence, which was dismissed by the Court; therefore, no response is required.

90. The allegations of paragraph 90 relate to plaintiff's claim for negligence, which was dismissed by the Court; therefore, no response is required.

### Count Four
### Negligent Misrepresentation
### (As Against All Defendants)

91. Defendant incorporates its responses to paragraphs 1 through 90 as if fully set forth herein.

92. The allegations of paragraph 92 relate to plaintiff's claim for negligent misrepresentation, which was dismissed by the Court; therefore, no response is required.

93. The allegations of paragraph 93 relate to plaintiff's claim for negligent misrepresentation, which was dismissed by the Court; therefore, no response is required.

94. The allegations of paragraph 94 relate to plaintiff's claim for negligent misrepresentation, which was dismissed by the Court; therefore, no response is required.

95. The allegations of paragraph 95 relate to plaintiff's claim for negligent misrepresentation, which was dismissed by the Court; therefore, no response is required.

96. The allegations of paragraph 96 relate to plaintiff's claim for negligent misrepresentation, which was dismissed by the Court; therefore, no response is required.

97. The allegations of paragraph 97 relate to plaintiff's claim for negligent misrepresentation, which was dismissed by the Court; therefore, no response is required.

98. The allegations of paragraph 98 relate to plaintiff's claim for negligent misrepresentation, which was dismissed by the Court; therefore, no response is required.

### Count Five
### Unjust Enrichment and Constructive Trust
### (As Against All Defendants)

99. Defendant incorporates its responses to paragraphs 1 through 98 as if fully set forth herein.

100. The allegations of paragraph 100 relate to plaintiff's claim for unjust enrichment and constructive trust, which was dismissed by the Court; therefore, no response is required.

101. The allegations of paragraph 101 relate to plaintiff's claim for unjust enrichment and constructive trust, which was dismissed by the Court; therefore, no response is required.

102. The allegations of paragraph 102 relate to plaintiff's claim for unjust enrichment and constructive trust, which was dismissed by the Court; therefore, no response is required.

103. The allegations of paragraph 103 relate to plaintiff's claim for unjust enrichment and constructive trust, which was dismissed by the Court; therefore, no response is required.

104. The allegations of paragraph 104 relate to plaintiff's claim for unjust enrichment and constructive trust, which was dismissed by the Court; therefore, no response is required.

### Denial of Prayer for Relief

Defendant denies that plaintiff is entitled to any of the relief prayed for on pages 25 and 26 of the Complaint.

### Jury Trial Demand

Plaintiffs' demand for a trial by jury is subject to his account agreements with Defendant.

## II.   DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Any damages allegedly suffered by plaintiff were caused by the intervening act(s) or omission(s) of persons or entities other than Defendant, and said act(s) or omission(s) superseded any act or omission by Defendant for which they might be considered liable.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because Defendant's alleged conduct was not the cause of plaintiff's injuries.

### Fourth Defense

The claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff knowingly and voluntarily assumed the risks inherent in the investments at issue.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### Eighth Defense

Plaintiff did not justifiably or reasonably rely on any alleged representations, acts or omissions by Defendant.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant, or any person or entity acting or purporting to act on its behalf, acted in good faith and with due care and diligence.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of his account agreements with Defendant.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by virtue of disclosures in the applicable Subscription Agreements and the PPM.

### Twelfth Defense

Defendant was entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are the subject of plaintiff's claims.

### Thirteenth Defense

Any damages recoverable by plaintiff from Defendant are limited to the percentage of fault attributable to Defendant, and thus would not include the percentage of fault attributable to plaintiff or third parties, including but not limited to the defendants named in the

Second Consolidated Amended Complaint in *Anwar* v. *Fairfield Greenwich Limited*, No. 09-CV-0118.

### Fourteenth Defense

Any recovery by plaintiff against Defendants is to be offset, in whole or in part, by any and all other recoveries by plaintiff with respect to his investments in Sentry.

### Fifteenth Defense

Defendant is entitled to recover contribution from others for any liability it incurs to plaintiff.

### Sixteenth Defense

Any recovery by plaintiff against Defendant is to be offset by any and all debts, liabilities or obligations owed by plaintiff to Defendant.

WHEREFORE, Defendant respectfully demands judgment dismissing this action with prejudice together with its costs and disbursements.

Respectfully submitted,

By:  /s/ Diane L. McGimsey
Sharon L. Nelles
Bradley P. Smith
Patrick B. Berarducci
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: nelless@sullcrom.com

Diane L. McGimsey
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Defendant
Standard Chartered Bank
International (Americas) Ltd.*

December 27, 2011