# KLS  KACHROO LEGAL SERVICES, P.C.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/11

Dr. Gaytri D. Kachroo
219 Concord Avenue
Cambridge, MA 02138
Telephone (617) 864-0755
Facsimile (617) 864-1125
gkachroo@kachroolegal.com

December 27, 2011

*By Facsimile*

The Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Anwar v. Fairfield Greenwich Limited*,
      No. 09-cv-118 (VM) (THK) -- Standard Chartered Cases

Dear Judge Marrero:

      This firm represents Ricardo Rodriguez Caso in *Caso v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 10-CV-9196, a putative class action filed on behalf of all of the victims of defendants' misconduct. By letter dated December 23, 2011, defendants requested that the Court schedule a pre-motion conference because defendants intend to file a motion to compel arbitration. This request is too late.

      As plaintiff will demonstrate, defendants have engaged in substantial discovery with the Plaintiffs' Steering Committee, of which Plaintiff Caso is a member. Defendants have produced over 75,000 documents (which counsel for Plaintiff has been reviewing). Additionally, counsel for Plaintiff Caso has attended three depositions and another four defendant witness depositions are scheduled through next month. In the Fairfield litigation, which is consolidated with this case, the parties have attended three additional depositions (counsel for Plaintiff Caso took two of those depositions) and will attend numerous others already scheduled. Defendants have lost significant substantive motions regarding the scope of discovery and the legal sufficiency of various causes of action applicable to Plaintiff Caso.

      It is only now — over one year after this action was filed, after Plaintiff Caso was appointed to the Steering Committee and has conducted substantial litigation and discovery, and after defendants have been forced to disclose damaging documents and been prejudiced by disturbing testimony — that they seek to compel arbitration of the putative class. The law in this

Circuit is clear that this prejudicial delay constitutes waiver; in this case, Plaintiff Caso has additionally been actively and substantially involved in discovery on behalf of the Plaintiffs' Steering Committee and all plaintiffs. In fact, the Second Circuit has held that disruption of an MDL Panel's transfer and centralization order by itself is sufficient to defeat a request to compel arbitration in any one of the consolidated cases.

Consistent with this Court's "two business day" response rule, counsel for Plaintiff Caso diligently prepared this response to the request for a pre-hearing conference. On December 27, 2011, prior to filing this response, however, the Court requested that Plaintiff Caso respond by letter no longer than three pages by December 30 showing cause why the Court should not compel arbitration.

Plaintiff Caso will file a substantive response that more fully explains the compelling basis for waiver in the case. However, Plaintiff Caso believes that a more substantive briefing schedule (as requested by defendants) is appropriate, given the significant issues this decision may present for the putative class, as well given the substantial questions of law presented by the motion. Defendants have been discussing a schedule for class discovery with Plaintiff Caso as interim representative of the putative class, upon the order of Judge Katz. Indeed, defendants' latest proposal for a scheduling order includes a briefing schedule on a motion to compel arbitration. Clearly, defendants filed their request for a pre-hearing conference to disrupt an ongoing process before Judge Katz and circumvent Judge Katz's order.

Plaintiff Caso believes that on the basis of his response to the order to show cause, the Court will find sufficient basis to deny defendants' request for a pre-hearing conference. Nonetheless, should the Court believe that defendants' request has merit, Plaintiff Caso believes that a full briefing schedule is required for the Court to properly adjudicate this issue. Morover, to the extent the Court believes that Plaintiff Caso should be compelled to arbitrate, Plaintiff Caso respectfully requests on behalf of the class, sixty (60) days to file an amended complaint, with a substitute proposed lead plaintiff to protect the members of the class and their right to a federal forum.

Respectfully submitted,

Gaytri D. Kachroo

cc: Sharon Nelles, Esq. (by facsimile and email)
Standard Chartered Plaintiffs' Steering Committee (by email)

> The Standard Chartered defendants are directed to respond by 1-5-12 by letter not to exceed three pages to the matter set forth above by plaintiff, showing cause why waiver of arbitration should not apply or amendment
> SO ORDERED: of the complaint & substitute lead plaintiff should not be granted.
> 12-28-11
> DATE    VICTOR MARRERO, U.S.D.J.