# KLS  KACHROO LEGAL SERVICES, P.C.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/12

Dr. Gaytri D. Kachroo
219 Concord Avenue
Cambridge, MA 02138
Telephone (617) 864-0755
Facsimile (617) 864-1125
gkachroo@kachroolegal.com

December 30, 2011

The Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Anwar v. Fairfield Greenwich Limited*,
No. 09-CV-118 (VM) (THK) -- Standard Chartered Cases

Dear Judge Marrero:

I write on behalf of Plaintiff Ricardo Rodriguez Caso ("Plaintiff Caso") in *Caso v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 10-CV-9196, a putative class action consolidated into the above referenced multi-district litigation action, and in response to the Court's order to show cause why the Court should not compel arbitration of plaintiff's claims herein under the parties' arbitration agreements.

As outlined in my letter of December 27, 2011, the Standard Chartered Defendants have long waived any purported right to arbitration.

In determining whether a party has waived a right to arbitration, courts in this Circuit consider three factors: (1) "the amount of litigation (usually exchanges of pleadings and discovery)," (2) "the time elapsed from the commencement of litigation to the request for arbitration," and (3) prejudice. *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995) (citing *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991)). In considering the question of waiver, courts are mindful that "[t]here is no bright-line rule ... for determining when a party has waived its right to arbitration: the determination of waiver depends on the particular facts of each case." *PPG Indus. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 108 (2d Cir. 1997); *Leadertex*, 67 F.3d at 25.[1]

"The key to a waiver analysis is prejudice." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002). This Circuit has recognized two types of prejudice: substantive

---

[1] As such, it should be decided upon affidavits that adequately develop the factual basis for the decision. Plaintiff Caso therefore respectfully requests an opportunity to fully brief this issue to the Court, unless the Court decides to deny Defendants' request on the basis of this response, which it should.

prejudice and prejudice due to excessive cost and time delay. Id.[2] Plaintiff Caso and the putative class have suffered both types of prejudice in this case.

First, courts find highly probative, if not dispositive, the fact that a party did not seek arbitration in a related litigation of the same issues, as in this consolidated litigation. AXA Versicherung AG v. N.H. Ins. Co., 708 F. Supp. 2d 423, 432 (S.D.N.Y. 2010) ("Here, the Court finds it highly probative, if not dispositive, that ... AIG decided in the parallel Farm Bureau case not to seek arbitration of a nearly identical fraudulent inducement claim ...." (emphasis added)) (citing PPG, 128 F.3d at 108 n.2; Doctor's Assocs. v. Distajo, 107 F.3d 126 (2d Cir. 1997)). Indeed, Defendants in this case have litigated in spite of this Court's observation in the decision on the motion to dismiss over a year ago of the existence of other arbitration clauses. See Anwar v. Fairfield Greenwich, Ltd., 745 F. Supp. 2d 360, 378 n.8 (S.D.N.Y. 2010).

Second, procedurally, Plaintiff Caso has been significantly prejudiced by the already substantial litigation of this case in the federal forum. The Caso case was filed on December 9, 2010 (No. 10-CV-9196, D.E. No. 1), and consolidated into the Anwar MDL proceedings on December 16 — over a year ago. (D.E. No. 598.) Defendants made no motion to compel arbitration. A Plaintiffs' Steering Committee was appointed in the consolidated Standard Chartered Cases to, among other things, conduct all discovery on behalf of all plaintiffs, submit briefs on behalf of all plaintiffs, and negotiate and enter stipulations with defendants on behalf of all plaintiffs, including Plaintiff Caso and the putative class. (D.E. No. 602.) Defendants did not move to compel arbitration. The Steering Committee engaged in substantial discovery on behalf of all plaintiffs, including Plaintiff Caso and the putative class. And while on August 10, 2011, Defendants attempted to file a preemptive motion to defeat class certification in the Caso case (which was denied), they never raised any motion to compel arbitration. (D.E. No. 704.)

At an October 13, 2011 conference with Judge Katz, the Plaintiffs' Steering Committee moved ore tenus and further in writing to appoint counsel for Plaintiff Caso to the Committee. During the hearing and by letter dated October 27, Defendants objected to the appointment, but did not move to compel arbitration. This Court granted the appointment on October 31 (D.E. No. 739), whereafter counsel for Plaintiff Caso further advanced discovery on behalf of the putative class and all plaintiffs. As to the putative class, Plaintiff Caso wrote to the Court to clarify the class certification schedule, and in a discovery conference on October 13, the Court directed the parties to establish a schedule for class discovery and class certification. Defendants did not move to compel arbitration. Plaintiff Caso coordinated with Defendants to develop a discovery schedule for class certification.

As to discovery more broadly, counsel for Plaintiff Caso is involved in the review of over 3,500,000 pages produced in the extensive discovery in the consolidated Standard Chartered Cases. Counsel for Plaintiff Caso has shared in the joint expenses of the Committee for the

---

[2] See also Kramer, 943 P.2d at 179 ("Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense."); In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000) ("[E]ngag[ing] in protracted litigation that prejudices the opposing party" will result in a waiver of the right to arbitration."); Com-Tech Assocs. v. Computer Assocs. Lnt'l. Inc., 938 F.2d 1574, 1576 (2d Cir. 1991).

2

production database as well as for consulting and testifying experts, among other costs. Counsel has also participated in weekly Steering Committee conference calls to coordinate the Standard Chartered cases, and met with the members. Counsel for Plaintiff Caso attended the seven scheduled depositions in this case and the central MDL case, Anwar v. Fairfield Greenwich Ltd., representing the Committee and all plaintiffs in participating in two of those depositions. Defendants sat quietly and did not move to compel arbitration. Moreover, fact discovery is scheduled to close on March 2, 2012, and is thus near completion.

Third, substantively, Plaintiff Caso would be dramatically prejudiced by the loss of significant substantive rulings already made in this case, and the substantial benefits obtained by the consolidation of not only the Standard Chartered Cases, but also the Fairfield Cases, which the MDL has already determined raise substantially similar issues and would benefit from consolidation. Indeed, Defendants lost a substantive motion to dismiss on claims based upon negligence and breach of fiduciary duty, the same claims raised by Plaintiff Caso. Anwar v. Fairfield Greenwich, Ltd., 745 F. Supp. 2d 360, 378 (S.D.N.Y. 2010). Defendants lost on the substantive issue of the scope of the Securities Litigation Uniform Standards Act ("SLUSA"). Anwar v. Fairfield Greenwich, Ltd., 728 F. Supp. 2d 372 (S.D.N.Y. 2010). The parties have litigated a number of discovery disputes, and Defendants have been compelled by this Court to produce certain discovery. Moreover, pending before Judge Katz are a significant number of unresolved issues, upon which a ruling is expected shortly. All of those decisions have substantially and definitively framed this action and the rights of the parties.

In addition, this action is an MDL proceeding in which Defendants joined or supported the motion to consolidate these proceedings. In such cases, the Second Circuit has held that there is a serious prejudice in "the disruption of the MDL Panel's transfer and centralization of the cases," and that such prejudice, combined with delay, "justifie[s] a finding of waiver." La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc., 626 F.3d 156, 160 (2d Cir. 2010). Indeed, in this case, the MDL Panel ordered centralization of this action to "eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." (D.E. No. 281.) Defendants joined or supported the motion to consolidate the cases. (Id.) The belated request to compel arbitration now will seriously prejudice Plaintiff Caso and the putative class, by dividing this case into two forums (as not all plaintiffs signed the arbitration agreement), and denying part of the class the benefits of the MDL, not only in the Standard Chartered Cases, but also in the related Fairfield litigation.

It is simply too late for Defendants to now attempt to compel arbitration because they do not like the way this case has unfolded. Litigants are "not entitled to use arbitration as a means of aborting a suit that did not proceed as planned in the District Court." La. Stadium, 626 F.3d at 161 (internal citations omitted) (citing Welborn Clinic v. MedQuist, Inc., 301 F.3d 634, 637 (7th Cir. 2002) ("[W]e do not want parties to forum shop, taking a case to the courts and then, if things go poorly there, abandoning their suit in favor of arbitration.")). For all these reasons, Plaintiff Caso respectfully request that the Court deny Defendants' request to compel arbitration.

> The Standard Chartered Bank defendants are directed to respond by 1-6-12 by letter not to exceed two pages, to the matters set forth above by plaintiff Ricardo Caso. No further briefing will be considered unless the Court so requests.
>
> SO ORDERED:
> 1-3-12
> DATE      VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

Dr. Gaytri D. Kachroo