

**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

January 5, 2012

By Hand

Honorable Victor Marrero,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
        500 Pearl Street,
            New York, New York  10007.

>   Re:   *Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*,
>         No. 09-CV-118 (VM) (THK) — Standard Chartered Cases

Dear Judge Marrero:

   We write on behalf of Standard Chartered Bank International (Americas) Ltd. ("SCBI") and Standard Chartered PLC (collectively, "Standard Chartered") as directed by the Court's December 28, 2011 and January 3, 2012 Orders and in response to letters from counsel for Ricardo Rodriguez Caso ("Caso") dated December 27 and 30, 2011, wherein Caso seeks to avoid arbitration of the claims he asserts in *Ricardo Rodriguez Caso* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 10-CV-9196.[1]

   Caso does not dispute that his claims are subject to a binding arbitration clause that requires him to arbitrate on an individual basis. Rather, Caso contends that Standard Chartered has somehow waived its right to enforce that clause and thus the Court should decline to do so. In support, Caso misleadingly argues that he has been diligently pursing his claims while Standard Chartered has engaged in "delay" and thus he will suffer some great prejudice if he is now required to arbitrate his claims, as he expressly agreed to do. This is wrong. Caso has not diligently pursued his claims, and there has been no waiver by Standard Chartered as a matter of law and fact.

   Caso filed his complaint on December 9, 2010. Since then, his case has barely advanced. Standard Chartered's time to respond to Caso's complaint has not come

---

[1]   On December 28, 2011, the Court directed Standard Chartered to respond to Caso's December 27 letter by January 5, 2012, in no more than three pages. On January 3, 2012, the Court directed Standard Chartered to respond to Caso's December 30 letter by January 6, 2012, in no more than two pages. Standard Chartered submits this single letter in response to both of Caso's letters.

Honorable Victor Marrero                                                                -2-

due, and Standard Chartered has not propounded any discovery requests to, or received any document discovery from, Caso. Caso has yet to commence class discovery, file a motion for class certification or ask any questions of Standard Chartered witnesses who have been deposed. He did not even bother to serve his initial disclosures under Federal Rule of Civil Procedure 26(a)(1) until October 5, 2011, nearly eight months after they were due.

"There is a strong presumption in favor of arbitration, and waiver of the right to arbitration is not to be lightly inferred." *Thyssen, Inc.* v. *Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002). "The key to a waiver analysis is prejudice," *id.* at 105, and "delay" in seeking arbitration, without more, does not establish prejudice. *Am. Gen. Life Ins. Co.* v. *Oppenheimer Life Agency & Oppenheimer & Co.*, No. 08-10483, 2010 U.S. Dist. LEXIS 46573, at *9 (S.D.N.Y. May 11, 2010). Rather, as this Court has explained, prejudice based on delay is found only where a party's delay "smack[s] of deliberate conduct or bad faith designed to secure a substantial benefit at the expense of" the opposing party. *Brownstone Inv. Group, LLC* v. *Levey*, 514 F. Supp. 2d 536, 544 (S.D.N.Y. 2007) (Marrero, J.). "This circumstance occurs, for example, to the extent that the party invoking arbitration purposely and unfairly avails itself of judicial resources and uses the results of those proceedings to gain an advantage that results in substantial prejudice to the opponent." *Id.* Plainly, that is not the case here.

Caso advances three arguments for waiver in his December 30, 2011 letter to the Court. *First*, Caso argues that Standard Chartered has waived its right to arbitrate his claims because it has not compelled arbitration against other plaintiffs. Caso's principal authority, *AXA Versicherung AG* v. *N.H. Ins. Co.*, 708 F. Supp. 2d 423, 436 (S.D.N.Y. 2010) ("*AXA*"), does not support his argument. In *AXA*, defendant AIG was found liable by a jury for fraudulent inducement, and then, *after trial*, sought to challenge that verdict by arguing that the claims should have gone to arbitration. The court found that AIG had prejudiced the opposing party, and thus waived its right to arbitration, because "*at no time prior to trial*, if even then, did AIG actually move to send . . . [the] fraudulent inducement claim to arbitration." 708 F. Supp. at 437 (emphasis added). The fact that AIG had decided not to seek arbitration of a nearly identical claim in another case was relevant to whether AIG's waiver was "knowing and intentional," but did not, as Caso suggests, establish some independent basis for a finding of waiver. *Id.* at 438.

*Second*, Caso argues that substantial litigation has already taken place in his case. This is not so. Caso initiated his action almost two years *after* the first Madoff-related case was filed against Standard Chartered in this Court, and Caso has had little, if any, role in the active litigation of the coordinated cases. To date, all discovery has been cross-case coordinated discovery led by a plaintiffs' Steering Committee.[2] With respect

---

[2]   Caso's counsel joined the Steering Committee less than three months ago, long after the Steering Committee was established and began conducting discovery. (Dkt # 739.)

Honorable Victor Marrero -3-

to discovery particular to his case, Caso has done nothing, and no class discovery has occurred.

Moreover, a waiver does not occur merely because a party has incurred standard litigation costs, including, for example, participating in weekly calls and attending a handful of depositions. "'[P]retrial expense and delay – unfortunately inherent in litigation – without more, do not constitute prejudice sufficient to support a finding of waiver.'" *Brownstone Inv. Group, LLC*, 514 F. Supp. 2d at 541 (citation omitted).[3] In any event, to the extent Caso has a cognizable individual claim, he may still benefit from any information obtained during his counsel's participation in weekly calls and attendance at depositions.

*Third*, Caso argues that he would be prejudiced by the loss of "substantial benefits obtained" in these coordinated proceedings. Perhaps Caso will lose certain benefits associated with litigating in a federal forum, but that is true of every agreement to arbitrate and not the result of any purported delay by Standard Chartered. The examples of "benefits obtained" advanced by Caso cannot be a basis for this Court to decline to compel arbitration: both of the "substantive rulings" that Caso references as particularly helpful to him were decided before he initiated his action. Likewise, Caso's suggestion that Standard Chartered is unfairly trying to "abort" what has become an unfavorable forum is false. In fact, this Court recently issued rulings favorable to Standard Chartered in four separate cases, dismissing two of those cases in their entirety and dismissing all but one claim in the remaining two cases. (*See* Dkts. # 744, 763.) Those rulings, when applied to Caso's complaint, will likely compel the dismissal of at least one, if not both, of his claims. Similarly, Caso simply is wrong in asserting that Standard Chartered has lost any significant discovery rulings that have been presented to Judge Katz.[4]

Finally, Caso's counsel asks this Court for permission to file an amended complaint that "substitutes" a plaintiff who has not, as Caso has, agreed to individual arbitration. This request is confusing. If counsel has another client, counsel can file another action on that client's behalf, but in the meantime, this case should be dismissed. In any event, such amendment for the purpose of finding a "lead plaintiff" would be futile because this action is not appropriate for class treatment under Fed. R. Civ. P. 23(b)(3).

---

[3]   Caso asserts, without support or elaboration, that Standard Chartered's decision to move to compel arbitration is motivated by the production of harmful documents in this proceeding. This argument makes no sense; if there were any such harmful documents, there is no reason to believe they would not also be produced in an arbitration proceeding.

[4]   Nor did Standard Chartered waive its right to arbitration by asking the Judicial Panel on Multidistrict Litigation ("JPML") to centralize cases in this Court. Caso's case was never before the JPML. Caso filed his case in this Court.

Honorable Victor Marrero -4-

Each member of the putative class has the ability and incentive to prosecute claims individually, as each is a wealthy private banking customer of Standard Chartered who invested a minimum of $100,000 in Fairfield Sentry Ltd. or Fairfield Sigma Ltd. *Stoudt v. E.F. Hutton & Co.*, 121 F.R.D. 36, 38 (S.D.N.Y. 1988) (denying class certification where a putative class of 234 investors brought claims for more than $60,000 each). More than fifty plaintiffs are individually prosecuting claims against Standard Chartered in this Court already and this Court has put procedures in place to ensure that the individual actions are coordinated and cost-effective, and an unnecessary putative class action would serve only to jeopardize that efficiency. *See In re Fosamax Products Liability Litigation*, 248 F.R.D. 389, 403 (S.D.N.Y. 2008) (denying class certification where coordinated proceedings already underway).

"Under the Federal Arbitration Act, a federal court faced with an arbitration clause must order arbitration to proceed in accordance with the terms of the agreement once it is 'satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue.'" *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 666 (2d Cir. 1997) (quoting 9 U.S.C. § 4). Here, Caso agreed to arbitrate with Standard Chartered and he does not dispute that his claims fall within the scope of that agreement and are otherwise arbitrable. Standard Chartered has not waived its right to compel arbitration, and thus the Court should compel arbitration. *See Arrigo v. Blue Fish Commodities, Inc.*, 704 F. Supp. 2d 299, 302 (S.D.N.Y. 2010) (Marrero, J.).

Respectfully submitted,

*Sharon L. Nelles*
Sharon L. Nelles

cc: Gaytri Kachroo
(by facsimile and e-mail)

Courtesy Copy to Standard Chartered Plaintiffs' Steering Committee
(by e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Standard Chartered defendants

SO ORDERED.

1-6-12
DATE       VICTOR MARRERO, U.S.D.J.