

DIMOND KAPLAN & ROTHSTEIN, P.A.
ATTORNEYS AT LAW

Offices at Grand Bay Plaza
2665 South Bayshore Drive
Penthouse 2B
Miami, FL 33133
Tel. 305.374.1920
Fax. 305.374.1961

www.dkrpa.com

*Offices in Miami, Coral Springs and West Palm Beach*

January 13, 2012

**VIA HAND DELIVERY**
Hon. Victor Marrero
United States District Court Judge
Daniel Patrick Moynihan United
States Courthouse
500 Pearl Street
New York, New York 10007-1312



Re:   **Anwar, *et al.* v. Fairfield Greenwich Limited, *et al.*,**
      **09-CV-118 (VM) (THK)**

      **Jose Antonio Pujals, *et al.* v. Standard Chartered Bank, *et al.*,**
      **10-CV-2878 (VM) (THK)**

Dear Judge Marrero:

We are counsel to Plaintiffs Jose Antonio Pujals and Rosa Julieta A. De Pujals in the above referenced matter styled *Jose Antonio Pujals, et al. v. Standard Chartered Bank, et al*, 10-CV-2878 (VM) (THK). We write in response to the Court's Decision and Order dated December 14, 2011 (the "Order").[1]

We write specifically, and pursuant to Section II.A. of Your Honor's Individual Practices, to request the opportunity to file a motion requesting: (1) clarification regarding the Order; (2) leave to file an amended complaint; and (3) that the Court recommend to the Judicial Panel on Multi-district litigation (the "MDL Panel") that it transfer *Pujals* back to the district in which it first was filed – the Southern District of Florida – for all future proceedings (the "Proposed Motion"). In support of the Proposed Motion, we offer the following.

### CLARIFICATION OF THE ORDER

The first paragraph on page 2 of the Order concludes that "the Amended Class Action Complaint ("Complaint") is DISMISSED without prejudice."[2] The very last line of the Court's Order likewise concludes that "the Amended Class Action Complaint . . . is **DISMISSED** without prejudice."[3] The foregoing seems to make clear that the motion to dismiss was granted without prejudice – such that the Plaintiffs may file an amended complaint should they choose to do so.

---

[1] A copy of the Order is attached as Exhibit A for ease of reference.

[2] Underline added.

[3] Underline added.

Hon. Victor Marrero
United States District Court Judge
January 13, 2012
Page 2

Plaintiffs, however, are confused as to whether that is, in fact, what the Court intended in light of additional language found within the body of the Order. Specifically, the first full paragraph located on page 17 of the Order seems to suggest that the right to plead an amended breach-of-contract claim is conditioned on the discovery of form contracts that are "substantially different" from the "Purchase Letter" attached to Defendants' Motion to Dismiss:

> As noted above, Plaintiffs assert that agreements other than the Purchase Letter must exist which would justify their breach of contract claim. Pursuant to the Court's Order Appointing Standard Chartered Plaintiffs' Steering Committee (Docket No. 62), Plaintiffs requested discovery from Defendants seeking all form contracts governing the fees charged by Defendants. Defendants' responses were due December 1, 2011. Given that the Complaint focuses on form contracts, and in light of the common understanding of NAV, it seems improbably that any contracts produced would differ in ways that would suddenly render Plaintiffs' claims viable. Nevertheless, if at some point during the course of permitted discovery Defendants produce contracts governing Servicing Fees which are <u>substantially different</u> from the Purchase Letter, Plaintiffs may then re-plead their case.[4]

Further complicating Plaintiffs' analysis of the Order is that the Court's ruling seems to assume – understandably so – that Plaintiffs already are in possession of Defendants' production or at least responses to Plaintiffs' production requests. That, however, is not accurate. Defendants' responses *were* due December 1, 2011. But Defendants requested, and Plaintiffs agreed to provide Defendants, an enlargement such that Defendants' responses are not due until January 13, 2012. Since there is, at present, no operative *Pujals* pleading it is unclear whether Plaintiffs will receive any such production.

Further still, there is no language in the Order qualifying the right to amend Plaintiffs' unjust enrichment claim. But Plaintiffs are unsure whether the Court intended to provide Plaintiffs the right to amend their unjust enrichment claim but not their breach-of-contract claim (assuming discovery ultimately fails to produce contracts that are "substantially different."). As such, Plaintiffs respectfully request clarification from the Court.

### LEAVE TO AMEND

Irrespective of what the Court originally intended, Plaintiffs respectfully request leave to amend.

As regards Plaintiffs' breach-of-contract claim, the Court dismissed that claim based on the premise that "*[u]nambiguous contracts are construed according to their plain and ordinary*

---

[4] Order, Exhibit A, at pp. 17-18.


DIMOND KAPLAN & ROTHSTEIN, P.A.
ATTORNEYS AT LAW

Hon. Victor Marrero
United States District Court Judge
January 13, 2012
Page 3

meaning."[5] Against that backdrop, the Court held that "*NAV is a term of art used in the financial industry.*"[6] And based on what the Court concluded is the customary usage of that term in the financial industry, the Court held Plaintiffs have failed to allege a material breach of contract.[7] Plaintiffs wish to amend their Complaint to allege facts establishing that the one contract of which Plaintiffs are aware that authorizes the charging of Servicing Fees as to the specific shares subject to that contract is <u>ambiguous</u> – with the ultimate theory of the claim being that such ambiguity may not be determined by the Court as a matter of law but rather must be determined by the trier of fact and should be determined in favor of Plaintiffs.

As regards Plaintiffs' unjust enrichment claim, the Court dismissed that claim holding that because Plaintiffs repeatedly alleged that the underlying Servicing Fees were charged based on "form" contracts, it is "*implausible*" that certain Shares were purchased in the absence of a written contract and that Defendants charged fees without any contractual authorization to do so. Plaintiffs seek leave to amend to make clear that is, in fact, the case – at least with regard to a portion of the shares purchased by Plaintiffs. As such, Plaintiffs wish to allege – in clear, unambiguous language – that Defendants charged Plaintiffs and the Class Servicing Fees as to certain Fairfield Sentry Fund shares in the absence of any contract authorizing the charging of Servicing Fees of any kind.

As the Court already recognized in its Order, "*Plaintiffs losses are plain, and the fees paid unfortunate considering what we know.*"[8] And in another instance, the Court stated "*it is in indeed unfair – and even unjust – that Plaintiffs paid fees on assets that were, in actuality, worthless.*"[9] The Rules of Civil Procedure are explicit that leave to amend should be freely granted.[10] Interpretive case law likewise concludes that leave to amend should be freely granted.[11]

In this case, this would be Plaintiffs' first substantive amendment. Plaintiffs amended once before, but as a practical matter that was done – after consultation with Defendants – only to correct errors regarding the identity of the Defendants. No other meaningful changes were made.[12]

---

[5]Order, Exhibit A, at pp. 12 - 13.

[6]Order, Exhibit A, at p. 14.

[7]Order, Exhibit A, at p. 17.

[8]Order, Exhibit A, at p. 17.

[9]Order, Exhibit A, at p. 20.

[10]Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires").

[11]*See Castillo v. Rodas*, No. 09 Civ. 9919 (BSJ), 2011 WL 4357189,*1 (S.D.N.Y. Sept. 19, 2011); *McDaniel v. Bradshaw*, No. 10-81082, 2011 WL 1827731,*2 (S.D. Fla. May 12, 2011).

[12]*Compare* Plaintiffs' Class Action Complaint [D.E. 1] *with* Plaintiffs' Amended Class Action Complaint [D.E.8].

**DKR** DIMOND KAPLAN & ROTHSTEIN, P.A.
ATTORNEYS AT LAW

Hon. Victor Marrero
United States District Court Judge
January 13, 2012
Page 4

For all the foregoing reasons, Plaintiffs request leave to amend and a copy of Plaintiffs' *Proposed* Second Amended Class-Action Complaint is attached for the Court's review.[13]

## TRANSFER OF VENUE

Since *Pujals* first was noticed for tag-a-long consideration in this MDL proceeding, Plaintiffs have opposed having their case transferred from the district in which it was originally filed – *i.e.*, the Southern District of Florida.

Most cases in this MDL proceeding seek the recovery of investment losses based on the core argument that the plaintiffs in those cases never would have "invested" their funds with Madoff had they been aware of the risk – and they should have been made aware of that risk but were not on account of due diligence failings on the part of various defendants. As such, the overarching basis for consolidation of those cases in this MDL is that they all involve the same basic core allegation that one or more defendants failed to perform adequate due diligence regarding Madoff, the Fairfield Sentry Fund, or both. *Pujals,* however, is different. *Pujals* has nothing to do with an alleged failure to perform due diligence. And Plaintiffs have argued that point at every turn.[14]

The Court's Order acknowledges that Plaintiffs' case truly is different in kind from the other cases pending in this MDL, as the following passage makes clear:

> Rather than seeking to recoup their underlying investment losses, Plaintiffs sue Defendants for breach of contract and unjust enrichment over the Servicing Fees charged to their Accounts. Plaintiffs' suit thus differs from the majority of Madoff-related investor suits – including the related cases in this multidistrict litigation – which focus on tort theories to recover underlying investment losses.[15]

Moreover, the cases pending in this MDL are massive in scope and extremely important in almost every way. This Court's workload *vis-a-vis* this MDL presumably is massive. *Pujals* presents very narrow questions of law and fact that really have nothing to do with the issues raised by the bulk of the other cases pending in this MDL proceeding.[16] There is no good reason why this case should remain pending in the Southern District of New York. As such, Plaintiffs request not only

---

[13] *See* Plaintiffs' ***Proposed*** Second Amended Class-Action Complaint at Exhibit B.

[14] *See* Motion to Vacate Conditional Transfer Order (attached hereto as Exhibit C); Endorsed Letter of July 20, 2010 to the Court (D.E. 494); Endorsed Letter of July 22, 2010 to the Court (D.E. 499); Endorsed Letter of July 30, 2010 (D.E. 505); Pujals Response in Opposition to Defendants' Motion to Dismiss (D.E. 633).

[15] Order, Exhibit A, at p. 4.

[16] Defendants and the Standard Chartered Plaintiffs' Steering Committee have each acknowledged this fact as well.

**DKR** DIMOND KAPLAN & ROTHSTEIN, P.A.
ATTORNEYS AT LAW

Hon. Victor Marrero
United States District Court Judge
January 13, 2012
Page 5

that they be granted leave to amend, but also that the Court recommend to the MDL Panel that this case be transferred back to the Southern District of Florida pursuant, to 28 U.S.C. §1407, for all future proceedings.

Respectfully submitted,

David A. Rothstein, Esq.

cc: Counsel of record.

> Defendants Standard Chartered Bank entities are directed to respond by 1-20-12, by letter not to exceed four pages, to the matters set forth above by the Pujols plaintiffs.
>
> **SO ORDERED:**
>
> 1-13-12
> DATE   VICTOR MARRERO, U.S.D.J.

**DKR** DIMOND KAPLAN & ROTHSTEIN, P.A.
ATTORNEYS AT LAW