

## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*

*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 17, 2012

By Hand

Honorable Victor Marrero,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street,
                New York, New York 10007.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/18/12

> Re:  *Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*,
>       No. 09-CV-118 (VM) (THK) — *Jose Antonio Pujals, et al.* v.
>       *Standard Chartered Bank International (Americas) Ltd., et al.*

Dear Judge Marrero:

We write on behalf of Standard Chartered Bank International (Americas) Ltd. ("SCBI") and Standard Chartered Bank (collectively, "Standard Chartered"), in brief response to plaintiffs Antonio Pujals and Rosa Juleta A. De Pujals' request for permission to amend their complaint and for the Court to recommend to the Judicial Panel on Multi-District Litigation that the *Pujals* action be transferred to the Southern District of Florida for future proceedings. Plaintiffs' requests should be denied. The proposed amendments would not correct any of the deficiencies identified in this Court's December 14, 2011 Order, which dismissed plaintiffs' Amended Complaint in its entirety and set forth a sole basis for any repleading. (Dkt. No. 763 ("Order").)

Plaintiffs' Amended Complaint asserted claims for breach of contract and unjust enrichment seeking the return of servicing fees that were paid in connection with their investments in Fairfield Sentry. The Court determined that plaintiffs' allegation that the Bank failed to independently calculate the Fairfield Sentry Net Asset Value ("NAV") when calculating the servicing fees did not support a breach of contract claim because "NAV is a term of art used in the financial industry" that is understood to mean the reported—not actual—NAV. (Order at 14, 16.) Therefore "the term NAV in the Purchase Letter must refer to a figure which the Sentry Fund would report." (Order at 16.) Plaintiffs likewise failed to state a claim for unjust enrichment because, although "Plaintiffs allege[d] that express contracts may not exist for some of Plaintiffs' Sentry Fund investments," the Court found it to be "implausible that a form contract would govern some of Plaintiffs' Sentry Fund investments and Servicing Fees, but not others." (Order at 18.) The Court's Order provided that plaintiffs could seek to replead only if

Honorable Victor Marrero                                                                        -2-

they could base their claims on "contracts governing Servicing Fees which are
<u>substantially different</u> from the Purchase Letter." (Order at 17 (emphasis in original).)

           Plaintiffs nevertheless seek to replead their complaint in two respects.
*First*, plaintiffs seek to add an allegation to their breach of contract claim that the
Purchase Letter is "ambiguous." (Ltr. at 3.) But whether a contract is ambiguous is a
question of law for the court, to be determined by looking at the four corners of the
contract, not at whether a plaintiff has alleged ambiguity. *See Lockheed Martin Corp.* v.
*Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011). This Court has already found that
the contract is unambiguous on its face, and that the term NAV must be given its
"customary meaning and usage in the financial industry," which includes the calculation
of the NAV by the hedge fund itself. (Order at 14, 16.) Plaintiffs' proposed amendment
could do nothing to alter that determination.[1]

           *Second*, plaintiffs seek to add an allegation to their unjust enrichment
claim that some of their servicing fees were not governed by written contracts. (Ltr.
at 3.) The Court, again, already considered this allegation and found it insufficient to
support a claim for unjust enrichment. In their Amended Complaint, plaintiffs alleged
that "many members of the class may not have contracts that govern some or all of their
investments . . . [f]or example, [the Pujals contract] purports to reflect the purchase of
only [part of their] total investment." (Am. Compl. at ¶ 53.) Plaintiffs argued in support
of this allegation that some of their purchases "were made in the complete and total
absence of any 'purchase letter' or other document that arguably could be construed as a
'contract.'" (Pls.' Mem. in Op. to Defs.' Mtn. to Dismiss Am. Class Action Compl. (Dkt.
No. 633) at 18-19.) The Court rejected this argument (Order at 18), and plaintiffs offer
no new fact, controlling law, or evidence of clear error that would justify reconsideration
of that ruling. *Anwar* v. *Fairfield Greenwich Ltd.*, 09 Civ. 0118, 2011 U.S. Dist. LEXIS
84105, at *17-18 (S.D.N.Y. July 27, 2011) (Marrero, J.) (noting that reconsideration is
only justified where there is an "intervening change in controlling law, the availability of
new evidence, or the need to correct a clear error or prevent manifest injustice.").

---

[1]     Plaintiffs assert they have not received discovery from Standard Chartered in
response to their requests for other alleged fee agreements. (Ltr. at 2.)
Coordinated discovery in the Standard Chartered MDL cases has been ongoing
for more than seven months and no "substantially different" fee agreements have
been identified.

Honorable Victor Marrero                                                                    -3-

        In light of the foregoing, plaintiffs' request for leave to amend their complaint should be denied, and their request for a recommendation that the action be transferred back to the Southern District of Florida should be denied as moot.[2]

        Respectfully submitted,

*Sharon L. Nelles / (PM)*

        Sharon L. Nelles

cc:    David A. Rothstein, Esq.
       (by facsimile and e-mail)

       Courtesy Copy to Standard Chartered Plaintiffs' Steering Committee
       (by e-mail)

> **The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by** *Standard Chartered Bank defendant. No further briefing on this issue shall be*
> **SO ORDERED.** *necessary, or considered*
>
> *1-18-12*
> DATE         VICTOR MARRERO. U.S.D.J.

---

[2]    In any event, plaintiffs incorrectly assert that the issues raised in *Pujals* have "nothing to do with the issues raised by the bulk of the other cases pending in this MDL proceeding." (Ltr. at 4.)  As the Court recognized when it consolidated *Pujals* with the MDL proceedings (after considering plaintiffs' fully-briefed objections), this action unquestionably involves "one or more common questions of fact" pursuant to 28 U.S.C. § 1407, justifying its consolidation here. (April 16, 2010 Order (Dkt. No. 430).)