UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASTER NO. 09-cv-118 (VM) (THK)

PASHA ANWAR, et al.,

    Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED,
et al.,

    Defendants.

This filing relates to *Maridom Ltd., et al.,*
*v. Standard Chartered Bank International*
*(Americas), Ltd.*
_____/

**NOTICE OF
MOTION FOR LEAVE TO FILE
<u>SECOND AMENDED COMPLAINT</u>**

**Please take notice** that on the following Memorandum of Law, Plaintiffs Maridom Limited, Caribetrans, S.A., and Abbot Inc. ("Plaintiffs") will move this Court, before the Honorable Theodore H. Katz, at a time and place to be determined by the Court, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, for an order pursuant to Fed.R.Civ.P. 15(a) and 21, for leave to file the proposed Second Amended Complaint, and for such further and other relief that the Court may deem

1

just and proper.[1] The Plaintiffs have conferred with the Standard Chartered Defendants ("Defendants") and have been informed that the Defendants do not consent to this Motion.

## MEMORANDUM OF LAW
## SUMMARY

Absent aggravated circumstances that materially prejudice the party opposing a motion to amend a pleading, leave to amend must be granted. Here, the following indisputable facts militate in favor of permitting the amendment:

1. There has been no dilatory conduct by the *Maridom* Plaintiffs: discovery has been aggressively pursued, and the motion is made shortly after the initial depositions have been completed. Moreover, discovery is still underway.

2. No trial date has been set.

3. No party has moved for summary judgment.

4. The two parties that are sought to be added are already defendants in other Standard Chartered Cases, as is the ultimate parent of

---

[1] Simultaneously with the filing of this Motion, the Movants are seeking permission from Magistrate Judge Katz to file the proposed Second Amended Complaint and the exhibits thereto under seal. Under the Stipulation and Order Governing Confidentiality of Discovery Material (DE 107), these must be filed under seal since the proposed Complaint refers to information from documents produced by the Standard Chartered Defendants under a claim of confidentiality and such documents are attached as exhibits. The Plaintiffs do not waive their right to challenge such confidentiality designations under the Stipulation and Order.

all of the defendants.

5. The additional factual allegations stem from the initial allegations and come from the documents produced by the Standard Chartered Defendants and testimony taken from present or former employees of Standard Chartered, and will not require any additional discovery that would not have been taken anyway.

6. The one new claim, under the Florida Blue Sky Act, is merely a statutory version of the existing negligent and fraudulent misrepresentation claims, expanded to include information learned during discovery, and will not require any additional discovery that would not have been taken anyway.

In short, there is no basis to deny the motion for leave to amend.

## ARGUMENT

### I.

### HOW THE PROPOSED AMENDED COMPLAINT AFFECTS THE EXISTING COMPLAINT

The pending Amended Complaint ("Complaint") in *Maridom* names one defendant, Standard Chartered Bank International (Americas) Limited ("SCBI"), formerly known as American Express Bank International, and contains three counts: breach of fiduciary duties to the Plaintiffs and negligent and fraudulent misrepresentation. The claims arise from recommendations to the three plaintiffs in *Maridom* by SCBI that they invest in Fairfield Sentry Fund, which, unbeknownst to the Plaintiffs, was merely a

feeder fund into Bernard L. Madoff Investment Securities, LLC. With minor exceptions, these allegations track comparable allegations made in other of the Standard Chartered Plaintiffs against two of the proposed additional defendants: SCBI's parent company, Standard Chartered International (USA) Ltd. ("SCI"), formerly known as American Express Bank, Ltd.; and Standard Chartered Bank ("SCB"), which acquired SCI and its subsidiary, SCBI, in February 2008, as well as SCB's parent, Standard Chartered PLC ("PLC").[2] (PLC, a publicly held U.K. company, owns Standard Chartered Holdings Limited, which owns SCB. Application to the Board of Governors of the Federal Reserve System Relating to the Proposed Acquisition of American Express Bank International by Standard Chartered PLC, Standard Chartered Holdings Limited, and Standard Chartered Bank, October 31, 2007, at 2.)

The proposed Second Amended Complaint does three basic things:

*First*, it adds as proposed defendants the two corporate affiliates of SCBI, SCI and SCB.

*Second*, based on information gathered in the discovery conducted to date, it adds factual allegations to the basic allegations already made in the Complaint.

---

[2] SCI is already a defendant in at least one of the Standard Chartered Cases, *Valladolid*, and SCB is already a defendant in *Headway*, while its parent, PLC, is a defendant in *Valladolid, Barbachano Herrero*, *Caso*, *Lopez*, and the dozens of other cases filed by counsel for *Lopez*.

*Third*, it adds one count not previously made, a Florida Blue Sky Act count, alleging the same misrepresentations and omissions pled in the existing negligent and fraudulent misrepresentation claims, as well as additional misrepresentations and omissions learned in discovery.

Under the liberal amendment policy set forth in Rules 15(a) and 21 and the cases interpreting those rules, the Court should grant this Motion.

## II.

## **LEAVE TO AMEND IS TO BE FREELY GRANTED.**

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." The established general rule is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The burden rests on the party opposing amendment to justify denial.[3]

Leave to amend a complaint should be granted "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

---

[3] A motion to add a defendant is governed by Fed.R.Civ.P. 21. "Rule 21 states that a party may be added to an action 'at any time, on just terms.' In deciding whether to permit joinder, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (citation omitted) (citing cases) (Marrero, J.).

virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. "A motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987) (citation omitted). *Accord, Abbatiello v. Monsanto Co,* 571 F. Supp. 2d 548, 552 (S.D.N.Y. 2008) (Marrero, J.). While the factors outlined in *Foman* are not an exclusive list of reasons justifying denial of leave to amend, they are universally regarded as the principal list, with prejudice to the party opposing considered "the most important." Wright, Miller, Kane & Marcus, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.). *See Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (citing Wright & Miller).

A motion to add a defendant is governed by Fed.R.Civ.P. 21. "Rule 21 states that a party may be added to an action 'at any time, on just terms.' In deciding whether to permit joinder, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (citation omitted) (citing cases) (Marrero, J.).

### III.
### **THERE IS NO BASIS TO DENY LEAVE TO AMEND.**

In this case, none of the factors cited in *Foman* to justify denial of a motion to amend is present – no undue delay, no bad faith, no dilatory motive,

6

no repeated failures to cure pleading deficiencies, no futility of amendment, no prejudice to the defendants.

### A. The Plaintiffs Have Acted Expeditiously in All Respects.

As this Court is well aware, the Plaintiffs, including the *Maridom* Plaintiffs, have actively and energetically sought discovery from the Defendants and have diligently prosecuted this action through the discovery phase, all the time facing determined opposition from the Standard Chartered Defendants every step of the way. The Plaintiffs have proceeded diligently and efficiently in advancing these cases, and have acted promptly in corralling the facts learned through discovery and the *Maridom* Plaintiffs are now moving to amend on account of these newly discovered facts.[4]

Despite the fact that these cases are proceeding for pre-trial purposes in a forum not of the Plaintiffs' choosing – the Defendants having convinced an MDL Panel to transfer the Standard Chartered Cases to this Court for coordination with the *Anwar* cases -- the members of the Standard Chartered Plaintiffs' Steering Committee, all of whom represent different clients and come from different law firms and cities, have been required to come together despite their lack of familiarity with one another and forge a common approach to this litigation. To start with, virtually the entirety of their

---

[4] The *Maridom* Plaintiffs understand that other Standard Chartered Plaintiffs will likewise move to amend their complaints, and that some if not all will seek to adopt the main substantive allegations against the Defendants to the extent that apply equally to their own cases.

7

different complaints survived a motion to dismiss. *Anwar v. Fairfield Greenwich* Group, 745 F.Supp.2d 360 (S.D.N.Y. 2010).

Since the filing of answers, the Plaintiffs have mounted a strong discovery campaign for their clients. They have propounded extensive written discovery, reviewed and analyzed tens of thousands of documents that continue to arrive from the Standard Chartered Defendants (with a representation that the production will not be complete until later in February 2012), and have taken five depositions of former employees of American Express Bank, Ltd. or American Express Bank International, with at least six more depositions to come.

All the while, the Plaintiffs have faced the determined opposition of the Standard Chartered Defendants to all but the narrowest scope of discovery of these defendants. The Court need not be reminded of the details of these disputes, but, for the record, there have been numerous separate discovery conferences with the Court, and countless written communications to the Court, on issues ranging from the obligation of the Defendants to search for documents in the Geneva, Switzerland offices of AEB to the entitlement of the Plaintiffs to commence depositions before the Defendants' production of the very last document sought by the Plaintiffs. The Defendants' zealous advocacy of their positions respecting their discovery obligations has resulted in the expenditure of substantial amounts of time (and money) to resolve the resulting disputes. Many of the positions that the Defendants have

interposed have ultimately been rejected by the Court, several of which, at the time of the filing of this Motion, remain unsatisfied by the Standard Chartered Defendants, long after the Court ordered compliance. Even as to those objections that have not been resolved in the Plaintiffs' favor, it cannot be said that the Plaintiffs have acted other than in total good faith in opposing the Defendants' attempts to constrict their discovery obligations.

### B. No Legally Cognizable Prejudice will be Caused to the Defendants Were Leave to Amend to be Granted.

Given that the Standard Chartered Plaintiffs, including the *Maridom* Plaintiffs, have proceeded with diligence, dispatch, and good faith, there is therefore no basis to argue that this Motion is in way dilatory. Therefore, unless the Defendants can demonstrate actual, substantial prejudice to them were this Motion granted, or bad faith on the part of the Plaintiffs, there is no basis to deny the motion. In any event, mere delay, without prejudicial effect on the party opposing an amended pleading or bad faith on the part of the moving party, does not justify denial of a motion for leave to amend. *Bridgeport Music*, *supra*, 248 F.R.D. at 414 (citing cases).

The relevant factors "[i]n gauging prejudice … [include] whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the

9

resolution of the dispute.'" *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (citation omitted). A court's discretion to deny a motion to amend is therefore limited to such compelling circumstances as an "amendment [that comes] on the eve of trial and would result in new problems of proof," *Fluor Corp.,* 654 F.2d at 856 (reversing denial of leave to amend); "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant," *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir. 1990) (affirming denial of leave to amend filed more than 17 months after filing suit, more than six months after filing second amended complaint, and more than one month after responding to defendant's motion for summary judgment, and excuse for delay was counsel's being unaware of statute under which plaintiffs sought leave to add by amendment); or where a motion to amend came after judgment and would require new discovery and a new trial, *Ruotolo v. City of New York, supra.*

     By contrast, here, discovery is still underway, no trial date has been set, no summary judgments have been filed, and the additional factual allegations in the proposed amended complaint merely fill out those made in the pending pleading. There will be little, if any, discovery caused by the granting of leave to amend, because the new allegations are based entirely on documents produced by the Standard Chartered Defendants and deposition testimony taken of their former employees.

10

As to the additional defendants, as previously noted, SCI is already a defendant in at least one of the Standard Chartered Cases, *Valladolid*, and SCB is already a defendant in *Headway*, while its parent, Standard Chartered PLC ("PLC"), is a defendant in *Valladolid, Barbachano Herrero*, *Caso*, *Lopez*, and the dozens of other cases filed by counsel for *Lopez*. All three of these entities have been actively represented from the outset by Sullivan & Cromwell, LLP, the same lawyers who represent SCBI in the Standard Chartered Cases.

Finally, the newly added count – under Chapter 517, Fla.Stat., the Florida Securities and Investment Protection Act – is a claim for misrepresentations and omissions in connection with investment advice given to the *Maridom* Plaintiffs and with the purchase by them, on the defendants' recommendation, of interests in Fairfield Sentry. The core allegations in this claim are identical to those in the negligent and fraudulent representation claims, and merely expand on the allegations (almost all sustained by the Court) in the Amended Complaint.

Under these circumstances, therefore, the addition of new factual allegations, new defendants and a new statutory claim will have no prejudicial effect whatsoever on the Defendants. For them, it will be more of the same. As Judge Francis noted in *Bridgeport Music*, at 248 F.R.D. at 415, in a Memorandum and Order adopted by Judge Marrero, "federal courts have consistently granted motions to amend where, as here, 'it appears that new

11

facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings.' *Xpressions Footwear Corp. v. Peters,* Nos. 94 Civ. 6136, 95 Civ. 8242, 95 Civ. 8243, 1995 WL 758761, at *2 (S.D.N.Y. Dec.22, 1995)." *See also Fluor*, *supra*, 654 F.2d at 856 (reversing denial of leave to amend filed promptly after learning new facts, where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants," and where "the amendment will not involve a great deal of additional discovery.").

## CONCLUSION

There is no basis to deny the *Maridom* Plaintiffs leave to amend as requested, because the Plaintiffs have acted in good faith and not in a dilatory fashion, the amendment will not delay the proceedings, and no legally cognizable prejudice to the Defendants can be claimed. The Motion should be granted.

                                                   Respectfully submitted,

                                                  */s/ Richard E. Brodsky*
                                                  _____
                                                  Richard E. Brodsky
                                                  Florida Bar No. 322520
                                                  The Brodsky Law Firm
                                                  66 West Flagler Street, Ninth Floor
                                                  Miami, FL 33130
                                                  rbrodsky@thebrodskylawfirm.com
                                                  786-220-3328
                                                  Attorney for *Maridom* Plaintiffs
                                                  Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Richard E. Brodsky*
_____
Richard E. Brodsky

0200812.motionforleavetoamend.docx