**RICHARD E. BRODSKY**
ATTORNEY AT LAW
THE BRODSKY LAW FIRM
66 WEST FLAGLER STREET
MIAMI, FLORIDA 33130
REB@THEBRODSKYLAWFIRM.COM
786-220-3328

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/12

February 15, 2012

Via Facsimile

Hon. Victor Marrero
United States District Judge

Hon. Theodore H. Katz
United States Magistrate Judge

United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York NY 10007-1312

      Re:    *Anwar v. Fairfield Greenwich, etc.*
             09-cv-118-VM
             *Maridom, etc., et al. v. Standard Chartered, etc.*
             10-cv-920-VM

Dear Judges Marrero and Katz:

      I am counsel for the Plaintiffs in *Maridom, etc., et al. v. Standard Chartered, etc.,* No. 10-cv-920-VM, which has been consolidated for pretrial purposes with the *Anwar* case. *Maridom* was transferred to this Court by order of the Judicial Panel on Multidistrict Litigation dated February 3, 2010.

      I am writing in response to the letter to Judge Marrero signed in the name of Sharon Nelles of Sullivan & Cromwell, LLP, on behalf of the Defendant in the *Maridom* case, Standard Chartered Bank International (Americas) Ltd. ("Standard Chartered"). The letter claims uncertainty as to how to proceed in light of the filing by the *Maridom* Plaintiffs of a motion for leave to amend the Amended Complaint. (DE 815 in *Anwar*)

      There should be no such uncertainty.

Hon. Victor Marrero
Hon. Theodore H. Katz
February 15, 2012
Page 2


First, the motion is properly before Magistrate Judge Katz. By Order
of Reference to a Magistrate Judge, DE 50, 2/19/09, Judge Marrero assigned
*Anwar* for General Pretrial Matters, (including scheduling, discovery, non-
dispositive pretrial matters, and settlement). Moreover, the law is clear that
U.S. Magistrate Judges have the authority, under a proper reference, to rule
on motions for leave to amend, Wingerter v. Chester Quarry Co., 185 F.3d
657, 660 (7th Cir. 1998); and that, for purposes of 28 U.S.C. § 636(b)(1)(A),
orders on motions for leave to amend are properly deemed "non-dispositive."
Bridgeport Music, Inc. v. Universal Music Group, Inc., 248 F.R.D. 408, 410
(S.D.N.Y. 2008) ("the weight of opinion appears to favor treating such rulings
as nondispositive") (Marrero, J.).

Second, Judge Katz's Individual Practices, Section 3.A., "Pre-Motion
Conferences in Civil Cases," states that ["f]or motions other than discovery
motions, pre-motion conferences are not required." Individual Practices of
Magistrate Judge Theodore H. Katz (S.D.N.Y. Feb. 24, 2011), *available at*
*http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=537*
(accessed Feb. 15, 2012). Finally, even though there was no need for a pre-
filing conference, the parties did discuss the impending motion for leave to
amend at a discovery conference with Judge Katz on January 31, 2012.

The proposed Second Amended Complaint and exhibits were filed
under seal on February 14, 2012, and were served on counsel for the
Defendants by email on February 15, 2012. There is, accordingly, no reason
for delay. The *Maridom* Plaintiffs therefore respectfully request that
Standard Chartered be directed to respond to the motion for leave to amend
pursuant to the Federal Rules of Civil Procedure and the Local Rules of this
Court.

Thank you for your prompt consideration of this matter.

Sincerely yours,

Richard E. Brodsky
Counsel for *Maridom* Plaintiffs

The parties are directed to address the matter set forth
above to Magistrate Judge *Theodore Katz*
to whom this dispute has been referred for resolution.

SO ORDERED.

2-15-12
Date

VICTOR MARRERO, U.S.D.J.