Case 1:09-cv-00118-VM-THK   Document 805-1   Filed 02/01/12   Page 2 of 14

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PASHA ANWAR, et al.,

    Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, et al.

    Defendants.

This Document Relates to:
*Da Silva Ferreira, et al. v. EFG Capital
International Corp., et al., 1:11-cv-00813-VM*

Consolidated Master File
Case No. 1:09-cv-00118-VM
Member Case No. 1:11-cv-00813-VM

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Plaintiffs Lorrene da Silva Ferreira and Arlete da Silva Ferreira ("Plaintiffs"), on behalf of themselves and the Settling Class, and Defendant EFG Capital International Corp. ("EFG Capital") have entered, by and through their respective counsel, into a settlement of the claims asserted in the Action, the terms of which are set forth in a Stipulation of Settlement, dated January 19, 2012 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Class Action Complaint (the "Complaint") filed in the Action and the dismissal of them on the merits and with prejudice, upon the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the proposed Plan of Allocation of the Net Settlement Fund among the Settling Class Members, the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

1

NOW, THEREFORE, IT IS HEREBY ORDERED, this 10th day of February, 2012, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all customers of both EFG Capital and EFG Bank who (i) subscribed for shares of Fairfield Sentry through EFG Capital, (ii) held all or a portion of their shares on December 11, 2008, and (iii) did not receive redemptions in excess of their investments in Fairfield Sentry (the "Settling Class"). Excluded from the Settling Class are:

   a. Present and former officers and/or directors of EFG Capital;

   b. Those Persons who file a valid and timely Request for Exclusion from the Settling Class in accordance with this Preliminary Approval Order (excluding any Requests for Exclusion that may have been validly retracted); and

   c. Those Arbitration Claimants who do not file a valid and timely Request for Inclusion in the Settling Class in accordance with this Order (excluding any Requests for Inclusion that may have been validly retracted).

3. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settling Class Members is so numerous that joinder of all members of the Settling Class is impracticable; (b) there are questions of law and fact common to the Settling Class Members; (c) the claims of the Plaintiffs are typical of the claims of the Settling Class they seek to represent; (d) the Plaintiffs will fairly and adequately

represent the interests of the Settling Class; (e) the questions of law and fact common to the members of the Settling Class predominate over any questions affecting only individual members of the Settling Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settling Class, and the Plaintiffs' Counsel previously selected by Plaintiffs is hereby appointed as Lead Counsel for the Settling Class.

5. A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on _June 1_, 2012, at _2:00 p.m._ for the following purposes:

   a. to finally determine whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

   b. to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

   c. to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Settling Class of the Released Persons, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

3

    d. to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    e. to consider the application of Plaintiffs' Counsel for an award of Attorneys' Fees, Expenses, and Incentive Payments;

    f. to consider any Settling Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Settling Class Members (or by counsel on their behalf); and

    g. to rule upon such other matters as the Court may deem appropriate,

6. The Court reserves the right to adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees, Expenses, or an Incentive Payment.

7. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settling Class where to do so would not impair Settling Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8. The Court approves the form, substance and requirements of the Notice, which is an exhibit to the Stipulation.

9. Plaintiffs' Counsel has the authority to enter into the Stipulation on behalf of the Settling Class and is authorized to act on behalf of the Settling Class Members with respect to all

acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. EFG Capital is appointed and approved as the Claims Administrator for the Settlement. The Court notes that (i) the Putative Class consists of a group of identifiable Persons, (ii) 261 of the 279 Putative Class Members are currently customers of EFG Capital, and (iii) EFG Capital has access to their most recent addresses.

11. The Notice and Administration Expenses shall be paid solely by Defendant and shall not be taken from nor deducted from the Gross Settlement Amount nor from the Net Settlement Amount.

12. The Claims Administrator will send a Notice of Pendency and Proposed Settlement of Class Action (the "Notice") (Exhibit C) to each Settling Class Member or Arbitration Claimant. The Notices will be sent by U.S. Mail to (i) the current address that Defendant has in its records for each Putative Class Member who is currently a customer of Defendant or (ii) the last known address Defendant has in its records for each Putative Class Member who is no longer a customer of Defendant. Each Notice sent to a Settling Class Member or Arbitration Claimant will state Defendant's determination of the Individual Net Investment for that Settling Class Member or Arbitration Claimant. The Notice is to be mailed, by first class mail and by email (if email address is known), postage prepaid, within thirty (30) days of the entry of this Order, to all Putative Class Members who can be identified with reasonable effort by the Claims Administrator (the "Notice Date").

13. The Claims Administrator shall no later than ten (10) calendar days before the Final Settlement Hearing file an appropriate declaration of proof of mailing the Notices.

14. The forms and methods set forth herein of notifying the Settling Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settling Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settling Class Member failed to receive actual or adequate notice.

15. All Settling Class Members are deemed to be members of the Settling Class. In order to be excluded from the Settling Class, each Settling Class Member shall take the following action and be subject to the following conditions:

   a. A properly completed and executed request for exclusion from the Settling Class ("Request for Exclusion") must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked not later than thirty (30) days from the Notice Date. Such deadline may be further extended by Order of the Court. Each Request for Exclusion shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Request for Exclusion submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

   b. The Request for Exclusion submitted by each Settling Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preced-

ing subparagraph; (ii) if the person executing the Request for Exclusion is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settling Class Member must be provided with the Request for Exclusion; and (iii) the Request for Exclusion must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

    c. Once the Claims Administrator has considered a timely submitted Request for Exclusion, it shall determine whether such Request is valid or deficient. For each Request determined to be deficient, the Claims Administrator shall send a deficiency letter, describing the basis on which the Request was so determined. Persons who timely submit a Request for Exclusion that is deficient shall be afforded twenty (20) days (which the Court deems a reasonable amount of time) to cure such deficiency if it shall appear that such deficiency may be cured.

    d. For the filing of and all determinations concerning their Request for Exclusion, each Settling Class Member shall submit to the jurisdiction of the Court.

16. All Arbitration Claimants are deemed not to be members of the Settling Class. In order to be included in the Settling Class, each Arbitration Claimant shall take the following action and be subject to the following conditions:

    a. A properly completed and executed request for inclusion in the Settling Class ("Request for Inclusion") must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked not later than twenty (20) days from the Notice Date. Such deadline may be further extended by Order of the

Court. Each Request for Inclusion shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Request for Inclusion submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

b. The Request for Inclusion submitted by each Arbitration Claimant must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) if the person executing the Request for Inclusion is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Arbitration Claimant must be provided with the Request for Exclusion; and (iii) the Request for Inclusion must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Each Arbitration Claimant may submit a Request for Inclusion with respect those arbitration claims that have been ruled ineligible for FINRA arbitration.

d. An Arbitration Claimant cannot have commenced an arbitration final hearing against any Released Person or be a party to an arbitration award involving any Released Person if the Arbitration Claimant wishes to participate in the Settling Class with respect to those claims that the Arbitration Claimant wishes to include in the Settlement.

e. Once the Claims Administrator has considered a timely-submitted Request for Inclusion, it shall determine whether such Request is valid or deficient. For

8

each Request determined to be deficient, the Claims Administrator shall send a deficiency letter, describing the basis on which the Request was so determined. Persons who timely submit a Request for Exclusion that is deficient shall be afforded twenty (20) days (which the Court deems a reasonable amount of time) to cure such deficiency if it shall appear that such deficiency may be cured.

    f. For the filing of and all determinations concerning their Request for Inclusion, each Arbitration Claimant shall submit to the jurisdiction of the Court.

17. Each Arbitration Claimant must dismiss without prejudice within seven (7) calendar days of filing his, her, or its Request for Inclusion, all of the claims he, she, or it has asserted against EFG Capital in a FINRA Arbitration. Each Arbitration Claimant must then dismiss with prejudice within seven (7) calendar days of the Effective Date all of the claims he, she, or it has asserted against EFG Capital in a FINRA Arbitration.

18. All Settling Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons submit a Request for Exclusion in a timely and proper manner, as provided above. All Settling Class Members who submit a valid and timely Request for Exclusion will be forever barred from receiving any payments from the Net Settlement Fund

19. All Arbitration Claimants who submit a Request for Inclusion in a timely and proper manner, as provided above, shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable. All Arbitration Claimants who do not submit a valid and timely Request for Inclusion will be forever barred from receiving any payments from the Net Settlement Fund.

20. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees, Expenses, and Incentive Payments, only if such comments or objections and any supporting papers are served to be received at least twenty (20) days prior to the Final Settlement Hearing, upon each of the following:

PLAINTIFFS' COUNSEL:

Lawrence A. Kellogg, P.A.
Jason Kellogg, Esq.
LEVINE, KELLOGG, LEHMAN, SCHNEIDER & GROSSMAN, LLP
201 So. Biscayne Boulevard, 34th Floor
Miami, FL 333131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789
*lak@lkllaw.com*
*jk@lkllaw.com*

DEFENDANT'S COUNSEL:

Joseph C. Coates, III, Esq.
Jon A. Jacobson, Esq.
GREENBERG TRAURIG, P.A.
777 South Flagler Drive
Suite 300 East
Telephone: (561) 650-7903
Facsimile: (561) 655-6222
*coatesj@gtlaw.com*
*jacobsonj@gtlaw.com*

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007. Attendance at the Final Settlement Hearing is not necessary, but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees, Expenses,

and Incentive Payments are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and instructions pertinent to the submission of a written objection) that they intend to appear at the Final Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing. Settling Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

21.     Any Settling Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees, Expenses, and Incentive Payments.

22.     The Court reserves the right to adjourn the Final Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settling Class.

23.     All papers in support of the Settlement and any application for Attorneys' Fees, Expenses, or Incentive Payments shall be filed and served thirty (30) days before the Final Settlement Heating.

24.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and any application for Attorneys' Fees, Expenses, or Incentive Payments shall be filed no later than seven (7) days prior to the Final Settlement Hearing.

25.     All proceedings in the Action, other than the proceedings as may be necessary to carry out the terms and conditions of the Settlement are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be ap-

proved, all Settling Class Members, and anyone acting or purporting to act for any of them, are barred and enjoined from commencing, instigating, prosecuting, attempting to prosecute, or assisting others in the prosecution of any action asserting any Settled Claims, directly, representatively, derivatively, or in any other capacity against a Released Party in this or in any other forum.

26.  If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, or if the Settlement is not consummated pursuant to its terms, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation), any class certification order herein, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be vacated and shall become void and of no further force and effect.  In that event, neither the Stipulation, the Memorandum of Settlement previously entered into by the Parties, nor any provision contained therein except as stated herein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any Party, shall be deemed an admission offered or received as evidence at any proceeding in this Action or any other action or proceeding, and all negotiations and statements made in connection therewith shall be without prejudice to any person or entities' rights, and the Parties to the Action shall be restored to their respective positions existing prior to execution of the Stipulation.

27. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including, by way of illustration and not limitation, any dispute concerning any future requests by one or more of the Settling Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: 10 February 2012

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE