UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PASHA S. ANWAR, *et al.*,

Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

Defendants.

Master File No. 09-CV-118 (VM) (THK)

This Document Relates To: Specified Standard Chartered Cases

## STIPULATION AND [~~PROPOSED~~] ORDER REGARDING DISCOVERY IN SPECIFIED STANDARD CHARTERED CASES

**WHEREAS**, plaintiffs represented by undersigned counsel have brought the following forty-one actions (the "Actions") raising similar, and in many actions identical, allegations and causes of actions concerning the conduct of Standard Chartered arising out of those plaintiffs' investments in the Fairfield Funds: (1) *5C Investments Ltd.* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-00907; (2) *Almiron* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 10-cv-6187; (3) *Archangel Resources Limited et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05717; (4) *Asensio* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-908; (5) *Auburn Overseas Corp.* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-904; (6) *Bahia Del Rio, S.A.* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05716; (7) *Baymall Investments Limited* v. *Standard Chartered Bank International (Americas) Limited*, No. 11-cv-07649; (8) *Blockbend Limited* v. *Standard Chartered Bank International (Americas) Limited*, No. 11-cv-07650; (9) *Blount International, S.A.* v. *Standard Chartered Bank International (Americas) Limited et*

*al*, No. 11-cv-05719; (10) *Carrillo* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 10-cv-6187; (11) *Diaz de Camara* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05719; (12) *Dougherty* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05721; (13) *Eastfork Assets Limited* v. *Standard Chartered Bank International (Americas) Limited*, No. 11-cv-07653; (14) *Echeverri de Mata* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05723; (15) *Escobar et al* v. *Standard Chartered Bank International (Americas) Limited*, No. 11-cv-23120; (16) *Gerico, Inc. et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-909; (17) *Interland Investments Corp.* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-905; (18) *Iston Holdings Limited et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-901; (19) *Lima* v. *Standard Chartered Bank International (Americas) Limited, et al*. No. 11-cv-22189 ("*Lima*"); (20) *Lopez et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 10-cv-919; (21) *Mailand Investment, Inc.* v. *Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-05732; (22) *Mantecon* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05729; (23) *Maplehurst Holdings Ltd.* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-8372; (24) *Mizrahi* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-6788; (25) *Nautical Village, Inc.* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-07652; (26) *New Horizon Development, Inc. et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-00898; (27) *Novella* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05724; (28) *Perez* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-00903 ("*Perez*"); (29) *Pharmafoods International C.V. et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05730; (30) *Positano Investments Ltd.* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-8371; (31) *Quiroz Stone* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-07651;

(32) *Rendiles* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-902; (33) *Richmond Company Ltd.* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05725; (34) *Ruiz* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-00900; (35) *Sabillon* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05726 ("*Sabillon*"); (36) *Salcar Limited* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-00899 ("*Salcar*"); (37) *San Blas S.A. et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05727 ("*San Blas*"); (38) *Sand Overseas Limited* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-24175; (39) *Smerant Corp.* v. *Standard Chartered Bank International (Americas) Limited et al.* No. 11-cv-05728 ; (40) *Tierra C.V. et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-05731; (41) *Triple R Holdings Ltd et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-897 ("*Triple R*"); and (42) *Vilebens, S.L. et al* v. *Standard Chartered Bank International (Americas) Limited et al*, No. 11-cv-906 (the "Stipulating Actions");

**WHEREAS**, counsel for the parties to the Stipulating Actions have conferred regarding the efficient management of these actions and believe that the burdens on the parties and the Court will be substantially reduced, the ability to complete coordinated discovery under the Second Amended Scheduling Order Regarding Standard Chartered Cases entered by this Court on February 4, 2011, will be substantially enhanced, and judicial economy will best be served, if remaining plaintiff-specific discovery is limited to a subset of the Stipulating Actions, which actions will then be the subject of any dispositive motions, including any summary judgment motions, because the Court's rulings in those actions likely will make clear what (if any) plaintiff-specific issues remain for trial;

**WHEREAS**, to the extent plaintiff-specific issues remain for trial following this Court's rulings on any dispositive motion, the parties believe plaintiff specific discovery can be efficiently addressed at that time;

-3-

WHEREAS, the procedures set forth in this Stipulation and Proposed Order are wholly separate and apart from the coordinated discovery that has been taking place in the above-captioned consolidated proceeding (the "Fairfield MDL") concerning the conduct of Standard Chartered Bank International (Americas) Ltd. ("SCBI") and its affiliates in allegedly recommending investments in Fairfield Sentry Ltd. and Fairfield Sigma Ltd. (the "Fairfield Funds") and shall not impede or limit coordinated discovery in the consolidated proceeding or otherwise affect the current pretrial schedule of the consolidated proceeding;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for parties in the Stipulating Actions, that:

1.      Excluding *Salcar; Perez; San Blas S.A.; Triple R; Lima;* and *Sabillon* (the "Summary Judgment Cases"), the parties in the Stipulating Actions will defer further discovery concerning plaintiff-specific issues, including the depositions of plaintiffs and any persons who controlled plaintiffs' investment decisions, until after the Court issues its final decision and order deciding summary judgment in the Summary Judgment Cases;

2.      Upon the Court's final decision and order on summary judgment in the Summary Judgment Cases, the parties in the Stipulating Actions (excluding the Summary Judgment Cases) shall meet and confer regarding what plaintiff-specific discovery (if any) is appropriate in light of the Court's ruling(s), but, in all events, plaintiffs in any action not resolved by dispositive motion who has not been deposed shall make himself, herself or itself available to be deposed before the start of trial;

3.      The parties agree that this stipulated order and the agreement contained herein will not affect discovery, discovery deadlines or the current pretrial schedule in any other case pending in the Fairfield MDL, and will not alter the rights of any party regarding the presumptive limit on recalling for a second deposition any witness who is deposed before the close of fact discovery, as set forth in Paragraph 7 of the Second Amended Scheduling Order Regarding Standard Chartered Cases.

-4-

DATE: February 14, 2012

CURRAN & ASSOCIATES
By _____

Laurence E. Curran
Attorney for Plaintiffs 5C Investments Ltd.,
Archangel Resources Ltd. *et al*, Asensio,
Auburn Overseas Corp., Bahia Del Rio
S.A., Blount International S.A., Diaz de
Camara, Dougherty, Echeverri de Mata,
Interland Investments Corp., Iston
Holdings Ltd. *et al*, Lima, Lopez *et al*,
Mantecon, Maplehurst Holdings Ltd.,
Mizrahi, Nautical Village Inc., New
Horizon, *et al*, Novella, Perez,
Pharmafoods International C.V. *et al*,
Positano Investments Ltd., Quiroz Stone,
Rendiles, Richmond Company Ltd., Ruiz,
Sabillon, Salcar Ltd., San Blas *et al*, Sand
Overseas Ltd., Smerant Corp., Tierra C.V.
*et al*, Triple R Holdings Ltd. *et al*, and
Vilebens S.L. *et al*

DATE: February 14, 2012

DE LA O, MARKO, MAGOLNICK & LEYTON
By _____

Joel S. Magolnick
Attorney for Plaintiffs Baymall
Investments Ltd., Blockbend Ltd., Eastfork
Assets Ltd., Escobar *et al*, Gerico
Investments, Inc. *et al*, and Mailand
Investment Inc.

DATE: February 14, 2012

JONES & ADAMS, P.A.
By _____

Matthew L. Jones
Attorney for Plaintiffs Almiron and
Carrillo

DATE: February 15, 2012

-5-

SULLIVAN & CROMWELL LLP
By

Sharon L. Nelles
Attorneys for Defendants Standard
Chartered Bank International (Americas)
Ltd. and Standard Chartered PLC

SO ORDERED this 2 day of _____ March _____, 2012.

THEODORE KATZ
U.S. MAGISTRATE JUDGE

-6-