**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PASHA ANWAR, *et al.*,

                     Plaintiffs,

        v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

                   Defendants.

This Document Relates To: *Maria Akriby Valladolid* v. *American Express Bank Ltd., et al.*, No. 10-CV-00918.

Master File No. 09-CV-118 (VM)

<u>**Luisa Serena's Answer and Defenses to the Second Amended Complaint**</u>

      Defendant Luisa Serena ("Serena"), by and through her undersigned counsel, hereby responds as follows to the Second Amended Complaint based on her present knowledge. Serena reserves the right to supplement and amend this Answer and to add additional defenses of which she may become aware through discovery or other investigation.

<u>**ANSWER**</u>

<u>**Procedural History of the Case**</u>

      1.      Serena admits the allegations of paragraph 1.

      2.      Serena respectfully refers the Court to the docket sheet in this action, *Maria Akriby Valladolid* v. *American Express Bank Ltd.*, No. 10-CV-00918, for a complete and accurate description of the procedural history of the action, and respectfully refers the Court to Plaintiff's letter of October 26, 2010, for a complete and accurate description of its contents.

      3.      Serena respectfully refers the Court to the docket sheet in this action, *Maria Akriby Valladolid* v. *American Express Bank Ltd.*, No. 10-CV-00918, for a complete and accurate description of the procedural history of the action, and respectfully refers the Court to the Court's

order of November 23, 2010, for a complete and accurate description of its contents.

**Statement of the Case**

4.      Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 concerning third party American Express Company and therefore denies them.

5.      Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 concerning third party American Express Company and therefore denies them.

6.      Serena denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7.      Serena denies the allegations of paragraph 7, except admits that American Express Bank provided financial services through its subsidiaries American Express Bank International ("AEBI") and American Express Bank Ltd. ("AEBL"), to clients inside and outside the United States.

8.      Serena denies the allegations of paragraph 8, except admits that: (i) AEBI and AEBL provided investment-related services to certain individuals; (ii) certain individuals purchased shares of Fairfield Sentry Ltd. ("Sentry") through AEBI; (iii) Sentry invested assets with Bernard L. Madoff Investment Securities ("BLMIS"); (iv) Bernard L. Madoff ("Madoff") perpetrated one of the biggest Ponzi schemes in American history; and (v) Madoff was sentenced to 150 years in federal prison.

9.      Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them, except she admits that AEBI maintained an office in San Diego.

10.      Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11.      Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12.      Serena denies the allegations of paragraph 12, except admits that: (i) plaintiff was a customer of AEBI, which has been renamed SCBI; and (ii) plaintiff purports to characterize her Account Application and Agreement. Serena respectfully refers the Court to plaintiff's Account Application and Agreement for a complete and accurate description of their contents.

13.      Serena denies the allegations of paragraph 13.

14.      Serena denies the allegations of paragraph 14.

15.      Serena denies the allegations of paragraph 15, except admits the now public knowledge that Madoff perpetrated one of the biggest Ponzi schemes in American history.

16.      Serena denies the allegations of paragraph 16, except admits that plaintiff had no right to expect guaranteed returns on her investment.

17.      Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18.      Serena denies the allegations of paragraph 18.

19.      Serena denies the allegations of paragraph 19.

20.      Serena denies the allegations of paragraph 20, except admits that plaintiff purports to seek to recover alleged investment losses.

21.      Serena denies the allegations of paragraph 21.

22.      Serena denies the allegations of paragraph 22.

23.      Serena denies the allegations of paragraph 23, except admits the now public

knowledge that Madoff perpetrated one of the biggest Ponzi schemes in American history.

24.     Serena denies the allegations of paragraph 24, except admits that plaintiff had no right to expect guaranteed returns on her investment.

25.     Serena denies the allegations of paragraph 25.

## The Parties

26.     Serena lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them, except admits that: (i) plaintiff is a Mexican citizen and resident of Tijuana, Mexico; and (ii) Carlos Capitillo was an employee of the San Diego branch of AEBL.

27.     Serena denies the allegations of paragraph 27, except admits that: (i) Luisa Serena was plaintiff's relationship manager; (ii) plaintiff purchased shares of Sentry; and (iii) the assets of Sentry were substantially invested with BLMIS. Serena respectfully refers the Court to Plaintiff's account statements for a complete and accurate description of their contents.

28.     Serena lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.     Serena denies the allegations of paragraph 29.

30.     Serena denies the allegations of paragraph 30, except admits that AEBI and AEBL transacted business in California.

31.     Serena lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them

32.     Serena denies the allegations of paragraph 32, except admit that: (i) AEBI and AEBL transacted business from an office in California; (ii) certain customers purchased shares of Sentry through AEBI; and (iii) Sentry was invested in BLMIS.

33.    Serena denies the allegations of paragraph 33.

34.    Serena denies the allegations of paragraph 34, except admits that: (i) Luisa Serena was plaintiff's relationship manager at AEBI; and (ii) Luisa Serena was a resident of California living in Southern California.

35.    Serena denies the allegations of paragraph 35, except admits that: (i) plaintiff purports to name as Doe Defendants 1 through 25 agents, officers, and employees of SCB Defendants; and (ii) plaintiff purports to name as Doe Defendants 26 through 50 accounting firms and accountants who allegedly prepared false financial statement audit opinions.

36.    Serena denies the allegations of paragraph 36, except admits that: (i) plaintiff purports to name as Doe Defendants 51 through 75 attorneys who allegedly prepared or helped prepare false documents; (ii) plaintiff purports to name as Doe Defendants 76 through 100 individuals who allegedly participated knowingly in alleged unlawful conduct; and (iii) plaintiff purports to be ignorant of the true names of Doe Defendants 1 through 100.

## Jurisdiction and Venue

37.    Serena denies the allegations of paragraph 37.

38.    Serena denies the allegations of paragraph 38 and respectfully refers the Court to the docket sheet in this action, *Maria Akriby Valladolid* v. *American Express Bank Ltd.*, No. 10-CV-009 18, for a complete and accurate description of the procedural history of the action.

39.    Serena denies the allegations of paragraph 39, except admits that AEBI and AEBL conducted business in California.

40.    Serena denies the allegations of paragraph 40, except admits that AEBI and AEBL conducted business at an office in California.

41.    Serena lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 41 and therefore denies them.

## Background Facts

### Plaintiff's Accounts with American Express Bank

42.     Serena denies the allegations of paragraph 42, except admits that Sentry invested a substantial portion of its assets with BLMIS.

43.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Serena denies the allegations of paragraph 45, except admit that Luisa Serena was an AEBL relationship manager.

46.     Serena denies the allegations of paragraph 46, except admits that plaintiff authorized the purchase of $250,000 of shares of Sentry in approximately September 2006.

47.     Serena denies the allegations of paragraph 47.

48.     Serena denies the allegations of paragraph 48.

49.     Serena denies the allegations of paragraph 49 and respectfully refers the Court to Sentry's private placement memorandum ("PPM") which disclosed Sentry's investment strategy, for a complete and accurate description of its contents.

50.     Serena denies the allegations of paragraph 50, except admits that plaintiff purports to characterize Madoff's investment strategy and respectfully refers the Court to Sentry's PPM which disclosed its investment strategy, for a complete and accurate description of its contents.

51.     Serena denies the allegations of paragraph 51, except admits that plaintiff purports to

characterize Madoff's investment strategy and respectfully refers the Court to Sentry's PPM which disclosed its investment strategy, for a complete and accurate description of its contents.

52.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.     Serena denies the allegations of paragraph 54, except admits that plaintiff purports to characterize information reflected in her account statements for the periods ending December 12, 2008, and December 23, 2008, and respectfully refers the Court to those account statements for a complete and accurate description of their contents.

**Fairfield Greenwich Group and Bernard Madoff**

55.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

**Bernard Madoff and His $50 Billion Fraud**

58.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

62.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64.     Serena denies the allegations of paragraph 64.

### Conscious Avoidance of Red Flags

65.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Serena denies the allegations in the first and last sentences of paragraph 68, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph and therefore denies them.

69.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.     Serena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.     Serena denies the allegations of paragraph 74.

## Defendants' Wrongdoing

75.     Serena denies the allegations of paragraph 75.

76.     Serena denies the allegations of paragraph 76.

77.     Serena denies the allegations of paragraph 77.

78.     Serena denies the allegations of paragraph 78.

79.     Serena denies the allegations of paragraph 79.

80.     Serena denies the allegations of paragraph 80.

81.     Serena denies the allegations of paragraph 81.

82.     Serena denies the allegations of paragraph 82.

83.     Serena denies the allegations of paragraph 83.

84.     Serena denies the allegations of paragraph 84.

85.     Serena denies the allegations of paragraph 85.

86.     Serena denies the allegations of paragraph 86.


## FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty Against All Defendants)

87.     Serena incorporates her responses to paragraphs 1 through 86 as if fully set forth

herein.

88.    Serena denies the allegations of paragraph 88.

89.    Serena denies the allegations of paragraph 89.

90.    Serena denies the allegations of paragraph 90.

91.    Serena denies the allegations of paragraph 91.

92.    Serena denies the allegations of paragraph 92.

93.    Serena denies the allegations of paragraph 93.

94.    Serena denies the allegations of paragraph 94.

**SECOND CAUSE OF ACTION**
**(Negligence Against All Defendants)**

95.    Serena incorporates her responses to paragraphs 1 through 94 as if fully set forth

herein.

96.    Serena denies the allegations of paragraph 96.

97.    Serena denies the allegations of paragraph 97.

98.    Serena denies the allegations of paragraph 98.

99.    Serena denies the allegations of paragraph 99.

100.    Serena denies the allegations of paragraph 100.

101.    Serena denies the allegations of paragraph 101.

102.    Serena denies the allegations of paragraph 102.

103.    Serena denies the allegations of paragraph 103.

104.    Serena denies the allegations of paragraph 104.

### General Denial

Any allegations contained in the Complaint that are not specifically admitted, are hereby denied.  Furthermore, Serena denies any allegations or requests for relief to which no response is required.

### Attorney's Fees and Costs

Serena has retained the law firm of Greenberg Traurig, P.A. ("Greenberg") in connection with this action and has incurred and will continue to incur legal fees and costs payable to Greenberg.

### Denial of Prayer for Relief

Serena denies that plaintiff is entitled to any of the relief prayed for on page 27 of the Complaint.

### Jury Trial Demand

Plaintiffs' demand for a trial by jury is subject to her account agreements with SCBI.

### AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, Serena alleges the affirmative defenses, below, without assuming the burden of proof where such burden is otherwise on Plaintiff.  Serena may have other affirmative defenses against the Complaint and, therefore, reserves the right to assert such defenses after the facts to support such defenses become known to her.

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

## Second Defense

Any damages allegedly suffered by Plaintiff were caused by the intervening act(s) or omission(s) of persons or entities other than Serena, and said act(s) or omission(s) superseded any act or omission by Serena for which she might be considered liable.

## Third Defense

The claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation.

## Fourth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff knowingly and voluntarily assumed the risks inherent in the investments at issue.

## Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

## Seventh Defense

Plaintiff's claims are barred, in whole or in part, by virtue of her account agreements with SCBI.

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of disclosures in the applicable Subscription Agreements and the PPM.

### Ninth Defense

Serena is entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are the subject of Plaintiff's claims.

### Tenth Defense

Any damages recoverable by Plaintiff from Serena are limited to the percentage of fault attributable to Serena, and thus would not include the percentage of fault attributable to Plaintiff or third parties, including but not limited to the defendants named in the Second Consolidated Amended Complaint in *Anwar* v. *Fairfield Greenwich Limited*, No. 09- CV-01 18.

### Eleventh Defense

Any recovery by Plaintiff against Serena is to be offset, in whole or in part, by any and all other recoveries by Plaintiff with respect to her investments in Sentry.

### Twelfth Defense

Serena is entitled to recover contribution from others for any liability they incur to Plaintiff.

### Thirteenth Defense

Any recovery by Plaintiff against Serena is to be offset by any and all debts, liabilities or obligations owed by Plaintiff to Serena.

WHEREFORE, Serena respectfully demands judgment dismissing this action with prejudice together with her costs and disbursements.

Dated: March 2, 2012                                    Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Luisa Serena*
333 S.E. 2nd Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
E-mail: gonzalezr@gtlaw.com

By: /s/ Ricardo A. Gonzalez
     RICARDO A. GONZALEZ
     Florida Bar No. 0691577
     (Admitted *Pro Hac Vice* in the S.D.N.Y.)

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ricardo A. Gonzalez