

**RICHARD E. BRODSKY**
ATTORNEY AT LAW
THE BRODSKY LAW FIRM
66 WEST FLAGLER STREET
MIAMI, FLORIDA 33130
REB@THEBRODSKYLAWFIRM.COM
786-220-3328

February 19, 2012

Via Facsimile

Hon. Theodore H. Katz
United States Magistrate Judge
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:   Anwar v. Fairfield Greenwich, etc.
            09-cv-118-VM
            Standard Chartered Cases

Dear Judge Katz:

    This letter is sent on behalf of the Standard Chartered Plaintiffs' Steering Committee.

    Paragraph 7 of the Second Amended Scheduling Order Regarding Standard Chartered Cases states, DE 609, states, in pertinent part:

> All fact discovery in the Standard Chartered Cases shall be completed within the period set forth for the completion of fact discovery in the *Anwar* Action, *i.e.*, March 2, 2012. In the event that the period set forth for the completion of fact discovery in the *Anwar* Action is extended, the Standard Chartered Defendants and the Steering Committee, after meeting and conferring with each other, may jointly or individually seek leave of the Court for a parallel extension in the Standard Chartered Cases.

    The parties have indicated to one another that they both want to adjust the discovery deadline, but they disagree as to details. We understand that the Defendants may be submitting their own letter setting forth their

Hon. Theodore H. Katz
February 19, 2012
Page 2

position. This letter outlines our position and the reasons we believe that the Court should approve our requests.

We request that the Court order an extension of the period for fact discovery until Friday, May 4, 2012, on the following conditions:

1.  All documents heretofore agreed or ordered to be produced shall be produced by March 2, 2012.

2.  Parties may notice depositions to occur through and including May 4, 2012, provided that the Defendants and individual Plaintiffs may agree, subject to the Court's approval, to alternative arrangements with respect to depositions of specific individual Plaintiffs or affiliates thereof. The notices may be issued before or after March 2, 2012.

3.  Additional written discovery may be served after March 2, 2012, subject to objection by the party on whom discovery is served.

As to Point 1, documents are still to be produced by both various Plaintiffs and the Defendants. The purpose of asking for an order requiring that all parties produce, by March 2, 2012, all documents agreed or ordered to be produced is to set a firm deadline for production, so that the other parties can analyze and review them and utilize them during remaining depositions.

As to Point 2, all parties should be entitled to issue notices of deposition after March 2, 2012, because it is likely that documents will be produced on or before March 2 that will suggest the need for additional witnesses' depositions, and depositions taken after March 2 may likewise reveal the need for additional witnesses' depositions. Preventing notices of deposition from being issued after March 2 would serve no purpose other than placing an artificial barrier in the way of discovery of relevant facts -- artificial because there would be nothing sacrosanct about March 2, 2012 once the original deadline is extended.

As to Point 3, the parties should also be permitted to propound written discovery after March 2, 2012, for the same reasons that we outline above, in reference to the noticing of depositions after March 2.

In summary, the Plaintiffs request that the Court order an extension of the period for fact discovery until Friday, May 4, 2012, on the following conditions:

Hon. Theodore H. Katz
February 19, 2012
Page 3

T.K. The period for fact discovery, in the Standard Chartered cases, is extended to May 4, 2012.

- 1. All documents heretofore agreed or ordered to be produced shall be produced by March 2, 2012.

2. Parties may notice depositions to occur through and including May 4, 2012, provided that the Defendants and individual Plaintiffs may agree, subject to the Court's approval, to alternative arrangements with respect to depositions of specific individual Plaintiffs or affiliates thereof. The notices may be issued before or after March 2, 2012. T.K. The noticed depositions are subject to objection by the noticed party.

3. Additional written discovery may be served after March 2, 2012, subject to objection by the party on whom discovery is served.

The Plaintiffs sincerely appreciate the Court's attention to this matter.

Sincerely yours,

*[signature]*

Richard E. Brodsky
On behalf of the Standard
Chartered Plaintiffs' Steering
Committee

cc: Sharon Nelles, Esq.
All Plaintiffs' counsel

3/2/12
**SO ORDERED**
*[signature]*
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE