# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-310-712-6600
FACSIMILE: 1-310-712-8800
WWW.SULLCROM.COM

*1888 Century Park East*
*Los Angeles, California 90067-1725*

NEW YORK • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY



March 8, 2012

<u>By Facsimile</u>

Honorable Theodore H. Katz,
    United States Magistrate Judge,
        Daniel Patrick Moynihan U.S. Courthouse,
            500 Pearl Street,
                New York, New York 10007.

           Re:    *Anwar v. Fairfield Greenwich Ltd.*, No. 09-CV-118 --
                     *Headway Investment Corp. v. American Express Bank Ltd.*

Your Honor:

          I write on behalf of the Standard Chartered Defendants in response to the March 5, 2012 letter from plaintiff Headway Investment Corporation ("Headway"). Headway's objections to the deposition of non-party Cyma Group, Inc. ("Cyma"), through Cyma's president, Carlos Gonzalez, are unfounded. Cyma has been properly summoned to a deposition, and the deposition should be permitted to proceed as noticed and without preconditions.[1]

          Headway asks the Court to force Standard Chartered to take the deposition of Mr. Gonzalez as a "representative" of Headway pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. There is no authority for this request, and in any event Mr. Gonzalez would not be a proper Headway "representative."

          *First*, Standard Chartered already has noticed, pursuant to Rule 30(b)(1), the depositions of Headway's president and three other authorized signatories to the accounts at American Express Bank International ("AEBI") through which Headway purchased shares of Fairfield Sentry Ltd. ("Sentry") and Fairfield Sigma Ltd. ("Sigma").

---

[1]      Although Headway has no standing to object to this non-party deposition, Standard Chartered nevertheless wishes to address the arguments that Headway has made. *Freydl* v. *Meringolo*, 2011 WL 1226226, at *1 (S.D.N.Y. Mar. 25, 2011) ("'In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.'") (quoting *Langford* v. *Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975)).

Honorable Theodore H. Katz                                                          -2-

In addition, as this Court is aware, last November Standard Chartered noticed the
deposition of Headway's sole shareholder, beneficial owner and former president,
Mr. German Sanchez. Headway refused to procure Mr. Sanchez for a deposition (or even
search his files for relevant documents). Mr. Sanchez passed away while vacationing last
month, and his testimony is forever lost. Although these events have foreclosed to
Standard Chartered a critical source of discoverable evidence, Headway provides no
authority for its proposition that a Rule 30(b)(6) deposition is the exclusive vehicle by
which Standard Chartered can depose Headway's representatives. In fact, Rule 30(b)(6)
expressly states just the opposite—*i.e.*, the availability of a Rule 30(b)(6) deposition
"does not preclude a deposition by any other procedure allowed by these rules."

   *Second*, Standard Chartered has no intention of deposing Mr. Gonzalez
more than once, absent the good cause required by the Second Amended Scheduling
Order Regarding Standard Chartered Cases. Cyma is a non-party "management
consultant retained by Headway" to provide advice with regard to Headway's
"investment activities." (Headway Letter at 1-2) On December 6, 2011, Standard
Chartered issued a subpoena to Cyma pursuant to Rules 45 and 30(b)(6), seeking
documents and testimony about (among other things) (i) Cyma's relationship with
Headway and Mr. Sanchez, (ii) Headway's Sentry and Sigma investments and (iii) the
allegations made in Headway's complaint. Mr. Gonzalez, who is the President of Cyma,
was designated as Cyma's corporate representative, and his deposition is scheduled for
March 13, 2012. Standard Chartered intends to elicit all appropriate testimony from
Mr. Gonzalez based on his knowledge and experience as Headway's management
consultant, and thus there is no legitimate concern about taking Mr. Gonzalez's
deposition twice for no good reason.

   *Third*, even if Standard Chartered were to notice Headway for a deposition
pursuant to Rule 30(b)(6), Mr. Gonzalez would not be "the natural designee," as
Headway insists. (Headway Letter at 1.) Headway and Cyma are not the same thing, and
Mr. Gonzalez would have a clear conflict of interest testifying as a representative of both
Cyma and Headway. The sole document that Cyma produced in response to Standard
Chartered's subpoena, a January 2005 "Consulting Agreement" between Cyma and
another company controlled by Mr. Sanchez, Publisher Promotions, Inc. ("PPI"),
confirms this. The Consulting Agreement reflects that Mr. Gonzalez and Cyma agreed to
manage Mr. Sanchez's investments through Headway and other of Mr. Sanchez's
investment vehicles. In particular, the Consulting Agreement provides that Cyma would:

     Subject to the supervision of PPI, oversee designated
     investment managers of the Entity's [including Headway's]
     portfolios, and assist PPI in defining its asset allocation and
     the components of such portfolios and monitor the
     performance thereof, in accordance with the PPI's purposes

Honorable Theodore H. Katz                                                    -3-

> and investment objectives as expressed by PPI to CYMA
> from time to time.

(Consulting Agreement at p. 2, ¶ 2(h).)[2]  In return for such services, Cyma (and therefore
its principal, Mr. Gonzalez) was paid a "minimum annual fee" of $480,000, in addition to
such other amounts to be agreed upon by Cyma and PPI. (*Id.* ¶ 3.)  Stated simply,
Mr. Gonzalez received at least $480,000 per year to provide investment advice during the
very time period in which Headway invested in Sentry and Sigma and suffered the losses
for which Headway seeks compensation from Standard Chartered in this action.  Indeed,
unlike AEBI or Standard Chartered, Mr. Gonzalez apparently had some discretion over
Headway's investments, including those made through accounts at AEBI.[3]  Because
Headway retained Mr. Gonzalez's company as an outside consultant, paid him for
investment advice, and presumably made investment decisions based on his
recommendations, Mr. Gonzalez cannot testify as the corporate representative of both his
own company and Headway.[4]

       In short, Standard Chartered has properly summoned Cyma to testify, and
likewise has properly noticed depositions of individual Headway witnesses.  The
deposition of Mr. Gonzalez—which already has been deferred and rescheduled to
accommodate Headway—should proceed as scheduled on March 13, 2012.  There is no
basis to force Standard Chartered to notice a deposition of Headway pursuant to
Rule 30(b)(6) or to limit Standard Chartered's ability to take testimony from appropriate

---

[2]    Despite Standard Chartered serving Headway with requests in March of last year
calling for it and other documents, Headway did not produce this agreement in
discovery, nor has it produced any documents showing the "purposes and
investment objectives" that PPI and Sanchez adopted for Headway.  Headway did
not identify the PPI in its Rule 26 disclosures or in response to Standard
Chartered's interrogatories.

[3]    Although not dispositive to the issue currently before the Court, documents
produced to date indicate that Mr. Gonzalez and Cyma may be necessary parties
as defendants in this action pursuant to Rule 19(a) of the Federal Rules of Civil
Procedure, as both have interests in this litigation while their absence may leave
Standard Chartered subject to a substantial risk of incurring the obligations of
Mr. Gonzalez and/or Cyma.

[4]    Headway's assertions that Standard Chartered previously agreed to notice
Headway for a Rule 30(b)(6) deposition and accept Mr. Gonzalez as Headway's
Rule 30(b)(6) designee are incorrect.  Standard Chartered stands ready to provide
the Court with the relevant email exchanges between counsel for the parties if that
will be of assistance to the Court.

Honorable Theodore H. Katz                                                    -4-

fact witnesses. Standard Chartered respectfully asks that the Court deny Headway the relief it seeks.

Sincerely,

*Diane L. McGimsey*

Diane L. McGimsey

cc:    Jorge Mestre, Esq.

       Alan H. Rolnick, Esq.
       (via E-mail)

       Erimar von der Osten, Esq.
       (via E-mail)

       Jose Ortiz, Esq.
       (via E-mail)

       Plaintiffs' Steering Committee
       (via E-mail)

*The deposition of Mr. Gonzalez may proceed on March 13, 2012. The Court assumes that Mr. Gonzalez will be deposed only one time.*

**SO ORDERED**

3/8/12

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE