UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASTER NO. 09-cv-118 (VM) (THK)

PASHA ANWAR, et al.,

      Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED,
et al.,

      Defendants.

This filing relates to *Headway Investment Corp.*
*v. Standard Chartered Bank Int'l (Americas),*
*Ltd., et al.*
_____/

**HEADWAY INVESTMENT CORPORATION'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR LEAVE TO AMEND COMPLAINT**

Jorge A. Mestre
Alan H. Rolnick
Erimar von der Osten
Rivero Mestre LLP
2525 Ponce de Leon Blvd.
Suite 1000
Coral Gables, FL 33134
Phone Number: 305-445-2500
Fax Number: 305-445-2505
Email: jmestre@riveromestre.com
      ahrolnick@riveromestre.com
      evonderosten@riveromestre.com

**Table of Contents**

**Page(s)**

I.   Preface...........................................................................................................1

II.  Introduction...................................................................................................1

III. Argument ......................................................................................................3

    A.  The Proposed Amended Complaint Refines the Existing Complaint
    and the Common Allegations on which Both are Based ................................3

    B.  Leave to Amend Should be Freely Granted...............................................4

    C.  There is no Basis to Deny this Motion to Amend......................................5

        i.   Headway has acted expeditiously in all respects ...............................6

        ii.  Defendants will not suffer any legally cognizable prejudice from
        granting leave to amend ...................................................................7

    D.  The Claims Against SCI Relate Back to the Date of Filing the Original
    Complaint, as do the FSIA Claims Against the Private Bank and FGG
    Defendants ...............................................................................................11

        i.   The claims against SCI arise out of the very same conduct
        underlying the claims against the other Private Bank Defendants in
        the Original Complaint ....................................................................12

        ii.  SCI had notice of the claims against it by virtue of (1) its
        relationship with the other Private Bank Defendants, (2) the focus
        on SCI and its employees in discovery, and (3) its inclusion in
        other Steering Committee Plaintiffs' actions....................................13

        iii. SCI was omitted from the original complaint by mistake, not as a
        tactical or strategic decision, and as such, the amendment relates
        back to the date of filing of the original complaint...........................14

        iv. The FSIA claim relates back to the date of the filing of the Original
        Complaint because it arises out of the same conduct, transaction, or
        occurrence set forth in the Original Complaint.................................15

IV.  Conclusion ...................................................................................................15

## Table of Authorities

Page(s)

## Cases

*Abbatiello v. Monsanto Co.*,
  571 F. Supp.2d 548 (S.D.N.Y. 2008)....................................................5

*Anwar v. Fairfield Greenwich Group*,
  745 F. Supp.2d 360 (S.D.N.Y. 2010)..............................................6, 12

*Baez v. JetBlue Airways*,
  745 F. Supp.2d 214 (E.D.N.Y. 2010) ................................................13

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993)...............................................................8

*Bridgeport Music, Inc. v. Universal Music Group, Inc.*,
  248 F.R.D. 408 (S.D.N.Y. 2008) ..............................................5, 8, 10

*Collins v. Wal-mart, Inc.*,
  245 F.R.D. 503 (D. Kan. 2007)..........................................................14

*Cresswell v. Sullivan & Cromwell*,
  922 F.2d 60 (2d Cir. 1990)..................................................................8

*E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*,
  621 F. Supp. 310 (D. Del. 1985)........................................................13

*Foman v. Davis*,
  371 U.S. 178 (1962).......................................................................4, 5

*Garvin v. City of Philadelphia*,
  354 F.3d 215 (3d Cir. 2003)..............................................................13

*In re Alstom SA*,
  406 F. Supp.2d 402 (S.D.N.Y. 2005)..................................................12

*In re Color Tile, Inc.*,
  316 B.R. 621 (D. Del. 2004)..............................................................13

*Mayle v. Felix*,
  545 U.S. 644 (2005).....................................................................4, 12

*Richardson Greenshields Sec., Inc. v. Lau*,
  825 F.2d 647 (2d Cir. 1987)................................................................5

*Ruotolo v. City of New York*,
  514 F.3d 184 (2d Cir. 2008)............................................................5, 8

*Schiavone v. Fortune,*
    477 U.S. 21 (1986) ................................................................................12

*State Teacher Retirement Bd. v. Fluor Corp.,*
    654 F.2d 843 (2d Cir. 1981).........................................................8, 10

*Swann Oil Co. v. M/S Vassilis,*
    91 F.R.D. 267 (E.D.N.C. 1981) ..........................................................13

*VKK Corp. v. Nat'l Football League,*
    244 F.3d 114 (2d Cir. 2001)................................................................12

*William H. McGee & Co. v. M/V Ming Plenty,*
    164 F.R.D. 601 (S.D.N.Y. 1995) .......................................................12

*Williams v. Savage,*
    569 F. Supp.2d 99 (D.D.C. 2008) .........................................................6

*Xpressions Footwear Corp. v. Peters,*
    1995 WL 758761, at *2 (S.D.N.Y. 1995) ...........................................10

**Statutes**

Fed. R. Civ. P. 15 ....................................................................1, 4, 6, 11, 12, 15

Fed. R. Civ. P. 21 ..................................................................................1, 5

Fla. Stat. §§ 517.011 - 517.32 (2011) .................................................................2

Fla. Stat. § 95.11(4)(e) (2011) ........................................................................4

**Other Authorities**

Wright, Miller, Kane & Marcus, 6 Fed. Prac. & Proc. Civ. § 1487 (3rd ed.).....................5

Stipulation and Order Governing Confidentiality of Discovery Material,
Master File No. 09-cv-118(VM)(THK)................................................................1

## I.      Preface

Plaintiff Headway Investment Corp. ("Headway"), in accordance with Fed. R. Civ. P. 15(a) and 21, respectfully moves for leave to amend its Complaint as to Defendants Standard Chartered Bank International (Americas) Ltd. f/k/a American Express Bank International ("SCBI"), Standard Chartered Bank ("SCB"), Fairfield Greenwich Group, Fairfield Greenwich Ltd., Fairfield Greenwich (Bermuda) Ltd., Fairfield Greenwich Advisors LLC, Walter M. Noel Jr., Jeffrey H. Tucker, Andres Piedrahita, and Amit Vijayvergiya, and to add proposed Defendants Standard Chartered International (USA) Ltd. f/k/a American Express Bank Ltd. ("SCI")[1] and PricewaterhouseCoopers N.V. ("PwC Netherlands"), and for such further and other relief as the Court may deem just and proper.[2] Prior to filing this motion, Headway conferred with Andrew Finn, one of the lawyers for the Private Banking Defendants, who states that Headway does "not have Standard Chartered's permission to make any representations concerning whether Standard Chartered will consent to or oppose Headway's motion." We have provided them with a copy of the Amended Complaint to help them decide.

## II.     Introduction

Absent narrowly construed, aggravating circumstances that would materially prejudice a party affected by an amended pleading, leave to amend must be granted.

---

[1] SCBI, SCB, and SCI will collectively be referred to as the "Private Bank" Defendants, while Fairfield Greenwich Group, Fairfield Greenwich Ltd., Fairfield Greenwich (Bermuda) Ltd., Fairfield Greenwich Advisors LLC, Walter M. Noel Jr., Jeffrey H. Tucker, Andres Piedrahita, and Amit Vijayvergiya will be referred to as the "FGG" Defendants.

[2] Simultaneously with the filing of this Motion, Headway is seeking permission from Magistrate Judge Katz to file the proposed Amended Complaint and the exhibits under seal pursuant to paragraph 8(b) of the Stipulation and Order Governing Confidentiality of Discovery Material, Master File No. 09-cv-118(VM)(THK), as the proposed Amended Complaint refers to information from documents produced by Standard Chartered under a claim of confidentiality. Headway does not hereby waive its right to challenge such confidentiality designations under the Stipulation and Order.

Here, the circumstances and indisputable facts militate in favor of permitting the amendment:

      1.  Headway has not been dilatory in prosecuting this case and obtaining the factual information that underpins this amendment – We have aggressively pursued discovery and are filing this Motion shortly after completing initial depositions, while discovery continues;

      2.  No trial date has been set;

      3.  No party has moved for summary judgment;

      4.  The parties sought to be added are either Defendants in other Standard Chartered cases or Defendants in the consolidated *Anwar* action;

      5.  The additional factual allegations arise from facts Headway has discovered from documents Defendants have produced and testimony taken from present and former Standard Chartered employees, and will not require any additional discovery that would not have been taken otherwise;

      6.  The new claims – Aiding and Abetting Breach of Fiduciary Duty against the Private Bank Defendants, Fraudulent and Negligent Misrepresentation against the Private Bank and FGG Defendants, and violations of Florida's Securities and Investor Act, Fla. Stat. §§ 517.011 - 517.32, ("FSIA") against the Private Bank and FGG Defendants – all are based on the same core of operative facts as the claims in the Original Complaint, which we have expanded to include information learned during discovery. The new claims will not require any additional discovery that would not have been taken otherwise.

2

In short, because there do not exist any of the very limited circumstances that might justify the Court's denying leave to amend, this Motion should be granted.

**III.   Argument**

      **A.   The Proposed Amended Complaint Refines the Existing Complaint and the Common Allegations on which Both are Based**

Headway's Original Complaint named several Defendants, organized into Defendant groups: the Private Bank and FGG Defendants, consisting of both the institutional and individual defendants, together with PricewaterhouseCoopers LLP ("PwC Canada") and Citco Fund Services (Europe) B.V. ("Citco FS"). The complaint contained three basic counts: Breach of Fiduciary Duty against the Private Bank and FGG Defendants; Negligence against the Private Bank and FGG Defendants, Citco FS, and PwC Canada; and Unjust Enrichment against the Private Bank and FGG Defendants.

These claims (as well as the additional claims presented by the amended complaint) all arise from a single, common nucleus of operative fact – the operation, promotion, and recommendation of the Fairfield Sentry and Sigma funds (the "Funds"), which unbeknownst to Headway, were mere feeder funds for the massive Ponzi scheme run by Bernard L. Madoff Investment Securities, LLC ("BLMIS").

The proposed Amended Complaint does three basic things:

    1.   It drops individual Private Bank Defendants Robert Friedman, Rodolfo Pages, John Dutkowski, Carlos Gadala-Maria, and Raul N. Mas, while clarifying the naming of the institutional Private Bank Defendants. In the Original Complaint, these parties were named as American Express Bank Ltd. d/b/a Standard Chartered Private Bank a/k/a Standard Chartered Bank International (Americas) Limited and Standard Chartered Bank. During the course of reviewing documents produced by the Private

3

Bank Defendants, Headway discovered additional information regarding the proper identity of these parties. The Amended Complaint seeks to properly identify the Private Bank defendants as SCBI, SCI, and SCB.

2.   It corrects an inadvertent mistake in identifying the PwC entities. In the Original Complaint, PwC Canada was named as the auditor for the Funds from 2003 to 2008, based on materials Headway received from the Private Bank Defendants. In reviewing documents produced by the Private Bank Defendants, Headway learned that there were two distinct member firms of PwC that served as auditors for the Funds during the relevant time period: PwC Canada and PwC Netherlands. The Amended Complaint clarifies and identifies PwC Netherlands as the Funds' auditor from 2003 to 2005, and PwC Canada as the Funds' auditor from 2006 to 2008.

3.   It adds four counts: Aiding and Abetting Breach of Fiduciary Duty against the Private Bank Defendants, Fraud and Negligent Misrepresentation against the Private Bank and FGG Defendants, and violations of the FSIA against the Private Bank and FGG Defendants.[3] All of these claims arise from the same conduct alleged in the Original Complaint, together with related conduct and representations revealed through discovery.

**B.      Leave to Amend Should be Freely Granted**

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." The established general rule is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

---

[3] Although Fla. Stat. § 95.11(4)(e) provides that the statute of limitations for a claim arising under the FSIA is one year from discovery and five years from the violation, the FSIA claims sought to be added in the Amended Complaint would relate back to the date of filing of the Original Complaint because they arise from the same conduct, transaction, or occurrence as the claims set out in the original complaint, as more fully discussed in Section III(D). *See* Fed. R. Civ. P. § 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644 (2005).

afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The burden rests on the party opposing amendment to justify denial.

Leave to amend a complaint should be granted "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. "A motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir. 1987). *Accord Abbatiello v. Monsanto Co.*, 571 F. Supp.2d 548, 552 (S.D.N.Y. 2008) (Marrero, J.). While the *Foman v. Davis,* factors are not an exclusive list of reasons that might justify denying a particular motion for leave to amend, they are universally regarded as the principal justifications, with prejudice to the opposing party considered the "most important." Wright, Miller, Kane & Marcus, 6 Fed. Prac. & Proc. Civ. § 1487 (3rd ed.), *cited in Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008). As demonstrated below, none are applicable here.

A motion to add a defendant is governed by Fed. R. Civ. P. 21. "Rule 21 states that a party may be added to an action 'at any time, on just terms.' In deciding whether to permit joinder, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (Marrero, J.).

### C.      There is no Basis to Deny this Motion to Amend

In this case, none of the factors cited in *Foman v. Davis* – nor any factors whatsoever – could justify denying this motion for leave to amend. There is absolutely no

5

indication of undue delay, bad faith, or dilatory motive. Further, there has been no previous amendment to Headway's Complaint, and amendment clearly would not be futile. In sum, there is not the merest hint of any prejudice that would befall the defendants from granting leave to amend.

### i.   Headway has acted expeditiously in all respects

As the Court is aware, Headway has actively and energetically sought discovery from the Defendants and has diligently prosecuted this action through the discovery phase, while facing determined opposition from the Private Bank Defendants at every step. Headway has acted promptly in reviewing documents the Defendants have produced and in seeking to amend its Complaint on account of newly-discovered facts.

This case is proceeding for pre-trial purposes in a forum that Headway did not choose – having been forced into MDL proceedings with the *Anwar* cases by the Private Bank Defendants – and the members of the Private Bank Plaintiffs' Steering Committee, all of whom represent different clients and come from different law firms and different parts of the country, have been required to come together, despite their lack of familiarity with one another, and forge a common approach to this litigation. Nonetheless, virtually the entirety of their complaints have survived a motion to dismiss. *See Anwar v. Fairfield Greenwich Group*, 745 F. Supp.2d 360 (S.D.N.Y. 2010).

Since receipt of the Private Bank Defendants' Answer,[4] Headway has conducted robust discovery, propounding extensive written requests, reviewing and analyzing

---

[4] As of the filing of this motion, only the Private Bank Defendants have answered Headway's Complaint. The remaining defendants, namely the FGG Defendants, PwC Canada, and Citco FS, have yet to respond to Headway's complaint in any way. Thus, Headway is entitled to amend its Complaint as to these defendants on notice, as a matter of right. *See* Fed. R. Civ. P. 15(a)(1); *Williams v. Savage*, 569 F. Supp.2d 99 (D.D.C. 2008) ("If there is more than one defendant, and not all have served responsive pleadings, plaintiff may amend complaint as a matter of course with regards to those defendants that have yet to answer.")

hundreds of thousands of pages of documents produced by the Private Bank and FGG Defendants,[5] and taking depositions, with more upcoming.

All the while, Headway has faced determined opposition from the Private Bank Defendants to everything but the narrowest scope of discovery. We will not belabor the point by cataloging the details of these disputes, but the Court will recall the numerous discovery conferences it has conducted, and the countless written communications it has received, on issues ranging from the Private Bank Defendants' obligation to search for documents in AEB's Geneva, Switzerland offices, to their demand that Plaintiffs not be allowed to take any depositions until the Court had ruled on all of their objections to producing documents. The Private Bank Defendants' zealous advocacy of their positions on discovery has caused Headway and the other Plaintiffs to spend substantial amounts of time and money on resolving the resulting disputes. Many of the Private Bank Defendants' positions ultimately have been rejected by the Court (although several remain unresolved as of this writing). But even as to Private Bank Defendants' objections that have not been resolved in Headway's favor, it cannot be said that Headway has acted other than in good faith in opposing the Private Bank Defendants' attempts to limit discovery and their discovery obligations

### ii.  Defendants will not suffer any legally cognizable prejudice from granting leave to amend

Given that Headway has proceeded with diligence and good faith, there is absolutely no basis for arguing that this Motion is in any way dilatory or made in bad faith. Therefore, unless the Defendants can demonstrate actual, substantial prejudice to them from granting this Motion, it should be granted. When the party opposing an

---

[5] The Private Bank and FGG Defendants are the only defendants that have produced any discovery to the Standard Chartered Plaintiffs in this case.

amended pleading will not be prejudiced by allowing the amendment, the fact that the amendment might delay the trial is of no consequence. Even bad-faith conduct by the movant is of no import when the amendment will not prejudice the opposing party. *Bridgeport Music*, 248 F.R.D. at 414.

The relevant factors "[i]n gauging prejudice . . . [include] whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). A court's discretion to deny leave to amend is thus limited to such compelling circumstances as: (1) an "amendment on the eve of trial [that] would result in new problems of proof," *State Teacher Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); (2) "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant," *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)[6]; or (3) where a motion to amend is made after judgment and would require new discovery and a new trial. *See Ruotolo*, 514 F.3d 184.

In this case, there is simply no reason to deny this motion – discovery is ongoing, there is no trial date yet, there have been no motions for summary judgment, and the Amended Complaint simply fills out the factual allegations made in the Original Complaint, corrects errors as to the proper identity of the Private Bank and PwC Defendants, drops the individual Private Bank Defendants, and adds claims that are mere extensions and elaborations of the claims raised in the Original Complaint.

---

[6] In *Cresswell*, the court denied a third motion for leave to amend, which the plaintiff filed more than six months after filing the second amended complaint and more than one month after responding to the defendant's motion for summary judgment. The only excuse given for the delay was that plaintiff's counsel was unaware of the statute underlying the amendment.

The additional factual allegations in the Amended Complaint would not impose any undue burden on the Private Bank defendants. Any additional discovery required from them – the only parties who have responded in any way to the Original Complaint – would be *de minimus*, because the new allegations are based entirely on documents they have produced and depositions of their former employees.

As to PwC Netherlands, there is absolutely no evidence of bad faith, dilatory motive, or prejudicial delay. PwC Netherlands was mistakenly omitted from the Original Complaint because the only way to discern exactly which PwC entity was listed as the auditor for the Funds in any given year was by reference to the address of the firm – the prominent PwC logo affixed to the top of the page listing the entity does not reveal which particular member firm was in fact responsible for the audit, or even whether PwC had an organizational structure comprised of member firms. Having done half of the audits in question, PwC Netherlands cannot credibly complain that it was unaware it was omitted by mistake from the Original Complaint, or that it would be joined as a party when that mistake was corrected. Moreover, PwC Netherlands always was on notice that it would be made a Defendant, because both PwC Netherlands and PwC Canada are Defendants in *Anwar*, which is based on the same underlying facts as this action.

Finally, the newly added counts – Aiding and Abetting Breach of Fiduciary Duty against the Private Bank Defendants, Fraudulent and Negligent Misrepresentation against the Private Bank and FGG Defendants, and violations of FSIA against the Private Bank and FGG Defendants, are based on the same common nucleus of operative fact as the Original Complaint. These claims simply reflect knowledge gained from discovery – namely the material misrepresentations and omissions of the Private Bank and FGG

Defendants. Further, the addition of these claims should not come as a surprise to the Private Bank Defendants, as other Private Bank Plaintiffs, including *Maridom*, asserted claims for fraud and aiding and abetting breaches of fiduciary duty in their original complaints, and those claims were predominantly upheld by the Court in ruling on Standard Chartered's motion to dismiss. The added claims for violations of the FSIA should come as no surprise either. It goes without saying that the shares in the Funds that the Private Bank Defendants sold to Headway were securities, and reining in improper conduct in the sale of securities is the reason why state securities laws exist.

Under these circumstances, therefore, the addition of new factual allegations, defendants, and claims will have absolutely no prejudicial effect whatsoever on the Private Bank Defendants. The Amended Complaint is simply an elaboration of the Original Complaint, fortified with facts learned during the course of discovery and claims that arise from those facts. As Judge Marrero has stated, "federal courts have consistently granted motions to amend where, as here, 'it appears that new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier proceedings.'" *Xpressions Footwear Corp. v. Peters*, 1995 WL 758761, at *2 (S.D.N.Y. 1995) (citing *Bridgeport Music*, 248 F.R.D. at 415). *See also Fluor*, 654 F. 2d at 856 (reversing denial of leave to amend filed promptly after learning new facts, where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants," and where "the amendment will not involve a great deal of additional discovery.").

**D.      The Claims Against SCI Relate Back to the Date of Filing the Original Complaint, as do the FSIA Claims Against the Private Bank and FGG Defendants**

Because the claims against SCI arise out of the same conduct, transaction, or occurrence as the claims against the other Private Bank Defendants, SCI had constructive notice of those claims, and because SCI was omitted from the Original Complaint due to an inadvertent mistake --  Headway understandably having been less than fully aware of the Private Bank entities' corporate structure when this action commenced --  the claims against SCI relate back to the date of filing the Original Complaint. Moreover, the FSIA claims also relate back, because these claims arise out of the same conduct, transaction, or occurrence as the claims alleged against these parties in the Original Complaint.

Under Fed. R. Civ. P. § 15(c)(1)(C) (2011), an amended complaint will "relate back" to the filing of the original complaint in certain circumstances:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
        (A) the law that provides the applicable statute of limitations allows relation back;
        (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
        (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
                (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
                (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Interpreting Rule 15, the Second Circuit Court of Appeal has held:

There are thus three requirements that must be met before an amended complaint that names a new party can be deemed to relate back to the original timely complaint. First, both complaints must arise out of the

11

same conduct, transaction, or occurrence. Second, the additional defendant must have been omitted from the original complaint by mistake. Third, the additional defendant must not be prejudiced by the delay.

*VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir. 2001). This Court, citing Supreme Court precedent, has stated:

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the pre-scribed limitations period.

*William H. McGee & Co. v. M/V Ming Plenty*, 164 F.R.D. 601, 604-605 (S.D.N.Y. 1995) (citing *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)); s*ee In re Alstom SA*, 406 F. Supp.2d 402 (S.D.N.Y. 2005); *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp.2d 372, 428 (S.D.N.Y. 2010).

### i.   The claims against SCI arise out of the very same conduct underlying the claims against the other Private Bank Defendants in the Original Complaint

Under Fed. R. Civ. P. 15(c)(1)(C), an amended pleading will relate back to the date of filing the original claim "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644, 645 (2005).

The claims Headway seeks to assert against SCI – the very claims asserted against the rest of the Private Bank Defendants – arise out of precisely the same conduct underlying the amended and original claims against the Private Bank Defendants. Thus the first element of the Rule 15 analysis is wholly satisfied.

ii. **SCI had notice of the claims against it by virtue of (1) its relationship with the other Private Bank Defendants, (2) the focus on SCI and its employees in discovery, and (3) its inclusion in other Steering Committee Plaintiffs' actions**

In determining whether the party to be named in the amended pleading has had sufficient notice to allow for the amendment to relate back, courts have developed the concept of "identity of interest" test. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *In re Color Tile, Inc.,* 316 B.R. 621, 627 (D. Del. 2004) (citing *Garvin v. City of Philadelphia*, 354 F.3d 215, 222-23 (3d Cir. 2003)). *See also E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F. Supp. 310 (D. Del. 1985) (notice of litigation served on a parent corporation was sufficient to impart notice to subsidiary for purposes of amended pleading relating back to filing date of original pleading).

Moreover, a "[p]laintiff *need not* show that two corporations are in a parent and subsidiary relationship," so long as they are closely related in their business operations. *Swann Oil Co. v. M/S Vassilis*, 91 F.R.D. 267, 269 (E.D.N.C. 1981) (emphasis added). Another court of this District recently held that "a defendant need not have received formal notice in the form of a summons and complaint for the relation-back doctrine to apply; it is sufficient that such notice occur through informal means." *Baez v. JetBlue Airways*, 745 F. Supp.2d 214, 222 (E.D.N.Y. 2010).

In this case, three factors demonstrate that SCI had the requisite notice: (1) SCI's relationship with the other Private Bank Defendants; and (2) the fact that discovery has

been focused on SCI and SCI employees; and (3) the fact that other Steering Committee

Plaintiffs, including *Maridom*, included SCI as a Defendant in their actions.[7]

First, as an inextricably related component of the Private Bank Defendants, SCI

had constructive notice of the claims against SCBI and SCB. Second, discovery in this

action has primarily been focused on SCI and its employees. Depositions of four SCI

employees have been taken (with more upcoming), and SCI has produced thousands of

entity-specific documents during discovery. Finally, other Plaintiffs in the Steering

Committee, including Maridom, have included SCI in their actions, based on the same

conduct. SCI always had clear, unambiguous notice of Headway's claims.

### iii. SCI was omitted from the original complaint by mistake, not as a tactical or strategic decision, and as such, the amendment relates back to the date of filing of the original complaint

"[A] court will deem that a mistake under Rule 15(c)(3) occurred if the plaintiff

intended to sue certain participants, but misidentified or misnamed them in the original

complaint. On the other hand, the Court will not find a mistake when a plaintiff, with full

knowledge of all potential defendants, made a tactical decision to pursue a particular

defendant in lieu of another." *Collins v. Wal-mart, Inc.*, 245 F.R.D. 503 (D. Kan. 2007).

In this case, the fact that SCI was left out of the original complaint was not a

tactical or strategic decision, but an inadvertent mistake. Only through the course of

discovery did Headway learn facts that allowed it to distinguish between the various

American Express and Standard Chartered entities, both pre- and post-acquisition, thus

leading to the conclusion that SCI had been inadvertently left out of the Original

---

[7] Headway also notes that in the Original Complaint, we misidentified American Express Bank Ltd (SCI) as doing business as Standard Chartered Bank (International), Ltd. (SCBI). SCBI answered Headway's Original Complaint, SCI did not. Upon review of the documents produced in discovery and the testimony elicited during depositions, the distinction between the two entities became more clear.

Complaint. Because the omission of SCI was due to a mistake, and was not a conscious decision, the Court should allow the addition of SCI in the Amended Complaint to relate back to the date of filing of the Original Complaint.

Accordingly, because the claims against SCI are based on the same conduct underlying claims against the other Private Bank Defendants in the Original Complaint, SCI had notice of the claims Headway now seeks to assert, and because SCI was omitted from the Original Complaint due to a misidentification and not any sort of tactical decision, the claims against SCI relate back to the Original Complaint's filing date.

### iv. The FSIA claim relates back to the date of the filing of the Original Complaint because it arises out of the same conduct, transaction, or occurrence set forth in the Original Complaint

For the reasons explained above, the FSIA claims against the Private Bank and FGG Defendants arise out of the exact same conduct underlying the claims alleged in the Original Complaint. Specifically, the underlying allegations that relate to the FSIA claims arise out of the sale to Headway of bogus investments by the Private Bank and FGG Defendants, which precipitated Headway's original filing. Thus, pursuant to Rule 15(c)(1)(C), these claims relate back to the date of filing of the Original Complaint.

## IV. Conclusion

There is no rational basis for denying Headway's motion for leave to amend. Headway has acted at all times in good faith, and there is no evidence of dilatory motive or that granting this motion will cause an inordinate delay or any legally cognizable prejudice to the Private Bank, FGG or PwC defendants. Further, the FSIA claim as well as the claims against SCI relate back to the date of filing of the Original Complaint. In sum, for all the foregoing reasons, this Motion should be granted.

Dated: March 16, 2012

Respectfully submitted,

                                    RIVERO MESTRE LLP
                                    Attorneys for Headway Investment Corp.
                                    2525 Ponce de Leon Boulevard
                                    Suite 1000
                                    Miami, Florida 33134
                                    Telephone:  (305) 445-2500
                                    Fax: (305) 445-2505
                                    Email: jmestre@riveromestre.com

                            By:       /s/ Jorge A. Mestre_____
                                      JORGE A. MESTRE
                                      Fla. Bar No. 088145
                                      ALAN H. ROLNICK
                                      Fla. Bar No. 715085
                                      ERIMAR VON DER OSTEN
                                      Fla. Bar No. 028786

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 16, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail.

                         By:       /s/ Jorge A. Mestre_____
                                  Jorge A. Mestre

16

| | |
|---|---|
| Sullivan & Cromwell LLP<br>New York, New York<br>Attorneys for Private Bank Defendants<br><br>Sharon L. Nelles: Nelless@sullcrom.com | Simpson Thacher & Bartlett LLP<br>New York, New York<br>Attorneys for FGG Defendants<br><br>Peter E. Kazanoff: pkazanoff@stblaw.com |
| Greenberg Traurig, P.A.<br>Miami, Florida<br>Attorneys for Individual FGG Defendants, Standard Chartered Bank International (Americas) Limited and Standard Chartered PLC<br><br>Ricardo Alejandro Gonzalez: gonzalezr@gtlaw.com | Brown & Heller<br>Miami, Florida<br>Attorneys for CITCO Fund Services (Europe) B.V.<br><br>Amanda McGovern: amcgovern@ghblaw.com |
| The Brodsky Law Firm<br>Miami, Florida<br>Attorneys for Maridom Ltd., Caribetrans, S.A., And Abbot Capital, Inc.<br><br>Richard E. Brodsky:<br>rbrodsky@thebrodskylawfirm.com | Curran & Associates<br>Miami, Florida<br>Attorneys for Ricardo Lopez, Jorge Asensio, Auburn Overseas Corp., Interland Investments Corp., Iston Holding Limited, Nemagus Ltd., Moises Lou-Martinez, New Horizon Development Inc., Alberto Perez, Ramiro Rendiles, Reinaldo Ruiz , Salcar Limited, Triple R Holdings Ltd., The Five Stars Financial Group Ltd., Vilebens, S.L., Velvor, S.A., 5C Investments Ltd., Archangel Resources Limited, Apple Trading Limited, Bahia Del Rio, S.A., Blount International, S.A. and Esther Diaz de Camara<br><br>Laurence E. Curran III:  lecurran@lecurran.com |
| Dimond Kaplan & Rothstein, P.A.<br>Miami, Florida<br>Attorneys for Pujals<br><br>Robert Linkin: RLinkin@dkrpa.com | Jones & Adams<br>Miami, Florida<br>Attorneys for Almiron and Carrillo<br><br>Matthew Jones: matthew@jones-adams.com |
| Sonn Erez, PLC<br>Fort Lauderdale, Florida<br>Attorneys for Saca, Lancaster Overseas, Ltd., and Dieka, S.A. de C.V.<br><br>Jeffrey Erez: jerez@sonnerez.com | de la O Marko Magolnick & Leyton PA<br> Miami, Florida<br>Attorneys for Gerico, de Rivera<br><br>Joel S. Magolnick: magolnick@dmmllaw.com |
| Kachroo Legal Services, P.C.<br>Cambrudge, Massachusetts<br>Attorneys for Caso<br><br>Gaytri D. Kachroo:  gkachroo@kachroolegal.com | Aguirre Morris and Severson<br>San Diego, California<br>Attorneys for Marka Akriby Valladolid<br><br>Maria Severson: mseverson@amslawyers.com |
| Katz Barron Squitero Faust<br>Miami, Florida<br>Attorneys for Joaquina Teresa Barbachano Herrero<br><br>Marissa C. Corda: MCC@katzbarron.com | Kirkland & Ellis LLP<br>New York, New York<br>Attorneys for Pricewaterhousecoopers L.L.P.<br><br>Andrew M. Genser: agenser@kirkland.com<br>Timothy A. Duffy: tim.duffy@kirkland.com |

| | |
|---|---|
| Wolf Popper LLP<br>New York, NY 10022<br>Attorneys for Pacific West Health Medical Center Inc.<br>Employees Retirement Trust<br><br>James A. Harrod: jharrod@wolfpopper.com | Lovell Stewart Halebian Jacobson, LLP<br>New York, NY 10006<br>Attorneys for Pasha S. Anwar<br><br>Victor E. Stewart: victornj@ix.netcom.com |
| Alan Rolnick<br>Studio City, CA  91604<br><br>Attorneys for Headway Investment Corp.<br><br>Alan Rolnick: ahrolnick@aol.com | White & Case LLP (NY)<br>New York, New York<br>Attorneys for Walter Noel, Jr.<br><br>Glenn Kurtz: gkurtz@whitecase.com |
| Hughes Hubbard & Reed LLP (NY)<br>New York, New York<br><br>Attorneys for PricewaterhouseCoopers Accountants<br>Netherlands N.V.<br><br>Gabriel Sean Marshall:  marshallg@hugheshubbard.com<br>Sarah Loomis Cave:  cave@hugheshubbard.com<br>William R. Maguire:  Maguire@hugheshubbard.com | Dechert, LLP (NYC)<br>New York, New York<br><br>Attorneys for Andres Piedrahita<br><br>Andrew J. Lavender:<br>andrew.levander@dechert.com |
| Kasowitz, Benson, Torres & Friedman, LLP (NYC)<br>New York, New York<br><br>Attorneys for Jeffrey Tucker<br><br>Adam K. Grant: agrant@kasowitz.com | Debevoise & Plimpton, LLP (NYC)<br>New York, New York<br><br>Attorneys for Helen Virginia Cantwell<br><br>Helen Virginia Cantwell:<br>hvcantwell@debevoise.com |