# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 22, 2012



By Facsimile

Honorable Theodore H. Katz,
   United States Magistrate Judge,
      Daniel Patrick Moynihan United States Courthouse,
      500 Pearl Street,
         New York, New York 10007.

      Re:   *Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*,
           No. 09-CV-118 (VM) (THK) — Standard Chartered Cases

Dear Judge Katz:

      We write on behalf of Standard Chartered Bank International (Americas) Ltd. ("SCBI"), Standard Chartered International (USA) Ltd. ("SCI"), and Standard Chartered Bank (together, "Standard Chartered") concerning the March 16, 2012 motion for leave to file an amended complaint filed by the plaintiff in *Headway Investment Corp.* v. *Standard Chartered Bank International (Americas) Ltd., et al.* ("*Headway*").

      The *Headway* plaintiff's motion is the third motion for leave to amend recently filed by plaintiffs in the Standard Chartered Cases. The first motion was filed by plaintiffs in *Maridom, et al.* v. *Standard Chartered Bank International (Americas) Ltd.* ("*Maridom*") on February 9, seeking leave to amend the complaint for a second time. (Dkt. No. 815.) Standard Chartered has opposed that motion on procedural as well as substantive grounds. (Dkt. No. 825.) The second motion was filed on March 7, by plaintiffs in *Barbachano* v. *Standard Chartered Bank International (Americas) Ltd., et al.* ("*Barbachano*"). By letter dated March 14, 2012, Standard Chartered asked the Court to defer the time to respond to that motion until after the Court rules on the motion pending

Honorable Theodore H. Katz -2-

in *Maridom*.[1] Indeed, *Maridom* plaintiffs warned in their motion papers that "other Standard Chartered Plaintiffs will likewise move to amend their complaints, and that some if not all will seek to adopt the main substantive allegations against the Defendants to the extent that [they] apply equally to their own cases." (Dkt. No. 815, 7 n.4.)[2] Thus, more motions to amend are likely forthcoming.

Because all of these motion raise, at least, procedural issues already under consideration by the Court in connection with *Maridom* plaintiffs' motion (in particular whether such motions are procedurally proper at this time), in the interest of efficiency, Standard Chartered respectfully requests that the Court defer the time to respond to all motions for leave to amend filed after *Maridom*'s February 9 motion until after the Court has had an opportunity to rule on Standard Chartered's objections to *Maridom*'s proposed amendment. Standard Chartered anticipates that the Court's ruling on the *Maridom*

---

[1] The Court has not yet ruled on Standard Chartered's request. By letter dated March 19, 2012, plaintiff in *Barbachano* argued that the Court should not defer the time to respond because she – unlike the plaintiffs in *Maridom* – has an "absolute right to amend" her pleading under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. That is not true. The "amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). By ordering the parties to refrain from engaging in "duplicative . . . pleading practice on matters already considered," the Court thus placed limits on the ability of plaintiffs to amend their pleadings after the point in time when the Court has ruled on earlier-filed pleadings. (Feb. 3, 2011 Second Amended Scheduling Order Regarding Standard Chartered Cases ¶ 15, Dkt. No. 609.)

[2] On March 1, Standard Chartered filed its brief in opposition to the *Maridom* plaintiffs' motion. (Dkt. No. 825.) Standard Chartered opposed the *Maridom* plaintiffs' request because (i) the Court-ordered deadline for the *Maridom* plaintiffs to amend has expired; (ii) the proposed pleading is duplicative of claims considered and dismissed in prior orders; and (iii) the proposed amendments are futile. (*Id.*)

Honorable Theodore H. Katz                                                          -3-

plaintiffs' motion for leave to amend may provide guidance to the parties and potentially eliminate the need to respond to later-filed motions seeking leave to amend pleadings.[3]

Respectfully submitted,

*Bradley P. Smith*

Bradley P. Smith

cc:   H. Eugene Lindsey III, Esq.
      Jorge A. Mestre, Esq.
      (by facsimile and e-mail)

      Standard Chartered Plaintiffs' Steering Committee
      (by e-mail)

> Standard Chartered's opposition to the motions to amend in the Headway and Barbachano actions may be deferred until the Court rules on the motion to amend in the Mandarin action. Standard Chartered should be prepared, however, to file its response to the motions expeditiously.

3/27/12

**SO ORDERED**

*Theodore H. Katz*
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

---

[3]   Should this Court determine that amended pleadings may be filed at this juncture in the litigation, Standard Chartered would anticipate asking that the Court set a deadline for any further motions to amend and set a schedule for Standard Chartered to oppose such motions or move against any amended complaints.