

Rivero Mestre LLP
2525 Ponce de Leon Blvd.
Suite 1000
Miami, Florida 33134
T 305.445.2500
F 305.445.2505
www.riveromestre.com

March 23, 2012

*By fax*

Honorable Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:   *Anwar, et al. v. Fairfield Greenwich Limited, et al.,*
           09-cv-118 (VM)(THK)
           **Standard Chartered Cases**

Dear Judge Katz:

    I write on behalf of Plaintiff Headway Investment Corporation ("Headway") to request the Court's protection from the Standard Chartered Defendants' notice of deposition of two Headway officers who have no unique or superior knowledge regarding the facts in this case, and two non-party witnesses who are neither officers nor directors of Headway.[1]

    On March 3, 2012, Standard Chartered (the "Bank") served on Headway a notice of four depositions. The four individuals the Bank seeks to depose on notice include: (1) Adan Arturo Illueca Herrando, Headway's president, noticed for March 29, 2012; (2) Julio Grande Andres, Headway's vice-president, noticed for April 4, 2012; (3) Julio Grande Rodriguez, noticed for April 2, 2012; and (4) Ofelia Grande de Andres, noticed for April 3, 2012.[2] All four putative witnesses live abroad. Mr. Illueca Herrando is a resident and citizen of Panama, while the other three putative witnesses, who are the brother-in-law, niece, and nephew of German Sanchez, Headway's recently deceased controlling shareholder, all are residents and citizens of Spain.

---

[1] A copy of the Standard Chartered Defendants' Third Notice of Depositions is attached as Exhibit 1.

[2] The Bank unilaterally purported to schedule these depositions. In its transmittal email, the Bank's counsel did offer to reschedule the depositions in light of the parties' and witnesses' respective schedules. Since all four witnesses live abroad, if the Court were to deny Headway's request for a protective order, we would ask that any depositions be rescheduled for mutually available dates.

Hon. Theodore H. Katz
March 23, 2012
Page - 2 -

      Mr. Illueca Herrando and Mr. Grande Andres have no knowledge (let alone unique or superior knowledge) regarding the facts of this case. As Headway's President and Vice-President, they may not be deposed unless and until the Bank can satisfy the Apex deposition standard by showing that discovery from other Headway representatives left critical gaps in the factual record, a showing the Bank has not even attempted to make. Although the Bank's harassment of the late Mr. Sanchez might have suggested unawareness of the Apex deposition doctrine, the Bank is well aware of it, but evidently thinks it applies only to its own officers. *See* letter to the Court from Diane L. McGimsey, Esq., dated February 27, 2012, seeking a protective order as to Plaintiffs' notice of Bank CEO Richard Holmes' deposition (which the Court granted).

      As for the other two purported deponents, Ms. Ofelia Grande de Andres has never been an officer, director or employee of Headway, and may not be deposed on notice to Headway. Her father, Mr. Grande Rodriguez, has not been an officer or director of Headway since 2002, months before the Bank induced Headway's initial investment in the bogus Fairfield Funds. Their only connection to this case is the fact that they have signatory power (which has never been used) on Headway's accounts with the Bank. As such, Headway is under no obligation to attempt to produce Mr. Grande Rodriguez or Ms. Ofelia Grande de Andres for deposition.[3] This letter need not and does not further address the Bank's purported notice of these non-parties' depositions, which should be deemed a nullity.

      It is necessary, however, to further address the Bank's improper notice of deposition regarding the two Headway officers. The factual record in this case does not suggest that Mr. Illueca Herrando or Mr. Grande Andres have "any unique or superior knowledge of any issues of relevance in this lawsuit."[4] In fact, it does the opposite. Out of all the documents produced by

---

[3] As a courtesy, Headway informs the Bank that it has no obligation to produce non-parties Julio Grande Rodriguez or Ofelia Grande de Andres on the noticed dates. They are non-parties living in Spain who have no relationship with Headway other than being family members of its former controlling shareholder and possessing (unused) signatory power as to Headway's Bank accounts.

[4] Counsel for the Bank should find this sentence familiar, as we are quoting from Ms. McGimsey's February 27, 2012 letter seeking a protective order against the noticed deposition of Richard Holmes, the former President, Chairman, and CEO of American Express Bank Limited, and the current CEO, UK and Europe, of Standard Chartered Bank. On March 7, 2012, this Court granted that protective order, without prejudice, despite evidence that Mr. Holmes was present and involved in the meeting where the Bank approved sales of the Sentry Fund. In sharp contrast, there is nothing in the record to establish that Mr. Illueca Herrando and Mr. Grande Andres played any role in any decisions relevant to this case, let alone that they might have any unique or special knowledge of material facts.

Headway and the Bank, there are none that support any assertion that Mr. Illueca Herrando and Mr. Grande Andres have any unique or superior knowledge regarding material facts. As such, the Court should grant Headway's request for a protective order. *See Consol. Rail Corp. v. Primary Indus. Corp.*, 1993 WL 364471, at *1 (S.D.N.Y. 1993) (court deferred any depositions of senior executives "until it [is] determined that they have some unique knowledge pertinent to the issues in these cases."); *see also Malletier v. Dooney & Bourke, Inc.*, 2006 WL 3476735, at *12 (S.D.N.Y., 2006) ("[T]he courts have agreed that if a party seeks to depose a very senior official of an adversary entity, the adversary may obtain an order vacating the deposition notice if it can demonstrate that the proposed deponent has no personal knowledge of the relevant facts and no unique knowledge of those facts.")

"When considering whether to allow the deposition of a corporate executive, courts consider the likelihood that the individual possesses relevant knowledge and whether another source could provide identical information." *See Treppel v. Biovail Corp.*, No. 03-Civ-3002, 2006 WL 468314, at *2 (S.D.N.Y. 2006). Here, "another source" has already provided identical information. As the Court is aware, the Bank struggled mightily to avoid characterizing its March 13, 2012 deposition of Carlos Gonzalez as a Rule 30(b)(6) deposition of Headway, despite it having been exactly that. Mr. Gonzalez is Headway's "control person"(to use the Bank's preferred term) and its authorized representative. Almost all of his deposition was devoted to his activities on behalf of Headway, despite the Bank's purported goal of deposing him only as the corporate representative of non-party Cyma Group, Inc ("Cyma"). Semantics aside, it is undeniable that a substantial portion of the questions the Bank asked Mr. Gonzalez dealt with *what Headway did*, and none of his testimony remotely suggested that he lacked any knowledge of the material facts herein.

In his deposition, Mr. Gonzalez confirmed what Headway asserted and the Bank always knew, that as Mr. Sanchez' designated representative, Mr. Gonzalez handled Headway's daily affairs, was the Headway representative with whom the Bank met, and the one to whom they touted and sold these bogus investments. Moreover, Mr. Gonzalez' testimony also demonstrated that the Headway officers and directors, including Mr. Herrando and Mr. Grande Andres, had no role in making or maintaining, and knew nothing about, Headway's different investments, including its ill-fated investment in the Fairfield Funds.[5]

---

[5] Headway has designated the March 13, 2012 Deposition of Carlos Gonzalez as confidential in accordance with the Court's February 3, 2011 Stipulation and Order Governing

Hon. Theodore H. Katz
March 23, 2012
Page - 4 -

The Bank may argue that it has the power to notice the depositions of Headway's officers in accordance with Fed. R. Civ. P. 30(b)(1). While this may literally be true, it does not relieve the Bank of its burden to satisfy the standard for taking an Apex deposition. Moreover, because of the Bank's dogged refusal to notice a Headway Rule 30(b)(6) deposition, the Bank should not now be heard to complain that it had no opportunity to obtain relevant information by deposing a non-officer (which it in fact has done, despite refusing to admit it).[6] The evidence in this case ineluctably leads to the conclusion that Mr. Illueca Herrando and Mr. Grande Andres have no personal knowledge of the relevant facts, much less any "unique and superior" knowledge of such facts. *See Malletier*, 2006 WL 3476735 at 12.[7]

The Bank knows all this, and almost certainly knew it before this action ever was filed, because of its long-standing relationship with Headway through Mr. Gonzalez. Even if it didn't, the wealth of documents and testimony herein establish no basis for the Bank's continuing harassment of Headway, through a demand for meaningless, burdensome, and costly depositions of officers who live abroad and have no knowledge of facts material to this case. Rule 26(c)(1) supports issuance of "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In making that determination, "the likelihood of harassment . . . [is a] factor to be considered in deciding whether to allow discovery of corporate executives.'" *Lin v. Benihana Nat'l Corp.*, 2010 WL 4007282, at *2 (S.D.N.Y. 2010) (quoting *General Star Indem. Co. v. Platinum Indem., Ltd.*, 201 F.R.D. 80. 83 (S.D.N.Y. 2002)). Good cause exists here.

For all these reasons, Headway respectfully requests issuance of a protective order or its equivalent to prevent the Bank from misusing the

---

Confidentiality of Discovery Material for the Standard Chartered Cases. If the Court requests specific instances of Mr. Gonzalez' testimony, Headway will provide transcripts of that testimony under seal.

[6] As the Court is aware, in permitting the Bank's deposition of Mr. Gonzalez solely in his capacity as Cyma's corporate representative, over Headway's objection that the door might remain open to a demand for his deposition as Headway's most knowledgeable corporate representative, the Court also ruled that it "assumes that Mr. Gonzales will be deposed only one time." *See* March 8, 2012 Letter from D. McGimsey to Judge Katz, Endorsed March 9, 2012. Consequently, the Bank may not further depose the most knowledgeable Headway representative and, in actual fact, seems desperate to depose Headway representatives *who are not knowledgeable*, which the law neither requires not permits.

[7] We note that the Bank did not provide an affidavit from Richard Holmes attesting to his "lack of" unique or superior knowledge. If need be, Headway will provide affidavits from Mr. Illueca Herrando and Mr. Grande Andres demonstrating their lack of knowledge regarding the material facts of this case.

rules of Court for the purpose of harassment, and to prevent the Bank from taking any of the four depositions it has noticed.

Yours truly,

For Alan H. Rolnick
Counsel for Headway Investment Corporation

cc: Sharon Nelles, Esq. (by email)
Bradley P. Smith, Esq. (by email)
Members of the Plaintiffs' Steering Committee (by email)

> On the representation that neither Mr. Grande Rodriguez nor Ms. Grande de Andres possessed any general responsibilities regarding the matters in this litigation and did not exercise any control over Headway's investment activities, and on the assumption that they will not offer either written or live testimony in this action, they need not appear for deposition.
>
> If Mr. Hernando and Mr. Andres had no involvement in Headway's investment decisions, including the decision to invest in Fairfry, were not consulted for Headway's investment decisions, and were not advised about Headway's investment decisions, they shall so state in a sworn affidavit and need not appear for deposition.

Q460.01\CORRES\LTR J. KATZ 03.23.12

**SO ORDERED**
3/30/12

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE