UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
ANWAR, *et al.*                                                    )
                                                                              )
                                                                              )
                                            Plaintiffs,        )         Case No:  09-CV-118 (VM)
                                                                              )
            v.                                                            )         ECF Case
                                                                              )
FAIRFIELD GREENWICH LIMITED, *et al.*,   )
                                                                              )
                                            Defendants.     )
                                                                              )
This filing relates to *Headway Investment Corp.*      )
*v. Standard Chartered Bank Int'l (Americas), Ltd.,* )
*et al.*                                                                  )
_____)

**PRICEWATERHOUSECOOPERS LLP'S OPPOSITION TO HEADWAY INVESTMENT CORPORATION'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Headway Investment Corporation's motion for leave to amend its complaint should be denied.[1]  Among other things, Headway's proposed amended complaint seeks to add PricewaterhouseCoopers N.V. ("PwC Netherlands") as a defendant and add claims against various Fairfield Greenwich defendants.  But Headway has no right to pursue any claims except those against the Standard Chartered defendants.  All of its claims against the non-Standard Chartered defendants, including any claims against PwC Canada, are proceeding in the *Anwar* case.  Headway offers no justification for prosecuting separate claims against PwC Canada, much less for attempting to do so three years after the Court's Orders precluding such efforts.  ***First***, Headway has never even served PwC Canada with any complaint, and its failure to take any action in this regard should preclude any motion to amend (or otherwise prosecute claims separate from *Anwar*).

---

[1] PricewaterhouseCoopers LLP ("PwC Canada"), in submitting this opposition, preserves all rights and defenses, including any defense it may have to the personal jurisdiction or subject matter jurisdiction of the District Court for the Southern District of Florida, and does not waive service of process.  PwC Canada, by submitting this opposition, does not intend to make an appearance in any action separate and apart from the *Anwar* consolidated action.

***Second***, Headway's motion fails to demonstrate any basis for amending its complaint to reflect information that has been readily available to Headway for years. ***Third***, even if Headway is permitted to amend its complaint against PwC Canada, the Court should clarify that PwC Canada (and the other defendants in *Anwar*) need not answer or otherwise respond to the amended complaint either prior to being served or during the pendency of *Anwar*.

## BACKGROUND

The *Anwar* complaint was removed to this Court on January 7, 2009. (*Anwar* Dkt. #1, 1/7/09 Notice of Removal)  After several related cases were consolidated with *Anwar*, on January 30, 2009, the Court entered an order finding "that it would be appropriate to consolidate with the Anwar Consolidated Action any additional related actions filed in or transferred to this Court . . . for pre-trial and trial purposes and also to provide for an organization of Plaintiffs' counsel to coordinate the efforts of counsel in the Consolidated Action." (Dkt. # 40, 1/30/09 Order at 2)  On March 11, 2009, the Court entered its Civil Case Management Plan and Scheduling Order in the consolidated *Anwar* action.  The order provided that "[a]ll subsequently filed or transferred cases…concerning losses by or on behalf of Fairfield Greenwich investors arising from or relating to the facts and claims alleged in the Consolidated Action…shall be consolidated, for all purposes, with Consolidated Action." (Dkt. #69, 3/11/09 Order at 2)  The order stated that "Defendants shall respond only to the Consolidated Amended Complaint; no response by Defendants is due to any individual complaints that are consolidated into the Consolidated Action." (*Id*. at 3)

On April 6, 2009, Headway, a Fairfield Sentry investor since 2003, filed its initial complaint in Florida state court.  The complaint alleged that Standard Chartered Bank and several related individuals and entities involved in managing Headway's funds breached their fiduciary duties to Headway by recommending that Headway invest in Fairfield Sentry despite not having performed adequate diligence on the fund.  The complaint also named as defendants Fairfield Greenwich

2

Group and various related individuals and entities, Citco Fund Services (Europe), B.V., and PwC Canada, asserting negligence and related claims.

The case was removed to the United States District Court for the Southern District of Florida on May 22, 2009. On June 19, 2009, Fairfield Greenwich Advisors LLC filed a motion with the Judicial Panel on Multidistrict Litigation to transfer the Headway case to this Court for consolidation with *Anwar* and other related actions. The motion asserted that consolidation was warranted because "*Headway* and *Anwar* involve numerous 'common questions of fact,'" and that "[t]he *Headway* plaintiff is already part of the putative *Anwar* class," as well as the putative class in the already-consolidated case of *Bhatia, et al. v. Standard Chartered Int'l (USA) Ltd., et al.*, 09-CV-2410. (Dkt. #170-1, 6/18/09 Mot. to Transfer, at ¶¶ 2-3) Although Headway argued (unsuccessfully) that its claims against the Standard Chartered defendants should be severed and retained by the Florida courts, it conceded that consolidation of its claims against the other defendants, including PwC Canada, was appropriate. (Ex. A, 7/16/09 Resp. at 2) On October 14, 2009, this Court ordered that the *Headway* case be consolidated with *Anwar*. (Dkt. #282)

At no point did Headway serve summons and the complaint on PwC Canada or provide an excuse for its failure to do so. On December 30, 2009, more than eight months after filing the complaint, Headway's counsel wrote to the Court seeking "a 120-day extension to serve process on the defendants in *Headway* who have not yet been served." (Dkt. #374, 1/5/10 Endorsed 12/30/09 J. Mestre Ltr. at 1) Headway noted that it "needs to serve its Complaint (as opposed to the Second Amended Consolidated Complaint in *Anwar*) to foreclose any potential challenge upon remand by [any] yet unserved defendants that they are not subject to the jurisdiction of the Southern District of Florida or were otherwise not properly served." (*Id*. at 2) On January 5, 2010, the Court responded: "The Court sees no reason why it should take an additional 120 days to resolve service

3

issues, and no justification has been provided. Service issues should be resolved by March 5, 2010." (*Id.*)

On March 5, 2010, Headway's counsel again wrote to the Court, requesting a 60-day extension to effect service of summons on several foreign defendants, including PwC Canada. The letter noted that PwC Canada did not agree to waive service, and that Headway's "application for service made to Canadian authorities is presently outstanding." (Dkt. #395, 3/10/10 Endorsed 3/5/10 P. Dans Ltr. at 2)  The Court ordered:  "Service issues must be resolved by May 10, 2010." (*Id.*)  But May 10, 2010 came and went without any response from Headway. To this day, PwC Canada has never been served with summons in the Headway action. As Headway concedes in its motion, and consistent with this Court's March 3, 2009 Order specifying that the defendants in *Anwar* need not respond to other complaints, only the Standard Chartered defendants have answered Headway's complaint; PwC Canada, Citco, and the Fairfield defendants have never answered or otherwise responded to the *Headway* complaint. (Dkt. #838, 3/16/12 Mot. at 6 n.4)

Neither Headway's original or proposed amended complaint alleges any involvement by PwC Canada unique to either Headway itself or to the Standard Chartered defendants. Put another way, any potential claims by Headway against PwC Canada are indistinguishable from the potential claims of any investor in any of the Fairfield Greenwich funds. Any litigation against PwC Canada spearheaded by Headway would be no different in scope than the *Anwar* litigation.

## ARGUMENT

**I.    Headway's Failure to Serve PwC Canada Bars Its Motion to Amend and Warrants Dismissal of any Claims Against PwC Canada.**

In the ***three years*** since this action commenced, Headway has made no apparent effort to effect service on PwC Canada. After Headway failed to effect service in the first year that the action was pending, the Court imposed a reasonable deadline of May 10, 2010 to effect service on

foreign defendants, but Headway still did not comply. Nearly two years have elapsed since that deadline. Headway's lack of diligence should not only preclude its motion to amend, but also justifies the formal dismissal of its claims against PwC Canada.

Federal Rule of Civil Procedure 4(m) provides that defendants must be served within 120 days of the filing of the complaint, but contains an exception for foreign defendants. The Second Circuit has held that Federal Rule of Civil Procedure 4(m)'s exception of foreign defendants from the 120-day service requirement is inapplicable where, as here, there was no attempt to serve the foreign defendant within 120 days. *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). Further, setting Rule 4 aside, plaintiffs do not have an indefinite period within which to effect service. Accordingly, many courts have dismissed actions in which plaintiffs failed to effect service on a foreign defendant in a prompt manner. *Plantation Gen. Hosp., L.P. v. Cayman Islands*, 2010 WL 731853, at *1 (S.D. Fla. Feb. 26, 2010); *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 521-23 (E.D. Pa. 2010); *Quantum Color Graphics, L.L.C. v. Fan Ass'n Event Photo GmbH*, 185 F. Supp. 2d 897, 906 (N.D. Ill. 2002); *Thayer v. Dial Indus. Sales, Inc.*, 85 F. Supp. 2d 263, 266 (S.D.N.Y. 2000); *James v. Rutil (S.R.L.)*, 1997 WL 151174, at *5 (S.D. Ind. Mar. 14, 1997) (dismissing foreign defendant where plaintiff did not meet court's "'flexible due diligence' standard as measured by the reasonableness of Plaintiff's effort as well as the prejudice to the defendant from any delay").

The dismissal of Headway's negligence claim against PwC Canada will not prejudice Headway because Headway is a member of the putative class in *Anwar*, and any claims it might have against PwC Canada are proceeding in that action. Headway has no separate claims against PwC Canada, and the effect of the *Anwar* consolidation Order was to render its individual pleading moot. Where, as here, there is no basis for a separate suit, parties to consolidated proceedings

rightly treat such pleadings as moot. Headway now seeks to use its complaint as a vehicle to commence its own separate litigation against PwC Canada and others. Dismissal will properly put a stop to this effort, and is certainly called for here given Headway's failure to serve its complaint.

## II.    Headway Fails to Justify Its Delay in Seeking Leave to Amend.

Headway should also not be permitted to amend its complaint because there is no justification for Headway's undue delay in seeking to amend. For example, Headway seeks to add PwC Netherlands to its complaint, purportedly "correct[ing] an inadvertent mistake in identifying the PwC entities." (Dkt. #838, 3/26/12 Mot. ¶ 2) Headway asserts that it did not know that two different PwC firms served as Fairfield Sentry's auditors from 2003 to 2008 until it "review[ed] documents produced by" the Standard Chartered defendants. As an initial matter, this assertion belies any notion that Headway saw or relied on any audit reports in making or retaining its investment. In addition, Headway's ignorance is no excuse for its delay, when the Second Consolidated Amended Complaint filed on September 29, 2009 clearly alleged that PwC Netherlands audited the year-end financial statements of Fairfield Sentry "for the years 2002, 2003, 2004, and 2005," and alleged that PwC Canada audited Fairfield Sentry's financial statements "for the years 2006 and 2007." (SCAC ¶¶ 154-55)

Headway has not offered any justification for waiting more than two years after the filing of the operative complaint to correct this "inadvertent mistake" or others that should have been apparent months if not years ago. *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (no abuse of discretion to deny leave to amend based on a state court decision issued over a year before plaintiffs' attempt to amend). Headway's motion for leave to amend should be denied.

**III.    If Headway Is Allowed to Amend Its Complaint, the Court Should Clarify that PwC Canada Has No Obligation to Answer During the Pendency of the Consolidated Action.**

If the Court grants Headway's motion for leave to amend its complaint, the Court should reaffirm the Civil Case Management Plan, which states that "Defendants shall respond only to the Consolidated Amended Complaint; no response by Defendants is due to any individual complaints that are consolidated into the Consolidated Action." (Dkt. #69, 3/11/09 Order at 3)  Requiring PwC Canada (or any of the non-Standard Chartered defendants) to answer related and overlapping complaints in the consolidated action would create confusion and duplication of effort, undermining the very purpose of consolidation.  Headway is a member of the putative *Anwar* class, and its claims against PwC Canada and the other defendants to the *Anwar* action are entirely duplicative of the claims in *Anwar*.  Thus, the *Headway* case should be stayed upon the filing of any amended complaint.

## CONCLUSION

For the foregoing reasons, PwC Canada respectfully requests that the Court deny Headway's motion for leave to amend its complaint and dismiss Headway's action against PwC Canada. Should Headway's motion for leave to amend its complaint be granted, PwC Canada respectfully requests that the Court order that PwC Canada and the other defendants to the consolidated *Anwar* action not be required to answer or otherwise respond to Headway's complaint pending resolution of the *Anwar* action.

Dated:  April 2, 2012

                        Respectfully submitted,

                        /s/ Timothy A. Duffy
                        Andrew M. Genser
                        KIRKLAND & ELLIS LLP
                        601 Lexington Avenue
                        New York, New York 10022
                        Telephone:  (212) 446-4800

                        Emily Nicklin, P.C.
                        Timothy A. Duffy, P.C.
                        KIRKLAND & ELLIS LLP
                        300 North LaSalle
                        Chicago, Illinois 60654
                        Telephone:  (312) 862-2000
                        Email: tim.duffy@kirkland.com

                        *Attorneys for Defendant*
                        *PricewaterhouseCoopers LLP*