UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASTER FILE NO. 09-CV-118 (VM)(THK)

---

PASHA ANWAR, et al.,

          Plaintiff,

v.

FAIRFIELD GREENWICH LIMITED, et al.,,

          Defendants.

This Document Relates to: *All Standard Chartered Cases*

---

MEMORANDUM OF LAW OF NON-PARTY AMERICAN EXPRESS COMPANY IN SUPPORT OF MOTION TO QUASH SUBPOENA

---

GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900

Attorneys for Non-Party
American Express Company

Of Counsel:
    Louis Smith, Esq.

On the Brief:
    Jason Kislin, Esq.

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT. ...................................................................................1

BACKGROUND ............................................................................................................1

ARGUMENT ..................................................................................................................5

    THE SUBPOENA SEEKING DEPOSITION TESTIMONY
    SHOULD BE QUASHED.......................................................................................5

        A.    Requiring AmEx to Produce a Corporate Representative
             for a Deposition is Unduly Burdensome ............................7

        B.    The Topics of Examination in the Subpoena Create an
             Undue Burden on AmEx......................................................9

             1.    Topics of Examination 1 and 2................................9

             2.    Topic of Examination 3 ............................................10

             3.    Topics of Examination 4 through 6..........................11

             4.    Topic of Examination 7 ............................................11

             5.    Topic of Examination 8 ............................................12

             6.    Topic of Examination 9 ............................................12

CONCLUSION................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page**

*Anwar v. Fairfield Greenwich Ltd.*,
   745 F. Supp. 2d 360 (S.D.N.Y. 2010)………………………………….2, 3

*Fears v. Wilhelmina Model Agency, Inc.*,
   2004 WL 719185 (S.D.N.Y. April 01, 2004)…………………………..6, 9

*In re Gushlak,*
   2011 WL 3651268 (E.D.N.Y. Aug. 17, 2011)…………………………...6

*Innomed Labs, LLC v. Alza Corp.*,
   211 F.R.D. 237 (S.D.N.Y. 2002)………………………………7, 8, 11, 14

*Noel v. Bank of New York Mellon*,
   2011 WL 3279076 (S.D.N.Y. July 27, 2011)…………………………….7

*Sanofi-Synthelabo v. Apotex, Inc.*,
   2009 WL 5247497 (S.D.N.Y. Dec. 30, 2009)…………………………….7

*Versata Software, v. Internet Brands, Inc.*,
   2011 WL 4905665 (E.D. Mich. Oct. 14, 2011)……………………….8, 14

**Rules**

F.R.C.P. 26..................................................................................................7
F.R.C.P. 45..................................................................................................6
Fed. R. Civ. P. 30........................................................................................6
Federal Rule of Civil Procedure 45 .............................................................5

## PRELIMINARY STATEMENT

Non-party American Express Company ("AmEx") respectfully submits this brief in support of its motion to quash the Rule 30(b)(6) deposition subpoena issued by Plaintiff Headway Investment Corp. on behalf of the Standard Chartered Plaintiffs Steering Committee (the "Subpoena"). The allegations in these matters involve a banking entity that AmEx sold over four years ago. That bank and other entities are defendants in these matters and have been proceeding with discovery. In response to the Subpoena, which also sought documents, Amex produced over twenty-six thousand pages of documents. In light of that background, no further discovery directly addressed to non-party AmEx is warranted. Beyond that, the deposition sought raises topics that are grossly overbroad, irrelevant, and creates an undue and unreasonable burden on AmEx. Accordingly, AmEx respectfully requests that the Court quash the deposition Subpoena.

## BACKGROUND

This Court has previously discussed the parties as well as the claims at issue in these matters, which "chiefly alleg[e] that defendant Standard Chartered Bank International (Americas) Ltd. ("SCBI") improperly recommended that plaintiffs invest in two feeder funds that were invested in

NJ227,262,169v2

Bernard Madoff's Ponzi scheme." *Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 360, 363 (S.D.N.Y. 2010).

In February 2008, AmEx sold an international banking subsidiary, American Express Bank Ltd. ("AEBL"), and its subsidiary, American Express Bank International ("AEBI"), to Standard Chartered PLC. AEBI was renamed SCBI and AEBL was renamed Standard Chartered International (USA) Ltd. ("SCI"). *Id.* at 364. SCBI, SCI, and Standard Chartered PLC have been named as Defendants in one or more these actions. *Id.* at 365.

On September 2, 2011, Plaintiffs issued the Subpoena directed to AmEx, which sought documents by September 20, 2011, and deposition testimony on October 11, 2011. Declaration of Louis Smith ("Smith Decl.") at Ex. A. The Subpoena contains pages of vague and confusing Definitions, and then sets forth numerous overly broad and burdensome topics of examination.

Specifically, the Subpoena purports to define AmEx as including "its present and former subsidiaries, including but not limited to American Express Bank International ("AEBI") and American Express Bank Limited ("AEBL")," despite the fact that AEBI and AEBL were sold over four years ago and are parties to this litigation. *Id.*, Schedule "A." In some cases, the

Subpoena seeks information dating back to 2002 or it places no limit whatsoever on the time period for which information is being sought. *Id.*

While addressed in more detail below, the Topics of Examination set forth in the Subpoena are overbroad, irrelevant, and unduly burdensome. For example, Plaintiffs seek deposition testimony covering an undefined period addressing the "[e]mployment of, overall job performance of, and recommendations made to Standard Chartered by American Express employees responsible for Recommendations, including, but not limited to, the following employees" and then lists **forty-two** different individuals. Smith Decl., Ex. A, Schedule "A," Topic of Examination 8.

Shortly after the Subpoena was issued, AmEx requested an extension to October 10, 2010, to serve a response to the document portion of the Subpoena. Plaintiff only agreed to extend that date to September 27, 2011, in the event that AmEx intended to assert any objections to the document requests. On September 27, 2011, AmEx served a written response and objections. Smith Decl., Ex. B.

By e-mail dated October 6, 2011, Plaintiffs adjourned the October 11, 2011, deposition date and no new date was set. Smith Decl., Ex. C. Thereafter the parties engaged in a series of meet and confer discussions regarding the scope of the documents requested. Ultimately, AmEx and

Plaintiffs worked through the issues regarding the document production and AmEx produced over twenty-six thousand pages of documents in response to the Subpoena. Smith Decl., Ex. D and E.

In addition, on October 17, 2011, counsel for Defendants sent a letter to AmEx in connection with Plaintiffs' request for contact information regarding thirty-nine individuals who appeared on documents produced by Defendants but for whom Defendants could not find records. Smith Decl., Ex. F. AmEx researched that request (and also researched additional names provided directly by Plaintiffs to AmEx) and provided the information it located. Smith Decl., Ex. G.

On March 6, 2012, before even reviewing the documents produced by AmEx, Plaintiff sent to AmEx a document titled Plaintiffs' Re-Notice of Depositions, which purported to re-notice, for April 10, 2012, the Rule 30(b)(6) deposition previously requested by the Subpoena. Smith Decl., Ex. H. AmEx raised objections with Plaintiffs concerning the Re-Noticed Deposition, including that the scope of the deposition was overbroad and unduly burdensome and sought information that was duplicative and irrelevant, that AmEx had already undertaken significant efforts to make a sizeable document production, and that from AmEx's document production and the other discovery obtained from the parties to this action Plaintiffs

should be able to identify specific fact witnesses it needed to depose, if any, as opposed to burdening AmEx with the obligation to prepare a corporate representative.  Smith Decl., Ex I.  Plaintiffs and AmEx subsequently had a meet-and-confer call, but were unable to resolve their differences.

AmEx now seeks an Order from this Court quashing the deposition portion of the Subpoena in its entirety.

## ARGUMENT

### THE SUBPOENA SEEKING DEPOSITION TESTIMONY SHOULD BE QUASHED

Under Federal Rule of Civil Procedure 45(c)(3)(A)(iv), a court must "quash or modify" any subpoena imposes on the recipient an "undue burden."  *See also*  F.R.C.P. 45(c)(1) (providing that party issuing subpoena must take reasonable steps to avoid imposing undue burden on recipient and "issuing court must enforce this duty").  In determining whether a subpoena imposes an undue burden, courts will evaluate "'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which documents are described and the burden imposed.'"  *In re Gushlak*, No. 11-MC-218, 2011 WL 3651268, *6 (E.D.N.Y. Aug. 17, 2011) (quoting *Nova Biomedical Corp. v. i-State Corp.*, 182 F.R.D. 419, 422-23 (S.D.N.Y. 1998)).  "Where, as here, discovery is sought from a non party, the Court should be particularly

sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Fears v. Wilhelmina Model Agency, Inc.*, 2004 WL 719185, *1 (S.D.N.Y. April 01, 2004) (citations omitted).

A subpoena served on a corporate entity must "describe with *reasonable particularity* the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6) (emphasis added). Where it fails to do so, courts will quash the subpoena because it does not allow the entity "to determine who within the corporation would be best able to provide the information sought." *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002).

With regard to relevance, the "party seeking discovery bears the initial burden of showing relevance." *Noel v. Bank of New York Mellon*, No. 11-MC-216, 2011 WL 3279076, *2 (S.D.N.Y. July 27, 2011); *see Sanofi-Synthelabo v. Apotex, Inc.*, No. 02-Civ-2255, 2009 WL 5247497 (S.D.N.Y. Dec. 30, 2009) (quashing subpoenas issued pursuant to F.R.C.P. 30(b)(6) and 45 based on relevance).

In evaluating a motion to quash a subpoena, courts consider the limitations on discovery reflected in Rule 26, including situations where

(i)   the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)  the party seeking the discovery had ample opportunity to obtain the information by discovery in the action; or

(iii)  the burden or expense of the proposed discovery outweighs its likely benefit . . . .

F.R.C.P. 26(b)(2)(C); *Nova Biomedical*, 182 F.R.D. at 423.

### A. Requiring AmEx to Produce a Corporate Representative for a Deposition is Unduly Burdensome

AmEx has already expended significant effort in searching for and producing over twenty-six thousand pages of documents in response to the Subpoena's document requests and searching for and providing last-known contact information. In light of the documents produced by AmEx and the significant discovery that has already been conducted in these cases, Plaintiffs should be able to identify the fact witnesses they seek to depose without placing the burden on AmEx to identify and prepare a corporate representative.

As reflected in Plaintiff's Re-Notice of Depositions, Plaintiffs have already deposed, or will be deposing, various former employees of AEBI and/or AEBL, and AmEx is identified as the final deposition to be conducted. Smith Decl., Ex. H. In light of the foregoing, burdening AmEx

with a broad and extensive 30(b)(6) deposition is unwarranted. *See Versata Software, v. Internet Brands, Inc.*, 2011 WL 4905665, *1-2 (E.D. Mich. Oct. 14, 2011) (quashing a subpoena seeking testimony from a representative of a non-party corporate entity which had produced documents in response to the subpoena, and where testimony could be obtained from other sources, including former employees of the non-party corporate entity); *see also See Innomed Labs, LLC*, 211 F.R.D. at 240 (S.D.N.Y. 2002) (quashing subpoena that sought testimony "to 'explain the contents' of the twelve different documents produced.").

Furthermore, and as set forth more fully below, nearly all of the topics identified in the Subpoena seek discovery relating primarily, if not solely, to former AmEx banking entities that were sold by AmEx in 2008, and that are parties to this action. Accordingly, the information sought as to those entities can be obtained from those entities without burdening a non-party. Moreover, as AmEx is not a party to these matters, any information sought regarding AmEx's conduct is irrelevant. *See Fears v. Wilhelmina Model Agency, Inc.*, 2004 WL 719185, *1 (S.D.N.Y. April 01, 2004) (quashing subpoena where burden on non-party outweighs probative value of the information sought).

NJ227,262,169v2                                  8

### B. The Topics of Examination in the Subpoena Create an Undue Burden on AmEx

As will be explained below, each of the topics of examination in the Subpoena places an undue burden on AmEx.

### 1. Topics of Examination 1 and 2

Topics of examination 1 and 2 of the Subpoena seek testimony regarding the "practices, procedures and standards" of AEBI and AEBL "with respect to the making and monitoring of investment recommendations to private banking clients during the period 2002 to the time that AEBL was sold to Standard Chartered," and "documents related to the supervision, assessment, or monitoring of such practices, procedures and standards by employees or agents of any American Express entity other than AEBI and AEBL."

Information regarding practices, procedures and standards of AEBI and AEBL should be sought from those entities, which are parties to the actions and have been proceeding with discovery. There is no basis to try to force AmEx to go back ten years to 2002 and try to address the topic. Moreover, testimony regarding "documents" addressing "supervision, assessment, or monitoring of such practices, procedures and standards by employees or agents of any American Express entity other than AEBI and AEBL," seeks information that is irrelevant as AmEx is not a party and

whatever supervision it may have exercised has no bearing on the claims at issue.

Additionally, the Subpoena's reference to "any American Express entity other than AEBI and AEBL" is overbroad, vague, confusing and improperly seeks to extend the burden of responding to the Subpoena to entities beyond AmEx. This reference, and the fact that the topic contains other expansive language such as "including but not limited to", also violates Plaintiffs' requirement to set forth the categories of information sought with reasonable particularity. *See Innomed Labs, LLC*, 211 F.R.D. at 240 (S.D.N.Y. 2002) (holding that the use of "including but not limited to" "turns the subpoena into an overbroad notice, in contradiction to the 'reasonable particularity' required by Rule 30(b)(6)").

### 2. Topic of Examination 3

Topic of examination 3 seeks testimony regarding the "making and monitoring of Recommendations," which is defined as "recommendations to one or more clients of American Express, including clients of AEBI, to invest in Fairfield Sigma or Fairfield Sentry or any affiliate of FGG or otherwise do business with FGG, Fairfield Sigma, Fairfield Sentry, Madoff or BLMIS." Again, this information should be sought from the parties in the case, not AmEx. To the extent Plaintiffs seek information about clients of

AmEx beyond clients of AEBI or AEBL, the information is irrelevant as AmEx is not a party and any such information would be confidential. Finally, the expansive language used in this topic makes it impossible for AmEx "to determine who within the corporation would be best able to provide the information sought." *Id*.

### 3. Topics of Examination 4 through 6

Topics of examination 4 though 6 seek testimony regarding communications between AmEx and its "advisors or agents" and Standard Chartered and its "advisors or agents" regarding M&A Due Diligence, the sale of AEBL, and indemnification "arising from Recommendations or recommendations of investments generally." Once again, this information should be sought from the parties in the actions. Indeed, AmEx understands that this information has been sought directly from Defendants and has been the subject of a litigated discovery dispute. In any event, topics 4 though 6 are overbroad, seek information that is irrelevant, and are unduly burdensome.

### 4. Topic of Examination 7

Topic of examination 7 seeks testimony regarding "[e]valuations of the value of American Express Bank Ltd. and of American Express Bank International at or about September 18, 2007, including but not limited to

contingent liabilities arising from their private banking business." Once again, the topic seeks information that is irrelevant, unduly burdensome, and confidential. The topic also includes expansive language and does not set forth, with reasonable particularity, the information sought. Moreover, a Rule 30(b)(6) deposition notice is inappropriate to obtain the information that is being sought.

        5.      **Topic of Examination 8**

Topic of examination 8 seeks testimony regarding "[e]mployment of, overall job performance of, and recommendations to Standard Chartered by American Express employees responsible for Recommendations, including, but not limited to, the following employees," and then goes on to list **forty-two** individuals. The request is overbroad, seeks information that is irrelevant, and implicates the privacy interests of AmEx and the numerous individuals identified. Again, a Rule 30(b)(6) deposition notice is inappropriate to obtain the information that is being sought.

        6.      **Topic of Examination 9**

Finally, topic of examination 9 seeks testimony regarding "[d]ocuments responsive to 'Schedule B' to this subpoena and your search for these documents." On September 27, 2011, AmEx served objections pursuant to F.R.C.P. 45(c)(2)(B) in response to the document portion of the

Subpoena and, after an extensive meet and confer process, produced over twenty-six thousand pages of documents in response to the Subpoena. While Plaintiffs have a procedural mechanism to challenge AmEx's objections and responses, *see* F.R.C.P. 45(c)(2)(B)(i) (authorizing motion to obtain order compelling production), they have not even identified deficiencies in AmEx's production, let alone filed such a motion. Accordingly, there is no basis for topic of examination 9.

To the extent that this topic calls for a witness to testify as to each of the documents produced by AmEx, it is overbroad, unduly burdensome cumulative and duplicative and should be quashed on that basis. *See Versata Software*, 2011 WL 4905665, *1-2; *Innomed Labs, LLC*, 211 F.R.D. at 240 (S.D.N.Y. 2002) (quashing a subpeona that sought testimony "to 'explain the contents' of the twelve different documents produced.").

## **CONCLUSION**

For all the foregoing reasons, non-party American Express Company respectfully requests that this Court grant its motion and quash the Subpoena seeking deposition testimony.

> Respectfully submitted,
>
> GREENBERG TRAURIG LLP
>
> By:   s/Louis Smith
>          LOUIS SMITH
> 200 Park Avenue
> P.O. Box 677
> Florham Park, New Jersey  07932
> (973) 360-7900 (Phone)
> (973) 301-8410 (Facsimile)
> Attorneys for non-party
> American Express Company

Dated:  April 6, 2012