

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 12, 2012

By Facsimile

Honorable Theodore H. Katz,
   United States Magistrate Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street,
           New York, New York 10007.

        Re:   *Anwar v. Fairfield Greenwich Ltd.*, No. 09-CV-118 — *Maridom Ltd. v.*
              *Standard Chartered Bank Int'l (Americas) Ltd.*, No. 10-CV-00920

Dear Judge Katz:

      We write on behalf of Standard Chartered Bank International (Americas) Limited ("Standard Chartered") in response to the April 9, 2012 letter from plaintiff Caribetrans, S.A. ("Caribetrans") concerning the deposition of Caribetrans' control person, Jean Louis de Boyrie.

      Mr. de Boyrie was an authorized signatory on Caribetrans' account at Standard Chartered and, as plaintiff's counsel admits, was the person who signed the subscription agreement authorizing Caribetrans' investment in Fairfield Sentry. Caribetrans nevertheless seeks to bar the deposition of Mr. de Boyrie by arguing that Mr. de Boyrie's responsibilities at Caribetrans were "purely operational" and that Mr. de Boyrie has submitted a declaration stating that he was not involved in the "decision" to invest in Fairfield Sentry. However, the declaration leaves many questions unanswered, including whether he has other relevant knowledge concerning Caribetrans' Sentry investment (whether before or after the investment decision was made), and whether he has knowledge of other pertinent facts, such as Caribetrans' other alternative investments during the relevant time period.

Honorable Theodore H. Katz -2-

As a signatory on Caribetrans' investment accounts and, more importantly, as one of the signatories on Caribetrans' Fairfield Sentry subscription agreement, Mr. de Boyrie undoubtedly possesses relevant and discoverable information. Standard Chartered, however, is willing to adjourn Mr. de Boyrie's deposition if he provides a supplemental sworn affidavit containing:

- The identity of the person who directed Mr. de Boyrie to perform the "ministerial" function of executing the Fairfield Sentry subscription agreement that authorized Caribetrans' investment in Sentry.

- A complete description of any and all conversations that Mr. de Boyrie had about Sentry, Bernard Madoff and/or Bernard L. Madoff Investment Securities LLC ("BLMIS"), including but not limited to what he was told by employees of Caribetrans or Standard Chartered in connection with his authorizing Caribetrans' investment in Sentry.

- A statement as to whether Mr. de Boyrie read the Sentry subscription agreement and confidential placement memorandum at the time he authorized Caribetrans' investment in Sentry.

- A statement as to whether Mr. de Boyrie understood that when he signed the Fairfield Sentry subscription agreement he was executing legally binding documents on behalf of Caribetrans, and that Caribetrans would be charged with knowledge of, and bound by, the contents of those documents.

- A statement as to whether Mr. de Boyrie asked Standard Chartered any questions about Fairfield Sentry at any time, and if so, a complete description of his questions and Standard Chartered's answers.

- A complete description of Mr. de Boyrie's knowledge about Sentry, including when and how he first learned of Sentry.

- A complete description of Mr. de Boyrie's knowledge about Bernard Madoff and/or BLMIS, including when and how he first learned of Madoff and/or BLMIS.

- Mr. de Boyrie's knowledge about other alternative investments that Caribetrans considered or made during the relevant time period.

In the event that Mr. de Boyrie's supplemental affidavit raises further questions that would warrant deposition testimony, Standard Chartered would agree to seek leave of Court before proceeding. Otherwise, Mr. de Boyrie should be precluded from providing any further written or live testimony in this litigation.

Honorable Theodore H. Katz -3-

       In light of the foregoing, Standard Chartered respectfully requests that the Court either permit the deposition of Mr. de Boyrie to proceed or, alternatively, order Mr. de Boyrie to supplement his declaration with the foregoing information by no later than April 19, 2012.

       Standard Chartered would have presented the foregoing proposal privately to plaintiff's counsel, had counsel not waited less than three business days before seeking relief from the Court.[1] As such, Standard Chartered respectfully requests that plaintiff's requests for costs be denied.

Respectfully submitted,

Bradley P. Smith

cc:   Richard E. Brodsky, Esq.
      (by e-mail and facsimile)

      Standard Chartered Plaintiffs' Steering Committee
      (by e-mail)

*[Handwritten annotation:] Mr. de Boyrie is to supplement his December 20, 2011 affidavit with responses to Bullet Points 1, 3, 5. He need not appear for deposition.*

**SO ORDERED**
4/13/12
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Counsel to Caribetrans contacted Standard Chartered on the afternoon of April 3, 2012, to request that Standard Chartered cancel the deposition of Mr. de Boyrie. In light of the Good Friday, Passover and Easter holidays, Standard Chartered had not yet responded to counsel's request when he submitted a letter to Your Honor on Monday, April 9.