USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/12

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
PASHA ANWAR, et al.,                :
                                    :
          Plaintiffs,               :    09 Civ. 0118 (VM)(THK)
                                    :
                                    :    09 Civ. 8500 (Headway)
                                    :    10 Civ. 0920 (Maridom)
                                    :    11 Civ. 3553 (Barbachano)
                                    :
     -against-                      :    DECISION AND ORDER
                                    :
FAIRFIELD GREENWICH LIMITED,        :
et al.,                             :
                                    :
          Defendants.               :
                                    :
-----------------------------------X
```

**VICTOR MARRERO, UNITED STATES DISTRICT JUDGE.**

Presently before the Court are motions to amend the Complaints in <u>Headway Investment Corp. v. Standard Chartered Bank Int'l (Americas), et al.</u>, No. 09 Civ. 8500, <u>Maridom Ltd. et al. v. Standard Chartered Bank Int'l (Americas) Ltd., et al.</u>, No. 10 Civ. 0920, and <u>Barbachano Herrero v. Standard Chartered Bank Int'l (Americas) Ltd., et al.</u>, No. 11 Civ. 3553. These actions are three of a number of actions brought against Standard Chartered Bank International (Americas) Ltd. ("SCBI"), and its affiliates, for alleged derelictions in recommending and investing Plaintiffs' funds in Fairfield Sentry Ltd. and Fairfield Sigma Limited Fund ("Sigma"), which were feeder funds to Bernard L. Madoff Investment Securities LLC ("BLMIS"). The <u>Headway</u>, <u>Maridom</u>, and <u>Barbachano</u> actions,

which originated in Florida, were transferred to the Southern District of New York by the United States Panel on Multidistrict Litigation, where they were consolidated with other Standard Chartered cases for pretrial purposes. While there are certain case-specific allegations in the various Complaints, all of the pretrial activity in these cases has been proceeding under a coordinated scheduling order.

Although the Headway and Maridom actions were filed in 2009, their progress has been slow. There have been various motions to dismiss, which took substantial time to brief and decide, and extensive pretrial discovery. The discovery deadline has been extended several times and fact discovery is now scheduled to be completed in less than one month. By contrast, SCBI has not moved to dismiss the Barbachano action, which was filed more recently, in December 2010.

In addressing previous motions to dismiss in the Headway and Maridom actions, the Court sustained much of Plaintiffs' Complaints, but dismissed certain claims sounding in fraud because they were not pleaded with sufficient particularity.[1] See Anwar v. Fairfield Greenwich Ltd., 745 F. Supp. 2d 360

---

[1] The Court also concluded that certain claims had been abandoned, but a motion for reconsideration was granted and those claims remain in these actions.

(S.D.N.Y. 2010). The Court concluded by noting that it would grant leave to replead upon a request by Plaintiffs within twenty-one days of the decision and order, so long as that request plausibly showed "how such repleading would correct the deficiencies identified in the Court's findings . . ., and thus would not be futile." Id. at 379. No such request was made and, on November 24, 2010, SCBI filed an answer and affirmative defenses. Pretrial discovery then commenced and the current deadline for the completion of fact discovery is May 4, 2012.

## I. DISCUSSION

### A. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted unless there is "any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); see also Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000) (noting that

3

leave to amend is "discretionary" and should be "freely given"); Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.") (citations omitted). Prejudice may be demonstrated when an amendment "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial <u>or significantly delay the resolution of the dispute.</u>" City of New York v. Group Health Inc., 649 F.3d 151, 158 (2d Cir. 2011) (quoting AEP Energy Serv. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725-26 (2d Cir. 2010)) (emphasis added).

When a court has issued a scheduling order and established deadlines for amending the pleadings, however, a more stringent standard applies and the deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(4); see also Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b). . . ."). Accordingly, "[o]nce the deadline for amendment in a scheduling order has passed, leave to amend may

4

be denied 'where the moving party has failed to establish good cause.'" Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009) (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)). Here, the Court did set a deadline for amending the Complaints.

In determining whether good cause exists, a court must consider the diligence of the party seeking to amend. See Parker, 204 F.3d at 340 ("[A] finding of 'good cause' depends on the diligence of the moving party.") (citation omitted). The Court may also consider "other relevant factors, including, in particular, whether allowing the amendment . . . will prejudice [the nonmoving party]." Kassner v. 2nd Avenue Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007). "In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (I) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block, 988 F.2d at 350  (internal citations omitted).  The Rule 16(b) "good cause" standard was created to ensure that "at some point both the parties and the pleadings will be fixed." See

Parker, 204 F.3d at 339-40 (internal quotation marks and citation omitted).

B.  THE HEADWAY AND MARIDOM PROPOSED AMENDMENTS

The Court concludes that there has been undue delay in seeking to amend the Headway and Maridom Complaints and there has not been a showing of good cause for that delay. Moreover, permitting the proposed amendments at this late date would inevitably result in significant delay in resolving these complex, consolidated actions. Thus, even under the more lenient standard applied when there has been no prior deadline to amend, granting leave to amend would prejudice SCBI.

First, with respect to any detail added to the Headway and Maridom Complaints that seeks to establish greater particularity with respect to previously pled and dismissed fraud and negligent misrepresentation claims — most notably the identities of individuals who recommended the investments to Plaintiffs and where the representations were made — the information was known to Plaintiffs when this action was first filed and was certainly available to Plaintiffs within the deadline set for amending the Complaints. See Parker, 204 F.3d at 340-41 (finding that because the plaintiff had all of the information necessary to support his claim when he filed

6

the initial complaint, he could not satisfy the good cause standard for failing to comply with a deadline for amending the complaint).

The Maridom Plaintiffs also seek to name two additional Standard Chartered entities as defendants — Standard Chartered International (USA) Ltd. ("SCI") and Standard Chartered Bank ("SCB"). These entities were known to, or could have easily been identified by, Plaintiffs when this action was first filed. Indeed, they were named as defendants in other related cases. Their addition as defendants is therefore untimely. See Leber v. Citigroup, Inc., No. 07 Civ. 9329 (SHS), 2011 WL 5428784, at *6 (S.D.N.Y. Nov. 8, 2011) ("Because there is no indication that the proposed claim is . . . predicated on facts learned after the pleading stage of [this] litigation, the resulting delay is not excusable.'") (quoting Priestley v. Am. Airlines, Inc., 89 Civ. 8625, 1991 U.S. Dist. LEXIS 4804, at *4, 1991 WL 64459 (S.D.N.Y. Apr. 12, 1991)). Moreover, adding new party-defendants at this late date will inevitably entail a new round of motions to dismiss, leading to an unacceptable delay in reaching the merits of Plaintiffs' claims.

In addition, Plaintiffs in both actions propose to add claims under the Florida Securities and Investor Protection

Act ("FSIPA"), Fla. Stat. § 517.301, which is a state law that parallels federal securities fraud statutes. (See Headway Proposed Amended Complaint Counts XII and XIII; Maridom Proposed Second Amended Complaint Count Six.) The original Complaints in these actions were filed in Florida and Plaintiffs' counsel were obviously aware of the Florida statute's existence when these actions were commenced. Indeed, in other related actions claims have been asserted under the FSIPA. Yet, Plaintiffs delayed until what is essentially the completion of pretrial discovery to assert these claims, which, like Plaintiffs' other fraud and negligent misrepresentation claims, could have been asserted in the original Complaints and are not dependent upon evidence revealed in the course of discovery. The delay has not been justified and the Court will not jeopardize the progress of these cases to allow untimely amendments that will inevitably trigger new motions to dismiss.

    Finally, the Headway Proposed Amended Complaint is facially defective as it asserts claims not just against Standard Chartered entities, but against the Fairfield Greenwich Group and its affiliates, individual executives at Fairfield Greenwich, PriceWaterhouseCoopers LLP ("PwC Canada") and PricewaterhouseCoopers NV ("PwC Netherlands"), Citco Funds

8

Services (Europe) B.V.. As the non-Standard Chartered Defendants point out, Headway's claims against the non-Standard Chartered Defendants have been consolidated for all pretrial purposes in the Consolidated <u>Anwar</u> Action, which is a related action but proceeding on a separate track. A Consolidated Management and Scheduling Order, dated March 11, 2009 ("CMO"), in the <u>Anwar</u> Action, specifically provides that Defendants to the Consolidated Action "shall respond only to the Consolidated Amended Complaint; no response by Defendants is due to any individual complaints that are consolidated into the Consolidated Action." (CMO ¶ 6.) The Fairfield Defendants, PwC, and Citco are all Defendants in the Consolidated Action and have responded to the Second Consolidated Amended Complaint. Thus, under the Court's Orders with respect to the management of these cases, the claims against the non-Standard Chartered Defendants are improperly pleaded in the Proposed Amended Complaint in the individual <u>Headway</u> Action.

The Court notes that <u>Headway</u> and <u>Maridom</u> Plaintiffs' proposed amendments largely seek to buttress the factual allegations underlying their present claims of breach of fiduciary duty, negligent misrepresentation, and fraud. The presently operative Complaints contend that SCBI failed to

9

conduct adequate due diligence before recommending the investments in Sentry and Sigma. Plaintiffs now place a great deal of weight on, and devote a substantial part of the proposed pleadings to, the fact that Defendants failed to comply with their own due diligence standards before recommending the investments in Sentry and Sigma. (See Maridom Proposed Second Amended Complaint ¶¶ 47-73; Headway Proposed Amended Complaint ¶¶ 102-128.) To the extent that competent evidence exists supporting that allegation, nothing prevents Plaintiffs from offering it at trial without amending the Complaints. Similarly, Plaintiffs contend that they learned in the course of discovery that, in addition to the fee paid to SCBI by Plaintiffs, SCBI received an additional "kickback" or trailing fee from FGG for securing investments by its clients in Sentry. (See Maridom Proposed Second Amended Complaint ¶¶ 44-66; Headway Proposed Amended Complaint ¶ 109.) Plaintiffs are free to advance evidence of this contention in support of their existing claims.

C.  THE BARBACHANO PROPOSED AMENDMENTS

The proposed amendments to the Barbachano Complaint consist only of additional factual allegations, rather than new claims and defendants. And unlike the Maridom and Headway actions, Barbachano was not the subject of an earlier deadline

10

to amend. Nevertheless, the concerns expressed above regarding the creation of otherwise avoidable, significant delay are equally applicable to the <u>Barbachano</u> motion to amend. And, as in the <u>Headway</u> and <u>Maridom</u> actions, nothing prevents the <u>Barbachano</u> plaintiff from offering competent evidence at trial without amending the Complaints. Should SCBI file a motion to dismiss in the <u>Barbachano</u> action, the <u>Barbachano</u> plaintiff may then amend the pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). But as the action currently stands, the Court declines to exercise its discretion and permit an amendment to the <u>Barbachano</u> Complaint.

### III. <u>ORDER</u>

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 837) of plaintiff Headway Investment Corp. for leave to amend the complaint is DENIED; and it is further

**ORDERED** that the motion (Docket No. 815) of plaintiffs Maridom Ltd., Caribetrans, S.A., and Abbot Inc. for leave to file a second amended complaint is DENIED; and it is further

**ORDERED** that the motion (Docket No. 831) of plaintiff Joaquina Teresa Barbachano Herrero for leave to file a first amended complaint is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         13 April 2012

_____
VICTOR MARRERO
U.S.D.J.