UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASTER NO. 09-cv-118 (VM) (THK)

PASHA ANWAR, et al.,

    Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED,
et al.,

    Defendants.

This filing relates to *Headway Investment Corp.
v. Standard Chartered Bank Int'l (Americas),
Ltd., et al.*
_____/

**HEADWAY INVESTMENT CORPORATION'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

Jorge A. Mestre
Alan H. Rolnick
Erimar von der Osten
Rivero Mestre LLP
2525 Ponce de Leon Blvd.
Suite 1000
Coral Gables, FL 33134
Phone Number: 305-445-2500
Fax Number: 305-445-2505
Email: jmestre@riveromestre.com
      ahrolnick@riveromestre.com
      evonderosten@riveromestre.com

**Table of Contents**

Page(s)

I. Introduction ................................................................................................................. 1

II. Applicable Standard for Motion for Reconsideration ................................................. 2

III. Argument ..................................................................................................................... 3

    A. Headway's Amended Complaint is timely filed because it is not subject to the repleading deadline set forth in this Court's October 2010 Order, thus implicating Rule 15, not Rule 16 ........................................................... 3

    B. A scheduling order limiting the time in which a party may amend its pleadings to a period that expires before fact discovery has even commenced, would be fundamentally unjust, contrary to the Federal Rules of Civil Procedure, and contrary to the Court's own Decision and Order ................................................................................................................ 5

    C. Under Rule 15, Headway's Motion for Leave to Amend should be granted because there was no "undue delay" in seeking amendment, as defendants can demonstrate no prejudice from allowing such an amendment, and the amendment is based on evidence uncovered during discovery ................................................................................................................ 6

    D. In the event that the Court's October 2010 Order is construed as a true "Scheduling Order," even under Rule 16, Headway demonstrated good cause and should have been granted leave to amend. .................................. 10

    E. The Court's CMO does not bar amendment of Headway's Complaint, but merely excuses the non-Standard Chartered defendants from responding to Headway's pleadings .............................................................. 11

IV. Conclusion ................................................................................................................. 12

## Table of Authorities

**Cases**           **Page(s)**

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993)..................................................................................................5

*Donovan v. Gillmor*,
  535 F. Supp. 154 (N.D. Ohio 1982)......................................................................................6

*Duncan v. Manager, Dept. of Safety, City and Council of Denver*,
  397 F.3d 1300 (10th Cir. 2005) ............................................................................................6

*Greg Commc'ns. Sys., Inc. v. Am. Tel. and Tel. Co.*,
  98 F.R.D. 715 (D.C. Ill. 1983)..............................................................................................6

*Int'l. Bank v. Price Waterhouse & Co.*,
  85 F.R.D. 140 (S.D.N.Y. 1980) ............................................................................................6

*Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*,
  734 F. Supp 1071 (S.D.N.Y. 1990) ...................................................................................4, 9

*Madison Fund, Inc. v. Denison Mines Ltd.*,
  90 F.R.D. 89 (S.D.N.Y. 1981) ..............................................................................................6

*Parker v. Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000)................................................................................................10

*Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*,
  215 F.R.D. 100 (S.D.N.Y. 2003) ........................................................................................10

*R.F.M.A.S., Inc. v. Mimi So,*
  640 F. Supp. 2d 506 (S.D.N.Y. 2009)...................................................................................2

*Robinson v. The Town of Colonie*,
  1993 WL 191166 (N.D.N.Y. 1993) ....................................................................................10

*Schonberger v. Serchuk*,
  742 F. Supp. 108 (S.D.N.Y. 1990) .......................................................................................2

*Smith v. Guar. Serv. Corp.*,
  51 F.R.D. 289 (N.D. Cal. 1970)............................................................................................6

*S.S. Silverblatt, Inc. v. E. Harlem Pilot Block – Building 1 Housing Dev. Fund Co.*,
  608 F.2d 28 (2d Cir. 1979)....................................................................................................4

*State Teachers Retirement Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981)..................................................................................................6

*Triad at Jeffersonville I, LLC v. Leavitt*,
    563 F. Supp. 2d 1 (D.D.C. 2008) ..........................................................................................6

*Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd.*,
    956 F. 2d 1245 (2d Cir. 1992)................................................................................................2

**Statutes and Rules**                                                                                                           **Page(s)**

FED. R. CIV. P. 15 ...............................................................................................................*passim*

FED. R. CIV. P. 16 ................................................................................................................1, 10

FED. R. CIV. P. 11 ..................................................................................................................8, 9

Local Civil Rule 6.3...................................................................................................................2

Local Civil Rule 6.1...................................................................................................................9

**Other Sources**                                                                                                                **Page(s)**

18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE & PROCEDURE § 4478.................2

**I.     Introduction**

As the scheduled period for discovery period neared an end in this case, Headway's determined and dogged efforts to unearth the relevant facts produced information supporting the first amendment of its complaint. In a Decision and Order dated April 13, 2012 (the "April 2012 Order") [D.E. 853], this Court denied Headway's[1] Motion for Leave to Amend Complaint ("Motion for Leave") [D.E. 837], based on untimeliness and this Court's March 11, 2009 Civil Case Management Plan and Scheduling Order (the "CMO") [D.E. 69].

In particular, the Court held that Headway's Amended Complaint was untimely because it was filed beyond a 21-day deadline for repleading dismissed claims that the Court set in its October 4, 2010 Decision and Order on the Standard Chartered[2] defendants' initial motions to dismiss ("October 2010 Order") [D.E. 543]. As discussed below, that 21-day deadline expired 112 days before discovery began in this case, and the proposed Amended Complaint did not seek to replead any dismissed claims. Instead, the Motion for Leave sought permission to file new claims against existing defendants based on facts adduced in discovery, which had commenced in earnest with depositions taken over the last six months[3].

Because the April 2012 Order found the Motion for Leave untimely, the Court held it subject to the "good cause" standard of Fed. R. Civ. P. 16(b)(4). *See* April 2012 Order at 4-5. The Court stated that Headway's Proposed Amended Complaint was

---

[1] The April 13, 2012 Order also denied Plaintiffs Maridom and Barbachano's Motions for Leave to Amend.
[2] The terms "Standard Chartered" and "the bank" herein collectively refer to Defendants Standard Chartered Bank International (Americas) Ltd., Standard Chartered International (USA) Ltd., and Standard Chartered Bank.
[3] In order to comply with the Court's pre-trial schedule, we commenced taking depositions as soon as possible after Standard Chartered began a rolling production of documents in June 2011.

"facially defective" because it asserts claims against the "Fairfield Greenwich Group and its affiliates, individual executives at Fairfield Greenwich, PricewaterhouseCoopers LLP ("PwC Canada"), PricewaterhouseCoopers NV ("PwC Netherlands"), Citco Fund Services (Europe) B.V.," (the "non-Standard Chartered defendants"), and the CMO exempts these parties from responding to individual complaints. *See id.* at 8-9.[4]

For the reasons set forth below, Headway respectfully requests that the Court reconsider its ruling, withdraw the pertinent aspects of April 2012 Order, and grant Headway's Motion for Leave to Amend the Complaint.

## II.   Applicable Standard for Motion for Reconsideration

Under Local Civil Rule 6.3, a party may move for reconsideration of a court's order setting forth concisely the matters or controlling decisions that the party believes the Court may have overlooked. "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd.,* 956 F. 2d 1245, 1255 (2d Cir. 1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). "A request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court." *R.F.M.A.S., Inc. v. Mimi So,* 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009)

---

[4] We note that all defendants but two (PwC Netherlands and Standard Chartered International (USA) Ltd), are named defendants in Headway's original complaint, and the Motion for Leave to Amend corrected a misidentification in the Original Complaint based on information learned through discovery.

(Marrero, J.). We explain below the important factual and legal issues overlooked by the April 2012 Order, which justify granting the Motion to Leave, in the interests of justice and fundamental fairness.

### III. Argument

**A.  *Headway's Amended Complaint is timely filed because it is not subject to the repleading deadline set forth in this Court's October 2010 Order, thus implicating Rule 15, not Rule 16***

The April 2012 Order relies first on language in the October 2010 Order, which set a deadline for Plaintiffs, including Headway, to "replead" their complaints to "correct the deficiencies" the Court identified in deciding the Standard Chartered defendants' initial Rule 12 motion to dismiss, and avoid a dismissal with prejudice of those claims by showing that such repleading would not be futile:

> **ORDERED** that plaintiffs Headway Investment Corp., Maria Arkiby Valladolid, Ricardo Lopez, Maridom Ltd., Caribetrans, S.A., and Abbot Capital, Inc., herein are granted leave to *replead* upon submitting to the Court, within twenty-one days of this Order, an application therefore plausibly showing how such *repleading* would correct the deficiencies identified in the Court's findings discussed above, and thus would not be futile.

October 2010 Order at 42 (emphasis added). As a result of this Order, Plaintiffs, including Headway, had 21 days in which to replead claims that had been dismissed. In Headway's case, those were claims for negligence and unjust enrichment, as well as claims against certain individual defendants. In its October 2010 Order, the Court held that Headway had abandoned its negligence claims, a decision it later reversed. However, the quoted language clearly applied *solely to repleading* claims that the Court dismissed in its Order on defendants' initial Rule 12 motion. By its own terms, and as a matter of law and logic, the October 2010 Order could not have set a 21-day deadline for any and

3

all amendments to pleadings. Such deadlines customarily and correctly are at, near, or just after, the end of discovery periods. But discovery in this case had not even commenced on October 4, 2010, and would not commence for another four months, or one hundred thirty three (133) days, to be exact.

Upon Headway's timely Motion for Reconsideration of the October 2010 Order, the Court reinstated Headway's negligence claims in its November 16, 2010 Decision and Order on Headway's Motion for Reconsideration ("November 2010 Order") [D.E. 565]. Thus, pursuant to the Court's November 2010 Order, Headway's original complaint adequately alleged claims for breach of fiduciary duty and negligence.

In its Motion for Leave, Headway *did not seek to replead any claims* previously dismissed by this Court, but to add additional claims revealed through discovery and to correct a misidentification of two of the defendants. The 21-day cutoff for repleading claims the Court dismissed in deciding defendants' original Rule 12 motions is simply inapplicable to Headway's Proposed Amended Complaint. Headway's Motion for Leave does not implicate Rule 16, as there is no applicable Scheduling Order, but Rule 15, which provides that "[a]s a matter of law, justice requires leave to amend when the moving party has 'at least colorable grounds' for the proposed amendment." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 734 F. Supp 1071, 1078 (S.D.N.Y. 1990) (quoting *S.S. Silverblatt, Inc. v. E. Harlem Pilot Block – Building 1 Housing Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979)).

> **B.**     *A scheduling order limiting the time in which a party may amend its pleadings to a period that expires before fact discovery has even commenced, would be fundamentally unjust, contrary to the Federal Rules of Civil Procedure, and contrary to the Court's own Decision and Order*

The 21-day period in the October 2010 Order expressly applied to the repleading of claims that had been dismissed on a Rule 12 motion. That Order did not state or, we respectfully submit, even imply that it was intended to operate like a scheduling order and impose an absolute deadline of 21 days for amending pleadings to add new claims or parties. Assuming *arguendo* that such a deadline was intended, it would have been fundamentally unjust, because it would have precluded the parties from using any information obtained through discovery to refine their claims and defenses – a fundamental purpose behind discovery under the Federal Rules of Civil Procedure.[5]

If the 21-day period really were a limitation on amendment to add new claims or parties, not simply to replead dismissed claims, this would effectively have required Plaintiffs to make any amendment to their claims before October 25, 2010, *112 days before fact discovery even began in this case*.[6] Such a result could not be the intended consequence of the Court's language in the October 2010 Order.

---

[5] Although we here deal with a plaintiff's motion to amend a complaint to add claims and correct misidentified parties, the Court's reading of the October 2010 Order arguably would prevent defendants from asserting new affirmative defenses, cross claims or counter claims as well. It also arguably would prevent any party from dropping another party from a claim, cross-claim or counter claim. Finally, it would impose an unreasonable deadline on the plaintiffs that was not imposed on Standard Chartered, which was granted a right to seek amendment of its answer after the close of discovery, as discussed below.

[6] The Second Amended Scheduling Order Regarding Standard Chartered Cases filed February 4, 2011 ("Scheduling Order") provides that "except with respect to the parties' obligations to provide initial disclosures . . . , this Second Amended Scheduling Order shall not take effect or create any obligations on parties in the Standard Chartered Cases until this Court enters a Steering Committee Order appointing the Standard Chartered plaintiffs' steering committee." Scheduling Order at 3-4. The Scheduling Order further states that "No party is obligated to produce any documents or information until the Court enters the proposed Confidentiality Order." Scheduling Order at 4. The Stipulation and Order Appointing Standard Chartered Plaintiffs' Steering Committee and Stipulated Protective Order governing the handling of confidential material were entered on the same day, February 4, 2011. *See* D.E. 602 and 603, respectively. Thus, the earliest possible time that fact discovery could have commenced was February 4, 2011, 133 days after the Court's October 4, 2010 Order – 112 days after the deadline to replead the dismissed claims.

5

Further, to the extent that the October 2010 Order might be viewed as a scheduling order, it is internally inconsistent. Although the Order gave Plaintiffs 21 days to replead claims that had been dismissed, it also gave those Plaintiffs who had asserted claims for unjust enrichment the opportunity to amend their complaints to replead those claims *at a later time*, if, during discovery, *additional facts* were uncovered that would support the claim. *See* October 2010 Order at 40. The Court expressly contemplated amendments based on facts adduced during discovery, which necessarily would be filed long after the 21 day repleading deadline expired.

Lastly, the Court's Scheduling Order of February 4, 2011 [D.E. 604] states "Following [the] close of fact discovery, the Standard Chartered defendants may file an amended answer in any Standard Chartered Case where an answer has been filed in accordance with paragraphs 17 or 18 above." Scheduling Order at 11. This accommodation clearly reflects the Court's acknowledgment that facts learned during discovery might support an amended answer by Standard Chartered to reflect newly obtained information. It is highly unlikely that the Court intended to provide such an opportunity only to defendants, while forcing Headway and other plaintiffs to live with initial pleadings unaided by the benefits of discovery. Such a result would contradict the letter and spirit of the Federal Rules of Civil Procedure and would result in manifest injustice.

    C.    *Under Rule 15, Headway's Motion for Leave to Amend should be granted because there was no "undue delay" in seeking amendment, as defendants can demonstrate no prejudice from allowing such an amendment, and the amendment is based on evidence uncovered during discovery*

Under Rule 15, "[m]ere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block*

6

*v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993) (quoting *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981)); *Madison Fund, Inc. v. Denison Mines Ltd.*, 90 F.R.D. 89, 92 (S.D.N.Y. 1981); *Int'l. Bank v. Price Waterhouse & Co.*, 85 F.R.D. 140, 142 (S.D.N.Y. 1980); *see also Duncan v. Manager, Dept. of Safety, City and Council of Denver,* 397 F.3d 1300 (10th Cir. 2005); *Triad at Jeffersonville I, LLC v. Leavitt*, 563 F. Supp. 2d 1 (D.D.C. 2008); *Donovan v. Gillmor*, 535 F. Supp. 154 (N.D. Ohio 1982); *Greg Comm. Sys., Inc. v. Am. Tel. and Tel. Co.,* 98 F.R.D. 715 (D.C. Ill. 1983); *Smith v. Guar. Serv. Corp.*, 51 F.R.D. 289 (N.D. Cal. 1970).

  In this case, Standard Chartered has done absolutely nothing – nor can it – to demonstrate any bad faith or undue prejudice from Headway's Motion for Leave. Further, it is more than a little disingenuous for Standard Chartered to complain about delay, after its protracted efforts to grind down the plaintiffs by obstructing discovery, as if we were fighting for terrain in a Russian winter. Time admittedly has passed while we battled to get the discovery that undergirds Headway's proposed Amended Complaint, but the mere passage of time, at most, supports a bare allegation of delay – not *undue* delay. And even if there had been delay, that would not justify denying Headway its first amendment of its complaint based on information learned through discovery.

  Headway has indisputably been diligent in conducting discovery and advancing this case, all the while fighting an uphill battle against highly capable counsel whose marching orders appear to have been to delay resolution of any issue through any available means, while pretending to "meet and confer" about those issues. While this case may have a complicated procedural history, Headway has requested only a single extension of discovery, for a mere two months, a request that was essentially unopposed

7

by Standard Chartered and granted by this Court. As a result and as the Court is aware, discovery is still ongoing.

We respectfully submit that any perceived delay in readying this case for trial is largely attributable to stonewalling tactics by Standard Chartered, which have caused papers to pile up on the desk of Magistrate Judge Katz and consumed a substantial expenditure of time and resources by the Court and by Plaintiffs.

Second, mindful of the obligations imposed by Rule 11, Headway was not in a position to properly allege claims against Standard Chartered for fraud and for violations of the Florida Securities and Investor Act claim until we obtained discovery, because Headway did not possess the requisite evidentiary support for these claims. Only through discovery, did Headway obtain a legally sufficient basis for these claims, at which time we sought to amend the Complaint.

For example, in the Original Complaint, Headway alleged that Sam Perruchoud was involved in the due diligence process at American Express/Standard Chartered. That was all Headway knew at the time. It was not until much later, after finally obtaining discovery, that Headway came to learn of Mr. Perruchoud's direct and important role in the Fairfield Sentry Ponzi scheme. He was not merely "involved" in Standard Chartered's due diligence, he *was* its due diligence. When we finally were able to take depositions, one after another Standard Chartered witness pointed the finger at Mr. Perruchoud, and we confirmed his intimate relationship with the limited due diligence that was conducted, which goes to the very heart of this matter.

Third, although allowing Headway to amend its Complaint could conceivably cause *some* delay, this is not a certainty, and any such delay need not be lengthy.

8

Although the April 2012 Order suggests that "inevitable" motions to dismiss will be prompted by an amended complaint, such motions are neither required under the Federal Rules of Civil Procedure, nor do such motions, if brought, trigger protracted procedure. Under Local Rule 6.1(a), no more than one month will be required to resolve any such motions. One month is hardly a long time in the life of this complex, multi-district litigation involving tens of millions of dollars, a case that was pending for almost two years before we obtained any discovery, in which no motions for summary judgment have been filed and there is no scheduled trial date.

Thus, there is no showing of *undue* delay by Headway in this matter (even though we do not believe the same cannot be said of Standard Chartered), and any "delay" in seeking the amendment is not the result of any obfuscation or obstruction by Headway, but a strict compliance with its responsibilities under Rule 11.

Headway's Motion for Leave was subject to standards the Court applied in the *Litton* case. There, the plaintiff moved to amend its complaint *for the third time* to add a claim for punitive damages. This amendment came over three years after commencement of the action. However, the Court found that such delay was not "undue":

> [w]hile this delay cuts against a grant of the amendment, it certainly is not dispositive. It appears that the amendment is based on facts developed during discovery, including the deposition of persons involved with [defendant] during the period in question. The resulting prejudice to [defendant], if any, is extremely minimal and does not rise to the level of 'undue prejudice.' Although pretrial preparation has been extensive, *discovery is still open and there is no set trial date*. Therefore, the parties are not burdened by the reopening of discovery. Moreover, it does not appear that the proposed amended complaint will result in extensive additional discovery or unduly delay the trial.

*Litton Indus.*, 734 F. Supp. 1071, 1078 (emphasis added).

9

Similarly, in the present case, although Headway sought the amendment nearly three years after filing its Original Complaint, depositions began only six months ago, discovery is ongoing, the facts underlying the amendment were learned through discovery, there is no trial date, and the amendment would not result in "extensive additional discovery or unduly delay the trial." Allowing amendment is even more appropriate here because, unlike the *Litton* plaintiffs, Headway was seeking a *first* amendment, not a *third*, and Headway's action has been subjected to a complex and time-consuming process of removal, transfer, consolidation and inclusion in a steering committee, factors absent in the *Litton* case.

Any delay that might result from allowing Headway to amend its complaint need not be lengthy, much less unduly lengthy. The liberal standards of Rule 15 were easily satisfied, and Headway's Motion for Leave should have been granted.

> **D.    In the event that the Court's October 2010 Order is construed as a true "Scheduling Order," even under Rule 16, Headway demonstrated good cause and should have been granted leave to amend.**

Under Rule 16, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge. . . ." Fed. R. Civ. P. 16(b). "A finding of good cause depends on the diligence of the moving party." *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). "In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence. *Rent-A-Center*, 47 F.R.D. at 100 (citing *Robinson v. The Town of Colonie*, 1993 WL 191166 (N.D.N.Y. 1993)).

As explained above, the deadline imposed by the Court's October 2010 Order expired almost four months before the commencement of fact discovery. It follows, *a priori*, that however much diligence a party exercises, without access to facts uncovered through discovery, that party cannot determine whether an amendment is justified. Thus, the fact that this deadline expired well before discovery began, standing alone, satisfies the "good cause" requirement of Rule 16.

### E.   *The Court's CMO does not bar amendment of Headway's Complaint, but merely excuses the non-Standard Chartered defendants from responding to Headway's pleadings*

This Court's CMO provided a substantial accommodation to the non-Standard Chartered defendants. The CMO not only forced Headway to litigate its claims outside of its chosen venue as a member of a steering committee comprised of diverse plaintiffs with diverse issues, but it also allowed the non-Standard Chartered defendants to avoid responding to Headway's complaint or the complaints of any of the individual plaintiffs. The Court has now added to that accommodation an unintended and unjustifiable benefit, in holding that the CMO forecloses the right of Headway (and any other individual plaintiff), to ever assert any newly discovered or amended claims against those defendants. This is a result with serious due process implications. While the non-Standard Chartered defendants initially took cover behind the CMO, and now retreat behind the Court's April 2012 Order, the statutes of limitations for Headway's fraud and Florida Securities and Investor Act claims continue to tick away, allowing those defendants to wield a shield as if it were a sword.

This Court can, and should, prevent manifest injustice by allowing Headway to amend its Complaint. We understand that the non-Standard Chartered defendants might

11

not immediately be required to respond to Headway's Amended Complaint, in the same way they were exempted from responding to Headway's Original Complaint. However, this more reasonable interpretation of the CMO will not only preserve Headway's right to vindicate its claims, but will also promote judicial efficiency by allowing the issues developed through discovery to be framed for trial in the most efficient way.

### IV.     Conclusion

For all the foregoing reasons, Headway respectfully requests that this Court reconsider the above-described instances of error in the April 13, 2012 Decision and Order, and amend that Order to allow Headway to amend its Complaint.

Dated: April 27, 2012

                        Respectfully submitted,

                        RIVERO MESTRE LLP
                        Attorneys for Headway Investment Corp.
                        2525 Ponce de Leon Boulevard
                        Suite 1000
                        Miami, Florida 33134
                        Telephone:  (305) 445-2500
                        Fax: (305) 445-2505
                        Email: jmestre@riveromestre.com

                        By:     /s/ Jorge A. Mestre_____
                                  JORGE A. MESTRE
                                  Fla. Bar No. 088145
                                  ALAN H. ROLNICK
                                  Fla. Bar No. 715085
                                  ERIMAR VON DER OSTEN
                                  Fla. Bar No. 028786
                                  CARLOS A. RODRIGUEZ
                                  Fla. Bar No. 091616

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 27, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail.

      By:   /s/ Jorge A. Mestre_____
                Jorge A. Mestre

| | |
|---|---|
| Sullivan & Cromwell LLP<br>New York, New York<br>Attorneys for Private Bank Defendants<br><br>Sharon L. Nelles: Nelless@sullcrom.com | Simpson Thacher & Bartlett LLP<br>New York, New York<br>Attorneys for FGG Defendants<br><br>Peter E. Kazanoff: pkazanoff@stblaw.com |
| Greenberg Traurig, P.A.<br>Miami, Florida<br>Attorneys for Individual FGG Defendants, Standard Chartered Bank International (Americas) Limited and Standard Chartered PLC<br><br>Ricardo Alejandro Gonzalez: gonzalezr@gtlaw.com | Brown & Heller<br>Miami, Florida<br>Attorneys for CITCO Fund Services (Europe) B.V.<br><br>Amanda McGovern: amcgovern@ghblaw.com |
| The Brodsky Law Firm<br>Miami, Florida<br>Attorneys for Maridom Ltd., Caribetrans, S.A., And Abbot Capital, Inc.<br><br>Richard E. Brodsky: rbrodsky@thebrodskylawfirm.com | Curran & Associates<br>Miami, Florida<br>Attorneys for Ricardo Lopez, Jorge Asensio, Auburn Overseas Corp., Interland Investments Corp., Iston Holding Limited, Nemagus Ltd., Moises Lou-Martinez, New Horizon Development Inc., Alberto Perez, Ramiro Rendiles, Reinaldo Ruiz , Salcar Limited, Triple R Holdings Ltd., The Five Stars Financial Group Ltd., Vilebens, S.L., Velvor, S.A., 5C Investments Ltd., Archangel Resources Limited, Apple Trading Limited, Bahia Del Rio, S.A., Blount International, S.A. and Esther Diaz de Camara<br><br>Laurence E. Curran III:  lecurran@lecurran.com |
| Dimond Kaplan & Rothstein, P.A.<br>Miami, Florida<br>Attorneys for Pujals<br><br>Robert Linkin: RLinkin@dkrpa.com | Jones & Adams<br>Miami, Florida<br>Attorneys for Almiron and Carrillo<br><br>Matthew Jones: matthew@jones-adams.com |
| Sonn Erez, PLC<br>Fort Lauderdale, Florida<br>Attorneys for Saca, Lancaster Overseas, Ltd., and Dieka, S.A. de C.V.<br><br>Jeffrey Erez: jerez@sonnerez.com | de la O Marko Magolnick & Leyton PA<br>Miami, Florida<br>Attorneys for Gerico, de Rivera<br><br>Joel S. Magolnick: magolnick@dmmllaw.com |
| Kachroo Legal Services, P.C.<br>Cambrudge, Massachusetts<br>Attorneys for Caso<br><br>Gaytri D. Kachroo:  gkachroo@kachroolegal.com | Aguirre Morris and Severson<br>San Diego, California<br>Attorneys for Marka Akriby Valladolid<br><br>Maria Severson: mseverson@amslawyers.com |
| Katz Barron Squitero Faust<br>Miami, Florida<br>Attorneys for Joaquina Teresa Barbachano Herrero<br><br>Marissa C. Corda: MCC@katzbarron.com | Kirkland & Ellis LLP<br>New York, New York<br>Attorneys for Pricewaterhousecoopers L.L.P.<br><br>Andrew M. Genser: agenser@kirkland.com<br>Timothy A. Duffy: tim.duffy@kirkland.com |

| | |
|---|---|
| Wolf Popper LLP<br>New York, NY 10022<br>Attorneys for Pacific West Health Medical Center Inc. Employees Retirement Trust<br><br>James A. Harrod: jharrod@wolfpopper.com | Lovell Stewart Halebian Jacobson, LLP<br>New York, NY 10006<br>Attorneys for Pasha S. Anwar<br><br>Victor E. Stewart: victornj@ix.netcom.com |
| Alan Rolnick<br>Studio City, CA  91604<br><br>Attorneys for Headway Investment Corp.<br><br>Alan Rolnick: ahrolnick@aol.com | White & Case LLP (NY)<br>New York, New York<br>Attorneys for Walter Noel, Jr.<br><br>Glenn Kurtz: gkurtz@whitecase.com |
| Hughes Hubbard & Reed LLP (NY)<br>New York, New York<br><br>Attorneys for PricewaterhouseCoopers Accountants Netherlands N.V.<br><br>Gabriel Sean Marshall:  marshallg@hugheshubbard.com<br>Sarah Loomis Cave:  cave@hugheshubbard.com<br>William R. Maguire:  Maguire@hugheshubbard.com | Dechert, LLP (NYC)<br>New York, New York<br><br>Attorneys for Andres Piedrahita<br><br>Andrew J. Lavender:<br>andrew.levander@dechert.com |
| Kasowitz, Benson, Torres & Friedman, LLP (NYC)<br>New York, New York<br><br>Attorneys for Jeffrey Tucker<br><br>Adam K. Grant: agrant@kasowitz.com | Debevoise & Plimpton, LLP (NYC)<br>New York, New York<br><br>Attorneys for Helen Virginia Cantwell<br><br>Helen Virginia Cantwell:<br>hvcantwell@debevoise.com |