UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
PASHA ANWAR, et al.,                          )
                                              )
    Plaintiffs,                           )
                                              )
v.                                            )
                                              )   Master File No. 09-CV-118 (VM)
FAIRFIELD GREENWICH LIMITED, et al.,          )
                                              )
    Defendants.                           )
                                              )
This Document Relates to:                     )
*Da Silva Ferreira v. EFG Capital International* )
*Corp., et al., 11-CV-813(VM)*                )
-----------------------------------------------------------------x

## DECLARATION OF LAWRENCE A. KELLOGG IN SUPPORT OF PLANTIFFS' COUNSEL'S PETITION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Lawrence A. Kellogg, Esq., declares as follows pursuant to 28 U.S.C. § 1746:

    1.    I am a partner at the law firm of Levine Kellogg Lehman Schneider + Grossman LLP ("LKLSG"). I submit this declaration in support of Plaintiffs' Counsel's petition for an award of attorneys' fees and reimbursement of litigation expenses on behalf of LKLSG who lead the prosecution of the claims in the above-captioned action (the "Action") from inception through March 31, 2012 (the "Time Period").

    2.    My firm, which served as Lead Counsel in the Action, was involved in all aspects of the litigation and settlement.

    3.    The principal tasks undertaken by LKLSG included (i) conducting an extensive factual investigation into the events and circumstances underlying this Action; (ii) thoroughly researching the law regarding the claims brought against EFG Capital and EFG Bank f/k/a EFG Private Bank SA ("EFG Bank") and the potential defenses thereto; (iii) filing a complaint against

EFG Capital and EFG Bank for breach of fiduciary duty, gross negligence, unjust enrichment, and violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"); (iv) engaging in extensive discovery on the merits of the claims, including analysis of over 125,000 pages of document production in response to multiple requests for production, interrogatories, requests for admission (and responses thereto); (v) researching and drafting oppositions to both EFG Bank's Motion to Dismiss and EFG Capital's Motion to Dismiss; (vi) conducting certification discovery and drafting a motion for class certification; (vii) taking the depositions of six present and former officers and employees of EFG Capital, including its President and Chairman of the Board; (vii) defending the deposition of Plaintiff Lorrene da Silva Ferreira; (viii) engaging in extensive settlement negotiations, including two days of mediation; (ix) preparing comprehensive multimedia presentation in conjunction with the mediation sessions; and (x) negotiating and drafting all of the critical settlement documents including the Memorandum of Settlement, the Settlement Stipulation, a proposed Preliminary Approval Order and the Notice.

4.      The schedule attached hereto as **Exhibit A** is a summary indicating the amount of time spent by each attorney and professional support staff of my firm who was involved in the prosecution of this Action, and the lodestar calculation based on my firm's applicable billing rates.  The summary was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

5.      The hourly rates for the attorneys and support staff in my firm, included in **Exhibit A**, are the same as the regular rates charges for their services in similar litigation such as this Action.

6.      The total number of hours expended on this litigation by my firm during the Time Period is 2,915.5 hours.  The time value of those hours, and thus the total lodestar for my firm, is $888,765.50

7.      My firm's lodestar figures are based upon the firm's billing rates, which do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.  Moreover, the figures are based on reasonable Miami rates.  They would be much higher if New York rates were used.  *See, e.g., In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992) (holding that district court committed legal error by placing "a ceiling of $175 on the hourly rates of all lawyers for the class, including lawyers whose regular billing rates were almost twice as high").

8.      As detailed in **Exhibit B**, my firm has incurred a total of $ 88,467.98 in unreimbursed expenses incurred in connection with the prosecution of this Action during the Time Period.  The expenses incurred are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other sources materials and are an accurate record of the expenses incurred.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 2, 2012, in Miami, Florida.

Lawrence A. Kellogg, Esq.

3

Exhibit A

Firm: Levine Kellogg Lehman Schneider + Grossman, LLP
*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)
Reporting Period: Inception through March 31, 2012

| Name | Hours | Hourly Rate | Fees Amount | Notes |
|------|-------|-------------|-------------|-------|
| Amanda Star Frazer (a) | 539.3 | $ 260.00 | $ 140,218.00 | 2010 Rate |
| Amanda Star Frazer (a) | 111.1 | $ 280.00 | $ 31,108.00 | 2011 Rate |
| Amanda Star Frazer (a) | 0.5 | $ 300.00 | $ 150.00 | 2012 Rate |
| Amanda Quirke (a) | 14.6 | $ 260.00 | $ 3,796.00 | 2010 Rate |
| Amanda Quirke (a) | 8 | $ 295.00 | $ 2,360.00 | 2011 Rate |
| Andrew S. Brown (s) | 38.1 | $ 150.00 | $ 5,715.00 | 2010 Rate |
| Andrew S. Brown (s) | 3.6 | $ - | $ - | 2010 Rate |
| Andrew S. Brown (a) | 26.2 | $ 250.00 | $ 6,550.00 | 2011 Rate |
| Andrew S. Brown (a) | 43.1 | $ 270.00 | $ 11,637.00 | 2012 Rate |
| Maria A. Carattini (p) | 149.5 | $ 160.00 | $ 23,920.00 | 2010 Rate |
| Maria A. Carattini (p) | 156.4 | $ 180.00 | $ 28,152.00 | 2011 Rate |
| Maria A. Carattini (p) | 1.3 | $ 200.00 | $ 260.00 | 2012 Rate |
| David M. Levine (a) | 27 | $ 530.00 | $ 14,310.00 | 2010 Rate |
| Jeffrey C. Schneider (a) | 11.3 | $ 445.00 | $ 5,028.50 | 2010 Rate |
| Jason Kellogg (a) | 570.6 | $ 320.00 | $ 182,592.00 | 2010 Rate |
| Jason Kellogg (a) | 365.3 | $ 340.00 | $ 124,202.00 | 2011 Rate |
| Jason Kellogg (a) | 12.5 | $ 360.00 | $ 4,500.00 | 2012 Rate |
| Lawrence A. Kellogg (a) | 156.6 | $ 490.00 | $ 76,734.00 | 2010 Rate |
| Lawrence A. Kellogg (a) | 237.9 | $ 510.00 | $ 121,329.00 | 2011 Rate |
| Lawrence A. Kellogg (a) | 9.3 | $ 530.00 | $ 4,929.00 | 2012 Rate |
| Adam G. Schwartz (a) | 101.5 | $ 260.00 | $ 26,390.00 | 2010 Rate |
| Adam G. Schwartz (a) | 59.1 | $ 295.00 | $ 17,434.50 | 2011 Rate |
| Sara L. Stein (p) | 71.2 | $ 175.00 | $ 12,460.00 | 2010 Rate |
| Sara L. Stein (p) | 101.1 | $ 195.00 | $ 19,714.50 | 2011 Rate |
| Brandon M. Thompson (a) | 41.4 | $ 240.00 | $ 9,936.00 | 2010 Rate |
| Brandon M. Thompson (a) | 59 | $ 260.00 | $ 15,340.00 | 2011 Rate |
|  |  |  |  |  |
| Total Hours | 2,915.50 |  |  |  |
| Total Fees Amount |  |  | $ 888,765.50 |  |

(a) Attorney
(p) Paralegal
(s) Summer Associate

Exhibit B

Firm: Levine Kellogg Lehman Schneider + Grossman, LLP
*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)
Reporting Period: Inception through March 31, 2012

| Expenses | Amount | |
|---|---|---:|
| Postage | $ | 140.38 |
| Publication | $ | 835.00 |
| Process Server | $ | 470.00 |
| In House Duplicating | $ | 7,142.09 |
| Long Distance Calls | $ | 108.72 |
| Messenger | $ | 179.70 |
| Parking | $ | 80.00 |
| Overnight Delivery Service | $ | 1,313.10 |
| Outside Duplicating | $ | 2,522.81 |
| Filing Fee | $ | 458.00 |
| Court Reporter Expenses | $ | 29,188.05 |
| Westlaw Research | $ | 7,994.49 |
| Business Meals | $ | 1,060.61 |
| Travel Expenses for Counsel and Client | $ | 9,689.77 |
| Video Depositions Fees | $ | 1,389.85 |
| Witness Fees | $ | 129.00 |
| Expert & Consultant Fees | $ | 33,963.82 |
| Mediation Fees | $ | 4,937.00 |
| Translation Services | $ | 1,983.12 |
| Pacer Searches | $ | 1,622.69 |
| | | |
| Total Expenses | $ | 105,208.20 |
| | | |
| Reimbursement from Cohen Kinne | $ | (8,370.11) |
| Reimbursement from Dan Solin | $ | (8,370.11) |
| | | |
| **Total Unreimbursed Expenses** | **$** | **88,467.98** |