UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
PASHA ANWAR, et al.,

    Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, et al.,

    Defendants.

This Document Relates to:
*Da Silva Ferreira v. EFG Capital International Corp., et al.*, 11-CV-813(VM)
---------------------------------------------------------------x

Master File No. 09-CV-118 (VM)

## DECLARATION OF KEVIN M. KINNE IN SUPPORT OF PLANTIFFS' COUNSEL'S PETITION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Kevin M. Kinne, Esq., declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner at the law firm of Cohen Kinne Valicenti Cook LLP ("Cohen Kinne"). I submit this declaration in support of Plaintiffs' Counsel's petition for an award of attorneys' fees and reimbursement of litigation expenses on behalf of Cohen Kinne, which contributed to the prosecution of the claims in the above-captioned action (the "Action") from inception through January 31, 2012 (the "Time Period").

2. My firm, which served as Co-Lead Counsel in the Action, was involved in all aspect of the litigation and settlement.

3. The principal tasks undertaken by Cohen Kinne included (i) acting as liaison to the Class Representatives; (ii) drafting an initial demand letter; (iii) conducting an extensive factual investigation into the events and circumstances underlying this action; (iv) researching the law regarding the claims brought against EFG Capital and EFG Bank f/k/a EFG Private Bank SA

1

("EFG Bank") and the potential defenses thereto; (v) participating in extensive discovery, including multiple requests for production to which EFG Capital produced over 125,000 pages of discovery, interrogatories, requests for admission (and responses thereto); (vi) participating in extensive settlement negotiations, including two days of mediation; and (vii) defending the class representative's deposition.

4. The schedule attached hereto as **Exhibit A** is a summary indicating the amount of time spent by each attorney and professional support staff of my firm who was involved in the prosecution of this Action, and the lodestar calculation based on my firm's current billing rates. The summary was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

5. The hourly rate for the attorneys and support staff in my firm, included in **Exhibit A**, are the same as the regular rates charges for their services in similar litigation such as this.

6. The total number of hours expended on this litigation by my firm during the Time Period is 491.5 hours. The total lodestar for my firm for those hours is $158,560.50. My firm has expended $161,035.50 in the prosecution of this Action but received a $2,475.00 retainer payment from the Plaintiffs. That retainer payment is not included in my firm's lodestar.

7. My firm's lodestar figures are based upon the firm's billing rates, which do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates. Moreover, the figures are based on reasonable rates in Western Massachusetts. They would be higher if New York rates were used. *See, e.g., In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992) (holding that district court committed legal error by placing "a ceiling of $175 on the hourly rates of all lawyers for the class, including lawyers whose regular billing rates were almost twice as high").

8.   As detailed in **Exhibit B**, my firm has incurred a total of $16,198.39 in unreimbursed expenses incurred in connection with the prosecution of this Action during the Time Period. The expenses incurred are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other sources materials and are an accurate record of the expenses incurred.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 2, 2012, in Pittsfield, Massachusetts.

_____
Kevin M. Kinne, Esq.

Exhibit A

Firm: Cohen Kinne Valicenti Cook LLP
*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)
Reporting Period: Inception through January 31, 2012

| Name | Hours | Hourly Rate | Fees Amount | Notes |
|---|---|---|---|---|
| Todd G. Garbatini (a) | 19.5 | $ 290.00 | $ 5,655.00 | |
| Kevin M. Kinne (a) | 257.1 | $ 360.00 | $ 92,556.00 | |
| Kevin M. Kinne (a) | 79.7 | $ 385.00 | $ 30,684.50 | Rate as of 3/31/2011 |
| Thomas Pagliarulo (a) | 26 | $ 290.00 | $ 7,540.00 | |
| Ann C. Smith (p) | 60.7 | $ 140.00 | $ 8,498.00 | |
| Ann C. Smith (p) | 7.3 | $ 150.00 | $ 1,095.00 | Rate as of 3/31/2011 |
| David E. Valicenti (a) | 34.2 | $ 360.00 | $ 12,312.00 | |
| David E. Valicenti (a) | 7 | $ 385.00 | $ 2,695.00 | Rate as of 3/31/2011 |
| | | | | |
| Total Hours | 491.5 | | | |
| Total Fees Amount | | | $ 161,035.50 | |
| Payment by Plaintiffs | | | $ 2,475.00 | |
| Total Fees Outstanding | | | $ 158,560.50 | |

(a) Attorney
(p) Paralegal

<u>Exhibit B</u>

Firm: Cohen Kinne Valicenti Cook LLP
*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)
Reporting Period: Inception through January 31, 2012

| Expenses | Amount |
|---|---:|
| FedEx | $ 94.88 |
| Publication | $ 417.50 |
| Postage | $ 2.78 |
| Photocopies | $ 34.80 |
| Legal Research | $ 1,372.12 |
| Travel Expenses | $ 3,900.27 |
| Translation Services | $ 505.93 |
| Process Service | $ 155.00 |
| Court Reporter | $ 1,270.00 |
| Reimbursement to LKLSG for Expenses | $ 8,370.11 |
| Filing Fees | $ 75.00 |
| | |
| Total Expenses | $ 16,198.39 |