UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
PASHA ANWAR, et al.,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　Master File No. 09-CV-118 (VM)
FAIRFIELD GREENWICH LIMITED, et al.,　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
This Document Relates to:　　　　　　　　　　)
*Da Silva Ferreira v. EFG Capital International*　)
*Corp., et al., 11-CV-813(VM)*　　　　　　　　 )
---------------------------------------------------------x

**DECLARATION OF HARVEY W. GURLAND, JR. IN SUPPORT OF
PLAINTIFFS' COUNSEL'S PETITION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

I, Harvey W. Gurland, Jr., declare as follows pursuant to 28 U.S.C. § 1746:

1. I have personal knowledge of the facts set forth below, and if called as a witness, I am competent to and would testify as follows. I submit this declaration in connection with Plaintiffs' Counsel's petition for an award of attorneys' fees and reimbursement of litigation expenses in the above-styled action (the "Action").[1]

2. I am a partner with the law firm of Duane Morris LLP and am familiar with the practice of complex commercial litigation and class actions in this community. I have been practicing law in the State of Florida since 1979, and am a member in good standing of both the New York Bar and Florida Bar. I am admitted to practice in the United Stated District Court for the Southern District of Florida as well as the United States Court of Appeals for the Eleventh Circuit. I am the co-managing partner of Duane Morris' Miami office.

---

[1] Plaintiffs' Counsel means, collectively, Levine Kellogg Lehman Schneider + Grossman, LLP; Cohen, Kinne, Valicente & Cook, LLP; and attorney Daniel R. Solin, Esq.

1

3. As a practitioner in the South Florida legal community, I am familiar with the prevailing market rates for practitioners of the skill and caliber of those of Plaintiffs' Counsel in cases involving issues similar to those presented in this Action.

4. I have been advised of the facts of this Action during the relevant periods, and the extent of the services rendered by Plaintiffs' Counsel. I have reviewed the Class Action Complaint, the Motion to Dismiss filed by Defendant EFG Capital International, Inc., the primary brief filed by Plaintiffs on the issue of class certification and the billing statements of Plaintiffs' Counsel. I have also spoken with one of Plaintiffs' Counsel.

5. I have been asked to provide my opinion as to the reasonableness of the hourly rates and time incurred by Plaintiffs' Counsel as reflected in the monthly billing statements related to the Action, and to also opine on what is a reasonable fee in this matter. The total attorneys' fees in the monthly billing statements is $1,063,149.50; the total costs are $114,100.05. These are broken down as follows:

   a. Levine Kellogg Lehman Schneider + Grossman's ("Levine Kellogg") monthly billing statements indicate that it incurred $888,765.50 in attorney's fees and $88,467.98 in costs from the inception of this Action through March 2012.

   b. Cohen, Kinne, Valicente & Cook, LLP's ("Cohen Kinne") monthly billing statements indicate that it incurred $158,560.50 in unbilled attorney's fees and $16,198.39 in costs from the inception of this Action through January 2012.

   c. Attorney Daniel R. Solin's monthly billing statements indicate that he incurred $15,823.50 in attorney's fees and $9,433.68 in costs from the inception of this Action through January 2012.

6. This Action required attorneys with particular pre-trial and trial skills, and an understanding of class actions, complex commercial litigation, the Madoff investment fraud and hedge funds. This Action also required attorneys with a solid understanding of pre-trial and trial procedures in Florida and New York Federal Courts. Moreover, because this Action was taken on a contingency basis, it required attorneys willing to take significant financial and professional risks.

7. It is my opinion that the hourly rates of Levine Kellogg, which is located here in Miami, are comparable with the hourly rates charged by other counsel in South Florida. And although Cohen Kinne is located in Western Massachusetts and Attorney Solin is based in Fort Myers, Florida, I have reviewed their hourly rates and it is my opinion that those rates also are comparable with the hourly rates charged by other counsel in South Florida. In my opinion the hourly rates used by Plaintiffs' Counsel to calculate their attorneys' fees are reasonable.

8. In addition, the total hours for which compensation is sought by Plaintiffs' counsel are reasonable in light of the work performed and the circumstances of this engagement.

9. It is further my opinion that the attorneys' should not be limited to the amounts in the billing statements in this contingent fee matter. In my opinion Plaintiffs' Counsel should be awarded a percentage of the recovery and that 1/3 of the recovery is reasonable.

10. In determining the fees to be awarded herein, I have given consideration to the following factors:

    a. The time and labor required and expended.

    b. The novelty and difficulty of the questions involved.

    c. The skills required to perform those legal services properly.

    d. The fees customarily charged for similar legal services.

e. The amount involved and the results obtained.

f. The time limitations imposed by the client or the circumstances.

g. The attorneys' experience, reputation and ability.

h. Whether the fee involved is fixed or contingent.

i. The nature and length of the professional relationship with the client.

j. The likelihood, if apparent to the client, that the acceptance of the engagement will preclude other employment by the attorneys.

11. It is further my opinion that the total costs of $114,100.05 incurred in this Action from the inception of this Action through March 2012 is also reasonable and consistent with costs normally incurred by counsel in South Florida.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 2, 2012 in Miami, Florida.

_____
Harvey W. Gurland, Jr.

DMADMIN\2338728.1

4