UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PASHA S. ANWAR, *et al.*,

                      Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

                      Defendants.

This Document Relates To:  *Maridom, et al.* v. *Standard Chartered Bank International (Americas) Limited*, No. 10-CV-920 and *Headway Investment Corporation* v. *American Express Bank Ltd., et al.*, No. 09-CV-8500.

Master File No. 09-CV-118 (VM) (THK)

---

**DEFENDANTS' CONSOLIDATED MEMORANDUM OF
LAW IN OPPOSITION TO THE MOTIONS OF MARIDOM
LTD., CARIBETRANS, S.A., ABBOT CAPITAL INC., AND
<u>HEADWAY INVESTMENT CORPORATION FOR RECONSIDERATION</u>**

                      Sharon L. Nelles
                      Bradley P. Smith
                      Patrick B. Berarducci
                      SULLIVAN & CROMWELL LLP
                      125 Broad Street
                      New York, New York  10004
                      Telephone:  (212) 558-4000
                      Facsimile:  (212) 558-3588
                      nelless@sullcrom.com

                      Diane L. McGimsey
                      (Admitted *Pro Hac Vice*)
                      SULLIVAN & CROMWELL LLP
                      1888 Century Park East
                      Los Angeles, California  90067

                      *Attorneys for Defendants
                      Standard Chartered Bank International
                      (Americas) Ltd. and
                      Standard Chartered Bank*

May 11, 2012

Defendants Standard Chartered Bank International (Americas) Ltd. ("SCBI") and Standard Chartered Bank ("SCB," and together "Standard Chartered") respectfully submit this consolidated memorandum in opposition to the motions brought by plaintiffs Maridom Limited, Caribetrans, S.A. and Abbot Capital Inc. ("*Maridom* plaintiffs") and Headway Investment Corporation ("Headway," and together with *Maridom* plaintiffs, "plaintiffs") for reconsideration of the Court's April 13, 2012 Order denying them leave to file amended complaints. (Dkt. # 853 (the "Order").)

## BACKGROUND

On February 9, 2012, *Maridom* plaintiffs moved for leave to file a second amended complaint, and on March 16, 2012, Headway sought similar relief. (Dkt. # 815, 837.) Plaintiffs sought to add allegations "to establish greater particularity with respect to previously pled and dismissed fraud and negligent misrepresentation claims" and to assert new claims under the Florida Securities and Investor Protection Act ("FSIPA"). (Order at 6, 7-8.) Plaintiffs also undertook "to buttress the factual allegations underlying their present claims," which "contend that SCBI failed to conduct adequate due diligence before recommending the investments in Sentry and Sigma." (*Id.* at 9-10.) *Maridom* plaintiffs separately requested permission to name SCB and Standard Chartered International (USA) Ltd. ("SCI") as new defendants. (*Id.* at 7.)

On April 13, 2012, the Court denied both motions. (*Id.* at 11.) The Court noted that it had "set a deadline for amending the Complaints" by no later than October 25, 2010—which was 21 days after the Court's October 4, 2010 Order granting in part Standard Chartered's motion to dismiss—and that plaintiffs had failed to meet that deadline. (*Id.* at 3-5 (citing FED. R. CIV. P. 16(b)(4).) The Court ruled that "there has been undue delay in seeking to amend the *Headway* and *Maridom* Complaints and there has not been a showing of good cause for that delay." (Order at 6.) Nevertheless, the Court ruled that plaintiffs failed to satisfy even "the more

lenient standard" of Rule 15(a)(2) of the Federal Rules of Civil Procedure, which applies "when there has been no prior deadline" for making amendments, because plaintiffs had inexcusably waited "until what is essentially the completion of pretrial discovery" before seeking leave to file amended pleadings.  (Order at 8.)

In particular, the Court found that the proposed new allegations supporting plaintiffs' previously "dismissed fraud and negligent misrepresentation claims" were based on "information known to Plaintiffs when this action was first filed and was certainly available to Plaintiffs within the deadline set for amending the Complaints."  (*Id.* at 6.)  Likewise, the Court found that at a much earlier point in time plaintiffs could have pleaded claims under FSIPA (*id.* at 7-8)—as other plaintiffs in related actions had done (although those claims were later dismissed)—and that *Maridom* plaintiffs could have asserted claims against SCI and SCB "when this action was first filed" (*id.* at 7).  The Court thus concluded that permitting such amendments at this late stage would trigger "a new round of motions to dismiss, leading to an unacceptable delay in reaching the merits of Plaintiffs' claims" (*id.* at 7), and similarly "would prejudice SCBI" by generating "significant delay in resolving these complex, consolidated actions" (*id.* at 6).

Unhappy with the Court's April 13 Order, plaintiffs now ask the Court to reconsider its decision.  Plaintiffs argue that the Court never actually set a deadline for them to amend their complaints, that their proposed amendments would not delay the resolution of their claims, and that there would be no prejudice to Standard Chartered.  These arguments provide no basis for the Court to reconsider its prior ruling.

**ARGUMENT**

Motions for reconsideration are not "a second bite at the apple for a party dissatisfied with a court's ruling."  *Drapkin* v. *Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 696-97 (S.D.N.Y. 2011) (citation omitted).  Rather, a motion for reconsideration, which is

-2-

governed by Local Civil Rule 6.3, may only be granted where the movant demonstrates that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, No. 09-CV-2137, 2012 WL 1448796, *1 (S.D.N.Y. Apr. 24, 2012) (denying motion for reconsideration) (citation omitted); *see also Liberty Media Corp.* v. *Vivendi Universal, S.A.*, No. 03-CV-2175, 2012 WL 1203825, at *1-2 (S.D.N.Y. Apr. 11, 2012) (denying motion for reconsideration where no controlling law contrary to prior ruling) (citations omitted). Motions for reconsideration thus are "generally only granted on three grounds: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent a manifest injustice." *In re McRay, Richardson, Santana, Wise, and Salaam Litig.*, No. 03-CV-9685, 2012 WL 1450428, at *2 (S.D.N.Y. Apr. 26, 2012) (quoting *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). Plaintiffs fail to demonstrate that the Court overlooked controlling authority or facts, or that the Court clearly erred in any respect in its April 13, 2012 Order.

**I.     Plaintiffs' Failure To File Amended Pleadings in Advance of the October 2010 Deadline Set by the Court Provides No Basis for the Court to Reconsider Its Denial of Plaintiffs' Motions for Leave To Amend.**

Plaintiffs' principal argument for reconsideration is that the Court improperly required them to show "good cause" under Federal Rule of Civil Procedure 16(b)(4) to justify their delay in seeking leave to file amended complaints. (April 27, 2012 Maridom Mem. in Supp. of Mot. for Reconsideration ("Maridom Mem.") at 3-4, Dkt. # 861; April 27, 2012 Headway Mem. in Supp. of Mot. for Reconsideration ("Headway Mem.") at 3-6, Dkt # 859.) This argument misconstrues the Court's Order and provides no basis for reconsideration.

First and foremost, the Court made clear that it was *not* relying exclusively on Rule 16(b)(4)'s "good cause" standard when it refused to allow plaintiffs to file amended

-3-

pleadings. Rather, the Court ruled that plaintiffs' motions seeking leave to amend would be denied "even under the more lenient standard" of Rule 15(a)(2). (Order at 6.) This fact alone defeats plaintiffs' motions for reconsideration on this issue.

Even if the Court had relied exclusively on Rule 16(b)(4)'s "good cause" standard, its reasoning was sound. The Court correctly ruled that it had "issued a scheduling order and established deadlines for amending the pleadings," thus triggering the Rule 16 requirement that the schedule only be modified "for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In particular, in its October 4, 2010 Order, the Court granted Standard Chartered's motion to dismiss plaintiffs' complaints in part, but gave them 21 days to seek leave to amend their complaints. *Anwar* v. *Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 360, 379 (S.D.N.Y. 2010). By their own admission, plaintiffs did not attempt to amend their complaints during that time period. (Maridom Mem. at 3; Headway Mem. at 3-4.)[1] The Court's denial of plaintiffs' motions for leave to amend their complaints at this late stage therefore is entirely consistent with the principle that "amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling

---

[1] Headway is mistaken in its belief that the Court's October 4, 2010 Order did not apply to it because the Court (i) later reinstated Headway's negligence claim and (ii) allowed for a longer period of time for Headway to amend its unjust enrichment claim. (Headway Mem. at 3-6.) First, among the claims and issues that the Court considered in its October 4, 2010 Order were fraudulent and negligent misrepresentation claims—precisely the claims that Headway sought to add in its proposed amended complaint 15 months later. The Court dismissed some of those fraud-based claims, while allowing others to survive. *Anwar*, 745 F. Supp. 2d at 371-73. Second, unlike its other claims, Headway's unjust enrichment claim could "exist only if the subject matter of that claim is not covered by a valid and enforceable contract." *Anwar*, 745 F. Supp. at 378 (quoting *In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002)). Because Headway's complaint "explicitly or implicitly refer[s] to agreements between [Headway] and Standard Chartered, the Court dismiss[ed] the unjust enrichment claim[]" without prejudice "[i]n the event that discovery reveals that the agreements in question are not valid or otherwise applicable . . . ." *Anwar*, 745 F. Supp. 2d at 378-79. The Court's carve-out of one claim, which Headway did not seek to replead, does not render the Court's 21-day deadline for other claims meaningless.

order issued under Rule 16(b)." *Kassner* v. *2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Apart from the fact that the Court did not rely solely on Rule 16(b)(4) when it refused to allow plaintiffs to amend their complaints, the arguments now advanced by plaintiffs do not satisfy the standards on a motion for reconsideration. Plaintiffs do not argue that the Court overlooked any "controlling decisions" applicable to their motions. Local Civil Rule 6.3. Nor could plaintiffs make such an argument, given that the Court holds broad discretion with regard to motions seeking leave to amend pleadings. (Order at 3-4 (citing *Commander Oil Corp.* v. *Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000).) Plaintiffs equally fail to identify any new evidence or other factual matters supposedly overlooked by the Court. Instead, plaintiffs reargue issues that the Court decided against them[2] and make new arguments that were not presented to the Court in their original moving papers.[3] Such tactics are improper on a motion for reconsideration. *Drapkin*, 818 F. Supp. 2d at 696 (denying reconsideration where plaintiff "rehashes arguments previously rejected and presents several new arguments that could have been, but were not, presented" in original motion).

---

[2]   *See* Maridom Mem. at 3-4; Headway Mem. at 3-4 (arguing Rule 15(a) applied to their motions for leave to file amended complaints); Maridom Mem. at 4-9; Headway Mem. at 7-9 (arguing plaintiffs were "diligent" in conducting discovery and did not delay filing amendments); Maridom Mem. at 10-12; Headway Mem. at 6-10 (arguing defendants would not be prejudiced by plaintiffs' delayed amendments); Maridom Mem. at 3-4 (arguing that the Court's October 2010 deadline did not apply to them).

[3]   *See* Maridom Mem. at 4-9; Headway Mem. at 10-11 (arguing plaintiffs demonstrated "good cause" for delay in filing amendments); Maridom Mem. at 11-12; Headway Mem. at 8-9 (arguing that delay resulting from plaintiffs' amendments is "not a certainty" or is "speculative"); Headway Mem. at 3-6 (arguing that the Court's October 2010 deadline to amend did not apply to Headway); Headway Mem. at 11-12 (arguing that Headway can amend as to non-Standard Chartered defendants notwithstanding the Court's March 11, 2009 Civil Case Management Plan and Scheduling Order).

## II. Plaintiffs Have No Basis for Challenging the Court's Conclusion That Belated Amendments to the Operative Pleadings Prejudice Standard Chartered.

Plaintiffs next argue that the Court erred in finding that their amendments, if permitted, would unduly prejudice Standard Chartered. (Maridom Mem. at 10-12; Headway Mem. at 6-10.) Again, however, plaintiffs fail to identify any controlling precedent or factual matter overlooked by the Court. The Court correctly found that allowing plaintiffs to amend their complaints just before the close of discovery in this MDL proceeding would cause "significant[] delay" and prejudice to Standard Chartered. (Order at 6.) Specifically, the Court found that plaintiffs' proposed amendments, including the addition of new claims and new defendants, would trigger a new round of motions to dismiss. (*Id.* at 7.) Plaintiffs argue that allowing amendment of their complaints now would not cause significant delay in resolving their cases because SCBI, SCB and SCI would not be required to file motions to dismiss under the Federal Rules of Civil Procedure, and even if such motions were filed, it would only take a month to resolve them. (Maridom Mem. at 10-11; Headway Mem. at 8-9.) Plaintiffs greatly understate the likely delay. The briefing and resolution of Standard Chartered's first unified motion to dismiss plaintiffs' currently operative complaints took nearly 7 months. Allowing plaintiffs to amend their complaints now also would have opened the flood gates to amendments by other plaintiffs in the MDL. In any event, there is no dispute that the Court is fully aware of the procedural history of this litigation and of the prospect of delay raised by plaintiffs' belated efforts to amend their pleadings. Plaintiffs identify nothing new in their instant motions that would justify revisiting the Court's conclusions.

## III. Plaintiffs' Arguments Regarding Discovery Conduct Are Not Relevant to their Motions for Reconsideration.

Finally, plaintiffs argue that they were "diligent" in conducting discovery and that the Court erred in stating that "[t]he discovery deadline has been extended several times."

-6-

(Maridom Mem. at 4-5 (quoting Order at 2); *see also* Headway Mem. at 7-8.)  These are red herrings.  Neither plaintiffs' asserted diligence in pursuing discovery, nor the number of times discovery was extended have any bearing on plaintiffs' decision to wait until the end of fact discovery before seeking leave to file amended pleadings.

*Maridom* plaintiffs' reference to *Bridgeport Music, Inc.* v. *Universal Music Group, Inc.*, 248 F.R.D. 408 (S.D.N.Y. 2008), in particular, does not justify reconsideration.  In that case, unlike here, the plaintiff sought to amend its complaint to add a defendant and certain allegations just three weeks after a deposition revealed the proposed new defendant's role in the events at issue in the case.  248 F.R.D. at 413-14.  In addition, the defendant in that case had consented to some of the additional allegations asserted in plaintiff's proposed amended complaint.  *Id.* at 415.  *Bridgeport Music* plainly is not controlling authority overlooked by the Court.

Likewise, Headway's reliance on *Litton Industries, Inc.* v. *Lehman Brothers Kuhn Loeb Inc.*, 734 F. Supp. 1071 (S.D.N.Y. 1990) is misplaced.  The plaintiff in *Litton* sought leave to amend its complaint during the course of discovery (not at the end) and only sought to add a putative damages claim and drop three substantive claims dismissed by a prior decision of the district court.  734 F. Supp. at 1078.  Notably, the proposed amended complaint in *Litton* "contain[ed] no new factual allegations," no new substantive claims and no new defendants.  *Id.*  By contrast, plaintiffs here seek to add new factual allegations, new claims and new defendants, all of which the Court found to be either substantive changes that should have been done long ago or non-substantive revisions that provide no basis for any further relief.  *Litton* is thus inapposite.

**CONCLUSION**

Because plaintiffs have not demonstrated that the Court overlooked controlling decisions or factual matters that were raised in their original motions for leave to amend their complaints, or that the Court clearly erred in any other way in its April 13 Order, plaintiffs' motions for reconsideration should be denied.

Dated: May 11, 2012
       New York, New York

/s/ Sharon L. Nelles

Sharon L. Nelles
Bradley P. Smith
Patrick B. Berarducci
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
nelless@sullcrom.com

Diane L. McGimsey
(Admitted *Pro Hac Vice*)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California  90067

*Attorneys for Defendants*
*Standard Chartered Bank*
*International (Americas) Ltd. and*
*Standard Chartered Bank*