UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
::
ANWAR, *et al.*,
::
::
Plaintiffs,
::
::
v.
::
::
FAIRFIELD GREENWICH LIMITED, *et al.*,   ::   MASTER FILE NO. 09-CV-0118 (VM)
::
Defendants.
::
::
::
This Document Relates To: *Headway Investment*   ::
*Corp. v. American Express Bank Ltd., et al.*, No. 09-   ::
CV-08500
---------------------------------------------------------------x


**MEMORANDUM OF LAW OF THE NON-STANDARD CHARTERED DEFENDANTS
IN OPPOSITION TO PLAINTIFF HEADWAY INVESTMENT CORPORATION'S
<u>MOTION FOR RECONSIDERATION</u>**

Defendants Fairfield Greenwich Advisors LLC, Walter M. Noel, Jr., Jeffrey Tucker, PricewaterhouseCoopers LLP, PricewaterhouseCoopers Accountants N.V., and Citco Fund Services (Europe) B.V. (collectively, the "Non-Standard Chartered Defendants") respectfully submit this memorandum of law in opposition to the motion ("Motion") of Plaintiff Headway Investment Corporation ("Headway") for reconsideration of this Court's April 13, 2012 order ("Order") insofar as the Order denied Headway leave to file an amended complaint against defendants not affiliated with Standard Chartered.[1]

## ARGUMENT

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Anwar v. Fairfield Greenwich Ltd.*, 800 F.Supp.2d 571, 572 (S.D.N.Y. 2011) (citation and quotation marks omitted). The Movant "must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that [it] believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Id.* Headway does not meet this demanding standard as to defendants not affiliated with Standard Chartered.

Headway's discussion of the Order as it relates to the Non-Standard Chartered Defendants is confined to the last two paragraphs of its brief. *See* Headway MOL at 11-12. Those two paragraphs are devoid of any law (much less controlling law) and contain no facts that the Court failed to previously consider that could justify reconsideration. Headway baldly asserts that denial of the opportunity to amend its complaint has "serious due process

---

[1] Defendants not affiliated with Standard Chartered preserve all rights and defenses, including any defenses they may have to the personal jurisdiction or subject matter jurisdiction of the District Court for the Southern District of Florida. Headway's April 27, 2012 Memorandum of Law in Support of Its Motion for Reconsideration is abbreviated herein as "Headway MOL."

implications" and would result in "manifest injustice."  This empty rhetoric should be rejected.  As the Court previously explained, Headway's additional claims "could have been asserted in the original Complaint[] and are not dependent upon evidence revealed in the course of discovery." *Anwar v. Fairfield Greenwich Ltd.*, 09 Civ. 0118, 2012 WL 1415621, at *3 (S.D.N.Y. April 13, 2012).  But once *Headway* was consolidated with *Anwar* for all pretrial purposes, Headway was required to work with co-lead plaintiffs' counsel to determine which claims they should collectively pursue.  This is a straightforward application of the rules of consolidation, which is not a novel concept, and certainly does not raise any due process concerns.

The Court also should reject out of hand Headway's proposal, made under the guise of apparent compromise, that it be permitted to amend its complaint but have the response date postponed until some indefinite time in the future.  Requiring the Non-Standard Chartered Defendants to separately respond to the individual *Headway* complaint, regardless of the timing for such response, would directly contravene the governing Civil Case Management Plan and Scheduling ("CMO"), under which "no response by Defendants is due to any individual complaints that are consolidated into the Consolidated Action."  *See* March 11, 2009 CMO, Dkt. #69, at ¶6.  Moreover, Headway's proposal "would inevitably result in significant delay in resolving these complex, consolidated actions." *Anwar*, 2012 WL 1415621, at *2.

## CONCLUSION

For the foregoing reasons, Headway's motion for reconsideration should be denied as to defendants not affiliated with Standard Chartered.

Dated: May 14, 2012
       New York, NY


SIMPSON THACHER & BARTLETT LLP

By: /s/ Mark G. Cunha
    Mark G. Cunha
    mcunha@stblaw.com
    Peter E. Kazanoff
    pkazanoff@stblaw.com
    425 Lexington Ave.
    New York, NY 10017
    (212) 455-2000

*Attorneys for Fairfield Greenwich Advisors LLC*


| WHITE & CASE LLP | KASOWITZ BENSON TORRES & FRIEDMAN LLP |
|---|---|
| By: /s/ Andrew Hammond<br>    Glenn Kurtz<br>    gkurtz@whitecase.com<br>    Andrew Hammond<br>    ahammond@whitecase.com<br>    1155 Avenue of the Americas<br>    New York, NY 10036<br>    (212) 819-8200<br><br>*Attorneys for Walter M. Noel, Jr.* | By: /s/ Marc Kasowitz<br>    Marc Kasowitz<br>    mkasowitz@kasowitz.com<br>    Daniel J. Fetterman<br>    dfetterman@kasowitz.com<br>    1633 Broadway<br>    New York, NY 10019<br>    (212) 506-1700<br><br>*Attorneys for Jeffrey Tucker* |

3

| | |
|---|---|
| BROWN AND HELLER, P.A. | KIRKLAND & ELLIS LLP |
| By: /s/ Lewis N. Brown<br>Lewis N. Brown<br>1 Biscayne Tower, 15th Fl.<br>2 S. Biscayne Blvd,<br>Miami, FL 33131<br>(305) 358-3580 | By: /s/ Timothy A. Duffy<br>Timothy A. Duffy, P.C.<br>Amy E. Crawford<br>300 North LaSalle<br>Chicago, Illinois 60654<br>(312) 862-2445 |
| *Attorneys for Citco Fund Services (Europe) B.V.* | *Attorneys for PricewaterhouseCoopers LLP (PwC Canada)* |

HUGHES HUBBARD & REED LLP

By:   /s/ William R. Maguire
     William R. Maguire
     Sarah L. Cave
     One Battery Park Plaza
     New York, NY  10004
     (212) 837-6000

*Attorneys for PricewaterhouseCoopers Accountants N.V (PwC Netherlands)*