# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/18/12

April 25, 2012

By Facsimile

Honorable Victor Marrero,
　United States District Judge,
　　Daniel Patrick Moynihan United States Courthouse,
　　　500 Pearl Street,
　　　　New York, New York 10007.

　　　　Re:　*Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
　　　　　　No. 09-CV-118 (VM) (THK) — Standard Chartered Cases

Dear Judge Marrero:

　　　　We write on behalf of Standard Chartered Bank International (Americas) Ltd. ("SCBI") and Standard Chartered PLC (collectively, "Standard Chartered") in response to plaintiff Ricardo Rodriguez Caso's April 20, 2012 letter to the Court. In that letter, Caso seeks to raise a new argument in support of his effort to avoid arbitration of his claims. This argument, like his others, is unavailing.

　　　　In short, Caso agreed to arbitrate all of his claims against Standard Chartered. That arbitration agreement is set forth in the Nondiscretionary Investment Services Agreement (the "NISA") that governs the investment account through which Caso invested in Fairfield Sentry Ltd. ("Fairfield Sentry"). The applicability of that agreement to Caso's claims already was addressed by the parties in letters to the Court this past December and January. (Dkt. # 766, 771-73.) Caso now contends (for the first time) that an application for a brokerage account that he signed (the "Brokerage Application") shields him from his agreement to arbitrate because he has sought to represent a putative class of plaintiffs.

　　　　As an initial matter, Caso's letter ignores this Court's January 3, 2012 Order that "No further briefing will be considered unless the Court so requests." (Dkt. # 772.) To the extent that the Court will consider Caso's April 20 letter, Standard Chartered respectfully requests that the Court also consider Standard Chartered's response thereto, set out below:

Honorable Victor Marrero -2-

Caso's claims against Standard Chartered arise from his November 2007 investment in Fairfield Sentry.[1] That investment was made through the nondiscretionary investment account (the "Investment Account") that Caso opened at American Express Bank International (Americas) Ltd. ("AEBI"), the predecessor in name to SCBI.[2] The Investment Account was opened with, and governed by, the NISA. The NISA expressly provides that "all controversies between" SCBI and Caso "arising out of or concerning" Caso's "Investment Account, Transactions, Holdings, or any related matter shall be determined by arbitration." (NISA ¶ 9(a) at SCB_Caso 00000051-52.) Caso concedes that he executed the NISA on November 16, 2006, and does not dispute that he invested in Fairfield Sentry through the Investment Account.

Notwithstanding the plain language of the NISA, Caso asks this Court to find that he cannot be compelled to arbitrate his claims because of language in the Brokerage Application that Caso also executed on November 16, 2006, in preparation for opening a brokerage account at some later time (a brokerage account was not opened until November 2008).[3] As the NISA does with respect to the Investment Account, the Brokerage Application states that "[a]ny controversy arising out of, or relating to, my [Caso's] accounts, to transactions with you or your Brokers and/or employees for me or to this agreement or the breach thereof, shall be settled by arbitration." (Brokerage Application ¶ 6 at SCB_Caso 00000044.) In addition, the Brokerage Application expressly prohibits the use of class arbitration to resolve controversies under that clause.

---

[1] As the Court is aware from prior correspondence, Caso did not initiate his case until December 9, 2010, and then took no action to prosecute his claims until he served his initial discovery disclosures on October 5, 2011, eight months past due. In contrast, forty-six cases brought by other wealthy private banking clients of Standard Chartered – asserting the same claims as Caso in individual actions – have proceeded on a coordinated basis in this Court, and fact discovery is set to close on May 4, 2012. It remains Standard Chartered's position that a class vehicle is unnecessary and inappropriate for these claims, particularly given the demonstrated ability of plaintiffs to proceed efficiently on an individual basis and the fact that the Court has dismissed the complaints of several individual plaintiffs (all of whom are presumably putative class members) because of individualized defects in their claims.

[2] At the Court's request, Standard Chartered will submit the account statements and subscription documents that reflect Caso's investment in Fairfield Sentry Ltd. through his Investment Account at AEBI/SCBI.

[3] The Brokerage Application was prepared in anticipation that AEBI clients would be transitioned to brokerage accounts at a registered broker-dealer pursuant to new rules under the Gramm-Leach Bliley Act. Those new rules did not go into effect until January 2009.

Honorable Victor Marrero -3-

To accomplish this, the Brokerage Application does two things. First, it prohibits claimants such as Caso from "bring[ing] a putative or certified class action to arbitration." (*Id.* at SCB_Caso 00000045.) Second, in the so-called "forbearance clause," the Brokerage Application states that "[n]o person shall . . . seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative class action" until class certification is denied, the class is decertified or the customer is excluded from the class. (Brokerage Application ¶ 6 at SCB_Caso 00000044.)

Although Caso contends that "there is neither a conflict nor an inconsistency" between the NISA and the Brokerage Application (Caso Letter at 3), there clearly is a conflict under Caso's interpretation of the Brokerage Application. Under the plain language of the NISA, Caso agreed to arbitrate *all* controversies with Standard Chartered. Under the Brokerage Application, Caso similarly agreed to arbitrate *any* controversies, but Caso asserts there is an exception that allows him to pursue class action litigation with respect to his claims. As Caso concedes, however, the NISA expressly provides that, to "the extent there is any conflict or inconsistency between the provisions of [the NISA] and [any] other agreements and documentation, *the provisions of [the NISA] shall control as to the Investment Account.*" (NISA ¶ 9(c) at SCB_Caso 00000052 (emphasis added).) Here, Caso's November 2007 investment in Fairfield Sentry Ltd. was made through his nondiscretionary Investment Account at AEBI/SCBI; that is the account at issue here; and that account is governed in accordance with the NISA. In other words, the NISA's referral of all controversies between Standard Chartered and Caso to arbitration trumps any limitation on that provision arguably set out in other agreements or documents, including the Brokerage Application.

In light of these considerations, and the strong federal policy favoring arbitration, Standard Chartered respectfully requests that the Court order Caso to arbitrate his claims against Standard Chartered on an individual basis as he agreed to do.

Respectfully submitted,

*Sharon L. Nelles*

Sharon L. Nelles

cc: Gaytri Kachroo
(by facsimile and e-mail)

Courtesy Copy to Standard Chartered Plaintiffs' Steering Committee
(by e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *defendant Standard Chartered Bank*

SO ORDERED.

5-17-12
DATE

*Victor Marrero, U.S.D.J.*