```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
PASHA S. ANWAR, et al.,         :
                                :   09 Civ. 0118 (VM)
            Plaintiffs,         :
                                :   10 Civ. 9196 (Caso)
                                :
                                :
     -against-                  :   DECISION AND ORDER
                                :
FAIRFIELD GREENWICH LIMITED,    :
et al.,                         :
                                :
            Defendants.         :
--------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendants Standard Chartered Bank International (Americas) Ltd. ("SCBI") and Standard Chartered PLC (together, "Standard Chartered") seek to compel arbitration of the claims brought by plaintiff Ricardo Rodriguez Caso ("Caso") in Caso v. Standard Chartered Bank International (Americas) Ltd., No. 10 Civ. 9196, a putative class action consolidated with a number of other lawsuits into the above captioned multi-district litigation, No. 09 Civ. 0118.

By letter dated December 23, 2011, Standard Chartered requested permission to file a motion to compel arbitration of Caso's claims (Docket No. 766). Standard Chartered asserted that a mandatory arbitration clause contained in agreements governing an investment account with American Express Bank International ("AEBI"), SBCI's predecessor, compels arbitration of Caso's claims. The Court hereby

-1-

deems Standard Chartered's December 23, 2011 letter a motion to compel arbitration.

On December 27, 2011, the Court directed Caso to show cause as to why the Court should not compel arbitration of his claims (Docket No. 766). In letter-briefs dated December 27 and 30, 2011, Caso argued that Standard Chartered waived the right to arbitration (Docket Nos. 771, 772.). In a letter-brief dated April 20, 2012 (the "April 20 Letter," Docket No. 880), Caso further argued that the specific contracts at issue bar arbitration of Caso's claims. Standard Chartered replied in support of compelling arbitration in letter-briefs dated January 6, 2012 and April 25, 2012 (Docket Nos. 773, 879).

As an initial matter, the Court finds that, contrary to Caso's assertions, the contracts at issue — the Application for Brokerage Account ("Brokerage Agreement") and the Nondiscretionary Investment Services Agreement (the "NISA") — do not bar arbitration. Caso argues that a clause in the Brokerage Agreement prohibiting arbitration of "a putative class action" bars enforcement of the arbitration clauses against his claims. (Docket No. 880, ex. A ¶ 6).

The plain language of the NISA says otherwise. According to Standard Chartered, the NISA governs Caso's

-2-

investment in the Fairfield Sentry Ltd. fund, which is the subject of this suit.[1] Although the NISA provides that it should be read in accordance with any other agreement between the parties (such as the Brokerage Agreement), it also provides that "in the event and to the extent that there is any conflict or inconsistency between the provisions of this Agreement" and any other agreement between the parties, "the provisions of this Agreement shall control as to the Investment Account." (Docket No. 880, ex. B ¶ 9(e).) The Brokerage Agreement and the NISA are inconsistent (although not necessarily in conflict) because, unlike the Brokerage Agreement, the NISA does not contain a clause prohibiting enforcement of arbitration against a putative class plaintiff. Rather, the NISA compels arbitration for "all controversies." (Id., ex. B ¶ 9(a).) Therefore, the NISA alone governs with regard to arbitration of claims arising from the investment at issue in this suit, and the Court finds no impediment to arbitrability. (Id., ex. B ¶ 9(a).)

Moreover, the Court finds that Standard Chartered has not waived its right to compel arbitration. Given the "strong federal policy favoring arbitration[,]" "waiver of

---

[1] Standard Chartered asserts that Caso's investment in Fairfield Sentry Ltd. was made through the nondiscretionary investment account Caso opened with AEBI, which was opened pursuant to the NISA.

arbitration is not to be lightly inferred." Leadertex Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995) (internal quotation marks omitted). "A party is deemed to have waived its right to arbitration if it engages in protracted litigation that results in prejudice to the opposing party." S&R Co. of Kingston v. Latona Trucking, Inc., 159 F.3d 80 (2d Cir. 1998) (internal quotation marks omitted); see Rush, III v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985) ("[T]he litigation of substantial issues going to the merits may constitute a waiver of arbitration[.]" (internal quotation marks omitted)). While the issue of prejudice "depends on the facts of each case," Brownstone Inv. Grp., LLC v. Levey, 514 F. Supp. 2d 536, 544 (S.D.N.Y. 2007), courts typically consider "the amount of litigation (usually exchanges of pleadings and discovery), the time elapsed from the commencement of litigation to the request for arbitration, and the proof of prejudice . . . ." Leadertex, 67 F.3d at 25 (affirming waiver of right to compel arbitration where trial was imminent, parties had engaged in extensive discovery, and defendant had shown real economic harm due to delay).

More than a year has passed since Caso filed his complaint, during which time Caso's counsel has shared in

the joint expenses of the Plaintiffs' Steering Committee, participated in weekly Steering Committee meetings, attended depositions and helped review documents produced in discovery. However, "pretrial expense and delay . . . without more, do not constitute prejudice sufficient to support a finding of waiver." Id., at 26. See, e.g., Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 122 (2d Cir. 1991) (affirming finding of no waiver of arbitration with delay of over three years, where only attenuated discovery had occurred); Rush, 779 F.2d at 887-91 (affirming finding of no waiver of arbitration where there was delay of eight months, a motion to dismiss, and participation in discovery).

As indicated in Caso's April 27, 2012 letter to Magistrate Judge Theodore H. Katz requesting modification of discovery deadlines (Docket No. 873), class discovery has yet to occur. Thus, "discovery is far from complete and the case is still a long way from being ready for trial." Brownstone, 514 F. Supp. 2d at 541 (finding no waiver of arbitration with delay of ten months). Nor has Caso himself made any dispositive motions or engaged in any substantive litigation going to the merits of his individual claims. Caso argues that if the Court compels arbitration, he will lose the substantive benefit of this

-5-

Court's rulings against Standard Chartered. However, such rulings occurred before Caso filed his Complaint, so Caso can hardly claim to have won any such benefits from his own efforts. Indeed, once in arbitration, Caso will likely retain a portion of any informational and strategic benefits obtained as a result of his counsel's participation in meetings and depositions coordinated by the Plaintiffs' Steering Committee.

Finally, there is no indication that this is "an instance in which a party sensing an adverse court decision [is, in effect, allowed] a second chance in another forum." Rush, III, 779 F.2d at 890 (internal quotation marks omitted) (alteration in original). Nor is there any indication of bad faith on the part of Standard Chartered. See Brownstone, 514 F. Supp. 2d at 544 ("A common thread that emerges from cases in which waiver was found where a party who sought arbitration had previously engaged in extensive litigation is an aspect that smacks of deliberate conduct or bad faith designed to secure a substantial benefit at the expense of the other party.") This case is far from trial or disposition, and, as Standard Chartered points out, the Court has issued rulings favorable to Standard Chartered as well as to plaintiffs. There is

therefore no reason to suppose that Standard Chartered seeks a second bite at the apple.

In sum, this case does not reach the level of prejudice necessary to create waiver and overcome the "strong federal policy favoring arbitration."

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion of defendants Standard Chartered Bank International (Americas) Ltd. and Standard Chartered PLC (together, "Standard Chartered") to compel arbitration, deemed contained in Standard Chartered's letter dated December 23, 2011 (Docket No. 766), is **GRANTED**; and it is further

**ORDERED** that the claims brought by plaintiff Ricardo Rodriguez Caso in Caso v. Standard Chartered Bank International (Americas) Ltd., No. 10 Civ. 9196, are stayed pending completion of arbitration.

**SO ORDERED.**

Dated: New York, New York
       18 May 2012

_/s/ Victor Marrero_
VICTOR MARRERO
U.S.D.J.