

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Timothy A. Duffy, P.C.
To Call Writer Directly:
(312) 862-2445
tim.duffy@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

May 29, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/12

**VIA HAND DELIVERY**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   ***Anwar, et al. v. Fairfield Greenwich Limited, et al.***
Master File No. 09-CV-00118 (VM) (THK)

Dear Judge Marrero:

I write on behalf of my client, PwC Canada, and defendant PwC Netherlands ("the PwC Defendants") to request a pre-motion conference regarding the Second Circuit's recent decision in a related case, *Stephenson v., PricewaterhouseCoopers LLP*, No. 11-1204-cv (May 18, 2012) (summary order), a copy of which is enclosed.

G. Philip Stephenson invested $60 million in, and became a limited partner of, Greenwich Sentry, L.P. on April 1, 2008 and maintained that investment through date of the revelation of the Madoff fraud in December 2008. He filed suit against PwC Canada and several Citco entities on January 26, 2009. He amended his complaint on June 26, 2009 alleging both negligence and fraud claims against PwC Canada, claiming that he had relied upon PwC Canada's "clean" audit opinions on the financial statements of Greenwich Sentry, L.P. and the other Fairfield Greenwich funds with assets held by the Madoff firm, and that PwC Canada's duty to him was evidenced by, among other things, the fact that PwC Canada's audit reports were addressed "To the Partners of Greenwich Sentry, L.P."

Judge Holwell dismissed Stephenson's claims. *Stephenson v. Citco Group Ltd.*, 700 F.Supp.2d 599 (S.D.N.Y. 2010). He held that Stephenson's claims were derivative to the extent they alleged a duty to, and harm suffered by, the fund. *Id.* at 611-12. Stephenson thus had no standing to bring direct claims against PwC Canada except "to the extent (and only to the extent) that [such claims] allege (1) violation of a duty owed to potential investors at large and (2) that such violations induced plaintiff to invest in Greenwich Sentry." *Id.*

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

May 29, 2012
Page 2

Though Judge Holwell expressed doubts as to whether *Stepehenson* had adequately so pled his negligence and gross negligence claims, *id.* at 612, he did not find it necessary to reach that question because he found them pre-empted by the Martin Act. With regard to fraud, he found Stephenson did have standing to sue as an allegedly defrauded prospective investor given the allegation that he would not have invested in Greenwich Sentry if not for PwC's audit opinion. *Id.* Judge Holwell was careful to note, though, that standing to bring an inducement claim was limited to plaintiffs who "allege a harm suffered by the plaintiff independent of the partnership and a duty to plaintiff that is not merely derivative of PwC's fiduciary duties to the partnership," *id.*, a group that could include prospective investors, but would not include existing partners, whose claims necessarily hinge on duties owed to the partnership as a whole.

By the time the case was submitted to the Second Circuit, the New York Court of Appeals had rejected the proposition that the Martin Act preempted civil common-law claims. But PwC Canada had argued that Judge Holwell's decision should nonetheless be affirmed on the alternate grounds that Stephenson's claims were derivative and that he had failed to allege the requisite linking conduct establishing any duty owed to him by PwC Canada. The Second Circuit agreed with PwC Canada and affirmed the dismissal of Stephenson's claims.

The Second Circuit ruled that Stephenson only had standing to assert a claim that PwC negligently induced him to *become* an investor; he had no standing to bring a direct negligence claim against PwC for any alleged breach of a duty or injury *after he became an investor*.

> "The district court correctly found that Stephenson has standing to bring a claim that PwC's negligence induced him to invest in Greenwich Sentry (the 'inducement' claim), but that he lacks standing to assert a claim based on his decision to remain invested in Greenwich Sentry through December 2008 (the 'holding' claim). Stephenson's inducement claim arose from his alleged reliance, as an individual investor, on PwC's unqualified audits of Greenwich Sentry. By contrast, Stephenson cannot 'prevail [on his holding claim] without showing injury to the [partnership as a whole.]': his holding claim involves no 'harm' to an individual partner and seeks no 'recovery' for an individual partner, distinct from other partners. Therefore it is a derivative claim that Stephenson lacks standing to assert directly." (Op. at 4-5)

Under this ruling, the *Anwar* plaintiffs have standing to assert negligence claims against the PwC Defendants only to the extent they have alleged that they were negligently *induced* to invest in a Fairfield Greenwich fund. All claims against the PwC Defendants alleging negligence and injury *after* the plaintiffs became investors in a Fairfield Greenwich fund must therefore be dismissed.

## KIRKLAND & ELLIS LLP

May 29, 2012
Page 3

The Second Circuit also ruled that to the extent Stephenson had any direct claim, he failed to plead that he was a "known party" to PwC Canada, and thus had failed to satisfy the requirement to allege "linking conduct" giving rise to a duty on the part of PwC Canada to Stephenson as a prospective investor.

> "As the New York Court of Appeals recently reiterated, '[t]he words "known party" … in the *Credit Alliance* test mean what they say,' and where the complaint does not allege that the defendant knew 'the identity of the specific non-privity party who would be relying,' a negligence claim fails. *See Sykes v. RFD Third Ave. 1 Assoc., LLC*, 15 N.Y.3d 370, 373-74 (2010) (internal quotation marks omitted). Because Stephenson was nothing more than a 'prospective limited partner[ ], unknown at the time and who might be induced to join [the partnership],' *see White v. Guarante*, 43 N.Y.S.2d 356, 361 (1977), he was not a known party to PwC prior to his investment in Greenwich Sentry and thus cannot maintain a claim for malpractice against PwC under an inducement-to-invest theory. (Op. at 6)

Under this ruling, the *Anwar* plaintiffs – who have not alleged (and cannot allege) that either of the PwC Defendants knew any of their identities prior to their initial investments in any of the Fairfield Greenwich funds – must also have their "inducement" claims dismissed.

In sum, under the Second Circuit's ruling in *Stephenson*: (1) the *Anwar* plaintiffs have not stated any claim arising from any duty allegedly owed to them by the PwC Defendants *prior to* becoming investors in the Fairfield Greenwich funds, because they do not – and cannot – allege that they were known parties to the PwC Defendants; and (2) they have no standing to bring any claims for negligence against the PwC Defendants for alleged negligence *after* becoming fund investors, as such claims are derivative.

The Fairfield Defendants join in this letter request for a pre-motion conference. The Second Circuit's findings in *Stephenson* bear directly on plaintiffs' lack of standing to assert holder claims, and make clear that it would be impossible to certify a class given individual questions of reliance. The Citco Defendants also join in this letter request for a pre-motion conference for the reasons set forth by the PwC Defendants. Finally, the holding in *Stephenson* applies with equal force to the *Anwar* plaintiffs' claims against GlobeOp, which are based on a similar theory that plaintiffs were induced by GlobeOp to invest or remain invested in the funds.

All the *Anwar* defendants thus request a pre-motion conference to discuss the most appropriate way to brief the impact of the *Stephenson* decision on plaintiffs' claims.

KIRKLAND & ELLIS LLP

May 29, 2012
Page 4

Respectfully,

Timothy A. Duffy, P.C.

Enclosure

cc:     Counsel or Record (via e/mail)

Plaintiffs are directed to respond by
6-4-12, by letter not to exceed
three (3) pages, to the matter
set forth above by defendants, showing
cause why under an application of the Second
Circuit's ruling in *Stephenson* certain similar
**SO ORDERED** claims asserted in this action
should not be dismissed.

5-30-12
**DATE**          **VICTOR MARRERO, U.S.D.J.**