UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/12

------------------------------------------------------------x
PASHA ANWAR, et al.,                          )
                                              )
        Plaintiffs,                           )
                                              )
v.                                            )
                                              )   Master File No. 09-CV-118 (VM)
FAIRFIELD GREENWICH LIMITED, et al.,          )
                                              )
        Defendants.                           )
                                              )
This Document Relates to:                     )
*Da Silva Ferreira v. EFG Capital International* )
*Corp., et al., 11-CV-813(VM)*                )
------------------------------------------------------------x

**ORDER GRANTING PETITION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The Court held a hearing on June 12, 2012 to consider Plaintiffs' Petition for an Award

of Attorney's Fees and Reimbursement of Expenses (the "Petition").[1]  The Court, having heard

the argument of Counsel and reviewed the Petition and its supporting materials and declarations

[DE 254-259], finds as follows:

I.    **Plaintiffs' Counsel's Requested Fee is Fair Under the Percentage-of-Recovery
      Method and the Second Circuit's *Goldberger* factors**

Plaintiffs' Counsel's requested fee of $2,568,664.56, representing 33% of the Settlement

Amount, as attorneys' fees in this Action, is fair under the percentage-of-recovery method and

the factors described in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

Those factors include the following: the (1) the time and labor expended by Plaintiffs' Counsel;

(2) the magnitude and complexities of this Action; (3) the risk of continued litigation; (4) the

---

[1]     Capitalized terms used herein have the meanings defined in the Stipulation of Settlement, dated January 19,
2012 (the "Stipulation") [DE 229-1].

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

quality of representation; (5) the requested fee in relation to the Settlement; and (6) public policy

considerations. *Goldberger*, 209 F.3d at 50.

### A. The time and labor expended by Plaintiffs' Counsel

The Court finds that the first *Goldberger* factor is satisfied. Plaintiffs' Counsel expended

3,448.1 hours to litigate this Action. Plaintiffs' Counsel, among other things: (i) conducted an

extensive factual investigation into the events and circumstances underlying this Action; (ii)

researched the law regarding the claims brought against EFG Capital and EFG Bank f/k/a EFG

Private Bank SA ("EFG Bank") and the potential defenses thereto; (iii) filed a complaint against

EFG Capital and EFG Bank for breach of fiduciary duty, gross negligence, unjust enrichment,

and violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"); (iv) engaged

in extensive discovery on the merits of the claims, including analysis of over 125,000 pages of

document production in response to multiple requests for production, interrogatories, requests for

admission (and responses thereto); (v) researched and drafted oppositions to both EFG Bank's

Motion to Dismiss and EFG Capital's Motion to Dismiss; (vi) conducted certification discovery

and drafted a motion for class certification; (vii) took the depositions of six present and former

officers and employees of EFG Capital, including its President and Chairman of the Board; (vii)

defended the deposition of Plaintiff Lorrene da Silva Ferreira; (viii) engaged in extensive

settlement negotiations, including two days of mediation; (ix) prepared a comprehensive multi-

media presentation in conjunction with the mediation sessions; and (x) negotiated and drafted all

of the critical settlement documents, including the Memorandum of Settlement, the Settlement

Stipulation, a proposed Preliminary Approval Order and the Notice. Accordingly, the time and

labor expended by Plaintiffs' Counsel here support the requested fee.

2

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

## B. The magnitude and complexities of the litigation

With regard to the second *Goldberger* factor, the Court finds that this case was a highly complex class action involving numerous legal and factual issues surrounding EFG Capital's duty to its customers; whether the duty had been breached; whether EFG Capital was responsible for the losses; whether SLUSA would bar the Action; and whether class treatment of EFG Capital's customer claims was appropriate. Plaintiffs' Counsel was faced with an adversary that retained highly skilled counsel and aggressively defended the Action, thereby making the legal issues and factual discovery highly complex. The factual discovery included hundreds of hours spent by Plaintiffs' Counsel reviewing EFG Capital's records, days of depositions, litigation of Swiss bank secrecy laws, and combating efforts of EFG to slow discovery and delay the trial.

## C. The risks of continued litigation

With regard to the third *Goldberger* factor, the Court finds that this Action posed significant risks, making the prospect of a favorable verdict for the Settling Class far from certain. Plaintiffs faced numerous legal challenges, including but not limited to the legal duties of EFG Capital to its customers, class certification, and EFG Capital's Motion to Dismiss on SLUSA grounds. As such, the Court finds that the risks of prosecuting this Action were substantial.

## D. The quality of representation

The result achieved and the quality of the services provided are also important factors to be considered in determining the amount of reasonable attorneys' fees under a percentage of the fee analysis. *See Goldberger*, 209 F.3d at 50. Despite the significant risk of no recovery in this Action, a substantial cash settlement, representing 16.7% of the Settling Class Members' net

3

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

losses, was secured for the Settling Class as a result of the legal representation provided by Plaintiffs' Counsel.

Plaintiffs' Counsel has extensive experience and expertise in complex litigation proceedings and class actions throughout the United States, and were qualified to conduct this Action. Plaintiffs' Counsel aggressively prosecuted this Action, pursuing merits discovery expeditiously through a number of motions to compel; obtaining and maintaining a trial date; and fully briefing class certification issues. As a result, Plaintiffs' Counsel uncovered facts relating to EFG Capital's knowledge of "red flags" that went far deeper than what had been alleged in other Madoff-related cases.

The Court has also considered the quality and vigor of opposing counsel. *See In re Warner Communication Sec. Litig.*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985). Here, EFG Capital and EFG Bank were represented by experienced and aggressive counsel. The fact that Plaintiffs' Counsel achieved this Settlement for the Settling Class in the face of substantial legal opposition further evidences the quality of their work.

Therefore, the Court finds the quality of the representation in this Action supports the requested fee.

**E. The requested fee in relation to the Settlement**

With regard to the third *Goldberger* factor, the Court finds that the fee request of 33% of the Gross Settlement Fund is well within the percentage range that courts within the Second Circuit have awarded in other complex litigations. *See Becher v. Long Island Lighting Co.*, 64 F. Supp. 2d 174, 182 (E.D.N.Y. 1999) (one-third of $7.8 million is "well within the range accepted by courts in this circuit").

4

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

### F. Public policy considerations

The Supreme Court has recognized that absent a class action, small claimants individually may lack the economic resources to vigorously litigate their rights. *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 161 (1974). Attorneys who take on class action matters on a contingent fee basis, enabling litigants to pool their claims, provide a service to the judicial process. This Court finds that public policy therefore supports the award of the attorneys' fees requested.

### II. The requested fee is reasonable under the lodestar "crosscheck"

In addition to the *Goldberger* factors, this Court has considered as a "cross-check," whether the requested fee determined under the percentage approach is consistent with an award that would result under the lodestar/multiplier approach. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123 (2d Cir. 2005).

Here, Plaintiffs' Counsel in the aggregate expended 3,448.1 hours, resulting in total fees of $1,063,149.50, in this Action.[2] The lodestar multiplier – the requested $2,568,664.56 fee divided by Plaintiffs' Counsel lodestar -- is 2.42. A multiplier of 2.42 is well within the range of lodestar multipliers approved by courts in the Second Circuit and further demonstrates the reasonableness of the requested fee. *See In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 399 (S.D.N.Y.1999) (awarding a 27.5% fee and finding multipliers of 3 to 4.5 to be common).

---

[2]      In computing the lodestar, the hourly billing rate to be applied is the "market rate," *i.e.*, the hourly rate that is normally charged in the community where counsel practices. *See, e.g., In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992) ("[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order.") (holding that district court committed legal error by placing "a ceiling of $175 on the hourly rates of all lawyers for the class, including lawyers whose regular billing rates were almost twice as high"). Here, Plaintiffs' Counsel has submitted evidence that the hourly rates charged by Plaintiffs' Counsel are consistent with the hourly rates charged in South Florida for similar legal representation.

5

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

### III.  Plaintiffs' Counsel is Entitled Reimbursement of Expenses

The Court also finds that Plaintiffs' Counsel's request for reimbursement of $114,100.05 in litigation costs and expenses incurred in connection with the prosecution of this Action is reasonable. Courts routinely note that counsel is entitled to reimbursement from the common fund for reasonable litigation expenses. *See Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987). Here, Plaintiffs' Counsel seek reimbursement for expenses such as mediation fees, expert witness fees, electronic legal research, photocopying, postage, and travel expenses, each of which is the type "the paying, arms' length market" reimburses attorneys. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 468 (S.D.N.Y. 2004). As such, these expenses shall be reimbursed.

### IV.  Plaintiffs' Request for an Incentive Award is Justified in Light of their Service to the Settling Class

The Court grants Plaintiffs' requests for an incentive award in the aggregate amount of $25,000 for their representation of the Settling Class. Courts consistently approve awards in class action lawsuits to compensate named plaintiffs for the services they provide and burdens they endure during litigation. *See Dornberger v. Metro. Life Ins. Co.*, 203 F.R.D. 118, 124 (S.D.N.Y.2001).

Here, Plaintiffs are a mother and daughter residing in Uruguay. They acted on behalf of the entire Settling Class, and thereby subjected themselves to the jurisdiction of the U.S. Court system. They responded to discovery requests, including deposition. Moreover, Lorrene Da Silva Ferreira regularly communicated with Plaintiffs' Counsel concerning the prosecution of this Action, reviewed and commented on pleadings, consulted with Plaintiffs' Counsel regarding discovery, and traveled to the United States on multiple occasions for deposition and mediation.

6

*Da Silva Ferreira v. EFG Capital International Corp., et al., 11-CV-813(VM)*
Master File No. 09-CV-118 (VM)

Plaintiffs performed an admirable duty, yet will share the recovery equally with the other EFG customers who did not lead this Settling Class or even participate in the prosecution of this Action. As such, an incentive award to the Plaintiffs is justified in light of Plaintiffs' devotion, on behalf of the Settling Class, to successfully prosecuting this Action and providing an overall benefit to the Settling Class.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Court awards Plaintiffs' Counsel $2,568,664.56, representing 33% of the Settlement Amount, as attorneys' fees in this Action, to be paid from the Gross Settlement Fund;

2. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Plaintiffs' Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the Action;

3. The Court awards $114,100.05 as reimbursement for Plaintiffs' Counsel's expenses in this Action, to be paid from the Gross Settlement Fund; and

4. The Court awards an incentive award to Plaintiffs in the aggregate amount of $25,000 for their representation of the Settling Class, to be paid from the Gross Settlement Fund.

DONE AND ORDERED this  ʃʃ  day of June, 2012, in New York, New York.

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

7