USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/12

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
PASHA ANWAR, et al.,                :
                                    :
            Plaintiffs,             :   09 Civ. 0118 (VM)(THK)
                                    :
                                    :   09 Civ. 8500 (Headway)
                                    :   10 Civ. 0920 (Maridom)
                                    :
      -against-                     :   DECISION AND ORDER
                                    :
FAIRFIELD GREENWICH LIMITED,        :
et al.,                             :
                                    :
            Defendants.             :
-----------------------------------X
```

**VICTOR MARRERO, UNITED STATES DISTRICT JUDGE.**

By Decision and Order dated April 13, 2012 (the "April 13 Order"), the Court denied leave to amend the complaints of plaintiffs Headway Investment Corp. ("Headway"), and Maridom Ltd., Caribetrans, S.A., and Abbot Capital, Inc. (with Maridom Ltd. and Caribetrans, S.A., the "Maridom Plaintiffs"). (See Docket No. 853.) Headway and the Maridom Plaintiffs (together, "Plaintiffs") had sought to add new defendants, claims, and factual allegations to their respective complaints. (See Docket Nos., 815, 838.) Specifically, the Court denied Headway's request to amend its Complaint by adding: 1) Standard Chartered International (USA) Ltd. ("SCI"), PricewaterhouseCoopers Netherlands ("PwC Netherlands"), and PricewaterhouseCoopers Canada ("PwC Canada") as defendants; 2) claims of aiding

and abetting breach of fiduciary duty, fraudulent and negligent misrepresentation, and violations of Florida's Securities and Investor Protection Act, Fla. Stat. § 517.301 ("FSIPA"); and 3) additional factual allegations. (See Docket No. 838, 840.) The Court also denied the Maridom Plaintiffs' request to amend their Amended Complaint by adding: 1) SCI and Standard Chartered Bank ("SCB") as defendants; 2) claims for aiding and abetting breach of fiduciary duty, negligence, and a violation of the FSIPA; and 3) additional factual allegations. (See Docket No. 815, 819.)

Plaintiffs now move for reconsideration of the April 13 Order pursuant to Local Rule 6.3 ("Rule 6.3"). (See Docket Nos. 858, 860.) For the reasons discussed below, Plaintiffs motions for reconsideration are DENIED.

## I. DISCUSSION

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of

arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, et al., Federal Practice & Procedure § 4478 at 790).

To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" Sec. and Exch. and Comm'n v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe

and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. See Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

Plaintiffs argue that in deciding their motions to amend, the Court applied the "good cause" standard required by Federal Rule of Civil Procedure 16(b) ("Rule 16(b)") rather than the "lenient standard" of Federal Rule of Civil Procedure Rule 15(a) ("Rule 15(a)"), and that this ruling constituted clear error. They also argue that the Court's finding of "undue delay" and prejudice to the defendants was clear error and will create a manifest injustice. Specifically, Plaintiffs contend that they have not been dilatory in prosecuting the case or conducting discovery, and that they waited to amend the complaints until evidence uncovered in discovery supported their new allegations.

A. PLAINTIFFS' PROPOSED FRAUD-BASED CLAIMS

First, the Court emphasizes while it applied the Rule 16(b) standard to the Plaintiffs' motions for leave to amend, it did so because at the time the Maridom Plaintiffs

sought to amend the complaint, a case management plan and scheduling order were in effect, and the deadline for completion of fact discovery – after the parties to this litigation had spent a long, arduous and costly period gathering evidence – was about to expire. Nonetheless, the Court simultaneously found that "even under the more lenient standard applied when there has been no prior deadline to amend [i.e., Rule 15(a)], granting leave to amend would prejudice [defendants]." (See Docket No. 853, at 6.) Thus, regardless of which standard the Court applied, no grounds for reconsideration exist because it could not "reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

The Court properly applied the Rule 16(b) "good cause" standard in evaluating the Maridom Plaintiffs' request to add a claim under the FSIPA. In the Court's Decision and Order dated October 4, 2010 (the "October 2010 Order"), see Anwar v. Fairfield Greenwich Ltd., 745 F. Supp. 2d 360 (S.D.N.Y. 2010), the Court dismissed certain of the Maridom Plaintiffs' fraud and negligent misrepresentation claims due to lack of specificity regarding the context of the alleged misrepresentations. Id. at 372-73. The Court then granted "leave to replead upon submitting to the Court,

within twenty-one days of this Order, an application therefor plausibly showing how such repleading would correct the deficiencies in the Court's findings discussed above, and thus would not be futile." Id. at 379. Although framed as a "repleading" rather than an amendment, the import of the October 2010 Order was the same as setting a deadline for amendment: if the Maridom Plaintiffs wished to reinstate the fraud-based claims, they had twenty-one days to persuade the Court that they could amend those claims to cure the deficiencies.

Now, well over a year later, the Maridom Plaintiffs seek to add a statutory fraud claim under section 301 of the FSIPA, the elements of which are almost identical to common law fraud. See Arnold v. McFall, -- F. Supp. 2d. ---, 2011 WL 6980847, at *4 (S.D. Fla. Dec. 14, 2011) ("[I]n order to state a claim under Section 301 [of the FSIPA], a plaintiff must allege the following: (1) that a defendant made a misstatement or omission (2) of a material fact (3) with scienter (4) upon which the plaintiff relied."). Indeed, one of the misrepresentations the Maridom Plaintiffs allege in the proposed Second Amended Complaint is the same as the misrepresentation the Court dismissed as deficient in its October 2010 Order. (See Docket No. 819,

¶¶ 26, 27, 83.) A party should not be able to evade the substance of a court's order (or the deadlines it sets to further that purpose) simply by repackaging a common law claim under a statute. Therefore, the deadline for amendment set in the October 2010 Order applied to Maridom, and the Court did not commit clear error by applying the Rule 16(b) standard to the Maridom Plaintiffs' proposed FSIPA claim.

In contrast to the Maridom Plaintiffs, Headway never pled any of the fraud-based claims (or other new claims) that it is now seeking to raise. Therefore, the deadline for repleading to cure deficiencies set by the October 2010 Order does not apply to the new claims proposed by Headway, and the more lenient Rule 15(a) standard is the proper standard with which to evaluate Headway's motion to amend.[2]

---

[2] Under Rule 15(a), leave to amend should be granted unless there is "any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Prejudice may be demonstrated when an amendment "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." City of New York v. Group Health Inc., 649 F.3d 151, 158 (2d Cir. 2011).

However, as the Court found in its April 2012 Order, Headway has not met the Rule 15(a) standard, and the Court's ruling to that effect did not constitute clear error or create a manifest injustice. Indeed, if the Court were to apply the Rule 15(a) standard to the Maridom Plaintiffs' request, the same would hold true.

The Court based its April 2012 Order on the reasoning that allowing Plaintiffs to add new claims less than one month before the end of what has been a lengthy period of fact discovery would "significantly delay the resolution of the dispute," Group Health, 649 F.3d at 158, which amounts to prejudice to the defendant. Moreover, the Court found that the delay was undue because "the information [in the proposed amended complaints] was known to Plaintiffs when this action was first filed," and the new claims were "not dependent upon evidence revealed in the course of discovery." (Docket No. 853, at 6.) The Court reached that conclusion in part because Headway's motion to amend emphasized that the new claims are "mere extensions and elaborations of" claims in the original complaint (Docket No. 838, at 8.), and thus offered no real justification for adding new claims so late in discovery. See Leber v. Citigroup, Inc., No. 07 Civ. 9329, 2011 WL 5428784, at *6 (S.D.N.Y. Nov. 8, 2011) ("Because there is no indication

that the proposed claim is . . . predicated on facts learned after the pleading stage of [this] litigation, the resulting delay is not excusable.") (internal citations and quotation marks omitted).

The Court carefully reviewed the proposed amended complaints. In their proposed amended complaints, Plaintiffs make several allegations of fraud, which may be distilled to the following misrepresentations and omissions: 1) failure to disclose that the defendants did not perform adequate due diligence on the Sentry Fund ("Sentry"); 2) failure to disclose that Sentry was a funnel to Madoff; and 3) misrepresentation that Sentry was low risk or a "risk reducer," when in fact the opposite was true. While the proposed amended complaints are more factually detailed than the original complaints owing to the fruits of discovery, Headway's new fraud-based claims nonetheless center on the existing claims of failure to conduct adequate due diligence. The significant delay that will almost certainly follow from permitting these amendments at this time weighs heavily against the late request to add claims which, as the Court explains below, are not vital to the prosecution of this case.

Denying leave to add the fraud-based claims did not create manifest injustice because the same, or very similar, omissions and misrepresentations are alleged in many of the consolidated Standard Chartered cases (indeed, in claims that have survived challenge, the Maridom Plaintiffs allege fraud and negligent misrepresentation due to defendants' failure to disclose that Sentry was a funnel to Madoff). See, e.g., Positano Investments Ltd. v. Standard Chartered Bank Int'l (Americas) Ltd., No. 11-CV-8371; Blockbend Ltd. v. Standard Chartered Bank Int'l (Americas) Ltd., No. 11 Civ. 7650. The bottom line is that much of the conduct upon which Plaintiffs base their proposed fraud claims remains in play in this litigation as part of surviving claims - either other causes of action asserted by Plaintiffs or similar ones pled in the extant consolidated complaint - and will continue to be prosecuted as elements of the consolidated action regardless of whether they are added at this time to Headway and the Maridom Plaintiffs' respective complaints. If those fraud-based claims survive a potential summary judgment motion, and at the subsequent trial admissible evidence is presented encompassing the same actions or omissions Plaintiffs rely upon as their grounds for alleging fraud, Plaintiffs may then seek to amend the pleadings to conform

to the evidence. See Fed. R. Civ. P. 15(b). On the other hand, if none of such fraud claims as advanced in the consolidated complaint survive summary judgment, then presumptively Plaintiffs' claims would similarly have failed. Meanwhile, denying leave to amend at this stage avoids substantial delay, the potential for a demand for additional discovery and another motion to dismiss, and thus prejudice to the parties in the litigation who are ready to proceed to the next phase. The Court therefore declines to reconsider its April 2012 Order with regard to the fraud-based claims.

B.  PLAINTIFFS' PROPOSED AIDING AND ABETTING BREACH OF FIDUCIARY DUTY CLAIMS AND NEW DEFENDANTS

Plaintiffs have not offered sufficient justification for their delay in seeking to add claims for aiding and abetting breach of fiduciary duty so late in discovery, especially when their original complaints included claims for breach of fiduciary duty. Given the level of overlap between those two claims, there is no indication that discovery was necessary to support an aiding and abetting claim; therefore the delay was undue, and the Plaintiffs failed to meet the Rule 15(a) standard. See Park B. Smith, Inc. v. CHF Indus. Inc., 811 F. Supp. 2d 766, 779-81 (S.D.N.Y. 2011) (denying leave to amend complaint to add

new claims where discovery was still ongoing and plaintiff offered no explanation for its delay). Thus, the Court did not commit clear error in its April 2012 Order denying leave to add claims for aiding and abetting breach of fiduciary duty, and the Court denies the Plaintiffs' motions for reconsideration with regard to those proposed claims.

Nor have Plaintiffs offered sufficient justification for adding SCI, SCB, PWC Netherlands, and PwC Canada as defendants.[4] As the Court explained in its April 2012 Order, those entities were named as defendants in other related cases, and were known to or easily could have been identified by Plaintiffs when the action was first filed. See id. (denying leave to amend complaint to add new defendant where discovery was ongoing and new defendants were identified well before motion to amend). Plaintiffs have failed to indicate any clear error or manifest injustice in the Court's decision denying Plaintiffs' motions to amend to add those entities as defendants, and therefore the Court denies the Plaintiffs' motions for reconsideration with regard to those particular amendments.

---

[4] Headway requests leave to add SCI, PWC Netherlands, and PwC Canada; the Maridom Plaintiffs request leave to add SCI and SCB.

It bears repeating that the Court's denial of the Plaintiffs' requested amendments does not prevent them from relying upon competent evidence otherwise presented at trial and then seeking to amend the pleadings to conform to such evidence. See Fed. R. Civ. P. 15(b). Thus, for example, if admissible evidence is presented indicating that the defendants aided and abetted a breach of fiduciary duty extending to the same acts or omissions Headway alleges, Headway may then seek leave to add such a claim to conform its pleadings to the evidence on the trial record.

C. MARIDOM PLAINTIFFS' PROPOSED NEGLIGENCE CLAIM

Finally, the Court is not persuaded that its denial of the Maridom Plaintiffs' request to add a claim of negligence to the Amended Complaint constituted clear error or caused a manifest injustice. For all the reasons listed in the April 2012 Order, the Maridom Plaintiffs' have failed to show that the delay in adding this claim was not undue and would therefore not unduly prejudice defendants. This result follows especially because the proposed claim relates to allegations of a failure to conduct adequate due diligence which already form the basis for the Maridom Plaintiffs' existing breach of fiduciary duty claim. Moreover, any such amendment would be futile, as the Court

has previously held that Florida's economic loss rule would bar claims of negligence arising from professional services governed by a contractual relationship. See Anwar v. Fairfield Sentry Ltd., 826 F. Supp. 2d 578, 593 (S.D.N.Y. 2011) (citing Indem. Ins. Co. of N. America v. American Aviation, Inc., 891 So.2d 532 (Fla. 2004), and Moransais v. Heathman, 744 So.2d 973, 982-83 (Fla. 1999)); Foman, 371 U.S. at 182 (listing "futility of amendment" as one reason courts can deny leave to amend pursuant to Rule 15(a)).

## III. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 860) of plaintiffs Maridom Ltd., Caribetrans, S.A., and Abbot Capital, Inc. for reconsideration of the Court's April 13, 2012 Decision and Order is DENIED; and it is further

**ORDERED** that the motion (Docket No. 858) of plaintiff Headway Investment Corp. for reconsideration of the Court's Decision and Order dated April 13, 2012 is DENIED.

**SO ORDERED.**

Dated: New York, New York
       22 June 2012

_____
VICTOR MARRERO
U.S.D.J.