# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/12
```

December 2, 2011

By Hand

Honorable Victor Marrero,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street,
            New York, New York 10007.

        Re: *Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*,
            No. 09-CV-118 (VM) (THK) — Standard Chartered Cases

Dear Judge Marrero:

        We write on behalf of Standard Chartered Bank International (Americas) Ltd. ("SCBI") in response to the letter submitted on November 22, 2011, by Moises Lou-Martinez and Wong Yuk Hing de Lou, plaintiffs in *Lou-Martinez* v. *Standard Chartered Bank International (Americas) Ltd.* ("*Lou-Martinez*"). *Lou-Martinez* is one of the cases pending in this Court as part of the above-captioned MDL proceeding.

        On November 1, 2011, this Court dismissed plaintiffs' breach of fiduciary duty and gross negligence claims, which were the only claims against SCBI that plaintiffs had not already voluntarily dismissed or abandoned. (Dkt. No. 744 (the "November 1 Order") at 4, 26, 29.) Both claims asserted that SCBI failed to (i) conduct pre-investment due diligence on plaintiffs' investment in Fairfield Sentry Ltd. ("Fairfield Sentry"), or (ii) engage in post-investment monitoring of that investment. Plaintiffs now seek leave to replead the breach of fiduciary duty claim based on the very same alleged facts. Plaintiffs also suggest that the Court should permit them to replead a breach of fiduciary duty claim based on an alleged "unauthorized investment," even though they voluntarily dismissed that claim on August 30, 2011. SCBI respectfully submits that leave to replead should be denied.

        In the November 1 Order, the Court dismissed plaintiffs' breach of fiduciary duty claim because plaintiffs did not "allege that SCBI recommended that they invest in Fairfield Sentry or advised them as to" that investment; rather, plaintiffs "allege[d] that the [Fairfield Sentry] investment was made without their prior authorization." (November 1 Order at 25-26.) Plaintiffs' factual allegations were fatal to their claim, because a nondiscretionary broker owes no duty to conduct due diligence on

Honorable Victor Marrero                                                                                                      -2-

investments that it has not recommended[1] and, at most, has an obligation to monitor investments only when it "undertakes a substantial and comprehensive advisory role." (November 1 Order at 27.) The Court thus concluded that it would "def[y] logic to assume that SCBI breached its fiduciary duty" in failing to conduct due diligence on, or monitor, Fairfield Sentry "when the [plaintiffs] have not even alleged that SCBI recommended the [Fairfield Sentry investment] or advised them in the first place." (November 1 Order at 26, 29.) The Court gave plaintiffs the opportunity to seek leave to replead *if* plaintiffs could come forward with "sufficient new factual allegations and particulars plausibly showing how such repleading would correct the deficiencies identified" by the Court. (November 1 Order at 33.)

        Plaintiffs' November 22 letter to the Court fails to identify any new factual allegations or particulars that correct the deficiencies identified in the Court's November 1 Order. Rather, plaintiffs seek leave to replead based on the very same "factual circumstances" that were alleged in their prior pleadings – *i.e.*, that SCBI (i) invested plaintiffs' money in Fairfield Sentry "without written or verbal authorization," (ii) failed to conduct a pre-investment due diligence "investigation," and (iii) failed to "engage in post-investment monitoring." (Nov. 22 Letter at 1.) In the November 1 Order, this Court expressly recognized that plaintiffs' remaining breach of fiduciary duty claim was premised on allegations that (i) "the [Fairfield Sentry] investment was made without [plaintiffs'] prior authorization," (ii) SCBI "failed to conduct proper due diligence," and (iii) SCBI "fail[ed] to monitor" Fairfield Sentry. (November 1 Order at 25, 26, 29.) The Court concluded that these alleged facts were "insufficient as a matter of law" and thus dismissed the claim. (*Id.* at 29.)

        Having failed to come forward with any new factual allegations, plaintiffs' fallback position is to argue that allowing them to replead will put them on the same footing as *other* plaintiffs "in this consolidated action [who] have already plead a breach of fiduciary duty" claim. (Nov. 22 Letter at 2.) As this Court already has recognized, however, the question is not whether this Court's "previous ruling[s]" have allowed some plaintiffs to pursue breach of fiduciary duty claims; the question is whether the *Lou-Martinez* plaintiffs have made the "factual allegations in the complaint" necessary to support their own claim. (November 1 Order at 26.) Moreover, the *Lou-Martinez* plaintiffs cannot simply replead their claims to mirror the complaints that have survived a motion to dismiss because, as the Court correctly noted, the *Lou-Martinez* plaintiffs have sued SCBI based on a "substantially different factual premise" compared to other plaintiffs. (*Id.* at 25.)

        Plaintiffs likewise should not be permitted to replead a breach of fiduciary duty claim based on an alleged unauthorized purchase of Fairfield Sentry. Plaintiffs voluntarily dismissed that claim on August 30, 2011, after being served with a motion

---

[1]    *See Ward* v. *Atl. Sec. Bank*, 777 So. 2d 1144, 1147 (Fla. Dist. Ct. App. 2001) (describing duties owed by stockbroker to nondiscretionary account holder).

Honorable Victor Marrero                                                           -3-

pursuant to Federal Rule of Civil Procedure 11 seeking sanctions because the claim was directly contradicted by Mr. Lou-Martinez's allegations in the *Anwar* class-action complaint and his admission in this case that he authorized plaintiffs' investment in Fairfield Sentry.[2] (*See* Dkt. No. 717, at 2-3.) Because of this voluntary dismissal, Standard Chartered agreed not to seek reimbursement of the costs it incurred in defending against that claim. (*Id.*) Accordingly, the Court did not rule on the portion of Standard Chartered's motion to dismiss that was directed at that claim; nor did the Court invite plaintiffs to seek leave to replead the claim.

In any event, nothing has changed since August 30 that would warrant permitting plaintiffs to replead the unauthorized investment claim. Repleading would be futile for the additional reason that plaintiffs failed to challenge the allegedly unauthorized transaction for almost five years. Under Florida law, the statute of limitations for breach of fiduciary duty claims is four years. Fla. Stat. Ann. § 95.11. Plaintiffs invested in Fairfield Sentry on September 28, 2005, but did not initiate this action until September 27, 2010, almost a full year after the limitations period had expired. (*See* Dkt. No. 622 at 19.) Plaintiffs make no effort in their November 22, 2011 letter to explain this delay.

Because plaintiffs have neither corrected the deficiencies identified by the Court in its November 1 Order, nor identified any new facts or particulars that would support a claim for breach of fiduciary duty against SCBI, plaintiffs' request for leave to leave to replead should be denied.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Defendant Standard Chartered Bank

SO ORDERED.

6-27-12

cc: DATE Laurence E. (illegible) VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

Bradley P. Smith

(by facsimile and e-mail)

Courtesy Copy to Standard Chartered Plaintiffs' Steering Committee
(by e-mail)

---

[2]  Standard Chartered served requests for admissions on Mr. Lou-Martinez on March 10, 2010. The requests sought the admission that, among other things, Lou-Martinez invested in Fairfield Sentry based on his review of and reliance on Fairfield's offering documents—*i.e.*, that he was aware of and authorized his investment in Fairfield Sentry. Mr. Lou-Martinez never responded to the requests for admissions, which are therefore deemed admitted. Fed. R. Civ. P. 36(b).