

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Timothy A. Duffy, P.C.
To Call Writer Directly:
(312) 862-2445
tim.duffy@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200



July 13, 2012

**VIA HAND DELIVERY**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
Master File No. 09-CV-00118 (VM) (THK)

Dear Judge Marrero:

I write on behalf of my client, PwC Canada, and my client's co-defendant, PwC Netherlands, to inform the Court of another decision from the Second Circuit, *Meridian Horizon Fund, et al., v. KPMG (Cayman), et al.*, No. 11-3311-cv & *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 11-3725-cv (July 10, 2012) (summary order) ("*Tremont*") (Exhibit A), that bears upon the claims pending in this matter against PwC Canada and PwC Netherlands and the issues raised in prior correspondence regarding the Second Circuit's decision in the *Stephenson* matter.

*Tremont* affirms Judge Griesa's dismissal of all claims against KPMG (Cayman), KPMG LLP, and Ernst & Young LLP, each of which audited financial statements of the Tremont funds which, like the Fairfield Greenwich Funds at issue in *Anwar*, had substantial portions of their assets entrusted to Bernard L. Madoff Investment Securities ("BLMIS").

In affirming the dismissal of plaintiffs' common-law negligence-based claims against the audit firms, the Second Circuit held that plaintiffs failure to adequately allege they were "known parties" under the test set forth in *Credit Alliance Corp. v. Arthur Anderson & Co.*, 65 N.Y.2d 536, 551 (1985). *Tremont* at 10. Just as the panel in *Stephenson* had done, the *Tremont* panel explained: "'The words "known party or parties" in the *Credit Alliance* test mean what they say' – plaintiffs must show that the accountants knew 'the identity of the specific nonprivy party who would be relying' upon their reports." *Tremont* at 10 (quoting *Sykes v. RFD Third Ave. 1 Assocs., LLC*, 15 N.Y.3d 370, 373-74 (2010)).

KIRKLAND & ELLIS LLP

July 13, 2012
Page 2

The Court then specifically addressed whether the allegation that the auditors had addressed their reports to the members of the class sufficed to establish the necessary "linking conduct" to proceed with a negligence claim. This was the same basis on which this Court denied motions to dismiss filed by PwC Canada and PwC Netherlands. Decision and Order at 182-83, Dkt. No. 509 (Aug. 8, 2010) ("*Anwar II*"). In *Tremont*, the Second Circuit held that "Plaintiffs allegation that the Auditors addressed their audit reports to 'The Partners' of the funds ***is not sufficient*** given that Tremont, not the Auditors, sent the reports to the limited partners," to render the investors "known parties," *Tremont* at 11 (emphasis added), and that "'[t]he fact that plaintiffs were entitled to and received a copy of the audited financial statements, or that [the Auditors] knew that the investors would rely upon the information contained in the financial statements, ***does not establish the requisite linking conduct***.'" *Id.* at 11 (quoting *CRT Investments, Ltd. v. BDO Seidman, LLP*, 925 N.Y.S.2d 439, 441 (App. Div. 1st Dep't 2011) (emphasis added)).[1]

There are two additional important aspects to the Second Circuit's decision not readily apparent from the summary order. First, plaintiffs had argued for reversal on the ground that Judge Griesa had erred in holding that plaintiffs' common-law claims were preempted under SLUSA. *See In re Tremont*, Brief and Special Appendix for Plaintiffs-Appellants at 46-50, No. 11-3725-cv (Dec. 14, 2011) (Exhibit B). As noted the *Tremont* plaintiffs, this Court held SLUSA did not preempt the *Anwar* plaintiffs' common-law claims. *See Anwar II* at 29-33. While the Second Circuit did not expressly address this argument, it did state that plaintiffs' other arguments, including this one, were "unavailing." *Tremont* at 12.

Second, in the wake of the *Stephenson* decision, the *Tremont* plaintiffs submitted a Rule 28(j) letter to the Second Circuit arguing that *Stephenson* was distinguishable from their case because, unlike Mr. Stephenson, some of their clients made subsequent investments in the Funds after receiving the auditor defendants' reports, and that they thus met the *Credit Alliance* test. *See* Rule 28(j) Letter of Scott M. Berman at 2 (May 31, 2012) (Exhibit C). As this Court is well aware, the *Anwar* plaintiffs have already agreed that *Stephenson* mandates the dismissal of their claims to the extent they are based on initial investments in the funds, but, like the *Tremont* plaintiffs, the *Anwar* plaintiffs have argued that subsequent investments are a different matter

---

[1] The Second Circuit also addressed the fraud claims plaintiffs asserted under federal securities law and common law, and, as every other court (including this Court) has done, concluded that the plaintiffs had failed to allege a basis for any fraud against the audit firms. *Tremont* at 8. The Second Circuit also affirmed the dismissal of plaintiffs' fiduciary-duty claims, noting that there was no basis for a fiduciary duty where the plaintiffs "were simply recipients of reports drafted by them at Tremont's request." *Tremont* at 11-12.

KIRKLAND & ELLIS LLP

July 13, 2012
Page 3

and that, therefore, some portion of their negligence claims against PwC Canada and PwC Netherlands should survive. The Second Circuit did *not* see this as a valid distinction. The Second Circuit held that the *Tremont* plaintiffs had failed to state *any* negligence claims against the auditor defendants notwithstanding the subsequent-investment argument. *Tremont* at 10-11. Thus the Second Circuit has effectively held that the *Anwar* plaintiffs' argument that they have viable claims based on subsequent investments is "unavailing." *Id.* at 12.

    Two separate panels of the Second Circuit have now summarily affirmed the dismissal of negligence claims against auditing firms on grounds fully applicable to the remaining claims against the auditor defendants in *Anwar*. PwC Canada and PwC Netherlands therefore respectfully request that the Court either dismiss plaintiffs' negligence-based claims with prejudice or, at a minimum, allow them to bring and brief a renewed motion to dismiss these claims so that the Court can rule on this issue with the benefit of a full record. Plaintiffs will no doubt argue – as they have before – that these issues are best deferred until summary judgment. While PwC Canada and PwC Netherlands have no desire to occupy the time and resources of the Court with unnecessary motions, they respectfully submit that plaintiffs' proposal – to engage in several months of further litigation to develop and present arguments about facts that will not change the controlling legal issues – is the more profligate approach.

    Respectfully,

    /s/ Timothy A. Duffy

    Timothy A. Duffy, P.C.

Exhibits A-C

cc:    Counsel of Record (via e/mail)

> Plaintiffs are directed to respond by 7/19/12, by letter not to exceed three pages, to the matters set forth above by defendants, showing cause why the claims against these defendants should not be dismissed under the authority of the Second Circuit case law described.
>
> SO ORDERED:
> DATE: 7-13-12
> VICTOR MARRERO, U.S.D.J.