# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

RECEIVED
AUG 2 2012
CHAMBERS OF
JUDGE MARRERO

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2/12

August 1, 2012

By Hand

Honorable Victor Marrero,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street,
                New York, New York 10007.

            Re:   *Anwar, et al. v. Fairfield Greenwich Ltd, et al.* – Standard
                  Chartered Cases

                                                09 CV 118

Dear Judge Marrero:

        We write on behalf of Standard Chartered Bank International (Americas) Ltd. ("SCBI") and Standard Chartered PLC (together, "Standard Chartered") to request a pre-motion conference concerning whether certain claims alleged in eight actions pending before the Court as part of the above-captioned MDL proceeding should be dismissed without further motion practice. Standard Chartered makes this request because, in 2011, this Court considered and dismissed identical or substantially similar claims brought against Standard Chartered. *See Anwar* v. *Fairfield Greenwich Ltd.*, 826 F. Supp. 2d 578 (2011) (the "2011 Order"). Standard Chartered has requested that plaintiffs in the eight actions at issue here consent to dismissal of the impacted claims in accordance with this Court's prior directions, but they have refused. The eight actions that are the subject of this request are: *Victor Jorge Saca, et al. v. Standard Chartered Bank Int'l (Americas) Ltd., et al.*, No. 11-cv-3480; *Joaquina Teresa Barbachano Herrero v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-3553; *Baymall Investments Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-7649; *Blockbend Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-7650; *Eastfork Assets Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-07653; *Eduardo Child Escobar, et al. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-23120; *Gerico, Inc., et al. v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-909; and *Mailand Investments Inc. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-5732.

A total of 43 actions were filed in or transferred to this Court on or after January 1, 2011, and thus not subject to prior motion practice. Of those, 40 actions – including the eight actions at issue here – were transferred to this Court between January 1 and December 31, 2011. Under the applicable scheduling orders, Standard Chartered must file any motions to dismiss in those 40 cases within "45 days from the entry of a final Decision and Order by th[e] Court on the last pending motion to dismiss." (Dkt. No. 695 ¶ 1; *see also* Dkt. Nos. 375 and 609.) The Court entered a final Decision and Order on Standard Chartered's last pending motion to dismiss on June 28, 2012, (Dkt. No. 899 at 2); therefore, any additional motions are due on August 13, 2012.[1]

To avoid "duplicative motion or pleading practice on matters already considered by this Court," the Court's Second Amended Scheduling Order Regarding Standard Chartered Cases requires the parties to apply this Court's rulings across all cases in these consolidated proceedings. (Dkt. No. 609 ¶ 15.) Further, in circumstances where the Court's prior rulings address the dismissal of later-filed claims, the parties are to "confer and determine whether they can agree that such claim[s] . . . shall be dismissed pursuant to the bases set forth" in those rulings, subject to plaintiffs' right to "challenge the dismissal of the claim on appeal." (Dkt. No. 609 ¶ 16(a)(ii) n.3.) Indeed, when the Court consolidated *Baymall*, *Blockbend*, *Eastfork*, *Escobar* and *Mailand* into this consolidated proceeding, the Court directed that "no motions shall be filed without request for leave of Court to do so," and that "[a]ny such request must point to exceptional factual or legal circumstances compellingly showing cause why the subject of any contemplated motion has not been sufficiently disposed of in prior rulings in this Court[.]" (Dkt. No. 741.) The spirit of the Court's direction is clear – absent exceptional factual or legal circumstances that would provide compelling new arguments concerning claims that this Court has already considered and dismissed, more motion practice is needless.

In conformance with the Court's direction, Standard Chartered requested that plaintiffs in each of the 43 later-filed cases agree to dismiss those claims that fail under the reasoning of the Court's 2011 Order, specifically claims for state securities fraud under Fla. Stat. §§ 517.301 & 517.211(2), fraudulent concealment, fraud in the inducement, negligence, negligent misrepresentation, gross negligence and, in part,

---

[1] Three cases were transferred to this Court between January 1, 2012 and June 31, 2012. The applicable scheduling orders require Standard Chartered to file any motions to dismiss in these three cases "within 45 days of [the] 6-month period" beginning January 1, 2012 (Dkt. No. 609 ¶ 16), or answer "within 30 days of the date on which a motion to dismiss otherwise would have been required to be filed" (Dkt. Nos. 609 ¶ 17, 695). Thus, Standard Chartered must move to dismiss these cases on or before August 14, 2012, or answer the complaints on or before September 13, 2012. (Dkt. Nos. 609, 695.)

other than Standard Chartered allegedly recommending Fairfield Sentry without conducting due diligence.

8. *Gerico, Inc., et al.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-909: Counts 2 (fraud in the inducement), 3 (fraudulent concealment), 4 (negligent misrepresentation) and 5 (negligence), in their entirety, and Count 1 (fiduciary duty) to the extent it is based on allegations other than Standard Chartered allegedly recommending Fairfield Sentry and/or Fairfield Sigma without conducting due diligence.

| Basis for Dismissal | Explanation |
|---|---|
| The economic loss rule bars negligence claims. | In the 2011 Order, the Court held that negligence claims asserted by former customers of Standard Chartered are barred by Florida's economic loss rule because those customers' accounts with Standard Chartered were governed by written agreements. *Anwar*, 826 F. Supp. 2d at 593. The accounts of plaintiffs in the eight actions at issue here are governed by written agreements. Therefore, the negligence claims in these cases should be dismissed under the same reasoning. |
| Rule 9(b) requires the dismissal of claims sounding in fraud where plaintiffs fail to plead adequately particularized facts and/or a strong inference of scienter. | In the 2011 Order, the Court held that the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to plaintiffs' claims that "sound in fraud," and dismissed claims for fraud, negligent misrepresentation and state securities fraud under Fla. Stat. § 517.301 for failing to meet these pleading requirements. *Anwar*, 826 F, Supp at 584-88. Specifically, the complaints at issue in the 2011 Order failed to allege when or where the alleged misstatements occurred, and did not plead actionable omissions because they failed to allege "what [defendant] obtained through the fraud." *Id.* at 586-87. The Court also held that plaintiffs must plead with particularity facts giving rise to a strong inference of scienter, a showing that requires "(a) facts showing that defendants had both motive and opportunity to commit fraud, or (b) facts constituting strong |

| | |
|---|---|
| | circumstantial evidence of conscious misbehavior or recklessness."[1] *Id.* at 587 (internal quotations and citations omitted). The Court was clear that "conclusory allegations that SCBI acted knowingly or recklessly do not give rise to a strong inference of fraudulent intent," and that "generalized motives, such as the collection of fees, which could be imputed to almost any bank, are not sufficiently concrete for purposes of inferring fraudulent intent." *Id.* (internal quotations and citations omitted).<br><br>In the eight actions at issue here, plaintiffs allege claims for fraud, fraudulent concealment, fraud in the inducement, negligence, negligent misrepresentation, gross negligence, and breach of fiduciary duty based on the same core allegation as the dismissed claims – *i.e.*, that Standard Chartered intentionally misrepresented its due diligence and the characteristics or suitability of the Fairfield Funds. Under the 2011 Order, Rule 9(b) applies to these claims, and they fail because they do not allege (i) when or where alleged misstatements occurred, (ii) "what [Standard Chartered] obtained through the fraud," and/or (iii) particularized facts that give rise to a strong inference of scienter. *Id.* at 586–87, 589–90. |
| Claims for Florida securities fraud fail where plaintiffs do not allege buyer/seller privity or that the purchase of securities occurred in Florida. | Only *Barbachano Herrero* asserts a claim under Fla. Stat. § 517.301. In addition to failing under Rule 9(b), that claim also fails for the same reasons as the Fla. Stat. § 517.301 claims addressed in the 2011 Order – plaintiff Barbachano Herrero does not allege with particularity that she and Standard Chartered were in buyer/seller privity, *Anwar*, 826 F. Supp. 2d 589, or that the purchase/sale of securities at issue occurred in Florida, *id.* n.4. |
| Non-discretionary brokers do not typically owe broad duties. | Plaintiffs in *Baymall, Blockbend, Eastfork, Escobar, Gerico* and *Mailand* allege claims for breach of fiduciary duty and negligence based on the allegation that Standard Chartered failed to monitor and/or manage the overall diversification of |

---

[1] The 2011 Order makes clear that "[s]uch particularity is required even for claims based on mere negligence," including negligent misrepresentation and Section 517.301. *Anwar*, 826 F. Supp. 2d at 587, 589-90 (citations omitted).

3

|  | their investment portfolios. The Court already has determined that claims based on these expansive duties are not viable because plaintiffs maintained only non-discretionary investment accounts at Standard Chartered, and thus Standard Chartered owed "only a limited set of duties" that did not include an ongoing duty to monitor the accounts or investments. *Anwar*, 826 F. Supp. 2d at 590, 592–93 (citing *Ward* v. *Atl. Sec. Bank*, 777 So. 2d 1144, 1147 (Fla. Dist. Ct. App. 2001) (describing duties owed by stockbroker to nondiscretionary account holder)). Although broader duties may be triggered when "a broker undertakes a substantial and comprehensive advisory role," allegations of "'giving advice on particular occasions'" "'do[] not alter the character of the [non-discretionary] relationship by triggering an ongoing duty to advise in the future (or between transactions) or to monitor all data potentially relevant to a customer's investment.'" *Id.* at 592 (quoting *Kwiatkowski* v. *Bear, Stearns & Co*, 306 F.3d 1293, 1307 (2d Cir. 2002)). Plaintiffs in *Baymall*, *Blockbend*, *Eastfork*, *Escobar*, *Gerico* and *Mailand* allege only that Standard Chartered gave investment advice on particular occasions and periodically met with or spoke to plaintiffs, which is not enough. |

Honorable Victor Marrero -3-

breach of fiduciary duty. Plaintiffs in 35 of those 43 cases are now negotiating a stipulation of dismissal with Standard Chartered. Plaintiffs in the eight actions that are the subject of this letter, however, refuse to stipulate to the dismissal of any claims.[2] Standard Chartered thus respectfully requests that the Court apply its prior orders, and dismiss each claim in those actions already addressed in the 2011 Order, subject to plaintiffs' right to "challenge the dismissal of the claim on appeal," unless plaintiff puts forward "exceptional factual or legal circumstances compellingly showing" a need for another round of motion practice. The claims at issue are described more fully in Attachment A to this letter.

Respectfully submitted,

Sharon L. Nelles

(Attachment)

cc: Counsel for Plaintiffs
(by e-mail)

Standard Chartered Plaintiffs' Steering Committee
(by e-mail)

> The plaintiffs in the cases described herein are directed to respond by 8-9-12, by letter not to exceed two (2) pages each, to the matter described by defendants, showing cause why these cases should not be dismissed on the authority of
> **SO ORDERED:** the Court's prior rulings in this litigation.
> 8-2-12
> DATE    VICTOR MARRERO, U.S.D.J.

---

[2] Certain plaintiffs have acknowledged that the 2011 Order likely requires dismissal of at least some of their claims, but have not been willing to agree to such dismissal for various reasons. No plaintiff has articulated any exceptional factual or legal circumstances that make the Court's prior rulings inapplicable to their claims.

ATTACHMENT A:

For the reasons described in the below chart, the Court's decision in *Anwar v. Fairfield Greenwich Ltd.*, 826 F. Supp. 2d 578 (2011) (the "2011 Order") requires dismissal of the following claims:

1. *Victor Jorge Saca, et al. v. Standard Chartered Bank Int'l (Americas) Ltd. et al.*, No. 11-cv-3480: Counts 1 (negligent misrepresentation), 2 (negligence) and 4 (gross negligence), in their entirety, and Count 3 (fiduciary duty) to the extent it is based on allegations other than Standard Chartered allegedly recommending Fairfield Sentry without conducting due diligence.

2. *Joaquina Teresa Barbachano Herrero v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-3553: Counts 1 (Fla. Stat. §§ 517.301 & 517.211(2)), 3 (negligence) and 4 (gross negligence), in their entirety, and Count 2 (fiduciary duty) to the extent it is based on allegations other than Standard Chartered allegedly recommending Fairfield Sentry without conducting due diligence.

3. *Baymall Investments Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-7649: Counts 2 (fraudulent concealment) and 3 (negligence), in their entirety, and Count 1 (fiduciary duty) to the extent it is based on allegations other than Standard Chartered allegedly recommending Fairfield Sentry and/or Fairfield Sigma without conducting due diligence.

4. *Blockbend Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-7650: Counts 2 (fraudulent concealment) and 3 (negligence), in their entirety, and Count 1 (fiduciary duty) to the extent it is based on allegations other than Standard Chartered allegedly recommending Fairfield Sentry without conducting due diligence.

5. *Eastfork Assets Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-07653: Counts 2 (fraudulent concealment) and 3 (negligence), in their entirety, and Count 1 (fiduciary duty) to the extent it is based on allegations other than Standard Chartered allegedly recommending Fairfield Sentry without conducting due diligence.

6. *Eduardo Child Escobar et al. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-23120: Counts 2 (fraudulent concealment) and 3 (negligence), in their entirety, and Count 1 (fiduciary duty) to the extent it is based on allegations other than Standard Chartered allegedly recommending Fairfield Sentry without conducting due diligence.

7. *Mailand Investments Inc. v. Standard Chartered Bank International (Americas) Ltd.*, No. 11-cv-5732: Counts 2 (fraudulent concealment) and 3 (negligence), in their entirety, and Count 1 (fiduciary duty) to the extent it is based on allegations