# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

VIA FAX TRANSMISSION

August 13, 2012

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/12
```

Hon. Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   Anwar v. Fairfield Greenwich
      No. 09-cv-118 (S.D.N.Y.)
      Standard Chartered Cases

**MEMO ENDORSED ON PAGE 3**

Dear Judge Maas:

I am counsel for the *Maridom* Plaintiffs and am writing as Liaison Counsel for the Standard Chartered Plaintiffs Steering Committee.[1]

The purpose of this letter is to request a modification, <u>to which the Standard Chartered Defendants have agreed</u>, to the Order entered August 9, 2012 by Your Honor following the telephone conference held on August 8, 2012. The Order establishes the procedures for the Plaintiffs' challenges to the Standard Chartered Defendants' designation as "confidential" all documents they produced and of all depositions taken of former Standard Chartered employees.

The Order provides that if the parties cannot agree, the Plaintiffs will submit a letter to Your Honor, followed by a letter from the Defendants. Even though the Defendants bear the burden of proving, as to each challenged designation, that confidential treatment is appropriate, there is no provision in the Order for the Plaintiffs to reply to the Defendants' "opposition letter."

---

[1]    The Steering Committee was appointed by then Magistrate Judge Katz. Its duties are to coordinate discovery and, in general, to represent the common interests of the various plaintiffs suing Standard Chartered concerning Fairfield Sentry-Madoff. Stipulation and Order Appointing Standard Chartered Plaintiffs' Steering Committee (DE 602, Feb. 4, 2011).

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

Hon. Frank Maas
August 13, 2012
Page 2

The Plaintiffs respectfully request that Your Honor amend the Order because they believe that this procedure will not permit a full airing of the pertinent issues. In particular, the Plaintiffs request that Your Honor amend the Order by adding a new paragraph 4: "4. By September 14, 2012, the Standard Chartered Plaintiffs shall submit a reply letter."[2]

In support of this request, the Plaintiffs bring the following to the Court's attention.

Pursuant to the Confidentiality Stipulation and Order (DE 603) entered on February 4, 2011, in the case of a challenge to the designation of Discovery Material as "confidential," the Defendants, as the Designating Party, "have the burden of demonstrating that the designated material should be protected under the terms of this Stipulation and Order and applicable law." DE 603, ¶ 9. The allocation of the burden to the party designating documents pursuant to an omnibus confidentiality order is in accord with the case law governing de-designation of documents under an umbrella confidentiality order of the sort involved here. *E.g., Koch v. Greenberg*, No. 07 CIV. 9600 BSJ DF, 2012 WL 1449186 (S.D.N.Y. Apr. 13, 2012); *King Pharmaceuticals, Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 DGT, 2010 WL 3924689 (E.D.N.Y. Sept. 28, 2010); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 241 (S.D.N.Y. 2009); *Campo v. Am. Corrective Counseling Services, Inc.*, C 01-21151 JW (PVT), 2008 WL 2811968 (N.D. Cal. July 21, 2008).

It is consistent with the apportionment of the burden to the Designating Party (in this instance, the Defendants) that the Plaintiffs be permitted a response to the arguments made by the Defendants as to why their designations should stand. The procedure established in the Order would be appropriate were the burden of proof on the party challenging the designation, but it is respectfully submitted that is in the nature of the allocation of the burden to the Defendants that the Defendants first be required to submit why the designations should be upheld and then the Plaintiffs be permitted to respond. Otherwise, there will be no opportunity for the Plaintiffs to challenge the assertions and arguments advanced by the Defendants, thereby affording the Court with less than a full airing of the issues.

---

[2] The Plaintiffs would also suggest that, if the Defendants seek to de-designate any of the Plaintiffs' documents, the same procedure would be employed -- letter from party seeking de-designation, response letter from designating party, reply letter from "de-designating party."

Hon. Frank Maas
August 13, 2012
Page 3

    Such a procedure would be in accordance with logic, fairness and due process. The Supreme Court long ago held that "[t]he right to a hearing embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of the opposing party *and to meet them*. The right to submit argument implies that opportunity; otherwise the right may be but a barren one." *Morgan v. United States*, 304 U.S. 1, 18 (1938) (reversing order of Department of Agriculture fixing maximum rates to be charged by market agencies at the Kansas City Stockyards where Secretary of Agriculture where party affected by rulemaking were denied opportunity for "full hearing" required by statute) (emphasis added). While *Morgan* dealt with an administrative proceeding, the Court made it clear that the Congress, in requiring a "full hearing," "had regard to *judicial standards* - not in any technical sense but with respect to those fundamental requirements of fairness which are of the *essence of due process in a proceeding of a judicial nature*." *Id.*, at 19 (emphasis added).

    In other cases dealing with a challenge to one party's designation of documents as "confidential" in the context of an omnibus confidentiality of the nature of the order in this case, DE 603, courts have afforded the party challenging the confidentiality designation the opportunity to respond to the arguments advanced by the "designating party." *E.g., Koch v. Greenberg, supra; King Pharmaceuticals, Inc. v. Eon Labs, Inc., supra; In re Parmalat Sec. Litig., supra; Campo v. Am. Corrective Counseling Services, Inc., supra.*

    Accordingly, the Plaintiffs respectfully request that this Court amend the Order by adding the following: "4. By September 14, 2012, the Standard Chartered Plaintiffs shall submit a reply letter. The Plaintiffs also request that the same procedure be employed if the Defendants seek de-designation of any of the Plaintiffs' documents.

    Thank you for your careful consideration of this letter.

Sincerely yours,

The Brodsky Law Firm

Richard E. Brodsky

*So ordered 8/14/12 /s/ FM USMJ*

cc:    Bradley Smith, Esq., counsel for Defendants
       Members of Standard Chartered Plaintiffs' Steering Committee