# Marko · Magolnick
ATTORNEYS AT LAW

Vizcaya Professional Building
3001 Southwest 3rd Avenue
Miami, Florida 33129

Joel S. Magolnick
magolnick@mm-pa.com

Tel: 305.285.2000
Fax: 305.285.5555
Toll Free: 888.893.5723
www.mm-pa.com

August 3, 2012



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/12

**VIA FACSIMILE - (212) 805-6382**
Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.* - *Standard Chartered Cases*
(Eastfork Assets Ltd. v. Standard Chartered Bank International (Americas)
Limited – No. 11-cv-7653)    09 CV 118

Dear Judge Marrero:

This firm represents the Plaintiff in the above-referenced matter. This letter is in response to the August 1, 2012 letter from Sharon Nelles requesting a pre-motion conference as to whether certain claims in the above-referenced matter should be dismissed without further motion practice. Plaintiff opposes the proposed Motion to Dismiss on several grounds.

**The Proposed Motion to Dismiss is Untimely** – The Eastfork matter was transferred to this Court in October 2011. Pursuant to this Court's Orders of February 3, 2011 [DE 609] and August 9, 2011 [DE 695], Standard Chartered was required to file its motions to dismiss this action "within 45 days of the end of any six month period beginning June 30, 2011…" "or if upon the conclusion of a 6-month period (beginning with the period ending on June 30, 2011) the Court has yet to rule on previously-filed motions to dismiss, 45 days from the entry of a final Decision and Order by this Court on the last pending motion to dismiss."

The final Decision and Order on the last motion to dismiss was entered on November 2, 2011 [DE 744]. Thus, the next "end of a six month period" was December 31, 2011, and Standard Chartered was required to file any motions to dismiss within 45 days thereafter - by February 14, 2012. Because it did not timely file motions to dismiss the Eastfork Complaint, Standard Chartered was required, pursuant to the Court's February 3, 2011 Order, at ¶17, to file its Answer to the Complaint within 30 days thereafter - March 16, 2012. It did not.

Standard Chartered's reliance on the Court's Order of June 28, 2012 [DE 899] is misplaced. The June 28, 2012 Order simply denied a motion by a plaintiff (Lou) to replead. The June 28, 2012 Order is not a "final Decision and Order by this Court on the last pending motion

to dismiss" for purposes of calculating the deadline for Standard Chartered to file its motions to dismiss. As such, Standard Chartered should not be permitted to file an untimely motion to dismiss this case.

**Plaintiff Reserves the Right to Amend its Complaint** – Plaintiff has not yet filed an Amended Complaint. Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may amend its pleading once as a matter of course…21 days after service of a motion under Rule 12(b)…" Standard Chartered's request for a pre-motion conference is an attempt to improperly deprive Plaintiff of its right to file an Amended Complaint in response to a motion to dismiss that Standard Chartered may file. Nothing in any of the Court's Scheduling Orders, however, acts to deprive Plaintiff of the right to file an Amended Complaint and, as such, Plaintiff reserves the right to file an Amended Complaint as appropriate.

**The Claims are Properly Pled** – even if the proposed motion to dismiss was timely, which it is not, the grounds set forth by Standard Chartered for dismissal are without merit because Plaintiff's Complaint raises factual allegations and/or legal issues not previously addressed in the Court's prior rulings.

a. Breach of Fiduciary Duty – In its August 1, 2012 letter, at Attachment A, Standard Chartered states that Plaintiff's claim for breach of fiduciary duty should be dismissed "to the extent it is based on allegations other than Standard Chartered allegedly recommending [Fairfield Sentry and/or Fairfield Sigma] without conducting due diligence."

Plaintiff's breach of fiduciary duty claims properly extend beyond the failure to conduct due diligence. In addition to the alleging failure to conduct due diligence, Plaintiff alleges that Standard Chartered breached its fiduciary duty due to overconcentration by failing to ensure that Plaintiff's "portfolio is properly and adequately diversified across asset classes to reduce risk of loss." (Complaint at ¶69(F)) Any argument by Standard Chartered that this aspect of the fiduciary duty claim should be dismissed based upon the Nov. 2, 2011 Order is wholly without merit. First, the Nov. 2, 2011 Order does not address this aspect of breach of fiduciary duty claim. Moreover, in his July 18, 2012 letter to the undersigned, Standard Chartered's counsel, Patrick Berarducci, specifically states, at page 2, that the breach of fiduciary duty claims not subject to dismissal are those based upon a failure to conduct due diligence and *"overconcentration of [Sentry] in [plaintiff's portfolio]."* Emphasis added.

Additionally, Plaintiff's breach of fiduciary duty claims are based upon a failure to "continuously monitor the activities of any fund manager to whom [Plaintiff's] funds are entrusted at the recommendation of Standard." Complaint at ¶ 69(H)). Contrary to Standard Chartered's position, this claim is not foreclosed by the Nov. 2, 2011 Order because Plaintiff goes beyond simply alleging "giving advice on particular occasions." In its Complaint, Plaintiff clearly alleges that Standard Chartered undertakes to "continually evaluate markets, products and asset managers so as to ensure that [Standard Chartered]'s recommended solutions deliver the results that our clients expect." (Complaint at ¶ 46(e)). Accordingly, Plaintiff alleges that

Letter to Hon. Judge Marrero
August 3, 2012
Page 3 of 3

Standard Chartered has voluntarily undertaken the duty to monitor and, as such, must do so in a manner so as to not cause Plaintiff damage.

    b.    <u>Negligence</u> – Plaintiff acknowledges that, pursuant to the Nov. 2, 2011 Order, the Court is likely to dismiss Plaintiff's negligence claims based upon the economic loss rule.

    c.    <u>Fraudulent concealment</u> – Contrary to Standard Chartered's argument, Plaintiff's fraudulent concealment claims are not barred based on the Nov. 2, 2011 Order. As this Court stated, for a fraudulent concealment claim, a plaintiff must allege: "(1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud." *Anwar v. Fairfield Greenwich Ltd.*, 826 F. Supp. 2d 578, 586. Plaintiff has clearly satisfied these requirements and the specificity requirement of Rule 9(b) by identifying the Standard Chartered representatives with whom Plaintiff met and the frequency and location of those meetings (Complaint at ¶¶ 20 and 24); what the omissions were, the person(s) responsible for the failure to disclose, and the manner in which Plaintiff was mislead (Complaint at ¶¶ 28, 29, 30, 33, 34, 35, 36, 37, 72); and what Standard Chartered obtained through the fraud (Complaint at ¶ 7) ("Standard Chartered...charged [Plaintiff] an asset based management fee based upon the stated, yet fictitious, value of its investments.")[1]

Based upon the foregoing, the claims in the Complaint are not, other than possibly with respect to the negligence claim, subject to dismissal based upon any of the Court's prior Orders. Moreover, to the extent that there are any deficiencies in the Complaint, such deficiencies can be addressed through an Amended Complaint, which Plaintiff reserves the right to file if Standard Chartered files a Motion to Dismiss.

Accordingly, Plaintiff respectfully requests the Court to deny the relief sought by Standard Chartered in its August 1, 2012 letter.

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff.
>
> SO ORDERED.
>
> 9-4-12
> DATE     VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

MARKO & MAGOLNICK, P.A.

Joel S. Magolnick
magolnick@mm-pa.com

JSM/sc

cc:    Counsel for Defendant (via email)
        Counsel for Plaintiffs and Standard Chartered Plaintiffs' Steering Committee (via email)

---

[1] The allegation that Standard Chartered received a fee for securing the investment in Fairfield Sentry is sufficient to satisfy the requirements of Rule 9(b). *Anwar*, 826 F. Supp. 2d at 586.