

# Marko · Magolnick
### ATTORNEYS AT LAW

Vizcaya Professional Building
3001 Southwest 3rd Avenue
Miami, Florida 33129

Joel S. Magolnick
magolnick@mm-pa.com

Tel: 305.285.2000
Fax: 305.285.5555
Toll Free: 888.893.5723
www.mm-pa.com

August 3, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/12

**VIA FACSIMILE - (212) 805-6382**
Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al. - Standard Chartered Cases*
(Gerico Investments Inc., et al. v. Standard Chartered Bank International (Americas) Limited – No. 11-cv-909)   09 CD 118

Dear Judge Marrero:

This firm represents the Plaintiffs in the above-referenced matter. This letter is in response to the August 1, 2012 letter from Sharon Nelles requesting a pre-motion conference as to whether certain claims in the above-referenced matter should be dismissed without further motion practice. Plaintiffs oppose the proposed Motion to Dismiss on several grounds.

**The Proposed Motion to Dismiss is Untimely** – The Gerico matter was transferred to this Court in February 2011. Pursuant to this Court's Orders of February 3, 2011 [DE 609] and August 9, 2011 [DE 695], Standard Chartered was required to file its motions to dismiss this action "within 45 days of the end of any six month period beginning June 30, 2011..." "or if upon the conclusion of a 6-month period (beginning with the period ending on June 30, 2011) the Court has yet to rule on previously-filed motions to dismiss, 45 days from the entry of a final Decision and Order by this Court on the last pending motion to dismiss."

The final Decision and Order on the last motion to dismiss was entered on November 2, 2011 [DE 744]. Thus, the next "end of a six month period" was December 31, 2011, and Standard Chartered was required to file any motions to dismiss within 45 days thereafter - by February 14, 2012. Because it did not timely file a motion to dismiss the Gerico Complaint, Standard Chartered was required, pursuant to the Court's February 3, 2011 Order, at ¶17, to file its Answer to the Complaint within 30 days thereafter - March 16, 2012. It did not.

Standard Chartered's reliance on the Court's Order of June 28, 2012 [DE 899] is misplaced. The June 28, 2012 Order simply denied a motion by a plaintiff (Lou) to replead. The June 28, 2012 Order is not a "final Decision and Order by this Court on the last pending motion to dismiss" for purposes of calculating the deadline for Standard Chartered to file its motions to dismiss. As such, Standard Chartered should not be permitted to file an untimely motion to dismiss as this case.

**Plaintiffs Reserve the Right to Amend Their Complaint** – Plaintiffs have not yet filed an Amended Complaint. Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure provides, in pertinent

c. Fraudulent concealment – Contrary to Standard Chartered's argument, Plaintiffs' fraudulent concealment claims are not barred based on the Nov. 2, 2011 Order. As this Court stated, for a fraudulent concealment claim, a plaintiff must allege: "(1) what the omissions were; (2) the

Letter to Hon. Judge Marrero
August 3, 2012
Page 3 of 3

representatives with whom Plaintiffs met and the frequency and location of those meetings (Complaint at ¶¶ 16, 34-36, 45-47); what the omissions were, the person(s) responsible for the failure to disclose, and the manner in which Plaintiffs were mislead (Complaint at ¶¶ 24-28, 58, 60-62, 82, 83); and what Standard Chartered obtained through the fraud (Complaint at ¶ 3) ("Standard Chartered...charged [Plaintiffs] an asset based management fee based upon the stated, yet fictitious, value of their investments.")[1]

      d.      <u>Fraud in the Inducement/Negligent Misrepresentation</u> – A cause of action for fraud in the inducement requires four elements: (1) a false statement regarding a material fact; (2) the maker knew or should have known that the representation is false; (3) intent that the representation induces reliance; and (4) injury caused to the party acting in reliance. *Thompkins v. Lil' Joe Records, Inc.,* 476 F.3d 1294, 1315 (11th Cir. 2007). In the instant case, Plaintiffs have properly pled all of these elements by: identifying the false statements made, including the timing of the statements, and identifying Tirso Morales as the Standard Chartered representative who made the statements (Complaint at ¶¶ 17-19, 23, 35, 46, 58, 60, 75, 76); alleging constructive or actual knowledge of the falsity of the statements (Complaint at ¶ 77); alleging intent to induce reliance by Plaintiffs (Complaint at ¶ 78); and alleging injury caused to Plaintiffs acting in reliance (Complaint at ¶¶ 25, 28, 36, 47, 69, 79, 80).

Negligent representation requires four elements: (1) misrepresentation of a material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation. *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Companies, Inc.,* 607 F.3d 742, 747 (11th Cir. 2010). As with their fraud in the inducement claim, Plaintiffs have properly pled all of the elements of a negligent misrepresentation claim. Each of the references to the Complaint above relating to the fraud in the inducement claim are equally applicable to the negligent misrepresentation claim, with the only difference being the allegation that Morales made the representations negligently without any basis for believing the truth or falsity thereof (Complaint at ¶¶ 86-87).

Based upon the foregoing, the claims in the Complaint are not, other than possibly with respect to the negligence claim, subject to dismissal based upon any of the Court's prior Orders. Moreover, to the extent that there are any deficiencies in the Complaint, such deficiencies can be addressed through an Amended Complaint, which Plaintiffs reserve the right to file if Standard Chartered files a Motion to Dismiss. Accordingly, Plaintiffs respectfully request the Court to deny the relief sought by Standard Chartered in its August 1, 2012 letter.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiffs.

SO ORDERED.

9-4-12
DATE    Counsel for ~~Defendant (via email)~~ U.S.D.J.

Respectfully submitted,

MARKO & MAGOLNICK, P.A.

Joel S. Magolnick

Counsel for Plaintiffs and Standard Chartered Plaintiffs' Steering Committee (via email)

---

[1] The allegation that Standard Chartered received a fee for securing the investment in Fairfield Sentry is sufficient to satisfy the requirements of Rule 9(b). *Anwar,* 826 F. Supp. 2d at 586.