# KATZ BARRON
# SQUITERO FAUST

August 9, 2012

*By facsimile transmission*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/12

MIAMI
2699 S. BAYSHORE DRIVE
SEVENTH FLOOR
MIAMI, FL 33133-5408

305-856-2444
305-285-9227 FAX

www.katzbarron.com

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
            Case No. 09-cv-118 (VM)(THK), Standard Chartered Cases

            This correspondence relates to: *Barbachano v. Standard Chartered Bank International (Americas) Limited, et al.*, 1:11-cv-03553-VM

Dear Judge Marrero:

        On behalf of Plaintiff Joaquina Teresa Barbachano Herrero ("Barbachano"), we respond to the correspondence to the Court, dated August 1, 2012, from Defendants Standard Chartered Bank International (America) Ltd. and Standard Chartered Bank PLC (collectively, "Standard Chartered").

        In its correspondence, Standard Chartered requests a pre-motion conference as to whether certain claims in the above-referenced matter should be dismissed without further motion practice. According to Standard Chartered, the Court's prior orders require dismissal of Barbachano's "Counts 1 (Fla. Stat. §§ 517.301 & 517.211(2)), 3 (negligence), and 4 (gross negligence), in their entirety, and Count 3 (fiduciary duty) to the extent that it is based on allegations other than Standard Chartered allegedly recommending Fairfield Sentry without conducting due diligence." Standard Chartered is incorrect for numerous reasons.

        *First*, Standard Chartered ignores that Barbachano has an absolute right to amend her complaint. In particular, Standard Chartered has yet to file a responsive pleading to or motion to dismiss Barbachano's original Complaint, though that Complaint was filed on December 9, 2010 and transferred to this Court in March 2011. Pursuant to Rule 15(a)(1)(B), Fed. R. Civ. P., Barbachano has an absolute right to amend whenever any such pleading or motion is filed. Indeed, this Court previously ruled that should Standard Chartered file a motion to dismiss, Barbachano "may then amend the pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)." [DE 853, pg. 11].[1] By its current request to dispose of all but Barbachano's breach of fiduciary duty claim without the necessity of filing a motion to dismiss, Standard Chartered seeks to deprive Barbachano of that absolute right to amend.

        *Second*, Barbachano's complaint, and certainly any amended complaint, raises "exceptional factual or legal circumstances" that make the Court's prior rulings inapplicable to her claims. Those circumstances include the complaint's allegations that Standard Chartered

---

[1] Given Rule 15, Barbachano previously requested that Standard Chartered agree to the filing of an amended complaint to save the parties needless motion practice. However, Standard Chartered opposed that request.

Honorable Victor Marrero
August 9, 2012
Page 2

rendered unsuitable investment advice causing Barbachano to make investments unsuited to her investment objectives and risk allocation, recommended and caused Barbachano to obtain a multi-million dollar loan from Standard Chartered rather than liquidating part of her investments, and often made investment decisions without obtaining Barbachano's written authorization. *See* Compl. ¶¶ 1, 17-18, 21, 29, 37-38, 40, 46, 48, 54 & 56. Those allegations go beyond Standard Chartered's failure to conduct adequate due diligence of Fairfield and are not addressed in the Court's prior rulings as they are unique to Barbachano. Thus, Standard Chartered's contention that "[n]o plaintiff has articulated any exceptional factual or legal circumstances that would make the Court's prior rulings inapplicable to their claims," is simply incorrect and ignores a substantial portion of the factual allegations contained in Barbachano's complaint.

*Third*, with regard to Barbachano's claims under Florida's state securities laws, Fla. Stat. §§ 517.301 & 517.211(2), the failure to provide suitable investment advice – as alleged in the complaint -- states a claim for investment fraud under Chapter 517. *See Newsom v. Dean Witter Reynolds, Inc.*, 558 So. 2d 1076, 1077 (Fla. 1st DCA 1990) (stating that unsuitable trading constitutes statutory fraud under Fla. Stat. § 517.301(1)). Moreover, with regard to Fairfield, an amended complaint will allege that buyer/seller privity existed based on Standard Chartered's receipt of undisclosed "trailer fees" from Fairfield. The Court's November 2, 2011 Order did not address the receipt of the trailer fee and, thus, Standard Chartered's reliance on that Order is misplaced. Likewise, Standard Chartered reliance on footnote four of the Court's November 2, 2011 Order overlooks that Standard Chartered, acting from Miami, Florida, and acting on behalf of Fairfield to obtain the undisclosed trailer fee, advised Barbachano to purchase Fairfield. Accordingly, a sufficient nexus exists with the State of Florida to sustain a claim under Chapter 517 of the Florida Statutes.

*Fourth*, without any explanation or support, Standard Chartered asks this Court to dismiss Barbachano's fiduciary duty claim "to the extent that it is based on allegations other than Standard Chartered allegedly recommending Fairfield Sentry without conducting due diligence." We are aware of no authority that would permit dismissal of claims based on a request of a defendant where the factual allegations (e.g., suitability) of the complaint have never been previously litigated, where the Court has never previously considered or ruled upon the legal sufficiency of those allegations, and where the plaintiff has never even had an opportunity to respond to a motion to dismiss.

*Finally*, as to Barbachano's negligence count, while we recognize that the Court has previously held that the Florida economic loss rule bars a negligence claim relating to the lack of due diligence regarding Fairfield, the Court has not previously addressed whether (or not) the failure to render suitable investment advice is barred by that rule. We respectfully submit that the economic loss rule does not bar such a claim. *See, e.g., Maliner v. Wachovia Bank, N.A.*, 2005 WL 670293, at *9 (S.D. Fla. 2005) (rejecting bank's argument that the economic loss rule barred a negligent misrepresentation claim relating to unsuitable investment advice).

For these reasons,[2] therefore, the Court should decline Standard Chartered's request and Standard Chartered should be required to files its Answer or a Motion to Dismiss, at which point Barbachano would have the right to file an amended complaint.

---

[2] In addition, Barbachano joins in the arguments made by Plaintiff Blockbend, Ltd., that a motion to dismiss now filed by Standard Chartered would be untimely based on this Court's scheduling orders dated February 3, 2011 [DE 609] and August 9, 2011 [DE 695].

Honorable Victor Marrero
August 9, 2012
Page 3

Respectfully submitted,

KATZ BARRON SQUITERO FAUST

H. Eugene Lindsey, III

cc: Diane L. McGimsey, Esq. (mcgimseyd@sullcrom.com)
Sharon L Nelles, Esq. (nelless@sullcrom.com)
Bradley P. Smith, Esq. (smithbr@sullcrom.com)
Patrick B. Berarducci, Esq. (berarducci@sullcrom.com)
Courtesy Copy to Standard Chartered Plaintiffs' Steering Committee (via email)

h:\lib\docs\08991001\ltr\Jm8080.docx

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff Teresa Barbachano.
>
> SO ORDERED.
>
> 9-5-12
> DATE        VICTOR MARRERO, U.S.D.J.

AUG-09-2012 TUE 06:12 PM   Case 1:09-cv-00118-VM-FM   Document 935   Filed 09/07/12   Page 3 of 3   P. 004