ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PASHA S. ANWAR, *et al.*,

Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

Defendants.

This Document Relates To: Specified Standard Chartered Cases

Master File No. 09-CV-118 (VM) (FM)

**STIPULATION AND ORDER DISMISSING CLAIMS IN SPECIFIED STANDARD CHARTERED CASES**

**WHEREAS**, plaintiffs in the following 35 actions (the "Stipulating Actions"), have filed complaints against defendants Standard Chartered Bank International (Americas) Ltd. and Standard Chartered PLC (collectively, "Standard Chartered") arising out of plaintiffs' investments in Fairfield Sentry and/or Fairfield Sigma:

(1) *Triple R Holdings Ltd., et al. v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-897;

(2) *New Horizon Development Inc., et al. v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-898;

(3) *Salcar Ltd. v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-899;

(4) *Reinaldo Ruiz v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-900;

(5) *Iston Holdings Ltd., et al. v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-901;

(6) *Ramiro Rendiles v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-902;

(7)  *Alberto Perez v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-903;

(8)  *Auburn Overseas Corp. v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-904;

(9)  *Interland Investments Ltd. v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-905;

(10) *Velvor S.A., et al. v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-906;

(11) *5C Investments Ltd. v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-907;

(12) *Jorge Asensio v. Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-908;

(13) *Bahia Del Rio, S.A. v. Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-5716;

(14) *Archangel Resources Limited, et al. v. Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5717;

(15) *Blount International, S.A. v. Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5719;

(16) *Esther Diaz de Camara v. Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5720;

(17) *John Paul Dougherty v. Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5721;

(18) *Jose de Passos Vieira Lima v. Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5722;

(19) *Lucrecia Echeverri de Mata v. Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5723;

(20) *Eugene Thomas Dougherty Novella v. Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5724;

(21) *Richmond Company Ltd. v. Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5725;

(22) *Juan Carlos Sabillon v. Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5726;

(23) *San Blas S.A., et al.* v. *Standard Chartered International (Americas) Ltd.*, No. 11-cv-5727;

(24) *Smerant Corp.* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5728;

(25) *Manuel Mantecon* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-5729;

(26) *Pharmafoods International C.V., et al.* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. ~~11-cv-5729;~~ *11 CV 5730*

(27) *Tierra C.V., et al.* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-5731;

(28) *Jose Mizrahi* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-6788;

(29) *Juan D. Quiroz Stone* v. *Standard Chartered Bank International (Americas) Limited et al.*, No. 11-cv-7651;

(30) *Nautical Village, Inc.* v. *Standard Chartered Bank International (Americas) Limited*, No. 11-cv-7652;

(31) *Positano Investments Ltd.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-8371;

(32) *Maplehurst Holdings Ltd.*, v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-8372;

(33) *Sand Overseas Limited* v. *Standard Chartered Bank International (Americas) limited, et al.*, No. 12-cv-148;

(34) *Rebac Enterprises Ltd.* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 12-cv-03969; and

(35) *Brea International Ltd.,* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 12-cv-3970;

**WHEREAS**, the schedule for responding to complaints filed in or transferred to this MDL proceeding is set forth in the Initial Scheduling Order Regarding Standard Chartered Cases (Dkt. No. 375),[1] as amended by the Second Amended Scheduling Order Regarding

---

[1] All docket citations are to Case No. 09-cv-118, unless otherwise noted.

-3-

Standard Chartered Cases (Dkt. No. 609), the August 9, 2011 Order Amending the Second Amended Scheduling Order Regarding Standard Chartered Cases (Dkt. No. 695) and the August 13, 2012 Stipulation and Scheduling Order Regarding Standard Chartered Defendants Time to Respond to Complaints in Specified Standard Chartered Cases (collectively, the "Scheduling Orders");

**WHEREAS**, the Scheduling Orders provide that Standard Chartered must file any motions to dismiss in the Stipulating Actions on or before August 24, 2012 (Dkt. No. 914), or answer "within 30 days of the date on which a motion to dismiss otherwise would have been required to be filed" (Dkt. Nos. 609 ¶ 17, 695);

**WHEREAS**, the Scheduling Orders direct the parties to apply the Court's prior rulings in these consolidated proceedings across all cases to avoid "duplicative motion or pleading practice on matters already considered by this Court" (Dkt. No. 609 ¶ 15), and, in circumstances where the Court's prior rulings require the dismissal of later-filed claims, to "confer and determine whether they can agree that such claim[s] . . . shall be dismissed pursuant to the bases set forth" in this Court's prior rulings, subject to plaintiffs' right to "challenge the dismissal of the claim on appeal" (Dkt. No. 609 ¶ 16(a)(ii) n.3);

**WHEREAS**, this Court issued two prior orders in these proceedings, on October 4, 2010 and November 2, 2011, dismissing certain claims raised by plaintiffs in those proceedings;

**WHEREAS**, the complaints in the Stipulating Actions assert claims that are similar or identical to the claims asserted in the complaints that were subject to the Court's October 4, 2010 and November 2, 2011 orders;

-4-

**WHEREAS**, counsel for the parties to the Stipulating Actions have conferred regarding the application of the Court's prior rulings to the claims and allegations made in the Stipulating Actions; and

**WHEREAS**, plaintiffs in the Stipulating Actions and Standard Chartered agree that under the Court's prior rulings, plaintiffs' claims for negligence, unjust enrichment and, in part, breach of fiduciary duty, would not survive a motion to dismiss because:

- plaintiffs' negligence claims would be dismissed pursuant to the Court's prior ruling in *Anwar v. Fairfield Greenwich Ltd.*, 826 F. Supp. 2d 578, 593 (S.D.N.Y. 2011) that the economic loss rule bars negligence claims where, as here, plaintiffs' accounts with Standard Chartered were governed by written agreements;

- plaintiffs' unjust enrichment claims would be dismissed pursuant to the Court's prior ruling that such claims are foreclosed because plaintiffs' complaints "explicitly or implicitly refer[] to agreements between them and SCBI," and "fail[] to allege the *absence* of an adequate remedy at law," *id.* at 594;

- plaintiffs' allegations of misrepresentations made in their breach of fiduciary duty claims (*e.g., Brea* Compl. ¶ 53(e)) would not as now pled support a cause of action under the Court's prior ruling that such alleged misrepresentations fail under Rule 9(b) of the Federal Rules of Civil Procedure because plaintiffs "do not adequately allege the context of each alleged misrepresentation with sufficient particularity" or "plead with

particularity facts giving rise to a strong inference that a defendant acted with the requisite state of mind," *Anwar*, 826 F. Supp. 2d at 586-87;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for parties in the Stipulating Actions, subject to the approval of the Court, that:

1. Plaintiffs agree to this Court's dismissal of Standard Chartered PLC as a defendant in the Stipulating Actions.

2. Plaintiffs agree to this Court's dismissal of their negligence claims, which are pleaded as Count 2 in the complaints filed in the Stipulating Actions. While the claims for negligence will be withdrawn, the factual allegations asserted in Count 2 in the complaints filed in the Stipulating Actions will remain and will not be stricken.

3. Plaintiffs agree to this Court's dismissal of their unjust enrichment claims, which are pleaded as Count 6 in the complaints filed in the Stipulating Actions.

4. Plaintiffs agree to strike allegations of misrepresentations made in the context of their breach of fiduciary duty claims, which are pleaded as Count 1 in the complaints filed in the Stipulating Actions, including, for example, paragraph 53(e) of the complaint in *Brea International, Ltd., v. Standard Chartered Bank International (Americas) Limited, et al.*, No. 12-cv-3970.

5. The parties to the Stipulating Actions agree that the claims in plaintiffs' respective complaints for negligent misrepresentation, fraud and gross negligence and the allegations set forth therein shall not be affected by the language of this Stipulation other than as so specifically set forth herein.

-7-

6. The parties to the Stipulating Actions agree that Standard Chartered will answer plaintiffs' respective complaints on or before October 12, 2012.

7. Plaintiffs in the Stipulating Actions have preserved the right to appeal the above-described dismissals, which shall be deemed to have been dismissed based on the reasoning set forth in the Court's prior rulings. In the event of a successful appeal of the Court's prior rulings by plaintiffs in the Stipulating Actions, the plaintiffs in the Stipulating Actions reserve their right to reassert any claims dismissed pursuant to the terms of this Stipulation.

8. The parties to the Stipulating Actions reserve all rights with respect to plaintiffs' ability to file Amended Complaints and defendants' ability to oppose the filing of any Amended Complaints.

DATE: August 28, 2012

CURRAN & ASSOCIATES
By _____

Laurence E. Curran
Attorney for Plaintiffs 5C Investments Ltd., Archangel Resources Ltd. *et al.*, Asensio, Auburn Overseas Corp., Bahia Del Rio S.A., Blount International S.A., Brea International Ltd., Diaz de Camara, Dougherty, Echeverri de Mata, Interland Investments Ltd., Iston Holdings Ltd. *et al.*, Lima, Mantecon, Maplehurst Holdings Ltd., Mizrahi, Nautical Village Inc., New Horizon Development Inc. *et al.*, Novella, Perez, Pharmafoods International C.V. *et al.*, Positano Investments Ltd., Quiroz Stone, Rebac Enterprises Ltd., Rendiles, Richmond Company Ltd., Ruiz, Sabillon, Salcar Ltd., San Blas S.A. *et al.*, Sand Overseas Ltd., Smerant Corp., Tierra C.V. *et al.*, Triple R Holdings Ltd. *et al.*, and Velvor S.A. *et al.*

DATE: August 29, 2012

SULLIVAN & CROMWELL LLP
By _____
Sharon L. Nelles
Attorneys for Defendants Standard
Chartered Bank International (Americas)
Ltd. and Standard Chartered PLC

SO ORDERED this 4th day of September, 2012.

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

-8-