```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/12
```

# THE BRODSKY LAW FIRM,

RICHARD E. BRODSKY, ATTORNEY AT LAW

**MEMO ENDORSED**

VIA FAX TRANSMISSION

August 24, 2012

The Hon. Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   Anwar v. Fairfield Greenwich
      No. 09-cv-118 (S.D.N.Y.)
      Standard Chartered Cases

> *Handwritten endorsement:* If I were to rule now, to the extent that the Standard Chartered Defendants submit any expert reports (which I assume they will), the issue of what is proper will again arise. I prefer to deal with it once the reports are available so that the ground rules can be clearly drawn. /s/ Maas, USMJ, 9/12/12

Dear Judge Maas:

I am counsel for the *Maridom* Plaintiffs and am writing as Liaison Counsel for the Standard Chartered Plaintiffs Steering Committee.

This letter is in response to the letter sent yesterday from counsel for the Standard Chartered Defendants answering our August 20, 2012 letter. That letter requests a conference before Your Honor for the purpose of seeking an order barring the Defendants from offering expert witness testimony on certain of their defenses.

It is important to note that the Standard Chartered Defendants do not dispute *any* of the critical points made in our August 20 letter: (i) that the identified "defenses" are, in fact, affirmative defenses; (ii) that the Defendants have the burden of proof on each of the defenses; and (iii) that the Defendants were required to provide expert reports on their affirmative defenses by August 2, 2012. They simply want to postpone consideration of an important issue so that they can muddy the waters before the Court can address it.

The nub of the Defendants' letter is that "Standard Chartered's expert reports are due on October 31, 2012." This statement assumes the conclusion that their expert reports will contain pure rebuttal and will not advance any expert opinions on the ten affirmative defenses outlined in our August 20,

Hon. Frank Maas
August 24, 2012
Page 2

2012 letter. From this assumption naturally flows the assurance that "Standard Chartered does not intend to offer improper expert testimony. . ."

Let us assume that Standard Chartered's future actions meet their intentions. What this would mean is that, given the Defendants' failure to supply any expert testimony on *any* issue on which they bear the burden, when they refer to "improper expert testimony" they are admitting that their expert witnesses' testimony and reports must be cabined so as "solely to contradict or rebut evidence on the same subject matter by Plaintiffs' expert witnesses and as to which Plaintiffs have the burden of proof," and that those experts "not be permitted to testify to any expert opinion regarding an issue on which Defendant[s] ha[ve] the burden of proof." *Mabrey v. United States*, No. 2:05-CV00051RLH-GWF, 2006 WL 1891127, *4-5 (D. Nev. July 7, 2006) (holding that Plaintiffs would be afforded opportunity to submit reply report to Defendant's rebuttal report).

The problem lies not in stating the proposition but in establishing procedures designed to protect the Plaintiffs from being unfairly dealt with when the Defendants' expert reports *are* submitted.

This case has to do with the Defendants' having imprudently and improperly recommended that their private banking clients invest in what turned out to be a massive Ponzi scheme. We ask the Court to consider whether it is truly realistic to believe that the Standard Chartered Defendants are intending to waive the opportunity to offer expert testimony on such important (for the Defendants) defenses as:

- intervening cause (second defense);

- assumption of risk (sixth defense);

- "contributory" negligence (seventh defense);[1]

- contractual bar (twelfth defense);

- truth-on-the-market (thirteenth defense);

---

[1] Notably, the Defendants do not (and cannot) rebut the Plaintiffs' pointing out to the Court that the Florida Supreme Court has long since abandoned the doctrine of contributory negligence in favor of comparative negligence, thereby requiring the Court to strike the defense of "contributory negligence."

Hon. Frank Maas
August 24, 2012
Page 3

- reliance on third parties (fourteenth defense);

- allocation of fault to others (fifteenth defense).[2]

Put differently, is it at all realistic to believe that Standard Chartered is going to go to trial with no expert testimony on any subject other than whether they are *prima facie* liable for having recommended that their private banking clients invest in Fairfield Sentry, without any expert testimony aimed at supporting the defenses that they should be let off the hook because of other factors?

To ask this question is to answer it. The Plaintiffs do not believe it and doubt that the Court, as a neutral observer, could realistically entertain that belief, either. Instead, there is every reason to believe that the Defendants will attempt to submit reports that succeed in muddying the waters with expert reports that, no matter the labels and clever wording, seek both to rebut our experts' reports and to support their affirmative defenses.

We cannot predict with any certainty how this will be achieved, but we can predict with absolute certainty that the Defendants will attempt to avoid the restriction they have now assured the Court they "intend" to obey. If, when that occurs, the burden is placed on the Plaintiffs to attempt, in effect, to show from which egg, the brown one or the white one, this or that portion of the yolk in a scrambled egg emerged, this will place an unfair burden on the Plaintiffs because it will result in the Plaintiffs' expending resources and substantial time to attempt to unscramble the eggs. Moreover, as it presently stands, the pretrial order provides for no rebuttal by the Plaintiffs in the event that the Defendants attempt to inject expert testimony on their affirmative defenses into their "rebuttal" expert reports.

Therefore, if a conference is granted, the Plaintiffs will ask the Court to enter a common-sense order, in advance of the Defendants' providing us their expert reports, establishing fair procedures for this very real possibility. The requested procedures are as follows:

1. If the Plaintiffs contend that the Defendants' reports impermissibly include opinions on issues on which the Defendants bear the

---

[2] Our listing of only some of the defenses is not meant exclude the others listed in our August 20 letter, but merely to focus on those defenses that we believe are best illustrative of our point.

Hon. Frank Maas
August 24, 2012
Page 4

burden, they will have five business days after receiving the Defendants' reports to notify the Defendants and the Court that they so contend.

    2. In such notification, they will inform the Defendants and the Court whether they:

    a. will seek to exclude from expert testimony any testimony on any issue the Defendants will have the burden of proof at trial, in which event, in such notification, they will have the burden to set forth, in detail, the portions of the report(s) they consider improper, while the Defendants will then have ten business days to respond, in which the Defendants will have the burden of showing that such testimony is proper; or

    b. will submit, within thirty days of notification, reply expert reports limited to those issues raised in the Defendants' reports they contend are impermissible.

The undersigned counsel for the Plaintiffs has proposed this approach to the Defendants, who have not responded. If, after sending this letter, an agreement is reached, we will promptly notify the Court. The Plaintiffs respectfully submit that this approach is fair to both sides and will avoid unnecessary, complicated controversy down the line.

Thank you for your careful consideration of this letter.

    Sincerely yours,

    The Brodsky Law Firm

    Richard E. Brodsky

cc:    Counsel for Standard Chartered Defendants
       Members of Standard Chartered Plaintiffs' Steering Committee