**MEMO ENDORSED**

# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

BY FAX TRANSMISSION

September 10, 2012

The Hon. Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  Anwar v. Fairfield Greenwich
No. 09-cv-118 (S.D.N.Y.)
<u>Standard Chartered Cases</u>

> *Mr. Michael is directed to respond by 9/14; Mr. Brodsky is directed to notify him today of this directive.*
>
> *Maas, USMJ, 9/12/12*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/12

Dear Judge Maas:

    I am counsel for the *Maridom* Plaintiffs and am writing as Liaison Counsel for the Standard Chartered Plaintiffs Steering Committee ("Committee").

    This letter has to do with the conclusion of the deposition of Harry Markopolos, scheduled for September 21, 2012. Because the Standard Chartered Defendants have opposed the resumption and conclusion of the deposition, counsel for Mr. Markopolos, who has tried to interpose unreasonable conditions on the resumption of the deposition, has stated that his client would not reappear without a court order. Neither Standard Chartered's position nor Mr. Markopolos' should be upheld. We request that the Court consider this matter by letters or convoke a telephone conference, and order a resumption of the deposition on September 21, 2012 in New York or as soon thereafter, in Boston or New York, as is reasonably convenient.

### Background

    Mr. Markopolos is a securities professional who, starting in 1999, attempted, over and again, to convince the staff of the Boston and New York Regional Offices of the Securities and Exchange Commission that Bernard L. Madoff was running a Ponzi scheme with the money provided to him by

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

**MEMO ENDORSED**

Hon. Frank Maas
September 10, 2012
Page 2

"feeder" hedge funds such as Fairfield Sentry Fund. Standard Chartered's clients, including the Plaintiffs, based on Standard Chartered's recommendations, invested hundreds of millions of dollars in Fairfield Sentry.[1]

Mr. Markopolos' deposition was noticed by the Committee cross-noticed by the Standard Chartered Defendants. The deposition began on April 26, 2012, and approximately four hours' testimony was taken. At the end of the first day of testimony, the parties agreed, on the record, that the deposition could continue after the May 4, 2012 deadline for the conclusion of discovery in the Standard Chartered Cases.

The Standard Chartered Plaintiffs have sought to obtain agreement from Mr. Markopolos and from the Standard Chartered Defendants, through their respective counsel, to resume the deposition on September 21, 2012. The Standard Chartered Defendants have objected, claiming, in essence, that the Committee has waited too long to resume the deposition. As a result, Mr. Markopolos, through his counsel -- after earlier engaging in lengthy discussions with the Committee concerning conditions he sought to impose on his returning to the deposition table -- has informed Committee counsel that he will not appear for the resumption of his deposition without a court order. Hence, there is a definite need for the Court's intervention in this matter.

### Mr. Markopolos' Testimony

Despite the attempt by Standard Chartered (and the FGG Defendants) to characterize Mr. Markopolos as an expert witness, he was not noticed as an expert witness and, in fact, is unquestionably a relevant fact witness. His testimony will show that, with access to essentially the same information about Madoff and Fairfield Sentry that was available to banks such as Standard Chartered, he concluded that Madoff was running a Ponzi scheme. This testimony will be relevant to whether Standard Chartered fulfilled its *admitted* fiduciary duties to its private banking clients -- which duties included the responsibility to conduct probing due diligence of investment products before and after recommending them to its private banking clients. In particular, the Standard Chartered Plaintiffs will contend that Mr. Markopolos' testimony tends to prove that Standard Chartered, had it conducted a modicum of due diligence, would have asked the same questions

---

[1]   Here, the term "Standard Chartered" refers to American Express Bank International, and its parent, American Express Bank, which were acquired by Standard Chartered Bank in February 2008.

Hon. Frank Maas
September 10, 2012
Page 3

and reached the same conclusion that he (and many others) did, or, at the least, would have warned its clients of the risks of investing with Fairfield Sentry. Mr. Markopolos' testimony will also tend to show that the S.E.C.'s utter incompetence, not the difficulty of discovering the Madoff fraud, was the reason that the S.E.C. never discovered that fraud, thus weakening what the Plaintiffs' expect will be one of the Standard Chartered Defendants' arguments in defense of its own failure to disclose the risks of investing in Fairfield Sentry to its private banking clients ("If the S.E.C. couldn't discover the Madoff fraud, how can you expect us to have?").[2]

### Reasons for Timing of Resumption

There are good and sufficient reasons for the fact that the Standard Chartered Plaintiffs seek to resume the deposition on September 21, 2012, which is admittedly five months after the end of the first day of this deposition.

Through the time of the deposition, an attorney who has a close professional relationship with Mr. Markopolos, Gaytri Kachroo, Esq., was a member of the Committee and, as such, was given responsibility for communicating with Mr. Markopolos for the purposes of scheduling his deposition. On May 18, 2012, however, Judge Marrero granted the Standard Chartered Defendants' motion to compel arbitration of the *Caso* case, in which Ms. Kachroo was counsel. (DE 882)

Thereafter, Ms. Kachroo and other lawyers representing the plaintiff in *Caso* informed other members of the Committee that they expected that they would be representing another plaintiff who might be suing Standard Chartered for having recommended an investment in Fairfield Sentry. Moreover, on May 31, 2012, an associate of Ms. Kachroo informed all counsel by email as follows: "Please be advised that the deposition of Mr. Markopolos currently set for June 5 is being rescheduled. We will notify you as soon as we have a new date."

By the middle of July, it became obvious that Ms. Kachroo was not going to be representing a new plaintiff in the Standard Chartered Cases, and therefore the Committee attempted to reach agreement with Philip Michael, Esq., counsel for Mr. Markopolos for this deposition, for a date for the renewal of the deposition. There were delays in communication,

---

[2] The relevance of the deposition is the same as to the defendants in the Fairfield Greenwich cases. One of the Standard Chartered Plaintiffs, Headway, has also sued some of those defendants.

Hon. Frank Maas
September 10, 2012
Page 4

undoubtedly because it was summer, and there was also considerable disagreement between Mr. Michael and the Committee concerning the conditions under which Mr. Markopolos would appear. Finally, at the end of August an agreement was reached for the resumption of the deposition on September 21, 2012. While there was still disagreement concerning one of the conditions insisted upon by Mr. Michael on his client's behalf (the amount of compensation for his time), the Committee concluded that it was appropriate to notify all counsel of this date -- even if disagreements about conditions sought to be imposed by Mr. Markopolos would need the attention of the Court to be resolved.[3]

    For its part, Standard Chartered takes the position that it is too late to resume the deposition of Mr. Markopolos. The Committee disagrees. The unique circumstances described above make it clear that any delay was not caused by lassitude or neglect on the part of the Committee and was excusable. Moreover, there is no prejudice to the Defendants. They argue that they are in the middle of preparing experts' rebuttal to the Standard Chartered Plaintiffs' expert reports, but this does not show prejudice. By agreement, the rebuttal expert reports will not be due until October 31, 2012, five weeks after this deposition can be finished. This is more than ample time to reflect whatever is said in the last three hours of his deposition into their experts' rebuttal reports. Importantly, dispositive motions have not been filed and, under the scheduling order will not be filed until well into 2013. The Standard Chartered Defendants are simply engaging in attempt at reverse engineering -- seeking a way to prevent the direct testimony of Mr. Markopolos from being admissible against them by trying to avoid having to cross-examine him.

    In the meantime, counsel for the FGG Defendants have informed the Committee that three hours are not enough to conclude the deposition. While the Committee has asked the various Defendants to consult among themselves to attempt to reach agreement to "carve up" that portion of the remainder of the deposition to be allotted to the defendants, the Committee is aware of no such discussions or agreement. Importantly, discovery in the Fairfield Greenwich Cases is still ongoing, and if there is not enough time for all defendants to cross-examine Mr. Markopolos in the Standard Chartered

---

[3] The Committee was informed that Mr. Markopolos was going to be in New York City on September 21 and that he was available for deposition that morning. The Committee would be content to take his deposition in Boston, Massachusetts, if, for any reason, the date has to be changed and if that location would be more convenient for the witness.

Cases, his deposition can be resumed in the Fairfield Greenwich Cases. What is more, the Court could extend the time limit beyond the normal seven hours. Regardless, the Committee should not be punished if the defendants cannot agree how to split up their own time.

In sum, there is a presumption that a deposition, once started, be concluded, and there should be an extraordinarily good reason for preventing the conclusion of the deposition. None is present here. Standard Chartered's objections are makeweight. Dispositive motions have not been filed, so no prejudice will be caused by concluding the deposition on September 21, 2012. *See Mitchell v. Nat'l R.R. Passenger Corp.*, 208 F.R.D. 455, 462 (D.D.C. 2002) (permitting Plaintiff to *conduct* two additional depositions after close of discovery, where dispositive motions deadline had been suspended and there were no trial dates in place). Finally, this Court should not permit a fact witness like Mr. Markopolos to impose unreasonable conditions on his obeying a subpoena and submitting to the conclusion of his deposition.

For the reasons stated, the Standard Chartered Plaintiffs request that this Court order a resumption of the deposition of Mr. Markopolos on September 21, 2012 in New York or as soon thereafter, in Boston or New York, as may be convenient to the witness. Further, if the Court concludes that Mr. Markopolos should be compensated for his time, the rate should be $500 per hour and his compensation should be split equally among the Standard Chartered Plaintiffs, the Standard Chartered Defendants, and any other defendant that elects to cross-examine.

The Committee respectfully requests the Court's prompt consideration of this letter and thanks the Court for its attention to this matter.

Sincerely yours,

The Brodsky Law Firm

Richard E. Brodsky

cc: Counsel of record in 09-cv-118
Philip Michael, Esq.