

KATZ BARRON
SQUITERO FAUST

October 3, 2012

*By facsimile transmission*

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

MIAMI
2699 S. BAYSHORE DRIVE
SEVENTH FLOOR
MIAMI, FL 33133-5408

305-856-2444
305-285-9227 FAX

www.katzbarron.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/12

    Re:   *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
            Case No. 09-cv-118 (VM)(THK), Standard Chartered Cases

            This correspondence relates to: *Barbachano v. Standard Chartered Bank International (Americas) Limited, et al.*, 1:11-cv-03553-VM

Dear Judge Marrero:

        On behalf of Plaintiff Joaquina Teresa Barbachano Herrero ("Barbachano"), we respectfully submit this correspondence to request leave to file an amended complaint.

        This action commenced on December 9, 2010 when Barbachano filed her complaint against Standard Chartered Bank International (America) Ltd. and Standard Chartered Bank PLC (collectively, "SCBI") in the United States District Court for the Southern District of Florida. By order of the United States Judicial Panel on Multidistrict Litigation entered on May 20, 2011, this action was transferred to this Court for inclusion in the coordinated and consolidated pretrial proceedings in *In re Fairfield Greenwich Group Securities Litigation.*

        On March 7, 2012, Barbachano requested leave to file an amended complaint, relying upon, among other things, her absolute right to file an amended complaint "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1)(B). [DE 831] At that time, SCBI had not filed a motion to dismiss or an answer to Barbachano's original complaint. On April 13, 2012, the Court declined to exercise its discretion to permit Barbachano to file an amended complaint "as the action currently stands," but the Court stated that, "[s]hould SCBI file a motion to dismiss in the Barbachano action, the Barbachano plaintiff may then amend the pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)." [DE 853, at 11]

        To date, SCBI has not filed a motion to dismiss or an answer to Barbachano's complaint. Rather, in its correspondence to the Court, dated August 1, 2012, SCBI requested a pre-motion conference concerning whether certain claims alleged in eight actions, including the instant action, should be dismissed without further motion practice. On August 3, 2012, Barbachano filed her response, stating, among other things, that SCBI's request seeks to deprive Barbachano of her absolute right to amend her complaint, as recognized by this Court's April 13, 2012 Order. On September 12, 2012, the Court entered its Decision and Order, "deem[ing] Standard Chartered's August 1, 2012 letter to be a motion to dismiss . . . ." [DE 937, at 2]

Honorable Victor Marrero
October 3, 2012
Page 2

Consistent with Fed. R. Civ. P 15(a)(1)(B), and this Court's April 13, 2012 Order, Barbachano now requests leave to file an amended complaint, "once as a matter of course," within 21 days of receiving service of a motion to dismiss. That is, Barbachano seeks leave to file an amended complaint within 21 days of this Court's September 12, 2012 order, which notified the parties that the Court was deeming SCBI's August 1, 2012 letter to be a motion to dismiss. For the Court's convenience, the proposed amended complaint accompanies this letter.

Barbachano should also be permitted to file an amended complaint pursuant to Rule 15(a)(2), as "[t]he court should freely give leave when justice so requires." Specifically, as SCBI has yet to even answer Barbachano's original complaint, granting leave to amend should not unfairly prejudice SCBI in any respect. In contrast, to deny leave to amend would result in dismissal of claims contained in Barbachano's original complaint without Barbachano ever having had the right to file an amended complaint in response to a motion to dismiss, to substantively respond to the arguments contained in a motion to dismiss, or to address pleading deficiencies identified by the Court in an order on a motion to dismiss.

Further, the proposed amended complaint addresses those pleading deficiencies identified by the Court in its April 13, 2012 Order. In particular, with respect to Barbachano's claims for violations of Florida's state securities laws, Fla. Stat. §§ 517.301 & 517.211(2), the proposed amended complaint sets forth in greater detail the facts giving rise to SCBI's failure to render suitable investment advice, demonstrating that Barbachano's suitability claim goes far beyond SCBI's negligent failure to conduct due diligence of the Fairfield investment. *See, e.g.*, Proposed Am. Complaint at ¶¶ 11, 15-16, 23-24, 29, 34, and 35-38 (alleging that SCBI recommended investments to Barbachano that resulted in an aggressive portfolio unsuited to Barchachano's risk tolerance of moderate-conservative, including recommendations that resulted in asset allocations of 89 percent of her portfolio in equities and alternative investments and only 9% in cash or bonds); *id.* at ¶¶ 41-42 & Ex. G (alleging that the new relationship manager that SCBI assigned to Barbachano advised her in September 2009 that her portfolio was "aggressive" and that the portfolio had been mismanaged by Barbachano's prior relationship manager and attaching SCBI's October 2009 proposal to re-allocate the assets in Barbachano's portfolio). *See also Newsom v. Dean Witter Reynolds, Inc.*, 558 So. 2d 1076, 1077 (Fla. 1st DCA 1990) (stating that unsuitable trading constitutes statutory fraud under Fla. Stat. § 517.301(1)).

Similarly, with regard to Fairfield, the proposed amended complaint sets forth facts demonstrating SCBI's fraudulent and/or negligent scienter for purposes of a state securities law violation and sufficient to satisfy the pleading requirements under Rule 9(b), Fed. R. Civ. P. In particular, the proposed amended complaint sets forth that SCBI ignored obvious red flags and only agreed to recommend the Fairfield investment to its clients, including Barbachano, following Fairfield's agreement to pay SCBI a "trailer fee." *See, e.g.* at ¶¶ 15-16 and 23-24. It further alleges that SCBI never disclosed the "trailer fee" to Barbachano to conceal its material misrepresentations, lack of due diligence, hidden financial incentive, and breach of fiduciary duties in connection with Barbachano's purchase of, and continued investment in the Fairfield securities. *Id.* at ¶ 25.

Honorable Victor Marrero
October 3, 2012
Page 3

Likewise, with regard to the claim for breach of fiduciary duty, the proposed amended complaint sets forth that SCBI breached the duties of care and loyalty that it owed to Barbachano by accepting "trailer fees" from Fairfield and by failing to disclose the same to Barbachano and that, in so doing, the SCBI acted as an agent of Fairfield and under a conflict of interest that the Defendants had a duty to disclose to Barbachano. *Id.* at ¶ 73, 83. The proposed amended complaint also makes plain that SCBI breached its duty to monitor investments and sets forth the factual allegations giving rise to that duty with respect to Barbachano, consistent with the Court's September 12, 2012 Order. *See id.* at ¶¶ . Further, the proposed amended complaint sets forth in detail the factual allegations supporting SCBI's breach of fiduciary with regard to the unsuitable investment advice it rendered to Barbachano, including the allocation of investment in her portfolio inconsistent with her investment objectives and moderate-conservative risk tolerance. *Id.* at ¶¶ 13-14, 53 and 73.

The proposed amended complaint also states claims for common law fraud, including fraudulent concealment, and negligent misrepresentation with regard to the investment recommendations rendered by SCBI. *See id.* (Counts III & V). It further demonstrates SCBI's fraudulent and/or negligent intent by, among other things, SCBI's failure to disclose the "trailer fee" to Barbachano. Those claims, we respectfully submit, are not barred by Florida's economic loss rule. *See, e.g., Maliner v. Wachovia Bank, N.A.*, 2005 WL 670293, at *9 (S.D. Fla. 2005) (rejecting bank's argument that the economic loss rule barred a negligent misrepresentation claim relating to unsuitable investment advice). Finally, as with the original complaint, the proposed amended complaint also contains a claim for gross negligence based on the unsuitable investment advice rendered by SCBI and its tortious conduct with regard to the investment in Fairfield. *See id.* (Count IV).

For all the foregoing reasons, Ms. Barbachano respectfully requests that the Court grant her leave to file the proposed amended complaint. Ms. Barbachano should at least "once a matter of course" be permitted to file an amended complaint and the Court should exercise its discretion to grant such lease, as "justice so requires."

Undersigned counsel and counsel for SCBI conferred via email, on September 27, 2012, October 1, 2012, and on October 3, 2012, and by telephone on October 2, 2012, with regard to this request. Counsel for SCBI states that it wishes to review the proposed amended complaint and will determine whether or not to oppose this request after filing.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *Plaintiff Teresa Barbachano*.

**SO ORDERED.**

10-12-12
DATE
VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

KATZ BARRON SQUITERO FAUST

H. Eugene Lindsey, III

cc: Diane L. McGimsey, Esq. (mcgimseyd@sullcrom.com)
Patrick B. Berarducci, Esq. (berarducci@sullcrom.com)
Courtesy Copy to Standard Chartered Plaintiffs' Steering Committee (by e-mail)