USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
PASHA ANWAR, et al.,           :
                               :
              Plaintiffs,      :   09 Civ. 0118 (VM)(THK)
                               :
                               :   11 Civ. 3553 (Barbachano)
                               :
    -against-                  :
                               :
                               :   **DECISION AND ORDER**
                               :
FAIRFIELD GREENWICH LIMITED,   :
et al.,                        :
                               :
              Defendants.      :
                               :
------------------------------X

VICTOR MARRERO, UNITED STATES DISTRICT JUDGE.

Plaintiff Joquina Teresa Barbachano Herrero ("Barbachano") has requested leave to file an amended complaint (Docket No. 987) in <u>Barbachano v. Standard Chartered Bank Int'l (Americas) Ltd., et al.</u>, 11 Civ. 3553, and has submitted a proposed amended complaint (Docket No. 990) (the "Amended Complaint"). Barbachano is one of eight separate actions filed by various plaintiffs ("Plaintiffs"), including Barbachano, alleging that defendants Standard Chartered Bank International (Americas) Ltd. and Standard Chartered PLC (together, "Standard Chartered") violated Florida state law by recommending that Plaintiffs invest in the Fairfield Sentry Ltd. and/or Fairfield Sigma funds (together, the "Fairfield Funds"), which were in turn invested in Bernard Madoff's Ponzi scheme.

On September 12, 2012, this Court issued a Decision and Order (the "September Order") dismissing a number of claims in the eight actions, including Barbachano's negligence and fraud-based claims. By letter dated October 3, 2012, Barbachano requested leave to file an amended complaint and attached the proposed Amended Complaint. By letter dated October 11, 2012, Standard Chartered has opposed Barbachano's request, arguing that the Court had previously addressed the issues raised in the Amended Complaint and, that in any event, the filing would be untimely.

The Court hereby GRANTS Barbachano's request to file the Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a) and deems Barbachano's proposed Amended Complaint the operative complaint in this matter. However, the Court finds that the Amended Complaint, as filed, fails to address the deficiencies previously identified in the September Order and therefore DISMISSES Counts I, III, and V of the Amended Complaint in accordance with the September Order and the reasoning stated below.

### I. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, 129 S. Ct. 1937, 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  The task of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted).  A court must accept as true all well-pleaded factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

Plaintiffs claiming fraud, including securities fraud and common law fraud, must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") by "stat[ing] with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); see ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007).  The

Rule 9(b) particularity standard requires "that a complaint (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004) (internal quotation marks omitted). Rule 9(b) also requires a plaintiff to plead with particularity facts giving rise to a strong inference that each defendant acted with the requisite state of mind, or scienter. See id. at 171. To satisfy this requirement, a plaintiff may allege: (a) facts showing that defendants had "both motive and opportunity to commit fraud," or (b) facts "constituting strong circumstantial evidence of conscious misbehavior or recklessness." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290-91 (2d Cir. 2006) (quoting Shields v. Citytrust Bancorp., Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)).

## II. DISCUSSION

In the September Order, the Court dismissed Barbachano's fraud-based claims due to a failure to meet the heightened pleading requirements of Rule 9(b) because, among other reasons, the complaint failed to (i) provide sufficient context "regarding where and when the alleged misrepresentations were made;" (ii) "allege with particularity

what Standard Chartered obtained through the fraud, i.e., management fees;" and (iii) "plead the context of the alleged misrepresentations with sufficient particularity." (Docket No. 937.) The Court is not persuaded that Barbachano's proposed revisions of its Amended Complaint has corrected these defects. Barbachano's allegation that Standard Chartered engaged in fraudulent conduct due to its receipt of "trailer fees" is the sort of "generalized motive . . . which could be imputed to almost any bank" and is therefore not sufficiently concrete to serve as a foundation for inferring fraudulent intent. See Anwar v. Fairfield Greenwich Ltd., 826 F. Supp. 2d 578, 587 (S.D.N.Y. 2011) ("Anwar II") (internal quotations omitted). Furthermore, while Barbachano has added factual allegations relating to "red flags" that allegedly should have raised concerns, the Amended Complaint "does not allege facts plausibly suggesting that defendants were aware of these red flags, or that if they were aware, they then translated those red flags into a suspicion of fraud." Prickett v. New York Life Ins. Co., No. 09 Civ. 3137, 2012 WL 4053810, at *7 (S.D.N.Y. Sept. 12, 2012). Instead, Barbachano's additional allegations, which remain predicated on a theory of a failure to investigate, still fail to plead with particularity facts that show the basis for Standard

Chartered's alleged recklessness or knowledge of the fraud. See Anwar, 826 F. Supp. 2d 578, 588 (S.D.N.Y. 2011) ("Anwar IV"); Anwar, 745 F. Supp. 2d 360, 371 (S.D.N.Y. 2010) ("Anwar III")("[A]llegations that an advisor failed to investigate an investment are not sufficient to make out scienter on a § 10(b) claim.").

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the request of plaintiff Joaquina Teresa Barbachano Herrero for leave to file an amended complaint (Docket No. 987) is GRANTED; and it is further

**ORDERED** that the proposed Amended Complaint (Docket No. 990) shall serve as the operative complaint in this matter; and it is further

**ORDERED** that Counts I, III, and V of the Amended Complaint are DISMISSED in accordance with this Decision and Order and the Court's September 12, 2012 Decision and Order (Docket No. 937).

**SO ORDERED.**

Dated:   24 October 2012
         New York, New York

                                    _____
                                    VICTOR MARRERO
                                    U.S.D.J.