**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x

PASHA ANWAR, et al.,  )
 )
 )
                                      Plaintiffs,  )      Master File No. 09-CV-118 (VM)
          v.  )
 )
FAIRFIELD GREENWICH LIMITED, et al.,  )
 )
                                      Defendants.  )
 )
This Document Relates To: *Barbachano* v. *Standard*  )
*Chartered Bank International (Americas) Ltd., et al.*, No.  )
11-CV-3553.  )
 )

--------------------------------------------------------------------x

### Standard Chartered Bank International (Americas) Limited's
### Answer and Defenses to the Amended Complaint

          Defendant Standard Chartered Bank International (Americas) Limited ("SCBI"),

through its undersigned counsel, hereby responds as follows to the Amended Complaint, based

on present knowledge.  SCBI reserves the right to supplement and amend this Answer and to add

additional defenses of which it becomes aware.

## I.      ANSWER

### Nature of the Action, Parties, Jurisdiction, and Venue

          1.      SCBI denies the allegations of paragraph 1, except admits that investments in

Fairfield Sentry Limited ("Sentry") substantially declined in value as a result of the fraud

perpetrated by Bernard L. Madoff.  SCBI avers that, pursuant to the Court's October 24, 2012

Order, plaintiff's claims for state law securities fraud, common law fraud, and negligent misrepresentation have been dismissed.  (Dkt. No. 995.[1])

2.      SCBI denies the allegations of paragraph 2, except admits:  (i) plaintiff is a resident and citizen of Mexico; (ii) plaintiff opened an account with American Express Bank International ("AEBI"), later renamed SCBI; and (iii) Jennifer Sierra was a relationship manager at SCBI.

3.      SCBI admits:  (i) Standard Chartered PLC is organized under the laws of the United Kingdom, with a place of business at 1 Aldermanbury Square, London, EC2V 7SB, United Kingdom; (ii) Standard Chartered PLC is the ultimate parent corporation of Standard Chartered Bank; and (iii) Standard Chartered Bank is the direct parent corporation of SCBI.

4.      SCBI admits the allegations of paragraph 4.

5.      SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them, except admits:  (i) AEBI was an Edge Act corporation that offered private banking services to individuals outside of the United States; and (ii) AEBI had its headquarters in Miami.

6.      SCBI admits:  (i) in or around February 2008, American Express Bank Ltd. was acquired by Standard Chartered PLC; and (ii) AEBI was later renamed SCBI.

7.      SCBI admits the allegations of paragraph 7.

8.      SCBI denies the allegations of paragraph 8, except admits:  (i) plaintiff purports to base venue for this action on 28 U.S.C. § 1391(b); and (ii) SCBI conducts business within the Southern District of Florida.

9.      SCBI admits the allegations of paragraph 9.

---

[1]      All citations to docket entries refer to the master docket, No. 09-118, unless otherwise noted.

## Factual Allegations

10.   SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11.   SCBI denies the allegations of paragraph 11, except admits (i) Jennifer Sierra was a relationship manager at SCBI; and (ii)  plaintiff was a client of SCBI.

12.   SCBI admits the allegations of paragraph 12 except denies (i) the allegations in the first sentence of paragraph 1; (ii) the allegations of footnote 1 to paragraph 12; and (iii) that Fardoll Co. Ltd. was associated with plaintiff's trust.

13.   SCBI denies the allegations of paragraph 13, except admits that plaintiff purports to characterize the contents of a document dated July 30, 2004, attached to the Amended Complaint as Exhibit B.  SCBI respectfully refers the Court to that document for a complete and accurate description of its contents.

14.   SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15.   SCBI denies the allegations of paragraph 15, except admits that (i) Sentry had a history of low volatility; (ii) Sentry provided steady returns; (iii) Sentry was known to reduce the volatility of an investor's overall investment portfolio; (iv) Sentry invested the majority of its assets in managed accounts at Bernard L. Madoff Investment Securities, LLC ("BLMIS"); and (v) in or around December of 2008, Madoff and BLMIS were revealed to be operating a fraud.

16.   SCBI denies the allegations of paragraph 16, except admits that SCBI received a standard fee from the Fairfield Greenwich Group ("Fairfield").

17.   SCBI denies the allegations of paragraph 17, and avers that plaintiff did not purchase any shares of Sentry through her account at SCBI..

18.   SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.   SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them, except denies that plaintiff transferred assets to SCBI.

20.   SCBI denies the allegations of paragraph 20, except admits that plaintiff purports to characterize a document attached to the amended complaint as Exhibit D, titled "Investment Proposal " and dated February 2006.  SCBI respectfully refers the Court to that document for a complete and accurate description of its contents.

21.   SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.   SCBI denies the allegations of paragraph 22, and avers that plaintiff did not purchase any shares of Sentry through her account at SCBI.

23.   SCBI denies the first sentence of paragraph 23 and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and therefore denies them, except admits that plaintiff purports to characterize the contents of a document attached to the amended complaint as Exhibit D, titled "Investment Proposal" and dated February 2006.  SCBI respectfully refers the Court to that document for a complete and accurate description of its contents.

24.   SCBI denies the allegations of paragraph 24.

25.   SCBI denies the allegations of paragraph 25, including the allegations of paragraphs 25(a)-(b)(ix).

26.   SCBI denies the allegations of paragraph 26.

27.    SCBI denies the allegations of paragraph 27.

28.    SCBI denies the allegations of paragraph 28.

29.    SCBI denies the allegations of paragraph 29, except admits that plaintiff purports to characterize the contents of a document, attached as Exhibit A to the amended complaint.  SCBI respectfully refers the Court to that document for a complete and accurate description of its contents.

30.    SCBI denies the fourth sentence of paragraph 30 and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 and therefore denies them.

31.    SCBI denies the allegations of paragraph 31.

32.    SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them, except admits (i) Carla Borelly was an employee of SCBI; and (ii) plaintiff purports to characterize a document dated March 5, 2008, attached as Exhibit E to the amended complaint.  SCBI respectfully refers the Court to that document for a complete and accurate description of its contents.

33.    SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.    SCBI denies the allegations of the second sentence of paragraph 34 and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 34 and therefore denies them.

35.    SCBI denies the allegations of paragraph 35.

36.    SCBI denies the allegations of paragraph 36, except admits (i) plaintiff authorized a loan from SCBI; and (ii) plaintiff authorized the loan to be collateralized.

37.   SCBI denies the allegations of paragraph 37.

38.   The allegations of paragraph 38 contain a legal conclusion to which no answer is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 38 except that SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations about Jennifer Sierra's knowledge and therefore denies them.

39.   SCBI denies the allegations of paragraph 39, except admits that investments in Sentry substantially declined in value as a result of the fraud perpetrated by Bernard L. Madoff and BLMIS.

40.   SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore denies them, except admits that Jennifer Sierra left the employment of SCBI in or around August 2009.

41.   SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and therefore denies them.

42.   SCBI denies the allegations of paragraph 42, except admits that plaintiff purports to characterize a document attached as Exhibit G to the amended complaint, titled "Investment Proposal" and dated October 2009.  SCBI respectfully refers the Court to that document for a complete and accurate description of its contents.

43.   SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43, and therefore denies them, except admits that plaintiff repaid her loan.

44.   SCBI admits that in or around February 2010, plaintiff closed her account with SCBI and denies knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph 44 and therefore denies them.

<u>COUNT I</u>

**Investment Fraud (Violation of Florida Statutes §§ 517.301 and 517.211(2) Against All Defendants)**

45.    SCBI repeats and realleges its responses to paragraphs 1 through 44 as if fully set forth herein.

46.    The allegations of paragraph 46 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012 (Dkt. No. 995); therefore, no response is required.

47.    The allegations of paragraph 47 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.

48.    The allegations of paragraph 48 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.

49.    The allegations of paragraph 49 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 49.

50.    The allegations of paragraph 50 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 50.

51.    The allegations of paragraph 51 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is

required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 51.

52.    The allegations of paragraph 52 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 52, except admits that plaintiff, from time to time, authorized changes in her investment portfolio.

53.    The allegations of paragraph 53 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.    The allegations of paragraph 54 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 54, except admits plaintiff authorized a loan from SCBI and denies knowledge or information sufficient to form a belief as to the truth of the allegations about what Jennifer Sierra knew, and therefore denies them.

55.    The allegations of paragraph 55 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 55.

56.     The allegations of paragraph 56 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 56.

57.     The allegations of paragraph 57 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 57.

58.     The allegations of paragraph 58 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 58, except admits that it received a standard fee from Fairfield.

59.     The allegations of paragraph 59 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 59, except admits that Sentry had low volatility and consistent returns.

60.     The allegations of paragraph 60 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 60.

61.     The allegations of paragraph 61 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is

required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 61.

62.    The allegations of paragraph 62 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies that plaintiff suffered any damages as a result of conduct by SCBI and therefore denies the allegations of paragraph 62.

63.    The allegations of paragraph 63 relate to plaintiff's claim for Florida state law securities fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies that plaintiff suffered any damages as a result of conduct by SCBI and therefore denies the allegations of paragraph 63.

### COUNT II
**(Breach of Fiduciary Duty Against All Defendants)**

64.    SCBI repeats and realleges its responses to paragraphs 1 through 63 as if fully set forth herein.

65.    SCBI admits that plaintiff purports to bring an action for breach of fiduciary duty.

66.    The allegations of paragraph 66 contain legal conclusions to which no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 66.

67.    The allegations of paragraph 67 contain legal conclusions to which no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 67.

68.    The allegations of paragraph 68 contain legal conclusions to which no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 68.  SCBI avers that this Court has dismissed all breach of fiduciary duty claims that

are based on an alleged duty to diversify or an alleged overconcentration of investments.
(Dkt. No. 937 at 21-22.)

69.   The allegations of paragraph 69 contain legal conclusions to which no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 69.

70.   SCBI denies the allegations of paragraph 70.  SCBI avers that this Court has dismissed all breach of fiduciary duty claims that are based on an alleged duty to diversify or an alleged overconcentration of investments.  (Dkt. No. 937 at 21-22.)

71.   SCBI denies the allegations of paragraph 71.

72.   SCBI denies the allegations of paragraph 72.

73.   SCBI denies the allegations of paragraph 73.

74.   SCBI denies the allegations of paragraph 74.

75.   SCBI denies that plaintiff suffered any damages as a result of conduct by SCBI and therefore denies the allegations of paragraph 75.

76.   The allegations of paragraph 76 contain a legal conclusion to which no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 76.

**COUNT III**
**(Fraud, Including Fraudulent Concealment, Against All Defendants)**

77.   SCBI repeats and realleges its responses to paragraphs 1 through 76 as if fully set forth herein.

78.   The allegations of paragraph 78 relate to plaintiff's claim for fraud, which the Court dismissed on October 24, 2012 (Dkt. No. 995); therefore, no response is required.

79.   The allegations of paragraph 79 relate to plaintiff's claim for fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 79.

80.   The allegations of paragraph 80 relate to plaintiff's claim for fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 80.

81.   The allegations of paragraph 81 relate to plaintiff's claim for fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 81.

82.   The allegations of paragraph 82 relate to plaintiff's claim for fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 82, including paragraphs 82(a)-(d).

83.   The allegations of paragraph 83 relate to plaintiff's claim for fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 83, including paragraphs 83(a)-(d).

84.   The allegations of paragraph 84 relate to plaintiff's claim for fraud, which the Court dismissed on October 24 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 84.

85.   The allegations of paragraph 85 relate to plaintiff's claim for fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies that plaintiff suffered any damages as a result of conduct by SCBI and therefore denies the allegations of paragraph 85.

86.    The allegations of paragraph 86 relate to plaintiff's claim for fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 86.

87.    The allegations of paragraph 87 relate to plaintiff's claim for fraud, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies that plaintiff is entitled to any judgment against SCBI and therefore denies the allegations of paragraph 87.

<u>**COUNT IV**</u>
**(Gross Negligence Against All Defendants)**

88.    SCBI repeats and realleges its responses to paragraphs 1 through 87 as if fully set forth herein.

89.    SCBI admits that plaintiff purports to bring a claim for gross negligence.

90.    The allegations of paragraph 90 contain legal conclusions to which no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 90.

91.    The allegations of paragraph 91 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 91.

92.    The allegations of paragraph 92 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 92.

93.    The allegations of paragraph 93 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 93.

94.    The allegations of paragraph 94 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 94.

95.    The allegations of paragraph 95 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 95.

96.    The allegations of paragraph 96 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 96.

97.    The allegations of paragraph 97 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 97.

98.    SCBI denies the allegations of paragraph 98, including by denying that plaintiff suffered any damages as a result of conduct by SCBI.

99.    SCBI denies the allegations of paragraph 99, including by denying that plaintiff suffered any damages as a result of conduct by SCBI.

100.  SCBI denies the allegations of paragraph 100, including by denying that plaintiff suffered any damages as a result of conduct by SCBI.

101.  The allegations of paragraph 101 contain legal conclusions to which no answer is required.  To the extent an answer is deemed required, SCBI denies the allegations of paragraph 101.

<u>COUNT V</u>
**(Negligent Misrepresentation Against All Defendants)**

102.  SCBI repeats and realleges its responses to paragraphs 1 through 101 as if fully set forth herein.

103.  The allegations of paragraph 103 relate to plaintiff's claim for negligent misrepresentation, which the Court dismissed on October 24, 2012 (Dkt. No. 995); therefore, no response is required.

104.  The allegations of paragraph 104 relate to plaintiff's claim for negligent misrepresentation, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 104.

105.  The allegations of paragraph 105 relate to plaintiff's claim for negligent misrepresentation, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 105.

106.  The allegations of paragraph 106 relate to plaintiff's claim for negligent misrepresentation, which the Court dismissed on October, 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 106.

107.  The allegations of paragraph 107 relate to plaintiff's claim for negligent misrepresentation, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 107, including paragraphs 107(a)-(d).

108.  The allegations of paragraph 108 relate to plaintiff's claim for negligent misrepresentation, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 108, including paragraphs 108(a)-(d).

109.  The allegations of paragraph 109 relate to plaintiff's claim for negligent misrepresentation, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 109.

110.  The allegations of paragraph 110 relate to plaintiff's claim for negligent misrepresentation, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies that plaintiff suffered any damages as a result of conduct by SCBI and therefore denies the allegations of paragraph 110.

111.  The allegations of paragraph 111 relate to plaintiff's claim for negligent misrepresentation, which the Court dismissed on October 24, 2012; therefore, no response is required.  To the extent a response is deemed required, SCBI denies the allegations of paragraph 111.

### **Denial of Prayer for Relief**

SCBI denies that plaintiff is entitled to any of the relief prayed for on pages 16, 19, 21, 24 and 26 of the Amended Complaint.

### **Jury Trial Demand**

Plaintiff's demand for a trial by jury is subject to its account agreement(s) with SCBI.

## II.      DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Any damages allegedly suffered by plaintiff were caused by the intervening act(s) or omission(s) of persons or entities other than SCBI, and said act(s) or omission(s) superseded any act or omission by SCBI for which it might be considered liable.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because SCBI's alleged conduct was not the cause of plaintiff's injuries.

### Fourth Defense

The claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands, and other equitable defenses that may appear upon further discovery and investigation.

### Fifth Defense

SCBI has not engaged in any conduct that would entitle plaintiff to an award of punitive damages.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff knowingly and voluntarily assumed the risks inherent in the investments at issue.

### Seventh Defense

Plaintiff was contributorily and/or comparatively negligent.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

- 17 -

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### Tenth Defense

Plaintiff did not justifiably or reasonably rely on any alleged representations, acts or omissions by SCBI.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because SCBI, or any person or entity acting or purporting to act on SCBI's behalf, acted in good faith and with due care and diligence.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of its account agreement(s) with SCBI.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by virtue of disclosures in the subscription agreement(s) and private purchase memorandum applicable to plaintiff's purchase(s) of shares of Sentry.

### Fourteenth Defense

SCBI was entitled to and did, reasonably and in good faith, rely on the acts and representations of other third parties with respect to the transactions and events that are the subject of plaintiff's claims.

### Fifteenth Defense

Any damages recoverable by plaintiff from SCBI are limited to the percentage of fault attributable to SCBI, and thus would not include the percentage of fault attributable to at-

fault third parties, including but not limited to the defendants named in the Second Consolidated

Amended Complaint in *Anwar* v. *Fairfield Greenwich Limited*, No. 09-CV-0118.

### Sixteenth Defense

Any recovery by plaintiff against SCBI is to be offset, in whole or in part, by any

and all other recoveries (including, where applicable, redemptions) by plaintiff with respect to its

investments in Sentry.

### Seventeenth Defense

SCBI is entitled to recover indemnity and/or contribution from others for any

liability they incur to plaintiff.

### Eighteenth Defense

Any recovery by plaintiff against SCBI is to be offset by any and all debts,

liabilities or obligations owed by plaintiff to SCBI.

### Nineteenth Defense

Plaintiff's claims are contractually barred by the Trust Agreement between

plaintiff and the affiliate through which plaintiff's alleged investment in Sentry occurred.

Pursuant to the Trust Agreement between plaintiff and the affiliate, the affiliate cannot be held

liable for any loss or damage that was not caused by its own actual fraud or willful deceit.

### Twentieth Defense

To the extent that plaintiff's claim for breach of fiduciary duty arises from an

alleged duty to diversify her investments or an alleged overconcentration of investments, it is

barred by the Court's order of September 12, 2012.  (Dkt. No. 937 at 21-22.)

WHEREFORE, SCBI respectfully demands judgment dismissing this action with prejudice together with its costs and disbursements.

Respectfully submitted,

By:  /s/ Sharon L. Nelles
     Sharon L. Nelles
     Bradley P. Smith
     Patrick B. Berarducci
     SULLIVAN & CROMWELL LLP
     125 Broad Street
     New York, New York 10004
     Telephone:  (212) 558-4000
     Facsimile:  (212) 558-3588
     E-mail:  nelless@sullcrom.com

     Diane L. McGimsey
     SULLIVAN & CROMWELL LLP
     1888 Century Park East
     Los Angeles, California 90067
     Telephone:  (310) 712-6600
     Facsimile:  (310) 712-8800

     *Attorneys for Defendant*
     *Standard Chartered Bank*
     *International (Americas) Ltd.*

November 14, 2012