# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH 212.446.2300 • FAX 212.446.2350

December 4, 2012



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 12/7/12

**VIA FACSIMILE**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
                Master File No. 09-CV-00118 (VM) (THK)

Dear Judge Marrero:

      We write in response to yesterday's letter to the Court from Mark A. Kornfeld, counsel for Irving H. Picard, the Trustee for the estate of Bernard L. Madoff Securities LLC (the "Trustee"). Mark Cunha, counsel for the Fairfield Greenwich parties, joins in this letter.

      Mr. Kornfeld advises Your Honor that the Trustee has commenced a proceeding before Judge Lifland in the Bankruptcy Court seeking to enjoin the settlement in this action between plaintiffs and the Fairfield Greenwich defendants, a settlement which Your Honor preliminarily approved at a hearing last Friday, November 30, 2012. Mr. Kornfeld also appears to complain that the Trustee's injunction motion was not raised by the parties at the November 30 hearing, although the motion was filed just hours before in a different court and can be addressed in due course in this action.

      Mr. Cunha spoke with Mr. Kornfeld concerning the injunction motion on the evening before the November 30 hearing. Mr. Kornfeld advised Mr. Cunha that the Trustee was not seeking to block preliminary approval of the settlement, and that the motion addresses only final approval which is not scheduled to be considered until March 22, 2013. Because Mr. Cunha and I first received copies of the Trustee's lengthy papers that evening after 9pm, we had time for no more than cursory review before the 9am hearing.

      In addition, Mr. Kornfeld did not ask either Mr. Cunha or me to inform the Court of the Trustee's filing. Indeed, if the Trustee thought it important to do so, he was free to advise the Court himself, either by letter before the hearing or at the hearing itself, at which the Trustee did not appear.

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
December 4, 2012
Page 2


We believe the Trustee's decision not to seek to enjoin preliminary approval was appropriate, and that the Trustee's motion can be considered in due course as the settlement process moves forward. In that regard, plaintiffs and the Fairfield Greenwich defendants plan shortly to move to withdraw the reference of the Trustee's proceeding to the bankruptcy court and to request that the Trustee's motion to enjoin the *Anwar* settlement be heard by Your Honor as a matter related to the *Anwar* case. This is similar to the procedure that recently was followed with respect to a similar motion brought by the Trustee to enjoin a settlement in a Madoff-related state court action brought by the New York Attorney General against J. Ezra Merkin and others; in that matter, the Attorney General's motion to withdraw the reference has been argued and is pending decision before Judge Rakoff.

In briefing motions to withdraw the reference and on the merits of the injunction claim, we will set forth why we believe the Trustee's motion – which seeks to enjoin not just the settlement, but the entire *Anwar* action *ab initio* as between plaintiffs and the Fairfield Greenwich defendants – is both clearly untimely and without substantive merit.

Respectfully yours,

David A. Barrett


cc: Mark A. Kornfeld, Esq. (by email)
    All counsel in *Anwar* (by email)


The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the parties.

SO ORDERED.

12-7-12
DATE                VICTOR MARRERO, U.S.D.J.