# THE BRODSKY LAW FIRM, PL



## RICHARD E. BRODSKY, ATTORNEY AT LAW

**MEMO ENDORSED**

*The Court will hold a telephone conference to discuss this issue on 1/7/13 at 2pm. Mr. Brodsky should initiate the call.*

*Miller, USMJ, 12/26/12*

December 21, 2012

Via Telefax

The Hon. Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   Anwar v. Fairfield Greenwich
      No. 09-cv-118 (S.D.N.Y.)
      Standard Chartered Cases

```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #: _____
DATE FILED: 12/27/12
```

Dear Judge Maas:

I am counsel for the *Maridom* Plaintiffs and am writing as Liaison Counsel for the Standard Chartered Plaintiffs' Steering Committee.

This letter requests a conference for the purpose of seeking an order striking certain portions of the expert reports submitted by the Standard Chartered Defendants and barring their experts from offering expert witness testimony on an issue on which they plainly have the burden of proof (reliance on third parties in performing due diligence regarding Fairfield Sentry).

This matter was previously deferred by Your Honor. *See* letter endorsement, Sept. 12, 2012 (DE 938). It is now ripe for decision, since the Defendants did submit expert reports that expressly dealt with this issue, and, as we predicted "with absolute certainty[,] . . . the Defendants [did] attempt to avoid the restriction they . . . assured the Court they 'intend' to obey." Letter, Aug. 24, 2012, at 3.

Standard Chartered should not be permitted to get away with what it has done -- avoid putting in expert reports on an issue on which it bore the burden of proof until it had seen the Plaintiffs' reports. This games the system and has put the Plaintiffs at an unfair, and wholly improper, disadvantage.

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

Hon. Frank Maas
December 21, 2012
Page 2 of 6

## Background

The Standard Chartered Cases involve actions brought by various former private banking clients of Standard Chartered Bank International (Americas), Ltd., formerly known as American Express Bank International, which I will refer to as "Standard Chartered," arising from recommendations by Standard Chartered to invest in Fairfield Sentry or Fairfield Sigma, both Madoff "feeder funds." The Standard Chartered Cases have proceeded on an independent track from the main *Anwar* cases, with their own confidentiality order and other pretrial orders.

## Provisions of the Scheduling Order Regarding Expert Disclosure

The Second Amended Scheduling Order Regarding Standard Chartered Cases ("Scheduling Order") was entered on February 4, 2011 (DE 602).[1] The Scheduling Order covers, among other matters, expert witness reports and discovery. The pertinent paragraph of the Scheduling Order is paragraph 12:

Expert Witness Disclosures & Discovery

12.    The required disclosures under Fed. R. Civ. P. 26(a)(2) regarding expert testimony *on each issue to which a party bears the burden of proof at trial* shall be made not later than 30 days after completion of the period for fact discovery. Rebuttal reports pursuant to Fed. R. Civ. P 26(a)(2) shall be served within 45 days after the other parties' disclosures. The period for expert witness deposition shall commence upon the filing or rebuttal experts reports and shall conclude 90 days thereafter.

Thus, the Scheduling Order established a deadline for reports "regarding expert testimony on each issue to which a party bears the burden of proof at trial." Discovery was concluded on May 4, 2012 and by agreement of the parties, initial expert reports were due on August 2, 2012. The Plaintiffs submitted two expert reports. The Defendants submitted none.

---

[1]    By clerical error, the Order was combined with an agreed Confidentiality Stipulation Order in DE 602. The Order was separately entered on February 22, 2011 (DE 609).

Hon. Frank Maas
December 21, 2012
Page 3 of 6

### Burden of Proof and Nature of Defenses Are Florida Law Issues

Florida law governs all state law claims in these cases. *Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 360, 369, *on reconsideration*, 745 F. Supp. 2d 379 (S.D.N.Y. 2010), and *on reconsideration*, 745 F. Supp. 2d 384 (S.D.N.Y. 2010). In a case in which state law governs, the issue of which party bears the burden of proof on a given issue is a state law question, *N.A.A.C.P. v. AcuSport, Inc.*, 271 F. Supp. 2d 435, 477 (E.D.N.Y. 2003) (Weinstein, J.) ("It is generally accepted that burden of proof is a substantive question requiring the application of state law.") (citing cases). Therefore, the question of who bears the burden of proof on a particular issue is governed by Florida law.

Under Florida law, "[t]he burden of proof, in its strict sense, is the duty of establishing the truth of a given proposition. In civil litigation, this burden is discharged by the production of a preponderance of the evidence and does not shift during the course of a trial." *In re Ziy's Estate*, 223 So.2d 42, 43 (Fla. 1969).[2] "[T]he burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails." *Id.* at 43 (citation and internal quotation marks omitted).

### The Defendants Have the Burden on their "Fourteenth Defense" but Failed to Submit a Timely Expert Report, Instead Including it in what was Supposed to be a Rebuttal Report

Standard Chartered did exactly what they told this Court they did not "intend" to do: include in their experts' rebuttal reports opinions on an issue on which they have the burden of proof: reliance on third parties.

The Defendants' "Fourteenth Defense" in every answer is as follows:

---

[2]    *Ziy's Estate* recognizes another meaning of "burden of proof," "a usage synonymous with 'burden of going forward with the evidence.' Used in this secondary sense, the burden can shift from party to party during the course of a trial." 223 So.2d at 32. That secondary meaning might more properly be understood as the burden of production, not proof. In any event, it is obvious from the language in the scheduling order ("expert testimony on each issue to which a party bears the burden of proof at trial) that the term "burden of proof" therein refers to the burden of persuasion on a particular issue.

Hon. Frank Maas
December 21, 2012
Page 4 of 6

"SCBI was entitled to and did, reasonably and in good faith, rely on the acts
and representations of other third parties with respect to the transactions
and events that are subject of plaintiffs' claims."

Both expert witness reports submitted by Standard Chartered
expressed extensive opinions supporting this defense.[3] Thus, since this is an
issue on which Standard Chartered will have the burden of proof at trial, the
Defendants violated the requirement that opinions on this defense be
submitted by August 2, 2012, and not as part of a rebuttal report.

The burden of proof on this issue rests with the Defendant, not the

---

[3]      Proffered expert Ezra Zask, "throughout [his] report," opined that "the
Bank reasonably relied on FSF to verify the existence of its shareholders'
assets; on PwC to audit those assets; Citco to perform its duties as custodian
and administrator of those assets; and the SEC to ensure that BLMIS was
following the appropriate laws and regulations." Report at 48, 6. For his part,
the other proffered expert, Charles Porten, likewise made much of the Bank's
purported justified reliance on third parties:

> In my opinion, the results of the Bank's due diligence were sufficient
> for the Bank to conclude that FSF was a legitimate investment that
> delivered the returns and possessed the assets that it reported to its
> shareholders on a monthly basis. In this connection, the Bank properly
> relied upon a number of characteristics of the other institutions
> involved with FSF. The Bank was aware of the reputations of PwC,
> Citco, Bernard L. Madoff Investment Securities ("BLMIS"), and FGG,
> which gave no causes for concern, and in fact were important
> validating factors for the fund.
>
> . . . In coming to the decision to promote FSF to its clients, the Bank
> relied upon the fact that the fund's financial statements had been
> audited by PwC for more than a decade. Similarly, the Bank relied
> upon Citco to verify that the trades and corresponding assets being
> reported by BLMIS were actually being properly executed and
> reported.Finally, because BLMIS was a broker-dealer, the Bank
> properly relied upon the work of financial regulators (NASD, NYSE) as
> additional factors further mitigating operational risks.

Report at 14-15. Identical opinions were stated throughout Mr. Porten's
report.

Hon. Frank Maas
December 21, 2012
Page 5 of 6

Plaintiffs. "The general rule is that the party that asserts the affirmative of an issue has the burden of proving the facts essential to its claim." *Nat'l Communications Ass'n Inc. v. AT & T Corp.*, 238 F.3d 124, 131 (2d Cir. 2001). *Accord Beshore v. Dep't of Fin. Servs.*, 928 So. 2d 411, 414 (Fla. Dist. Ct. App. 2006) (Florida law). The Defendants assert that they reasonably relied on third parties. This issue was introduced by the Defendants in their answer and therefore it is proper to allocate the burden of persuasion on this issue to them. The Plaintiffs did not plead that the Defendants had no right to rely on third parties, such as Fairfield Greenwich, its auditors, its custodian, or anyone else, and it is not an element of their claims of breach of fiduciary duty.[4]

  Moreover, the Fourteenth Defense can properly be deemed to be an "affirmative defense," on which it plainly has the burden under Florida law. *Custer Med. Center v. United Auto. Ins. Co.*, 62 So.3d 1086, 1096 (Fla. 2010) (defendant has burden of proving an affirmative defense). We were unable to find any Florida cases directly on point, but refer the Court to a decision of the Delaware Court of Chancery, *Manzo v. Rite Aid Corp.*, No. CIV. A. 18451-NC, 2002 WL 31926606 (Del. Ch. Dec. 19, 2002), *aff'd, 825* A.2d 239 (Del. 2003), in which purchasers of stock of a public company alleged a pattern of false and misleading financial information by the company. On a motion to dismiss, the members of the audit committee asserted a defense of good faith reliance on the reports of corporate advisors and officers. The court stated that this was "an affirmative defense for which evidence may be brought at trial." *Id.* at *3 n.7. Further support is found in Thomas A. Uebler, *Reinterpreting Section 141(e) of Delaware's General Corporation Law: Why Interested Directors Should Be "Fully Protected" in Relying on Expert Advice Reinterpreting Section 141(e) of Delaware's General Corporation Law*, 65 Bus. Law. 1023, 1031 (2010). The author recommends "treating section 141(e)," a statutory reliance-on-experts provision available to corporate directors, as being "in the nature of an affirmative defense."

---

[4] While the Plaintiffs' expert reports did speak to the issue of the Bank's reliance on PricewaterhouseCoopers' audits of Fairfield Sentry and Fairfield Greenwich's own due diligence, this was in the nature of analyzing the anticipated defensive claim, expressed in the Bank's fourteenth defense and in the deposition testimony of Robert Friedman, the Standard Chartered officer in charge of the business of recommending investments to the Bank's private banking clients, of reliance on third parties. That the Plaintiffs took discovery on this issue or that its experts spoke to this issue in their initial reports does not convert the issue to the Plaintiffs'.

Hon. Frank Maas
December 21, 2012
Page 6 of 6


     Accordingly, the Court must decide what remedy to enter in light of the Defendants' attempt to game the system and submit late expert reports on an issue on which they have the burden of proof, with full knowledge of the Plaintiffs' experts' initial reports. The Defendants cannot and should not be permitted to get away with this ploy, particularly when they had an easy, simple alternative: provide the expert reports on this issue on August 2, 2012, as the Scheduling Order required.

Sincerely yours,

THE BRODSKY LAW FIRM, PL

Richard E. Brodsky
Attorneys for Maridom Plaintiffs
Liaison Counsel, Plaintiffs' Steering
Committee

cc:    Counsel for Standard Chartered Defendants
       Members of Standard Chartered Plaintiffs' Steering Committee