UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR, *et al.*,<br><br>                Plaintiffs,<br><br>  - v-<br><br>FAIRFIELD GREENWICH LIMITED, *et al.*,<br><br>                Defendants.<br><br>This Document Related To:  All Actions | Master File No. 09-cv-118 (VM) |

**PWC DEFENDANTS' LIMITED OBJECTIONS TO
PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL**

Defendants PricewaterhouseCoopers LLP ("PwC Canada") and PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands") (together, "the PwC Defendants") oppose Plaintiffs' Motion for Final Settlement Approval on two grounds.[1]

*First*, the Court's Preliminary Approval Order and the Notice distributed to Settlement Class Members (and presumably the final approval order that will be sought by the Settling Parties), improperly purports to allow Settlement Class Members to purposely avail themselves of the benefits and protections of this proceeding without submitting to the jurisdiction of this Court for all matters arising from or related to this case. This attempted limitation on the Court's jurisdiction prejudices the rights of the PwC Defendants to assert that the affirmative conduct of Settlement Class Members bars, limits, or otherwise impacts their claims against the PwC Defendants in other fora. This Court should not allow Settlement Class Members to act in this proceeding, whether by partaking of the benefits of the Proposed Settlement or by affirmatively

---
[1] Defendant GlobeOp Financial Services LLC ("GlobeOp") joins in one of the PwC Defendants' objections as noted below.

exempting themselves from it, and nevertheless permit them to argue that they are not subject to the Court's jurisdiction with regard to all matters arising from or related to this case.

*Second*, the Preliminary Approval Order (and presumably the final order as well) improperly allow members of the Settlement Class Members to participate in the Proposed Settlement (by making claims or excluding themselves from the Settlement Class) ***anonymously***. This prejudices the PwC Defendants' right to determine whether such persons and entities have in fact purposefully availed themselves of the benefits and protections of this proceeding, and thus whether their claims against the PwC Defendants in other fora should be barred, limited, or otherwise impacted. The PwC Defendants are entitled to know who the Settlement Class Members are, and whether they are participating in, or exempting themselves from, the proposed Settlement so that the PwC Defendants can know who is, and who is not, bound by the Court's orders and judgments. This objection can easily be remedied by providing the parties to the litigation access to the exclusion and claim information provided by the members of the proposed Settlement Class under the terms of the stipulated Confidentiality Order already in place.

## BACKGROUND

There are two provisions of the Court's Preliminary Approval Order, which the Settling Parties will presumably propose be included in the Court's Final Approval Order,[2] relevant to the PwC Defendants' objections.

The first provision is Paragraph 17 of the Preliminary Approval Order, which provides:

> Any Settlement Class Member who submits a Request for Exclusion shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter on account of such submission, and any Settlement Class Member who

---

[2] As of the deadline for filing this objection, February 15, 2013, none of the Settling Parties has proffered a Final Approval Order for consideration by the parties or the Court.

> submits a Proof of Claim thereby submits to the jurisdiction of this Court with respect only to the subject matter of such Proof of Claim and all determinations made by this Court thereon and shall not be deemed to have submitted to the jurisdiction of this Court or of any court in the United States for any other matter on account of such submission.

(Dkt. No. 1008 ¶ 17)  The second provision is Paragraph 21 of the Preliminary Approval Order:

> Except where a Settlement Class Member who submits a Request for Exclusion commences or otherwise prosecutes a Released Claim against a Released Party, all information submitted by a Settlement Class Member in a Request for Exclusion or a Proof of Claim shall be treated as confidential protected information and may not be disclosed by the Claims Administrator, its affiliates or the Settling Parties to any third party absent a further order of this Court upon a showing of necessity, and any such information that is submitted to the Court shall be filed under seal.

(Dkt. No. 1008 ¶ 21)

The Preliminary Approval Order originally submitted some three weeks prior to the hearing contained a much more customary version of Paragraph 17 that simply said: "Any Settlement Class Member who submits a Request for Exclusion or a Proof of Claim thereby submits to the jurisdiction of the Court with respect to the subject matter thereof and all determinations made by the Court thereon" (Dkt. No. 996-1 ¶ 17), and it contained no provision with regard to the confidentiality of class or exclusion information.  The "somewhat unusual" provisions (to use Plaintiffs' counsel's words, *see* Preliminary Approval Tr. at 27 (11/30/2012)), of the revised Paragraph 17 and new Paragraph 21, were added at the eleventh hour for the express purpose of protecting beneficial owners of investments in the funds from suits by Irving Picard, the SIPC Trustee for Bernard L. Madoff Investment Securities, LLC, and the court-appointed Liquidator of Fairfield Sentry Ltd. for monies that Settlement Class Members may have directly or indirectly received from the Madoff Ponzi scheme.  *Id.* at 25-26.

As the Court is well aware, the vast majority of the members of the proposed Settlement Class are foreign entities and individuals.  Investors in Fairfield Sentry Ltd., Fairfield Sigma

Ltd., and Fairfield Lambda Ltd., all of which were so-called "off shore" investment funds – the number of which dwarfs the number of investors in the so-called domestic funds, Greenwich Sentry and Greenwich Sentry Partners – were required to represent that they were not subject to United States taxation.  Plaintiffs themselves have estimated that there are only about 200 members of the proposed Settlement Class in the United States and that these class members account for less than 10% of the likely claims.  (*See*, *e.g.*¸ Ex. A to Declaration of Jeffrey L. Roether (Dkt. No. 1031) at 4-5)  And, as demonstrated in the parties' briefs on the certification of a litigation class, it is very much an open question as to whether this Court has jurisdiction over the foreign investors in the proposed litigation class, and whether the orders and judgments of this Court would be enforceable against the members of the proposed litigation class, which is largely coextensive with the Proposed Settlement Class.

The enforceability of this Court's orders and judgments against members of the proposed Settlement Class (and the proposed litigation class for that matter) is not a theoretical question.  The PwC Defendants are currently facing claims from members of the proposed Settlement Class and are asserting defenses the success of which may very well depend on the claimants' ability to argue whether this Court's orders and judgments (beyond those related to claim determinations) will apply to them.

The PwC Defendants have been named as defendants in a complaint filed by a number of purported Fairfield Sentry investors in the Netherlands; namely, Colima International Limited and Stichting Fairfield Compensation Foundation[3] ("the Colima Litigation").  (A translation of the Colima Litigation complaint is attached as Exhibit A)  Assuming, for purposes of this

---

[3] A foundation established under Dutch law "to recover losses suffered by investors on their investments in the Sentry and/or Sigma and/or Lambda investment funds," the "participants" in which are such investors. (*See* Ex. A at ¶ 2.8)

objection, the truth of the allegations that the Colima Litigation plaintiffs (or the individuals and entities they represent) experienced a net loss on investments in Fairfield Sentry, Sigma, or Lambda, they are Settlement Class Members.[4]

PwC Canada has recently filed a motion in the Colima Litigation arguing that the Dutch court should dismiss the claims against PwC Canada on various grounds, including that the Dutch court has no jurisdiction to adjudicate claims against PwC Canada, that several of the plaintiffs in that case are also named plaintiffs in this case, that the pendency of this case precludes or at least makes inappropriate a parallel Dutch proceeding, and that if a settlement class is certified in this case, some or all of the Colima Litigation plaintiffs will likely submit to this Court's jurisdiction for all related matters by either making claims under the proposed settlement or requesting exclusion from the Settlement Class, thus demonstrating the availability, adequacy, and primacy of this litigation as opposed to the Colima litigation.  (A translation of PwC Canada's Motion to Dismiss in the Colima Litigation is attached as Exhibit B)

## ARGUMENT

**I.     The PwC Defendants Have Standing to Make These Objections.**

The PwC Defendants are mindful of the general rule that a non-settling defendant usually lacks standing to object to a settlement "because a nonsettling defendant is ordinarily not affected by such a settlement." *Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir. 1993).  In this case, however, the PwC Defendants qualify for the "recognized exception to this general rule which permit[s] a non-settling defendant to object where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement." *Id.* (internal quotations omitted).

---

[4] They are, of course, likely to be members of the proposed litigation class as well.  As the Court is aware, in contrast to their arguments with respect to several other jurisdictions, Defendants did not take issue with the Plaintiffs' contention that a Dutch court would likely give preclusive effect to a class action judgment of this Court. (*See* Defendants' Mem. Opposing Class Certification (Dkt. No. 788) at 33 n.81)

There can be no question that under well-established law that Settlement Class Members not already subject to the general jurisdiction of this Court who act in this proceeding will become subject to the specific jurisdiction of this Court for all matters arising from this case. *See* N.Y. CPLR § 302(a)(1) (McKinney's 2008) (courts have jurisdiction over any non-domiciliary who "in person or through an agent … transacts any business within the state"); *see also PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1109-11 (2d Cir. 1997) (finding assertion of legal rights in New York met business-transaction test).

A final approval order that purports to limit this Court's jurisdiction over Settlement Class Members to only the Proofs of Claim they submit, and not to any other claims related thereto, will therefore purport to limit the Court's jurisdiction, which will prejudice the PwC Defendants' right to assert the orders and judgments of this Court that are not limited to the Proofs of Claim against the Settlement Class Members in related proceedings.

In addition, allowing Settlement Class Members to act anonymously in this proceeding will exacerbate the prejudice to the PwC Defendants' right to assert the orders and judgments of this Court against the Settlement Class Members, for the simple reason that the PwC Defendants will be unable to identify the Settlement Class Members who have taken action and recovered on their claims (and thereby subjected themselves to the jurisdiction of the Court).[5]

In these circumstances, the PwC Defendants have standing to challenge these specific provisions of Court's approval orders. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 805 (1985) (finding class-action defendant had standing to challenge trial court's assertion of jurisdiction over absent class members on the basis of the defendant's assertion that "it would be

---

[5] GlobeOp has standing to join in this objection as noted below on these same grounds.

6

obviously and immediately injured if this class-action judgment against it became final without binding the plaintiff class").

## II. The Court Should Not Purport to Limit Its Personal Jurisdiction Over Settlement Class Members.

It is beyond dispute that a federal court has the power to assert jurisdiction over absent class members, provided appropriate notice and the opportunity to "opt out" are given to class members. *Id.* at 811-812. Assuming that the Court certifies the proposed Settlement Class, it will necessarily have concluded that it has personal jurisdiction over the members of the Settlement Class.[6] *Id.* at 805 ("[A] judgment issued without proper personal jurisdiction over an absent party is not entitled to full faith and credit elsewhere and thus has no *res judicata* effect as to that party."). And, for absent class members not otherwise subject to the Court's **general** jurisdiction, the scope of the Court's **specific** jurisdiction extends to any claims that arise from the class member's participation in this case. *See*, *e.g.*, N.Y. CPLR § 302(a)(1). Indeed, the Settling Parties themselves seek the Court's imprimatur over a settlement that purports to release claims that "arise out of or relate in any manner to" a long list of circumstances that may be safely summarizes as anything related to the Fairfield Greenwich funds or Madoff. (*See* Stipulation of Settlement at 15-16 (defining "Released Claims")). Surely the Court's jurisdiction cannot be narrower than the scope of the release enforceable against Settlement Class members.

Given that the Court will have necessarily found it is has jurisdiction over the members of the proposed settlement class if it approves the proposed Settlement, class members will (unless they opt out) release all claims arising out of this case, and those class members who submit opt-out requests in this proceeding will retain the right to pursue claims notwithstanding

---

[6] The issue of this Court's jurisdiction over absent class members is distinct from the issue in dispute with regard to Plaintiffs' pending motion for certification of a litigation class of whether a foreign court would enforce this Court's orders against the class member.

7

the settlement. At the same time, however, an order that includes a provision along the lines of Paragraph 17 would – illogically and improperly – purport to limit the Court's jurisdiction over class members (whether they opt out or claim) to their claims or requests for exclusion and invite them to disavow this Court's jurisdiction over other claims related to this case. Any such provision would be irreconcilable with the basis for asserting jurisdiction over the class, and with the releases and bars to be imposed under the proposed Settlement; more specifically, it would deprive the PwC Defendants (and potentially others) of the right to assert their conduct and the Court's jurisdiction, orders, and judgments, in related matters.

The Settling Parties proposed scheme boils down to this: Class members should be free to partake of the benefits of, or exempt themselves from the binding effects of, the proposed Settlement without any effect on their status with regard to any claims or potential claims against the PwC Defendants whether in this case or elsewhere. Class members cannot have their cake and eat it too. If they want the benefits and protection of the Court, whether for purposes of making a claim and receiving settlement proceeds or protection against assertion of the class orders and judgments against them, they must accept that they will have established sufficient minimum contacts to subject them to the personal jurisdiction of this Court for all matters arising out of this case, which may very well have an impact on what they can and cannot claim both in litigation and in other proceedings in foreign jurisdictions.

This is not an attempt by the PwC Defendants to expand their rights, but simply to prevent class members from simultaneously acknowledging that this Court that it has jurisdiction over their claims on the one hand while denying it on the other. There is no such thing as "cafeteria" jurisdiction, where a litigant gets to pick and choose among related matters to be heard by the court. Class members may not participate in or affirmatively exclude themselves

from the proposed settlement and also be heard to argue positions that they either never had or have waived, including, but not limited to, that this proceeding is insufficient to address their claims or protect their rights, that they are not bound by the order the Court may have issued or may issue concerning matters beyond the scope of the settlement (*e.g.*, that they have claims that have been dismissed, or may in the future be dismissed, by this Court)*,* and that they are not bound by future class certification orders or judgments of this Court.

This is not a hypothetical concern. Members of the proposed settlement class (and proposed litigation class) are suing the PwC Defendants in the Netherlands right now. (*See* Ex. A)  PwC Canada has argued that the pendency of this action, and especially any participation therein by the Colima Litigation plaintiffs, bars or at least recommends dismissal of their claims in the Netherlands. (*See* Ex. B)  If this Court enters an order asserting jurisdiction over these plaintiffs, and making it clear that if they participate in the case they are, in fact, subject to this Court's jurisdiction for all related matters, the PwC Defendants will be able to argue to the Dutch court, for example, that these plaintiffs are improperly pursuing the same claims in two different fora at the same time and that they have acknowledged the adequacy of New York as an appropriate forum in which to bring their claims. If, however, the Court enters an order than purports to *limit* its jurisdiction over these plaintiffs, these class members will be able to argue – and may well appear to the Dutch court – that they are only participating in this case for purposes of the proposed settlement and should be free to pursue their related claims against the PwC Defendants in the Netherlands. This would deprive the PwC Defendants of their rights under U.S. (and likely other jurisdictions') law.[7]  *See Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974,

---

[7] This objection is not, as was argued by plaintiffs at the preliminary approval hearing (Tr. at 23-24), inconsistent with the PwC Defendants' position that the Court should not certify a litigation class in this case. The PwC Defendants maintain that certification of the proposed litigation class would be inappropriate because, among other reasons, the Court does *not* have jurisdiction over the vast majority of foreign class members and cannot conclude

996 (2d Cir. 1975), *abrogated on other grounds by Morrison v. National Australia Bank Ltd.*, 130 S.Ct. 2869 (2010) ("If defendants prevail against a class they are entitled to a victory no less broad than a defeat would have been.").

### III. The Court Should Allow the PwC Defendants Access to all Available Information Regarding Settlement Class Members.[8]

Regardless of whether the Court sustains the PwC Defendants' objection to a provision that purports to limit the scope of the Court's jurisdiction over Settlement Class Members, it cannot be disputed that the PwC Defendants will be entitled to assert both the provisions of any final approval order and the receipt of settlement proceeds as may be necessary to bar, limit, or off-set other claims made by Settlement Class Members. In order to do so, however, the PwC Defendants must be able to determine whether their adversaries in other proceedings are class members, have made claims, have been paid under the proposed Settlement, or opted out of the proposed Settlement. This is basic information to which all litigants in the case are obviously entitled in order to protect themselves against barred claims, double recoveries, or the assertion of inconsistent positions in different proceedings. Paragraph 21, however, of the Preliminary Approval Order – and any similar provision that may be included in the final approval order – would unfairly and improperly prevent the PwC Defendants from gaining access to this information.[9]

---

that its judgments are likely to be enforced against class members in most (but not all – the Netherlands possibly being one of the exceptions) of the relevant foreign jurisdictions. The PwC Defendants' objections to the proposed settlement are premised on the assumption that the Court's approves the proposed Settlement Class (or litigation class), notwithstanding these arguments. The PwC Defendants are entitled to argue that if the Court, notwithstanding the PwC Defendants' class certification arguments, concludes it has jurisdiction over the class, it cannot restrict that jurisdiction to allow class members to avoid the effects of submitting to the Court's personal jurisdiction.

[8] GlobeOp joins the PwC Defendants' objection to the provision of confidential status to Requests for Exclusion or Proofs of Claim in the Final Approval Order.

[9] Claim information is not only important for the purpose of protecting the PwC Defendants' rights vis-à-vis Settlement Class Members in other proceedings; it is also directly relevant to the claims pending against the PwC

Only two justifications have been offered to date for restricting access to this information. Neither has merit. First is the suggestion that record owners may be required to treat the beneficial owners' information as confidential. Record owners, however, are perfectly capable of securing the permission of the beneficial owners to make available whatever information the Court requires to make a claim at the same time they seek instructions with regard to the Settlement, so any such technical restrictions can easily be addressed. And, more broadly, claimants can be afforded the protections of the Confidentiality Order already in place in the case (or some equivalent order) to protect against the dissemination of their information beyond the scope mandated by the settlement and claims process as it concerns the PwC Defendants or others who may seek access to the information.

The second justification is that without the ability to act anonymously for purposes of the proposed Settlement, class members may choose not to participate, thus undermining the proposed Settlement. This is, of course, speculation, and even if it turns out to be well-founded speculation, would not justify keeping this information secret from the PwC Defendants. No doubt the concern is the same that admittedly motivated the Settling Parties to ask the Court to limit its jurisdiction over Settlement Class Members – a fear that claimants will be subjected to claims by the SIPC Trustee, the Fairfield Sentry Liquidator, or others – presumably including judgment creditors, the IRS, or others. The fact that a plaintiff class member may be subject to a claim by a third party is no justification for hiding his or her identity and other relevant

---

Defendants in this case. As Plaintiffs' counsel explained to the Court, in many cases, the members of the proposed Settlement Class are beneficial, but not record, owners of investments in the Fairfield Greenwich funds. (Tr. at 16-17) Indeed, it is very difficult, if not impossible, to determine the identities of members of the purported class by examining the financial records produced in discovery by various parties. This makes it quite difficult to determine the existence and amount of potential individual claims, and thus also the aggregate value of such claims. This is particularly true with regard to the PwC Defendants given the limited time frames of their respective audit work with regard to the funds and the restrictions on claims for initial, as opposed to subsequent, investments already imposed by the Court.

11

information about his or her claim from a defendant in litigation against whom he or she also seeks to recover. At best, concealing this information hampers the litigation; at worst, it encourages attempts by class members to achieve double recoveries and avoid potentially legitimate claims against their assets under applicable U.S. law.

## CONCLUSION

The PwC Defendants (and GlobeOp to the extent noted above) respectfully request that any Order issued by the Court approving the Proposed Settlement not contain provisions similar to Paragraphs 17 or 21 of its Preliminary Approval Order.

Dated:  February 15, 2013

/s/ Timothy A. Duffy _____

Andrew M. Genser
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

Emily Nicklin, P.C.
Timothy A. Duffy, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Email:  tim.duffy@kirkland.com

*Attorneys for Defendant
PricewaterhouseCoopers LLP*


/s/ William R. Maguire_____

William R. Maguire
Sarah L. Cave
Gabrielle S. Marshall

        HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for PricewaterhouseCoopers Accountants N.V.*


/s/ David H. McGill           

David H. McGill
KOBRE & KIM
800 Third Avenue
New York, New York 10022
(212) 488-1200

*Attorneys for GlobeOp Financial Services LLC*

**CERTIFICATE OF SERVICE**

      I, Timothy A. Duffy, hereby certify that I electronically filed the foregoing by using the CM/ECF system, which generated notices to the following:

- **Michael Jules Aguirre**
  maguirre@amslawyers.com,mbyrnes@amslawyers.com,mseverson@amslawyers.com
- **Robert James Anello**
  ranello@maglaw.com
- **Allan J. Arffa**
  aarffa@paulweiss.com
- **Bruce Allen Baird**
  bbaird@cov.com,maony@cov.com
- **Jeffrey Edward Baldwin**
  jbaldwin@stblaw.com
- **David A. Barrett**
  dbarrett@bsfllp.com,cgaston@bsfllp.com,NYC_Managing_Clerk@bsfllp.com
- **Demet Basar**
  basar@whafh.com
- **Timothy D. Battin**
  tbattin@straus-boies.com
- **Daniel R. Benson**
  dbenson@kasowitz.com,courtnotices@kasowitz.com
- **Patrick Barrett Berarducci**
  s&cmanagingclerk@sullcrom.com,berarduccip@sullcrom.com
- **Sashi Bach Boruchow**
  sboruchow@bsfllp.com,NYC_Managing_Clerk@bsfllp.com,sklock@bsfllp.com,emaultsby@bsfllp.com,mcalvin@bsfllp.com,jcatania@bsfllp.com
- **Richard E. Brodsky**
  rbrodsky@thebrodskylawfirm.com
- **Kent Andrew Bronson**
  kbronson@milberg.com
- **Lewis Nathan Brown**
  lbrown@ghblaw.com
- **Gustavo Fabian Bruckner**
  gfBruckner@pomlaw.com
- **Allison Caffarone**
  caffaronea@sullcrom.com,s&cmanagingclerk@sullcrom.com
- **Helen Virginia Cantwell**
  hvcantwell@debevoise.com,mao-ecf@debevoise.com
- **Sarah Loomis Cave**
  cave@hugheshubbard.com
- **Matthew W. Cheney**
  mcheney@crowell.com
- **Michael Joseph Chepiga**
  mchepiga@stblaw.com,managingclerk@stblaw.com

- **Joshua Daniel Clark**
  jclark@bhlawpa.com
- **Joseph Clay Coates , III**
  coatesj@gtlaw.com
- **Jonathan David Cogan**
  jonathan.cogan@kobrekim.com
- **Amy E. Crawford**
  amy.crawford@kirkland.com
- **Mark Geoffrey Cunha**
  mcunha@stblaw.com,managingclerk@stblaw.com
- **Laurence Edward Curran , III**
  lecurran@lecurran.com
- **Paul Edouard Dans**
  pedans01@yahoo.com
- **Adam S. Deckinger**
  adeckinger@bsfllp.com
- **Joshua Seth Devore**
  jdevore@cohenmilstein.com,efilings@cohenmilstein.com
- **Timothy A. Duffy**
  tim.duffy@kirkland.com,renee.ashley@kirkland.com
- **Matthew Fitzgerald Dunn**
  mdunn@cov.com
- **EFG Capital International Corp.**
  jacobsonj@gtlaw.com
- **Lawrence P. Eagel**
  eagel@bragarwexler.com
- **Leslie Gordon Fagen**
  lfagen@paulweiss.com
- **Dyanne Eyce Feinberg**
  dfeinberg@ghblaw.com,kjones@ghblaw.com
- **Daniel J. Fetterman**
  dfetterman@kasowitz.com,courtnotices@kasowitz.com
- **Robert Craig Finkel**
  rfinkel@wolfpopper.com,cdunleavy@wolfpopper.com,nmackiel@wolfpopper.com,TSHAPIRO@shulaw.com
- **Paige Elizabeth Fleming**
  pfleming@stblaw.com
- **David Alan Gehn**
  dgehn@gkblaw.com
- **Andrew M. Genser**
  andrew.genser@kirkland.com,kenymanagingclerk@kirkland.com
- **Eli Justin Glasser**
  eglasser@bsfllp.com
- **Ricardo Alejandro Gonzalez**
  gonzalezr@gtlaw.com,collazoe@gtlaw.com,cabreraf@gtlaw.com

- **Mark P. Goodman**
  mpgoodman@debevoise.com,mao-ecf@debevoise.com
- **Andrew Garry Gordon**
  agordon@paulweiss.com
- **Brian Dale Graifman**
  bgraifman@gkblaw.com
- **Adam K. Grant**
  agrant@kasowitz.com,courtnotices@kasowitz.com
- **James Abram Harrod , III**
  jharrod@wolfpopper.com,cdunleavy@wolfpopper.com,eferguson@wolfpopper.com
- **David Scott Hoffner**
  david.hoffner@dechert.com,nycmanagingclerks@dechert.com
- **Fraser Lee Hunter , Jr**
  fraser.hunter@wilmer.com
- **Elizabeth A. Izquierdo**
  eizquierdo@ghblaw.com,AGIMENEZ@BHLAWPA.COM,jcgarcia@bhlawpa.com,bsims@bhlawpa.com,JJONES@BHLAWPA.COM,scarter@bhlawpa.com,jgarcia@bhlawpa.com,aurena@bhlawpa.com,jmccloskey@bhlawpa.com,ffca@bhlawpa.com,ddorn@bhlawpa.com,srobinson@bhlawpa.com,tsuarez@bhlawpa.com
- **Jon Andrew Jacobson**
  jacobsonj@gtlaw.com
- **Gaytri D. Kachroo**
  gkachroo@kachroolegal.com,jray@kachroolegal.com,jmcguire@kachroolegal.com
- **Brad Scott Karp**
  bkarp@paulweiss.com
- **Marc E. Kasowitz**
  mkasowitz@kasowitz.com,courtnotices@kasowitz.com
- **Peter Eric Kazanoff**
  pkazanoff@stblaw.com,managingclerk@stblaw.com
- **Michael Sangyun Kim**
  michael.kim@kobrekim.com
- **Stephanie Elizabeth Kirwan**
  skirwan@zsz.com
- **Brad Eric Konstandt**
  brad.konstandt@wilmerhale.com
- **Daniel W. Krasner**
  krasner@whafh.com
- **Jennie Boehm Krasner**
  jennie.krasner@dechert.com
- **Jody Krisiloff**
  jkrisiloff@lshllp.com
- **Glenn Kurtz**
  gkurtz@whitecase.com,mcosdny@whitecase.com,jdisanti@whitecase.com,jgreen@whitecase.com
- **Eliot Lauer**
  elauer@curtis.com,jryan@curtis.com,jclyne@curtis.com

3

- **Jean Lee**
  ndube@milberg.com,jlee@milberg.com,cslidders@milberg.com
- **Andrew J. Levander**
  nycmanagingclerks@dechert.com,andrew.levander@dechert.com
- **Brandon R. Levitt**
  blevitt@kachroolegal.com
- **Christopher Lovell**
  clovell@lshllp.com,lshscanner@lshllp.com
- **Natalie Marie MacKiel**
  nmackiel@wolfpopper.com
- **Joel Steven Magolnick**
  magolnick@mm-pa.com
- **William R. Maguire**
  maguire@hugheshubbard.com
- **Gabrielle Sean Marshall**
  marshalg@hugheshubbard.com
- **Timothy Neil McCabe**
  tmccabe@cm-p.com
- **David Harrison McGill**
  david.mcgill@kobrekim.com
- **Diane Lee McGimsey**
  mcgimseyd@sullcrom.com,s&cmanagingclerk@sullcrom.com
- **Kristi Stahnke McGregor**
  kmcgregor@milberg.com
- **Amanda Mcgovern**
  amcgovern@ghblaw.com
- **Jorge Alejandro Mestre**
  jmestre@riveromestre.com,cdiaz@riveromestre.com,jcastro@riveromestre.com,evonderosten@riveromestre.com,bpaschal@riveromestre.com,receptionist@riveromestre.com,arolnick@riveromestre.com,crodriguez@riveromestre.com
- **Philip A. Mirrer-Singer**
  pmirrer-singer@stblaw.com
- **David J. Molton**
  dmolton@brownrudnick.com,acunningham@brownrudnick.com,acondon@brownrudnick.com,dkletter@brownrudnick.com,ehosang@brownrudnick.com,ebowers@brownrudnick.com,morenstein@brownrudnick.com
- **Michael Joseph Moscato**
  mmoscato@cm-p.com,jclyne@cm-p.com
- **Terence Michael Mullen**
  tmullen@ghblaw.com
- **Sharon L. Nelles**
  nelless@sullcrom.com,s&cmanagingclerk@sullcrom.com
- **Gregory Mark Nespole**
  nespole@whafh.com
- **Joseph Emanuel Neuhaus**
  neuhausj@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Emily Nicklin**
  emily.nicklin@kirkland.com
- **William M. O'Connor**
  woconnor@crowell.com
- **Jonathan Edgar Pollard**
  jpollard@bsfllp.com
- **John H. Ray , III**
  jray@kachroolegal.com
- **Sara Ann Ricciardi**
  Sara.Ricciardi@Shearman.com
- **Jeffrey Lawrence Roether**
  jroether@stblaw.com
- **Brenton Rogers**
  brenton.rogers@kirkland.com
- **Claudio Godinez RoumainOchoa**
  cochoa@maglaw.com
- **Bradley H. Samuels**
  brad.samuels@kobrekim.com
- **Robert S. Schachter**
  rschachter@zsz.com,acabassa@zsz.com,david@dkrpa.com,RLinkin@dkrpa.com
- **Mark Jackson Schirmer**
  mschirmer@straus-boies.com,ecf@straus-boies.com
- **Howard M. Shapiro**
  howard.shapiro@wilmerhale.com
- **Martin S. Siegel**
  msiegel@brownrudnick.com,acunningham@brownrudnick.com
- **Stuart Harold Singer**
  ssinger@bsfllp.com,thilts@bsfllp.com,jcatania@bsfllp.com,eglasser@bsfllp.com
- **Paul Jacob Sirkis**
  psirkis@stblaw.com
- **Bradley Paul Smith**
  smithbr@sullcrom.com,s&cmanagingclerk@sullcrom.com
- **Louis Smith**
  smithlo@gtlaw.com,petersr@gtlaw.com
- **Hillary Sobel**
  hsobel@zsz.com
- **Patrick James Somers**
  psomers@paulweiss.com
- **Daniel Stephen Sommers**
  dsommers@cohenmilstein.com
- **Richard A Speirs**
  rspeirs@cohenmilstein.com
- **Edward M. Spiro**
  espiro@magislaw.com
- **Victor E. Stewart**
  victornj@ix.netcom.com

- **Carl Lester Stine**
  cstine@wolfpopper.com
- **David S. Stone**
  dstone@stonemagnalaw.com,mhamilton@stonemagnalaw.com,aalberts@stonemagnalaw.com
- **Anisley Tarragona**
  atarragona@bhlawpa.com
- **Steven Jeffrey Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com
- **Catherine A. Torell**
  ctorell@cohenmilstein.com
- **Annette Urena**
  aurena@bhlawpa.com
- **Howard L. Vickery , II**
  hvickery@bsfllp.com,NYC_Managing_Clerk@bsfllp.com,cstraut@bsfllp.com
- **Chet Barry Waldman**
  cwaldman@wolfpopper.com
- **Robert Alan Wallner**
  rwallner@milberg.com
- **Stephen Lee Weinstein**
  sweinstein@ellklaw.com
- **Lauren Whetstone**
  whetstonel@gtlaw.com
- **Catherine Whitfield**
  cwhitfield@bhlawpa.com
- **Kenneth A. Zitter**
  kzitter@aol.com
- **Jeffrey Charles Zwerling**
  jzwerling@zsz.com

        /s/ Timothy A. Duffy