# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Master File No. 09-CV-118 (VM)

PASHA ANWAR, et al.,

    Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, et al.,

    Defendants.

This document relates to:

*The Standard Chartered Cases*

_____/

## STANDARD CHARTERED PLAINTIFFS' OBJECTION TO ORDER DATED FEB. 15, 2013 (DE 1045)

Pursuant to Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A), the Standard Chartered Plaintiffs, by the Plaintiffs' Steering Committee, object to Magistrate Judge Maas' Order dated February 15, 2013 (DE 1045) ("Order") and request that it be set aside.[1]

---

[1] This Objection has been timely served and filed under Rule 72(a)(1) because the Order was served on the Plaintiffs on February 15, 2013 and an objection must be served and filed within 14 days, *i.e.*, by March 1, 2013.

## SUMMARY

In February 2011, the Standard Chartered Plaintiffs and Defendants jointly submitted a proposed Scheduling Order for these cases, which Magistrate Judge Katz entered without modification.[2] It has since governed these cases, without amendment. The Scheduling Order, Paragraph 12, provides for two rounds of expert reports: an initial report, covering each party's expert(s) on those issues on which that party bore the burden of proof; and a rebuttal report. Depositions are to follow. There is no provision for surrebuttal reports. In these respects, the Scheduling Order exactly parallels the reports called for under Fed.R.Civ. 26(a)(2).

Accordingly, if, as here, the Plaintiffs submitted initial reports and the Defendants submitted only rebuttal reports, then Rule 26(a)(2) and the Scheduling Order would expect and require the Defendants to depose the Plaintiffs' experts to learn what they have to say about Defendants' experts' rebuttal reports. This unremarkable result would conserve party resources by sparing Plaintiffs the expense of paying their experts to prepare surrebuttal reports. There would be no suggestion that Plaintiffs' experts could not comment on the Defendants' experts' rebuttal reports without having first submitted surrebuttal reports. Otherwise, the Scheduling Order would have

---

[2] Second Amended Scheduling Order Regarding Standard Chartered Cases ("Scheduling Order") DE 602, Feb. 4, 2011). By clerical error, the Scheduling Order was combined with an agreed Confidentiality Stipulation Order in DE 602. The Scheduling Order was separately entered on February 22, 2011 (DE 609).

2

said so.

But this is exactly what the February 15th Order requires. The Order effectively[3] requires Plaintiffs' experts to prepare and serve surrebuttal reports (to Defendants' experts' rebuttal reports) or be denied the right to testify in deposition and at trial regarding points the Defendants' experts made in their rebuttal reports. The Magistrate Judge's Order thus has completely ignored the regime proposed by the Plaintiffs and the Defendants and previously approved by Magistrate Judge Katz, and has injected a new requirement that is not only not found in the Scheduling Order or Rule 26(a)(2), but also has no justification.

By creating this requirement, the Magistrate Judge has not only committed manifest error, but also seriously prejudiced the Plaintiffs by causing delay and adding greatly to their expense (the texts of the two Defendants' expert reports, absent exhibits, total 112 pages), and has delivered an unwarranted advantage to the Defendants by giving them an otherwise unavailable preview of the what Plaintiffs' experts would say in response to their experts' reports before deposing them.

To restore a fair playing field, the Court must set aside the Order.

---

[3] Technically, the Order states only that if the Plaintiffs do not submit surrebuttal reports, "they *may* find that Judge Marrero or I preclude them from proffering testimony that they wish to adduce." (emphasis added). Obviously, this is a risk that, realistically, cannot be borne by the Plaintiffs or their counsel. Therefore, the Order must be read as issuing a flat-out requirement that surrebuttal reports be submitted if the Plaintiffs want their experts to be able to comment on the Defendants' experts' rebuttal reports.

## STANDARD OF REVIEW

Fed.R.Civ.P. 72 divides objections to Magistrate Judge's decisions into two categories: decisions having to do with "dispositive" and "non-dispositive" matters. This Objection deals with an order of the Magistrate Judge dealing with expert reports under Fed.R.Civ.P. 26(a)(2). As such, a "non-dispositive" matter is involved. "Matters concerning discovery generally are considered 'nondispositive' of the litigation" under Rule 72. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

The review of a non-dispositive matter is governed by Fed.R.Civ.P. 72(a), which provides, in pertinent part:

> A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

The issue before the Court is not based on a factual finding. The "clearly erroneous" standard is inapplicable because it is used to review factual findings. *Pippins v. KPMG LLP*, 279 F.R.D. 245, 253 (S.D.N.Y. 2012) (citations omitted). *Accord Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) ("The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while her legal conclusions will be reviewed under the more lenient 'contrary to law' standard."), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (citing *Fogel v. Chestnutt,* 668 F.2d 100, 116 (2d Cir.1981), *cert. denied sub nom. Currier v. Fogel,* 459 U.S. 828, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982)).

Therefore, the "contrary to law" standard applies. An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pippins v. KPMG, supra*; *Collens v. City of New York*, 222 F.R.D. 249, 251 (S.D.N.Y. 2004). "[W]hen reviewing a question of law, the standard is *de novo.* Thus, the Court owes no deference to the magistrate's legal conclusions. Here, the Court has conducted a *de novo* review of those portions of the magistrate's legal conclusions that Plaintiffs challenge." *Ctr. for Biological Diversity v. Norton*, 336 F. Supp. 2d 1155, 1158 (D.N.M. 2004) (citation omitted). *Accord PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010) (citing cases) ("When, as in this case, review of a non-dispositive motion by a district judge turns on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard. . . . This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard.").[4]

## BACKGROUND

The *Standard Chartered Cases* involve actions brought by various former private banking clients of Standard Chartered Bank International (Americas), Ltd., formerly known as American Express Bank International, which will be referred to as "Standard Chartered," arising from

---

[4] As discussed by the Plaintiffs below at n.5, even if the appropriate standard is "abuse of discretion," which is not mentioned in Rule 72(a), the same legal analysis is involved: did the Magistrate Judge fail to apply or misapply Rule 26(a)(2) and the Scheduling Order?

recommendations by Standard Chartered to invest in Fairfield Sentry or Fairfield Sigma, both Madoff "feeder funds." Almost all of the *Standard Chartered Cases* were filed either in federal court in Miami or Los Angeles, but were transferred to this Court by the Judicial Panel on Multidistrict Litigation and consolidated for pretrial purposes under *Anwar*. The *Standard Chartered Cases* have proceeded on an independent track from the main *Anwar* cases, with their own confidentiality order and other pretrial orders.

The previously mentioned Scheduling Order Regarding Standard Chartered Cases ("Scheduling Order") covers, among other matters, expert witness reports and discovery. The pertinent paragraph of the Scheduling Order is paragraph 12:

> Expert Witness Disclosures & Discovery
>
> 12.    The required disclosures under Fed. R. Civ. P. 26(a)(2) regarding expert testimony *on each issue to which a party bears the burden of proof at trial* shall be made not later than 30 days after completion of the period for fact discovery. Rebuttal reports pursuant to Fed. R. Civ. P 26(a)(2) shall be served within 45 days after the other parties' disc1osures. The period for expert witness deposition shall commence upon the filing or rebuttal experts reports and shall conclude 90 days thereafter. (emphasis added).

Thus, the Scheduling Order establishes a deadline for reports "regarding expert testimony on each issue to which a party bears the burden of proof at trial." Discovery was concluded on May 4, 2012 and by agreement of the parties, initial expert reports were due on August 2, 2012.  The Plaintiffs submitted two initial expert reports. The Defendants submitted none.

## **PROCEEDINGS AFTER THE INITIAL REPORTS**

For the Court to understand how the Order came to be, the following is a brief review of the previous proceedings after the Plaintiffs submitted their initial reports. Of key importance is the fact that the pretrial order, as is customary, required service of initial reports on any issue on which a party had the burden of proof.

1. After the Defendants served no initial reports but before rebuttal reports were due, the Plaintiffs sought to bar the Defendants from issuing a "rebuttal" report on any issue on which they had the burden of proof. The Magistrate Judge deferred ruling on this issue until after the Defendants had submitted their rebuttal reports. Letter endorsement, Sept. 12, 2012 (DE 938).

2. The Defendants submitted their expert reports on December 12, 2012. The two reports, totaling 112 pages exclusive of exhibits) dealt in substantial part with an issue on which the Plaintiffs contended (and continue to contend) that the Defendants bore the burden of proof—that is, reliance on third parties' representations or reputation – and that was one of their "additional defenses" in every Answer they filed. The Plaintiffs asked for a conference to strike those portions of the two reports.

3. The Magistrate Judge denied the Plaintiffs' request to strike. DE 1020, Jan. 10, 2013. The entirety of the Magistrate Judge's ruling was as follows: "I decline to strike the relevant portions of

Standard Chartered's expert reports or to bar them from introducing testimony regarding reliance on third parties. The plaintiffs, however, shall be *permitted* to serve one or more reply expert reports limited to the issue of Standard Chartered's reliance on third-parties. The plaintiffs' reply reports must be served by February 8, 2013." (emphasis added).

4. The Magistrate Judge's January 10, 2013 Order did not require the Plaintiffs to submit surrebuttal reports in order for their experts to be permitted to testify in response to the Defendants' experts' comments on Standard Chartered's reliance on third parties.

5. The Plaintiffs informed the Defendants' counsel that they do not intend to submit rebuttal reports and attempted to start the required consultation with counsel with respect to expert depositions.

6. In response, the Defendants' counsel stated the following in an email: "Plaintiffs were given the opportunity to file rebuttal reports and they can elect not to, but if plaintiffs' experts intend to offer any opinions on the topic of reliance on third parties beyond what is set forth in their reports they should comply with Rule 26."

7. Initially, the Plaintiffs, to be reasonable and avoid unnecessarily burdening the Magistrate Judge, agreed to put off scheduling depositions of the experts until the Magistrate Judge ruled on Defendants' position. When, after two weeks, the Magistrate Judge had not ruled, the Plaintiffs, cognizant of the need to schedule the

8

depositions promptly, asked the Defendants to schedule the depositions tentatively and to schedule the deadlines for submitting document subpoenas to the other side's experts. The Defendants refused to schedule depositions until the Magistrate Judge ruled on the "surrebuttal" issue and insisted on a three-week delay for issuing subpoenas.

8.  The Plaintiffs then asked the Magistrate Judge for a brief status conference, explaining the situation. The result was the Order in question.

## SPECIFIC OBJECTIONS TO ORDER

The Order states, in pertinent part:

> I have reviewed Mr. Brodsky's letter dated February 13, 2013, and see no need for a conference. On the plaintiffs' view of the parties' respective burdens, the defendants' rebuttal reports should have been served on August 2, 2012, because they related to affirmative defenses. For reasons previously recited on the record, I do not necessarily agree. If, however, the reports had been served on the schedule the plaintiffs deem appropriate, the plaintiffs would have had to submit opposition reports in order to have their experts testify to any additional opinions not set forth in their experts' original reports.
>
> The January 10 Order permitted the plaintiffs to submit surrebuttal reports. My use of the word 'permitted' was intentional. If there is nothing that the plaintiffs expect to proffer in opposition to the defendants' expert reports that is not contained in their own experts' initial reports, there is nothing further they need include in a surrebuttal report. On the other hand, if there is such additional material, they would be well advised to include it in a further report. Should they fail to do so, they may find that Judge Marrero or I preclude them from proffering testimony that they wish to adduce.

9

The Magistrate Judge departed from the plain requirements of the Scheduling Order and Rule 26(a)(2)(D) in requiring the Plaintiffs to submit surrebuttal reports or risk having their experts' testimony in response to the Defendants' expert reports muzzled. Absent a substantial reason for doing so, the Magistrate Judge's decision cannot stand. *See Benedict v. Zimmer, Inc.*, 232 F.R.D. 305 (N.D. Iowa 2005) (setting aside as clearly erroneous and contrary to law Magistrate Judge's order permitting Plaintiffs to submit expert report after deadline established therefor in scheduling order because failure to adhere to deadline not "substantially justified").[5]

---

[5] This Court has stated in other cases that an "abuse of discretion" standard applies to review of a Magistrate Judge's order concerning discovery. *E.g.*, *R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010). Even under the far more deferential "abuse of discretion" standard, the Order cannot stand: the Court lacks the discretion to impose this unfounded and unauthorized burden on the Plaintiffs. As Judge Friendly summarized his observations about judicial discretion in his famous lecture, *Indiscretion About Discretion*, published at 37 Emory L.J. 747 (1982):

> A good note on which to end is Chief Justice Marshall's statement in the *Burr* case that *discretionary choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.*'[148] Although Marshall was there talking to himself as the trial judge, his remark embodies an appropriate standard for review of many 'discretionary' determinations often claimed to lie beyond meaningful appellate scrutiny.
>
> 148.   *United States v. Burr*, 25 F. Cas. 30, 35 (C.C. Va. 1807) (No. 14,692d).

31 Emory L.J. at 784 (emphasis added). *See Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) ("A district court has abused its discretion if it has (1) *based its ruling on an erroneous view of the law*, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a

The Plaintiffs have no quibble with the Magistrate Judge's first point: "If, however, the [defendants'] reports had been served on the schedule the plaintiffs deem appropriate, the plaintiffs would have had to submit opposition reports in order to have their experts testify to any additional opinions not set forth in their experts' original reports."

But the Defendants did *not* serve their reports "on the schedule the plaintiffs deem appropriate," and the Magistrate Judge, in his discretion, did not strike the portions of the report that the Plaintiffs believed should have been submitted in August 2012, when initial reports were due. Since the Magistrate Judge upheld the decision of the Defendants to include these opinions in a *rebuttal* report, rather than in an initial report, the only logical result would be that the situation would simply revert to the procedures outlined in Rule 26(a) and the Scheduling Order, with no mention of a surrebuttal report. In other words, the hypothetical scenario discussed by the Magistrate Judge did not eventuate and therefore is completely irrelevant and has no bearing.

Unfortunately, however, the Magistrate's Order proceeds as if the hypothetical scenario – that the Defendants had submitted their reports "on the schedule the plaintiffs deem appropriate" – *had* eventuated. But this make-believe premise conflicts with reality and with common sense. It has led the Magistrate Judge to prescribe a procedure that is nowhere contained

---

decision that cannot be located within the range of permissible decisions.") (emphasis added).

11

in Rule 26(a)(2) or the Scheduling Order: that the Plaintiffs may be at risk of not having their experts be permitted to comment on the rebuttal reports without first submitting a surrebuttal report. The Magistrate Judge gives no hint as to the source of this requirement, nor does he seek to justify it on any basis whatsoever. Respectfully, there is, in fact, no basis for this decision.

The Plaintiffs ask the Court to consider what would have transpired had the Plaintiffs not questioned what they regarded as the Defendants' initial gaming of the system, and thus had not sought to strike portions of the Defendants' expert reports. There would have been no ruling by the Court on the issue. The Plaintiffs would not be required to submit surrebuttals to the Defendants' experts' rebuttal reports because the issue would not have come up and because neither the Federal Rules nor the Scheduling Order contain any provision for surrebuttals. The Magistrate Judge having ruled the way it did on the Plaintiffs' request that the scope of the Defendants' experts' testimony be limited -- *i.e.*, denying that request – he had no choice but to leave the parties where they would have been if this issue had never arisen. The mere fact that the Plaintiffs unsuccessfully sought that relief simply cannot and does not justify inventing a requirement for surrebuttal reports.[6]

### **ADVERSE EFFECTS ON PLAINTIFFS**

Not only would the Order impose a requirement that nowhere appears

---

[6] Another issue is that the Plaintiffs sought to strike only the portions of the Defendants' experts' reports that dealt with their additional defense of reliance on third parties, but the Order can be read as requiring surrebuttals to the entire panoply of arguments included in the Defendants' experts' reports.

12

in the Scheduling Order or Rule 26(a), but also it will prejudice the Plaintiffs and will deliver an unwarranted advantage to the Defendants.

The prejudice to the Plaintiffs is two-fold. *First*, complying with the Order will require the expenditure of tens of thousands of dollars in additional fees to the Plaintiffs' experts. Plaintiffs' two experts, like the Defendants' experts, charge $700 or more per hour for their time. (Mr. Picard's rate will drop to $500 per hour when his incurred fees reach $100,000. This level has not yet been reached.) *Second*, it will cause additional delay in these cases. It will also provide the Defendants a litigation advantage to which they are plainly not entitled: they will have an advance look at the Plaintiffs' experts' responses to the Defendants' experts' reports before the Plaintiffs' experts are deposed. This advantage is unwarranted and unfair because neither the Federal Rules nor the Scheduling Order provide for surrebuttal reports.

## CONCLUSION

The Magistrate Judge's February 15, 2013 Order does not stand up to the most deferential review and should be set aside.

Respectfully submitted,

*/s/ Richard E. Brodsky*
_____
Richard E. Brodsky
The Brodsky Law Firm, PL
200 South Biscayne Blvd., Suite 1930
Miami, FL 33131
rbrodsky@thebrodskylawfirm.com
Tel:   786-220-3328
Fax:   866-564-8231

        Attorney for Maridom Plaintiffs
Member, Standard Chartered Plaintiffs'
Steering Committee
On behalf of the Standard Chartered
Plaintiffs
Admitted pro hac vice

### **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

        */s/ Richard E. Brodsky*
        _____
        Richard E. Brodsky