# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE · 7TH FLOOR · NEW YORK, NY 10022 · PH. 212.446.2300 · FAX 212 446 2350

February 28, 2013



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/13

**VIA FACSIMILE**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Anwar, et al., v. Fairfield Greenwich Limited, et al.,*
Master File No. 09-CV-00118 (VM) (FM)

Dear Judge Marrero:

On behalf of Plaintiffs, we respond to the letter of February 26, 2013, from David J. Sheehan, counsel for the BLMIS Trustee (the "Letter"). The Trustee seeks to file a motion to intervene for the purpose of objecting to the proposed Settlement of this Action. Plaintiffs respectfully submit that any such motion plainly would be meritless, and therefore no pre-motion conference is necessary.

First, intervention by the Trustee would be grossly untimely and could delay implementation of the Settlement to the great detriment of the Settling Parties. Second, the Trustee lacks standing to object. Third, intervention is unnecessary because an objection would merely raise the same substantive arguments that the Trustee has made in his pending, exhaustively briefed, motion to enjoin the Settlement. Fourth, the Trustee cannot meet the Rule 24 requirements for intervention.

**Intervention.** Trustee cannot show that he meets the governing standards under Rule 24(a), Fed. R. Civ. P.:

> (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir.2006). "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application." *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1043 (2d Cir. 1998) (emphasis in original). Permissive intervention is allowable if the application is timely and would not "unduly delay or prejudice the adjudication of the rights' of the existing parties." Fed. R. Civ. P. 24(b). *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000).

BOIES, SCHILLER & FLEXNER LLP

**Standing.** Rule 23(e)(5) provides that "any class member may object to the propos[ed]" settlement, but "'[n]onparties . . . generally do not have standing to object to a settlement of a class action.'" *Cent. States Welfare Fund v. Merck-Medco, LLC*, 504 F.3d 229, 244 (2d Cir. 2007) (citation omitted). Among other reasons, because the only issue before the Court is whether the proposed settlement is "fair, reasonable, and adequate," Rule 23(e)(2), courts "usually reject . . . outsiders' attempts to enter the litigation during the settlement phase." *Gould v. Alleco, Inc.*, 883 F.2d 281, 285 (4th Cir. 1989). Since the Trustee is not a class member, he lacks standing, *i.e.*, any protectable interest in the settlement. *See, e.g., In re Am. Int'l Grp., Inc. Sec. Litig.*, 2013 WL 68928, at *3 (S.D.N.Y. Jan. 7, 2013) (as a non-class member, New York Attorney General lacks standing under Rule 23(e) to object to proposed class action settlement).

**Timeliness.** The Trustee's delay in seeking intervention, standing alone, precludes the motion. The Court must consider "the totality of the circumstances," such as "how long the applicant had notice of its interest in the action before making its motion" and potential prejudice to the parties. *See In re Holocaust Victim Assets Litig.*, 225 F.3d at 198. Here, the Trustee filed his fraudulent conveyance action in April 2009, just four months after *Anwar* in December 2008. The Trustee knew then that he was suing the same defendants "on much of the same conduct and many of the same occurrences" (Letter at 1), yet he waited nearly four years to seek intervention, all the while knowing that the parties and the Court were devoting enormous resources to press the litigation forward. Nor has the Trustee explained why he failed, by nearly two weeks, even to comply with the Court's deadline of February 15, 2013, for filing objections to the Settlement, which had been set eleven weeks earlier.

However timeliness is measured, the Trustee's motion to intervene is too late. *See e.g., In re Bank of Am. Corp. Sec. Litig.*, 09 MD 2058 (PKC), 2012 WL 1674299 (S.D.N.Y. May 14, 2012) (intervention untimely where "[t]he derivative action before this Court was filed in January 2009 ... and the Proposed Intervenors do not deny knowledge of its pendency"); *MasterCard Int'l*, 471 F.3d at 390-91 ("Considering that Visa argued . . . that it has a significant interest in this litigation that will be gravely prejudiced if the matter proceeds in its absence, the district court could properly find Visa's delay unjustified."); *In re Holocaust*, 225 F.3d at 198-89 (intervention denied due to eight month delay). Even if "the order that triggered the need to intervene came as a 'total surprise'" to the Trustee (Letter at 1-2), the delay is inexcusable. *Id.* at 198. And as noted, the Trustee ignored the Court's deadline for filing objections to the Settlement, seeking intervention less than four weeks before the March 22, 2013 final fairness hearing.[1]

**Impairment and Representation of Interests.** The Trustee cannot show that absent intervention "disposition of the action may as a practical matter impair or impede [his] ability to protect [his] interest." *MasterCard Int'l*, 471 F.3d at 389. The reason is simple – the Trustee

---

[1] Because the Trustee not explained his delay, one can only speculate that the Trustee may fear losing the preliminary injunction motion, which would allow the Settlement, if approved, to be implemented absent a stay pending appeal. If the Trustee were permitted to intervene, however, he could appeal as of right from an approval order, and under the Stipulation of Settlement that appeal would delay implementation of the Settlement (because the approval would not be "final"), thereby enabling the Trustee to block implementation without having to make the rigorous showing necessary to obtain a stay pending appeal.

2

BOIES, SCHILLER & FLEXNER LLP

effectively elected his remedy by moving in the Bankruptcy Court for injunctive relief to stop the Settlement. As the Trustee's letter makes clear, his grounds for opposing the Settlement will be identical to the arguments he has already made in the injunction motion – that he has "superior claims" to the FG Defendants' assets due to alleged SIPA preemption of state law claims and "displace[ment]" of Exchange Act claims (Letter at 2). Because the Trustee's arguments are already before the Court, and can be decided before objections to the Settlement are addressed, "as a practical matter" the disposition of the Settlement will have no further impact whatever on the Trustee's interests. Intervention is certainly not intended to give a litigant, such as the Trustee, two bites at the same apple.

The Trustee's assertions that "the Settlement would leave insufficient funds to satisfy the Trustee's claims" and that Plaintiffs would "benefit from stolen customer property" (Letter at 2) do not justify intervention. The Trustee does not deny that Plaintiffs, as feeder fund investors, are in a far worse position in terms of likely recoveries under his administration of the SIPA regime than are direct Madoff investors, even though common sense tells us that – having hired experienced investment managers, big-four auditors and a market-leading administrator and custodian – the Fund investors should be better protected from loss. The Settlement will reduce that unfair imbalance to some degree. Moreover, the Settlement specifically sets aside $30 million in an Escrow Fund (much of which is otherwise unreachable in an offshore trust) that the Trustee can collect if he can settle or win his case against the FG Defendants. Given that (i) the Trustee is limited to a claim of $154 million in two-year transfers (see *Picard v. FGL*, No. 12 Civ. 9408(VM), Trustee's Reply Brief (ECF no. 38) at 25-26 ($154 million); *Picard v. Katz*, 462 B.R. 447 (S.D.N.Y. 2011); *SIPC v. BLMIS*, No. 12 MC 115 (S.D.N.Y. Feb. 13, 2013), ECF no. 439 (Rakoff, J.) (two-year limitation); *Picard v. HSBC*, 454 B.R. 25, 36 (S.D.N.Y. 2011) (Trustee lacks standing to bring assigned customer claims); (ii) only some 30 percent of that amount (about $46 million) is traceable to BLMIS distributions (see *Picard v. FGL*, McKeefrey Decl. (ECF. no. 24) at 3); (iii) the Defendants will have assets remaining after funding the Settlement; and (iv) any reasonable settlement would discount the Trustee's claim significantly for litigation risk, the $30 million which **Plaintiffs** negotiated to make available to the Trustee is "sufficient to satisfy the Trustee's claims" without disrupting the Settlement.

**Prejudice to Parties.** "[J]eopardizing a settlement agreement [by moving to "intervene at such a late stage in the litigation"] causes prejudice to the existing parties." *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 72 (2d Cir. 1994); see, e.g., *New York News, Inc. v. Kheel*, 972 F.2d 482, 487 (2d Cir. 1992) (allowing intervention would upset settlement, resulting in substantial prejudice to settling parties); *Farmland Dairies*, 847 F.2d at 1044 (intervention would prejudice parties' interest in "avoiding continuing litigation" and realizing fruits of settlement).

For the foregoing reasons, a motion by the Trustee to intervene could not succeed, and the request to file it should be denied.

Respectfully yours,

David A. Barrett

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Anwar plaintiffs.

SO ORDERED.

2-28-13
DATE    VICTOR MARRERO, U.S.D.J.

3

BOIES, SCHILLER & FLEXNER LLP

cc: All Counsel in *Anwar*
    David J. Sheehan, Esq.
    Kevin H. Bell, Esq.