

RECEIVED
MAR 1 - 2013
CHAMBERS OF
JUDGE MARRERO

**SIMPSON THACHER & BARTLETT LLP**

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER

(212) 455-3475

E-MAIL ADDRESS

mcunha@stblaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/13

BY HAND

February 28, 2013

Re:   *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
      No. 09-cv-00118(VM) (S.D.N.Y.)

The Honorable Victor Marrero
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Dear Judge Marrero:

      I write on behalf of the Fairfield Defendants in response to the February 26, 2013 letter of David J. Sheehan, counsel for Irving Picard (the "Trustee"), the court-appointed Trustee in the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), in which he requests a pre-motion conference pertaining to the Trustee's intent to file a motion for limited intervention in the above referenced action ("*Anwar*"). According to Mr. Sheehan, the Trustee seeks to intervene in *Anwar* in order to lodge an objection to the proposed settlement entered into by the Representative Plaintiffs on the one hand, and Fairfield Greenwich Limited and Fairfield Greenwich (Bermuda) Limited on the other (the "Settlement"). The Fairfield Defendants would oppose any such motion and respectfully submit that a pre-motion conference is unnecessary because there is no valid basis for the Trustee to intervene in *Anwar*. The Court should reject at the outset the Trustee's latest effort to interfere with the Settlement because his request to intervene is untimely, his objection is already pending before this Court in the form of the Trustee's extensively briefed motion to enjoin the Settlement, and any further proceedings by the Trustee would only serve to delay the Court's consideration of the fairness of the Settlement to the prejudice of the settling parties.

      "Nonparties to a settlement generally do not have standing to object to a settlement of a class action." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 244 (2d Cir. 2007). A nonparty seeking to object to a settlement may seek to intervene under Rule 24, but courts "usually reject the outsiders' attempts to enter the litigation during the settlement phase." *Gould v.*

SIMPSON THACHER & BARTLETT LLP

The Honorable Victor Marrero -2- February 28, 2013

*Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989); *see also Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-cv-230, 2011 WL 1706778, at *5 (D. Vt. May 4, 2011).

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, a party seeking intervention as a matter of right must establish four conditions: "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). In addition, a court may grant permissive intervention if the application is timely and the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The court must also consider whether permissive intervention would "unduly delay or prejudice the adjudication of the rights of the existing parties." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000).

The Fairfield Defendants and the Representative Plaintiffs have addressed in detail in their submissions in opposition to the Trustee's motion to enjoin the Settlement why the Trustee has no property interest in the claims alleged in *Anwar* or the assets used to fund the Settlement. We do not rehash those points here, but note that a lack of interest in the litigation is fatal to a request for intervention for purposes of objecting to a settlement. *See Cent. States*, 504 F.3d at 244 (holding that "intervention would serve no purpose" where the proposed intervenor's rights "would not be impaired by the disposition of th[e] action"). Even setting aside the legal deficiencies in the Trustee's claimed property interest in *Anwar*, he cannot meet the other requirements for intervention as of right or by permission.

First, the Trustee's contemplated motion for intervention would be untimely. In assessing the timeliness of a motion to intervene, courts must "take into consideration the totality of the circumstances," including "how long the applicant had notice of its interest in the action before making its motion" and the risk of prejudice to parties involved. *In re Holocaust*, 225 F.3d at 198. Here, it cannot be disputed that the Trustee was aware of his alleged interest in the assets held by the Fairfield Defendants since the collapse of BLMIS and the filing of *Anwar* in 2008. If the Trustee believed intervention in *Anwar* was necessary to protect his alleged property interest, he should have sought to intervene at the outset of the litigation rather than prejudicing the parties by waiting more than four years until after they reached a settlement. *See id.* at 198-99. The Trustee's dubious suggestion[1] that he was surprised by the Settlement cannot justify his delay, even were it correct. *See id.* at 198 ("We have also rejected as sufficient justification for a delay in filing a motion to intervene the argument that the delay occurred because the order that triggered the need to

---

[1] The Trustee's suggestion is at odds with my face to face communication with his law partner on April 3, 2012, as set forth in my declaration submitted in support of the motion to withdraw the reference on the Trustee's proceeding to enjoin *Anwar*. *See* Decl. of Mark G. Cunha ¶ 4, P*icard v. Fairfield Greenwich Limited et al.*, No. 12 Civ. 9408 (S.D.N.Y. Jan. 29, 2013), ECF No. 29.

SIMPSON THACHER & BARTLETT LLP

The Honorable Victor Marrero — -3- — February 28, 2013

intervene came as a 'total surprise' to the proposed intervenors." (quoting *Catanzano v. Wing*, 103 F.3d 223, 233 (2d Cir. 1996)).

The Trustee's request is untimely even when viewed in the context of the Settlement proceedings. The Representative Plaintiffs simultaneously filed the Stipulation of the Settlement and moved for preliminary approval of the Settlement on November 6, 2012. On November 29, 2012, the Trustee filed his adversary proceeding seeking to enjoin the Settlement (the "Injunction Action"). The Court preliminary approved the Settlement by Order dated November 30, 2012, in which the Court directed all objections by Settlement Class Members to be filed by February 15, 2013 and scheduled a final hearing on the fairness of the Settlement for March 22, 2013 (the "Final Settlement Hearing"). Even if the Trustee was somehow surprised by the filing of the application seeking preliminary approval of the Settlement, the Trustee does not explain why he is creating the risk of delay by seeking intervention now,[2] nearly three months after the filing of the Injunction Action and only weeks before the Final Settlement Hearing.

Second, intervention is unnecessary because the Trustee has already taken steps to protect his alleged property interest through his Injunction Action and motion to enjoin the Settlement pending before this Court. In that regard, we note that the justification for intervention alleged by the Trustee in his letter has already been briefed by him in his motion to enjoin. *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (affirming the denial of intervention as of right and by permission where the applicant seeking to challenge a consent decree presented its arguments to the court by means other than intervention).

Finally, accommodating the Trustee's untimely application to intervene risks delaying the Final Settlement Hearing and upsetting the notice and other periods pertaining to the Settlement, all to the substantial delay of all parties to the Settlement.

The Fairfield Defendants respectfully request that the Court deny the Trustee's request for a pre-motion conference and consider the Trustee's objection in the context of the Injunction Action that already is pending before the Court.

Respectfully Submitted,

Mark G. Cunha

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Fairfield Defendants.

SO ORDERED.

3-1-13
DATE — VICTOR MARRERO, U.S.D.J.

---

[2] The Trustee claims that he seeks intervention now "[i]n the interests of judicial and party economy." The Fairfield Defendants are at a loss to understand how the filing of a duplicative objection through limited intervention would serve that end. If the Trustee truly sought to promote efficiency, he would have sought to intervene in *Anwar* at the same time he filed the Injunction Action, at which point the Court could have ordered coordinated briefing. At the very least, the Trustee could have raised this request before February 15, 2013, the Court-imposed deadline for Settlement Class Members to object to the Settlement.

SIMPSON THACHER & BARTLETT LLP

The Honorable Victor Marrero -4- February 28, 2013

cc: Counsel in Anwar (*by email*)
David J. Sheehan (*by email*)
Kevin H. Bell (*by email*)