

**SIMPSON THACHER & BARTLETT LLP**

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER

(212) 455-3475

E-MAIL ADDRESS

mcunha@stblaw.com

BY HAND

February 28, 2013

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
No. 09-cv-00118(VM) (S.D.N.Y.)

The Honorable Victor Marrero
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Dear Judge Marrero:

       I write on behalf of the FG Defendants[1] in regard to the Court's Decision and Order entered February 25, 2013 in the above referenced action ("Class Certification Order"), granting in substantial part Plaintiffs' motion for class certification, "subject to further adjustment or decertification as warranted as facts develop." Class Certification Order at 4.

       On November 30, 2012, the Court entered an Order (the "Preliminary Approval Order") preliminary approving the proposed settlement between Representative Plaintiffs[2] on the one hand, and Defendants Fairfield Greenwich Limited and Fairfield Greenwich (Bermuda) Limited on the other (the "Settlement"), which, if approved, provides for, among other things, the dismissal and release of all claims in this action against the FG

---

[1] For purposes of this letter, the "FG Defendants" are defined as Defendants Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Fairfield Heathcliff Capital LLC, Fairfield Greenwich Advisors, LLC, Fairfield Risk Services Ltd., Lourdes Barreneche, Vianney d'Hendecourt, Yanko Della Schiava, Corina Noel Piedrahita, Harold Greisman, Jacqueline Harary, Richard Landsberger, Daniel Lipton, Julia Luongo, Mark McKeefry, Maria Teresa Pulido Mendoza, Charles Murphy, Santiago Reyes, Andrew Smith, Philip Toub, Walter M. Noel, Jr., Andrés Piedrahita, Jeffrey Tucker, Amit Vijayvergiya, Cornelis Boele, David B. Horn, Robert A. Blum and Gregory Bowes.

[2] For purposes of this letter, the "Representative Plaintiffs" are defined as Pacific West Health Medical Center Employees Retirement Trust, Harel Insurance Company Ltd., Martin and Shirley Bach Family Trust, Natalia Hatgis, Securities & Investment Company Bahrain, Dawson Bypass Trust and St. Stephen's School.

BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES  PALO ALTO  SÃO PAULO  SEOUL  TOKYO  WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

The Honorable Victor Marrero -2- February 28, 2013

Defendants. The Preliminary Approval Order preliminarily certified a settlement class. *See* Preliminary Approval Order, attached as Exhibit A hereto, at ¶ 2. In addition, pursuant to paragraph 30 of the Preliminary Approval Order, the Court stayed all litigation of claims in this action between the Representative Plaintiffs and the FG Defendants pending further order of the Court (the "Stay").[3]

We respectfully are writing to clarify whether the Class Certification Order applies to the claims against the FG Defendants despite the Stay. If the Class Certification Order does in fact apply to the claims against the FG Defendants notwithstanding the Stay, the FG Defendants' time to file a motion for reconsideration or a petition seeking interlocutory appeal would arguably expire before the hearing on the fairness of the Settlement currently scheduled for March 22, 2013, forcing the FG Defendants (and also the Plaintiffs) to expend time and expense on briefing that may well be rendered moot within weeks.

Under the circumstances, we respectfully request the Court enter an order clarifying that, in light of the stay, the Class Certification Order does not at this time apply to the claims asserted in the action against the FG Defendants, but the applicability of the order to the FG Defendants will be revisited if the Court does not approve the Settlement or the Settlement fails to become effective for any other reason. In the alternative, we request the Court to grant the FG Defendants leave from the Stay for the limited purpose of filing a motion for reconsideration and/or pursuing an interlocutory appeal of the Class Certification Order.

Respectfully Submitted,

Mark G. Cunha

cc: Counsel in Anwar (*by email*)

> The Anwar plaintiffs are directed to respond by 3-4-13, by letter not to exceed three (3) pages, setting forth their views about the FG Defendants.
>
> **SO ORDERED.**
>
> 3-1-13
> DATE   VICTOR MARRERO, U.S.D.J.

---

[3] Specifically, the Preliminary Approval Order reads: "Pending final determination of whether the Settlement should be approved or further order of the Court, the Court hereby stays all litigation of claims and related discovery in the Action between the Representative Plaintiffs and Settlement Class Members on one hand and the FG Defendants on the other, except as provided in the Stipulation and as necessary to carry out or comply with the terms and conditions of the Stipulation." Ex. A at ¶ 30.

# EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA ANWAR, *et al.*,<br><br>                              Plaintiffs,<br>v.<br>FAIRFIELD GREENWICH LIMITED, *et al.*,<br><br>                              Defendants. | Master File No. 09-cv-118 (VM) (FM) |

### ORDER PRELIMINARILY APPROVING SETTLEMENT
### AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT

WHEREAS, a class action is pending before the Court entitled *Pasha Anwar, et al. v. Fairfield Greenwich Limited, et al.*, Civil Action 09-cv-118 (VM), United States District Court for the Southern District of New York (the "Action");

WHEREAS, the Court has reviewed the Stipulation of Settlement dated as of November 6, 2012 (the "Stipulation"), which has been entered into by the Representative Plaintiffs (on behalf of the Settlement Class) and the Settling Defendants (the "Settling Parties");

WHEREAS, the Stipulation which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed partial settlement and dismissal of the Action with prejudice (the "Settlement");

WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement, and the Court having read and considered the Stipulation, the exhibits annexed thereto, and submissions made relating to the Settlement;

WHEREAS, the Settling Parties have consented to the entry of this Order; and

WHEREAS, all capitalized and defined terms contained herein shall have the same meaning as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons who were Beneficial Owners of shares or limited partnership interests in the Funds as of December 10, 2008 (whether as holders of record or traceable to a shareholder or limited partner account of record), and who suffered a Net Loss of principal invested in the Funds, excluding (i) those Persons who timely and validly request exclusion from the Settlement Class; (ii) Fairfield Sigma Limited, (iii) Fairfield Lambda Limited, (iv) any Settlement Class Member who has been dismissed from this Action with prejudice; and (v) the FG Defendants and any entity in which the FG Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, immediate family members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such ("Settlement Class Members").

3. The Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law or fact common to the Settlement Class Members that predominate over any

2

individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Representative Plaintiffs fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, the Representative Plaintiffs are appointed as the class representatives on behalf of the Settlement Class, and Boies, Schiller & Flexner LLP, Wolf Popper LLP, and Lovell Stewart Halebian Jacobson LLP are hereby appointed Lead Counsel for the Settlement Class ("Plaintiffs' Lead Counsel"). Plaintiffs' Lead Counsel have the authority to enter into the Stipulation on behalf of the Settlement Class and are authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement.

5. The Court finds that: (a) the Stipulation resulted from good faith, arm's-length negotiations; and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. The Settlement Hearing shall be held before the Honorable Victor Marrero on _March 22_, 2013, at _11:00_ .m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, to determine whether the proposed partial Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal with Prejudice ("Final Judgment")

3

as provided in Exhibit B to the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; whether to approve the Representative Plaintiffs' application for their reasonable costs and expenses (including lost wages and an incentive award) directly relating to their representation of the Settlement Class; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel; and to rule upon such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to Settlement Class Members.

7.   The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Expenses (the "Notice"), the Summary Notice ("Summary Notice"), and the Proof of Claim and Release form (the "Proof of Claim"), annexed as Exhibits A-1, A-2 and A-3 to the Stipulation.

8.   The Court appoints Rust Consulting as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims, as follows:

(a)   Not later than ten (10) days after the date of this Order, the Settling Defendants, and defendants Citco Fund Services (Europe) B.V., Citco Canada, Inc., and GlobeOp Financial Services LLC shall provide to Plaintiffs the last known name and address of record owners of shares or limited partnership interests in the Funds as of December 2008 in electronic format in the form currently maintained, without redaction, and subject to the Confidentiality Order in this Action (Dkt. No. 591).

(b)   Not later than fifteen (15) days after the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim,

4

substantially in the forms annexed as Exhibits A-1 and A-3 to the Stipulation, to be mailed by first class mail to all record owners of shares or limited partnership interests in the Funds as of December 10, 2008 and all Settlement Class Members who can be identified with reasonable effort;

(c)  Not later than thirty (30) days after the date of this Order, the Claims Administrator shall cause the Summary Notice to be published in the international and North American editions of The Wall Street Journal on two occasions at least seven days apart, and shall cause the Summary Notice to be published for international distribution over PR Newswire.

9.  Record owners who are nominees or custodians who held as of December 10, 2008, or currently hold, shares or limited partnership interests of the Funds for the benefit of Settlement Class Members shall within ten (10) days of receipt of the Notice and Proof of Claim as provided in ¶ 8(b) hereof, either (i) request additional copies of the Notice and Proof of Claim sufficient to send the Notice and Proof of Claim to all Beneficial Owners for whom they are nominee or custodian, and within fifteen (15) days after receipt thereof send copies to such Beneficial Owners; or (ii) provide a list of the names, addresses and email addresses of such Beneficial Owners to the Claims Administrator, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim to such Beneficial Owners. Nominees who elect to send the Notice and Proof of Claim to their Beneficial Owners shall send a statement certification to the Claims Administrator confirming that the mailing has been made as directed. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to Beneficial Owners, which expenses would not have

been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10. Not later than fifteen (15) days after the date of this Order, the Claims Administrator shall cause the Stipulation and its exhibits, this Preliminary Approval Order, and a copy of the Notice to be posted on the following website: www.rustconsulting.com.

11. Not later than eighty (80) days after the date of this Order, Plaintiffs' Lead Counsel shall cause to be filed with the Court proof, by affidavit or declaration, of the mailing and publishing required by this Order.

12. The forms and methods set forth herein of notifying Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto.

13. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, unless such Persons request exclusion from the Settlement Class in a timely and proper manner.

14. Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any request for exclusion must be in the form of a written, signed statement (the "Request for Exclusion") and received by the Claims Administrator at the address designated in the Notice on or before 35 days prior to the Settlement Hearing (the "Exclusion Deadline").

15. In order to be valid, each such Request for Exclusion (A) must state the name, address, email address and telephone number of the Person seeking exclusion; state that the sender "requests exclusion from the Settlement Class in *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, Case No. 09-cv-118," and state (i) the full name of the Fund(s) purchased; (ii) the date(s), number and dollar amount of shares or limited partnership interests purchased, and of any redemption transactions; (iii) the dates and amounts of any other recoveries the Person has received in respect of that Person's investment in the Fund(s); and (iv) the number of shares or limited partnership interests held by that Person in the Fund(s) as of December 10, 2008; and (B) must be submitted with documentary proof (i) of all transactions in Fund shares or limited partnership interests; and (ii) demonstrating the Person's status as a Beneficial Owner of the Fund(s). Any such Request for Exclusion must be signed and submitted by the Beneficial Owner.

16. A Request for Exclusion shall not be valid or effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. The Claims Administrator shall provide all Requests for Exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely Request for Exclusion.

17. Any Settlement Class Member who submits a Request for Exclusion shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter on account of such submission, and any Settlement Class Member who submits a Proof of Claim

7

thereby submits to the jurisdiction of this Court with respect only to the subject matter of such Proof of Claim and all determinations made by this Court thereon and shall not be deemed to have submitted to the jurisdiction of this Court or of any court in the United States for any other matter on account of such submission.

18. Any Person that submits a Request for Exclusion may thereafter submit to the Claims Administrator a written revocation of that Request for Exclusion, provided that it is received no later than two business days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

19. All Persons who submit a valid, timely and unrevoked Request for Exclusion will be forever barred from receiving any payments pursuant to the Settlement.

20. Any Settlement Class Member who wishes to share in the distribution of the proceeds of the Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be received by the Claims Administrator no later than one hundred and twenty (120) days after the Notice Date. Any Settlement Class Member who does not submit a Proof of Claim and the information and documentation required therein within the time allowed shall be barred from sharing in the distribution of the proceeds of the Settlement, unless otherwise ordered by the Court.

21. Except where a Settlement Class Member who submits a Request for Exclusion commences or otherwise prosecutes or pursues a Released Claim against a Released Party, all information submitted by a Settlement Class Member in a Request for Exclusion or a Proof of Claim shall be treated as confidential protected information and may not be disclosed by the

Claims Administrator, its affiliates or the Settling Parties to any third party absent a further order of this Court upon a showing of necessity, and any such information that is submitted to the Court shall be filed under seal.

22. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. Absent entry of an appearance by counsel, Settlement Class Members will be represented by Plaintiffs' Lead Counsel.

23. Any Settlement Class Member may appear and show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and reimbursement of expenses or an incentive award should or should not be awarded to Plaintiffs' Counsel or the Representative Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment, or any other order relating thereto, unless that Person has filed appropriate objections, affidavits and briefs with the Clerk of the United States District Court for the Southern District of New York, on or before thirty-five (35) days prior to the Settlement Hearing and delivered copies of any such papers to counsel identified in the Notice on or before such date. Any Settlement Class Member who does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

9

24. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

25. All papers in support of the Settlement, the Plan of Allocation, Representative Plaintiffs' application for reimbursement of expenses or an incentive award, and the application for attorneys' fees or expenses, shall be filed and served not later than fifty (50) days prior to the Settlement Hearing. Any reply papers shall be filed and served no later than fourteen (14) days prior to the Settlement Hearing.

26. The Settling Defendants, their counsel and the Released Parties shall have no responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel or the Representative Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

27. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement, including payment of any taxes, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Representative Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund to pay for such expenses.

28. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession

10

by the Settling Defendants or any of the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Representative Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Representative Plaintiffs of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this Action.

29. The Settling Defendants may elect to terminate the Settlement only as provided in the Stipulation. In such event, or in the event the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be rendered null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each shall be restored to his, her or its respective litigation positions as they existed prior to the execution of the Stipulation.

30. Pending final determination of whether the Settlement should be approved or further order of the Court, the Court hereby stays all litigation of claims and related discovery in the Action between the Representative Plaintiffs and Settlement Class Members on one hand and the FG Defendants on the other, except as provided in the Stipulation and as necessary to carry out or comply with the terms and conditions of the Stipulation.

31.  Except as provided in the Stipulation, pending final determination of whether the Settlement should be approved or further order of the Court, no potential Settlement Class Member, whether directly, representatively or in any other capacity, and whether or not such Persons have appeared in the Action, shall commence or prosecute in any court or forum any proceeding involving the subject matter of any of the Released Claims against any of the Released Parties. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

32.  The Court reserves the right to consider all further applications arising out of or connected with the Stipulation. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class, where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

IT IS SO ORDERED.

DATED: 30/November 2012

The Honorable Victor Marrero
United States District Judge