# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

February 28, 2013

**VIA OVERNIGHT DELIVERY**

The Hon. Victor Marrero
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  Anwar v. Fairfield Greenwich
     No. 09-cv-118 (S.D.N.Y.)
     Standard Chartered Cases

Dear Judge Marrero:

I am counsel for the *Maridom* Plaintiffs and am writing as Liaison Counsel for the Standard Chartered Plaintiffs' Steering Committee.

This letter requests a conference to determine if, as the Standard Chartered Defendants contend, the Standard Chartered Plaintiffs' recently submitted Requests for Admission need not be answered solely because the deadline for discovery had passed when they were submitted.[1]

## Summary

There is a split in the case law on whether the timing of Requests for Admission is governed by a discovery cutoff, and there is no binding authority on this Court. But a review of the purposes of Rule 36 yields the conclusion that subjecting Requests for Admission to a discovery cutoff fail to take account of those purposes and the requirement under Rule 1 that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

There can be no dispute that the purpose of Rule 36 is to streamline the case by eliminating uncontested facts and issues, as opposed to seeking new information, which is one of the purposes of

---

[1]  Provided with this letter are the Requests for Admission, *sans* exhibits, and the Defendants' Response. If the Court requests that the exhibits also be provided, the Plaintiffs will do so promptly.

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

Hon. Victor Marrero
February 28, 2013
Page 2

discovery. This is why many cases and the leading authority both regard requests for admission as "not discovery," and that, even if they are "discovery devices," tying them to a discovery cutoff runs counter to the very purpose of Rule 36 and the overall goals of the Rules.

Even the one case cited by the Defendants expressly states that the rule they seek to invoke is not an ironclad rule. The facts show that, even if there is such a rule, it should not be applied in this case. The Plaintiffs, therefore, submit that the Court should hold that the Plaintiffs' requests for admission are not subject to the discovery deadline and should order they be responded to promptly.[2]

## Facts

The discovery deadline in this case was May 2, 2012. Thereafter, expert reports were exchanged, the last ones (the Defendants') being delivered on December 12, 2012. Next on the agenda in this case are depositions of the experts. The case is not close to being near trial. There is no deadline for submitting motions for summary judgment. There is no trial date.[3] The Plaintiffs' request to set aside the Magistrate Judge's order concerning the submission of otherwise unauthorized sur-rebuttal expert reports is *sub judice*.

On January 24, 2013, the Plaintiffs propounded Requests for Admission on the Defendants. The Defendants have objected on the ground

---

[2]   The Defendants, in yet another delay tactic, have interposed only general objections and have purported to "reserve the right to supplement their general objections and to make specific and individualized objections to each separate Request in the event that any further response to the Requests is required." Response, at 4. There is no such right. All objections need have been incorporated in their response to the Requests for Admission. Rule 36(a)(5) plainly states: "The grounds for objecting to a request must be stated." It does not state that *some* of the grounds can be stated first, followed by the meting out of additional grounds if the objector's first try is rejected.

[3]   Indeed, since the vast majority of the Standard Chartered Cases were transferred to this Court solely for pretrial purposes by the Judicial Panel on Multi-District Litigation, it is undecided when these cases will even be ripe for decision concerning where they will be tried.

Hon. Victor Marrero
February 28, 2013
Page 3

that the timing for promulgation of our Requests for Admission is governed by the pretrial order's deadline for conducting "discovery." The issue, therefore, is whether a discovery cutoff affects the time to promulgate requests for admission.

## Discussion

The question of whether requests for admission are subject to a discover cutoff is purely one of law. There is a split of authority on the issue but none is binding on this Court. Plaintiffs submit that the more well-reasoned decisions are those that base their rationale on the purpose of requests for admission, concerning which there is virtually no dispute, and hold that a discovery cutoff does not bar the submission of subsequent requests for admission.

As a starting point, all agree that the purpose of requests for admissions is to narrow the scope of litigation by streamlining and eliminating undisputed facts and issues, and many courts and a leading authority state that Requests for Admission are not discovery devices. Thus, as former Magistrate Judge Katz wrote, "Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). *Accord Nguyen v. Winter*, 756 F.Supp.2d 128, 129 (D.D.C. 2010)("Requests for Admission are not a discovery device but are designed to narrow the issues for trial."); *McFadden v. Ballard, Spahr, Andrews, and Ingersoll, LLP*, 243 F.R.D. 1, 7 (D.D.C. 2007)("Requests for Admissions are not a discovery device but are designed to narrow the issues for trial."); *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) ("The purpose of this rule is to allow for the narrowing or elimination of issues in a case. The rule is not properly speaking a discovery device, rather it is a procedure for obtaining admissions for the record of facts already known by the seeker.") (quotation and citation omitted).

Similarly, a leading authority flatly states that "[s]trictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." 8B Wright & Miller, *Federal Practice and Procedure* § 2253 (3d ed. 2012).

Given the undeniable purpose of requests for admission, this Court should require a response to the Plaintiffs' Requests for Admission in accordance with Rule 36 because: (1) they are not designed to ascertain new facts, but rather they are designed to streamline and eliminate facts rendering the elapsed deadline for fact discovery irrelevant; and (2) to disallow these requests for admissions would defeat the purpose for which they serve in litigation.

The Requests in this case plainly serve the purpose for which Rule 36 was designed, and thus it is particularly appropriate that they be permitted despite being served after the discovery cutoff. There are 276 individual requests. Approximately 240 of these requests deal with authenticating particular documents or establishing their status as business records under the Rules of Evidence. The vast majority of the documents were deposition exhibits in these cases. These requests, therefore, do not seek to plow new ground, but rather largely attempt to lessen the time needed to authenticate and permit admission of likely exhibits at trial.

While, admittedly, there is a division among the cases, there is considerable authority to support the proposition that requests for admissions are *not* subject to a discovery cutoff. *Greenfield v. Memorial Sloan Kettering Hospital*, No. 95 Civ. 7658 KTD, 2000 WL 351395, at *4-5 (S.D.N.Y. Apr. 5, 2000) ("Because I find that a Request for Admissions is not a discovery device as contemplated by the November 13, 1998 scheduling conference, the present motion is denied and the Defendants are hereby ordered to answer the Request for Admissions within 30 days."); *O'Neill v. Medad*, 166 F.R.D. 19, 21-22 (E.D. Mich. 1996) ("Simply because Rule 36 is included in the section of rules governing discovery is not enough reason to restrict the use of requests for admissions by confining them to discovery dates"); *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 615 (W.D. Tenn. 1989) ("When the intended functional purpose of Rule 36 is considered, the fact that the rule on requests for admissions is included in the discovery section of the Federal Rules of Civil Procedure seems little reason to cut off the reasonable utilization of requests for admissions before trial as is usually done with discovery. This court concludes that the Rule 36 request for admissions is not included within the parameters of a general cutoff for discovery in a scheduling order."); *Carousel Candy Co. v. Weber*, 38 B.R. 927, 936 (Bankr. E.D.N.Y. 1984) ("[T]he Court holds that the defendant['s] . . . objection to plaintiff's Requests for Admission on the ground that they were served on

defendants after the date by which all discovery was to be concluded is without merit. Requests for Admissions, pursuant to FRCP 36, are in the nature of a Pre-Trial Order in that they are designed to narrow issues and eliminate those over which there is no dispute. They are not designed to be a discovery device . . ."). *Cf. Kershner v. Beloit Corp.*, 106 F.R.D. 498, 498 (D. Me. 1985) (requiring response; while party should have sought extension of discovery deadline, purposes of Rule 36 would be advanced by requiring response, given "the indisputable conclusion that a response to the request is highly likely to save the parties time and expense and to benefit the Court by avoidance of unduly prolonging the trial for no significant purpose," and opposing party showed no prejudice).

The conclusions in these cases follow from the purpose of requests under Rule 36, rather from, for example, the fact that Rule 36 lies between traditional discovery devices and Rule 27. But deciding whether requests for admission are either fish or fowl is not even the point. The real question is whether the purposes of the Federal Rules are best served by subjecting them to a discovery cutoff. Rule 1 commands that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." This is one of those instances where resort to Rule 1 is a fruitful exercise in determining how to "construe and administer" Rule 36 in this case.

In a case with as many documents and witnesses as this case, establishing a blanket rule requiring requests for admission to be served before the discovery cutoff serves no purpose and actually runs counter to common experience. Since requests for admissions require a party to have already ascertained the facts or documents underlying each request, it necessarily follows that the party seeking to promulgate a Rule 36 request needs time to sift through discovery to determine what documents it will need at trial, thus being proper candidates for mention in a Rule 36 request. It is impractical to assume that a party in a case with hundreds of thousands of documents produced is bound, while completing fact discovery, both to conduct a comprehensive analysis of documents gathered during discovery -- including documents produced late in the game -- and to complete comprehensive requests for admission during the same time period. This argument is supported by the common-sense view of Rule 36 by the Tenth Circuit fifty years ago in *Champlin v. Oklahoma Furniture Mfg. Co.*, 324 F.2d 74, 76 (10th Cir. 1963), still true today:

Hon. Victor Marrero
February 28, 2013
Page 6

> The Rule serves a very useful purpose in that it encourages admissions and thus, in many cases, eliminates the necessity of the formal proof of relevant facts. It is most advantageously used for that purpose prior to the pretrial conference, and the facts established by the answers to the request for admission may, as was done in this case, be incorporated into the pre-trial order as undisputed material facts in the case, provided, the parties are in agreement about such facts.

To justify their refusal to answer the Requests for Admission, the Defendants cite this Court's decision in *Fournier v. Erickson*, 242 F. Supp. 2d 318, 334 (S.D.N.Y. 2003). In *Fournier*, the Court's analysis was as follows:

> Fact discovery in this case concluded on July 20, 2001. Expert discovery concluded on September 14, 2001. Fournier's RFA was made over a year later, and Defendants refused to respond on grounds of untimeliness. Requests for admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure are generally bound by fact discovery deadlines. *See Cespedes v. Coughlin*, 179 F.R.D. 122, 125-26 (S.D.N.Y.1998); *Siao-Pao v. George*, No. 90 Civ. 5376, 1992 WL 236184, at *3 (S.D.N.Y. Sept. 10, 1992). While the Court has discretion to compel a response to untimely requests for admissions, *see, e.g., Revlon Consumer Corp. v. Estee Lauder Co., Inc.*, No. 00 Civ. 5960, 2001 WL 521832, at *1 (S.D.N.Y. May 18, 2001), the Court has been presented with no compelling reason to do so, especially where, as here, the request is made more than one year after the discovery deadline and on the eve of trial. For these reasons, that portion of Fournier's motion seeking to compel Defendants to respond to the RFA is denied.

It is noteworthy, of course, that *Fournier* does not announce an iron-clad rule that all requests for admission must be served before the discovery cutoff. Nor does *Fournier*, or either of the two cases on which it relies, *Cespedes* and *Siao-Pao*, discuss the purposes of Rule 36 and whether subjecting requests for admission to a discovery cutoff serves those purposes. Indeed, *Fournier* and the cited *Revlon* case show precisely why, even if requests for admissions *are* "discovery devices" and even if they *are* sometimes subject to a discovery cutoff, that does not mean that Defendants should not be required to answer the Requests for Admission *in this case*:

Hon. Victor Marrero
February 28, 2013
Page 7

First, we are not "on the eve of trial." *Fournier, supra*. Second, because, as in *Revlon*, the parties still have [at least] two months before the close of expert discovery." *Revlon Consumer Prod. Corp. v. Estee Lauder Co., Inc.*, 50 Fed. R. Serv. 3d 254 (S.D.N.Y. 2001). In other words, "no harm, no foul."

These requests for admissions are intended to fulfill the true purpose of Rule 36 and, therefore, should not be estopped by a determination based largely on where Rule 36 appears in the Rules. Whereas discovery is expansive in nature with the aim of ascertaining as many material facts and issues as possible, requests for admissions are constrictive in nature with the aim of narrowing the scope of the case in anticipation of trial. Such are the requests for admission propounded by the Plaintiffs. They are designed to streamline and narrow the issues and facts left to be proven at trial; and to bring this action closer to resolution—whether it is by settlement, summary judgment, or a decision on the merits. Requiring the Standard Charted Defendants to respond to these Requests would therefore promote judicial economy at later stages of this litigation.

Respectfully yours,

The Brodsky Law Firm, PL

*[signature]*

Richard E. Brodsky
Attorneys for Maridom Plaintiffs
Liaison Counsel, Plaintiffs' Steering Committee

cc:   Counsel for Standard Chartered Defendants
      Members of Standard Chartered Plaintiffs' Steering Committee

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Standard Chartered Plaintiffs

**SO ORDERED.**

3-/-/3
DATE           VICTOR MARRERO, U.S.D.J.