# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

March 5, 2013

**VIA FACSIMILE TRANSMISSION**

The Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/13
```

Re:   Anwar v. Fairfield Greenwich
      No. 09-cv-118 (S.D.N.Y.)
      <u>Standard Chartered Cases</u>

Dear Judge Marrero:

    I am counsel for the *Maridom* Plaintiffs and am writing as Liaison Counsel for the Standard Chartered Plaintiffs' Steering Committee.

    In their March 4, 2013 letter in response to the Standard Chartered Plaintiffs' February 28, 2013 letter to Your Honor concerning the Plaintiffs' Requests for Admission, the Defendants merely cite cases that hold that Requests for Admission must be served before the end of discovery, but wholly ignore two important points made by the Plaintiffs in their letter: (1) the purpose of Rule 36 (streamlining trial by eliminating factual issues concerning plainly relevant documents and plainly relevant facts concerning which there is no doubt but proof of which would take unnecessary time), reflecting the overriding purpose of the Federal Rules, and (2) the procedural posture of this case (no trial date, not even a ruling on where trial will be held, expert depositions not even scheduled).

    The Plaintiffs have readily acknowledged that there is authority on both sides of the question of whether requests for admission are bound by discovery deadlines. The issue, however, is not as simple as toting up the cases and deciding on the basis of which position seems to be in the majority. Rather, Rule 36, like all Federal Rules of Civil Procedure, "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding," as required by Rule 1. Plainly, when the issue is thus considered, the most reasonable answer is that the Defendants should be required to answer the Requests for Admission.

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

The Hon. Victor Marrero
March 5, 2013
Page 2

If the Court orders that the Defendants answer the Requests for Admission, the burden on the Defendants will be light and the benefit will be great, assuming that the Defendants follow the mandate of Rule 36 and answer the requests in good faith.

Sincerely yours,

The Brodsky Law Firm, PL

Richard E. Brodsky

Attorneys for *Maridom* Plaintiffs
Liaison Counsel, Plaintiffs' Steering Committee

cc:  Counsel for Standard Chartered Defendants
     Members of Standard Chartered Plaintiffs' Steering Committee

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiffs.

SO ORDERED.

3-6-13
DATE     VICTOR MARRERO, U.S.D.J.