# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212 446 2300 • FAX 212 446 2350

March 4, 2013

**BY FACSIMILE**

Judge Victor Marrero
United States District Court
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/13
```

      Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.,*
           No. 09-cv-00118(VM) (S.D.N.Y.)

Dear Judge Marrero:

      On behalf of Plaintiffs, we respond to the February 28, 2013 letter to the Court from Mark G. Cunha, counsel for the FG Defendants. As Mr. Cunha notes, paragraph 30 of the Court's Order Preliminary Approval the Settlement (ECF no. 1008, the "Preliminary Approval Order") imposed a stay of "all litigation . . . in the Action between [Plaintiffs] and the FG Defendants." In light of that stay, Plaintiffs join in the FG Defendants' request that the Court enter an order clarifying that the Decision and Order of February 25, 2013 (ECF no. 1052, the "Class Certification Order"), does not apply to Plaintiffs' claims against the FG Defendants at this time. As Mr. Cunha notes, the requested clarification would avoid any need for what, we hope, would be unnecessary motion practice prior to the final fairness hearing on March 22, 2013.

      In connection with the Class Certification Order, Plaintiffs further note that in paragraph 2 of the Preliminary Approval Order, the Settlement Class was defined in relevant part as:

> [A]ll Persons who were Beneficial Owners of shares or limited partnership interests in the Funds as of December 10, 2008 (whether as holders of record or traceable to a shareholder or limited partner account of record), and who suffered a Net Loss of principal invested in the Funds . . . .

Under this definition, the Settlement Class does *not* exclude persons from a number of countries that were excluded in the Class Certification Order (the "Excluded Countries").

      Plaintiffs and the FG Defendants are in agreement that no change in the definition of the Settlement Class is necessary in light of the Class Certification Order. In other words, the Settling Parties intend that the Settlement, as agreed by the parties and

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
March 4, 2013
Page 2

preliminarily approved by the Court, should cover beneficial owners of the Funds on a worldwide basis without excluding beneficial owners in any countries.

As the Class Certification Order makes clear, the question whether a United States class action judgment would be enforceable in other countries is a hotly-contested issue, just like many other issues in the Action. The Parties were, of course, fully aware of and familiar with that issue when they executed the Stipulation of Settlement, having exhaustively briefed it and "presented . . . extensive dueling expert reports" (Class Certification Order at 19). Having considered that contested issue along with all other aspects of the case, the Settling Parties agreed to the Settlement Class definition as part of the bargain in a heavily-negotiated overall agreement.[1]

It is axiomatic that certification of a settlement class in a securities case is "the best, most practical way to effectuate settlements involving large numbers of claims . . . ." *In Re Giant Interactive Group, Inc. Sec. Litig.*, 279 F.R.D. 151, 158 (S.D.N.Y. 2011). Courts in this District and elsewhere regularly certify worldwide settlement classes although judgment recognition issues (*see* Class Certification Order at 16-39) may arise in the context of a litigated class. *See, e.g., In re Giant Interactive*, 279 F.R.D. at 159 (superiority requirement satisfied for settlement class comprising of thousands of owners geographically dispersed in U.S., Canada and China); *Taft v. Ackermans*, 2007 U.S. Dist. LEXIS 9144 (S.D.N.Y. January 31, 2007) (certifying settlement class in securities action with several thousand class members around the world); *In re Lloyd's Am. Trust Fund Litig.*, 2002 U.S. Dist. LEXIS 22663 (S.D.N.Y. November 26, 2002) at *5 (certifying settlement class of over one thousand members from dozens of countries including France, Switzerland, South Africa, England and Canada); *In re Royal Ahold N.V. Sec. and ERISA Litig.*, 437 F. Supp. 2d 467 (D. Md. 2006) (certifying a worldwide settlement class in securities action with class and related claims barred in any forum); *Anwar v. Fairfield Greenwich Group (DaSilva Ferreira v. EFG Capital*, No. 11 Civ. 0813 (VM), ECF no. 890 (Final Judgment June 1, 2012)) (while defendant raised res judicata issues in class certification briefing, the parties agreed on settlement class covering all relevant countries).

Accordingly, Plaintiffs agree with the FG Defendants' request that the Class Certification Order should not apply to Plaintiffs' claims against the FG Defendants. As will be further discussed in Plaintiffs' Reply Memorandum in support of final approval of the Settlement, we will request that in the event the Court grants final approval, the

---

[1] The non-settling Defendants have not objected to the definition of the Settlement Class. The scope of the class in the continuing litigation against the non-settling Defendants will be as defined in the Class Certification Order.

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
March 4, 2013
Page 3

definition of the Settlement Class should remain as set forth in the Preliminary Approval Order. The FG Defendants join in this request.

Respectfully yours,

David A. Barrett

cc: Counsel in Anwar (*by email*)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiffs.

SO ORDERED.

3-6-13
DATE        VICTOR MARRERO, U.S.D.J.