# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1 212 558 3500
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/13

March 4, 2013

By Facsimile

The Honorable Victor Marrero,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street,
                New York, New York 10007.

   Re: *Anwar v. Fairfield Greenwich Ltd.*,
     No. 09-CV-118 (S.D.N.Y.) -- Standard Chartered Cases

Dear Judge Marrero:

    We write on behalf of the Standard Chartered Defendants ("Standard Chartered") in response to the February 28, 2013 letter from the Standard Chartered Plaintiffs' Steering Committee requesting a discovery conference to discuss plaintiffs' requests for admission.[1]

    Fact discovery in the Standard Chartered Cases closed on May 4, 2012. On January 24, 2013, plaintiffs served 276 individually-numbered requests for admission. On February 28, 2013, plaintiff Headway Investment Corporation ("Headway") served an additional 65 requests for admission.[2] Standard Chartered objects to these 341 requests for admission as untimely, overly broad and unduly burdensome. Standard Chartered thus respectfully asks that the Court quash both sets of requests in their entirety.

---

  [1] By orders dated February 19, 2009 and June 12, 2012, the Court referred all scheduling and discovery matters to Magistrate Judge Frank Maas. (ECF Nos. 50, 893.) Standard Chartered is providing a copy of this letter to Judge Maas. Both this Court and Judge Maas limit letters requesting a pre-motion conference to three pages.

  [2] Headway's counsel is a member of the plaintiffs' Steering Committee. Plaintiffs did not indicate why they did not coordinate their discovery efforts as required by the Second Amended Scheduling Order Regarding Standard Chartered Cases. (ECF No. 602, ¶ 4.) Standard Chartered will provide a copy of the Headway requests for admission at the Court's request.

The Honorable Victor Marrero                                                                          -2-

As plaintiffs acknowledge, Your Honor previously ruled on the very question on which they seek guidance. (Pls.' Letter at 6.) In *Fournier v. Erickson*, 242 F. Supp. 2d 318, 334 (S.D.N.Y. 2003), the Court declined to require a response to requests for admission served after the close of discovery because the requests were "not timely made." As the Court explained, "[r]equests for admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure are generally bound by fact discovery deadlines." *Id.* (citing cases). *Fournier* is entirely consistent with other recent decisions in this Circuit.[3] Indeed, several courts have ruled that requests for admission must be propounded far enough in advance of the discovery cut-off such that responses are due before discovery ends.[4]

Plaintiffs cite two cases from this District that address untimely requests for admission, neither of which supports plaintiffs' service of requests for admission more than eight months after the close of fact discovery. In *Revlon Consumer Products Corp. v. Estee Lauder Cos.*, No. 00 Civ. 5960 (RMB) (AJP), 2001 WL 521832, at *1 (S.D.N.Y. May 16, 2001) (Pls.' Letter at 7), the court permitted requests that had been served 29 days before the close of fact discovery due to a messenger's failure to pick them up on the prior business day. In *Greenfield v. Memorial Sloan Kettering Hospital*, No. 95 Civ. 7658 (KTD), 2000 WL 351395, at *4-*5 (S.D.N.Y. Apr. 5, 2000) (Pls.' Letter at 4), the court permitted requests for admission served 40 days after the close of

---

[3]     See *Katz v. Mogus*, No. 07 Civ. 8314 (PKC) (KNF), 2010 WL 1140873, at *2 n.4 (S.D.N.Y. Mar. 18, 2010) (requests for admission served 18 days after close of discovery were untimely); *Stephanski v. Arnone*, No. 04-CV-552A, 2008 WL 413301 at *4 (W.D.N.Y. Feb. 13, 2008) (declining to allow untimely requests for admission or treat them "as a request to extend the discovery deadline"); *Brodeur v. McNamee*, No. 3:02-CV-823 NAM/DEP, 2005 WL 1774033, at *2 (N.D.N.Y. July 27, 2005) ("[T]he majority of courts which have addressed the precise issue now presented have concluded that requests for admissions should be subject to case management discovery deadlines.") (collecting cases). See also 7 James W. Moore, MOORE'S FEDERAL PRACTICE § 36.02[2], at 36-11 (3d ed. 2000) ("Generally, the limitations and deadlines applicable to other discovery devices also apply to requests for admissions."); 8B Wright, Miller, Kane & Marcus, FED. PRAC. & PROC. CIV. § 2257 (3d ed.) ("[R]equests for admissions have been held subject to discovery cutoff dates."); 2 Michael C. Silberberg, CIVIL PRACTICE IN THE SOUTHERN DISTRICT OF NEW YORK § 23.04, at 23-6 (2d ed. 2001) ("Even though they are not a discovery device, requests for admission must nonetheless be served before the discovery cut-off.") (citing cases).

[4]     See *Joseph L. v. Conn. Dept. of Children & Families*, 225 F.R.D. 400, 402-03 (D. Conn. 2005) (collecting cases and barring requests for admission served one day before close of discovery); *Millenium Expressions, Inc. v. Chauss Mktg., Ltd.*, No. 02 Civ. 7545 (RMB) (JCF), 2003 WL 22853043, at *1 (S.D.N.Y. Nov. 7, 2003) (barring requests for admission served two days before close of discovery).

The Honorable Victor Marrero     -3-

discovery, in large part because the requests were based on a document received two weeks before the close of fact discovery. Even if *Revlon* and *Greenfield* carved out a narrow exception for requests for admission served very near the close of fact discovery, that exception would not apply here.

Lastly, plaintiffs assert that their requests seek to "streamline and eliminate facts" or "authenticate and permit admission of likely exhibits at trial." (Pls.' Letter at 4.) That stated goal "does not lead to the conclusion that [requests for admission] may be utilized in a wholesale fashion after discovery has been closed." *Bailey* v. *Broder*, No. 94 Civ. 2394 (CSH) (SEG), 1997 WL 752423, at *3 n.3 (S.D.N.Y. Dec. 5, 1997) (striking 237 untimely requests for admission).[5] Rather, should these cases proceed to trial, the parties undoubtedly will – on a reciprocal basis and at the appropriate time – identify the triable issues, designate trial exhibits, and address questions of admissibility. *See* FED. R. CIV. P. 16(e). That is exactly what this Court's trial procedures require as part of any joint pretrial order.[6] Standard Chartered thus respectfully requests that the Court quash both the requests for admission served by the Steering Committee and those served separately by Headway.

Respectfully submitted,

*Sharon L. Nelles*
Sharon L. Nelles

cc:   The Honorable Frank Maas (by Facsimile)
      Richard F. Brodsky (by Facsimile)
      Standard Chartered Plaintiffs' Steering Committee (by E-mail)

---

[5]   Plaintiffs devote much of their letter to the debate over whether requests for admission are true "discovery devices." (Pls.' Letter at 2.) This Court's Local Civil Rule 5.1 specifies that requests for admission are "Discovery Materials." The structure of the federal rules, the Advisory Committee Notes for Rule 36, and the applicability of Rules 26 and 37 to requests for admission also leave "no doubt" that requests for admission "are a discovery device." *Revlon*, 2001 WL 521832, at *1. But whether they are "fish or fowl" (Pls.' Letter at 5), plaintiffs' requests are undeniably a meal served late.

[6]   *See* Trial Procedures of U.S. District Judge Victor Marrero (http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=497).

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *Standard Chartered Defendants*.
>
> SO ORDERED.
>
> 3-6-13
> DATE        VICTOR MARRERO, U.S.D.J.