# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH 212.446.2300 • FAX 212.446.2350

March 13, 2013



**BY FACSIMILE**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
            Master File No. 09-CV-00118 (VM) (FM)

Dear Judge Marrero:

      On behalf of Plaintiffs, we respond to the March 11, 2013 letter (Dkt. No. 1078) from counsel for the *Morning Mist* Derivative Plaintiffs ("Morning Mist"). Morning Mist is seeking access to personal financial information that was provided by the FG Defendants to Plaintiffs, pursuant to a confidentiality agreement, in connection with negotiation of the proposed Settlement. Plaintiffs respectfully submit that Morning Mist's request is meritless, as it is both untimely and unsupported by law or facts. Thus, no pre-motion conference is necessary. The Settling Defendants have advised they concur that Morning Mist's request should be denied.

      Discovery by objecting class members is allowed only if the objector offers "cogent factual objections to the settlement." *In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 1994 WL 593998, at *4 (E.D. La. Oct. 28, 1994); *see Weinberger v. Kendrick*, 698 F.2d 61, 79 (2d Cir. 1982). Nor is discovery into settlement negotiations permissible absent evidence suggesting the settlement may be the product of collusion. *See Grant Thorton v. Syracuse Sav. Bank*, 961 F.2d 1042, 1046 (2d Cir. 1992); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24, 28 (D.D.C. 2001). Morning Mist fails both of these tests. The thrust Morning Mist's Objection to the Settlement (Dkt. No. 1047) is not factual, but concerns the legal point of release of a derivative claim by settling class members.[1] No discovery is sought or warranted on that point. On the second test, the Court has already found that the Stipulation of Settlement "resulted from good faith, arm's-length negotiations." Preliminary Approval Order (Dkt. No. 1008) ¶ 5. And as shown below, Morning Mist's application is untimely, and its allegation that Plaintiffs' counsel have made inconsistent statements concerning the FG Defendants' financial position is frivolous.

---

[1] The only mention by Morning Mist of the amount of the settlement is a single instance on page 10 of its Objection where it references the "FG Defendants' limited assets" without objecting to the amount of the settlement.

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
March 13, 2013
Page 2

**Timeliness.** Morning Mist's objection is that Class Members who participate in the Settlement must release individual derivative claims against the FG Defendants arising from the same factual circumstances as *Anwar*. *See* Dkt. No. 1047.[2] Morning Mist knew when the Stipulation of Settlement and supporting papers were filed over four months ago, on November 6, 2012, that "the FG Defendants, as part of the settlement process, provided Plaintiffs' Lead Counsel with written disclosures about their assets and liabilities" (proposed Notice (Dkt. No. 996-2) at 9-10), and that "the settlement consideration represents a substantial portion of the assets that might be recovered from these FG Defendants." Prelim. Approval Mem. (Dkt. No. 998) at 5-6.

Plaintiffs never said that the Settlement would leave the FG Defendants destitute, but rather that the Settlement was in the "best interests of the Settlement Class" in "light of the [FG Defendants'] depleted finances, continued payment of large legal fees and expenses, and the substantial potential difficulties in collecting on a judgment." *See* Joint Decl. in Support of Proposed Settlement (Dkt. No. 1035) ¶ 131; Final Approval Mem. (Dkt. No. 1033) at 3 ("The FG Individual Defendants . . . could not be expected to contribute 100% of their available assets to settlement of this action alone.").

Under the Court's Preliminary Approval Order (Dkt. No. 1008 ¶ 23), Morning Mist was required to object to the Settlement or request exclusion from the Settlement Class no later than February 15, 2013. Any objections not made by that date were waived and are properly denied on that basis. *See Yarrington v. Solvay Pharm., Inc.*, 697 F. Supp. 2d 1057, 1064 (D. Minn. 2010) (collecting cases); *In re Initial Public Offering Sec. Litig.*, 671 F. Supp. 2d 467, 491 n.179 (S.D.N.Y. 2009). Although Morning Mist's objection mentioned "the FG Defendants' limited assets," it did not raise any factual issue in that regard. *See* Dkt. No. 1047 at 10. If Morning Mist believed that the extent of the FG Defendants' remaining assets after funding the Settlement was significant, it was on notice months before its counsel first contacted Plaintiffs' counsel seeking confidential financial information on March 4, 2013, over two weeks after the deadline for objections.

**Lack of Factual Basis.** Morning Mist's objection to the terms of the release contained in the Settlement essentially raises a question of law. Morning Mist's attempt to manufacture a factual dispute by pointing to a statement by Plaintiffs' counsel that "the

---

[2] Although Plaintiffs responded to Morning Mist's Objection on the merits (*see* Plaintiffs' Reply Memo. (Dkt. No. 1073 at 6-10)), the Objection was defective in that it failed to include, among other things, "the dates and number and dollar amounts of shares or limited partnership interests purchased [by the objectors], and redeemed if applicable" and to "supply documentary proof" of the investments. *See* proposed Notice (Dkt. No. 996-2) at 19.

BOIES SCHILLER & FLEXNER LLP

Judge Victor Marrero
March 13, 2013
Page 3

Defendants will have assets remaining after funding the Settlement" (see Dkt. No. 1060 at 3) is nonsense. That statement is entirely consistent with counsel's prior statements, cited above, that the FG Defendants are funding the Settlement with "a substantial portion of the assets that might be recovered" and "could not be expected to contribute 100%."

Accordingly, Morning Mist has failed to show any legitimate need for discovery, nor offered "any cogent factual objections to the settlement." See In re Ford Motor, supra. Morning Mist's untimely request for discovery of confidential financial information should be rejected.

Respectfully yours,

David A. Barrett

cc: Robert A. Wallner (by email)
    Counsel in Anwar (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Lead Plaintiffs.

SO ORDERED.

3-13-13
DATE                VICTOR MARRERO, U.S.D.J.