USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/13

**BROWN AND HELLER, P.A.**
ATTORNEYS AT LAW
ONE BISCAYNE TOWER • 15TH FLOOR
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131

**MEMO ENDORSED**

DYANNE E. FEINBERG

February 27, 2013

TELEPHONE (305) 358-3580
FAX (305) 374-1756
E-MAIL: dfeinberg@bhlawpa.com

**VIA FED EX**

Honorable Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

APPLICATION GRANTED — Submit an
SO ORDERED  order once dates
             have been arranged

/s/ Frank Maas
Frank Maas, USMJ 3/12/13

Re: *Anwar et al. v. Fairfield Greenwich Limited et al.*,
    Case No. 09 Civ. 00118 (VM)(FM)

Dear Judge Maas:

We write on behalf of The Citco Group Limited and related entities,[1] PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands"), PricewaterhouseCoopers LLP ("PwC Canada") (together, "PwC"), and GlobeOp Financial Services LLC (together, "Defendants") to request leave pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure to take the oral depositions of former Bernard L. Madoff Investment Securities ("BLMIS") employees Bernard L. Madoff and Peter Madoff.[2] Without prejudice to their positions regarding the facts set forth below or any future objections to the admissibility of the discovery sought, no party objects to this request.

In the Second Amended Consolidated Complaint, Plaintiffs state that their "suit arises out of" the Ponzi scheme "orchestrated by Bernard Madoff," (SCAC ¶ 1), and the allegations in the Complaint make clear that Madoff and BLMIS are integral to this case. For example, the Complaint alleges that:

- Madoff, through the investment advisor services of BLMIS, "fraudulently distributed new investors' assets to prior investors to create the illusion of profits," that BLMIS "account statements described purported trading activity in

---

1. The Citco Group Limited, Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Fund Services (Bermuda) Limited, and Citco Bank Nederland N.V. Dublin Branch (collectively, the "Citco Defendants").

2. Defendant PwC Canada and the Citco Defendants are similarly requesting leave to take the depositions of Bernard and Peter Madoff in the related actions pending in New York state, styled *Walker, Truesdell, Roth & Assocs., Inc. v. GlobeOp Fin. Servs. LLC, et al.*, Index Nos. 600469/2009, 600498/2009 (the "Walker Actions"). Discovery in the Walker Actions has been ordered coordinated with discovery in *Anwar*.

securities holdings" that "were wholly fictitious," and that Madoff had "made no securities trades for years" (SCAC ¶ 166);

- the Fairfield Defendants made false representations regarding BLMIS's activities (*e.g.*, SCAC ¶¶ 184-86 (alleging that the split-strike conversion strategy was not being executed)), and regarding their own activities related to BLMIS (e.g., SCAC ¶¶ 193-206 (alleging that the Fairfield Defendants failed to perform due diligence and oversight of BLMIS));

- the Fairfield Defendants were aware of the shortcomings in their due diligence regarding Madoff, and sought to rectify the situation with BLMIS (SCAC ¶¶ 208-09; 228); and

- the Fairfield Defendants knowingly assisted Madoff in thwarting an SEC investigation (SCAC ¶ 234).

The actions of Madoff and BLMIS are similarly at the core of the allegations against the Citco Defendants, GlobeOp and PwC. For example, the Complaint alleges that the Citco Defendants should have used a "higher level of scrutiny over information provided by Madoff" when performing diligence and monitoring of Madoff as sub-custodian (SCAC ¶ 339); that GlobeOp should have taken additional steps to verify and scrutinize "information provided by B[L]MIS and the Fund to calculate and disseminate the Fund's NAV" (SAC ¶347); that PwC should have "treated B[L]MIS as a service organization" and considered its internal controls (SCAC ¶ 298-99); and that PwC should have performed additional procedures regarding BLMIS's controls, including site visits and document inspection (SCAC ¶¶ 300-01).

In light of the relevance of BLMIS personnel to the claims and defenses in this action, the Defendants seek to depose Bernard and Peter Madoff, whose critical roles at BLMIS, and in the Ponzi scheme, are described below. The Defendants have not had an opportunity to obtain information regarding BLMIS during the course of discovery thus far. Bernard Madoff is currently incarcerated, and Peter Madoff was just sentenced on December 20, 2012 and began serving his sentence on February 6, 2013.

Bernard Madoff is incarcerated in the Federal Correctional Institution ("FCI") Butner Medium in North Carolina, and Peter Madoff began serving his sentence at FCI Estill in South Carolina on February 6, 2013. As both individuals are confined in prison, Defendants seek leave of the Court to take their depositions pursuant to Rule 30(a)(2).

Rule 30(a)(2) provides that a "party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)" if the deponent is confined in prison. Under Rule 26(b)(2), a court may limit discovery where: (1) the discovery sought is cumulative or can be obtained more conveniently from some other source; (2) the party seeking discovery has already had a full opportunity to obtain the information; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

None of the reasons to limit discovery set forth in Rule 26(b)(2) are present here. As discussed above, BLMIS and both of the related individuals are central to Plaintiffs' claims and to Defendants' defenses, in particular with respect to each individual's participation in, and understanding of, the Ponzi scheme, and their interactions with, among others, the Fairfield

Defendants, other defendants, and plaintiffs. Defendants have not and cannot learn from any other source the steps taken by the BLMIS employees to perpetuate the fraud and mislead auditors, administrators, investors, regulators and others.[3]

Further, both of the proposed deponents were identified by the Department of Justice, as a result of criminal investigations, as having played key roles in the Ponzi scheme. Bernard Madoff was the mastermind and originator of the Ponzi scheme that underlies this action. Peter Madoff held numerous positions, including Chief Compliance Officer, Senior Managing Director, and head trader, at BLMIS, and admitted to, among other things, creating compliance documents that he knew "were false and created the false impression to regulators, auditors and IA clients that [he] had undertaken substantive compliance reviews, which in fact he never performed." (Information S(7) as to Peter Madoff at 10, *United States v. Bonventre*, No. 10 Cr. 228 (S.D.N.Y. information filed June 29, 2012).)

Finally, the burden or expense of the proposed discovery does not outweigh its likely benefit. The burden on the deponents is small, as the Defendants will travel to the deponents' respective Federal Correctional Institutions for the depositions. Counsel in this action have already traveled around the country, and internationally, in pursuit of relevant deposition testimony. On the other hand, the discovery sought here is critical to the claims and defenses of all parties, as the depositions seek to uncover key facts regarding the Ponzi scheme that underlies this case.

For the foregoing reasons, Defendants respectfully request that the Court grant leave to depose the above-named individuals at a date, time, and location to be determined by the Federal Bureau of Prisons.

Respectfully submitted,

Dyanne E. Feinberg

cc: All counsel of record (via e-mail)

---

3. Indeed, in similar litigation stemming from Madoff's Ponzi scheme, courts have granted leave to depose Bernard Madoff and other former BLMIS employees. Order Granting Lead Plaintiffs' Motion For Leave To Depose Bernard L. Madoff, *In re Optimal U.S. Litigation*, No. 10-cv-4095 (SAS), ECF No. 159 (S.D.N.Y. Jul. 3, 2012) (granting leave to depose Bernard Madoff); Order, *Retirement Program for Employees of the Town of Fairfield v. Madoff*, No. FST-CV-095-011561-S, Document Nos. 311.86, 312.86 (Conn. Super. Ct. Mar. 28, 2012) (granting leave to depose Bernard Madoff); Order, *Retirement Program*, Document No. 330.86 (Conn. Super. Ct. Apr. 12, 2012) (granting leave to depose Frank DiPascali, Jr.).

BROWN AND HELLER, P.A.