# SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER
212-455-3475

E-MAIL ADDRESS
mcunha@stblaw.com

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #: _____*
*DATE FILED: 3/15/13*

BY FACSIMILE

March 15, 2013

Re:  *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
No. 09-cv-00118(VM) (S.D.N.Y.)

The Honorable Victor Marrero
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Dear Judge Marrero:

On behalf of the Settling Defendants, we respond to the letter of March 12, 2013 from David J. Sheehan, counsel for the BLMIS Trustee (the "Letter"). The Trustee seeks leave from the Court to file additional material in support of a motion to intervene that has already been denied by Order dated March 8, 2013 (the "Order"). The Trustee acknowledges that he is not requesting the Court to reconsider his request for intervention. Instead, he seeks to supplement the record for his contemplated appeal of the Order.

It is difficult to understand what the Trustee seeks to accomplish by requesting to supplement the record after the Court's decision. The reason and grounds for the Trustee's request to intervene were adequately set forth in his February 26, 2013 letter requesting a pre-motion conference. In any event, memoranda of law are not part of the record on appeal. *See United States v. Noall*, 587 F.2d 123, 125 n.1 (2d Cir. 1978). The only factual material which the Trustee seeks to submit is contained in a declaration by Mark A. Kornfeld which appears to repeat verbatim the same alleged facts that Mr. Kornfeld previously presented to the Court in connection with the Trustee's adversary proceeding to enjoin the proposed Settlement. *See* Decl. of Mark A. Kornfeld, *Picard v. Fairfield Greenwich Limited et al.*, No. 12 Civ. 9408 (S.D.N.Y. Jan. 11, 2013), Dkt. No. 24. Should the Court deny the Trustee's request to enjoin the proposed settlement—made on the exact same basis as his duplicative request to intervene—he may pursue whatever appellate rights he may have on a record that includes Mr. Kornfeld's declaration.

BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES  PALO ALTO  SÃO PAULO  SEOUL  TOKYO  WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

The Honorable Victor Marrero     -2-     March 15, 2013

     Nor would the Trustee's application accomplish his stated purpose of augmenting the record on appeal. Material that was not before the district court at the time of its ruling is not properly considered by the Court of Appeals. *See Dictograph Prods. Co. v. Sonotone Corp.*, 231 F.2d 867 (2d Cir. 1956) ("On this appeal we may not consider any depositions or other evidence that were not filed in the district court when [it] decided the motion."); *United States v. Blinder*, 10 F.3d 1468, 1477 (9th Cir. 1993) ("papers submitted to the district court *after* the ruling that is challenged on appeal should be stricken from the record on appeal") (quotation omitted)); *Miro v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 01 CV 5196, 2002 WL 31357702, at *2 (S.D.N.Y. Oct. 17, 2002) ("Because plaintiff's supplemental affidavit was not part of the record when the Court ruled on defendants' summary judgment motion and plaintiff's cross-motion seeking the same, it may not now become part of the record on appeal.").

     In addition, "[o]nly where the parties dispute the accuracy of certain portions of the record should the district court address the issue of what is included in the record on appeal." *Shreier v. Weight Watchers Ne. Region, Inc.*, 872 F. Supp. 1, 4 (E.D.N.Y. 1994). Because the Trustee seeks to "alter or add" evidence to the record as opposed to "supplement[ing] a record that is incomplete because of error or omission," his request is improper. *Id.*

     These limitations on a party's ability to supplement the record are necessary, among other reasons, to preserve the finality of a district court's decision and to conserve the parties' resources. If a party were free to supplement the record with additional evidence or memoranda, the opposing party may be compelled to spend time and resources in responding, opening the door to potentially endless submissions on issues already decided. This is wholly inconsistent with the Trustee's purported concern with "the interests of judicial and party economy." *See* Letter from David Sheehan at 2, ECF No. 1054.

     We respectfully submit that a pre-motion conference is unnecessary and that the Court should deny the Trustee's request to supplement the record with the material enclosed with his letter to the Court dated March 12, 2013. Because the Trustee's letter, apparently with attachments, already was added to the record, to avoid any doubt concerning the proper composition of the record, we respectfully request the Court to strike pages 3 through 70 of the document filed at Dkt. No. 1080. *See Natural Resources Defense Council v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 116 n. 5 (S.D.N.Y. 2012) ("a court has inherent authority to strike any filed paper which it determines to be . . . improper under the circumstances." (quotation omitted)).

     Counsel for Plaintiffs advise that they agree with the relief sought here.

Respectfully yours,

Mark G. Cunha

> Request GRANTED. The Clerk of Court is directed to strike pages 3 through 70 of the document filed under Docket No. 1080. These pages were entered into the record by error. The Court's endorsement on the Trustee's letter to the Court dated 3-12-13 explicitly
> SO ORDERED: directs the Clerk of Court to enter into the record "the letter above." The Court intended the Order only as to the letter
> DATE 3-15-13  VICTOR MARRERO, U.S.D.J.

**SIMPSON THACHER & BARTLETT LLP**

The Honorable Victor Marrero          -3-          March 15, 2013

cc:     Counsel in Anwar (*by email*)
         David J. Sheehan, Esq. (*by email*)