```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
PASHA S. ANWAR, et al.,              :
                                     :    09 Civ. 0118 (VM)
                 Plaintiffs,         :
                                     :
                                     :
                                     :
      -against-                      :
                                     :
FAIRFIELD GREENWICH LIMITED,         :
et al.,                              :
                                     :
                                     :    DECISION AND ORDER
                 Defendants.         :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On February 15, 2013, Morning Mist Holdings Ltd. and Miguel Lomeli (the "Morning Mist Derivative Plaintiffs") filed their Objection to the Proposed Partial Settlement (the "Settlement") in this action. (Dkt. No. 1047.) The Morning Mist Derivative Plaintiffs filed a Supplemental Memorandum in Further Support of Objection on February 19, 2013. (Dkt. No. 1049.) By letter dated March 11, 2013, the Morning Mist Derivative Plaintiffs requested a pre-motion conference regarding their request to review "the FG Defendants 'certified financial disclosures'" provided to the Plaintiffs pursuant to a confidentiality agreement. (Dkt. No. 1079.) By letter dated March 13, 2013, the Plaintiffs objected to the Morning Mist Derivative Plaintiffs' request as meritless and untimely. (Dkt. No.

1081.) The Settling Defendants concur with the Plaintiffs' position.

In support of their request for the confidential financial disclosures, the Morning Mist Derivative Plaintiffs assert that the parties justified the fairness of the Settlement, in part, on the ground that it "'depleted' the finances of the settling defendants," but that Lead Counsel now states "the defendant 'will have assets remaining after funding the Settlement.'" (Dkt. No. 1079.)

The Court finds that the Morning Mist Derivative Plaintiffs' request is both untimely and without merit. It comes less than two weeks before the Court's final fairness hearing on the Settlement and not, as required by the Court's Order, "on or before thirty-five (35) days prior to the Settlement Hearing." (Dkt. No. 1008 at ¶ 23.)

Further, the Morning Mist Derivative Plaintiffs' request lacks merit because they failed to object to the amount of the Settlement as insufficient and therefore have offered no "cogent factual objection" to the Settlement entitling them to discovery. See Weinberger v. Kendrick, 698 F.2d 61, 79 (2d Cir. 1982). If anything, the Morning Mist Derivative Plaintiffs' stated objection to the Settlement is that the Settlement amount is too high – not

too low - and therefore "assets would be unavailable to satisfy the far stronger claims asserted in the [Morning Mist] Derivative Action." (Dkt. No. 1 at 10.) Moreover, they have offered no evidence of collusion between the Plaintiffs and the Settling Defendants that would warrant discovery into settlement negotiations, especially regarding information provided pursuant to a confidentiality agreement. See Grant Thorton v. Syracuse Sav. Bank, 961 F.2d 1042, 1046, (2d Cir. 1992).

Accordingly, the Morning Mist Derivative Plaintiffs' request (Dkt. No. 1079) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       22 March 2013

VICTOR MARRERO
U.S.D.J.