**BakerHostetler**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/13

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 27, 2013

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA FACSIMILE (212) 805-6382**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  Trustee's Request for a Stay or Injunction Pending Appeal in *Picard v. Fairfield Greenwich Ltd.*, No. 12-cv-9408 (S.D.N.Y.), or *Anwar v. Fairfield Greenwich Limited*, No. 09-cv-118 (S.D.N.Y.)

Dear Judge Marrero:

Pursuant to your Individual Practice Rule II.A, I write as counsel to Irving Picard, the court-appointed Trustee in the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), to advise the Court that the Trustee intends to file a motion for an injunction or stay pending appeal against entry of final approval of the Settlement in *Anwar v. Fairfield Greenwich Limited*, No. 09-cv-118. Copies of this letter are being simultaneously delivered to all counsel.

An injunction or stay pending appeal is warranted due to the hardship that entry of final approval of the Settlement, and dissipation of the Fairfield Defendants' assets, will cause to the BLMIS estate. The four factors to be considered in issuing such relief are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quotation marks and footnote omitted). These factors are assessed on a sliding scale: "more of one excuses less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002). (quotation marks omitted). A stay is warranted even where the applicant has demonstrated only "some possibility of success" on appeal if "the balance of hardships tips decidedly in his favor." *Thapa v. Gonzales*, 460 F.3d 323, 335 (2nd Cir. 2006).

The Honorable Victor Marrero
March 27, 2013
Page 2

In this case, the "balance of hardships" merits relief pending appeal. Final approval of the Settlement will inexorably lead to dissipation of a portion of the Fairfield Defendant's limited assets, the very same assets that are sought by the Trustee in his avoidance action. That is per se irreparable harm. *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999) (holding and citing cases in support of the principle that "insolvency supports [a] finding of irreparable harm"). In any case, courts routinely find irreparable harm where, as here, third party actions interfere with the recovery of assets by an estate. *See, e.g., In re United Health Care Org.*, 210 B.R. 228, 233-34 (S.D.N.Y. 1997); *In re Probulk Inc.*, 407 B.R. 56, 63 (Bankr. S.D.N.Y. 2009); *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988).

At the same time, an injunction or stay would substantially further the public interest as identified by Congress in the Securities Investor Protection Act ("SIPA"). SIPA was enacted specifically to facilitate the expedient and equitable return of customer property to customers of failed brokerages. The Settlement undermines that purpose by allowing a set of investors to achieve a double recovery: first, through their pro rata share of the Fairfield Funds' approved claims in the SIPA proceeding, and second, through the Settlement action. This second recovery comes at the expense of other investors—BLMIS customers—to whom Congress chose to provide special protections in SIPA so as to further the overriding public interest in maintaining confidence in vital capital markets.

On the other side of the ledger, an injunction or stay pending appeal would cause no injury to the other parties. The other parties maintain that the Fairfield Defendants have sufficient assets to fund the Settlement and satisfy the Trustee's claims, and if they are correct on that point, interim relief should not affect the amount of any payments to the Anwar Plaintiffs.[1] Moreover, the Settlement itself does not allow disbursement of any funds prior to the completion of any appeals. (Stipulation of Settlement ¶ A.1.q, *Anwar v. Fairfield Greenwich Ltd.*, 09-cv-118 (S.D.N.Y), ECF No. 996 (Nov. 6, 2012).) Given the several objections to the Settlement, there is a substantial likelihood that one or more appeals may be filed, thereby delaying disbursements. While interim relief would provide the Trustee valuable assurance that no funds will be dissipated—assurance that he presently lacks, being unable to enforce the terms of the Settlement—it should therefore not delay any payments to the Anwar Plaintiffs.

Finally, the Trustee respectfully submits that he has, at the least, "some possibility of success" in seeking on appeal to obtain an injunction or stay of the Settlement pending resolution of his avoidance action against the Fairfield Defendants. For the reasons stated in our briefing, the Trustee believes that he is entitled to a § 105(a) injunction to preserve property necessary to the BLMIS liquidation under SIPA and that, to the extent that they conflict with the Trustee's claims under SIPA, the Anwar Plaintiffs' claims against the Fairfield Defendants are barred. While the Trustee

---

[1] *See, e.g.,* Letter from David A. Barrett, Counsel to the Anwar Plaintiffs, to the Honorable Victor Marrero, Judge, United States District Court for the Southern District of New York, at 3 (Feb. 28, 2013).

The Honorable Victor Marrero
March 27, 2013
Page 3

recognizes that the Court disagrees on these points, there is at least "some possibility" that the Second Circuit will see things differently and allow the Trustee to be "first in line" with his claims against the Fairfield Defendants.

Accordingly, the Trustee respectfully requests a conference on his motion for an injunction or stay pending appeal or, in the alternative, that the Court forgo that conference and grant such relief on the grounds presented in this letter. In light of the Settlement's deadlines, the Trustee intends to appeal to seek such interim relief from the Second Circuit on April 5, 2013, as may be necessary to protect his interests.

Respectfully submitted,

David J. Sheehan

Cc: Kevin H. Bell, Esq.
All Counsel of Record (By Email)

> The parties are directed to respond by 4-2-13, by letter not to exceed three (3) pages, to the request above submitted by the SIPA Trustee.
>
> SO ORDERED:
> 3-28-13
> DATE    VICTOR MARRERO, U.S.D.J.