# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

March 29, 2013

**BY FACSIMILE**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/13

Re:   *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
      Master File No. 09-CV-00118 (VM) (FM)

Dear Judge Marrero:

We write to respond to the March 27, 2013 letter from Robert Wallner on behalf of the *Morning Mist* Derivative Plaintiffs, seeking a pre-motion conference to address a motion for reconsideration in light of *Comcast Corp. v. Behrend*, 2013 WL 1222646 (2013). The *Comcast* opinion, however, has no application to this Court's well-reasoned decision to overrule the *Morning Mist* Derivative Plaintiffs' objection to the partial settlement in this action. (Dkt. No. 1093).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 C. Wright, et al., Federal Practice & Procedure § 4478 at 790)). As this Court has recognized, "[a] court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used either to advance different theories not previously argued or as a substitute for appealing a final judgment." *Anwar v. Fairfield Greenwich Ltd.*, 884 F.Supp.2d 92, 96 (S.D.N.Y. 2012).

In *Comcast*, the Supreme Court held that the "[r]espondents' class action was improperly certified under Rule 23(b)(3)" because the lower courts refused "to entertain arguments against respondents' damages model that bore on the propriety of class certification, simply because those arguments would also be pertinent to the merits determination." *Comcast*, 2013 WL 1222646, at *5.

*Comcast* is not controlling law and provides no basis for a motion for reconsideration. The *Comcast* decision does not discuss class action settlements, nor the issue of whether settling class members may release derivative claims as part of the

WWW.BSFLLP.COM

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
March 29, 2013
Page 2

settlement of a class action that is brought by shareholders of an investment fund alleging direct claims of misrepresentation and breach of duty and of contract. Indeed, far from being controlling authority, *Comcast* is completely irrelevant to the issues raised by the *Morning Mist* Derivative Plaintiffs. Accordingly, Plaintiffs respectfully request that Mr. Wallner's letter be treated as a motion for reconsideration by the *Morning Mist* Derivative Plaintiffs, and denied. The Settling Defendants join us in this request.

Respectfully yours,

David A. Barrett

cc: All counsel in *Anwar*
    Robert A. Wallner, Esq.

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiffs.

SO ORDERED.

4-3-13
DATE    VICTOR MARRERO, U.S.D.J.