USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/4/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PASHA S. ANWAR, et al.,             :
                        Plaintiffs, :
                                    :           09 Civ. 0118 (VM)
        - against -                 :
                                    :           **DECISION AND ORDER**
FAIRFIELD GREENWICH LIMITED,        :
et al.,                             :
                        Defendants. :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

By letter dated March 27, 2013, the Morning Mist Derivative Plaintiffs sought a pre-motion conference to address a motion for reconsideration of the Court's March 22, 2013 approval of the partial settlement in this matter. The Morning Mist Derivative Plaintiffs based this request on the recent decision in Comcast Corp. v. Behrend, 2013 WL 1222646 (2013). By letter dated March 29, 2013, the Plaintiffs objected to the Morning Mist Derivative Plaintiffs' request, arguing that Comcast has no application to the Court's decision. The Settling Defendants concur with the Plaintiffs' position.

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litg., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and

quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). To these ends, a request for reconsideration under Rule 6.3 of this Court's Local Civil Rules, which governs motions for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Upon review of the parties' submissions, the Court finds that reconsideration of the March 22, 2013 approval of the partial settlement is not warranted. In Comcast, the Supreme Court held that a class action was improperly certified where the lower court did not "entertain

arguments against respondents' damages model that bore on the propriety of class certification, simply because those arguments would also be pertinent to the merits determination." Comcast, 2013 WL 12226464, at *5. The Comcast ruling does not address class action settlements or the specific issues relevant to the Court's approval of the partial settlement. Therefore, the Morning Mist Derivative Plaintiffs have failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider.

Accordingly, the Court hereby **DENIES** the Morning Mist Derivative Plaintiffs' request for a pre-motion conference (Dkt. No. 1102), deems the Morning Mist Derivative Plaintiffs' March 27, 2013 letter a motion for reconsideration and **DENIES** the Morning Mist Derivative Plaintiffs' motion for reconsideration.

**SO ORDERED.**

Dated:   New York, New York
         3 April 2013

                                    Victor Marrero
                                    U.S.D.J.