# CURRAN & ASSOCIATES

Attorneys at Law
701 Brickell Avenue - Suite 1550
Miami, Florida 33131

Laurence E. Curran III

Telephone 305-777-0374
Telefax 305-728-5288
Email lecurran@lecurran.com

April 19, 2013

*By fax to (212) 805-6382*

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/13

Re:   ***Anwar, et al. v. Fairfield Greenwich Limited, et al., 09-cv-118 (VM)(THK)***

**Various Cases (See Appendix "A")**

Dear Judge Marrero:

I write as counsel for numerous Standard Chartered Plaintiffs, as well as in the capacity of designated representative of various other Standard Chartered Plaintiffs[1], all of whom are identified on the attached "Appendix A," to respectfully request a pre-motion conference regarding the effect of the Florida Supreme Court's recent March 7, 2013 ruling in *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.,* SC10-1022, 2013 WL 828003 (Fla. 2013), a copy of which is enclosed, on negligence claims previously dismissed by this Court.[2]

In a certified question from the United States Court of Appeals for the Eleventh Circuit, the Florida Supreme Court in *Tiara* was presented with another opportunity to address the application and scope of Florida's economic loss rule.[3]  As this Court previously noted in its

---

[1] For purposes of judicial economy, and because of the common issues that exist. the affected Plaintiffs are addressing this matter with the Court on a consolidated basis, rather than in separate letters for each Plaintiff.

[2] Also enclosed is a copy of the Eleventh Circuit Court of Appeals' April 16, 2013 Order in *Tiara* vacating, based upon the Florida Supreme Court's March 7, 2013 decision. the trial court's grant of summary judgment as to the negligence and breach of fiduciary duty claims.

[3] "Simply put, the economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Tiara,* 2013 WL 828003 at *2. (citing *Indem. Ins. Co. of N. Am. v. Am. Aviation. Inc.,* 891 So.2d 532, 536 (Fla.2004)). The rule derives from early product liability cases, where plaintiffs asserted the new cause of action to recover the costs of repair, and consequential damages for business losses, when a product defect damaged only the product itself. *E.g. Seely v. White Motor Co.,*

October 4, 2010 Decision and Order, "the Florida Supreme Court's own 'pronouncements on the rule have not always been clear.'" *Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 360, 374 *on reconsideration*, 745 F. Supp. 2d 379 (S.D.N.Y. 2010) and *on reconsideration*, 745 F. Supp. 2d 384 (S.D.N.Y. 2010) (quoting *Moransais v. Heathman*, 744 So.2d 980 (Fla.1999)). In determining the question as to whether the economic loss rule barred an insured's suit against an insurance broker where the parties were in contractual privity with one another and the damages sought were solely for economic losses, the Court receded from its prior decisions and ruled that the economic loss rule is solely limited to products liability cases. *Tiara*, 2013 WL 828003 at *1. As stated in its ruling, the Florida Supreme Court had "been concerned with what it perceived as an over-expansion of the economic loss rule."[4] *Id.* at 7. The *Tiara* Court concluded that:

> Having reviewed the origin and original purpose of the economic loss rule, and what has been described as the unprincipled extension of the rule, *we now take this final step and hold that the economic loss rule applies only in the products liability context*. We thus recede from our prior rulings to the extent that they have applied the economic loss rule to cases other than products liability.

*Id.* (emphasis added).

As a result of the Florida Supreme Court's ruling in *Tiara*, the Plaintiffs identified on Appendix A move for reconsideration of the Court's prior dismissal of their negligence claims based upon the economic loss rule.[5] Specifically, the decision in *Tiara* explicitly overrules the Florida Supreme Court's prior rulings to the extent that they have applied the economic loss rule to cases other than products liability.[6] Many of these very rulings were relied on by this Court in its reasoning when dismissing Plaintiffs' negligence claims, including *Moransais* and *Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 534 (Fla. 2004). Additionally, the request

---

63 Cal. 2d 9 (Cal. 1965) (Traynor, J.). After 20 years of misapplication to well-established Florida tort claims in which the *only* damages could be "economic losses," the *Tiara* decision limits the rule to its original purpose.

[4] Indeed, one of the very concerns the Florida Supreme Court had was that, in its own determinedness to return the economic loss rule to its intended purpose, it left a number of exceptions to the rule. *Id.* at *7. In the *Tiara's* Court's own words, "[w]e simply did not go far enough." *Id.* One such exception was the Court's decision in *Moransais v. Heathman*, 744 So. 2d 973, 983 (Fla. 1999) ("While provisions of a contract may impact a legal dispute, including an action for professional services, the mere existence of such a contract should not serve per se to bar an action for professional malpractice."). *Moransais* has special bearing here as this Court refused to extend the "professional services" exception to claims brought by Plaintiffs *Almiron* and *Carrillo* [D.E. 744]. In light of the Florida Supreme Court's ruling in *Tiara*, the question is no longer whether one of the above described exceptions applied, but whether the Plaintiffs' negligence claims were brought under a products liability context. As the answer is in the negative, the economic loss rule cannot be applied.

[5] Plaintiffs seek reconsideration of the following orders: 9/12/12 Decision and Order (Doc 937); Stipulation and Order Dismissing Claims in Specified Standard Chartered Cases, dated September 4, 2012 (Doc 936), November 12, 2011 Decision and Order.

[6] Importantly, the *Tiara* decision does not limit its holding to future cases. *See Brackenridge v. Ametek, Inc.*, 517 So. 2d 667, 668-69 (Fla. 1987) ("it is a general rule that a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its operation unless declared by the opinion to have prospective effect only.").

meets squarely with the Court's standard for reconsideration, namely, an intervening change in controlling law.[7]

Moreover, as the Court is aware, the Standard Chartered Defendants have been the economic loss rules' greatest champion. The Standard Chartered Defendants have argued from their very first motion to dismiss filed in these actions that the economic loss rule barred Plaintiffs' tort claims. Indeed, as a result of the Court's November 2, 2011 Decision and Order, where in the Court dismissed *Almiron* and *Carrillo's* negligence claims because they were precluded by the now declawed economic loss rule, the Bank has used that decision as a sword to force Plaintiffs to drop their negligence claims. As a result, many of negligence claims were voluntary dismissed for purposes of judicial efficiency, including negligence claims originally brought by various Standard Chartered Plaintiffs.   The attached Appendix details which negligence claims were specifically dismissed by Court Order, and which were voluntarily dismissed based upon then-existing Court Orders.

Accordingly, the Standard Chartered Plaintiffs respectfully request a pre-conference motion to discuss this reconsideration request and to discuss their request for leave to replead Plaintiffs' dismissed negligence claims.

Respectfully submitted,

Laurence E. Curran III

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by

*Standard Chartered Plaintiffs*

**SO ORDERED.**

4-22-13
DATE        VICTOR MARRERO, U.S.D.J.

---

[7] "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, et al., *Federal Practice & Procedure* § 4478 at 790).

Appendix A

Curran & Associates - Cases covered by Stipulation and Order of September 4, 2012 (Doc 936).

(1)     *Triple R Holdings Ltd., et al.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-897;

(2)     *New Horizon Development Inc., et al.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-898;

(3)     *Salcar Ltd.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-899;

(4)     *Reinaldo Ruiz* v. *Standard Chartered Bank International (Americas) Ltd., et al*, No. 11-cv-900;

(5)     *Iston Holdings Ltd., et al.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-901;

(6)     *Ramiro Rendiles* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-902;

(7)     *Alberto Perez* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-903;

(8)     *Auburn Overseas Corp.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-904;

(9)     *Interland Investments Ltd.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-905;

(10)    *Velvor S.A., et al.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-906;

(11)    *5C Investments Ltd.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-907;

(12)    *Jorge Asensio* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-908;

(13)    *Bahia Del Rio, S.A.* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-5716;

(14)    *Archangel Resources Limited, et al.* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5717;

(15)    *Blount International* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5719;

1

(16)   *Esther Diaz de Camara* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5720;

(17)   *John Paul Dougherty* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5721;

(18)   *Jose de Passos Vieira Lima* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5722;

(19)   *Lucrecia Echeverri de Mata* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5723;

(20)   *Eugene Thomas Dougherty Novella* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5724;

(21)   *Richmon Company Ltd.* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5725;

(22)   *Juan Carlos Sabillon* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5726;

(23)   *San Blas S.A., et al.* v. *Standard Chartered International (Americas) Ltd.*, No. 11-cv-5727;

(24)   *Smerant Corp.* v. *Standard Chartered International (Americas) Limited, et al.*, No. 11-cv-5728;

(25)   *Manuel Mantecon* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-5729;

(26)   *Pharmafoods International C.V., et al.* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-5729;

(27)   *Tierra C.V., et al.* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-5731;

(28)   *Jose Mizrahi* v. *Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-6788;

(29)   *Quiroz Stone* v. *Standard Chartered Bank International (Americas) Limited et al.*, No. 11-cv-7651;

(30)   *Nautical Village, Inc.* v. *Standard Chartered Bank International (Americas) Limited*, No. 11-cv-7652;

(31)   *Positano Investment Ltd.* v. *Standard Chartered Bank International (Americas) Ltd., et al.*, No. 11-cv-8371;

2

(32)    *Maplehurst Holdings Ltd., v. Standard Chartered Bank International (Americas) Limited, et al.*, No. 11-cv-8372;

(33)    *Sand Overseas Limited v. Standard Chartered Bank International (Americas) limited, et al.*, No. 12-cv-148;

(34)    *Rebac Enterprises Ltd. v. Standard Chartered Bank International (Americas) Limited, et al.*, No. 12-cv-03969; and

(35)    *Brea International, Ltd., v. Standard Chartered Bank International (Americas) Limited, et al.*, No. 12-cv-3970;

Curran & Associates - Cases Pending a Negotiated Stipulation affected by the Florida ELR and Court's prior Orders and Decisions

(1)    *Emilio Diaz v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9146;

(2)    *Bernardo J. Rosental v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9421;

(3)    *Lyac Venture Corp. v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9422;

(4)    *Sara Boltvinik de Uziel v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9423;

(5)    *TRE-C, S.A. v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9425;

(6)    *Skyworth Products Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9427;

Marko & Magolnick – Negligence Claims Dismissed Pursuant to September 12, 2012 Decision and Order (Doc 937):

(1)    *Baymall Investments Ltd. v. Standard Chartered Bank International (Americas) Limited* – No. 11-cv-7649

(2)    *Blockbend Ltd. v. Standard Chartered Bank International (Americas) Limited* – No. 11-cv-7650

(3)    *Eduardo Child Escobar, et al. . v. Standard Chartered Bank International (Americas) Limited* – No. 11-cv-23120

(4)    *Eastfork Assets Ltd. v. Standard Chartered Bank International (Americas) Limited* – No. 11-cv-7653

3

    (5)    *Gerico Investments Inc., et al. v. Standard Chartered Bank International (Americas) Limited* – No. 11-cv-909

    (6)    *Mailand Investments Inc. v. Standard Chartered Bank International (Americas) Limited* – No. 11-cv-5732

Katz Barron – Negligence Claim Dismissed Pursuant to September 12, 2012 Decision and Order (Doc 937:

    (1)    *Barbachano Herrero v. Standard Chartered Bank Int'l (Americas) Ltd., et al.*, No. 11 Civ. 3553

Jones & Adams – Negligence Claims Dismissed Pursuant to November 12, 2011 Decision and Order:

    (1)    *Carlos Carrillo v. Standard Chartered Bank International (Americas) Limited, et. al.*, No 10-cv-20762

    (2)    *Ricardo Almiron v. Standard Chartered Bank International (Americas) Limited, et. al.*, Case No. 10-20763

4