RIVERO MESTRE

April 22, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/22/13

*By fax to (212)805-6382*

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

**Re:** ***Anwar, et al. v. Fairfield Greenwich Limited, et al., 09-cv-118(VM)(THK)***

Dear Judge Marrero:

I write on behalf of Plaintiff Headway Investment Corp. to request a pre-motion conference to permit Headway to renew its request to amend its complaint.[1] The Court denied a prior request,[2] but current circumstances are sufficiently different to warrant a different result. Most importantly, the Standard Chartered Cases are not materially closer to trial than they were a year ago, as the parties and the Court discussed on the March 6, 2013 telephonic hearing regarding pending requests for admissions. We respectfully submit that the Court's previously expressed concern about unfairly delaying the progress of these cases if leave to amend were granted has not been borne out, and allowing Headway to amend would not materially (if at all) delay the case, but would promote the ends of justice.

Moreover, on April 19, 2013, certain other Standard Chartered Plaintiffs requested a conference [D.E. 1114] to permit them to move to reconsider the Court's dismissal of their negligence claims based on Florida's economic loss rule in light of the recent Florida Supreme Court decision definitively limiting that rule to product liability claims. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos.* 2013 WL 828003 (Fla. 2013). Although Headway does not seek that exact relief, granting leave to amend would cause no material delay, and if the Court is inclined to grant the other plaintiffs' request, there would be no prejudice to the Standard Chartered Defendants[3] if the Court also permitted Headway to amend.

Because of Rule 15(a)'s liberal amendment standard, and the other plaintiffs' pending, meritorious requests to move for leave to amend, we respectfully submit that this is the ideal time for Headway to amend and refine its claims, based on the original, common nucleus of operative facts that

---

[1] We understand that plaintiffs Maridom Limited, Caribetrans, S.A., and Abbott Capital, Inc. (the "Maridom Plaintiffs") also will be making a request to move for leave to amend their Complaint.

[2] The Maridom Plaintiffs moved for leave to amend on February 9, 2012 [D.E. 815]. Headway did so on March 16, 2012 [D.E. 837-838]. The Court denied both motions, and a similar motion from Plaintiff Barbachano [D.E. 853], as well as Headway's and the Maridom Plaintiffs' motions for reconsideration [D.E. 897].

[3] The "SCB Defendants" are Standard Chartered Bank Int'l (Americas) Ltd. f/k/a American Express Bank Int'l ("SCBI"), Standard Chartered Int'l (USA) Ltd. f/k/a American Express Bank Ltd. ("SCI"), and Standard Chartered Bank ("SCB").

gave rise to its original complaint. For these and other reasons, more fully discussed below, Headway requests a conference to discuss the appropriate way to handle a motion for leave to amend its Complaint.

Headway's proposed amendment will: (1) drop the individual SCB Defendants[4]; (2) clarify the names of the institutional SCB Defendants[5]; (3) add claims against those defendants for Aiding and Abetting Breach of Fiduciary Duty, Fraudulent Misrepresentation, Negligent Misrepresentation[6], and violations of the Florida's Securities and Investor Protection Act, Fla. Stat. §§ 517.011 - 517.32 ("FSIPA"); and add PricewaterhouseCoopers N.V. ("PwC Netherlands") as a defendant.[7]

The standard for this request is liberally construed. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987). *Accord Abbatiello v. Monsanto Co.*, 571 F. Supp.2d 548, 552 (S.D.N.Y. 2008) (Marrero, J.). Further, "Rule 21 states that a party may be added to an action 'at any time, on just terms.' In deciding whether to permit joinder, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (Marrero, J.).

Our request satisfies applicable standards. First, as noted above, this case is not materially closer to trial than it was a year ago.[8] Second, if the Court grants (as it should) the other plaintiffs' pending

---

[4] Headway seeks to drop individual SCB Defendants Robert Friedman, Rodolfo Pages, John Dutkowski, Carlos Gadala-Maria, and Raul N. Mas.

[5] Headway's Original Complaint sued American Express Bank Ltd. d/b/a Standard Chartered Private Bank a/k/a Standard Chartered Bank International (Americas) Limited and Standard Chartered Bank. During discovery, we learned the proper identities of these defendants, which are SCBI, SCI, and SCB. Because SCI already is a party to the Standard Chartered cases, it cannot credibly claim prejudice from Headway's proposed joinder.

[6] The SCB Defendants cannot be prejudiced by Headway's proposed fraud and negligent misrepresentation claims because both claims were brought by the Maridom Plaintiffs and have survived a motion to dismiss. Because coordinated discovery relevant to these claims already was conducted, no further discovery is necessary.

[7] Adding PwC Netherlands will correct a clerical error, which the rules contemplate to prevent injustice. It was omitted from our original complaint because the only clue to which PwC entity did which audit was an address. The PwC logo did not reveal which "member firm" did an audit, or even that PwC had "member firms." Further, PwC Netherlands was on notice that it would be made a defendant, because Headway sued PricewaterhouseCoopers LLP ("PwC Canada"), and both are defendants in *Anwar*. The non-SCB defendants, including PwC Canada, have argued that they need not respond to Headway's complaint because of the Consolidation Order and Order for Appointment of Interim Co-Lead Counsel [D.E. 21-2], and Civil Case Management Plan and Scheduling Order [D.E. 69]. Thus, there can be no prejudice from joinder of PwC Netherlands, which need not lift a finger to respond to Headway's complaint until "cousin" PwC Canada is required to, at some indeterminate time in the future.

[8] Newly discovered evidence further demonstrates that SCB's hedge fund personnel knew or had reason to know of serious risks with the Fairfield Sentry and Sigma funds, which SCB never disclosed to investors, including the ultimate risk that the funds would "explode." In his second declaration, former SCB broker Sebastian Gonzalez testifies that Samuel Perruchoud--former SCB hedge fund due diligence director—has confirmed the accuracy of all statements attributed to him in Gonzalez' first declaration, including Perruchoud's 2005 statement that "something [was] wrong" with Fairfield Sentry, which was "going to explode one of these days." *See* S. Gonzalez Declarations I & II, attached as Exhibit A. Moreover, in his second declaration, Gonzalez testifies that in 2008, Arnaud Heymann, Perruchoud's successor at SCB, met with his boss, Robert Friedman, head of SCB's worldwide hedge fund operations, and told him Sentry and Sigma were "a scam" and that they could "explode" at any time. *See id.* Mr. Friedman did nothing, and nothing was disclosed to investors, who lost everything when the funds "exploded" shortly thereafter. This evidence underscores the merit in Headway's request to brief a motion for leave to amend.

request to replead their negligence claims, the SCB Defendants will be unable to credibly claim any prejudice from Headway's proposed amendments, because other plaintiffs will have filed amended complaints. Lastly, we note that the Court, on October 24, 2012, allowed plaintiff Barbachano to amend, despite having denied an earlier request, along with the requests of Headway and the Maridom Plaintiffs. [D.E. 995]. Headway should not be treated differently than Barbachano.

Headway has acted expeditiously in all respects. After the SCB Defendants answered the Complaint, the Standard Chartered Plaintiffs Steering Committee ("PSC"), to which Headway and the Maridom Plaintiffs belong, commenced robust discovery, analyzed hundreds of thousands of pages of documents, and took numerous depositions. All the while, the SCB Defendants did everything possible to impose expense on us, string us out, and delay this action, ritually invoking any formalistic argument that it could invoke. The first time Headway and the Maridom Plaintiffs moved to amend, the SCB Defendants argued that amendment would significantly disrupt a coordinated case schedule, even though there was and is no such schedule.

Headway appreciates the Court's concern that "permitting the proposed amendments at this late date would inevitably result in significant delay in resolving these complex, consolidated actions." [D.E. 853 at 6]. But the year that has passed does not bear out this concern, and the Standard Chartered cases are only marginally, if at all, closer to trial. The only procedural milestones these cases have passed are a discovery cutoff and the exchange of some expert reports (the SCB Defendants are scheduled to provide their surrebuttal reports on May 1, 2013). Expert witness depositions have not yet been scheduled and no conference with the Court regarding possible summary judgment motions has been scheduled. Moreover, the case is nowhere near remand, since the Court has stated its intention to resolve all pretrial matters, including possible summary judgment motions, before remand to the transferor court. Only after remand will the transferor court give us an indication of when (and where) this case will be tried. It is reasonable to expect that trial is still at least a year away.

One could not credibly argue that this request is dilatory or made in bad faith. Further, it is indisputable that even a delayed trial resulting from allowing an amendment is of no import when the party opposing amendment will not be prejudiced by allowing it. Indeed, in the recent March 6, 2013 telephonic hearing, SCB counsel argued that because these cases *are not near trial*, SCB should not now have to address the authenticity of documents in our pending requests for admissions. As noted above, the newly added counts are based on the same, common nucleus of operative fact as our original complaints. They reflect knowledge gained from discovery, and the recent revelation that the Bank's top hedge-fund due diligence personnel knew or had reason to know of serious, even ultimate risks, which were never disclosed to Headway or anyone else whose investment money SCB funneled into a Ponzi scheme.

The Court previously held that denying Headway's Motion to Amend was not prejudicial or a manifest injustice, because our proposed misrepresentation claims are the same, or very similar, to "omissions and misrepresentations [] alleged in many of the consolidated Standard Chartered cases (indeed, in claims that have survived challenge, the Maridom Plaintiffs allege fraud and negligent misrepresentation due to defendants' failure to disclose that Sentry was a funnel to Madoff)." [D.E. 897 at 10]. The Court held that "if those fraud-based claims survive a potential summary judgment motion, and at the subsequent trial admissible evidence is presented encompassing the same actions or omissions Plaintiffs rely upon as their grounds for alleging fraud, Plaintiffs may then seek to amend the pleadings to conform to the evidence." *Id.* On the recent telephonic hearing, the Court stated its intent to prepare a clean, easily understood record in cases the MDL panel transferred here, including resolving summary judgment motions before remand. With respect, leaving as huge an open issue as this to be resolved not only after remand, but after trial, is neither the most efficient nor fairest way to resolve a request to amend

an original complaint in a case as far away from trial as this one. Nor does it address the possibility of one case remaining in the transferee court and another being remanded.

For the foregoing reasons, Headway respectfully requests a pre-conference motion to discuss its request to move for leave to amend, and an appropriate briefing schedule.

Respectfully submitted,

For Jorge A. Mestre

Enclosure

cc: Counsel for all parties (by e-mail)

1460.01\CORRES\LTR J. MARRERO 04.22.13

The Standard Chartered defendants are directed to respond by 4-25-13, by letter not to exceed four (4) pages, to the matter set forth above by plaintiff Headway Investment Corp.

SO ORDERED:

4-22-13
DATE

VICTOR MARRERO, U.S.D.J.