# RIVERO MESTRE

April 29, 2013

**By fax to (212)805-6382**

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/13
```

Re:   *Anwar, et al. v. Fairfield Greenwich Limited, et al.,*
      *09-cv-118(VM)(THK)*

Dear Judge Marrero:

I write on behalf of Plaintiff Headway Investment Corp. to supplement our April 23, 2013 letter to the Court requesting that the clerk not immediately file the two Declarations of Sebastian Gonzalez (dated February 17, 2012 and August 22, 2012), which were attached as Exhibit A to Headway's April 22, 2013 letter requesting a pre-motion conference regarding a motion for leave to amend. As we stated in our April 23rd letter, Headway promptly made this request after counsel for the Standard Chartered Defendants (the "Bank") informed us that the Bank wanted to designate the declarations as confidential pursuant to February 4, 2011 Stipulation and Order Governing Confidentiality of Discovery Material (the "Confidentiality Order"). Because the Confidentiality Order applies only to "discovery material" that is "confidential," and the declarations are neither, we advised counsel for the bank that we object and would oppose any attempt by the Bank to designate the declarations as confidential. That said, we agreed to inform the Court of the dispute and request that Exhibit A to Headway's April 22, 2013 letter not be entered into the public record until the parties have briefed the Bank's designation request, and the Court has had a chance to evaluate it. However, we want it to be abundantly clear, even before any briefing occurs – if the Court feels it is even called for – that the declarations are neither discovery material nor confidential, and that, in any event, the documents are not the Bank's documents. Thus, the Bank has no standing whatsoever to claim that they should be designated as confidential.

Under the Confidentiality Order, the Bank has no standing to designate *Headway's* documents as confidential. The Confidentiality Order states that "the designation of Discovery Material[1] as "Confidential" for the purpose of this Stipulation

---

[1] "Discovery Material" is defined as "all initial disclosures, documents, testimony, exhibits, interrogatory answers, responses to request for admissions, and any other written, recorded, transcribed or graphic matter or data or anything produced by any Party or non-party to the Standard Chartered Cases, and any copies thereof and all information contained therein." Confidentiality Order at ¶ 1.

Rivero Mestre LLP
www.riveromestre.com
T 305 445 2500   F 305 445 2505

MIA   NYC

and Order may be made *only by the Producing Party*. . . ." Confidentiality Order at ¶ 3. The declarations attached as Exhibit A are not the Bank's documents, nor were they produced by the Bank.[2] This alone ends the discussion.

Second, by its own terms, the Confidentiality Order does not apply to the declarations, because they are not "discovery material," as defined by the Order. They were not "produced in discovery" by any party, and their attachment to Headway's April 23rd letter is not any form of "production."

Third, even if the declarations were "discovery material," they are not "confidential," as defined by the Order. They do not contain (1) non-public, proprietary, commercially, or personally sensitive financial information, (2) material that requires the protections provided for in the Confidentiality Order to prevent unreasonable annoyance, expense, embarrassment, disadvantage or prejudice to any person or entity, or (3) personally identifying information of an individual. Confidentiality Order at ¶ 2.

Finally, even if the declarations had been "discovery materials" that Headway had "produced," they would not have been "confidential" because of the mere fact that they contain testimony which contradicts the Bank's contention that it did not know, and could not have known that Fairfield Sentry and Sigma were a fraud. The fact that the declarations contain facts that are harmful to the Bank does not make them confidential. Testimony that causes legal "prejudice" to the other side's position is what litigants are obliged to present, and the confidentiality order cannot be used to protect documents simply because they contain facts that will be harmful to a non-producing party.

If the Court requires further briefing on the matter, Headway will provide it. Meanwhile, Headway objects to the Bank's attempt to designate any of Headway's documents as confidential. Headway requests that the Court deny the Bank's attempted confidentiality designation and allow the declarations to be filed in the public docket. Headway reserves all rights, including those arising from the Confidentiality Order.

Respectfully submitted,

**SO ORDERED.** The parties are directed to address the matter set forth above to Magistrate Judge Frank Maas, to whom this action has been referred for supervision.

DATE 4-30-13 VICTOR MARRERO, U.S.D.J.

For Jorge A. Mestre

cc: Counsel for the Bank
Standard Chartered Plaintiffs' Steering Committee

---

[2] The declarations were freely given by a former Bank employee. Headway has an absolute right to speak with former Bank employees, and obtain their declarations, so long as they are not represented by the Bank's counsel, and the matters discussed do not relate to subjects protected by the attorney-client privilege. *Muriel Siebert & Co. v. Intuit Inc.*, 8 N.Y.3d 506, 511 (2007); *Reynoso v. Greynolds Park Manor, Inc.*, 659 So. 2d 1156, 1164 (Fla. 3d DCA 1995). Both conditions are satisfied here.