# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/13
```

April 30, 2013

By Facsimile

Honorable Victor Marrero,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street,
            New York, New York 10007.

      Re:   *Anwar v. Fairfield Greenwich Ltd.*,
             No. 09-CV-118 (S.D.N.Y.) -- Standard Chartered Cases

Dear Judge Marrero:

      We write on behalf of the Standard Chartered Defendants ("Standard Chartered") in response to (i) an April 19, 2013 letter from certain plaintiffs requesting a pre-motion conference to ask the Court to reconsider its prior ruling that Florida's economic loss rule bars negligence claims where the parties' written agreements govern the conduct at issue (Dkt. No. 1114); and (ii) April 22, 2013 letters from Maridom Limited, Caribetrans S.A. and Abbot Capital, Inc. (the "Maridom Plaintiffs") and Headway Investment Corp. ("Headway") seeking a pre-motion conference to ask the Court to reconsider their twice previously denied requests to amend their complaints (Dkt Nos. 1117, 1123). These requests for reconsideration are not well founded and there is no need for a pre-motion conference at this time.

**I.   The Court Need Not Reconsider Its Prior Ruling That Florida's Economic Loss Rule Bars Negligence Claims.**

      *Tiara Condominium Association, Inc. v. Marsh & McLennan Cos.*, No. SC10-1022, 2013 WL 828003 (Fla. Mar. 7, 2013) provides no practical nor substantive reason for this Court to reconsider now any prior rulings.

      *First*, this Court dismissed negligence claims based on allegations that Standard Chartered recommended Fairfield Sentry Ltd. or Fairfield Sigma Ltd. (the "Fairfield Funds") without conducting adequate due diligence. *Anwar v. Fairfield Greenwich Ltd.*, 891 F. Supp. 2d 548, 552 (S.D.N.Y. 2012). Plaintiffs rely on the same allegations for their breach of fiduciary duty claims – claims that are still pending before

Honorable Victor Marrero                                                                                   -2-

this Court.[1] *Compare id.* at 552 (negligence), *with id.* at 555 (breach of fiduciary duty). This Court has made clear that there is no need for plaintiffs to add (or, here, revive) claims where the allegations supporting those claims are the same as those allegations that support other claims still pending before the Court. *Anwar v. Fairfield Greenwich Ltd.*, 283 F.R.D. 193, 198 (S.D.N.Y. 2012). Specifically, the Court already denied plaintiffs leave to add new fraud claims that "center on the existing claims of failure to conduct adequate due diligence" because the alleged underlying conduct "will continue to be prosecuted" as a part of plaintiffs' surviving breach of fiduciary duty (and other) claims. *Id.* at 197-98. The Court noted that if the existing claims continue to survive post summary judgment, and at trial admissible evidence is presented, plaintiffs "may then seek to amend the pleadings to conform to the evidence." *Id.* (citing FED. R. CIV. P. 15(b). The same may be said for the dismissed negligence claims plaintiffs now seek to revive: Plaintiffs' "proposed [negligence] claim[s] relate[] to allegations of a failure to conduct adequate due diligence which already form the basis for the [] Plaintiffs' existing breach of fiduciary duty claim[s]." *Id.* at 199.

   *Second*, *Tiara Condo* does not mandate reversal of the Court's prior rulings. In short, although *Tiara Condo* may have narrowed the application of the economic loss rule, it does not alter the conclusion that under Florida law tort claims brought by one party to a contract against another cannot proceed unless the claims are independent of the contract. *See Tiara Condo*, 2013 WL 828003 at *6 ("[W]e may have been unnecessarily over-expansive in our reliance on the economic loss rule *as opposed to fundamental contractual principles*." (quoting *Moransais v. Heathman*, 744 So.2d 973, 981 (Fla. 1999)) (emphasis added)); *see also id.* at *9 (Pariente, J., concurring) ("Basic common law principles already restrict the remedies available to parties who have specifically negotiated for those remedies, and . . . our clarification of the economic loss rule's applicability does nothing to alter these common law concepts."). Here, plaintiffs entered into agreements governing the account relationship and the remedies available for any purported damages arising from Standard Chartered's provision of banking and

---

[1]   To the extent plaintiffs' negligence claims arise from alleged misrepresentations or omissions made in connection with their Fairfield Funds purchases, the Court has held that "such claims are more accurately brought under a theory of negligent misrepresentation, a species of fraud . . . subject to the heightened pleading requirements of Rule 9(b)" and are subject to dismissal for failing to satisfy those requirements. *Anwar*, 891 F. Supp. 2d at 552, 554-55.

Honorable Victor Marrero                                                                                    -3-

investment services pursuant to those agreements. None of those agreements permit plaintiffs to bring negligence claims[2]

## II. This Court Should Not Reconsider Its Two Prior Denials of Plaintiffs' Requests To Amend Their Complaints.

On April 13, 2012, the Court denied Headway and the Maridom Plaintiffs' requests for leave to amend their complaints. (April 13, 2012 Decision and Order, Dkt. No. 853 at 6.) On June 22, 2012, the Court denied plaintiffs' motions for reconsideration of the Court's denial. *Anwar*, 283 F.R.D. at 199 (Dkt. No. 897). Plaintiffs now ask the Court to consider this issue a third time, but offer no new circumstances justifying a different result.[3]

This Court already determined that "allowing Plaintiffs to add new claims . . . would significantly delay the resolution of the dispute, which amounts to prejudice to the defendant." *Id.* at 8 (internal citation and quotation marks omitted). This reasoning applies, *a fortiori*, now that fact discovery has closed and the parties are well into the expert phase of these coordinated actions. The Maridom Plaintiffs state that they intend to assert entirely new allegations, including that Standard Chartered was an "agent" of Fairfield Greenwich and that the purchases and sales of the Fairfield Funds occurred in Florida. (April 22, 2013 Letter from the Maridom Plaintiffs, at 3-4 ("Maridom Letter").) This would require a return to fact discovery, including discovery relating to, among other issues, where these plaintiffs actually purchased or sold shares in the Fairfield Funds and the nature of the relationship between Standard Chartered and Fairfield Greenwich.

Plaintiffs argue that permitting amended pleadings will not result in delay because the Standard Chartered Cases have been progressing slowly and are not yet trial ready. (April 22, 2013 Letter from Headway, at 1, 3 ("Headway Letter").) Standard Chartered disagrees with plaintiffs' various characterizations of the pace of these actions,

---

[2] Should the Court determine that reconsideration of its decisions dismissing plaintiffs' negligence claims is appropriate at this time, Standard Chartered respectfully requests that the Court permit full briefing on the applicability of *Tiara Condo*, as well as the reasons why fundamental contract principles bar plaintiffs' negligence claims.

[3] On April 24, 2013, plaintiff Joaquina Teresa Barbachano Herrero also submitted a letter to the Court joining the arguments made by Headway and the Maridom Plaintiffs. (Dkt. No. 1122.) Ms. Barbachano did not make any additional arguments as to why she should be permitted to amend her complaint, or state what allegations she seeks to add. Her request for a pre-motion conference and for leave to amend her complaint should be denied for the same reasons as those of Headway and the Maridom Plaintiffs.

Honorable Victor Marrero                                                                                                         -4-

but such argument in any event only reinforces that these cases should move forward, not backward, and "proceed to the next phase." *Anwar*, 283 F.R.D. at 198, (Dkt. No. 897).

Moreover, plaintiffs again fail to offer an explanation for why the amendments they seek to make now were not part of their original complaints despite being "known to Plaintiffs when this action was first filed." *Id.* at 197 (quoting April 13, 2012 Decision and Order, Dkt. No. 853, at 6); *see also* Headway Letter at 1 (additional allegations are "based on the original, common nucleus of operative facts that gave rise to [their] original complaint"); Maridom Letter, at 2-3 ("[T]he Maridom Plaintiffs will not seek to add additional allegations learned through discovery.")). Headway's assertion that an amendment is justified by "[n]ewly discovered evidence" is demonstrably false. (Headway Letter, at 2 n.8.) The so-called "new" evidence is declarations from a witness Headway procured but did not produce or even disclose during fact discovery.[4] Headway pointed to this same purported "evidence" last year in support of its failed motion for reconsideration of the Court's denial of leave to amend. (May 21, 2012 Headway Reply Mem, Dkt. No. 883, at 9-10.)

Finally, that the Court partially granted plaintiff Barbachano's prior request for leave to amend her complaint is inapposite. *Anwar*, 286 F.R.D. 258, 259 (S.D.N.Y. 2012). There the Court concluded that Ms. Barbachano was entitled to amend her complaint "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1), *id.*, and Ms. Barbachano filed an amended complaint. (Dkt. No. 990.) There is no dispute here that Headway's or the Maridom Plaintiffs' time for amendment as a matter of course has long since passed.[5]

\*      \*      \*

---

[4]     Headway and the Maridom Plaintiffs do not seek reconsideration based on *Tiara Condo* (or reference any other purported change in the law).

[5]     Headway and the Maridom Plaintiffs filed their complaints in 2009 and the Court ruled on Standard Chartered's motions to dismiss their complaints on October 4, 2010. *Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 360, 379 (S.D.N.Y. 2010).

Honorable Victor Marrero -5-

      For the foregoing reasons, Standard Chartered respectfully submits that there is no need for any pre-motion conferences at this time. If the Court is inclined to revisit the scope of Florida's economic loss rule, however, Standard Chartered respectfully requests the opportunity for full briefing.

      Respectfully submitted,

*Sharon L. Nelles*

Sharon L. Nelles

cc:    Members of the Standard Chartered Plaintiffs' Steering Committee

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Standard Chartered Defendants.

SO ORDERED.

4-30-13
DATE     VICTOR MARRERO, U.S.D.J.