# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

VIA FAX TRANSMISSION (212-805-6724)

April 23, 2013

The Hon. Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  Anwar v. Fairfield Greenwich
     No. 09-cv-118 (S.D.N.Y.)
     <u>Standard Chartered Cases</u>

Dear Judge Maas:

> MEMO ENDORSED
>
> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 5/1/2013
>
> Unless and until the Court otherwise orders, expert discovery in the Standard Chartered Cases will not be governed by the terms set forth in ECF No. 1115.
> FMaas, USMJ
> 5/1/13

I am counsel for the *Maridom* Plaintiffs and am writing as Liaison Counsel for the Standard Chartered Plaintiffs Steering Committee.

This letter concerns the Stipulation Concerning Expert Discovery, DE 1115 (Apr. 22, 2013). The caption of this Stipulation stated that it applied to "All Actions," and the Stipulation, as ordered by this Court, was apparently entered into all companion cases. *See, e.g.*, Case No. 10-cv-920 (*Maridom*), DE 175. Nevertheless, the Stipulation should not be applied to any of the Standard Chartered Cases because none of the parties in the Standard Chartered Cases signed the Stipulation (or, to our knowledge, were even approached about the Stipulation before it was signed or filed).

Therefore, the Standard Chartered Plaintiffs Steering Committee request that this Court take such action as is necessary to indicate that the Stipulation and order in question do not apply to or govern proceedings in the Standard Chartered Cases.[1]

---

[1] This would be in accord not only with the fact that none of the parties in the Standard Chartered Cases signed the Stipulation but also with the fact that, since the outset, the Standard Chartered Cases, although consolidated with *Anwar*, have operated under completely different procedural regimens: the Standard Chartered Cases have their own pretrial order and confidentiality order, and the Court has appointed a Plaintiffs' Steering Committee in the Standard Chartered Cases.

Hon. Frank Maas
April 23, 2013
Page 2

  We further inform the Court that, while the Standard Chartered Defendants have informed the undersigned by email that "[w]e agree that the parties in the Standard Chartered Cases are not bound by a stipulation that they did not sign," the Standard Chartered Plaintiffs and the Standard Chartered Defendants have differing views as to whether the Stipulation is substantively appropriate. The Plaintiffs believe that the appropriate standard is that established for discovery generally. *See, e.g., Herrick Co., Inc. v. Vetta Sports, Inc.*, No. 94 CIV. 0905(RPP), 1998 WL 637468, at *3 (S.D.N.Y. Sept. 17, 1998) ("The scope of further discovery beyond the mandatory disclosure of Rule 26(a)(2)(B) is governed by Rule 26(b)(1), which permits broad discovery of information that 'appears reasonably calculated to lead to the discovery of admissible evidence.' Fed.R.Civ.P. 26(b)(1)."). The Standard Chartered Defendants have informed us that they believe that the standard outlined in the Stipulation, which is far narrower, is appropriate.

  The Standard Chartered Plaintiffs inform the Court that, shortly, they will very likely be bringing to the Court for its determination specific disputes arising from the objections posed by the Standard Chartered Defendants' experts to the scope of the document subpoena served on those experts by the Standard Chartered Plaintiffs. This will give both parties in the Standard Chartered Cases the opportunity to argue before the Court concerning the appropriate standards governing the scope of expert discovery.

            Sincerely yours,

            The Brodsky Law Firm

            Richard E. Brodsky

cc: Counsel for Standard Chartered Defendants
   Members of Standard Chartered Plaintiffs' Steering Committee