# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

May 1, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/13

**By fax to (212) 805-6382**

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.,*
09-cv-118(VM)(THK)

Dear Judge Marrero:

I write on behalf of my clients, Maridom Limited, Caribetrans, S.A., and Abbot Capital, Inc. (the "*Maridom* Plaintiffs"), Plaintiffs in one of the Standard Chartered Cases. This letter is in reply to the April 30, 2013 letter from Sharon Nelles of Sullivan & Cromwell, LLP to Your Honor, responding to letters from various Standard Chartered Plaintiffs (including mine dated April 22, 2013 ["*Maridom* Letter"]) concerning leave to amend their respective complaints. This letter is addressed solely to points made (or not made) by Ms. Nelles in response to my letter.

The Defendants' letter ignores many of the points made in the *Maridom* Letter, including the highly significant fact, *Maridom* Letter at 2, that, as now presented, the proposed *Maridom* amendment is substantially narrower than the proposed second amended complaint, which the court earlier rejected as tardy. *Anwar v. Fairfield Greenwich Ltd.*, No. 09-cv-118, 2012 WL 1415621 (S.D.N.Y. Apr. 13, 2012) (holding that all amendments were required several months before discovery commenced), *reh'g denied*, 283 F.R.D. 193 (2012). Undeniably, any prejudice that the earlier amendment might have caused the Defendants will be considerably lessened were the Court to grant leave to amend as we now request.

Having ignored this critical fact, the Defendants resort to the thoroughly mistaken notion that additional discovery will be required because we seek to add a claim under the Florida Blue Sky Act. Specifically, Ms. Nelles states:

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

From: Richard E. Brodsky Fax: (888) 295-5819 To: Hon. Victor Marrero Fax: 1 (212) 805-6382 05/02/13 Page 3 of 5 5/1/2013 4:46

Case 1:09-cv-00118-VM-FM Document 1129 Filed 05/02/13 Page 2 of 4

Honorable Victor Marrero
May 1, 2013
Page 2

The Maridom Plaintiffs state that they intend to assert entirely new allegations, including that Standard Chartered was an 'agent' of Fairfield Greenwich and that the purchases and sales of the Fairfield Funds occurred in Florida. (April 22, 2013 Letter from the Maridom Plaintiffs, at 3-4 ('Maridom Letter').) This would require a return to fact discovery, including discovery relating to, among other issues, where these plaintiffs actually purchased or sold shares in the Fairfield Funds and the nature of the relationship between Standard Chartered and Fairfield Greenwich.

The claim that additional discovery would be required to defend the Florida Blue Sky claim is not supported by reference to actual requests for production, interrogatories or depositions that would be required. This is not surprising, because the indisputable fact is that Standard Chartered Defendants do not need discovery to learn "where these plaintiffs actually purchased or sold shares in the Fairfield Funds and the nature of the relationship between Standard Chartered and Fairfield Greenwich."

On the issue of where the sales occurred, the Defendants need no discovery to learn where the recommendations to invest in Sentry were formulated by Standard Chartered Bank International (Americas) Limited (its name after the acquisition of American Express Bank Ltd. in February 2008), from where written and telephonic communications with the *Maridom* Plaintiffs emanated, and where the Defendants and the *Maridom* Plaintiffs met from time to time when not meeting in the Dominican Republic. The answer to all three questions is Florida, and it is shown by the depositions already taken and the documents already produced. The Defendants have already sought and obtained relevant documents from the *Maridom* Plaintiffs and have taken all-day depositions of the principals of all three of the *Maridom* Plaintiffs. They also have produced corporate records of Standard Chartered's specific individual contacts with the *Maridom* Plaintiffs, as well as correspondence and emails with these clients. The Defendants know where the sales occurred.

It is equally erroneous to suggest that the Defendants need discovery to know the nature of their relationship with Fairfield Greenwich. The Defendants produced many documents concerning that relationship, including voluminous emails negotiating over how much money Fairfield Greenwich would pay Standard Chartered for recommending Sentry to its clients (agreement on which was a precondition to Standard Chartered's finally agreeing to offer Sentry to its individual clients). In addition,

Honorable Victor Marrero
May 1, 2013
Page 3

Standard Chartered produced to the Standard Chartered Plaintiffs copies of written agreements with Fairfield Greenwich whereby Standard Chartered entered into a formal relationship as a "distributor" of Fairfield Sentry shares to the Bank's private banking clients. The 2006 Private Distribution Agreement between Standard Chartered and Fairfield Greenwich expressly provided that Standard Chartered would "participate in the distribution of the Shares of [Sentry] Fund to its clients on a private placement basis," in exchange for which Standard Chartered would receive "50 basis points [0.5%] of [Fairfield Greenwich's] management fee per annum in connection with existing, new and transferred investments from [its] private banking clients." The Agreement further stated: "In soliciting Investors for the Funds and otherwise performing the duties hereunder, the Distributor shall be regarded as an independent agent and marketing representative."

Lest the Defendants argue that they need discovery to learn facts from their prior employees, this argument is eliminated when it is understood that Standard Chartered's alternate counsel (Greenberg Traurig, P.A., counsel for Standard Chartered in several arbitrations arising from these same events) represented nearly all of the key former officials of Standard Chartered in their depositions in this case, or Standard Chartered has supplied counsel to those persons. The depositions revealed that Sullivan & Cromwell lawyers were present at the deposition preparation sessions for these persons, and at the deposition all defense counsel asserted that conversations at those sessions were protected by attorney-client privilege even in the absence of a joint defense agreement. Accordingly, there can be no argument that Standard Chartered needs *discovery* to inquire of its own former employees about the facts.

For their part, the *Maridom* Plaintiffs have never suggested the need for more discovery: indeed, if there were any question in this respect, the *Maridom* Plaintiffs explicitly waive additional discovery on any aspect of the pleadings if they were permitted to amend.

As to putative delay, the Defendants only go through the motions in stating that permitting an amendment would materially slow down the process of these cases. These cases have proceeded at a glacial pace precisely because the Defendants have written (or at least followed) the book on slowing down the progress of a case. Every nit that could have been picked in discovery was duly picked. Every ploy to slow down expert discovery has been resorted to. It is outlandish for the Defendants to complain about delay when they have set the standard for delay in this case.

Honorable Victor Marrero
May 1, 2013
Page 4

    Against the plain need for permitting amendments to be freely granted when justice so requires, the Defendants' non-existent showing of the "need for discovery" and its plaintive cries of "undue delay" are woefully insufficient and should not be allowed by this Court to carry the day.

    The *Maridom* Plaintiffs are constrained to remind the Court that it explicitly ruled that leave to amend expired *months before discovery commenced*, and that any amendment after that date was therefore tardy. 2012 WL 1415621, at *1-2. This was an unprecedented ruling, and one that, under law, is not appealable until after the *Maridom* case is concluded. Respectfully, there is still time to amend this highly prejudicial ruling, and the Court should not be swayed by Standard Chartered's specious arguments that the Court should not do so.

    Thank you for your consideration of this letter.

                      Sincerely yours,

                      The Brodsky Law Firm, PL

                      Richard E. Brodsky

cc:    Counsel for Standard Chartered Defendants
       Counsel for all Standard Chartered Plaintiffs

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Maridom Plaintiffs. The Court has received sufficient argument in the correspondence to date relating to the matter set forth above. No further submissions will be considered.
>
> SO ORDERED.
>
> DATE 5-2-13    VICTOR MARRERO, U.S.D.J.