# RIVERO MESTRE

May 1, 2013

**By fax to (212)805-6382**

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/13
```

Re:  *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
     *09-cv-118(VM)(THK)*

Dear Judge Marrero:

    I write on behalf of Plaintiff Headway Investment Corp. in response to the April 24, 2013 letter to this Court from Sarah L. Cave, on behalf of PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands"), objecting to Headway's request for a pre-motion conference regarding a motion for leave to amend. PwC Netherlands' letter has nothing to offer on the critical issue raised by Headway's request, and argues only that the Court's denial of a previous motion to amend should foreclose Headway's current request. But this reliance on prior decisions fails to address the overarching question, whether Headway's proposed amendment would unfairly prejudice PwC Netherlands, a question to which the answer is plainly "no."

    It is well settled that "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1963)). PwC Netherlands argues only that Headway's amendment is foreclosed because the Court previously denied Headway's motion to amend, citing undue delay. However, mere delay is not undue delay, absent a showing of bad faith or undue prejudice, a showing that PwC does not attempt, and would be unable, to make. In the Standard Chartered cases, neither PwC Netherlands nor any other PwC entity have been required to take even the first step in defending a civil action, namely, responding to a complaint. *See State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."); *see also* 6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d,* § 1487, at 613 (1990 & 2007 Supp.) (Prejudice to the opposing party is "the most important factor" in deciding a motion for leave to amend, and "the most frequent reason for denying leave to amend.").

Rivero Mestre LLP
www.riveromestre.com
T 305 445 2500   F 305 445 2505



MIA · NYC

PwC Netherlands' opposition to Headway's proposed amendment is predicated entirely on this Court's earlier decision that Headway delayed in seeking leave to amend, and avoids altogether any attempt to demonstrate "undue prejudice."[1] We commend PwC Netherlands for refraining from making the frivolous argument that the proposed amendment would cause "undue prejudice," but the plain fact is that Headway's proposed amendment wouldn't cause it *any* prejudice.

Accordingly, for the foregoing reasons, and those stated in Headway's April 22, 2013 letter to the Court, Headway respectfully requests a pre-motion conference to discuss its request to move for leave to amend, and an appropriate briefing schedule.

Respectfully submitted,

For Jorge A. Mestre

cc: Counsel for all parties (by e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Headway Investment Corp. The Court has received sufficient argument in the correspondence to date relating to the matter set forth above. No further submissions will be considered.

SO ORDERED.

DATE 5-2-13  VICTOR MARRERO, U.S.D.J.

---

[1] How can PwC Netherlands ever be prejudiced when this Court has already made clear it would not force the other non-Bank defendants named by Headway to answer the complaint until the termination of the consolidated *Anwar* action.

2