```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
PASHA S. ANWAR, et al.,            :
                                   :   09 Civ. 0118 (VM)
              Plaintiffs,          :
                                   :
                                   :
     -against-                     :
                                   :
FAIRFIELD GREENWICH LIMITED,       :
et al.,                            :
                                   :
                                   :   DECISION AND ORDER
              Defendants.          :
-----------------------------------X
```



**VICTOR MARRERO, United States District Judge.**

By letter dated April 22, 2013, plaintiff Headway Investment Corp. ("Headway") requested a pre-motion conference to permit it to renew its request to amend its complaint. (Dkt. No. 1117.) Plaintiffs Maridom Ltd., Caribetrans, S.A., and Abbot Capital, Inc. (collectively, the "Maridom Plaintiffs"), and Joquina Teresa Barbachano Herrero ("Barbachano," with Maridom Plaintiffs and Headway, collectively, the "Plaintiffs"), by separate letters, joined Headway in this request. (Dkt. Nos. 1123 and 1122.) By letter dated April 30, 2013, the Standard Chartered Defendants opposed the Plaintiffs' requests to amend their complaints. PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands") also opposed the request by letter dated April 24, 2013. (Dkt. No. 1125.) Both the Maridom

Plaintiffs and Headway submitted separate letters replying to the opposition letters. (Dkt. Nos. 1129 and 1130.)

The Court previously denied Plaintiffs' requests for leave to amend their complaints. (Dkt. No. 853.)[1] The Court also denied the motions filed by Headway and the Maridom Plaintiffs for reconsideration of this denial. (Dkt. No. 897.) By order dated October 24, 2012, the Court granted a subsequent request by Barbachano for leave to amend and dismissed Counts I, III, and V of Barbachano's Amended Complaint. (Dkt. No. 995.)

The Plaintiffs now claim that their renewed requests for leave to amend – filed more than one year after this Court denied substantially similar requests for leave to amend by Headway and the Maridom Plaintiffs – will cause no prejudice to the Defendants. Specifically, the Plaintiffs claim that the Defendants will not be prejudiced because "the Standard Chartered Cases are not materially closer to

---

[1] In these requests, Headway and the Maridom Plaintiffs sought to add new defendants, claims, and factual allegations to their respective complaints. (See Dkt. Nos. 815 and 838.) Specifically, the Court denied Headway's request to amend its Complaint by adding: 1) Standard Chartered International (USA) Ltd. ("SCI"), PwC Netherlands, and PricewaterhouseCoopers Canada ("PwC Canada") as defendants; 2) claims of aiding and abetting breach of fiduciary duty, fraudulent and negligent misrepresentation, and violations of Florida's Securities and Investor Protection Act, Fla. Stat. § 517.301 ("FSIPA"); and 3) additional factual allegations. (See Dkt. Nos. 838 and 840.) The Court also denied the Maridom Plaintiffs' request to amend their Amended Complaint by adding: 1) SCI and Standard Chartered Bank ("SCB") as defendants; 2) claims for aiding and abetting breach of fiduciary duty, negligence, and a violation of the FSIPA; and 3) additional factual allegations. (See Dkt. Nos. 815 and 819.)

trial than they were a year ago" and therefore "the Court's previously expressed concern about unfairly delaying the progress of these cases if leave to amend were granted has not been borne out." (Dkt. No. 1117.) Regardless of the current status of the Standard Chartered Cases, the Plaintiffs have submitted no credible evidence that allowing amendment at this juncture would not "significantly delay the resolution of the dispute, which amounts to prejudice to the defendant." Anwar v. Fairfield Greenwich Ltd., 283 F.R.D. 193, 199 (S.D.N.Y. 2012). Unsurprisingly, the passage of an additional year in and of itself has done nothing to alter the Court's prior conclusion that "there has been undue delay in seeking to amend the Headway and Maridom Complaints and there has not been a showing of good cause for that delay." (Decision and Order, Apr. 13, 2012, Dkt. No. 853 at 6.).

The Plaintiffs point to no additional facts explicitly relevant to their proposed amendments to justify their request. Instead, the Plaintiffs point to the Standard Chartered Plaintiffs' request to "reconsider the Court's dismissal of their negligence claims . . . in light of the recent Florida Supreme Court decision definitively limiting [the economic loss] rule to product liability claims" as evidence of lack of prejudice to the Standard Chartered

-3-

Defendants. (Dkt. No. 1117.) However, the economic loss rule has absolutely nothing to do with the Plaintiff's proposed amendments. Tellingly, the Plaintiffs admit as much stating that they "do[] not seek th[e] exact relief" sought by the Standard Chartered Plaintiffs relating to the economic loss rule. For these reasons, the Plaintiffs' attempts to piggy-back their renewed requests for leave to amend on the Standard Chartered Plaintiffs' request for reconsideration is wholly lacking in merit.

Accordingly, the Court adopts the reasoning set forth in its April 13, 2012 and June 22, 2012 Orders (Dkt. Nos. 853 and 897) and **DENIES** the Plaintiffs' renewed requests for leave to amend (Dkt. Nos. 1117, 1123 and 1122).

**SO ORDERED.**

Dated: New York, New York
      2 May 2013

VICTOR MARRERO
U.S.D.J.