From: Richard E. Brodsky    Fax: (888) 291-5819    To: Hon. Victor Marrero    Fax: +1 (212) 805-6382    05/10/13    Page 2 of 3    5/9/2013 4:03

Case 1:09-cv-00118-VM-FM   Document 1138   Filed 05/10/13   Page 1 of 2

# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

*By fax to (212) 805-6382*

May 9, 2013

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/13

      Re:   *Anwar, et al. v. Fairfield Greenwich Limited, et al.,*
             *09-cv-118(VM)(THK)*

Dear Judge Marrero:

      I write on behalf of my clients, Maridom Limited, Caribetrans, S.A., and Abbot Capital, Inc. (the "*Maridom* Plaintiffs"), Plaintiffs in one of the Standard Chartered Cases.

      This letter is in response to the letter to Your Honor from Bradley Smith, one of Standard Chartered Bank's counsel, which was sent after the telephone conference held yesterday, May 8, 2013. That conference concerned certain Standard Chartered Plaintiffs' request for a conference concerning the effect of the Florida Supreme Court's decision limiting the Florida economic loss doctrine on negligence claims in the Standard Chartered Cases.

      In Mr. Smith's letter, the Bank asks that the Court reverse itself on a decision the Court announced at the conference: that the *Maridom* Plaintiffs would be permitted to amend their complaint to add a negligence claim, just like other Standard Chartered Plaintiffs.

      While this Court did not refer to the proposed negligence claim in its initial decision to deny leave to amend, *Anwar v. Fairfield Greenwich Ltd.*, No. 09-cv-118, 2012 WL 1415621 (S.D.N.Y. Apr. 13, 2012), it did so in denying the *Maridom* Plaintiffs' motion for reconsideration, 283 F.R.D. 193, 199 (2012) (holding amendment to add negligence count would be futile "as the Court economic loss rule would bar claims of negligence arising from professional services governed by a contractual relationship.").

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

Honorable Victor Marrero
May 9, 2013
Page 2

There is, however, no question that the futility doctrine was not the only reason that Your Honor denied my clients leave in 2012 to add this claim. The question is whether it is logical, fair or otherwise required that, at the same time as other plaintiffs are allowed to add this claim to their lawsuits, the *Maridom* Plaintiffs should not be allowed to add it to theirs. Fairness and logic dictate that this amendment be permitted. To follow the Defendants' request would unfairly, arbitrarily and unjustifiably elevate form over substance.

The *Maridom* Plaintiffs are constrained by Your Honor's comments at the conference to avoid attempting to bring up any other issue. Instead, they request that Your Honor adhere to the ruling made at the conference related to the *Maridom* Plaintiffs.

Thank you for your consideration of this letter.

Sincerely yours,

The Brodsky Law Firm, PL

Richard E. Brodsky

cc: Counsel for Standard Chartered Defendants
Counsel for all Standard Chartered Plaintiffs

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Maridom Plaintiffs.

SO ORDERED.

5-10-13
DATE

VICTOR MARRERO, U.S.D.J.