# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/13

May 8, 2013

By Facsimile

Honorable Victor Marrero,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street,
                New York, New York 10007.

            Re:   *Anwar v. Fairfield Greenwich Ltd.*,
                  No. 09-CV-118 (S.D.N.Y.) -- Standard Chartered Cases

Dear Judge Marrero:

        On behalf of the Standard Chartered Defendants ("Standard Chartered"), thank you for your time and attention during today's telephone conference concerning the request of plaintiffs in the Standard Chartered Cases to re-plead specific negligence claims following the Florida Supreme Court's recent decision in *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, No. SC10-1022, 2013 WL 828003 (Fla. Mar. 7, 2013). We write to clarify the record and the application of the Court's ruling today with respect to *Maridom Ltd. v. Standard Chartered Bank International (Americas) Ltd.*, No. 10-CV-920 (S.D.N.Y.) ("*Maridom*").

        We understand that, pursuant to the Court's ruling today, any plaintiff that brought a negligence claim that was "dismissed or disallowed on the basis of Florida's economic loss rule as previously applied by Florida courts" may re-plead that claim. (Dkt. No. 1137.) The Court will then consider the applicability of the *Tiara Condominium* decision at the summary judgment stage. We also understand that the Court will not allow any plaintiff to plead or re-plead a negligence claim that the Court dismissed or disallowed for reasons *other than* Florida's economic loss rule, including that the claim was not timely asserted or failed to meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

        Counsel for plaintiffs in *Maridom* asked Your Honor if the Court's ruling today would permit his clients to "re-plead" their negligence claims. Counsel represented that the Court had previously denied his clients leave to bring those claims because they would have been futile in light of Florida's economic loss rule. In other words, counsel

Honorable Victor Marrero                                                -2-

suggested that this Court denied the *Maridom* plaintiffs leave to plead negligence claims based solely on Florida's economic loss rule. This is incorrect.

The operative Amended Complaint in *Maridom* does not, and never did, assert a negligence claim. In 2010, the Court granted partial dismissal of the *Maridom* action, but did not apply Florida's economic loss rule. *Anwar v. Fairfield Greenwich Ltd. ("Anwar I")*, 745 F. Supp. 2d 360, 379 (S.D.N.Y. 2010).

Also in 2010, the Court gave the *Maridom* plaintiffs twenty-one days to re-plead their claims, *Anwar I*, 745 F. Supp. 2d at 379, which they did not do. Approximately fourteen months later, the *Maridom* plaintiffs sought leave to file a Second Amended Complaint. (Dkt. No. 815.) In addition to adding several new claims and factual allegations, plaintiffs also sought for the first time to add a negligence claim. The new negligence claim was proposed to be based on various new factual allegations, including that Standard Chartered adopted misstatements made in the Fairfield Sentry "Private Placement Memorandum," failed to disclose material facts, "insisted on" a "secret" "kickback" in selling Fairfield Sentry Ltd., and failed to conduct adequate due diligence on Sentry. (Proposed Sec. Am. Compl. ¶ 101; *see also* Apr. 22, 2013 Letter from *Maridom* plaintiffs (Dkt. No. 1123) at 2 (summarizing proposed amendments).)

On April 13, 2012, the Court denied the *Maridom* plaintiffs' request to file the Second Amended Complaint (Dkt. No. 853), and on June 22, 2012, denied their request for reconsideration (Dkt. No. 897). In denying reconsideration, the Court re-affirmed that plaintiffs could not add a negligence claim for multiple reasons:

> Finally, the Court is not persuaded that its denial of the Maridom Plaintiffs' request to add a claim of negligence to the Amended Complaint constituted clear error or caused a manifest injustice. For all the reasons listed in the April 2012 Order, the Maridom Plaintiffs' have failed to show that the delay in adding this claim was not undue and would therefore not unduly prejudice defendants. This result follows especially because the proposed claim relates to allegations of a failure to conduct adequate due diligence which already form the basis for the Maridom Plaintiffs' existing breach of fiduciary duty claim. Moreover, any such amendment would be futile, as the Court has previously held that Florida's economic loss rule would bar claims of negligence arising from professional services governed by a contractual relationship.

(Dkt. No. 897, at 13-14 (citations omitted).)

Honorable Victor Marrero                                                      -3-

        As the Court's prior ruling makes clear, the economic loss rule was but one of several reasons the Court identified in declining to allow the proposed negligence claim or the proposed new factual allegations. Accordingly, Standard Chartered respectfully requests that the Court confirm that today's ruling does not permit the *Maridom* plaintiffs to plead their negligence claims.

                                                           Respectfully submitted,

                                                           Bradley P. Smith

cc:    Members of the Standard Chartered Plaintiffs' Steering Committee (by E-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Standard Chartered Defendants.

SO ORDERED.

5-10-13
DATE            VICTOR MARRERO, U.S.D.J.