USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PASHA ANWAR, et al.,

        Plaintiffs,

    -against-

FAIRFIELD GREENWICH LIMITED,
et al.,

        Defendants.
------------------------------------X

09 Civ. 0118 (VM)

**DECISION AND ORDER**

VICTOR MARRERO, UNITED STATES DISTRICT JUDGE.

    On May 8, 2013, the Court held a telephone conference with the parties in this action to discuss the recent ruling by the Florida Supreme Court in Tiara Condo Association Inc. v. Marsh & McLennan Companies, Inc., SC10-1022, 2013 WL 828003 (Fla. Mar. 7, 2013). That decision clarified Florida's economic loss rule and limited its application solely to products liability litigation. Because this Court had relied on Florida courts' case law prior to Tiara Condo in dismissing negligence claims that various plaintiffs had asserted in the instant action, the Court ruled during that conference that plaintiffs would be permitted to amend their complaints to replead negligence claims to the extent they were previously dismissed or

disallowed specifically on the basis of Florida's economic loss rule. By Order dated May 8, 2013 (the "May 8 Order"), the Court reaffirmed its ruling. It granted plaintiffs "leave to amend their complaints to replead the negligence claims that were previously dismissed or disallowed <u>on the basis of Florida's economic loss rule</u>." (Dkt. No. 1137 (emphasis added).)

By letter dated May 8, 2013, the Standard Chartered Defendants ("Standard Chartered") wrote to "clarify the record and the application of the Court's ruling [ ] with respect to <u>Maridom Ltd. v. Standard Chartered Bank International (Americas) Ltd.</u>, No. 10-CV-920 (S.D.N.Y.) ("<u>Maridom</u>")." (Dkt. No. 1139 at 1.) Specifically, Standard Chartered noted that the "operative Amended Complaint in <u>Maridom</u> does not, and never did, assert a negligence claim." (<u>Id.</u> at 2.) Standard Chartered further argued that, while the <u>Maridom</u> plaintiffs previously requested leave to file a Second Amended Complaint that included a negligence claim, the Court denied that request for several reasons and did not base its decision solely on Florida's economic loss rule. (<u>Id.</u> at 2-3.) By letter dated May 9, 2013, the <u>Maridom</u> plaintiffs responded that, while Florida's economic loss rule was not the only reason

-2-

that the Court denied the Maridom plaintiffs' request for leave to amend, "[f]airness and logic dictate that this amendment should be permitted." (Dkt. No. 1138 at 2.)

The Court's clear intent during the May 8, 2013, conference, as expressly affirmed in the May 8 Order, was that plaintiffs would be permitted to replead only those negligence claims that were previously dismissed or disallowed explicitly on the basis of the economic loss rule. In denying the Maridom plaintiffs' prior request for leave to amend, the Court concluded that in the case of the Maridom plaintiffs "there has been undue delay in seeking to amend . . . and there has not been a showing of good cause for that delay." (Dkt. No. 853 at 6.) The Court further held that "permitting the proposed amendments . . . would inevitably result in significant delay" and thus concluded that "granting leave to amend would prejudice [Standard Chartered]." (Id.) Therefore, the Maridom plaintiffs' request for leave to amend – which was not limited to a negligence claim, but also requested leave to add additional defendants, claims, and factual allegations – was not denied solely on the basis of Florida's economic loss rule, but rather on the basis of "undue delay in

seeking to amend" without "a showing of good cause for that delay." (Id.)

That ruling now stands as the law of the case on the grounds there articulated. Accordingly, the Court does not have before it any decision, or any recognized procedural means by which to rescind it or take it back and the Maridom plaintiffs have pointed to none. In particular, there is no basis predicated on Florida's economic loss rule that would warrant permitting the Maridom plaintiffs to amend their complaint to include negligence claims based on the clarification of Florida's economic loss rule in Tiara Condo. On this basis, therefore, the Court concludes that the May 8 Order cannot extend to permit the Maridom plaintiffs at this time to amend their complaint to add the negligence claims the Court on other grounds had denied them leave to plead.

**SO ORDERED.**

Dated: New York, New York
       10 May 2013

_____
VICTOR MARRERO
U.S.D.J