UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PASHA S. ANWAR, et al.,                       :

               Plaintiffs,        :     **ORDER**

    -against-                                :     09 Civ. 118 (VM) (FM)

FAIRFIELD GREENWICH LTD, et al.,              :

               Defendants.        :

This Document Relates to Headway Investment : 
Corp. v. Standard Chartered Bank Int'l
(Americas), Ltd., et al.                      :

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/2013
```

**FRANK MAAS,** United States Magistrate Judge.

       After denying the renewed request of Plaintiff Headway Investment Corp. ("Headway") for leave to amend its complaint, (ECF No. 1132), Judge Marrero referred to me a dispute over whether two exhibits annexed to Headway's April 22 pre-motion letter should be included in the public record of this case. The exhibits at issue are two declarations by Sebastian Gonzalez ("Gonzalez"), who was employed by American Express Bank and served as the relationship manager for various bank clients, including Headway. Both declarations are largely comprised of Gonzalez's recollections of conversations he had with other bank employees regarding the Fairfield "Sentry" and "Sigma" funds, which apparently were two of the principal Madoff feeder funds.

       The Standard Chartered Defendants ("Standard Chartered") object to the filing of the exhibits on the public record and further argue that Headway should be barred from relying on the Gonzalez declarations because Headway allegedly failed to disclose them prior to the close of fact discovery. Standard Chartered also argues that the declarations are "confidential" and thus protected from public disclosure under the terms of a Confidentiality Order entered by this Court on February 4, 2011. (ECF No. 603). For its part, Headway argues that Standard Chartered was provided with ample notice during the discovery period that Gonzalez was a potential witness with information. Headway further contends that Standard Chartered has no standing to designate the declarations as "confidential" under the Confidentiality Order, and that, in any event, the declarations are not subject to the Order because they are neither "discovery material" nor "confidential" within the meaning of the Order.

As a preliminary matter, the question of the admissibility of the Gonzalez declarations or any related testimony is not for me to decide. The sole issue before me is whether the declarations should be filed as part of the public record at this time. Ordinarily, any materials a court relies on in making a decision become a part of the record of the case. Here, there is no indication that Judge Marrero considered the Gonzalez declarations in the course of denying Headway's renewed application for leave to amend. Indeed, although Headway referred to the Gonzalez declarations in a footnote in its April 22 letter, they could not have been a part of the record because they never were attached as exhibits. In these circumstances, it is difficult to discern any rationale for subsequently filing the declarations on the record.

The issue is not, as Headway frames it, simply whether the declarations are subject to the Confidentiality Order, but, rather, whether there is presently any basis for making the documents a part of the public record. I see no reason for why they need to be included at this point. If Headway wishes to use the Gonzalez declarations in connection with a motion for summary judgment or at trial, it may seek to file them on the record when the time comes.

Accordingly, Headway's request to enter the Gonzalez declarations into the public record is denied without prejudice, as is Standard Chartered's application seeking to preclude Headway from relying on the declarations or Gonzalez's testimony in this action.

SO ORDERED.

Dated:      New York, New York
            June 5, 2013

                                               _____
                                               FRANK MAAS
                                               United States Magistrate Judge


Copies to:

Hon. Victor Marrero
United States District Judge

All counsel (via ECF)