# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/13

June 5, 2013

By Facsimile to Court and Counsel

Honorable Victor Marrero,
　United States District Judge,
　　Daniel Patrick Moynihan United States Courthouse,
　　　500 Pearl Street,
　　　　New York, New York 10007.

　　　　Re:　*Anwar, et al.* v. *Fairfield Greenwich Ltd., et al.*, No. 09-CV-118
　　　　(S.D.N.Y.) -- *Caso* v. *Standard Chartered Bank International
　　　　(Americas) Ltd., et al.*, No. 10-CV-9196 (S.D.N.Y.)

Dear Judge Marrero:

　　　　We write on behalf of Standard Chartered Bank International (Americas) Ltd. (the "Bank") in reply to plaintiff Ricardo Rodriguez Caso's May 30, 2013 letter to the Court. Mr. Caso argues that this Court (1) permitted class arbitration in its May 18, 2012 Order (Letter at 2), and (2) lacked the authority to preclude class arbitration (Letter at 2-3). Mr. Caso is incorrect.

　　　　*First*, the Court's May 18 Order permitted only individual arbitration. The Bank moved to compel arbitration only of Mr. Caso's individual claims, and that is the motion the Court granted. Indeed, Mr. Caso did not dispute then that the NISA authorizes only individual arbitration (*see* Dkt. Nos. 771, 772, 880), and the Court certainly did not rule that Mr. Caso was permitted to proceed with class-wide arbitration when concluding that the NISA "does not contain a clause prohibiting enforcement of arbitration against a putative class plaintiff," and thus there was "no impediment to arbitrability" of Mr. Caso's individual claim. (May 18 Order at 3, Dkt. No. 882.) Rather, the Court's ruling was fully in accord with the Federal Arbitration Act (the "FAA"), which calls for a court to compel arbitration only upon motion of a party and only "in accordance with the terms of the agreement." 9 U.S.C. § 4. The Court was not presented with any motion to refer the claims of the putative class to arbitration, and could not have done so in any event because the parties' agreement does not expressly authorize class arbitration. *See Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1775-76 (2010); *In re Am. Express Merchants' Litig.*, 667 F.3d 204, 219 (2d Cir. 2012) ("*Stolt-Nielsen* plainly precludes any court from compelling the parties to submit to class-wide arbitration where the arbitration

Honorable Victor Marrero                                                          -2-

clause is silent as to class-wide arbitration."); *see Anwar* v. *Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 462, 477 (S.D.N.Y. 2010) ("'Class action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it simply by agreeing to submit their disputes to an arbitrator.'" (quoting *Stolt-Nielsen*, 130 S. Ct. at 1775)).

*Second*, the Court had (and has) clear authority to determine gateway issues of arbitrability, including whether Mr. Caso can be compelled to individual, and not class, arbitration. *See, e.g., In re Am. Express Merchants' Litig.*, 667 F.3d at 210 ("the issue of the class action waiver's enforceability was a matter for the court, not the arbitrator"); *Ryan* v. *J.P. Morgan Chase & Co.*, 2013 WL 646388, at *5-6 (S.D.N.Y. Feb. 21, 2013) (compelling putative class plaintiff to individual arbitration before AAA); *Sanders* v. *Forex Capital Mkts., LLC*, 2011 WL 5980202, at *1, 10 (S.D.N.Y. Nov. 29, 2011) (compelling putative class plaintiff to individual arbitration); *cf. Sutherland* v. *Ernst & Young LLP*, 768 F. Supp. 2d 547, 554 (S.D.N.Y. 2011) (denying motion to compel class arbitration where agreement "silent as to whether class arbitration is permissible"). Mr. Caso does not dispute that the question of whether class arbitration is permitted is normally one for the court to determine. Instead, Mr. Caso argues that because the NISA provides for AAA rules to govern any arbitration, the parties somehow agreed to commit the question of the permissibility of class arbitration to the arbitrators. (Letter at 2-3.) What Mr. Caso ignores, however, is that, although the AAA's Supplementary Rules for Class Arbitration require an arbitrator, presented with a putative class claim that has not been addressed by a court, to decide whether class arbitration is permitted, the rules make plain that "[w]henever a court has, by order, addressed and resolved any matter that would otherwise be decided by an arbitrator under these Supplementary Rules, the arbitrator shall follow the order of the court." Rule 1(c). In other words, the rules expressly contemplate that a court may decide the issue first. The parties thus cannot be said to have "clearly and unmistakably" agreed to have arbitrators decide whether class claims are arbitrable based on the AAA rules. *First Options of Chicago, Inc.* v. *Kaplan*, 514 U.S. 938, 944 (1995).

Finally, Mr. Caso's reliance on the Second Circuit's unpublished opinion in *Emilio* v. *Sprint Spectrum L.P.*, 2013 WL 203361 (2d Cir. Jan. 18, 2013), is misplaced. *Emilio* concerned review of a final arbitral award where the parties had submitted and litigated the issue of class arbitration to the arbitrator. *Id.* at *1. The Second Circuit held that because the parties did not dispute that they had delegated questions of arbitrability to the arbitrator, the district court was required to defer to the arbitrator's resolution those questions. *Id.* at *2-3. Here, the Court determined that Mr. Caso's individual claim was referable to arbitration. Nothing in *Emilio* prevents this Court from enforcing that order. And to the extent Mr. Caso's position is that the Court should refer class claims to arbitration now, that request should be denied under *Stolt-Nielsen*, and nothing in *Emilio* prevents that either.

Respectfully submitted,

*Sharon L. Nelles* /SRG

Sharon L. Nelles

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Starland Chartered defendants.

SO ORDERED.

6-5-13
DATE            VICTOR MARRERO, U.S.D.J.