# STONE 🟫 MAGNANINI
## LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**  150 JFK Parkway, Short Hills, NJ 07078  P 973.218.1111  F 973.218.1106

June 7, 2013

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/10/13
```

Honorable Victor Marrero
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Anwar, et al. v. Fairfield Greenwich, Ltd., et al.*, No. 09-CV-118 (S.D.N.Y.) --
            *Caso v. Standard Chartered Bank International (Americas) Ltd.*, et al.
            No. 10-CV-9196 (S.D.N.Y.)

Dear Judge Marrero:

        On behalf of putative class Plaintiff Caso, we respectfully submit this brief response to the June 5, 2013 letter reply of Standard Chartered Bank International (Americas) Ltd. ("Standard Chartered"). Although Standard Chartered's reply adds little to its argument, it contains misstatements of law and fact which warrant clarification.

        The crucial fact here, as this Court recognized in its May 18, 2013 Order, is that the parties agreed in the NISA that "all controversies between [the parties] arising out of or concerning the Agreement, the Investment Account, Transactions, Holdings or any related matter shall be determined by arbitration."[1] The language of this Order clearly demonstrates that the Court understood and interpreted this provision to require all controversies, including Plaintiff's putative class action claim and whether Plaintiff could pursue a class action, to be determined by arbitration.[2] This is apparent from the fact that nowhere does the Order refer to Caso's individual claims.

---

[1] The cases relied on by Standard Chartered are irrelevant to the situation here. *Ryan v. JP Morgan Chase & Co.*, 2013 U.S. Dist. LEXIS 24628 (S.D.N.Y. 2/21/2013), involved an arbitration clause with an express class action waiver, whereas the NISA has no such provision. *Sanders v. Forex Capital Markets LLC*, 2011 WL 5980202, at *4 (S.D.N.Y. Nov. 29, 2011) involved an arbitration clause that was silent as to whether the arbitrability of a dispute was for the court or for the arbitrator, whereas in the NISA, the parties agreed to be bound by the rules of the AAA, which make that issue arbitrable.

[2] Nor, as Standard Chartered implies, has this Court held that class arbitration is inherently incompatible with the arbitration process. In *Anwar v. Fairfield Greenwich Ltd.*, 728 F.Supp.2d 462 (S.D.N.Y. 2010), this Court held that collective arbitrations were *permissible* as a normal matter of joinder. *Anwar* did not address whether class

Honorable Victor Marrero
June 7, 2013
Page 2 of 2

      Indeed, the Court's decision was consistent with the Second Circuit's holding in *Emilio v. Sprint Spectrum L.P.*, 2013 WL 203361 (2d Cir. Jan. 18, 2013), that arbitration provisions wherein the parties agree to be bound by arbitration rules that make the class arbitration issue arbitrable take that issue away from the courts.[3] The AAA, in compliance with the Court's Order, has placed the parties on a schedule to decide the arbitrability of Caso's class action claims. Consistent with the parties' agreement to arbitrate "all controversies," the parties will have their very first opportunity to fully brief class issues that have great significance to the putative class and lead plaintiff as well as to Standard Chartered in the arbitration. Accordingly, Standard Chartered's request should be denied.

Respectfully submitted,

David S. Stone

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff Ricardo Rodriguez Caso. No further submission on the underlying issue will be necessary, and will not be accepted.

SO ORDERED.

6-7-13
DATE      VICTOR MARRERO, U.S.D.J.

---

arbitrations would be permissible when the parties expressly commit "all controversies" and "any related matter" to arbitration in a forum that expressly provides rules for class arbitrations.

[3] In this respect, the procedural status of *Emilio* is irrelevant. Moreover, Standard Chartered's attempt to distinguish *Emilio* is unavailing because the AAA Rules (Rule 1(c)), like the JAMS rules at issue in *Emilio* (Rule 4), also require arbitrators to comply with court orders.