# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA S. ANWAR, *et al.*,<br><br>                                            Plaintiffs,<br><br>                  v.<br><br>FAIRFIELD GREENWICH LIMITED, *et al.*,<br><br>                                            Defendants.<br><br>This Document Relates To: The Standard Chartered Cases | Master File No. 09-cv-118 (VM) (FM) |

## THE STANDARD CHARTERED DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS CONCERNING ROBERT A. PICARD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), defendants Standard Chartered Bank International (Americas) Limited and Standard Chartered PLC (the "Standard Chartered Defendants") hereby request that within 30 days from the date of service of this First Set of Requests for Production (the "Requests") plaintiffs in the Standard Chartered Cases in the above-captioned action produce the documents specified in the Requests below at the offices of Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, in the manner agreed to by the parties, and in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

1.  The defined terms of this Court as set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules") are incorporated by reference herein.

2.  "Action" means any and all actions pending in the multidistrict litigation consolidated under the caption *Anwar v. Fairfield Greenwich Limited*, No. 09-CV-118 (S.D.N.Y.), including but not limited to the Standard Chartered Cases, as those cases are defined in the Second Amended Scheduling Order Regarding Standard Chartered Cases, entered by the Court on February 4, 2011 (Dkt # 602).

3.  "All" means any and all.

4.  "BLMIS" refers to Bernard L. Madoff Investment Securities LLC, or any of its employees, agents, owners or affiliates.

5.  "Document(s)" is intended to be interpreted in the broadest possible meaning accorded to it under Rules 34 and 45 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 26.3 of the Local Rules.

6.  "Picard" refers to Robert A. Picard.

7.  "Picard Report" refers to the Expert Report of Robert A. Picard on Behalf of Standard Chartered Plaintiffs, including all attachments and appendices, dated August 2, 2012, together with the document titled "Documents considered by Robert Picard in rendering expert witness reports," dated April 2, 2013.

8.  "Picard Sur-Rebuttal Report" refers to the Surrebuttal Report of Robert A. Picard on Behalf of Standard Chartered Plaintiffs, dated March 20, 2013.

9.  "You" or "Your" or the "Standard Chartered Plaintiffs" refers to the plaintiffs in the Standard Chartered Cases in the above-captioned action.

10. To the extent not defined above, all terms in these Requests for Production (the "Requests") shall be given their plain and ordinary meaning.

## INSTRUCTIONS

A.  The rules of construction of this Court as set forth in Rule 26.3 of the Local Rules are incorporated by reference herein.

B.  Each Request shall be construed according to its terms and shall not be limited with reference to any other Request.

C.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any response or document that might otherwise be construed to be outside its scope.

D.  You shall produce all Documents within your possession, custody or control, including but not limited to all Documents reasonably accessible to you via the Internet, electronic mail or by making a written or oral request to a third party.

E.  All electronic data or data compilations shall be produced in the same form or format in which it was used for Picard's analyses or calculations, in working form with all links to other spreadsheets and/or underlying active data, and any programs or intermediate analyses that were used as part of Picard's analyses or calculations or reported results.

F.  If you object to any Request, state with specificity the grounds for each objection and the Request or Requests to which the objection applies. An objection to part of any Request must specify the part to which the objection applies. Documents shall be produced for any Request to which an objection is made insofar as it is not deemed objectionable.

G.  If you object to any Request on the ground that it is overly broad, state in your response: (i) how you narrowed the Request, and (ii) the reason(s) why you claim the Request is overly broad.

H.  In construing these Requests: (i) masculine, feminine or neuter pronouns shall not exclude other genders; (ii) the present tense includes the past and future tenses; (iii) the term "including" shall not be construed to limit the scope of any of the Requests; (iv) all Requests should be interpreted in a manner that makes them inclusive rather than exclusive; and (v) to the extent multiple Requests seek the same information, and some of those Requests are made with a greater level of specificity than others, the presence of the more specific Requests shall not serve as a basis for interpreting the more general Requests narrowly.

I.  All drafts of responsive Documents, as well as non-identical copies, should be produced.

J.  In answering the Requests, if you claim any form of privilege or protection for another reason, whether based on statute or otherwise, as a ground for not producing any requested document, furnish a list identifying each such document and providing the information required by Rule 45 of the Federal Rules.

K.  If you assert that any requested document has been lost, destroyed, or discarded, that document should be identified in your response by author, addressee, indicated or blind copies, and all others to whom the document was distributed, date, subject matter, number of pages and attachments or appendices, date of loss, destruction or discarding and the circumstances of the loss, destruction or discarding.

L.      The Requests shall be deemed continuing so as to require prompt supplemental or amended responses if you obtain or discover additional Documents between the time of initial production and the final disposition of this action.

**REQUESTS**

1.      Other than the documents expressly identified by Bates number in the document attached as Exhibit A, all documents Picard considered in forming the opinions set forth in the Picard Report or the Picard Sur-Rebuttal Report.

2.      Excluding (i) communications with counsel for the Standard Chartered Plaintiffs, (ii) the Picard Report or Picard Sur-Rebuttal Report and (iii) drafts of those reports, all documents concerning any actual or potential witnesses in the Action that Picard generated, including but not limited to any notes relating to any interviews or testimony of any actual or potential witnesses, including but not limited to any notes relating to any testimony of Robert Friedman, John Dutkowski or Ezra Zask.

3.      All documents that "show that in 2006, SCI earned $37,000,000, and its asset management, fiduciary and client services fees totaled $61,000,000, while it had $22,500,000,000 AUM (assets under management) at December 31, 2006," as set forth on page 8 of the Picard Report.

4.      All documents supporting the contention that "SC client holdings in Fairfield Sentry, which amounted to approximately 2.4% of SC's AUM, nevertheless generated 8.1% of asset management fees," as set forth on page 8 of the Picard Report.

5.      Documents sufficient to show Picard's compensation, including total hours billed, as an expert or consultant in the Action.

6. All communications identifying any facts or data that Picard considered in forming the opinions expressed in the Picard Report or the Picard Sur-Rebuttal Report.

7. All communications concerning any assumptions provided to Picard and that Picard considered in forming the opinions expressed the Picard Report or the Picard Sur-Rebuttal Report.

8. Excluding communications with counsel for plaintiffs in the Action, all communications between Picard and George A. Martin concerning the Action, including but not limited to any opinions concerning the Action.

9. All drafts of the reports of George A. Martin that Picard reviewed and considered in forming the opinions expressed in the Picard Report or the Picard Sur-Rebuttal Report.

10. Excluding communications with counsel for plaintiffs in the Action, all communications with any other testifying witness or expert in the Action concerning the Action.

11. Excluding communications with counsel for plaintiffs in the Action, all communications with any of the Standard Chartered Plaintiffs or their representatives.

12. Excluding communications with counsel for plaintiffs in the Action, all communications concerning Bernard Madoff, Fairfield Sentry, or any other investment that had some or all of its assets purportedly managed by BLMIS.

Dated: New York, New York
May 1, 2013

Respectfully submitted,

Sharon L. Nelles
Bradley P. Smith
Patrick B. Berarducci
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000 (telephone)
(212) 558-3588 (facsimile)

Diane L. McGimsey
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
(310) 712-6600 (telephone)
(310) 712-8800 (facsimile)

*Attorneys for Standard Chartered Bank International (Americas) Limited and Standard Chartered PLC*

# EXHIBIT A

## Documents considered by Robert Picard in rendering expert witness reports

*Standard Chartered Cases*, No. 09-cv-118 (S.D.N.Y.)

Plaintiffs' Deposition Ex. 2
Plaintiffs' Deposition Ex. 7
Plaintiffs' Deposition Ex. 9
Plaintiffs' Deposition Ex. 10
Plaintiffs' Deposition Ex. 18
Plaintiffs' Deposition Ex. 24
Plaintiffs' Deposition Ex. 25
Plaintiffs' Deposition Ex. 28
Plaintiffs' Deposition Ex. 30
Plaintiffs' Deposition Ex. 31
Plaintiffs' Deposition Ex. 33
Plaintiffs' Deposition Ex. 38
Plaintiffs' Deposition Ex. 39
Plaintiffs' Deposition Ex. 41
Plaintiffs' Deposition Ex. 43
Plaintiffs' Deposition Ex. 65
Plaintiffs' Deposition Ex. 72
Plaintiffs' Deposition Ex. 109
Plaintiffs' Deposition Ex. 119
Plaintiffs' Deposition Ex. 120
Plaintiffs' Deposition Ex. 121
Plaintiffs' Deposition Ex. 122
Plaintiffs' Deposition Ex. 123
Plaintiffs' Deposition Ex. 124
Plaintiffs' Deposition Ex. 125
Plaintiffs' Deposition Ex. 126
Plaintiffs' Deposition Ex. 127
Plaintiffs' Deposition Ex. 128

SCB_MDL_00112030
SCB_MDL_00042291
SCB_MDL_00010966
SCB_MDL_00010973
SCB_MDL_00000948
SCB_MDL_00004034
SCB_MDL_00089521
SCB_MDL_00089778
SCB_MDL_00029963
SCB_MDL_00102069
SCB_MDL_00011269-71
SCB_MDL_00116878
SCB_MDL_00044594

SCB_MDL_00049664
SCB_MDL_00101314
SCB_MDL_00056620
SCB_MDL_00036018
SCB_MDL_00067741
SCB_MDL_00011563
SCB_MDL_00037601
SCB_MDL_00032773
SCB_MDL_00028329
SCB_MDL_00012663
SCB_MDL_00044552
SCB_MDL_00077723
SCB_MDL_00070800
SCB_MDL_00123629
SCB_MDL_00054521
SCB_MDL_00123469
SCB_MDL_00025042
SCB_MDL_00038765
SCB_MDL_00053212
SCB_MDL_00053217
SCB_MDL_00014367
SCB_MDL_00036300
SCB_MDL_00012496
SCB_MDL_00086606
SCB_MDL_00057175
SCB_MDL_00056632
SCB_MDL_00035460
SCB_MDL_00035462
SCB_MDL_00035530
SCB_MDL_00035531
SCB_MDL_00040477
SCB_MDL_00102416
SCB_MDL_00101053
SCB_MDL_00088666
SCB_MDL_00031028
SCB_MDL_00025024
SCB_MDL_00038217
SCB_MDL_00049708
SCB_MDL_00024550
SCB_MDL_00004825
SCB_MDL_00036516
SCB_MDL_00012083
SCB_MDL_00123325
SCB_MDL_00014602
SCB_MDL_00119340
SCB_MDL_00058164

SCB_MDL_00053410
SCB_MDL_00050079
SCB_MDL_00011578
SCB_MDL_00044621
SCB_MDL_00036157
SCB_MDL_00028589
SCB_MDL_00028337
SCB_MDL_00089543
SCB_MDL_00014606
SCB_MDL_00123830
SCB_MDL_00011442
SCB_MDL_00036121
SCB_MDL_00004087
SCB_MDL_00044595

FGANW002862047
FGANW000252952
FGANW000024842
FGANWE000180207

Documents specifically referred to in initial and surrebuttal reports
Deposition transcripts specifically referred to in initial and surrebuttal reports

**Public Articles reviewed:**
- Aksia LLC warning to clients of seven red flags related to Madoff
- Pi Capital WSJ article excerpts from December 19, 2008
- Bloomberg article on Credit Suisse Group warning to investors about Madoff
- Acorn Partners Robert Rosenkranz statement in NY Times about Madoff being fraudulent
- Castle Hall Alternatives in WSJ on December 13th 2008 discussing clear conflict of interest with the Madoff structure.
- Societe Generale in the NY Times on December 16th 2008 that visit to Madoff's headquarters concluded something was not right
- Atlantic Trust quote in the Boston Globe on January 13th 2009 (concluding that they had spotted a number of red flags with Madoff's operation)

**Miscellaneous Documents**
- Fairfield Sentry, Ltd. June 2008 Fund Snapshot (3 Pages)
- Fairfield Sentry Ltd. Fund Marketing Presentation (October 2007 Powerpoint 27 Pages)
- First Amended Complaint filed in *Fairfield Sentry Ltd.* v. *Fairfield Greenwich Group, et al.*
- S.E.C. Office of Investigations: Investigation of Failure of the SEC to uncover Bernard Madoff's Ponzi Scheme (Public Version August 31st 2009 Report No. OIG 509 (Executive Summary)
- Form ADV Uniform Application for Investment Adviser Registration for Bernard L. Madoff Investment Securities LLC (OMB 3235-0049) Rev. 02/2005

- Bernard L. Madoff Investment Securities 13F Filings as of Feb. 1st 2007 for Dec. 31st 2006 Holdings
- Testimony of Harry Markopolos before the US House of Representatives Committee on Financial Services February 4, 2009
- Harry Markopolos: The Worlds Largest Hedge Fund is a Fraud: Submission to the SEC 11/7/05
- Complaint filed in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities*
- Amended Complaint filed in *Irving Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Fairfield Sentry Limited*
- Alternative Investment Management Association (AIMA) Illustrative Questionnaire for Due Diligence Review of Hedge Fund Managers 200
- Managed Future Association (MFA) Sound Practices 200
- Chicago Board Options Exchange (CBOE) 2005 Market Statistic
- List Funds Select Alt. Investment 4th qrt 2007
- Fairfield Greenwich Group Firm Profile and Capabilities
- Fairfield Manhasset Offshore Fund DDQ
- American Express Bank Concentrated Elite Manager Fund of Funds Portfolio Pitch Book Feb 2003
- Fairfield Greenwich Group/Fairfield Sentry Pitch Book
- July 14, 2008 Novation Agreement between Fairfield Greenwich Group and American Express Group
- Fund of HF DD Fairfield Sentry Oct. 10, 2008
- Fairfield Risk Management of Alternative Investments 2002
- November 11, 2002 Email from S. Perruchoud to R. Friedman
- December 2, 2002 R. Friedman Email
- July 3, 2007 Sara Gillet Couto Email
- AMEX Marketing Sheet
- FoHF Note to File
- Standard Chartered Investment Portfolio Group Product Review
- July 3, 2000 Prime Broker Reference Check
- February 19, 2009 Letter from Standard Chartered to clients

_____
Robert A. Picard
April 2nd, 2013