UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
PASHA S. ANWAR, et al.,            :
                                   :   09 Civ. 0118 (VM)
          Plaintiffs,              :
                                   :   10 Civ. 9196 (Caso)
                                   :
                                   :
     -against-                     :   **DECISION AND ORDER**
                                   :
FAIRFIELD GREENWICH LIMITED,       :
et al.,                            :
                                   :
          Defendants.              :
------------------------------X

**VICTOR MARRERO, United States District Judge.**

By letter dated May 24, 2013, Defendants Standard Chartered Bank International (Americas) Ltd. ("SCBI") sought a pre-motion conference to enforce this Court's May 18, 2012 order (the "May 18 Order") compelling Plaintiff Ricardo Rodriguez Caso ("Caso") to arbitrate his claims against SCBI on an individual basis. (Dkt. No. 70.) Caso responded by letter dated May 30, 2013 (Dkt. No. 71) and SCBI replied by letter dated June 5, 2013 (Dkt. No. 75). Caso submitted a further reply date June 7, 2013 (Dkt. No. 76) which the Court also considered. The Court deems SCBI's May 24, 2013 letter a motion to enforce the May 18 Order and compel individual arbitration. For the reasons stated below, SCBI's motion to enforce the May 18 Order and compel individual arbitration of Caso's claims is GRANTED.

-1-

## I. BACKGROUND

On May 18, 2012, the Court granted SCBI's motion to compel arbitration of the claims brought by Caso in <u>Caso v. Standard Chartered Bank International (Americas) Ltd.</u>, No. 10 Civ. 9196, a putative class action consolidated with a number of other lawsuits into the above-captioned multi-district litigation, No. 09 Civ. 0118. (Dkt. No. 50.) The Court found that the Nondiscretionary Investment Services Agreement (the "NISA") (Dkt. No. 880, ex. B ¶ 9(a)) compels arbitration for "all controversies" arising out of that agreement. The Court further found that SCBI had not waived its right to compel arbitration and that there was insufficient prejudice to Caso to overcome the strong federal policy favoring arbitration. Accordingly, the Court granted SCBI's motion to compel arbitration of Caso's claims and stayed Caso's case pending completion of arbitration.

On May 7, 2013, Caso served SCBI with notice of his intent to initiate class action arbitration against SCBI.

## II. DISCUSSION

It is a fundamental legal precept that arbitration "is a matter of consent, not coercion." <u>Volt v. Board of Trustees of Leland Stanford Junior Univ.</u>, 489 U.S. 468, 479 (1989). Thus, a party "may not be compelled . . . to

submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1775 (2010) (emphasis in original). An agreement to arbitrate alone does not constitute "an implicit agreement to authorize class action arbitration" because "[t]he differences between simple bilateral and complex class action arbitration are too great for such a presumption." Id. at 1763. Therefore, an agreement to arbitrate "any and all disputes, controversies, or claims arising out of" that agreement does not in and of itself authorize class arbitration if there is "no provision in the contract which contemplates class arbitration." Sanders v. Forex Capital Mkts., LLC, No. 11 Civ. 864, 2011 WL 5980202, at *11 (S.D.N.Y. Nov. 29, 2011).

To begin with, the Court notes that it retains jurisdiction to enforce and determine the contours of the May 18 Order compelling arbitration. See Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 705 (2d Cir. 1985) ("[A] court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate."); First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947 (1995) (holding that where the parties "did not clearly agree to submit the question of

-3-

arbitrability to arbitration . . . the arbitrability of the [] dispute was subject to independent review by the courts").

In the May 18 Order, the Court mandated arbitration of the claims between Caso and SCBI based on the NISA, a contractual agreement between Caso and American Express Bank International ("American Express"), SCBI's predecessor. The May 18 Order was based on the NISA – an individual agreement – and did not contemplate class arbitration. Furthermore, the language of the NISA clearly does not contain any provision or language that anticipates class arbitration. As the Court reads the reference to "all controversies" in the NISA, the language encompassed any dispute between Caso individually and American Express, not between Caso and all others he decides to regard as similarly situated. Had American Express contemplated that it was agreeing to arbitrate under its contract with Caso not only its controversies with Caso, but also with any and all other plaintiffs Caso chose to bring on board the bandwagon of his dispute, it certainly would have made explicit provision for such a much more expansive obligation. Therefore, the Court reaffirms its May 18 Order compelling arbitration of Caso's individual claims

and hereby precludes Caso from arbitrating his claims against SCBI arising out of the NISA on a class basis.

Accordingly, SCBI's motion to compel individual arbitration of Caso's claims and preclude class arbitration is **GRANTED**.

**SO ORDERED.**

Dated:  New York, New York
        12 June 2013

_____
VICTOR MARRERO
U.S.D.J.