

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

| | | |
|---|---|---|
| Timothy A. Duffy, P.C.<br>To Call Writer Directly:<br>(312) 862-2445<br>tim.duffy@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

June 14, 2013

**VIA HAND DELIVERY**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/13

Re: ***Anwar, et al. v. Fairfield Greenwich Limited, et al.***
Master File No. 09-CV-00118 (VM) (THK)

Dear Judge Marrero:

I write on behalf of my client, PricewaterhouseCoopers LLP ("PwC Canada"), and the other Non-Dismissed Defendants (PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands"), Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Bank Nederland N.V. Dublin Branch, Citco Global Custody N.V., Citco Fund Services (Bermuda) Limited, The Citco Group Limited (collectively, the "Citco Defendants"), and GlobeOp Financial Services LLC ("GlobeOp")) in the *Anwar* litigation.

As the Court will recall, the Non-Dismissed Defendants objected to a provision in the Court's Order approving the settlement and dismissal of the claims against the Fairfield Defendants that prohibited the disclosure of information submitted by settlement claimants "absent a further order of this Court upon a showing of necessity." Final Judgment and Order of Dismissal with Prejudice at 13 (¶ 29) (Mar. 25, 2013) (Rec. Doc. 1097).

Subsequent to the Court's Order, the Non-Dismissed Defendants served document requests on the Plaintiffs and the Fairfield Defendants for certain documents related to the settlement. These requests were designed to provide the Non-Dismissed Defendants with the following information: (a) the identity (including record and beneficial owner information) of the settlement class members who had filed proof of claims and settlement class opt-outs; (b) any information regarding their transactions in the funds; and (c) any amounts received or to be received from the settlement or other sources on their fund-related claims.

The Plaintiffs and Fairfield Defendants asserted objections in response to these requests on numerous grouds, including, but not limited to, that the Court's March 25, 2013 Order

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

June 14, 2013
Page 2

prohibited them from providing documents submitted by settlement claimants absent a further order of the Court.

In meet-and-confer sessions discussing these requests, the Non-Dismissed Defendants explained that they had a "necessity" for this information. First, it would allow the Non-Dismissed Defendants to identify the likely members of the litigation class, as well as those excluded from the litigation class as a result of their geographic location. Second, as is typically the case when there is a partial settlement in a securities case, the claims information and the transactional data on which it is based provides a unique data set relevant to the calculation of the remaining litigants' claimed damages. Third, any amounts already received by class members (or amounts to be received in connection with the settlement) can and should be taken into accounts in any calculation of plaintiffs claimed damages against the Non-Dismissed Defendants. Finally, the Non-Dismissed Defendants pointed out that the concerns of confidentiality raised by the Settling Parties to justify the restriction in the Court's March 25, 2013 Order could be addressed by treating this information as confidential under the terms of the Stipulation and Order Governing Confidentiality of Discovery Material, filed November 2, 2010 ("Confidentiality Order").

As a result of these discussions, Plaintiffs and the Non-Settling Defendants (reserving their rights with regard to other document requests or objections thereto) were able to reach the following agreement: The Plaintiffs would not oppose a request by the Non-Dismissed Defendants to the Court allowing the production by Plaintiffs to the Non-Dismissed Defendants of:

(1) All proof of claim forms and supporting documents concerning any trading activity in the Fairfield funds submitted by settlement claimants to the claims administrator; and

(2) Documents sufficient to identify the opt-outs from the settlement; provided that

(3) The Non-Dismissed Defendants treat the foregoing documents and their contents as "Confidential" under the terms of the Confidentiality Order; and

(4) The Non-Dismissed Defendants not use the forgoing documents or their contents in any other proceeding absent a further Order of the Court.

## KIRKLAND & ELLIS LLP

June 14, 2013
Page 3

      Accordingly, the Non-Dismissed Defendants respectfully request that the Court "so order" the production of these documents by Plaintiffs on the terms set out above. The Plaintiffs have reviewed this letter and do not oppose this request; the Fairfield Defendants have also reviewed this letter and do not take a position with respect to this request.

      Respectfully,

*/s/ Timothy A. Duffy (dc)*

Timothy A. Duffy, P.C.

cc:    Counsel of Record (via e/mail)

---

Request GRANTED. Plaintiffs are directed to produce the documents referred to above on the terms specified.

**SO ORDERED.**

6-17-13
DATE

VICTOR MARRERO, U.S.D.J.