USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PASHA S. ANWAR, et al.,                    :

                Plaintiffs,       :       **DISCOVERY ORDER**

      -against-                               :

                                                 09 Civ. 118 (VM) (FM)

FAIRFIELD GREENWICH LTD, et al.,           :

                Defendants.       :

This Document Relates to the               :
Standard Chartered Cases
-----------------------------------------------------------x

**FRANK MAAS,** United States Magistrate Judge.

      The Standard Chartered parties have asked me to resolve yet another dispute concerning expert discovery. On April 5, 2013, the Plaintiffs served subpoenas under Rule 45(c)(2) of the Federal Rules of Civil Procedure seeking the production of documents by the Defendants' two expert witnesses. The Defendants raised a number of objections to those subpoenas and have produced nothing in response. On May 1, 2013, the Defendants served expert discovery requests of their own, which the Plaintiffs have refused to answer, arguing that they are improper because they were submitted in the form of document requests under Rule 34 of the Federal Rules, rather than subpoenas. During a telephone conference with the Court on June 14, the Plaintiffs explained that they were relying on this procedural point for fear that the Defendants were attempting to obtain additional factual discovery from the Plaintiffs (rather than their experts) after the time for fact discovery elapsed. To allay their concerns, I directed that the Defendants' Rule 34 requests be treated as Rule 45 subpoenas.

      Instead of parsing counsels' objections one by one, it seems more efficient to address the central issue from which most, if not all, of their present disputes flow. That issue concerns the scope of expert discovery permissible under the Federal Rules. The Defendants contend that all expert discovery is circumscribed by Rule 26(a)(2)(B), which delineates the categories of information that must be disclosed in an expert's report. The Plaintiffs argue, on the other hand, that the Defendants' proposed standard is too narrow and that the proper scope of expert discovery must be determined under Rule 26(b)(1), which permits discovery of all nonprivileged information relevant to any party's claim or defense and, upon a showing of "good cause," any information relevant to the subject matter of the action.

As a practical matter, this dispute is probably of little consequence. No matter how broad the permissible scope of discovery may be, an expert is unlikely to be able to respond to inquiries that go far beyond the four corners of his report. The seven-hour presumptive limit on an expert witness' deposition also serves as a brake on a party's ability to pose questions concerning marginally relevant matters.

To the extent that a ruling will make a difference, my analysis is as follows. Under the Federal Rules, which are to be accorded their plain meaning, Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 123 (1989), there is no distinction between the scope of expert discovery and any other discovery. Although Rule 26(a)(2)(B) admittedly sets forth certain mandatory "disclosure" requirements for experts, the Rule says nothing about the breadth of expert discovery. Indeed, the "scope and limits" of discovery is discussed in an entirely separate section – Rule 26(b). Nowhere in Rule 26 is there any suggestion that the scope of expert discovery is subject to a standard narrower than the one set forth in Rule 26(b)(1). Accordingly, in the absence of any specific limitations applicable to expert discovery, I agree with the Plaintiffs that Rule 26(b)(1) governs. The Defendants' objections that the Plaintiffs' requests are beyond the permissible scope of expert discovery therefore are overruled.

SO ORDERED.

Dated:   New York, New York
         June 19, 2013

_____
FRANK MAAS
United States Magistrate Judge


Copies to:

Hon. Victor Marrero
United States District Judge

All counsel (via ECF)

2