**MEMO ENDORSED**

# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/2013

June 20, 2013

Via Fax Delivery

The Hon. Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  Anwar v. Fairfield Greenwich
     No. 09-cv-118 (S.D.N.Y.)
     <u>Standard Chartered Cases</u>

Dear Judge Maas:

> Since the Standard Chartered Plaintiffs are now aware of the remaining deposition schedule, I see no emergency. To the extent prior notice was deficient, I expect counsel to confer, and they may submit any unresolved issues to me for resolution.
>
> Maas, USMJ, 6/21/13

I am counsel for the *Maridom* Plaintiffs and am writing as Liaison Counsel for the Standard Chartered Plaintiffs' Steering Committee.

This letter concerns the failure of those taking depositions in the above-referenced case (primarily, it appears, counsel for Citco from Paul, Weiss) to provide notice to us of scheduled depositions. This practice has continued after our strenuous protest at a deposition of the Fairfield "risk manager" in New York *three days ago* (of which we were provided one business day's notice) to not being notified -- *even while counsel has been providing notice to the Standard Chartered Defendants* -- of upcoming depositions.

The failure to provide us notice, while simultaneously informing our opposing counsel of scheduled depositions, is not only improper and unfair, but it is also violative of the pretrial order governing the *Anwar* cases, which states: "The parties further agree to exercise best efforts, through interim co-lead counsel for Plaintiffs and designated counsel for Defendants, to coordinate discovery in this action with discovery in all actions consolidated in this Consolidated Action." (DE 651, 11/2/10, at 3, ¶ 5)

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

Hon. Frank Maas
June 20, 2013
Page 2

The latest example of this practice is the deposition being conducted *today*, in Denver, Colorado, of Gil Berman.[1] We have no idea when Standard Chartered was provided notice of this deposition, but we have strong reason to believe that a Sullivan & Cromwell LLP associate is sitting in at the deposition as it occurs. The undersigned Liaison Counsel did not receive notice of this deposition until an email from that associate *this morning* with call-in information. While *Anwar* Plaintiffs' counsel (not the party taking the deposition, Citco) did inform one of the members of the Standard Chartered Plaintiffs' Steering Committee at 6:25 PM yesterday, even this was obviously not enough notice to prepare for this deposition by telephone, let alone attend in person.

We are not seeking by this letter to pin blame on the lawyers who knew that we were not being provided notice, did not provide notice, or otherwise violated the *Anwar* pretrial order. Instead, we are seeking an immediate order to avoid future harm *and* preserve our rights to remedy the failures to provide notice.

We respectfully request that Your Honor issue an immediate emergency order:

1. Requiring those conducting all remaining depositions in the *Anwar* case to provide us immediate notice concerning all remaining depositions, including date, location, time, and call-in information (if we wish to participate by telephone);

2. Requiring those conducting all remaining depositions in the *Anwar* case to provide us an opportunity at least equal in time to that afforded Standard Chartered to conduct cross-examination;

3. Reserving our right to reopen, for 30 minutes' elapsed time, any deposition taken during the last two weeks for which we were not provided reasonable notice (which we believe should be defined as at least the earliest notice provided to Standard Chartered of the possible dates of those depositions, i.e., not the "final, final" notice only).

---

[1] Berman, a consultant to Fairfield Greenwich, apparently counseled Fairfield Greenwich to verify the existence of the assets supposedly being held at Madoff's firm, and who also apparently counseled Fairfield that "the [Madoff] [t]rades can't all be profitable 100 percent, not even Madoff."

Hon. Frank Maas
June 20, 2013
Page 3

    4. Requiring Standard Chartered's counsel and those counsel planning depositions taken during the last two weeks to provide the undersigned prompt notice of all notice provided to Standard Chartered of the possible dates of those depositions, i.e., not the "final, final" notice only.

In the meantime, we reserve the right to seek to reopen any deposition for which we were provided less than ample notice (which, when it came, usually came from Standard Chartered, albeit generally at the last minute).

We stand ready to engage in any telephone conference Your Honor may schedule.

                            Sincerely yours,

                            The Brodsky Law Firm

                            Richard E. Brodsky

cc:    Counsel for Standard Chartered Defendants
       Counsel for Standard Chartered Plaintiffs
       Counsel for *Anwar* parties sending and receiving emails re depositions