```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/24/2013
```

# THE BRODSKY LAW FIRM, P[L]

RICHARD E. BRODSKY, ATTORNEY

**MEMO ENDORSED**

June 21, 2013

Via Fax Delivery

The Hon. Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: Anwar v. Fairfield Greenwich
    No. 09-cv-118 (S.D.N.Y.)
    Standard Chartered Cases

Dear Judge Maas:

> While I understand Mr. Brodsky's dismay, I also understand that opposing counsel have offered to work with him to ameliorate any prejudice. Absent some indication that both sides have conferred in good faith and been unable to reach a suitable resolution, I do not intend to take any further steps.
>
> /s/ Maas, USMJ
> 6/24/13

I am counsel for the *Maridom* Plaintiffs and am writing as Liaison Counsel for the Standard Chartered Plaintiffs' Steering Committee.

This letter is in response to the letter to Your Honor from a Paul Weiss attorney, Andrew Gordon, earlier today.

Not only does Mr. Gordon completely avoid several issues -- that notice was being provided to the Standard Chartered Defendants but not the Standard Chartered Plaintiffs, that, under the *Anwar* pretrial order the burden of informing the Plaintiffs lay with the lawyers taking the depositions, and the need to remedy past violations of that burden -- but he seriously misstates the facts. In particular, the idea that Paul Weiss, among others, did not know of our concerns is simply wrong. I do not know the extent of Mr. Gordon's personal knowledge and am not accusing him of a knowing misrepresentation. Nevertheless, what he states is simply not true -- specifically, the following statement:

> Until we received this letter from counsel for the *Maridom* Plaintiffs, we were not aware that this was even an issue for the *Maridom* Plaintiffs. Significantly, counsel did not, as contemplated by Local Rule 37.2, raise this issue with us before submitting their letter to the Court. Further, given that the Standard Charter defendants have appeared at depositions, we had assumed the *Maridom* Plaintiffs were aware of the depositions that had been scheduled.

These are the facts, based on *my* personal knowledge:

1. The Standard Chartered Plaintiffs were informed Friday, June 14, 2013, of the deposition the following Monday, in New York, of Amit Vijayvergiya, Head of Risk Management of Fairfield Greenwich (Bermuda) Ltd., who was responsible for analyzing the trading supposedly done at BLMIS for the Fairfield

**MEMO ENDORSED**

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

From: Richard E. Brodsky    Fax: (888) 391-5819    Case 1:12-cv-09427-VM   Document 21   Filed 06/24/13   Page 2 of 2   6/21/2013 5:27

Hon. Frank Maas
June 21, 2013
Page 2

Fund. It so happened that Jorge Mestre of the Rivero Mestre firm was in New York with his family that weekend, so he stayed over for the Vijayvergiya deposition and that of another Fairfield official, Monday through Wednesday. Mr. Mestre, and I (over the telephone) strenuously objected to the lack of notice. At least two Paul Weiss lawyers were present; indeed, as I recall, a Paul Weiss lawyer was conducting the deposition.

2.    Yesterday, when the deposition of Gil Berman commenced, I (over the telephone) again strenuously objected to the fact that we were not provided notice of the Berman deposition. A comparable objection was made, as I understand it, by Rivero Mestre attorney Erimar von der Osten. A Paul Weiss lawyer listened and said nothing.

Moreover, this egregious situation is not solved by belatedly providing us notice of the remaining deposition schedule. We need to know when Sullivan & Cromwell was provided effective notice of the depositions; they had a major advantage over us because of what amounted to advance notice, and it is astounding that any lawyer would claim lack of responsibility for affirmatively providing fair notice to *all* counsel of upcoming depositions. We also need to have the opportunity to retake those depositions that took place over the last two weeks. This relief is requested in our first letter sent yesterday.

Thank you for your attention to these matters.

Sincerely yours,

The Brodsky Law Firm

Richard E. Brodsky

cc:    Counsel for Standard Chartered Defendants
       Counsel for Standard Chartered Plaintiffs
       Counsel for *Anwar* parties sending and receiving emails re depositions