UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR, et al., <br><br> Plaintiffs, <br><br> - against - <br><br> FAIRFIELD GREENWICH LTD., et al., <br><br> Defendants. | MASTER FILE NO. <br> 09 Civ. 0118 (VM) |

**DECLARATION OF RENGER BOONSTRA**

RENGER BOONSTRA, pursuant to 28 U.S.C. § 1746, declares:

1. I am currently employed at Citco Bank Nederland N.V. ("Citco Bank") as legal counsel. In this Declaration, I have been asked by outside counsel for The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Bank Nederland N.V. Dublin Branch, and Citco Fund Services (Bermuda) Ltd. in the above-captioned proceeding to address my role as in-house counsel with Citco Bank generally, the specific legal services and advice which I provided to my clients with respect to the Fairfield funds, and my understanding of Dutch privilege law with respect to any written communications reflecting that advice.

2. I understand that this Declaration is being submitted in connection with an appeal of Magistrate Judge Maas's Order, dated July 8, 2013, which I have read, ordering the production of certain written, privileged communications authored by, or sent to, me, in my capacity as in-house counsel at Citco Bank. The matters referred to below are within my



personal knowledge. If sworn as a witness, I could and would testify competently to the matters referred to below.

3. By way of background, I received a law degree from Leiden University in Leiden, The Netherlands, in 1985. For the past sixteen years, I have served as an in-house attorney for Citco Bank, a Dutch banking company, in Amsterdam, The Netherlands.

4. Today, I am the most senior lawyer at Citco Bank. As the most senior lawyer, I function as in-house counsel to the Board of Directors of Citco Bank, as well as the bank's senior executives. In this capacity, I provide various legal services to Citco Bank, including contract negotiation and drafting, regulatory advice, and responding to requests for legal advice on issues involving Dutch banking, contract and commercial law.

5. Between 2000 and 2008, I was asked to provide (and, in response, rendered) legal advice on a variety of issues regarding the Fairfield funds, including, *inter alia*, with respect to the terms, obligations and provisions of the April 20, 1995 Waiver and Indemnity Agreement between and among Fairfield Sentry Ltd., Citco Global Custody N.V., and Citco Bank, the July 17, 2003 Brokerage and Custody Agreement between and among Fairfield Sentry Limited, Citco Bank, and Citco Global Custody N.V., and the July 3, 2006 Custodian Agreement between and among Fairfield Sentry Limited, Citco Bank, and Citco Global Custody N.V. – each of which is governed by Dutch law.

6. In The Netherlands, there is no requirement that in-house counsel be registered with a bar association or licensed to practice law. Under Dutch law, having a law degree is sufficient for a lawyer to serve as in-house counsel for a Dutch company.

7. Under the laws of The Netherlands, written-communications with in-house counsel are generally protected from compulsory disclosure. Consequently, when I was



requested to provide, or provided, legal advice on Citco Bank's relationship with Fairfield to my clients via email and other written means, my expectation – and, undoubtedly, the expectation of my clients – was that those communications would remain protected from disclosure, regardless of whether or not I was registered or licensed.

8. Accordingly, the communications which are the subject of Judge Maas' Order are generally not discoverable under Dutch law. Because I would never have expected that these written communications would be subject to a court order compelling their disclosure, I never advised anyone at Citco Bank that there was a risk that such communications could have to be produced.

9. At no point in time have I ever advised a Citco Bank employee who sought legal advice from me that (i) I was not registered or licensed to practice law, or (ii) the communications at issue were not privileged.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 19 July 2013  
Amsterdam, The Netherlands

_____  
Renger Boonstra