UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR, et al., <br><br> Plaintiffs, <br><br> - against - <br><br> FAIRFIELD GREENWICH LTD., et al., <br><br> Defendants. | MASTER FILE NO. <br> 09 Civ. 0118 (VM) |

## **DECLARATION OF SCOTT CASE**

SCOTT CASE, pursuant to 28 U.S.C. § 1746, declares:

1. I am currently Managing Director and Chief Executive Officer at Citco Bank Canada and was formerly a Managing Director of Citco Bank Nederland N.V. ("Citco Bank") between September 1, 2004 and August 13, 2012. I have been asked by counsel for The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Bank, and Citco Fund Services (Bermuda) Ltd. in the above-captioned proceeding to set forth my interactions with Renger Boonstra, Citco Bank's senior legal counsel, during the course of my employment with Citco Bank. I understand that this Declaration is being submitted in connection with an appeal of Magistrate Judge Maas's Order, dated July 8, 2013, which I have read, ordering the production of certain written, privileged communications authored by, or sent to, Mr. Boonstra.

2. The matters referred to below are within my personal knowledge. If sworn as a witness, I could and would testify competently to the matters referred to below.

3. I have a B.S. in Business from the University of Wyoming, where I graduated in 1993. I began working for Citco Bank and Trust Company Limited in the Cayman Islands as the Manager of Operations and then was transferred to Citco Bank in Dublin in 2000. I was eventually promoted to Vice President, Senior Vice President, and finally, Managing Director.

4. I first encountered Mr. Boonstra through my employment at Citco Bank. At the time I met him, he was introduced as an attorney for Citco Bank. Since my first encounter with Mr. Boonstra, I have always understood him to be legal counsel for the Citco Bank. To my knowledge, he holds a law degree from a Dutch university and is authorized to practice law as an attorney.

5. I have never asked Mr. Boonstra's about his legal qualifications, including whether he has a law license. Mr. Boonstra was introduced to me as a lawyer, so I have always assumed that he was one.

6. Because I believed Mr. Boonstra was an attorney, during the course of my employment at Citco Bank, I have sought legal advice from Mr. Boonstra on a variety of legal issues, including with respect to Fairfield Sentry. For example, when Citco Bank was reviewing drafts of the custodian agreement for Fairfield Sentry Limited, I, along with several other Citco Bank employees, consulted with Mr. Boonstra on legal issues pertaining to that agreement. As another example, I consulted with Mr. Boonstra on revisions that were being made to the Fairfield Sentry Limited private placement memorandum. To be clear, these were issues for which someone in my position needed legal advice and I relied upon Mr. Boonstra's status as a lawyer in reaching out to him to receive such legal advice.

7.  Every time I sought legal advice from Mr. Boonstra, I believed my written communications with him were privileged and, as such, fully expected that they would remain protected from disclosure. Nor did I have any reason to believe otherwise. Mr. Boonstra never told me that he did not have a law license or that there was any risk that our communications were not privileged.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 19 July 2013  
Toronto, Canada

_____  
Scott Case