UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR, et al., <br><br>         Plaintiffs, <br><br> - against - <br><br> FAIRFIELD GREENWICH LTD., et al., <br><br>         Defendants. | MASTER FILE NO. <br> 09 Civ. 0118 (VM) |

**DECLARATION OF MICHEL DECKERS**

MICHEL DECKERS, pursuant to 28 U.S.C. § 1746, declares:

1. I am a partner and head of the corporate litigation practice at the law firm of Boekel De Nerée N.V., which is located in Amsterdam, The Netherlands. I have been asked by counsel for The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Bank Nederland N.V. Dublin Branch, and Citco Fund Services (Bermuda) Ltd. in the above-captioned proceeding to set forth the law in The Netherlands concerning the attorney-client privilege as it would be applied to an in-house counsel working in The Netherlands for a Dutch company. I understand that this Declaration is being submitted in connection with an appeal of Magistrate Judge Maas's decision, which I have read, ordering the production of certain written, privileged communications authored by, or sent to, Renger Boonstra, an in-house counsel at Citco Bank Nederland N.V. Dublin Branch ("Citco Bank").

2. I have been provided with, and have reviewed, the following documents in connection with this Declaration: (a) Judge Maas' July 8, 2012 Discovery Order; (b) the April



20, 1995 Waiver and Indemnity Agreement between and among Fairfield Sentry Ltd., Citco Global Custody N.V., and Citco Bank (the "Waiver and Indemnity Agreement"); (c) the July 17, 2003 Brokerage and Custody Agreement between and among Fairfield Sentry Limited, Citco Bank, and Citco Global Custody N.V. (the "Brokerage and Custody Agreement"); and (d) the July 3, 2006 Custodian Agreement between and among Fairfield Sentry Limited, Citco Bank, and Citco Global Custody N.V. (the "2006 Custody Agreement").

**Background**

3. I hold two degrees from Leiden University in Leiden, The Netherlands, including a master's degree in law. I was admitted to the Amsterdam Bar in 1991 and became a partner of Boekel De Nerée N.V. in 2000. I have extensive experience with, and maintain a practice in, commercial litigation and have given advice to numerous clients, including Citco Bank, in matters relating to corporate and commercial law.

4. The matters referred to below are either within my personal knowledge or based on my knowledge, experience and education. If sworn as a witness, I could and would testify competently to the matters referred to below.

**In-House Counsel and Attorney-Client Privilege in The Netherlands**

5. I understand that Plaintiffs do not dispute that Mr. Boonstra is an attorney who is authorized to practice law as Citco's in-house attorney. I further understand that Mr. Boonstra – who holds a law degree from Leiden University in Leiden, The Netherlands – has served as senior legal counsel for Citco Bank since 1997 and is its most senior lawyer. As senior legal counsel, Mr. Boonstra performs legal work, and over the past 16 years he has provided

various legal services to Citco Bank, including contract negotiations and revisions, regulatory advice, and legal advice.

6. I understand that the written communications that are in question – which are dated between 2000 and 2008 – generally concern requests for legal advice by Mr. Boonstra's clients and the actual legal advice given by Mr. Boonstra on a variety of issues regarding the Fairfield funds, including with respect to the terms, obligations and provisions of the Waiver and Indemnity Agreement, the Brokerage and Custody Agreement, and the 2006 Custody Agreement. Each of these agreements specifies that it is governed by the laws of the Netherlands.

7. As a Dutch lawyer working as an in-house legal counsel for a Dutch corporation in The Netherlands providing advice on a commercial relationship governed by Dutch law, Mr. Boonstra and his clients would have reasonably expected that any written communications between he and his clients relating to the Fairfield funds would be protected from discovery.

8. Under Dutch law, individuals holding a law degree do not need to be licensed to practice law in order to serve as an in-house legal counsel in The Netherlands. In other words, Mr. Boonstra did not need to be admitted to the Amsterdam Bar to practice law and to perform the type of legal work he performed for Citco Bank.

9. While it is true that The Netherlands does not recognize as privileged communications between a Dutch company and its unlicensed in-house legal counsel, written communications between a Dutch company and its unlicensed in-house legal counsel are protected from discovery. Under Dutch law, there is no obligation to disclose any non-oral communication such as e-mails, letters, notes, or any other written communication between an



unlicensed in-house legal counsel and his or her clients. The reason for this is that there is no general obligation for parties to disclose unspecified documents for purposes of what is known in Common Law jurisdictions as *discovery*. (*See* dr. J.R. Sijmonsma, diss. 'Het inzagerecht' 2010, p. 142, Supreme Court 24 December 2004, *JOL* 2004/713, and the conclusion of Advocate-Generale Huydecoper under paragraph 12, Court of Appeals Amsterdam 25 November 2008 *NJF* 2009/31 (*Net2Phone* v. *Ebay*).) In line with that principle, The Netherlands acceded to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of 1972 (the "Convention") on June 7, 1981, whereby The Netherlands made clear pursuant to Article 23 of the Convention that it will not execute 'Letters of Request' issued for the purpose of obtaining pre-trial discovery of documents. (*See* Tractatenblad 1981, 70, also Supreme Court 11 March 1994, *NJ* 1995, 3.)

10.     Compulsory document *disclosure* is available in The Netherlands, but only under very limited circumstances and only after obtaining a court order from a Dutch Court. (*See* dr. J.R. Sijmonsma, diss. 'Het inzagerecht' 2010.) Dutch Courts have the competence to order a party to disclose its administration, in part or in whole (*see* Article 162 Dutch Civil Procedural Code). However, this only concerns documents that have to be "kept, drafted or saved" in accordance with an obligation thereto under the law.

11.     Communications with an in-house counsel (like Mr. Boonstra) do not fall within the scope of this provision. Furthermore, upon request, a Dutch court is permitted to order disclosure of such documents, but only if the request concerns specified documents, pertaining to the legal relationship between the requesting party and the party from whom the documents are requested, and the requesting party has a legitimate interest to review the requested documents. (*See* Article 843a of the Dutch Civil Procedural Code.) Such a Court

order will not contain the obligation to produce vast quantities of unidentified documents concerning a significant period of time for the purposes of general discovery, precisely for the reasons I have set out above.

12. As a result, there is an expectation in The Netherlands that Dutch corporations will not be forced to disclose their written communications with their Dutch in-house counsel in which advice is requested or given, irrespective of whether that counsel is licensed or not. Accordingly, Citco Bank would have reasonably expected that any written communications between Mr. Boonstra and his clients relating to the Fairfield funds would have been fully protected from disclosure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 16 July 2013
Amsterdam, the Netherlands

MICHEL DECKERS