DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 7/23/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
PASHA S. ANWAR, et al.,            :
                                   :    09 Civ. 0118 (VM)
          Plaintiffs,              :
                                   :    10 Civ. 9196 (Caso)
                                   :
                                   :
     -against-                     :    **DECISION AND ORDER**
                                   :
FAIRFIELD GREENWICH LIMITED,       :
et al.,                            :
                                   :
          Defendants.              :
-----------------------------------X

**VICTOR MARRERO, United States District Judge.**

By Decision and Order dated June 12, 2013 (the "June 12 Order"), the Court granted the motion of Defendant Standard Chartered Bank International (Americas) Ltd. ("SCBI" or "Defendant") to enforce this Court's May 18, 2012 Order (the "May 18 Order") compelling Plaintiff Ricardo Rodriguez Caso ("Caso" or "Plaintiff") to arbitrate his claims against SCBI on an individual basis. Caso now moves for an order pursuant to Local Rule 6.3 ("Rule 6.3") granting reconsideration. SCBI submitted a memorandum in opposition and Caso submitted a reply. Caso's submissions in support of the instant motion essentially reiterate the same arguments made in the underlying matter, points that this Court fully considered and found meritless. For the reasons discussed below, Caso's motion for reconsideration is DENIED.

-1-

## I. LEGAL STANDARD

Reconsideration of a previous court order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, et al., Federal Practice & Procedure § 4478 at 790).

To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rule 6.3

is intended to "'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.'" Securities and Exch. Comm'n v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. See Montanile v. National Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

## II. DISCUSSION

Caso urges reconsideration on the basis of the same arguments that were raised in the original motion. The motion for reconsideration cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the June 12 Order. Indeed, the Court took into account and rejected the various considerations Caso asserts as grounds for this motion.

Caso asserts that the Court erred in granting SCBI's motion to compel individual arbitration of Caso's claims. Specifically, Caso claims that the Court should reconsider its prior decision because the Court (i) "failed to even address, much less apply, any rules of contractual construction" in determining whether the Nondiscretionary Investment Services Agreement (the "NISA") and the Brokerage Agreement permitted class-wide arbitration (Pl.'s Mot. at 7); (ii) erroneously "curtailed Caso's procedural right to bring a class action" by only addressing the provisions of the NISA and ignoring the Brokerage Agreement "in which the ability to bring a class action was not only recognized but preserved in federal court" (id. at 8-10); (iii) made these determinations without "a full and complete record" (id. at 8); and (iv) usurped the role of the arbitrator to decide the procedural "issues of whether a case may proceed as a class action," (id. at 11).

The Court's decision, however, was not grounded solely on the NISA, but also took into consideration all of the parties' submissions, the Court's prior analysis in the May 18 Order, and all supporting evidence. The Court previously held in the May 18 Order that "the contracts at issue" - both the Brokerage Agreement and the NISA - do not bar arbitration and therefore, based upon the inconsistency

between the Brokerage Agreement and the NISA, the NISA's explicit clause compelling arbitration of "all controversies . . . governs with regard to arbitration of claims arising from the investment at issue in this suit." (May 18 Order at 3.)  The Court's June 12 Order reinforced this contractual interpretation holding that class arbitration was precluded because the NISA - the only agreement mandating arbitration in the first instance - "clearly does not contain any provision or language that anticipates class arbitration."  (June 12 Order at 4.) Therefore, Caso's assertion that the Court improperly concluded that American Express "'would have' done something different . . . based on speculation" is baseless. (Pl.'s Reply at 3.)

Critically, Caso's submissions fail to take into account the fundamental difference between a party's general "procedural right to bring a class action" in federal court and the actual question at issue - whether the parties explicitly agreed to arbitrate on a class wide basis in a specific contractual agreement. Whereas the ability to bring a class action in federal court is a particular legal remedy provided for by federal statute, the contours of "private agreements to arbitrate are enforced according to their terms." Stolt-Nielsen S.A. v.

AnimalFeeds Int'l Corp., 559 U.S. 662, 130 S. Ct. 1758, 1773 (2010) (internal quotation marks omitted) (quoting Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989)). Because "arbitration is a matter of consent," Defendants "may not be compelled . . . to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." Id. at 1775 (emphasis in original). Regardless of whether Florida law applies, Caso has pointed to no provision in either the Brokerage Agreement or the NISA expressing SCBI's explicit consent for class arbitration of the claims at issue. Therefore, even under Florida law, class arbitration is precluded due to the absence of a provision in either the Brokerage Agreement or the NISA explicitly providing for class arbitration.

Finally, Caso's argument that the Court usurped the role of the arbitrator by deciding the allegedly procedural "issue of whether a case may proceed as a class action" is wholly without merit. (Pl.'s Mot. at 11.) The May 18 Order determined "a gateway dispute about whether the parties are bound by a given arbitration clause" which is "a 'question of arbitrability' for a court to decide." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (internal citations omitted). The Court's June 12

Order holding that the "May 18 Order . . . did not contemplate class arbitration" did not decide an independent procedural issue related to the arbitration, but rather was entered pursuant to the Court's continuing jurisdiction "to enforce and determine the contours of the May 18 Order compelling arbitration" in the first instance. (June 12 Order at 3.) Therefore, the June 12 Order was a proper exercise of the Court's power to determine the arbitrability of a dispute. See, e.g., Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 705 (2d Cir. 1985) ("[A] court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate."); First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947 (1995) (holding that where the parties "did not clearly agree to submit the question of arbitrability to arbitration . . . the arbitrability of the [] dispute was subject to independent review by the courts").

Because Caso has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, Caso's motion for reconsideration is DENIED.

## III. ORDER

Accordingly, it is hereby

**ORDERED** that the motion (Dkt. No. 81) of plaintiff Ricardo Rodriguez Caso for reargument or reconsideration of the Court's June 12, 2013 Decision and Order is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       23 July 2013

                                    VICTOR MARRERO
                                       U.S.D.J.