UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>FAIRFIELD GREENWICH LIMITED, *et al.*,<br><br>                Defendants.<br><br>This Document Relates To: All Actions | Master File No. 09-cv-118 (VM) |

## DECLARATION OF
## PROFESSOR A. JAN A.J. EIJSBOUTS

I, A. JAN A.J. EIJSBOUTS, under penalty of perjury, declare as follows:

    1.    I am a professor of law at Maastricht University in the Netherlands, where I teach Corporate Social Responsibility. I am also former in-house counsel at three of the largest commercial enterprises in the Netherlands, and was licensed as an *advocaat* from 2001-2008. My areas of expertise are Dutch and U.S. civil procedure and international conflict management, as well as corporate law, securities, mergers and acquisitions, EU and U.S. antitrust, and international contracting. I understand that this declaration is submitted in support of Plaintiffs' opposition to the Citco Defendants' appeal from Magistrate Judge Maas' decision rejecting the Citco Defendants' assertions of attorney-client privilege under Dutch and U.S. law. I make this declaration based on my personal knowledge, experience, and education. If sworn as a witness, I could and would testify competently to the matters referred to below.

    2.    From 1989 to 1999 I was Senior Legal Counsel and from 1999 to 2007, I was General Counsel at Akzo Nobel, one of the largest paints and coatings companies in the world and a major producer of specialty chemicals, which is headquartered in the Netherlands and

employs approximately 60,000 people around the world. I also worked for thirteen years as in-house counsel at Royal DSM, a global enterprise headquartered in the Netherlands, which specializes in nutrition, pharmaceuticals, performance materials and polymer intermediates and presently employs approximately 23,500 people worldwide. Prior to working for Akzo Nobel and Royal DSM, I worked for nearly five years as in-house counsel at Royal Philips Electronics, one of the largest electronics companies in the world, which presently has over 120,000 employees in approximately 150 countries. I am a graduate of the Law School of the University of Groningen where I graduated in 1969 and took Anglo-American Law as an optional course.

   3.   From 2007 to 2008, I was the Co-Chair of the Corporate Responsibility Committee of the International Bar Association (IBA). From 2004 to 2006, I was the Co-Chair of the Corporate Counsel Forum of the IBA. I am presently the Chairman of the Board of the World Legal Forum Foundation in The Hague and a member of the Public Private Network of the Hague Institute for the Internationalization of Law.

   4.   In the well-known case concerning the attorney-client privilege of in-house lawyers before the European Court of Justice, Case C-550/07, *Akzo Nobel Chemicals v. Commission*, 2010 I-8360 (E.C.J. Sept. 14, 2010), Akzo Nobel argued that communications with its in-house lawyer, an Akzo Nobel employee who was admitted as a member of the Bar in the Netherlands, should be privileged. *Id.* at ¶¶ 14, 34-36.

   5.   I have never believed, and still do not believe, that under Dutch law in-house lawyers who are not licensed as members of the Bar (*advocaten*) have a so-called *verschoningsrecht* (*i.e.*, a right to refuse testimony or the production of documents on grounds of professional secrecy) to protect their communications from court-ordered disclosure. To the best

of my knowledge, no Dutch court has ever recognized such right for in-house lawyers who are not members of the Bar.

6. I do not know of any in-house lawyers, at Akzo Nobel, Royal DSM, Royal Philips Electronics, or any other Dutch company, who believe that communications with in-house lawyers who are not members of the Bar are generally protected from disclosure in court proceedings. In fact, Dutch in-house lawyers, including myself, often seek or maintain their admission to the Bar specifically to ensure that their communications with their client will be privileged.

7. Based on the foregoing, including my experience as an in-house lawyer and extensive contacts with other in-house lawyers, it is well-known that document disclosure in litigation in the Netherlands, whether pursuant to Article 843a of the Dutch Code of Civil Procedure or on any other basis, is quite extensive and often voluminous.

8. On the same basis, given the scope of court-ordered document disclosure in the Netherlands, it would not at all be wise, or reasonable, for Dutch in-house lawyers who are not members of the Bar or their clients to expect that their communications will be protected from disclosure on attorney-client privilege grounds.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  August 26, 2013
              Zeist, the Netherlands

_____
A. Jan A.J. Eijsbouts