# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA ANWAR, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>FAIRFIELD GREENWICH LIMITED, *et al.*,<br><br>    Defendants.<br><br>This Document Relates To:  09-cv-118 (VM) | Master File No. 09-cv-118 (VM) (FM) |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR (I) PRELIMINARY APPROVAL OF PARTIAL GLOBEOP CLASS ACTION SETTLEMENT, (II) PRELIMINARY CERTIFICATION OF THE CLASS FOR PURPOSES OF SETTLEMENT, (III) APPROVAL OF NOTICE TO THE CLASS, AND (IV) SCHEDULING OF A FINAL APPROVAL HEARING

BOIES, SCHILLER & FLEXNER LLP
David A. Barrett
Howard L. Vickery, II
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

WOLF POPPER LLP
Robert C. Finkel
James A. Harrod
Natalie M. Mackiel
845 Third Avenue
New York, NY  10022
Telephone: (212) 759-4600
Facsimile:  (212) 486-2093

BOIES, SCHILLER & FLEXNER LLP
Stuart H. Singer
Carlos Sires
Sashi Bach Boruchow
401 East Las Olas Boulevard, #1200
Ft. Lauderdale, Florida 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

LOVELL STEWART HALEBIAN JACOBSON LLP
Christopher Lovell
Victor E. Stewart
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900

*Co-Lead Counsel for Plaintiffs and Lead Counsel for PSLRA Plaintiffs*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION .................................................................................................... 1

SUMMARY OF THE SETTLEMENT ........................................................................... 2

ARGUMENT.......................................................................................................... 8

    I.      The Proposed Partial Settlement Warrants Preliminary Approval ......................... 8

    II.     Certification of a Settlement Class Is Appropriate ............................................... 13

    III.    Notice to the Settlement Class Should Be Approved ........................................... 14

CONCLUSION........................................................................................................ 16

# TABLE OF AUTHORITIES

## CASES

*In re Am. Int'l Group Inc. Sec. Litig.)*,
689 F.3d 229 (2d Cir. 2012)............................................................................13

*Anwar v. Fairfield Greenwich, Ltd.*,
728 F. Supp. 2d 372 (S.D.N.Y. 2010)..................................................................7

*In re Beef Indus. Antitrust Litig.*,
607 F.2d 167 (5th Cir. 1979) ...........................................................................13

*Detroit v. Grinnell Corp.*,
495 F.2d 448 (2d Cir. 1974)...............................................................................9

*In re Global Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) .....................................................................15

*In re NASDAQ Market-Makers Antitrust Litig.*,
176 F.R.D. 99 (S.D.N.Y. 1997) .........................................................................9

*In re Initial Pub. Offering Sec. Litig.*,
226 F.R.D. 186 (S.D.N.Y. 2005) ....................................................................8, 9

*In re Initial Pub. Offering Sec. Litig.*,
243 F.R.D. 79 (S.D.N.Y. 2007) .........................................................................9

*Karpus v. Borelli (In re Interpublic Sec. Litig.)*,
Nos. 02-6527, 03-1194, 2004 WL 2397190 (S.D.N.Y. Oct. 26, 2004)..............................8

*In re Marsh & McLennan Cos., Inc.  Sec. Litig.*,
No. 04 Civ. 8144 (CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009)...........................13

*In re Prudential Sec., Inc., Ltd. P'ship Litig.*,
163 F.R.D. 200 (S.D.N.Y. 1995) .....................................................................13

*Rittmaster v. PaineWebber Group(In re PaineWebber Ltd. P'ships Litig.)*,
147 F.3d 132 (2d Cir. 1998).................................................................................8

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc*.,
396 F.3d 96 (2d Cir. 2005)..................................................................................8

*In re Warner Chilcott Ltd. Sec. Litig.*,
No. 06 Civ. 11515 (WHP), 2008 WL 5110904 (S.D.N.Y. Nov. 20, 2008)......................15

*Weinberger v. Kendrick*,
   698 F.2d 61 (2d Cir. 1982)..................................................................................................13

## <u>STATUTES AND RULES</u>

Fed. R. Civ. P. 23................................................................................................................8, 15

Fed. R. Civ. P. 23(a) .............................................................................................................13

Fed. R. Civ. P. 23(b)(3).........................................................................................................13

Fed. R. Civ. P. 23(f)....................................................................................................6, 10, 13

Private Securities Litigation Reform Act of 1995 ................................................................15

Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7)...................................................15

Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 78bb.................................7, 10

## INTRODUCTION

The Representative Plaintiffs move for: (i) preliminary approval of a proposed Settlement with defendant GlobeOp Financial Services LLC ("GlobeOp"), as set forth in a Stipulation of Settlement dated as of August 27, 2013, pursuant to which GlobeOp will pay $5,000,000 in exchange for release of all claims in this Action;[1] (ii) preliminary certification of a GlobeOp Settlement Class[2] for purposes of the Settlement; (iii) approval of the form and manner of giving notice to Settlement Class Members; and (iv) the scheduling of the Settlement Hearing on the Representative Plaintiffs' motion for final approval of the Settlement, and for an award of attorneys' fees and for reimbursement of litigation expenses.

The proposed partial Settlement resolves all claims asserted in this Action against GlobeOp, which provided administration services to Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P. (domestic Bernard L. Madoff feeder funds) from October 31, 2003 through August 31, 2006. The GlobeOp Settlement does not resolve Plaintiffs' remaining claims against the PricewaterhouseCoopers or Citco-related Non-Settling Defendants, which Plaintiffs continue to litigate vigorously.

The Settlement provides a substantial, up-front monetary benefit to the Settlement Class. The $5,000,000 Settlement Fund, less administration expenses and attorneys' fees and expenses

---

[1]   As discussed further below at page 4, GlobeOp has agreed to pay a total of $10,000,000 to achieve global peace in both this action and a parallel state court action. This settlement payment will be allocated equally between the two actions, both of which benefit investors in the Funds.

[2]   Unless otherwise indicated, capitalized terms used in this Memorandum are defined in the accompanying GlobeOp Stipulation of Settlement. The "GlobeOp Settlement Class" is also defined at page 5 below. The exclusions from the GlobeOp Settlement Class are intended to remove from the class definition (among others) all Persons who participated in the misconduct alleged in the SCAC.

as may be awarded by the Court, will be distributed to Settlement Class Members upon final settlement approval.  Plaintiffs estimate that the proposed settlement achieves a recovery of approximately 11% of Settlement Class Members' recoverable damages (excluding the benefits achieved from a related state court settlement, discussed below), prior to deducting attorneys' fees and expenses.  A settlement at or above 10% is well within the range of fairness in this complex shareholder litigation.

This is the second partial settlement in this Action.  The Court previously approved a $80.25 million settlement with the Fairfield Greenwich ("FG") Defendants.  The March 25, 2013 Final Judgment and Order approving that settlement is on appeal to the Second Circuit Court of Appeals.  In connection with the FG Settlement, the Court entered a Preliminary Approval Order dated November 30, 2012 [Dkt. No. 1008], containing terms substantially similar to the proposed GlobeOp Preliminary Approval Order.

## SUMMARY OF THE SETTLEMENT

This Settlement resolves all claims of limited partners in two investment funds – Greenwich Sentry L.P., and Greenwich Sentry Partners, L.P. (together the "Funds") – against GlobeOp.  GlobeOp was hired on October 31, 2003 by Fairfield Greenwich (Bermuda) Ltd. ("FGBL"), Greenwich Sentry L.P. and on May 1, 2006 by FGBL and Greenwich Sentry Partners L.P. to act as the Funds' third-party administrator.[3]  Among the services provided by GlobeOp to investors on a monthly basis was the calculation of the value of investors' interests in the Funds and the dissemination of account statements reflecting those calculations.  GlobeOp was terminated as the administrator of both funds effective August 31, 2006. GlobeOp was succeeded

---

[3]  FGBL, as general partner, had a controlling interest in the Funds.

as the Funds' administrator by Citco Fund Services (Europe) B.V. effective September 1, 2006.

GlobeOp never acted as the Funds' custodian.

The Funds invested all of the limited partners' assets with Bernard L. Madoff Investment

Securities ("BLMIS").  These investments were lost because (as subsequently revealed in

December 2008) at the time of the investments, BLMIS was operating a Ponzi scheme and the

assets purportedly controlled by BLMIS did not exist.

Plaintiffs asserted claims against GlobeOp in their Second Consolidated Amended

Complaint ("SCAC"), filed September 29, 2009, under common-law theories for breach of

fiduciary duty (Count 29), gross negligence (Count 31), and negligent misrepresentation (Count

33).  The District Court, in Orders dated July 29, 2010 and August 18, 2010 (728 F. Supp. 2d

354 and 728 F. Supp. 2d 372) granted GlobeOp's motion to dismiss Count 30 (gross negligence),

and denied GlobeOp's motion to dismiss Counts 29 and 31 (breach of fiduciary duty and

negligent misrepresentation).

The GlobeOp settlement was reached after more than four years of litigation and a

mediation process supervised by Judge Daniel Weinstein (ret.) under the aegis of JAMS, which

took place between January and June 2013 and included two day-long in-person negotiation

sessions.  The Litigation Trustee appointed by the U.S. Bankruptcy Court for the Southern

District of New York pursuant to the Funds' First Amended Plan of Reorganization under

Chapter 11 of the Bankruptcy Code, Case No. 10-16229 [Dkt. No. 211 (September 26, 2011)]

also participated in the mediation process.  The Litigation Trustee, as successor in interest to the

Funds, has asserted direct claims on behalf of the Funds against GlobeOp in New York State

court.  *See Walker, Truesdell, Roth & Associates, Inc.  v. GlobeOp Financial Services LLC*, *et*

*al.,* Index Nos. 600498/2009 and 600469/2009 (Sup. Ct. N.Y. County).  GlobeOp's insurance

carriers also participated in the mediation.

All parties, including the Representative Plaintiffs, the Litigation Trustee, GlobeOp, and

the GlobeOp's Insurance Carriers submitted detailed mediation and supplemental mediation

statements.  At the conclusion of the mediation, GlobeOp's Insurance Carriers agreed, on behalf

of GlobeOp, to pay $10,000,000 to obtain a global settlement fully resolving all claims asserted

against it in both this Action and the state court action.  Of this amount, $5,000,000 is allocated

to the GlobeOp Settlement Class and $5,000,000 to the Litigation Trustee, subject in each case to

the condition that the other settlement be consummated.

The Settling Parties reached this Settlement at a time when they fully understood the

strengths and weaknesses of their respective positions.  Since Representative Plaintiffs filed this

case in December 2008, the Settling Parties have engaged in substantial motion practice,

including a motion to dismiss, motions to reconsider the rulings on the motion to dismiss and a

motion for class certification.  The Settling Parties have conducted or participated in extensive

merits discovery, including 20 depositions of persons associated with the Representative

Plaintiffs or other Named Plaintiffs, and over 90 depositions of persons affiliated with

Defendants, and continue (with respect to the Non-Settling Defendants) to participate in

extensive expert discovery and briefing of class certification appeals.  At the time the Settlement

in principle was reached by the Settling Parties (June 14, 2013), Plaintiffs had conducted four

depositions of GlobeOp personnel and were scheduled to conduct an additional six GlobeOp

depositions prior to the June 30, 2013 discovery cut off.  GlobeOp and the Non-Settling

Defendants produced, and Plaintiffs' Lead Counsel reviewed, more than nine million pages of

documents including approximately 230,00 documents produced by GlobeOp, and Plaintiffs'

Lead Counsel reviewed and produced to defense counsel more than 75,000 pages of documents on behalf of the Representative Plaintiffs and other Named Plaintiffs.

This Court had, in a Decision and Order dated February 25, 2013 [289 F.R.D. 105], certified a litigation class consisting of investors who had asserted claims against GlobeOp and the other defendants, as follows:

> All shareholders/limited partners in Fairfield Sentry Limited, Fairfield Sigma Limited, Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P. as of December 10, 2008 who suffered a net loss of principal invested in the Funds.[4]

On March 11, 2003, GlobeOp filed a Rule 23(f) Petition in the Second Circuit Court of Appeals arguing, among other things, that the District Court had not considered the state law negligence and breach of fiduciary duty claims against GlobeOp separately from the securities and common law fraud claims asserted primarily against the FG Defendants.[5]

As part of the Settlement, GlobeOp agreed to withdraw its Rule 23(f) Petition and to consent to certification of a GlobeOp Settlement Class defined as:

> All Persons who purchased or held interests in Greenwich Sentry, L.P. or Greenwich Sentry Partners, L.P. from October 31, 2003 through September 1, 2006, who were investors in the Funds as of December 10, 2008 and suffered a Net Loss of principal invested in the Funds, excluding (i) those Persons who timely and validly request exclusion from the GlobeOp Settlement Class and who do no validly revoke such exclusion, (ii) Persons who have been dismissed from this Action with prejudice; and (iii) the FG Defendants, GlobeOp, and the Non-Settling Defendants, and any entity in which those Persons have a controlling interest, and the officers, directors, employees, affiliates, legal representatives,

---

[4]  The class certification decision excluded from the class investors from certain foreign countries.  Those exclusions, however, do not apply to the claims against GlobeOp in that all investors in the Funds are from the United States.

[5]  The Non-Settling Defendants filed similar Rule 23(f) Petitions in the Court of Appeals.  Those Petitions were granted on June 14, 2013 and accordingly, appeals from the certification of claims against the Non-Settling Defendants are proceeding through the appellate process.

and immediate family members, and heirs, successors, subsidiaries and assigns of such Persons.[6]

.

The Stipulation also contains customary provisions barring the remaining Non-Settling Defendants (the PwC and Citco entities) from asserting claims against GlobeOp for contribution and indemnification and providing for reduction of any judgment that may be entered against the Non-Settling Defendants to account for Plaintiffs' recovery under the instant Settlement. See Stipulation, ¶¶ 15-16.

The Stipulation is subject to additional terms, including terms contained in a Supplemental Agreement dated as of June 11, 2013, which, provides that if class members representing losses in excess of a certain amount seek exclusion from the Settlement Class, GlobeOp may terminate the Settlement. See Stipulation, ¶ 35.

The Representative Plaintiffs and Plaintiffs' Lead Counsel believe that the proposed Settlement is an excellent result that is in the best interests of the Settlement Class. The Settlement must be considered in the context of the risk that protracted litigation, including a decision on GlobeOp's Rule 23(f) Petition and potential appeal from the class certification order, motions for summary judgment, motion practice with respect to experts and trial evidence, trial itself, and likely appeals, could result in a lesser recovery against GlobeOp, or no recovery at all.

For example, GlobeOp vigorously maintains that it exercised due care in its administrative functions, and did not know about wrongdoing at BLMIS until it was revealed to the public in December 2008. GlobeOp contends that it was among many financial firms and regulators that were fooled by Madoff, including the Securities and Exchange Commission.

---

[6]  Although GlobeOp ceased acting as the administrator effective August 31, 2006, new limited partnership interests were not issued until the first day of the following month. Plaintiffs consider that given the totality of circumstances, it is appropriate to end the class period on September 1, 2006 rather than August 31, 2006, particularly since Plaintiffs are not aware of any new investors who first purchased shares on September 1, 2006.

GlobeOp points to efforts to conceal the fraud by Madoff and others who pled guilty to crimes, including creating false trade blotters, trade confirmations and DTC reports and aspects of Madoff's activities that were not typical of a Ponzi scheme, including refusing new investments and redeeming billions of dollars upon request over many years.  GlobeOp contends that its responsibilities under its agreements with the Funds were limited to compiling financial information provided by the Funds and did not obligate GlobeOp to establish procedures to catch a fraud or Ponzi scheme.  GlobeOp also has argued that it has other significant legal defenses to plaintiffs' claims, including arguments that the claims are barred by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb, and that Plaintiffs' claims are derivative and belonged to the Funds rather than to the investors in the Funds.  GlobeOp further contends that pursuant to its Administrative Agreements with the Funds and as reported to investors in Private Placement Memoranda, it could be liable only for fraud, gross negligence or willful misconduct – all claims that were dismissed by the District Court.  *See* 728 F. Supp. 2d 372, 449 (S.D.N.Y. 2010).  GlobeOp also contends, even with respect to investors to whom it disseminated monthly account statements, that it has no responsibility to those investors who purchased interests before GlobeOp commenced services as the Greenwich Sentry Fund's Administrator (October 31, 2003) or who purchased additional interests after it ceased acting as Administrator of the Funds (August 31, 2006).  GlobeOp further argues that even if it were liable to certain Plaintiffs for damages, other defendants' culpability was far greater, and GlobeOp is only responsible for its proportionate fault.

The Stipulation anticipates entry of the accompanying Preliminary Approval Order approving forms of mailed and publication notice to members of the proposed Settlement Class. *See* Stipulation, ¶¶ 10-11.  The proposed Notice (Ex. A-1 to the Stipulation) informs Settlement

Class Members of the scheduling of the GlobeOp Settlement Hearing to consider final approval

of the Settlement and the request for an award of attorneys' fees and reimbursement of expenses.

The Notice also informs Settlement Class Members of the opportunity to request exclusion from

the Settlement Class, to object to the terms of the proposed Settlement, and to file Proofs of

Claim to share in the Settlement proceeds.  This is the same form of Preliminary Approval Order

previously entered by this Court in connection with the Fairfield Greenwich Settlement [Dkt. No.

1008].  Inasmuch as (i) the proposed Settlement is well within the range of approvable

settlements; (ii) the request for certification of a proposed Settlement Class meets the

requirements for certification under Rule 23; and (iii) the plan for giving notice of the Settlement

complies with applicable law, including the Private Securities Litigation Reform Act and due

process, the Representative Plaintiffs respectfully request that the proposed Preliminary

Approval Order be entered by this Court.

## ARGUMENT

## I.      The Proposed Partial Settlement Warrants Preliminary Approval

The settlement of complex class action litigation is favored by public policy and strongly

encouraged.  *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc*., 396 F.3d 96, 116-17 (2d Cir. 2005)

("We are mindful of the strong judicial policy in favor of settlements, particularly in the class

action context.  The compromise of complex litigation is encouraged by the courts and favored

by public policy") (internal quotation marks and citations omitted).  Approval of a proposed

settlement is within the discretion of the district court, to be exercised in accordance with public

policy strongly favoring pretrial settlement of class action lawsuits.  *See Karpus v. Borelli* (*In re*

*Interpublic Sec. Litig*.), Nos. 02-6527, 03-1194, 2004 WL 2397190, at *7 (S.D.N.Y. Oct. 26,

2004); *Rittmaster v. PaineWebber Group (In re PaineWebber Ltd. P'ships Litig.)*, 147 F.3d 132, 138 (2d Cir. 1998).

"Review of a proposed class action settlement generally involves a two-step process: preliminary approval and a 'fairness hearing.'  First, the court reviews the proposed terms of settlement and makes a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms."  *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005) (citation omitted).

During this first step, a court must consider whether the settlement warrants preliminary approval, providing notice to the proposed class and the scheduling of a final settlement hearing. In the second step, after notice of the proposed settlement has been provided to the class and a hearing has been held to consider the fairness and adequacy of the proposed settlement, the court considers whether the settlement warrants "final approval."  *Id.* at 200 n. 71.[7]  *See also In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citations omitted); *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007).

The terms of the proposed GlobeOp Settlement are clearly "within the range of possible approval."  *Initial Pub. Offering*, 243 F.R.D. at 87 (footnote omitted) (granting preliminary approval notwithstanding that the potential recovery to class members may be "minimal"); *In re Nortel Networks Corp. Secs. Litig.*, 2006 U.S. Dist. LEXIS 93390 (S.D.N.Y. Dec. 26, 2006) (finding a settlement "to be fair, reasonable, and adequate," where the settlement amount

---

[7]  A final approval determination is based on an analysis of nine factors established in *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).  The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation being settled; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) risks of establishing liability; (5) risks of establishing damages; (6) risks of maintaining the litigation as a class action through trial; (7) ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best possible recovery; and (9) the range of reasonableness of the settlement to a possible recovery in light of the attendant risks of litigation.  *Id.*

"represent[ed] about 10% of Lead Plaintiff's original [] estimate of the maximum possible damages."); In re *Lloyd's Am. Trust Fund Litig.*, 2002 U.S. Dist. LEXIS 22663 (S.D.N.Y. Nov. 26, 2002), *quoting Grinnell*, 495 F.2d at 455 n.2 ("there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery").[8]  Although the Representative Plaintiffs and Plaintiffs' Lead Counsel believe that the claims asserted in the Action against the GlobeOp are meritorious, continued litigation poses a substantial risk that, following the District Court and Court of Appeals' decisions on contested pre-trial motions and interlocutory appeals, and a trial on the merits and likely subsequent appeals, a lesser recovery (or no recovery at all) would result.

The Settlement was negotiated at arm's length, by counsel who were well-informed of the facts and issues in the Action, and are experienced in complex securities litigation.  These negotiations were conducted over a period of five months under the auspices of a mediator who is highly regarded and experienced in resolution of large, complex disputes.  Among the reasons the Representative Plaintiffs believe that the proposed Settlement is in the best interests of the Settlement Class are:

(i)      GlobeOp continues to assert significant defenses to the Representative Plaintiffs' claims, based on the terms of the Administrative Agreements and disclosures on account statements mailed to investors, as well as under SLUSA; and that Plaintiffs' claims are derivative and belong to the Funds.  GlobeOp also asserted that it has no responsibility at all to investors who purchased interests in the Funds, including with respect to investors who purchased before October 31, 2003 or existing investors who purchased additional

---

[8]  Cornerstone Research, in its recent "2012 Review and Analysis," (at page 8) estimated that the median recovery as a percentage of "estimated damages" in securities class action settlements in 2012 was 1.8%.  *See* http://www.cornerstone.com.

interests after September 1, 2006.  There is significant risk that the Representative

Plaintiffs' claims could be dismissed or limited prior to or at trial, or on appeal from a

jury verdict.  At most, GlobeOp argued, if Plaintiffs were successful in achieving a final

judgment, GlobeOp would be entitled to a set-off based on the percentage culpability of

other defendants (which GlobeOp argues was far in excess of 50%).

(ii)     There exists a risk that GlobeOp's Rule 23(f) Petition and subsequent appeal could be

successful and no class would be certified and the Action would have to proceed through

a series of individual trials only with respect to those Class Members who file individual

claims.

(iii)    Through their bankruptcy proceedings, the Funds are marshaling assets and pursuing

sources of recovery on their own behalf.  Through those proceedings, limited partners

who have filed claims therein will be paid significant amounts in addition to those

obtained through settlement of this Action, including amounts attributable to the

$5,000,000 recovery that the Litigation Trustee will obtain in his settlement of the state

court action, which was made possible only by the concurrent settlement of this Action.

(iv)     Moreover, GlobeOp Settlement Class Members also will receive distributions from the

FG Settlement, assuming its approval by the Court is affirmed on appeal, as well as from

any judgment or settlement that Plaintiffs may achieve with the non-settling Citco and

PwC defendants.

(v)      The Settlement will result in simplifying the remaining expert discovery, motion practice

and trial by enabling Plaintiffs' Lead Counsel to focus on the remaining defendants --

PricewaterhouseCoopers and Citco.  Among other things, Citco Fund Services acted as

administrator of the Funds subsequent to August 31, 2006, and PwC Netherlands (fiscal

2005) and PwC Canada (fiscal 2006 and 2007) were the auditors of the Funds' financial statements.

The Settlement is proposed to be allocated among class members based on their Net Loss of principal, defined as "the total cash investment made by an investor in a Fund, directly or indirectly through one or more intermediaries, less the total amount of any redemptions or withdrawals or recoveries by that investor from the same Fund." *See* Notice, at pages 12-14 (Plan of Allocation). The GlobeOp Settlement Class consists of two groups of investors: (i) investors who held or purchased their partnership interests during the period from October 31, 2003 (when GlobeOp became the administrator) through September 1, 2006 (when GlobeOp ceased acting as the administrator), whom Plaintiffs estimate had Net Losses of approximately $36 million; and (ii) investors who held shares as of September 1, 2006 and thereafter increased their investments in the Funds, whom Plaintiffs estimate incurred an additional $20 million in Net Losses based on such subsequent investments.

GlobeOp was expected to argue at trial that Settlement Class Members who made subsequent investments after September 1, 2006 had no claims against GlobeOp because those subsequent investments were not caused by any GlobeOp conduct. Plaintiffs consider, however, that Settlement Class Members who had received account statements from GlobeOp in 2003-06 were entitled to rely on the accuracy of those statements in making subsequent investments.

The Plan of Allocation provides a Recognized Loss formula that weighs the 2003-06 investor and holder claims at 100% of their Net Losses and the post-September 1, 2006 investor claims from 96% to 4% of their Net Losses depending on the length of time that had passed after GlobeOp's August 31, 2006 termination as administrator until the subsequent investment was made. The reduced weighting for subsequent investor claims reflects GlobeOp's defenses that

those investments were made while Citco, rather than GlobeOp, was acting as the administrator of the Funds.  Plaintiffs approximate, based on the Recognized Loss formula, that Class Members' estimated investments of $20 million subsequent to September 1, 2006, will correspond to $10 million of Recognized Losses.

As described in the proposed Notice, estimates of the percentage recovery on the potential claims that may be filed vary depending on a number of factors including the number of Settlement Class Members who file claims and the aggregate Recognized Loss of those claims. Based on the proofs of interest filed in the Bankruptcy Court and the Proofs of Claim filed in the FG Settlement, and the terms of the Plan of Allocation, Plaintiffs estimate that Settlement Class Members' percentage recovery of their Net Losses, based on GlobeOp's $5,000,000 settlement payment, before deduction of Court-awarded attorneys' fees and other expenses in this Action and the bankruptcy proceedings, will approximate 11% of recoverable damages.  That percentage would be increased to the extent Settlement Class Members do not file claims, and Class Members' overall recoveries also will be increased by amounts paid from the FG Settlement, the Funds' bankruptcy proceedings[9], and any additional amounts recovered from the Non-Settling Defendants in the continuing litigation of the Action.

## II.  Certification of a Settlement Class Is Appropriate

Pursuant to the Stipulation, GlobeOp has agreed to consent to (i) certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, for settlement purposes only, of Plaintiffs' claims against GlobeOp, and (ii) the appointment of Plaintiffs' Lead Counsel as class

---

[9]   GlobeOp Settlement Class Members who have perfected claims in the Funds' Bankruptcy Proceedings will directly benefit from the $5,000,000 state court settlement that will enhance recovery from the Funds' bankruptcy estates.

counsel.  The Final Judgment will provide for the dismissal with prejudice and releases of
GlobeOp and affiliated Released Persons.

In the GlobeOp Final Judgment, the GlobeOp Settlement Class will be certified for
purposes of this Settlement, but in the event that the GlobeOp Final Judgment does not become
Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all
their rights on all issues, including in connection with GlobeOp's motion pursuant to Fed. R.
Civ. P. 23(f) for interlocutory review of the February 25, 2013 class certification order.  To the
extent that the GlobeOp Final Judgment becomes final and the Settlement becomes effective, the
Final Judgment shall supersede the February 25, 2013 class certification order, which shall no
longer be operative as to GlobeOp.

The Second Circuit recognizes the propriety of certifying a class solely for purposes of a
class action settlement.  *See In re Am. Int'l Group Inc. Sec. Litig.*, 689 F.3d 229, 238–39 (2d Cir.
2012); *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982).  *See also In re Marsh &
McLennan Cos. Inc. Sec. Litig.*, No. 04 Civ. 8144 (CM), 2009 WL 5178546, at *8 (S.D.N.Y.
Dec. 23, 2009).  Indeed, certification of a settlement class "has been recognized throughout the
country as the best, most practical way to effectuate settlements involving large numbers of
claims by relatively small claimants."  *In re Prudential Sec., Inc., Ltd. P'ships Litig.*, 163 F.R.D.
200, 205 (S.D.N.Y. 1995).  "[S]ettlement classes are favored when there is little or no likelihood
of abuse, and the settlement is fair and reasonable and under the scrutiny of the trial judge."  *Id.*
(*quoting In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 174 (5th Cir. 1979)).

## III.  Notice to the Settlement Class Should Be Approved

As set forth in the Preliminary Approval Order, Plaintiffs will notify Settlement Class
Members of the Settlement by mailing the Notice and Proof of Claim to all potential Settlement

Class Members who can be identified with reasonable effort.  The Notice will advise Settlement Class Members of (i) the pendency of the class action; (ii) the essential terms of the Settlement; and (iii) information regarding the motion for attorneys' fees, and for reimbursement of litigation expenses directly relating to the prosecution of claims against GlobeOp by Plaintiffs' Counsel.[10]  The Notice also will provide specifics on the date, time and place of the Settlement Hearing and set forth the procedures for opting out of the Settlement Class and for objecting to the Settlement, the proposed Plan of Allocation and the motion for attorneys' fees and reimbursement of litigation expenses.   The proposed Preliminary Approval Order further provides for the Summary Notice to be issued domestically over *PR Newswire*.  Plaintiffs' Lead Counsel also will post the Notice on their websites and on a dedicated settlement website.

The Claims Administrator will distribute copies of the Notice and Proof of Claim to investors identified as Settlement Class Members based on (i) proofs of interest filed in the U.S. Bankruptcy Court proceedings involving the Funds, and (ii) Proofs of Claim filed in the FG Settlement.

The form and manner of providing notice to the Settlement Class satisfy the requirements of due process, Rule 23, and Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA.  The Notice and Summary Notice will "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings," *Wal-Mart*, 396 F.3d at

---

[10]   The Notice states that Plaintiffs' Counsel may seek an award of attorneys' fees of up to 25% of the Settlement Fund, and reimbursement of up to $25,000 in expenses that are directly related to prosecution of the claims against GlobeOp.  *See* Notice (Ex. A-1 to the Stipulation) at pages 5 and 9.

114 (internal quotation marks omitted).  The manner of providing notice, which includes individual notice by mail to all Settlement Class Members who can be reasonably identified, as well as dissemination over *PR Newswire*, represents the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.  *See In re Warner Chilcott Ltd. Sec. Litig.,* No. 06 Civ. 11515 (WHP), 2008 WL 5110904, at *3 (S.D.N.Y. Nov. 20, 2008); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 448-49 (S.D.N.Y. 2004).

Plaintiffs respectfully suggest that the Settlement Hearing be set for Monday, November 25, 2013, or as soon as possible thereafter, pursuant to the following schedule:

Monday, September 23, 2013 (estimated) – Court grants preliminary approval.

Monday, September 30, 2013 (7 days after preliminary order) – Last date for mailing of Notice to Settlement Class Members.

Monday, October 7, 2013 (14 days after preliminary order) – Last date for issuance of the Summary Notice over *PR Newswire*.

Monday, October 14, 2013 (14 days after mailing of Notice and at least 42 days prior to the Settlement Hearing) – Motion is filed for final approval of Settlement.

Monday, October 28, 2013 (28 days after mailing of Notice and at least 28 days prior to the Settlement Hearing) – Deadline for objections and opt-outs; Settling Defendants notified of opt-outs.

Monday, November 11, 2013 (at least 14 days before the Settlement Hearing) – Responses to objections and reply in further support of settlement are filed.

Monday, November 25, 2013 or thereafter (at least 28 days after opt-out deadline) – Hearing on final approval of Settlement.

## <u>CONCLUSION</u>

Plaintiffs respectfully request that the Court enter the proposed Preliminary Approval Order submitted herewith.

August 29, 2013

Respectfully submitted,

By:      /s/ Robert C. Finkel

Robert C. Finkel
James A. Harrod
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone:  212.759.4600
Facsimile:   212.486.2093

Christopher Lovell
Victor E. Stewart
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: 212.608.1900

David A. Barrett
Howard L. Vickery, II
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Stuart H. Singer
Carlos Sires
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, #1200
Ft. Lauderdale, Florida 33301
Telephone:  (954) 356-0011

*Co-Lead Counsel for Plaintiffs and Lead
Counsel for PSLRA Plaintiffs*

177362-2

17