USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/13

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA ANWAR, *et al.*,<br><br>                            Plaintiffs,<br>v.<br>FAIRFIELD GREENWICH LIMITED, *et al.*,<br>                            Defendants. | Master File No. 09-cv-118 (VM) (FM) |

## GLOBEOP PRELIMINARY APPROVAL ORDER

WHEREAS, a class action is pending before the Court against GlobeOp Financial Services LLC ("GlobeOp") (among other defendants) entitled *Pasha Anwar, et al. v. Fairfield Greenwich Limited, et al.*, Civil Action 09-cv-118 (VM), United States District Court for the Southern District of New York (the "GlobeOp Action");

WHEREAS, the Court has reviewed the GlobeOp Stipulation of Settlement dated as of August 27, 2013 (the "GlobeOp Stipulation"), entered into by and between the Representative Plaintiffs (on behalf of the GlobeOp Settlement Class) and GlobeOp Financial Services LLC ("GlobeOp");

WHEREAS, the GlobeOp Stipulation which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed partial settlement and dismissal of the GlobeOp Action with prejudice (the "GlobeOp Settlement");

WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the GlobeOp Settlement, and the Court

having read and considered the GlobeOp Stipulation, the exhibits annexed thereto, and submissions made relating to the GlobeOp Settlement;

WHEREAS, the Settling Parties have consented to the entry of this Order; and

WHEREAS, all capitalized and defined terms contained herein shall have the same meaning as set forth in the GlobeOp Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the GlobeOp Stipulation and the GlobeOp Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for the purposes of the GlobeOp Settlement only, the GlobeOp Action is hereby preliminarily certified as a class action on behalf of all Persons who purchased or held interests in Greenwich Sentry, L.P. or Greenwich Sentry Partners, L.P. (the " Funds") from October 31, 2003 through September 1, 2006), and who were investors in the Funds as of December 10, 2008, and suffered a Net Loss of principal invested in the Domestic Funds, excluding (i) those Persons who timely and validly request exclusion from the GlobeOp Settlement Class; (ii) any GlobeOp Settlement Class Member who has been dismissed from this GlobeOp Action with prejudice; and (iii) the FG Defendants, GlobeOp, and the Non-Settling Defendants, and any entity in which those Persons have a controlling interest, and their officers, directors, affiliates, employees, legal representatives, and immediate family members, and heirs, successors, subsidiaries, and assigns of such Persons ("GlobeOp Settlement Class Members").

1.     The GlobeOp Settlement Class consists of all of the investors referenced in Plaintiffs' Second Consolidated Amended Complaint dated September 29, 2009 on whose behalf plausible claims against GlobeOp were asserted.

2.     The Court finds, preliminarily and for purposes of this GlobeOp Settlement only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of GlobeOp Settlement Class Members is so numerous that joinder of all members of the GlobeOp Settlement Class is impracticable; (b) there are questions of law or fact common to the GlobeOp Settlement Class Members that predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the GlobeOp Settlement Class they seek to represent; (d) the Representative Plaintiffs fairly and adequately represent the interests of the GlobeOp Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the GlobeOp Action.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this GlobeOp Settlement only, the Representative Plaintiffs are appointed as the class representatives on behalf of the GlobeOp Settlement Class, and Boies, Schiller & Flexner LLP, Wolf Popper LLP, and Lovell Stewart Halebian Jacobson LLP are appointed Lead Counsel for the GlobeOp Settlement Class ("Plaintiffs' Lead Counsel"). Plaintiffs' Lead Counsel have the authority to enter into the GlobeOp Stipulation on behalf of the GlobeOp Settlement Class and are authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement.

4. The Court finds that: (a) the GlobeOp Stipulation resulted from good faith, arm's-length negotiations; and (b) the GlobeOp Stipulation is sufficiently fair, reasonable and adequate to the GlobeOp Settlement Class Members to warrant providing notice of the Settlement to GlobeOp Settlement Class Members and holding a Settlement Hearing.

5. The Settlement Hearing shall be held before the Honorable Victor Marrero on _November 22_, 2013, at _9:30 a_.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, to determine whether the proposed partial Settlement of the GlobeOp Action on the terms and conditions provided for in the GlobeOp Stipulation is fair, reasonable and adequate to the GlobeOp Settlement Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") as provided in Exhibit B to the GlobeOp Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel; and to rule upon such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to GlobeOp Settlement Class Members.

6. Upon entry of the Final Judgment, this Court's Decision and Order on class certification dated February 25, 2013, with respect to GlobeOp, shall be superseded and shall have no further force or effect.

7. The Court approves, as to form and content, the Notice of Proposed Partial Settlement of Class Action and Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Expenses (the "GlobeOp Notice"), the Summary Notice ("GlobeOp Summary

Notice"), and the Proof of Claim and Release form (the "GlobeOp Proof of Claim"), annexed as Exhibits A-1, A-2 and A-3 to the GlobeOp Stipulation.

8.  The Court appoints Rust Consulting as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims, as follows:

(a)  Not later than fourteen (14) days after the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit A-1 to the GlobeOp Stipulation, to be mailed by first class mail to all GlobeOp Settlement Class Members who can be identified with reasonable effort;

(b)  Not later than twenty (20) days after the date of this Order, the Claims Administrator shall cause the Summary Notice to be disseminated domestically over PR Newswire.

9.  Not later than fourteen (14) days after the date of this Order, the Claims Administrator shall cause the GlobeOp Stipulation and its exhibits, this Preliminary Approval Order, and a copy of the Notice to be posted on the following website: www.fairfieldgreenwichlitigation.com.

10. The forms and methods set forth herein of notifying GlobeOp Settlement Class Members of the GlobeOp Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto.

11. All GlobeOp Settlement Class Members shall be bound by all determinations and judgments in this GlobeOp Action concerning the GlobeOp Settlement, unless such Persons request exclusion from the GlobeOp Settlement Class in a timely and proper manner.

12. Any Person falling within the definition of the GlobeOp Settlement Class may, upon request, be excluded from the GlobeOp Settlement Class. Any request for exclusion must be in the form of a written, signed statement (the "Request for Exclusion") and received by the Claims Administrator at the address designated in the Notice on or before 28 days prior to the Settlement Hearing (the "Exclusion Deadline").

13. In order to be valid, each such Request for Exclusion (A) must state the name, address, email address and telephone number of the Person seeking exclusion; state that the sender "requests exclusion from the GlobeOp Settlement Class in *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, Case No. 09-cv-118," and state (i) the full name of the Fund(s) purchased; (ii) the date(s) and dollar amount of limited partnership interests purchased, and of any redemption transactions; (iii) the dates and amounts of any other recoveries the Person has received in respect of that Person's investment in the Fund(s); and (iv) the dollar amount of limited partnership interests held by that Person in the Fund(s) as of December 10, 2008; and (B) must be submitted with documentary proof (i) of all transactions in Fund limited partnership interests and the dollar value of limited partnership interests held in the Fund(s) as of December 10, 2008; and (ii) demonstrating the Person's status as a Settlement Class Member. Any such Request for Exclusion must be signed and submitted by the Settlement Class Member.

14. A Request for Exclusion shall not be valid or effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise

177332-2                                 6

accepted by the Court. The Claims Administrator shall provide all Requests for Exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The GlobeOp Settlement Class will not include any Person who delivers a valid and timely Request for Exclusion.

15. Any GlobeOp Settlement Class Member who submits a Request for Exclusion shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter on account of such submission, and any GlobeOp Settlement Class Member who submits a Proof of Claim thereby submits to the jurisdiction of this Court with respect only to the subject matter of such Proof of Claim and all determinations made by this Court thereon and shall not be deemed to have submitted to the jurisdiction of this Court or of any court in the United States for any other matter on account of such submission.

16. Any Person that submits a Request for Exclusion may thereafter submit to the Claims Administrator a written revocation of that Request for Exclusion, provided that it is received no later than two business days before the Settlement Hearing, in which event that Person will be included in the GlobeOp Settlement Class.

17. All Persons who submit a valid, timely and unrevoked Request for Exclusion will be forever barred from receiving any payments pursuant to the GlobeOp Settlement.

18. Any GlobeOp Settlement Class Member who wishes to share in the distribution of the proceeds of the GlobeOp Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be received by the Claims Administrator no later than ninety (90) days after

the Notice Date. Any GlobeOp Settlement Class Member who does not submit a Proof of Claim and the information and documentation required therein within the time allowed shall be barred from sharing in the distribution of the proceeds of the GlobeOp Settlement, unless otherwise ordered by the Court.

19.     Except where a GlobeOp Settlement Class Member who submits a Request for Exclusion commences or otherwise prosecutes or pursues a Released Claim against a Released Party, all information submitted by a GlobeOp Settlement Class Member in a Request for Exclusion or a Proof of Claim shall be treated as confidential protected information and may not be disclosed by the Claims Administrator, its affiliates or the Settling Parties to any third party absent a further order of this Court upon a showing of necessity, and any such information that is submitted to the Court shall be filed under seal.

20.     Any GlobeOp Settlement Class Member may enter an appearance in the GlobeOp Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. Absent entry of an appearance by counsel, GlobeOp Settlement Class Members will be represented by Plaintiffs' Lead Counsel.

21.     Any GlobeOp Settlement Class Member may appear and show cause why the proposed GlobeOp Settlement should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and reimbursement of expenses should or should not be awarded to Plaintiffs' Counsel; provided, however, that no GlobeOp Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and

conditions of the proposed GlobeOp Settlement, or, if approved, the Final Judgment, or any other order relating thereto, unless that Person has filed appropriate objections, affidavits and briefs with the Clerk of the United States District Court for the Southern District of New York, on or before twenty- eight (28) days prior to the Settlement Hearing and delivered copies of any such papers to counsel identified in the Notice on or before such date. Any GlobeOp Settlement Class Member who does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

22. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the GlobeOp Stipulation and Plan of Allocation and/or further order(s) of the Court.

23. All papers in support of the GlobeOp Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses, shall be filed and served not later than forty-two (42) days prior to the Settlement Hearing. Any reply papers shall be filed and served no later than fourteen (14) days prior to the Settlement Hearing.

24. GlobeOp, its counsel and the Released Parties shall have no responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the GlobeOp Settlement.

25. All reasonable expenses incurred in identifying and notifying GlobeOp Settlement Class Members, as well as in administering the GlobeOp Settlement, including payment of any

177332-2                                   9

taxes, shall be paid as set forth in the GlobeOp Stipulation. In the event the GlobeOp Settlement is not approved by the Court, or otherwise fails to become effective, neither the Representative Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the GlobeOp Settlement Fund to pay for such expenses.

26. Neither the GlobeOp Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendants or any of the Released Parties of the truth of any of the allegations in the GlobeOp Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Representative Plaintiffs or any GlobeOp Settlement Class Members have suffered any damages, harm, or loss. Further, neither the GlobeOp Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Representative Plaintiffs of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this GlobeOp Action.

27. GlobeOp may elect to terminate the GlobeOp Settlement only as provided in the GlobeOp Stipulation. In such event, or in the event the GlobeOp Settlement does not become effective in accordance with the terms of the GlobeOp Stipulation or the Effective Date does not occur, then the GlobeOp Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the GlobeOp Stipulation or by order of the Court) shall be rendered null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against

the Settling Parties or the Released Parties, and each shall be restored to his, her or its respective litigation positions as they existed prior to the execution of the GlobeOp Stipulation.

28. Pending final determination of whether the GlobeOp Settlement should be approved or further order of the Court, the Court hereby stays all litigation of claims and related discovery in the GlobeOp Action between the Representative Plaintiffs and GlobeOp Settlement Class Members on one hand and GlobeOp on the other, except as provided in the GlobeOp Stipulation and as necessary to carry out or comply with the terms and conditions of the GlobeOp Stipulation.

29. Except as provided in the GlobeOp Stipulation, pending final determination of whether the GlobeOp Settlement should be approved or further order of the Court, no potential GlobeOp Settlement Class Member, whether directly, representatively or in any other capacity, and whether or not such Persons have appeared in the GlobeOp Action, shall commence or prosecute in any court or forum any proceeding involving the subject matter of any of the Released Claims against any of the Released Parties. This injunction is necessary to protect and effectuate the GlobeOp Settlement, this Order, and the Court's flexibility and authority to effectuate the GlobeOp Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

30. The Court reserves the right to consider all further applications arising out of or connected with the GlobeOp Stipulation. The Court may approve the GlobeOp Settlement, with such modifications as may be agreed to by the Settling Parties, without further notice to the GlobeOp Settlement Class, where to do so would not impair GlobeOp Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

IT IS SO ORDERED.

DATED: 10 September 2013

_____
The Honorable Victor Marrero
United States District Judge