

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA S. ANWAR, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FAIRFIELD GREENWICH LIMITED,<br>*et al.*,<br><br>　　　　　　　　　　Defendants.<br><br>This Document Relates To: Specified<br>Standard Chartered Cases | Master File No. 09-CV-118 (VM) (FM) |

**STIPULATION AND ORDER
STRIKING ALLEGATIONS AND DEFERRING DISCOVERY
IN SPECIFIED STANDARD CHARTERED CASES**

**WHEREAS**, plaintiffs represented by undersigned counsel have brought the following six actions (the "Actions") raising similar, and in many actions identical, allegations and causes of action concerning the conduct of Standard Chartered Bank International (Americas) Ltd. ("SCBI") arising out of plaintiffs' investments in Fairfield Sentry Ltd. and/or Fairfield Sigma Ltd.:

 (1) *Emilio Diaz v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9146;

 (2) *Bernardo J. Rosental v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9421;

 (3) *Lyac Venture Corp. v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9422;

 (4) *Sara Boltvinik de Uziel v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9423;

 (5) *TRE-C, S.A. v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9425;

  (6) *Skyworth Products Ltd.* v. *Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-9427;

**WHEREAS**, the Initial Scheduling Order Regarding Standard Chartered Cases (Dkt. No. 375),[1] as amended by the Second Amended Scheduling Order Regarding Standard Chartered Cases (Dkt. No. 609), the August 9, 2011 Order Amending the Second Amended Scheduling Order Regarding Standard Chartered Cases (Dkt. No. 695) and the August 13, 2012 Stipulation and Scheduling Order Regarding Standard Chartered Defendants Time to Respond to Complaints in Specified Standard Chartered Cases (collectively, the "Scheduling Orders") direct the parties to apply the Court's prior rulings in these consolidated proceedings across all cases to avoid "duplicative motion or pleading practice on matters already considered by this Court" (Dkt. No. 609 ¶ 15), and, in circumstances where the Court's prior rulings require the dismissal of later-filed claims, to "confer and determine whether they can agree that such claim[s] . . . shall be dismissed pursuant to the bases set forth" in this Court's prior rulings, subject to plaintiffs' right to "challenge the dismissal of the claim on appeal" (Dkt. No. 609 ¶ 16(a)(ii) n.3);

**WHEREAS**, plaintiffs in the Actions assert claims against SCBI that are identical or substantially similar to other claims asserted against SCBI by other plaintiffs in this consolidated proceeding (the "Standard Chartered Cases");

**WHEREAS**, this Court has issued three prior orders in these proceedings, on October 4, 2010, November 2, 2011 and September 12, 2012, dismissing similar claims raised by plaintiffs in the Standard Chartered Cases;

---

[1] All docket citations are to Case No. 09-cv-118, unless otherwise noted.

**WHEREAS**, counsel for the parties in the Actions have conferred regarding the application of the Court's prior rulings to the claims and allegations made in the Actions;

**WHEREAS**, plaintiffs in the Actions and SCBI agree that under the Court's prior rulings, plaintiffs' claims for breach of fiduciary duty and negligent misrepresentation would not survive a motion to dismiss because:

- plaintiffs' allegations of misrepresentations made in their breach of fiduciary duty claims (*e.g., Diaz* Compl. ¶¶ 57, 58(e)-(f)) would not as now pled support a cause of action under the Court's prior ruling that such alleged misrepresentations fail under Rule 9(b) of the Federal Rules of Civil Procedure because plaintiffs "do not adequately allege the context of each alleged misrepresentation with sufficient particularity" or "plead with particularity facts giving rise to a strong inference that a defendant acted with the requisite state of mind," *Anwar v. Fairfield Greenwich Ltd.*, 826 F. Supp. 2d 578, 586-87 (S.D.N.Y. 2011);

- plaintiffs' allegations in their negligent misrepresentation claims that SCBI misrepresented its due diligence and the characteristics of the Fairfield Sentry fund (*e.g., Diaz* Compl. ¶¶ 66-70) would not as now pled support a cause of action under the Court's prior ruling that such alleged misrepresentations fail under Rule 9(b) of the Federal Rules of Civil Procedure because plaintiffs "do not adequately allege the context of each alleged misrepresentation with sufficient particularity"

or "plead with particularity facts giving rise to a strong inference that a defendant acted with the requisite state of mind," *Anwar*, 826 F. Supp. 2d at 586-87; *see also Anwar v. Fairfield Greenwich Ltd.*, 891 F. Supp. 2d 548, 553-555 (S.D.N.Y. 2012);

**WHEREAS**, each of the Actions was initiated and transferred to this Court after the close of general fact discovery in the Standard Chartered Cases, which occurred on May 4, 2012; and

**WHEREAS**, counsel for the parties in the Actions have conferred regarding the efficient management of these actions and previously stipulated to defer discovery on plaintiff-specific issues in other Standard Chartered Cases under the March 2, 2012 Stipulation and Order Regarding Discovery in Specified Standard Chartered Cases (the "March 2012 Stipulation");

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for parties in the Actions, subject to the approval of the Court, that:

1. Plaintiffs agree to strike allegations of misrepresentations made in the context of their breach of fiduciary duty claims, which are pleaded as Count 1 in the complaints filed in the Actions, including, for example, paragraphs 57 and 58(e)-(f) of the complaint in *Emilio Diaz v. Standard Chartered Bank International (Americas) Ltd.*, No. 12- cv-9146 ("*Diaz*").

2. Plaintiffs agree to strike allegations of misrepresentations regarding due diligence and the characteristics of the Fairfield Sentry fund in the context of their negligent misrepresentation claims, which are pleaded as Count 2 in the complaints filed

-4-

in the Actions, including, for example, paragraphs 66-70 of the complaint in *Diaz*. For the avoidance of doubt, the scope of the surviving negligent misrepresentation claims in the Actions shall be the same as the negligent misrepresentation claims alleged in the actions addressed in the September 5, 2012 so-ordered stipulation (Dkt. No. 936) between SCBI and other plaintiffs represented by the undersigned counsel for the plaintiffs.

3.     The parties in the Actions agree that the claims in plaintiffs' respective complaints for fraud and gross negligence and the allegations set forth therein shall not be affected by the language of this Stipulation other than as so specifically set forth herein.

4.     The parties in the Actions agree that the March 2012 Stipulation deferring discovery concerning plaintiff-specific issues will apply to the Actions as if they were listed as among the "Stipulating Actions" in paragraph 1 of the March 2012 Stipulation.

5.     The parties in the Actions agree that Standard Chartered will answer plaintiffs' respective complaints on or before the forty-fifth day following the Court's entry of this Stipulation and Proposed Order.

6.     Plaintiffs in the Actions have preserved the right to appeal the actions described above in paragraphs 1 and 2 of this Stipulation and Proposed Order, which shall be deemed to have been rendered based on the reasoning set forth in the Court's prior rulings. In the event of a successful appeal of the Court's prior rulings by plaintiffs in the Actions, the plaintiffs in the Actions reserve their right to reassert any allegations struck pursuant to the terms of this Stipulation.

7.  The parties in the Actions reserve all rights with respect to plaintiffs' ability to file Amended Complaints and defendant's ability to oppose the filing of any Amended Complaints.

DATE: August 31, 2013

CURRAN & ASSOCIATES
By _____
Laurence E. Curran
*Attorneys for Plaintiffs Emilio Diaz, Bernardo J. Rosental, Lyac Venture Corp., Sara Boltvinik de Uziel, TRE-C, S.A., and Skyworth Products Ltd.*

DATE: September 17, 2013

SULLIVAN & CROMWELL LLP
By _____
Sharon L. Nelles
*Attorneys for Defendant Standard Chartered Bank International (Americas) Ltd.*

SO ORDERED this 17th day of September, 2013.

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE