UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
ANWAR,                              )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        Case No. 09-00118 (VM)(FM)
                                    )
FAIRFIELD GREENWICH LIMITED,        )
                                    )
            Defendant.              )
_____)

**MEMORANDUM OF LAW OF THE SECURITIES AND EXCHANGE COMMISSION REGARDING THE STANDARD OF REVIEW FOR MOTIONS TO COMPEL AGENCY COMPLIANCE WITH FEDERAL SUBPOENAS**

At oral argument on September 16, 2013, the Securities and Exchange Commission ("SEC" or "Commission") sought the opportunity to brief the law on the applicable standard of review where the government, as a non-party, has declined to comply with a third-party federal subpoena based on a finding that the subpoena places an undue burden on the government. At issue is whether, after the Court finds a waiver of sovereign immunity pursuant to the Administrative Procedure Act ("APA"), the Court must then apply the deferential "arbitrary and capricious" standard, set forth in the APA, 5 U.S.C. § 706, or whether it is free to make a de novo determination pursuant to Rule 45 of the Federal Rules of Civil Procedure. As discussed below, because the Second Circuit has held that motions to compel federal government agencies to comply with third-party subpoenas are actions under the APA, such power must be exercised in accordance with the APA's provisions, including APA Section 706.

**I.   Section 706 of the APA Applies to Motions to Compel the Government to Comply with Third-Party Subpoenas Because Those Motions Arise Under the APA.**

The Second Circuit has held that actions to enforce a subpoena in district court that seek to compel the government to act when it is a non-party are barred by sovereign immunity in the absence of a waiver.  *U.S. Envtl. Protection Agency v. General Elec. Co.*, 197 F.3d 592, 597 (2d Cir. 1999) ("*EPA v. GE I*"); *see also In re SEC ex rel. Glotzer*, 374 F.3d 184, 192 (2d Cir. 2004). The Second Circuit has also held that the "only identifiable waiver of sovereign immunity that would permit a court to require a response to a subpoena in an action in which the government is not a party is found in the APA." *EPA v. GE I*, 197 F.3d at 598; 5 U.S.C. § 702.  The rules governing discovery and the issuance of subpoenas by third parties include no express waivers of the type necessary to subject the government to compulsion in judicial proceedings to which it is not a party. *EPA v. GE I*, 197 F.3d at 598; *see also In re SEC ex rel. Glotzer*, 374 F.3d at 192 (holding that motions to compel agency compliance with subpoenas are agency actions reviewable under APA § 702).

Despite finding that actions to compel government compliance with a subpoena are APA actions, the Second Circuit has not formally held that the APA's standard of review, 5 U.S.C. § 706(2)(A), governs a district court's evaluation of a government agency's decision not to comply with a subpoena.  *See U.S. Envtl. Protection Agency v. General Elec. Co.*, 212 F.3d 689, 689-690 (2d Cir. 2000) ("*EPA v. GE II*") (clarifying that the Court's previous statement that a court should review the government's "refusal to respond to the subpoena under the standards for review established by the APA" is not "the opinion of the Court"); *In re SEC ex rel. Glotzer*, 374 F.3d at 190 (declining to rule on whether § 706(2)(A) governs such review); *Wultz v. Bank of China Ltd.*, No. 11-1266, 2013 U.S. Dist. LEXIS 51181, at *3 & nn.23-24 (S.D.N.Y. Apr. 9, 2013) (same).  However, a straightforward reading of the APA indicates that Section 706 would

apply in all APA actions.  Section 706 works in tandem with the APA's other provisions and is part and parcel of the statute.  By its terms, it provides the standards for all APA review.

In relevant part, the APA's standard of review provides that a reviewing court should "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside agency action, findings, and conclusions" only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. §§ 706(1), (2)(A).[1]  Thus, it provides courts with several options that can apply to all circumstances that may come before them in APA actions.  A court applying this standard could look to Rule 45(c) of the Federal Rules of Civil Procedure in evaluating whether governmental action was reasonable, but would give substantial deference to the government's decision instead of making a de novo determination under Rule 45, particularly when evaluating a determination requiring a balancing of multiple factors such as a finding that a subpoena imposes an undue burden.  Indeed, although not the holding, the Second Circuit stated that the application of the "arbitrary and capricious" standard in this context "will maintain the appropriate balance between the interests of the government in conserving limited resources, maintaining necessary confidentiality and preventing interference with government functions, and the interests of suitors in discovering important information relevant to the prosecution or defense of private litigation."  *EPA v. GE I*, 197 F.3d at 599.

---

[1] The "arbitrary and capricious" standard requires that the agency's decision be given substantial deference.  *Soler v. G. & U., Inc.*, 833 F.2d 1104, 1107 (2d Cir. 1987).  The Second Circuit has characterized the court's review under the APA as "particularly deferential." *Envtl. Def. v. U.S. Envtl. Protection Agency*, 369 F.3d 193, 201 (2d Cir. 2004).  In this respect, the court "may not assess the wisdom of an agency's choice; inquiry is limited instead to whether the [agency] has made a clear error of judgment." *Falk v. Secretary of the Army*, 870 F.2d 941, 945 (2d Cir. 1989).

**II.     No Provision Other than Section 706 Can Provide the Standard of Review in an APA Action.**

In *EPA v. GE II*, the Second Circuit noted that GE had argued that "[t]he fact that Section 702 of the APA provides the applicable waiver of sovereign immunity in the action . . . does not necessarily mean . . . 5 U.S.C. § 706(2)(A) furnishes the standard of review." *EPA v. GE II*, 212 F.3d at 689-690.  However, neither the Second Circuit nor any other court of which we are aware has provided any basis for not applying Section 706 in an action under the APA.  The Circuit courts that have, like the Second Circuit, recognized that an action to compel an agency to comply with a third-party subpoena is an action under the APA have recognized that Section 706 provides the standard of review.  *See, e.g., COMSAT Corp. v. NSF*, 190 F.3d 269, 278-279 (4th Cir. 1999) (holding that the APA waives sovereign immunity and permits a federal court to order a non-party agency to comply with a subpoena only if the government has refused production in an arbitrary, capricious, or otherwise unlawful manner); *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) (holding that pursuant to § 706(2)(A) the district court could only overturn HHS's decision not to authorize an employee to comply with a subpoena if such action was "arbitrary, capricious, an abuse of discretion, or otherwise not contrary to law").[2]

---

[2] This Court has also chosen to apply the "arbitrary and capricious" standard to motions to compel government compliance with third-party subpoenas.  *See, e.g., Moran v. Pfizer, Inc.*, No. 99 Civ. 9969, 2000 U.S. Dist. LEXIS 11039, at *4-5 (S.D.N.Y. Aug. 4, 2000); *In re September 11 Litig.*, 621 F. Supp. 2d 131, 144 (S.D.N.Y. 2009); *see also Miller v. Mehltretter*, 478 F. Supp. 2d 415, 420 (W.D.N.Y. 2007).  In addition, at least five courts in this Circuit have found that the subpoenas at issue should be quashed under either Rule 45 or § 706.  *See, e.g.*, *Solomon v. Nassau County*, 274 F.R.D. 455, 458-61 (E.D.N.Y. 2011); *SEC v. Chakrapani*, 2010 U.S. Dist. LEXIS 65337 (S.D.N.Y. June 28, 2010); *Abdou v. Gurrieri*, 2006 U.S. Dist. LEXIS 68650, at *12-13 (E.D.N.Y. Sept. 25, 2006); *Johnson v. Bryco Arms*, 226 F.R.D. 441, 444 (E.D.N.Y. 2005); *Fischer v. Cirrus Design Corp.*, 2005 U.S. Dist. LEXIS 31353 (N.D.N.Y Nov. 23, 2005).

Although some Courts have not used the Section 706 standard in actions concerning third-party subpoenas to the government, those cases are not relevant here because those courts have not treated the actions as APA actions. *See, e.g., Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007) ("a challenge to an agency's refusal to comply with a Rule 45 subpoena [is] treated not as an APA action, but as a Rule 45 motion to compel"). As discussed above, the Second Circuit has held that motions to compel the federal government to respond to third-party subpoenas are APA actions. Consequently, cases that do not treat such motions as APA actions are not controlling in the Second Circuit. Indeed, the Second Circuit has specifically declined to follow a Ninth Circuit case, *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774 (9th Cir. 1994), to the extent that the "Ninth Circuit declined to reach Exxon's claim under the APA." *EPA v. GE I*, 197 F.3d at 598. The Fourth Circuit has also sharply criticized the *Exxon* decision:

> The Ninth Circuit's *Exxon* decision abrogates the doctrine of sovereign immunity to a significant degree. Although the decision acknowledges the APA as the source of the congressional waiver of sovereign immunity permitting review of a non-party agency's refusal to comply with a subpoena, *see* 34 F.3d at 779 n.9, *Exxon* overlooks an important limitation upon this waiver: courts may reverse an agency's decision not to comply only when the agency has acted unreasonably.

*COMSAT Corp.,* 190 F.3d at 277.

### III. The SEC's Decision Not to Authorize Testimony Was Not Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance With Law.

Under the Second Circuit's holding that motions to compel government agencies to respond to third-party subpoenas are actions under the APA, the deferential standard of review under Section 706 necessarily applies in any such proceeding. Under that standard, the SEC's decision not to authorize testimony could be reversed only if were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Thus, the

SEC's decision must be given substantial deference and can be reversed only if the SEC made a clear error of judgment.  *See, supra,* note 1.

The SEC did not make any clear errors of judgment.  The June 7, 2013 letter from Richard Humes, Associate General Counsel at the SEC, to Jonathan D. Cogan, counsel for Defendants, shows that Mr. Humes, acting pursuant to authority delegated from the Commission, considered the legal standards developed under Rule 45 and carefully balanced the relevance of the requested testimony and the burden that providing the testimony would place on the SEC.  *See* Letter to the Honorable Frank Maas from Carl W. Mills, August 19, 2013, Exhibit 7 to Exhibit A.

Defendants have not identified any reason to find that Mr. Humes' decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Indeed, at the September 16, 2013 conference in this matter, Defendants' counsel's final summary regarding the relevance of the testimony consisted of noting that potential witnesses have communicated with Bernard Madoff and with Fairfield Greenwich Group ("FGG"), a fact that the SEC has never contested.  Defendants' counsel did not address the relevance concerns described in detail in Mr. Humes' June 7 letter because she did not explain how these communications could have any bearing on the issues in this case.  Because Defendants have failed to make any meaningful showing of relevance – despite having thousands of pages of documents, including testimony transcripts, regarding the potential witnesses' communications with Madoff and FGG – they have not identified any reason not to defer to Mr. Humes' decision. Reducing the number of witnesses to two does not meaningfully change any circumstances as two depositions of current employees would still impose an undue burden where Defendants have never provided a concrete explanation of the relevance of the depositions to specific issues in this case.

As stated in the SEC's August 26, 2013 letter to this Court (Docket No. 1181), the absence of any showing of need for the requested depositions means that the Defendants have made a request that should not be allowed even if subject to a de novo review under Rule 45. However, application of the Section 706 standard makes clear that the requested depositions should not be allowed in this case.

## CONCLUSION

For the reasons set forth above and in the SEC's August 26, 2013 letter to the Court, the Court should find that the deferential "arbitrary and capricious" standard set forth in APA Section 706 is the applicable standard of review for motions to compel agency compliance with third-party federal subpoenas and should deny the Defendants' motion to compel testimony from current and former Commission employees.

Dated:  September 30, 2013                     Respectfully submitted,

        /s/   Melinda Hardy
MELINDA HARDY
LAURA WALKER
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9612
hardym@sec.gov / 202-551-5149
walkerla@sec.gov / 202-551-5031

*Counsel for Securities and Exchange Commission*