UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANWAR, et al.,<br><br>                                   Plaintiffs,<br><br>                   - against -<br><br>FAIRFIELD GREENWICH LTD., et al.,<br><br>                                   Defendants. | MASTER FILE NO.<br>09 Civ. 0118 (VM) |

## <u>DECLARATION OF MICHEL DECKERS</u>

MICHEL DECKERS, pursuant to 28 U.S.C. § 1746, declares:

1.      I am a partner and head of the corporate litigation practice at the law firm of Boekel De Nerée N.V., which is located in Amsterdam, The Netherlands.  I have been asked by counsel for The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Bank Nederland N.V. Dublin Branch, and Citco Fund Services (Bermuda) Ltd. ("Citco") in the above-captioned proceeding to set forth the law in The Netherlands concerning the attorney-client privilege as it would be applied to an in-house counsel working in The Netherlands for a Dutch company, as well as the scope of disclosure of documents in The Netherlands in general and applied to this case.  I understand that this Declaration is being submitted in connection with an appeal of Magistrate Judge Maas's decision, which I have read, ordering the production of certain written, privileged communications authored by, or sent to, Renger Boonstra, an in-house counsel at Citco Bank Nederland N.V. Dublin Branch ("Citco Bank").

2.      I have been provided with, and have reviewed, the following documents in connection with this Declaration:  (a)  Judge Maas' July 8, 2012 Discovery Order; (b) the April 20, 1995 Waiver and Indemnity Agreement between and among Fairfield Sentry Ltd., Citco Global Custody N.V., and Citco Bank (the "Waiver and Indemnity Agreement"); (c) the July 17, 2003 Brokerage and Custody Agreement between and among Fairfield Sentry Limited, Citco Bank, and Citco Global Custody N.V. (the "Brokerage and Custody Agreement"); (d) the July 3, 2006 Custodian Agreement between and among Fairfield Sentry Limited, Citco Bank, and Citco Global Custody N.V. (the "2006 Custody Agreement"); (e) Plaintiffs' Memorandum of Law In Opposition to the Citco Defendants Rule 72(a) Objections to Magistrate Judge Maas' July 8, 2013 Discovery Order; (f) the Declaration of Olav A. Haazen in support of Plaintiffs' Memorandum of Law In Opposition to the Citco Defendants Rule 72(a) Objections; (g) the Declaration of Marielle Koppenol-Laforce, August 25, 2013 in support of Plaintiffs' Memorandum of Law In Opposition to the Citco Defendants Rule 72(a) Objections; (h) and the Declaration of A. Jan A.J. Eijsbouts, August 26, 2013, in support of Plaintiffs' Memorandum of Law In Opposition to the Citco Defendants Rule 72(a) Objections.

**Background**

3.      I hold two degrees from Leiden University in Leiden, the Netherlands including a master's degree in law.  I was admitted to the Amsterdam Bar in 1991 and became a partner of Boekel De Nerée N.V. in 2000.  I have extensive experience with, and maintain a practice in, commercial litigation and have given advice to numerous clients, including Citco Bank, in matters relating to corporate and commercial law.  My curriculum vitae has been provided to this Court as Exhibit 1 to my Declaration in Support of Citco Defendants' Rule 72(a) Objections to Magistrate Judge Maas' July 8, 2013 Discovery Order.

2

4.      The matters referred to below are either within my personal knowledge or based on my knowledge, experience and education.  If sworn as a witness, I could and would testify competently to the matters referred to below.

**In-House Counsel and Attorney-Client Privilege in The Netherlands**

5.      I emphasize that under Dutch law there is a strict distinction between civil law proceedings relating to: (a) the obligation to testify; and (b) compulsory document disclosure.  Both proceedings have their own applicable rules and case law.  These two distinct area of law are addressed separately below.

*Obligation to Testify:*

6.      Under Dutch procedural rules, any person summoned by the District Court as a witness is required to comply with the summons and give evidence, unless the witness has a privilege.  Lawyers that are licensed are entitled to such privilege with respect to information obtained from their clients.

7.      The obligation to testify under Dutch law is not an unqualified duty.  If the Court asks the witness about facts and circumstances that the witness has no recollection of, he can inform the Court accordingly.  In addition, the facts and circumstances that are the subject of questioning must be relevant to the litigation at hand.

*Disclosure of Documents In General:*

8.      Under Dutch law, there is no general obligation for parties to disclose unspecified documents.  In her declaration, Ms. Koppenol-Laforce does not state the contrary.  With reference to the relevant case law, Ms. Koppenol-Laforce states, however, that the Dutch Courts have repeatedly ordered the production of broadly described categories of documents.  (Koppenol-Laforce Decl. ¶ 44.)  She concludes, therefore, that Dutch Courts have a flexible

3

approach in relation to applying the procedural rules for disclosure of documents. The declaration of Ms. Koppenol-Laforce is inaccurate on this point, especially for the relevant period of 2000 – 2008.

9.      Article 843a Dutch Code of Civil Procedure ("Article 843a") is a provision that addresses compulsory document disclosures. It is important to emphasize that Article 843a forms an exception to the general rule that a party does <u>not</u> have an obligation to provide documents to another party. (Supreme Court 29 June 2007, NJ 2007, 639.) According to the former Minister of Justice Korthals Altes, disclosure under Article 843a concerns a party seeking written documents to serve as evidence where the documents are in principle known to a party, but are not in its possession, while this party would like to submit the documents in legal proceedings (*Algemene Beraadslaging EK, Parlementaire Geschiedenis van het Nieuwe Bewijsrecht, Deventer, 1988, blz. 417*). Compulsory documents disclosure is only available in the Netherlands after obtaining a Court order from a Dutch Court.

10.      The Court will examine whether the request for document disclosure meets all the requirements prescribed by law and developed by case law. These requirements exist to avoid 'fishing expeditions,' which are not allowed. Article 843a provides that a Dutch Court may order the disclosure of documents if, and only if, each of the following requirements have been met: (i) the request concerns <u>specified documents</u>; (ii) the requested documents relate to a <u>legal relationship</u> between the requesting party and the party from whom the documents are requested; and (iii) the requesting party has a <u>legitimate interest</u> to review the requested documents.

A.     Specified Documents

11.     The requested documents have to be specified to such an extent: (i) that it is clear what documents the request concerns; and (ii) that the Court is able to examine whether the requesting party has a legitimate interest to review the requested documents.  It follows from case law that it is insufficient to describe the requested documents broadly and generally, such as a request for the complete client file.  (District Court Amsterdam 2 February 2005, JOR 2005/71.)  A request for disclosure on the basis that the documents relate generally to the complete claim file would be denied. (Court of Appeal The Hague 12 June 2007, S&S 2009, 34.)

12.     The same applies for the request to disclose the bank guarantee and surety agreement together with the business administration from which the remaining debt should follow.  (District Court Arnhem 31 January 2007, LJN AZ9595.)

13.     The same also applies to a request for disclosure of communications between an accountancy & tax advisors firm, the tax authorities, a civil-law notary, the principal banker and the other party. (Court of Appeal Arnhem 17 April 2007, NJF 2007/391.)

14.     Similarly, a claim for disclosure of a building contract and all other documents relating to an infrastructure project would be denied.  (Court of Appeal The Hague 22 November 2007, NJF 2008/3.)

15.     For the same reasons, a request for disclosure of several documents including an original budget, underlying documents, financial settlements and all other documents which the District Court considers to be necessary would be denied.  (District Court The Hague 5 December 2007, LJN BB 9517.)

16.     In the instances in which a Dutch Court orders a party to disclose documents because all of the requirements of 843a have been satisfied, the scope of the

disclosure will always be limited.  For example, the limitation can refer to a specific period of time, subject matter, or volume.

17.     The cases cited by Ms. Koppenol-Laforce for the proposition that movants do not need to know or describe the requested documents' content are not to the contrary. *Allianz Nederland Schadeverzekering N.V.* v. *Aannemings- en Bemiddelingsbedrijf 'De Langstraat Verhuur' B.V.*, BC:9695 (District Court Den Bosch, 16 April 2008), involved a request for the disclosure of four specific documents; the Court denied the request for two of the documents.  Contrary to Ms. Koppenol-Laforce's assertion, the case demonstrates that even an extremely specific request for documents can be found to be insufficient if not all of the requirements are met.  The requesting party must always demonstrate its interest for each specific document.

18.     Additionally, Ms. Koppenol-Laforce's quotation of *X.* v. *Ernst & Young Participaties B.V.*, BR:5970 (District Court Rotterdam, 26 Augustus 2011), for the proposition that the content of requested documents need not be known beforehand, is misleading.  In its very next sentence, the Court qualifies this proposition by stating that "[w]hat is important is that it is evident which documents are concerned and therefore that the specification of the document has to be quite accurate and in any case concrete enough to easily establish what documents are referred to in order to be able to perform the required test whether the requesting party has sufficient interest."  This case merely stands for the principle that requested documents have to be specified and the requesting party has to show a sufficient interest in them.

19.     Ms. Koppenol-Laforce's citation to *Arcelor Mittal Fontaine S.A.* v. *Koolwijk Polsbroek B.V.*, BN:0516 (District Court's-Gravenhage, 5 July 2010) also does not

6

support her point.  The requesting party in that case both sufficiently specified the requested documents and sufficiently demonstrated their relevance.

20.     Further, Ms. Koppenol-Laforce is incorrect in saying  that "Dutch Courts have long permitted broad disclosure of documents in numerous instances where document requests failed to identify each individual document with specificity." (Koppenol-Laforce Decl. ¶ 38.)  Contrary to Ms. Koppenol-Laforce's summary, the documents requested in *Pyrford Inv.* v. *Center Parcs N.V.*, JOR 1996, 122 (District Court Rotterdam, 3 October 1996) consisted of minutes of board meetings from one particular year and were produced only to the extent that these minutes concerned the public offer; the requested documents were thus extremely limited and specific in terms of scope and subject matter.

21.     Ms. Koppenol-Laforce also completely mischaracterizes *Leisureplan* v. *Rabobank*, Jbpr 2003, 66 (District Court Zutphen, 7 May 2003), which involved a request for six categories of documents, including correspondence between Rabobank, its advisors, a notary and third parties.  The Court ordered the production of only one specific memorandum and the request with respect to all other requested documents was denied.  Her assertion that "the bank was obligated to produce its 'entire correspondence' regarding the foreclosure at issue" (Koppenol-Laforce Decl. ¶ 40)  is thus entirely inaccurate.

22.     Similarly, Ms. Koppenol-Laforce's assertion that the Court in *Santema & Blonz B.V.* v. *F. Van Lanschot Bankiers N.V.*, JOR 2003, 208 (District Court Den Bosch, 29 July 2003) ordered the production of "all correspondence, all transaction records, and all investment account statements regarding [an] investor" (Koppenol-Laforce Decl. ¶ 41) cannot be deduced from the opinion.  The Court merely ordered the production of documents pertaining to specific individuals in a specific timeframe.  No correspondence was ordered to be produced.

23.     The authors Wijers & Haasjes refer in their published article to an unpublished judgment from the District Court of Maastricht, to which judgment Mr. Koppenol Larforce refers in ¶ 42. Neither this unpublished judgment of the District Court of Maastricht nor *Jonkman* v. *Dekker*, NJ 2003, 102 (District Court Groningen, 22 November 2002) provide support for Ms. Koppenol-Laforce's contention. The authors Wijers & Haasjes describe the unpublished judgment as an example of an unacceptably broad reading of Article 843a DCCP. It thus has no precedential value. Similarly, the *Jonkman* judgment is poorly reasoned and, in any event, still requires specification as the movant must relate the requested documents to damages suffered by one of the parties.

24.     Moreover, Ms. Koppenol-Laforce's assertion that her liberal reading of the specificity requirement was recently confirmed by the Dutch Supreme Court is off-base. *Theodoor Gilissen Bankiers*, NJ 2013, 220 (Netherlands Supreme Court, 26 October 2012) involved a request for documents concerning regulatory proceedings where the requesting party was unsure if the documents existed. In that particular case, the requesting party elaborately stated its interest in the requested documents. Under these particular circumstances, the Court found that the documents likely existed and ordered disclosure. This judgment does not conflict with the requirement that document requests should be sufficiently specific and the requesting party should demonstrate its interest in the requested documents.

25.     *Trientalis Invs. B.V.* v. *Promocean The Netherlands B.V.* (Court of Appeal Arnhem, 8 November 2011) is irrelevant to the case at hand as it involved the unusual circumstances of a board member requesting his own correspondence with his secretary in order to defend himself in an underlying case.

26.     Finally, *X.* v. *Shetland Pony Park Slagharen B.V.* (District Court Almelo, 15 October 2011), concerned a unique circumstance of an information technology manager who used a company's technology systems for unlawful practices and, by doing so, exposed large amounts of the company's data to the public.  The company requested all the manager's emails to be able to establish the scope of its exposure. The Court granted the request over the manager's privacy concerns for personal email because it was very likely that the manager had sent confidential information to personal email addresses.  Under these circumstances, the Court ruled that it was not necessary for the company to describe each email individually.

B.     Legal Relationship

27.     Under Article 843a, the party requesting documents must have a legal relationship with the party from whom the documents are requested.  Ms. Koppenol-Laforce acknowledges this requirement in her declaration.

28.     When Article 843a was first enacted, a requesting party could only satisfy the "legal relationship" requirement if the requesting party had a direct contractual relationship with the party from whom disclosure was sought.  In other words, a party could not obtain discovery from another party unless both those parties had a direct contractual relationship with each other.

29.     In 2002, Article 843a was amended to provide that the "legal relationship" requirement could also be satisfied based on acts that can be qualified as tort.

9

C.      Legitimate Interest

30.     A request will be denied if the requesting party has no legitimate interest in reviewing the requested documents.  The requesting party has to show sufficient facts and circumstances from which the legitimate interest follows.  If the substantiation for the request is insufficient, the request will be denied to avoid a "fishing expedition."

31.     Pursuant to this rule, a request for disclosure of documents concerning the relationship of a defendant and his advisors will be denied.  (Court of Appeal The Hague  9 October 2007, LJN BB 69710.)

*Duty to Disclose Documents In The Netherlands In Relation to the Anwar Plaintiffs:*

32.     In the Netherlands, there presently are legal proceedings pending between investors in some of the Fairfield Funds and Citco.  The proceedings in the Netherlands and *Anwar* concern the same factual circumstances.

33.     Investors in the Dutch proceedings have not obtained Mr. Boonstra's documents.  In fact, there has not been a compulsory document disclosure regarding these documents in the Netherlands.

34.     Taking into account the conditions of Article 843a, it is most unlikely that a request for Mr. Boonstra's documents would be granted by a Dutch Court.  The parties lack the requisite legal relationship, either in contract or tort.  In the Dutch proceedings, the party requesting disclosure typically would be an alleged (indirect) investor in the Fairfield Funds, or an entity (such as a foundation) representing the interests of such (indirect) investors.  It is a fact that there exists no direct contractual relationship between such investors and Citco.  This is acknowledged by the investors in the legal proceedings in the Netherlands against Citco.

35.     Because no direct contractual relationship exists, an investor cannot satisfy the legal relationship requirement based on the existence of a contract.  This means that there is no basis in which an investor may obtain Mr. Boonstra's documents during the period 2000 – 2002 because the legal relationship requirement could only be met by proof of a direct contractual relationship.

36.     In addition, for the period after 1 January 2002, plaintiffs would be unable to satisfy the legal relationship requirement based on tort.  Under Dutch law, Citco and the investors have a remote link, if any at all.  Therefore, there are good grounds to argue in Dutch proceedings that Citco had no duty and could not take into account the interests of investors in the Fairfield Funds.

37.     In Dutch proceedings, the request for disclosure of Mr. Boonstra's documents is likely to be denied on the grounds that, given the absence of a relevant legal relationship, there is no legitimate interest of the investors to review the requested documents.  In sum, plaintiffs' request of Mr. Boonstra's documents would be considered a 'fishing expedition' under Dutch law, which is not allowed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 3 October 2013
Amsterdam, the Netherlands                   _____
                                                                          MICHEL DECKERS

11