UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ANWAR, *et al.*,

                      Plaintiffs,

-vs.-                                             No. 09 CV 118 (VM)(FM)

FAIRFIELD GREENWICH LIMITED, *et al.*,

                      Defendants.

### DEFENDANTS' MEMORANDUM OF LAW REGARDING THE STANDARD OF REVIEW OF AGENCY COMPLIANCE WITH FEDERAL SUBPOENAS

        Defendants PricewaterhouseCoopers Accountants N.V., PricewaterhouseCoopers LLP, and The Citco Group Limited and related entities (collectively, "Defendants") submit this response to the Memorandum of Law of the Securities and Exchange Commission Regarding the Standard of Review for Motions to Compel Agency Compliance with Federal Subpoenas. (ECF No. 1196, Sept. 30, 2013 ("SEC Mem.").) Defendants respectfully submit that it is the Federal Rules of Civil Procedure that govern motions to compel compliance with third-party subpoenas in this Court, whether those subpoenas are addressed to a government agency or private person. The argument of the Securities and Exchange Commission ("SEC" or the "Commission") rests on the premise that the instant discovery dispute is "an action under the APA." (SEC Mem. at 4.) It is not. Rather, this discovery dispute arises under the Federal Rules of Civil Procedure, and should be governed by precedent relevant to those rules. While the SEC asks for substantial deference to its opinion that the testimony Defendants seek is not relevant to this action, assessment of the relevance of potential evidence is a matter to be determined by this Court. Unlike, for example, interpreting the rules it promulgates with respect to the federal securities

laws, the relevance of potential evidence in a federal action in which it is a non-party is not a matter as to which the SEC has any special knowledge or experience.

Moreover, whether under the Federal Rules or the Administrative Procedure Act ("APA"), the SEC must show that it was justified in not complying with the subpoenas, which seek the testimony of witnesses involved in conducting the SEC's examinations or investigations of Madoff and Bernard L. Madoff Investment Securities ("BLMIS").  *See*, *e.g.*, *Alexander v. Fed. Bureau of Investigation*, 192 F.R.D. 42, 46 (D.D.C. 2000) (burden lies on the party resisting discovery to show that the documents requested are either unduly burdensome or privileged); *Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 52 (S.D.N.Y. 1994) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence.").  The SEC has not made this showing, and the subpoenas should be enforced to allow the Defendants to depose the witnesses – now numbering only two – whose testimony is relevant to this action.

## ARGUMENT

I. UNDER THE FEDERAL RULES OF CIVIL PROCEDURE, THE SUBPOENAS SHOULD BE ENFORCED.

The SEC argues that the standard of review under APA Section 706 governs this Court's assessment of a motion to compel the SEC's compliance with Defendants' subpoenas. The SEC primarily relies on the Second Circuit's determination that a federal court's review of a motion to compel agency compliance with a subpoena is not inconsistent with principles of sovereign immunity.  The Second Circuit, however, has declined to hold that Section 706 provides the applicable standard of review in circumstances such as these.  *U.S. EPA v. Gen. Elec. Co.*, 212 F.3d 689, 690 (2d Cir. 2000) ("*EPA II*").  The SEC argues that "a straightforward reading of the APA indicates that Section 706 would apply in all APA actions" and that by "its

terms, [Section 706] provides the standards for all APA review." (SEC Mem. at 3.) But the Second Circuit has not adopted this reasoning, and instead has noted that the "fact that Section 702 of the APA provides the applicable waiver of sovereign immunity in the action … does not necessarily mean … that the APA, 5 U.S.C. § 706(2)(A), furnishes the standard of review." *EPA II*, 212 F.3d at 689-90; *see also Linder v. Calero-Portocarrero*, 251 F.3d 178, 181 (D.C. Cir. 2001) ("Nothing in the language of § 702 indicates that it applies only to actions brought under § 706, and our decisions have never so held."); *Watts v. SEC*, 482 F.3d 501, 506 (D.C. Cir. 2007) ("a challenge to an agency's refusal to comply with a Rule 45 subpoena should proceed and not be treated as an APA action but as a Rule 45 motion to compel (or an agency's Rule 45 motion to quash)").[1]

Assessing the relevance of potential evidence is a matter entrusted to the federal courts. *United States v. Reynolds*, 345 U.S. 1, 9-10 (1953) (the judiciary, not executive agencies, have authority over evidentiary issues in federal cases); *Watts*, 482 F.3d at 507 (noting that it is the "traditional role of district courts" to resolve discovery disputes). Here, the federal rules provide sufficient tools to protect "both the litigant's right to receive evidence and the government's interest in protecting both its processes and its resources." *In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 1790189, at *3 (E.D. Mich. May 10, 2011).

Consistent with these principles, other district courts in this Circuit have recently "held that an agency's denial of a *Touhy* request, as with any objection to a third party subpoena,

---

1. The SEC contends that Watts and other cases that have not used the Section 706 standard in actions concerning third-party subpoenas to the government are "not relevant here because those courts have not treated the actions as APA actions." (SEC Mem. at 5.) Those courts, however, have distinguished between APA actions, brought under Section 706, and "agency actions" subject to the waiver of sovereign immunity in Section 702. *See Watts*, 482 F.3d at 506 ("[A]n agency's response to a judicial subpoena (even one obtained by private civil litigants in aid of discovery) neither finally disposes of the subpoena, nor even disposes of the agency's responsibilities regarding it – because the subpoena issues under the authority of the district court, not the agency"). Neither *COMSAT Corp. v. NSF*, 190 F.3d 269 (4th Cir. 1999) nor *Moore v. Armour Pharmaceuticals Co.*, 927 F.2d 1194 (11th Cir. 1991) were brought under APA Section 706.

is properly analyzed under Federal Rules of Civil Procedure 26 and 45." *Solomon v. Nassau Cnty*, 274 F.R.D. 455, 458 (E.D.N.Y. 2011) (citing, *inter alia*, *Watts*, 482 F.3d 501 and *In re PE Corp. Sec. Litig.*, No 00-CV-705, 2005 WL 806719, at *6-7 (D. Conn. Apr. 8, 2005)).  This derives from the fact that the agency determinations at issue here are based on 5 U.S.C. § 301, which itself provides no substantive basis for the agency to withhold any information.  5 U.S.C. § 301 ("This section does not authorize withholding information from the public or limiting the availability of records to the public."); *Chrysler Corp. v. Brown*, 441 U.S. 281, 310 (1978) (acknowledging that Section 301 does not provide "substantive rules" regulating disclosure of government information); *see also Packaged Ice*, 2011 WL 1790189, at * 3 (noting that to the extent *Touhy* regulations "would operate as a global override to the proper application of the Federal Rules of Civil Procedure, they would exceed the congressional delegation of authority" to promulgate internal "housekeeping rules").  The effect of Section 301 cannot be expanded by virtue of application of APA Section 706.  *See id.* (noting that Section 301 "cannot bar a judicial determination of the question of privilege or a demand for the production of evidence found not privileged") (internal citation omitted); *see also In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir. 1995) (noting that Section 301 "does not provide 'substantive' rules regulating disclosure of government information").  At least one district court in this Circuit has declined to apply the APA standard to a motion to compel the deposition of a government witness, and held that a court "need only balance the [moving party's] right to obtain relevant evidence pursuant to the applicable federal discovery rules against the government's concerns regarding the potential disruption of [the deponent's] official duties." *PE Corp.*, 2005 WL 806719, at *7 (compelling, under Rules 26 and 45, deposition of Department of Health and Human Services employee).

The D.C. Circuit in *Watts* explained that an "agency's *Touhy* regulations do not relieve district courts of the responsibility to analyze privilege or undue burden assertions under Rule 45." *Watts*, 482 F.3d at 508-09 (citing 5 U.S.C. § 301)).[2] The SEC's Initial Decision focused on the fact that in the SEC's opinion, the testimony that Defendants seek is not relevant in this matter, and the SEC's Order Denying Petition for Review similarly found, first and foremost, that the Defendant's had "not countered the Office's conclusion that the testimony they seek is at most minimally relevant." (Letter from Carl W. Mills to Hon. Frank Maas (Aug. 19, 2013) Ex. A at Ex. 6, 1-7; Ex. B at 2 ("Aug. 19 Letter").)  The SEC has not argued that any privilege, including the deliberative process privilege, shields the testimony entirely.  Rather, the SEC argues that its opinion regarding the relevance of the testimony Defendants seek is entitled to substantial deference.  The SEC's determination not to comply with a third-party subpoena, however, is "simply an agency's ordinary litigation decision," and is not entitled to any special deference.  *Watts*, 482 F.3d at 503.

As the SEC has recognized, the D.C. Circuit in *Watts* "explained the relevant considerations in evaluating whether a subpoena imposes an undue burden, particularly with respect to subpoenas to government agencies or employees." (Aug. 19 Letter Ex. A. at Ex. 6.) The *Watts* factors, drawn from the Federal Rules of Civil Procedure, include:

> whether the discovery is unreasonably cumulative or duplicative; whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

---

2. *See* 9 James W. Moore et al., Moore's Federal Practice - Civil § 45.05(1)(b) (3d ed. 2013) ("[T]hough an agency regulation may provide the method by which an agency head will comply with or oppose a subpoena, the legal basis for any opposition to the subpoena must derive from an independent source of law such as a governmental privilege or the rules of evidence or procedure.").

*Watts*, 482 F.3d at 509 (quoting Fed. R. Civ. P. 26(b)) (internal quotation marks omitted).

For the reasons set forth in the Defendants' written submissions and during the September 16 conference, these factors mitigate in favor of enforcement of the subpoenas to allow the two depositions to proceed. As Defendants explained in their August 19 Letter, the testimony is critical to Defendants' ability to present their defenses, including whether Plaintiffs can prove that that the Defendants should have reasonably foreseen that the Fairfield defendants would fail to perform the expected due diligence and monitoring of the Funds' investments held by BLMIS, or that the broker-dealer regulatory regime, of which the SEC was a fundamental component, would exhibit an unprecedented breakdown and fail to uncover Madoff's fraud. The testimony is also undeniably relevant to the Plaintiffs' claims, as demonstrated by the Plaintiffs' inclusion of SEC witnesses in their initial disclosures and the Plaintiffs' experts' references to the SEC's investigations of BLMIS. The proposed witnesses had unique access to BLMIS's offices and operations, and their firsthand knowledge regarding the SEC's examinations is entirely relevant to the claims and defenses in this action. *See In re U.S. Bioscience Sec. Litig.*, 150 F.R.D. 80 (E.D. Pa. 1993) (requiring FDA employees with firsthand factual knowledge to testify); *Ceroni v. 4Front Engineered Solutions, Inc.*, 793 F. Supp. 2d 1268 (D. Colo. 2011) (requiring U.S. Postal Service to comply with subpoenas where information sought was relevant and discoverable).

There is no potential "cumulative impact" of granting requests for depositions of SEC employees who have firsthand knowledge regarding the largest known Ponzi-scheme in history, and had face-to-face contact with its orchestrator. *See Exxon*, 34 F.3d at 780 (quoting *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194 (11th Cir.1991)). Nor is there reason to think that the SEC's employees will be "commandeered into service by private litigants" as a

result of the SEC complying with the subpoenas in this case. *See Exxon*, 34 F.3d at 779.  The SEC witnesses' direct contact with Fairfield as part of its investigations differentiates this case from the vast majority of other Madoff-related litigations, in which none of the defendants played any direct role in the SEC's examinations and investigations of Madoff and BLMIS.  Numerous individuals from Fairfield had direct contact with the SEC, and the SEC sought Fairfield-related documents and other information, including sworn testimony of Fairfield executives.  *See*, *e.g.*, OIG Report[3] Exs.239 (SEC sought Fairfield-related information from Barclays); 312 (SEC staff interviewed Fairfield employee Amit Vijayvergiya); 302 (SEC sent document requests to Fairfield); 308 (Fairfield produced documents to the SEC); 318 (the SEC's document requests to Madoff sought Fairfield-related information); OIG Report at 293 (SEC took the sworn testimony of Fairfield founder Jeffrey Tucker).  This is exactly the type of "non-expert, non-privileged, factual testimony by present or former staff members" that the SEC's *Touhy* regulations allow the Commission's general counsel to approve.  *See* 17 C.F.R. 200.30-14(f).

Furthermore, as Defendants previously argued in their August 19 Letter and Exhibit A to that letter, the testimony of the two witnesses that the Defendants seek will not unduly burden the SEC, while it will significantly aid in the full and fair resolution of *Anwar*.  The requested depositions are narrow in scope – indeed the Defendants have already provided the SEC with the deposition topics – and are only directed at a fraction of the total number of SEC employees who were involved in the SEC's examinations and investigations.  That agency attorneys will have to prepare the witnesses in itself does not constitute an undue burden.

---

3. The "OIG Report" refers to the public version of the SEC Office of Inspector General report "Investigation of Failure of the SEC to Uncover Bernard Madoff's Ponzi Scheme."  Report No. OIG-509.

Finally, even if Section 706 were to provide the applicable standard of review as the SEC contends, it was not "in accordance with the law" for the SEC to determine that the information sought from the proposed deponents is irrelevant to the claims and defenses in this action. This Court, and not the SEC, is authorized and best-suited to make that determination.

## CONCLUSION

For the reasons set forth above, during the September 16 conference and in Defendants' August 19, 2013 Letter to the Court, under the Federal Rules of Civil Procedure and related precedent, the subpoenas should be enforced to allow the depositions of the two SEC witnesses to proceed.

Dated: New York, New York
October 7, 2013

Respectfully submitted,

/s/ William R. Maguire
HUGHES HUBBARD & REED LLP
William R. Maguire
Sarah L. Cave
Karen L. Goldberg
One Battery Park Plaza
New York, NY 10004
(212) 837·6000
maguire@hugheshubbard.com
cave@hugbeshubbard.com

*Attorneys for PricewaterhouseCoopers Accountants N. V. (PwC Netherlands)*

/s/ Andrew Gordon
Andrew Gordon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212)373-3260

*Attorneys for Defendants The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Bank Nederland N.V. Dublin Branch, and Citco Fund Services (Bermuda) Ltd.*

/s/ Timothy A. Duffy
Timothy A. Duffy, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Email: tim.duffy@kirkland.com

*Attorneys for Defendant PricewaterhouseCoopers LLP (PwC Canada)*