UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FAIRFIELD GREENWICH LIMITED, et al.,<br><br>    Defendants.<br><br>This Document Relates To: All Actions | Master File No. 09-CV-0118 (VM) |

**THE CITCO DEFENDANTS' JOINDER IN THE LIMITED OBJECTION OF PWC CANADA AND PWC NETHERLANDS TO PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE GLOBEOP SETTLEMENT**

Defendants, Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Bank Nederland N.V. Dublin Branch, Citco Global Custody N.V., Citco Fund Services (Bermuda) Limited, and The Citco Group Limited (collectively, the "Citco Defendants"), hereby join in PricewaterhouseCoopers LLP ("PwC Canada") and PricewaterhouseCoopers Accountants N.V.'s ("PwC Netherlands") (together, the "PwC Defendants") Limited Objection to Plaintiffs' Motion for Final Approval of the GlobeOp Settlement ("the PwC Defendants' Objection") (Dkt. #1208).

For the reasons set forth in the PwC Defendants' Objection, the Citco Defendants object to Paragraph 15 of the Preliminary Approval Order (Dkt. #1189), to the extent that this provision is to be included in the Court's Final Approval Order.

The Citco Defendants, like the PwC Defendants, made this same objection to the prior partial settlement involving the Fairfield Greenwich Group ("FGG") Defendants, which contained the same problematic provision. (FGG Preliminary Approval Order, Dkt. #1008 at

1

¶ 17.)[1]  For the same reasons set forth in the PwC Defendants' Objection, it is inequitable to permit investors to reap the benefits of a settlement by one set of defendants in this action without submitting to the jurisdiction of this Court and being bound by all aspects of this litigation.  Paragraph 15 of the Preliminary Approval Order, to the extent it is incorporated into any final order, would unfairly preclude that argument in this Court.

The Citco Defendants further object to the Preliminary Approval Order's unusual jurisdictional provision because the funds GlobeOp Financial Services LLC ("GlobeOp") provided services to, Greenwich Sentry Partners L.P. and Greenwich Sentry L.P., were domestic funds.  Therefore, the vast majority of investors are United States residents.  Some of Settlement Class Members who submit a Request for Exclusion and take advantage of Paragraph 15 of the Preliminary Approval Order are already in New York and subject to this Court's jurisdiction.  These investors should not be able to take advantage of this provision to argue that they are not subject to this Court's jurisdiction.  In addition, it would undermine the purpose of the class action device to allow any of the Settlement Class Members located throughout the United States to accept the benefits from the United States court system, without submitting to the jurisdiction of this Court.

The Citco Defendants, like the PwC Defendants, expressly incorporate their prior objection to the FGG settlement, and the filings and arguments made in connection therewith

---

[1] Both the PwC and Citco Defendants also previously objected to the inclusion of Paragraph 21 of the FGG Preliminary Approval Order (Dkt. #1008 at ¶ 21), which improperly allowed members of the Settlement Class to participate in the Proposed Settlement confidentially and under seal without disclosure to any other party in this litigation.  Subsequently, this Court approved an agreement between all parties to allow production of proofs of claim and supporting documents, and documents sufficient to identify the opt-outs from the settlement, so long as these were treated confidentially as per the terms of the agreed-upon Confidentiality Order. (Dkt. #1153.)  The Citco Defendants object to Paragraph 19 of the GlobeOp Preliminary Approval Order for the same reasons as given previously regarding the FGG Preliminary Approval Order's Paragraph 21.  The Citco Defendants note, however, that their objections can be solved by following the same type of proofs of claim production procedure used for the FGG settlement.

before this Court and the Court of Appeals.  Similarly, the Citco Defendants also request that the Court defer final approval of the GlobeOp settlement until the Court of Appeals decides the PwC and Citco Defendants' pending appeal of this issue in connection with the FGG settlement.  As noted by the PwC Defendants, if the Court does grant final approval to the GlobeOp settlement, the Citco Defendants request that it do so mindful that the pending appeal may necessitate a modification to the terms of the final order as it relates to the Court's jurisdiction over settlement class members who participate in the settlement process.

Accordingly, and for the additional reasons set out in the PwC Defendants' Objection, the Citco Defendants respectfully submit that any Order issued by the Court approving the proposed settlement should not contain the language proposed in Paragraph 15 of the Preliminary Approval Order.

Dated:  October 21, 2013

New York, New York

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

/s/ Andrew G. Gordon
Brad S. Karp
Allan J. Arffa
Leslie Gordon Fagen
Andrew G. Gordon
Patrick J. Somers
1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3543
Fax: (212) 492-0543
agordon@paulweiss.com