# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

November 19, 2013



**BY HAND**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> *Re:*   ***Anwar, et al. v. Fairfield Greenwich Limited, et al.***
>            Master File No. 09-CV-00118 (VM) (FM)

Dear Judge Marrero:

We are writing on behalf of the *Anwar* Plaintiffs. We have reviewed the November 12, 2013 letter ("Letter") from Sharon L. Nelles, Esq., on behalf of the Standard Chartered Bank Defendants ("SCB"), requesting a pre-motion conference to discuss SCB's contemplated motion to dismiss under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and Rule 12(c) in light of *In re Herald, Primeo, & Thema Sec. Litig.*, 730 F.3d 112 (2d Cir. 2013). This Court, in *Anwar v. Fairfield Greenwich*, 728 F.Supp.2d 372, 397-99 (S.D.N.Y. 2010) ("*Anwar II*"), properly overruled Defendants' SLUSA arguments, and SCB offers no basis to reconsider that decision. Because SCB's contemplated motion could potentially impact the *Anwar* Plaintiffs' claims, however, we respectfully request that the Court consider our position on these matters.

*First*, any motion based on *In re Herald* is premature. A petition for panel rehearing and rehearing *en banc* is pending in *Herald*. On October 16, 2013, the Court of Appeals determined "to postpone the decision on the pending petition for panel rehearing until the United States Supreme Court decides *Chadbourne & Parke LLC v. Troice*, [Nos. 12-79; 12-86; 12-88], which was argued on Monday, October 7, 2013." *See* Exhibit 1 attached hereto. *Troice* involves the Supreme Court's review of the Fifth Circuit's decision that SLUSA does not preclude class claims brought against certain service providers to the Ponzi scheme operated by Allen Stanford. *See Roland v. Green*, 675 F.3d 503 (5th Cir. 2012) (the decision on appeal in *Troice*). It is fully understandable that the Second Circuit has decided to hold the petition for rehearing in *Herald* until the Supreme Court decides *Troice,* and the same logic calls for denying reconsideration now of this Court's SLUSA rulings. Moreover, also *sub judice* in the Court of on Appeals is *In re Kingate*, No. 11-1397, which was argued April 9, 2013, four days after *Herald*. The *Kingate* appeal involves the application of SLUSA to claims against Madoff feeder fund managers and service providers. Under these circumstances, reconsideration of SLUSA's application to this case is unwarranted at this time.

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
November 19, 2013
Page 2

     *Second*, *In re Herald*, which applied SLUSA to affirm dismissal of state law aiding and abetting and conspiracy claims brought by investors in Madoff feeder funds against JPMorgan Chase and Bank of New York (the "Banks"), is clearly distinguishable and provides no basis for the Court to reconsider its well-reasoned decision in *Anwar II.*

     The Banks in *Herald* provided services solely and directly to Madoff; they provided no services whatever to the separate feeder funds or to the funds' investors.  As the Second Circuit found, "the liability of JPMorgan and BNY is predicated not on these banks' relationship with plaintiffs or their investments in the feeder funds but on the banks' relationship with . . . Madoff Securities' Ponzi scheme."  *In re Herald*, 730 F.3d at 118-19.  Conversely in *Anwar*, the Defendants were *not* service providers to Madoff and Plaintiffs' fraud and misrepresentation claims *are* based on Defendants' misstatements to Plaintiffs with whom they had direct relationships.  The Court of Appeals in *Herald* simply had no need to consider or address decisions – including *Anwar II* and *Pension Committee v. Banc of Am. Securities*, 750 F.Supp.2d 450 (S.D.N.Y. 2010) – which address SLUSA's inapplicability to claims against managers and service providers to offshore hedge funds.[1]

     Indeed, the Banks in *Herald* had no relationship whatever to feeder fund investors, such as the *Anwar* plaintiffs.  Unlike the Defendants in *Anwar*, the Banks did not make any statements directly to the plaintiffs regarding their investments in the feeder funds.  Thus, there was no basis in *Herald* to consider this Court's analysis of "layers of separation" between the *Anwar* Plaintiffs' investments in non-SLUSA-covered hedge funds and Madoff's purported transactions in covered securities.  Moreover, another Second Circuit decision reinforces the reasoning underlying this Court's "layers of separation" analysis.  The decision *In re Bernard L. Madoff Inv. Securities LLC*, 708 F.3d 422 (2d Cir. 2013), affirmed the bankruptcy court's holding that feeder funds investors, like the *Anwar* Plaintiffs, have no right to receive distributions from the SIPC liquidation of Bernard L. Madoff Investment Securities because these investors were not direct "customers" of Madoff.  In reaching this conclusion, the Second Circuit reasoned in part that feeder fund investors "(1) had no direct financial relationship with BLMIS, (2) had no property interest in the assets that the Feeder Funds invested with BLMIS, (3) had no securities accounts with BLMIS, (4) lacked control over the Feeder Funds' investments with BLMIS, and (5) were not identified or otherwise reflected in BLMIS's books and records."  *Id.* at 426-27.

---

[1] The SLUSA analysis in *Anwar II* and *Pension Committee* has been followed by a number of courts, *see Grund v. Delaware Charter Guarantee & Trust Co.*, 788 F.Supp.2d 226, 243 (S.D.N.Y. 2011); *In re Refco Sec. Litig.*, 2011 WL 4035819, at *8-9 (S.D.N.Y. Sept. 6, 2011), and was briefed in the *Herald* and in *Kingate* appeals.  Given the critical factual distinctions between these cases and *Herald,* there is no basis to conclude, as SCB suggests, that the *Herald* decision meant to overrule these multiple district court holdings *sub silentio* with no discussion at all.

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
November 19, 2013
Page 3


*Third*, as this Court held, even if SLUSA were applicable to the facts of *Anwar*, "only the fraud and negligent misrepresentation common law causes of action would be dismissed." *Anwar II*, 728 F.Supp.2d at 399 n.7.  This is a further reason why the Court should not allow SCB's contemplated motion at this time, since it would result in piecemeal litigation of SLUSA issues before further appellate decisions are rendered.

The *Anwar* Plaintiffs oppose SCB's contemplated motion and respectfully request that the Court allow the *Anwar* Plaintiffs to participate in any pre-motion conference or further briefing on the issue of SLUSA that may occur in the Standard Chartered cases.

Respectfully yours,

David A. Barrett


cc:     All counsel in *Anwar* (by email)
        Sharon L. Nelles, Esq. (by email)
        Richard E. Brodsky, Esq. (by email)


The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *the Anwar Plaintiffs*.

**SO ORDERED.**

11-20-13
DATE

VICTOR MARRERO, U.S.D.J.

# EXHIBIT 1

# UNITED STATES COURT OF APPEALS
### THURGOOD MARSHALL UNITED STATES COURTHOUSE
### 40 FOLEY SQUARE
### NEW YORK, NY 10007

CATHERINE O'HAGAN WOLFE
CLERK OF COURT

(212) 857-8585
FAX (212) 857-8710

October 16, 2013

Francis A. Bottini, Jr., Esq.
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037

Timothy Joseph Burke, Esq.
Stull, Stull & Brody
9430 Olympic Boulevard, Suite 400
Beverly Hills, CA 90212

Re: *In Re: Herald, Primeo and Them,* Docket Nos. 12-156, 12-162

Dear Counsel,

This letter is to advise you that the panel has determined to postpone the decision on the pending petition for panel rehearing until the United States Supreme Court decides Chadbourne & Parke LLP v. Troice, No. 12-179, which was argued on Monday, October 7, 2013.

If either counsel is of the view that this postponement causes undue harm to his or her client, please advise me by letter. Also, I am available to answer any questions you may have.

Very truly yours,

Catherine O'Hagan Wolfe

cc: Susan L. Saltzstein, Esq.
    Michael Edward Wiles, Esq.
    Thomas J. Moloney, Esq.
    Patricia M. Hynes, Esq.
    Thomas G. Rafferty, Esq.
    James C. Dugan, Esq.
    Price O. Gielen, Esq.
    Franklin B. Velie, Esq.
    Brett S. Moore, Esq.
    Joseph Serino, Jr., Esq.
    Jeff G. Hammell, Esq.
    Lewis J. Liman, Esq.
    Sanford M. Litvack, Esq.
    Michael S. Flynn, Esq.
    Fraser L. Hunter, Jr., Esq. .
    William R. Maguire, Esq.
    Richard A. Martin, Esq.
    Claudius O. Sokenu, Esq.