# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Timothy A. Duffy, P.C.
To Call Writer Directly:
(312) 862-2445
tim.duffy@kirkland.com

Facsimile:
(312) 862-2200

November 20, 2013

**VIA HAND DELIVERY**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
Master File No. 09-CV-00118 (VM) (THK)

Dear Judge Marrero:

    I write on behalf of my client, PricewaterhouseCoopers LLP ("PwC Canada"), and its co-defendants PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands"), Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Bank Nederland N.V. Dublin Branch, Citco Global Custody N.V., Citco Fund Services (Bermuda) Limited, The Citco Group Limited (collectively, the "Citco Defendants"), in response to the various letters that have been submitted to Your Honor on the issue of whether SLUSA preempts the claims in the *Standard Chartered* case and/or *Anwar*.

    The PwC and Citco Defendants agree that the Second Circuit's recent decision in *In re Herald, Primeo & Thema Sec. Litig.*, 730 F.3d 112 (2d Cir. 2013), mandates dismissal of the common-law claims pending against them in *Anwar*. In its decision, the Second Circuit held that claims by investors in funds that invested with Madoff's firm, Bernard L. Madoff Investment Securities, Inc. ("BLMIS"), against banks that handled those funds were barred by SLUSA:

> The complaints, fairly read, charge that JPMorgan and BNY knew of the fraud, failed to disclose the fraud, and helped the fraud succeed—in essence, that JPMorgan and BNY were complicit in Madoff's fraud. These allegations are more than sufficient to satisfy SLUSA's requirement that the complaint allege a "misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security."[7]

[7] Similarly, the fact that plaintiffs allege claims sounding in negligence, breach of fiduciary duty, and the like does not preclude preclusion under SLUSA where, as here, it is obvious that the banks' liability, under any claim, is premised on their

Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

## KIRKLAND & ELLIS LLP

November 20, 2013
Page 2

participation in, knowledge of, or, at a minimum, cognizable disregard of Madoff Securities' securities fraud.

*In re Herald*, 730 F.3d at 119 & n.7. The common-law claims pending in *Anwar* against the PwC and Citco Defendants are likewise premised on their alleged "participation in, knowledge of, or, at a minimum, cognizable disregard" of the BLMIS fraud.

Indeed, the only difference between the two cases is that the bank defendants in *In re Herald* rendered services to BLMIS, not to the funds, whereas the PwC and Citco Defendants rendered services to the funds, not to BLMIS. But this is a distinction without a difference. Both the banks in *In re Herald* and the PwC and Citco Defendants in *Anwar* are alleged to have made misrepresentations or omissions regarding the assets stolen by BLMIS that caused the plaintiffs injury. That the PwC and Citco defendants are alleged to have made these misrepresentations or omissions directly to the *Anwar* plaintiffs, as opposed to indirectly through others, speaks only to the mechanism of causation, not the nature of the alleged conduct or injury – which is the same in both cases, and which the Second Circuit has now confirmed falls within the ambit of SLUSA.

Nevertheless, the PwC and Citco Defendants appreciate, as others have pointed out, that both the Second Circuit and the Supreme Court have additional cases pending that are likely to address this issue further and provide additional guidance to the Court; in particular, the *Kingate* case, the Second Circuit will address circumstances that are indistinguishable from those present here. The PwC and Citco Defendants therefore respectfully submit that consideration of this issue might best be deferred pending those anticipated decisions. If, however, the Court is inclined to address the issue now, the PwC and Citco Defendants respectfully request to participate in any further briefing the Court may require and any conference that may be held.

Respectfully,

*/s/ Timothy A. Duffy*

Timothy A. Duffy, P.C.

cc: Counsel of Record (via e/mail)

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the PwC and Citco defendants.

**SO ORDERED.**

11-21-13
DATE    VICTOR MARRERO, U.S.D.J.