

Hughes
Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

August 19, 2013

BY HAND

The Honorable Frank Maas
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: *Anwar v. Fairfield Greenwich Limited*,
> Master File No. 09-CV -00118 (VM) (FM)

Dear Judge Maas:

We write on behalf of defendants PricewaterhouseCoopers Accountants N.V., PricewaterhouseCoopers LLP, and The Citco Group Limited and related entities (collectively, "Defendants") pursuant to your Honor's Individual Practice Rule 1.A. and Local Civil Rule 37.2 to request an informal conference to address the Security and Exchange Commission's (the "Commission" or "SEC") refusal to comply with Rule 45 subpoenas issued in this action and served on current and former SEC employees (the "Witnesses").

**Procedural History**

On February 27, 2013, Defendants served subpoenas requesting the deposition testimony of nine current and former SEC employees who participated in the SEC's examinations and investigations into Madoff and BLMIS. Defendants and the SEC then engaged in a series of correspondence and calls, during which the SEC requested additional details regarding the information sought from the Witnesses, and Defendants provided information regarding the scope and purpose of the requested testimony. Among other things, Defendants informed the SEC that the Witnesses have direct knowledge of communications between Madoff, Fairfield individuals, and the SEC, and that the Witnesses' testimony regarding that knowledge is important to understanding the nature and extent of Madoff's deception, and Fairfield's involvement therein. Fairfield's conduct is critically important to defending against Plaintiffs' claims and assessing comparative fault. Additionally, Defendants stated that the Witnesses' personal knowledge is a source of evidence relevant to evaluating Plaintiffs' allegations regarding the potential effectiveness of any additional diligence that Plaintiffs allege Defendants should have performed.

Additionally, the parties discussed a number of alternative arrangements, and Defendants offered to limit the number of depositions to four in order to lessen any perceived

burden on the SEC. Following these discussions, on June 7, 2013, SEC Associate General Counsel Richard M. Humes sent Defendants a decision refusing to authorize any of the requested depositions on the grounds that preparing for such depositions was unduly burdensome (the "June 7 Decision," attached as Exhibit 7 to Exhibit A). On June 14, Defendants timely submitted a Notice of Intent to Petition for Review of the Decision in accordance with SEC regulations. (Exhibit 7 to Exhibit A.) On June 21, 2013, Defendants filed their Petition for Review (the "Petition," attached as Exhibit A), which the SEC denied on August 5, 2013 (the "Aug. 5 Decision", attached as Exhibit B, together with the June 7 Decision, the "Decisions").

### The Testimony is Relevant

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This Court, not the SEC, is the tribunal best suited to make determinations regarding whether the requested testimony is relevant. Indeed, this Court has already made determinations in this action regarding document and witness challenges, and is familiar with the various claims and defenses of the parties. The SEC should therefore not preempt the authority of this Court to establish the parameters of discovery in this case.

The proposed testimony is critical to Defendants' ability to present their defenses. Under New York law, "a negligent tortfeasor is liable for any reasonably foreseeable risk that is proximately caused by its action." *Kosymnka v. Polaris Indus., Inc.;* 462 F.3d 74, 79 (2d Cir. 2006). Among the critical issues in this case is whether Plaintiffs can prove that the Defendants should have reasonably foreseen that the Fairfield defendants would fail to perform the expected due diligence and monitoring of the Funds' investments held by BLMIS, or that the broker-dealer regulatory regime, of which the SEC was a fundamental component, would exhibit the unprecedented breakdown and failure to uncover the Madoff fraud that is recounted in detail in the SEC's Office of Inspector General's Report entitled "Investigation of the Failure of the SEC to Uncover Bernard Madoff's Ponzi Scheme." Two of the Witnesses spent more than two and a half months at BLMIS's offices, interacting with Madoff on a near-daily basis, and inquiring regarding many of the so-called "red flags" that the *Anwar* Plaintiffs allege should have alerted the Defendants that something was amiss at BLMIS. All of the Witnesses had some interactions with Madoff, BLMIS employees, and/or FGG.

Defendants' Petition stressed the Witnesses' central roles, noting that "Madoff's ability to conceal the fraud from even the most determined investigators and examiners is highly relevant to whether the Defendants could or should have uncovered Madoff's scheme." (Petition at 10.) Defendants further noted that the Witnesses' testimony "is important to understanding the nature and extent of Madoff's deception and Fairfield's involvement therein. Fairfield's conduct is critically important to the Defendants in defending against Plaintiffs' claims and assessing comparative fault." (Petition at 5.) The Witnesses' firsthand knowledge regarding the SEC's examinations and investigations is entirely relevant to Defendants in defending against Plaintiffs' claims, and the Witnesses should be required to testify. *See In re Us. Bioscience Sec. Litig.,* 150 F.R.D. 80 (E.D. Pa. 1993) (requiring FDA employees with firsthand factual knowledge to testify).

**The Depositions Will Not Impose An Undue Burden On The SEC**

Under Federal Rules of Civil Procedure 26 and 45, district courts consider whether discovery requests would impose an undue burden on the recipient, and further consider a number of factors relevant to the question of undue burden, including: whether the discovery is "unreasonably cumulative or duplicative"; whether the discovery sought is "obtainable from some other source that is more convenient, less burdensome, or less expensive"; and whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. (June 7 Decision at 2-3 (quoting *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007)).

While the testimony the Defendants seek will not unduly burden the SEC, it will significantly aid in the full and fair resolution of *Anwar*. The Decisions overstate the burden on the SEC of allowing the depositions. Defendants' Petition noted that the requested depositions are narrow in scope. In correspondence with the SEC, the Defendants listed specific topics about which each witness would be examined. (Exhibit 4 to Exhibit A, Appendix A; Exhibit 5 to Exhibit A, Appendix A.) Such targeted discovery, propounded upon a limited number of deponents, regarding specified areas of examination, is not unduly burdensome. *See Jones v. McMahon*, No. 5:98-CV-0374, 2007 WL 2027910 (N.D.N.Y. July 11, 2007) (permitting nonparty depositions of 19 of 32 specifically identified non-party New York State Troopers).

Contrary to the SEC's objections, the fact that agency attorneys would have to prepare the Witnesses for their deposition does not constitute an undue burden. *See Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991) ("The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden."); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299 (S.D.N.Y. 1982) (incurring some burden or expense is "not a valid objection where the information sought is relevant and material"). Furthermore, only three of the Witnesses are still employed by the SEC. Defendants have expressed willingness to accommodate the Witnesses' schedules so that the depositions are as minimally disruptive as possible, even offering to reduce the number of depositions to minimize any impact on the SEC's resources and avoid taking cumulative or duplicative testimony. Such a compromise is the proper approach to minimizing the potential burden on the agency, rather than refusing to allow any depositions at all. *See Bridgeport Music Inc. v. UMG Recordings, Inc.*, No. 05 Civ. 6430 (VM)(JCF), 2007 WL 4410405 (S.D.N.Y. Dec. 17, 2007) ("discovery should not simply be denied on the ground that the person or entity from whom it is sought is not a party to the action… A better approach is for the court to take steps to relieve a nonparty of the burden of compliance even when such accommodations might not be provided to a party.").

Under the direction of this Court, the parties have successfully taken scores of depositions, including those of third-parties. The protocol that has been established has worked well to ensure that depositions are conducted fairly and efficiently. There is no reason to expect otherwise in this instance.

Respectfully submitted,

Carl W. Mills

cc:    All *Anwar* counsel of record (via e-mail)
       Richard M. Humes, Esq.