UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/13

PASHA ANWAR, *et al.*,

                  Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

                  Defendants.

Master File No. 09-cv-118 (VM) (FM)

## **GLOBEOP FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the GlobeOp Preliminary Approval Order, dated September 10, 2013 (Dkt. No. 1189), on the application of the Representative Plaintiffs for approval of the Settlement set forth in the GlobeOp Stipulation of Settlement dated as of August 27, 2013 (Dkt. No. 1184) (the "GlobeOp Stipulation"). Due and adequate notice having been given to the GlobeOp Settlement Class as required in said GlobeOp Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    This GlobeOp Final Judgment and Order of Dismissal With Prejudice (the "GlobeOp Final Judgment") incorporates by reference the definitions in the GlobeOp Stipulation, and all terms used herein shall have the same meanings as set forth in the GlobeOp Stipulation.

2.    This Court has jurisdiction over the subject matter of the GlobeOp Action and over all parties to the GlobeOp Action, including all GlobeOp Settlement Class Members.

3. The distribution of the GlobeOp Notice and the publication of the GlobeOp Summary Notice, as provided for in the GlobeOp Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all GlobeOp Settlement Class Members who could be identified through reasonable effort. Said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. ¶78u-4(a)(7)), the requirements of due process, and any other applicable law.

4. The Court finds that GlobeOp has provided notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715.

5. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of GlobeOp Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the GlobeOp Settlement Class that predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the GlobeOp Settlement Class they seek to represent; (d) the Representative Plaintiffs fairly and adequately represent the interests of the GlobeOp Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the GlobeOp Action.

6. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies the GlobeOp Action as a class action for purposes of this GlobeOp Settlement only, and certifies as the GlobeOp Settlement Class all Persons who purchased or held interests in Greenwich Sentry, L.P. or Greenwich Sentry Partners L.P. (the "Funds") from October 31, 2003 through September 1, 2006, who were investors in the Funds as of December

177331-3

10, 2008 and suffered a Net Loss of principal on their investment, excluding (i) those Persons who timely and validly requested exclusion from the GlobeOp Settlement Class and who did not validly revoke such request for exclusion; (ii) those Persons who have been dismissed from this Action with prejudice; and (iii) the FG Defendants, GlobeOp, or the Non-Settling Defendants, and any entity in which those Persons have a controlling interest, and their officers, directors, affiliates, employees, legal representatives, and immediate family members, and heirs, successors, subsidiaries and assigns of such Persons. The definition of the GlobeOp Settlement Class, agreed to by the Settling Parties for purposes of settlement only, includes GlobeOp Settlement Class Members in the twenty-five countries (the "Excluded Countries"), if any, that were excluded from the definition of the litigation class that was certified pursuant to the Court's February 25, 2013 Decision and Order (Dkt. No. 1052) (the "Class Certification Order"). Accordingly, GlobeOp Settlement Class Members in the Excluded Countries (if any) can make claims and shall be paid in accordance with the Plan of Allocation for the GlobeOp Settlement.

7. The GlobeOp Settlement Class consists of all investors referenced in Plaintiffs' Second Consolidated Amended Complaint dated September 29, 2009 on whose behalf plausible claims against GlobeOp were asserted.

8. This Final Judgment supersedes the Court's Class Certification Order with respect to GlobeOp, which shall have no further force or effect with respect to GlobeOp.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the GlobeOp Settlement set forth in the GlobeOp Stipulation and finds that said GlobeOp Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Representative Plaintiffs, the GlobeOp Settlement Class and each of the GlobeOp Settlement Class Members. This Court further finds the GlobeOp Settlement set forth

177331-3

in the GlobeOp Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Representative Plaintiffs, GlobeOp Settlement Class Members and GlobeOp. Accordingly, the GlobeOp Settlement embodied in the GlobeOp Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the GlobeOp Stipulation.

10. In accordance with Paragraph 1(d) of the GlobeOp Stipulation, for purposes of this GlobeOp Final Judgment, the term "Claims" shall mean: any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorney's fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist, (including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, fraudulent conveyance, avoidance, violations of the federal securities laws, or otherwise), whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

11. In accordance with Paragraph 1(hh) of the Stipulation, for purposes of this GlobeOp Final Judgment, the term "Released Claims" shall mean: any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in

177331-3

any federal, state or foreign court, tribunal, forum or proceeding by on or behalf of any of the Releasing Parties against any one or more of the Released Parties, whether any such Released Parties were named, served with process, or appeared in the Action, which have arisen, could have arisen, arise now, or hereafter arise out of or relate in any manner to the allegations, facts, events, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, or set forth in, or referred to or otherwise related in any way, directly or indirectly, to the GlobeOp Action.

12.     In accordance with Paragraph 1(ii) of the Stipulation, for purposes of this Final Judgment, the term "Released Parties" shall mean:   GlobeOp, its past, present and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, alleged partners, stockholders, predecessors, successors and employees, and in their capacity as such, each and all of their attorneys, advisors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns, as well as Crystal & Company, Fireman's Fund Insurance Company, and Those Underwriters at Lloyd's London Subscribing to Policy No. B0621PFCC00211.

13.     In accordance with Paragraph 1(jj) of the Stipulation, for purposes of this Final Judgment, the term "Releasing Parties" shall mean: the Representative Plaintiffs, each and every member of the GlobeOp Settlement Class and each of their respective predecessors, successors, assigns, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates.

14.     In accordance with Paragraph 1(oo) of the Stipulation, for purposes of this Final Judgment, the term "Unknown Claims" shall mean: all claims, demands, rights, liabilities, and

177331-3

causes of action of every nature and description which any GlobeOp Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to opt-out or object to this GlobeOp Settlement.

15. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who pursuant to the GlobeOp Notice, timely requested exclusion from the GlobeOp Settlement Class before the October 25, 2013 deadline and who do not validly revoke such requests for exclusion, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to GlobeOp. The parties are to bear their own costs, except as otherwise provided in the GlobeOp Stipulation.

16. The Releasing Parties, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund shall be deemed to have, and by operation of this GlobeOp Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, either directly, representatively, derivatively, or in any other capacity, against

177331-3

any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

17. GlobeOp and the Released Parties, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this GlobeOp Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Representative Plaintiffs, GlobeOp Settlement Class Members and Plaintiffs' Counsel from all Claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the GlobeOp Action (the "GlobeOp Released Claims"), and shall be permanently enjoined from prosecuting the GlobeOp Released Claims against the Representative Plaintiffs, GlobeOp Settlement Class Members and Plaintiffs' Counsel. Nothing contained herein shall, however, bar GlobeOp and the Released Parties from bringing any action or claim to enforce the terms of the GlobeOp Stipulation or this GlobeOp Final Judgment.

18. All Persons, including without limitation the Non-Settling Defendants, shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the GlobeOp Settlement Class or any GlobeOp Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the GlobeOp Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

177331-3

19. The Released Parties shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Non-Settling Defendants seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the GlobeOp Settlement Class or any GlobeOp Settlement Class Member arising out of, relating to or concerning such Released Parties' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

20. Any final verdict or judgment that may be obtained by one or more of the Representative Plaintiffs or one or more of the other GlobeOp Settlement Class Members, whether individually or on behalf of a class, against one or more of the Non-Settling Defendants or other Person barred from seeking contribution pursuant to this GlobeOp Final Judgment (a "Non-Settling Defendant Judgment") shall be reduced, to the extent permitted by applicable law, by the greater of (i) the amount that corresponds to the percentage of responsibility attributed to the Released Parties under the Non-Settling Defendant Judgment; and (ii) the gross monetary consideration provided to such Representative Plaintiff or other GlobeOp Settlement Class Member or Members pursuant to this Stipulation.

21. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members and

177331-3

directs that Plaintiffs' Lead Counsel implement the Plan of Allocation in accordance with the terms of the Stipulation.

22.  Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Representative Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of GlobeOp, the Released Parties, or any of them;  (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by GlobeOp or the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Settling Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Representative Plaintiffs, Named Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and/or (d) is or may be deemed to be or shall construed as or received in evidence as an admission or concession against the Settling Parties, or the Released Parties, or each or any of them, that any of Representative Plaintiffs' or GlobeOp Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable under the SCAC would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the GlobeOp

177331-3

Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

23. The Released Parties may file the Stipulation and/or this Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24. The Court finds that during the course of the GlobeOp Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

25. In the event that the GlobeOp Settlement does not become effective in accordance with the terms of the GlobeOp Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to GlobeOp in accordance with the terms of the GlobeOp Stipulation, then this GlobeOp Final Judgment shall be vacated and rendered null and void to the extent provided by and in accordance with the GlobeOp Stipulation and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

26. The foregoing orders solely regarding ¶¶ 19-20 or the Plan of Allocation (¶ 21), shall in no way disturb or affect this Final Judgment and shall be separate and apart from this Final Judgment.

27. The Preliminary Approval Order is hereby amended to omit Paragraph 15 therein.

28. Except where a GlobeOp Settlement Class Member who submits a Request for Exclusion commences or otherwise prosecutes a Released Claim against a Released Party, all

177331-3

information submitted by a GlobeOp Settlement Class Member in a Request for Exclusion or a Proof of Claim shall be treated as confidential protected information and may not be disclosed by the Claims Administrator, its affiliates or the Setting Parties to any third party absent a further order of this Court upon a showing of necessity, and any such information that is submitted to the Court shall be filed under seal.

29. The Court expressly determines that there is no just reason for delay in entering this Final Judgment and directs the Clerk of the Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b). Notwithstanding the foregoing, pursuant to 28 U.S.C. § 1715(d), this Final Judgment shall not become effective until December 26, 2013.

30. Without affecting the finality of this Final Judgment in any way, exclusive jurisdiction is hereby retained over the Settling Parties, and the GlobeOp Settlement Class Members (subject to ¶ 25) for all matters relating to the GlobeOp Action, including (i) the administration, interpretation, effectuation or enforcement of the GlobeOp Stipulation and this GlobeOp Final Judgment, (ii) disposition of the Settlement Fund; and (iii) any application for attorneys' fees, costs, interest, and reimbursement of expenses in the Action.

DATED: 22 November 2013

_____
The Honorable Victor Marrero
United States District Judge

177331-3

# EXHIBIT 1

List of Persons and Entities Excluded from the Class in PASHA ANWAR, *et al.*, v. FAIRFIELD GREENWICH LIMITED, *et al.* Master File No.: 09-cv-118 (VM) (FM)

The following persons and entities, and only the following persons and entities, are hereby excluded from the GlobeOp Settlement Class and from operation of the GlobeOp Final Judgment and Order of Dismissal with Prejudice:

**NONE**

177331-3