## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-310-712-6600
FACSIMILE: 1-310-712-8800
WWW.SULLCROM.COM

1888 Century Park East
Los Angeles, California 90067-1725

NEW YORK • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

**MEMO ENDORSED**

November 27, 2013

By Facsimile

The Honorable Frank Maas,
    United States Magistrate Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street,
                New York, New York 10007.

    Re:   *Anwar v. Fairfield Greenwich Ltd.*,
          No. 09-CV-118 (S.D.N.Y.) – Standard Chartered Cases

> The Plaintiffs' Steering Committee is requested to respond to this letter by December 6, 2013.
>
> /s/ Maas, USMJ
> 11/27/13

Dear Judge Maas:

    We write on behalf of the Standard Chartered Defendants ("Standard Chartered") in connection with expert discovery in the above-captioned cases.

    Standard Chartered previously served on plaintiffs the expert report of Ezra Zask, a former hedge fund manager and consultant. Mr. Zask's report responded to opinions expressed by plaintiffs' due diligence experts. On Thursday, November 21, 2013, Standard Chartered learned through news reports that Mr. Zask appeared in New York State Supreme Court in Manhattan on November 20, 2013 to plead guilty to one count of possessing a sexual performance of a child, a class E felony under New York law. According to the news reports, Mr. Zask is scheduled to be sentenced in March 2014. Neither Standard Chartered nor its counsel were aware of the pendency of such charges; Mr. Zask did not inform us. In light of these events, Mr. Zask cannot serve as an expert witness in these proceedings. Standard Chartered respectfully requests leave of the Court to modify the scheduling order to allow Standard Chartered to submit a replacement expert report that will not go outside the areas on which Mr. Zask had opined. Standard Chartered has informed a member of the Standard Chartered Plaintiffs' Steering Committee that it would be bringing this matter to the Court's attention, and we understand that plaintiffs need some time to confer and consider the circumstances before submitting any response. One possible path forward that Standard Chartered believes would cause minimal disruption to the current schedule would be to extend the current expert discovery deadline of January 31, 2014 by 28 days, during which time Standard Chartered would submit a replacement expert report by no later than February 14, 2013, and produce that expert for deposition by no later than February 28, 2013. Standard

The Honorable Frank Maas                                                                    -2-
November 27, 2013

Chartered is, of course, willing to meet and confer about other possible timetables for completing expert discovery as soon as practicable.[1]

We understand that plaintiffs and the Court may be concerned about further delays to these proceedings, but this request is necessary to avoid subjecting Standard Chartered to the manifest injustice of proceeding toward trial without expert testimony on subjects that are central to plaintiffs' claims. Plaintiffs' claims in these cases arise from their investments in Fairfield Sentry Ltd. ("Sentry") and related funds (the "Funds"), which purported to implement Bernard Madoff's "split-strike conversion strategy." A central aspect of plaintiffs' claims is whether Standard Chartered misled plaintiffs to believe that it had conducted sufficient due diligence to confirm that Sentry actually executed its stated investment strategy and delivered its reported returns. As such, plaintiffs have proffered both George Martin and Robert Picard as experts who seek to opine on the subject of due diligence.[2]

Standard Chartered has served expert reports by Mr. Zask and Charles Porten. Messrs. Zask and Porten's reports overlap in certain areas, but there are important differences such that the opinions of Mr. Porten alone are not sufficient to provide a jury with the information necessary to consider the due diligence issues raised by plaintiffs' experts and the reasonableness of Standard Chartered's conduct.[3] Mr. Zask's report also addressed issues not discussed in Mr. Porten's report, including a discussion of the bases for viewing Sentry as a relatively conservative investment, and a section addressing plaintiff Teresa Barbachano's suitability allegations.

"A party's request to substitute a new expert is considered a request to modify a scheduling order and, as such, is governed by Rule 16(b) of the Federal Rules of Civil Procedure." *TIC – The Indus. Co. Wyoming, Inc. v. Factory Mut. Ins. Co.*, No. 4:10CV3153, 2012 WL 2830867, at *8 (D. Neb. July 10, 2012). Under Rule 16, this Court holds "broad authority to manage the schedule of litigation." *Coursey v. City of Camden*, No. 05-2820-RBK-AMD, 2009 WL 961537, at *3 (D.N.J. April 7, 2009); *see also Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007) ("Rule 16 gives the district courts wide latitude to manage discovery and other pretrial matters, and to set deadlines for amending pleadings, filings motions, and completing discovery.").

---

[1] On November 22, plaintiffs submitted a letter to the Court requesting the production of certain additional documents from Mr. Zask. Although Standard Chartered previously requested such materials from Mr. Zask, we do not believe that under the current circumstances they are likely to be forthcoming.

[2] Plaintiff Teresa Barbachano has proffered an additional expert witness, Robert Lowry.

[3] For example, Mr. Porten's expert report addressed some of the putative "red flags" that plaintiffs' experts have identified as indicia of fraud. Mr. Zask's expert report, however, provided a 23-page discussion of plaintiffs' experts' reliance on these "indicia" as grounds for their opinions regarding Standard Chartered's due diligence.

The Honorable Frank Maas                                                -3-
November 27, 2013

Courts have found "good cause" under Rule 16(b) to permit the replacement of expert witnesses in a variety of circumstances, including where an expert was unable to continue work on a case because of a personal conflict or issue. *E.g., Gulf Coast Shippers Ltd. P'ship v. DHL Exp. (USA), Inc.*, No. 2:09-cv-221, 2013 WL 5739781, at *1 (D. Utah Oct. 22, 2013) (allowing substitution where expert "no longer want[ed] to work on the case" and would suffer burden if forced to perform additional expert work); *Doctor's Assocs., Inc. v. QIP Holder LLC*, No. 3:06-cv-1710 (VLB), 2009 WL 5184404, at *4 (D. Conn. Dec. 23, 2009) (allowing substitution where expert, a year after serving his report, took a job that created a conflict of interest for the expert); *see also Whiteside v. State Farm Fire and Cas. Co.*, No. 11-10091, 2011 WL 5084981, at *2 (E.D. Mich. Oct. 26, 2011) (allowing substitution where expert suffered physical and mental injuries from motorcycle accident); *Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, 1:04-CV-396, 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30, 2010) (allowing substitution where, during pendency of the case, expert was criminally convicted and incarcerated).

Here, Mr. Zask's criminal conduct was both unforeseeable and undisclosed to Standard Chartered. Standard Chartered would suffer manifest injustice if forced either to proceed with Mr. Zask, whose testimony no juror can be expected to credit, or to forego proffering expert testimony in response to substantial portions of plaintiffs' expert reports that go to the core of plaintiffs' claims. *See TIC – The Indus Co. Wyoming, Inc.*, 2012 WL 2830867, at *8 (permitting substitution of expert witness when party otherwise would suffer prejudice); *Park v. CAS Enter., Inc.*, Civ. No. 08cv385 DMS (NLS), 2009 WL 4057888, at *3 (S.D. Cal. Nov. 19, 2009) (same). Standard Chartered has moved expeditiously to inform plaintiffs and the Court of Mr. Zask's guilty plea. *See Doctor's Assocs.*, 2009 WL 5184404, at *4 (plaintiff's effort to inform court and defendant within two months of learning of expert conflict supported finding of good cause). Standard Chartered also will move quickly to replace Mr. Zask with a comparable expert, and will provide plaintiffs with a new expert report, limited to the subject matter and theories already offered by Mr. Zask. *See Lincoln Nat. Life Ins.*, 2010 WL 3892860, at *2 (recognizing that substitute expert reports and testimony are "frequently limited to the subject matter and theories already espoused by the former expert").

Although we regret having to raise this matter with the Court, we believe there is good cause under Rule 16(b) for permitting Standard Chartered to replace Mr. Zask with another expert. The parties have not yet conducted depositions of their principal due diligence experts, and Standard Chartered will work with plaintiffs to minimize the delay resulting from allowing a substitution. Standard Chartered thus requests that it be permitted to replace Mr. Zask with another expert, with the understanding that the opinions expressed by any replacement for Mr. Zask may not go beyond the scope of Mr. Zask's report.

                                                        Respectfully submitted,

                                                        *[signature]*

                                                        Diane L. McGimsey

cc:    Standard Chartered Plaintiffs' Steering Committee (via E-mail)