**MANDATE**

13-1581
Lomeli v. Fairfield Greenwich

N.Y.S.D. Case #
09-cv-0118(VM)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand thirteen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         DENNY CHIN,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
MIGUEL LOMELI, MORNING MIST HOLDINGS
LIMITED,
         Plaintiffs-Appellants,

AXA PRIVATE MANAGEMENT,
         Lead Plaintiff,

PASHA S. ANWAR, ON BEHALF OF
THEMSELVES AND ALL OTHERS SIMILARLY
SITUATED INVESTORS IN THE GREENWICH
SENTRY, L.P. PRIVATE INVESTMENT
LIMITED PARTNERSHIP, JULIA ANWAR, ON
BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED INVESTORS IN THE
GREENWICH SENTRY, L.P. PRIVATE
INVESTMENT LIMITED PARTNERSHIP, ET
AL.,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 20, 2013

MANDATE ISSUED ON 12/20/2013

```
         Plaintiffs,

SHIMON LAOR, ET AL.,
         Consolidated Plaintiffs,

ARJAN MOHANDAS BHATIA, ET AL.,
         All Plaintiffs,

         -v.-                                           13-1581

SECURITIES & INVESTMENT COMPANY
BAHRAIN, ET AL.,
         Plaintiff-Appellees,

         -v.-

FAIRFIELD GREENWICH LIMITED, A CAYMAN
ISLAND COMPANY, ET AL.,
         Defendants-Appellees,


FAIRFIELD GREENWICH ADVISORS L.L.C.,
AMIT VIGAYVERGIA, CITCO FUND SERVICES
(EUROPE) B.V.,
         Defendants - Consolidated
         Defendants - Appellees,

YANKO DELLAW SCHIAVA, ET AL.,
         Consolidated Defendants -
         Appellees,

FAIRFIELD GREENWICH CORP.,
         Consolidated Counter
         Defendant - Appellee,

1-20 JOHN DOES,
         Defendants,

         - - - - - - - - - - - - - - - - - - - -X
```

| | | |
|---|---|---|
| **FOR APPELLANT:** | | ROBERT A. WALLNER, Milberg LLP, New York, New York (Jennifer L. Young, Kristi Stahnke McGregor, Milberg LLP, Stephen Weiss, Parvin Aminolroaya, Seeger Weiss LLP, on the brief), for Plaintiffs-Appellants Miguel Lomeli and Morning Mist Holdings Limited. |
| **FOR APPELLEES:** | | DAVID A. BARRETT, Boies, Schiller & Flexner LLP, New York, New York (Howard L. Vickery, II, Stuart H. Singer, Boies, Schiller & Flexner LLP, Robert C. Finkel, James A. Harrod, Natalie M. Mackiel, Wolf Popper LLP, Christopher Lovell, Victor E. Stewart, Lovell Stewart Halebian Jacobson LLP, on the brief), for Plaintiffs-Appellees. |
| | | MARK G. CUNHA, Simpson Thacher & Bartlett LLP, New York, New York (Peter E. Kazanoff, Jeffrey L. Roether, Jeffrey E. Baldwin, and Nicholas S. Davis, on the brief), for Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Fairfield Heathcliff Capital LLC, Fairfield Risk Services Limited, Lourdes Barreneche, Vianney d'Hendecourt, Yanko Della Schiava, Harold Greisman, Jacqueline Harary, Richard Landsberger, Daniel E. Lipton, Julia Luongo, Mark McKeefry, Charles Murphy, Corina Noel Piedrahita, Maria Teresa Pulido Mendoza, Santiago Reyes, Andrew Smith, Philip Toub, and Amit Vijayvergiya. |

MARC E. KASOWITZ, Kasowitz Benson
Torres & Friedman LLP, New York,
New York (Daniel J. Fetterman,
on the brief), for Jeffrey H.
Tucker.

BRUCE A. BAIRD, Covington &
Burling LLP, Washington, D.C.,
for Gregory Bowes.

ANDREW J. LEVANDER, Dechert LLP,
New York, New York (Neil A.
Steiner, on the brief), for
Andres Piedrahita.

ANDREW HAMMOND, White & Case LLP,
New York, New York (Glenn M.
Kurtz, on the brief), for Walter
M. Noel, Jr.

EDWARD M. SPIRO, Morvillo
Abramowitz Grand Iason & Anello
P.C., for David B. Horn and
Robert A. Blum.

SEAN F. O'SHEA, O'Shea Partners
LLP, New York, New York, for
Cornelis Boele.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Miguel Lomeli and Morning Mist Holdings Limited appeal from the judgment of the United States District Court for the Southern District of New York (Marrero, J.), approving a partial class action settlement. The underlying class

4

action (the "Anwar action") alleges that the defendants made material misstatements concerning their due diligence while investing with Bernard L. Madoff Investment Securities LLC. During the district court proceedings, the plaintiffs and the Fairfield Greenwich defendants settled on a basis that requires the plaintiffs to release any derivative claims on behalf of the Fairfield Greenwich funds.  The appellants filed a derivative claim in New York state court on behalf of one of the funds, Fairfield Sentry Limited ("Sentry") (the "Morning Mist action").  That action was removed to the Southern District of New York and then remanded back to state court.  Sentry is undergoing a liquidation proceeding in the British Virgin Islands, however, and the Morning Mist action therefore has been stayed by the Bankruptcy Court for the Southern district of New York.  Additionally, Sentry has filed a direct action against the Fairfield Greenwich defendants, also in the Bankruptcy Court for the Southern District of New York.  See Fairfield Sentry Ltd. V. Fairfield Greenwich Grp., Adv. Pro. No. 10-03800 (Bankr. S.D.N.Y. Oct. 27, 2011).  The appellants object to the settlement insofar as it requires them to release their derivative claims, and cites deficiencies in the settlement

5

notice.  They also appeal the district court's decision not to reconsider the approval in light of the Supreme Court's decision in Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the approval of a class action settlement for abuse of discretion.  Charron v. Wiener, 731 F.3d 241, 247 (2d Cir. 2013).  "A district court abuses its discretion when its decision rests on an error of law or a clearly erroneous factual finding, or when its decision cannot be located within the range of permissible decisions."  Id.  "We review factual findings relating to the settlement for clear error and issues of law *de novo*."  Id.  A district court's denial of a motion for reconsideration is also reviewed for abuse of discretion.  RJE Corp. v. Northville Indus. Corp., 329 F.3d 310, 316 (2d Cir. 2003).

1. Scope of the Release

"[I]n order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim . . . even though the claim was not presented and might not

1  have been presentable in the class action." TBK Partners,
2  Ltd. v. Western Union Corp., 675 F.2d 456, 460 (2d Cir.
3  1982). The "[p]laintiffs' authority to release claims is
4  limited by the 'identical factual predicate' and 'adequacy
5  of representation' doctrines." Wal-Mart Stores, Inc. v.
6  Visa U.S.A., Inc., 396 F.3d 96, 106 (2d Cir. 2005); see also
7  TBK Partners, 675 F.2d at 460-62.
8     The claims in the Anwar action and the derivative
9  claims in the Morning Mist action share a single factual
10 predicate: the alleged misconduct of the Fairfield Greenwich
11 defendants in failing to conduct adequate due diligence, and
12 misrepresentations regarding their due diligence. The
13 district court recognized this identity when it initially
14 agreed to consolidate the two actions. See Anwar v.
15 Fairfield Greenwich Grp., No. 1:09-cv-00118,(S.D.N.Y. June
16 9, 2009, ECF No. 167). The appellants do not contest this
17 identity.
18    "Adequate representation of a particular claim is
19 established mainly by showing an alignment of interests
20 between class members." Wal-Mart Stores, 396 F.3d at 106-
21 07. Since the plaintiff class is composed of equity holders
22 in the Fairfield Greenwich funds (including Sentry), every

member of the class has an interest in claims that may be made derivatively on behalf of the funds. Nor do the appellants claim that the release disproportionately affects them relative to other class members. Therefore, adequate representation exists to release derivative claims that may be pursued by the settling class.

We are unpersuaded that Sentry's absence from the class nullifies the settlement. The settlement only limits the settling class from bringing a derivative action, an action that belongs to the corporation. See Scalisi v. Fund Asset Mgmt., L.P., 380 F.3d 133, 138 (2d Cir. 2004). Nothing in the settlement limits the ability of Sentry to pursue an action for its benefit or the ability of class members who opt out to pursue derivative claims. Furthermore, the appellants' reliance on National Super Spuds, Inc. v. New York Mercantile Exchange is misplaced: in that case, the factual predicate and adequate representation tests were not satisfied. 660 F.2d 9, 18 n.7, 19 (2d Cir. 1981); see also Wal-Mart Stores, 396 F.3d at 110-11.

2. The Settlement Notice

A settlement notice must be reasonable. Fed. R. Civ. P. 23(e)(2). "There are no rigid rules to determine whether

8

a settlement notice to the class satisfies constitutional or Rule 23(e) requirements." Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 438 (2d Cir. 2007) (quoting Wal-Mart Stores, 396 F.3d at 114). "[T]he settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" Id.

This notice informed the class members that they would not be able to participate in any other proceeding against the Fairfield Greenwich defendants in any forum. The notice warned class members to seek counsel if they were involved in any litigation against the defendants, directed them to the stipulation, and explained how to opt out if they wanted to preserve their claims.

The settlement notice here did not specifically refer to the Morning Mist derivative action. While this Court encourages settlement notices to include "specific reference[s] to pending actions," we have never held this to be a requirement. Wal-Mart Stores, 396 F.3d at 116 n.22. The settlement notice was reasonable and could be "understood by the average class member." Id. at 114.

3. <u>Reconsideration of the Settlement Approval</u>

The appellants sought reconsideration of the district court's settlement approval in light of the Supreme Court's decision in <u>Comcast Corp. v. Behrend</u>, 133 S. Ct. 1426 (2013). We conclude that the district court did not abuse its discretion in denying reconsideration for the reasons articulated in its decision and order. See <u>Anwar v. Fairfield Greenwich Ltd.</u>, No. 1:09-cv-00118 (S.D.N.Y. Apr. 4, 2013, ECF No. 1104).

For the foregoing reasons, and finding no merit in the appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

```
                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK
```

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10