# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

February 27, 2014

*By fax to (212) 805-6382*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/14

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:   *Anwar, et al. v. Fairfield Greenwich Limited, et al.,*
           *No. 09-cv-118(VM)(FM)*

Dear Judge Marrero:

    I write as the Liaison Counsel for, and on behalf of, the Standard Chartered Plaintiffs in the *Standard Chartered Cases.*

    This letter deals with a chain of correspondence to the Court last fall concerning the application of the Securities Litigation Uniform Standards Act ("SLUSA") to the *Standard Chartered Cases*, all of which involve state law claims involving Standard Chartered's recommendation to its private banking clients that they invest in Fairfield Sentry Fund. The correspondence started with a letter from the Standard Chartered Defendants dated November 12, 2013, and included the Standard Chartered Plaintiffs' response to that letter dated November 19, 2013 (DE 1223).

    In their letter, the Standard Chartered Defendants asked for a pre-motion conference in advance of a motion for judgment on the pleadings under SLUSA. The Standard Chartered Plaintiffs explained in their letter that SLUSA did not apply because (i) the *Standard Chartered Cases* were not a "covered class action" and (ii) the "in connection with" requirement of SLUSA[1] was not satisfied. The Plaintiffs also suggested to the Court that it

---

[1] In pertinent part, SLUSA bars private state-law class actions involving "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(A). "Covered securities" are securities listed on a national securities exchange. 15 U.S.C. § 78bb(f)(5)(E), incorporating 15 U.S.C. § 77r(b)(1).

200 S. BISCAYNE BOULEVARD, STE. 1930 • MIAMI, FLORIDA 33131
WWW.THEBRODSKYLAWFIRM.COM
786-220-3328 • RBRODSKY@THEBRODSKYLAWFIRM.COM

Honorable Victor Marrero
February 27, 2014
Page 2

might wish to defer ruling on the request by the Standard Chartered Defendants for a pre-motion conference until the Supreme Court decided *Chadbourne & Parke LLP v. Troice*, No. 12-79. DE 1223 at 11-12.

The Supreme Court has now decided *Chadbourne*. In a 7-2 decision, Justice Breyer, writing for the Court, held that "[a] fraudulent misrepresentation or omission is not made 'in connection with' . . . a 'purchase or sale of a covered security' unless it is material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security.'" *Chadbourne & Parke LLP v. Troice*, No. 12-79, ___ U.S. ___, 2014 WL 714697, at *7 (Feb. 26, 2014). The Court based its decision on the "focus" of SLUSA on the purchase and sale of covered securities, the language of the Act, prior Supreme Court decisions interpreting "in connection with" as used in SLUSA and in the Securities Exchange Act, consistency with the purposes of the latter Act and the Securities Act, and preservation of state remedies for victims of state law frauds. *Id.*, at *7-10.

In *Chadbourne*, an Antiguan bank issued certificates of deposit (uncovered securities) to investors based on the bank's misrepresentation that it would buy, *inter alia*, securities issued by major international companies (which the Court, *id.*, at *13, interpreted to mean covered securities), and thereby make the CDs "more secure." *Id.*, at *6. This, the Court held, was not sufficient to supply "the necessary 'connection' between the materiality of the misstatements and the statutorily required 'purchase or sale of a covered security.'" *Id.*, at *13.

Here, the Plaintiffs, on the recommendation of their "private bank," Standard Chartered, bought stock in Fairfield Sentry Fund. There is no dispute that this was the purchase of an *uncovered* security. Bernard L. Madoff Investment Securities, LLC ("BLMIS"), to which the money raised by the sale of Fairfield Sentry stock was entrusted, misrepresented that this money would be used to buy covered securities. Under *Chadbourne*, BLMIS' misrepresentation that it would buy covered securities was not made "in connection with the purchase and sale of a covered security." Like the Antiguan bank's lie that it would buy covered securities, BLMIS' lie was not "material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security,'" thus failing to meet SLUSA's threshold "in connection with" requirement. *Id.*, at *7. No purchases of covered securities were made by anyone; the only prospective purchaser of such securities was BLMIS, an unquestioned "fraudster".

Honorable Victor Marrero
February 27, 2014
Page 3

*Chadbourne* unquestionably means that that SLUSA does not preempt the Standard Chartered Plaintiffs' state law claims. Therefore, this Court should deny the Standard Chartered Plaintiffs' request for a conference; any motion for judgment on the pleadings based on SLUSA would be futile.[2]

Thank you for your consideration of this letter.

Sincerely yours,

The Brodsky Law Firm, PL

*/s/ Richard E. Brodsky*

Richard E. Brodsky

cc: Counsel for Standard Chartered Defendants
Counsel for all Standard Chartered Plaintiffs

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *Standard Chartered Plaintiffs*.

**SO ORDERED.**

2-27-14 /s/ Victor Marrero
DATE    VICTOR MARRERO, U.S.D.J.

---

[2] The Standard Chartered Plaintiffs expressly preserve their argument, expressed in their November 19, 2013 letter at pp. 4-8, that SLUSA does not apply for a second reason: that these cases are not a "covered class action." This is an issue the Court need not reach in light of the Supreme Court's decision in *Chadbourne*.