# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

February 28, 2014



**BY HAND**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
               Master File No. 09-CV-00118 (VM) (FM)

Dear Judge Marrero:

      We previously wrote on behalf of the *Anwar* Plaintiffs on November 19, 2013, in response to a request from the Standard Chartered Bank Defendants ("SCB"), to suggest that any reconsideration of this Court's rulings on SLUSA preclusion of state law claims should await the Supreme Court's decision in *Chadbourne & Parke LLP v. Troice*. On February 26, 2014, the Supreme Court decided *Troice*. *See* 2014 WL 714697 (2014). That decision obviates any need for reconsideration and makes clear that this Court's rejection of SLUSA preclusion arguments in *Anwar v. Fairfield Greenwich*, 728 F.Supp.2d 372, 397-99 (S.D.N.Y. 2010) ("*Anwar II*") was correct.

      The Supreme Court held that SLUSA preclusion "does not extend further" than misrepresentations that are material to the purchase or sale of a covered security. *Troice*, at *7. "A fraudulent misrepresentation or omission is not made 'in connection with' such a 'purchase or sale of a covered security' unless it is material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security.'" *Id.* Thus, SLUSA applies "where the misrepresentation makes a significant difference to someone's decision to purchase or to sell a covered security, not to purchase or to sell an uncovered security." *Id.* SLUSA does not apply to class actions where, as here, "plaintiffs allege (1) that they 'purchase[d]' *uncovered* securities, . . . but (2) that the defendants falsely told the victims that the *uncovered* securities were backed by *covered* securities." *Id.* at *3 (Court's emphasis).

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
February 28, 2014
Page 2

      Your Honor correctly distinguished between Madoff's purported investments in covered securities and Plaintiffs' investments in uncovered securities such as the Fairfield Funds, finding that "[i]nvestments in the Funds simply were not purchases of covered securities."
*Anwar II*, 728 F.Supp.2d at 398. The Supreme Court's decision in *Troice* makes clear that this Court was correct in rejecting Defendants' SLUSA arguments. Accordingly, there is no need for the Court to reconsider its SLUSA rulings.

                                           Respectfully yours,

                                           David A. Barrett

cc:      All counsel in *Anwar* (by email)
           Sharon L. Nelles, Esq. (by email)
           Richard E. Brodsky, Esq. (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Anwar Plaintiffs.

**SO ORDERED.**

3-4-14
DATE          VICTOR MARRERO, U.S.D.J.