# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3231

WRITER'S DIRECT FACSIMILE

(212) 492-0231

WRITER'S DIRECT E-MAIL ADDRESS

agordon@paulweiss.com




*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #: _____*
*DATE FILED: 3/20/14*

RECEIVED
MAR 20 2014
CHAMBERS OF
JUDGE MARRERO

March 19, 2014

**By Hand**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      *Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*,
        No. 09-cv-118 (VM) (FM)

Dear Judge Marrero:

    We represent defendants The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Bank Nederland, N.V., Dublin Branch, and Citco Fund Services (Bermuda) Ltd. (collectively, the "Citco Defendants") in the above action. We respectfully submit this letter to seek clarification of Your Honor's August 7, 2012 Decision and Order (ECF No. 910) (the "Order").

    That Order clearly and expressly dismissed, in light of the Second Circuit's decisions in *Stephenson* v. *PricewaterhouseCoopers, LLP*, 482 F. App'x 618 (2d Cir. 2012) ("*Stephenson*"), and *Meridian Horizon Fund, LP* v. *KPMG (Cayman) (In re Tremont Sec. Law)*, 487 Fed. App'x 636 (2d Cir. 2012) ("*Tremont*"), all of Plaintiffs' negligence-based initial investment claims as against *all Defendants*. Nonetheless, a dispute has now arisen among the parties because Plaintiffs now insist the Court did not dismiss those claims as against the Citco Defendants. Rather, Plaintiffs now say that the

Order only dismissed the negligence-based initial investment claims asserted against the PwC Defendants. That reading is at odds both with the plain text of the Order, as well as the "compelling" reasoning (Order at 8) underlying the *Stephenson* and *Tremont* decisions.

### A. The Text of the Order Clearly Applies to the Citco Defendants

To begin with, at its very outset, the Order expressly defined the term "Defendants" to include both the Citco and PwC Defendants, and made clear that the motion on which it was ruling had been brought by all of those "Defendants":

> The PwC Defendants – who are joined in their request by the Fairfield Defendants, the Citco Defendants, and defendant GlobeOp Financial Services LLC (collectively, "Defendants") – argue that, in light of the Second Circuit's holdings in *Stephenson* and *Tremont*, the Court should dismiss the negligence-based claims with prejudice, or at least allow the Defendants to bring a renewed motion to dismiss.

(Order at 1-2.)[1]

The Court then went on to discuss the application of the Second Circuit's decisions in *Stephenson* and *Tremont* to this case and determined that Plaintiffs' negligence-based claims could not, given those decisions, satisfy the "known party" prong of the test set forth in *Credit Alliance Corp. v. Arthur Andersen & Co.*, 483 N.E.2d 110 (N.Y. 1985), to the extent "the claim pertains to inducement of an initial investment." (*Id.* at 8.) In so ruling, the Court expressly held that:

> *Defendants*, who were not in privity with Plaintiffs, cannot owe a duty to prospective investors who were unknown to *Defendants* at the time they made the alleged misrepresentations. Therefore, the Plaintiffs' negligence based initial investment claims are dismissed without prejudice. Such claims may be repled only if Plaintiffs – either as individuals or as members of a certified class –

---

[1] As the Court recognized in the Order, the Citco Defendants had indeed expressly joined in the PwC Defendants' request for reconsideration that resulted in the Order. (*See* 5/29/12 Letter from T. Duffy to the Court (ECF No. 886), at 3 ("The Citco Defendants also join in this letter request for a pre-motion conference for the reasons set forth by the PwC Defendants.").) In fact, Plaintiffs' response to that letter acknowledged that the Citco Defendants were joining fully in the pending request, and expressly addressed the applicability of *Stephenson* and *Tremont* to the Citco Defendants. (*See* 6/4/12 Letter of D. Barrett to the Court at n.2 (ECF No.908).)

> can show that they were, in fact, known to the *Defendants* prior to their initial investment in the Funds.

(*Id.* at 8-9 (emphasis added).) Defendants, however, never repled those claims.

In short, the Court's ruling could not have been clearer that it applied to *all* "Defendants," including the Citco Defendants.

Plaintiffs have nonetheless pointed to the concluding language of the Order – namely, Section III, entitled "Order" – and argued that it only mentions the PwC Defendants. While it is true that portion of the Order begins "ORDERED that the motion (Docket Nos. 886 and 901) of defendants PwC Canada and PwC Netherlands for reconsideration is hereby GRANTED in part and DENIED in part," the Order made clear as noted above, that the Citco Defendants had joined in that motion. Further, the Order goes on to state, after the language just cited, "*in accordance with this Decision and Order.*" Given that the plain text of the Decision and Order makes clear that Plaintiffs' negligence-based initial investment claims were being dismissed without prejudice as against all "*Defendants*" (which term was clearly defined to include the Citco Defendants), we believe Plaintiffs' attempt to parse narrowly and selectively the language of the Order is misplaced.

### B. The Reasoning of the Order

If more were needed, the fact is that the Court's dismissal of Plaintiffs' negligence-based initial investment claims against the Citco Defendants is entirely consistent with the reasoning underlying *Stephenson* and *Tremont*.

*Stephenson* is particularly on point. There, the Second Circuit affirmed the dismissal of certain negligence-based inducement claims brought by an investor in Greenwich Sentry against PwC Canada. The decision thus involved an investor *in one of the very same funds at issue in this case*. And, like Plaintiffs here, the investor in *Stephenson* alleged that that he relied on PwC Canada's unqualified audit opinions on the financial statements of Greenwich Sentry in making his initial investments in that fund.

In affirming the dismissal of the investor's claims, the Second Circuit held that Stephenson could not satisfy the "known party" prong of the *Credit Alliance* test. As the Court explained:

> As the New York Court of Appeals recently reiterated, "[t]he words 'known party . . . in the *Credit Alliance* test mean what they say," and where the complaint does not allege that the defendant knew "the identity of the specific non-privity party who would be relying [on the defendant's conduct]," a negligence claims fails. *See Sykes v. RFD Third Ave. I Assocs., LLC*, 15 N.Y.3d 370, 373-74, ...

> (2010). Because Stephenson was nothing more than a "prospective limited partner [ ], unknown at the time and who might be induced to join [the partnership]," see *White v. Guarente*, 43 N.Y.2d 356, 361, ... (1977), he was not a known party to PWC prior to his investment in Greenwich Sentry and thus cannot maintain a [negligence-based] claim ... against PWC under an inducement-to-invest theory.

482 F. App'x at 622. *Tremont*, which also involved investors in a Madoff feeder fund, is to the same effect ("plaintiffs' pleadings . . . fail to show that the Auditors were aware of the identities of the specific non-privy parties who would be relying on their reports"). 487 Fed. App'x at 642.

As Your Honor correctly recognized in the Order, the same is true here with respect to the Citco Defendants. (Order at 8-9 ("Defendants, who were not in privity with Plaintiffs, cannot owe a duty to prospective investors who were unknown to Defendants at the time they made the alleged misrepresentations.").) Nowhere in their complaint do Plaintiffs allege that the Citco Defendants, certain of whom served as the administrators and custodians of certain of the funds at issue, somehow knew the identity of prospective investors in those funds – with whom they unquestionably were not in privity – *before* those investors made their initial investment decisions to invest in the funds. Nor could Plaintiffs so allege. Indeed, the identities of the Plaintiffs did not become known to the Citco Defendants until *after* potential investors made their decisions to invest in the funds at issue, when potential investors submitted their requisite subscription documentation for the funds to certain of the Citco Defendants and wired the money for their investments.

\* \* \*

Accordingly, we respectfully request that the Court clarify that the Order dismissed Plaintiffs' negligence-based initial investment claims with respect to the Citco Defendants.

Respectfully submitted,

*/s/ Leslie Gordon Fagen*

Leslie Gordon Fagen

cc: All counsel of record (by email)

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Citco Defendants.

SO ORDERED.

3-19-14

DATE  VICTOR MARRERO, U.S.D.J.