# THE BRODSKY LAW FIRM, PL

RICHARD E. BRODSKY, ATTORNEY AT LAW

## MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/14

March 20, 2014

*By fax to (212) 805-6382*

Honorable Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.,*
    09-cv-118 (VM) (THK)
    Standard Chartered Cases

Dear Judge Maas:

I write as the Liaison Counsel for, and on behalf of, the Standard Chartered Plaintiffs, in the Standard Chartered Cases.

This letter seeks clarification of (a) Your Honor's order dated March 17, 2014, D.E. 1251, directing the parties to participate in a conference call on March 31, 2014 at 4:00 PM; and (b) Your Honor's endorsement of a letter from opposing counsel, DE 1252, March 17, 2014, directing the parties to consult regarding appropriately redacted versions of our March 14, 2014 letter and any response by opposing counsel.

### March 17, 2014 Order

With respect to the March 17, 2014 Order, we are unsure about the subject matter of the conference, since none is specifically stated in the Order. We assume that this conference call is about our March 14, 2014 letter, as amended on March 17, 2014, related to the report of the SC Defendants' new proffered expert, Bradley P. Ziff.

Assuming we are correct – that the conference is about the March 14, 2014 letter – we must respectfully bring to Your Honor's attention that the date of the scheduled conference, March 31, 2014, is the very day we are scheduled to depose Mr. Ziff.

Handwritten endorsement:
(1) My schedule is crowded, but a slot has opened up on Monday, 3/24/14, at 3 pm if counsel are available.
(2) My intent was not to delay decision pending the filing of the public version of the letter.
(3) Please let my chambers know by 3pm on 3/21 whether 3/24 at 3 pm suits counsel.
FMaas, USMJ, 3/20/14.

200 S. Biscayne Boulevard, Ste. 1930 • Miami, Florida 33131
www.thebrodskylawfirm.com
786-220-3328 • rbrodsky@thebrodskylawfirm.com

Honorable Frank Maas
March 20, 2014
Page 2

Because of that conflict, we respectfully request that the Court consider rescheduling the conference to an earlier date and time. Being fully mindful of the Court's busy schedule, we believe that, if it were possible to schedule this conference at an earlier date and time, we could proceed to take the Ziff deposition on schedule, armed with the knowledge of any decision that the Court might make on our request to strike his report – including cancelling the deposition if the Court grants our request, or narrowing its scope, if the Court chooses to narrow the scope of Mr. Ziff's report rather than striking it.

On top of all of the SC Defendants' foot-dragging since 2009, the delay occasioned by Mr. Zask's guilty plea in November 2013 and the extensive delay since then in arranging for his replacement to render his report support our request for an earlier conference. The facts are that Mr. Zask pled guilty four months ago to a felony. More than two months ago, Your Honor issued an order dated January 6, 2014, DE 1239, permitting the SC Defendants to substitute someone else for that expert under specified limitations. We agreed—and the Court appeared to thank us for that agreement, DE 1240— to the SC Defendants' insistence that we wait until March 3, 2014, long after we understand Mr. Ziff was engaged, to receive the substitute expert's report. We scheduled Mr. Ziff's deposition for March 31, 2014, to give us enough time to prepare for the deposition. We then discovered that the SC Defendants had provided us a report that seriously traduced the conditions set forth in DE 1239 concerning the permissible scope of the Ziff report. We have thus been forced to expend substantial resources preparing the March 14, 2014 letter and March 17, 2014 supplement for Your Honor's consideration—rather than, as we would have preferred, preparing for the Ziff deposition.

All things considered, therefore, in the interests of avoiding even further delay, we ask that, if possible, the Court hold the conference at an earlier date and time. We will, of course, accept any schedule that the Court deems appropriate.

### March 17, 2014 Endorsement

On March 17, 2014, the SC Defendants wrote this Court and asked that our March 17, 2014 letter be kept out of the public record because it referred to documents they stamped as "confidential" (just as they did virtually 100% of the documents they produced). We immediately informed the Court that, since we had the right "at any time" to contest any confidentiality designation, we would have no objection to Your Honor's agreeing to the SC Defendants' request. *See* letter dated March 17, 2014.

Honorable Frank Maas
March 20, 2014
Page 3

    We respectfully request clarification of Your Honor's endorsement of the SC Defendants' request. In particular, we are uncertain as to whether the Court intends that any action on the March 14, 2014 letter be delayed until the parties work out the details of letters that can be made part of the public record. If that was the Court's intention, we respectfully object and ask the Court to reverse its position, because this would result in yet more delay for no good reason that we can see. We have no objection to having our letter, and any response by the SC Defendants, remain off the public record. The SC Defendants have asked for this very result.

    If, on the other hand, the Court did not intend that action on the March 14, 2014 letter be stayed pending completion of the task ordered by the Court, we would, of course, proceed promptly in accordance with the Court's directive.

    Thank you for your consideration of this letter.

                                   Sincerely yours,

                                   The Brodsky Law Firm, PL

                                   Richard E. Brodsky

cc:    Standard Chartered Defendants' Counsel
        Standard Chartered Plaintiffs' Counsel