# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

April 17, 2014

**BY HAND**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
> Master File No. 09-CV-00118 (VM) (FM)

Dear Judge Marrero:

We write on behalf of the *Anwar* Plaintiffs to request a pre-motion conference to address Plaintiffs' proposed motion to amend the Second Consolidated Class Action Complaint ("SCAC") to reassert negligence-based claims against the Citco Administrator defendants with respect to initial investments.

**Background.** In August 2010, the Court sustained the SCAC's negligence and negligent misrepresentation claims against, among others, PwC, Citco Group Ltd., Citco Fund Services (Europe), B.V., and Citco (Canada) Inc. ("Citco Administrators"), arising from initial and subsequent investments in the Fairfield funds. *Anwar II*, 728 F. Supp. 2d 372, 431-36 (S.D.N.Y. 2010) (citing SCAC ¶¶ 328, 333, 335, 534-35 and 538).

On May 29, 2012, PwC requested reconsideration of the negligence-based claims against them in light of two summary orders from the Second Circuit. PwC's letter (Dkt. No. 886) stated that Citco joined in this request, but Citco proffered no supporting facts or additional legal argument. In response, Plaintiffs acknowledged that the SCAC did not support negligence-based claims against PwC for initial investments, but specifically argued that the Second Circuit decisions ***did not*** require dismissal of the claims against Citco because – while PwC was not aware of specific investors' identities at the time of initial investments – Citco clearly was aware due to its participation in the subscription process. *See* Dkt. No. 908 at 1-2 fn.2 (quoting *Anwar II* at 434: "potential investors . . . were known parties" to Citco). In *Anwar III*, 884 F. Supp. 2d 92 (Aug. 6, 2012), the Court stated that "Plaintiffs' negligence-based initial investment claims are dismissed without prejudice. Such claims may be repled only if Plaintiffs . . . can show that they were, in fact, known to the Defendants prior to their initial investment in the Funds." *Id.* at 97.

Although the Court used the defined term "Defendants" in the *Anwar III* opinion, its discussion of the facts and law was limited to PwC. Relying on this *ratio decidendi* and the fact that Plaintiffs' concession (referenced by the Court, *id.* at 97) was limited to PwC, Plaintiffs did not understand that *Anwar III* had effectively reversed *Anwar II*'s rejection of Citco's *Credit*

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
April 17, 2014
Page 2

*Alliance* argument. And while Citco subsequently made passing footnote references in unrelated briefing indicating that *Anwar III* applied to initial investment claims against all Defendants, the issue only came to a head in expert discovery on damages. Plaintiffs instructed their expert to compute damages including initial investment claims, while Citco asserted that such amounts must be excluded. When the parties were unable to resolve the disagreement in correspondence, Citco raised the issue with the Court. *See* Dkt. No. 1253 (Mar. 19, 2014), and Plaintiffs responded (Dkt. No. 1255, Mar. 24, 2014). The Court then clarified that *Anwar III* "dismissed all of Plaintiffs' negligence-based initial investment claims against all of the defendants who were included in the defined term 'defendants' in the Order." *See* Dkt. No. 1256 at 1 (Mar. 27, 2014).

In light of the March 27 Order, Plaintiffs seek leave to amend the SCAC to clarify allegations showing that Plaintiffs were known to the Citco Administrators prior to their initial investments, thereby stating negligence claims as to those investments. As directed in *Anwar II*, Plaintiffs also include allegations supporting their *Morrison* argument.[1] These proposed amendments would be made to Paragraphs 180 and 335 of the SCAC as shown in Exhibit A.[2]

**Applicable Law.** "Rule 15 of the Federal Rules of Civil Procedure provides that courts should 'freely give' leave to amend 'when justice so requires.'" *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 113728, at *1 (S.D.N.Y. Jan. 13, 2014). Further, a party seeking to amend under Rule 16(b) must demonstrate "good cause." *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007). The Court should grant Plaintiffs leave to amend here to reassert these claims because (i) Plaintiffs have not acted with undue delay, bad faith or dilatory motive; (ii) the proposed amendments do not cause undue prejudice because they are based on operative facts that have already been the subject of discovery; and (iii) the amendments present well-founded, viable claims. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011).

**Timeliness.** As discussed above and in Plaintiffs' letter of March 24, 2014 (Dkt. No. 1255), Plaintiffs reasonably believed that *Anwar III* did not limit claims against Citco; and Plaintiffs are seeking to amend within the 21-day period that was prescribed in *Anwar II*, 728 F. Supp. 2d at 462. *See, e.g., Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97-98 (S.D.N.Y. 2010) ("Although *some* explanation must be provided to excuse a delay, even vague or 'thin' reasons are sufficient, in the absence of prejudice or bad faith.") (emphasis in original) (citations omitted); *Oneida Indian Nation of NY State v. Cnty. Of Oneida, NY*, 199 F.R.D. 61, 77

---

[1] "In the event that Plaintiffs move to replead any claims dismissed by this Decision and Order, they should include in the proposed amendments the facts they submitted via letter-brief to support their *Morrison* argument, as well as any additional particulars that the record may develop in this regard." *Anwar II*, 728 F. Supp. 2d at 405.

[2] Because this action has been dismissed against the Fairfield and GlobeOp defendants by settlements, Plaintiffs do not seek to amend as to those defendants, but reserve the right to do so against the Fairfield defendants if that settlement does not become final.

Judge Victor Marrero
April 17, 2014
Page 3

(N.D.N.Y. 2000) (crediting plaintiffs' explanation although it was "not entirely to the court's satisfaction."). Indeed, "[w]ithout prejudice to the opposing party or some other reason, even an extended delay does not mandate denial of leave to amend." *Hinds Cnty., Mi. v. Wachovia Bank, N.A.*, 885 F. Supp. 2d 617, 631-32 (S.D.N.Y. 2012) (Marrero, J.); *see State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."). Nor would progress of this case be impeded; the sufficiency of the new allegations can be addressed in summary judgment motions that will be filed early this summer.

**No Undue Prejudice.** As to undue prejudice, courts consider whether the proposed amendments would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiffs from bringing a timely action in another jurisdiction." *Monahan v. NY City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000). Here, "although discovery has already closed, the grounds that" are proposed as amendments "arise from the same set of operative facts that were the subject of discovery." *RST (2005) Inc. v. Research in Motion Limited*, 597 F. Supp. 2d 362, 369 (S.D.N.Y. 2009) (granting motion to amend) (Marrero, J.); *see Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir. 1998) (reversing denial of motion to amend to "allege additional facts in support" of existing claims); *Lehman v. Garfinkle*, 2013 WL 857739, at *9 (S.D.N.Y. Mar. 7, 2013) (no undue prejudice where "operative facts underlying [plaintiff's] accounting-malpractice claim . . . would give rise to no need for additional discovery"); *Mahar v. US Xpress Enters., Inc.*, 688 F. Supp. 2d 95, 106 (N.D.N.Y. 2010) (allowing amendment that "derive[d] from the same set of operative facts" as claims previously alleged).[3] The proposed amendments would thus not require additional discovery. The amendments also would not delay the resolution of the dispute; indeed, the sufficiency of these factual allegations can be tested at summary judgment.

**Claims Well-Founded.** Plaintiffs' proposed amendments demonstrate that prior to Plaintiffs' initial investments in the Funds, Citco Administrators knew the identities of the investors; and engaged in linking conduct including communications with investors. *See* Ex. A ¶¶ 335(a)-(c); *Anwar II*, at 431-36. Therefore, the amendments "state[] a viable claim." *Slay v. Target Corp.*, 2011 WL 3278918, at *2 (S.D.N.Y. July 20, 2011). "If the amendments are colorable, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions . . . for summary judgment." *Adorama*, 2014 WL 113728, at *4 (quotation omitted). Accordingly, the proposed amendments, along with Plaintiffs' many other causes of action that are now strongly supported by evidence obtained through discovery, can be addressed as necessary on summary judgment in the near future.

---

[3] Indeed, because claims involving initial investments were sustained in *Anwar II* as to other causes of action (*e.g.*, federal securities claims, 728 F. Supp. 2d at 423-428), Citco has addressed facts concerning initial investments in discovery and in its briefing on the class certification appeal, *see, e.g.*, Second Circuit Case No. 13-2340, Dkt. 131 at 35-37.

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
April 17, 2014
Page 4

Respectfully yours,

*David A. Barrett*

cc:   All counsel in *Anwar* (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Anwar Plaintiffs.

SO ORDERED.

4-25-14
DATE            VICTOR MARRERO, U.S.D.J.