PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

ANDREW G. GORDON

TELEPHONE (212) 373-3543
FACSIMILE (212) 492-0543
E-MAIL: agordon@paulweiss.com

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410



**By Hand**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*, 09-cv-0118 (VM)(FM)

Dear Judge Marrero:

   We represent the Citco Defendants. We respectfully submit this letter in opposition to the April 17, 2014 Letter submitted by Plaintiffs in which they belatedly seek permission to file a motion to amend the Second Consolidated Amended Complaint ("SCAC"), purportedly "to clarify allegations showing that Plaintiffs were known to [Citco] prior to their initial investments, thereby stating negligence claims as to those investments." (Letter at 2.)

## Preliminary Statement

   Plaintiffs' request comes more than *four years* after the filing of the SCAC, nearly *two years* after this Court dismissed Plaintiffs' negligence-based initial investment claims, *nearly ten months* after the conclusion of fact discovery, and with *only one month left* to complete expert discovery under this Court's current scheduling order. Despite this extraordinary delay, and the obvious prejudice to Citco from any amendment at this point, Plaintiffs' Letter does not provide a single good reason for why such delay occurred.

   Instead, Plaintiffs casually assert that the proposed amendments are based on their misunderstanding of the "*ratio decidendi*" of Your Honor's August 6, 2012 Decision and Order (the "Order"). As Your Honor recently noted, that Order could not have been any clearer: the Order dismissed "all of Plaintiffs' negligence-based initial investment claims against all of the defendants who were included in the defined term 'Defendants' in the Order" (March 27, 2014 Order at 1), which definition expressly included Citco. Despite this, Plaintiffs continue to insist they did not "understand" that the Order "had effectively reversed [this Court's prior] rejection of Citco's *Credit Alliance* argument." (Letter at 1-2.) Plaintiffs' own misreading of the Order's plain language, however, is simply not a sufficient ground on which to permit them to amend the SCAC at this late date. Accordingly, the application should be denied.

## Argument

   Leave to amend should be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Victor Marrero                                                                 2

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman* v. *Davis*, 371 U.S. 178, 182 (1962). As we discuss below, Plaintiffs' proposed amendments are untimely, prejudicial and futile.

        1.    The Proposed Amendments Are Untimely. Plaintiffs' extraordinary delay weighs heavily in favor of denying their request to amend. Plaintiffs have waited over four years to propose factual allegations of which they clearly have been aware since the very inception of this litigation, namely, when Citco first learned the identities of investors in the funds. Notably, when confronted with far less periods of undue delay, the Second Circuit has repeatedly and consistently found that District Courts act well within their discretion in denying requests for leave to amend. *See, e.g., Zahra* v. *Town of Southold*, 48 F.3d 674, 685-86 (2d Cir. 1995) (finding undue delay where request was made two and one-half years after filing action).

        It is well settled that the "burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Cresswell* v. *Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). Plaintiffs do not, and cannot, meet this burden. As noted, Plaintiffs do not even attempt to offer a persuasive reason why they seek to amend at such a late stage. Plaintiffs' only excuse is that they misread a perfectly clear ruling of this Court. But, as Plaintiffs also acknowledge, Plaintiffs have known for more than one year at the very least that Citco understood those claims had been dismissed in the Order, since Citco stated as much in its Rule 23(f) petition filed in March 2013 (and in its moving brief, which was filed with the Second Circuit in August 2013). Yet, Plaintiffs still did nothing. Such dilatory conduct simply does not warrant leave to amend.

        At bottom, Plaintiffs seek "leave to amend now simply because [their] original causes of action have failed." *Nanopierce Techs., Inc.* v. *Southridge Capital Mgmt.*, 2008 WL 1882702, at *3 (S.D.N.Y. Apr. 21, 2008). But that is not a proper basis for seeking to amend where Plaintiffs had knowledge of the facts they seek to add when they originally filed the SCAC. *See id.*

        2.    The Proposed Amendments, if Allowed, Will Substantially Prejudice Citco. "The longer the period of an unexplained delay, the less will be required . . . in terms of a showing of prejudice." *Evans* v. *Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (citation omitted). Even still, permitting an amendment at this late stage will cause extreme prejudice to Citco. Fact discovery closed over nine months ago, and expert discovery is now nearly complete. The proposed amendments would not only require additional fact discovery, but also would require significant additional expert discovery as well. For example, because the negligence-based initial investment claims against Citco had long been dismissed, Citco's experts never addressed them. Nor were Plaintiffs' experts questioned about those claims. Because it would be impossible to complete such additional expert discovery by the May 30 cutoff, allowing the pleadings to be amended now would be prejudicial. *See Krumme* v. *Westpoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (affirming denial of motion to amend where "discovery had been completed").

        3.    The Proposed Amendments Are Futile. "An amendment to a pleading is

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Victor Marrero                                                                                      3

futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente* v. *IBM*, 310 F.3d 243, 258 (2d Cir. 2002). Plaintiffs' proposed amendments are futile because they seek to reassert the negligence-based initial investment claims already pleaded in the SCAC that this Court already dismissed. Indeed, Plaintiffs offer no new allegations that would permit the Court to find that they have now stated a claim for relief.

Relying on the Second Circuit's decision in *Stephenson* v. *PwC, LLP*, 482 F. App'x 618 (2d Cir. 2012), this Court previously rejected Plaintiffs' negligence-based initial investment claims: "Defendants, who were not in privity with Plaintiffs, cannot owe a duty to prospective investors who were unknown to Defendants at the time they made the alleged misrepresentations." (Order at 8-9.) In *Stephenson*, the Second Circuit affirmed the dismissal of certain negligence-based inducement claims brought by an investor in Greenwich Sentry—one of the very same funds at issue in this case—against PwC Canada, holding that the investor could not satisfy the "known party" prong of the *Credit Alliance* test and explaining as follows:

> As the New York Court of Appeals recently reiterated, the words known party in the *Credit Alliance* test mean what they say, and where the complaint does not allege that the defendant knew the identity of the specific non-privity party who would be relying, a negligence claim fails. Because Stephenson was nothing more than a prospective limited partner, unknown at the time and who might be induced to join the partnership, he was not a known party to PWC prior to his investment in Greenwich Sentry and thus cannot maintain a claim for malpractice against PWC under an inducement-to-invest theory.

482 F. App'x at 622 (internal quotation marks, alterations and citations omitted).

As Your Honor correctly recognized in the Order, the same is true with respect to Citco, the administrator of certain of the funds at issue. As in *Stephenson*, Citco neither knew the identity of, nor communicated with, prospective investors in the Fairfield funds—with whom they unquestionably were not in privity—*before* those investors made their initial investment decisions. Indeed, Citco did not even know Plaintiffs' identities until *after* Plaintiffs had already decided to invest in the funds and submitted their subscription documents to Citco.

Plaintiffs' proposed amendments do not alter this conclusion. Under Plaintiffs' proposed allegations, Citco *still* received a potential investor's subscription documents—and, thus, did not know of, or communicate with, such an investor until—*after* that investor had made the decision to invest. Moreover, as Plaintiffs themselves have made clear, the proposed amendments are virtually the same as the allegations already asserted in the SCAC and rejected as insufficient by this Court. In their letter in response to our motion to clarify, Plaintiffs argued—citing to paragraphs 328, 333, and 534-35 of the SCAC—that the SCAC already alleged "that all aspects of the *Credit Alliance* test were satisfied as to Citco with respect to initial as well as subsequent investments . . . because Citco received and processed [investors'] subscription documents and payments for Fund subscriptions." (ECF No. 1255 at 3.) Because Plaintiffs offer no new factual allegations on which the Court should revisit its prior ruling, the proposed amendments are futile for all of the reasons set forth in the Order.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Victor Marrero 4

\* \* \*

For all these reasons, the Court should deny Plaintiffs' request to amend the SCAC.

Respectfully,

*Andrew G. Gordon*

Andrew G. Gordon

cc: All counsel of record (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Citgo Defendants.

**SO ORDERED.**

5-13-14
DATE — VICTOR MARRERO, U.S.D.J.