# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

April 24, 2014

**BY FAX**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-13-2014

Re:  *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
     Master File No. 09-CV-00118 (VM) (FM)

Dear Judge Marrero:

We write on behalf of the *Anwar* Plaintiffs to reply briefly to Citco's April 23, 2014 letter ("Letter") opposing Plaintiffs' request to amend the SCAC.

**Timeliness.** Citco argues that "Plaintiffs do not even attempt to offer a persuasive reason why they seek to amend at such a late stage." Letter at 2. Respectfully, the Court's August 6, 2012 Decision and Order ("Order") was ambiguous, as implicitly recognized by Citco's letter (Dkt. no. 1253) and the Court's order (Dkt. no. 1256) referring to "clarification" of the prior Order. Plaintiffs interpreted the Order in good faith as dismissing only initial investor claims against PwC because: (i) the two operative decretal sentences specifically referred to the "PwC Defendants" rather than the "Defendants;" (ii) the Order's analysis of *Credit Alliance* focused solely on allegations concerning PwC, as well as relying on Plaintiffs' concession that related solely to the PwC Defendants; and (iii) respectfully, the Order's reasoning could not have applied to all "Defendants" because the Fairfield Defendants solicited Plaintiffs to invest in the Funds and therefore necessarily knew Plaintiffs' specific identities at all relevant times. *See* Plaintiffs' April 17, 2014 letter requesting a pre-motion conference and March 24, 2014 letter (Dkt. no. 1255).[1]

Nor does Citco cite any authority that Plaintiffs are required to "offer a persuasive reason" for moving to amend now, as opposed to a showing that Plaintiffs did not act with any bad faith or dilatory motive. The length of time alone does not support denying the motion. *See, e.g., Commander Oil Corp. v. Barlo Equipment Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (no abuse of discretion to allow amendment after seven-year delay, absent prejudice); *Rachman Bag Co. v. Liberty Mutual Insurance Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (leave to amend properly granted despite four-year delay).[2]

---

[1] Indeed, the Fairfield Defendants' joinder in PwC's motion did not even seek dismissal of initial investor claims against FGG under *Credit Alliance*, but rather argued that Plaintiffs lacked standing.

[2] Citco knew of Plaintiffs' position no later than its receipt of Plaintiffs' expert damages report on August 23, 2013, but did not seek clarification until March 19, 2014. In her rebuttal report on

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
April 24, 2014
Page 2

**No Undue Prejudice.** Citco claims that the "proposed amendments would not only require additional fact discovery, but also would require significant additional expert discovery as well." Letter at 2. This claim of prejudice, however, is wholly conclusory and unsupportable. Citco asserts that "the proposed amendments are *virtually the same* as the allegations already asserted in the SCAC." Letter at 3 (emphasis added). As such, these allegations have been the subject of discovery. For example, for three years prior to the date of the Order (August 6, 2012), the initial investment negligence claims indisputably were in the case, with almost all depositions of Plaintiffs having occurred prior thereto. Moreover, Plaintiffs' other, non-negligence causes of action necessitate consideration of initial investments; and the negligence-based claims relating to subsequent investments pose the same merits issues as initial investment claims. Finally, although Citco has made no meaningful showing of prejudice, Plaintiffs would not oppose reasonable, specific requests by Citco for additional discovery or supplemental expert reports concerning this issue.

**Claims Well-Founded.** In *Stephenson v. PwC, LLP*, 482 F. App'x 618, 622 (2d Cir. 2012) (summary order), the Second Circuit found no duty to the plaintiff because the auditor did not know plaintiff's identity prior to his actual "investment" in the fund. In contrast, Plaintiffs here allege – and the facts established in discovery make clear – that Plaintiffs were identified and known to Citco prior to their investments in the Funds. Citco received investors' subscription requests, including name, country of residence, telephone number, fax number, and email address, which Citco, in turn, sent to "FGG-NY" to decide whether to accept the investor into the Fund. Citco does not – because it cannot – deny this dispositive fact.

Instead, Citco argues that it did not know the identity of investors before they "made their investment decisions" or before they "had already decided to invest in the funds." Letter at 3. However, this is not the standard. *Credit Alliance* does not require that a service provider know an investor's identity before they "decide" to invest – whenever that indefinable moment might occur – and Citco cites no authority for its self-serving interpretation. Rather, as the Second Circuit makes clear, *Credit Alliance* requires only that a service provider know an investor's identity "prior to his investment in [the fund]." *Stephenson*, 482 F. App'x at 622. *See Anwar II*, 728 F. Supp. 2d at 424, 434 (quoted in Dkt. no. 1255 at 2-3). That circumstance exists here and, in any event, to the extent Citco wishes to advance this argument, it can do so at summary judgment.

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiffs on Anwar.
> SO ORDERED.
> 5-13-14
> DATE   VICTOR MARRERO, U.S.D.J.

Respectfully yours,

David A. Barrett

---

January 29, 2014, Plaintiffs' expert presented damages calculations that both included and excluded initial purchases, and she was deposed concerning both sets of calculations.