```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
PASHA S. ANWAR, et al.,             :   09 Civ. 0118 (VM)
                    Plaintiffs,     :
                                    :   ORDER
     - against -                    :
                                    :
FAIRFIELD GREENWICH LIMITED,        :
et al.,                             :
                    Defendants.     :
------------------------------------X
```

**VICTOR MARRERO**, United States District Judge.

By Order dated March 27, 2014 (Dkt. No. 1256) (the "2014 Order"), the Court clarified that in the Decision and Order dated August 6, 2012 (Dkt. No. 910) (the "2012 Order"), the Court dismissed all of Plaintiffs' negligence-based initial investment claims against all of the defendants who were included in the defined term "Defendants" in the 2012 Order. (Dkt. No. 910, at 1-2.) This defined term included defendants The Citco Group Ltd.; Citco Fund Services (Europe) B.V.; Citco (Canada) Inc.; Citco Global Custody N.V.; Citco Bank Nederland, N.V., Dublin Branch; and Citco Fund Services (Bermuda) Ltd. (collectively, the "Citco Defendants").

Following the 2014 Order, the Court received the letter from Plaintiffs dated April 17, 2014 (Dkt. No. 1260) requesting a pre-motion conference to address Plaintiffs' proposed motion to amend the Second Consolidated Class

-1-

Action Complaint ("SCCAC") to reassert negligence-based initial investments claims against the Citco Defendants. The Court also received letters from the Citco Defendants dated April 17, April 23, and April 24, 2014 (Dkt. Nos. 1264, 1263 and 1266, respectively) opposing Plaintiffs' proposed motion, as well as the reply letter from Plaintiffs dated April 24, 2014 (Dkt. No. 1265) in further support of Plaintiffs' proposed motion.

The Court's dismissal of Plaintiffs' negligence-based initial investment claims was without prejudice. In the 2012 Order, the Court noted that "[s]uch claims may be repled only if Plaintiffs -- either as individuals or as members of a certified class -- can show that they were, in fact, known to the Defendants prior to their initial investment in the Funds." (Dkt. No. 910 at 9.) Plaintiffs now propose amending the SCCAC "to clarify allegations showing that Plaintiffs were known to the Citco Administrators prior to their initial investments" (Dkt. No. 1260 at 2) and to "demonstrate that prior to Plaintiffs' initial investment in the Funds, Citco Administrators . . . engaged in linking conduct including communications with investors." (Id. at 3; see id. Exh. A ¶¶ 335(a)-(c).) Plaintiffs claim that "the proposed amendments . . . are now strongly supported by evidence

obtained through discovery." (<u>Id.</u> at 3.) Specifically, Plaintiffs allege that prior to Plaintiffs' investments, Citco received investors' subscription requests, including name, country of residence, and various forms of contact information -- which allegations Plaintiffs claim were established in discovery. (Dkt. No. 1265 at 2.) The Court is persuaded that such facts provide the proper basis for Plaintiffs to satisfy the conditions for repleading, as set forth in the 2012 Order.

The Court finds that an amendment to the SCCAC would not unduly prejudice the Citco Defendants because the proposed amendments are based on operative facts that have already been the subject of fact discovery. Insofar as the Citco Defendants can make a sufficient showing that amendment of the SCCAC at this time would give rise to additional expert discovery, the Court will consider a request for an extension of the deadline for expert discovery demonstrating the nature and scope of such supplemental expert discovery necessary by reason of Plaintiffs' amendment of the SCCAC at this time.

Accordingly, it is hereby

**ORDERED** that Plaintiffs are granted leave to amend the Second Consolidated Class Action Complaint ("SCCAC") to reassert negligence-based initial investment claims against

defendants The Citco Group Ltd.; Citco Fund Services (Europe) B.V.; Citco (Canada) Inc.; Citco Global Custody N.V.; Citco Bank Nederland, N.V., Dublin Branch; and Citco Fund Services (Bermuda) Ltd. (collectively, the "Citco Defendants"); and it is further

**ORDERED** that the Citco Defendants may request an extension of the expert discovery deadline upon a sufficient showing of the nature and scope of such expert discovery necessary by reason of Plaintiffs' amendment of the SCCAC at this time.

**SO ORDERED.**

Dated:   New York, New York
         13 May 2014

                                    /s/ Victor Marrero
                                    Victor Marrero
                                    U.S.D.J.