UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>FAIRFIELD GREENWICH LIMITED, *et al.*,<br><br>　　　　　　　　Defendants.<br><br>This Document Relates To: All Actions | Master File No. 09-cv-118 (VM) |

**ANSWER OF DEFENDANT CITCO FUND SERVICES (BERMUDA) LIMITED TO AMENDED PARAGRAPHS 180 AND 335 IN PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**

Defendant Citco Fund Services (Bermuda) Limited ("Citco Bermuda"), by and through undersigned counsel, hereby files this Answer to amended paragraphs 180 and 335 in Plaintiffs' Second Consolidated Amended Complaint ("SCAC"):

180.　　　Citco Bermuda denies the allegations set forth in paragraph 180 of the SCAC, except admits that the Fairfield Greenwich Group and the other Fairfield Defendants were responsible for the contents of the Funds' private placement and confidential offering memoranda and the Funds' marketing materials, and further responds that to the extent paragraph 180 states a legal conclusion, no response is required.

　　　　　a.　Citco Bermuda denies the allegations set forth in paragraph 180(a) of the SCAC, except responds that to the extent paragraph 180(a) states a legal conclusion, no response is required, and further refers the Court to the

  subscription materials referenced herein for a complete and accurate statement of their contents.

b. Citco Bermuda denies the allegations set forth in paragraph 180(b) of the SCAC.

c. Citco Bermuda denies the allegations set forth in paragraph 180(c) of the SCAC, except Citco Bermuda denies information and knowledge sufficient to form a belief as to whether the referenced individuals were based out of Fairfield Greenwich Group headquarters in New York, and further refers the Court to the referenced 2002 email for a complete and accurate statement of its contents.

d. Citco Bermuda denies the allegations set forth in 180(d) of the SCAC, except refers the Court to the referenced document for a complete and accurate statement of its contents.

e. Citco Bermuda denies the allegations set forth in paragraph 180(e) of the SCAC, except admits that, during the time period they served as administrators, Citco (Canada) Inc. ("CCI") and Citco Fund Services (Europe) B.V. ("CFSE") would issue contract notes, and that CCI and CFSE completed certain Know-Your-Customer and Anti-Money-Laundering procedures on potential fund subscribers.

f. Citco Bermuda denies the allegations set forth in paragraph 180(f) of the SCAC, except admits that "Citco" was not the seller of interests in the Funds, and further refers the Court to the subscription agreements referenced herein for a complete and accurate statement of their contents.

    g. Citco Bermuda denies the allegations set forth in paragraph 180(g), except refers the Court to the subscription agreements referenced herein for a complete and accurate statement of their contents.

    h. Citco Bermuda denies the allegations in paragraph 180(h) of the SCAC, and further responds that to the extent paragraph 180(h) states a legal conclusion, no response is required.

335.    Citco Bermuda denies the allegations set forth in paragraph 335 of the SCAC, except admits that, during the time period CFSE and CCI served as administrators, the number of shares that Plaintiffs received in exchange for their investments was based on CCI's or CFSE's NAV calculations, and that Plaintiffs sent their subscription materials to one or more Citco Defendants.[1]

    a. Citco Bermuda denies the allegations set forth in paragraph 335(a) of the SCAC, except admits that, during the time period they served as administrators, CCI and CFSE received subscription documents from fund subscribers after fund subscribers had made their investment decision and issued contract notes after certain procedures had been completed by CCI and CFSE resulting in the acceptance of fund subscribers as fund investors. Citco Bermuda further refers the Court to the subscription documents referenced herein for a complete and accurate statement of their contents.

---

[1] Although Citco Bermuda provides an answer to Plaintiffs' new allegations, it notes that Plaintiffs' negligence based inducement causes of actions were dismissed against it pursuant to the Court's August 18, 2010 order and have not been re-instated.

b. Citco Bermuda denies the allegations set forth in paragraph 335(b) of the SCAC, except admits that, during the time period they served as administrators, CCI and CFSE performed certain NAV calculations and that the Funds' NAV, as calculated by CCI or CFSE, determined the number of shares allocable to fund investors for both initial and subsequent investments. Citco Bermuda further refers the Court to the Citco Fund Services Procedures Manual for a complete and accurate statement of its contents.

c. Citco Bermuda denies the allegations set forth in paragraph 335(c) of the SCAC, except admits that, during the time period they served as administrators, CCI and CFSE provided fund investors with monthly NAV statements. Citco Bermuda further refers the Court to the NAV statements and the referenced procedures manual for a complete and accurate statement of their contents.

Dated: New York, New York
June 4, 2014

        PAUL, WEISS, RIFKIND, WHARTON
         & GARRISON LLP
        1285 Avenue of the Americas
        New York, New York  10019-6064
        (212) 373-3000


By:       /s/  Andrew G. Gordon
    Andrew G. Gordon (agordon@paulweiss.com)

*Attorneys for Defendant Citco Fund Services (Bermuda) Limited*