# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM



*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

June 9, 2014

By Hand

Honorable Victor Marrero,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street,
                New York, New York 10007.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/14

Re:   *Anwar, et al.* v. *Fairfield Greenwich Ltd., et al.*, No. 09-CV-118
      (S.D.N.Y.) – Standard Chartered Cases

Dear Judge Marrero:

      We write on behalf of the Standard Chartered Defendants ("SCB") in connection with SCB's November 12, 2013 request for a pre-motion conference to dismiss all claims in the above-referenced actions pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") (Letter from S. Nelles, Dkt. No. 1226). In particular, we write to alert the Court that the Second Circuit has denied the petition for panel rehearing in *Trezziova v. Kohn (In re Herald, Primeo, & Thema Securities Litigation)*, 730 F.3d 112 (2d Cir. 2013). No. 12-156, slip op. at 3 (2d Cir. May 28, 2014) (enclosed as Exhibit A). The Second Circuit reaffirmed its prior holding that SLUSA barred state law claims brought against banks by investors in Madoff "feeder funds." The Second Circuit explained that although the Madoff feeder funds were not themselves "covered securities" under SLUSA, plaintiffs in *Trezziova* necessarily "'tried to take . . . an ownership position in' . . . [the] covered securities" that the feeder funds purported to purchase through Bernard L. Madoff Investment Securities LLC. *Trezziova*, slip op. at 8 (quoting *Chadbourne & Park LLP v. Troice*, 134 S. Ct. 1058, 1067 (2014)). Thus, SLUSA applied to bar plaintiffs' state law claims under the Supreme Court's recent decision in *Chadbourne*. *Id.* at 7-8; *see also* Letter from S. Nelles (Dkt. No. 1246).

      The Court will recall that the Standard Chartered Plaintiffs urged the Court to defer its consideration of SCB's request for a pre-motion conference until after the Supreme Court ruled in *Chadbourne* and the Second Circuit ruled on the pending petition for rehearing in *Trezziova*. (Nov. 19, 2013 Letter from R. Brodsky at 11-12 (Dkt. No. 1223).) With *Chadbourne* and *Trezziova* now decided, and for all the reasons set forth in SCB's prior submissions (and with reference to *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Dabit*, 547 U.S. 71 (2006) and *Romano v. Kazacos*, 609 F.3d 512 (2d Cir. 2010)), the Court should proceed to dismiss the

Honorable Victor Marrero                                                                                    -2-

Standard Chartered Cases.¹ SCB thus respectfully renews its request for judgment on the pleadings pursuant to SLUSA.²

                                                                                                    Respectfully submitted,

                                                                                                    Sharon L. Nelles /src

                                                                                                    Sharon L. Nelles

(Enclosure)

cc:     Standard Chartered Plaintiffs' Steering Committee (by e-mail)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Defendants Standard Chartered Bank.
>
> SO ORDERED.
>
> 6-10-14
> DATE            VICTOR MARRERO, U.S.D.J.

---

¹ SCB has articulated its positions in prior submissions to the Court, which are docket entries 1226, 1236 and 1246. The Standard Chartered Plaintiffs submitted letters on these issues at docket entries 1220, 1223, 1224, 1244 and 1249, as did the parties in the *Anwar* class action at docket entries 1225, 1227, 1247 and 1248.

² Under Section II.A of the Court's Individual Practices, the Standard Chartered Plaintiffs have two business days to respond to this letter. However, SCB understands that one of the members of the Standard Chartered Plaintiffs' Steering Committee, Mr. Richard E. Brodsky, is out of the office until June 10, 2014. In light of Mr. Brodsky's unavailability, SCB does not oppose the Court providing the Standard Chartered Plaintiffs until June 12, 2014 to respond.

# Exhibit A

12-156-cv(L)
Trezziova v. Kohn

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: April 5, 2013;   Petitions filed October 1, 2013;   Decided: May 28, 2014)

Docket No. 12-156-cv (L), 12-162 (Con)

*In re:* HERALD, PRIMEO, AND THEMA

DANA TREZZIOVA, NEVILLE SEYMOUR DAVIS,

*Plaintiffs-Appellants-Petitioners,*

REPEX VENTURES, S.A., ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED, SCHMUEL CABILLY, KOREA EXCHANGE BANK,

*Plaintiffs,*

—v.—

SONJA KOHN, PRIMEO SELECT FUND, PRIMEO EXECUTIVE FUND, HANNES SALETA, ERNST & YOUNG GLOBAL LIMITED, HSBC SECURITIES SERVICES (LUXEMBOURG) S.A., HSBC HOLDINGS PLC, BANK MEDICI, UNICREDIT, BANK AUSTRIA, PIONEER GLOBAL ASSET MANAGEMENT S.P.A., ALFRED SIMON, KARL E. KANIAK, HANS-PETER TIEFENBACHER, JOHANNES P. SPALEK, NIGEL H. FIELDING, JAMES E. O'NEILL, ALBERTO LAROCCA, DECLAN MURRAY, URSULA RADEL-LESZCYNSKI, MICHAEL

WHEATON, BA WORLDWIDE FUND MANAGEMENT, LTD., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LTD., BANK OF BERMUDA (CAYMAN) LIMITED, BANK OF BERMUDA (LUXEMBOURG) S.A., BANK OF BERMUDA LIMITED, ERNST & YOUNG (CAYMAN), ALBERTO BENBASSAT, STEPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, GERALD J.P. BRADY, JOHN HOLLIWELL, SONJA KOHN, DANIEL MORRISSEY, DAVID T. SMITH, WERNER TRIPOLT, BANK MEDICI AG, UNICREDIT SPA, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (IRELAND) LTD., HSBC HOLDINGS PLC, PRICEWATERHOUSECOOPERS INTERNATIONAL LTD., PRICEWATERHOUSECOOPERS (DUBLIN), PRICEWATERHOUSECOOPERS LLP, PRICEWATERHOUSECOOPERS BERMUDA, THEMA ASSET MANAGEMENT LIMITED, BA WORLDWIDE FUND MANAGEMENT LIMITED, PETER MADOFF, ANDREW MADOFF, MARK MADOFF, WILLIAM FRY, JPMORGAN CHASE & CO., BANK OF NEW YORK MELLON, HERALD (LUX), MESSRS. FERDINAND BURG AND CARLO REDING, THE COURT APPOINTED LIQUIDATORS FOR HERALD (LUX), HERALD ASSET MANAGEMENT LIMITED, UNICREDIT BANK AUSTRIA AG, HERALD USA FUND, ERNST & YOUNG S.A., FRIEDRICH PFEFFER, FRANCO MUGNAI, THEMA INTERNATIONAL FUND PLC,

*Defendants-Appellees-Respondents,*

BERNARD L. MADOFF, BERNARD L. MADOFF INVESTMENT SECURITIES, BANK MEDICI S.A., PETER SCHEITHAUER, HERALD USA FUND, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PIONEER ALTERNATIVE INVESTMENTS, HSBC SECURITIES SERVICES, S.A., HAML, PAUL DE SURY, GABRIEL SAFDIE, WILLIAM A. JONES, HELMUTH E. FREY, ANDREAS PIRKNER, RICHARD GODDARD, ERNST & YOUNG, FRIEHLING & HOROWITZ,

*Defendants.*

---

Before:

PARKER and CARNEY, *Circuit Judges*, and RAKOFF, *District Judge.*[*]

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

2

---

Plaintiffs-Appellants Neville Seymour Davis and Dana Trezziova filed petitions seeking panel rehearing or rehearing en banc of both this panel's opinion concerning SLUSA and its related summary order concerning *forum non conveniens*. Because we did not misapprehend or overlook any point of law or fact and because the intervening Supreme Court ruling concerning SLUSA, *Chadbourne & Park LLP v. Troice*, 134 S. Ct. 1058 (2014), confirms our opinion's logic and holding, we deny the petitions for panel rehearing.

---

Appearances:

>ERIC ALLEN ISAACSON (Joseph D. Daley, Robbins Geller Rudman & Dowd LLP; Francis A. Bottini, Jr., Albert Y. Chang, Bottini & Bottini, Inc.), Robbins Geller Rudman & Dowd LLP, San Diego, CA, *for Plaintiff-Appellant-Petitioner Neville Seymour Davis*.

>PATRICE L. BISHOP, Stull, Stull & Brody, Beverly Hills, CA, *for Plaintiff-Appellant-Petitioner Dana Trezziova*.

>ANDREW RHYS DAVIES (Laura R. Hall), Allen & Overy LLP, New York, NY, *for Defendant-Appellee-Respondent JPMorgan Chase & Co.*

>LEWIS J. LIMAN (Jeffrey A. Rosenthal), Cleary Gottlieb Steen & Hamilton LLP, New York, NY, *for Defendant-Appellee-Respondent The Bank of New York Mellon Corporation*.

3

THOMAS G. RAFFERTY (Antony L. Ryan), Cravath, Swaine & Moore LLP, New York, NY, *for Defendant-Appellee-Respondent PricewaterhouseCoopers (Dublin) on behalf of the "Forum Non Conveniens Defendants."*

Thomas J. Moloney, David E. Brodsky, Cleary Gottlieb Steen & Hamilton LLP, New York, NY, *for Defendants-Appellees-Respondents HSBC Holdings plc, HSBC Securities Services (Ireland) Limited, HSBC Institutional Trust Services (Ireland) Limited, and HSBC Securities Services (Luxembourg) S.A.*

Michael E. Wiles, Debevoise & Plimpton LLP, New York, NY, *for Defendants-Appellees-Respondents Alberto Benbassat, Stephane Benbassat, Genevalor, Benbassat & Cie, Gerald J.P. Brady, Daniel Morrissey, David T. Smith, Thema Asset Management Limited, and Thema International Fund plc.*

William R. Maguire, Marc A. Weinstein, Hughes Hubbard & Reed LLP, New York, NY, *for Defendant-Appellee-Respondent Ernst & Young (Cayman).*

Michael S. Flynn, Davis Polk & Wardwell LLP, New York, NY, *for Defendant-Appellee-Respondent PricewaterhouseCoopers LLP.*

Sanford M. Litvack, Dennis H. Tracey, III, Lisa J. Fried, Hogan Lovells US LLP, New York, NY, *for Defendant-Appellee-Respondent PricewaterhouseCoopers Bermuda.*

Jay P. Lefkowitz, Joseph Serino, Jr., David S. Flugman, Kirkland & Ellis LLP, New York, NY, *for Defendants-Appellees-Respondents Herald USA Fund, Franco Mugnai, and Friedrich Pfeffer.*

Jeff G. Hammel, Maria A. Barton, Latham & Watkins LLP, New York, NY, *for Defendant-Appellee-Respondent Hannes Saleta.*

Richard A. Martin, Katherine L. Maco, Alison K. Roffi, Orrick Herrington & Sutcliffe LLP, New York, NY, *for Defendant-Appellee-Respondent Ernst & Young S.A.*

Claudius O. Sokenu, John Gueli, Shearman & Sterling LLP, New York, NY, *for Defendant-Appellee-Respondent Ernst & Young Global Limited.*

Franklin B. Velie, Jonathan G. Kortmansky, Mitchell C. Stein, Sullivan & Worcester LLP, New York, NY, *for Defendant-Appellee-Respondent UniCredit Bank Austria AG.*

Price O. Gielen, Nathan Daniel Adler, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., Baltimore, MD, *for Defendant-Appellee-Respondent Sonja Kohn.*

Brett S. Moore, Porzio Bromberg & Newman P.C., New York, NY, *for Defendant-Appellee-Respondent Herald (LUX) by and through Messrs. Ferdinand Burg and Carlo Reding, the Court-Appointed Liquidators for Herald (LUX).*

Susan L. Saltzstein, Marco E. Schnabl, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, *for Defendant-Appellee-Respondent UniCredit S.p.A.*

Mitchell J. Auslander, James C. Dugan, Wilkie Farr & Gallagher LLP, New York, NY, *for Defendant-Appellee-Respondent William Fry.*

Fraser L. Hunter, Jr., Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, *for Defendant-Appellee-Respondent PricewaterhouseCoopers International Ltd.*

PER CURIAM:

On September 16, 2013, this Court filed an opinion affirming the judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*), which dismissed the plaintiffs' state-law claims against defendants JPMorgan Chase & Co. and Bank of New York Mellon Corporation as precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f). *In re Herald, Primeo, and Thema*, 730 F.3d 112 (2d Cir. 2013) (holding that SLUSA precludes state-law class action claims against these banks because the claims are predicated on the banks' involvement with the fraudulent securities transactions of Bernard L. Madoff Investment Securities ("Madoff Securities")). Simultaneously, this Court filed a summary order affirming the District Court's dismissal of claims against the remaining defendants on the ground of *forum non conveniens*. *In re Herald, Pimeo, and Thema*, 540 F. App'x 19 (2d Cir. 2013).

Plaintiffs-Appellants Dana Trezziova and Neville Seymour Davis filed petitions seeking panel rehearing and rehearing en banc of both the SLUSA opinion and the *forum non conveniens* summary order. In view of the Supreme

6

Court's grant of certiorari to an appeal from a Fifth Circuit judgment concerning the reach of SLUSA, we postponed a decision on these petitions. Now that we have reviewed the resulting Supreme Court opinion, *Chadbourne & Park LLP v. Troice*, 134 S. Ct. 1058 (2014), and received briefing from the parties concerning its effect on *In re Herald*, the petitions are ripe for determination. Because the fraud perpetrated by Madoff Securities was "material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security,' " *Troice*, 134 S. Ct. at 1066, the Supreme Court's ruling confirms the logic and holding of *In re Herald*. Accordingly, we deny the petitions.

*Troice* clarifies the scope of SLUSA by delineating an outer limit to its requirement that the fraud be "in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1). Specifically, *Troice* arose from the scheme by Allen Stanford to induce victims to purchase certificates of deposit of the Stanford Investment Bank, certificates that were rendered worthless when Stanford's Ponzi scheme was revealed. But those certificates of deposit were indisputably not "covered securities," and the closest that the plaintiffs in *Troice* could get to statutorily defined "covered securities" was the allegation that Stanford induced purchase of the uncovered securities by, among other

7

misrepresentations, vague promises that the Stanford Investment Bank had significant holdings in various covered securities.

This, the Supreme Court held, was too remote. The plaintiffs in *Troice* were not seeking, directly or indirectly, to purchase covered securities. *See Troice*, 134 S. Ct. at 1062. Thus, a plaintiff in *Troice* was entirely distinguishable from "a victim who took, *tried to take*, or maintained an ownership position in the statutorily relevant securities through 'purchases' or 'sales' induced by the fraud." *Id.* at 1067 (emphasis supplied).

Madoff Securities, by contrast, fraudulently induced attempted investments in covered securities, albeit through feeder funds (not alleged in the instant complaints as anything other than intermediaries), and the defendant banks are alleged to have furthered that scheme. Madoff Securities' victims thus "tried to take ... an ownership position in the statutorily relevant securities," *i.e.*, covered securities. That Madoff Securities (a Ponzi scheme) fraudulently failed to follow through on its promise to place the investments in covered securities does not in any respect remove this case from the ambit of SLUSA as defined in *Troice*.

We have considered the other arguments raised in the petitions, and they are without merit. Accordingly, we DENY the petitions for panel rehearing.