Country Q&A **The Netherlands**

# The Netherlands

Michel Deckers and Berth Brouwer, Boekel De Nerée



*www.practicallaw.com/7-381-1946*

## TYPES OF DISPUTE RESOLUTION

**1.  Please give a brief overview of the main dispute resolution methods used in your jurisdiction to settle large commercial disputes, identifying any recent trends.**

Large commercial disputes in The Netherlands are generally resolved through court litigation or arbitration.

### Court litigation

The courts have wide experience in handling large and complex commercial disputes. Court proceedings are governed by the Dutch Civil Code (DCC), the Dutch Code on Civil Procedure (DCCP) and court regulations.

### Arbitration

Arbitration is also commonly used to resolve complex commercial disputes. The DCCP provides for regulations on arbitration. Parties can also decide to apply regulations issued by permanent arbitration institutes.

## COURT LITIGATION - GENERAL

**2.  What limitation periods apply to bringing a claim and what triggers a limitation period? Please briefly set out any different rules for particular areas of law relevant to large commercial disputes, for example contract, tort and land disputes.**

The DCC sets out the law on limitation periods. A claim expires after 20 years, unless the law prescribes otherwise (*Article 3:306, DCC*). The right to claim the performance of a contractual obligation to give or to do something expires five years after the date the cause of action arises (*Article 3:307 – 310, DCC*).

### Contract

A claimant can file a claim under a contract, regardless of whether damage has occurred. The cause of action accrues on the date of the breach of contract and the five-year limitation period (*see above*) runs from this date.

**Compensation**. A claim for compensation or to pay a penalty must be made within five years of the day following the day the claimant becomes aware of:

- The damage (or of the fact that the claimant could demand a penalty).

- The identity of the person responsible.

In any event the claim must be made within 20 years after the event which caused the damage.

### Interruption

A limitation period can be interrupted by (*Article 3:316, DCC*):

- Legal action (initiating proceedings).

- Any act of judicial recourse instituted in a legally required form or in the form agreed by the parties.

- Written warnings (in certain circumstances).

**3.  Please give a brief overview on the structure of the court where large commercial disputes are usually brought. Are certain types of dispute allocated to particular divisions of this court (for example, IP, competition or maritime disputes)?**

Large commercial disputes are generally brought before the district courts. Each division covers a variety of different areas of law.

In addition, there are a number of specialist courts for particular types of dispute:

- The Appeal Court of The Hague (*Gerechtshof Den Haag*) has exclusive jurisdiction to hear actions concerning general terms and conditions (*Article 6:241, DCC*).

- Declaring a contract for collective compensation of damage binding (*Article 1013 lid 3, DCCP*). The Amsterdam Court of Appeal (*Gerechtshof Amsterdam*) has exclusive jurisdiction to hear requests for the court to declare a contract for compensation for damage caused by an event (or similar events) binding (*7:907 lid 1, DCC*).

- If prescribed by law, the Enterprise Section of the Amsterdam Court of Appeal has jurisdiction over disputes and research concerning enterprises. (For example, investigation proceedings (*Article 2:344 – 3: 359, DCC*)).

- The court in the district of Rotterdam is competent to hear appeals against decisions under the Competition Act (*Article 93,1 Competition Act*). This applies to appeals against a decision to impose a fine. Appeal in cases concerning the Competition Act is possible at the Trade and Industry Appeals Tribunal.

The answers to the following questions relate to procedures that apply in The Netherlands.

© This chapter was first published in the PLC Cross-border Dispute Resolution Handbook 2008/09 Volume 1 and is reproduced with the permission of the publisher, Practical Law Company. For further information or to obtain copies please contact jennifer.mangan@practicallaw.com, or visit www.practicallaw.com/disputehandbook.

Cited in Anwar v Fairfield Greenwich 09Civ0118 Decided 11/8/13 Archived on 11/18/13 This document is protected by copyright. Further reproduction is prohibited without permission.

Country Q&A

**4. Which types of lawyers have rights of audience to conduct cases in courts where large commercial disputes are usually brought and what requirements must they meet? Can foreign lawyers conduct cases in these courts?**

Any lawyer registered at the bar is allowed to conduct cases throughout The Netherlands at the district and appeal courts, using local counsel. In civil procedures only lawyers registered at the bar of a district are allowed to conduct cases there. Lawyers of other districts must use the services of local counsel in another district. Only lawyers registered in The Hague have the right to appeal to the Supreme Court (of The Netherlands), the court of cassation.

## FEES AND FUNDING

**5. What legal fee structures can be used? For example, hourly rates, task-based billing, and conditional or contingency fees? Are fees fixed by law?**

There is no scale fee for commercial litigation. Dutch lawyers generally bill based on hourly rates in commercial litigation.

It is possible to enter into a conditional fee agreement, but not for the entire amount of the fee.

The court has discretion to order that costs are payable by one party to another. It can also determine the amount of the costs and decide when they are to be paid. This is only a fixed amount, and usually does not represent the lawyer's actual fee (*see Question 21*).

**6. How is litigation usually funded? Can third parties fund it? Is insurance available for litigation costs?**

### Funding

Commercial litigation is usually funded by the litigating party, often on the basis of advance payment and subsequent calculations.

There is no regulation to prohibit third parties from funding litigation.

### Insurance

An insurance policy to cover legal fees is possible. Legal assistance insurance always covers legal costs and most policies allow a lawyer chosen by the client.

## COURT PROCEEDINGS

**7. Are court proceedings confidential or public? If public, are the proceedings or any information kept confidential in certain circumstances?**

Court proceedings are public. However, the judge may decide in some instances that the hearing, or part of the hearing, is confidential (*Article 27, DCCP*).

**8. Does the court impose any rules on the parties in relation to pre-action conduct? If yes, are there penalties for failing to comply?**

The court does not impose any rules in relation to pre-action conduct.

**9. Please briefly set out the main stages of typical court proceedings, including the time limits (if any) for each stage, any penalties for non-compliance and the role of the courts in progressing the case. In particular:**

■ **How a claim is started.**

■ **How the defendant is given notice of the claim and when the defence must be served.**

■ **Subsequent stages.**

### Starting proceedings

Proceedings start in different ways, depending on the claim. Main proceedings start with a writ of summons or an application.

**Summons proceedings.** This (most common) procedure starts when a writ of summons is served on the defendant. The defendant is notified about the claim and when to appear in court. Article 111 DCCP lists the criteria the summons must fulfil, in particular, that the summons must set out all arguments and evidence on which the claimant intends to rely.

Service of the writ must be arranged by the claimant and is usually executed by a bailiff. After the writ is served on the defendant, it must be registered with the court.

After the first court date, the defendant is usually granted a period of six weeks to file its defence. The statement of defence must set out all arguments and evidence on which the defendant intends to rely.

In principle, the written statements of the claimant and defendant are followed up by an appearance in court.

In certain circumstances, parties are allowed to submit a reply and rejoinder (for example, when the court does not give an order to appear because the issue is complex). Either party can request an oral hearing, but the court can deny this. It is quite common that judgments given in civil cases are based solely on the written statements submitted.

**Application proceedings.** Proceedings start by an application when required by law. The request to start proceedings must be clearly defined and arguments for it must be given. The request must be presented at the court registry. The judge decides the date and time for the request to be handled orally in court.

**Interlocutory proceedings.** Urgent situations where immediate provision is necessary can qualify for interlocutory proceedings. Interlocutory proceedings start when the claimant issues the defendant a writ of summons. There is no exchange of written documents in interlocutory proceedings. The defendant can put forward a defence at a hearing. Usually it takes about four to eight weeks for the court to deliver its decision. The judge can impose an order

© This chapter was first published in the PLC Cross-border Dispute Resolution Handbook 2008/09 Volume 1 and is reproduced with the permission of the publisher, Practical Law Company. For further information or to obtain copies please contact jennifer.mangan@practicallaw.com, or visit www.practicallaw.com/disputehandbook.

Cited in Anwar v Fairfield Greenwich
09Cv0118 Decided 11/8/13
Archived on 11/18/13
This document is protected by copyright.
Further reproduction is prohibited without permission.

to do something or to refrain from something, if necessary and requested, subject to a penalty (an incentive to comply with the order). A penalty cannot be imposed for monetary claims.

### Notice to the defendant

In proceedings commenced by an application, the court notifies the defendant. In proceedings commenced by a summons, the claimant notifies the defendant.

### Subsequent stages

Further appeal is possible after a judgment in the first instance, unless the law states otherwise.

## INTERIM REMEDIES

**10. What actions can a party bring for a case to be dismissed before a full trial (for example, summary judgment or for a claim to be struck out)? On what grounds must such a claim be brought? Please briefly outline the procedure that applies.**

Procedural law determines whether or not a plaintiff is entitled to the interim remedy requested in interlocutory proceedings. Preliminary relief or injunction orders granted in interlocutory proceedings (before the President of the District Court) must not be declaratory or constitutive judgments. The provisional judgment cannot prejudice the claims that are at stake. In principle, interim remedies are provisional (for example, contract termination is not possible). It is therefore impossible for a court to dismiss a case entirely prior to a full trial.

**11. Can a defendant apply for an order for the claimant to provide security for its costs? If yes, on what grounds?**

Claimants with a non-EU residence can be asked to provide security for legal costs. Only a defendant who has no domicile or place of business in The Netherlands or the EU can be asked for security for costs.

**12. In relation to interim injunctions granted before a full trial:**

■ **Are they available and on what grounds are they granted?**

■ **Can they be obtained without prior notice to the defendant and on the same day in urgent cases?**

■ **Are mandatory interim injunctions to compel a party to do something available in addition to prohibitory interim injunctions to stop a party from doing something?**

Pending proceedings, both parties can request an interim injunction. This request has to be related to the principal claim in the main proceedings.

The requesting party must prove a pressing interest in the interim injunction being granted. The judge may summon parties for a hearing. The decision is a provisional judgment against which appeal is available.

### Prior notice

In principle, interim injunctions cannot be obtained without prior notice to the defendant. If the defendant fails to appear, the case is still heard. Interim attachment orders (*see below, Question 13*) can be obtained unilaterally.

Interim injunctions can be obtained on the same day through inter-locutory proceedings only in extremely urgent cases.

### Types of injunction

There are three types of injunction:

■ Mandatory, ordering the defendant to do something.

■ Prohibitory, ordering the defendant to refrain from doing something.

■ *Quia timet*, ordering the defendant to act so as to prevent harm occurring.

These injunctions can be final or interim and can be awarded conditionally or unconditionally. Usually conditions (such as a time span) are attached to the injunction.

**13. In relation to interim attachment orders to preserve assets pending judgment or a final order (or equivalent):**

■ **Are they available and on what grounds must they be brought?**

■ **Can they be obtained without prior notice to the defendant and on the same day in urgent cases?**

■ **Do the main proceedings have to be in the same jurisdiction?**

■ **Does attachment create any preferential right or lien in favour of the claimant over the seized assets?**

■ **Is the claimant liable for damages suffered as a result of the attachment?**

■ **Does the claimant have to provide security?**

An attachment order (for example, a freezing order) is a frequently used interim injunction. In general, attachment orders are easily obtained. A party must bring forward a claim, which has to be briefly substantiated and the items to be attached must be specified. Normally the main proceedings must be commenced within two weeks after the attachment is made.

The President of the District Court must give leave for a pre-judgment attachment. There are rules for different kinds of pre-judgment attachments, such as:

■ Attachments on a claim for money or movable goods.

■ Attachments on registered shares and securities.

■ Attachment by garnishment (where property owed to a debtor and in the control of a third party is attached).

Country Q&A

© This chapter was first published in the PLC Cross-border Dispute Resolution Handbook 2008/09 Volume 1 and is reproduced with the permission of the publisher, Practical Law Company. For further information or to obtain copies please contact jennifer.mangan@practicallaw.com, or visit www.practicallaw.com/disputehandbook.

- Attachment under the petitioner.

- Attachment on immovable goods.

Pre-judgment attachment against debtors with no known residence in The Netherlands is possible when the applicable rules for the relevant pre-judgment attachment are followed. It is not necessary to demonstrate a well-founded fear of disappearance or embezzlement. When the claimant and the defendant reside outside the EU but the item to be attached is situated in The Netherlands, attachment is possible. Subsequently, the main case falls within the jurisdiction of the Dutch court due to the attachment.

### Prior notice

Attachment orders can be obtained without prior notice to the defendant. They can be available on the same day as the application.

### Jurisdiction

The main proceedings do not have to be in the jurisdiction where the attachment orders are obtained. The location of the object to be attached decides the jurisdiction in which the interim attachment order must be handled.

### Preferential rights

An attachment order does not create any preferential rights or liens for the claimant over the seized assets. It only secures the remedy.

### Liability

The claimant can be held liable for the damages caused by the attachment only when the attachment proves to be a wrongful act (for example, with no legal basis or for too large an amount of money).

### Security

Very rarely the claimant must provide security. A security interest is created as the judgment debtor is unauthorised to transfer or sell the attached item or claim.

---

**14. Are any other interim remedies commonly available and obtained? If yes, please give brief details.**

---

See *Question 12*.

## FINAL REMEDIES

---

**15. What remedies are available at the full trial stage (for example, damages and injunctions)? Are damages just compensatory or can they also be punitive?**

---

### Declaratory judgment

In a declaratory judgment the court declares the rights, duties and status of the parties, therefore enabling them to resolve any uncertainties.

### Constitutive judgment

A constitutive judgment changes or neutralises a situation, or creates a new one. For example, a contract can be (partially) terminated, amended or declared void.

### Condemnatory judgment

This judgment sentences a party. The judge can order or prohibit anything within the limits set by law or contract. For instance, the judge can order a party to compensate another (by paying an amount of money, by repairing the damage or by authorising the claimant to pay). Damages awarded are only compensatory, not punitive (*DCC*).

## EVIDENCE

---

**16. What documents must the parties disclose to the other parties and/or the court? Are there any detailed rules governing this procedure?**

---

There is no pre-trial disclosure. The claimant must state any evidence he has in support of his factual statements (including the list of witnesses) in the writ of summons. In some cases witnesses can be examined provisionally.

The claimant must set out the available evidence in the writ of summons. Failure to do so can lead to dismissal of the case. The judge can order parties to explain certain positions or to submit certain documents concerning the case (*Article 22, DCCP*). It is also possible for parties involved to order inspection of, or identical copies of, certain documents concerning a legal relationship in which the party or his predecessors are involved (*Article 843a, DCCP*).

---

**17. Are any documents privileged (that is, they do not need to be shown to the other party)? In particular:**

- **Would documents written by an in-house lawyer (local or foreign) be privileged in any circumstances?**

- **If privilege is not recognised, are there any other rules allowing a party not to disclose a document (for example, confidentiality)?**

---

### Privileged documents

Communications between lawyers are privileged and cannot be introduced as evidence in proceedings when the lawyer is registered at the Bar Association. Documents of a foreign lawyer are only confidential if so agreed by the parties.

### Other non-disclosure situations

There are no rules forcing a party to disclose a document but the judge may draw conclusions from the fact that documents are not produced.

© This chapter was first published in the PLC Cross-border Dispute Resolution Handbook 2008/09 Volume 1 and is reproduced with the permission of the publisher, Practical Law Company. For further information or to obtain copies please contact jennifer.mangan@practicallaw.com, or visit www.practicallaw.com/disputehandbook.

Country Q&A

**18. Do witnesses of fact give oral evidence or do they just submit written evidence? Is there a right to cross-examine witnesses of fact?**

Witnesses are heard only after the court orders a party to produce evidence in support of facts stated by that party which are deemed crucial for deciding on the case. Witnesses are heard before a delegated judge (*rechter-commissaris*). There is a right to cross examine witnesses. In addition, parties can introduce written statements of witnesses of fact as evidence.

**19. In relation to third party experts:**

- **How are they appointed (for example, are they appointed by the court or by the parties)?**

- **Do they represent the interests of one party or provide independent advice to the court?**

- **Is there a right to cross-examine (or reply to) expert evidence?**

- **Who pays the experts' fees?**

**Appointment procedure**

Experts are appointed by the court on its own authority or at a party's request. The court consults both parties and appoints the expert with the instruction to report to the court its findings or statement.

**Role of experts**

The expert must conduct his instructions impartially and to his best knowledge.

**Right of reply**

Parties have the right to cross-examine or reply to expert evidence.

**Fees**

Experts are entitled to wages and compensation, which must be advanced by the claimant. After final judgment has been delivered, the party which has been found to be in the wrong is ordered to pay the expert's fees (*see Question 21*).

## APPEALS

**20. In relation to appeals of first instance judgments in large commercial disputes:**

- **To which courts can appeals be made?**

- **What are the grounds for appeal?**

- **Please briefly outline the typical procedure and timetable.**

In general, any first instance judgment can be appealed. On appeal, the judgment is reassessed comprehensively. The appellant can object to the court's decision and can correct or complete his grounds argued in the first instance.

**Court**

The courts of appeal decide on judgments or orders of the district courts in civil cases that are open to appeal within their jurisdiction. There are nineteen district courts divided into five areas of courts of appeal. Every Dutch city is classed under a district. Which court of appeal is competent is determined by the district court that gave the judgment in the first instance.

**Grounds**

Contrary to an appeal in cassation (a procedure to review the legality and regularity of the judgment under appeal), the ability to reverse a judgment on appeal is not limited to certain legal grounds.

**Procedure and timetable**

In civil law proceedings usually start with a summons (summons proceedings). In some cases the law prescribes a different procedure starting with an application (*see Question 9*). The key elements in an appeal include:

- **Notice of appeal (summons).** An appeal against a first instance judgment must be lodged by summons within three months of the day after the judgment. The summons needs to meet the same requirements as in first instance proceedings (*see Question 9*) but need not contain the grounds for appeal.

- **Statement of grounds of appeal.** The appellant is given a term of six weeks (not counting postponements) to issue a statement of grounds of appeal. The appellant must set out the objections to the judgment in first instance, against which decisions the objections are aimed and on which grounds the objections are based. The appellant can expand or change his original claim.

- **Statement of answer in appeal.** After having received the statement of grounds of appeal, the respondent has a period of six weeks (not counting postponements) to issue a statement of answer in appeal. The respondent can lodge a cross-appeal in this statement. The appellant then has the right to answer in a statement of answer in cross-appeal.

- **Oral hearing.** After the statement of grounds of appeal and answer in appeal have been exchanged, parties do not have the right to reply or rejoinder. However, parties can ask for an oral hearing. In most large commercial cases, oral hearings are scheduled.

**21. Does the unsuccessful party have to pay the successful party's costs and how does the court usually calculate any costs award? What factors do the court consider when awarding costs (for example, any pre-trial offers to settle)?**

In summons proceedings, the unsuccessful party is given an order for costs, that is, the party must pay the other party's legal costs. In the few proceedings that start with an application, the order for costs is at the discretion of the judge.

Country Q&A

© This chapter was first published in the PLC Cross-border Dispute Resolution Handbook 2008/09 Volume 1 and is reproduced with the permission of the publisher, Practical Law Company. For further information or to obtain copies please contact jennifer.mangan@practicallaw.com, or visit www.practicallaw.com/disputehandbook.

The costs award is determined by a fixed rate and consists of the lawyer's:

■   Fee (*see Question 5*).

■   Disbursements, including the:

□   court fee;

□   bailiff's costs (where bailiff's costs concern official acts such as serving a summons they are calculated according to tariffs determined by governmental decree);

□   disbursed costs of witnesses or experts (who are reimbursed for their actual expenses).

Extra-judicial costs can be claimed as financial loss, so far as they are not made before proceedings commence (*Article 6:96, DCC*). Extra-judicial costs made in connection with legal proceedings, for example the preparation of case documents, are part of the lawyer's fee.

---

**22. Is interest awarded on costs? If yes, how is it calculated?**

---

Statutory interest is due if payment of a sum is delayed (*DCC*). The statutory interest is calculated on the basis of the sum over the period that the debtor is in default. The statutory interest rate is determined by governmental decree and is a compound interest. In a trade agreement the contractual rate is applicable and due the day following the agreed final payment date. If there is no agreed final payment date, the DCC sets out the effective date of statutory interest. If the contractual interest is more than the valid statutory interest, contractual interest is due.

The court has no discretionary power to award interest. Parties must therefore claim statutory or contractual interest on their costs.

## ENFORCEMENT

---

**23. What are the procedures to enforce a local judgment in the local courts?**

---

If the defendant does not comply voluntarily, the bailiff can enforce the judgment at the claimant's request. Enforcement is possible with an enforceable order, being a bailiff's copy of the judgment with the header *In naam der Koningin*. This entitles the holder to enforcement throughout The Netherlands. The bailiff's copy of the judgment must be served on the defendant before enforcement is possible.

## CROSS-BORDER LITIGATION

---

**24. Do local courts respect the choice of law in a contract (that is, if the parties agree that the law of a foreign jurisdiction will govern the contract)? If yes, are there any areas of law in your jurisdiction that apply to the contract despite the choice of law?**

---

In principle, parties can choose the applicable law in a contract and local courts respect this choice. The Supreme Court has, however, stipulated three criteria for the choice of law. It:

■   Is only allowed if the agreement has "an international character".

■   Is only allowed if the law does not state otherwise. This restriction covers Dutch intellectual property right (IPR) priority rules and specific rules of conflict that (wholly or partially) exclude a choice of law.

■   Can be restricted by foreign IPR priority rules.

The Netherlands is party to the Rome Convention on the law applicable to contractual obligations (1980/934/EEC) (Rome Convention). On the basis of the Rome Convention, parties are free to choose the law governing a contract (subject to some restrictions mentioned in the Rome Convention).

If a party breaks off contractual negotiations, it can be a wrongful act in tort law. The choice of law is then governed by the Unlawful Act (Conflict of Laws) Act (WCOD) 2001. The tort is then governed by the law of the agreement, had it been concluded, or by the law of the country where negotiations were broken off.

The Netherlands is party to the United Nations Convention on Contracts for the International Sale of Goods (1980) (CISG). The CISG can apply to international contracts of sale of movable property if the contract falls within the CISG's scope, or if parties have agreed that it applies.

---

**25. Do local courts respect the choice of jurisdiction in a contract (that is, if the parties agree that claims will be brought in the courts of a foreign jurisdiction)? Do local courts claim jurisdiction over a dispute in some circumstances, despite the choice of jurisdiction?**

---

In principle, local courts respect the choice of jurisdiction in a contract. However, choice of a foreign jurisdiction in employment or consumer contracts is only respected when the agreement has been made after the dispute has arisen, or the employee or consumer is the party invoking the choice of jurisdiction in the contract (*Article 8, DCCP*).

In a case that has no foreign elements whatsoever, it is possible for the Dutch courts to claim jurisdiction despite the parties' choice of jurisdiction.

The Supreme Court has stipulated three restrictions on the choice of jurisdiction. A choice of jurisdiction:

■   Is not allowed if treaty or statutory provisions specifically regulating the court's jurisdiction do not allow the choice of jurisdiction.

■   Is in general not allowed in cases that relate to public order (for example, divorce).

■   That appoints a Dutch court needs a reasonable interest in doing so (for example, neutrality, expertise in the subject matter of the dispute, or legal certainty).

The Netherlands is party to Regulation (EC) No. 44/2001 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters (Brussels Regulation). If the

© This chapter was first published in the PLC Cross-border Dispute Resolution Handbook 2008/09 Volume 1 and is reproduced with the permission of the publisher, Practical Law Company. For further information or to obtain copies please contact jennifer.mangan@practicallaw.com, or visit www.practicallaw.com/disputehandbook.

Cited in Anwar v Fairfield Greenwich
0gCiv0118 Decided 11/8/13
Archived on 11/18/13
This document is protected by copyright.
Further reproduction is prohibited without permission.

matter falls within the scope of the Brussels Regulation, parties can choose jurisdiction if one of the parties has residence or a place of business in a member state. The freedom to choose a jurisdiction by agreement is limited by the restrictions mentioned in the Brussels Regulation.

A Dutch judge can be competent in interlocutory proceedings even when a foreign court has jurisdiction on the substance of the matter (*Article 31, Brussels Regulation*).

---

**26. If a foreign party obtains permission from its local courts to serve proceedings on a party in your jurisdiction, please briefly outline the procedure to effect service in your jurisdiction. Is your jurisdiction party to any international agreements affecting this process?**

---

The Netherlands is party to Regulation (EC) No. 1348/2000 on the service in the member states of judicial and extra-judicial documents in civil or commercial matters (Service Regulation) and to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters 1965 (Hague Service Convention).

Service in The Netherlands of proceedings in EU member states can be made as follows (*Service Regulation*):

- Every member state has appointed a transmitting and receiving agency (in The Netherlands the bailiffs). The transmitting agent of a member state must send the service documents with a request for service to a Dutch bailiff (in English or Dutch). The bailiff takes care of the service of the document according to Dutch law, or in the form requested by the transmitting agency (if compatible with Dutch law). A list of Dutch bailiffs is available at *http://ec.europa.eu/justice_home/judicialatlascivil/html/ds_information_en.htm*.

- The Netherlands allows an EU member state to serve judicial documents directly through its diplomatic or consular agents.

- The Netherlands accepts service of judicial documents by post on the following terms:

  - direct service by post on people in The Netherlands must be by registered letter;

  - documents sent by post to people residing in The Netherlands must be drafted in or translated into a language that the recipient understands.

In proceedings outside the EU, documents can be served in contracting states of The Hague Service Convention as follows:

- The contracting state addresses the central authority of The Netherlands by written request (in English or French). The central authority is the Public Prosecutor at the District Court of The Hague and, in cases heard or to be heard by the Supreme Court, it is the Supreme Court Procurator General at The Hague.

- Translation of documents is not required, but a translation of the summary of the document is desirable. Methods of service include:

  - **Formal service.** If the documents are to be served in the Court District of The Hague, the central authority sends them to a randomly selected bailiff, with the request to serve the documents on the person concerned. If the documents are to be served in another court district, the central authority sends them to the designated public prosecutor's office and requests service by a bailiff.

  - **Informal service.** Informal delivery works in the same way as formal service with regard to the authorities involved. Depending on where the documents are to be served, they are sometimes served via postal channels, by the police or by a member of the "documents service brigade".

  - **Service by a particular method.** The contracting state can request a particular method of service.

- The Netherlands allows a contracting state to serve judicial documents directly through its diplomatic or consular agents.

---

**27. Please briefly outline the procedure to take evidence from a witness in your jurisdiction for use in proceedings in another jurisdiction. Is your jurisdiction party to an international convention on this issue?**

---

Evidence can be taken from a witness for use in proceedings in another jurisdiction based on Regulation (EC) No. 1206/2001 on co-operation between the courts of the member states in the taking of evidence in civil or commercial matters or The Hague Convention on the Taking Evidence Abroad in Civil or Commercial Matters 1970 (Hague Evidence Convention), to which The Netherlands is a party.

To take evidence from a witness, a letter of request can be submitted to the Public Prosecutor at the District Court in The Hague. The Netherlands will not execute letters of request for the purpose of obtaining pre-trial discovery of documents, unless the documents are specified and believed to be in the possession of the person who has to produce the documents.

---

**28. What are the procedures to enforce a foreign judgment in the local courts?**

---

Foreign judgments cannot be enforced in The Netherlands, unless specifically provided for in a treaty to which The Netherlands is a party. The Netherlands has entered into several such treaties, including the Brussels Regulation and the EFTA Convention on Jurisdiction and Enforcement of Judgments in Civil and Commercial Matters 1988 (Lugano Convention), on the basis of which judgments given in most European countries are generally enforceable in The Netherlands once leave to do so has been obtained.

**Country Q&A**

© This chapter was first published in the PLC Cross-border Dispute Resolution Handbook 2008/09 Volume 1 and is reproduced with the permission of the publisher, Practical Law Company. For further information or to obtain copies please contact jennifer.mangan@practicallaw.com, or visit www.practicallaw.com/disputehandbook.

The Netherlands has not entered into enforcement and recognition treaties with most countries outside of Europe. It follows from Supreme Court case law that foreign judgments can be recognised by a Dutch court if the following three conditions are met:

- The foreign judgment is a result of proceedings compatible with Dutch concepts of due process.

- The judgment does not contravene public policy.

- The foreign court has found itself competent on grounds which are internationally accepted, for example, a designated court (jurisdiction) chosen by the parties.

## ALTERNATIVE DISPUTE RESOLUTION

**29. What are the main alternative dispute resolution (ADR) methods used in your jurisdiction to settle large commercial disputes? Please briefly outline the procedures that are typically followed, and any rules that apply.**

The main ADR methods used in The Netherlands are:

- Arbitration.

- Binding decision.

- Mediation.

### Arbitration

Through arbitration disputes are resolved by arbitrators on the basis of an agreement between the parties involved. The DCCP assumes contractual freedom, so the parties agree on the outline of the procedure, often by referring to the arbitration rules of a permanent arbitration tribunal such as the Netherlands Arbitration Institute (NAI) or to the DCCP. The DCCP contains provisions for arbitration in The Netherlands (*Articles 1020 – 1073, DCCP*) and for arbitration outside The Netherlands (*Articles 1074 – 1076, DCCP*). Dutch arbitration law applies if the place of arbitration is in The Netherlands.

### Proceedings

Proceedings commence when the claimant notifies the other party that he will submit the dispute for a decision by the arbitrator. After this, the claimant files a statement of claim, which is followed by a statement of reply by the defendant. In some cases the arbitrator can allow for an extra exchange of written documents after the filing of the statements. The arbitrator then convenes a hearing of the parties. If necessary, the arbitrator can order a local inspection. When the arbitrator believes that he has enough information to come to a decision, an arbitral award will be made.

An arbitral award is enforceable if a court (in interlocutory proceedings) grants leave to enforce the arbitral award. Legal remedies against arbitral awards are limited. Arbitral appeal is only possible if the parties have contemplated it in their agreement.

### Binding decision

Parties can agree that disputes that have arisen, or any future contractual disputes, be submitted to resolution by one or more third parties. The decision has the force of an agreement between the parties. However, although the decision is binding, it is still possible for the court to intervene in certain circumstances. A binding decision has no enforceable power and parties must seek enforcement through the court.

### Mediation

Mediation has become more popular as a form of ADR. Mediation takes place under the direction of a professional mediator. The mediator will not give a decision. It is up to the parties involved to resolve their dispute. Mediation is voluntary and non-binding. Mediation regulations (such as the Netherlands Mediation Institute Mediation Regulations) can apply by way of an agreement reached at the beginning of mediation. If parties come to a solution it is set out in a settlement agreement. This agreement has no enforceable power unless drawn up by a civil law notary.

**30. Does ADR form part of court procedures or does it only apply if the parties agree? Can courts compel the use of ADR?**

Since 1 April 2005 the district and appeal courts can refer disputes to mediation. The courts only refer a case to mediation if the case is suitable. Court referral does not create an obligation for the parties to defer the proceedings to mediation. If mediation does not result in a solution, parties can again turn to the competent court and continue proceedings.

**31. Is ADR confidential?**

Although there is no legal basis for confidentiality, arbitration, binding decisions and mediation usually take place in a confidential setting.

Mediation regulations in particular contain a confidentiality clause. This contractual clause only binds the parties governed by these regulations. All information that comes up during mediation must remain confidential, unless the parties agree otherwise. The confidentiality requirement does not apply to the outcome of mediation (the settlement agreement), nor to information that the parties possessed independently of the mediation process, unless the parties have agreed otherwise.

**32. How is evidence given in ADR? Can documents or admissions made or produced in (or for the purposes of) the ADR later be protected from disclosure by privilege?**

In ADR the permissibility of evidence, division and assessment of evidence, and disclosure of documents or admissions made or produced in ADR are, in principle, determined by the parties. Evidence is often submitted through documents, witnesses and expert testimony. If the parties have not agreed on rules of evidence, the arbitrator can apply the statutory evidentiary rules.

© This chapter was first published in the PLC Cross-border Dispute Resolution Handbook 2008/09 Volume 1 and is reproduced with the permission of the publisher, Practical Law Company. For further information or to obtain copies please contact jennifer.mangan@practicallaw.com, or visit www.practicallaw.com/disputehandbook.

Country Q&A

### 33. How are costs dealt with in ADR?

Costs may be split between the parties. Alternatively, costs may be dealt with according to the specific regulations of the relevant ADR institute chosen by the parties. These regulations often require the claimant to make an advance payment in respect of costs.

### 34. Is ADR used more in certain industries? If yes, please give examples.

ADR is increasingly common in disputes that require specific knowledge of the matter. For example, arbitration is often used in the building industry, the metal industry and trade industry.

Binding decisions are often used to settle disputes concerning consumer affairs. The consumer can approach the Foundation for Consumer Complaints Boards (SGC). The SGC has specific boards (such as boards for disputes concerning cars, legal professions, travel, post, banks and textiles). Consumers can still take their claim to court, regardless of an agreement between the contracting parties.

Mediation is used by larger companies in labour disputes and in cases in which it is considered vital or desirable to preserve relationships for the long term.

### 35. Please give brief details of the main bodies that offer ADR services in your jurisdiction.

**Arbitration and binding decisions**

- **Netherlands Arbitration Institute (NAI).** The NAI offers the business sector well regulated arbitration proceedings (arbitration and binding advice) (see *www.nai-nl.org/english*).

- **Arbitration Board for the Building Industry in the Netherlands.** This organisation resolves disputes in the building industry by way of arbitration or binding advice (*www.raad-vanarbitrage.nl*) (in Dutch with English regulations).

- **Architectural Arbitration Institute.** This institute resolves disputes between client and architect by way of arbitration or binding advice. Arbitration regulations and a list of registered arbitrators can be found at *www.arbitrageinstituutbouwkunst.org* (only available in Dutch).

**Mediation**

- **Netherlands Mediation Institute (NMI).** The NMI does not offer mediation but is an umbrella organisation which provides mediation formats and regulations as well as certified NMI mediators (see *www.nmi-mediation.nl*) (only in Dutch).

- **ACB Dispute Management for the business sector.** ACB is appointed by the employer's organisation VNO-NCW as a mediation organisation for companies. ACB can select qualified mediators. Regulations and formats can be found at *www.acbmediation.nl* (only in Dutch).

## REFORM

### 36. Please summarise any proposals for dispute resolution reform and state whether they are likely to come into force and, if so, when.

A preliminary sketch for review of Book IV (arbitration) of the DCCP was published in 2005. The suggestions to review the arbitration law, amended as a result of the remarks made during a symposium, were presented on 21 December 2006 to the Minister of Justice. This initiative will probably be developed further in 2008.



PLC Environment
Essential know-how

PRACTICAL LAW COMPANY

In the current climate...
Can you risk not being up to speed with environmental law?

PLCEnvironment gives you access to up-to-date practice notes, standard documents with drafting notes, checklists, articles and legal updates (for example, practice notes on and latest developments in climate change and emissions trading, energy and renewables, chemicals and contaminated land).

For more information and to register for a free trial, call **+44 (0)20 7202 1200**, e-mail **info@practicallaw.com** or go to **http://environment.practicallaw.com**

Country Q&A

© This chapter was first published in the PLC Cross-border Dispute Resolution Handbook 2008/09 Volume 1 and is reproduced with the permission of the publisher, Practical Law Company. For further information or to obtain copies please contact jennifer.mangan@practicallaw.com, or visit www.practicallaw.com/disputehandbook.



Your **law firm** in
the **Netherlands**

Cited in Anwar v Fairfield Greenwich
09Civ0118 Decided 11/8/13

Archived on 11/18/13

This document is protected by copyright.
Further reproduction is prohibited without permission.

**Gustav Mahlerplein 2     1082 MA Amsterdam     the Netherlands     www.boekeldeneree.nl**

Boekel De Nerée is a leading Dutch business law firm based in Amsterdam and acts for large Dutch and international clients with an emphasis on high-end corporate, commercial and real estate transactions and insolvency. The firm has a total staff of 350 and employs 160 lawyers consisting of Advocaten and Civil Law Notaries.

Contact: Michel Deckers Tel. (31.20) 795 33 09
E-mail: michel.deckers@bdn.nl

**BOEKEL DE NERÉE**