# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

June 12, 2014




**BY HAND**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
            Master File No. 09-cv-00118 (VM) (FM)

Dear Judge Marrero:

      We write once again on behalf of the *Anwar* Plaintiffs in response to repeated requests by the Standard Chartered Bank Defendants ("SCB"), most recently by letter of June 9, 2014 (Dkt. No. 1276), for dismissal, on grounds of SLUSA preemption, of the claims against them in the Standard Chartered Cases that are consolidated with the *Anwar* Action. For the reasons stated in our prior letters (Dkt. Nos. 1225 and 1248), as well as discussed below, we respectfully submit that there is no reason for the Court to address the SLUSA issue at this time in any of the consolidated cases.[1]

      If the Court were inclined to address SLUSA now, however, it should do so on full briefing that would enable all parties in the consolidated cases to address comprehensively the multiple recent decisions of the Supreme Court, the Second Circuit and other District Judges that may bear on the issue.[2] The *Anwar* Defendants previously agreed that it is appropriate to await

---

[1] Although SCB previously has asserted (*see* Dkt. No. 1236 at 1) that its requested SLUSA dismissal does not "ask nor require this Court to reconsider its decision [in *Anwar II*, 728 F.Supp.2d 372, 397-99 (S.D.N.Y. 2010)] not to apply SLUSA to dismiss the claims asserted in the *Anwar* class action," the sweeping argument that SCB makes in the next paragraph of that letter plainly suggests otherwise (*e.g.*, "For claims brought by investors in Madoff feeder funds, the 'in connection with purchase or sale of a covered security' element is met so long as defendants' alleged wrongdoing relates to the securities that Madoff purported to purchase on behalf of those investors.").

[2] Respectfully, the truncated submissions in the parties' various letters cited at p.2 n.1 of SCB's June 9 letter do not provide a complete picture of the still-changing landscape involving SLUSA's applicability to Madoff feeder fund cases.

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
June 12, 2014
Page 2

the Second Circuit's decision in *In re Kingate Management Limited Litig.*, No. 11-1397, before addressing SLUSA, because "*Kingate*, like *Anwar*, is an action by investors in so-called Madoff 'feeder funds' against, among other defendants, the administrator and the independent auditors for the funds." (Dkt. No. 1248). While there are differences between *Kingate* and *Anwar*, we believe it does make sense to await the ruling in *Kingate*. Indeed, in Monday's telephone conference with the Court, the *Anwar* Defendants identified SLUSA as a basis for their upcoming summary judgment motions. In that context, the issue can be comprehensively addressed, presumably with further appellate guidance and on a full record.

In full briefing on the SLUSA issue, Plaintiffs will demonstrate that *Anwar* fits squarely within the Supreme Court's recent holding that SLUSA does not apply to class actions where, as here, "plaintiffs allege (1) that they 'purchase[d]' **uncovered** securities [*i.e.*, feeder fund shares], . . . but (2) that the defendants falsely told the victims that the **uncovered** securities were backed by **covered** securities." *Chadbourne & Parke LLP v. Troice*, 134 S. Ct. 1058, 1062 (2014) (emphasis in original). As the Supreme Court found, "the **only** issuers, investment advisers, or accountants that today's decision will continue to subject to state-law liability are those who do not sell or participate in selling securities traded on U.S. national exchanges," *id.* at 1068 (emphasis in original) – which are precisely the type of claims brought in the *Anwar* Action.

In addition, if necessary, such briefing can include detailed analysis of both the legal reasoning and facts of *Herald* and other cases in which the funds are "not alleged in the . . . complaints as anything other than intermediaries" that funneled investors' money to Madoff. *See In re Herald*, 2014 WL 2199774, at *2 (2d Cir. May 28, 2014). In contrast, and by way of example, this Court already has recognized that Fairfield Sentry Fund had hundreds of millions of dollars in investments that were wholly unrelated to Madoff. *See Anwar II*, 728 F.Supp.2d at 398 ("[T]he Funds were not a cursory, pass-through entity. The Funds also placed up to 5 percent of their assets in non-Madoff investments, a relatively small portion overall but representing many millions of dollars.").

Finally, as this Court recognized in *Anwar II*, "even if the multiple layers between [the *Anwar*] Plaintiffs' investments and the purported purchase of covered securities fell under SLUSA's ambit, only the fraud and negligent misrepresentation common law causes of action would be dismissed." *Anwar II*, 728 F.Supp.2d at 399 n.7. Other common law claims sustained by the Court (*id.* at 421-45; 454-56) would not be precluded.

In sum, further consideration at this time of the Court's application of SLUSA in the context of the Fairfield Greenwich funds is premature and, depending on further appellate developments, may be completely unnecessary.

Respectfully yours,

*David A. Barrett* [signature]

David A. Barrett

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiffs.

SO ORDERED.

6-16-14
DATE

VICTOR MARRERO, U.S.D.J.

BOIES, SCHILLER & FLEXNER LLP

Judge Victor Marrero
June 12, 2014
Page 3

cc:   All counsel in *Anwar* (by email)
      Sharon L. Nelles, Esq. (by email)
      Richard E. Brodsky, Esq. (by email)