# KATZ | BARRON
# SQUITERO | FAUST

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/14

MIAMI
2699 S. BAYSHORE DRIVE
SEVENTH FLOOR
MIAMI, FL 33133-5408

305-856-2444
305-285-9227 FAX

www.katzbarron.com

June 17, 2014

*By fax to (212) 805-6382*

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Anwar, et al. v. Fairfield Greenwich Limited, et al.*,
           Case No. 09-cv-118 (VM)(THK), Standard Chartered Cases

           This correspondence relates to: *Barbachano v. Standard Chartered Bank International (Americas) Limited, et al.*, 1:11-cv-03553-VM

Dear Judge Marrero:

      I write on behalf of Plaintiff Teresa Barbachano, one of the Plaintiffs in the Standard Chartered Cases ("SC Cases"), in response to the Standard Chartered Defendants' letter, dated June 9, 2014. Defendants' letter renews their request for a pre-motion conference regarding a possible defense motion under the Securities Litigation Uniform Standards Act ("SLUSA"). For the reasons previously set forth in correspondence from Plaintiffs' Liaison Counsel, dated November 19, 2013 and March 5, 2014,[1] as well as in Liaison Counsel's correspondence, dated today, June 17, 2014, which Ms. Barbachano adopts, Defendants' request should be denied. The Second Circuit's Order Denying Petitions for Panel Rehearing in *Trezziova v. Kohn (In re Herald, Primeo & Thema Sec. Litig.)*, Case No. 12-156-cv(L) (2d Cir. May 28, 2014), attached to Defendants' June 9th letter, does not change the analysis presented to the Court by Plaintiffs' Liason Counsel in his previous correspondence.

      In addition, for the reasons set forth in Ms. Barbachano's correspondence, dated November 19, 2013,[2] which Ms. Barbachano incorporates herein, dismissal is particularly inappropriate with respect to her claims. As set forth in that correspondence, Ms. Barbachano's complaint (and her amended complaint) raise issues that only pertain to her – that is, the suitability (or lack thereof) of investment advice that SCBI rendered to Ms. Barbachano regarding her entire portfolio, and not merely its advice and lack of due diligence with regard to

---

[1] Docket Entries 1223 & 1249.

[2] Docket Entry 1224.

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, ENGLISH & ALLEN, P.A.
MIAMI · FT. LAUDERDALE

Honorable Victor Marrero
June 17, 2014
Page Two

Fairfield Sentry. Indeed, from the beginning, it has been (and continues to be) Ms. Barbachano's position that her case should not have been transferred to this multidistrict litigation because legal and factual questions unique to her case predominate. Accordingly, Ms. Barbachano's case should be remanded to the Southern District of Florida if the Court is inclined to grant the Defendants' request to dismiss based on SLUSA. In the lesser alternative, the Court should permit Ms. Barbachano leave to amend her complaint to the extent that the Court believes that any of Ms. Barbachano's claims are subject to dismissal under SLUSA.

Further, the decision in *Trezziova v. Kohn (In re Herald, Primeo & Thema Sec. Litig.)*, 730 F.3d 112 (2d Cir. 2013) – even on rehearing – remains inapposite. There, the court held that claims against Madoff's bankers, JPMorgan and BNY, arising from their material assistance to, and constructive or actual knowledge of, Madoff's Ponzi scheme, fell within the ambit of SLUSA – that is, the claims were founded on those defendants' direct assistance to the Ponzi scheme. As the Second Circuit stated:

> Plaintiffs, however, contend that it is inappropriate under SLUSA to elide their purchase of "uncovered" interests in foreign feeder funds with Madoff's "downstream" transactions in covered securities. This argument, however, ignores the fact that, on the very face of plaintiffs' complaints, the liability of JPMorgan and BNY *is predicated not on these banks' relationships with plaintiffs or their investment in the feeder funds but on the banks' relationship with, and alleged assistance to, Madoff Securities' Ponzi scheme*, which indisputably engaged in purported investments in covered securities on U.S. exchanges.

*Id*. at 118-19 (citation omitted, emphasis added); *see id*. at 119 (explaining that "[t]he complaints, fairly read, charge that JPMorgan and BNY knew of the fraud, failed to disclose the fraud, and helped the fraud succeed–in essence, that JPMorgan and BNY were complicity (sic) in Madoff's fraud"); *see also* Order Denying Petitions for Panel Rehearing, at 8 (stating that "the defendant banks are alleged to have furthered [Madoff Securities' Ponzi] scheme"). Thus, liability of BNY and JPMorgan was dependent on their relationship with Madoff, and not on those defendants' relationship with the plaintiffs in that case.

Here, however, Ms. Barbachano's case – even that part of it related to due diligence of Fairfield – is not based on the claim that SCBI was complicit in Madoff's fraud. The decision in *Trezziova* is, therefore, inapplicable to Ms. Barbachano's case for this reason as well.

Respectfully submitted,

Katz Barron Squitero Faust

H. Eugene Lindsey
HEL/kem

cc: Counsel in the Standard Chartered Cases (via e-mail)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff Teresa Barbachano.
>
> SO ORDERED.
>
> 6-17-14
> DATE    VICTOR MARRERO, U.S.D.J.

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, ENGLISH & ALLEN, P.A.
2699 S. BAYSHORE DRIVE, SEVENTH FLOOR, MIAMI, FLORIDA 33133-5408 • 305-856-2444 • 305-285-9227 FAX