N.Y.S.D. Case # 09-cv-0118(VM)



13-2340-cv (L), 13-2345-cv (Con)
St. Stephen's Sch. v. PricewaterhouseCoopers Accountants N.V.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand fourteen.

PRESENT:  ROSEMARY S. POOLER,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 10, 2014

------------------------------------------------------------

ST. STEPHEN'S SCHOOL, et al.,

    *Plaintiffs-Appellees*,

SHIMON LAOR, et al.,

    *Plaintiffs*,

        v.

PRICEWATERHOUSECOOPERS ACCOUNTANTS N.V., CITCO FUND SERVICES (EUROPE) B.V., CITCO BANK NEDERLAND N.V. DUBLIN BRANCH, CITCO CANADA INC., CITCO GLOBAL CUSTODY N.V., CITCO GROUP LIMITED, CITCO FUND SERVICES (BERMUDA) LIMITED, PRICEWATERHOUSECOOPERS L.L.P.,

    *Defendants-Appellants*,

YANKO DELLAW SCHIAVA, et al.,

    *Consolidated-Defendants*,

Nos. 13-2340-cv(L),
13-2345-cv(Con)

MANDATE
MANDATE ISSUED ON 07/10/2014

GLOBEOP FINANCIAL SERVICES LLC, et al.,
                       *Defendants.*

---

| | |
|---|---|
| APPEARING FOR APPELLANTS: | CHRISTOPHER LANDAU (Emily P. Hughes, Kirkland & Ellis LLP, Washington D.C.; Timothy A. Duffy, Kirkland & Ellis LLP, Chicago, Illinois, *on the brief*), Kirkland & Ellis LLP, Washington, D.C., for *PricewaterhouseCoopers LLP*. |
| | William R. Maguire, Sarah L. Cave, Hughes Hubbard & Reed LLP, New York, New York for *PricewaterhouseCoopers Accountants N.V.* |
| | WALTER REIMAN (Brad S. Karp, Leslie Gordon Fagen, Andrew G. Gordon, Patrick J. Somers, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York, for *The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Bank Nederland N.V. Dublin Branch, and Citco Fund Services (Bermuda) Ltd.* |
| APPEARING FOR APPELLEES: | STUART H. SINGER (Victor E. Stewart, Lovell Stewart Halebian Jacobson, LLP, New York, New York; David A. Barrett, Howard L. Vickery, II, Boies, Schiller & Flexner LLP, New York, New York; Robert C. Finkel, Wolf Popper LLP, New York, New York, *on the brief*), Boies, Schiller & Flexner, LLP, Fort Lauderdale, Florida. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on February 25, 2013, is VACATED and REMANDED.

In these consolidated interlocutory appeals, defendants-appellants The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada), Inc., Citco Global Custody N.V., Citco Bank Nederland N.V. Dublin Branch, and Citco Fund Services (Bermuda) Ltd. (the "Citco Defendants") and PricewaterhouseCoopers, LLP and PricewaterhouseCoopers Accountants N.V. (the "PwC Defendants") challenge the district court's certification of a class of investors in four funds (the "Funds") created and managed by the Fairfield Greenwich Group ("FGG"), which class seeks damages for billions of dollars in lost value sustained by the Funds following the collapse of the Madoff Ponzi scheme.

The PwC Defendants argue that the district court erred in certifying a class without analyzing class certification separately as to the claims asserted against them, and that plaintiffs cannot, in any event, satisfy Fed. R. Civ. P. 23(b)(3) because individual issues predominate with respect to (1) the duty of care PwC owed to class members, and (2) those members' reliance on PwC audits. The Citco Defendants similarly argue that plaintiffs cannot prove reliance by common evidence and, therefore, cannot satisfy the predominance requirement of Rule 23(b)(3). The Citco Defendants further argue that plaintiffs fail to meet Rule 23(b)(3)'s superiority requirement with respect to their holder

claims. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

We review a district court's decision on class certification for abuse of discretion as to the "determination on certification, as well as to its rulings that the individual Rule 23 requirements have been met." In re Flag Telecom Holdings, Ltd. Secs. Litig., 574 F.3d 29, 34 (2d Cir. 2009). "While our review of the legal standards applied by the district court and the court's other legal conclusions is de novo . . . the district court's application of those standards to the facts of the case is again reviewed only for abuse of discretion." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010) (internal citations omitted). "To the extent that the ruling on a Rule 23 requirement is supported by a finding of fact, that finding, like any other finding of fact, is reviewed under the 'clearly erroneous' standard." In re Initial Pub. Offering Secs. Litig., 471 F.3d 24, 40–41 (2d Cir. 2006).

In conducting such review, we are nevertheless mindful that "Rule 23 does not set forth a mere pleading standard." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). The "party seeking class certification must affirmatively demonstrate . . . compliance with the Rule," and a district court may only certify a class if it "'is satisfied, after a rigorous analysis,'" that the requirements of Rule 23 are met. Id. (quoting General Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982)); see also In re Initial Pub. Offering

4

Secs. Litig., 471 F.3d at 41 (holding that district court must make a "definitive assessment of Rule 23 requirements" and "resolve[] . . . factual disputes relevant to each Rule 23 requirement").

In applying that standard here, the district court—which had already issued numerous detailed rulings on other issues in this case, see, e.g., Anwar v. Fairfield Greenwich Ltd., 884 F. Supp. 2d 92 (S.D.N.Y. 2012); Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571 (S.D.N.Y. 2011); Anwar v. Fairfield Greenwich Ltd., 728 F. Supp. 2d 372 (S.D.N.Y. 2010); Anwar v. Fairfield Greenwich Ltd., 728 F. Supp. 2d 354 (S.D.N.Y. 2010)—focused primarily on the claims asserted against FGG. These claims, however, were the subject of a settlement agreement that had the preliminary approval of the district court. Moreover, the district court granted final approval of this settlement shortly after issuing the class certification order. The certification order as it pertains to extant claims against the Citco Defendants and the PwC Defendants does not provide us with sufficient factual findings as to how Rule 23(b)'s requirements are satisfied to allow even deferential review. Although "we will not reverse a class certification simply because the district court has not explicitly recited each finding," Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 252 (2d Cir. 2011), a district court must provide sufficient factual findings on Rule 23 requirements as they pertain to the claims asserted against each defendant to demonstrate compliance with the law in deciding to certify.

5

Here, the order does not indicate how common evidence can show (1) the existence of a duty of care applicable to the class either under the standard identified in Credit Alliance Corp. v. Arthur Andersen & Co., 65 N.Y.2d 536, 493 N.Y.S.2d 435 (1985),[1] or otherwise; or (2) reliance by the class on alleged misrepresentations by (a) the Citco Defendants and (b) the PwC Defendants, either under the presumption identified in Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 153–54 (1972),[2] or otherwise.

---

[1] Under Credit Alliance Corp., "[b]efore accountants may be held liable in negligence to noncontractual parties who rely to their detriment on inaccurate financial reports, certain prerequisites must be satisfied: (1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance." 65 N.Y.2d at 551, 493 N.Y.S.2d at 443.

[2] See Stoneridge Inv. Partners, LLC v. Scientific Atlanta, 552 U.S. 148, 159 (2008) (observing Affiliate Ute rebuttable presumption of reliance applies "if there is an omission of a material fact by one with a duty to disclose" such that "the investor to whom the duty was owed need not provide specific proof of reliance").

6

Accordingly, we VACATE the class certification order as to claims against the Citco Defendants and the PwC Defendants, and we REMAND for further proceedings in the district court consistent with this order and with the developed record, including any facts revealed by discovery that has taken place since the original certification order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7

**MANDATE**

S.D.N.Y. - N.Y.C.
09-cv-118
Marrero, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand thirteen.

Present:
    Rosemary S. Pooler,
    Susan L. Carney,
        *Circuit Judges*.[1]

PricewaterhouseCoopers L.L.P., *et al.*,

    *Petitioners*,

    v.                              13-896 (L), 13-936(con)

Pasha S. Anwar, *et al.*,

    *Respondents*.

Petitioners, through counsel, move, pursuant to Federal Rule of Civil Procedure 23(f), for leave to appeal the district court's order granting Respondents' motion for class certification. Upon due consideration, it is hereby ORDERED that the petition is GRANTED. The Petitioners are directed to file a scheduling notification within 14 days of the date of entry of this order pursuant to Second Circuit Local Rule 31.2.

                                      FOR THE COURT:
A True Copy                              Catherine O'Hagan Wolfe, Clerk
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[signatures of Catherine O'Hagan Wolfe]*

**MANDATE ISSUED ON 07/10/2014**

    [1] Circuit Judge Raymond J. Lohier, Jr., a member of the original panel, subsequently recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.
SAO-KAL