**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON    (1946-1991)
RANDOLPH E PAUL     (1946-1956)
SIMON H RIFKIND     (1950-1995)
LOUIS S WEISS       (1927-1950)
JOHN F WHARTON      (1927-1977)

UNIT 3601 OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86 10) 5828 6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA KU, TOKYO 100-0011, JAPAN
TELEPHONE (81 3) 3597-8101

TORONTO DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
212-373-3543

WRITER'S DIRECT FACSIMILE
212-492-0543

WRITER'S DIRECT E-MAIL ADDRESS
agordon@paulweiss.com

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A FIELDSTON
ANDREW C FINCH
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
LORETTA A IPPOLITO
JAREN JANGHORBANI
MEREDITH J KANE

ROBERTA A KAPLAN
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JANE B O'BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

August 4, 2014

**By ECF and By Hand**

The Honorable Frank Maas
United States Chief Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY  10007

             *Anwar, et al.* v. *Fairfield Greenwich Limited, et al.*, 09-cv-0118 (VM)(FM)

Dear Chief Judge Maas:

       We represent Citco in the above-captioned matter.  We respectfully submit this letter pursuant to Local Rule 37.2 and Your Honor's Individual Rules of Practice to request a pre-motion conference to address plaintiffs' refusal to answer a very limited number of contention interrogatories and requests for admission (the "Requests") concerning their negligence-based initial investment claims.  The parties have conferred in good faith but have been unable to resolve this dispute.

       As we discuss below, there is no good reason for plaintiffs' refusal to respond to the Requests on the purported ground that the Requests were "untimely."  While the Requests were served after fact discovery closed, there was good cause for this: until recently, plaintiffs' negligence-based initial investment claims had been dismissed by the Court.  After the Court ruled in its May 2014 Order (nearly one year after fact discovery closed) that plaintiffs could amend their complaint to reassert those claims, however, Citco – relying on plaintiffs' prior representation to the Court "not [to]

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Frank Maas                                                                                                                2

oppose" limited discovery on those claims – promptly (within two weeks) served the Requests. Because the negligence-based initial investment claims had been dismissed when fact discovery closed, it would now be unfair to preclude Citco from obtaining critical information concerning those claims on purported timeliness grounds.

**Background to the Current Dispute**

In its August 7, 2012 Order, this Court dismissed plaintiffs' negligence-based initial investment claims against all of the defendants, including Citco. (ECF No. 910; *see also* ECF No. 1256 (ruling on Citco's motion to clarify the August 7, 2012 Order that the "Order dismissed all of Plaintiffs' negligence-based initial investment claims against all of the defendants who were included in the defined term 'Defendants' in the Order. These parties are as follows: . . . . the Citco Defendants . . . .").) As a result of that Order, Citco focused their efforts in the next year of fact discovery on plaintiffs' surviving nine claims. Importantly, while some limited discovery on the negligence-based initial investment claims took place prior to the issuance of the August Order, because the claims were dismissed "30 days prior to the discovery cut-off date" (Local Civil Rule 33.3(c)), Citco did not serve, prior to the end of fact discovery in June 2013, contention interrogatories – as they had with respect to each of plaintiffs' other surviving claims – concerning the negligence-based initial investment claims.

On May 13, 2014, nearly one year after the close of fact discovery, the Court granted plaintiffs' motion to amend their complaint to reassert the then-dismissed negligence-based initial investment claims against certain of the Citco defendants. Significantly, in support of that motion, plaintiffs represented to the Court that Citco would not be prejudiced if the amendment was permitted since plaintiffs "*would not oppose reasonable, specific requests by Citco for additional discovery or supplemental expert reports concerning this issue.*" (ECF No. 1265 at 2 (emphasis added).)

Taking plaintiffs at their word, on May 23, 2014, Citco promptly served limited discovery requests concerning the recently reasserted negligence-based initial investment claims. In particular, Citco served a total of *four* contention interrogatories on plaintiffs, seeking (i) plaintiffs' position on whether they were claiming they relied on a net asset value ("NAV") statement received directly from Citco in deciding whether to invest in the Fairfield Funds; (ii) the identification of any communications between plaintiffs and Citco which were sent before plaintiffs decided to invest in the Funds; (iii) confirmation that plaintiffs made any decision to invest in the Funds before sending their subscription materials to Citco; and (iv) the facts underlying plaintiffs' contention that Citco knew plaintiffs' identity before plaintiffs decided to invest in the Funds. (A copy of the contention interrogatories is attached hereto as Exhibit A.)

In addition, two of the Citco defendants each served two separate requests for admission on plaintiffs (thus *four* in all) requesting that plaintiffs admit that plaintiffs (i) did not receive a NAV statement directly from Citco before deciding to invest in the Funds, and (ii) decided to invest in those Funds before the date on which they sent their

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Frank Maas     3

fund subscription materials to Citco. (A copy of the requests for admission is attached hereto as Exhibit B.)

In their June 24, 2014 letter response to the Requests, plaintiffs refused to provide any substantive answers, claiming the Requests were "untimely fact discovery that [was] precluded by the Court's May 13, 2014 Order granting Plaintiffs' motion to amend the [complaint]." (A copy of plaintiffs' June 24, 2014 letter is attached hereto as Exhibit C.) Plaintiffs are wrong, and should thus be directed to answer the Requests promptly.

**Plaintiffs Should Be Compelled to Answer the Requests**

In their response to the Requests, plaintiffs do not object to the limited number of contention interrogatories or requests for admission on burden grounds. Nor do they argue that the Requests seek irrelevant information. Nor could they. The Requests – which seek information regarding the communications between Citco and potential investors in the Funds before any investment was made, what in particular was said in those communications, and how plaintiffs relied on them in making their initial investment decisions – go to the heart of the *Credit Alliance* test. *See Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 432 (S.D.N.Y. 2010) (describing *Credit Alliance* test). Instead, plaintiffs assert that the Requests were "untimely" because (i) the Requests were served after the close of fact discovery, (ii) the Requests are somehow "precluded" by Judge Marrero's May 13, 2014 Order, and (iii) "Citco had both ample reason and ample opportunity to conduct fact discovery on initial investments."[1]

*First*, Citco's Requests are not "untimely." Plaintiffs' negligence-based initial investment claims were dismissed nearly two years ago. As such, while the Citco Defendants conducted a limited amount of discovery into these claims prior to the Court's issuance of its August 7, 2012 Order (such as by questioning class representatives at their depositions in 2011 and requesting documents in 2010), Citco did not have a full opportunity to conduct discovery concerning whether plaintiffs could show that a duty of care was owed to them by Citco under the *Credit Alliance* test before the negligence-based initial investment claims were dismissed. Indeed, under Local Rule 33.3(c), Citco was not even permitted to serve contention interrogatories prior to the Court's dismissal of those claims, since contention interrogatories may be served only "[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date." Further, Citco had no reason to serve any requests for admission (which may be served by rule at any point during fact discovery) after August 2012 as the negligence-based initial

---

[1] Because plaintiffs have objected only on these narrow grounds, they have waived any other objections to the Requests they may seek to assert. *See* Fed. R. Civ. P. 34(b) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *see, e.g., Pegoraro v. Marrero*, 281 F.R.D. 122, 130 (S.D.N.Y. 2011).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Frank Maas                                                                                                                         4

investment claims were no longer in the case. After the Court permitted plaintiffs to amend their complaint, Citco promptly served the Requests.

*Second*, plaintiffs incorrectly suggest that because their "non-negligence causes of action, including federal securities fraud claims against the Citco Administrators based on initial investments, continued to be part of the case for all purposes including discovery," they are justified in refusing to answer the Requests. As New York courts have consistently held, however, plaintiffs' federal securities claims are fundamentally different from their negligence-based initial investment claims and require different proof. *See, e.g.*, *Westpac Banking Corp.* v. *Deschamps*, 484 N.E.2d 1351, 1353 (N.Y. 1985). As noted, the Requests seek information – such as whether Citco knew plaintiffs' identity before any plaintiff made their initial investment decision and evidence of "linking conduct" between Citco and plaintiffs – that goes solely to the *Credit Alliance* test, which does not apply to plaintiffs' federal securities claims. Accordingly, discovery related to plaintiffs' federal securities claims is not relevant.

*Third*, nothing in the Court's May 13, 2014 Order precludes the Requests. That Order simply grants plaintiffs' motion to amend the complaint. The Court did not even address this issue, let alone rule that Citco could not serve additional fact discovery following the reinstatement of plaintiffs' claims. And given that plaintiffs actually *agreed* to such additional discovery in their moving papers, there was no cause for the Court to address whether additional fact discovery would be permitted. Plaintiffs' contrary reading of the May 13, 2014 Order, we respectfully submit, is not only supported by the text of the Court's decision. Plaintiffs should simply not be permitted to take a position directly at odds with the one they took before the Court.

*Finally*, plaintiffs' refusal to respond to the Requests will prejudice Citco. For nearly two years, plaintiffs' negligence-based initial investment claims were not in the case; Citco understandably did not seek discovery concerning those claims as a result. The Requests target specific issues unique to these claims and would provide evidence that is directly relevant to Citco's defenses. In contrast, plaintiffs have identified no prejudice they would suffer if they answered these limited Requests. Nor could they.

\*   \*   \*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Frank Maas                                                                                          5

        Accordingly, for the reasons set forth above, we respectfully submit that plaintiffs should be compelled to answer the Requests.

Respectfully,

Andrew Gordon

Enclosures

cc:   All counsel of record (by ECF)