# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*

*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/14

August 11, 2014

By Facsimile

Honorable Victor Marrero,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street,
                New York, New York 10007.

        Re:   *Anwar, et al.* v. *Fairfield Greenwich Ltd., et al.*, No. 09-CV-118 (S.D.N.Y.) – Standard Chartered Cases

Dear Judge Marrero:

        We write on behalf of the Standard Chartered Defendants ("Standard Chartered") in response to the August 7, 2014 letter from plaintiff Teresa Barbachano (Dkt. No. 1301), seeking leave to file a Second Amended Complaint against Standard Chartered that (1) asserts a negligence claim and (2) repleads claims against Standard Chartered already dismissed with prejudice by this Court. Barbachano's effort to amend in this manner is contrary to the Court's prior Orders in this multi-district litigation ("MDL"), which includes 57 separate actions against Standard Chartered (the "Standard Chartered Cases"), and should be denied.

        On May 8, 2013, following the Florida Supreme Court's decision in *Tiara Condo Ass'n Inc.* v. *Marsh & McLennan Companies, Inc.*, 110 So. 3d 399 (Fla. 2013), the Court granted certain plaintiffs limited leave to replead their negligence claims that were dismissed by the Court under Florida's economic loss rule. As noted by Barbachano, the Court directed those plaintiffs to submit a "uniform negligence count" (Barbachano Letter at 1), focused on the adequacy of Standard Chartered's due diligence on Fairfield Sentry Limited. The Court also made clear that plaintiffs were not granted leave to otherwise assert new theories or replead negligence claims that were dismissed on other grounds. *See Anwar* v. *Fairfield Greenwich Ltd.*, No. 09-CV-118, 2013 WL 2247271, at *1 (S.D.N.Y. May 10, 2013) ("The Court's clear intent during the May 8, 2013, conference, as expressly affirmed in the May 8 Order, was that plaintiffs would be permitted to replead only those negligence claims that were previously dismissed or disallowed explicitly on the basis of the economic loss rule.") The rationale for these limitations was to avoid (i) piecemeal amendments; and (ii) the introduction of claims that would require additional discovery or otherwise disrupt these MDL proceedings.

Honorable Victor Marrero                                                     -2-

Barbachano now seeks leave to file a Second Amended Complaint asserting a negligence claim without coordinating with the Standard Chartered Plaintiffs' Steering Committee and with allegations that are beyond the scope of what the Court allowed, precisely what the Court ruled that plaintiffs should avoid. In addition, Barbachano's proposed Second Amended Complaint repleads other fraud-based claims already dismissed with prejudice.

With respect to the negligence claim, after the Court's May 2013 ruling, Standard Chartered conferred with the Standard Chartered Plaintiffs' Steering Committee on the scope and timing of any amendment to add a uniform negligence count. In November 2013, Standard Chartered made a proposal that would limit any amendment to the due diligence-related negligence claims that had previously been considered by the Court and dismissed pursuant to the economic loss rule. The Plaintiffs' Steering Committee has taken that proposal under advisement, but not yet agreed or made a counter-proposal. Although one might certainly argue that the Plaintiffs' Steering Committee could have moved more expeditiously, their failure to do so does not, at this juncture, require the Court to allow Barbachano or any other plaintiff to act on its own and file an uncoordinated claim. No doubt this issue shall be resolved prior to summary judgment motions, and any amendment by Barbachano should await that process.

Moreover, Barbachano's proposed negligence claim is not focused on the adequacy of Standard Chartered's due diligence on Fairfield Sentry, as the Court required. Instead, Barbachano's proposed negligence claim contains allegations of misrepresentations and omissions that this Court already found insufficient under Rule 9(b) of the Federal Rules of Civil Procedure. *Anwar v. Fairfield Greenwich Ltd.*, 891 F. Supp. 2d 548, 552 (S.D.N.Y. 2012).[1] In addition, Barbachano's proposed claim alleges breaches of duties "to review the investments contained in her investment portfolio, to render suitable recommendations regarding the increase or liquidation of assets in her investment portfolio . . . and to cause the purchase or sale of

---

[1] In its October, 24 2012 Order, the Court ruled that all fraud-based allegations in Barbachano's complaint were inadequate, including those asserted as negligence claims:

> [T]o the extent that the Barbachano complaint, or any of the other Eight Actions, contain allegations that Standard Chartered was negligent in making misrepresentations or omissions, such claims are more accurately brought under a theory of negligent misrepresentation, a species of fraud exempt from Florida's economic loss rule but subject to the heightened pleading requirements of Rule 9(b).

*Anwar*, 891 F. Supp. 2d at 552. The Court went on to find that "Plaintiffs' fraud-based claims, including negligent misrepresentation, fail to satisfy Rule 9(b)." *Id.*

Honorable Victor Marrero                                                   -3-

investments on behalf of Barbachano only after obtaining Barbachano's written authorization," (Barbachano Second Am. Compl. ¶ 116), all of which goes beyond the scope of the Court's ruling granting plaintiffs limited leave to replead negligence claims.

Further, the Second Amended Complaint should be rejected simply because it repleads word-for-word numerous claims already dismissed by this Court. Specifically, the proposed Second Amended Complaint reasserts Counts I, III and V of the current Amended Complaint (Florida state-law fraud, common-law fraud, negligent misrepresentation), which counts the Court dismissed on October 24, 2012. *Anwar v. Fairfield Greenwich Ltd.*, 286 F.R.D. 258, 259 (S.D.N.Y. 2012). Likewise, Barbachano's proposed breach of fiduciary duty and gross negligence claims (Counts II and IV, respectively) contain the same allegations of misrepresentations and omissions that the Court found to be insufficient under Rule 9(b) in its prior Orders. (Barbachano Second Am. Compl. ¶¶ 69, 93); *Anwar*, 891 F. Supp. 2d at 552-55; *Anwar*, 286 F.R.D. at 259. As this Court has previously ruled, "[a] party should not be able to evade the substance of a court's order . . . simply by repackaging a common law claim" for misrepresentations under a different label. *Anwar v. Fairfield Greenwich Ltd.*, 283 F.R.D. 193, 197 (S.D.N.Y. 2012).

For the foregoing reasons, Barbachano's request for leave to file a Second Amended Complaint should be denied. We look forward to discussing this matter with the Court on Wednesday, August 13, at 11 a.m.

                                                        Respectfully submitted,

                                                        /s/ Sharon Nelles
                                                        Sharon L. Nelles

cc:    H. Eugene Lindsey, Counsel for Plaintiff Teresa Barbachano (by e-mail)

       Standard Chartered Plaintiffs' Steering Committee (by e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant Standard Chartered Bank.

**SO ORDERED.**

8-13-14
DATE                    VICTOR MARRERO, U.S.D.J.