



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/14

MIAMI
2699 S. BAYSHORE DRIVE
SEVENTH FLOOR
MIAMI, FL 33133-5408

305-856-2444
305-285-9227 FAX

www.katzbarron.com

*Via Facsimile*
August 18, 2014

Honorable Victor Marrero, United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, New York, New York 10007-1312

Re:  *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, Case No. 09-cv-118 (VM)(THK), Standard Chartered Cases; this correspondence relates to: *Barbachano v. Standard Chartered Bank International (Americas) Limited, et al.*, 1:11-cv-03553-VM

Dear Judge Marrero:

During the hearing on August 13, 2014, the Court directed the parties to submit correspondence related to SCBI's argument that this Court's prior orders address and preclude those parts of Ms. Barbachano's claims related to the lack of suitability of her entire portfolio – in contrast to addressing those parts of Ms. Barbachano's claims related to her investment in Fairfield Sentry. In that regard, SCBI relied upon language from page 8 of the Court's Order, dated September 12, 2012 [D.E. 937]: "[A]n inspection of the Barbachano complaint shows that what the plaintiff stylizes as an allegation of 'failure to render suitable investment advice' is actually indistinguishable from an allegation of negligent failure to conduct due diligence, which the Court dismissed in Anwar IV." For the following reasons, SCBI is wrong.

*First*, the language relied upon by SCBI addresses only the application of Florida's now-abrogated economic loss rule to Ms. Barbachano's negligence claim. *See* Sept. 12, 2012 Order, at 8 ("[I]n keeping with the Court's application of the economic loss doctrine, Plaintiffs' negligence claims, including those of the Barbachano plaintiff, are dismissed."). Thus, Ms. Barbachano's proposed amended negligence count – which merely deletes the word "gross" from her existing gross negligence count – adheres to this Court's May 8, 2013 Order [DE 1137], "grant[ing] plaintiffs leave to amend their complaints to replead negligence claims that were previously dismissed or disallowed on the basis of Florida's economic loss rule . . . ."

*Second*, a plain reading of this Court's September 12, 2012 Order demonstrates that it does not address those parts of Ms. Barbachano's claims related to the lack of suitability of her entire portfolio. The Court's reference to Anwar IV on page 8 of its Order – the language relied upon by SCBI and quoted above – shows that fact as in Anwar IV (826 F. Supp. 2d 578 (S.D.N.Y. 2011) [D.E. 744]) this Court addressed Standard Chartered's motion to dismiss other plaintiffs' claims related *only* to Fairfield investments; no overall portfolio suitability claims were at issue. Likewise, the first paragraph of the Court's September 12, 2012 Order states that, "[t]his matter arises from eight separately-filed actions . . . alleging that [Standard Chartered] violated Florida state law *by recommending that [Plaintiffs] invest in the [Fairfield funds]*, which were in turn invested in Bernard Madoff's Ponzi scheme." Sept. 12, 2012 Order, at 1-2 (emphasis supplied). That is the context of, and what is addressed in, the Court's Order, not those parts of Ms. Barbachano's claims related to the lack of suitability of her entire portfolio.

KATZ, BARRON, SQUITERO, FAUST, FRIEDBERG, ENGLISH & ALLEN, P.A.
MIAMI • FT. LAUDERDALE

Honorable Victor Marrero
August 18, 2014
Page 2

*Third*, the Court's subsequent Order, dated October 24, 2012 [D.E. 995], rendered on Ms. Barbachano's Amended Complaint [D.E. 990], similarly does not address claims related to the lack of suitability of her entire portfolio. *See* Oct. 24, 2012 Order at 1 ("Barbachano . . . alleg[es] that [Standard Chartered] violated Florida state law *by recommending that [Plaintiffs] invest in the [Fairfield funds]*, which were in turn invested in Bernard Madoff's Ponzi scheme.") (emphasis supplied). It also does not dismiss (or address) her breach of fiduciary duty and gross negligence counts or make those counts subject to Rule 9(b), Fed. R. Civ. P., which they are not. *See id.* at 6; Sept. 12, 2012 Order, at 9 (defining plaintiffs' "fraud-based claims").

*Fourth*, suitability is not a "generic" concept where *suitability* of an entire portfolio may be conflated with product-specific due diligence, and Ms. Barbachano's Amended Complaint includes and separates those concepts. *Compare* Am. Compl. ¶¶ 15-28 (Fairfield) *with id.* at ¶¶ 29-42 (entire portfolio). *See also* original Compl. ¶¶ 15-16 (Fairfield); *id.* at ¶¶ 17-18 & 21 (entire portfolio). Indeed, during the last two years, Ms. Barbachano and SCBI have engaged in expert discovery related to the suitability (or lack thereof) of Ms. Barbachano's entire portfolio. At no time did SCBI seek clarification of this Court's prior orders or a protective order precluding such discovery. Rather, SCBI, among other things, took the depositions of Ms. Barbachano's experts and served liability and damages reports addressing the suitability of her entire portfolio, including a report calculating her portfolio damages in excess of $1.7 million.

*Fifth*, we expect SCBI to contend that this Court's order dismissing *other plaintiffs' claims* with regard to the over-concentration of Fairfield in those other plaintiffs' portfolios, *see* Sept. 12, 2012 Order at 21-22, dismissed *sub silentio* Ms. Barbachano's claims related to the lack of suitability of her entire portfolio. However, the Court's order plainly does not address Ms. Barbachano's claims in this regard, and Ms. Barbachano alleges a fiduciary relationship beyond that of a broker. Am. Compl. ¶¶ 13-14. Also, such dismissal would be plainly incorrect under Florida law. *Maliner v. Wachovia Bank, N.A.*, 2005 WL 670293 & *4 (S.D. Fla. 2005) (*denying* bank's summary judgment motion on investors' claims, including breach of fiduciary duty claim, and stating that "Plaintiffs contend that Wachovia mismanaged their funds by failing to invest them suitability and consistently with Plaintiffs' investment objectives and risk tolerances, all in direct contravention of Wachovia's duty of care owed as a professional investment manager").

*Finally*, we respectfully submit that the underlying issue here is not whether the Court's prior orders address and preclude those parts of Ms. Barbachano's claims related to the lack of suitability of her entire portfolio – they do not; rather, the issue stems from the fact that Ms. Barbachano's case against SCBI includes claims *both* for lack of suitability of her entire portfolio *and* those related to Fairfield Sentry. Despite that fact, Ms. Barbachano's case – at SCBI's insistence and over Ms. Barbachano's objection – was included in this multidistrict litigation. Thus, for all these reasons, Ms. Barbachano respectfully requests that the Court permit her to replead her negligence count, merely deleting the word "gross" from her existing gross negligence count, hold that suitability claims related to her entire portfolio have not been precluded, and remand her case to the Southern District of Florida. *See* MDL Order, dated May 25, 2011, at 2 [MDL Case No. 2088, D.E. 132] (transferring Ms. Barbachano's case while stating that, "[t]o the extent plaintiff's claims present some individual questions, the transferee judge is well suited . . . to suggest remand whenever he deems appropriate").

Honorable Victor Marrero
August 18, 2014
Page 3

Respectfully submitted,

Katz Barron Squitero Faust

H. Eugene Lindsey

cc:     Via E-mail to Counsel in the Standard Chartered Cases

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff Teresa Barbachano
>
> **SO ORDERED.**
>
> 8-18-14
> DATE           VICTOR MARRERO, U.S.D.J.