# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/22/14

August 21, 2014

By Facsimile

Honorable Victor Marrero,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street,
            New York, New York 10007.

        Re:   *Anwar, et al. v. Fairfield Greenwich Ltd., et al.*, No. 09-CV-118
                (S.D.N.Y.) – Standard Chartered Cases

Dear Judge Marrero:

        We write on behalf of the Standard Chartered Defendants ("SCB"). On August 13, at the conclusion of the teleconference regarding Teresa Barbachano's request for leave to file a Second Amended Complaint, the Court directed the parties to submit letters regarding Barbachano's contention that she has made "suitability" allegations that render her complaint "unique" among the Standard Chartered Cases. The Court long ago rejected this contention, and it in any event provides no basis for Barbachano to amend her complaint. The Court should thus deny Barbachano's request on the following grounds: (i) the proposed negligence claim is improper because Barbachano did not comply with the Court's prior instruction to coordinate with the Standard Chartered Plaintiffs' Steering Committee regarding the filing of a uniform negligence claim; and (ii) Barbachano's other proposed amendments are beyond the scope of that permitted by the Court's prior Orders.

        As Barbachano concedes in her August 18 letter (Dkt. No. 1307), this Court held nearly two years ago that "an inspection of the *Barbachano* complaint shows that what the plaintiff stylizes as an allegation of 'failure to render suitable investment advice' is actually indistinguishable from an allegation of negligent failure to conduct due diligence." *Anwar v. Fairfield Greenwich Ltd.*, 891 F. Supp. 2d 548, 552 (S.D.N.Y. 2012). In other words, Barbachano is not unique.

        Barbachano nonetheless asserts that the Court could not possibly have meant what it said because (i) the above language appears in the portion of the opinion discussing Florida's "economic loss rule"; (ii) the Court's prior published opinion in the Standard Chartered Cases had not addressed "portfolio suitability claims"; (iii) the Court's October 24, 2012 opinion – which reaffirmed the dismissal of three of Barbachano's claims – did not discuss suitability; (iv) suitability supposedly is not a "generic" concept; and (v) Barbachano "alleges a fiduciary relationship" with SCB. These arguments fail for three reasons:

Honorable Victor Marrero                                                                     -2-

   *First*, none of these arguments alters the fact that this Court "inspect[ed]" Barbachano's allegations and in September 2012 found them to be "indistinguishable" from the allegations made by plaintiffs in the other Standard Chartered Cases. 891 F. Supp. 2d at 552. It is not relevant to any analysis that the economic loss rule has been altered or that Barbachano's fiduciary duty claim remains alive.[1]

   *Second*, if Barbachano believed that the Court erred in holding that her allegations are indistinguishable from those of other plaintiffs, she should have moved for reconsideration within fourteen days of the Court's decision, as required by Local Civil Rule 6.3. She did not. As such, the Court's determination that Barbachano's allegations are not unique "now stands as the law of the case" and there is not "any recognized procedural means by which to rescind it or take it back." *Anwar v. Fairfield Greenwich Ltd.*, No. 09-CV-118, 2013 WL 2247271, at *2 (S.D.N.Y. May 10, 2013). The limited basis upon which Barbachano and other plaintiffs obtained leave to replead a negligence claim was the Florida Supreme Court's decision in *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399 (Fla. 2013), which altered application of the economic loss rule under Florida law. *Tiara Condo* did not abrogate or alter the Court's prior construction of Barbachano's allegations.

   *Third*, Barbachano's "generic" assertion that SCB failed to properly diversify her portfolio cannot survive the Court's prior holding that SCB owed plaintiffs no duty to diversify their portfolios. *Anwar*, 891 F. Supp. 2d at 557. Barbachano's allegations concerning a "fiduciary relationship" are beside the point and, in any event, indistinguishable from the allegations advanced by other plaintiffs whose duty-to-diversify claims were rejected by this Court. *Compare* Barbachano Am. Compl. ¶¶ 13-14 *with, e.g.*, No. 11 Civ. 7650, Compl. ¶¶ 22, 35-36, 44.

   For the foregoing reasons, Barbachano's request to amend her complaint separate and apart from repleading a uniform negligence count in coordination with all other plaintiffs should be denied.

Respectfully submitted,

*Sharon L. Nelles*

Sharon L. Nelles

cc: H. Eugene Lindsey, Counsel for Plaintiff Teresa Barbachano (by e-mail)
   Standard Chartered Plaintiffs' Steering Committee (by e-mail)

---

[1] In her August 18 letter, Barbachano argues that Rule 9(b) does not apply to her gross negligence or fiduciary duty claims and also asks the Court to remand her case to the Southern District of Florida. These two points are beyond the scope of the submissions that the Court requested. In short, this Court has already applied Rule 9(b) to *all* of Barbachano's claims that are based on alleged negligent misrepresentations. *Anwar*, 891 F. Supp. 2d at 552. There also is no basis for the Court to remand the Barbachano case at this time. (*See* Second Amended Scheduling Order Regarding Standard Chartered Cases. Dkt. No. 609.)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Standard Chartered Bank defendant
>
> SO ORDERED.
>
> 8-22-14
> DATE     VICTOR MARRERO, U.S.D.J.