UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA S. ANWAR, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FAIRFIELD GREENWICH LIMITED, et al.,<br><br>　　　　　Defendants.<br><br>This Document Relates To: 09-cv-118(VM) | Master File No. 09-cv-0118 (VM) |

## SYLVIA TUCKER'S MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF THE GLOBEOP NET SETTLEMENT FUND

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Leo V. Leyva
David M. Kohane
900 Third Avenue
New York, New York 10022
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Attorneys for Sylvia Tucker*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

       A.  Sylvia Tucker Lost Most Of Her Life Savings ............................................. 2

       B.  Sylvia Tucker Is Part Of The FG Settlement Class ...................................... 3

       C.  The GlobeOp Settlement Class .................................................................... 4

       D.  Class Plaintiffs Now Seek To Deny Mrs. Tucker Any Distribution From The GlobeOp Net Settlement Fund ............................................................... 4

LEGAL ARGUMENT ............................................................................................................... 5

   I.   Mrs. Tucker Is A Member of the Globeop Settlement Class and Entitled to Receive her Pro Rata Distribution from the Globeop Net Settlement Fund. ........................................... 5

CONCLUSION .......................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

A. Cappione, inc. v. Cappione,
    119 A.D.3d 1121, 990 N.Y.S.2d 297 (3d Dep't 2014.) ............................................................. 6

Bank of New York v. Amoco Oil Co.,
    35 F.3d 643 (2d Cir. 1994) .................................................................................................. 5, 6

Black v. Transport Workers Union,
    454 F. Supp. 813 (S.D.N.Y. 1978) ......................................................................................... 6

Goldman v. Commissioner of Internal Revenue,
    39 F.3d 402 (2d Cir. 1994) ..................................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 24 ............................................................................................................................ 2

Fed. R. Civ. P. 60 ............................................................................................................................ 2

53221/0001-10934360v2

**PRELIMINARY STATEMENT**

Sylvia Tucker respectfully objects to the Class Plaintiffs' unjustified, unilateral, and belated attempt to prevent her from receiving her pro rata distribution from the GlobeOp Net Settlement Fund.  Mrs. Tucker is a 96 year-old widow who lost 80 percent of her life savings – more than $535,000 – through her investments in Greenwich Sentry, L.P. ("Greenwich").

Mrs. Tucker is completely without fault in suffering this ruinous loss.  Class Plaintiffs appropriately do not suggest that Mrs. Tucker participated in or benefitted from any of the wrongdoing alleged in the complaint.  They appropriately do not contend she did anything different from what they did in making, and losing, their investments.  Rather, they assert Mrs. Tucker can recover nothing from the GlobeOp Net Settlement Fund solely because she is the mother of defendant Jeffrey Tucker and because the settlement class excludes defendants' "immediate family members."  Class Plaintiffs unilaterally defined that term, for the first time earlier this year, to exclude parents.

This effort to exclude Sylvia Tucker from recovery merely because she is a defendant's mother, and based on a settlement she did not negotiate, should be rejected.  The settlement documents contain no definition of "immediate family member."  Mark Cunha, the lead defense lawyer who negotiated the 2012 Settlement with the "FG Defendants" (the "FG Settlement") that contains the identical exclusion for "immediate family members," attests that the parties never discussed that this language would preclude defendants' innocent parents, like Mrs. Tucker, from recovering.

Even Class Plaintiffs apparently believed, until a few months ago, that Mrs. Tucker was eligible to recover.  Although the FG Settlement Class incorporates the same exclusion of "immediate family members" as the GlobeOp Settlement, Class Plaintiffs sent Mrs. Tucker notice of the FG Settlement and a proof of claim form.  After she completed and returned it,

Class Plaintiffs' claims administrator, Rust Consulting, Inc. ("Rust"), advised Mrs. Tucker that she could participate in the distribution of FG Settlement funds if she provided certain missing documentation. Thus, like Mr. Cunha, Class Plaintiffs and their counsel clearly regarded her as part of the class despite the exclusion for "immediate family members."

Nonetheless, Class Plaintiffs' counsel instructed Rust not to send Mrs. Tucker notice of the GlobeOp Settlement or a GlobeOp Proof of Claim form. (Declaration of Robert C. Finkel dated Aug. 1, 2014 ("Finkel Decl."), Dkt. 1293, ¶ 10). They now ask this Court to approve a distribution of the GlobeOp Net Settlement Fund that denies Mrs. Tucker, an innocent victim, any part of the distribution. Mrs. Tucker respectfully objects and asks this Court to allow her to participate in the settlement pro rata with the other innocent class members.[1]

## STATEMENT OF FACTS

### A.   Sylvia Tucker Lost Most Of Her Life Savings

Mrs. Tucker is a 96 year-old widow. (Tucker Decl. ¶ 2.) She invested a total of $588,407 in Greenwich between October 1, 1988 and April 1, 2008. (Tucker Decl. ¶ 3.) Every penny Mrs. Tucker invested was from her personal funds. (Tucker Decl. ¶¶ 3, 11.) Since she first made her investment, Mrs. Tucker has received a total of approximately $53,000 back from her investment. (Tucker Decl. ¶ 4.) She lost the entire remainder – approximately 80 percent of her life savings. (Tucker Decl. ¶ 4.)

---

[1] Mrs. Tucker respectfully reserves the right to seek leave to intervene pursuant to Fed. R. Civ. P. 24 and/or seek to modify the Stipulation of Settlement pursuant to Fed. R. Civ. P. 60, in the event the Court were to disagree with this partial opposition and conclude that Mrs. Tucker should be excluded from the class as currently defined. Mrs. Tucker has refrained from submitting a letter seeking a pre-motion conference for such a motion at this time, to avoid burdening the Court with additional papers she believes will not be required, for the reasons set forth herein.

### B.     Sylvia Tucker Is Part Of The FG Settlement Class

Mrs. Tucker has understood that she is a member of the class of plaintiffs on whose behalf this action was brought (the "Class Plaintiffs") from the inception of the case. (Tucker Decl. ¶ 5.) It cannot be disputed that Mrs. Tucker meets the definition of "Class" set forth in the Second Consolidated Amended Complaint, which defines the class as: "All shareholders or partners of Fairfield Sentry, Fairfield Sigma, Greenwich Sentry, LP, and Greenwich Sentry Partners, L.P., as of December 10, 2008 who suffered a net loss of principal invested in the Funds." (Second Consolidated Amended Complaint, Dkt. 273, p. ix.)

The Class Members entered into a Stipulation of Settlement with the "FG Defendants" in 2012 (the "FG Stipulation of Settlement"), which the Court approved. (FG Stipulation of Settlement, Dkt. 996.)[2] The FG Stipulation of Settlement excludes "immediate family members" from the class but does not define that term. (FG Stipulation of Settlement, Dkt. 996, p. 18.)

Mark Cunha, counsel to a number of defendants including Fairfield Greenwich Limited and Fairfield Greenwich (Bermuda) Ltd., personally negotiated the FG Stipulation of Settlement with Class Plaintiffs' counsel. (Cunha Decl. ¶ 3.) Mr. Cunha attests that he had no negotiations or discussions of the meaning of "immediate family member" with Class Plaintiffs' counsel but that he understood and intended it to mean only spouses and children. (Cunha Decl. ¶ 6.) Mr. Cunha further attests that he never understood the "immediate family member" exclusion to include Sylvia Tucker and that Class Plaintiffs' counsel never expressed the intention to exclude her, or parents in general from the settlement class during the negotiations. (Cunha Decl. ¶ 6.)

---

[2] In the FG Settlement, defendants Fairfield Greenwich Limited and Fairfield Greenwich (Bermuda) Limited settled the case with the Class Plaintiffs. Under the settlement, all the individual Fairfield Greenwich defendants, including Jeffrey Tucker, will be dismissed from the case.

3

53221/0001-10934360v2

Clearly, Class Plaintiffs' counsel likewise did not, until recently, view Sylvia Tucker as excluded from the settlement class. They sent Mrs. Tucker a proof of claim form for the FG Settlement. (Tucker Decl. ¶ 6.) Mrs. Tucker timely submitted her claim. On July 15, 2013, Class Plaintiffs' claims administrator, Rust, sent Mrs. Tucker a letter titled "Notice of Deficiency and Partial Rejection." (Tucker Decl. ¶ 7; a true copy of the Notice of Deficiency is attached to the Tucker Decl. as Exhibit A.) The letter explained that Mrs. Tucker's claim lacked certain required documentation but stated in capital letters: "THIS IS A 'CURABLE' CONDITION…." (Tucker Decl., Ex. A.) Mrs. Tucker replied by email on July 26, 2013. (Tucker Decl. ¶ 8; Ex. B.) She has not heard anything more from Rust concerning her claim under the FG Settlement. (Tucker Decl. ¶ 9.)

### C. The GlobeOp Settlement Class

When the parties negotiated the GlobeOp Stipulation of Settlement, they adopted almost identical language as the FG Settlement in the class definition, including the term, "immediate family members." (GlobeOp Stipulation of Settlement, Dkt. 1184, p. 11.) Like the FG Stipulation of Settlement, the GlobeOp Stipulation of Settlement does not define "immediate family members." (See id.)

### D. Class Plaintiffs Now Seek To Deny Mrs. Tucker Any Distribution From The GlobeOp Net Settlement Fund

Although Class Plaintiffs sent Sylvia Tucker notice of the FG Settlement and invited her to file a proof of claim, their counsel unilaterally instructed Rust not to send her notice of the GlobeOp Settlement, even though the settlement class was defined in almost identical terms. (See Cunha Decl. Ex. A.) Mrs. Tucker first learned of the effort to exclude her earlier this year.

In April 2014, Mr. Cunha emailed Robert C. Finkel, another lawyer for the Class Plaintiffs, inquiring about Mrs. Tucker's claim on the FG Settlement. (Cunha Decl. ¶ 8 and Ex.

4

A thereto.)  Mr. Finkel responded on April 24, 2014, that Class Plaintiffs' intended to exclude Mrs. Tucker from participating in both the FG and GlobeOp settlements.  (Cunha Decl. ¶ 9; Ex. A.)  Mr. Finkel relied on an SEC regulatory definition of "immediate family member."  (Id.)  That definition, however, was not incorporated in the settlement documents or mentioned in the parties' settlement discussions.  (Cunha Decl. ¶ 9; Ex. A.)  Accordingly, there clearly was no agreement or any meeting of the minds between the parties to use that definition for "immediate family members."

Class Plaintiffs' unilateral decision to deny an undisputedly innocent victim, Mrs. Tucker, any recovery from the settlement funds is contrary to the parties' intent, as evidenced by Mr. Cunha's declaration and Class Plaintiffs' prior course of conduct.  This Court should overrule Class Plaintiffs' unilateral, unjustified, and belated determination and permit Mrs. Tucker a distribution from the GlobeOp Net Settlement Fund.

## LEGAL ARGUMENT

### I. MRS. TUCKER IS A MEMBER OF THE GLOBEOP SETTLEMENT CLASS AND ENTITLED TO RECEIVE HER PRO RATA DISTRIBUTION FROM THE GLOBEOP NET SETTLEMENT FUND.

Mrs. Tucker lost more than $535,000 – approximately 80 percent of her life savings – in her investments in Greenwich.  (Tucker Decl. ¶¶ 3-4.)  Like other class members, she is faultless in suffering this overwhelming loss.  Yet Class Plaintiffs seek to deny her any recovery from the GlobeOp Net Settlement Fund merely because she is the mother of one of the defendants.  The Court should reject their belated, unfair, and unilateral attempt to define "immediate family member" to exclude her, as their effort is contrary to the parties' intent.

Under New York law, settlement agreements are treated as contracts and interpreted by the rules governing the construction of contracts.  See, e.g., Bank of New York v. Amoco Oil

5

Co., 35 F.3d 643, 661 (2d Cir. 1994); Goldman v. Commissioner of Internal Revenue, 39 F.3d 402, 405 (2d Cir. 1994).  Settlement agreements will be construed in accordance with the intent of the parties.  Amoco Oil, 35 F.3d at 661 (citations omitted).  "Where [] the meaning of a word or phrase is ambiguous, the courts of New York will examine the record as a whole in an effort to interpret the agreement so as to effectuate the intent of the parties."  Id.  Furthermore, in contract construction, "the goal should be a practical construction of the language used so that the reasonable expectations of the parties are realized."  A. Cappione, inc. v. Cappione, 119 A.D.3d 1121, 990 N.Y.S.2d 297 (3d Dep't 2014.)  "There is no surer way to find out what the parties meant than to see what they have done."  Black v. Transport Workers Union, 454 F. Supp. 813, 824 (S.D.N.Y. 1978) (citation omitted).

     Here, the understanding, intent, and conduct of the persons who negotiated the term in contention – "immediate family members" – defeat Class Plaintiffs' belated and improper effort to deprive Sylvia Tucker of reimbursement for her loss.  Although the settlement documents do not define "immediate family members," Mark Cunha attests that the settling parties' intent was never to treat innocent parents in general, or Mrs. Tucker in particular, as excluded "immediate family members."  (See Cunha Decl. ¶ 6.)  No negotiator expressed an intent to exclude Mrs. Tucker.  (Cunha Decl. ¶ 6.)  Class Plaintiffs even sent Mrs. Tucker notification of the FG Settlement and a proof of claim, and claims administrator Rust indicated in subsequent communications that her claim was accepted.  (Tucker Decl. ¶¶ 6-7; Ex. A.)  Their conduct reflects that they, too, understood that Mrs. Tucker was entitled to participate in the recovery.  When questioned about the basis for excluding Mrs. Tucker, Class Plaintiffs' counsel had to resort to an extrinsic definition from an SEC regulation to justify Mrs. Tucker's exclusion – a

6

definition that was not incorporated in the settlement documents, referred to in the parties' settlement negotiations, or intended by the drafter. (Cunha Decl. ¶;8-10; Ex. A.)

Accordingly, there is absolutely no justification for excluding Mrs. Tucker, another innocent investor, from recovering her pro rata share of her significant losses through the GlobeOp Settlement. The Court should reject Class Plaintiffs' proposed new, unilateral definition of "immediate family members" and hold that Mrs. Tucker is entitled to participate in the settlement. That is the only just result.

**CONCLUSION**

Sylvia Tucker is an innocent victim, no different from the other class members whom Class Plaintiffs concede are part of the class.  She lost more than $535,000.  No just reason exists to exclude her from receiving her pro rata share of the GlobeOp Settlement proceeds.  Nothing in the record supports Class Plaintiffs' counsel's unilateral determination to exclude her.  On the contrary, the record, including Class Plaintiffs' own conduct and the intent of negotiating counsel, mandate that she be permitted to participate.

For the foregoing reasons, Mrs. Tucker is entitled to a distribution from the GlobeOp Settlement funds.  Class Plaintiffs' motion to disburse the GlobeOp Net Settlement Fund should be denied, in part, with instructions to accept Mrs. Tucker's claim to the GlobeOp Net Settlement Fund.

Respectfully submitted,

  */s/ Leo V. Leyva*
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Leo V. Leyva
David M. Kohane
900 Third Avenue
New York, New York  10022
Telephone:  (212) 752-8000
Facsimile:  (212) 752-8393
***Attorneys for Sylvia Tucker***