# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/14

August 29, 2014

By Fax

Honorable Victor Marrero,
　United States District Judge,
　　Daniel Patrick Moynihan United States Courthouse,
　　　500 Pearl Street,
　　　　New York, New York 10007.

　　　　Re:　*Anwar, et al. v. Fairfield Greenwich Ltd., et al.*, No. 09-CV-118
　　　　　　(S.D.N.Y.) – Standard Chartered Cases

Dear Judge Marrero:

　　　　We write on behalf of the Standard Chartered Defendants ("SCB"), pursuant to the Court's Individual Practices and the July 10, 2014 Order (Dkt. No. 1285), to request a pre-motion conference regarding SCB's contemplated unified motion for summary judgment in 11 actions that the parties and the Court have designated as "test cases" for summary judgment purposes (the "SCB Test Cases").[1]  (Stipulation and Order Regarding Discovery in Specified Standard Chartered Cases, at 3-4 (Mar. 2, 2012) (Dkt. No. 826); Stipulation and Order Striking Allegations and Deferring Discovery in Specified Standard Chartered Cases, at 5 (Sept. 18, 2013) (Dkt. No. 1193).)

　　　　SCB is a defendant in 57 actions (the "Standard Chartered Cases") filed between April 2009 and December 2012 and transferred to and/or consolidated before this Court for pre-trial proceedings.  Over the last three-and-a-half years, the parties have engaged in extensive discovery, including (i) depositions of more than 110 fact witnesses; (ii) 17 expert reports; (iii) 12 expert depositions; (iv) extensive written discovery; and (v) party and third-party

---

[1]　　The 11 SCB Test Cases are: *Maria Akriby Valladolid*, No. 10-cv-918; *Headway Investment Corp.*, No. 09-cv-8500; *Maridom Ltd., et al.*, No. 10-cv-920; *Joaquina Teresa Barbachano*, No. 11-cv-3553; *Victor Jorge Saca, et al.*, No. 11-cv-3480; *Salcar Ltd.*, No. 11-cv-899; *Alberto Perez*, No. 11-cv-903; *San Blas S.A., et al.*, No. 11-cv-5727; *Triple R Holdings Ltd., et al.*, No. 11-cv-897; *Jose de Passos Vieira Lima*, No. 11-cv-5722; and *Juan Carlos Sabillon*, No. 11-cv-5726.

Honorable Victor Marrero                                               -2-

document productions totaling more than 3.5 million pages. Discovery closed on August 15, 2014.[2]

With discovery in the SCB Test Cases now complete, SCB intends to move for summary judgment through a unified motion, as contemplated by the Court's Order of March 2, 2012. (Dkt. No. 826.) Plaintiffs' claims in these cases fall into two main categories. *First*, plaintiffs allege that SCB breached a duty owed to plaintiffs by recommending investments in Fairfield Sentry Ltd. or Fairfield Sigma Ltd. (together, the "Fairfield Funds") without conducting due diligence "sufficiently to become informed as to [the Fairfield Funds'] nature, price, and financial prognosis" (the "Due Diligence Claims"). *Anwar v. Fairfield Greenwich Ltd.*, 826 F. Supp. 2d 578, 591 (S.D.N.Y. 2011) ("*SCB II*"). *Second*, plaintiffs allege that SCB made a material omission by failing to disclose "that Madoff was actually executing the split-strike conversion strategy" (the "Omission Claims"). *Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 360, 373 n.7 (S.D.N.Y. 2010) ("*SCB I*"). SCB's contemplated unified motion will address both categories of claims, as well as certain individual claims raised by the SCB Test Case plaintiffs, and seek summary judgment on the following grounds:

(1) For the reasons more fully set forth in SCB's prior submissions to the Court (Dkt. Nos. 1226, 1236, 1246 and 1276), all of plaintiffs' claims are barred by the Securities Litigation Uniform Standards Act of 1998 and should be dismissed.

(2) The Due Diligence Claims (whether couched as breach of fiduciary duty, negligence or gross negligence) survived motions to dismiss based on the allegation – now proven false through discovery – that SCB failed to conduct sufficient due diligence prior to recommending the Fairfield Funds. *See SCB I*, 745 F. Supp. 2d at 376 ("As Lopez and the Maridom Plaintiffs allege that a high-ranking Standard Chartered executive admitted that no diligence had been done on the Fairfield Funds, and Headway and Valladolid allege that no diligence was actually performed, a breach of fiduciary duty based on these facts is properly alleged."); *SCB II*, 826 F. Supp. 2d at 591.

(3) The Omission Claims fail because discovery has revealed that SCB disclosed Madoff's role in the Fairfield Funds and because plaintiffs cannot establish the requisite elements of scienter, reliance or proximate cause.

(4) Individual claims made by plaintiffs in the SCB Test Cases are untimely under the applicable statutes of limitations (*e.g.*, the Due Diligence Claims alleged in *Headway*).

SCB's contemplated unified motion will seek the dismissal of the SCB Test Cases in their entirety; and the Court's decision on that motion will "make clear what (if any) plaintiff-specific issues remain for trial." (Stipulation and Order, at 3-4 (Dkt. No. 826).)

In light of the number of parties and issues involved in the SCB Test Cases, the expansive fact and expert discovery that bears on those issues, and the schedule already

---

[2]   The parties have deferred plaintiff-specific discovery in 42 of the Standard Chartered Cases. (Dkt. Nos. 826, 1193.)

Honorable Victor Marrero                                                  -3-

established in the related *Anwar* class action, where summary judgment briefing will not be completed before December 2014 (Dkt. No. 1275), SCB proposes the following briefing schedule:

1. Plaintiffs who previously received leave of the Court to replead negligence claims that had been dismissed under Florida's economic loss rule shall coordinate among themselves and with SCB to file a uniform negligence claim by Friday, October 10, 2014.

2. Summary judgment motions in the SCB Test Cases (whether by plaintiffs or by SCB) shall be filed by Friday, January 30, 2015. Any party moving for summary judgment may file a single brief in support of no more than 75 pages.

3. Responses to summary judgment motions in the SCB Test Cases shall be filed by Friday, April 3, 2015. Responsive briefs may be no longer than 75 pages.

4. Replies to summary judgment motions in the SCB Test Cases shall be filed by Friday, May 1, 2015. Reply briefs may be no longer than 38 pages.

SCB's proposed time periods for motion practice and page limits are equivalent to those established in the *Anwar* litigation, which involves fewer parties than the SCB Test Cases. (*Id.*) Plaintiffs in the Standard Chartered Cases have informed SCB and the Court that they intend to oppose SCB's request for leave to file a summary judgment motion (Dkt. No. 1285) and thus have declined to confer on SCB's proposed schedule.

*   *   *

For the foregoing reasons, SCB respectfully requests that the Court hold a pre-motion conference to discuss SCB's contemplated motion, or, alternatively, approve SCB's proposed briefing schedule for that motion.

Respectfully submitted,

Sharon L. Nelles/sRG

Sharon L. Nelles

cc:   Standard Chartered Plaintiffs' Steering Committee (by e-mail)

---

SCB litigation plaintiffs are directed to respond by 9-7-14 by letter not to exceed three (3) pages, to the matter set forth above by SCB defendant.

SO ORDERED.
9-3-14
DATE     VICTOR MARRERO, U.S.D.J.