USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
PASHA S. ANWAR, et al., : 09-cv-0118 (VM)
                  Plaintiffs, :
: **ORDER**
  - against - :
:
FAIRFIELD GREENWICH LIMITED, :
et al., :
                  Defendants. :
----------------------------------------X

**VICTOR MARRERO, United States District Judge.**

On August 1, 2014, the Class Plaintiffs filed a Motion for Distribution of the GlobeOp Net Settlement Fund, dated August 1, 2014 ("Motion for Distribution," Dkt. No. 1292). On August 29, 2014, Sylvia Tucker ("Tucker") filed a Memorandum of Law in Partial Opposition to the Motion for Distribution (Dkt. No. 1311), and on September 5, 2014 Class Plaintiffs filed a response to Tucker's opposition (Dkt. No. 1317). Tucker is the mother of one of the defendants in this matter, Jeffrey Tucker. She argues that she should not be barred from receiving a distribution in the settlement because she should not fall into the category of defendants' "immediate family members" excluded from the terms of the GlobeOp Stipulation of Settlement. (Dkt. No. 1184 at 11.) Accordingly, she asks the Court to allow her to participate in the GlobeOp settlement distribution pro rata with the other class members. The Court has reviewed the parties'

submissions listed above and does not find Tucker's opposition meritorious.

The language of the GlobeOp Stipulation of Settlement defines the "GlobeOp Settlement Class" to exclude "the FG Defendants, GlobeOp, and the Non-Settling Defendants, . . . and immediate family members, and heirs, successors, subsidiaries and assigns of such Persons." (Id.) Tucker provides the statement of one of the attorneys who represented the defendants in settlement negotiations that "[i]n his thinking about whose claims would be excluded by the term 'immediate family members,' [he] had in mind spouses and children." (Declaration of Mark G. Cunha, Esq., Dkt. No. 1310 ¶ 8.) The Court is aware that there is no reason to believe Tucker is anything other than an innocent victim. However, there is no explicit definition of the term "immediate family member" in the GlobeOp Stipulation of Settlement and in the absence of a contrary definition, the term must be construed according to its most common meaning, which in this case is consistent with its meaning in the context of securities law.

In securities law, as in common parlance, as Plaintiffs argue, "immediate family" includes parents. See, e.g., 17 C.F.R. § 240.16a-1 (For purposes of Section 16 of the Securities Act of 1934, "The term immediate family shall mean

2

any child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, and shall include adoptive relationships."); 17 C.F.R. § 229.404 (same definition for required disclosure of related party transactions); Definition of "Immediate Family," BusinessDictionary.com, http://www.businessdictionary.com/definition/immediate-family.html (last visited September 11, 2014) ("Someone's spouse, parents and grandparents, children and grandchildren, brothers and sisters, mother in law and father in law, brothers in law and sisters in law, daughters in law and sons in law. Adopted, half, and step members are also included in immediate family."). Therefore, the Court is persuaded that Tucker, as the mother of a defendant, is excluded from the GlobeOp Settlement Class.

The Court notes that Tucker "reserves the right to seek leave to intervene pursuant to Fed. R. Civ. P. 24 and/or seek to modify the Stipulation of Settlement pursuant to Fed. R. Civ. P. 60, in the event the Court were to disagree with this partial opposition and conclude that Mrs. Tucker should be excluded from the class as currently defined." (Dkt. No. 1310 at 2, n.1.) To the extent that any such motion would rely on the arguments Tucker presents in her Memorandum of

3

Law in Partial Opposition to the Motion for Distribution, the Court would regard such motion as futile, as it would be unlikely to achieve an outcome different from the Court's ruling herein.

For the reasons stated above, Tucker's request to participate in the GlobeOp settlement pro rata with other class members is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         11 September 2014

                                    /s/ Victor Marrero
                                    _____
                                    Victor Marrero
                                       U.S.D.J.