UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASHA ANWAR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FAIRFIELD GREENWICH LIMITED, *et al.*, <br><br> Defendants. <br><br> This Document Relates To: 09-cv-118 (VM) | Master File No. 09-cv-118 (VM) (FM) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/14

### ORDER AUTHORIZING DISTRIBUTION OF THE GLOBEOP NET SETTLEMENT FUND

**WHEREAS**, by its Final Judgment and Order of Dismissal with Prejudice dated November 22, 2013 (Dkt. No. 1232), from which no appeal was taken, this Court approved the $5 million partial settlement of this Action, resolving claims asserted by Plaintiffs against GlobeOp Financial Services LLC ("GlobeOp"), as embodied in the GlobeOp Stipulation of Settlement dated as of August 27, 2013 (Dkt. No. 1184), and the Plan of Allocation of the GlobeOp Net Settlement Fund (Dkt. No. 1232, ¶ 21), as fair, reasonable, and adequate and in the best interests of the Class;

**WHEREAS**, as set forth in the Notice of Proposed GlobeOp Settlement of Class Action (the "Notice"), the deadline for GlobeOp Settlement Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") to participate in the distribution of the Net Settlement Fund was December 23, 2013;

Doc. 179367v9

**WHEREAS**, Rust Consulting, Inc. ("Rust"), the claims administrator for the Settlement, has processed all Proofs of Claim received pursuant to the Notice;

**WHEREAS**, in satisfaction of due process requirements, all Class Members who filed claims that were ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given the opportunity to respond to the determination of ineligibility and to correct any deficiency prior to their claims being finally rejected;

**WHEREAS**, the process of reviewing all Proofs of Claim has been completed;

**WHEREAS**, Co-Lead Counsel now seek authorization, on behalf of the GlobeOp Settlement Class, to make a distribution of the balance of the GlobeOp Settlement Fund, after the deduction of payments previously allowed and set forth herein (the "GlobeOp Net Settlement Fund") to Authorized Claimants;

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further matter that may arise in connection with the administration and execution of the GlobeOp Settlement and the processing of Proofs of Claims and the distribution of the GlobeOp Net Settlement Fund to the Authorized Claimants;

**NOW, THEREFORE,** upon reading and filing the Declarations of Robert C. Finkel and Katherine Lloyd in Support of Class Plaintiffs' Motion for Distribution of the GlobeOp Net Settlement Fund; and upon all prior proceedings heretofore, and after due deliberation, it is hereby

**ORDERED**, that Rust is awarded its unpaid fees and expenses of $7,901.28 through May 31, 2014, and Co-Lead Counsel are authorized to establish a reserve of up to $8,809 for payment of Rust's anticipated fees and expenses with respect to the distribution and continued administration of the GlobeOp Net Settlement Fund;

**ORDERED**, that the recommendation of Co-Lead Counsel to approve determinations of claims as indicated on the record of accepted claims submitted and described in the Finkel

2

Declaration and Lloyd Declaration, Exhibit C, including two claims submitted after the original December 23, 2013 submission deadline, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED,** that the recommendation of Co-Lead Counsel to approve determinations of the claims as indicated on the record of rejected claims submitted and described in the Finkel Declaration and Lloyd Declaration, Exhibit B, under the Court-approved Settlement Class definition and Plan of Allocation be and the same are hereby approved, and said claims are hereby rejected; and it is further

**ORDERED**, that the GlobeOp Net Settlement Fund shall be distributed to Authorized Claimants, calculated as described in the Lloyd Declaration under the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Loss of all Authorized Claimants as set forth in the Lloyd Declaration, Exhibit C; and it is further

**ORDERED,** that no further late filed claims shall be accepted by Rust or Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED,** that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the GlobeOp Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all GlobeOp Settlement Class Members, whether or not they receive payment from the GlobeOp Net Settlement Fund, are hereby barred from making any further claims against the GlobeOp Net Settlement Fund, the Claims Administrator, the Escrow Agent or any other agent retained by the Class Plaintiffs or Plaintiffs' Co-Lead Counsel in connection with the administration or taxation of the Settlement Fund beyond the amount allocated to Authorized Claimants; and it is further

3

**ORDERED**, that checks payable to the Authorized Claimants for their settlement distribution shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE." Co-Lead Counsel and Rust are authorized to take appropriate action to locate or contact any Authorized Claimant who has not cashed his, her or its distribution check within said time; and it is further

**ORDERED**, that this Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

Dated: 11 September, 2014

VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

SO ORDERED. The Clerk of Court is directed to terminate the pending motion for distribution (Docket No. 1292).
SO ORDERED.

9-11-14
Date

Victor Marrero, U.S.D.J.

4