**CURRAN LAW PL**
Attorneys at Law
701 Brickell Avenue – Suite 1550
Miami, Florida 33131

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/14

Laurence E. Curran III

Telephone 305-777-0374
Telefax 305-728-5288
Email lccurran@lccurran.com

October 21, 2014

**Via Telefax (212-805-6382)**
Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  *Anwar, et al. v. Fairfield Greenwich Ltd, et al.*, No. 09-CV-118 (S.D.N.Y.) - Standard Chartered Cases

Dear Judge Marrero:

I am counsel to plaintiffs in forty-two of the actions pending against the Standard Chartered Defendants ("SCB") and now write on behalf of seven plaintiffs in five of those actions to request a pre-motion conference regarding the contemplated motions of the seven plaintiffs for permission of the Court to either have them dropped as plaintiffs or to have their cases dismissed as described herein. I have written to counsel for SCB in this regard on October 9 and October 17 and been advised that SCB does not consent to the requested relief.

The seven plaintiffs can be divided into two categories for these purposes: (1) five plaintiffs who did not independently bring any actions against SCB but are co-plaintiffs in three pending actions are seeking permission of the Court in accord with Rule 21 of the Fed.R.Civ.P. to be dropped as plaintiffs; and (2) two plaintiffs who did bring their own actions are seeking permission of the Court in accord with Rule 41 of the Fed.R.Civ.P. to have their actions dismissed.

1.      In the first category regarding dropping five plaintiffs are the following three cases:

a.      *New Horizon Development Inc., et al. v. Standard Chartered Bank International (Americas) Ltd.*, No. 10-cv-24396. In this action, there are two plaintiffs - New Horizon Development, Inc. ("NHD") and Continental Rainbow Group, Inc. ("CRG"). NHD purchased 572.38 shares of Fairfield Sentry Ltd. ("Fairfield Sentry") in 2003 and 2005 for $550,000. On November 19, 2007, NHD transferred 343 shares of Fairfield Sentry from its account to the account of CRG at SCB.

CRG now wishes to drop out as a plaintiff pursuant to Rule 21 of the Fed.R.Civ.P where CRG

1

did not make any direct investment in Fairfield Sentry and the actual loss attributable to the purchase of those shares is for the account of NHD.

b. *Iston Holdings Ltd. et al. v. Standard Chartered Bank International (Americas) Ltd.*, No. 10-cv-24399. In this action, like in the *New Horizon* case, there are two plaintiffs but only one that purchased shares of Fairfield Sentry. Iston Holdings Ltd. ("Iston") purchased 863.5 shares in five investments between March 22, 2005 and December 27, 2007 through its account at SCB. On October 18, 2006, Iston transferred 550.96 shares from its account at SCB to the account of Nemagus Ltd. at SCB.

Nemagus now wishes to drop out as a plaintiff because although it holds 550.96 shares of Fairfield Sentry in its account at SCB, Nemagus did not make a direct investment in Fairfield Sentry Ltd. and the actual loss attributable to the purchase of those shares is solely Iston's.

c. *Tierra CV, et al. v. Standard Chartered Bank International (Americas) Ltd.*, No. 10-cv-22503. In this action, there are six plaintiffs and three of the six plaintiffs – Ali Ltd. ("Ali"), Bellwood Ltd. ("Bellwood") and Accent Group Ltd. ("Accent Group") - wish to drop out as plaintiffs because the actual purchasers of shares of Fairfield Sentry Ltd. were plaintiffs Tierra CV, Oro CV and Bego Inc. ("Bego"). On September 22, 2004, plaintiffs Ali, Bellwood and Accent Group each received from Bego a transfer of approximately 91.7 shares of Fairfield Sentry from the 275.08 shares that Bego had purchased on March 22, 2004.

Ali, Bellwood and Accent Group now wish to drop out as plaintiffs because although each company holds shares of Fairfield Sentry in their respective accounts at SCB, none of these three plaintiffs made any direct investments themselves in Fairfield Sentry.

2. In the second category, where two plaintiffs seek permission to have their cases dismissed, are the following two cases:

a. *Juan D. Quiroz Stone v. Standard Chartered Bank International (Americas) Limited*, No. 11-cv-22835. In this case, it became apparent based on holding letters issued by Standard Chartered in regard to the Anwar - Fairfield settlement regarding the account of Ponciana Holdings Ltd. - a company that is not a plaintiff - that the investment in Fairfield Sentry Ltd. described in the Complaint was likely made through Ponciana Holdings Ltd. and not by Mr. Quiroz personally. Mr. Quiroz, who is in his eighties and has not been in the best health, had believed that the investments in Fairfield Sentry were made through his personal account at SCB. It took some time to clarify this issue with him following receipt of the holding letter regarding Ponciana's account at SCB. Mr. Quiroz now wishes to have his Complaint dismissed.

b. *Lyac Venture Corp. v. Standard Chartered Bank International (Americas) Ltd.*, No. 12-cv-24141 In this case, it has become apparent based on holding letters issued by Standard Chartered regarding the account of Lyac Venture Corp. and documents received from another financial institution, that the loss incurred by Lyac due to its investment in Fairfield Sentry Ltd is small and Lyac thus wishes to have its Complaint dismissed.

2

The dismissal of these two cases - *Juan D. Quiroz Stone* and *Lyac Venture Corp.* - as well as dropping the five plaintiffs from the cases of *New Horizon Development Inc., Iston Holdings Ltd., Tierra CV et al.*, will not have any impact on the pre-trial proceedings in other cases pending before this Court as part of the Fairfield MDL. The five cases now at issue - *New Horizon Development Inc., Iston Holdings Ltd., Tierra CV et al, Juan D. Quiroz Stone* and *Lyac Venture Corp.* - are not part of the Summary Judgment Cases but rather are in the part covered by the stipulation to defer discovery.

The requested relief will aid in the efficiency of the litigation because it would reduce the number of plaintiffs required to be deposed by seven since the five cases at issue are part of the group of forty-two of the cases (the "Stipulating Actions") covered by a Stipulation (Doc. 826) with SCB where, in order to enhance judicial economy and substantially reduce the burdens of litigation on the parties and the Court, the parties agreed to defer plaintiff-specific discovery, including depositions of plaintiffs, in thirty-six of the Stipulating Actions until the Court has ruled on dispositive motions in the other six Stipulating Actions (the "Summary Judgment Cases").

Since these cases are not for consideration as part of the cases SCB refers to as the 12 Test Cases regarding SCB's continuing request for permission to file a summary judgment motion. I do not believe that the requested relief is in any way prejudicial to that requested relief. Further, since the Court has previously held that SLUSA does not apply to the Standard Chartered cases given various considerations, I do not think that any SLUSA related issue is relevant to the 7 plaintiffs' respective requests for permission to file a motion to have 2 cases voluntarily dismissed and 5 plaintiffs dropped under Rule 21 of the Fed.R.Civ.P. *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154 (S.D.N.Y.2003) (holding that District Courts have broad discretion to drop or add parties under Rule 21 "when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation").

Also, should, arguendo, SLUSA be considered relevant at this stage of the proceedings regarding these cases, this Court has found that the possibility of a SLUSA argument by a defendant should not preclude the dismissal from the action of plaintiffs with "no actual interest in the litigation." See *Lee v. Marsh & McLennan Companies, Inc.*, et al., 2007 WL 704035 (SDNY 2007). That situation covers 6 of the above-described plaintiffs - excepting Lyac Venture Corp. - as it has become clear that none of them have an interest in this litigation except that they remain as plaintiffs.

For the foregoing reasons, the above-mentioned plaintiffs respectfully request a pre-motion conference in this regard.

Respectfully submitted,

Laurence E. Curran III

cc: Counsel in Standard Chartered Cases (via email)

The SCB defendants are directed to respond by 11-27-14, by letter not to exceed three (3) pages, to the matter set forth above by certain plaintiffs, showing cause why the relief requested should not be granted.

SO ORDERED.

10-22-14
DATE    VICTOR MARRERO, U.S.D.J.

3