## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*

*New York, NY 10004-2498*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/14
```

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

October 27, 2014

By Facsimile

Honorable Victor Marrero,
   United States District Judge,
      Southern District of New York,
         Daniel Patrick Moynihan United States Courthouse,
           500 Pearl Street,
              New York, New York 10007.

         Re:   *Anwar v. Fairfield Greenwich Ltd.* – Standard Chartered Cases,
               No. 09-CV-118 (S.D.N.Y.) (VM) (FM)

Dear Judge Marrero:

        We write on behalf of the Standard Chartered Defendants ("SCB" or the "Bank") in response to the October 21, 2014 request from Laurence Curran of Curran Law PL, counsel to 54 plaintiffs in 42 of the Standard Chartered Cases ("SCB Cases"), requesting a pre-motion conference. Mr. Curran references contemplated motions by seven plaintiffs who have determined that they want to be "dropped" immediately as plaintiffs or have their cases dismissed.

        There is no reason for the Court to consider these motions now as there is no urgency to their request. The seven plaintiffs filed their actions years ago, and the Bank has answered their complaints. As the Court is aware, the parties are currently in the process of submitting supplemental argument regarding the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). Should the Court agree with SCB that SLUSA precludes the SCB Cases from proceeding, the complaints brought by the seven plaintiffs shall be dismissed, and the requests to withdraw will be moot. Should the Court disagree, the Bank will be happy to work with Mr. Curran and the seven plaintiffs

Honorable Victor Marrero -2-

to effect dismissal of their claims, as the Bank so informed Mr. Curran on October 16, 2014.[1]

Indeed, the only conceivable reason plaintiffs' request is being raised now is a misguided belief that by sacrificing their own claims, these plaintiffs will somehow assist the remaining plaintiffs in evading the application of SLUSA. To qualify for preclusion under SLUSA, a group of actions must constitute a covered class action, which is defined to include "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact" that "are joined, consolidated, or otherwise proceed as a single action for any purpose" so long as "damages are sought on behalf of more than 50 persons." 15 U.S.C. § 78bb(f)(5)(B). Mr. Curran's efforts to reduce the number of plaintiffs he represents to under 50, however, would not make any difference to this Court's consideration of SLUSA. Even if those plaintiffs were dismissed, the SCB Cases would still constitute a covered class action because sixty-eight plaintiffs would remain in this consolidated proceeding. *See, e.g., In re Adelphia Comm. Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529, 2010 WL 3528872, at *5 (S.D.N.Y. Aug. 30, 2010) ("The present action is one of more than 50 actions pending in this district as a multidistrict litigation in which damages are sought for more than 50 people. It is plainly a covered class action which cannot be maintained in this or any state court.").[2] Furthermore, it is improper for plaintiffs to attempt to circumvent SLUSA through procedural mechanisms such as voluntarily dismissing plaintiffs to some number below 50. *In re Worldcom, Inc. Sec. Litig.*, 2004 WL 692746, at *5 (S.D.N.Y. Apr. 2, 2004).

Finally, the Bank simply notes that plaintiffs are wrong that this Court already has held that SLUSA preemption does not apply to the SCB Cases. The Court addressed SLUSA in the context of the *Anwar* class action, *Anwar v. Fairfield*

---

[1] Plaintiffs' requests to withdraw are not entirely straightforward. For example, the request raises issues concerning the scope of claims being asserted in cases where one (but not all) plaintiffs are seeking dismissal, and raise other issues that the Court may want to consider where plaintiffs' current justifications for seeking dismissal contradict allegations made in their verified complaints and/or interrogatory responses.

[2] Counsel's confusion may stem from an argument made by liaison counsel for the Standard Chartered Plaintiffs' Steering Committee at the September 29, 2014 pre-motion conference. Liaison counsel argued that the SCB Cases do not satisfy SLUSA's "covered class action" requirement because plaintiffs in the SCB Cases did not voluntarily join together, but that if Mr. Curran represented more than 50 plaintiffs, "then maybe his cases are barred." (9/29/14 Hr'g Tr. at 35, Dkt. No. 1329.) Ten days later, Mr. Curran asked for SCB to consent within three business days to the dismissal of seven plaintiffs he represents.

Honorable Victor Marrero                                                                      -3-

*Greenwich Ltd.*, 728 F. Supp. 2d 372, 398-99 (S.D.N.Y. 2010), a case involving the creator and third-party service providers of Fairfield Sentry Ltd. and Fairfield Sigma Ltd. (not the Bank), and at a time when the Second Circuit had not yet considered the application of SLUSA to preclude cases relating to the Madoff fraud. *In re Herald, Primeo & Thema Sec. Litig.*, 730 F.3d 112 (2d Cir. 2013) *reh'g denied* 753 F.3d 110 (2d Cir. 2014). The Court did not address SLUSA with respect to the SCB Cases at that time, having ruled that "SLUSA preemption may be raised later in these proceedings. *Anwar*, No. 09-CV-118, 2010 WL 1948566 (S.D.N.Y. May 5, 2010). Whether SLUSA precludes the SCB Cases is what the Court will consider now, for the first time.

For all the foregoing reasons, the request for a pre-motion conference should be denied.

Respectfully submitted,

*Sharon L. Nelles*

Sharon L. Nelles

cc:   Laurence E. Curran III, Esq.

      Standard Chartered Plaintiffs' Steering Committee (by E-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Standard Chartered Bank defendants

**SO ORDERED.**

10-27-14
DATE        VICTOR MARRERO, U.S.D.J.