UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PASHA ANWAR, *et al.*,

Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

Defendants.

This Document Relates To: 09-cv-118 (VM)

Master File No. 09-cv-118 (VM) (FM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/14

## ORDER AUTHORIZING DISTRIBUTION OF THE FAIRFIELD GREENWICH NET SETTLEMENT FUND

**WHEREAS,** by its Final Judgment and Order of Dismissal with Prejudice dated March 25, 2013 (Dkt. No. 1097) (the "Final Judgment"), this Court approved the $50.25 million partial settlement of this Action, resolving claims asserted by Plaintiffs against Fairfield Greenwich Limited and Fairfield Greenwich (Bermuda) Limited, as embodied in the Fairfield Greenwich ("FG") Stipulation of Settlement dated as of November 6, 2012 (Dkt. No. 996), and the Plan of Allocation of the FG Net Settlement Fund (Dkt. No. 1097, ¶ 7), as fair, reasonable, and adequate and in the best interests of the Class;

**WHEREAS,** the Second Circuit Court of Appeals has denied all three appeals from the Final Judgment, with the last appeal having been denied on August 8, 2014 (Dkt. No. 1315);

**WHEREAS,** as set forth in the Notice of Proposed Partial Settlement of Class Action (the "Notice"), the deadline for FG Settlement Class Members to submit Proof of Claim and Release

Doc. 180486v3

forms ("Proofs of Claim") to participate in the distribution of the Net Settlement Fund was April 17, 2013;

**WHEREAS**, Rust Consulting, Inc. ("Rust"), the claims administrator for the Settlement, has processed all Proofs of Claim received pursuant to the Notice;

**WHEREAS**, in satisfaction of due process requirements, all Class Members who filed claims that were ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given the opportunity to respond to the determination of ineligibility and to correct any deficiency prior to their claims being finally rejected;

**WHEREAS**, the process of reviewing all Proofs of Claim has been completed;

**WHEREAS**, Settling Defendants in this Action do not oppose entry of this Order;

**WHEREAS**, Co-Lead Counsel now seek authorization, on behalf of the FG Settlement Class, to make a distribution of the balance of the FG Settlement Fund, after the deduction of payments previously allowed or set forth herein (the "FG Net Settlement Fund") to Authorized Claimants;

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further matter that may arise in connection with the administration and execution of the FG Settlement and the processing of Proofs of Claims and the distribution of the FG Net Settlement Fund to the Authorized Claimants;

**NOW, THEREFORE,** upon reading and filing the Declarations of Robert C. Finkel and Jason Rabe in Support of Entry of an Order for Distribution of the FG Net Settlement Fund; and upon all prior proceedings heretofore, and after due deliberation, it is hereby

**ORDERED**, that Plaintiffs' Co-Lead Counsel are awarded reimbursement of up to $170,109 in expenses necessarily incurred in connection with the negotiation and execution of security interests relating to the Escrow Amount (as defined in the Stipulation of Settlement); and it is further

**ORDERED**, that Rust is awarded its unpaid fees and expenses of $299,162 through October, 2014, and Co-Lead Counsel are authorized to establish a reserve of up to $79,090 for payment of Rust's anticipated fees and expenses with respect to the distribution and continued administration of the FG Net Settlement Fund; and it is further

**ORDERED,** that the recommendation of Co-Lead Counsel to approve the rejection of claims submitted and described in the Finkel Declaration and Rabe Declaration, Exhibit B, under the Court-approved Settlement Class definition and Plan of Allocation be and the same are hereby approved, and said claims are hereby rejected; and it is further

**ORDERED**, that the recommendation of Co-Lead Counsel to approve the acceptance of claims as indicated on the record of accepted claims submitted and described in the Finkel Declaration and Rabe Declaration, Exhibit C, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the FG Net Settlement Fund shall be distributed to Authorized Claimants, calculated as described in the Rabe Declaration under the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Loss of all Authorized Claimants as set forth in the Rabe Declaration, Exhibit C; and it is further

**ORDERED,** that no further late filed claims shall be accepted by Rust or Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED,** that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the FG Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all FG Settlement Class Members, whether or not they receive payment from the FG Net Settlement Fund, are hereby barred from making any further claims against the FG Net Settlement Fund, the Claims Administrator, the

Escrow Agent or any other agent retained by the Class Plaintiffs or Plaintiffs' Co-Lead Counsel in connection with the administration or taxation of the Settlement Fund beyond the amount allocated to Authorized Claimants; and it is further

**ORDERED**, that checks payable to the Authorized Claimants for their settlement distribution shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE." Co-Lead Counsel and Rust are authorized to take appropriate action to locate or contact any Authorized Claimant who has not cashed his, her or its distribution check within said time; and it is further

**ORDERED**, that this Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

Dated: 19 December, 2014

VICTOR MARRERO
UNITED STATES DISTRICT JUDGE