# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

December 30, 2014

**BY HAND**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/15

RECEIVED
DEC 29 2014
CHAMBERS OF
JUDGE MARRERO

Re:   *Anwar, et al., v. Fairfield Greenwich Limited, et al.*, 09-CV-00118

Dear Judge Marrero:

We write in response to the Citco Defendants' December 24, 2014 letter regarding the summary order in *Elendow Fund, LLC v. Rye Investment Management*, 2014 WL 7090618 (2d Cir. Dec. 16, 2014). *Elendow* has no bearing on Plaintiffs' class certification motion. First, whether investors have standing to assert common-law holder claims is not an issue of class action superiority; rather, it is a merits issue, common to the class.[1] Second, contrary to Citco's assertion, Plaintiffs have common law claims involving initial and subsequent investments (the "inducement claims") that are clearly direct in nature. Third, this Court has held that Plaintiffs' holder claims are direct claims under New York law because Citco owed direct duties to shareholders, who suffered injury distinct from the Funds. Nothing in *Elendow* affects these issues.

**Standing Is a Common Merits Issue.** The issue of standing to assert holder claims – which are a subset of Plaintiffs' multiple claims against Citco – is a merits issue that should not be decided on class certification. *Amgen, Inc. v. Connecticut Ret. Plans*, 133 S. Ct. 1184, 1194-95 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."). As this Court said in denying reconsideration on this issue: "Given how far litigation has progressed, the issue of standing at this point [shortly before the fact discovery cut-off] would be more appropriately and fairly addressed following the Court's decision regarding class certification and with the benefit of a full record at summary judgment." *Anwar III*, 884 F. Supp. 2d 92, 99 (S.D.N.Y. 2012).

Citco's contention (Letter at 1) that standing is relevant to the issue of whether a class action is superior under Rule 23(b)(3) is wrong. Either the claims are direct and, therefore, can

---

[1] Citco raised the same standing issue in briefing its Rule 23(f) appeal to the Second Circuit. Although the Court of Appeals noted Citco's argument, it was conspicuously absent from the issues that the Court identified for consideration on remand. *See St. Stephen's Sch. v. PricewaterhouseCoopers Accountants N.V.*, 570 F. App'x 37, 39-40 (2d Cir. 2014).

The Honorable Victor Marrero
December 30, 2014
Page 2

only be brought by the investors, not the Funds, or the claims are derivative and would be dismissed. In either event, this is a merits issue common to all class members.[2]

**Plaintiffs Have Standing to Assert Inducement Claims.** Citco cannot seriously dispute that Plaintiffs' inducement claims arising from their investments and reinvestments in the Funds (as opposed to holder claims) are direct claims.[3] Citco's contention, *see* Letter at 2, that Plaintiffs' common-law claims are only for mismanagement and not for inducement of initial or additional investments is simply wrong. *See, e.g., Anwar III*, 884 F. Supp. 2d at 99.

Plaintiffs' common-law inducement claims, involving more than $1 billion damages, have been sustained against Citco's motion to dismiss. *See Anwar II*, 728 F. Supp. 2d 372, 421-445 (S.D.N.Y. 2010). Inducement claims are black-letter direct claims under New York and Delaware law. *See, e.g., Anwar III*, 884 F. Supp. 2d at 99 ("[O]ther courts in this District have recognized that New York law considers shareholders' tort claims based on misrepresentation, rather than mismanagement, to be direct and not derivative."); *Pension Comm. v. Banc of Am. Sec.*, LLC, 446 F. Supp. 2d 163, 205 (S.D.N.Y. 2006) (shareholders may bring direct claims alleging they were "induced to make and/or retain their investments"); *Albert v. Alex. Brown Mgmt. Serv., Inc.*, 2005 WL 2130607, at *12 (Del. Ch. Aug. 26, 2005) (under *Tooley*, "[g]enerally, non-disclosure claims are direct claims," including those styled as breach of fiduciary duty and breach of contract). Nothing in *Elendow* changes these black-letter legal principles.

**Plaintiffs Have Standing to Assert Holder Claims.** The *Elendow* decision deals only with Delaware law. This Court has found, however, that New York law applies to the standing issue. *Anwar II*, 728 F. Supp. 2d at 401 and n.8.[4] As this Court has previously held, Plaintiffs' holder claims against Citco are direct claims: "The SCAC alleges causes of action against what amount to *outsiders to the Funds*—Plaintiffs' general theory is that investment managers, accountants, custodians and administrators *had responsibilities to individual investors, regardless of whatever duties the Defendants owed the Funds themselves.*" *Anwar II*, 728 F.

---

[2] Moreover, a derivative action on behalf of the domestic Fairfield Funds against Citco already has been dismissed on the basis of *in pari delicto*. *Walker, Truesdell, Roth & Associates, Inc. v. Globeop Fin. Servs. LLC*, 993 N.Y.S.2d 647 (N.Y. Sup. Ct. 2013).

[3] *See* Citco's briefs on appeal in *Anwar v. Fairfield Greenwich Ltd*, Case No. 13-2340 (2d Cir.), Dkt. No. 131 at 69 ("purchase-based inducement claims . . . in principle can be direct claims"); Dkt. No. 265-1 at 28.

[4] Similarly, Plaintiffs have shown that the shareholders have direct claims even if BVI law applies. *See, e.g.,* Dkt. No. 406, Hunte Affidavit ¶ 20 ("Under BVI law, the shareholders have direct claims against the defendants for making these representations."); Dkt. No. 408, Miles Affidavit ¶ 22 ("[T]he claims brought by the Plaintiffs are their own claims, not those of the Funds.").

The Honorable Victor Marrero
December 30, 2014
Page 3

Supp. 2d at 400 (emphasis added). "Under New York law, a shareholder may sue individually when the wrongdoer has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged." *Id.* (quotation omitted); *see Excimer Associates, Inc. v. LCA Vision, Inc.*, 292 F.3d 134, 140 (2d Cir. 2002) ("under New York law, a shareholder may bring an individual suit if the defendant has violated an ***independent duty to the shareholder***, whether or not the corporation may also bring an action."). Indeed, Citco's own employees and its documents expressly recognized that Citco owed duties directly to the investors. *See, e.g.*, Plaintiffs' Supp. Memo in Support of Class Certification, dated August 1, 2014 (under seal) at 4, 13. Fund service providers like Citco owe direct duties to fund investors under such circumstances. *See, e.g., Pension Comm.*, 446 F. Supp. 2d 163, 197 (S.D.N.Y. 2006); *Cromer Fin. Ltd. v. Berger*, 2003 WL 21436164, at *12-13 (S.D.N.Y. June 23, 2003).

In addition, the Court has correctly held that held that the claims were direct based on "the asymmetrical injury alleged in the SCAC." *Id.* at 402. There is no discussion of this point in *Elendow* and no implicit rejection should be gleaned from a summary order. Nor is *Elendow* reason for this Court again to consider *Stephenson v. PricewaterhouseCoopers, LLP*, 482 Fed. App'x 618 (2d Cir. June 13, 2012) (summary order), as to which it previously denied a request to reconsider. Both *Elendow* and *Stephenson* affirmed dismissal on the pleadings under Delaware law, in summary orders that "do not have precedential effect" (Second Circuit Rule 32.1.1(a)) and are limited to the allegations and arguments specific to those cases. In denying reconsideration, this Court found that, contrary to Citco's assertions, "Plaintiffs' principal claim is not mismanagement, but nondisclosure of or failure to learn facts which should have been disclosed based on duties that were independently owed to Plaintiffs." *Anwar III*, 884 F. Supp. 2d at 99 (quotation omitted). The Court further held that "Plaintiffs would have standing even under Delaware law" and "*Stephenson* does not change that analysis because its facts are distinguishable." *Anwar III*, 884 F. Supp. 2d at 99. The same is true for *Elendow*, which involved claims against the manager and related parties of a Madoff feeder fund, whereas here the claims are against the Citco Defendants, which were supposedly independent from the Funds' managers and, among other things, calculated false Net Asset Values and misrepresented the existence of assets, upon which Plaintiffs relied.

The Second Circuit remanded for this Court to explain the basis of its class certification decision as to Citco and PwC. *Elendow* sheds no light on the open issues in that regard. However, given the parties' multiple submissions, Plaintiffs respectfully propose, if it would be helpful to the Court, that Plaintiffs and Defendants each file proposed findings, of not more than 10 pages, on class certification issues.

Respectfully yours,

/s/ David A. Barrett

David A. Barrett

cc:   All *Anwar* counsel (by e-mail)

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Anwar Plaintiffs.

SO ORDERED.

1-6-15
DATE           VICTOR MARRERO, U.S.D.J.