LAW OFFICES
# WOLF POPPER LLP
845 THIRD AVENUE

NEW YORK, N.Y. 10022-6601

OFFICE PHONE (212) 759-4600
FACSIMILE (212) 486-2093
WWW.WOLFPOPPER.COM

LONG ISLAND OFFICE
11 GRACE AVENUE
SUITE 400
GREAT NECK, N.Y. 11021
(516) 726-7723
FAX: (516) 726-7724

DIRECT DIAL:    (212) 451-9620
rfinkel@wolfpopper.com



February 11, 2015



**By Hand Delivery**

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  *Re:* *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
    *Master File No. 09-CV-00118 (VM) (FM)*

Dear Judge Marrero:

  We write in response to the February 6, 2015, letter submitted by Douglas Wolfe, Esq. of ASM Capital III, L.P. ("ASM"), as purported assignee of four litigation claims, seeking to participate in distributions from the $50.25 million Fairfield Greenwich ("FG") settlement fund.[1] As plaintiffs' co-lead counsel, we were required, with the assistance of the Claims Administrator, Rust Consulting, Inc., to "implement the Plan of Allocation in accordance with the terms of the Stipulation," including reviewing claim forms and recommending to the Court whether the claims should be rejected or accepted. *See* Final Judgment and Order of Dismissal with Prejudice, entered March 23, 2013 (Dkt. No. 1097).

  In this instance, ASM's four claims conflicted with the claims filed by four investors in the Fairfield Greenwich funds. As we stated in our letter to ASM dated August 5, 2013 (attached hereto as Exhibit A), ASM's purported assignment, on its face, related only to bankruptcy claims, and not litigation claims filed in federal district court. The assignors have taken the same position and, therefore, the assignors have filed claims to receive distributions from the FG Settlement Fund, which have been approved, and dispute ASM's right to participate in the FG

---

[1] The total amount in dispute on the four claims is approximately $20,000.

WOLF POPPER LLP
Honorable Victor Marrero
February 11, 2015
Page 2

Settlement. Accordingly, for the reasons stated in our August 5, 2013 letter, we proposed in the Distribution Order submitted on December 17, 2014, and in the supporting documents filed therewith (Dkt. Nos. 1343, 1344) that the Court reject ASM's claims.[2]

We initially requested permission from the Court to file a motion on notice for entry of the order approving the distribution of the FG Settlement Fund. Dkt. No. 1342. After the Court requested that we simply file a proposed order approving the distribution, we left a voice message on December 17, 2014 for Mr. Wolfe advising him that we had submitted the proposed order.[3] The Court entered the distribution order on December 19, 2014. (Dkt. No. 1345).

In early January and again on January 12, 2015 we communicated with Mr. Wolfe and advised him that we would not distribute the proceeds from the disputed claims so that ASM could petition the Court to reconsider the December 19, 2014 Order. *See* email dated January 12, 2015 from Robert C. Finkel to Douglas Wolfe (Exhibit B). Although Mr. Wolfe waited beyond the fourteen days allowed by Local Civil Rule 6.3 to petition the Court to reconsider its December 19, 2014 order, we do not object to the matter being decided on the merits. We respectfully request, for the reasons stated in our August 5, 2013 letter, that this Court reaffirm its December 19, 2014 order and the recommendation to reject ASM's claims.

Respectfully submitted,

/s/ Robert C. Finkel

Robert C. Finkel

cc: All Counsel

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiffs' Co-Lead Counsel.
>
> SO ORDERED.
>
> 2-11-15
> DATE   VICTOR MARRERO, U.S.D.J.

---

[2] *See* Dkt. No. 1343, ¶ 9 ("Plaintiffs' Co-Lead Counsel anticipate that one claimant who sought to participate in the FG Settlement based on investors' assignments of bankruptcy court claims, may contest the rejection of its claims.").

[3] Mr. Wolfe states that he did not receive the voice message.

Doc. #182979v1