LAW OFFICES
# WOLF POPPER LLP
845 THIRD AVENUE
NEW YORK, N.Y. 10022-6601

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/15

OFFICE PHONE (212) 759-4600
FACSIMILE (212) 486-2093
WWW.WOLFPOPPER.COM

LONG ISLAND OFFICE
11 GRACE AVENUE
SUITE 400
GREAT NECK, N.Y. 11021
(516) 726-7723
FAX: (516) 726-7724

DIRECT DIAL:
212.451.9620

August 5, 2013

**By Electronic Mail**

Douglas M. Wolfe, Esq.
General Counsel
ASM Capital
7600 Jericho Turnpike, Suite 302
Woodbury, NY 11797

    Re: **Anwar, *et al.* v. Fairfield Greenwich Limited, *et al.*
         09-CV-00118 (VM) (FM)**

Dear Mr. Wolfe:

    We are one of the co-lead counsel for plaintiffs in the above matter. Co-lead counsel are responsible for supervising review by the Claims Administrator (Rust Consulting) of proofs of claim filed with respect to the Fairfield Greenwich ("FG") settlement. The FG settlement involves in part the resolution of litigation claims by a settlement class of investors in Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P. (among other funds) in the United States District Court against entities and individuals affiliated with the Fairfield Greenwich Group. Those claims and the FG settlement are entirely separate from any bankruptcy claims belonging to Greenwich Sentry or Greenwich Sentry Partners against any defendants, including the FG defendants that participated in the District Court FG settlement.

    ASM Capital ("ASM") has filed multiple proof of claim forms seeking to participate in the distribution of proceeds from the District Court FG settlement, purportedly as assignee of Syd Silverman, Mary Kellogg-Joslyn IRA RO, Milton Fine Revocable Trust, and Robert Critchell III IRA (the "Assignors"). ASM's claim forms append Claim Purchase Agreements ("Agreements") between ASM and the Assignors with respect to the bankruptcy proceedings of Greenwich Sentry L.P. (the "Bankruptcy"). The Assignors, however, also have filed proofs of claim in connection with the FG settlement that dispute ASM's right to recover on these claims.

WOLF POPPER LLP

Douglas M. Wolfe, Esq.
August 5, 2013
Page 2

      We have reviewed the Agreements and have concluded that they assign only claims with respect to the Bankruptcy proceedings and not the litigation claims involved in the FG settlement.

      Our conclusion is based, among other things, on the first paragraph of the Agreements, quoted in part as follows:

> [Assignor] ... does hereby absolutely and unconditionally sell, convey, and transfer to ASM Capital, L.P ....all of Seller's right, title, benefit and interest in and to any and all of Seller's pre-petition claim or claims, equity interests, or as more specifically set forth as <u>any</u> right to payment (the "<u>Claim</u>"), against Greenwich Sentry, LP (the "<u>Debtor</u>"), in bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), Case No. 10-16220 (the "<u>Case</u>").... [Emphasis in original.]

      The rights assigned by the Agreements thus expressly cover the "Claim" against "the Debtor" in bankruptcy "Court." The Agreements do not extend to proceeds distributed pursuant to the FG settlement because the settled claims derive from litigation claims and not claims against "the Debtor" (*i.e.*, Greenwich Sentry, L.P.) in bankrtupcy "Court." *See, e.g., Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 490 B.R. 59, __ (S.D.N.Y. Bankr. 2013) (Marrero, J.) (claims involved in the FG settlement, *i.e.*, the *Anwar* litigation claims, "are direct and independent claims against non-debtor parties and thus not claims against a debtor").

      At your request, we have reviewed *U.S. v. Okun*, No. 3:08cr132, 2009 WL 2762620 (E.D. Va. Aug. 27, 2009). There, the court found that the purchase of a bankruptcy claim extended to the proceeds of a restitution award. In *Okun*, the restitution action against Mr. Okun (who was the sole and controlling shareholder of the bankrupt entity) was directly related to the bankruptcy proceeding . The *Okun* court explicitly found that "the restitution claim and the bankruptcy claim are, in essence, the same claim." That is wholly different from *Anwar*, where the litigation claims are, as Judge Marrero held, unrelated to the bankruptcy because they arise from fraudulent inducement and breaches of duties owed directly by the FG defendants to investors in the Greenwich Sentry fund.

      Although the Agreements are unambiguous, it also is significant that the Agreements were drafted by ASM, so that if ASM intended to obtain assignments of

177341-1

WOLF POPPER LLP

Douglas M. Wolfe, Esq.
August 5, 2013
Page 3

litigation claims, it easily could have drafted the Agreements so that they clearly effected such an assignment. *See, e.g., Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995) (relying upon "the common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it").

Please be advised that following the claims process, co-lead counsel will be submitting to the District Court a proposed plan of distribution for the FS settlement fund; we anticipate that the plan will recommend that the Court reject the proofs of claims submitted by ASM. We will give you notice of that submission and you will have the right to be heard with respect thereto.[1]

Very truly yours,

Robert C. Finkel

RCF:rd
cc: David A. Barrett, Esq.
    Mr. Daniel J. Polizzi

---

[1] The ASM claim forms are further defective because they do not identify the dates, number of interests, and prices of limited partnership interests acquired or redeemed by the Assignors, as required by the Proof of Claim form, nor were the required supporting documents provided with the claim forms submitted by ASM.

177341-1

## Robert C. Finkel

| | |
|---|---|
| **From:** | Robert C. Finkel |
| **Sent:** | Monday, January 12, 2015 7:07 PM |
| **To:** | 'Doug Wolfe' |
| **Cc:** | Natalie M. Mackiel |
| **Subject:** | FG Distribution Letters and Signed Order |
| **Attachments:** | FG Settlement Distribution Letter Endorsed by Judge Marrero (No motion p....pdf; Anwar - Dec. 17, 2014 Letter to Judge Marrero.pdf; FG - Signed Settlement Distribution Order.pdf |

**From:** Natalie M. Mackiel
**Sent:** Monday, January 12, 2015 12:37 PM
**To:** Robert C. Finkel
**Subject:** FG Distribution Letters and Signed Order

Attached are the 1) letter submitted to Judge Marrero requesting permission to file the settlement distribution order, which he endorsed with an instruction not to file a motion; 2) the letter submitted to Judge Marrero in conjunction with the distribution filing; and 3) the signed distribution order. The phone number for Judge Marrero's chambers is (212) 805-6374. The clerk assigned to our case facilitated the discussions with Judge Marrero regarding the procedure for filing the distribution papers and is familiar with Judge Marrero's distribution order.

Natalie M. Mackiel
Wolf Popper LLP
845 Third Avenue, 12th Floor
New York, NY 10022
212.451.9667
nmackiel@wolfpopper.com