```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
PASHA S. ANWAR, et al.,             :
                                    :    09 Civ. 0118 (VM)
                      Plaintiffs,   :
                                    :         ORDER
     - against -                    :
                                    :
FAIRFIELD GREENWICH LIMITED,        :
et al.,                             :
                                    :
                     Defendants.    :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

By Final Judgment and Order of Dismissal with Prejudice (Dkt. No. 1097) dated March 22, 2013, this Court approved a $50.25 million partial settlement of this action, resolving claims asserted by the Fairfield Greenwich Settlement Class against Fairfield Greenwich Limited and Fairfield Greenwich (Bermuda) Limited (collectively "Fairfield Greenwich"), as embodied in the Fairfield Greenwich Stipulation of Settlement (Dkt. No. 996) and the Plan of Allocation of the Fairfield Greenwich Net Settlement Fund (Dkt. No. 1097). In that Order, the Court determined that the terms of the settlement were fair, reasonable, and adequate, and in the best interests of the Class. After a series of appeals, all of which were denied by the United States Court of Appeals for the Second Circuit, the Fairfield Greenwich settlement became

effective on November 6, 2014.

By letter dated December 17, 2014, Plaintiffs' Co-Lead Counsel, acting on behalf of the Representative Plaintiffs, submitted a proposed distribution order with accompanying Declarations of Robert C. Finkel and Jason Rabe in Support of Entry of an Order for Distribution of the Fairfield Greenwich Net Settlement. (Dkt. Nos. 1343, 1344.) The Declaration of Robert C. Finkel informed the Court that "Plaintiffs' Co-Lead Counsel anticipate that one claimant who sought to participate in the [Fairfield Greenwich] Settlement based on investors' assignments of bankruptcy court claims, may contest the rejection of its claims." (Dkt. No. 1343, ¶ 9.)

On December 19, 2014, upon reviewing the declarations and after due deliberation, the Court issued an Order Authorizing Distribution of the Fairfield Greenwich Net Settlement Fund ("December 19 Order"). (Dkt. No. 1345.)

By letter dated February 6, 2015, ASM Capital, L.P. and its affiliates ("ASM") requested that the Court review the rejection of its four claims by Plaintiffs' Co-Lead Counsel and Claims Administrator. ASM argues that, under the relevant Claim Purchase Agreements (the "Agreements"), ASM is entitled to participate in distributions or proceeds as assignee of Syd Silverman, Mary Kellog-Joslyn IRA RO,

Milton Fine Revocable Trust, and Robert Critchell III IRA (collectively, the "Assignors"). (Dkt. No. 1351.) In its letter, ASM challenges the determination made by Plaintiffs' co-lead counsel, with the assistance of the Claims Administrator, that the contested assignments were made only with respect to Bankruptcy proceedings and not the litigation claims related to the Fairfield Greenwich settlement. (Id.) Additionally, ASM argues that it did not receive "the proper notice [ASM] were promised" from Plaintiffs of any claims resolution or distribution. (Id.)

Plaintiffs responded by letter dated February 11, 2015 and reiterated their determination that "ASM's purported assignment, on its face, related only to bankruptcy claims, and not litigation claims filed in federal district court." (Dkt. No. 1352.) The Assignors have taken the same position as the Plaintiffs, and they have filed claims to receive distributions from the Fairfield Greenwich Net Settlement Fund. (Id.)

Additionally, Plaintiffs stated that they left a voice message on December 17, 2014 for ASM's counsel informing him that the proposed order had been submitted to the Court. (Id.) According to Plaintiffs' letter, ASM's counsel states that he did not receive the voice message. (Id.)

Federal Rule of Civil Procedure 23(e) mandates that

3

courts oversee the distribution of class settlement funds. In re Citigroup Sec. Litig., No. 07 Civ. 9901, 2014 WL 2445714, at *1 (S.D.N.Y. May 30, 2014) (citing, inter alia, Beecher v. Able, 575 F.2d 1010, 1016 (2d Cir. 1978)). District courts retain "broad supervisory powers" with respect to overseeing distribution. In re Holocaust Victims Assets Litig., 413 F.3d 183, 185 (2d Cir. 2001).

In accordance with Federal Rule of Civil Procedure 23(e), this Court reserved jurisdiction over: "(i) the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment; (ii) disposition of the Settlement Fund and/or Escrow Fund; and (iii) any application for attorneys' fees, costs, interest, and reimbursement of expenses in the Action." (Final Judgment and Order of Dismissal with Prejudice, Dkt. No. 1097, ¶ 33.) In analyzing the present dispute, the Court "proceeds from the premise that the non-objecting eligible claimants are due an expeditious recovery." In re Citigroup Inc. Sec. Litig., No. 07 Civ. 9901, 2014 WL 7399039, at *2 (S.D.N.Y. Dec. 29, 2014).

The dispute here focuses on the interpretation of the Agreements between ASM and the Assignors. Plaintiffs found that the only claims the Agreements assign are those relating to the Bankruptcy proceedings. As Plaintiffs

4

indicated in an August 5, 2013 letter to ASM, this conclusion was based, among other things, on the contractual language:

> [Assignor] . . . does hereby absolutely and unconditionally sell, convey, and transfer to ASM Capital, L.P. . . . all of Seller's right, title, benefit and interest in and to any and all of Seller's pre-petition claim or claims, equity interests, or as more specifically set forth as any right to payment (the "Claim"), against Greenwich Sentry, LP (the "Debtor"), in bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 10-16220 (the "Case"). . . .

(Dkt. No. 1354.)

This Court has reviewed the single objection to the distribution of the Fairfield Greenwich Net Settlement Fund by ASM and agrees with the Plaintiffs' rejection of the claims. The Anwar litigation claims are "direct and independent claims against non-debtor parties and thus not claims against a debtor." Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 490 B.R. 59, 67 (S.D.N.Y. 2013) aff'd sub nom. Picard v. Fairfield Greenwich Ltd., 762 F.3d 199 (2d Cir. 2014).

Further, even if Plaintiffs had "promised" ASM that it would provide further notice before filing declarations and a proposed order with the Court (see Dkt. No. 1351), such failure to inform ASM does not rise to a due process violation. In the December 19 Order, the Court determined

5

that, "in satisfaction of due process requirements, all Class Members who filed claims that were ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given the opportunity to respond to the determination of ineligibility and to correct any deficiency prior to their claims being finally rejected." (Dkt. No. 1343, p. 2.) In any event, ASM did not object to the December 19, 2014 Order until February 6, 2015 -- beyond the 14 days provided for in Local Civil Rule 6.3 to petition the Court to reconsider an order.

Accordingly, it is hereby

**ORDERED** that the terms of the Court's December 19, 2014 Order Authorizing Distribution of the Fairfield Greenwich Net Settlement Fund (the "December 19 Order") are reaffirmed; and it is further

**ORDERED** that the application of claimant ASM Capital, L.P. and its affiliates requesting relief from the denial of their claims for distribution of settlement funds pursuant to the December 19 Order is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       19 February 2015

_____
VICTOR MARRERO
U.S.D.J.

6