# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350



March 11, 2015



**BY HAND**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
> Master File No. 09-CV-00118 (VM) (FM)

Dear Judge Marrero:

    We write on behalf of the *Anwar* Plaintiffs to request a scheduling conference to set a schedule for briefing of summary judgment motions, and also for trial, in the above-referenced action.

    As the Court is aware, the parties were operating under a briefing schedule for summary judgment motions (*see* Eleventh Order amending Case Management Plan, Dkt. no. 1275 ("CMP Order," copy attached)), when the Second Circuit last June vacated and remanded this Court's earlier class certification order with respect to the PwC and Citco Defendants. At that time, the Defendants requested and received a postponement of the summary judgment briefing process until this Court could address class certification. Now that the Court has done so in its Decision and Order of February 3, 2015, we respectfully suggest that the summary judgment process should again move forward. We also respectfully suggest that it would be appropriate at this time to set a trial date, and related pre-trial deadlines.

    We believe that an appropriate summary judgment scheduling order would provide for 30 days for the Defendants to file motions for summary judgment,[1] for Plaintiffs' responses to be due 30 days after that, and replies 15 days thereafter. Most of the relevant legal issues already have been extensively briefed going back to the motions to dismiss, and both fact and expert discovery has long since ended. We further propose that the page limitations that were in place under the CMP Order when summary judgment briefing was interrupted last summer should remain in effect. Those called for one brief by the Citco defendants of not more than 75 pages, a single brief by the PwC Defendants of not more than 25 pages, responsive briefs from Plaintiffs that were no longer than Defendants' briefs, and reply briefs that are no longer than half the length of the responses.

---

[1] Plaintiffs do not intend to file a motion for summary judgment.

BOIES, SCHILLER & FLEXNER LLP

The Honorable Victor Marrero
March 11, 2015
Page 2

      We have discussed scheduling with counsel for PwC and Citco. Defendants do not agree with the above schedule, and instead advocate delaying the filing of summary judgment motions until 30 days after determination of another request that they intend to file for Rule 23(f) review.

      Plaintiffs strongly disagree that any further delay is warranted. Rule 23(f) provides that "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Moreover, on June 3, 2014, while Defendants' Rule 23(f) appeal was *sub judice* following oral argument in the Second Circuit, Defendants nevertheless agreed to the CMP Order, as set forth in the parties' joint letter to the Court (copy attached). The Court's recent class certification decision did precisely what the Second Circuit asked in addressing specific issues concerning reliance and *Credit Alliance* with extensive factual findings based on the complete discovery record. With Defendants having agreed last year that summary judgment should proceed during the pendency of an actual Rule 23(f) appeal, additional delay based on the mere possibility of a second interlocutory appeal is wholly unwarranted.

      Further, Plaintiffs believe it is appropriate for the case to be set for trial with attendant pre-trial deadlines. After over six years, discovery has been completed, a class certified, and only summary judgment and pre-trial *in limine* and *Daubert* motions remain. A jury trial setting at this time would allow the parties and their counsel to plan accordingly, and would minimize further future delay. Plaintiffs believe, subject to the Court's schedule, that a trial setting in October or November of this year would be feasible.

Respectfully yours,

*/s/ David A. Barrett*

David A. Barrett

cc: All counsel in *Anwar* (by e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *Anwar Plaintiffs*.

**SO ORDERED.**

3-12-15
DATE — VICTOR MARRERO, U.S.D.J.