# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Timothy A. Duffy, P.C.
To Call Writer Directly:
(312) 862-2445
tim.duffy@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

March 11, 2015

**VIA FAX**

Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Anwar, et al. v. Fairfield Greenwich Limited, et al.*
             Master File No. 09-CV-00118 (VM) (THK)

Dear Judge Marrero:

     I write on behalf of my client, PricewaterhouseCoopers LLP ("PwC Canada"), and defendants (PricewaterhouseCoopers Accountants N.V. ("PwC Netherlands") (collectively, the "PwC Defendants"), and Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Bank Nederland N.V. Dublin Branch, Citco Global Custody N.V., Citco Fund Services (Bermuda) Limited, and The Citco Group Limited (collectively, the "Citco Defendants") (collectively, with the PwC Defendants, "Defendants") in response to Mr. Barrett's letter of March 11, 2015.

     Defendants remain of the view, as they expressed at the status conference held on July 24, 2014, that it would be inefficient (and potentially highly prejudicial to Defendants) for the parties to file (or the Court to rule upon) motions for summary judgment prior to resolution of the issue of class certification. The Court agreed with Defendants at that conference and declined to set a date for summary judgment motions (and similarly declined to set a trial date as later requested by Plaintiffs in a letter dated November 7, 2014).

     As noted by Mr. Barrett in his letter, Defendants intend to file another Rule 23(f) petition for review of the Court's March 3, 2015 order. Such petitions are due, by rule, on March 17, 2015. The prior Rule 23(f) was fully briefed and decided by the Second Circuit in three months' time. Assuming a similar schedule for a second petition, we expect to know by mid-June whether the Court of Appeals will review the Court's recent class-certification decision. Defendants submit that, if review is granted, it would make little sense to proceed with motions for summary judgment or other pre-trial matters given that there will still be significant uncertainty as to whether the claims to be adjudicated are individual claims or a class claim.

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

KIRKLAND & ELLIS LLP

March 11, 2014
Page 2

    Defendants therefore propose that the Court defer establishing any schedule for summary judgment motions or other deadlines until either Defendants' Rule 23(f) petitions are denied or any allowed appeal is decided. If the Court's class certification decision stands as a result of the denial of the petition or is affirmed after review, Defendants can be prepared to file motions for summary judgment within 30 days of either disposition. If the Court's decision does not stand, the parties and the Court will obviously need to reconsider what further proceedings are appropriate.

    There can be no dispute that if the Second Circuit grants review, it would make little sense to proceed on the assumption that the issue of class certification is settled, so the net effect of Defendants' proposal will be, at most, a three-month delay. If Plaintiffs' proposal is accepted, however, the parties and the Court may spend several months on summary judgment proceedings that may be rendered moot, in whole or in part, by the Second Circuit.[1]

    Counsel for Defendants are available to discuss these issues at the Court's convenience.

Respectfully,

*Timothy A. Duffy, P.C. / jka*

Timothy A. Duffy, P.C.

cc:     Hon. Frank Maas (via Fax)
        Counsel of Record (via e/mail)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendants.
>
> SO ORDERED.
>
> 3-12-15
> DATE     VICTOR MARRERO, U.S.D.J.

---

[1] Defendants also note that the Second Circuit has yet to issue its decision in the *Kingate* appeal, which decision has the potential to eliminate or otherwise significantly impact Plaintiffs' common-law claims against Defendants. Holding off on summary judgment motions would increase the chance that the parties and the Court would have the benefit of that decision prior to summary judgment proceedings.