



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/15

NEW YORK
LOS ANGELES
DETROIT

Robert A. Wallner
Direct Dial: 212-946-9335
rwallner@milberg.com

April 13, 2015

**VIA FAX**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

                Re: *Anwar v. Fairfield Greenwich Ltd.*, 09-118 (VM)

Dear Judge Marrero:

      We represent non-party New Greenwich Litigation Trustee, LLC, as Successor Trustee ("Trustee") of the Greenwich Sentry and Greenwich Sentry Partners Litigation Trusts.[1] We write pursuant to Your Honor's local rules to request a pre-motion conference to address the Trustee's request for access to sealed documents filed by the *Anwar* parties in connection with the recently-determined Rule 23 class certification motion.[2]

      By Order dated March 3, 2015 ("Order"), Your Honor certified a class of investors in Greenwich Sentry, Greenwich Sentry Partners, and other funds. *See Anwar v. Fairfield Greenwich Ltd.*, 2015 U.S. Dist. LEXIS 27050 (S.D.N.Y. Mar. 3, 2015), *petition filed*, No. 15-792 (2d Cir. Mar. 16, 2015). The Order references evidence concerning defendants' alleged misconduct, including evidence that "the Citco Defendants withheld the same material information from all of their clients or investors ...." LEXIS, at *77 (internal quotation marks and citation omitted); *see id.* at *76 & n.9 (referencing allegations, "support[ed] with common *evidence*," that Citco "did not disclose that: (1) its internal auditors had *grave doubts* about the veracity of ... whether the Funds' assets existed; (2) it was *not following its own, or industry-*

---

[1] Lawsuits on behalf of the trusts are pending in New York state court against Citco Fund Services (Europe) BV, Citco (Canada) Inc., PricewaterhouseCoopers LLP, and PricewaterhouseCoopers Accountants, N.V., who are also defendants in *Anwar*. *See Walker, Truesdell, Roth & Assocs., Inc. v. GlobeOp Fin. Servs. LLC*, Index Nos. 600469/2009 & 600498/2009 (Sup. Ct., NY Cnty. May 27, 2014) (dismissal motions granted), *notices of appeal filed* (Sup. Ct., NY Cnty, June 27, 2014).

[2] To narrow any dispute, the Trustee does not seek material reflecting discovery produced by the *Anwar* plaintiffs or their depositions.



The Honorable Victor Marrero
April 13, 2015
Page 2

*standard procedures*, but was basing the NAV solely on unverified information from Madoff, never reconciling that information with an independent source; [and] (3) its *attempts to verify that the Funds' assets existed failed* ....") (internal quotation marks omitted, emphasis supplied).

The continued sealing of the class motion documents (including briefs and exhibits) is unwarranted, given the common law and First Amendment presumption of access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113 (2d Cir. 2006). Although *Lugosch* addressed sealed documents on a summary judgment motion, the presumption of access is especially strong here because, *inter alia*, (i) the class motion, unlike the motion in *Lugosch*, has already been decided, *see id.* at 120-21; and (ii) the Order expressly references *evidence* concerning defendants' alleged liability. *See generally Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 119 (2d Cir. 2014) ("The party seeking certification must establish the Fed. R. Civ. P. 23 requirements by a preponderance of the evidence."). Moreover, the documents are particularly important to the Trustee, as the defendants rely on the Trustee's litigation in their Rule 23(f) petition for appellate review of the Order, and describe the litigation as "substantially similar" to *Anwar*. *See Anwar v Fairfield Greenwich Ltd.*, No. 15-792 (2d Cir. Mar. 17, 2015), Doc. 6-2 (Citco Brief at 15 n.11), *see also id.* (Declaration of Walter Rieman, ¶ 6 (attaching complaints).

We respectfully request that the Court schedule a pre-motion conference so that we may further address the issue.

Respectfully,

Robert A. Wallner

cc (via email):
David A. Barrett, Esq.
Sarah L. Cave, Esq.
Timothy A. Duffy, Esq.
Robert C. Finkel, Esq.
Andrew G. Gordon, Esq.
Victor E. Stewart, Esq.

> The parties are directed to address the matter set forth above to Magistrate Judge Frank Maas, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.
>
> SO ORDERED.
>
> 4-13-15
> Date       VICTOR MARRERO, U.S.D.J.

MILBERG LLP