UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PASHA ANWAR, *et al.*,

　　　　　　　　　　Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

　　　　　　　　　　Defendants.

This Document Relates To:  09-cv-118 (VM)



Master File No. 09-cv-118 (VM) (FM)

## ORDER AUTHORIZING DISTRIBUTION OF THE
## CITCO NET SETTLEMENT FUND

**WHEREAS**, by its Final Judgment and Order of Dismissal with Prejudice dated November 20, 2015 (Dkt. No. 1457), from which no appeal was taken, this Court approved the $125 million partial settlement of this Action, resolving claims asserted by Plaintiffs against the Citco Defendants ("Citco"), as embodied in the Citco Stipulation of Settlement dated as of August 12, 2015 (Dkt. No. 1398), and the Plan of Allocation of the Citco Net Settlement Fund (Dkt. No. 1398-2, Page 22 of 24), as fair, reasonable, and adequate and in the best interests of the Class;

**WHEREAS**, as set forth in the Citco Notice of Proposed Partial Settlement of Class Action (the "Notice"; Dkt. No. 1424-1), the deadline for Citco Settlement Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") to participate in the distribution of the Net Settlement Fund was December 28, 2015;

**WHEREAS**, Rust Consulting, Inc. ("Rust"), the claims administrator for the Settlement, has processed all Proofs of Claim received pursuant to the Notice;

Doc. 189766v1

**WHEREAS**, in satisfaction of due process requirements, all Class Members who filed claims that were ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given the opportunity to respond to the determination of ineligibility and to correct any deficiency prior to their claims being finally rejected;

**WHEREAS**, the process of reviewing all Proofs of Claim has been completed;

**WHEREAS**, Co-Lead Counsel now seek authorization, on behalf of the Citco Settlement Class, to make a distribution of the balance of the Citco Settlement Fund, after the deduction of payments previously allowed and set forth herein (the "Citco Net Settlement Fund") to Authorized Claimants;

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further matter that may arise in connection with the administration and execution of the Citco Settlement and the processing of Proofs of Claims and the distribution of the Citco Net Settlement Fund to the Authorized Claimants;

**NOW, THEREFORE,** upon reading and filing the Declaration of Jason Rabe in Support of Entry of An Order for Distribution of the Citco and PwC Net Settlement Funds; and upon all prior proceedings heretofore, and after due deliberation, it is hereby

**ORDERED**, that Rust is awarded its unpaid fees and expenses of $62,615.80 through September 30, 2016, and Co-Lead Counsel are authorized to establish a reserve of up to $75,789.86 for payment of Rust's anticipated fees and expenses with respect to the distribution and continued administration of the Citco Net Settlement Fund;

**ORDERED**, that the recommendations of the Claims Administrator to approve determinations of claims as indicated on the record of accepted claims submitted and described in the Rabe Declaration, Exhibit C, including claims submitted after the original December 28, 2015

submission deadline, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED,** that the recommendations of the Claims Administrator as indicated on the record of rejected claims submitted and described in the Rabe Declaration, Exhibit B, under the Court-approved Settlement Class definition and Plan of Allocation be and the same are hereby approved, and said claims are hereby rejected; and it is further

**ORDERED**, that the Citco Net Settlement Fund shall be distributed to Authorized Claimants, calculated as described in the Rabe Declaration under the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Loss of all Authorized Claimants as set forth in the Rabe Declaration, Exhibit C; and it is further

**ORDERED,** that no further late filed claims shall be accepted by the Settlement Administrator or Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED,** that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Citco Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Citco Settlement Class Members, whether or not they receive payment from the Citco Net Settlement Fund, are hereby barred from making any further claims against the Citco Net Settlement Fund, the Claims Administrator, the Escrow Agent or any other agent retained by the Class Plaintiffs or Plaintiffs' Co-Lead Counsel in connection with the administration or taxation of the Settlement Fund beyond the amount allocated to Authorized Claimants; and it is further

**ORDERED**, that checks payable to the Authorized Claimants for their settlement distribution shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-

DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE." Co-Lead Counsel and Rust are authorized to take appropriate action to locate or contact any Authorized Claimant who has not cashed his, her or its distribution check within said time; and it is further

**ORDERED**, that this Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

Dated: 10 November, 2016

VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

4