USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/22/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PASHA ANWAR, *et al.*,

                      Plaintiffs,

    v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

                      Defendants.

Master File No. 09-cv-118 (VM) (FM)

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT

    WHEREAS, a class action was filed in this Court entitled *Pasha Anwar, et al. v. Fairfield Greenwich Limited, et al.*, Civil Action 09-cv-118 (VM), United States District Court for the Southern District of New York (the "Action");

    WHEREAS, on November 6, 2012, the Representative Plaintiffs in the Action and certain of the defendants (the "FG Defendants") filed a Stipulation of Settlement (ECF 996) (the "Settlement Agreement") proposing to settle the claims asserted by Plaintiffs against the FG Defendants for $50.25 million in cash, plus the creation of a $30 million Escrow Fund and a separate $5 million contingent obligation (the "Augmented Settlement Amount"), payable to members of a "Settlement Class" upon the occurrence of certain events more specifically defined in the Settlement Agreement;

    WHEREAS, this Court approved the Settlement Agreement in a Final Judgment and Order of Dismissal with Prejudice dated March 25, 2013 (ECF 1097), which Judgment subsequently became Final pursuant to the terms of the Settlement Agreement;

WHEREAS, the Final Judgment certified a settlement class consisting of "all Persons who were Beneficial Owners of shares or limited partnership interests in [certain enumerated] Funds as of December 10, 2008 (whether as holders of record or traceable to a shareholder or limited partner account of record), and who suffered a Net Loss of principal invested in the Funds, excluding (i) those Persons who timely and validly request exclusion from the Settlement Class; (ii) Fairfield Sigma Limited, (iii) Fairfield Lambda Limited, (iv) any Settlement Class Member who has been dismissed from this Action with prejudice; and (v) the FG Defendants and any entity in which the FG Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, immediate family members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such ('Settlement Class Members')";

WHEREAS, Settlement Class Members were given the opportunity to request exclusion from the Settlement Class and to file claims to participate in the distribution of the Net Settlement Fund;

WHEREAS, the Final Judgment appointed the Representative Plaintiffs as the class representatives on behalf of the Settlement Class and appointed Boies, Schiller & Flexner LLP, Wolf Popper LLP, and Lovell Stewart Halebian Jacobson LLP as Lead Counsel for the Settlement Class ("Plaintiffs' Lead Counsel"), and granted Plaintiffs' Lead Counsel with the authority to enter into the Settlement Agreement on behalf of the Settlement Class;

WHEREAS, this Court, in its Order Authorizing Distribution of the Fairfield Greenwich Net Settlement Fund (ECF 1345) approved the distribution of the FG Net Settlement Fund to 2,964 Authorized Claimants, as set forth in declarations in support of entry of that Order (ECF 1343 and 1344);

WHEREAS, the $50.25 million cash Settlement Fund has been distributed to Settlement Class Members who filed approved claims ("Authorized Claimants") net of Court-awarded fees and expenses, and cost of administration;

WHEREAS, in correspondence dated December 5, 2019, Plaintiffs' Lead Counsel informed the Court that despite the Claims Administrator's diligence, 149 of the Authorized Claimants had not cashed settlement checks, resulting in the Court approving the redistribution of $158,747 in uncashed FG settlement checks, as well as other remaining uncashed settlement funds from other settlements in this Action, to Authorized Claimants whose supplemental distributions would equal at least $100 (ECF 1579);

WHEREAS, the issues with respect to the $30 million Escrow Fund and the separate $5 million Augmented Settlement Amount remain unresolved.  Given the passage of time and other changes in circumstances since the initial Settlement Agreement, the Parties have negotiated, as provided in paragraph 1(bb) of the Settlement Agreement, to reach a proposed resolution that would allow release of a portion of the Escrow Fund to the Settlement Fund.  The Parties have entered into a Supplemental Stipulation of Settlement (the "Proposed Settlement") providing for release of $7.5 million from the Escrow Fund to the Settlement Fund for distribution (subject to an award of attorneys' fees and expenses, and costs of administration and notice) to the Authorized Claimants, in full and complete satisfaction of the FG Defendants' obligations relating to the Escrow Fund and Augmented Settlement Amount, and for release of any remaining amounts in the Escrow Fund to the FG Defendants, with all security interests related to the Escrow Fund released and extinguished;

WHEREAS, under the terms of this Court's prior distribution orders (ECF 1345 and 1579), and given the costs and difficulties of distributing settlement funds to Authorized

3

Claimants primarily residing overseas based on claim forms filed more than ten years ago, Plaintiffs' Lead Counsel propose, subject to the Court's final approval, that participants in this further supplemental distribution be limited to those Authorized Claimants who first confirm their mailing address or bank information and whose proportionate share in the distribution from this Supplemental Settlement fund exceeds $100;

WHEREAS, the Court has reviewed the Supplemental Stipulation of Settlement dated as of April 23, 2024 (the "Supplemental Stipulation"), which has been entered into by the Representative Plaintiffs (on behalf of the Settlement Class) and the Settling Defendants (the "Settling Parties");

WHEREAS, the Supplemental Stipulation which, together with the exhibits annexed thereto, sets forth the terms and conditions for a Proposed Settlement (the "Proposed Settlement");

WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Proposed Settlement, and the Court having read and considered the Supplemental Stipulation, the exhibits annexed thereto, and submissions made relating to the Proposed Settlement;

WHEREAS, the Settling Parties have consented to the entry of this Order; and

WHEREAS, all capitalized and defined terms contained herein shall have the same meaning as set forth in the Supplemental Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Supplemental Stipulation and the Proposed Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. The Court finds that: (a) the Supplemental Stipulation resulted from good faith, arm's-length negotiations; and (b) the Supplemental Stipulation is sufficiently fair, reasonable and adequate to warrant providing notice of the Proposed Settlement to Authorized Claimants and holding a Settlement Hearing.

3. The Settlement Hearing shall be held before the Honorable Victor Marrero on August 16, 2024, at 10:00 a.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, to determine whether the Supplemental Settlement is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Supplemental Final Judgment and Order of Dismissal with Prejudice ("Supplemental Final Judgment") as provided in Exhibit C to the Supplemental Stipulation should be entered herein; whether the proposed supplemental plan of allocation should be approved; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Lead Counsel; and to rule upon such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to Settlement Class Members.

4. The Court approves, as to form and content, the Notice of Proposed Supplemental Settlement of Class Action and Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Expenses (the "Notice"), annexed as Exhibit B to the Stipulation.

5. The Court appoints Rust Consulting as the Claims Administrator to supervise and administer the notice procedure as well as the distribution of funds for the Supplemental Settlement.

(a) Not later than twenty (20) days after the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, substantially in the form

annexed as Exhibit B to the Supplemental Stipulation, to be distributed by email and first class mail, based on the information reasonably available to the Claims Administrator, to all Authorized Claimants identified in the Court's initial Distribution Order (ECF 1345).

6. Not later than twenty (20) days after the date of this Order, the Claims Administrator shall cause the Supplemental Stipulation and its exhibits, this Preliminary Approval Order, and a copy of the Notice to be posted on the following website: www.rustconsulting.com.

7. Not later than thirty (30) days after the date of this Order, Plaintiffs' Lead Counsel shall cause to be filed with the Court proof, by affidavit or declaration, of the mailing required by this Order.

8. The forms and methods set forth herein of notifying Authorized Claimants of the Supplemental Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto.

9. All Authorized Claimants shall be bound by all determinations and judgments in this Action concerning the Proposed Settlement. There shall be no further requests for exclusion from the Settlement Class, or opportunity to file claims to participate in the Proposed Settlement.

10. Any Authorized Claimant may appear and show cause why the Proposed Settlement should or should not be approved as fair, reasonable and adequate, why final approval of the Proposed Settlement should or should not be entered thereon, why the supplemental plan of allocation should or should not be approved, or why attorneys' fees and reimbursement of

expenses should or should not be awarded to Plaintiffs' Lead Counsel; provided, however, that no Authorized Claimant or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the Proposed Settlement, or, if approved, the Final Judgment, or any other order relating thereto, unless that Person has filed appropriate objections, affidavits and briefs with the Clerk of the United States District Court for the Southern District of New York, on or before twenty-one (21) days prior to the Settlement Hearing and delivered copies of any such papers to counsel identified in the Notice on or before such date. Any Authorized Claimant who does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

11. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and plan of allocation and/or further order(s) of the Court.

12. All papers in support of the Proposed Settlement, the supplemental plan of allocation, and the application for attorneys' fees or expenses, shall be filed and served not later than thirty-five (35) days prior to the Settlement Hearing. Any reply papers shall be filed and served no later than seven (7) days prior to the Settlement Hearing.

13. The Settling Defendants, their counsel and the Released Parties shall have no responsibility for or liability with respect to the supplemental plan of allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Proposed Settlement.

14. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Proposed Settlement, including payment of any taxes, shall be paid as set forth in the Supplemental Stipulation. In the event the Proposed Settlement is not approved by the Court, or otherwise fails to become effective, neither the Representative Plaintiffs nor Plaintiffs' Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Escrow Fund to pay for such expenses.

15. Neither the Supplemental Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendants or any of the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Representative Plaintiffs or any Settlement Class Members or Authorized Claimants have suffered any damages, harm, or loss. Further, neither the Supplemental Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Representative Plaintiffs of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this Action.

16. In the event the Proposed Settlement does not become effective in accordance with the terms of the Supplemental Stipulation or the Effective Date does not occur, then the Supplemental Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Supplemental Stipulation or by order of the Court) shall be rendered null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the

Settling Parties or the Released Parties, and each shall be restored to their respective litigation positions as they existed prior to the execution of the Supplemental Stipulation.

17. The Court reserves the right to consider all further applications arising out of or connected with the Supplemental Stipulation. The Court may approve the Proposed Settlement, with such modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class, where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

IT IS SO ORDERED.

DATED: May 22, 2024 _____

_____
Victor Marrero
U.S.D.J.