USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PASHA ANWAR, *et al.*,

                    Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

                    Defendants.

Master File No. 09-cv-118 (VM) (FM)

---

## FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice of Proposed Settlement ("Preliminary Approval Order"), dated May 22, 2024 (ECF 1582), on the application of the Representative Plaintiffs for approval of the Settlement set forth in the Supplemental Stipulation of Settlement dated as of April 23, 2024 (the "Supplemental Stipulation"; ECF 1580). Due and adequate notice having been given to the Authorized Claimants, whose claims have been previously approved by this Court and who are entitled to share in the recovery provided by the Supplemental Stipulation, as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    This Final Judgment (the "Final Judgment") incorporates by reference the definitions in the Supplemental Stipulation and the Stipulation of Settlement dated as of November 6, 2012 (ECF 996), and all terms used herein shall have the same meanings as set forth in those Stipulations.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Authorized Claimants.

3. The distribution of the Notice of Proposed Supplemental Settlement and Distribution of Settlement Funds, Settlement Fairness Hearing, and Motion for Attorneys' Fees (the "Notice"; ECF1583, Exh. A), as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all Authorized Claimants who could be identified through reasonable effort. Said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. ¶78u-4(a)(7)), the requirements of due process, and any other applicable law.

4. Pursuant to the Preliminary Approval Order, Authorized Claimants had until July 26, 2024 to file objections to the proposed Supplemental Settlement, the plan of allocation, and the request for attorneys' fees. No objections have been filed with the Court by the July 26, 2024 deadline or thereafter through the date of this Order.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Supplemental Stipulation and finds that the Supplemental Stipulation is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Representative Plaintiffs, and Authorized Claimants. The Court further finds the Supplemental Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Authorized Claimants and Settling Defendants. Accordingly, the Supplemental Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Supplemental Stipulation.

6.      The Court hereby finds that Authorized Claimants whose claims were previously approved by this Court shall share in the proceeds from implementation of the Supplemental Stipulation, and that the proposed allocation of the Net Settlement Fund is a fair and reasonable method to allocate the resulting Net Settlement Fund among the Authorized Claimants. The Court directs that Plaintiffs' Lead Counsel implement the plan of allocation in accordance with the terms of the Supplemental Stipulation.

7.      The Court hereby grants Plaintiffs' Lead Counsel attorneys' fees of __30__ % of the $7.5 million Supplemental Settlement Amount, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund. Said fees shall be allocated by Plaintiffs' Lead Counsel among themselves in a manner which, in their good-faith judgment, reflects each Counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the results obtained in the Action including the Supplemental Settlement.

8.      Neither the Supplemental Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Supplemental Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Representative Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of the Settling Defendants, the FG Defendants, the Released Parties, or any of them; (b) is or may be deemed to

3

be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Settling Defendants, FG Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Settling Parties, the FG Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Representative Plaintiffs, Named Plaintiffs, Authorized Claimants, or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and/or (d) is or may be deemed to be or shall construed as or received in evidence as an admission or concession against the Settling Parties, the FG Defendants, or the Released Parties, or each or any of them, that any of Representative Plaintiffs' or Settlement Class Members' or Authorized Claimants' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable under the SCAC would have been greater or less than the Settlement Fund and Escrow Fund or that the consideration to be given pursuant to the Supplemental Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

9. The Court finds that during the course of the Action, including with respect to the Supplemental Stipulation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

10. In the event that the Supplemental Settlement does not become effective in accordance with the terms of the Supplemental Stipulation or the Effective Date does not occur,

or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants or the Escrow Fund in accordance with the terms of the Supplemental Stipulation, then this Final Judgment shall be vacated and rendered null and void to the extent provided by and in accordance with the Supplemental Stipulation and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Supplemental Stipulation.

11. The foregoing orders solely regarding, the allocation of the Net Settlement Fund (¶6) and request for payment of fees (¶7), shall in no way disturb or affect this Final Judgment and shall be separate and apart from this Final Judgment.

12. The Court expressly determines that there is no just reason for delay in entering this Final Judgment and directs the Clerk of the Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b).

13. Without affecting the finality of this Final Judgment in any way, exclusive jurisdiction is hereby retained over the Settling Parties, the FG Defendants, the Settlement Class Members and Authorized Claimants for all matters relating to the Action, including (i) the administration, interpretation, effectuation or enforcement of the Supplemental Stipulation and this Final Judgment, (ii) disposition of the Settlement Fund and/or Escrow Fund; and (iii) any application for attorneys' fees, costs, interest, and reimbursement of expenses in the Action.

DATED: 8-16-2024

The Honorable Victor Marrero
United States District Judge